ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA'S OPPOSITION TO MATTEL'S MOTION FOR ADDITIONAL TIME TO DEPOSE JORGE CASTILLA, OR, IN THE ALTERNATIVE, TO USE CASTILLA'S INVOCATION OF THE FIFTH AMENDMENT FOR IMPEACHMENT**<br><br>Trial Date: January 11, 2011<br>Judge:  Hon. David O. Carter |

## INTRODUCTION

In a procedurally defective appeal of the Court and the Discovery Master's Orders, Mattel seeks yet more time to depose Jorge Castilla. Mattel has had ample time to depose Mr. Castilla and provides no basis for overturning this Court's previous orders.

## BACKGROUND

On March 13, 2006, Jorge Castilla resigned from Mattel to work for MGA. When Mr. Castilla left Mattel he took with him several documents on a PDA device that he has testified he took as examples of his work at Mattel. He testified that he took those documents as a reminder of the type of projects he had worked on over the years. Castilla Depo. 2/26/11, 407:24-408:5. Mattel was aware before he even resigned that he had transferred documents into a file called "To Take." Elias Depo. 767:68. Upon being notified of his resignation on March 13, 2006, Mattel immediately notified the FBI. On March 22, 2006 – – a week before Mr. Castilla started at MGA, the FBI visited Castilla at his apartment and retrieved the PDA device and memory chip for that device containing the Mattel documents. TX 2016 (FBI property receipts). Mattel has conceded in this trial that it has no evidence showing Mr. Castilla brought any Mattel documents to MGA, nor could it since Castilla gave all copies to the FBI before starting work at MGA.

The U.S. Attorneys' office declined to prosecute Castilla for any crime, despite Mattel's steadfast efforts to convince them to do so. Then, days before the statute of limitations was to expire, Mattel convinced the Los Angeles County D.A.'s office to file charges. Castilla pled guilty to a single count, in a plea agreement that was crafted by Mattel's counsel and that Mattel then leaked to the press two days before jury selection. *See* Dkt. # 9630.

### A. Castilla's 2008 Deposition

On October 22, 2008, Castilla was deposed for the first time in this case. While Castilla asserted the Fifth Amendment to questions concerning his taking

documents from Mattel, he freely and fully answered questions concerning his employment at MGA. MSJ Order, fn. 19. ("Castilla's invocation of his right against self-incrimination were only in response to questions about his conduct prior to starting work at MGA . . .") Indeed, he unequivocally confirmed what was obvious from the FBI's retrieval of the Mattel documents: that he did not bring to MGA any Mattel documents or information. Castilla's 2008 deposition lasted seven full hours.

### B. The Court's Order Allowing Five Additional Hours

In February, 2011, the Court permitted Mattel to depose Mr. Castilla for an additional five hours. On February 26, 2011, Mr. Castilla appeared for deposition. At the start of the deposition, Mattel's counsel Diane Huntyan, expressed surprise that she had a five hour limit on the deposition – – Mattel's lead counsel apparently did not convey that to her. Ms. Huntyan protested to the Discovery Master, who confirmed, after speaking with the Court, that there was, in fact, a five hour limit. Castilla Depo 2/26/11 538:21-23 ("I did speak with Judge Carter earlier today…and he did say it was a five-hour deposition.") The Discovery Master noted, however, that the Court gave him the discretion to extend that time in the event he believed more time was justified. I*d* 538:23-539:1.

Mr. Castilla was then deposed and he answered every question asked, with no invocation of the Fifth Amendment. He also testified to having reviewed each of the documents on the PDA device prior to being deposed so that he was prepared to answer questions on those documents. Castilla Depo. at 385:8-11. Notably, Mattel's counsel wasted significant time asking about unsigned versions of documents, only to then realize she had signed copies. This required her to repeat questions that could have been avoided had she brought signed copies to start.

At the conclusions of the five-hours, the Discovery Master ruled that Mattel would be permitted an additional 30 minutes. Castilla Depo. at 538-39 ("I provided a little extra time over the five hours in my discretion as of discovery master, but

this is an order of the court.")  In so ruling, he noted that the ruling was in no way to suggest that the witness had unduly delayed.  At the end of those 30 minutes, he allowed questioning to be completed on the pending line of questions for an additional 20 minutes.  The Discovery Master then ruled, having witnessed the deposition all day, that Mattel was not entitled to more time.  Castilla Depo. at 538:10-539:1.

