QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
William C. Price (Bar. No. 108542)
(williamprice@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V.,

Plaintiff,

vs.

MGA ENTERTAINMENT, INC., a California corporation, et al.,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04-9049 DOC (RNBx)
Consolidated with
Case No. CV 04-09059
Case No. CV 05-02727

Hon. David O. Carter

**REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF RE MATTEL'S MOTION FOR MISTRIAL OR, IN THE ALTERNATIVE, CURATIVE INSTRUCTION TO THE JURY**

Hearing Date: TBD
Time: TBD
Place: Courtroom 9D

Pre-trial Conf: January 4, 2011
Trial Date: January 18, 2011

**Argument**

MGA's opposition effectively concedes that its counsel lacked any factual basis when she told the jury "children died" as a result of Mattel toys containing magnets. MGA does not dispute that its question to Dr. Aginsky about "chemical warfare" and its questions concerning Exhibit 8980 directly violated two different Orders. In the end, all MGA can muster is that Mattel's "substantial rights" have not been affected. It is difficult to imagine a more prejudicial allegation than that a toy company has killed children. A mistrial should be granted.

MGA's Opposition Confirms Its Counsel Lacked Any Good Faith Basis For Accusing Mattel of Killing Children. MGA's Opposition attempts to back-pedal, defending counsel's inquiry "about recalls" (Opp. at 1), but the issue here is not recalls, but rather counsel's accusation that Mattel products with magnets had killed children. Challenged to present *any* evidence supporting counsel's statement, MGA has cited a few news articles, none of which provides a good faith basis for counsel's accusation that "children died" because of Mattel magnets. One of the articles (Exhibit 4 to the Bryce Declaration) has no reference at all to the death of any child, and the rest all clearly relate to a company other than Mattel:

§ The first article states, "The industry acted after a March recall of nearly 4 million ***Magnetix toys made by Mega Brands of Montreal***. At that time, the CPSC said it knew of 34 incidents involving small magnets, including one death and four serious injuries. A 22-month-old by died after swallowing magnets that twisted his small intestine. The children required surgery for intestinal perforations, and a 5-year-old had two magnets surgically removed from his lung. In October, ***Mega*** agreed to pay $13.5 million to settle a lawsuit with families of 15 victims." See Bryce Decl., Ex. 1 (emphases added).

§ The second article states, "Last year, a 2-year-old Washington boy died after he swallowed pieces ***of a Magnetix set***". See Bryce Decl., Ex. 2 (emphasis added).

§ The third article states, "A child's death prompted a major recall of ***Rose Art Industries' Magnetix building sets*** in March 2006." See Bryce Decl., Ex. 3 (emphasis added).

§ Although not actually attached to the Bryce Declaration, the Declaration itself cites a fifth article, which like the others, references a child's death solely in relation to a Magnetix building set sold by MEGA Brands, Inc. See http://online.wsj.com/article/SB118709567221897168.html.

Given days to locate any factual support for its counsel's prejudicial accusation, MGA offers nothing to support it. See United States v. Dischner, 974 F.2d 1502, 1514 (9th Cir. 1992) (upholding trial court's preclusion of "the defense from inquiring into threats without a factual basis"), overruled on other grounds by United States v. Morales, 108 F.3d 1031 (9th Cir. 1997); United States v. Ruiz-Castro, 92 F.3d 1519, 1529 (10th Cir. 1996) ("[T]he questioner must be in possession of some facts which support a genuine belief that the witness committed the offense or the degrading act to which the questioning relates.") (quotation omitted), overruled on other grounds, United States v. Flowers, 441 F.3d 900 (10th Cir. 2006).

MGA claims it is not prejudicial to "request a sidebar" (Opp. at 3), but that avoids the issue as well. MGA's counsel communicated to the jury it was requesting a sidebar to discuss a "prohibited area"—and did so immediately after falsely accusing Mattel of selling products with magnets that killed children. The request was designed to mislead the jury into believing counsel had evidence to support the accusation when in fact there was none. MGA never brought the issue up with the Court again. It had already accomplished the goal of prejudicing the jury against Mattel. The sidebar request was a sham.

Further, in referring to a "prohibited area," MGA is hiding behind a supposed order by the Court preventing them from admitting evidence of deaths of children caused by Mattel magnets (evidence which in fact does not exist). MGA's counsel clearly suggested to the jury that MGA had such evidence, but that there is some Court Order that prevents MGA from addressing it. This deception was calculated and false.

MGA seeks to characterize its questions as inquiring about the "type of magnet" (Opp. at 3), but the transcript makes clear that the questions were directed at Mattel products, not magnets more generally. These were accusations contained in a line of questions about Mattel recalls in 2007 and Mattel products containing magnets. There can be no doubt that the jury interpreted the accusations the same way Mr. Eckert did—that counsel was claiming Mattel magnets killed children:

Q. And the recalled magnetic toys that caused injuries to
children, such as the Polly Pockets brand, those resulted
from poor design by Mattel here in the U.S., correct?
A. I think there was an issue with magnet toys that dates
back a long time. And I will tell you, Mattel was the only
company and still to this day is the only company that
retroactively recalled all of our small magnet toys once we
found a better way to embed the magnet into the toy.
Q. Not my question. Here's my question: Those designs, those were the
result of flaws in the design here in the U.S. by Mattel?
Yes?
A. Certainly the design was improved. The previous design
was insufficient, that's correct.
Q. Insufficient? There were children who actually died
from swallowing these magnets, right?

