QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
William C. Price (Bar No. 108542)
(williamprice@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017–2543
Telephone: (213) 443–3000
Facsimile: (213) 443–3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,

Plaintiff,

vs.

MGA ENTERTAINMENT, INC., a California corporation, et al.,

Defendant.

AND CONSOLIDATED ACTIONS

CASE NO. CV 04–9049 DOC (RNBx)
Consolidated with
Case No. CV 04–09059
Case No. CV 05–02727

Hon. David O. Carter

REPLY IN SUPPORT OF MATTEL INC.'S MOTION FOR ADDITIONAL TIME TO DEPOSE JORGE CASTILLA, OR, IN THE ALTERNATIVE, TO USE CASTILLA'S INVOCATION OF THE FIFTH AMENDMENT FOR IMPEACHMENT

Hearing Date: TBD
Time: TBD
Place: Courtroom 9D

Discovery Cut–Off: October 4, 2010
Pre–trial Conference: January 4, 2011
Trial: January 18, 2011

00505.07975/4009650.5

*MATTEL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR ADDITIONAL TIME TO DEPOSE JORGE CASTILLA OR, IN THE ALTERNATIVE, TO USE CASTILLA'S INVOCATION OF THE FIFTH AMENDMENT FOR IMPEACHMENT*

**Introduction**

MGA's opposition is about everything but the merits. MGA cannot explain how it is that MGA needed 15.5 hours to depose Mattel's witness *just on the identity* of the trade secrets taken by Mr. Castilla, and yet Mattel can only have 5.5 hours to depose Mr. Castilla on the circumstances of his taking of Mattel's trade secrets, his understanding of his obligations to Mattel, his role in creating the trade secrets, his work at MGA creating a "homegrown" forecasting system and data warehouse in a year and a half while supposedly not using Mattel's trade secrets, and Larian's and MGA's supposed efforts to ensure that he did not use any of Mattel's trade secrets.

MGA's motive in seeking to deny Mattel the additional time to which it is entitled for the continued deposition of Castilla is clear. Now that Castilla has cut a deal with the federal authorities on the eve of trial, MGA will seek to present testimony he previously withheld on the basis of the Fifth Amendment and which MGA currently withholds in opposing sufficient deposition time. Castilla and MGA are clearly gaming the system and should not be permitted to do so. As the Ninth Circuit has explained, "[t]he Federal Rules of Civil Procedure contemplate . . . full and equal discovery . . . so as to prevent surprise, prejudice and perjury during trial. [B]ecause the privilege may be initially invoked and later waived at a time when an adverse party can no longer secure the benefits of discovery, the potential for exploitation is apparent. The rights of the other litigant must be taken into consideration when one party invokes the Fifth Amendment during discovery, but on the eve of trial changes his mind and decides to waive the privilege." Nationwide Life Ins. Co. v. Richards, 541 F.3d 903, 910 (9th Cir. 2008).

MGA's procedural arguments also fail. First, the Federal Rules favor liberal discovery, especially here, where there is good cause for additional deposition time. Second, the Court has never ruled upon Mattel's request to use Castilla's prior invocations of the Fifth Amendment for impeachment purposes. Although the Court previously denied Mattel's requests for adverse inferences against MGA based on

00505.07975/4009650.5

-1-

MATTEL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR ADDITIONAL TIME TO DEPOSE JORGE CASTILLA OR, IN THE ALTERNATIVE, TO USE CASTILLA'S INVOCATION OF THE FIFTH AMENDMENT FOR IMPEACHMENT

Castilla's Fifth Amendment invocations, that issue is separate and distinct from the use of invocations for impeachment purposes. Third, the record reflects that at his February 2011 deposition, Castilla wasted time and was uncooperative. This too justifies additional time for Castilla's continued deposition. Accordingly, Mattel's request is not an improper motion for reconsideration.

Mattel's Motion should be granted in its entirety.

