QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>                Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND REPORTS OF MGA EXPERT ERICH JOACHIMSTHALER**<br><br>*DAUBERT* **MOTION NO. 6**<br><br>Trial Date: January 18, 2011 |

**Preliminary Statement**

MGA has identified retained expert Dr. Erich Joachimsthaler as a witness it intends to call in its case-in-chief, as early as this Friday. MGA should be precluded from calling Dr. Joachimsthaler. As the Court recognized in denying as moot Mattel's Motion *in Limine* to exclude Dr. Joachimsthaler's testimony, his opinions – both in his affirmative and rebuttal reports – were rendered moot and irrelevant by the Court's summary judgment dismissal of MGA's claims based on trade dress and trapezoidal packaging. Moreover, to the extent Dr. Joachimsthaler offered additional opinions in response to the opinions of Mattel expert Dr. Ravi Dhar, those rebuttal opinions are moot as well because Mattel did not call Dr. Dhar in its case-in-chief. Because Dr. Joachimsthaler's opinions have been rendered moot, allowing him to testify would be unduly consumptive of time, irrelevant, confusing and misleading to the jury, and unduly prejudicial to Mattel. The Court should preclude Dr. Joachimsthaler from testifying.

**Argument**

**DR. JOACHIMSTHALER SHOULD BE PRECLUDED FROM TESTIFYING**

Dr. Joachimsthaler set forth his affirmative opinions in a report relating to MGA's trapezoidal trade dress infringement and dilution claims. As the Court recognized in striking Mattel's Motion *in Limine* to exclude Dr. Joachimsthaler's testimony, Dr. Joachimsthaler's opinions regarding trapezoidal packaging and trade dress are "moot in light of the fact that summary judgment has been entered against MGA on its claims for trade dress infringement and trade dress dilution." Dkt. No. 9669 at 26. MGA does not disagree. In its opposition to Mattel's motion *in limine*, it argued that "***Dr. Joachimsthaler's affirmative report . . . was rendered moot by the MSJ Order dismissing MGA's trade dress claim in trapezoidal packaging.***" MGA Opp. to Mattel <u>Daubert</u> Mot. No. 6, dated Dec. 28, 2010 ("Opp"), at 1 (emphasis added). Accordingly, none of Dr. Joachimsthaler's opinions set forth in

1 his affirmative expert report are viable or relevant, and Dr. Joachimsthaler should be
2 precluded from offering any testimony relating to them.

3       Dr. Joachimsthaler also submitted a rebuttal report to the reports of Mattel experts Dr. Edward Blair and Dr. Ravi Dhar.  Dr. Blair was retained by Mattel to determine if there was a likelihood of confusion between Mattel and MGA products using trapezoidal packaging.  In support of his opinion, Dr. Blair conducted a likelihood of confusion survey regarding trapezoidal packaging.  Dr. Joachimsthaler responded to Dr. Blair's report in the second section of his rebuttal report (covering pages 42-49).  Dr. Joachimsthaler's opinions in rebuttal to Dr. Blair have likewise been rendered moot by the Court's summary judgment rulings.  Again, MGA admitted this in opposition to Mattel's motion *in limine*.  <u>See</u> Opp. at 2 (arguing that Mattel's motion is "moot" to the extent it "seeks to exclude Dr. Joachimsthaler's rebuttal to Dr. Blair, a Mattel expert who offered a survey on trapezoidal packaging").  Dr. Joachimsthaler should be precluded from offering any testimony relating to opinions he offered in response to Dr. Blair.

16       The remaining opinions set forth in Dr. Joachimsthaler's rebuttal report are, according to MGA, directly responsive to Dr. Dhar's report.  Dr. Joachimsthaler set forth these opinions in two sections of his rebuttal report.  MGA explained that the first of these sections (covering pages 1-42 of the rebuttal report) contains "Dr. Joachimstahler's rebuttal to the positions articulated by Mattel expert Dr. Dhar."  Opp. at 2.  The second of these sections – entitled "Overall Conclusions," covered the remaining pages (50-61) of Dr. Joachimsthaler's rebuttal report.  Although Mattel objected that this final section of Dr. Joachimsthaler's report should be stricken because it was not genuine rebuttal (Mattel Mot. at 2, 5, 13-14), MGA insisted that this section was genuine rebuttal.  For example, MGA stated:

- "The first sentence of this section sets the stage for the opinions therein, ***which directly address the opinions of Mattel expert Dr. Dhar***."
(Opp. at 2 (emphasis added)).

