QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar. No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V.,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S TRIAL BRIEF RE ADMISSIBILITY OF UNRELIABLE METHODOLOGY OF EXPERT ALBERT LYTER**<br><br>Hearing Date:    TBD<br>Time:                 TBD<br>Place:                Courtroom 9D<br><br>Pre-trial Conf:    January 4, 2011<br>Trial Date:         January 18, 2011 |

**Preliminary Statement**

Mattel should be entitled to impeach MGA's expert, Albert Lyter, with extrinsic evidence that directly contradicts his testimony at trial that he has been broadly accepted as an expert by many Courts. Under the impeachment by contradiction rule, Mattel is permitted to attack Dr. Lyter's credibility through the use of extrinsic evidence showing that specific testimony given by Dr. Lyter is false because it is contradicted by other evidence. Mattel should be permitted to introduce opinions of the Cypress Hill and Learning Curve Courts because he mischaracterized or attempted to conceal those opinions at deposition and may do so again when asked at trial.

**Argument**

**The Opinions in Cypress Hill and Learning Curve Are Admissible Under Federal Rule of Evidence 607**

Under Federal Rule of Evidence 607, "[t]he credibility of a witness may be attacked by any party . . . ." It is well settled that a witness—expert or otherwise — may be impeached with evidence that contradicts his testimony at trial. See Jack B. Weinstein, Weinstein's Evidence Manual § 12.01[4] (M. Bender ed., 1997). "Impeachment by contradiction rests on the inference that if a witness is mistaken as to one fact, perhaps he or she is mistaken as to others, and therefore all of the witness's testimony is suspect. Impeachment by contradiction is authorized by Rule 607." Id. Unlike Federal Rule of Evidence 608(b), which "prohibits the use of extrinsic evidence of conduct to impeach a witness' credibility in terms of his general veracity …. impeachment by contradiction permits courts to admit extrinsic evidence that specific testimony is false, because contradicted by other evidence." United States v. Antonakeas, 255 F.3d 714, 724 (9th Cir. 2001) (upholding as proper introduction of extrinsic evidence that defendant was previously arrested for

possession of cocaine after defendant "portrayed himself as an anti-drug counselor who taught kids to stay away from drugs.").

For example, in U.S. v. Kincaid-Chauncey 556 F.3d 923, 932 (9th Cir. 2009), the Ninth Circuit emphasized that "[i]mpeachment by contradiction 'permits courts to admit extrinsic evidence that specific testimony is false, because contradicted by other evidence.' Impeachment by contradiction is an exception to the collateral fact rule embodied in Federal Rule of Evidence 608(b), which generally prohibits the introduction of extrinsic evidence to attack the credibility of a witness. Pursuant to these rules, the district court permitted defendant to introduce testimony of two defense witnesses to impeach the testimony of plaintiff's witness offered during his cross-examination, and the Ninth Circuit affirmed. Id. at 933-34.

Likewise, in Dorn v. Burlington Northern Santa Fe Railroad Co., 397 F.3d 1183, 1193-94 (9th Cir. 2005), the Ninth Circuit found that the district court erred in excluding evidence that would tend to rebut the opinion of testimony of plaintiff's expert. To rebut plaintiff's expert's testimony, defendant sought to introduce testimony from lay witnesses. Id. The district court excluded the proffered lay witness testimony, and the Ninth Circuit reversed, holding that "the district court abused its discretion by excluding this testimony." Id. at 1193-94.

Here, MGA elicited testimony from Dr. Lyter that suggested his record was untarnished, but this is not true; Mattel should be permitted to introduce extrinsic evidence to impeach his trial testimony under the impeachment by contradiction rule. Like this case, Learning Curve Toys, L.P. v. Playwood Toys, Inc. involved Lyter's GC-MS testing of water-based inks to determine whether or not notations were made contemporaneously. 2000 WL 343205, at **2, 4 (N.D. Ill. Mar. 31, 2000). District Court Judge Pallmeyer concluded that "Lyter's *report* and his testimony failed to meet a legal standard of reliability necessary for the admission of expert testimony under Fed. R. Evid. 702 and that because of the questionable

reliability of his testimony, it would not assist a jury in either understanding the evidence or determine the issue." Id. at *2 (emphasis added).

When asked at deposition, Lyter claimed to be unaware that his expert testimony had been excluded as not meeting the legal standard:

> Q. Have you ever not been qualified as an expert to give testimony in any court?
> A. Not that I'm aware of.

In addition, when asked at deposition about the specific nature of the judge's criticism in that case, Lyter specifically denied that the Judge had criticized his report, and attempted to characterize the judge's ruling as being "about the evidence."[1]

> Q. It was that your report and your testimony was not considered sufficiently reliable; isn't that right?
> A. It was that the technique – he – *she didn't say anything about the report.* What she said was, is that – that the – that she didn't believe that there was enough support in the literature for the methodology that I used.
> Q. And when you are referring to "she," you're referring to the federal judge?
> A. Yeah. I believe her name was Pallmeyer.
> Q. So you believe that she found your report and testimony reliable in that case?
> A. *No.* She had questions about the reliability of the methodology that was used, and *for that reason* she did not allow me to give that testimony.[2]

Accordingly, Mattel should be entitled to introduce evidence of the Learning Curve Toys, L.P. v. Playwood Toys, Inc. opinion to impeach Lyter's testimony denying that his expert report had been criticized in that case.

Similarly, in Watts v. Cypress Hill, as in this case, Dr. Lyter's testing failed to detect any differences between the inks found on documents. 2008 WL 69736, *2 (N.D. Ill. Mar. 12, 2008). When questioned at deposition about whether he had "ever not been qualified as an expert to give testimony in any court," or "ever been

---

[1] Lyter Depo. Tr. 39:19-25; 809:19-810:10.

criticized by any court," Dr. Lyter at least referenced the Playwood case,[3] but completely failed to mention the Cypress Hill case in which the Magistrate Judge had stricken his report as so insufficient that it could not be cured by supplementation. Id., at *3, *4. Then-MGA's counsel attempted to preserve his credibility at the deposition by inquiring specifically about the case on redirect, whereupon Dr. Lyter admitted that he had become aware of this decision the day before the deposition.

> Q. Now, Ms. Hutnyan also asked you whether you had ever been or whether your testimony had ever been criticized before, is that correct?
> A. Yes.
> Q. To your knowledge, has a court ever stricken a report that you submitted to the court?
> A. Yes.
> Q. Did you just learn about that recently?
> A. Yesterday.
> Q. And what case was that in?
> A. I think the plaintiff is Cyprus Hill [sic]. . . .[4]

Consequently, Mattel should be entitled to introduce evidence of the Watts v. Cypress Hill opinion to impeach Dr. Lyter's testimony in which he omitted that his expert report had been stricken in that case.

## Conclusion

For the reasons set forth herein, Mattel respectfully requests that the Court permit it to introduce the specific extrinsic evidence set forth herein in order to impeach Dr. Lyter's testimony.

---

[2] Lyter Depo. Tr. 810:9-811:2.
[3] Lyter Depo. Tr. 37:14-39:21.
[4] Lyter Depo. Tr. 258:15-25, Apr. 17, 2008.

1  DATED:  March 16, 2011         QUINN EMANUEL URQUHART &
2                                  SULLIVAN, LLP
3
4                                   By */s/ John B. Quinn*
                                        John B. Quinn
5                                       Attorneys for Mattel, Inc., and
                                        Mattel de Mexico, S.A. de C.V.
6