ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO EXCLUDE OPINIONS AND REPORTS OF MGA EXPERT ERICH JOACHIMSTHALER**<br><br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

# INTRODUCTION

Dr. Joachimsthaler is a brand and marketing professional who has provided opinions in support of the creation and value of the Bratz brand. His testimony is admissible and relevant in this regard. Dr. Joachimsthaler will not address MGA's trapezoidal packaging claims but will focus solely on the building and expansion of brands, including the Bratz brand. These specific opinions were neither addressed nor rendered moot by the Court's prior ruling. These opinions were fully disclosed in Dr. Joachimsthaler's opening expert report on November 1, 2010 and explored by Mattel during Dr. Joachimsthaler's deposition on December 10, 2010. Dr. Joachimsthaler's opinions are both highly relevant and admissible with respect to the creation and expansion of the Bratz brand by MGA. Mattel's motion to exclude these opinions lacks merit and must be denied.

# ARGUMENT

## I. DR JOACHIMSTHALER OPINES ON THE BUILDING AND MAINTENANCE OF THE BRATZ BRAND

Dr. Joachimsthaler provided an affirmative expert report to Mattel on November 1, 2010, attached hereto as Exhibit A. This report disclosed numerous opinions and conclusions reached by this renowned branding and marketing professional, including the importance of the fundamental concepts of building a strong brand within the minds of consumers. This report is no way limits information to the trade dress claims filed by MGA, nor will Dr. Joachimsthaler offer opinions regarding these claims. Instead, Dr. Joachimsthaler will opine on how brands are established, how and why they must be maintained and nurtured, and how brand equity can erode.

Dr. Joachimsthaler clearly defines as least four opinions in his affirmative report provided in November 2010, all but one of which directly addresses branding unrelated to trapezoidal packages. First, he states he will offer opinions on the importance of the visual elements of the brand in consumer choices. Exhibit A at

page 3, paragraph 9a. Next, Dr. Joachimsthaler notes he will offer his opinions on the role that visual elements or symbols play in consumer judgments, decisions and behaviors. *Id.* at 9b. Finally, he offers his views on the damage suffered by the Bratz brand. *Id.* at 9d.

Moreover, Dr. Joachimsthaler clearly establishes that the threshold for his analysis, results and conclusions are predicated on the basic and fundamental theories, concepts and empirical research and the building of strong brands in his field, including his own field work on the importance of creating strong brand identities in the minds of consumers. *Id.* at paragraph 12. Exhibit A is replete with branding information forming the basis of Dr. Joachimsthaler's opinions and testimony, all of which are unrelated to trapezoidal packages.

In its motion to exclude Dr. Joachimsthaler, Mattel fails to quote the entire portion of MGA's previous argument, misleadingly suggesting that MGA *agreed* that Dr. Joachimsthaler's affirmative report was rendered moot by the Court's summary judgment order dismissing MGA's trade dress claim in trapezoidal packaging. MGA did not so agree and, in fact, noted in its previous opposition that Mattel sought to exclude *solely* the opinions related to trapezoidal packaging and that, therefore, those opinions were rendered moot. MGA never discussed the additional opinions proffered by Dr. Joachimsthaler related to building and maintaining a successful brand because Mattel never moved to exclude such opinions. MGA pointed this fact out in its opposition, clearly stating that Mattel does not challenge Dr. Joachimsthaler's opinions **unrelated to the trapezoidal packages**. Dkt 9945 at 1:24-26. Nor could Mattel challenge these opinions as they are relevant and admissible to the issue of the creation, maintenance and value of the Bratz brand. These issues are completely unrelated to MGA's trade dress claims and/or trapezoidal packaging. Mattel's motion to exclude such opinions is improper and must be denied.

## II. DR JOACHIMSTHALER DOES NOT INTEND TO TESTIFY IN REBUTTAL TO DRS. BLAIR AND DHAR'S REPORTS

Mattel next argues that Dr. Joachimsthaler's opinions must be excluded because they rebut two Mattel expert opinions, neither of which were ultimately presented by Mattel in its case, thereby rendering moot testimony by Dr. Joachimsthaler. Mattel incorrectly assumes that Dr. Joachimsthaler will testify about either expert opinion – he will not.

Dr. Joachimsthaler's opinions and conclusions regarding Dr. Blair's and Dr. Dhar's findings were submitted in a rebuttal expert report to Mattel on December 1, 2010. In that report, Dr. Joachimsthaler offered opinions in response to those proffered by Mattel experts Dr. Blair and Dr. Dhar. Dr. Blair had purported to conduct a consumer survey regarding trapezoidal packaging which has since been rendered moot. Dr. Joachimsthaler has no need to address such survey or any matter addressed by Dr. Blair.

With respect to the opinions proffered by Dr. Dhar, Mattel concedes that, "because [it] did not call Dr. Dhar to testify, Dr. Joachimsthaler's opinions responsive to Dr. Dhar's opinions have been rendered moot." Dkt 10213 at 3:18-21. Dr. Joachimstahler does not intend to offer opinions responsive to Dr. Dhar.

As set forth above, Dr. Joachimsthaler will offer his opinions on the importance of building and maintaining a strong brand in a consumer economy. He will speak to his own work in this field, as well as the work of his colleagues and advisors. He will not rely on opinions expressed by Mattel's experts Dr. Blair or Dr. Dhar.

## CONCLUSION

Dr. Joachimsthaler is a recognized brand and marketing expert who seeks to opine on the building of strong brands and the importance of creating and maintaining brand identities in the minds of consumers. These opinions are relevant and admissible to support MGA's claims that MGA created, built and maintained

the Bratz brand. For these reasons, Mattel's motion to exclude the opinions and proffered testimony of Dr. Joachimsthaler must be denied.

Dated: March 16, 2011         Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ Denise M. Mingrone*_____
Denise M. Mingrone
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN