ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>Case No. CV 04-9059<br>and Case No. CV 05-2727<br><br>**MGA PARTIES' TRIAL BRIEF REGARDING THE INADMISSIBILITY OF THE OPINIONS OF OTHER COURTS REGARDING DR. LYTER**<br><br>Judge:  Hon. David O. Carter<br><br>Date: TBD<br>Time: TBD<br>Dept: Courtroom 9D<br>Trial Date: January 18, 2011 |

# INTRODUCTION

The Court should not allow Mattel to examine Dr. Lyter regarding other judge's criticisms of opinions he offered in other cases, using different methods, because such criticisms are hearsay, irrelevant, improper, and will confuse the jury.

Dr. Lyter has offered his expert opinion in hundreds of cases. Mattel now seeks to impeach him by offering criticisms allegedly leveled by other judges in three of them. This case involves handwriting, water-based gel ink, and the use of various techniques to analyze the ink, including most significantly GC-MS. None of these cases have anything to do with the issues before this Court.

Mattel offers the *Lau King Ting Katie*, HCA 1049/2007, case from the High Court of Hong Kong, a case which involved dating typewritten materials, ink stamps, and "cracks and breaks" in typewriter carbon. It did not involve GC-MS.

*Learning Curve v. Playwood Toys*, a case from Illinois an issue that Dr. Lyter has not testified to before this Court. The Court found his opinion to be too speculative, because he could state only that the document was at least a certain number of years old but could not pin the date of creation. There is no such dating issue involved in this case, which turns on whether a particular component is present or absent in ink.

The third case, *Watts v. Cypress Hill*, 2008 WL 697356 (N.D. Ill. Mar. 12, 2008), involved inkjet printing, not handwritten signatures. Dr. Lyter there used TLC, not GC-MS. There, his report was so brief that the court deemed it incomplete under Rule 26(a)(2). Here, Dr. Lyter has not employed TLC at all. And more importantly, there is no such issue present in this case, where Mattel has not challenged the adequacy of his written report.

The opinions Mattel seeks to enter are inadmissible hearsay. It goes without saying that none of the judges will be present to testify in court. Mattel intends to offer not only opinions that MGA will not have an opportunity to examine.

The opinions of these other judges are also irrelevant. In each of the

instances Mattel alleges that Dr. Lyter's opinion was not adopted, Dr. Lyter was using methodologies or techniques very different from those he employed in his analysis of Ms. Prince's notary book.  In each case, it was his methodology that was rejected, not Dr. Lyter himself.  Allowing Mattel to cross-examine Dr. Lyter on the subject of the very different techniques he employed in those very different cases will prejudice MGA by implying that the tests that he ran in this case were somehow insufficient.  But here, Dr. Lyter is not only using peer-reviewed, mainstream, and reliable methods, he is using the very same techniques that were employed by Mattel's expert, Dr. Aginsky.

Admitting opinions reached by other judges in other cases is unfairly prejudicial.  The jury is likely to defer to the alleged decisions of professional factfinders rather than reach their own conclusion.  This prejudice is compounded because there is no effective way for Dr. Lyter to respond or protect to his credibility when it is called into question not by an opposing expert or scientist, whose opinion the jury could consider on an apples-to-apples basis, but by an absent judge, based on evidence and context that the jury would not be able to evaluate without a lengthy and wasteful "trial-within-a-trial."

## ARGUMENT

### I. THE OUT-OF-COURT OPINIONS OF OTHER JUDGES ARE INADMISSIBLE HEARSAY.

Judicial opinions of other courts are inadmissible hearsay.  *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007); *Nipper v. Snipes*, 7 F.3d 415, 417-418 (4th Cir. 1993); *Herrick v. Garvey*, 298 F.3d 1184, 1191-92 (10th Cir. 2002); *United States v. Jones*, 29 F.3d 1549, 1554 (11th Cir. 1994).

