QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar. No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V.,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S TRIAL BRIEF RE ADMISSIBILITY OF SUMMARY CHARTS TESTIFIED TO BY JEFFREY KINRICH PURSUANT TO FED. R. EVID. 1006**<br><br>Hearing Date:   TBD<br>Time:                TBD<br>Place:               Courtroom 9D<br><br>Pre-trial Conf:   January 4, 2011<br>Trial Date:        January 18, 2011 |

00505.07975/4015152.3

TRIAL BRIEF RE ADMISSIBILITY OF KINRICH SUMMARY CHARTS

Mattel seeks the admission of Trial Exhibit 24113 pages 1, 2, and 4 through 7 (attached hereto as Exhibit A), which are charts reflecting voluminous salary data and related calculations prepared by Jeffrey Kinrich and discussed during his trial testimony. See Trial Tr., dated 2/25/11, Vol. 2, at 37:4-44:3.

### Background

Mr. Kinrich testified on February 25, 2011, about his comparison of (i) the salary change received by the six former Mattel employees alleged to have downloaded Mattel information with (ii) the salary change received by other employees who joined MGA from Mattel. See Trial Tr., dated 2/25/11, Vol. 2, at 35:10-20. Mr. Kinrich's calculations were based on Mattel and MGA company records showing the employees' salary at the time they left Mattel and their starting salary at MGA. The calculations showed that the six employees alleged to have downloaded Mattel information received, on average, a 36.8 percent higher increase in salary than other Mattel employees who joined MGA. Id. at 41:13-25.

Mr. Kinrich testified that he prepared the summary charts contained in Exhibit 24113 in order to assist him in presenting his calculations. Id., at 37:2-16. Mr. Kinrich testified that the calculations contained in Exhibit 24113 reflect information gathered "from both Mattel and from MGA" showing "what the salaries for those individuals were when they left Mattel, and from MGA wh[at] the salaries of those individuals were when they joined MGA." Id. at 35:21-36:11.

Mr. Kinrich's calculations were made available to MGA on November 1, 2010. See Report of Jeffrey H. Kinrich, dated November 1, 2010. Mr. Kinrich's report identifies, by Bates number and exhibit number, the voluminous Mattel and MGA documents which are the source of the salary amounts included in his calculations. Id. at Exs. 4-5. All the underlying source documents have been made available to MGA.

**Argument**

All requirements of Fed. R. Evid. 1006 have been met, and Exhibit 24113 should be admitted as a summary of voluminous records. Rule 1006 provides:

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

Admission of summary charts pursuant to Rule 1006 is well-established in the Ninth Circuit. See United States v. Jenkins, --- F.3d ---, 2011 WL 208357, at *13 (9th Cir. Jan. 25, 2011) (conviction adequately supported by evidence consisting of "two summary exhibits, pursuant to Federal Rule of Evidence 1006, illustrating the flow of funds"); Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 772 F.2d 505, 515 n.9 (9th Cir. 1985) (affirming admission into evidence of exhibit showing "allocation of costs and expenses" because "[t]he requirements for Rule 1006 are met when the trial judge ascertains that the underlying documents are made available for inspection"). Courts commonly admit mathematical calculations under Rule 1006. See, e.g., United States v. Clements, 588 F.2d 1030, 1038-39 (5th Cir. 1979) ("calculations [consisting of the total bets placed by defendant in numerous recorded telephone calls] were admissible under Fed. R. Evid. 1006"); United States v. Janati, 374 F.3d 263, 271-73 (4th Cir. 2004) (approving of proposal to admit charts summarizing "transactions contained in [defendant's] billing and medical records"); United States v. Jennings, 724 F.2d 436, 441-42 (5th Cir. 1984), cert. denied 467 U.S. 1227 ("charts [that summarize] two hundred pages of material and substantial amounts of mathematical calculations" were admissible) (citing 4 WIGMORE, EVIDENCE § 1230 at 537 (1972) ("The most commonly recognized application of this principle is that by which the state of *pecuniary accounts* or other

business transactions is allowed to by shown by a witness' schedule or summary.") (emphasis in original)).

Such charts are also admissible pursuant to Fed. R. Evid. 611(a). See United States v. Kaialau, 375 Fed. App'x 673, 677 (9th Cir. 2010) ("[T]his court has affirmed the admission of summary charts into evidence in several cases, citing district courts' broad discretion to regulate presentation of evidence under Federal Rule of Evidence 611(a).") (citing United States v. Poschwatta, 829 F.2d 1477, 1481 (9th Cir. 1987); United States v. Gardner, 611 F.2d 770, 776 (9th Cir. 1980)).

The charts Mr. Kinrich prepared enabled the evidence concerning salary changes to be presented to the jury in a convenient and expeditious manner, and are based entirely on underlying data and documents available to MGA. Indeed, Mr. Kinrich specifically identified every document supporting his salary calculations over three months before testifying. That is all that is required. See Frank Music, 772 F.2d at 515 n.9 ("The requirements for Rule 1006 are met when the trial judge ascertains that the underlying documents are made available for inspection."). Accordingly, Mr. Kinrich's charts should be admitted into evidence.

DATED: March 17, 2011                QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By /s/ John B. Quinn
                                        John B. Quinn
                                        Attorneys for Mattel, Inc., and
                                        Mattel de Mexico, S.A. de C.V.

# EXHIBIT A

Case 2:04-cv-09049-DOC-RNB   Document 10219   Filed 03/17/11   Page 6 of 11   Page ID #:309706

TX 24113-00001







TX 24113-00004





