QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de
Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S OFFER OF PROOF REGARDING ARTICLES AND PRESS RELEASES ESTABLISHING TIMING OF PUBLIC DISCLOSURE OF MGA'S CLAIMED TRADE SECRETS**<br><br>Trial Date: January 18, 2011 |

00505.07975/4041407.2

Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") respectfully submit this offer of proof relating to MGA press releases and articles reflecting the disclosure of information that is the subject of MGA's trade secret misappropriation claim.

Press releases and newspaper articles that predate Mattel's claimed access demonstrate that the purported trade secrets MGA claims were misappropriated at toy fairs were not trade secrets at all because they were already publicly available. Such proof of public disclosure defeats MGA's trade secret claims. And even if MGA could establish the merits of its claim (it cannot), the public release and disclosure of the information is directly relevant because MGA's damages are limited to the period of time that the information would have remained unavailable to Mattel in the absence of the supposed appropriation.

Mattel does not offer this material for the truth of its contents, but instead to show the timing of the public release of information. Ninth Circuit law makes clear that this kind of material is not hearsay when offered for the purpose of establishing previous disclosure of trade secrets, as Mattel seeks to do here. In addition, MGA-issued press releases are party admissions.

**This evidence goes directly to the heart of MGA's claim and Mattel's defense.** As MGA itself has argued, information in the public domain cannot be a trade secret.[1] "The essence of a trade secret is that it derives its value from secrecy." Stromback v. New Line Cinema, 384 F.3d 283, 305 (6th Cir. 2004); see also Cal. Civ. Code § 3426.1(d). Articles and MGA-issued press releases show that MGA disclosed many, if not all, of its alleged trade secrets to the press prior to, during, or immediately after the toy fairs at which Mattel allegedly "stole" the products. "If an individual discloses his trade secret to others who are under no obligation to protect

---

[1] See MGA's Motion for Summary Judgment [Dkt. No. 9073] at 60-61; MGA's Reply in Support of Motion for Motion for Summary Judgment [Dkt. No. 9261] at 27-28.

00505.07975/4041407.2

-1-
MATTEL'S OFFER OF PROOF REGARDING ARTICLES AND PRESS RELEASES ESTABLISHING TIMING OF
PUBLIC DISCLOSURE OF MGA'S CLAIMED TRADE SECRETS

the confidentiality of the information . . . his property right is extinguished." Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1002 (1984) (information that is public or generally known in an industry cannot be a trade secret). Mattel offers articles and press releases to contest MGA's claim of secrecy.

Evidence of disclosure is also relevant to MGA's claimed damages. "Monetary remedies, whether measured by the loss to the plaintiff or the gain to the defendant, are appropriate only for the period of time that the information would have remained unavailable to the defendant in the absence of the appropriation." Rest. 3d Unfair Competition § 45 (comment h); see also Engelhard Indus. Inc. v. Research Instrumental Corp., 324 F.2d 347, 352-354 (9th Cir. 1963) (damages for trade secret misappropriation available until the trade secret disclosed in a patent).

**This evidence of disclosure is not hearsay.** These materials are not being offered to prove the truth of the matter asserted, but instead to establish the timing of the public disclosure of MGA's alleged trade secrets. The Court has recognized previously that published materials "may come in for limited purposes, such as the similarity of information and whether it's public information."[2] Other courts likewise have admitted published articles, over hearsay objections, as evidence of disclosure of alleged trade secrets. In Religious Technology Center v. Netcom On-Line Communication Services, Inc., 923 F. Supp. 1231, 1255 (N.D. Cal. 1995), defendant argued that many of the alleged trade secrets had been published in news articles and were therefore disclosed to the public. Id. at 1255. The court rejected the argument that the news articles were inadmissible hearsay, because they were not offered for the truth of the matter asserted, but rather to prove that plaintiff had disclosed its trade secrets to the public. Id. at 1255 n. 26. Many courts also have held that press releases are not hearsay because they are admissible as party admissions. See Kunz v. Utah Power & Light Co., 913 F.2d 599, 605 (9th Cir. 1990) (affirming ruling that

00505.07975/4041407.2

-2-
MATTEL'S OFFER OF PROOF REGARDING ARTICLES AND PRESS RELEASES ESTABLISHING TIMING OF PUBLIC DISCLOSURE OF MGA'S CLAIMED TRADE SECRETS

press releases were admissible non-hearsay evidence); <u>FIJI Water Co., LLC v. Fiji Mineral Water USA, LLC</u>, 741 F. Supp. 2d 1165, 1176 n.3 (C.D. Cal. 2010) (permitting other party to rely on CEO's comments in a newspaper article as statements of party opponent); <u>Zeigler v. Fisher Price, Inc.</u>, 302 F. Supp. 2d 999, 1021 (N.D. Iowa 2004) (press release was admissible evidence under 801(d)(2) over a hearsay objection); <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 1993 WL 135953, *4 (N.D. Cal. April 15, 1993) (noting that press releases would be admissible as party admissions).  MGA's press releases are admissible non-hearsay as party opponent admissions.

