ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile:  415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile:  213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' TRIAL BRIEF REGARDING CHOICE OF LAW**<br><br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

## INTRODUCTION

All parties agree that that the choice of law determination requires application of California's governmental interest test. *See* Dkt. No. 9084 (MGA MSJ) at 56-57; Dkt. No. 9073 (Machado MSJ) at 24; Dkt. No. 9182 (Mattel's Opp. to MGA MSJ) at 73; Dkt. No. 9183 (Mattel's Opp. to Machado's MSJ) at 22. And the Ninth Circuit has held that application of California's government interest test is a question of law for the Court to decide. It is not a jury question. *In re Yagman*, 796 F.2d 1165, 1171 & n. 2 (9th Cir. 1986). To quote the Ninth Circuit, "a choice of law under the governmental interest approach is a legal determination to be made by the court." *Id.* This accords with the view of the California Supreme Court, which has noted that a choice of law determination under California law is a question of law for the Court to decide. *See Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 108 (2006).

To the extent that *Marra v. Bushee*, 447 F.2d 1282 (2d Cir. 1971), holds otherwise, it is wrong. Other Circuits do not agree with its approach. It was criticized shortly after it issued—noting that the issue was not the subject of full briefing and argument. *See Chance v. E. I. Du Pont De Nemours & Co.*, 57 F.R.D. 165, 168-69 (E.D.N.Y. 1972). Finally, while *Marra* purports to apply Vermont's choice of law rules, a subsequent Vermont Supreme Court case criticized its approach holding that choice of law was a question for the court and not a jury. *Amiot v. Ames*, 693 A.2d 675, 679 (Vt. 1997). In so holding, the court remarked "[a]lthough the dissent cites *Marra v. Bushee* . . . as the 'seminal decision', . . . there is no indication that other courts have adopted *Marra*'s approach in the twenty-five years since it was decided." *Id.* at 680.

In short, *Marra* is not good law. In any case, it is not the law of this Circuit.

## ARGUMENT

As noted, and consistent with case law, both Mattel and the MGA Parties agree that California courts apply the "governmental interest" analysis to decide

MGA'S TRIAL BRIEF REGARDING CHOICE OF LAW
CV-04-9049 DOC (RNBX)

choice of law issues. *Liew v. Official Receiver and Liquidator*, 685 F.2d 1192, 1195 (9th Cir. 1982) (California applies a "governmental interest" analysis in resolving choice of law disputes).

The California Supreme Court has noted that this test presents questions of law to be decided by the Court. In the words of the California Supreme Court:

> First, *the court* determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different. Second, if there is a difference, *the court* examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists. Third, if *the court* finds that there is a true conflict, *it* carefully evaluates and compares the nature and strength of the interest of each jurisdiction in the application of its own law "to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state."

*Kearney*, 39 Cal. 4th at 108 (citation omitted) (emphasis added).

The Ninth Circuit agrees. In applying California's governmental interest test, the Ninth Circuit held that "a choice of law under the governmental interest approach is a legal determination to be made by the court." *In re Yagman*, 796 F.2d at 1171 & n. 2. In so holding, the Ninth Circuit rejected the argument that questions of fact relating to choice of law issues should be decided by the jury. *Id.*; *see also Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 994-95 (9th Cir. 2010) (quoting *Kearney*, 39 Cal. 4th at 108).

*Marra v. Bushee*, 447 F.2d 1282 (2d Cir. 1971), does not justify any other result. It is not the law of this Circuit. It was not applying or interpreting California's governmental interest test. And, it has been soundly rejected. It has been rejected by the Vermont Supreme Court, which—as *Marra* purported to do— was applying Vermont's choice of law provisions. *Amiot*, 693 A.2d at 679-80.

It has been an approach that other Court's have not adopted, including, as noted, the Ninth Circuit. *See, e.g.*, *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 690 (5th Cir. 2008) ("the prejudgment interest issue turns on a choice of

1  law, a legal question for the court, not the jury"); *Vaz Borralho v. Keydril Co.*, 696
2  F.2d 379, 386 (5th Cir. 1983), *overruled on other grounds In re Air Crash Disaster*
3  *Near New Orleans*, 821 F.2d 1147 (5th Cir. 1987) (noting *Marra* but not adopting
4  its approach); *Gramercy Mills, Inc. v. Wolens*, 63 F.3d 569, 571 (7th Cir. 1995)
5  ("Judges, not juries, decide questions of law, such as choice of law issues . . . the
6  jury never gets a crack at deciding the outcome; choice of law merely serves as a
7  predicate for the jury's work").

8      Furthermore, neither Fed. R. Civ. P. 38 nor *Dairy Queen, Inc. v. Wood*, 369
9  U.S. 469, 472-473 (1962), are applicable here.  Both concern generally a right to a
10 jury trial.  Neither concerns choice of law.  Moreover, federal courts have long
11 recognized that courts are entitled to determine issues of law even if those issues
12 bear somehow on what the jury has or will ultimately decide.  *See* Fed. R. Civ. P.
13 50, 56; *see also Chance v. E. I. Du Pont De Nemours & Co.*, 57 F.R.D. 165, 169
14 (E.D.N.Y. 1972) (noting within context of choice of law analysis "[c]onstitutional
15 guarantees of a jury trial in actions at law in federal courts do not mandate a jury
16 determination of every issue of fact," and a federal court may resolve preliminary
17 issues of fact).

18     To the extent Moore's Federal Practice says otherwise, it does so without
19 proper support, without analysis and without mention of the Ninth Circuit law.  *See*
20 5 MOORE'S FEDERAL PRACTICE ¶¶ 38.36, 38.42 at 290-95, 330.[1]  It is wrong.
21 ///
22 ///
23
24

---

[1] Moore's Federal Practice, specifically, has been updated since *Marra* and the section discussing the jury's role in a choice of law issue relies solely on *Marra*, *Chance*, and *Vaz Borralho*.  5 MOORE'S FEDERAL PRACTICE, 3d Edition ¶ 38.34[2] ("Choice of Law Issue May Be for Jury If It Is Enmeshed With Merits").  Moore's Federal Practice does not acknowledge that *Marra* has not been adopted by any other court for this proposition.  It also does not justify its conclusion with any analysis.

## CONCLUSION

For the foregoing reasons, this Court and not the jury must determine which law governs.

Dated: March 21, 2011        Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Warrington S. Parker III*
Warrington S. Parker III
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN