ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:   415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>Case No. CV 04-9059, No. CV 05-2727<br><br>The Honorable David O. Carter<br><br>**MGA PARTIES' TRIAL BRIEF REGARDING DEPOSITION TESTIMONY OF TYLER BRADLEY** |

## INTRODUCTION

Despite the best efforts of the Court and the parties, Tyler Bradley is unavailable to testify as a live witness at this trial. She is resident in the State of Georgia and therefore unavailable pursuant to Rule 32. Her testimony is critical because she made key admissions on the lengths Mattel employees went through to steal MGA trade secrets. Notably, Ms. Bradley is one of the few Mattel employees who admits to using a fake email address, a phony business advertisement, and to manufacturing false retail purchasing invoices to gain access to competitor showrooms. And she is also one of the few witnesses to admit actually entering an MGA showroom.

The Ninth Circuit has routinely approved the admission of deposition testimony in civil cases where a witness such as Ms. Bradley is unavailable, and other federal circuits have found reversible error when such a request is denied. The MGA Parties therefore request that the Court allow the MGA Parties to admit and play portions of the video from the deposition of Ms. Bradley, taken on October 27, 2010, in the event the Court is unable to arrange for remote testimony through live video and audio conferencing, or other means suitable to the Court and to the parties. As a fallback, the Court should permit examination of Mattel's 30b6 witness regarding Ms. Bradley and her theft of MGA's trade secrets.

## STATEMENT OF FACTS

### A. Ms. Bradley Is Unavailable.

Ms. Bradley resides in the State of Georgia. Bradley Depo. 103:14-16. She is therefore not subject to the Court's jurisdiction. Numerous attempts have been made to secure her attendance at trial, including telephonic conferences with the Court and her counsel in Atlanta Georgia. In addition, the MGA Parties have undertaken their best efforts to secure Ms. Bradley's attendance at this trial, but have been unable to do so. Declaration of William A. Molinski at ¶ 3.

### B. Ms. Bradley Possess Uniquely Relevant Information.

Tyler Bradley worked at Mattel from April 1999 to March 2002. 10/27/2010 Bradley Depo. 9:3-13. Ms. Bradley attended the 2001 and 2002 New York Toy Fairs with Sal Villasenor, from whom she received instruction on how to sneak into competitor showrooms using false pretenses. *Id.* 52:12-15, 56:6-10, 58:21-14, 61:23-62:1, 114:22-116:12. Specifically, Ms. Bradley was taught to look for and obtain catalogs and price lists from competitors' showrooms. *Id.* 52:24-19, 82:3-6.

Prior to the 2001 New York Toy Fair, Ms. Bradley ordered fake business cards from Kinko's identifying herself as the owner of the "Toy Tree"—a fictitious toy company. 10/27/2010 Bradley Depo. 71:20-74:1. Ms. Bradley came up with the name "Toy Tree" because "she liked a picture in a book to do the little symbol [of the tree] and thought the tree was cute." *Id.* 72:21-25. She selected a logo for her card, and used her parents' address on her card to avoid detection. *Id*. 73:1-5, 74:2-6, 75:6-10.

Ms. Bradley is the only member of the Market Intelligence Department who admits that she may have entered MGA's showroom at the 2001 New York Toy Fair. Bradley Depo. 55:15-24, 91:3-11. She concedes that it was only her and Villasenor at that toy fair from the Market Intelligence Group and she was responsible for girls products. *Id*. 55:19-24. Mr. Villasenor was also at the 2001 New York Toy Fair but claims he did not enter MGA's showroom. Villasenor Depo. 74:20-22. The fact that Mattel entered MGA's showroom that year is highly significant to MGA's statute of limitations defense. It shows Mattel's knowledge of Bratz even before Bratz was introduced to the market. The report prepared by Bradley even recognizes that Bratz looks like a Mattel product, Diva Starz, calling Bratz "Diva Starz with a smarty attitude." Trial Ex. 9502-10; Trial Ex. 8415-8.

