QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar 196417)
  michaelzeller@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case CV 04-09059<br>Case CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S TRIAL BRIEF RE: WHETHER ROBERT ECKERT WAS A RULE 30(b)(6) WITNESS**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: 9D<br><br>**Phase 2**<br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

**Preliminary Statement**

MGA has contended that Robert Eckert was designated as a Rule 30(b)(6) witness to testify on Topic No. 9 of MGA's Third Notice of Deposition and that, accordingly, MGA should be allowed to treat Mr. Eckert as a Rule 30(b)(6) witness on the stand.  Mr. Eckert was never designated as a Rule 30(b)(6) witness.  Rather, on June 10, 2010, the Court noted that MGA's Topic No. 9 was "potentially overbroad" as drafted, especially in its definition of "communications" and ordered Mattel to "***either*** designate a 30(b)(6) witness to testify as to the topic ***or*** produce Bob Eckert and/or Neil Friedman to testify as to Mattel's practice—if any—of communicating with its licensees about actual or potential MGA licensees."[1]

Mattel opted to do the latter and produced Mr. Eckert, who testified that Mattel has neither a practice nor a policy with respect to licensee communications about actual or potential MGA licensees.  Instead, Mattel considers such matters on a case-by-case basis, and Mr. Eckert testified as to the considerations involved in such evaluations.

**Factual Background**

<u>MGA's Third Phase 2 Notice of Deposition of Mattel</u>.  On April 27, 2010, MGA served Mattel with its third notice of deposition in Phase 2.[2]  The Notice sought testimony on 27 topics and numerous "sub-topics," meaning the Notice actually sought testimony on some 98 topics.[3]  One of these topics was Topic No. 9, which sought a designee regarding, "Communications between Mattel and its licensees and/or potential licensees regarding potential or actual licenses with MGA, including but not limited to any and all discussions concerning Bratz and 4-Ever Best Friends."[4]

---

[1] <u>See</u> June 10, 2010 Order, Docket No. 8079, at 11 (emphasis added).
[2] <u>See</u> MGA's Third Phase 2 Notice.
[3] <u>Id.</u>
[4] <u>Id.</u>

On May 17, 2010, Mattel moved for protective order regarding MGA's Third Notice, including on Topic 9.[5] On June 10, 2010, the Court ruled on Mattel's motion.[6] With respect to Topic No. 9, the Court noted that the topic was "potentially overbroad" as written, especially in its definition of "communications."[7] The Court ultimately ordered Mattel to "*either* designate a 30(b)(6) witness to testify as to the topic *or* produce Bob Eckert and/or Neil Friedman to testify as to Mattel's practice – if any – of communicating with its licensees about actual or potential MGA licenses."[8] In addition to Mr. Eckert, the Court compelled Mattel to produce witnesses on a number of topics from the Third Notice but limited the total, cumulative testimony of all witnesses to 32 hours.[9]

Mattel produced Mr. Eckert to testify consistent with the Court's Order. On June 14, 2010, counsel for Mattel sent counsel for MGA an email stating:

> Mattel will make the following witnesses available for deposition pursuant to the Court's order [of June 10]: June 16,: Robert Eckert. Mr. Eckert will testify on the subject matter permitted by the Court *instead of* MGA's Topic No. 9.
>
> (emphasis added)

On June 16, 2010, as directed by the Court, Mattel produced Mr. Eckert to testify regarding Mattel's practice—if any—of communicating with its licensees about actual or potential MGA licenses, in lieu of producing a 30(b)(6) witness on MGA's category No. 9. Counsel for Mattel reiterated on the record that Mr. Eckert was not produced as a 30(b)(6) witness:

> MR. ZELLER: But just to be clear, though,

---

[5] See Mattel's Motion for Protective Order re MGA's Third Notice of Deposition of MGA, dated May 17, 2010, Docket No. 7858.
[6] See Court's June 10 Order, Docket No. 8079.
[7] Id. at 10.
[8] Id. at 10-11 (emphasis added).
[9] Id. at 19.

1 because, obviously, we don't accept necessarily the
2 premise that he's here as a 30(b)(6) per se.
3     MS. HURST:  Okay.
4     MR. ZELLER:  So, I just don't want to be --
5     MS. HURST:  I understand.
6     MR. ZELLER:  -- put in an awkward position of
7 you saying either he was a 30(b)(6), in which
8 case -- or if he wasn't, then somehow the privilege
9 was waived.
10     MS. HURST:  I'm not going to try to play both
11 sides of that fence.
12     MR. ZELLER:  Okay.  Thank you.  I'm sorry.
13         Then you can go ahead and answer.[10]

Mr. Eckert testified that Mattel does not have a practice or policy of communicating with its licensees about actual or potential licenses, but rather that each license is dealt with on a case-by-case basis.[11]  Mr. Eckert further testified that "all other things being equal" Mattel would like exclusivity with its licensees.[12] However, Mr. Eckert explained that all other things are rarely equal[13] and testified about considerations involved.[14]  To testify regarding Mattel's practice with respect to licenses, Mr. Eckert spoke to the Senior Vice President of Barbie Marketing who is responsible for licensing who confirmed that Mr. Eckert's understanding of Mattel's licensing practice was correct.[15]  Mr. Eckert also confirmed that the licensing deal

---

[10] Deposition Transcript of Robert Eckert ("Eckert Tr."), dated June 16, 2010, at 12:15-13:3
[11] See id. at 15:21-16:18.
[12] Id.
[13] Id. at 35:3-36:1.
[14] Id.
[15] Id. at 4:20-5:8, 5:19-22, 14:2-15:13.

