QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S TRIAL BRIEF TO EXCLUDE HEARSAY STATEMENTS BETWEEN MGA AND VARIOUS NON-PARTIES RE: LICENSING (TX 9049-9058)**<br><br>**MOTION *IN LIMINE***<br><br>Hearing Date:    TBD<br>Time:                 TBD<br>Place:                TBD<br><br>Pre-trial Conference: January 4, 2011<br>Trial:                        January 18, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on a date to be determined by the Court, plaintiff Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") will, and hereby do, move the above-entitled Court for an order precluding MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico, S.R.L. de C.V., and Isaac Larian, and Carlos Gustavo Machado Gomez (collectively, "MGA") and their respective counsel and witnesses from introducing, asserting, relying on, or making any argument based on:

(1) TX 9049, e-mail from Larry Rosen to Isaac Larian, dated 05/29/2004.

(2) TX 9050, e-mail chain between Isaac Larian, Melvin Thomas, and Sandrine de Raspide, beginning on 01/27/2006.

(3) TX 9051, e-mail from Frank Knau to Isaac Larian, dated 01/11/2007.

(4) TX 9052, e-mail chain between Nick Austin, Neil Bandstock, and Isaac Larian, beginning on 03/16/2005.

(5) TX 9053, e-mail chain between Isaac Larian, Stephen Choi, and Francis Lee, beginning on 05/06/2004.

(6) TX 9054, e-mail chain between Isaac Larian, Shirin Salemnia, and Cory Schwartz, beginning on 02/23/2004.

(7) TX 9055, e-mail chain between Isaac Larian, Sandra de Raspide, and Morten Geschwendtner, beginning on 09/26/2002.

(8) TX 9056, e-mail chain between Isaac Larian, Sandra de Raspide, and Graham Stephen, beginning on 09/23/2002.

(9) TX 9057 and 9057A, e-mail chain between Isaac Larian, Morten Geschwendtner, and Mitchell Kamarck, dated 12/04/2002.

(10) TX 9058, e-mail chain between Isaac Larian, Sandra de Raspide, Beth Cahill, and Haylee Sussman, beginning on 06/18/2002.

This Motion is made pursuant to Federal Rules of Evidence 801, 802, and 805, on the grounds that such evidence constitutes inadmissible hearsay and inadmissible hearsay within hearsay.

This Motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities in support thereof, all pleadings and papers on file in this action, such other evidence or arguments as may be presented to the Court, and such other matters of which this Court may take judicial notice.

DATED:  March 23, 2011        QUINN EMANUEL URQUHART & SULLIVAN, LLP


By  */s/ John B. Quinn*
   John B. Quinn
   Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

**Preliminary Statement**

Mattel requests that the Court exclude as inadmissible hearsay e-mails between Isaac Larian or other MGA representatives and potential MGA licensees, manufacturers or researchers, labeled in this action as Trial Exhibits 9049 to 9058. These e-mails contain self-serving out-of-court statements by third parties, suggesting that Mattel pressured various entities not to do business with MGA. TX 9049, for example, is an e-mail from Larry Rosen of Rose Art Industries, a Canadian company, to Isaac Larian, stating: "[b]y the way, Mattel just terminated all foreign and Fun-Dough agreements due to Bratz. F – them!!" Indeed, many of the exhibits at issue here contain multiple layers of hearsay. For example, TX 9050 contains statements by a Melvin Thomas of The Licensing Company that unknown individuals at a company called Egmont in the U.K. were told by unknown individuals at Mattel that Egmont's relationship with Mattel would suffer if Egmont did business with MGA. MGA clearly seeks to offer Trial Exhibits 9049-58 for the truth of the matter asserted therein, but the e-mails do not fall under any exception to the hearsay rule and should be excluded.

**Argument**

**I.  THE E-MAILS CONTAINED IN TX 9049-9058 ARE AND CONTAIN INADMISSIBLE HEARSAY**

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). A hearsay statement is inadmissible under Fed. R. Evid. 802 unless it satisfies one of the specifically enumerated exceptions under Fed. R. Evid. 803 or 804.

