QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar. No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S OPPOSITION TO MGA'S TRIAL BRIEF TO EXCLUDE USE OR REFERENCE TO EXHIBIT 24324** |
|---|---|

## **Argument**

MGA's brief mischaracterizes the text of Exhibit 24324, an email between Mr. Larian and his then public relations manager, David Malacrida, "re: City of Riverside" in September 2007. MGA claims that the email merely discusses "MGA's intent to donate money to an organization called The Help Group" and contains nothing more than an offhanded remark by Mr. Larian that "he wished the donation to The Help Group to have some connection to Riverside."

The text of the email makes clear this was hardly a "wish" Mr. Larian "remarked" on. In this email chain, Mr. Malacrida writes to confirm a prior discussion with Mr. Larian regarding a charitable donation to The Help Group, to which Mr. Larian responds "What the hell does that have to do with City of Riverside?"[1] In response, Mr. Malacrida writes: "This idea and amount came from you. It was to spend 100k in Charity Donation in City of Riverside *because that is where the Trial would be in 08*, and start with a 50k donation for new playground here in SFV with HELP group"[2] Mr. Larian's response makes his intent clear: "Is SFV Riverside????"[3] Contrary to MGA's brief, Mr. Larian clearly did *not* want to donate to The Help Group in the San Fernando Valley.

Mr. Larian's intent – to give charitable donations only to Riverside-based charities because that is the location of the upcoming trial – is evident on the face of Exhibit 24324. Thus, the exhibit shows an intent to influence the jury pool through a charitable donation and is admissible to show Mr. Larian's intent and consciousness of guilt and is directly relevant to Mr. Larian's credibility. It is another example of Mr. Larian's pattern of improper behavior. It is also evidence that Mr. Larian's directive to prepare a witness to provide false testimony at deposition and his attempt to intimidate another witness to give false testimony at

---

[1] Exhibit 24324-00001.
[2] Id. (emphasis provided).
[3] Id.

1  this trial were not innocent acts taken out of context by Mattel.  This email is
2  relevant for precisely the same reasons the Court held those acts were relevant and
3  admissible.

4       As the Court is aware, this is not the first time Mr. Larian has engaged in such
5  conduct.  Each time Mattel attempts to confront Mr. Larian with evidence of his
6  improper conduct, MGA desperately tries to exclude the evidence.  MGA
7  repeatedly, and improperly, claimed privilege over Exhibit 22345 – Mr. Larian's
8  attempt to prepare a witness to lie at deposition.  MGA also sought to preclude
9  testimony by Ms. Rhee and Mr. Phoosopha regarding Mr. Larian's attempt to
10 intimidate Ms. Rhee into giving false testimony at this trial.  This is yet another
11 example of MGA's efforts to exclude relevant admissible evidence showing Mr.
12 Larian's intent to improperly influence this lawsuit.

13      Other than a misrepresentation of the Exhibit's plain language coupled with a
14 generalized 403 objection, MGA makes one final throw-away argument – that there
15 is no evidence that any such donation was "earmarked" or "publicized"; thus, "there
16 could be no effect on anyone."  The fact that MGA ultimately may not have donated
17 to any charity at all or that if it did, it *may* have failed to tie itself to the funds
18 changes nothing.  Indeed, Mr. Larian's email makes quite clear that he has no
19 intention of giving to The Help Group because it is not in Riverside.  This does not
20 make the intent reflected in the email irrelevant.

21      MGA's continued attempts to exclude relevant evidence of guilty knowledge
22 from the jury should be rejected.

23

24 DATED:  March 23, 2011       QUINN EMANUEL URQUHART &
                                                  SULLIVAN. LLP
25

26
                               By */s/ John B. Quinn*
27                                  John B. Quinn
                                 Attorneys for Mattel, Inc., and
28                                  Mattel de Mexico. S.A. de C.V.