ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW RE CONVERSION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(a)**<br><br>Trial Date: January 18, 2011<br>Judge:  Hon. David O. Carter |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a time and date chosen by the Court, in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, MGA Entertainment, Inc. ("MGA"), MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico"), MGA Entertainment (HK) Ltd. ("MGA HK"), and Isaac Larian (collectively "the MGA Parties") will, and hereby do, move for judgment as a matter of law in the MGA Parties' favor on the counterclaim of conversion brought by Mattel, Inc. and Mattel de Mexico.

This Motion is made on the grounds that Mattel, Inc. and Mattel de Mexico (collectively "Mattel") have been fully heard on the issues described below. No reasonable jury could have a legally sufficient basis to find for Mattel because (1) there is no evidence that Mattel is entitled to any monetary relief as a result of the alleged conversion; (2) the uncontroverted evidence establishes Mattel's cause of action is time barred; and (3) there is no evidence that Mattel has a right to possess the tangible property that was allegedly converted. Accordingly, pursuant to Fed. R. Civ. P. 50(a), judgment as a matter of law should now be entered against Mattel and in favor of the MGA Parties.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all matters cited to herein and all other matters of which the Court may take judicial notice.

Respectfully submitted,

Dated: March 24, 2011                    Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By:      */s/ Warrington S. Parker III*
         Warrington S. Parker III
Attorneys for MGA ENTERTAINMENT, INC.,
MGA ENTERTAINMENT HK, LTD., MGA de
MEXICO, S.R.L. de C.V., and ISAAC LARIAN

**INTRODUCTION**

The MGA Parties are entitled to judgment on Mattel's counterclaim for conversion for three reasons.

First, Mattel has introduced no evidence of damages arising from its claim of conversion.  Mattel's damages expert did not testify regarding the value for the tangible Bratz sculpts and sketches—all that remains at issue following this Court's summary judgment order—nor did any other Mattel fact witness testify to this amount.  *See* Part I, *infra*.

Second, Mattel failed to file suit against the MGA Parties in the time required by law: 3 years.  The injury occurred to Mattel no later than October 2000, yet Mattel filed suit in April 2004.  *See* Part II, *infra*.

Third, Mattel put forth no evidence to conclude that it even owns the tangible sketches and sculpts in question.  Mattel's evidence in support of ownership relates to Mattel's alleged ownership of the intellectual property associated with the Bratz sketches and sculpts—not ownership of the tangible items themselves.  Under the Copyright Act, ownership of a copyright does not give one ownership of the materials embodying the copyrightable expression.  Mattel has not met its burden of proof.  *See* Part III, *infra*.

For these three independent reasons, judgment as a matter of law should be granted against Mattel.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 50(a)(1) provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."  "Judgment as a matter of law is appropriate when the evidence presented at trial

1    permits only one reasonable conclusion.  That is, a motion for judgment as a matter

2    of law is properly granted only if no reasonable juror could find in the non-moving

3    party's favor." *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 938-39 (9th

4    Cir. 2009) (affirming JMOL for defendants).

5         Stated differently, a court should "grant a JMOL motion when there is a

6    'complete absence of probative facts to support the conclusion reached so that no

7    reasonable juror could have found for the nonmoving party.'" *Applied Med.*

8    *Resources Corp. v. U.S. Surgical Corp.*, No. SACV03-01267-CJC, 2008 WL

9    1901935, at *1 (C.D. Cal. Apr. 29, 2008) (quoting *Eich v. Bd. of Regents for*

10   *Central Mo. State Univ.*, 350 F.3d 752, 761 (8th Cir. 2003)); *see also Torres v. City*

11   *of Los Angeles*, 548 F.3d 1197, 1205-06 (9th Cir. 2008) (affirming JMOL); *Am.*

12   *Prof'l Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Publ'ns,*

13   *Inc.*, 108 F.3d 1147, 1155 (9th Cir. 1997) (affirming JMOL); *Crowe v. Wiltel*

