ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW RE DUTY OF LOYALTY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(a)**<br><br>Trial Date: January 18, 2011<br>Judge:  Hon. David O. Carter |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a time and date chosen by the Court, in the Courtroom of the Honorable David O. Carter, located at 411 West Fourth Street, Room 1053, Santa Ana, California 92701, MGA Entertainment, Inc. ("MGA") and Isaac Larian (collectively "the MGA Parties") will, and hereby do, move for judgment as a matter of law in the MGA Parties' favor on the counterclaim of aiding and abetting breach of the duty of loyalty.

This Motion is made on the grounds that Mattel, Inc. and Mattel de Mexico (collectively "Mattel") have been fully heard on the issues described below. No reasonable jury could have a legally sufficient basis to find for Mattel because (1) there is no evidence of breach of a duty of loyalty by Carter Bryant, Ana Cabrera, Beatriz Morales, Maria Salazar, or Ryan Tumaliuan; (2) Mattel has introduced no evidence of damages from the alleged breaches of the duty of loyalty; and (3) there is no evidence that MGA or Mr. Larian provided substantial assistance and had actual knowledge that these persons' actions breached a duty owed to Mattel. Accordingly, pursuant to Federal Rule of Civil Procedure 50(a), judgment as a matter of law should now be entered against Mattel and in favor of the MGA Parties.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all matters cited to herein and all other matters of which the Court may take judicial notice.

Dated: March 24, 2011       Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ Warrington S. Parker III*_____
WARRINGTON S. PARKER III
Attorneys for MGA Parties

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 1

I. LEGAL STANDARD GOVERNING THIS MOTION .................................. 1

II. THERE IS NO EVIDENCE OF A BREACH OF THE DUTY OF LOYALTY .......................................................................................................... 2

   A. A Fiduciary Duty of Loyalty Does Not Apply ...................................... 2

   B. Mattel Failed To Present Evidence Of A Violation Of Labor Code § 2863 ............................................................................................. 4

III. MATTEL PRESENTED NO EVIDENCE OF DAMAGES ........................... 6

IV. MATTEL PRESENTED NO EVIDENCE THAT MGA OR MR. LARIAN AIDED AND ABETTED THE ALLEGED BREACHES ............. 8

CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Prof'l Testing Serv., Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Publ'ns, Inc.*,
 108 F.3d 1147 (9th Cir. 1997) .................................................................. 2

*Applied Med. Resources Corp. v. U.S. Surgical Corp.*,
 No. SACV03-01267-CJC, 2008 WL 1901935 (C.D. Cal. Apr. 29, 2008) ...... 2

*Bancroft-Whitney Co. v. Glen*,
 64 Cal. 2d 327 (1966) ............................................................................... 6

*Buxbon v. Smith*,
 23 Cal. 2d 535 (1944) ............................................................................. 10

*Casey v. United States Nat'l Bank Ass'n*,
 127 Cal. App. 4th 1138 (2005) ................................................................. 8

*Clinimetrics Research Assocs., Inc. v. Booker*,
 2004 Cal. App. Unpub. LEXIS 11605 (Dec. 2, 2004) ............................... 7

*Crowe v. Wiltel Commc'ns Sys.*,
 103 F.3d 897 (9th Cir. 1996) .................................................................... 2

*Daniel Orifice Fitting Co. v. Whalen*,
 198 Cal. App. 2d 791 (1962) .................................................................... 3

*Diodes, Inc. v. Franzen*,
 260 Cal. App. 2d 244 (1968) .................................................................. 10

*Eich v. Bd. of Regents for Central Mo. State Univ.*,
 350 F.3d 752 (8th Cir. 2003) .................................................................... 2

*Enreach Tech., Inc. v. Embedded Internet Solutions, Inc.*,
 403 F. Supp. 2d 968 (2005) ...................................................................... 3

*Express LLC v. Fetish Group*,
 464 F. Supp. 2d 965 (C.D. Cal. 2006) ...................................................... 7

*GAB Bus. Servs., Inc. v. Lindsey & Newsom Claim Servs.*,
 83 Cal. App. 409 (2000) ........................................................................... 3

