QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S TRIAL BRIEF RE: ADMISSIBILITY OF BRISBOIS TRIAL EXHIBITS 24320, 6914, 6916, 6921, 6934, 6937, AND 6954 PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402 AND 901**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conf: January 4, 2011<br>Trial Date: January 11, 2011 |

00505.07975/4050569.9

MATTEL'S TRIAL BRIEF RE: ADMISSIBILITY OF BRISBOIS TRIAL EXHIBITS 24320, 6914, 6916, 6921, 6934, 6937, AND 6954 PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402 AND 901

**Preliminary Statement**

Janine Brisbois resigned from Mattel on Monday, September 26, 2005 and announced that she was going to work at MGA.[1] Unbeknownst to Mattel, Brisbois took with her a thumb drive containing over 200 Mattel documents, more than 30 of which had been downloaded in the days immediately prior to her resignation.

Brisbois' theft is evidence of a concerted effort by MGA to improperly obtain access to Mattel's information. Four days before her resignation, on the evening of Thursay, September 22, 2005 at 11:07 p.m., Brisbois began downloading Mattel documents onto a thumb drive that she had named "Backpack."[2] Brisbois resumed downloading documents the following morning at 7:43 a.m.[3] Mattel's computer forensic expert, Bradley Maryman, testified that Brisbois downloaded over 30 documents to the thumb drive during the period immediately prior to her resignation.[4] Mattel's corporate security consultant Richard de Anda testified that the downloaded files are Mattel's proprietary information.[5]

Mattel now seeks to admit Trial Exhibit 24320, the USB drive named "Backpack," as well as hardcopy printouts of six of the 30 documents that Brisbois downloaded during four days before her resignation (Trial Exhibits 6914, 6916, 6921, 6934, 6937, and 6954). Four of these six documents were specifically identified by Mr. Maryman in his testimony. MGA waived any relevance objection to evidence regarding Brisbois' use of a thumb drive to download Mattel's information when it

---

[1] Trial Tr., March 10, 2011, Vol. 2, at 10:2-3, 20:23-25.

[2] Trial Tr., March 10, 2011, Vol. 2 at 13:10-16:21; Trial Exhibit 22856-9.

[3] Id.

[4] Trial Tr., March 10, 2011, Vol. 2, at 11:12-18.

[5] Trial Tr. March 9, 2011, Vol. 1 at 141:9-144:4.

failed to object to Maryman and DeAnda's testimony when it was offered. Nor, is there any reason to revisit the admissibility of that testimony after the fact. Not only is there no dispute that Brisois took information via a thumb drive, but Mattel has introduced evidence through the testimony of its expert Jeffery Kinrich, that when MGA hired former Mattel employees, it paid substantially more in compensation to Mattel's former employees who downloaded Mattel information before leaving Mattel. Here, Brisbois received a 43% raise in pay when she switched jobs.

Given the clear relevance of Brisbois' conduct – already in evidence – there is no basis to refuse to admit the thumb drive and its contents. This physical evidence directly corroborates Maryman and De Anda's testimony. The thumb drive is relevant because it is the device to which Janine Brisbois downloaded Mattel information. The exhibits are relevant because they are examples of the Mattel information that Brisbois retained after her resignation.

There is also no dispute as to the authenticity of any of these exhibits. MGA stipulated in open court that it would not challenge the Backpack thumb drive's chain of custody: "MS. HURST: Your Honor, we have no issue as to the chain."[6] Moreover, Mr. Maryman identified the thumb drive and these documents during his testimony.

**Argument**

I. **THE TRIAL EXHIBITS AT ISSUE ARE ADMISSIBLE UNDER FEDERAL RULE OF EVIDENCE 401, 402 AND 901**

Federal Rule of Evidence 401 provides that "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Federal Rule of Evidence 402 provides that "[a]ll relevant

---

[6] See Trial Tr., dated March 10, 2011, Vol.2, at 24:10-11.

evidence is admissible." Finally, <u>Federal Rule of Evidence</u> 901 provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficing to support a finding that the matter in question is what its proponent claims."

