QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>　　　　Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION RE MGA'S UNFAIR COMPETITION CLAIM (CAL. BUS. & PROF. CODE § 17200)**<br><br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 18, 2011 |

Mattel, Inc. and Mattel de Mexico ("Mattel") hereby submit the following supplemental proposed jury instruction in this matter pursuant to Local Rule 51-1. Mattel submits this supplemental proposed jury instruction in addition to the jury instructions previously submitted jointly by the parties and individually by Mattel. Mattel requests and reserves the right to amend, modify, withdraw and/or supplement the following instruction before or during the trial of this matter.

DATED: March 28, 2011

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By */s/ Michael T. Zeller*
   Michael T. Zeller
   Attorneys for Mattel, Inc. and Mattel de Mexico. S.A. de C.V.

# MATTEL SPECIAL JURY INSTRUCTION NO. \_\_\_
# UNFAIR COMPETITION—
# CONDUCT THAT THREATENS AN INCIPIENT VIOLATION OF ANTITRUST LAW OR OTHERWISE SIGNIFICANTLY THREATENS OR HARMS COMPETITION

One of the elements MGA must prove to prevail on its unfair competition claim is that Mattel engaged in an unfair business practice. An "unfair" business practice is conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws.

To establish that conduct threatens an incipient violation of an antitrust law or otherwise significantly threatens or harms competition, MGA must prove more than harm to its own commercial interests. A company may choose with whom it wishes to deal and unilaterally may refuse to deal with a distributor or a customer for business reasons without violating the antitrust laws or the policy or spirit of those laws.

1 **Authority:** *Cal. Bus. & Prof. Code* § 17200; *Cel-Tech. Commc'ns, Inc. v.
2 Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999) ("When a plaintiff who
3 claims to have suffered injury from a direct competitor's 'unfair' act or practice
4 invokes section 17200, the word 'unfair' in that section means conduct that
5 threatens an incipient violation of an antitrust law, or violates the policy or spirit of
6 one of those laws because its effects are comparable to or the same as a violation
7 of the law, or otherwise significantly threatens or harms competition."); *People's
8 Choice Wireless, Inc. v. Verizon Wireless*, 131 Cal. App. 4th 656, 663 (2005)
9 (affirming judgment of dismissal) ("Nearly a century ago, the Supreme Court
10 recognized that, subject to antitrust laws such as the Sherman Act, there is a 'long
11 recognized right of [a] trader or manufacturer engaged in an entirely private
12 business, freely to exercise his own independent discretion as to parties with whom
13 he will deal.' (*United States v. Colgate & Company* (1919) 250 U.S. 300, 307, 39
14 S.Ct. 465, 63 L.Ed. 992 (*Colgate*).) That theme has continued life. (*See
15 Dimidowich v. Bell & Howell* (9th Cir. 1986) 803 F.2d 1473, 1478 [stating that a
16 'manufacturer may choose those with whom it wishes to deal and unilaterally may
17 refuse to deal with a distributor or customer for business reasons without running
18 afoul of the antitrust laws'].); *Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363,
19 375 (2001) (affirming judgment of dismissal) ("If the same conduct is alleged to be
20 both an antitrust violation and an 'unfair' business act or practice for the same
21 reason-because it unreasonably restrains competition and harms consumers-the
22 determination that the conduct is not an unreasonable restraint of trade necessarily
23 implies that the conduct is not 'unfair' toward consumers.").