QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>            Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S PROPOSED JURY INSTRUCTIONS RE ALTER EGO, AGENCY, AND JOINT AND SEVERAL LIABILITY**<br><br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 18, 2011 |

Mattel, Inc. and Mattel de Mexico ("Mattel") hereby submit the following proposed jury instructions in this matter pursuant to Local Rule 51-1.  Mattel requests and reserves the right to amend, modify, withdraw and/or supplement the following instruction before or during the trial of this matter.

DATED:  March 28, 2011      QUINN EMANUEL URQUHART & SULLIVAN. LLP

By */s/ Michael T. Zeller*
Michael T. Zeller
Attorneys for Mattel, Inc. and Mattel de Mexico. S.A. de C.V.

**Jury Instruction No. \_\_\_\_**

## ALTER EGO LIABILITY

Mattel contends that MGA Entertainment, Inc.'s subsidiaries are mere instruments or tools—what the law calls "alter egos"—of parent corporation, MGA Entertainment, Inc., so that the legal status of the subsidiaries as separate corporations should be disregarded and defendant MGA Entertainment, Inc. should be held liable for its subsidiaries' acts and transactions.

"Alter Ego" liability is established if:

    A.    There is a unity of interest and ownership such that the corporations are not truly separate;

    B.    It would be inequitable if the acts in question are treated as those of one corporation alone.

To determine the unity of interest and ownership, you should consider the relationships and conduct between the corporations, including:

    1.    Whether the parent caused the incorporation of the subsidiary;

    2.    Whether funds and other assets were commingled, including the failure to segregate funds, and the diversion of funds or assets from one corporation to another;

    3.    Whether legal formalities such as separate corporate records were observed, and any confusion of the records;

    4.    Whether there is common stock ownership and/or directors, officers, employees, consultants, or attorneys;

5. Whether the same office or business location is used;

6. Whether the corporations are adequately capitalized;

7. Whether the corporations are used as mere shells, instrumentalities, or conduits for a single venture or the business of another corporation;

8. Whether the identity of the responsible ownership, management and financial interest, or personal business activities has been concealed or misrepresented;

9. Whether arm's-length relationships among the corporations have been maintained;

10. Whether the parent finances the subsidiaries or pays the salaries and other expenses of the subsidiaries or whether one corporation otherwise procures labor, services, or merchandise for another;

11. Whether assets from a corporation have been diverted by or to a stockholder, other person, or corporation, to the detriment of creditors, or the manipulation of assets and liabilities between corporations so as to concentrate the assets in some and the liabilities in others;

12. Whether corporations have been used to conduct illegal transactions;

13. Whether corporations were formed or used to transfer to them the existing liabilities of another person or corporation;

14. Any other factor disclosed by the evidence tending to show that the corporations were or were not separate and apart from each other.

You should consider all of these factors. No one factor is determinative.

If, after examining the relationship between them, you find MGA Entertainment, Inc. and its subsidiaries do not truly function as separate corporations, but only as instruments or tools of MGA Entertainment, Inc., you must find that the first requirement of "alter ego" liability is met.

If you find the first requirement of "alter ego" liability is met, you must then determine whether it would be unfair to Mattel if MGA Entertainment, Inc. was not liable for wrongdoing committed by MGA Entertainment, Inc.'s subsidiaries. To determine whether any unfairness would result, you should consider:

1. Whether Mattel's right to a full recovery for its copyright and trade secret claims would be defeated;

2. Whether the subsidiaries were created to shield MGA Entertainment, Inc. from liabilities it created.

If it would be unfair to Mattel if MGA Entertainment, Inc. was not liable for wrongdoing committed by MGA Entertainment, Inc.'s subsidiaries, you must find the second requirement of "alter ego" liability is met.

If both requirements of "alter ego" liability are met, you must find that MGA Entertainment Inc. is liable to Mattel for the acts of its subsidiaries.

A finding of alter ego determines liability only and does not excuse your obligation to assess damages, if appropriate, against each MGA defendant individually.

