1    ANNETTE L. HURST (State Bar No. 148738)
     ahurst@orrick.com
2    WARRINGTON S. PARKER III (State Bar No. 148003)
     wparker@orrick.com
3    ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building
4    405 Howard Street
     San Francisco, CA 94105
5    Telephone:  415-773-5700
     Facsimile:   415-773-5759
6
     WILLIAM A. MOLINSKI (State Bar No. 145186)
7    wmolinski@orrick.com
     ORRICK, HERRINGTON & SUTCLIFFE LLP
8    777 South Figueroa Street, Suite 3200
     Los Angeles, CA  90017
9    Telephone:  213-629-2020
     Facsimile:   213-612-2499
10
     THOMAS S. MCCONVILLE (State Bar No. 155905)
11   tmcconville@orrick.com
     ORRICK, HERRINGTON & SUTCLIFFE LLP
12   4 Park Plaza, Suite 1600
     Irvine, CA 92614-2258
13   Tel: (949) 567-6700/Fax: (949) 567-6710

14   Attorneys for MGA Parties

15                  UNITED STATES DISTRICT COURT

16                 CENTRAL DISTRICT OF CALIFORNIA

17                       SOUTHERN DIVISION

18   CARTER BRYANT, an individual          Case No. CV 04-9049 DOC (RNBx)
                                           Consolidated with Case No. CV 04-9059
19              Plaintiff,                 and Case No. CV 05-2727

20        v.                               **MGA PARTIES' RESPONSE TO
                                           MATTEL, INC'S TRIAL BRIEF RE:
21   MATTEL, INC., a Delaware              WHETHER ROBERT ECKERT WAS
     corporation,                          A 30(B)(6) WITNESS**
22
                Defendant.                 Trial Date: January 18, 2011
23   _____      Judge:  Hon. David O. Carter

24   AND CONSOLIDATED ACTIONS

25

26

27

28

1

**INTRODUCTION**

2        Robert A. Eckert is the Chairman of the Board and Chief Executive Officer

3  of Mattel and has been since 2000.  He was ordered "to testify as to Mattel's

4  practice—if any—of communicating with its licenses about actual or potential

5  MGA licensees."  Motion at 1; Dkt. # 8079 at 11.  He was Mattel's witness on this

6  topic and his testimony is binding on Mattel.  Yet, Mattel seeks to advance a

7  semantic argument that he was "never designated as a Rule 30(b)(6) witness,"

8  presumably to shield Mr. Eckert from having to testify about harmful documents

9  and his lack of preparation on behalf of Mattel.   Motion at 1.   In support of its

10  argument, Mattel offers a tortured reading of this Court's order to argue that his

11  testimony was not as a 30(b)(6) witness.  Such a reading would render the Court's

12  Order meaningless, and MGA would be left with no testimony on behalf of Mattel

13  regarding a highly relevant topic—a topic on which the Court ordered Mattel to

14  produce a witness, and Mattel produced Mr. Eckert.  Clearly, this violates the spirit,

15  intent and the letter of the Court's Order.

16        Regardless of how Mattel attempts to characterize Mr. Eckert's testimony,

17  the Federal Rules are clear that a corporation is bound by the testimony of its

18  officers, such as its CEO, even if the officer did not testify as a 30(b)(6) witness.

19  Indeed, this Court has previously made clear that "the buck stops with the top

20  executive" and afforded Mattel great latitude in questioning Mr. Larian by virtue of

21  his position as CEO of MGA.  MGA should be permitted to examine Mr. Eckert

22  with the same latitude.

23        Mattel's request that "MGA should not be allowed to examine Mr. Eckert at

24  trial as if he were a 30(b)(6) witness" is contrary to both Mr. Eckert's actual

25  designation and to his role as Chairman of the Board and CEO.  Mattel's request

26  should be denied.

