# MATTEL'S OBJECTIONS TO COURT'S DRAFT SPECIAL VERDICT FORM

## A. Copyright Infringement

1. The special verdict form should ask the jury to determine if Mattel has proved ownership of the "copyrights" in the various works at issue, as opposed to ownership of "valid copyrights" in such works. The jury instructions will inform the jury how to determine whether Mattel's copyrights are "valid."

2. The special verdict should contain questions regarding the MGA Parties' willful infringement of Mattel's copyrighted works.

3. The special verdict form should not reference MGA's purported "joint authorship" defense, which has been withdrawn by MGA.

## B. Trade Secret Misappropriation

4. The special verdict form should contain questions regarding the MGA Parties' willful and malicious misappropriation of Mattel trade secrets.

5. The special verdict form should contain questions regarding Mattel's affirmative defenses to MGA's claim for Trade Secret Misappropriation, including but not limited to the statute of limitations and laches.

6. The special verdict form should include parallel questions for Mattel's Trade Secret Misappropriation claim and MGA's Trade Secret Misappropriation claim. As drafted, the Court's Proposed Special Verdict Form includes questions regarding ownership of trade secrets for Mattel's Trade Secret Misappropriation claim, but does not include similar questions for MGA's Trade Secret Misappropriation claim. Similarly, if the Court is inclined to specifically identify Mattel's trade secrets in chart format, with the jury to make a determination as to each, then MGA's alleged trade secrets should be treated in the same way.

7. The special verdict form should not include questions concerning the acquisition of information by "improper means," but instead should simply ask whether the jury has found "misappropriation." The jury instructions will adequately inform the jury how it must determine whether there has been "misappropriation."

8. The special verdict form should not require Mattel to prove "ownership" of its trade secrets. To the extent the Court is inclined to reference any such element of the parties' trade secret misappropriation claims, the applicable standard is "possession," not ownership. See Silvaco Data Sys. v. Intel Corp., 184 Cal. App. 4th 210, 220-21 (2010) ("The sine qua non of a trade secret, then, is the plaintiff's possession of information of a type that can, at the possessor's option, be made known to others, or withheld from them, i.e., kept secret."); Durney v. Wavecrest Labs., LLC, 441 F. Supp. 2d 1055, 1062 (N.D. Cal. 2005) (to prove trade secret misappropriation, a trade secret plaintiff must prove "he possessed a trade secret").

## C. Statute of Limitations

9. The language regarding the statute of limitations in the special verdict form should not refer to "the basis for" Mattel's claims. Under applicable law, the statute of limitations runs from the date on which Mattel discovered, or should have discovered, the "factual basis for [the] elements" of Mattel's claims. Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806-7 (2005).

10. The charts included in the special verdict form that pertain to the various possible dates of accrual of Mattel's claims should be revised to accurately reflect the dates when Mattel filed its claims or effectively filed its claims in light of relation back principles. Moreover, because there is no evidence that Mattel discovered or should have discovered the factual basis for its claims as of the dates when Mr. Bryant allegedly disclosed his Bratz works to MGA or left Mattel, those

dates should not be included even if the Court is inclined to include dates based on possible accrual events, rather than based on the filing of Mattel's claims. Moreover, the November 2, 2003 date should be corrected to November 20, 2003.

11. The special verdict form should contain questions regarding equitable tolling of the statute of limitations.

12. The special verdict form should contain questions regarding the MGA Parties' fraudulent concealment of the factual basis of Mattel's claims.

**D.     General Issues**

13. The special verdict form should contain questions regarding damages for Mattel's claims for Trade Secret Misappropriation, Intentional Interference with Contractual Relations, Aiding and Abetting Breach of Duty of Loyalty and Conversion (in addition to Mattel's claim for Copyright Infringement, as to which the Court's Proposed Special Verdict Form contains questions regarding damages).

14. To the extent the references in the Court's Proposed Special Verdict Form to the parties' "inequitable conduct" are intended to refer to the parties' respective unclean hands defenses, then the special verdict form should ask whether the parties have met their burdens of proving their respective unclean hands defenses, rather than asking the jury to decide whether the parties engaged in "inequitable conduct." Moreover, the Court has dismissed MGA's unclean hands defense as to claims arising out of Mr. Bryant's conduct. See Dkt. No. 9600 at 119-120. Accordingly, no reference to Mattel's possible "unclean hands" should be included in questions concerning Mattel's copyright infringement claim or other claims to the extent they are based on Mr. Bryant's conduct.

15. The special verdict form should include questions that elicit findings by the jury as to joint and several liability.

16. The special verdict form should include questions that would establish the basis for a finding that Mattel is entitled to recover punitive damages.