UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> MGA ENTERTAINMENT, INC., <br><br> Defendant(s). <br><br>_____ <br><br> AND CONSOLIDATED ACTIONS. <br><br>_____ | CASE NO. CV 04-9049 DOC (RNBx) <br><br> **MEMORANDUM AND ORDER GRANTING MOTION FOR JUDGMENT AS A MATTER OF LAW ON MATTEL'S COUNTERCLAIM FOR CONVERSION** |

Mattel (including its subsidiaries) alleges that MGA Entertainment, Inc. ("MGAE") and MGAE's Chief Executive Officer Isaac Larian ("Larian") converted Mattel's property. This property includes certain sketch books, a preliminary sculpt composed of materials from Mattel's design center, and Mattel documents. Mattel alleges that its former employees, including Carter Bryant, Gustavo Machado, Mariana Trueba, Pablo Vargas, Dan Cooney, Jorge Castilla, Janine Brisbois, and Ron Brawer misappropriated the materials and the information contained in the materials to MGAE, and that MGAE improperly used the materials and information after their acquisition.

1     Mattel alleged that all of the materials misappropriated by its former employees contained
2 trade secret information, and that the acquisition, disclosure, and/or use of this information
3 triggers liability under the California Uniform Trade Secrets Act (CUTSA). See Fourth
4 Amended Answer and Counterclaims ¶ 134. Because CUTSA occupies the field of state law
5 claims based upon the misappropriation of trade secret information, Mattel's counterclaim for
6 conversion is superseded to the extent predicated upon the misappropriation of the information
7 contained in the sketches, sculpts, and documents. See Cal. Civ. Code § 3426.7(b); see also
8 K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc., 171 Cal. App. 4th 939, 954
9 (2009). Mattel argues that some of the information was merely "confidential" and not "trade
10 secret," but CUTSA supersession is determined according to the allegations as "reflected in the
11 pleading." Id. at 960. In any event, as the Court's order on the motions for summary judgment
12 explained, CUTSA supersedes claims based upon the misappropriation of information, whether
13 or not that information meets the statutory definition of a trade secret. See Docket 9600 at 71-72
14 (citing Mortgage Specialists, Inc. v. Davey, 904 A.2d 652, 666-68 (N.H. 2006)); see also
15 BlueEarth Biofuels, LLC v. Hawaiian Elec. Co., Inc., 235 P.3d 310, 316 (Hawai'i 2010).
16     Mattel's conversion claim is thus limited to the physical materials at issue and does not
17 extend to the information contained therein. See Powell Prods., Inc. v. Marks, 948 F. Supp.
18 1469, 1474-75 (D. Colo. 1996). To the extent its claim depended upon the misappropriation of
19 the paper documents containing its information, the Court held at summary judgment that no
20 reasonable fact finder could conclude that the documents had any value "apart from the
21 information contained therein." See Docket 9600 at 97 (citing Thomas & Betts Corp. v. Panduit
22 Corp., 108 F. Supp. 2d 968, 972-73 (N.D. Ill. 2000)). The conversion claim survived summary
23 judgment to the extent predicated upon MGAE and Larian's alleged acquisition of Bryant's
24 sketch book and concept sculpts.
25     The elements of a claim for conversion under California law are "(1) the plaintiff's
26 ownership or right to possession of the property; (2) the defendant's conversion by a wrongful
27 act or disposition of property rights; and (3) damages." Burlesci v. Petersen, 68 Cal. App. 4th
28 1062, 1065 (1998). In its case in chief, Mattel elicited no testimony and admitted no evidence

1  about the value of the physical materials used to create the concept sculpts or the sketch book.
2  In short, Mattel has failed to prove third element of conversion (harm) as to the sketch books,
3  notebooks and sculpts; a reasonable jury would not have a legally sufficient evidentiary basis to
4  find for Mattel on its conversion counterclaim to the extent predicated upon the sketches and
5  sculpt containing the Bratz works.  See Fed. R. Civ. P. 50(a)(1).
6      Mattel has sought the return of the physical materials, in large part because of the alleged
7  value of the information contained therein.  However, an order returning such materials to Mattel
8  falls "within the scope of the injunctive relief which the Court could grant upon proof of
9  misappropriation."  See Hauck Mfg. v. Astec Indus., Inc., 375 F. Supp. 2d 649, 661 (E.D. Tenn.
10 2004).  In the alternative, the Court can order the return of the materials on the basis of
11 appropriate findings of ownership by Mattel, as set forth in the jury verdict.  Indeed, the prior
12 district court vacated the phase 1 jury's damages award on an identical conversion claim, and
13 instead ordered the return of the physical materials to Mattel.
14     For the foregoing reasons, judgment is entered for MGAE and Larian on Mattel's
15 counterclaim for conversion.

18 IT IS SO ORDERED.
19 DATED: March 27, 2011

_____
DAVID O. CARTER
United States District Judge

3