UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., <br><br> Plaintiff, <br><br> v. <br><br> MGA ENTERTAINMENT, INC., <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 DOC (RNBx) <br><br> **MEMORANDUM AND ORDER GRANTING MGAE AND LARIAN'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON MATTEL'S COUNTERCLAIM FOR AIDING AND ABETTING BREACH OF DUTY OF LOYALTY** |

This Court is presented with the question of whether every employee, regardless of rank or responsibility, owes his employer a duty of loyalty. California law recognizes a "fiduciary duty of loyalty" that has origins in equity. The scope of this duty — the extent to which one is a fiduciary — is defined by the extent of the trust and confidence reposed in the individual. But non-fiduciary employees owe no duty of loyalty to their employers.

**I.  BACKGROUND**

Mattel claims that its seamstresses/sample-makers named Ana Cabrera, Beatriz Morales, and Maria Salazar, an intern named Ryan Tumaliuan, and a designer named Carter Bryant worked for MGA Entertainment, Inc.'s ("MGAE") benefit while still employed by Mattel. This

alleged conduct gives rise to Mattel's claim that MGAE and its Chief Executive Officer Isaac Larian ("Larian") induced the former employees to breach their common law "duty of loyalty" to Mattel, separate and apart from their contractual obligations. Mattel accordingly filed a claim for "breach of duty of loyalty" against some of its former employees and a claim for "aiding and abetting breach of duty of loyalty" against MGAE and Larian.

**B.     DISCUSSION**

**1.     There is no Separate Tort of a Breach of a "Duty of Loyalty"**

Parties to a contract can "estimate in advance the financial risks of their enterprise" and bargain for the remedies that flow from another's breach. *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 515-16 (1994). These remedies are limited to the "value of the promise" or the contemplated benefit of the bargain. *Harris v. Atlantic Richfield Co.*, 14 Cal. App. 4th 70, 77 (1993). If the benefit of the breach exceeds the benefit of the bargain, it may promote social efficiency to renege on the obligation, and the law accordingly does not distinguish "'willful' breaches . . . from other breaches." *Id.*; *see also Freeman & Mills, Inc. v. Belcher Oil Co.*, 11 Cal.4th 85, 106 (1995) (Mosk, J., concurring in part and dissenting in part); *Lockerby v. Sierra*, 535 F.3d 1038, 1042 (9th Cir. 2008). This ability to efficiently "adjust [] mutual rights and responsibilities" is undermined by courts' careless imposition of common law tort duties upon contracting parties. *Oki America, Inc. v. Microtech Intern., Inc.*, 872 F.2d 312, 315 (9th Cir. 1989) (Kozinski, J., concurring). "The potential rewards are large, the rules nebulous, and the parties unconstrained by such annoying technicalities as the language of the contract to which they once agreed." *Id.*

One limited exception to this rule arises in the context of fiduciary obligations. *See Thyssen, Inc. v. S.S. Fortune Star*, 777 F.2d 57, 63 (2d Cir. 1985) (Friendly, J.) (listing exceptions). Equity and conscience demand that individuals not "use their position of trust and confidence to further their private interests." *Bancroft-Whitney Co. v. Glen*, 64 Cal.2d 327, 346 (1966) (quoting *Guth v. Loft*, 23 Del. ch. 255, 5 A.2d 503, 510 (1939)); *Pegram v. Herdrich*, 530 U.S. 211, 224, 120 S.Ct. 2143 (2000) (citing 2A A. Scott & W. Fratcher, Trusts § 170, p. 311 (4th ed. 1987)); *Meinhard v. Salmon*, 249 N.Y. 458, 464 (1928) (Cardozo, J.). Unlike ordinary

2

1  contractual duties, the breach of a principal's trust and confidence almost always yields a benefit
2  to the fiduciary that exceeds the loss to the principal.  To ensure that the principal recovers the
3  profits generated by a misuse of its own property or authority, the common law imposed a duty
4  upon fiduciaries, the violation of which is a tort, remedied by punitive damages and
5  disgorgement.  Deborah A. DeMott, *Beyond Metaphor: An Analysis of Fiduciary Obligation*,
6  1988 Duke L.J. 879, 888 (1988) ("The law of fiduciary obligation calculates damages from a
7  very different perspective.  That perspective dictates that the plaintiff be entitled to recover
8  specific restitution of any benefit that the defendant obtained through his breach or, if specific
9  restitution is not feasible, money damages that quantify the defendant's benefit.").

