ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL'S TRIAL BRIEF RE ADMISSIBILITY OF BRISBOIS TRIAL EXHIBITS 24320, 6914, 6916, 6921, 6934, 6937 AND 6954**<br><br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |
| AND CONSOLIDATED ACTIONS | |

**INTRODUCTION**

Mattel purports to offer Janine Brisbois' thumb drive, Ex. 23420, for two reasons. First, to "corroborate[] the testimony of Brad Maryman and Richard de Anda that Brisbois used a thumb drive to download Mattel documents." Second, Mattel asserts that it provides "evidentiary support for the opinions of Mattel's expert, Jeffrey Kinrich. The first justification is irrelevant and the second a ruse.

Mattel bases no claim and demands no damages on the basis of Janine Brisbois retaining "proprietary" documents, as de Anda called them. Mattel has not proven these documents contain trade secrets. And, its motion reflects that it has no intent to do so. Therefore, whether Ms. Brisbois was paid two dollars or two million dollars to retain non-trade secret information when she left Mattel (which in any event MGA denies) is completely irrelevant. Mattel knows this, and that is not the reason for its motion.

Now, the ruse: Mattel seeks to admit the thumb drive and these documents not to support Kinrich or de Anda's or Maryman's testimony, but rather to attempt to admit purported evidence of trade secret theft through the back door, in the dead of night, without providing MGA the opportunity to cross-examine a sponsoring witness. Mattel wants to argue this: whatever those documents are, MGA paid a lot for them, so they must be "proprietary," i.e., "(wink) a trade secret."

So why the tactic? By seeking to admit the documents now, Mattel attempts to deprive MGA the opportunity to cross-examine a witness. Certainly Mattel could have called Ms. Brisbois. Mattel made the tactical decision not to offer a sponsoring witness, either because it did not believe that it could prove the documents were trade secrets, because it did not wish to allocate the necessary time, or because it did not want the evidence exposed to cross-examination. This should not be allowed.

Ultimately, it boils down to this: Mattel has provided no evidence that the documents on the thumb drive are trade secrets. Mattel bases no claim and asserts

no damages on the alleged theft of non-trade secret documents by Janine Brisbois, either through Kinrich or otherwise. Accordingly, the thumb drive and the documents are irrelevant to Mattel's claims and should be excluded under Federal Rules 401 and 402. Moreover, as this Court recognized, evidence that ex-Mattel employees retained non-trade secret documents is unduly prejudicial. Accordingly, the thumb drive and the documents should be excluded under Federal Rule 403.

## ARGUMENT

### I. MATTEL HAS NO EVIDENCE THAT THERE ARE TRADE SECRETS ON THE THUMB DRIVE.

Whether Janine Brisbois retained non-trade secret information after she left Mattel, knowingly or unknowingly, is irrelevant to any claim before this Court. Such documents relate to Mattel's claims and damages only to the extent that they communicate Mattel's trade secrets. Dkt. No. 9600 (Amended SJ Order) at 70. But Mattel affirmatively made a tactical decision not to offer any testimony or evidence that any documents saved to the thumb drive, Ex. 24320, are trade secrets.

Mattel chose not to provide a witness although the Court explicitly instructed—and Mattel agreed—that if Mattel intended to offer evidence that any document on the thumb contains trade secrets, it would do so with live testimony:

> MR. ZELLER: The Canadian materials are essentially testimony. There's forensic to back it up as well.
>
> THE COURT: Well, I'm interested in what kind of evidence is coming in. So this is going to come in through testimony. It's part of your No. 9 trade secrets bucket.
>
> MR. ZELLER: Right.

2/11/2011 Tr. 97:12-18. Mattel was on notice weeks before either Richard de Anda or Brad Maryman took the stand that it was expected to provide a witness to testify that the documents on the thumb drive were trade secrets. And, Mattel could have no reasonable expectation otherwise.

Absent testimony from a Mattel witness competent to testify that the information in the documents has been subject to reasonable efforts to maintain their confidentiality, has not been disclosed, and obtains economic value from not being known, neither the jury, MGA, nor the Court has any basis on which to conclude that the documents comprise Mattel's trade secret information. Cal. Civ. Code 3426.1. But, no witness testified that any information saved to the thumb drive is a trade secret. Richard de Anda did not. 3/9/2011 Tr. Vol. 1 at 143:2-6. Neither did Maryman, who in any event is a third party expert who looked only at file names—not the documents themselves—and who is in no position to confirm the authenticity of the documents, let alone testify whether any files contained Mattel's trade secrets. 3/10/11 Tr. Vol. 2 at 21:17-22:3.

