QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar. No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>         Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case CV 04-09059<br>Case CV 05-02727<br><br>Hon. David O. Carter<br><br>**SUPPLEMENT TO MATTEL'S TRIAL BRIEF RE:  MGA'S TRADE SECRET CLAIMS**<br><br>Date:  TBD<br>Time:  TBD<br>Courtroom:  9D<br><br>**Phase 2**<br>Pre-trial Conference:  January 4, 2011<br>Trial Date:  January 11, 2011 |

00505.07975/4055044.2

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that Mattel, Inc. Mattel hereby supplements its Trial Brief Re: MGA's Trade Secret Claims (Dkt. No. 10278) by attaching relevant excerpts of the below-referenced documents. As was discussed this morning, Mattel submits this brief to establish that MGA never maintained in discovery that FOB pricing was trade secret.

**Larian Deposition as 30(b)(6)—Not Trade Secret**

1.      Transcript of deposition of MGA's 30(b)(6) designee Isaac Larian, August 12, 2010 [MGA 30(b)(6) Dep. Vol. 15] at 4054:15-4055:5, attached as Exhibit A. There, Mr. Larian testified that pricing information was not a claimed trade secret:

Q.  Apart from the documents saying "confidential" on them, do you have any other  knowledge or information that MGA kept that price list confidential?

MR. MOLINSKI:  Misstates the witness's testimony.

THE WITNESS:  It is confidential.  We kept it confidential.  We will not give our pricing for upcoming products to -- to the world for our competitors to know what we're going to sell a product for.

**BY MR. ZELLER:  Q.   So MGA considers the pricing information reflected in these pages, M 1681629 through -1271, to be trade secret information; is that correct?**

**A.  No, confidential.**

2.      Mr. Larian testified for two additional days as MGA's 30(b)(6) witness on its trade secret claims.  At no point during those two days of testimony did Mr. Larian identify FOB prices as among MGA's alleged trade secrets.  Transcript of the deposition of Isaac Larian, September 1, 2010 [MGA 30(b)(6) Dep. Vol. 16]; Transcript of the deposition of Isaac Larian, October 5, 2010 [MGA 30(b)(6) Dep. Vol. 26].  Given the size of these transcripts, Mattel has not attached them, but will submit them promptly to the Court if requested.

**Other MGA 30(b)(6) Depositions—Not Trade Secret**

3.       Transcript of the deposition of MGA's 30(b)(6) witness on trade secret claims Dennis Jolicoeur, November 1, 2010 [MGA 30(b)(6) Dep. Vol. 27], attached as Exhibit B.  MGA's 30(b)(6) witness initially described price lists as trade secret information, but later in the same deposition both the witness and MGA's counsel specifically disclaimed any allegation that pricing information was a trade secret:

Q.  Directing your attention to page 6, you'll see on page 6 a list begins, it goes on to page 8, of 114 different products or product lines.  Do you see that?

A.  Yes, I do.

**Q.  You generally understand that these are the trade secrets that MGA is claiming in this case?**

MR. MOLINSKI:  Objection, vague, misstates the document.

THE WITNESS:  I believe the -- I believe what you've just said is not quite correct.

BY MR. ZELLER:

Q.  What's incorrect about it?

**A.  I think that these represents products where we feel that trade secrets have been expropriated.  The products themselves are not the trade secrets.  I may be splitting hairs, but the trade secrets are the appearance, the operation, the intended play patterns, as well as, you know, any advertising that we may have planned around these products, price list, things like that.  So it involves these products.**

Exhibit B at 6521:8-6522:4.

Q.  Other than what you've described, is MGA claiming any other aspect of Hopscotch Heather as a trade secret?

MR. MOLINSKI:  Objection, vague.

THE WITNESS:  I think in my last answer I may have mischaracterized some trade secrets from a legal standpoint and have confused confidential information from trade secrets.  The trade secrets that I was referring -- that -- that I believe are trade secrets have to do with how a toy looks, its appearance, how a toy works, its operation, how kids use them, namely its play patterns, and the advertising plans of the company, is it going to advertise or not.

**I may have called trade secrets or characterized as trade secrets the price list, licenses -- licensees and distributor list, product plans, and other forms of advertising or marketing information.  If I did so, then I would like to formally recharacterize them as simply confidential information rather than trade secrets.**

Id. at 6648:12-6649:7.

BY MR. ZELLER:

Q.   Well, is it your understanding that as to the information that you're identifying in this deposition as being confidential information --

A.   Uh-huh.

Q.   -- as opposed to trade secret information, that MGA is not making a claim on it against Mattel?

A.   I really can't comment to that.  That's a legal thing that I'll leave to the lawyers.  I just know that, you know, the complaint involves the trade secrets and confidential information.  As to how that's phrased, I'll let it to -- leave it to you lawyers to argue.

MR. MOLINSKI:  And, Mike, **I can confirm that we are not making a -- the trade secret claim does not encompass the information beyond what we've described in the interrogatories so it doesn't include the licensing list that he described, et cetera, information that he considered – depicted as confidential as opposed to trade secret.**

MR. ZELLER:  I'm sorry, you said not?

1      MR. MOLINSKI:  Not.

2  Id. at 6760:14-6761:10.

3      4.      Transcript of the deposition of MGA's 30(b)(6) witness on trade secret

4  claims Dennis Jolicoeur, November 10, 2010 [MGA 30(b)(6) Dep. Vol. 29] at

5  7115:11-22, attached as Exhibit C.  The relevant testimony provides:

6      Q.  Please, tell us specifically what it is that MGA claims was its trade secrets

7      with respect to Bratz Winter Wonderland as of the end of New York Toy Fair

8      in 2003.

9      A.  Its trade secrets would include any transmittal of any kind, oral, visual,

10     physical or otherwise, describing what would be or will be the intended overall

11     look, appearance, theme, play pattern, operation or advertising plan of any of its

12     toys, and that would be true of the Winter Wonderland toy.

13     **Q.  Anything else?**

14     **A.  No.**

15

16  **Interrogatory Responses—Not Trade Secret**

17     5.      MGA Entertainment, Inc.'s Corrected Responses to Mattel, Inc.'s First

18  Set of Interrogatories (MGA Reply Counterclaims), dated September 24, 2010, at 5-6,

19  attached as in Exhibit D.  In relevant part, MGA's responses state: "[t]he trade secrets

20  at issue in MGA's counterclaims-in-reply relate to MGA's unreleased products.  **The**

21  **trade secrets are as follows: The appearance, operation, intended play pattern**

22  **and plans to advertise on television for the following unreleased MGA products**

23  **….**"   Nowhere in these interrogatory responses did MGA claim that pricing

24  information was among its claimed trade secrets.

25     6.      MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s

26  First Set of Interrogatories (MGA Reply Counterclaims), dated October 27, 2010, at

27  13, attached as Exhibit E.  In relevant part, MGA's responses state:  **"[t]he trade**

28  **secrets at issue in MGA's counterclaims-in-reply relate to MGA's unreleased**

1  **products.  The trade secrets are as follows: The appearance, operation, intended**
2  **play pattern and plans to advertise on television for the following unreleased**
3  **MGA products ...."**  Nowhere in these interrogatory responses did MGA claim that
4  pricing information was among its claimed trade secrets.

5       7.     MGA Entertainment, Inc.'s Corrected Second Supplemental Response to
6  Mattel, Inc.'s First Set of Interrogatories (MGA Reply Counterclaims), dated
7  November 10, 2010, at 12, attached as Exhibit F.  In relevant part, MGA's responses
8  state:  "The trade secrets at issue in MGA's counterclaims-in-reply relate to MGA's
9  unreleased products.  **The trade secrets are as follows: The appearance, operation,**
10 **intended play pattern and plans to advertise on television for the following**
11 **unreleased MGA products ...."**  Nowhere in these interrogatory responses did MGA
12 claim that pricing information was among its claimed trade secrets.

13

14 DATED:  March 28, 2011              QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
15

16

17

18                                  By /s/ Michael T. Zeller
                                     _____
19                                   Michael T. Zeller
                                     Attorneys for Mattel, Inc. and Mattel de
20                                   Mexico. S.A. de C.V.

21

22

23

24

25

26

27

28