ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OBJECTION TO MATTEL'S PROPOSED VERDICT FORM DOCKET 10296** |
| AND CONSOLIDATED ACTIONS | Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

The MGA Parties hereby object to the proposed verdict form submitted by Mattel on March 28, 2011 (Docket No. 10296) on the grounds set forth herein.

First, the MGA Parties generally object to the use in the verdict form of a tables with long strings of trial exhibit numbers and no accompanying explanation. Mattel also divides up exhibits that witnesses have testified were a single, common document (such as the pitchbook). This tactic of using long lists of unexplained exhibit numbers that are arbitrarily divided up into separate inquiries is confusing to the jury and unnecessary. It is also prejudicial to MGA because it is obvious that Mattel is trying to confuse the jury and get numerous opportunities for a favorable answer or an inconsistency. It is unreasonably to expect the jury to reasonably comprehend a long list of exhibit numbers. The exhibits should be grouped together in logical sets in accordance with the testimony and given a non-argumentative common-sense description that the jury can reasonably use to aid itself in answering the questions.

The MGA Parties object to Mattel's change in the Court's proposed verdict questions from "exclusive ownership" to "ownership." A joint author cannot sue a co-owner for infringement. *Oddo v. Ries*, 743 F.2d 630, 632-33 (9th Cir. 1984); *see also Thomson v. Larson*, 147 F.3d 195, 199 (2d Cir. 1998). Accordingly, Mattel must establish sole ownership in order to sue for infringement.

MGA, MGA HK and Larian object to the inclusion of special verdict questions regarding willful copyright infringement. Willful copyright infringement is irrelevant in the absence of a request for statutory damages, which are not available here.

MGA, MGA HK and Larian object to Mattel's proposed question 13 to the jury on the ground that it does not provide for separate statute of limitations determinations as to each party. MGA, MGA HK and Larian further object on the ground that each is entitled to a separate determination by the jury as to whether the legal defense of statute of limitations is applicable to bar liability for that defendant.

1    MGA, MGA HK and Larian objection to Mattel's question 15 on the ground
2 that it misstates the law of equitable tolling.  MGA, MGA HK and Larian further
3 object on the ground that Mattel is not entitled, as a matter of law, to the benefit of
4 the doctrine of equitable tolling as explained in the MGA Parties' submission in
5 Docket No. 10179.  The MGA Parties further object that Mattel's request for
6 submission of the issue of equitable tolling to the jury came too late in the case and
7 is prejudicial to MGA.  Mattel has never pled equitable tolling and has not relied on
8 that doctrine in prior proceedings.  Mattel did not seek submission of equitable
9 tolling to the jury until halfway through MGA's case, long after MGA had allotted
10 its time to its witnesses and made all of its key decisions about which witnesses to
11 call on the issues.  *Calabrese v. Winter*, 285 Fed. Appx. 416, 417 (9th Cir. 2008)
12 (equitable tolling issue waived when not raised in pleadings or in opposition to
13 motions for summary judgment).

14    The MGA Parties object to Mattel's formulation of all statute of limitations
15 questions on the special verdict form using the language "bases for elements of X
16 claim" on the ground that this misstates the law.  The legal standard does not
17 require that Mattel have knowledge of every element of its claim.  *Fox v. Ethicon
18 Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807-08 (2005).

19    The MGA Parties object to submission of separate questions regarding
20 fraudulent concealment.  Mattel has not offered any evidence of any purported
21 representation made by any MGA party to Mattel, nor of any obligation on the part
22 of any MGA party to disclose anything to Mattel.  Mattel therefore has not offered
23 any evidence upon which the jury could be charged with fraudulent concealment or
24 queried about it.  *Conerly v. Westinghouse Elec. Corp.*, 623 F. 2d 117, 120 (9th Cir.
25 1980) (must show affirmative conduct on the part of the defendant "which would
26 lead a reasonable person to believe that there was no claim for relief"); *Rutledge v.
27 Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 249-50 (9th Cir. 1978) (must
28 show defendant actively misled and even denials of wrongdoing in press releases

1  are not sufficient when plaintiff is suspicious); *Lauter v. Anoufrieva* 2010 WL
2  3504745 *22-23 (C.D. Cal. July 14, 2010) (collecting cases); *see also Santa Maria*
3  *v. Pac. Bell*, 202 F.3d 1170, 1177 (9th Cir. 2000) ("Fraudulent concealment
4  necessarily requires active conduct by a defendant, above and beyond the
5  wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from
6  suing in time); *Volk v. D.A. Davidson & Co.*, 816 F.2d 1406, 1415-16 (9th Cir.
7  1987) (failure to disclose a fact is not fraudulent concealment absent a relationship
8  that obligates disclosure and plaintiff's ignorance of a cause of action is not
9  fraudulent concealment).

Dated: March 29, 2011          Respectfully submitted,

                               ORRICK, HERRINGTON & SUTCLIFFE LLP


                               By:    */s/ Annette L. Hurst*
                                      Annette L. Hurst
                               Attorneys for MGA ENTERTAINMENT, INC.,
                               MGA ENTERTAINMENT HK, LTD., MGA de
                               MEXICO, S.R.L. de C.V., and ISAAC LARIAN