ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:   415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:   213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OBJECTION TO DISCOVERY MASTER ORDER NO. 108**<br><br>Trial Date: January 18, 2011<br>Judge:  Hon. David O. Carter |

The MGA Parties hereby object to Discovery Master Order No. 108 on the following grounds: (1) MGA reiterates its request for immediate production of copies of all documents in the thirty-five boxes showing communications between Mr. Villasenor, on the one hand, and senior executives of Mattel, on the other, including but not limited to any of the following persons: Matt Bousquette, Sujata Luther, Drew Vollero, Matt Turetzky, and any and all members of the legal department; (2) MGA requests that copies all other documents tagged by MGA be produced, including the 1999 Toy Fair Report referring to MGA products, the "competitive review" reports from as early as 1991, 1992 and 1993 demonstrating Mattel's practice of gathering competitive catalogs and price lists *long before* Sal Villasenor; and (3) MGA requests that the thirty-five boxes of documents be impounded by the Court in their current condition and not returned to Mattel, or in the alternative, that the Court issue an express preservation order for the documents that they be maintained in exactly their current form.

The grounds for this objection are as follows.

First, Mattel has taken the position, and continues to take the position, that Mr. Villasenor was a rogue employee who made up his own department and had no approval or interest or supervision of his supervisors or other executives. There are dozens of documents in the thirty-five boxes showing regular communication between Mr. Villasenor and senior Mattel executives that directly belie these assertions. In particular, there are many memoranda between Mr. Villasenor and Mr. Bousquette in the boxes spanning more than a decade, demonstrating that Mr. Bousquette had a regular and ongoing relationship with Mr. Villasenor. Mr. Bousquette was also a participant at the Board of Directors meeting in September 2004 where the Corporate Strategic Plan, TX 8766 at 74 (internal page 71), wherein Mattel expressly adopted a "Fast Follower" strategy as a corporate strategy for the company. The boxes also contain communications between Mr. Villasenor and Mr. Vollero, and requests from the legal department for

1 catalogs from Mr. Villasenor—demonstrating that the Mattel legal department was
2 fully aware that Mr. Villasenor held the company's repository of competitive
3 catalogs.
4     Second, given the difficult history with respect to these documents and
5 the potential for future discovery between the parties regarding these matters,
6 including discovery in the antitrust litigation, MGA respectfully requests that the
7 Court impound these materials.  At a minimum, the Court should enter an order
8 expressly requiring that they be preserved in exactly their current form.

Dated: March 29, 2011          Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  _____*/s/ Annette L. Hurst*_____
            Annette L. Hurst
    Attorneys for MGA ENTERTAINMENT, INC.,
    MGA ENTERTAINMENT HK, LTD., MGA de
    MEXICO, S.R.L. de C.V., and ISAAC LARIAN