QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S TRIAL BRIEF RE PRECLUSION OF UNDISCLOSED MGA WITNESS TERI HAUSTEIN**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off: October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 11, 2011 |

## Argument

During the lunch break on March 29, 2011, MGA disclosed for the first time that it intends to call an individual identified as "Teri Haustein." This name does not appear in any witness list, discovery response, deposition, or document produced in this case. MGA apparently is referring to "Terri Hauenstein," an MGA/Little Tikes employee who also appears in no witness list, discovery response, or deposition transcript. In the lone produced email chain that references this name, ironically MGA executive Ron Brawer asks, "Who is Terri Haustein? [sic]" See MGA2 7375350. Indeed.

MGA cannot call witnesses it failed to disclose under Fed. R. Civ. P. 26(a). A party who fails to disclose under Rule 26 is "not allowed to use that information or witness to supply evidence . . . at trial," unless they can show that the failure was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c); see Wong v. Regents of Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005) (witnesses first disclosed months before trial properly excluded under Rule 37 because delay was without "substantial justification"); Kempf v. Barrett Bus. Servs., Inc., 2009 WL 1975439, at *2 (9th Cir. June 22, 2009) (The sanctions for failing "to disclose a witness in accordance with Rule 26(a) are automatic under Rule 37(c) unless the non-disclosing party can show its failure was substantially justified or harmless.").

The Court enforced this exact rule against Mattel in excluding the testimony of its employee Kim Gohata:

> THE COURT: What witness list does she appear on, counsel?
>
> MR. ZELLER: I don't believe she was.
>
> THE COURT: She will not be testifying.

March 6, 2011 Trial Tr., Vol. 1, at 46:10-49:1.

MGA's delay in identifying Ms. Hauenstein has been "harmful and without substantial justification." Oilier v. Sweetwater Union High School Dist., 267 F.R.D. 339, 344 (S.D. Cal. 2010). MGA is attempting to call its own employee. Based on

the exhibits in MGA's binder for Ms. Hauenstein, apparently MGA is calling her to rebut Mattel witness Jeffrey Kinrich.  Mattel timely disclosed Mr. Kinrich on November 1, 2010.  MGA has had nearly five months to inform Mattel that it intended to offer Ms. Hauenstein's testimony to rebut Mr. Kinrich.  MGA's delay is clearly not "substantially justified."

Nor is MGA's delay harmless.  Mattel was not been given the opportunity to depose this witness and knows nothing about her.  Indeed, Mattel has been left to guess as to who she even is, based on MGA's apparent misspelling of her name.  Importantly, Mattel was deprived of the opportunity to depose Ms. Hauenstein before Mr. Kinrich testified, thus depriving Mr. Kinrich the opportunity to review and address Ms. Hauenstein's testimony.  Ms. Hauenstein should be excluded.

At the very least, if the Court allows MGA to call a new undisclosed witness, Mattel should be permitted to depose her.  Months ago, in ruling on Mattel's motion to exclude witnesses disclosed for the first time on MGA's witness list, the Court ruled that depositions for newly disclosed witnesses are appropriate.  See Dkt. No. 9669 at 25 ("MGA shall make available the potential witnesses for deposition during the first two weeks of trial.").  Mattel is entitled to at least an opportunity to depose Ms. Hauenstein before she appears at trial.

## Conclusion

Mattel requests that the Court exclude Terri Hauenstein from testifying, or alternatively, order that MGA produce her for deposition before her trial testimony.

DATED: March 29, 2011          QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ John B. Quinn*
John B. Quinn
Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.