QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico entity,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S PROPOSED CURATIVE INSTRUCTION CONCERNING TIMELY PRODUCTION OF DOCUMENTS**<br><br>Date:         TBD<br>Time:        TBD<br>Place:       Courtroom 9D<br><br>Trial Date:  January 18, 2011 |

00505.07975/4059564.1

PROPOSED CURATIVE INSTRUCTION CONCERNING TIMELY PRODUCTION OF DOCUMENTS

1    On March 29, 2011, MGA's counsel improperly suggested, through misleading questions directed at Mattel's in-house attorney Michael Moore, that Trial Exhibit 9484A had been "buried" or otherwise improperly withheld by Mattel during the discovery process.  As the court knows, this is untrue.

In light of counsel's improper questioning, Mattel submits the following proposed curative instruction and requests that such instruction be given to the jury prior to the resumption of Mr. Moore's testimony:

The applicable law and rules establish a procedure by which parties to a lawsuit can request production of documents from each other before trial.   Those rules provide that the party to whom such a request is directed is entitled to serve objections.  For example, objections may be served when the requested documents are irrelevant, or when the requests are improperly written, overbroad, vague or too burdensome.   In the event that the parties cannot reach an agreement on issues raised by the objections, the party making the request can go to court and request that the court order production of the requested documents.  The court will then decide whether or not to order production of some or all of the requested documents. If the court does not order certain documents produced, the party who has objected to the request has no obligation to produce those documents.

In addition, as you have heard, this case was stayed from May 20, 2005 until May 16, 2006, during which time neither side was expected nor required to produce documents of any kind.

For these reasons, you should not draw any conclusions based on the production date of Exhibit 9484A, nor should you assume that just because Trial Exhibit 9484A was produced in 2010, that it was "buried" or improperly withheld.

1  DATED: March 29, 2011         QUINN EMANUEL URQUHART &
2                                SULLIVAN, LLP
3
4                                 By   /s/ John B. Quinn
                                       John B. Quinn
5                                      Attorneys for Mattel, Inc. and
                                       Mattel de Mexico, S.A. de C.V.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28