UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                    Date: March 29, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|   Nancy Boehme   |   Not Present   |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                              NONE PRESENT

PROCEEDING (IN CHAMBERS): **ORDER RE MATTEL'S TRIAL BRIEF REGARDING ROBERT ECKERT'S DESIGNATION AS A CORPORATE REPRESENTATIVE**

Federal Rule of Civil Procedure 30(b)(6) provides that a party may issue a deposition subpoena that "name[s] as the deponent a public or private corporation" and, upon receipt of such subpoena, the "named organization must . . . designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." Id. "The persons designated must testify about information known or reasonably available to the organization." Id.

On April 27, 2010, MGA Entertainment, Inc., its subsidiaries, and Isaac Larian (collectively "MGA") served a subpoena that named Mattel as a deponent on 27 topics of examination. See Minute Order on Discovery Matters (Docket 8079) at 7. Mattel moved for a protective order on all 27 topics identified in MGA's notice of deposition. Id. Topic 9 concerned "communications between Mattel and its licensees regarding potential or actual licenses with MGA." Id. at 10. It sought testimony about Mattel's practice, if any, of expressly or implicitly pressuring retailers and licensees to cease doing business with MGA. See id. at 10-11.

The Court overruled Mattel's objection to topic 9 as overbroad and unduly burdensome. It accordingly ordered Mattel to "either designate a 30(b)(6) witness to testify as to the topic or produce Bob Eckert and/or Neil Friedman to testify as to Mattel's practice — if any — of communicating with its licensees about actual or potential MGA licenses." See id. at 11. Mattel produced Mr. Eckert. It

now argues, on the eve of Mr. Eckert's trial testimony, that his testimony should not bind the corporation, and that he should not be required to testify about matters known or reasonably known by the corporation, because he was never formally designated as a corporate representative pursuant to Rule 30(b)(6).

Mattel's interpretation of the Court's June 7, 2010 order is unreasonable. The Court provided Mattel the option of producing Mssrs. Eckert or Friedman to testify about Mattel's licensing practices because their testimony was expected to be as, or more, informed as a corporate representative's on the issue. Indeed, the Court did not order Mr. Eckert to testify about his *personal knowledge* of Mattel's licensing practices, but instead ordered Mr. Eckert to testify about "Mattel's practice — if any — of communicating with its licensees about actual or potential MGA licenses." See Docket 8079 at 11. He was expected to, and should have, educated himself about that subject by speaking to all relevant individuals within Mattel; it is unreasonable for Mattel to now claim that Mr. Eckert lacks knowledge about all Mattel licensing practices, whether in his personal capacity or in a representative capacity.

Mattel's request that Mr. Eckert be excused from testifying about "information known or reasonably available to the organization" is denied.

The Clerk shall serve this minute order on all parties to the action.