**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                                     Date: March 30, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

   Nancy Boehme                                                            Not Present   
Courtroom Clerk                                                                 Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                              NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER REGARDING ADVISORY OPINION ON CLAIMS
FOR VIOLATIONS OF CAL. BUS. & PROF. CODE § 17200

      Prior to trial, Mattel, Inc. ("Mattel") moved in limine to exclude evidence relevant to equitable claims and defenses, including both Mattel and MGA Entertainment, Inc. ("MGA")'s claims under Cal. Bus. & Prof. Code § 17200.  The Court denied that request, because the evidence at issue was relevant to the legal claims in addition to the equitable claims.  For instance, evidence that Mattel interfered with MGA's licensing and retailer relationships undercuts Mattel's claim that it suffered lost profits as a result of MGA's alleged trade secret misappropriation and copyright infringement.  Moreover, evidence that MGA solicited Mattel employees to moonlight was not just relevant to Mattel's statutory unfair competition claim, but also its claim for intentional interference with contractual relations.  Given the substantial overlap between the equitable and legal claims, as well as the Court's disinclination to recall the parties to separately try the equitable claims after the jury returned a verdict on the legal claims, the Court declined to exclude evidence relevant to the equitable claims and defenses, including both parties' claims under Cal. Bus. & Prof. Code § 17200.

      The Court later indicated that it was inclined to try the equitable claims and defenses to an advisory jury pursuant to Federal Rule of Civil Procedure 39(c).  Neither party has since consented to allowing the advisory jury's verdict to have binding effect.  See Fed. R. Civ. P. 39(c)(2).  In addition, the parties have both raised concerns about whether the jury will improperly conclude that the parties' claims for unfair competition encompass the allegations of trade secret misappropriation.  The Court has previously concluded that the California Uniform Trade Secrets Act supersedes claims, including

MINUTES FORM 11 DOC                                                Initials of Deputy Clerk nkb
CIVIL - GEN                                                                           Page 1 of 2

the unfair competition claims in this case, based upon the misappropriation of trade secret information. See Am. Order on Mtns. For Summary Judgment (Docket 9600) at 91; Order on Mtns. In Limine (Docket 9669) at 22; see also K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc., 171 Cal. App. 4th 939, 961 (2009) (holding that unfair competition claim based upon misappropriation of trade secret information was superseded).

There is a substantial risk of jury confusion on the issue of whether the conduct that gives rise to the trade secret claims also gives rise to the unfair competition claims. To avoid this confusion, the Court will not instruct the jury on these claims or seek an advisory verdict from the jury on these claims. Instead, on the basis of the evidence admitted during trial, the Court will separately issue written findings of fact and conclusions of law on the parties' unfair competition claims. See Fed. R. Civ. P. 52(a).

The Clerk shall serve this minute order on all parties to the action.