QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**SUPPLEMENT TO MATTEL'S TRIAL BRIEF TO EXCLUDE HEARSAY STATEMENTS BETWEEN MGA AND VARIOUS NON-PARTIES RE: LICENSING (TX 9049-9058)**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>Pre-trial Conference: January 4, 2011<br>Trial: January 18, 2011 |

SUPPLEMENT TO MATTEL'S TRIAL BRIEF TO EXCLUDE HEARSAY STATEMENTS RE: LICENSING (TX 9049-9058)

## Preliminary Statement

Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel"), respectfully supplement their Trial Brief to Exclude Hearsay Statements Between MGA and Various Non-Parties Re: Licensing (TX 9049-9058) (Dkt. No. 10256) ("Mattel's Trial Brief"). Mattel submits this supplemental brief to establish that MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico, S.R.L. de C.V., and Isaac Larian, and Carlos Gustavo Machado Gomez (collectively, "MGA"), have no foundation for introducing, asserting, relying on, or making any argument based on any of the trial exhibits identified in Mattel's Trial Brief (TX 9049-9058)—all of which constitute impermissible hearsay—in connection with the trial testimony of Mr. Robert Eckert where: (1) MGA admittedly has no foundation, knowledge or information concerning any of the communications between MGA and the third-party entities represented in TX 9049-9058; and (2) Mr. Eckert lacks personal knowledge of TX 9049-9058 and the matters contained therein; and was never designated as Mattel's 30(b)(6) witness on any relevant topic.

MGA should not be permitted to introduce any of the trial exhibits in question—all of which are internal MGA e-mails produced by MGA in this case between Isaac Larian or other MGA representatives and potential MGA licensees, manufacturers or researchers—during its trial examination of Robert Eckert. In seeking to introduce these exhibits through Mr. Eckert, MGA's goal is clear: it wants the jury to infer that Mattel unlawfully pressured various entities not to do business with MGA despite the fact that there is no basis for drawing such an inference.

In fact, MGA has conceded through the binding testimony of its 30(b)(6) designee, Stephen Schultz, that it has no foundation, knowledge or information concerning the matters referenced in TX 9049-9058. Nor has MGA presented any third-party witness to introduce these documents or the events that are supposedly reflected therein. MGA should not be permitted to mislead and confuse the jury by

questioning Mr. Eckert on issues as to which he has no knowledge and as to which MGA admittedly has no foundation or support whatsoever.

## Argument

### I. MGA CONCEDES THAT IT HAS NO KNOWLEDGE OF ANY FACTS OR CIRCUMSTANCES CONCERNING THE COMMUNICATIONS REPRESENTED IN TX 9049- 9058, ALL OF WHICH ARE INTERNAL MGA DOCUMENTS

As part of its unclean hands defense, MGA claimed that "Mattel has threatened and warned a number of companies not to license MGA properties or risk retribution in that Mattel would cease relations with the company or decline to renew its licensing agreements."[1] In connection with that defense, MGA identified several hearsay email communications between MGA and third-party entities. TX 9049-9058. No Mattel employees are senders or recipients of, or are otherwise identified on, these emails.

On June 21, 2010, MGA produced Stephen Schultz to testify as its 30(b)(6) designee on Topic 28, the factual bases for MGA's affirmative defenses, including its unclean hands defense and its allegations concerning Mattel's alleged practice of threatening licensees who also do business with MGA. Mr. Schultz was questioned about MGA's knowledge of the facts and circumstances supporting its allegations relating to the licensees that Mattel supposedly threatened. When asked about the specific communications between MGA and third-party entities identified by MGA in its Supplemental Response to Mattel Inc.'s Second Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses ("Interrogatory Response") as showing that these entities told MGA that Mattel told certain licensees not to do business with MGA (TX 9049-9058), Mr. Schultz conceded that MGA lacked

---

[1] See MGA's Supplemental Response to Mattel Inc.'s Second Amended Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, at 22.

knowledge of the facts or circumstances supposedly referenced by the third parties in these hearsay communications. More specifically, Mr. Schultz conceded:

- He has no knowledge of any facts or circumstances concerning entities or discussions reflected in TX 9049 (an e-mail from Larry Rosen of Rose Art Industries, headquartered in Montreal, Canada, to Isaac Larian, dated 05/29/2004, stating: "By the way Mattel just terminated all foreign and Fun-Dough agreements due to Bratz. F – them!!").[2]

- He has no knowledge of any facts or circumstances concerning entities or discussions reflected in TX 9050 (an e-mail from Melvin Thomas of The Licensing Company, registered in England and Wales, to Isaac Larian, dated 01/28/2006, stating: "[w]e will appoint another publisher but probably not Egmont as they have been told in no uncertain terms it will affect their Mattel relationship.").[3]

- He has no knowledge of any facts or circumstances concerning entities or discussions reflected in TX 9051 (an e-mail from Frank Knau, of a German company, Egmont, to Isaac Larian, dated 01/11/2007, rejecting Larian's proposal for a Bratz magazine because he does not want to undermine his business relationship with Mattel).[4]

- He has no knowledge of any facts or circumstances concerning entities or discussions reflected in TX 9052 (an e-mail from Nick Austin of Vivid Entertainment to Isaac Larian, dated 03/16/2005, stating that Mattel has threatened to pull ad spending from a trade magazine if that

---

[2] Deposition Transcript of MGA's 30(b)(6) Witness ("Schultz Tr.") Vol. V, dated June 21, 2010, at 1416:13-1417:8 (testifying no knowledge or information as to what facts and circumstances employees of any of the entities listed on pages 30 or 31 of MGA's Interrogatory Responses have knowledge of as it relates to MGA's unclean hands defense. Rose Art Industries is listed on page 31 of the Responses).

[3] Schultz Tr. at 1414:1-12 (testifying no knowledge or information as to what facts and circumstances employees of The Licensing Company have knowledge of as it relates to MGA's unclean hands defense). See also id. at 1415:20-1416:12 (testifying no knowledge or information as to what facts and circumstances employees of Egmont have knowledge of as it relates to MGA's unclean hands defense).

[4] Schultz Tr. at 1415:20-1416:12 (testifying no knowledge or information as to what facts and circumstances employees of Egmont have knowledge of as it relates to MGA's unclean hands defense and that he did not even know what type of outfit Egmont is or what it does).

      magazine covers Bratz and/or other MGA products in its editorial space).[5]

- He has no knowledge of any facts or circumstances concerning entities or discussions reflected in TX 9053 (an e-mail from Francis Choi of Early Light, based in Hong Kong, dated 05/06/2004, informing Stephen Lee that Mattel informed him that if they manufacture Bratz or other competing products, Mattel will terminate its manufacturing relationship with Early Light).[6]

- He has no knowledge of any facts or circumstances concerning entities or discussions reflected in TX 9054 (an e-mail from Cory Schwartz to Shirin Salemnia of MGA, dated 02/24/2004, stating that they cannot do research for MGA because of an unidentified "current conflict.").[7]

- He has no knowledge of any facts or circumstances concerning entities or discussions reflected in TX 9055 (an e-mail chain between Isaac Larian, Sandra de Raspide, and Morten Geschwendtner, an employee of a Danish licensee, beginning on 09/26/2002, discussing other licensees, including Egmont, Euromic, MV Sports, and Hart Concepts that Mattel has allegedly pressured not to do business with competitors).[8]

---

[5] Schultz Tr. at 1416:13-1417:8 (testifying no knowledge or information as to what facts and circumstances employees of any of the entities listed on pages 30 or 31 of MGA's Interrogatory Responses have knowledge of as it relates to MGA's unclean hands defense. Nick Austin, an employee of Vivid Entertainment, is listed on page 31 of the Responses).

[6] Schultz Tr. at 1416:13-1417:8 (testifying no knowledge or information as to what facts and circumstances employees of any of the entities listed on pages 30 or 31 of MGA's Interrogatory Responses have knowledge of as it relates to MGA's unclean hands defense. Early Light and Francis Choi are listed on page 31 of the Responses).

[7] Schultz Tr. at 1416:13-1417:8 (testifying no knowledge or information as to what facts and circumstances employees of any of the entities listed on pages 30 or 31 of MGA's Interrogatory Responses have knowledge of as it relates to MGA's unclean hands defense. Corey Schwartz is mentioned on page 30 of the Responses).

[8] Schultz Tr. at 1414:13-1415:2 (testifying no knowledge or information as to what facts and circumstances employees of Euromic have knowledge of as it relates to MGA's unclean hands defense). See also id. at 1415:20-1416:12 (testifying no knowledge or information as to what facts and circumstances employees of Egmont (footnote continued)

- He has no knowledge of any facts or circumstances concerning entities or discussions reflected in TX 9056 (an e-mail from Graham Stephen, of Character Licensing and Marketing of South Africa, to Sandrine de Raspide of MGA, dated 09/23/02, stating that Mattel is "obviously very threatened by Bratz" and that "if any Barbie licensees sign on for Bratz they will take away Barbie.").[9]

- He has no knowledge of any facts or circumstances concerning entities or discussions reflected in TX 9057 (an e-mail from Morten Geschwendtner, an employee of a Danish licensee, to Mitchell Kamarck of MGA, dated 12/04/2002, stating "you have the letter from Neils Bucsholst re their Mattel cooperation and the end of it" relating to communications with Kidz Entertainment and Euromic).[10]

- He has no knowledge of any facts or circumstances concerning entities or discussions reflected in TX 9058 (an e-mail from Hayley Sussman, an employee of a company based in the UK, to Sandrine de Rapside of MGA, dated 06/18/2002, stating "[a] number of companies are uncomfortable about proceeding with a Bratz license as they are concerned about losing their Barbie rights," including Smith & Brooks, Zeon and Gemma).[11]

---

have knowledge of as it relates to MGA's unclean hands defense); id. at 1416:13-1417:8 (testifying no knowledge or information as to what facts and circumstances employees of any of the entities listed on pages 30 or 31 of MGA's Interrogatory Responses have knowledge of as it relates to MGA's unclean hands defense. MV Sports and Hart Concepts are mentioned on page 31 of the Responses).

[9] Schultz Tr. at 1415:3-19 (testifying no knowledge or information as to what facts and circumstances Graham Stephen and employees of Character Licensing and Marketing have knowledge of as it relates to MGA's unclean hands defense).

[10] Schultz Tr. at 1413:11-25 (testifying no knowledge or information as to what facts and circumstances employees of Kidz Entertainment have knowledge of as it relates to MGA's unclean hands defense); see also id. at 1414:13-1415:2 (testifying no knowledge or information as to what facts and circumstances employees of Euromic have knowledge of as it relates to MGA's unclean hands defense).

[11] Schultz Tr. at 1416:13-1417:8 (testifying no knowledge or information as to what facts and circumstances employees of any of the entities listed on pages 30 or 31 of MGA's Interrogatory Responses have knowledge of as it relates to MGA's unclean hands defense. Smith & Brooks and Zeon are mentioned on page 30 of the Responses, and Gemma is mentioned on page 31 of the Responses).

Based on Mr. Schultz's 30(b)(6) testimony, MGA should be precluded from introducing any evidence or argument—whether through Mr. Eckert or otherwise—relating to the email communications identified as TX 9049-9058. See Icon Enterprises Intern., Inc. v. American Products Co., 2004 WL 5644805, at *6 (C.D. Cal. Oct. 7, 2004) (finding that plaintiff corporation was bound by the testimony of its 30(b)(6) witness, although the testimony did not constitute a judicial admission); Board of Trustees of Leland Stanford Junior University v. Tyco Intern. Ltd., 253 F.R.D. 524, 525-26 (C.D. Cal 2008) (explaining that a 30(b)(6) designee's testimony is the corporation's testimony, and "the testimony may be used at trial by an adverse party for any purpose") (internal citations omitted).

## II. MR. ECKERT SHOULD NOT BE EXAMINED ON ANY OF THE INTERNAL MGA CORRESPONDENCE BETWEEN MGA AND THE THIRD-PARTY ENTITIES REPRESENTED IN TX 9049-9058

As set forth above, all of the email communications between MGA and the third-party entities represented in TX 9049-9058 are internal MGA documents that MGA produced in this case. No one from Mattel—including Mr. Eckert—was copied on any of these email communications. None of these email communications were forwarded to Mr. Eckert or any other Mattel employees and no Mattel employees were mentioned in the emails. Consequently, MGA should be precluded from examining Mr. Eckert in his individual capacity on any of the email communications designated as TX 9049-9058 at trial. See Federal Rule of Evidence 602 (providing, in relevant part, that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); see also Eichman v. Fotomat Corp., 880 F.2d 149, 166 (9th Cir. 1989) (citing Federal Rule of Evidence 602 for the proposition that only witnesses with personal knowledge may testify); Riley v. Giguiere, 631 F.Supp.2d 1295, 1313 (E.D. Cal. 2009) (stating that, "with limited exceptions, a witness may only testify on matters for which it is established that he had personal knowledge").

Nor should Mr. Eckert be examined as a corporate designee. Topic 9, which MGA asserts Mr. Eckert was a designee on, sought "***Communications between Mattel and its licensees and/or potential licensees*** regarding potential or actual licenses with MGA, including but not limited to any and all discussions concerning Bratz and 4-Ever Best Friends."[12] (Emphasis added). TX 9049-9058, however, are all ***communications between MGA and third-party entities*** concerning licensing. Mr. Eckert was never designated as a 30(b)(6) witness on any topic that would encompass communications between MGA and third parties and thus has no company information to impart either. It also would not be proper to require Mattel to provide corporate testimony on the internal MGA communications at issue here.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant its Motion In Limine to preclude MGA from introducing, asserting, relying on, or making any argument based on any hearsay statements between MGA and various non-parties re: licensing (TX 9049-9058), in connection with Mr. Eckert's examination or otherwise.

DATED: March 30, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Michael T. Zeller*
Michael T. Zeller
Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

---

[12] See MGA's Third Phase 2 Notice, at 8.