ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' SUPPLEMENTAL TRIAL BRIEF REGARDING DEPOSITION TESTIMONY OF TYLER BRADLEY**<br><br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

# INTRODUCTION

MGA has previously apprised the Court of the unique significance of Tyler Bradley's testimony. Dkt. No. 10242. Briefly, she is the only member of Mattel's Market Intelligence Department to admit that she may have entered MGA's showroom at the 2001 New York Toy Fair. Bradley Depo. 55:15-24, 91:3-11. Ms. Bradley is also the jury's window into the full extent of Mattel's efforts to spy on its competitors. She did not merely use fake "Toy Tree" business cards, but obtained fake invoices and created phony advertising for a nonexistent toy store. Bradley Depo. 123:19-124:8. Her testimony is important, particularly in light of Mattel's attempt to paint Sal Villasenor as the lone employee of a nonexistent department. *See, e.g.,* 3/29/2011 Tr. (Vol. 2) at 28:8-19. By procuring her unavailability, Mattel attempts to hamstring MGA's trade secrets case. And by refusing to allow her deposition to be provided to the trier of fact, the Court commits reversible error.

# ARGUMENT

This Court has made it clear from the beginning that it disfavors the use of deposition testimony. Nevertheless, the Court properly allowed Mattel to read to the jury the deposition testimony of an unavailable witness, who was not under either party's control. 2/11/2011 Tr. (Vol. 1) at 7:12-15, 11:19-18:1. The Court has also clearly warned that it would provide an adverse inference instruction if either party failed to produce a witness "in their control," which was taken to mean current or former employee, or even a witness who only has a business relationship with either party. 1/14/2011 Tr. (Vol. 1) at 77:1-78:5.

Throughout this trial, MGA has assured the availability of every witness Mattel has requested, including those who are not employed by MGA and who reside outside of this Court's jurisdiction. MGA procured the appearance of Carter Bryant, who resides in Missouri and was never an MGA employee. MGA also provided Susanna Kuemmerle, a citizen of Mexico who has not been employed by

1  MGA for years.  Ms. Kuemmerle could have sought and likely obtained a motion to
2  quash service.  Instead, MGA persuaded Ms. Kuemmerle to testify although her
3  appearance fell on the eve of an extended intercontinental business trip and
4  although her appearance ultimately required her to alter those plans.  MGA did so
5  because it heeded this Court's clear instruction regarding its preference for live
6  testimony and the consequences promised for failure to abide by the Court's
7  instructions.

8       Mattel must be held to the same standard.  Mattel not only failed to procure
9  Tyler Bradley's testimony, it actually paid for her motion to quash MGA's
10 subpoena to testify via videoconference from Georgia.  Whether the Northern
11 District of Georgia upheld the motion Mattel bought and paid for is irrelevant: Ms.
12 Bradley is Mattel's witness, she is free to testify either here or by videoconference,
13 and she has not.

14      Either Ms. Bradley is not under Mattel's control, in which case her deposition
15 testimony, like Maureen Tkacik's, should be admitted pursuant to Federal Rule of
16 Civil Procedure 32(a)(4) or Ms. Bradley is under Mattel's control and an adverse
17 inference should result.  *See also* Fed. R. Evid. 804(b)(1) (permitting the use of the
18 deposition of an unavailable witness); Fed. R. Evid. 804(a)(5) (unavailability
19 includes situations in which the witness is absent and the proponent is unable to
20 procure attendance by process or by other reasonable means); *see also, e.g.,*
21 *Nationwide Life Insurance Co. v. Richards*, 541 F.3d 903, 907 (9th Cir. 2008)
22 (district court properly admitted deposition testimony of witness where the witness
23 resided more than 100 miles from the jurisdiction of the court).

24      Refusal to admit the deposition testimony of Ms. Bradley is reversible error.
25 *Walden v. Sears, Roebuck and Co.*, 654 F.2d 443, 446-47 (5th Cir. 1981)
26 (prejudicial error to exclude deposition testimony where it was not cumulative, was
27 distinctly and uniquely related to the testimony of other witnesses at trial, and of
28 such nature that it could have affected the jury's responses to the interrogatories);

1    *Battle v. Memorial Hospital*, 228 F.2d 554, 551-553 (5th Cir. 2000) (exclusion of deposition witness living more than 100 miles from district was not harmless error where the testimony was not merely cumulative and added information). Ms. Bradley's was the sole employee from the girls team sent to the 2001 New York Toy Fair to spy on Mattel's competitors. Bradley Depo. 55:15-24, 91:3-11. This fact is highly relevant to MGA's statute of limitations defense because it demonstrates Mattel's knowledge of the Bratz before they even came to market. Her report even recognizes that Bratz resembles Mattel's Diva Starz, calling Bratz "Diva Starz with a smarty attitude." TX. 9502-10; TX 8415-8. She is also the only witness to confirm having infiltrated the MGA showroom in 2002 using fake business cards, fake invoices, and fake advertising. Bradley Depo. 123:19-124:8, 124:22-125:3, 125:18-23. She subsequently distributed a report to senior management specifically addressing Bratz. TX. 9643; Bradley Depo. 159:11-19. In sum, her testimony is important to proving MGA's claims against Mattel and to proving that Mattel's claims against MGA are barred by the statute of limitations.

## CONCLUSION

For these reasons, the Court should allow excerpts of the deposition testimony of Tyler Bradley to be played for the jury or, in the alternative, should issue an adverse inference instruction.

Dated: March 30, 2011      Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   */s/ Warrington S. Parker III*
    Warrington S. Parker III
    Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN