UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                                Date: March 30, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Nancy Boehme | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                         NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER CONCERNING SCOPE OF CLAIMED TRADE SECRETS

      Mattel contends that MGA is estopped from claiming that its FOB prices are trade secret information. However, Mattel has been on notice that the claimed trade secrets in this case included the pricing information displayed by MGA at its trade show private showrooms. See Am. Order on Motions for Summary Judgment (Docket 9600) at 161:11-12 ("[T]he press releases cited by Mattel certainly don't reveal the depth of information available to retailers at toy fairs, including *pricing*, marketing techniques, and product information.") (emphasis added). In addition, MGA's trade secret chart — filed in compliance with the Court's February 1, 2011 Minute Order — lists as a trade secret the marketing information available in MGA's allegedly private toy fair showrooms and separately identifies a Mattel document that lists MGA's pricing information as evidence of use. See Docket 9948 (identifying trade secrets and evidence of use). Both the summary judgment briefing and MGA's subsequently filed trade secret claims chart put Mattel on notice of the fact that MGA's claimed trade secrets include the pricing information available in its private toy fair showrooms. This pricing information accordingly falls within the scope of the claimed trade secrets on which the jury will be asked to render a verdict.

      However, Mattel should be afforded the same opportunity to tighten its claimed trade secrets. Mattel separately identified certain "concepts" and "ideas" as trade secrets, but later expressed concern that it would be precluded from arguing to the jury that its claimed trade secrets are limited to the *specific* "Bratz" concepts developed by Carter Bryant. The Court will accordingly permit Mattel to

identify its Bratz-related trade secrets as simply: the information contained in the works (or any combination of works) that Carter Bryant conceived or reduced to practice at any time during his employment with Mattel. Mattel can elect for this formulation as an alternative to the operative nine "buckets" of Bratz-related trade secrets. MGA's concerns about prejudice are unconvincing because MGA has long been on notice that Mattel claims as trade secrets all the information contained in Bryant's sketches and sculpts. Mattel shall make its position known to the Court orally on the record on or before 7:00 p.m. PST on March 31, 2011.

       The Clerk shall serve this minute order on all parties to the action.