UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)　　　　　　　　　　　　　Date: March 30, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

　　Nancy Boehme　　　　　　　　　　　　　　　　　Not Present
　　Courtroom Clerk　　　　　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT　　　　　　　　　　　　　　　　NONE PRESENT

PROCEEDING (IN CHAMBERS): RE TRIAL TO JURY OF UNCLEAN HANDS, LACHES, AND ALTER EGO

　　　　The Court has already concluded that it will not try Mattel, Inc. ("Mattel") and MGA Entertainment, Inc. ("MGA")'s claims for violations of Cal. Bus. & Prof. Code § 17200 to an advisory jury because the claims are superseded in part by the parties' claims under the California Uniform Trade Secrets Act, *see* Cal. Civ. Code § 3426.1, *et seq.*, *see also K.C. Multimedia, Inc. v. Bank of America Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 961 (2009), and there is a substantial risk of jury confusion that results from trying the trade secrets and section 17200 claims simultaneously. Moreover, both parties have not consented to a *binding* verdict by an advisory jury on their section 17200 claims, *see* Fed. R. Civ. P. 39(c)(2), and the Court would need to issue written findings of fact and conclusions of law regardless of the advisory jury's verdict. *See* Fed. R. Civ. P. 52.

　　　　In light of the parties' failure to consent to a binding advisory jury verdict on any of the equitable claims and defenses, and to ensure symmetry, the Court will not try equitable claims or defenses to an advisory jury. To determine whether a right to jury trial exists on a particular claim or defense, the Court undertakes the two part test set forth in *Tull v. United States*: "First, we compare the . . . action to 18th-century actions brought in the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." 481 U.S. 412, 417-18 (1987). "The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990). That general standard guides the Court's determination of whether MGA's

MINUTES FORM 11 DOC　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk nkb
CIVIL - GEN　　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 3

affirmative defenses of unclean hands and laches, as well as Mattel's allegation of alter ego liability, are equitable in nature.

### 1. Unclean Hands

The unclean hands defense has been raised by MGA against Mattel's counterclaims for trade secret misappropriation and intentional interference with contractual relations. Mattel has likewise raised the unclean hands affirmative defense against MGA's counterclaim-in-reply for trade secret misappropriation.

Though raised in response to claims at law, the unclean hands affirmative defense still seeks an equitable remedy. In *Fibreboard Paper Prods. Corp. v. East Bay Union of Machinists, Local 1304*, the California Court of Appeal recognized the quintessentially equitable nature of the defense: "[I]n a case involving flagrantly unconscionable conduct [] a court may *sua sponte* apply the clean hands doctrine on the grounds of public policy and as a means of protecting the court's integrity." 227 Cal. App. 2d 675, 727 (1964) (citations omitted). The unclean hands defense satisfies this equitable purpose regardless of whether the claim against which it is interposed is legal or equitable in nature. *Id.* (holding that unclean hands defense can be raised in response to a claim for monetary damages) (citing *A.I. Gage Plumbing Supply Co. v. Local 300 of Int'l Hod Carriers*, 202 Cal. App. 2d 197, 206 (1962)). But the nature of the underlying claim — legal or equitable — does not affect the fact that the unclean hands defense is born in equity. *See Unilogic, Inc. v. Burroughs Corp.*, 10 Cal. App. 4th 612, 622 (1992). If the defense is interposed against a legal claim, "the trial court has discretion whether to submit [the] defense to the jury." *Id.*

The Court declines to send the unclean hands defense to the jury in this case. The evidence in this case concerns allegations of varied misconduct by all parties. It is likely that the jury will struggle to observe the maxim that "[t]he misconduct which brings the clean hands doctrine into operation must ***relate directly*** to the transaction concerning which the complaint is made." *See Fibreboard*, 227 Cal. App. 2d at 728 (emphasis added).

### 2. Laches

Laches is also an equitable defense. *See Reiffen v. Microsoft Corp.*, 270 F. Supp. 2d 1132, 1152 (N.D. Cal. 2003). There is no right to a jury trial on this affirmative defense. *Id.* The Court accordingly declines to submit the defense to the jury for its consideration. *See* Fed. R. Civ. P. 39(c).

### 3. Alter Ego Liability

The sole published decision to address the issue in this Circuit has concluded that the doctrine of alter ego liability is equitable in nature. *See Siegel v. Warner Bros. Entmn't Inc.*, 581 F.

Supp. 2d 1067, 1074-76 (C.D. Cal. 2008).  In *Siegel*, the court cited with approval the Seventh Circuit's decision in *Int'l Fin. Servs. v. Chromas Tech.*, which held that the alter ego doctrine "is merely a procedural means of allowing liability on a substantive claim."  *See id.* at 1074 (citing 356 F.3d 731, 735 (7th Cir. 2004) (alterations to quotation omitted)).  Though *Siegel* recognized that the alter ego doctrine traced back to both common law and equity, it ultimately concluded that the nature of the relief sought "rests . . . on an exercise of discretion, not of compulsion" pursuant to an analytical rubric that "requires an equitable assessment of whether maintaining the corporate form would be 'inequitable[.]'" 581 F. Supp. 2d at 1075.

The facts in this case likewise confirm that the nature of the relief sought under the alter ego doctrine is fundamentally equitable.  Mattel alleges that MGA Entertainment, Inc., MGA Entertainment (Hong Kong) Limited, MGAE de Mexico, and Isaac Larian are alter egos of one another and that any judgment obtained against one entity should be recoverable against all others.  In a convincing passage, the Seventh Circuit explained why any evaluation of this type of allegation requires an equitable balancing best performed by the court:

> [D]etermining whether there is such a "unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist" is essentially a question of fact. Deciding this question of fact depends on whether there was inadequate capitalization, a failure to observe corporate formalities, commingling of funds, an absence of corporate records, etc., and a jury is arguably capable of resolving such issues. However, the balance of the veil-piercing analysis-deciding whether adhering to the fiction of a separate corporate existence would promote injustice or inequity-is the type of equitable determination that a jury is not to decide.

356 F.3d at 738.

Because the reasoning set forth in *Siegel* and *Chromas Tech.* is both convincing and on-point, this Court declines to send the issue of alter ego liability to the jury.

The Clerk shall serve this minute order on all parties to the action.