**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                          Date: March 30, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Nancy Boehme | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                               NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER RE RON BRAWER SURVEILLANCE VIDEOTAPES

       Subject to one condition, the Court will allow the compilation of Mattel's video surveillance of Mr. Brawer into evidence for two reasons.

       First, Mattel has alleged in its trade secret misappropriation claim that Mr. Brawer misappropriated the product concept behind the MyScene Swappin' Styles doll. On March 9 and March 10, 2011, Mattel elicited testimony during its case in chief that Mr. Brawer was exposed to the Swappin' Styles concept and that MGA released a similar product called Head Gamez soon after Mr. Brawer left Mattel. The testimony can be found at docket 10183, pages 7 to 8, and docket 10182, pages 109 to 116. The witness was Ms. Nordquist. The clear inference was that Mr. Brawer had shared the concept with MGA in some nefarious fashion. The videos actually rebut that proposition, because in literally one week of surveillance, the investigators did not discover that Brawer did anything untoward.

       Second, the video undermines the inference that MGA or Larian had anything to do with all the other acts of misappropriation by departing Mattel employees. Mattel's pleading makes clear that Ron Brawer was a driving force in recruiting Mattel employees to come to MGA. Brawer is alleged to have recruited or supported the recruitment of, among others, Dan Cooney, Jorge Castilla, and Nick Contreras. Brawer also had connections to Gustavo Machado. MGA should be able to argue that if Larian did not induce one of the most important former Mattel employees to steal trade secrets, then it is unreasonable to conclude that Larian induced numerous low level employees to do so.

MINUTES FORM 11 DOC                                        Initials of Deputy Clerk nkb
CIVIL - GEN                                                                   Page 1 of 2

Though, as a general matter, the probative value of the videotapes outweighs their prejudicial effect, the videotapes should not be edited to only display Mr. Brawer's family members, while excluding Mr. Brawer. Thus, the Court will permit MGA to introduce only those portions of the videotapes that depict Mr. Brawer, whether alone or with others. However, MGA can inquire of Mr. Brawer as to whether his wife and children were separately surveilled.

The Clerk shall serve this minute order on all parties to the action.