**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                            Date: March 30, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

　　Nancy Boehme　　                                                        　　Not Present　　
Courtroom Clerk                                                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                                  NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER REGARDING EVIDENCE CONCERNING MATTEL LAWSUIT IN LOS ANGELES COUNTY SUPERIOR COURT AGAINST RON BRAWER

　　　　MGA seeks to introduce evidence that Mattel filed a declaratory relief action against Ron Brawer in Los Angeles County Superior Court. The state trial court granted a demurrer to Mattel's complaint with leave to amend, and the decision was reviewed by the California Court of Appeal. Mattel terminated its lawsuit against Mr. Brawer after Mr. Brawer promised to comply with Mattel's Code of Conduct, even after his resignation from Mattel. MGA argues the evidence is relevant to (1) explain Mr. Brawer's bias, if any, against Mattel; and (2) rebut Mattel's claim that Brawer informed MGA about the activities of Mattel's "market intelligence" department.

　　　　The issue of whether Mr. Brawer informed MGA about Mattel's "market intelligence" department is irrelevant. This Court has twice ruled that MGA's counterclaim-in-reply for trade secret misappropriation relates back to November 20, 2006 — the date on which Mattel moved for leave to file an amended complaint in its lawsuit (CV 04-9059) against Carter Bryant. MGA's counterclaim-in-reply is accordingly timely unless MGA knew or through the exercise of reasonable diligence should have discovered the alleged misappropriation on or before November 20, 2003. See Cal. Civ. Code § 3426.6. Mr. Brawer did not leave Mattel until October 2004 and Mattel does not allege that he could have educated MGA about the "market intelligence" department prior to that date.

　　　　However, Mattel has still elicited testimony about Mr. Brawer's knowledge of the

"market intelligence" department.  See, e.g., Trial Tr., dated March 23, 2011, Vol. I, at 47-51.  Mattel has also suggested that it intends to question Mr. Brawer about whether he informed MGA about Mattel's "market intelligence" department soon after leaving Mattel.  The Court anticipates that Mattel intends to elicit this testimony in order to set its record for an appeal of the Court's relation back rulings — a perfectly legitimate and appropriate purpose that will aid the appellate court to determine whether any error by the Court was harmless.

       Nonetheless, MGA should be permitted to rebut this line of questioning by asking Mr. Brawer about whether the lawsuit by Mattel chilled him from discussing Mattel's corporate hierarchy and operations, including its "market intelligence" department, with MGA.  Mattel notes Brawer's deposition testimony contradicts this claim, but that is an issue best resolved by the fact-finder.

       In all events, the fact of the lawsuit between Mattel and Brawer is also relevant to explaining Brawer's bias, and the fact-finder is entitled to consider his covenant to abide by the Mattel Code of Conduct, in light of Mattel's allegation that Brawer misappropriated Mattel's MyScene Swappin' Styles product concept.  Cf. Minute Order on Motions in Limine at 1 (Docket 9669) at 1 (denying MGA's motion in limine to exclude evidence of the arbitration between Isaac Larian and Farhad Larian).

       The Clerk shall serve this minute order on all parties to the action.