ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S REQUEST FOR ADMISSION OF CARTER BRYANT DRAWING EXHIBITS INTO EVIDENCE**<br><br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

1    Mattel seeks to admit exhibits that Mattel did not offer into evidence.  The
2 exhibits in question are not on the admitted exhibit list and never have been on that
3 list.  They should not be admitted now.
4    As the passage Mattel quotes in its brief makes clear, there are disputes
5 concerning these drawings—specifically the dates when these drawings were done
6 and what they relate to.  When Bryant did drawings is one of the most hotly
7 contested issues in this case.  Indeed, Mattel has gone so far as to call expert after
8 expert to suggest to the jury that Bratz drawings were not done in 1998.  Witnesses
9 have even appear from Georgia to talk about notary entries that confirm the 1998
10 Bratz creation date. Charlotte Main had to fly in from Georgia to testify that she
11 received the notary book that corroborates Bryant's testimony that he did Bratz
12 drawings in 1998.  2/18/11 (Vol. 1) 5-16; TX 60.  Ramona Prince had to testify at
13 trial concerning that entry.  3/16/11 (Vol. 1) 51-106
14    So, if the documents are now introduced, Mattel will be given the opportunity
15 to argue whatever it will about these documents.  Meanwhile, MGA will have no
16 actual facts to rebut any such claim.  This Court need only think back to the
17 testimony of Sarah Odom to see how much questioning makes a difference.  2/4/11
18 (Vol. 3) 24-37 (Odom Testimony).  Recall that Mattel just wanted to put in pages
19 from certain Yearbooks to suggest that Bryant would never have been inspired by
20 kids at Kickapoo High School.  Had MGA been deprived of an opportunity to
21 actually question a witness from Kickapoo High School about those Yearbooks, the
22 jury would have been left with the impression that somehow Kickapoo was an
23 anachronistic backwater.  And this is precisely what Mattel did in Phase 1.
24    The concern also is that Mattel's failure to introduce these exhibits sheltered
25 Mattel's experts from any questioning concerning these exhibits.  As this Court will
26 recall, even where documents were positioned in Bryant's notebooks are relevant
27 and even if they were not Bratz drawings.  Lloyd Cunningham, for example, had to
28 admit that certain non-Bratz drawings that were in the same notebook as Bryant's

1  Bratz drawings cast doubt on Mattel's claim that Bryant did not create Bratz in
2  1998.  2/4/11 (Vol. 1) Tr. 10-29.  This is no small complaint.  Again, going back to
3  Cunningham, Mattel in at least two instances failed to provide Cunningham
4  information or did not ask him to provide opinions that ran counter to Mattel's
5  claims.  *See* 2/3/11 (Vol. 3) Tr. 38 (failure to provide testimony of Prince); 2/4/11
6  (Vol. 1) Tr. 29 (failure to request opinion).

7  So, having avoided any questioning on the exhibits at issue, Mattel just wants
8  to introduce them wholesale so that Mattel can say whatever it wishes.  This is
9  prejudicial to say the least.  And frankly, it was calculated.

10  This Court made clear that Mattel was to raise the issue of these exhibits on
11  the day Mattel raised the point.  *See* Mattel Mtn. at 3-4 & n. 2.  Bryant remained on
12  the stand for two days after this request.  He was a witness on the stand until
13  February 3, 2011.  Mattel did not raise the issue again or seek its resolution by this
14  Court.

15  Moreover, after each trial day the parties meet and confer about those
16  exhibits that have been admitted into evidence.  And, there is weekly reconciliation
17  with this Court's clerk concerning the exhibits that have been admitted.  Therefore,
18  Mattel has known since at least February 1, 2011—for two months—that these
19  exhibits were not admitted.

20  The exhibits at issue should not be admitted into evidence.

21

22  Dated: March 31, 2011           Respectfully submitted,
23                                  ORRICK, HERRINGTON & SUTCLIFFE LLP
24
25                                  By:  */s/ Warrington S. Parker III*
                                         Warrington S. Parker III
26                                       Attorneys for MGA ENTERTAINMENT, INC.,
                                         MGA ENTERTAINMENT HK, LTD., MGA de
27                                       MEXICO, S.R.L. de C.V., and ISAAC LARIAN
28