ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
Telephone: 415-773-5700
Facsimile:  415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile:  213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>　　　　　Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**MGA PARTIES' OBJECTION TO WORK-MADE-FOR-HIRE JURY INSTRUCTION**<br><br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

## AVAILABILITY OF WORK-MADE-FOR-HIRE-DOCTRINE

The Court has already determined that Mattel is permitted to avail itself of the work-made-for-hire doctrine. It is for you to determine whether any work prepared by Carter Bryant while he was employed by Mattel is a work-made-for-hire, pursuant to the previous instruction setting forth the requirements of a work-made-for-hire. Whether Mattel stated on its applications for copyright registration that a particular work prepared by Carter Bryant is or is not a work-made-for-hire has no bearing on whether the work actually is a work-made-for-hire, and you should not consider Mattel's applications for copyright registration in making that determination.

**Authority:** Dkt. No. 9696 at 3 ("[T]he Court, and not the fact-finder, must resolve whether Mattel can avail itself of the work-made-for-hire doctrine. That issue has already been resolved in Mattel's favor.")' Self-Realization Fellowship Church v. Ananda Church of Self-Realization, 206 F.3d 1322, 1328 (9th Cir. 2000) ("This circuit has held…that a party's own descriptions of the nature of its copyright at the time of copyright registration or renewal is not conclusive.").

**OBJECTION:**

The MGA Parties object to this instruction on grounds that it is an incorrect statement of the law. While evidence of a party's own descriptions "is not conclusive," as noted by Mattel's own parenthetical, evidence of the party's intent is relevant and may and should be considered by the court or jury when determining whether the work was a work-made-for-hire. *See Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1328 (9th Cir. 2000) ("The existence of a transfer or assignment of common law copyright, however, is a factual question of the author's intent…. The 1935 assignment is not dispositive as to Yogananda's writings after 1935, but it is **relevant to this factual issue**."); *see also Twentieth Century Fox Film Corp., v. Entm't Distrib.*, 429 F.3d 869, 881-82 (2005) (evidence of intent of the parties is relevant to determination of whether work was a work-made-for-hire).

Accordingly, if a jury instruction on this topic is given to the jury, the instruction should be given as follows:

### **AVAILABILITY OF WORK-MADE-FOR-HIRE-DOCTRINE**

The Court has determined that Mattel is permitted to avail itself of the work-made-for-hire doctrine. It is for you to determine whether any work prepared by Carter Bryant while he was employed by Mattel is a work-made-for-hire, pursuant to the previous instruction setting forth the requirements of a work-made-for-hire. You may consider the fact that Mattel stated on its copyright applications that ownership of Carter Bryant's work was based on a theory of assignment, not work-made-for-hire, as evidence of Mattel's intent as to its ownership of that work.

**Authority**: Dkt. No. 9696 at 3 ("[T]he Court, and not the fact-finder, must resolve whether Mattel can avail itself of the work-made-for-hire doctrine. That issue has already been resolved in Mattel's favor."); *Self-Realization Fellowship*

- 2 -

*Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1328 (9th Cir. 2000) ("The existence of a transfer or assignment of common law copyright, however, is a factual question of the author's intent…. The 1935 assignment is not dispositive as to Yogananda's writings after 1935, but it is relevant to this factual issue."); *see also Twentieth Century Fox Film Corp., v. Entm't Distrib.*, 429 F.3d 869, 881-82 (2005) (evidence of intent of the parties is relevant to determination of whether work was a work-made-for-hire.

Dated: March 31, 2011

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Warrington S. Parker*
WARRINGTON S. PARKER III
Attorneys for MGA Parties

- 3 -

Objection to WMFH Instruction
Case No. CV 04-9049 DOC (RNBx)