QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar. No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V.,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S RESPONSE TO THE MGA PARTIES' OBJECTION TO DISCOVERY MATTER ORDER NO. 108**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Pre-trial Conf: January 4, 2011<br>Trial Date: January 18, 2011 |

Discovery Matter Order No. 108 ordered the production of "a complete set of the documents from the Villasenor Files referring to 'Bratz' or 'MGA.'" Dkt. No. 10309 at 1. In its objections, MGA argues that the Discovery Master's Order was erroneous and now demands: 1) all documents showing communications between Villasenor and "senior executives" of Mattel; 2) "all other documents tagged by MGA," including "competitive review" reports from 1991, 1992, and 1993; and 3) that the Court impound all 35 boxes of Villasenor documents and not return them to Mattel.

MGA's demands are in violation of the Court's prior orders. As the Court has repeatedly ruled, MGA is limited to discovery of documents that relate to allegations that Mattel employees improperly entered MGA showrooms at Toy Fairs. MGA is not entitled to production of any additional documents.[1]

MGA argues that communications between Villasenor and others are relevant because they "belie" Mattel's assertions that "Mr. Villasenor was a rogue employee who had no approval or interest or supervision of his supervisors or other executives." Obj. at 1. But the documents MGA seeks, showing general communications between Villasenor and "senior executives," do not relate to the use

---

[1] See Dkt. No. 8751 at 2-4 (compelling documents limited to "the showrooms of MGA" and "those concerning MGA and MGA's products" and noting that "MGA has consistently resisted Mattel's expansive discovery requests on the grounds that the discovery in this case should be narrowly construed to encompass only the relationship between the two parties."); Dkt. No. 8880 at 4 (granting production of videotaped Mattel market intelligence presentations "as to all presentations that refer to MGA …"); Dkt. No. 8974 at 16 (granting part and denying in part 30(b)(6) topic as "limited to exclude information about the acquisition of non-MGA competitors' products", and similarly limiting another topic because "[s]uch restrictions are consistent with the Court's long-standing management of the discovery process, and ensure reciprocity, since MGA has never had to produce discovery concerning, for example, its theft of trade secrets from competitors other than Mattel.").

1  of false credentials to obtain competitive information from MGA showrooms.  The
2  documents do not even relate to MGA or Bratz in any way.

3  As such, contrary to MGA's assertions, they do not belie any assertion by
4  Mattel in this case.  To the contrary, the fact that employees of Mattel might have
5  exchanged e-mails over the course of years does nothing to show knowledge or
6  approval of activities not discussed in the e-mails.[2]  MGA's objection should be
7  overruled.

8  MGA urges that reports from the early 1990s are relevant because they show
9  that Mattel "had a practice of gathering catalogs and price lists *long before* Sal
10  Villasenor." (Obj. at 1)(emphasis in original).  But again, MGA seeks relief that is
11  barred by the Court's prior orders.  Reports from the 90s have nothing to do with
12  Bratz—they pre-date MGA's sales of Bratz, by up to ten years in some cases.

13  Furthermore, the Court has refused to allow Mattel to present evidence or
14  make inquiries into MGA's Toy Fair activities as to toy companies other than
15  Mattel.  See, e.g., Trial Tr., 3/25/11, Vol.1, at 93:5-95:9 (ordering redaction from
16  TX 22225 of toy companies other than Mattel).  If the Court is going to reverse
17  course and allow MGA to take discovery on Mattel's conduct relating to other
18  competitors, then Mattel should be allowed to take the same discovery from MGA.

19  MGA also objects that 35 boxes of documents must be impounded and not
20  returned to Mattel because of "the difficult history with respect to these documents
21  and the potential for future discovery between the parties regarding these matters,
22  including discovery in the antitrust litigation." Obj. at 2.  This is nonsense.  Mattel
23  preserved these documents, and made them available for immediate inspection upon

---

[2] Further, Mattel produced documents that show communications between Villasenor and "senior executives" – including Matt Bousquette (TX 9445, 9510, 9511, and 9590), Sujata Luther (TX 9278, 9284, 9514, 25162), Drew Vollero (TX
   (footnote continued)

order by the Court.  MGA offers no justification for its extraordinary demand, and this too should be rejected.

DATED:  April 1, 2011                QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ John B. Quinn*
John B. Quinn
Attorneys for Mattel, Inc., and
Mattel de Mexico, S.A. de C.V.

---

9291, 9274, and 9511) and Matt Turetzky (TX 9277, 9291, 9447, 9514, 24742, and 25155).