QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**MATTEL'S RESPONSE TO SECOND DRAFT SPECIAL VERDICT FORM CIRCULATED BY THE COURT**<br><br>Hon. David O. Carter<br><br>Trial Date:   January 18, 2011 |

Plaintiffs Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel"), hereby submit the following response to the Court's Second Draft Special Verdict Form circulated to the parties on March 31, 2011.  Mattel also attaches as Exhibit A a "red-line" version of the Court's Second Draft Special Verdict Form that contains Mattel's proposed responses to the issues addressed below, and as Exhibit B a "clean" version of the same.

## Mattel's Responses to Court's Second Draft Special Verdict Form

1.     Question 4:   The word "exclusively" should be removed because MGA has now withdrawn its joint authorship defense.

2.     The special verdict should contain questions regarding the MGA Parties' willful infringement of Mattel's copyrighted works.  Mattel proposes to add the following question after Question 7:  "Has Mattel proven that MGA Entertainment, Inc., MGA Entertainment (Hong Kong) Limited, and/or Isaac Larian committed willful copyright infringement?"

3.     The special verdict form should contain questions regarding the MGA Parties' willful and malicious misappropriation of Mattel trade secrets.  Mattel proposes to add the following question in each set of questions concerning its trade secret claims (with variations as applicable):  "Has Mattel proven that MGA Entertainment, Inc., and/or Isaac Larian committed willful and malicious misappropriation of Mattel's trade secrets?"

4.     Question 7:   The date April 13, 2002 should be added to the chart because Mattel's January 12, 2007 counterclaims are compulsory and relate back to MGA's April 13, 2005 complaint.

5.     Questions 8, 9, 13, 14, 21 and 22:  MGA's claimed intellectual property should be separately identified in the verdict form in the same way as Mattel's claimed intellectual property.  Thus, just as there is a chart with columns identifying each of the works and trade secrets that Mattel claims that it owns, with

the jury being required to make a separate determination as to each, a similar chart should appear for each of the 114 claimed MGA trade secrets, with the jury being required to make an individual determination as to each.

6. Question 11: The date April 13, 2002 should be added to the chart because Mattel's January 12, 2007 counterclaims are compulsory and relate back to MGA's April 13, 2005 complaint.

7. Question 12: The special verdict form should not include questions concerning the acquisition of information by "improper means," but instead should simply ask whether the jury has found "misappropriation." The jury instructions will adequately inform the jury how it must determine whether there has been "misappropriation," including by determining whether there was an acquisition of trade secret information by "improper means."

8. Question 16: This question related to the statute of limitations for Mattel's claim for misappropriation of non-Bratz trade secrets should be omitted because the Court has already held that this claim is timely as a matter of law. See Dkt. No. 9600 at 96.

9. Questions 18 and 19 (concerning MGA Mexico's and Machado's "liability" for trade secret misappropriation) are redundant given Question 14, which includes a chart that will allow the jury to decide if MGA Mexico and/or Machado "misappropriated" Mattel trade secrets.

10. Questions 20, 25 and 30: To the extent these questions regarding the parties' "inequitable conduct" are intended to refer to the parties' respective unclean hands defenses, these questions should be omitted because the Court has declined to send the parties' unclean hands defenses to the jury. See March 30, 2011 Order at 2.

11. Question 22: The names "Mattel" and "MGA" are reversed, as this question concerns MGA's trade secret misappropriation claim against Mattel.

12. Question 24: The date November 2, 2003 should be changed to November 20, 2003, because the Court held that MGA's trade secret misappropriation claim relates back to Mattel's November 20, 2006 First Amended Complaint. See Dkt. No. 9600 at 159.

13. The heading before the questions concerning Mattel's claim for intentional interference with contract should state: "Mattel's Claim for Intentional Interference with Contractual Relations Against MGA Entertainment, Inc. and Isaac Larian".

14. Question 29: The date April 13, 2003 should be added to the chart because Mattel's January 12, 2007 counterclaims are compulsory and relate back to MGA's April 13, 2005 complaint.

15. Throughout: Questions concerning the MGA Parties' fraudulent concealment should be added following Questions 7, 11 and 29 concerning the statute of limitations. Mattel proposes to add the following questions in those places: "Did MGA Entertainment, Inc., MGA Entertainment (Hong Kong) Limited and/or Isaac Larian fraudulently conceal the bases for the elements of Mattel's claim of [insert name of claim] until at least the following dates?"

16. The special verdict form should contain a question that would establish the predicate findings for Mattel's punitive damages claims. Mattel proposes to add the following question: "Has Mattel proven that MGA Entertainment, Inc., MGA Entertainment (Hong Kong) Limited, and/or Isaac Larian engaged in wrongdoing with malice, oppression, or fraud?"

17. The special verdict form should contain questions that would establish the MGA Parties' joint and several liability. Mattel proposes to add the following question (with variations as applicable): "Did MGA Entertainment, Inc., MGA Entertainment (Hong Kong) Limited and Isaac Larian act together to cause the harm Mattel suffered as a result of the [insert name of claim]."

18. The special verdict form should contain a question asking whether the Court has personal jurisdiction over MGAE de Mexico S.R.L. de C.V and Carlos Gustavo Machado Gomez.

19. Finally, pursuant to the Court's request, Mattel is updating the list of Carter Bryant's drawings identified in Question 1 to indicate which of those drawings is an original and which are duplicates. Mattel will submit that information under separate cover.

DATED: April 1, 2011

QUINN EMANUEL URQUHART & SULLIVAN. LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc. and Mattel de Mexico. S.A. de C.V.