UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)           Date: April 1, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Nancy Boehme | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT           NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER RE DATE OF PRODUCTION OF MATTEL EMAILS CONCERNING NEGOTIATIONS WITH KOHL'S

    The Court will permit MGA's counsel to question witnesses, including Mr. Eckert and Mr. Vollero, about the date of production of this latest batch of emails concerning Mattel's negotiation with Kohl's. During the cross examination of Mr. Larian, Mattel's counsel called into question the good faith of Mr. Larian's belief that Mattel had paid Kohl's to terminate its contract with MGA. At the time, Mr. Larian was unable to substantiate his assertion with any evidence, thus calling his credibility into question. The fact-finder is entitled to learn that Mr. Larian was not able to point to these emails during his examination because these emails had not yet been produced.

    Mattel responds that the jury will improperly conclude that Mattel committed some wrongdoing in withholding the emails. Mattel argues that no Court order or other discovery request compelled the production of these materials until the Court's March 30, 2011 order granting MGA's ex parte application at Docket 9000. Mattel's argument is unconvincing for two reasons.

    First, if in fact there had been no discovery request or order compelling the production of communications between Mattel and Kohl's about MGA, then Mattel would not have produced the initial email from Milt Zablow to Jerry Cleary, dated January 27, 2005, with the subject "KOHL'S – GREAT NEWS BARBIE!!" That email was produced on October 12, 2010, which suggests that there had been prior discovery requests and orders that required the production of such materials, and that

---

MINUTES FORM 11 DOC           Initials of Deputy Clerk nkb
CIVIL - GEN           Page 1 of 2

Mattel may have thereafter selectively disclosed documents.

Second, Discovery Master Infante's May 22, 2007 order compelled the production of exactly these types of materials. Discovery Master Infante's order compelled the production of materials in response to the following two MGA requests for production in MGA's First Set of Requests for the Production of Documents and Things.

> **Request No. 62**: All DOCUMENTS, including but not limited to COMMUNICATIONS, REFERRING OR RELATING TO any interference with or inhibition of the sales or potential sales of MGA's products (including but not limited to "BRATZ") or REFERRING OR RELATING TO any limitations or restrictions on any retailer's ability to purchase, promote, advertise, develop, design or sell "BRATZ" or other MGA products world wide.
>
> **Request No. 64**: All DOCUMENTS, including but not limited to COMMUNICATIONS, REFERRING OR RELATING TO any third party's agreement or decision not to license, manufacture, promote, distribute or sell any MGA products, or supply materials or services to MGA world wide.

In language that is directly applicable to Mattel's dealings with Kohl's, Discovery Master Infante held that "[t]hese requests seek information relevant to MGA's allegation that Mattel interfered with its business dealings." Discovery Master Infante later denied Mattel's request for reconsideration of that order and, in doing so, rejected the contention Mattel now makes that the requests were limited to the specific retailer or licensee relationships listed in MGA's complaint. Instead, Discovery Master Infante held that Mattel's [quote] "belief" [unquote] was "unreasonable"; he held that Mattel's production obligations extended beyond "the specific companies or instances identified in the complaint and interrogatory responses." Docket 688. There is no ambiguity in Discovery Master Infante's order and this batch of communications concerning Kohl's should have been produced earlier.

The Clerk shall serve this minute order on all parties to the action.