ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**THE MGA PARTIES' OBJECTION TO MATTEL, INC.'S PROPOSED JURY INSTRUCTION RE AGENCY**<br><br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

# AGENCY LIABILITY

Mattel claims that subsidiaries of MGA Entertainment, Inc. acted as its agents when they infringed Mattel's copyrights and misappropriated Mattel's trade secrets, and that MGA Entertainment, Inc. is therefore liable for these acts of infringement and misappropriation.

Mattel may establish agency liability by proving (a) general agency, or (b) that the subsidiaries function as MGA Entertainment, Inc.'s corporate representatives.

The three requirements of general agency are as follows:

A.  Manifestation by MGA Entertainment, Inc. that the subsidiaries shall act for it;

B.  Asset by the subsidiaries to act for MGA Entertainment, Inc.;

C.  Control by MGA Entertainment, Inc., but does not require that MGA Entertainment, Inc. actually exercise its control

A.  Manifestation is words or conduct by MGA Entertainment, Inc. that indicate a desire that its subsidiaries act for it.  Manifestation need not take any particular form and it need not be express.  It can be implied from conduct including the acts of setting up the subsidiaries and sales by the subsidiaries.  It may also be shown by sales, marketing, or licensing arrangement between the parent and subsidiaries.  The exclusivity of any such arrangement is further evidence of manifestation.

If after examining the total relationship between MGA Entertainment, Inc. an its subsidiaries, you conclude that MGA Entertainment, Inc.'s words or conduct indicated a desire that its subsidiaries act for it, you should find the first element favors agency liability.

1       B.    Assent is acceptance of the arrangement. It may be inferred from the conduct of the subsidiaries. It is not necessary that the subsidiaries explicitly agree to the undertaking. It is enough if they perform the acts direct by the parent.

      If, after examining the total relationship between MGA Entertainment, Inc. and its subsidiaries, you conclude that the subsidiaries assented to the arrangement, you should find the second element favors agency liability.

      C.    Control exists when there is an understanding between the parent and subsidiaries that the parent is to be in control of the undertaking. It is not necessary that the parent exercise control over the subsidiaries, only that it have the power to do so. Factors you should consider in evaluating MGA Entertainment, Inc's control over its subsidiaries include:

1. The degree and content of communications between the parent and subsidiaries;
2. The degree to which the parent set or participated in setting policy for the subsidiaries
3. The officers and directors which parent and subsidiaries had in common;
4. The parent's reliance on the subsidiaries for revenue production and acknowledgment of the importance of the subsidiaries and other international operations to the overall success of parent's operations, and ;
5. The extent to which the subsidiaries were engaged in the performance of duties which were expressly or impliedly assigned to the subsidiaries (scope of authority).

      If, after examining the total relationship between MGA Entertainment and its subsidiaries, you conclude that the parent had the power to control its subsidiaries, you should find the third element favors agency liability.

      <u>If all three elements favor agency liability, you must conclude that MGA Entertainment, Inc.'s subsidiaries were its agents for the acts in question and MGA Entertainment, Inc. is liable for their activities.</u>

- 2 -

MGA's Objection to Mattel's Proposed Jury Instructions re Agency
Case No. CV 04-9049 DOC (RNBx)

If you do not find that the subsidiaries were agents under the general provisions detailed above, you must then consider whether the subsidiaries are nonetheless agents under the "representative services" doctrine because they function as MGA Entertainment Inc.'s corporate representatives. If, after examining the total relationship between MGA Entertainment, Inc. and its subsidiaries, you conclude that MGA Entertainment, Inc.'s subsidiaries transact business sufficiently important to MGA Entertainment, Inc. that in the absence of its subsidiaries, MGA Entertainment, Inc. would itself conduct this business and sell Bratz products on the international market, you must conclude that MGA Entertainment, Inc. is liable for the acts in question of its subsidiaries.

A finding of agency determines liability only and does not excuse your obligation to assess damages, if appropriate, against each MGA defendant individually.

**Authority:** 9th Cir. Civ. Jury Instr. 4.4-4.6 (2007); *Paramount Farms, Inc. v. Ventilex B.V.*, 735 F.Supp. 2d 1189 (E.D. Cal. 2010); *Dong AH Tire & Rubber Co., Ltd v. Glasforms, Inc.*, 2009 WL 975817 (N.D. Cal. April 10, 2009); *Standing v. Watson Pharmaceuticals Inc.*, 2009 WL 842211 (C.D. Cal. March 26, 2009); *Mohammed v. Watson Pharmaceuticals Inc.*, 2009 WL 857517 (C.D. Cal. March 26, 2009); *Neu v. Terminix Intern.*, Inc., 2008 WL 962096 (N.D. Cal. April 8, 2008); *E. & J. Gallo Winer v. EnCana Energy Services, Inc.*, 2008 WL 2220396 (E.D. Cal. May 27, 2008); Restatement (Third) of Agency (2006); *Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229 (N.D. Cal. 2004); *Modesto City Schools v. Riso Kagaku Corp.*, 157 F. Supp. 2d 1128 (E.D. Cal. 2001); *In re Coupon Clearing Service, Inc.*, 113 F.3d 1091 (9th Cir. 1997); *Nichols v. Arthur Murray, Inc.*, 248 Cal. App. 2d 610 (1967).

**OBJECTION:**

The MGA Parties object to the submission of any "agency" jury instruction because liability on the basis of agency is not supported by the evidence.

Mattel has failed to submit evidence sufficient to meet its burden of proof in order to establish agency liability. As recognized in the cases cited by Mattel, "only in unusual circumstances will the law permit a parent corporation to be held either directly or indirectly liable for the acts of its subsidiary." *Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1234 (N.D. Cal. 2004). Although circumstances involving a subsidiary corporation acting as an agent of the parent corporation may constitute such unusual circumstances, "the independence of a subsidiary from the parent corporation is to be presumed." *E. & J. Gallo Winery v. EnCana Energy Servs.*, 2008 WL 2220396 at *5 (E.D. Cal. 2008) (citing *California v. NRG Energy, Inc.*, 391 F.3d 1011, 1025 (9th Cir. 2004), *rev'd on other grounds by Powerex Corp. v. Reliant Energy Services, Inc.*, 551 U.S. 224 (2007).

In order to overcome this presumption, Mattel has the burden to prove that MGA de Mexico or MGA Canada "is so extensively controlled by [MGA Entertainment, Inc.] that a relationship of principal and agent is created." *E. & J. Gallo Winery*, 2008 WL 2220396 at *5. Proving such control requires proving "more than the mere ownership of stock, [citation] and more that the supervision of finance and capital budget decisions and responsibility for the setting of general policies and procedures for the subsidiary. *Id.* at *10 (citing *United States v. Bestfoods*, 524 U.S. 51, 72 (1998)). "Proof that the parent corporation appoints members to the subsidiary's board of directors or hires its officers is also not sufficient to establish a principal/agent relationship." *Id.* "The parent's general executive control is not enough and the parent must in effect take over performance of the subsidiary's day-to-day operations in carrying out the parent's policy." *BBA Aviation v. Superior Court*, 190 Cal. App. 4th 421, 430 (2010) (quoting *Sonora*

*Diamond Corp v. Superior Court*, 83 Cal. App. 4th 523, 540 (2000)). Mattel has failed to introduce any evidence establishing that MGA de Mexico or MGA Canada were so extensively controlled by MGA such that the relationship of principal and agent was created.

Mattel has also failed to put forth any evidence that the injuries allegedly inflicted by MGA de Mexico and MGA Canada—the alleged theft of trade secrets—arose within the scope of the subsidiaries' authority as MGA Entertainment, Inc.'s alleged agents. As established by the Ninth Circuit Model Jury Instructions, the agent must have been acting within his or her scope of authority in order for a finding of liability on the basis of agency. 9th Cir. Civ. Jury Instr. 4.5-4.6 (2007). Mattel's failure to put forth any evidence establishing, first, that MGA de Mexico or MGA Canada could even be considered MGA's agent or, second, that MGA de Mexico or MGA Canada were acting within the scope of their authority precludes Mattel from now claiming liability on the basis of agency. For these reasons, the instruction should not be submitted to the jury.

The MGA Parties also object to this instruction on grounds that it is 1) convoluted and likely to confuse the jury and 2) an incomplete and inaccurate statement of the law.

Mattel's proposed instruction is a mess. It spans over three pages, roughly thirty sentences, and two theories of liability with multiple elements and factors corresponding to each element. It is a veritable "choose your own adventure" wherein the jury must "proceed if you find A, B, and C" or "stop and proceed to an alternate theory of liability if you fail to find A, B, or C." The jury will not be able to understand even the process, much less the substantive elements required for a finding of liability.

Further, Mattel's proposed instruction is an inaccurate statement of the law. The Ninth Circuit model instructions 4.4-4.6 set forth the elements Mattel is required to prove for a finding of liability on the basis of agency. The cited Ninth

Circuit Model Jury Instructions simply define an agent and a principal, define the scope of authority, and discuss liability for a principal based on the acts or omissions of an agent acting within the scope of authority. Mattel's instruction, in comparison, does not even adequately address the crucial requirement for a finding of liability—that the agent was acting within the scope of its authority—by burying the scope of authority requirement into a five-factor test "to be considered" when assessing whether MGA had control over its subsidiaries.

If agency instructions must be given—which the MGA Parties contend would be improper—the Ninth Circuit model instructions 4.4-4.6 should be given.

Dated: April 2, 2011

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: */s/ Annette L. Hurst*
ANNETTE L. HURST
Attorneys for MGA Parties