QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico entity,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S NOTICE OF MOTION AND MOTION FOR AN ORDER COMPELLING MGA ENTERTAINMENT, INC. TO PRODUCE KOHL'S RELATED DOCUMENTS**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Pre-trial Conference: January 4, 2011<br>Trial: January 18, 2011 |

MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF KOHL'S DOCUMENTS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") hereby move for an Order compelling MGA Entertainment, Inc. ("MGA") to produce immediately:

1. All communications with Kohl's between January 1, 2004 and December 31, 2009.

2. All communications regarding Kohl's between January 1, 2004 and December 31, 2009.

3. Documents sufficient to show, by product, all sales to Kohl's and all Kohl's sales of MGA products between January 1, 2004 and December 31, 2009.

4. The Daily Ship Report for the end of year for each year between 2004 and 2009 (TX 24747).

5. The end of year point of sales report for Kohl's for each year between 2004 and 2009 (TX 24720)

Good cause exists to grant this Motion. MGA's production of both communications with and regarding Kohl's, and sales to and by Kohl's are demonstrably incomplete. Mattel is prejudiced by MGA's improper withholding of these documents.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the records and files of this Court, and all other matters of which the Court may take judicial notice.

1  Lead counsel met and conferred on this Motion, but did not reach a
2  resolution.

4  DATED: April 3, 2011        QUINN EMANUEL URQUHART &
                                SULLIVAN, LLP


                                By /s/ Michael T. Zeller
                                   Michael T. Zeller
                                   Attorneys for Mattel, Inc. and
                                   Mattel de Mexico, S.A. de C.V.

**Preliminary Statement**

Mattel respectfully requests that the Court compel MGA to produce immediately all communications with and regarding Kohl's. Mattel further requests that the Court compel MGA to produce documents related to the sales of its products at Kohl's. MGA has improperly withheld documents in both categories. MGA alleged that Mattel pressured Kohl's not to carry MGA's Bratz products. Communications between MGA and Kohl's would either prove or disprove MGA's claim. MGA, however, had retained The Northern Group to act its agent with Kohl's. MGA has produced almost no communications directly between MGA (or The Northern Group), on the one hand, and Kohl's, on the other hand. The Court should compel MGA to produce all communications with and regarding Kohl's immediately.

MGA seeks a monetary award as a result of Mattel's allegedly persuading Kohl's not to carry Bratz products. But, MGA has not produced a complete set of sales documents that are specific to Kohl's purchases and sales. MGA withheld these documents purposefully. The two inadvertently produced documents that discuss sales of MGA products at Kohl's both contradict MGA's claim of exclusion. They prove that in 2005 and 2006 Kohl's sold millions of dollars worth of MGA products, including Bratz products.

Mattel respectfully requests that the Court compel full and complete production forthwith.

**Argument**

**I. MGA HAS NOT PRODUCED ALL COMMUNICATIONS REGARDING KOHL'S**

MGA has accused Mattel of interfering with its relationship with Kohl's in violation of section 17200 of the California Business and Professions Code. That allegation arises from paragraphs 9, 76 and 77 of MGA's Unfair Competition

Complaint. Case No. 05-2727, Dkt. No. 1. In response to MGA's complaint, Mattel propounded the following requests:

> Request No. 122: All DOCUMENTS RELATING TO the allegation in Paragraph 9 of YOUR COMPLAINT that "Mattel has intimidated, coerced and threatened retailers, licensees, suppliers and others in the industry.
>
> Request No. 142: All DOCUMENTS RELATING TO the "warnings" or "threats" alleged in Paragraph 76 of YOUR COMPLAINT, including but not limited to all COMMUNICATIONS with any present or former licensees of MATTEL.
>
> Request No. 143: All DOCUMENTS RELATING TO the "intimidation" alleged in Paragraph 77 of YOUR COMPLAINT, including but not limited to all COMMUNICATIONS with any present or former distributors and retailers of MGA and MATTEL products.

See MGA Entertainment, Inc.'s Supplemental Response to Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition at 71, 80. After meeting and conferring, MGA agreed to produce, without objection, all documents related to those allegations. See id. at 71, 80.

MGA has produced some communications with and regarding Kohl's, including exhibits that have been admitted at trial. See TX 24335-39, 24342, 24346-47, 24350, 24357-58. But, MGA's production of documents responsive to these requests is incomplete. Most significantly, MGA has produced almost no e-mail messages between it and Kohl's. In addition, during the relevant years, MGA engaged a sales agent, The Northern Group, to assist it with its relationship with Kohl's. See, e.g., TX 24335-36, 24338, 24339, 24342, 24354, 24358. MGA has produced no documents from the possession of its agent, The Northern Group, including any communications directly between The Northern Group and Kohl's (save some that, by happenstance, were forwarded to MGA). If, as MGA alleges,

Kohl's was engaging in exclusionary conduct at Mattel's instance, then Mattel is entitled to the entire record of communications between Kohl's and MGA. Those are the documents that the requests seek.

These communications are relevant. The few communications that MGA produced show that Kohl's was cancelling MGA orders even before Mattel's alleged interference in 2005. See TX 24337A (MGA email forwarding "Kohl's cancellations for today."). As was reported in late 2004:

> [W]ith each passing week, the bratz business continues to be [a] huge disaster. [T]he sales decrease top plan is a disgrace, and the margins an even bigger disgrace. . . . [A] quick glance at the numbers illustrate a margin shortfall that will eventually surpass $2.0 million dollars.
>
> [T]his shortfall will not only obviously impact your season/year, but will also destroy this division's margin performance and my bosses as well. [T]hat is completely unacceptable. TX 24341.

MGA, and its agent, no doubt possess additional communications regarding Kohl's. MGA should be compelled to produce all communications *regarding* Kohl's and all communications *with* Kohl's between January 1, 2004 and December 31, 2009.

## II. MGA HAS NOT PRODUCED DOCUMENTS REGARDING KOHL'S SALES BY PRODUCT

MGA agreed to produce, without objection, all documents related to its claimed damages. Mattel requested of MGA:

> All DOCUMENTS RELATING TO any unjust enrichment, damage, loss, or injury that YOU claim has been sustained by reason of any act or omission by MATTEL, including but not limited to all DOCUMENTS RELATING TO any alleged lost profits, lost sales, lost opportunity, lost license, price erosion, consequential or incidental damage. information or intellectual property provided to any competitor, or benefit obtained by any competitor, including but not

limited to all DOCUMENTS RELATING TO the causation for any such alleged unjust enrichment, damage, loss, or injury.

See MGA Entertainment, Inc.'s Supplemental Response to Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition at 38-39 (Request No. 46). After meeting and conferring, MGA agreed to produce all responsive documents without objection. See id. at 38-39.

MGA claims that Mattel induced Kohl's to agree not to carry Bratz in 2005 and 2006. Mattel offered two trial exhibits showing that this claim is false. TX 24719 and TX 24720 are an internal e-mail and attached spreadsheet comparing MGA's 2006 and 2007 sales at Kohl's for the week of Thanksgiving. "Overall sales for the Little Tikes and MGA items were up 43% for the weekend v. LY. POS sales at retail were $1,500,000 v. $1,044,000." TX 24719-01. The attached spreadsheet shows MGA sales on a product by product basis at Kohl's for both years. MGA has produced no other Kohl's-specific documents identifying product-by-product sales.

Separately, MGA has produced a multipage spreadsheet called "Daily Ship Report," that tracks MGA sales *by retailer* on a daily basis. This particular spreadsheet is dated October 2006. It shows that, through October 2005, Kohl's sold $7,697,994 worth of MGA products, and through October 2006, Kohl's sold $5,911,677 worth of MGA products. TX 24747-08. Far from being excluded from Kohl's, this document shows that Kohl's was MGA's third or fourth largest seller. Id.

For the years MGA was allegedly excluded, Mattel has document showing sales by product for the week of Thanksgiving 2005 and 2006, and Kohl's total sales of MGA product through October 2006 and October 2007. Mattel is entitled to a complete record of MGA's sales to Kohl's and Kohl's sales of MGA product from 2004 through 2009.

## Conclusion

For the foregoing reasons, Mattel respectfully request that the Court grant Mattel's Motion in its entirety.

DATED: April 3, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
  Michael T. Zeller
  Attorneys for Mattel, Inc. and
  Mattel de Mexico, S.A. de C.V.