QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 and CV 05-02727<br><br>**MATTEL'S TRIAL BRIEF REGARDING ADMISSION OF "SET OFF" AND OTHER EVIDENCE REGARDING KOHL'S TRANSACTIONS, WHICH IS NOT RELEVANT TO JURY ISSUES**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 18, 2011 |

## Preliminary Statement

The Court has ruled that it will not instruct the jury or seek advisory findings on the parties' claims for unfair competition in violation of Cal. Bus. & Prof. Code § 17200. Instead, the Court will decide these claims itself. Dkt. 10319. In light of this ruling, MGA's allegations concerning Kohl's are not relevant to the only claim it is trying to the jury. MGA should not be permitted to introduce further evidence concerning Kohl's before the jury, and the jury should be instructed to disregard all evidence regarding Kohl's that it has heard. The evidence is irrelevant to jury issues and there is a substantial risk of jury confusion from its introduction.

When Mattel raised these points at a March 31, 2011 hearing, MGA first conceded them, acknowledging "I believe Mr. Quinn is correct, based on the court's order." 3/31/11 Trial Tr. Vol. 3 at 61:6-7. MGA then tried to "take it back," arguing for the first time that Kohl's evidence is independently relevant to its "setoff" defense because "[i]t's damages caused by Mattel and we're entitled to set them off." 3/31/11 Trial Tr. Vol. 3 at 62:3-5. That is just wrong. Setoff is itself an equitable doctrine that does not go to the jury, and the Court previously rejected this same argument by MGA when it tried to use its setoff defense to get its dismissed wrongful injunction claim before the jury. Moreover, MGA's proposed use of the setoff defense to reduce Mattel's damages from unrelated legal claims would be especially wrong here, where the evidence at issue bears no relation to Mattel's claims and where there has not been an adjudication that Mattel owes any debt that could be setoff against MGA's obligations.

## Argument

There is no dispute that Kohl's evidence is irrelevant to any affirmative claim being tried to the jury. The evidence bears no connection to MGA's only jury triable claim; its admission would not tend to prove or disprove any fact that is material to the jury's verdicts and findings. Fed. R. Evid. 401, 402. It also is

confusing and prejudicial, particularly given its lack of relevance. Fed. R. Evid. 403.

MGA's response is that the evidence goes to its setoff defense. That misconstrues the nature of that defense. The setoff defense is not a free floating defense that turns every conceivable act into a claim for a setoff; to the contrary, like the unclean hands defense, the setoff defense is available under California law *only* as to actions by the plaintiff that "relate[] directly to the cause of action alleged in the complaint." R. M. Sherman Co. v. W. R. Thomason, Inc., 191 Cal. App. 3d 559, 568, 236 Cal. Rptr. 577, 583 (1987) (reversing setoff award: "Even if a setoff could be predicated in some circumstances on a contract violating the Fair Practices Act, we do not believe it could operate as a defense to claims, such as Sherman's, which arise from a wholly separate and unrelated transaction. There is little distinction between permitting a setoff in such a situation and granting an award of damages. . . . In our view the defense asserted here is analogous in this respect to that of unclean hands, which lies only if the underlying conduct relates directly to the cause of action alleged in the complaint.").

The Kohl's evidence proffered by MGA has nothing to do with Mattel's affirmative claims against MGA; there is no connection between the two. MGA is free to claim, as it has, that this evidence supports an independent claim against Mattel (like MGA's UCL claim), but it cannot seek a setoff before the jury on Mattel's claims based on this evidence.

Moreover, even if it were available for this conduct, the setoff defense is equitable, not legal. Granberry v. Islay Invs., 9 Cal. 4th 738, 743 (1995) ("The English chancery courts allowed setoff to be raised as a defense as early as the 17th century."); Wm. R. Clarke Corp. v. Safeco Ins. Co. of Am., 78 Cal. App. 4th 355, 358-59 (2000) ("The right to a setoff is not absolute and may be restricted when the failure to do so would be inequitable.") (collecting cases); Advance Indus. Fin. Co. v. Western Equities, Inc., 173 Cal. App. 2d 420, 427 (1959) ("The equitable right of

setoff requires some peculiar circumstances based upon equitable grounds, such as fraud, insolvency, or the like, to warrant the interference of the court."). The Court has ruled that it, not the jury, will decide equitable issues, including equitable defenses. See Dkt. 10319 (the Court will not instruct the jury on 17200 claims or seek advisory verdict); Dkt. 10333 ("the Court will not try equitable claims or defenses to an advisory jury"). Because the setoff defense is not tried to the jury, MGA's argument that Kohl's evidence should go to the jury to support that defense fails.[1]

In fact, the Court has already rejected this same MGA argument. After the Court dismissed MGA's wrongful injunction claim, MGA argued, as it does here, that the evidence remained relevant to its setoff defense. See MGA's Opp. to Mattel's Mot. In Limine No. 5 at 1:13-14 (Dkt. 9439) ("the wrongful injunction theory is part of MGA's setoff affirmative defense and must be permitted as such."). The Court properly rejected that argument. See Dkt. 9669 at 18 ("Summary judgment has been entered on MGA's counterclaim in reply for violations of the Racketeer Influenced and Corrupt Organizations Act. The post phase 1 injunctive relief is no longer relevant to any of the pending claims or defenses in this lawsuit. MGA's argument that the costs imposed by the injunction are relevant to a set-off defense is a new and unconvincing attempt to circumvent the logic in the Court's order dismissing MGA's counterclaim in reply for wrongful injunction.").

In all events, MGA's setoff argument is not only wrong but untimely. Not once before March 31, 2011 did MGA argue that evidence about Kohl's is relevant

---

[1] MGA's own authorities make clear that setoff adjustments are made, if at all, by the Court. Dornan v. Sheet Metal Works' Int'l, 810 F. Supp. 856, 858 (E.D. Mich. 1992) (the "Court must decide complex legal and analytical issues to determine whether it can award set-off."); Plut v. Fireman's Fund Ins. Co., 85 Cal. App. 4th 98, 106-07 (2000) (trial court made setoff adjustment following jury award of damages).

to its setoff defense. For months MGA argued that defense was available to the extent MGA was a "good faith improver" and had "been harmed by Mattel's wrongful injunction." See MGA's Reply to Mattel's Fourth Amended Answer and Counterclaims (Dkt. 8583), filed on August 16, 2010, at 43. See also MGA's Second Supplemental Response to Mattel, Inc.'s Second Amended Interrogatory Regarding Defendants' Affirmative Defenses, dated October 4, 2010, at 135-48 (MGA's "Good Faith Improver/Set Off" defense based upon MGA's alleged contributions to Bratz). It was not until the March 31, 2011 hearing that MGA attempted to inject setoff as a means to circumvent the Court's Order that equitable issues will not be decided by the jury. MGA cannot recraft its defense at this stage of the case; MGA's failure to disclose is neither substantially justified nor harmless. See Cambridge Elecs. Corp. v. MGA Elecs., Inc., 227 F.R.D. 313, 333 (C.D. Cal. 2004) (precluding plaintiff "from relying on any evidence offered in support of the fraudulent transfer claim that was not disclosed in its interrogatory responses"); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (upholding order precluding expert from testifying at trial as a sanction for failure to comply with Rule 26(a)).

     MGA has a claim based on the alleged Kohl's wrongdoing, and it has pursued and can continue to pursue that claim. Once it is adjudicated, appropriate adjustments based on that claim – if there are any – can be made by the Court. But there is no reason, and no basis, for introducing this prejudicial evidence or submitting issues regarding it to the jury.

00505.07209/4073056.1

-4-
MATTEL'S TRIAL BRIEF REGARDING ADMISSION OF EVIDENCE NOT RELEVANT TO JURY ISSUES

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court preclude the introduction before the jury of further evidence concerning Kohl's, and also instruct the jury to disregard the evidence of record on that issue.

DATED: April 3, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ John B. Quinn

John B. Quinn
Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V