# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. CV 04-9049 DOC (RNBx)                                                    Date: April 4, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC. et. al.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Nancy Boehme | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                  NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING MGA'S MOTION TO COMPEL PRODUCTION OF MICHAEL MOORE'S INTERVIEW NOTES

      By oral motion, claimant MGA Entertainment Inc., Isaac Larian, and MGA Entertainment HK Ltd. (collectively, "MGA") requested production of various notes created by Mattel in-house counsel Michael Moore ("Moore") (documents hereinafter referred to as the "Moore notes"). MGA requested production of the Moore notes on the grounds that the notes were likely to contain evidence relevant to MGA's statute of limitations defense. Claimant Mattel, Inc. ("Mattel") resisted production on the grounds that the Moore notes are protected by the attorney-client privilege and, with respect to certain documents, the work-product doctrine.[1] On March 30, 2011, Mattel submitted the Moore notes for an *in camera* review.

      There is a dispute about the filing date of Mattel's claim for trade secret misappropriation. The statute of limitation for a misappropriation of trade secrets claim is three years. Cal. Civ. Code § 3426.6.

      Through an *in camera* review of the Moore notes, the Court identified thirteen documents

---

[1] Because the Court finds that the attorney-client privilege applies to each of these thirteen documents, the Court need not consider Mattel's claim of work-product protection.

created by Moore prior to November 20, 2003, which is three years prior to the filing of Mattel's motion for leave to amend its original complaint against Carter Bryant:

1. A note reflecting a meeting that took place between Moore and Rene Pasko dated July 8, 2003 [Moore Notes, Tab 1.]

2. A note reflecting a telephone conversation that took place between Moore and Julia Jenson on July 8, 2003. [Moore Notes, Tab 2.]

3. A note reflecting a telephone conversation that took place between Moore and Lily Martinez on July 21, 2011. [Moore Notes, Tab 3.]

4. A note reflecting a meeting that took place between Moore and Diane McMillian on July 18, 2003. [Moore Notes, Tab 4.]

5. A note reflecting a telephone conversation that took place between Moore and Raime Quick on August 8, 2003. [Moore Notes, Tab 5.]

6. A note reflecting either a phone conversation between Moore and Ivy Ross or a voicemail left for Moore by Ivy Ross on August 12, 2003. [Moore Notes, Tab 6.]

7. A note reflecting a telephone conversation that took place between Moore and Raime Quick on August 15, 2003. [Moore Notes, Tab 7.]

8. A note reflecting a phone conversation that took place between Moore and Bernie Melchionne on August 15, 2003. [Moore Notes, Tab 8.]

9. A note reflecting a meeting that took place between Moore and Ivy Ross on August 6, 2003. [Moore Notes, Tab 84.]

10. A note reflecting a meeting that took place between Moore and Ivy Ross on August 11, 2003. [Moore Notes, Tab 85.]

11. A note reflecting either a phone conversation between Moore and Ivy Ross or a voicemail left for Moore by Ivy Ross on August 12, 2003. [Moore Notes, Tab 87.]

12. A note reflecting a telephone conversation that took place between Moore and Raime Quick on July 25, 2003. [Moore Notes, Tab 101.]

13. A repeat copy of the document found in Tab 6.

At the Court's request, the Special Master for Discovery held an *in camera* hearing regarding the notes identified above. In light of the testimony adduced at the *in camera* hearing, the Court finds that the documents identified above are protected by the attorney-client privilege and need not be disclosed.

Counsel for MGA will be permitted to ask questions regarding the fact that these meetings occurred on the dates listed above. The content of the meetings, however, are protected by the attorney-client privilege.

MGA's motion to compel production of the Moore notes is DENIED.

The Clerk shall serve this minute order on all parties to the action.