UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                     Date: April 2, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Nancy Boehme | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                     NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER ON PENDING MATTERS PER PARTIES' SUBMISSIONS

The parties have submitted to the Court lists of pending issues on which they seek the Court's resolution. Upon review of those lists and the parties' arguments the Court rules as follows:

1. MGA's request for the admission of proposed Exhibit 23797, a demonstrative, is DENIED.

2. MGA's request for the admission of proposed exhibit 18817 (design drawing of Fiona) is GRANTED.

3. MGA's objection to the use of demonstratives during closing arguments is STRICKEN AS MOOT. The Court has instructed the parties that they may only refer to admitted evidence, testimony, and instructions; they must stipulate to the use of any other materials to which they seek to rely during closing arguments.

4. MGA's motion for reconsideration of the Court's ruling on Mattel's motion for summary judgment as to MGA's affirmative defense under Section 205(d) of the Copyright Act, 17 U.S.C. § 205(d) is DENIED for the reasons set forth in the Court's January 4, 2011 amended order on the motions for summary judgment.

5.  The Court has ordered the Special Master for Discovery to be present on Sunday, April 3, 2011, and to conduct an in camera review of Mr. Michael Moore, in-house counsel for Mattel, Inc., in order to determine whether some (or all) of Mr. Moore's notes are entitled to protection under the work product doctrine and/or the attorney client privilege.

6.  MGA's objection to Mattel's request to "claw back" Exhibit 9638 is DENIED.

7.  Mattel's request for the admission of all exhibits contained in a binder reviewed by Carter Bryant and referred to in Trial Tr., dated February 1, 2011, Vol. II, at 5:17-7:9, is DENIED. See Fed. R. Evid. 1003.

8.  Mattel's request for the admission of summary exhibits prepared by its expert, Jeffrey Kinrich, is DENIED, because the summary charts prepared by Mr. Kinrich contain argumentative and prejudicial summaries of the underlying evidence that could not fairly be illuminated through cross examination due to the opaqueness of the charts. See Fed. R. Evid. 403.

9.  Mattel's request for the admission of a thumb drive allegedly created by former Mattel Canada employee Janine Brisbois is HELD IN ABEYANCE. Though the admissibility of this thumb drive, and the data contained therein, was not resolved at the end of Mattel's case-in-chief, there was no dispute that Mattel has rested its case on the merits.

10. Mattel's request for the admission of redacted newspaper article testified to by Carey Plunkett is HELD IN ABEYANCE. The Court is tentatively going to receive these articles. On or before April 4, 2011 at 7:00 p.m. PST, Mattel shall provide to opposing counsel the web addresses for each of the articles it seeks to admit; and on or before April 5, 2011 at 12:00 p.m. PST, any opposing party shall submit any objection, on authenticity grounds only, to any article.

11. Mattel's request that MGA Entertainment, Inc. ("MGA") produce a videotape of Mr. Bousquette being served by a process server with a trial subpoena is DENIED.

12. Mattel's offer of proof and request to examine a witness concerning MGA's production of documents concerning toy fair activities is DENIED. Upon review of the record, it is clear to the Court that MGA timely produced these materials in response to discovery requests and Court orders.

The Clerk shall serve this minute order on all parties to the action.