ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700/Fax: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: 213-629-2020/Fax: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL INC.'S REQUEST FOR JUDICIAL NOTICE REGARDING CASE PROCEDURAL HISTORY**<br><br>Trial Date: January 11, 2011<br>Judge: Hon. David O. Carter |

# INTRODUCTION

This is Mattel's second attempt to have admitted into evidence prior pleadings in this case. *See* Dkt. No. 10068 (Mattel RJN); Dkt. No. 10084 (MGA Opp.). Mattel does not explain why it wants these pleadings introduced. But, there are two possibilities. First, it is for the purpose of supporting Mattel's equitable tolling argument. Second, and more likely, it is for the purpose of having a basis for arguing that the Kohl's documents were not late produced. Neither justification supports admitting into evidence these pleadings.

This Court has already determined that it will decide equitable tolling. So, that cannot be a justification.

As for the Kohl's issue, this Court should not allow Mattel to admit complaints into evidence. They consist of unverified, highly prejudicial allegations. These include incendiary RICO and conspiracy allegations that this Court has dismissed. Moreover, because allegations contained in pleadings are not evidence, complaints are by rule irrelevant even to the extent that the claims they state remain in suit. *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1099 n. 12 (9th Cir. 2010) ("pleadings are not considered evidence"); *United States v. Zermeno*, 66 F.3d 1058, 1062 (9th Cir. 1995) (assertions in pleadings are not evidence); *Juniper Networks, Inc. v. SSL Servs., LLC*, 2009 WL 3837266 *3 (N.D. Cal. Nov. 16, 2009) ("It is well established that allegations in pleadings are not evidence."); *Dozier v. Maispace*, 2007 WL 518622 *7 (N.D. Cal. Feb. 13, 2007) ("Assertions in pleadings are not evidence.").

Nor are the dates of the complaints or the order concerning the stay of discovery, RJN at 2 (Request 2), relevant. The stay does not excuse Mattel's failure to produce the Kohl's documents. The order requiring Mattel to produce Kohl's documents is dated May 2007. *See* Dkt. No. 10359 (4/1/11 Order re Kohl's). The order staying discovery is dated February 4, 2008. So, there were seven months for Mattel to produce. Moreover, the stay on discovery lifted in February 2009. Mattel

- 1 -
MGA Parties' Opposition to Mattel Inc.'s Request
for Judicial Notice re Case Procedural History
CV 04-9049 DOC (RNBx)

had over 12 months to produce the Kohl's documents after the stay lifted. This is all to say that Mattel should not be allowed to introduce evidence of the stay to excuse its failure to produce documents.

The dates of the complaints also do not justify Mattel's late production. Again, however, many permutations of Mattel's complaints there are, Mattel was ordered to produce Kohl's documents in May 2007. Whether or not Mattel added new or different claims later on, that fact cannot be avoided.

Finally, neither of Mattel's cases support the proposition that a Court may take judicial notice of the allegations comprising an unverified complaint. In *Lee v. City of Los Angeles*, (RJN at 3), the Ninth Circuit determined that a district court abused its discretion by taking judicial notice of declarations recounting statements allegedly made by the accused to police officers. 250 F.3d. 668, 689 (9th Cir. 2001). In *Reyn's Pasta Bella , LLC v. Visa USA, Inc.*, (RJN at 3), the Ninth Circuit took judicial notice not of a complaint, but of the Plaintiff's briefs in an earlier-filed action and the transcript of a hearing, but only for the limited purpose of determining whether issue preclusion barred the Plaintiff from relitigating claims already settled in the previous action. 442 F.3d 741, 746 (9th Cir. 2006). Neither case applies here.

## CONCLUSION

For the reasons stated above, the Court should deny Mattel's Request for Judicial Notice.

Dated: April 4, 2011　　　ORRICK, HERRINGTON & SUTCLIFFE, LLP

By:*/s/ Warrington S. Parker III*
Warrington S. Parker III
Attorneys for MGA Parties