QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
William C. Price (Bar No. 108542)
(williamprice@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MATTEL'S OFFER OF PROOF RE DEFENSE OF MGA'S COUNTERCLAIMS AND REBUTTAL EVIDENCE**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  Courtroom 9D<br><br>**Phase 2**<br>Discovery Cut-off:  October 4, 2010<br>Pre-trial Conference:  January 4, 2011<br>Trial Date:  January 11, 2011 |

## **Argument**

Mattel files this supplemental brief in support of its offer of proof to present witnesses in defense of MGA's counterclaims.

The Court expressly ruled that Mattel was not permitted in its case-in-chief to call witnesses or elicit testimony relating to MGA's counterclaims. See, e.g., March 24, 2011 Trial Tr., Vol. 1, at 121:16-24 ("THE COURT: . . . Because I thought it was very, very clear from the beginning that my ruling was that Mattel could respond in kind, but they could only respond at the conclusion of your case."); id. at 126:10-13 ("MS. KELLER: In Mattel's case, the Court drew a bright line that Mattel would not be allowed to cross-examine things that were part of MGA's affirmative case, and the Court enforced that."). The Court specifically stated that Mattel's presentation of a defense against MGA's counterclaims could only come after MGA presented its claims. Id. at 125:12-16 ("THE COURT: No. Initially, if you remember, I had a specific order that this – I would let Mattel take this in rebuttal, because there was a request at one time by MGA to shape your case.").

As a result, Mattel has not yet had an opportunity to call witnesses to testify concerning MGA's counterclaims, for which MGA seeks hundreds of millions of dollars. Instead, Mattel has been limited to cross-examination of the witnesses MGA has chosen to call. Mattel is entitled to call witnesses in defense of MGA's claims. Due process requires that Mattel be given a fair opportunity to respond. See WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 6164 ("In civil cases, the requirement of due process requires that all parties be given a fair opportunity to present and respond to evidence."); Cooper v. Bombela, 34 F. Supp. 2d 693, 699 (N.D. Ill. 1999) (noting that "an opportunity to respond to evidence is a basic component of procedural due process") (citing Cleveland Bd. Of Educ. V. Loudermill, 470 U.S. 532, 542 (1985)); see also Jinro Am. Inc. v. Secure Inv., Inc., 266 F.3d 993, 1007 (9th Cir. 2001) ("[F]airness to parties and the need for a fair trial

are important not only in criminal but also in civil proceedings, both of which require due process.").

Even if Mattel's defense of MGA's claims is characterized as "rebuttal" (which it properly is not), courts have held it is an abuse of discretion to forbid rebuttal where, as here, the evidence was not permitted to be introduced during the case-in-chief and it is more probative than prejudicial. See, e.g., Martin v. Weaver, 666 F.2d 1013, 1020-23 (6th Cir. 1981) (trial court abused its discretion in refusing to admit testimony offered by plaintiff to rebut affirmative defense because "with respect to 'real rebuttal evidence,' the plaintiff has no duty to anticipate or to negate a defense theory in plaintiff's case-in-chief"). Indeed, even if Mattel *had* been permitted to introduce this evidence during its case-in-chief, it should still be permitted to now. Weiss v. Chrysler Motors Corp., 515 F.2d 449, 457-58 (2d Cir. 1975) ("While a trial judge has discretion to exclude rebuttal evidence which would have been admissible if offered as evidence in chief . . . such discretion should be tempered greatly where the probative value of proffered evidence is potentially high and where such evidence, though admissible on the case in chief, was unnecessary for the plaintiff to establish in its prima facie case. We believe that the proffered testimony of Rader, even if it might have been part of plaintiff's case in chief, was not merely cumulative and should have been admitted in the exercise of sound judicial discretion.") (internal citations omitted). Mattel is entitled to select and present witnesses to defend against MGA's claims.

DATED: April 5, 2011                QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP


                                    By  */s/ John B. Quinn*
                                       John B. Quinn
                                       Attorneys for Mattel, Inc. and
                                       Mattel de Mexico, S.A. de C.V.