QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S PROPOSED JURY INSTRUCTION RE EVIDENCE THAT IS NOT RELEVANT TO JURY ISSUES**<br><br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 18, 2011 |

1  Mattel, Inc. and Mattel de Mexico ("Mattel") hereby submit the following
2  proposed jury instruction in this matter pursuant to Local Rule 51-1.  Mattel
3  requests and reserves the right to amend, modify, withdraw and/or supplement the
4  following instruction before or during the trial of this matter.

DATED:  April 5, 2011                QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP


                                     By /s/ Michael T. Zeller
                                        Michael T. Zeller
                                        Attorneys for Mattel, Inc. and Mattel de
                                        Mexico, S.A. de C.V.

# MATTEL SPECIAL JURY INSTRUCTION NO. \_\_
# EVIDENCE THAT IS NOT RELEVANT TO JURY ISSUES

You have heard evidence of certain activities that MGA has contended constitute unfair competition. This includes MGA's allegations about a transaction between Mattel and Kohl's, the alleged movement of MGA product on Wal-Mart shelves, allegations regarding certain Mattel licensing practices, and allegations that Mattel asked retailers for "unfair benefits" against a competitor. I instruct you that none of this evidence relates to any issue you will decide in this case. These issues will be decided by the Court. You should disregard this evidence in your deliberations.

**Authority:** Order Regarding Advisory Opinion on Claims for Violations of Cal. Bus. & Prof. Code § 17200 (Dkt. 10319) (the Court will not instruct the jury on 17200 claims or seek advisory verdict); Order re Trial to Jury of Unclean Hands, Laches, and Alter Ego (Dkt. 10333) ("the Court will not try equitable claims or defenses to an advisory jury"); Cargill, Inc. v. Progressive Dairy Solutions, Inc., 362 F. App'x 731, 733-34, 2010 WL 178714, at *2 (9th Cir. Jan. 19, 2010) (unpublished) ("[D]efendants' § 17200 counterclaim was not subject to a jury trial and would therefore not be a proper basis for allowing the jury to hear motive and cause evidence.") (citation omitted); Hodge v. Sup. Ct., 145 Cal. App. 4th 278, 281 (2006) ("no jury trial is warranted" because "the section 17200 cause of action is equitable and the relief sought is equitable"); In re Tobacco II Cases, 46 Cal. 4th 298, 312 (2009) (a claim under §17200 is "equitable in nature"); Okura & Co. (America), Inc. v. Careau Group, 783 F. Supp. 482, 491 (C.D. Cal. 1991) (no jury trial for §17200 claim).