QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>       vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>             Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S PROPOSED JURY INSTRUCTIONS RE TRADE SECRET MISAPPROPRIATION AND COPYRIGHT DAMAGES**<br><br>Pre-trial Conference: January 4, 2011<br>Trial Date: January 18, 2011 |

Mattel, Inc. and Mattel de Mexico ("Mattel") hereby submit the following proposed jury instructions in this matter pursuant to Local Rule 51-1. Mattel requests and reserves the right to amend, modify, withdraw and/or supplement the following instructions before or during the trial of this matter.

DATED: April 5, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Michael T. Zeller*
Michael T. Zeller
Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

# INSTRUCTION NO. __

# TRADE SECRET MISAPPROPRIATION—
# SCOPE OF UNJUST ENRICHMENT

In deciding the amount of any award to Mattel or Mattel de Mexico for the unjust enrichment of MGA Entertainment, Inc. and/or Isaac Larian, you should consider the total amount of the unjust enrichment as a result of the misappropriation of trade secrets, including any amounts distributed to either MGA Entertainment, Inc. or Isaac Larian from any subsidiary.

1  **Authority:** Cal. Civ. Code 3246.3(a).  See McCormack & Dodge Corp. v.
2  ABC Mgmt. Sys., Inc., 222 U.S.P.Q. 432, 444 (Wash. Super. Ct. 1983) (Uniform
3  Trade Secrets Act "applies to all acts of misappropriation . . . caused by agents,
4  licensees, employees, and those in privity" therewith); see also Remington Rand
5  Corp.-Delaware v. Bus. Sys. Inc., 830 F.2d 1260, 1262 (3d Cir. 1987) (U.S. trade
6  secret owner permitted to sue in the United States to prevent unauthorized foreign
7  disclosure or use); cf. Magnecomp Corp. v. Athene Co., 209 Cal. App. 3d 526,
8  538-39 (1989) (misappropriation of trade secrets from California corporation
9  imputed to foreign corporation by virtue of its domestic agent's act of
10 misappropriation).

# INSTRUCTION NO. __
## COPYRIGHT—DAMAGES—GROSS REVENUE

In deciding the amount of any award to Mattel of profits attributable to any infringement by MGA Entertainment, Inc., MGA Entertainment (HK), Ltd. and/or Isaac Larian, if you find that the MGA Entertainment's domestic and international subsidiaries sold infringing products that were created or designed, in whole or in part, in the United States, or sold infringing products at the direction of MGA Entertainment, Inc., MGA Entertainment (HK), Ltd and/or Isaac Larian, then you should find that gross revenue includes those revenues generated by the sale of infringing products, regardless of which MGA subsidiary may have sold those products.

**Authority:** 17 U.S.C. § 504(b) ("The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages.")  (emphasis added).  See <u>Los Angeles News Serv. v. Reuters Television Int'l</u>, 149 F.3d 987, 992 (9th Cir. 1998) (holding that a plaintiff may "recover damages flowing from exploitation abroad of the domestic acts of infringement committed by defendants"); <u>Aurora World v. Ty</u>, 719 F. Supp. 2d 1115, 1131, n.38 (C.D. Cal. 2009) (considering whether evidence that design of an accused product was accomplished or directed from the U.S.); <u>Bouchat v. Bon-Ton Dep't Stores</u>, 506 F.3d 315, 329-30 (4th Cir. 2007).