ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S REQUEST FOR JUDICIAL NOTICE OF COPYRIGHT REGISTRATION CERTIFICATES AND CERTIFICATES OF RECORDATION**<br><br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

# INTRODUCTION

Mattel's latest request for judicial notice is yet another effort to get into evidence another *fifty* exhibits that Mattel made no attempt to introduce in this case. The first group of "Mattel's Exhibits" include twenty-five purported copyright registrations for the Bratz works and four purported recordations of assignment form Carter Bryant to Mattel. The second group of "MGA's Exhibits" are twenty-one MGA copyright registrations that Mattel seeks to admit.

As to the Mattel registrations, they should not be admitted. MGA has had no opportunity to ask any questions concerning them, including the reasons why Mattel did not claim that the works at issue were not claimed to be works for hire—a claim that Mattel has asserted in this case. This is to say nothing of the confusion to the jury who might very well conclude that Bryant assigned copyrights to Mattel.

As for the MGA registrations, Mattel wants to argue that they are false. *See* Request at 5. Mattel has elicited no testimony regarding this, but apparently wants to argue this. Meanwhile, MGA is not allowed the opportunity to present testimony explaining the registrations. Of course, that is prejudicial. In any case, these registrations are irrelevant given that MGA has not asserted a copyright claim against Mattel.

Moreover, none of the MGA registrations are certified. Nor are Mattel Exhibits 13890 through 13900. When MGA sought to introduce uncertified copies of trademark certifications, Mattel objected and MGA obtained the certified copies. Mattel should not be accorded an exception to the Federal Rules of Evidence in this regard.

Trial is about over. Mattel had 120 hours to present its case. That it now wishes to embellish the record without the risk of testimony that MGA would elicit is not justification for granting the request for judicial notice.

# ARGUMENT

## I. MATTEL'S REGISTRATIONS SHOULD NOT BE JUDICIALLY NOTICE.

Mattel argues that the registrations and recordations are relevant "because they establish the dates of the parties' copyright registration or recordation of transfer of various Bratz drawings and works." Request at 4. Whether true or not, what Mattel is doing is attempting to introduce registrations without testimony regarding these registrations.

MGA will not be able to have the jury hear that Bryant did not agree to the claimed assignment. MGA will not be able to note for the jury that Mattel did not claim the works as works for hire. MGA will not be able to confront a witness from Mattel to explain that Mattel did not claim that these were works for hire.

Instead, Mattel wants to use these documents only for its own purpose while denying MGA any ability to establish facts to support its claims and to defense this action. Mattel failure to introduce this evidence of its copyright registrations during its case should not be a reason to deprive MGA of its ability to establish its own defense. This trial is very close to being over, and MGA would be prejudiced and left with no opportunity to respond. Fed. R. Evid. 403.[1]

## II. MGA'S REGISTRATIONS ARE BEING ADMITTED FOR AN IMPROPER PURPOSE AND THEY ARE NOT CERTIFIED.

With respect to the MGA copyright registrations, Mattel argues that "Mattel does not seek to admit these registrations and recordations to show the truth of the statements made by Mattel or MGA." Request at 5. Yet that is exactly what Mattel seeks to do. In the very next clause, Mattel argues that "Mattel has proven or will

---

[1] In addition, the Mattel registrations at TX 13890 through TX 13900 are not certified copies. They are not admissible under Federal Rule of Evidence 902(4). When MGA sought to introduce a trademark registration certificate, Mattel objected absent a certified copy. 4/4/11 (Vol. 2) Tr. 66:18-20 ("This is not an actual certified – it's a photocopy. I don't know where the original certification is."). MGA later provided the certified copy to Mattel and the document was admitted. 4/4/11 (Vol. 4) Tr. 22:13-18.

prove that many statements of purported fact made by MGA in its copyright registration certificates are false." Request at 5. So, the first argument does not pass the straight face test. And it is not a valid one. These documents are not relevant, as MGA has made no copyright infringement claim against Mattel in this case. The second argument establishes the prejudice to MGA.

Mattel did not introduce these certificates into evidence or elicit any testimony about them. These exhibits should not now be admitted without testimony so that Mattel can argue that they contain false statements. This is to say nothing of the fact that they are irrelevant.

In short, Mattel did not take the time in its case to present the copyright registration certificates and certificates of recordation to the jury, and it is now too late.

## CONCLUSION

For the foregoing reasons, Mattel, Inc.'s Request for Judicial Notice of Copyright Registration Certificates and Certificates of Recordation should be denied.

Dated: April 5, 2011   Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:   */s/ Diana M. Rutowski*
Diana M. Rutowski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN