ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OBJECTION TO MATTEL, INC.'S EQUITABLE TOLLING JURY INSTRUCTION**<br><br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

# CACI 457

## STATUTE OF LIMITATIONS—EQUITABLE TOLLING—OTHER PRIOR PROCEEDING

Mattel claims that its claims against MGA, Mr. Larian and MGA Hong Kong relating to Mr. Bryant were equitably tolled. In order to prevail on this issue, Mattel must prove all of the following:

1. That MGA, Mr. Larian, or MGA Hong Kong received timely notice that Mattel was pursuing its lawsuit against Carter Bryant instead of filing a lawsuit against MGA, Mr. Larian, or MGA Hong Kong. For MGA, Mr. Larian or MGA Hong Kong to have received timely notice, the lawsuit against Carter Bryant must have notified MGA, Mr. Larian, or MGA Hong Kong of the need to begin investigating the facts that formed the basis for the lawsuit.

2. That the facts of the two claims were so similar that an investigation of the lawsuit against Carter Bryant gave or would have given MGA, Mr. Larian, or MGA Hong Kong the information needed to defend the lawsuit; and

3. That Mattel was acting reasonably and in good faith by pursuing its lawsuit against Carter Bryant. In considering this issue, you may consider the amount of time after the lawsuit against Carter Bryant was field before Mattel filed the lawsuit against MGA, Mr. Larian, or MGA Hong Kong. However, you should not consider the time period between May 2005 and May 2006 because there was a stay, or hold, placed on this case during that period of time, during which period additional claims could not have been filed.

**Authority:** CACI 457 (modified); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) ("As with the limitations period itself, we borrow our rules for equitable tolling of the period from the forum state, California.")

MGA Parties' Objection to Mattel's
Equitable Tolling Jury Instruction
CV-04-9049 DOC (RNBx)

**OBJECTION:**

The MGA Parties object to the submission of an equitable tolling jury instruction on the basis that equitable tolling is not supported by the evidence.

Mattel's failure to bring suit against the MGA Parties in a timely fashion was unwarranted and cannot be justified by Mattel such that the equitable tolling doctrine may apply. CACI 457, cited (and then modified) by Mattel, establishes that the equitable tolling doctrine applies when (1) the defendant received timely notice that the plaintiff was [pursuing a prior proceeding] instead of filing a lawsuit; (2) the facts of the two claims are so similar that an investigation of the [prior proceeding] gave or would have given the defendant the information needed to defend the lawsuit; and (3) the plaintiff was acting reasonably and in good faith by [pursuing the prior proceeding].

Mattel's use of the equitable tolling doctrine in this case is inconsistent with the intent of that doctrine. As discussed in *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 923 (1983), the precursors of equitable tolling in California can be found in three lines of cases: (1) when a plaintiff filed a case which promised to lessen the damages or other harm that then must be remedied through a second case; (2) when administrative remedies must be exhausted before a court will consider a case; and (3) when a first action is later found to be defective.

Mattel's actions do not satisfy any of the reasons why the doctrine exists. In addition, without question, Mattel cannot satisfy the third prong. Mattel cannot show that it acted reasonably and in good faith by its delay in filing its lawsuit against the MGA Parties. The Ninth Circuit has found that a party has not "acted reasonably and in good faith" when engaging in an unwarranted delay in filing suit. *Ervin v. Los Angeles County*, 848 F.2d 1018, 1020 (9th Cir. 1988) (where a claimant's delay in filing her civil action is unwarranted, the delay is neither reasonable nor in good faith, and therefore equitable tolling inapplicable); *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. Cal. 1997) (citing to

*Ervin*, 848 F.2d at 1020) (confirming that a plaintiff's delay in proceeding on a claim "generally indicate[s] that the plaintiff [] was not acting reasonably and in good faith").

Judge Larson found that Mattel's "tardiness" in filing suit was inexcusable. Dkt. No. 142 (Order Regarding Mattel's Motion For Leave To Amend) at 8-9. In fact, Judge Larson said that "the only reason" that the court did not deny leave to amend "*based on the tardiness* in Mattel's presentation" was the alleged lack of evidence demonstrated at the time that MGA or Bryant were prejudiced by the delay. *Id*. (emphasis added). Judge Larson thereby rejected all Mattel's reasons for its delay. *Id*. at 8. Mattel's failure to meet the third prong is fatal to Mattel's ability to assert the defense of equitable tolling. *See, e.g.*, *Ervin*, 848 F.2d at 1020 (9th Cir. 1988) (finding that the equitable tolling doctrine did not apply due to delay even were there timely notice and lack of prejudice). For these reasons, the instruction should not be submitted to the jury.

The MGA Parties also object to the proposed instruction on the grounds that (1) the instruction is overbroad in that it requests equitable tolling for federal and state claims because this standard only applies to state causes of action; and (2) the time period "between May 2005 and May 2006" should not be excluded because, as found by Judge Larson, the stay "did not operate as an obstacle to Mattel asserting its claims."

The proposed instruction also is not tailored to address Mattel's copyright claim. The doctrine of equitable tolling, as it has been applied in copyright claims, has "typically involved allegations of inequitable conduct by the defendant that prevented the plaintiff from discovering the infringement during the statutory period." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1149-1150 (N.D. Cal. 2007) (citing *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 340-41 (5th Cir. 1971)); *see also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1521 (9th Cir. 1983) (citing *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 340-41 (5th

1  Cir. 1971)). Because there are no provable allegations of inequitable conduct
2  relevant to the equitable tolling doctrine, the instruction, if given, should not apply
3  to Mattel's copyright claim.

4      The MGA Parties also object to the proposed instruction on the grounds that
5  the time period "between May 2005 and May 2006" should not be excluded
6  because, as found by Judge Larson, the stay "did not operate as an obstacle to
7  Mattel asserting its claims." Mattel claims that such period should be excluded
8  because "there was a stay, or hold, placed on this case during that period of time,
9  during which period additional claims could not have been filed." Dkt. No. 10290
10 (Mattel's Proposed Instruction re Equitable Tolling) at 1. Mattel's statement is
11 false. As found by Judge Larson, Mattel was alerted to the existence of its now
12 asserted copyright and intentional interference claims "well before the case was
13 stayed on May 20, 2005." Dkt. No. 142 at 8. Judge Larson further found that the
14 stay "did not operate as an obstacle to Mattel asserting its claims; nor even if it did,
15 the stay does not explain why Mattel waited nearly six months <u>after</u> the stay was
16 lifted on May 16, 2006, to present those claims now." *Id.* (emphasis in original).
17 Accordingly, if such instruction is given to the jury, the jury should be permitted to
18 consider the time period between May 2005 and May 2006.

19     If equitable tolling instructions must be given—which the MGA Parties
20 contend would be improper—CACI 457, without Mattel's modifications, should be
21 given.

23 Dated: April 5, 2011           Respectfully submitted,
24                                   ORRICK, HERRINGTON & SUTCLIFFE LLP

26                                   By:    */s/ Warrington S. Parker*
27                                       WARRINGTON S. PARKER II
                                        Attorneys for MGA Parties