QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>       Plaintiff,<br><br>    vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>       Defendants.<br><hr>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br><br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>**MATTEL'S OPPOSITION TO MGA'S REQUEST FOR JUDICIAL NOTICE OF ITS SUBJECTIVE INTERPRETATION OF DISPUTED CONTRACT TERMS**<br><br>Pre-trial Conference:  January 4, 2011<br>Trial Date:  January 18, 2011 |

00505.07975/4075680.5

## **Argument**

In a truly frivolous request, MGA seeks to usurp the jury's charge of interpreting Carter Bryant's contract with Mattel, requesting judicial notice of MGA's subjective interpretation of a disputed contract term.   MGA argues its slanted interpretation reflects the meaning of a "legal term of art in the law" and thus is subject to judicial notice.  Not so.

First, MGA's request fails because MGA's claims as to what the term means are far from beyond reasonable dispute.  Judicial notice may be proper as to matters "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  See Fed. R. Evid. 201; see Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001) ("a court may not take judicial notice of a fact that is 'subject to reasonable dispute'") (quoting Fed. R. Evid. 201(b)) (district court erred in granting motion to dismiss by relying on extrinsic evidence and by taking judicial notice of disputed matters of fact to support its ruling); LaSalle Nat'l Bank v. First Connecticut Holding Group, LLC, 287 F.3d 279, 290 (3d Cir. 2002) (district court abused discretion in taking judicial notice of court staff's interpretation of a disputed conversation, thus "short circuiting the fact finding process by a mantra-like reliance on 'judicial notice'"); Williams v. Rohlfing, 2008 WL 2115615, at *11-12 (E.D. Cal. May 19, 2008) (denying request for judicial notice "of the fact that in the medical profession the word 'subjective' is a term of art meaning 'perceived only by the affected individual and not by the examiner'").   MGA's slanted interpretation of "reduction to practice" is certainly "subject to reasonable dispute," Lee, 250 F.3d at 689-90, and certainly is not "generally known within the territorial jurisdiction of the trial court," Fed. R. Evid. 201.  It cannot be judicially noticed.

Moreover, even if the meaning of "reduction to practice" in the abstract could somehow be judicially noticed, the meaning of the term as set forth in the Inventions Agreement clearly cannot be.  It is far from undisputed that the term in the

1    Inventions Agreement bears the patent-specific meaning MGA wishes to attribute to

2    it.  The agreement makes clear that it applies to works that are both patentable *and*

3    unpatentable, and numerous witnesses have testified to their understandings that this

4    term does not have any technical definition as used in the agreement at all.  <u>See,</u>

5    <u>e.g.</u>, 1/19/11 Trial Tr. Vol. 1 (Ross) at 19:1-20:11; 3/3/11 Trial Tr. Vol. 2 (Eckert) at

6    38:7-17; 3/17/11 Trial Tr. Vol. 1 (Kaye) at 8:12-10:13; 65:1-5.

7        Every judge to have considered MGA's claim has rejected it – showing it is

8    not indisputably true.  For instance, Carter Bryant argued at summary judgment in

9    2008 that the Inventions Agreement "expressly encompasses only inventions

10   'conceived' or 'reduced to practice' during an employee's employment at Mattel"

11   and both terms are "terms of art associated with patent law and the ordinary,

12   potentially patentable meaning of the term inventions."  <u>See</u> Carter Bryant's Mot.

13   for Partial Summary Judgment (Dkt. 2496), at 23-24.  The Court disagreed, finding

14   that "the Inventions Agreement is not ambiguous on the issue of its scope with

15   respect to copyrightable materials."  <u>See</u> 4/25/08 Order (Dkt. 3286) at 4.  Similarly,

16   this Court recently rejected the same MGA arguments as to what "reduced to

17   practice" means by declining to adopt MGA's proposed jury instruction for

18   "conception" and "reduction to practice," which is based on the same authorities

19   MGA offers here and to which Mattel objected.  <u>See</u> MGA's Amended Proposed

20   Jury Instructions (Dkt. 9720) at 96-97 ("The terms 'conception' and 'reduction to

21   practice' are technical terms in the law of inventions."); Mattel's Corrected

22   Objections to Defendants' Proposed Jury Instructions (Dkt. 9739) at 29-32.  MGA

23   cannot replace a rejected, improper proposed jury instruction – on a clearly disputed

24   matter – with a request for judicial notice that its interpretation is indisputably

25   accurate.  In fact, the law of the case precludes MGA's interpretation:  the Ninth

26   Circuit did not even find the term "reduced to practice" to be ambiguous, let alone

27   find its meaning was so clearly what MGA claims that such a fact could be

28   judicially noticed.  Its opinion makes clear that the Circuit most certainly did not

ascribe the patent specific meaning to this term that MGA urges.  See, e.g., Mattel, Inc. v. MGA Entm't, Inc., 616 F.3d 904, 911 (9th Cir. 2010) ("The drawings and sculpt clearly were 'inventions' as that term is defined in Bryant's employment agreement with Mattel.  However, MGA argued that the employment agreement didn't assign the items because Bryant created them outside the scope of his employment at Mattel, on his own time.").

MGA offers no contrary authority and does not come close to satisfying Rule 201.  MGA simply cites a string of patent cases and an unofficial jury instruction (not endorsed by the Federal Circuit)[1] that discuss reduction to practice under the Patent Act.  RJN at 1.  Attorney argument about legal standards or the holding in another case is not a "fact" capable of judicial notice.  Contract interpretation is *at most* a disputed issue for the jury – and following the Ninth Circuit's remand, the meaning of this term cannot even be disputed (if it were ambiguous, the Ninth Circuit would have said so).  MGA's request for judicial notice of the meaning of the terms of the Inventions Agreement must be denied.

DATED: April 6, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By   */s/ John B. Quinn*
　　 John B. Quinn
　　 Attorneys for Mattel, Inc. and
　　 Mattel de Mexico, S.A. de C.V.

---

[1]   See Kenneth C. Bass, et al., Model Patent Jury Instructions, (The National Jury Instruction Project, 2009) No. 5.6, available at:  http://nationaljuryinstructions.org/ ("The National Patent Jury Instructions were created by a committee, national in scope, with members from both the bench and bar. . . .  These instructions have not been endorsed by the Federal Circuit Court of Appeals, and are not "official" jury instructions, but are intended to be a simplified and easy-to-understand set of model jury instructions that will be helpful to judges and lawyers across the country.") (emphasis added).

00505.07975/4075680.5

MATTEL'S OPPOSITION TO MGA'S REQUEST FOR JUDICIAL NOTICE