## ARGUMENT

### A. Mattel's Motion Is A Procedurally Defective Motion For Reconsideration Of The Court's Five-Hour Limit

The Court ruled that Mattel would get five more hours, subject to the Discovery Master's discretion, to depose Mr. Castilla.  The Court repeated that ruling on the day of the deposition through the Discovery Master.  Mattel offers no reason for the Court to reconsider its order.  Indeed, the reasons Mattel offers for wanting more time are the same reasons it offered for obtaining the order allowing it to depose Mr. Castilla for five hours.  The current Motion, therefore, is simply a request to reconsider that five-hour limit.

### B. Mattel's Motion Is an Untimely Appeal Of The Discovery Master's Ruling

At the conclusion of the deposition on February 26, 2011, the Discovery Master rejected Mattel's request for more time.  Six days later, on March 3, 2011, Mattel filed this Motion.  It offers no excuse for failing to comply with the requirement to appeal Discovery Master's rulings within 72 hours.  This alone supports rejection of this Motion.

///
///
///
///
///

- 3 -

### C. Mattel's Request To use Castilla's Invocation Of His Fifth Amendment Right Is An Improper Motion For Reconsideration Of The Court's Summary Judgment Order and Order Denying Motion in Limine

This is the third time Mattel has asked to use Castilla's Fifth Amendment invocation against him. In its summary judgment Order, the Court denied Mattel's request for an adverse inference finding:

> "The Court denies Mattel's request for an adverse inference from Castilla's invocation of his Fifth Amendment right against self-incrimination during his deposition. Castilla is not a party to Mattel's third counter-claim and Mattel suffered no prejudice as a result of Castillla's failure to substantively respond to questions about whether and to what extent he downloaded Mattel's information prior to his department. *See SEC v. Collelo*, 139 F. 3d 674, 677-78 (9th Cir. 1998) (collecting cases). Mattel independently discovered and tracked Castilla's wrongdoing through its forensic hardware analysis, and then petitioned federal authorities to get involved. ***In all events, Castilla's invocations of his right against self-incrimination were only in response to questions about his conduct prior to starting work at MGA, which is irrelevant to disclosure and use***. (emphasis added).

MSJ Order (Dkt. # 9600) at p. 47, fn. 19.

Then in response to Mattel's Motion in Limine No. 16 for an adverse inference based on Castilla's invocation, the Court again denied Mattel's request for the same reasons it denied Mattel's request previously. Dkt. No. 9669 (January 17, 2011 Order) at p. 21.

Mattel offers no reason why the Court should reconsider its prior rulings. The Court denied Mattel's request for an adverse inference even before Castilla was deposed for a second time. As a result, there is now even less reason to allow use of Castilla's invocation since Mattel has had the ability to question Castilla on the topics on which he previously invoked his rights.

### D. **Mattel's Claim Of Time-Wasting Is Frivolous**

In a last desperate effort to find new grounds for more time to harass Castilla, Mattel asserts that he wasted time with purportedly "long winded" answers. But the very answers cited by Mattel show only an effort to provide truthful and responsive information. Moreover, the Discovery Master was present throughout the deposition, allowed 50 minutes of additional time and denied further time as unsupported based on the record before him.

Indeed, far from wasting time, Mattel's counsel repeatedly acknowledged at the deposition the time the witness saved by having reviewed all of the purported trade secrets in preparation for his deposition:

> Q. But first let me ask you—I mean, you flipped awfully quickly through those (two binders of alleged trade secrets). Is that because you've recently reviewed these documents?
>
> A. Yes

*Id.* 389:8-11. With Mattel's counsel then complimenting the witness, calling him "a zippy page-turner". *Id.* 384:11. Mattel's counsel also agreed with MGA's counsel that Mr. Castilla's speed at reviewing voluminous documents saved significant time. *Id.* at 382:25-383:8.

/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION**

For the foregoing reasons, Mattel's' request should be denied.

Dated:  March 10, 2011          Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:  _____*/s/ William A. Molinski*_____
                William A. Molinski
              Attorneys for MGA Parties