A. No.

Q. And there was a fourth recall in October --

MR. QUINN: Your Honor, there's no good faith basis for that question. I request that the question and the answer be stricken.

MS. KELLER: Children died.

THE COURT: The question remains. The answer's "No."

BY MS. KELLER:

Q. You know better, don't you, Mr. Eckert?

A. No. In fact, I know no child died as a result of swallowing a magnet in a Mattel toy.

MS. KELLER: Your Honor, I would ask to recess to inquire of the Court as to whether I may ask the next question about a possibly prohibited area.

THE COURT: Well, it depends.

Why don't we move on and get to the recess so we don't take another sidebar.

Trial Tr., dated March 3, 2011, Vol. 1, at 62:11-63:19.[1] Following this exchange, counsel continued with questions about Mattel product recalls, and irrelevant and prejudicial accusations that Mattel closed down "the last remaining Mattel manufacturing plant in the United States." Id. at 63:20.

MGA's claim that its accusation that Mattel products caused children to have convulsions "was hardly prejudicial" (Opp. at 4), defies common sense and the law. MGA previously argued that admission of evidence of *its* use of phthalates in its

toys would "create prejudice in the minds of the jurors against MGA for reasons unrelated to this case and otherwise pray upon jurors' fears and concerns." MGA Motion *in Limine* No. 11, Dkt. No. 9492, at 8-9. Accusations that a party caused children to suffer convulsions are most certainly prejudicial. And they are probative of nothing at issue in this case.

MGA Directly Violated This Court's Order by Repeating Its Irrelevant and Inflammatory "Chemical Warfare" Allegation. MGA misleadingly describes its questions as relating to Dr. Aginsky's, "credentials" (Opp. at 4-5), but that is simply wrong. The issue here is MGA's repeated references to supposed involvement in "chemical warfare," in violation of the Court's Order. The Court ruled:

> MR. QUINN: I just have two questions, Your Honor -- one question and one item of information.
>
> The question is: ***Is she gonna be permitted to go into chemical warfare at this military academy?***
>
> THE COURT: ***No.*** She can go back into what's appropriate: His training.

Trial Tr., dated Feb. 25, 2011, Vol. 1, at 158:1-25 (emphasis added). MGA's defiant question immediately following this ruling had nothing to do Dr. Aginsky's training; it sought only to reemphasize the objectionable and inflammatory accusation that the institution itself was "involved" in chemical warfare:

> Q That was an institution involved in chemical warfare; correct?
>
> A Yes. Partially, yes.

Trial Tr., dated Feb. 25, 2011, Vol. 2, at 21:17-22.

---

[1] In Mattel's Supplemental Brief, as a result of a typographical error, Mattel erroneously cited the March 2 transcript, not the March 3 transcript.

Incredibly, MGA's Opposition describes this question as an "inquir[y] about Dr. Aginsky's education" and leaves it at that. Opp. at 5. MGA has failed to address, much less explain, counsel's clear violation of the Court's Order and the prejudice it caused Mattel.

MGA's Violated the Court's Express Order Regarding Exhibit 8980. MGA's reading to the jury of a document that asserts an "Aggressive intellectual property plan protection external Simba, others as appropriate" is not "meaningless to the jury," as MGA claims. Opp. at 6. This sentence was one of only three items highlighted for the jury in a document MGA introduced. See Trial Tr., dated March 2, 2011, at 8:13-21. This was not merely an innocent failure to redact—after introducing the unredacted document, counsel called out the portion of the document that had been ordered redacted and read it to the jury. Although MGA and the Court have excused MGA's violation of the Order on the grounds that Mattel has purportedly done the same thing (Opp. at 6-7), MGA has pointed to no example where Mattel has put before the jury evidence in violation of a Court Order. MGA's purported example of this cites to an opening statement reference to the Mexican authorities' seizure of materials in Mexico, an issue which was never excluded from evidence[2] and which all parties have discussed at length before the jury. Indeed, both MGA and Machado also discussed this issue in their opening statements. See Trial Tr., January 18, 2011, Vol. 2, at 75:9-16; 100:3-23.

---

[2] MGA erroneously cites the Order (Dkt. 9669) granting its Motion *in Limine* to exclude evidence of investigations by authorities *in the United States* (i.e., that of Jorge Castilla) and has pointed to no violation of that Order by Mattel.

It is MGA and Mr. Larian alone that have repeatedly violated Court Orders in an effort to prejudice the jury and curry favor. A mistrial is appropriate.

DATED: March 13, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ John B. Quinn*
John B. Quinn
Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.