## Argument

### I. MATTEL'S MOTION IS NOT A MOTION TO RECONSIDER ANY COURT ORDER

Mattel's motion seeks additional time to depose Castilla based on the current circumstances and is in no way a motion for reconsideration. Requests for additional deposition time are to be liberally granted whenever more time is needed to fairly examine a deponent. Castilla's role as a key participant in the acts that form the basis of Mattel's claim of trade secret misappropriation against MGA justifies more time than the 5.5 hours Mattel was given to conduct his February 2011 deposition. See Ryan v. Paychex, Inc., 2009 WL 2883053, at *1 (D. Conn. Sept. 1, 2009) ("Rule 30 of the Federal Rules of Civil Procedure governs the conduct of parties, deponents, and attorneys at depositions. Pursuant to that rule, a Court must allow additional time if it is needed to fairly examine a deponent . . . .") (emphasis added); JSR Micro, Inc. v. QBE Ins. Corp., 2010 WL 1338152, at *6 (N.D. Cal. Apr. 5, 2010) (granting plaintiff additional time for deposition where deponent was a "key witness"); Rahman v. The Smith & Wollensky Restaurant Group, 2009 WL 72441, at *4 (S.D.N.Y. Jan. 7, 2009) (granting additional time for deposition because witness was "best source of information" regarding relevant issues); Securities and Exchange Comm. v. Aqua Vie Beverage Corp., 2006 WL

00505.07975/4009650.5

-2-

MATTEL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR ADDITIONAL TIME TO DEPOSE JORGE CASTILLA OR, IN THE ALTERNATIVE, TO USE CASTILLA'S INVOCATION OF THE FIFTH AMENDMENT FOR IMPEACHMENT

2457525, at *4 (D. Idaho Aug. 23, 2006) (witness' role as "important player" in litigation justified additional time for his deposition).[1]

## II. MATTEL'S REQUEST TO IMPEACH CASTILLA WITH HIS FIFTH AMENDMENT INVOCATIONS IS NOT A MOTION FOR RECONSIDERATION OF THE COURT'S PRIOR ORDERS

Mattel's present request to use Castilla's Fifth Amendment invocations for impeachment purposes on subjects about which Mattel was prevented from examining him at deposition has never been considered by the Court. In its summary judgment Order and January 17, 2011 Order on Mattel's Motion in Limine No. 16, the Court denied Mattel's requests for ***adverse inferences*** against MGA based on Castilla's Fifth Amendment invocations during his October 2008 deposition. Mattel's requests for adverse inferences were predicated on the assumption that Castilla would be unavailable to testify as witness at trial where criminal charges were then pending against him.

Neither of the Court's prior Orders on Mattel's requests for adverse inferences addressed the issue presented here—the use of Castilla's prior Fifth Amendment invocations for impeachment purposes where Castilla is now available to testify as a witness at trial. Because Castilla pled guilty to a felony offense in January 2011, he is now available to testify at trial and no longer has a basis upon

---

[1] Contrary to MGA's assertion, the time limitation placed upon Castilla's February 2011 deposition was not a ruling of the Discovery Master, but rather an Order of the Court. As the record reflects:

> DISCOVERY MASTER: Thank you. And just -- I don't know if it's on the record, I did speak with Judge Carter earlier today to clarify his ruling, and he did say it was a five-hour deposition, and I provided a little extra time over the five hours in my discretion as discovery master, but this is -- ***this is an order of the Court*** so –

Castilla Tr. at 538:20-539:1 (emphasis added). Mattel's Motion thus is not an untimely appeal of a ruling of the Discovery Master.

which to invoke the Fifth Amendment. If Castilla testifies at trial for MGA on any material issue as to which he previously invoked the Fifth Amendment and has not provided deposition testimony, Mattel should be entitled to impeach him with his prior invocation. Cf. Harris v. City of Chicago, 266 F.3d 750, 754 (7th Cir. 2001) (finding that district court erred in preventing defendant from impeaching a witness "with his prior silence on those matters" concerning which he testified at trial). Otherwise, Mattel would suffer prejudice where MGA would have the ability to elicit favorable surprise testimony from Castilla on issues previously kept from Mattel by his invocations, and Mattel would have no means of effectively cross-examining him on these points.

## III. THE RECORD REFLECTS THAT THE WITNESS WASTED TIME AND WAS UNCOOPERATIVE

MGA's arguments about the speed with which Castilla flipped pages are highly misleading. Contrary to MGA's claim, Mattel's counsel did not think, or represent, that the witness's rapid flipping of every page in two binders of documents that he had clearly reviewed a great deal before the deposition was an effort to save time. It was MGA's counsel who asserted that the witness' purpose was to save time.

Mattel's counsel believed that the witness was flipping the pages quickly for another purpose: to be able to deny later his deposition testimony that these were in fact the documents he had taken from Mattel. After all, this witness had denied recognizing the contents of his own officially *Court-endorsed* plea agreement, which he had signed just a few weeks before. All of Mattel's counsel's statements cited by MGA were made in this context, and had nothing to do with any supposed admission that Mr. Castilla was "saving time" for Mattel's benefit.[2]

---

[2] As the record reflects:

(footnote continued)

The deposition transcript also clearly reflects that the witness – a former high school valedictorian and Georgetown graduate – responded to many simple questions with unnecessarily lengthy and argumentative answers loaded up with additional nonresponsive and/or self-serving information. Castilla's conduct at his February 2011 deposition justifies more time for his continued deposition. See Federal Rule of Civil Procedure 30(d), 2000 Amendment ("[I]f the deponent or another person impedes or delays the examination, the court must authorize extra time."); see also Calderon v. Symeon, 2007 WL 735773, at *1-2 (D. Conn. Feb. 2, 2007) (granting additional time to depose "uncooperative, interruptive" witness even though deposition was not "waste of time"). Further, having an open-ended timeframe for the deposition – as MGA was given for Mattel's witness on the trade secrets taken by Castilla[3] – will disincentivize a witness from intentionally burning

---

    MR. MOLINSKI:  I said let the record reflect the speed at which Mr. Castilla is flipping through these pages in the interest of saving time.
    MS. HUTNYAN:  ***All while ensuring that he will be able to truthfully and accurately answer the question posed.***
Castilla Tr. at 382:25-383:5 (emphasis added).
    BY MS. HUTNYAN:
    Q.    You're a zippy page-turner. ***Did you get a good enough look at these?***
    A.    I think so, yes.
Castilla Tr. at 384:10-13 (emphasis added).
    Q.    And -- but first let me ask you -- I mean, you flipped awfully quickly through those.  Is that because you've recently reviewed these documents?
    A.    Yes.
    Q.    Okay.  And the fact that you flipped through them carefully, ***does that give you any difficulty in answering questions with respect to these documents?  You recognized them when you flipped through?***
Castilla Tr. at 385:8-16 (emphasis added).

[3] Deposition Transcript of Mattel 30(b)(6) Witness (Laura Owens), Vol. I, dated Dec. 14, 2009, at 330:2-3.

up time this way. The Discovery Master's presence can ensure that the questioning remains on relevant subjects.

**Conclusion**

For the foregoing reasons as well as the reasons set forth in its Motion, Mattel respectfully requests that the Court grant its Motion and permit Mattel additional time for the continued deposition of Castilla. In the alternative, Mattel respectfully requests that the Court allow Mattel to use Castilla's prior testimony, including his invocations of the Fifth Amendment, for impeachment purposes on any subjects that Mattel was precluded from examining him on during his February 2011 deposition.

DATED: March 15, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

00505.07975/4009650.5

-6-

*MATTEL, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR ADDITIONAL TIME TO DEPOSE JORGE CASTILLA OR, IN THE ALTERNATIVE, TO USE CASTILLA'S INVOCATION OF THE FIFTH AMENDMENT FOR IMPEACHMENT*