- "***Dr. Joachimsthaler's opinions rebut the market image painted by Dr. Dhar***, offering "'scientific, technical, or other specialized knowledge [that] will assist the trier of fact to understand the evidence or to determine a fact in issue.'"  (Opp. at 3 (quoting Fed. R. Evid. 702) (emphasis added)).

- "***In response to Dr. Dhar***, Dr. Joachimsthaler discusses "'whether the value-creation around the Bratz brand is due to MGA or whether another company with experiences and capabilities in the doll business, such as Mattel, could have achieved the same success.' [citation] ***Like Dr. Dhar***, he analyzes the market to determine factors impacting the success of Bratz and Mattel's response, or lack thereof, to market challenges. [citation]  After considering the relevant market and the factors in play within Mattel, he concludes that the Bratz brand would 'still very unlikely . . . have been the success at Mattel.' [citation] ***This is a direct refutation of the picture of the market that Dr. Dhar seeks to paint and the market influences that he opines drove the success of the Bratz brand***."  (Opp. at 3 (citing Joachimsthaler Rebuttal Report at 51-61) (emphasis added)).

- "It would be 'confusing' to allow Dr. Dhar to present his opinions [in certain specified terms purportedly used by Dr. Dhar] and to allow them to remain unchallenged."  (Opp. at 3-4).

Thus, according to MGA, the sum total of Dr. Joachimsthaler's opinions that were not rendered moot by the Court's summary judgment rulings on trade dress and trapezoidal packaging are directly responsive to Dr. Dhar's opinions.  Because Mattel did not call Dr. Dhar to testify, Dr. Joachimshaler's opinions responsive to Dr. Dhar's opinions have been rendered moot.  As such, they are inadmissible.  See, e.g., Fed. R. Civ. P. 26(a)(2)(D)(ii) (rebuttal report must contain opinion "intended solely to contradict or rebut evidence on the same subject matter identified by another party"); Johnson v. Grays Harbor Community Hospital, 2007 WL 4510313, at *2 (W.D. Wash. Dec. 18, 2007) ("Until and unless Defendants' experts testify, Plaintiff's experts will be unable, as a practical matter, to offer true "rebuttal" testimony. Therefore, Plaintiff's rebuttal experts will be allowed to testify at trial only after Defendants' experts have testified."); Lindner v. Meadow Gold Dairies,

Inc., 249 F.R.D. 625, 636 (D. Haw. March 19, 2008) ("As O'Bryne and Glanville are designated as rebuttal experts, however, their testimony is limited.  At trial, O'Bryne and Glanville cannot testify in Plaintiff's case-in-chief, and they cannot testify unless and until Southern Foods' experts testify as to the opinions for which O'Bryne and Glanville have been designated as rebuttal experts."); Hindin/Owen/Engelke, Inc. v. Skilstaf, Inc., 2003 WL 25667624, at *2 (C.D. Cal. Feb. 07, 2003) ("Stark will be permitted to testify as a 'rebuttal' expert, but if (and only if) before he is called to the stand defendant makes a proffer as to exactly what he will rebut in the way of prior expert testimony."); see also Peals v. Terre Haute Police Dep't, 535 F.3d 621, 630 (7th Cir. 2008) ("The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of the evidence offered by an adverse party.") (quotation omitted).

Because Dr. Joachimsthaler's opinions set forth in his affirmative and rebuttal reports are moot and irrelevant in their entirety, the Court should preclude Dr. Joachimsthaler from testifying.  Alternatively, Dr. Joachimsthaler's opinions should be precluded for the additional reasons set forth in Mattel's Daubert Motion No. 6 (Dkt. No. 9362), including that they do not satisfy Daubert and would mislead and confuse the jury.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court preclude Dr. Joachimsthaler from testifying.

DATED: March 16, 2011         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By   */s/ John B. Quinn*
  John B. Quinn
  Attorneys for Mattel, Inc. and
  Mattel de Mexico, S.A. de C.V.