Courts have specifically excluded the opinions of other judges about an experts "credibility" on hearsay grounds.  For instance, in *Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 323-324 (E.D.N.Y. 2001), defendants sought to impeach the opinion of plaintiff's expert by

introducing the opinion of a judge in a related case, who rejected the *same* methodology that the expert intended to use in the *Blue Cross* case. The defendants claimed that the other judge's opinion was admissible to impeach the credibility of the expert. The Court rejected this argument and excluded the other judge's opinion of the expert's methods, both on hearsay and Rule 403 grounds.

But even if an exception were available, the Court should nevertheless exclude these opinions because they are irrelevant and because they pose a serious threat of unfair prejudice.

## II. THE OUT-OF-COURT OPINIONS OF OTHER JUDGES MUST BE EXCLUDED UNDER RULES 402 AND 403.

The opinions Mattel intends to offer are irrelevant and should be excluded under Rule 402. In all of the other cases where Dr. Lyter's analyses were allegedly rejected, Dr. Lyter was employed different techniques to analyze different evidence. This Court has already found that Dr. Lyter is qualified as an expert and Mattel does not contend that the techniques employed by Dr. Lyter in this case are unreliable—nor could Mattel—because all Dr. Lyter did was use the same tests employed by Mattel's expert to confirm Dr. Aginsky's results. Whether the other judges favored the particular methods he used in these other cases, or whether the judge disagreed with Dr. Lyter's results for any number of other reasons, has no bearing on whether his methods and his results in *this* case are reliable. And none of these other methods bear on his use of microscopic analysis, infrared spectroscopy, or GC-MS. But, even if these opinions were relevant—which they are not—the Court should exclude the opinions as plainly prejudicial.

The Court must exclude the out-of-court statements Mattel intends to offer under Rule 403. "[J]udicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." *Nipper*, 7 F.3d at 418; *Sine*, 493 at 1033 (excluding "adverse, derogatory factual findings and comments"

- 3 -

MGA'S BRIEF RE: LYTER
CV-04-9049 DOC (RNBX)

1  made by another judge under Rule 403 because "jurors are likely to defer to
2  findings and determinations relevant to credibility made by an authoritative,
3  professional factfinder rather than determine those issues for themselves."); *U.S.*
4  *Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287-88 (11th Cir. 2001) (district court
5  abused its discretion under 403 by admitting opinion of other judge); *Blue Cross*
6  *and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 324
7  (E.D.N.Y. 2001) ("The difficulty in assessing the probative force of comments by a
8  judge on the credibility of a witness is especially great for the jury, which may give
9  exaggerated weight to a judge's supposed expertise on such matters.").

10  This prejudice is compounded because there is no effective way for Dr. Lyter
11  to respond or protect to his credibility when it is called into question not by an
12  opposing expert or scientist, whose opinion the jury could consider on an apples-to-
13  apples basis, but by an absent judge. *See*, *e.g.*, *Blue Cross and Blue Shield of New*
14  *Jersey, Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 324 (E.D.N.Y. 2001)
15  ("Unlike the scientific community's process of peer review, there is no practical
16  way for a scientist to defend against a judge's assessment of credibility."). Here,
17  the jury will not be able to evaluate conflicting scientific evidence. Rather, the jury
18  will be put in the impossible situation of evaluating an absent judge's evaluation of
19  scientific evidence that the jury will never even see.

20  This last point especially raises the specter of a trial-within-a-trial. Mattel
21  intends to simply throw out the facts that *judges* have rejected Dr. Lyter's findings.
22  But even the briefest overview of the circumstances of these cases, which would be
23  necessary at least to inform the jury why Dr. Lyter was performing these different
24  analyses and the particular circumstances that led to the exclusion of Dr. Lyter's
25  opinion. At this point in the trial, there is no reason for such a prodigious waste of
26  the Court's time and the precious time remaining to the parties.

## CONCLUSION

28  For the foregoing reasons, the Court should exclude other judges alleged

opinions of methods employed by Dr. Lyter in other cases.

Dated: March 16, 2011

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____/s/ Annette L. Hurst_____
Annette L. Hurst
Attorneys for MGA Parties