Nor should Mattel be required to elicit this information through examination of Mr. Larian or rely on oral testimony without the press releases and articles. Mattel has identified numerous articles and press releases containing relevant disclosures by MGA. Mattel does not have sufficient remaining time to cover this with Mr. Larian. Nor, given Mr. Larian's propensity for slowing Mattel's examination of him, should it be required to do so. Furthermore, Mattel should not be constrained to depend on a jury evaluation of witness credibility in order to determine if and when the purported trade secret information was made public. The timing of the disclosure is embodied in documents that they jury should have, including to evaluate their contents as to what information was disclosed.

Accordingly, Mattel seeks to introduce the following evidence:[3]

1.  **TX09859**. 2/19/2005, ASMZINE Article "Welcome to ASM's Toy Fair 2005 Coverage!  MGA Entertainment Girls Toy Report."
2.  **TX09879**. Reuters Article "Bratz dolls turn back time in new Kidz line." 2/8/2006
3.  **TX09882**. 02/15/2006 -02/16/2006, "Toy Fair and MGA 2006" Blog Entry.

---

[2] Trial Transcript, Day 36 [March 18, 2011] Vol. 2 of 3 at 37:1-4.
[3] Mattel will file separately a set of these materials in the redacted forms it proposes to use with witnesses at trial.

4. **TX16786**. 02/08/2001, MGA Press Release, 'MGA Entertainment "Looking Better Than Ever" With Introduction of Exciting New Toy Lines at New York Toy Fair'
5. **TX20115-00002**. 02/17/2003, Toy Fair Times, "Bring On the Funk."
6. **TX20182**. 12/10/2002, The Associated Press "Top Toys for Christmas becoming hard to find on store shelves; Conservative ordering by retailers helps to deplete holiday supply."
7. **TX20184**. 02/15/2000, Newsday, "High-Tech Toys' Imitation of Life/Babies Grow and Giggle; Pups Bark, Wag Tails."
8. **TX20185**. 2/10/2000, Business Wire, "Exceeding Every Little Girl's Dream, MGA Entertainment Delivers MY DREAM BABY At Toy Fair; Toy Fair 2000."
9. **TX20188**. 12/12/2002, Spokane Review Article "Stores toy-tied for holidays Stocks limited as no single plaything the must-have of '02."
10. **TX20315**. 02/17/2005, Wall Street Journal Article "Doll Face-Off: Barbie, Bratz to Compete With Movies, Tunes."
11. **TX20516**. 2004 "Vivid-MGA Division Toy Fair Editorial," circulated in 11/10/2004 email.
12. **TX20587-00005**. 02/18/2004, Associated Press Newswires, "Hot toy trends from the American International Toy Fair."
13. **TX20588**. 02/01/2006, Playthings Article, "On with the Show; Toy Manufacturers Take Center Stage at the 2006 American International Toy Fair."
14. **TX20620**. 02/1/2004, KidScreen Article, "Little dolls a big deal with girls."
15. **TX20621**. 02/11/2004, Business Wire Press Release "MGA Entertainment Follows Up an Award-Winning Year With Bratz By Introducing Exciting New Lines in Girls and Boys Entertainment at 2004 American International Toy Fair in New York City."
16. **TX20623**. 02/11/2004, Business Wire Press Release, "MGA Entertainment Follows Up an Award-Winning Year With Bratz by Introducing Exciting New Lines in Girls and Boys Entertainment at 2004 American International Toy Fair in New York City."
17. **TX20625**. 01/26/2006, Business Wire Press Release "Bratz Mobile (TM) Phones Launch at Wal-Mart; Manufacturer of Popular Bratz (TM) Dolls First to Extend Brand to Unique Mobile Phone Offering."

00505.07975/4041407.2

-4-
MATTEL'S OFFER OF PROOF REGARDING ARTICLES AND PRESS RELEASES ESTABLISHING TIMING OF PUBLIC DISCLOSURE OF MGA'S CLAIMED TRADE SECRETS

18. **TX20628**. 2/22/2003, The Record Article "Playing their tune: Toy makers jump on the music bandwagon."
19. **TX20629**. 2004 Vivid Press Release "Bratz step it up for 2005!"
20. **TX20740-0001, -0002, -0003**. 09/00/2004, Keeping Ken Article "New 2004 Ken Fashions & Play Line News."
21. **TX20943**. 01/07/2003, Fashion Doll Scene Article, untitled.
22. **TX20944-00001**. 02/2003, Raving Toy Maniac, "Hulk Walkie Talkies."
23. **TX20951**. MGA created document containing excerpts from February 2002, License! Article "What kids want next-and who is delivering it now"; 2/25/2002 DSN Retailing Today Article, untitled; undated and untitled Toy Book article.
24. **TX21233-00077**. Kidscreen article, "Toy Fair 2001 Invasion of the robo-pets" 02/2001
25. **TX21235-00001**. 02/2002, Kidscreen, "Toy Biz players head to Toy Fair 2002."
26. **TX21268**. 02/11-15/2001, Toy Fair Times 2001, "Bratz Running Amuck At MGA Exhibit."
27. **TX21301**. 02/08/2001, MGA Press Release, "MGA Looking Better Than Ever With Introduction of Cutting-Edge Fashion Dolls, Bratz."
28. **TX21970-00004**. 3/2003, Toy Book Article, "MGA's Bratz."
29. **TX21970-00008**. 02/2003, Playthings Article "Entertaining Bratz."
30. **TX21970-00011**. 01/2003, The Toy Book, "MGA's Lil' Bratz Attack."
31. **TX22389**. 01/08/2001, MGA Press Release, "MGA Entertainment Continues Revolutionary Toymaking with the Introduction of Thrilling New Toy Lines."
32. **TX22422**. 09/26/2005, Reuters Article "MGA expects to Expand Globally by 2007."
33. **TX22462**. 01/31/2006, MGA Press Release "MGA Entertainment Secures Multi-Year License for Die-Cast Vehicles Based Upon Marvel Super Hero Universe."
34. **TX22467**. 12/13/2004, MGA Press Release, "Bratz, World's Most Popular Fashion Doll and Lifestyle Brand, to Show a Passion for Music in Collaboration with Universal Music Enterprises."
35. **TX22468**. 2/12/2004, Twentieth Century Fox Press Release "Twentieth Century Fox Acquires Rights to Produce Feature Film Based on Top-Selling Bratz Dolls From MGA Entertainment."

36. **TX23887**. 02/01/2002, Kidscreen Article "Toy Fair 2002 -- Revival of the Fittest: Toy biz players head to Toy Fair 2002."
37. **TX23888**. 02/13/2003, MGA Press Release, "Creating Fun to Last a Lifetime, MGA Entertainment Introduces New Lines at The 100th Annual American International toy Fair, And Rocks the House with Bratz Electric Funk line of girl's lifestyle electronics!"
38. **TX23890**. 2/14/2002, Reuters Article "With Bratz, a toy maker's dreams come true."
39. **TX23893**. 12/8/2004, Reuters Article "MGA aims to extend Bratz brand with baby dolls."
40. **TX23903**. 01/2004, The Toy Book, "MGA's Bratz Are Hitting the Beach."
41. **TX23904**. 1/28/2005, MGA Press Release "MGA Entertainment and BRATZ Creating Non-Stop Excitement at Retail."
42. **TX23905**. 01/26/2006, MGA Press Release "Bratz Mobile (TM) Phones Launch at Wal-Mart; Manufacturer of Popular Bratz (TM) Dolls First to Extend Brand to Unique Mobile Phone Offering."
43. **TX24308**. 02/21/2005, CNN Article "Livin' a "Bratz-y" lifestyle."
44. **TX24309**. 02/01/2005, License! Article "Tot Spots."
45. **TX24312**. 03/31/2006, "Business Wire Press Release, ""MGA Entertainment Introduces Soda Pop Girls (TM) of Yummi-Land (TM), the Bubbly New Dolls with a Sweet Tooth for Style!"""
46. **TX24313**. 3/16/2006, Adrants Article, "Yummi Land Soda Pop Girls Are, Like, Really Cool."

DATED: March 21, 2011       QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ John B. Quinn
   John B. Quinn
   Attorneys for Mattel, Inc., and Mattel de Mexico. S.A. de C.V.

00505.07975/4041407.2

-6-
MATTEL'S OFFER OF PROOF REGARDING ARTICLES AND PRESS RELEASES ESTABLISHING TIMING OF PUBLIC DISCLOSURE OF MGA'S CLAIMED TRADE SECRETS