Ms. Bradley also has unique knowledge of the length Mattel's Market Intelligence Department went to gain access to competitors' showrooms. While all of the spies have copped to using fake business cards, Ms. Bradley admits to having

1   obtained fake invoices for her fake toy store and even printing fake advertisements
2   for the non-existent toy store. Bradley Depo. 123:19-124:8; 124:22-125:3; 125:18-
3   23. She took these added steps so she could register and obtain a badge at the toy
4   fair as a retailer, and not as a Mattel employee. *Id*.

5   Ms. Bradley also readily admitted to having sent senior management a report
6   on MGA products after "walking the MGA showroom," which she admits she was
7   able to do using a fake business card. Trial Ex. 9643; Bradley Depo. 159:11-19.
8   While the memo reflects the fact that another Mattel employee, Carey Plunkett was
9   also present in the MGA showroom, Ms. Plunkett, a current Mattel employee, had
10  amnesia as to any of the details regarding her 2002 visit to MGA's showroom.
11  Plunkett Depo. 84:18-85:23.

12  Finally, Ms. Bradley is the only Mattel witness who testified to being
13  familiar with the infamous "How to Steal" memo, Trial Ex. 9640, agreeing that it
14  looked familiar and the contents reflected the practices of the market Intelligence
15  Department. Bradley Depo. 122:9-18.

16  **C.  Mattel Had A Full And Fair Opportunity To Examine Ms. Bradley And In Fact Did So.**
17

18  The deposition of Tyler Bradley was taken on October 27, 2010, at a
19  conference room in the Westin Hotel at 4736 Best Road in Atlanta, Georgia. The
20  deposition was recorded stenographically and by video. Mattel was represented at
21  that deposition by John Gordon from Quinn Emanuel. Ms. Bradley was
22  represented by retired Judge William Hill, whose legal fees Mattel paid. Bradley
23  Depo. 187:8-15. At the deposition, Mattel had an opportunity to examine Ms.
24  Bradley, and did in fact examine Ms. Bradley, on multiple occasions. *Id*. 202:19-
25  205:19, 206:16-210:7.

26
27
28

### D. Mattel's 30b6 Witness Was Unprepared As To The Full Extent Of Ms. Bradley's Relevant Activities.

Mattel's 30b6 witness, Keith Storie, spoke with Ms. Bradley in preparation for his deposition and confirmed that Ms. Bradley attended the 2001 and 2002 New York Toy Fairs on behalf of Mattel. Storie Depo. 2206:21-2207:2. He further confirmed that she entered competitor showrooms on behalf of Mattel. *Id*. 2207:3-11. But he did not specifically ask her how she gained access to those showrooms, or whether she used any fake credentials to do so. *Id*. 2207:13-25. Among other things, this testimony is relevant to show Mattel's deliberate indifference to and sequestration of knowledge concerning illegal toy fair activities.

## ARGUMENT

### I. TYLER BRADLEY'S TESTIMONY IS HIGHLY RELEVANT AND NOT CUMULATIVE.

The Court has made clear that a witness within the control of a party must be produced for live testimony or an adverse inference will attach. 1/14/2011 Trial Tr. Vol. 1 at 77:3-78:13. Ms. Bradley is a former Mattel employee, and Mattel has previously paid for Ms. Bradley's legal fees in connection with this litigation, but Mattel has been unable to secure her live testimony at this trial. For the reasons set forth below, the MGA Parties should be allowed to use her deposition testimony *in lieu* of live testimony pursuant to Federal Rule of Civil Procedure 32(a) and 804(b)(1).

#### A. Tyler Bradley's Deposition Testimony Is Admissible As An Unavailable Witness.

Federal Rule of Civil Procedure 32(a) allows a party to use the deposition of a witness at trial, if the court finds that the witness is more than 100 miles from the place of trial unless it appears that the witness's absence was procured by the party offering the deposition. Fed. R. Civ. P. 32(a)(2)(4); *see also* Fed. R. Evid. 804(b)(1)(permitting use of deposition of an unavailable witness taken in the same

1  or another proceeding if the party against whom the testimony is being offered had
2  an opportunity and similar motive to develop the testimony by direct, cross or
3  redirect examination); Fed. R. Evid. 804(a)(5)(unavailability includes situations in
4  which the witness is absent and the proponent is unable to procure attendance by
5  process or other reasonable means).
6      Thus, federal courts including those in the Ninth Circuit, routinely admit
7  deposition testimony *in lieu* of live testimony when a witness is outside the
8  jurisdiction of the court and the testimony is relevant. *Nationwide Life Insurance
9  Co. v. Richards*, 541 F.3d 903, 907 (9th Cir)(2008)(district court properly admitted
10 deposition testimony of witness under Fed.R.Civ.P. 32(a)(4)(B) where the witness
11 resided in Oregon, more than 100 miles away); *Unies v. Kroll & Linstrom,* 957 F.2d
12 707, (9th Cir. 1992)(deposition testimony properly admitted under Fed.R.Evid.
13 804(a)(4) where witness required surgery and was thus unavailable at the time of
14 trial); *Williams v. Huges Helicopters, Inc.*, 806 F.2d 1387, 1393 (9th Cir.
15 1986)(deposition testimony of expert was properly admitted at trial under
16 Fed.R.Civ.P. 32(a) where witness was out of the country at the time of the trial);
17 *Goldberg v. U.S.*, 789 F.2d 1341, 1344 (9th Cir)1986)(district court properly
18 admitted the deposition testimony of witness where testimony was relevant and
19 witness lived outside the subpoena power of the court); *Murray v. Toyota Motor
20 Distributors, Inc.*, 664 F.2d 1377, (9th Cir. 1982)(witness deposition testimony from
21 another case was properly admitted under Fed.R.Evid. 804(b)(1) where witness
22 lived beyond the reach of a subpoena and the other side had a "similar motive" in
23 that case to cross-examine the witness); *Starr v. Hacker*, 688 F.2d 78, 81(8th Cir.
24 1982)(deposition testimony was properly admitted at trial under Fed.R.Civ.P. 32(a)
25 where the witness was more than 100 miles away and absence was not procured by
26 the party offering the deposition); *see also* 8A Wright & Miller, Federal Practice
27 and Procedure § 2146 (3d ed 2010)("if the conditions of Rule 32(a)(4) are satisfied,
28 evidence by deposition is freely admissible").

1   Numerous appellate courts have held that it is reversible error to exclude the
2   deposition testimony of an unavailable witness where such testimony was relevant,
3   not cumulative and was of such nature that it could have affected the jury's
4   responses. *Battle v. Memorial Hospital*, 228 F.2d 544, 551-553(5th Cir.
5   2000)(exclusion of deposition testimony of witness living more than 100 miles
6   away was not harmless error where the testimony was not merely cumulative and
7   added information); *Walden v. Sears, Roebuck and Co.*, 654 F.2d 443, 446-47 (5th
8   Cir. 1981)(district court committed prejudicial error in excluding deposition
9   testimony where it was not cumulative, was distinctly and uniquely related to the
10  testimony of other witnesses at trial, and of such nature that it could have affected
11  the jury's responses to the interrogatories; witness testimony was unavailable even
12  though he testified at trial because he had lost his memory due to medical reasons
13  since his deposition).
14  It is undisputed that Tyler Bradley is a resident of the State of Georgia and
15  her lawyer has confirmed to the Court that she will not be appearing at this trial in
16  Santa Ana. Ms. Bradley is therefore an unavailable witness within the meaning of
17  Federal Rule of Civil Procedure 32(a).

**B.   Tyler Bradley's Deposition Testimony Is Not Cumulative.**

19  Ms. Bradley has unique, non-cumulative knowledge of the conduct of
20  Mattel's Market Intelligence Group. She was, in fact, more forthcoming in her
21  deposition of the details of that group's conduct than all of the other witnesses who
22  have continuing ties to Mattel or other financial incentives: Ms. Plunkett, a current
23  Mattel employee, Ms. Dermody and Ms. Rahimi, who continue to consult for
24  Mattel, and Mr. Villasenor, who received a hefty severance from Mattel. Where
25  each of the others claimed selective amnesia when it came specifically to details
26  related to sneaking into MGA's showroom with fake business cards, Ms. Bradley
27  conceded to doing this.

As noted above, Ms. Bradley has specific, unique knowledge of (1) Mattel's use of fake invoices (in addition to fake business cards); (2) Mattel's use of phony advertisements to breach toy fair security; (3) Mattel's use of the "How to Steal" manual; (4) Mattel's distribution to senior management of a report in 2002 related specifically to Bratz that was based on her "walking the MGA showroom;" and (5) Mattel's entry into the MGA showroom in 2001 – – a pivotal year for statute of limitations purposes.

## II. THE EXCLUSION OF MS. BRADLEY'S TESTIMONY WILL PREJUDICE MGA AND WILL NOT BE HARMLESS ERROR.

Ms. Bradley's testimony is highly relevant. As one of the only two employees who went to the 2001 New York Toy Fair and the only employee from the girls team, she will be an important witness with regard to Mattel's activities at the 2001 toy fair, the information gathered at the 2001 toy fair and the toy fair reports that year. She also is the only witness to confirm having "walked the MGA showroom" in 2002 using a fake business card and then having distributed a report about Bratz to senior management. She also possesses personal knowledge of the creation of Toy Tree and the use of mocked-up invoices. Her testimony is not cumulative, is likely to have a material impact on the jury and its exclusion will prejudice MGA. *Walden v. Sears, Roebuck and Co.*, 654 F.2d 443, 446-47 (5th Cir. 1981)(prejudicial error to exclude deposition testimony where it was not cumulative, was distinctly and uniquely related to the testimony of other witnesses at trial, and of such nature that it could have affected the jury's responses to the interrogatories).

## III. IN THE ALTERNATIVE, THE COURT SHOULD ORDER A FURTHER VIDEOTAPED DEPOSITION WHERE SUCH DEPOSITION IS TO BE CONDUCTED LIVE BEFORE THE JURY.

In the alternative, the Court should order a videotaped deposition of Ms. Bradley, and allow that deposition to be conducted live before the jury at trial.

1  This will permit the jury to view Ms. Bradley's testimony at trial, in the same way
2  as if she were testifying at trial.

### IV. AT A MINIMUM, THE MGA PARTIES SHOULD BE ALLOWED TO CALL KEITH STORIE TO TESTIFY ABOUT TYLER BRADLEY'S ACTIVITIES.

In the event the opportunity for live video conferencing becomes impossible, and should the Court decline to play portions of the video from the deposition of Ms. Bradley before the jury, the MGA Parties request that they be allowed to call Keith Storie to the stand to testify about Ms. Bradley's activities at toy fairs on behalf of Mattel.

As noted above, Mattel produced Keith Storie as its 30b6 witness on toy fair activities, and Mr. Storie spoke with Ms. Bradley in preparation for his deposition. Mr. Storie confirmed that Ms. Bradley did in fact attend the New York Toy Fair in 2001 and 2002 on behalf of Mattel. He also confirmed that she entered competitor showrooms during those visits. Importantly, Mr. Storie did not confirm how Ms. Bradley was able to gain such access or whether she used fake credentials. If the Court is not going to allow Ms. Bradley to testify by video conference or by deposition, Mr. Storie's examination will be important to show Mattel's knowledge of Ms. Bradley's activities and its deliberate indifference to uncovering the dirty details of this illicit behavior.

### CONCLUSION

For all the foregoing reasons, MGA's motion to admit portions of the deposition of Tyler Bradley should be granted.

Dated: March 21, 2011          ORRICK, HERRINGTON & SUTCLIFFE LLP

                               By:  */s/ William A. Molinski*
                                    Willilam A. Molinski
                                    Attorneys for the MGA Parties