1  referenced in the email correspondence cited by the Court in its June 10 Order in fact
2  went forward and is still in place today.[16]  Finally, Mr. Eckert reviewed testimony of
3  MGA Hong Kong's Patrick Ma, in which Mr. Ma testified that MGA itself has an
4  exclusivity preference with respect to its vendors.[17]

5       After Mr. Eckert's deposition, MGA brought a motion to compel Mattel to
6  produce Mr. Eckert to testify on the full range of MGA's Topic No. 9.[18]  In its motion,
7  MGA identified a variety of sub-topics within the ambit of Topic 9 on which it wished
8  to have Mr. Eckert prepared.[19]

9       On September 17, 2010, in Docket No. 8752, the Court ruled that Mr. Eckert
10 was not adequately prepared to testify to the circumstances of a November 28, 2006
11 email exchange and granted MGA an additional four hours of deposition time with
12 Mr. Eckert.[20]

13      That same day, in Docket No. 8756, the Court over-ruled Mattel's objections to
14 a recommendation of the Discovery Master that the Court permit MGA additional
15 time to depose Mr. Eckert as moot in light of the Court's previous ruling that MGA be
16 allowed an additional four hours of time with Mr. Eckert.[21]

17      When the deposition resumed on September 29, 2010, the parties disagreed on
18 whether MGA was limited to examining Mr. Eckert on licensing issues.  Later that
19 night, the Court explained that MGA's questions would not be limited to licensing

---

[16] Id. at 9:4-12, 10:5-6:21.
[17] Id. at 13:7-17.
[18] See, MGA's Notice of Motion and Motion to Compel Mattel to Produce Robert A. Eckert on Topic 9 of MGA's Notice of Deposition and Produce Documents Related to Mattel Licenses, dated July 26, 2010, Docket No. 8377, at 1:15-16.
[19] Id. at 4:15-5:25.
[20] September 17, 2010 Order, Docket No. 8752, at 11.
[21] September 17, 2010 Order, Docket No. 8756, at 2.

issues.[22]  The deposition concluded on October 4, 2010 with MGA asking Mr. Eckert about non-licensing issues.

### Argument

### I.  MATTEL NEVER DESIGNATED MR. ECKERT AS A 30(B)(6) WITNESS

The Court's June 6, 2010 Order was clear:  Mattel could either produce a 30(b)(6) witness or produce Mr. Eckert.  The Court stated Mattel could "*either* designate a 30(b)(6) witness to testify as to the topic *or* produce Bob Eckert and/or Neil Friedman to testify as to Mattel's practice—if any—of communicating with its licensees about actual or potential MGA licensees."[23]  Mattel opted to do the latter—produce Bob Eckert regarding Mattel's practice with respect to its licensees.  Mr. Eckert was fully prepared on Mattel's practices—both based on his personal knowledge and based on discussions with the Senior Vice President of Barbie Marketing.  Mr. Eckert testified that Mattel has no uniform practice or policy but instead deals with actual or potential MGA licenses on a case-by-case basis.[24]  Mr. Eckert further testified that "all other things being equal" Mattel would like exclusivity with its licensees.[25]  However, Mr. Eckert explained that "all other things being equal" is a big caveat in that all other things are rarely equal[26] and testified about the considerations involved when counsel for MGA deigned to ask questions on the subject.[27]

---

[22]  R.T., 9/29/2010, at 3:4-23:6.
[23]  See June 10, 2010 Order, Docket No. 7858 at 11 (emphasis added).
[24]  See 30(b)(6) Deposition Transcript of Robert Eckert ("Eckert Tr."), dated June 16, 2010, at 15:21-16:18.
[25]  Id.
[26]  Id. at 35:3-36:1.
[27]  Id.

Despite having two more chances to depose Mr. Eckert on the subject described by the Court in its June 10 Order (on September 29 and October 4), MGA chose to never question Mr. Eckert on these topics again.

### **Conclusion**

The Court has decided to afford parties greater latitude in examining the other side's 30(b)(6) witnesses. Mattel has never designated Mr. Eckert as a 30(b)(6) witness on any subject. MGA should not be allowed to examine Mr. Eckert at trial as if he were a 30(b)(6) witness.

DATED: March 21, 2011            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller

Michael T. Zeller
Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.