The statements contained in the e-mails identified as TX 9049-9058 are all made out of court by third parties:

- TX 9049 contains an e-mail from Larry Rosen of Rose Art Industries, headquartered in Montreal, Canada, to Isaac Larian, dated 05/29/2004,

stating: "By the way, Mattel just terminated all foreign and Fun-Dough agreements due to Bratz. F – them!!"

- TX 9050 contains an e-mail from Melvin Thomas of The Licensing Company, registered in England and Wales, to Isaac Larian, dated 01/28/2007, stating: "we will appoint another publisher but probably not Egmont as they have been told in no uncertain terms that it will affect their Mattel relationship."

- TX 9051 is an e-mail from Frank Knau, of a German company, to Isaac Larian, dated 01/11/2007, rejecting Larian's proposal for a Bratz magazine because he does not want to undermine his long term business relationship with Mattel.

- TX 9052 is an e-mail from Nick Austin of the United Kingdom to Isaac Larian, dated 03/16/2005, stating that Mattel has threatened to pull ad spending from a trade magazine if that magazine covers Bratz and/or other MGA products in its editorial space.

- TX 9053 is an e-mail from Francis Choi of Early Light, based in Hong Kong, dated 05/06/2004, informing Larian that Mattel informed him that if they manufacture Bratz or other competing products, Mattel will terminate its manufacturing relationship with Early Light.

- TX 9054 is an e-mail from Cory Schwartz to Shirin Solemnia of MGA, dated 02/24/2004, stating that they cannot do research for MGA because of an unidentified "current conflict."

- TX 9055 is an e-mail chain between Isaac Larian, Sandra de Raspide, and Morten Geschwendtner, an employee of a Danish licensee, beginning on 09/26/2002, discussing other licensees that Mattel has allegedly pressured not to do business with competitors.

- TX 9056 is an e-mail from Stephen Graham, of a South African entity, to Sandrine de Raspide of MGA, dated 09/23/02, stating that Mattel is "obviously very threatened by Bratz" and that "if any Barbie licensees sign on for Bratz they will take away Barbie."

- TX 9057 is an e-mail from Morten Geschwendtner, an employee of a Danish licensee, to Mitchell Kamarck of MGA, dated 12/04/2002, stating "you have the letter from Neils Bucsholst re their Mattel cooperation and the end of it."

- TX 9058 is an e-mail from Hayley Sussman, an employee of a company based in the UK, dated 06/18/2002, stating "a number of companies are uncomfortable about proceeding with a Bratz license as they are concerned about losing their Barbie rights."

Each of the above e-mails contains statements attributed to potential MGA licensees, manufacturers, or researchers that Mattel is pressuring their companies or other companies not to do business with MGA. Each of them is offered for its truth – that is, that Mattel was in fact pressuring these companies not to do business with MGA. As a result, these e-mails are all hearsay under Fed. R. Evid. 801(c).

Hearsay e-mails from non parties are inadmissible. S.E.C. v. Internet Solutions for Bus. Inc., 509 F.3d 1161, 1167 (9th Cir. 2007) (holding that e-mails stating that a certain meeting occurred, offered by defendant to prove that the meeting in fact occurred, are "rank hearsay" and "not evidence."); Mary Kay, Inc. v. Weber, 601 F.Supp.2d 839 (N.D. Tex. 2009) (excluding e-mails as inadmissible hearsay not covered by any exception).

In Mary Kay, 601 F.Supp.2d at 850, plaintiff introduced e-mails sent to defendant "by customers complaining of used, damaged, or expired products." The court found that "[t]hese e-mails are out-of-court statements offered for the truth of the matter asserted-the matter asserted being the matter complained of in the e-mail, i.e., that the products were old, damaged, or expired." Id. As a result, the Court held that "these e-mails are hearsay not covered by any exception, and are therefore inadmissible." Id.

So here. TX 9049-58 are out of court statements, made by mainly foreign declarants, and offered for the truth of the matter asserted – the matter asserted being the matter complained of in the e-mails, i.e., that Mattel is pressuring the various companies not to do business with MGA or other Mattel competitors.

Likewise, in Tele Atlas N.V. v. NAVTEQ Corp., 2008 WL 4809441 (N.D. Cal. October 28, 2008), plaintiff submitted an e-mail sent by a non-party to the

defendant in a dispute involving patent and data licenses. The court found that "[t]his email is inadmissible hearsay, and "grant[ed] it no weight." Id. at *9.

Moreover, because most of the individuals making the statements in TX 9049-58 are foreign nationals outside this Court's subpoena power, they will not be testifying at trial or subject to cross-examination. As a result, Mattel will not have the opportunity to confront any of these individuals, which is exactly what the hearsay rule guards against. Therefore, the e-mails should be excluded.

## II. EVEN IF THE E-MAILS WERE ADMISSIBLE UNDER AN EXCEPTION TO THE HEARSAY RULE, THE STATEMENTS CONTAINED IN THEM ARE STILL HEARSAY WITHIN HEARSAY

Under Fed. R. Evid. 805, hearsay within hearsay may also be inadmissible. Thus, even if a particular statement is admissible under an exception to the hearsay rule, any additional hearsay contained within that statement is inadmissible unless it falls under a separate exception to the hearsay rule. Here, the statements contained within many of these e-mails are hearsay within hearsay.

In TX 9050, Melvin Thomas tells Isaac Larian what he has been told by someone at Egmont what the unidentified Egmont individual was told by another unidentified individual. In TX 9054, Cory Schwartz tells Shirin Salemnia that he has been asked by an unidentified client not to work with MGA. In TX 9055, Morten Geschwendtner of Kidzconsult claims to relay to Isaac Larian what unidentified sources from Egmont, Euromic, and Hart Concepts told him. In TX 9056, Stephen Graham tells Isaac Larian what an individual named Michelle told him that an unidentified source from Mattel told her. In TX 9057, Morten Geschwendtner of Kidzconsult references to Mitchell Karmack of MGA the contents of an unidentified letter from Niels Bucholst. In TX 9058, Hayley Sussman tells Sandrine de Raspide of MGA that "a number of [unidentified] companies" are concerned about losing their Barbie rights.

The above statements to the authors of these e-mails are all offered for their truth – i.e. either that the unidentified companies are concerned about losing

1  their Mattel business or that the unidentified Mattel individuals are in fact putting
2  pressure on the various companies not to do business with Mattel's competitors,
3  including MGA.  As such, the statements are all inadmissible hearsay within hearsay
4  under Fed. R. Evid. 805 and 802.

5        In U.S. v. Jefferson, 2009 WL 2447845 (E.D. Va. August 8, 2009), an
6  order related to a broader dispute involving fraud and other allegations in connection
7  with various trips taken by a former congressman, the court declined to admit into
8  evidence an e-mail sent from a state department employee.  The e-mail described
9  what a former staffer of the congressman, Angelle Kwemo, told the author of the e-
10 mail.  The court found that "[a]s a threshold matter, *it is pellucidly clear* that the last
11 two sentences of the email, which merely restate statements made by Kwemo, are
12 hearsay within hearsay and hence must be excluded under Rules 805 and 802."  Id.
13 at *1 (ultimately holding that the e-mail in its entirety was inadmissible hearsay and
14 that the public records exception did not apply) (emphasis added).

15       The statements made by the various foreign individuals to Isaac Larian,
16 which in turn recall statements made to them by other unidentified sources, are
17 likewise inadmissible hearsay within hearsay.  In fact, these statements are even less
18 reliable, since the secondary declarants are not even identified.  As a result, they
19 should be excluded under Rules 805 and 802.

20

21 **Conclusion**

22 For the foregoing reasons, Mattel respectfully requests that the Court grant
23 this motion in its entirety.

24
25
26
27
28

| | | |
|---|---|---|
| 1 | DATED: March 23, 2011 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By  */s/ John B. Quinn* |
| 5 | | John B. Quinn<br>Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V. |