14   *Commc'ns Sys.*, 103 F.3d 897, 899 (9th Cir. 1996) (affirming granting of JMOL

15   where plaintiff failed to prove element of defamation claim by not presenting any

16   evidence of publication under Nevada law).  Moreover, "a reasonable inference

17   cannot be supported by only threadbare conclusory statements instead of significant

18   probative evidence . . . a mere scintilla is not enough to sustain a verdict for the

19   prevailing party." *Lakeside-Scott v. Multnomah County*, 556 F.3d 797, 802 (9th

20   Cir. 2009).

21        As the text of Rule 50(a)(1) also makes clear, the Court's power extends to

22   resolving "issues," not just claims or defenses.  Fed. R. Civ. P. 50(a)(1) ("the court

23   may . . . resolve the issue against the party"); *see also Torres*, 548 F.3d at 1210-12

24   (JMOL granted on qualified immunity issue for one officer, but qualified immunity

25   of other defendants left for jury).

26

27

28

1

2

3

## ARGUMENT

## I.    MATTEL HAS NOT INTRODUCED ANY EVIDENCE OF DAMAGES RELATING TO ITS CLAIM OF CONVERSION.

4

5

6

7

8

9

10

11

12

13

14

15

Mattel has introduced no evidence of damages arising from its claim for conversion.  Mattel's damages expert purported to quantify the injury attributable to the intellectual property allegedly taken and used by MGA, namely, infringement of the *copyright* and misappropriation of the *trade secret*.  3/8/2011 (Vol. 1) Tr. 79:2-130:19; 3/8/2011 (Vol. 2) Tr. 5:3-74:14; 3/9/2011; 3/9/2011 (Vol. 1) Tr. 6:16-94:4.  But there was nothing that related to conversion.  There was no evidence offered by Wagner, or any other witness, pertaining to the fair market value of the tangible property at the time of the alleged conversion.  *See* Cal. Civ. Code § 3336 (measure of damages for conversion); *Irving Nelkin & Co. v. S. Beverly Hills Wilshire Jewelry & Loan*, 129 Cal. App. 4th 692, 702 (2005) ("[A] cause of action for conversion carries with it a right to damages in the amount of the value of the property . . . .").

16

17

18

19

20

21

22

23

24

Nor can the injury—or damages—attributed by Mattel to copyright infringement or trade secret misappropriation be considered injury or damages for conversion.  As this Court has already found, the conversion claim is preempted to the extent it seeks recovery for what is a trade secret.  Dkt. No. 9600 (Order on SJ Mtn. at 86-87); *see also Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 238-40 (2010) (a conversion claim based on property that is a trade secret is preempted and plaintiff cannot claim damages based on conversion).  According to this Court's order, Mattel can recover on conversion for the value of the "Bratz sketches and sculpts . . . apart from the information they embodied." *Id.*[1]

25

26

27

28

---

[1] In this same order, the Court further limited the scope of Mattel's counterclaim for conversion by ruling that such counterclaim does not extend to the "physical documents allegedly misappropriated by Mattel's former employees because Mattel cannot show that the documents had any value 'apart from the information contained therein.'" Dkt. No. 9600 (Amended Order on MSJs) at 86-87.  Under these rulings, Mattel's counterclaim for conversion is limited only to the value of the Bratz sketches and sculpts.

1       However, there is no evidence of this value "apart from the information"

2  embodied by the Bratz sketches and sculpts.  As to trade secrets, Wagner offered

3  damages solely as to the damages arising from the misappropriation of trade

4  secrets.  Neither Wagner nor any witness has provided evidence of the value of the

5  sketches and sculpts apart from their value as trade secrets.

6       Nor are the copyright damages about which Wagner testified sufficient to

7  establish the damages to Mattel arising from its claim of conversion. Even

8  assuming that Mattel has established its claim of ownership to any sketches or

9  sculpts, 17 U.S.C. section 202 makes a distinction between the expression and the

10  tangible object in which the expression is embodied.  17 U.S.C. § 202 ("Ownership

11  of copyright . . . is distinct from ownership of any material object in which the work

12  is embodied."); *United States v. Smith*, 686 F.2d 234, 240 (5th Cir. 1982) ("a

13  'copyright,' together with the exclusive rights and privileges associated with the

14  copyright, does not implicate any tangible embodiment of the work. . . . [A]

15  copyright is independent of both its physical manifestation and the very thing that is

16  copyrighted").  To state it otherwise, under the Copyright Act, the expression and

17  the material object in which the work are embodied are two different things

18  entirely.  So, to establish the value of the copyrightable material is not to establish

19  the value of—or damages associated with—the material object in which the

20  expression is embodied.  *See Maheu v. CBS, Inc.*, 201 Cal. App. 3d 662, 673 (1988)

21  (citing *Ehat v. Tanner*, 780 F.2d 876, 877 (10th Cir. 1985)) (plaintiff's damages for

22  conversion are limited to the "value of the Plaintiff's letters at the time of

23  conversion" and do not include damages arising from the underlying intellectual

24  property).

25       The grant of a Rule 50(a) motion is warranted under these circumstances.  A

26  failure to establish damages is fatal.  *Rickards v. Canine Eye Registration*

27  *Foundation Inc.*, 704 F.2d 1449, 1451-52, 1455-57 (9th Cir. 1983) (affirming grant

28  of directed verdict under Fed. R. Civ. P. 50(a) on the tortuous interference and

1   prospective advantage claims where plaintiff's failed to establish several elements

2   including damages; further affirming grant of summary judgment on the antitrust

3   claims as there was no evidence of damages); *Murphy Tugboat Co. v. Crowley*, 658

4   F.2d 1256, 1263 (9th Cir. 1981) (affirming grant of judgment n.o.v. of antitrust

5   claim where there was insufficient evidence of damages); *Express LLC v. Fetish*

6   *Group*, 464 F. Supp. 2d 965, 978-79 (C.D. Cal. 2006) (defendant entitled to

7   judgment as a matter of law because there was no evidence of damages, granting

8   summary judgment); *Weinberg v. Whatcom County*, 241 F.3d 746, 751 (9th Cir.

9   2001) (granting summary judgment, defendant is entitled to judgment as a matter of

10  law where plaintiff has "no expert witnesses or designated documents providing

11  competent evidence from which a jury could fairly estimate damages").

12  **II.    THE STATUTE OF LIMITATIONS ON MATTEL'S BRATZ-**

13  **RELATED CONVERSION CLAIM IS EXPIRED.**

14      Any alleged conversion of Bratz sketches and sculpts occurred no later than

15  October 2000.  Mattel filed suit for conversion in April 2004.  By that point the

16  statute of limitations on this claim had run.  Under California law, the statute of

17  limitations for conversion is three years.  Cal. Civ. Proc. Code §338(c).  Further, in

18  California, the statute of limitations begins running the moment the property is

19  wrongfully taken.  *Amours Life Ins. Co. v. Bank of Am., N.A.*, 143 Cal. App. 4th

20  631, 639 (2006).

21      The evidence establishes that any conversion had to have occurred no later

22  than the end of October 2000.  Bryant and MGA first met on September 1, 2000.

23  1/25/11 (Vol. 1) Tr. 79:18-21 (Testimony of Ms. Garcia); 2/1/2011 (Vol. 2) Tr.

24  66:20-22 (Testimony of Mr. Bryant); 2/8/2011 (Vol. 2) Tr. 31:17-32:20 (Testimony

25  of Mr. Larian); *see also* TX 302.  On October 4, 2000, Bryant signed the contract

26  with MGA dated "as of September 18, 2000," which assigned Bryant Work Product

27  to MGA.  *See* 1/18/11 (Vol. 1) Tr. 49:20-51:13 (Mattel's Opening Statement);

28  2/1/2011 (Vol. 2) Tr. 130:19-25, 131:10-132:17 (Testimony of Mr. Bryant) *see also*

MGA'S MOTION FOR JUDGMENT AS A MATTER OF LAW
PURSUANT TO F.R.C.P. 50(A)
CV-04-9049 DOC (RNBx)

1   TX 15.  Furthermore, Margaret Leahy did her sculpts in September and October

2   2000.  3/15/2011 (Vol. 1) Tr. 146:7-151:25, 157:24-158:11 (Testimony of Ms.

3   Leahy); 3/15/2011 (Vol. 2) Tr. 11:23-12:23, 16:12-17:2 (Testimony of Ms. Leahy).

4   Whether the Court uses September 2000, or October 2000 as the date of conversion,

5   the statute of limitations had run before Mattel filed suit against Carter Bryant on

6   April 27, 2004.  Dkt. No. (Case No. 04-CV-9059).

7   **III.    MATTEL DID NOT HAVE A RIGHT TO POSSESS THE BRATZ**
8   **          SKETCHES AND SCULPTS.**

9            Putting aside the arguments that Mattel has failed to prove 1) the Bratz

10  sketches and sculpts qualify as "inventions" as defined by the Inventions

11  Agreement; 2) the Bratz sketches and sculpts were created "during the period"

12  Bryant was employed at Mattel; and 3) the Bratz sketches and sculpts were created

13  within the scope of Bryant's employment,[2] Mattel has failed to prove that,

14  assuming Mattel did own Bryant's "inventions," Mattel would be entitled to

15  ownership of the physical embodiment of those inventions.  To establish a claim for

16  conversion, Mattel must establish an actual interference with its ownership or right

17  of possession.  If Mattel can establish neither "title to the property alleged to have

18  been converted, nor possession thereof, [it] cannot maintain an action for

19  conversion."  *Moore v. Regents of the Univ. of Cal.*, 51 Cal.3d 120, 136 (1990)

20  (internal citations omitted).

21           Under the assignment provision of the Inventions Agreement, an employee

22  agrees to "assign to the Company and/or its nominees all my right, title and interest

23  in such inventions, and all my right, title and interest in any patents, copyrights,

24  patent applications or copyright applications based thereon."  *Id.*  Per this provision,

25  Mattel claims that Bryant assigned his ownership of the copyright in the Bratz

26  drawings and sculpts to Mattel.  Dkt. No. 9044 (Mattel MSPJ) at 4-5; 1/18/2011

27  ────────────────
    [2] These arguments regarding the alleged ownership of Bryant's Bratz sketches and
28  sculpts will be addressed in the MGA Parties' motion for Judgment as a Matter of
    Law relating to Mattel's contract counterclaims.

1    (Vol. 1) Tr. 29:8-20, 32:12-33:4.  However, ownership of copyright and the

2    intellectual property associated with a copyright does not equate to ownership of

3    the physical embodiment of that copyright.  The ownership of a copyright is distinct

4    from ownership of the material object conveying or embodying the copyrighted

5    work.  17 U.S.C. § 202; *Smith*, 686 F.2d at 240.  Accordingly, Bryant's alleged

6    assignment of ownership in the copyright of the Bratz sketches and sculpts to

7    Mattel does not also transfer ownership to Mattel in the Bratz sketches and sculpts

8    themselves.

9                                    **CONCLUSION**

10         For the foregoing reasons, each of which is an independent basis upon with

11   judgment as a matter of law may be granted, the MGA Parties request that entry of

12   judgment as a matter of law against Mattel.

13

14   Dated: March 24, 2011                Respectfully submitted,

15                                        ORRICK, HERRINGTON & SUTCLIFFE LLP

16

17                                        By:_____*/s/ Warrington S. Parker III*_____
                                                 Warrington S. Parker III
18                                        Attorneys for MGA ENTERTAINMENT, INC.,
                                          MGA ENTERTAINMENT HK, LTD., MGA de
19                                        MEXICO, S.R.L. de C.V., and ISAAC LARIAN

20

21

22

23

24

25

26

27

28

MGA'S MOTION FOR JUDMENT AS A MATTER OF LAW
PURSUANT TO F.R.C.P. 50(A)
CV-04-9049 DOC (RNBx)