*Huong Que, Inc. v. Luu*,
 150 Cal. App. 4th 400 (2007) ............................................................... 3, 7

*Lakeside-Scott v. Multnomah County*,
 556 F.3d 797 (9th Cir. 2009) .................................................................... 2

*Mangum v. Action Collection Serv., Inc.*,
 575 F.3d 935 (9th Cir. 2009) .................................................................... 2

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Metro Traffic Control Inc. v. Shadow Traffic Network*,
  22 Cal. App. 4th 853 (1994)......................................................................... 10

*Murphy Tugboat Co. v. Crowley*,
  658 F.2d 1256 (9th Cir. 1981)......................................................................... 7

*Neilson v. Union Bank of Cal. N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) .......................................................... 8

*Reeves v. Hanlon*,
  33 Cal. 4th 1140 (2004) ................................................................................ 10

*Resolution Trust Corp. v. Rowe*,
  1993 WL 183512 (N.D. Cal. Feb. 8, 1993) .................................................... 9

*Rickards v. Canine Eye Registration Found. Inc.*,
  704 F.2d 1449 (9th Cir. 1983)......................................................................... 6

*Torres v. City of Los Angeles*,
  548 F.3d 1197 (9th Cir. 2008)......................................................................... 2

**STATUTES**

Cal. Labor Code § 2863............................................................................... passim

**RULES**

Fed. R. Civ. P. § 50(a)(1) ............................................................................... 1, 2

# INTRODUCTION

Mattel has asserted a claim against MGA and Mr. Larian for aiding and abetting breach of the duty of loyalty purportedly owed to Mattel by Carter Bryant, Ana Cabrera, Beatriz Morales, and Maria Salazar, all of whom were non-fiduciary employees of Mattel, and Ryan Tumaliuan, an intern. MGA and Mr. Larian are entitled to judgment on these claims for three reasons.

First, there is no evidence of a breach of a duty of loyalty by any of these persons because: (a) a duty of loyalty of the type advocated by Mattel has never been recognized by the California Supreme Court and does not exist; and (b) there is no evidence that any of these persons violated the statutory duty defined in Labor Code section 2863.

Second, Mattel has introduced no evidence of damages from the alleged breaches of the duty of loyalty.

Third, there is no evidence that MGA or Mr. Larian provided substantial assistance and had actual knowledge that these persons actions were a breach of a duty owed to Mattel.

As detailed below, MGA and Mr. Larian are entitled to judgment as a matter of law on Mattel's claim for aiding and abetting a breach of the duty of loyalty.

# ARGUMENT

## I. LEGAL STANDARD GOVERNING THIS MOTION.

Federal Rule of Civil Procedure 50(a)(1) provides that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." "Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion. That is, a motion for judgment as a matter

1  of law is properly granted only if no reasonable juror could find in the non-moving
2  party's favor." *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 938-39 (9th
3  Cir. 2009) (affirming JMOL for defendants).
4        Stated differently, a court should "grant a JMOL motion when there is a
5  'complete absence of probative facts to support the conclusion reached so that no
6  reasonable juror could have found for the nonmoving party.'" *Applied Med.*
7  *Resources Corp. v. U.S. Surgical Corp.*, No. SACV03-01267-CJC, 2008 WL
8  1901935, at *1 (C.D. Cal. Apr. 29, 2008) (quoting *Eich v. Bd. of Regents for*
9  *Central Mo. State Univ.*, 350 F.3d 752, 761 (8th Cir. 2003)); *see also Torres v. City*
10 *of Los Angeles*, 548 F.3d 1197, 1205-06 (9th Cir. 2008); *Am. Prof'l Testing Serv.,*
11 *Inc. v. Harcourt Brace Jovanovich Legal & Prof'l Publ'ns, Inc.*, 108 F.3d 1147,
12 1155 (9th Cir. 1997) (affirming JMOL); *Crowe v. Wiltel Commc'ns Sys.*, 103 F.3d
13 897, 899 (9th Cir. 1996) (affirming granting of JMOL where plaintiff failed to
14 prove element of defamation claim by not presenting any evidence of publication
15 under Nevada law). Moreover, "a reasonable inference cannot be supported by
16 only threadbare conclusory statements instead of significant probative evidence . . .
17 a mere scintilla is not enough to sustain a verdict for the prevailing party."
18 *Lakeside-Scott v. Multnomah County*, 556 F.3d 797, 802 (9th Cir. 2009).
19       As the text of Rule 50(a)(1) also makes clear, the Court's power extends to
20 resolving "issues," not just claims or defenses. Fed. R. Civ. P. 50(a)(1) ("the court
21 may . . . resolve the issue against the party"); *see also Torres*, 548 F.3d at 1210-12
22 (JMOL granted on qualified immunity issue for one officer, but qualified immunity
23 of other defendants left for jury).

24 **II.  THERE IS NO EVIDENCE OF A BREACH OF THE DUTY OF LOYALTY.**
25

26     **A.  A Fiduciary Duty of Loyalty Does Not Apply.**
27       Mattel's proposed jury instructions postulate a "duty of undivided loyalty"
28 based on CACI 4102 for all employees. However, CACI 4102 is a fiduciary duty

jury instruction and thus does not apply to all employees. Under California law, the role of fiduciary is reserved only for officers of a company who participate in management of the company and have discretionary authority in that managerial capacity. *GAB Bus. Servs., Inc. v. Lindsey & Newsom Claim Servs.*, 83 Cal. App. 409, 420-21 (2000) (finding that a regional vice president, who was by his own admission, "at the top of the organizational structure," was a fiduciary to the company); *Enreach Tech., Inc. v. Embedded Internet Solutions, Inc.*, 403 F. Supp. 2d 968, 976 (2005) (finding employees who did not participate in management did not have any fiduciary duty).

Even upon request from this Court, Mattel has been unable to identify a controlling California case that sets forth a tort liability for a breach of the duty of loyalty for an employee who was not a fiduciary. *See* Dkt. No. 9904 (Mattel's Trial Brief Regarding Proposed Jury Instructions for Mattel's Claim of Aiding and Abetting Breach of the Duty of Loyalty). As MGA has documented, the California Supreme Court has never recognized the existence of a duty of loyalty held by a non-fiduciary. *See* Dkt. No. 9905 (MGA Parties' Trial Brief Regarding Labor Code Section 2863 And Duty Of Loyalty Under California Law). In every case in which the Court has recognized a duty of loyalty, the defendant was a lawyer or other fiduciary. *See id.* at 2-5; s*ee also, e.g., Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 410-411 (2007); *Daniel Orifice Fitting Co. v. Whalen*, 198 Cal. App. 2d 791, 800 (1962).

As none of the employees at issue here were fiduciaries, there is no basis for the application of Mattel's proposed fiduciary duty of loyalty standard. Mattel does not claim that Ms. Cabrera, Ms. Morales, Ms. Salazar, or Mr. Tumaliuan (an intern) were Mattel fiduciaries. Further, this Court held, that Mattel's fiduciary claims relating to Bryant were superseded by CUTSA. Dkt. No. 9600 (Amended Summary Judgment Order) at 75. Accordingly, Mattel has no fiduciary relationship with Mr. Bryant, Ms. Cabrera, Ms. Morales, Ms. Salazar or Mr.

Tumaliuan on which it could base an aiding and abetting breach of fiduciary duty of loyalty claims under CACI 4102.

### B. Mattel Failed To Present Evidence Of A Violation Of Labor Code § 2863.

Mattel's claim that rank and file California employees owe their employers a "duty of undivided loyalty" cannot be squared with the long-standing definition of an employee's duties found in Labor Code section 2863. Section 2863 provides as follows:

> An employee who has any business to transact on his own account, similar to that intrusted [sic] to him by his employer, shall always give the preference to the business of the employer.

On its face, this statute contemplates that an employee may perform the same kind of work for both his or her employer and others. All the employee must do is give "preference" to the employer.

A preference gives priority, but it is not an exclusion. This is the antithesis of the type of a duty of undivided loyalty Mattel posits. It is rather a statement that there is no such duty. Rather than a duty of "undivided loyalty" that could be construed, as it is by Mattel, to forbid employees who are not paid enough to support their families from taking second jobs, section 2863 explicitly recognizes the right of an employee to perform services of the same type as those provided to the employer for others, as long as the employee gives "preference" to the business of the employer. Thus, if an employee carries out all of the responsibilities assigned in the course and scope of employment, the employee has no further obligations to the employer.

***The Seamstresses.*** Mattel did not try to present evidence of a failure of preference or a failure to carry out responsibilities. With respect to Ms. Cabrera, Ms. Morales, and Ms. Salazar, Mattel's only evidence of an alleged violation of section 2863 is the fact that these women also worked on doll fashions for Veronica

1  Marlow. 2/25/2011 (Vol. 1) Tr. 76:23-77:10. However, Mattel presented no
2  evidence that Ms. Cabrera, Ms. Morales or Ms. Salazar ever failed to perform any
3  of the responsibilities assigned to them in connection with their Mattel employment
4  as a result. In fact, only Isaac Larian and Peter Marlow have been asked for
5  information about Ms. Cabrera, Ms. Morales, or Ms. Salazar. *See* 2/10/2011 (Vol.
6  1) Tr. 19:3-21:20, 2/24/2011 (Vols. 2, 3) Tr. *passim*, 2/25/2011 (Vol. 1) Tr. *passim*.
7  No one from Mattel has been put on the stand to testify about what duties Ms.
8  Cabrera, Ms. Morales, or Ms. Salazar were responsible for performing during their
9  employment at Mattel, let alone that they failed to perform those duties in some
10 manner as a result of their relationship with Ms. Marlow. Thus, Mattel has failed to
11 show a violation of section 2863 by Ms. Cabrera, Ms. Morales or Ms. Salazar.

12 ***Ryan Tumaliuan.*** With respect to Ryan Tumaliuan, Mattel fails even as to
13 the necessary predicate to its claim—that Tumaliuan had an actual employment
14 relationship with Mattel. The evidence shows that Mr. Tumaliuan was an intern at
15 MGA. 1/25/2011 (Vol. 2) Tr. 9:25-10:2; 1/26/2011 (Vol. 1) Tr. 84:15-18. No one
16 from Mattel has testified about his employment status with Mattel. In fact, the only
17 two witnesses who have been asked about Ryan Tumaliuan have been Paula Garcia
18 and Isaac Larian, neither of whom can factually establish that Mr. Tumaliuan was
19 in fact employed by Mattel. Further, Mattel has put on no evidence that Mr.
20 Tumaliuan actually performed any work at MGA during the period that Mattel
21 alleges he was an intern at Mattel (or did anything else that might be wrongful).
22 The evidence on the subject is a single email indicating MGA did *not* use him for a
23 specific project, which was corroborated by the testimony of Ms. Garcia. TX 9335;
24 1/25/2011 (Vol. 2) at 14:6-20; 1/26/2011 (Vol. 1) Tr. 84:15-85:7. Without any
25 evidence that Mr. Tumaliuan actually worked at Mattel in some capacity, there is
26 certainly no evidence that he failed to perform any task assigned to him by Mattel
27 as a result of his relationship with MGA. Thus, Mattel has failed to present
28 evidence sufficient to prove a violation of section 2863 by Mr. Tumaliuan.

*Carter Bryant*. Finally, with respect to Carter Bryant, Mattel has not established that his actions, in seeking to sell his idea for the Bratz dolls to MGA, prevented him from performing his duties at Mattel. The fact that Mr. Bryant was working on his idea for Bratz, had other Mattel employees help him, and signed a contract with MGA, all while he was employed by Mattel, does not establish that Mr. Bryant failed to carry out the responsibilities assigned to him in the course and scope of his employment at Mattel.

In the first instance, Bryant's conduct was permissible under the preparations to compete doctrine. *Bancroft-Whitney Co. v. Glen*, 64 Cal. 2d 327, 346 (1966) (explaining that an employee may make preparations to compete before resigning). Moreover, we have not heard from any Mattel witnesses that Mr. Bryant failed to complete any tasks assigned to him by Mattel, let alone that this was a result of his development of his Bratz idea. For example, neither Ms. Driskill, Mr. Bryant's boss, nor Mr. Longsdorf, Ms. Driskill's boss and head of Barbie Collectibles, came to testify about issues with Mr. Bryant's performance in 2000. 1/19/2011 (Vol. 1) Tr. 47:25-48:4. In fact, aside from Mr. Bryant, the only person from the Collectibles department who testified was Ms. Jacqueline Prince, the administrative assistance who notarized Mr. Bryant's drawings at her home. 3/16/2011 (Vol. 1) Tr. 57:7-22, 59:6-60:6. Accordingly, Mattel has presented no evidence that Mr. Bryant breached his section 2863 obligation to Mattel.

Mattel's failure to present evidence supporting a finding that the employees violated their section 2863 obligations requires the entry of judgment in favor of MGA and Mr. Larian on the aiding and abetting breach of duty of loyalty claim.

### III. MATTEL PRESENTED NO EVIDENCE OF DAMAGES.

Of particular importance here is the fact that judgment as a matter of law should be granted where a party fails to provide evidence of damage. *Rickards v. Canine Eye Registration Found. Inc.*, 704 F.2d 1449, 1451-52, 1455-57 (9th Cir. 1983) (affirming grant of directed verdict under Fed. R. Civ. P. 50(a) on the

1  tortuous interference and prospective advantage claims where plaintiff's failed to
2  establish several elements including damages; further affirming grant of summary
3  judgment on the antitrust claims as there was no evidence of damages); *Murphy*
4  *Tugboat Co. v. Crowley*, 658 F.2d 1256, 1263 (9th Cir. 1981) (affirming grant of
5  judgment as a matter of law for antitrust claim where there was insufficient
6  evidence of damages); *Express LLC v. Fetish Group*, 464 F. Supp. 2d 965, 978-79
7  (C.D. Cal. 2006) (defendant entitled to judgment as a matter of law because there
8  was no evidence of damages, granting summary judgment).

9       A tort cause of action for breach of duty of loyalty requires a showing that
10 the employee's breach was the proximate cause of damage incurred by the
11 employer. *Huong Que, Inc.*, 150 Cal. App. 4th at 410; *Clinimetrics Research*
12 *Assocs., Inc. v. Booker*, 2004 Cal. App. Unpub. LEXIS 11605, at *28 (Dec. 2,
13 2004) (explaining that the employer must show that the employee's "breach of her
14 duty of loyalty *caused the damages that [the plaintiff] claimed.*"). Mattel has not
15 put on any evidence of such damage here.

16      As explained above, Mattel did not put on any Mattel witnesses to testify
17 about Ms. Cabrera, Ms. Morales, Ms. Salazar or Mr. Tumaliuan. Not only is there
18 no evidence that they failed to perform their duties for Mattel, there is also no
19 evidence that any such action caused damage to Mattel. Not a single witness,
20 including Mattel's damages expert, Mr. Wagner, testified about how these specific
21 individuals caused any damages that Mattel alleges it suffered in relation to the acts
22 it alleges were breaches of the duty of loyalty. *See* 3/8/2011 (Vols. 1, 2) Tr.
23 *passim*, 3/9/2011 (Vol. 1) Tr. *passim*.

24      Finally, with respect to Mr. Bryant, this Court was explicit in its summary
25 judgment order that Mattel's duty of loyalty claim relating to Carter Bryant did not
26 encompass Mattel's claim for trade secret misappropriation. Dkt. No. 9600
27 (Amended Summary Judgment Order) at 75. Nevertheless, Mattel put forth no
28 evidence of damage relating to Bryant's acts at Mattel separate from the damage it

1  alleges it connection with is trade secret claim. Again, Mattel's damages expert
2  made no attempt to quantify or parse out for the jury the damages that Mattel
3  alleges it suffered as a result of Mr. Bryant work on Bratz while he was a Mattel
4  employee. Mr. Wagner purported to quantify the damages attributable to the
5  intellectual property at issue under the theories of copyright infringement and trade
6  secret misappropriation, 3/8/2011 (Vol. 1) Tr. 79:2-130:19; 3/8/2011 (Vol. 2) Tr.
7  5:3-74:14; 3/9/2011 (Vol. 1) Tr. 6:16-94:4, but never discussed damages
8  attributable to a breach of the duty of loyalty. Mattel's failure to submit evidence
9  of damage specifically stemming from the acts it alleges were breaches of a duty of
10 loyalty precludes these claims from going to the jury and judgment must be entered
11 for MGA and Mr. Larian.
12     Mattel's failure to present evidence of damages stemming from the alleged
13 supporting a finding that the employees violated their section 2863 obligations
14 requires the entry of judgment in favor of MGA and Mr. Larian on the aiding and
15 abetting breach of duty of loyalty claim.

### IV. MATTEL PRESENTED NO EVIDENCE THAT MGA OR MR. LARIAN AIDED AND ABETTED THE ALLEGED BREACHES

18     To prevail on these claims, Mattel needed to put on evidence that MGA and
19 Mr. Larian actually aided and abetted the actions that it alleges were breaches of the
20 duty of loyalty. Mattel needed to present evidence that MGA and Mr. Larian (1)
21 gave "substantial assistance or encouragement in accomplishing the breach," and
22 (2) had "actual knowledge" of the specific wrong that they substantially assisted.
23 *Casey v. United States Nat'l Bank Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005). To
24 prove "substantial assistance," Mattel needed to submit evidence that MGA and
25 Larian "provided assistance that was a substantial factor in causing the harm
26 suffered." *Neilson v. Union Bank of Cal. N.A.*, 290 F. Supp. 2d 1101, 1135 (C.D.
27 Cal. 2003). Given the causal nature, "the substantial assistance requirement is
28 'inversely related' to the knowledge factor." *Resolution Trust Corp. v. Rowe*, 1993

WL 183512, at *6 (N.D. Cal. Feb. 8, 1993). Mattel has not presented evidence to support this burden.

With respect to Mr. Tumaliuan, the concept of MGA providing substantial assistance simply makes no sense. Mr. Tumaliuan was first an intern at MGA and allegedly had some subsequent relation to Mattel. Clearly, MGA could not have provided any substantial assistance to create Mr. Tumaliuan's relationship with Mattel. That decision, if any, was made by Mattel. Moreover, there is no evidence that he failed to performed any tasks for Mattel as a result of a relationship with MGA. In essence, there is no evidence of an action by Ryan Tumaliuan that MGA could have substantially assisted.

With respect to Ms. Cabrera, Ms. Morales, and Ms. Salazar there is no evidence that MGA and Mr. Larian provided substantial assistance to the acts that are the alleged breach – their secondary employment with Ms. Marlow. Ms. Marlow was a independent contractor creating sample Bratz fashions. 2/25/2011 (Vol. 1) Tr. 76:23-77:3. Ms. Marlow then independently retained Ms. Cabrera, Ms. Morales, and Ms. Salazar to assist her. *Id.* at 77:4-10. There is no evidence that anyone at MGA directed or controlled her actions relating to who she independently hired to complete that work. Additionally, there is no evidence that MGA or Mr. Larian had actual knowledge that Ms. Marlow was employing women who worked at Mattel. In fact, Mr. Marlow testified that, when directly asked for the names of the persons Ms. Marlow employed, the Marlows refused to identify their employees. 2/25/2011 (Vol. 1) Tr. 77:12-21, 89:10-24.

With respect to Mr. Bryant, the relevant acts must be broken into two time periods: prior to signing an agreement with MGA and after signing an agreement with MGA. As to the former, there is no evidence that MGA provided substantial assistance to the conduct that Mattel alleges is a breach, prior to his signing an agreement with MGA. Instead, the evidence is that MGA engaged in arm's length contract negotiations with Mr. Bryant for the purchase and development of Bratz

1   and entered into an agreement with Mr. Bryant. *See*, *e.g.*, TX 15, 2207, 9258,
2   16788, 17236, 18463; 1/28/2011 (Vol. 3 ) Tr. 9:11-18 (Bryant hired Ann Wang to
3   help him negotiate contract with MGA); Tr. 67:23-25 (MGA hired David
4   Rosenbaum to draft the license agreement); 2/16/2011 (Vol. 1) Tr. 31:25-32:22 (As
5   of Oct. 4, 2000, the parties were still negotiating and MGA was prepared to walk
6   away); 2/22/2001 (Vol. 2) Tr. 22:11-16, 78:16-81:7 (Mr. Rosenbaum negotiated the
7   terms of the agreement with Ms. Wang). Such conduct is protected under the
8   privilege of competition in California. Under California law, "it is not ordinarily a
9   tort to hire the employees of another for use in the hirer's business." *Buxbon v.*
10  *Smith,* 23 Cal. 2d 535, 547 (1944). "[N]o actionable wrong is committed by a
11  competitor who solicits his competitor's employees or who hires away one or more
12  of his competitor's employees who are not under contract, so long as the
13  inducement to leave is not accompanied by unlawful action." *Diodes, Inc. v.*
14  *Franzen*, 260 Cal. App. 2d 244, 255 (1968); *see Reeves v. Hanlon*, 33 Cal. 4th
15  1140, 1149-50 (2004). To the contrary, "absent a showing of unlawful purpose or
16  means, [a competitor] is privileged and not liable for inducing … employees to
17  leave and move to" the competitor. *Metro Traffic Control Inc. v. Shadow Traffic*
18  *Network*, 22 Cal. App. 4th 853, 860 (1994). The employer enjoys "immunity
19  against liability" for such standard business behavior. *Diodes*, 260 Cal. App. 2d at
20  267; *see Reeves*, 33 Cal. 4th at 1149-50. Mattel has presented no evidence that
21  MGA or Mr. Larian engaged in any unlawful conduct in connection with its
22  contract negotiations with Mr. Bryant. Accordingly, MGA and Mr. Larian must be
23  granted judgment on Mattel's aiding and abetting claim with respect to Carter
24  Bryant.
25       With respect to the conduct after the agreement was signed on October 4,
26  2000, Mattel has not presented evidence to support its claim that MGA or Mr.
27  Larian aided and abetted the acts that Mattel alleges were a breach. In the first
28  instance, as discussed above, Mattel has not shown that any acts done by Bryant in

1 fact violated section 2863 or that it suffered damage as a result of such acts.
2 Accordingly, it is unclear exactly what MGA could have aided. Moreover, MGA
3 and Mr. Larian did everything in their power to ensure that Mr. Bryant's work on
4 Bratz would be free from Mattel conflicts post signing of the agreement. For
5 example, Mr. Larian instructed Bryant to immediately resign from Mattel.
6 2/16/2011 (Vol. 1) Tr. 31:7-11. Accordingly, Mattel has failed to show that MGA
7 provided substantial assistance to Carter Bryant for acts allegedly in violation of a
8 duty of loyalty.

9 Mattel's failure to present evidence supporting a finding that MGA or Mr. Larian aided and abetted the actions that are alleged to be breaches of a duty of loyalty requires the entry of judgment in favor of MGA and Mr. Larian on the aiding and abetting breach of duty of loyalty claim.

## CONCLUSION

For the reasons stated above, MGA respectfully requests that the Court grant judgment for MGA and Mr. Larian on Mattel's claims of aiding and abetting breach of duty of loyalty.

Dated: March 24, 2011        Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By: ___*/s/ Warrington S. Parker III*___
      WARRINGTON S. PARKER III
      Attorneys for MGA Parties

- 11 -   MGA's MOTION FOR JUDGMENT AS A MATTER LAW PURSUANT TO F.R.C.P. 50(A)
CV-04-9049 DOC (RNBx)