Exhibit 24320 is the thumb drive that Brisbois used to download Mattel documents. Exhibits 6914, 6916, 6921, 6934, 6937, 6954 are a mere handful of the documents that she downloaded. This physical evidence corroborates the testimony of Brad Maryman and Richard De Anda that Brisbois used a thumb drive to download Mattel documents.[7] The documents are also relevant because they provide evidentiary support for the opinions of Mattel's expert, Jeffery Kinrich. Kinrich testified that MGA paid significantly higher salaries to former Mattel employees who downloaded Mattel information immediately prior to their departure from Mattel for MGA than those who did not.[8] Ms. Brisbois in particular received a <u>43%</u> increase in salary upon joining MGA.[9] As set forth below, each of these exhibits is relevant and authenticated.

**The USB Drive**

Trial Exhibit 24320 is the "Backpack" USB drive.[10] Trial Exhibit 24320 contains a copy of Ms. Brisbois' resignation letter, as well as more than 200 files. Mattel's forensic expert, Bradley Maryman, identified the thumb drive and testified that approximately 30 files were downloaded from Ms. Brisbois' computer to the USB drive between September 20, 2005 and September 23, 2005, just days prior to Ms. Brisbois'

---

[7] <u>See</u> Trial Tr., March 10, 2011, Vol. 2, at 17:16-19; Trial Tr. March 9, 2011, Vol. 1 at 141:9-144:4.

[8] <u>See</u> Trial Tr., dated February 25, 2011, Vol. 2 at 39:10-17 and 40:18-24.

[9] <u>See</u> Trial Tr., dated February 25, 2011, Vol. 2 at 39:10-17.

[10] <u>See</u> Trial Tr., dated March 10, 2011, Vol.2, at 10:7-23, 14:7-15:12, 16:22-17:3.

September 26, 2005 resignation.[11]  MGA concedes that there is no issue as to chain of custody.[12]

**The Exhibits**

Mattel seeks to admit only six of the files which were downloaded and copied to the "Backpack" USB drive.  These documents were produced during pre-trial discovery and their identity was confirmed by the forensic report prepared by KPMG.  Maryman confirmed their authenticity again when he obtained access to the actual thumb drive pursuant to this Court's recent order requiring KPMG to produce the actual thumb drive:

- Trial Exhibit 6914 is "Barbie Spring 2005 POS analysis May 5.ppt"—a presentation relating to Barbie advertising in 2005.

- Trial Exhibit 6916 is "Competitive Review1.ppt"—a presentation titled "Spring Competitive Review" related to the competitiveness of Matel products in 2004.

- Trial Exhibit 6921 is "Wal-Mart Canada '06 june 24.ppt"—a strategy overview of how to increase sales of Mattel products through Wal-Mart in Canada.

- Trial Exhibit 6934 is "Barbie Pricing Initiative Letter.doc"—a memo co-authored by Ms. Brisbois relating to pricing revisions for various Barbie and My Scene products.

- Trial Exhibit 6937 is "GLP-mar28.ppt"—a presentation created by Ms. Brisbois discussing the Canadian Leadership Plan for the Girl's Division of Mattel.

---

[11]  See  Trial Tr., dated March 10, 2011, Vol.2, at 17:16-19, 20:23-25, 23:12-22.

[12]  See Trial Tr., dated March 10, 2011, Vol.2, at 24:10-11.

- Trial Exhibit 6954 is "WM LR Presentation.ppt"—a presentation discussing Mattel Canada and Wal-Mart's relationship.

Each of these documents is specifically identified in Mr. Maryman's report which was displayed during his testimony.[13] Mr. Maryman specifically identified four of the documents by file name during his testimony.[14] In short, the authenticity of these documents is not in doubt.

Finally, there is no prejudice here because Mattel only seeks to admit a limited number of the documents that Brisbois actually downloaded. The jurors should be permitted to examine a discreet number of documents so that they may see for themselves the nature of these documents. Whereas introduction of all the documents that Brisbois downloaded on the eve of her resignation might be prejudicial and cumulative, the admission of six documents in a case where there have been over 1500 exhibits received cannot be considered prejudicial.

## Conclusion

For the foregoing reasons, under Rules 401, 402 and 901, Trial Exhibits 6914, 6916, 6921, 6934, 6937, 6954, and 24320 should be admitted as evidence.

DATED: March 28, 2011            QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP

                                 By /s/ Michael T. Zeller
                                    Michael T. Zeller
                                    Attorneys for Mattel, Inc.

---

[13] See Trial Tr., March 10, 2011, Vol. 2 at 13:10-16:21; Trial Exhibit 22856-9.

[14] See Trial Tr., dated March 10, 2011, Vol. 2, at 13:10-20:12.[14]