**Authority**

FEDCIV-JI11C FI 1.10.5.2 (2005) (Federal Jury Practice And Instructions Pattern Jury Instructions: Eleventh Circuit, Civil Cases) (There is no pattern "alter ego" instruction in either the Ninth Circuit or California. Mattel's proposed instruction is based on the Eleventh Circuit's instruction because it addresses alter ego in the parent/subsidiary context and is consistent with both Ninth Circuit and California law. No other circuit has a pattern instruction on alter ego.); 3 Fed. Jury Prac. & Instr. § 108.05 (5th ed.); Bowoto v. Chevron Texaco Corp., 312 F. Supp. 2d 1229 (N.D. Cal. 2004); Dong AH Tire & Rubber Co., Ltd. v. Glasforms, Inc., 2009 WL 975817 (N.D. Cal. April 10, 2009); Mesler v. Bragg Management Co., 39 Cal. 3d 290, 300-301 (1985); Troyk v. Farmers Group, Inc., 171 Cal. App. 4th 1305 (2009); Greenspan v. LADT, LLC, 2010 WL 5395685 (Cal. Ct. App. December 30, 2010);  Logix Development Corp. v. Faherty, 2007 WL 3358745 (Cal. Ct. App. Nov. 14, 2007).

**Jury Instruction No. \_\_\_\_**

**ALTER EGO LIABILITY – ISAAC LARIAN**

Mattel contends that Isaac Larian is equally liable for the wrongful acts of MGA Entertainment, Inc. An individual is personally liable for a company's wrongful acts if the individual and the company are really one and the same with respect to the business they conduct.

Where one is the principal stockholder of a corporation and personally conducts its business or manages its assets, that person may be found personally liable for the corporate obligations if it is proved that he has consistently engaged in a course of conduct ignoring the existence of the corporate entity and has, in fact, conducted business as an individual by exercising such complete and personal control over the operations of the corporation that its corporate existence has been disregarded and its business interests and the person's own personal interests cannot be reasonably separated.

"Alter Ego" liability is established if:

    C.    There is a unity of interest and ownership such that the corporation and the individual are not truly separate; and

    D.    It would be inequitable if the acts in question are treated as those of the corporation alone.

To determine the unity of interest and ownership, you should consider the relationship and conduct between the individual and the corporation, including:

    1.    <u>The individual's dominion and control over the company</u>;

2. <u>Whether the individual is the sole officer or director responsible for supervision and management</u>;

3. Whether all the stock in the corporation is owned by one individual or members of a family;

4. Whether corporate and personal funds and other assets were commingled, including the failure to segregate funds;

5. Whether corporate funds or assets have been diverted by or to a stockholder, other person, or corporation, to the detriment of creditors;

6. Whether corporate books and records were kept, regular meetings of the directors were conducted, and other corporate legal formalities were observed;

7. Whether the corporation was adequately capitalized;

8. Whether the corporation is used as a mere shell, instrumentality, or conduit for a single venture or the business of the individual;

9. Whether the identity of the responsible ownership, management and financial interest, or personal business activities has been concealed or misrepresented;

10. Whether the corporation was used to conduct illegal transactions;

11. Whether the corporation was formed or used to transfer to it the existing liabilities of another person or corporation;

12. Any other factor disclosed by the evidence tending to show that the corporation and the individual were or were not separate and apart from each other.

You should consider all of these factors. No one factor is determinative.

If, after examining the relationship between them, you find Issac Larian and MGA Entertainment, Inc. do not truly function as separate entities, you must find that the first requirement of "alter ego" liability is met.

If you find the first requirement of "alter ego" liability is met, you must then determine whether it would be unfair to Mattel if Isaac Larian was not liable for wrongdoing committed by MGA Entertainment, Inc. To determine whether any unfairness would result, you should consider:

13. Whether Mattel's right to a full recovery for its copyright and trade secret claims would be defeated;

14. Whether MGA Entertainment Inc. was created to shield Isaac Larian from liabilities he created.

If it would be unfair to Mattel if Isaac Larian was not liable for wrongdoing committed by MGA Entertainment, Inc., you must find the second requirement of "alter ego" liability is met.

If both requirements of "alter ego" liability are met, you must find that Isaac Larian is liable to Mattel for the acts of MGA Entertainment, Inc.

A finding of alter ego determines liability only and does not excuse your obligation to assess damages, if appropriate, against each MGA defendant individually.

**Authority**

3 Fed. Jury Prac. & Instr. § 108.05 (5th ed.); <u>Bowoto v. Chevron Texaco Corp.</u>, 312 F. Supp. 2d 1229 (N.D. Cal. 2004); <u>Dong AH Tire & Rubber Co., Ltd. v. Glasforms, Inc.</u>, 2009 WL 975817 (N.D. Cal. April 10, 2009); <u>Mesler v. Bragg Management Co.</u>, 39 Cal. 3d 290, 300-301 (1985); <u>Greenspan v. LADT, LLC</u>, 2010 WL 5395685 (Cal. Ct. App. December 30, 2010); <u>Zoran Corp. v. Chen</u>, 185 Cal. App. 4th 799 (2010); <u>Troyk v. Farmers Group, Inc.</u>, 171 Cal. App. 4th 1305 (2009);   <u>Logix Development Corp. v. Faherty</u>, 2007 WL 3358745 (Cal. Ct. App. Nov. 14, 2007); <u>Tomaselli v. Transamerica Ins. Co.</u>, 25 Cal. App. 4th 1269 (1994).

**Jury Instruction No. ____**

## AGENCY LIABILITY

Mattel claims that subsidiaries of MGA Entertainment, Inc. acted as its agents when they infringed Mattel's copyrights and misappropriated Mattel's trade secrets, and that MGA Entertainment, Inc. is therefore liable for these acts of infringement and misappropriation.

Mattel may establish agency liability by proving (a) general agency, or (b) that the subsidiaries function as MGA Entertainment Inc.'s corporate representatives.

The three requirements of general agency are as follows:

   A.   Manifestation by MGA Entertainment, Inc. that the subsidiaries shall act for it;

   B.   Assent by the subsidiaries to act for MGA Entertainment, Inc. ;

   C.   Control by MGA Entertainment, Inc., but does not require that MGA Entertainment, Inc. actually exercise its control.

A.   Manifestation is words or conduct by MGA Entertainment, Inc. that indicate a desire that its subsidiaries act for it. Manifestation need not take any particular form and it need not be express. It can be implied from conduct including the acts of setting up the subsidiaries and sales by the subsidiaries. It may also be shown by sales, marketing, or licensing arrangements between the parent and subsidiaries. The exclusivity of any such arrangement is further evidence of manifestation.

If, after examining the total relationship between MGA Entertainment, Inc. and its subsidiaries, you conclude that MGA Entertainment, Inc.'s words or conduct indicated a desire that its subsidiaries act for it, you should find the first element favors agency liability.

B.  Assent is acceptance of the arrangement. It may be inferred from the conduct of the subsidiaries. It is not necessary that the subsidiaries explicitly agree to the undertaking. It is enough if they perform the acts directed by the parent.

If, after examining the total relationship between MGA Entertainment, Inc. and its subsidiaries, you conclude that the subsidiaries assented to the arrangement, you should find the second element favors agency liability.

C.  Control exists when there is an understanding between the parent and subsidiaries that the parent is to be in control of the undertaking. It is not necessary that the parent exercise control over the subsidiaries, only that it have the power to do so. Factors you should consider in evaluating MGA Entertainment, Inc.'s control over its subsidiaries include:

1. The degree and content of communications between the parent and subsidiaries;

2. The degree to which the parent set or participated in setting policy for the subsidiaries;

3. The officers and directors which parent and subsidiaries had in common;

4. The parent's reliance on the subsidiaries for revenue production and acknowledgment of the importance of the subsidiaries and other international operations to the overall success of parent's operations, and;

5. The extent to which the subsidiaries were engaged in the performance of duties which were expressly or impliedly assigned to the subsidiaries (scope of authority).

If, after examining the total relationship between MGA Entertainment and its subsidiaries, you conclude that the parent had the power to control its subsidiaries, you should find the third element favors agency liability.

<u>If all three elements favor agency liability, you must conclude that MGA Entertainment, Inc.'s subsidiaries were its agents for the acts in question and MGA Entertainment, Inc. is liable for their activities.</u>

If you do not find that the subsidiaries were agents under the general agency provisions detailed above, you must then consider whether the subsidiaries are nonetheless agents under the "representative services" doctrine because they function as MGA Entertainment Inc.'s corporate representatives.  If, after examining the total relationship between MGA Entertainment, Inc. and its subsidiaries, you conclude that MGA Entertainment Inc.'s subsidiaries transact business sufficiently important to MGA Entertainment Inc. that in the absence of its subsidiaries, MGA Entertainment, Inc. would itself conduct this business and sell Bratz products on the international market, you must conclude that MGA Entertainment, Inc. is liable for the acts in question of its subsidiaries.

    A finding of agency determines liability only and does not excuse your obligation to assess damages, if appropriate, against each MGA defendant individually.

**Authority**

9th Cir. Civ. Jury Instr. 4.4 - 4.6 (2007); Paramount Farms, Inc. v. Ventilex B.V., 735 F. Supp. 2d 1189 (E.D. Cal. 2010); Dong AH Tire & Rubber Co., Ltd. v. Glasforms, Inc., 2009 WL 975817 (N.D. Cal. April 10, 2009); Standing v. Watson Pharmaceuticals, Inc., 2009 WL 842211 (C.D. Cal. March 26, 2009); Mohammed v. Watson Pharmaceuticals Inc., 2009 WL 857517 (C.D. Cal. March 26, 2009); Neu v. Terminix Intern., Inc., 2008 WL 962096 (N.D. Cal. April 8, 2008); E. & J. Gallo Winery v. EnCana Energy Services, Inc., 2008 WL 2220396 (E.D. Cal. May 27, 2008); Restatement (Third) of Agency (2006); Bowoto v. Chevron Texaco Corp., 312 F. Supp. 2d 1229 (N.D. Cal. 2004); Modesto City Schools v. Riso Kagaku Corp., 157 F. Supp. 2d 1128 (E.D. Cal. 2001); In re Coupon Clearing Service, Inc., 113 F.3d 1091 (9th Cir. 1997); Nichols v. Arthur Murray, Inc., 248 Cal. App. 2d 610 (1967).

**Jury Instruction No. \_\_\_\_**

## JOINT AND SEVERAL LIABILITY

All those who, in pursuit of a common purpose or plan, actively take part in it, or further it by cooperation or request, or lend aid or encouragement, or ratify and adopt the acts done, are as equally liable for all the harm as the person who performs the act itself.

Mattel contends that Isaac Larian and MGA Entertainment, Inc. and MGA Hong Kong acted in pursuit of a common purpose or plan to infringe Mattel's copyrights and misappropriate Mattel's trade secrets in Bratz. Mattel contends that Isaac Larian, MGA Entertainment, Inc. and MGA Hong Kong are each fully responsible to Mattel for:

(a) all harm that Mattel suffered as a result of Isaac Larian, MGA Entertainment, Inc. and its subsidiaries' infringement of Mattel's copyrights and the misappropriation of Mattel's trade secrets in Bratz; and

(b) all benefits that Isaac Larian, MGA Entertainment, Inc. and its subsidiaries received as a result of the infringement of Mattel's copyrights and the misappropriation of Mattel's trade secrets in Bratz.

If you determine that Isaac Larian, MGA Entertainment, Inc., and its subsidiaries acted in pursuit of a common purpose or plan, you should not reduce any award to Mattel because any subsidiary of MGA Entertainment, Inc. may not be a party.

**Authority**

5 B.E. Witkin, Summary of California Law, Torts § 44 (10th Ed. 2005) (Joint tortfeasors are "those who act in concert to accomplish some common purpose or plan, and whose concerted acts cause the harm," and "those who order, direct, or permit others to do the act and those who give assistance or encouragement."); Salton v. Philips Domestic Appliances and Personal Care, 391 F.3d 871, 877 (7th Cir. 2005) ("Under the principle of joint and several liability, which governs not only the common law tort of misappropriation of trade secrets but also the federal statutory tort of copyright infringement, the victim of a tort is entitled to sue any of the joint tortfeasors and recover his entire damages from that tortfeasor."); Lockheed Martin Corp. v. Network Solutions, Inc., 1997 WL 381967, at *3 (C.D. Cal. March 19, 1997) ("Courts have long held that in patent, trademark, literary property, and copyright infringement cases, any member of the distribution chain can be sued as an alleged joint tortfeasor."); DaFonte v. Up-Right, Inc., 2 Cal. 4th 593, 595 (1992) (Regardless of the particular degree of fault, every joint tortfeasor is liable for all damages.); American Motorcycle Assn. v. Superior Court, 20 Cal. 3d 578, 588 (1978) (same).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

505.07975/4054715.1

-16-
MATTEL. INC.'S PROPOSED JURY INSTRUCTIONS