27

28

MGA'S OPPOSITION TO MATTEL'S TRIAL BRIEF RE: WHETHER
ECKERT WAS A 30(B)(6) WITNESS
CV-04-9049 DOC (RNBx)

**ARGUMENT**

I.   **MR. ECKERT TESTIFIED ON BEHALF OF MATTEL ON MATTEL'S LICENSING PRACTICES.**

Mattel argues that Mr. Eckert did not testify on behalf of Mattel.  Dkt. # 10243 at 5.  Not so.  MGA served a notice of deposition on Mattel on April 27, 2010 seeking testimony on Topic 9: "Communications between Mattel and its licensees and/or potential or actual licenses with MGA, including but not limited to any and all discussions concerning Bratz and 4-Ever Best Friends."  MGA's third Phase 2 Notice of Deposition of Mattel.  Mattel moved for a protective order as to this topic, and MGA opposed.  Dkt. # 7858, 7974, 7984.  In its June 7 Order, this Court denied Mattel's motion for a protective order on the topic concerning its licensing practices, and ordered Mattel to produce a 30(b)(6) witness or "produce Bob Eckert or Neil Friedman to testify as to Mattel's practice – if any – of communicating with its licensees about actual or potential MGA licenses."  Dkt. # 8079 at 11.  Mattel produced Mr. Eckert.

Mr. Eckert himself confirmed during his deposition that he was testifying as to Mattel's licensing practices:

> Q: Is it the case that you're here to testify today regarding the topics of Mattel's practice, if any, of communicating with its licensees about actual or potential MGA licenses?
>
> A. Yes, it is.

6/16/2010 Eckert 30b6 Depo. 4:11-15.[1]  Indeed, Mr. Eckert testified that he took steps to prepare himself on the designated topic, including meeting with counsel, reviewing a memo initiated by Ellen Brothers and talking with her, reviewing testimony of a Mr. Ma from MGA Hong Kong, and meeting with Mattel's senior

---

[1] The caption page of Mr. Eckert's depositions on June 16, September 29 and October 4 read "Videotaped 30(b)(6) Deposition of Mattel, Inc., through ROBERT A. ECKERT…"  6/16/10 Eckert 30b6 Depo at 1; 9/29/10 Eckert 30b6 Depo at 1; 10/4/10 Eckert 30b6 Depo at 1.

vice president of Barbie marketing who is also responsible for licensing.  6/16/10 Eckert 30b6 Depo at 4:22-5:8, 5:19-22.  However, this preparation was inadequate and incomplete.  Notably, Mr. Eckert's preparation at this deposition did not include speaking with either Neil Friedman or Mandana Sadigh, two people implicated in a critical email regarding a licensing deal shown to Mr. Eckert at a prior deposition and about which Mr. Eckert was unable to answer questions.  *See* 4/28/10 Eckert Depo at 99:16-100:20, 102:13-17; TX 8972.  Indeed, this email and Mr. Eckert's inability to answer questions about it were central to the Court's denial of Mattel's motion for a protective order as to the licensing topic—the Court explicitly found that information about this "communication between Mattel Chief Executive Officer Bob Eckert and Mattel President Neil Friedman in which Eckert asked Friedman whether Eckert should 'kill' MGA's license with one of Mattel's licensees" is indisputably relevant.  Dkt. # 8079 at 10-11; TX 8972.

MGA moved to compel, and on September 17, the Court found Mr. Eckert to be unprepared and ordered another four hours of deposition:

> The Court concludes that Mr. Eckert was insufficiently prepared on Mattel's practice (if any) of shunning MGA licensees. By failing to discuss the circumstances of the email chain at issue with either Mandana Singh or Neil Friedman, Eckert deprived MGA of relevant discovery into at least one incident potentially involving Mattel's practice of avoiding MGA's licensees.

Dkt. # 8752 at 11.

Mr. Eckert appeared for deposition again on October 4, 2010.  At this deposition, Mr. Eckert testified that he talked to Ms. Sadigh, Mr. Friedman, Ms. Brothers, and Stephanie Cota.  10/4/2010 Eckert Depo  at 243:4-13.  However, he testified that he did not investigate any Mattel's communications with the different MGA licensees that were the subject of questioning in his prior deposition.  *Id.* at 244:219; 248:9-249:24.  Mr. Eckert was not prepared by Mattel to testify as to

1  Mattel's practice of communicating with its licensees about actual or potential
2  MGA licenses as required by the Court Order.  Dkt. # 8079.

3          MGA is entitled to explore Mr. Eckert's preparation (or lack thereof) on this
4  topic, specifically on documents reflecting communications with Mattel's licensees
5  about actual or potential MGA licenses.  Mattel's tortured reading of the June 7,
6  2010 Order in its Motion apparently seeks to avoid this line of questioning with Mr.
7  Eckert.  Mattel's semantic argument that Mr. Eckert did not testify on behalf of his
8  company because it did not produce him as a "30(b)(6) witness" is a blatant attempt
9  to circumvent the Court's Order requiring Mattel to provide testimony on its
10 licensing practices.  Such a reading would render the Court's Order meaningless,
11 depriving MGA of testimony from Mattel on a highly relevant topic.  Mattel's
12 reading of the Order contravenes both the letter and spirit of the Order as well as
13 Mr. Eckert's testimony.

14 **II.    AS MATTEL'S CEO, MR. ECKERT'S TESTIMONY IS BINDING ON
15          MATTEL IRRESPECTIVE OF MATTEL'S CHARACTERIZATION
          OF IT.**

16         The Federal Rules demonstrate that Mattel's argument is no more than a
17 game of semantics.  Regardless of how Mattel attempts to characterize Mr. Eckert's
18 testimony, the Federal Rules are clear that a corporation is bound by testimony of
19 its officers, such as its CEO, even if the officer did not testify as a 30(b)(6) witness.
20 Fed.R.Civ.P. 32(a)(3)("[a]n adverse party may use for any purpose the deposition
21 of a party or anyone who, when deposed, was the party's officer, director,
22 managing agent, or designee under Rule 30(b)(6) or 31(a)(4)"); *Folwell v.*
23 *Hernandez*, 210 F.R.D. 169, 172 (M.D.N.C. 2002)(explaining that "although the
24 1970 amendments provide a more efficient method of examination of corporations
25 through Rule 30(b)(6) they do not eliminate the prior 30(a)(1) method of
26 examination which permits the opposing party to select an officer, director, or
27 managing agent … and is equally binding on the corporation by virtue of Rule
28

32(a)(2)"); 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure, §2103 (3d 2010).

Mr. Eckert is the Chairman of the Board and Chief Executive Officer of Mattel.  3/1/2001 Trial Tr. Vol. 1 at 114:25-115:4.  Indeed, this Court has previously made clear: "I'm going to hold Mr. Eckert and Mr. Larian, you know, in your eyes, as those people who have now been unduly prepared on both sides, but they are the head of their respective corporations, and if the person knows or doesn't know, so be it, there may be a lack of foundation, but these are the principals."  2/10/11 Trial Tr. Vol. 3 at 7:10-15.  Succinctly, the Court stated that "I take the position that the buck stops with the top executive, …."  2/10/2011 Trial Tr. Vol. 4 at 11:10-15.  Accordingly, this Court afforded Mattel great latitude in questioning Mr. Larian by virtue of his position as a CEO of MGA though Mr. Larian had not been prepared as a 30(b)(6) witness on the documents in question. *Id.* at 10:14-24.   With respect to Mr. Larian, the Court noted that "and most important, being the executive officer, I find it difficult to believe that Mr. Larian isn't prepared, that he doesn't know…"  *Id.*  MGA is entitled to similar latitude with respect to the questioning of Mattel's principal, Robert Eckert.  Mr. Eckert must be held to the same standard before the jury as Mr. Larian.

## CONCLUSION

Mattel not only designated Mr. Eckert as a 30(b)(6) witness, but as the top executive of Mattel he must be prepared to speak on behalf of the corporation.  For the foregoing reasons, Mattel's trial brief seeking to preclude MGA from examining Mr. Eckert at trial as if he were a 30(b)(6) witness should be denied.

///

///

MGA'S OPPOSITION TO MATTEL'S TRIAL BRIEF RE: WHETHER ECKERT WAS A 30(B)(6) WITNESS
CV-04-9049 DOC (RNBx)

1

2

Dated: March 28, 2011                    Respectfully submitted,

3                                        ORRICK, HERRINGTON & SUTCLIFFE LLP

4

5                                        By:    _____/s/ Thomas S. McConville_____
                                                Thomas S. McConville
6                                        Attorneys for MGA ENTERTAINMENT, INC.,
                                         MGA ENTERTAINMENT HK, LTD., MGA de
7                                        MEXICO, S.R.L. de C.V., and ISAAC LARIAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28