10         No good reason exists to extend these principles to all aspects of the employment
11 relationship.  Some employees may owe an extra-contractual duty to their employer, but only
12 because they have been entrusted with meaningful authority or property and therefore stand as
13 fiduciaries.  *See GAB Bus. Servs., Inc. v. Lindsey & Newsom Claim Servs., Inc.*, 99 Cal. Rptr. 2d
14 665, 669 (Cal. App. 2010), *overruled on other grounds by Reeves v. Hanlon*, 33 Cal.4th 1140
15 (2004); *see Huong Que, Inc. v. Luu*, 150 Cal. App. 4th 400, 410-11 (2007) (concluding that
16 employee deemed agents "***for present purposes***" and, therefore, fiduciaries because "[a]gency is
17 '[a] fiduciary relationship'") (quoting Restatement (Third) of Agency § 1.01) (emphasis added);
18 *cf. Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1085-86 (9th Cir. 2003) (similar under Hawaii
19 law); *Fowler v. Varian Associates, Inc.*, 196 Cal. App. 3d 34, 42 (1987) (characterizing duty of
20 loyalty owed by employee as a "fiduciary duty").  But even as to these employees, the scope of
21 the common law duty is narrowly construed to the specific obligations they "owe as a
22 fiduciary[.]" *See SEC v. Chenery Corp.*, 318 U.S. 80, 86, 63 S.Ct. 454 (1943); *Stokes v. Dole Nut
23 Co.*, 41 Cal. App. 4th 285, 293 (1995) (noting that employee occupied "sensitive managerial or
24 confidential position" and, in any event, distinguishing "tortious misbehavior" from "cause for
25 termination"); *Fowler v. Varian Associates, Inc.*, 196 Cal. App. 3d 34 (1987) (similar and noting
26 potential benefits derived from access to employer confidential information).  Imposing common
27 law duties, and the attendant equitable and punitive remedies, beyond the scope of these
28 fiduciary obligations renders these restrictions irrelevant.  *See TalentBurst, Inc. v. Collabera,*

3

1  *Inc.*, 567 F. Supp. 2d 261, 266 (D. Mass. 2008).

2  More importantly, it betrays the purpose of equitable relief to allow an employer to claim the fruits of its employee's ingenuity and resourcefulness. We have a tort for fiduciaries because the trustee that invests the beneficiary's funds should not be able to reap a personal profit rom the return on investment, and an agent that conducts business on behalf of its principal should not be able to secret business opportunities obtained through the exploitation of the principal's authority. But employers do not entrust employees with labor and skill in the same way that an agent is entrusted with authority. These human resources belong to the employee. *Cf. Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 910-11 (9th Cir. 2010).

The California Legislature and courts have consistently emphasized employee mobility and clear contractual duties in the employment context. The California Supreme Court, whose law this Court is *Erie*-bound to apply, has clearly instructed that tort duties should not be wantonly interjected into contractual relationships. *Foley v. Interactive Data Corp.*, 765 P.2d 373 (1988). Imposing a new duty of loyalty upon all employees not only runs afoul of the Supreme Court's general rule, but it also ignores the consistent safeguards upon employee mobility and the freedom to work in the state of California. *See, e.g.*, Cal. Bus. & Prof. Code § 16600. Indeed, in this case, the proposed duty of loyalty is so vague and broad that it has morphed at least four times over the course of this litigation: from (1) a duty upon all employees to not take action inimical to the best interests of the employer; to (2) a duty upon all employees to not compete with the employer; to (3) a duty upon all employees to not secretly compete with the employer; to (4) a duty upon only "skilled" employees to not secretly compete with the employer. This phantom claim, found in no California jury instruction manuals, Legislative history, or Supreme Court precedent, "more resembles a brick thrown from a third story window than a rule of law." *Oki America, Inc.*, 872 F.2d at 315 (Kozinski, J., concurring).

\*\*\*

It is unbecoming of principles born in equity to read into employment relationships a common law duty of loyalty that entitles the employer to recover from its employees (fiduciaries and non-fiduciaries alike) the fruits of their own labors. The law of contracts more than

4

adequately governs the restrictions, if any, upon an employee's use of its own labor and skill; other laws, including the laws of fiduciary obligations and trade secrets law, adequately remedy the misuse of an employer's property and authority. Mattel's request that the Court adopt a broad and vague extra-contractual common law duty that binds all employees in all aspects of their employment, is denied.

### 2.    Ana Cabrera, Beatriz Morales, Maria Salazar, and Ryan Tumaliuan were not Fiduciaries.

Mattel has conceded that its seamstresses/sample-makers, intern did not become fiduciaries by law or contract. *See* Fourth Amended Answer and Counterclaims ¶ 175 (alleging that only "Brawer, Machado, Trueba, Vargas, Castilla, Contreras, and Cooney held positions of trust and confidence at Mattel."). Because Mattel's allegedly disloyal seamstresses/sample makers and intern were not fiduciaries, they owed no common law duty of loyalty to Mattel. Mattel's counterclaim for aiding and abetting a breach of these employees' supposed duties of loyalty therefore fails. *Cf. TalentBurst, Inc.*, 567 F. Supp. 2d at 266.

### 3.    Any Fiduciary Obligation Owed by Carter Bryant is Superseded by the California Uniform Trade Secrets Act

Though Mattel claims that its designer, Carter Bryant, assumed a fiduciary obligation by agreement, that obligation (if any) was limited to an "obligation to maintain the confidentiality" of trade secrets. Any claim based upon a breach of that obligation is superseded by the California Uniform Trade Secrets Act. *See Mattel, Inc. v. MGA Entertainment, Inc.*, ___ F. Supp. 2d ___, 2010 WL 5422504, at *44-*48 (C.D. Cal. Dec. 27, 2010) (Carter, J.) (citing Cal. Civ. Code § 3426.7(b)); *see also K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958 (2009). Mattel's claim based upon the breach of Carter Bryant's "duty of loyalty" is limited to the scope of his fiduciary obligations, and is likewise superseded. The claim for aiding and abetting breach of duty of loyalty must therefore be dismissed as to Bryant. *Cf. TalentBurst, Inc.*, 567 F. Supp. 2d at 266 ("Given that the allegations of the complaint thus do not state a predicate act of breach of fiduciary duty on Pallerla's part, the claim against Collabera for 'aiding and abetting' a breach of fiduciary duty must fail.").

## C. CONCLUSION

In California, there is no tort for "breach of duty of loyalty" that is distinct from the recognized tort of "breach of fiduciary duty." The fiduciary relationship is a prerequisite to the existence of a duty of loyalty. Ana Cabrera, Beatriz Morales, Maria Salazar, and Ryan Tumaliuan did not stand in a fiduciary relationship with Mattel, and any fiduciary-like obligation owed by Carter Bryant is superseded by the CUTSA. Mattel cannot maintain a stand alone claim that these employees breached a duty of loyalty and its counterclaim against MGAE and Larian for aiding and abetting the employees' breach of duty of loyalty fails.

The motion for judgment as a matter of law is therefore GRANTED as to Mattel's counterclaim for aiding and abetting breach of duty of loyalty.

IT IS SO ORDERED.

DATED: March 28, 2011

_____
DAVID O. CARTER
United States District Judge

6