## II. MATTEL ACKNOWLEDGES THAT THE DOCUMENTS IT SEEKS TO ADMIT ARE INADMISSIBLE.

Having made its bed, Mattel must lie in it. Mattel cannot now complain that these documents should be entered into evidence.

> MS. HURST: Your Honor, we had no problem with the chain [of custody for Exhibit 24320]. The problem is the contents. Nobody has come and testified that those are trade secrets, or anything else. So it's irrelevant. It's hearsay. It's inadmissible. They have no sponsoring witness to make that apart [sic] of this case.
>
> MR. QUINN: As to the contents, she's right. But as to the thumb drive, itself, as a piece of evidence that the jury has heard about, there is a stipulation. It's a chain of custody and we would just offer the drive.

3/11/15 Tr. 44:4-9 (emphasis added). The admission is inescapable. There is no evidence that any of the documents on the thumb drive are trade secrets. The documents are therefore irrelevant, as is the thumb drive. Accordingly, they should be excluded under Rules 401 and 402. As this Court has already recognized,

evidence that MGA employees retained non-trade secret documents after leaving Mattel is not only irrelevant, but unduly prejudicial. Dkt. No. 9669 (Order re MIL's) at 4-5. Accordingly, these documents should not be excluded under Rule 403.

Given that the documents saved to the thumb drive are irrelevant and inadmissible, the thumb drive itself is also irrelevant and inadmissible. The mere fact of its existence does not tend to prove any of Mattel's claims since Mattel has offered no evidence of misappropriation.

## III. PRIOR TESTIMONY AT THIS TRIAL AMPLY SHOWS THE PREJUDICE THAT WOULD RESULT FROM ADMITTING THESE EXHIBITS ABSENT EXAMINATION.

At summary judgment, Mattel admitted that at least two of the documents Mattel seeks to enter, Exs. 6921 and 6954, are not trade secrets. Dkt. No. 9185 at #387, p. 2272 and #404, p. 2334. Moreover, Mattel deprives MGA of the opportunity to cross-examine a witness about them. As Mattel's witness Ernesto Cavassuto made clear, cross-examination is critical because many of the documents Mattel claims are trade secrets are, in fact, not. Some are not because they are out of date almost as soon as they are printed. 3/8/2011 Tr. Vol. 1 at 63:5-21. Others are lack value because similar information can be obtained from a public source. *Id.* at 75:10-13. MGA should have a similar opportunity to question a witness regarding these six exhibits.

## IV. MATTEL'S JUSTIFICATION FOR INTRODUCING THIS EVIDENCE IS RISIBLE.

Finally, Mattel's reliance on the purported relevance of these documents to the Kinrich expert report is simply specious. Either these documents are trade secrets or they are not. If they are not, they are irrelevant to Mattel's claim that MGA paid departing Mattel employees a salary premium if they brought trade secret material with them. Moreover, the correlation that Mattel alleges has no basis in fact. Mattel has proffered no evidence—neither at this trial nor at any point

prior—that MGA overpaid Ms. Brisbois. All Mr. Kinrich can say is that Ms. Brisbois got a raise when she went to MGA. 2/25/2011 Tr. Vol. 2 at 39:11-13. But one could just as easily draw the conclusion that Mattel underpaid Ms. Brisbois as MGA overpaid her. Nor does Mr. Kinrich exclude the possibility that she was paid more because she was promoted or assumed additional responsibilities when she was hired by MGA. Ultimately, if Mattel wanted to prove that Janine Brisbois was offered a salary premium to bring information to MGA, Mattel had only to call her to the stand.

In short, Mattel has offered no evidence that any information on the thumb drive was a trade secret. Mattel bases no claim on the alleged theft of non-trade secret documents by Janine Brisbois. The thumb drive and the documents are irrelevant to Mattel's claims and for this reason alone should be excluded under Federal Rules 401 and 402. The thumb drive and documents additionally are unduly prejudicial and for that reason should be excluded under Rule 403.

## CONCLUSION

For the reasons above, Exhibits 24320, 6914, 6916, 6921, 6934, 6937, and 6954 should be excluded from evidence.

Dated: March 28, 2011

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Warrington S. Parker III*
Warrington S. Parker III
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN