ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:   415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | Case No. CV 04-9049 DOC (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation, | **MGA PARTIES' OBJECTION TO MATTEL, INC.'S PROPOSED JURY INSTRUCTIONS RE TRADE SECRET MISAPPROPRIATION AND COPYRIGHT DAMAGES** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | Trial Date: January 18, 2011 Judge:  Hon. David O. Carter |

**INSTRUCTION NO.   **

**TRADE SECRET MISAPPROPRIATION–**

**SCOPE OF UNJUST ENRICHMENT**

      In deciding the amount of any award to Mattel or Mattel de Mexico for the unjust enrichment of MGA Entertainment, Inc. and/or Isaac Larian, you should consider the total amount of the unjust enrichment as a result of the misappropriation of trade secrets, including any amounts distributed to either MGA Entertainment, Inc. or Isaac Larian from any subsidiary.

**Authority:** <u>Cal. Civ. Code</u> 3246(3)(a).  <u>See</u> <u>McCormack & Dodge Corp. v. ABC Mgmt. Sys., Inc.</u>, 222 U.S.P.Q. 432, 444 (Wash. Super. Ct. 193) (Uniform Trade Secrets Act "applies to all acts of misappropriation . . . caused by agents, licensees, employees, and those in privity" therewith); <u>see</u> <u>also</u> <u>Remington Rand Corp.-Delaware v. Bus. Sys. Inc.</u>, 830 F.2d 1260, 1262 (3d Cir. 1987) (U.S. trade secret owner permitted to sue in the United States to prevent unauthorized foreign disclosure or use); <u>cf</u>. <u>Magnecomp Corp. v. Athene Co.</u>, 209. Cal. App. 3d 526, 538-39 (1989) (misappropriation of trade secrets from California corporation imputed to foreign corporation by virtue of its domestic agent's act of misappropriation).

1    **OBJECTION:**

2         The MGA Parties object to the submission of this jury instruction as it is an

3    alter ego and agency instruction hidden in the guise of an unjust enrichment

4    instruction.  *See* Dkt. No. 10333 (Order on Alter Ego); Dkt. No. 10361 (MGA Obj.

5    to Agency Instruction).  Moreover, it avoids the limitations Mattel placed on the

6    lawsuit by deciding which parties to sue.

7         The authorities Mattel cites do not support the instruction.  *McCormack &*

8    *Dodge Corp. v. ABC Mgmt. Sys., Inc.*, 222 U.S.P.Q. 432, 444 (Wash. Super. Ct.

9    1983), was decided under Washington law.  It has no analysis of the law.  From

10   what can be gleaned from the case's little analysis, it appears that the court did not

11   impose damages in the manner contemplated by this instruction.

12        *Remington Rand Corp.-Delaware v. Bus. Sys. Inc.*, 830 F.2d 1260 (3d Cir.

13   1987), expressly declined to address the issue of liability for damages "[b]ecause

14   this issue was not properly presented to the bankruptcy or district courts . . . ." *Id.*

15   at 1267.  Perhaps in recognition of this, Mattel's parenthetical describing the case

16   merely notes that the U.S. trade secret holder was permitted to sue for unauthorized

17   foreign disclosure.

18        In addition, what Mattel's reliance on *Remington Rand Corp.-Delaware*

19   reveals is that Mattel is again seeking to circumvent the California rule that

20   California statutes do not apply to conduct occurring outside of the United States.

21   *See* Dkt. No. 10380 (MGA JMOL) at 69-70.

22        Finally, *Magnecomp Corp. v. Athene Co.*, 209. Cal. App. 3d 526, 538-39

23   (1989), is a case that concerns personal jurisdiction.  It is not a case that discusses

24   damages.

25

26

27

28

- 3 -

## INSTRUCTION NO.

## COPYRIGHT–DAMAGES–GROSS REVENUE

In deciding the amount of any award to Mattel of profits attributable to any infringement by MGA Entertainment, Inc., MGA Entertainment (HK), Ltd. And/or Isaac Larian, if you find that the MGA Entertainment's domestic and international subsidiaries sold infringing products that were created or designed, in whole or in part, in the United States, or sold infringing products at the direction of MGA Entertainment, Inc., MGA Entertainment (HK), Ltd and/or Isaac Larian, then you should find the gross revenue includes those revenues generated by the sale of infringing products, regardless of which MGA subsidiary may have sold those products.

MGA Parties' Objection  to Mattel's Trade Secret
Misappropriation & Copyright Damages Jury Instructions
CV-04-9049 SGL (RNBx)

1    **Authority:**  U.S.C. § 504(b) ("The copyright owner is entitled to recover the

2    actual damages suffered by him or her as a result of the infringement, and any

3    profits of the infringer that are attributable to the infringement and are not taken

4    into account in computing the actual damages.")  (emphasis added).  <u>See Los

5    Angeles News Serv. v. Reuters Television Int'l</u>, 149 F.3d 987, 992 (9th Cir. 1998)

6    (holding that a plaintiff may "recover damages flowing from exploitation abroad of

7    the domestic acts of infringement committed by defendants"); <u>Aurora World v. Ty</u>,

8    719 F. Supp. 2d 1115, 1131, n.38 (C.D. Cal. 2009) (considering whether evidence

9    that design of an accused product was accomplished or directed from the U.S.);

10   <u>Bouchat v. Bon-Ton Dep't Stores</u>, 506 F.3d 315, 329-30 (4th Cir. 2007).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA Parties' Objection  to Mattel's Trade Secret
Misappropriation & Copyright Damages Jury Instructions
CV-04-9049 SGL (RNBx)

**OBJECTION:**

The MGA Parties incorporate by this reference their objections to Mattel's prior instructions concerning damages to be awarded for a copyright violation.  *See* Dkt. No. 9735 at 259-64.  This instruction fails to ensure that the jury distinguishes among the defendants.  In fact, it seeks to blur any such distinction altogether.  The instruction fails to properly explain that the jury must base any damages award on its specific findings of infringement by considering separately each alleged infringing act and/or product.  The jury instruction uses the term "gross revenue" and does not adequately inform the jury that Mattel is entitled to recover only those damages that are not attributable to other factors.

Moreover, the instruction misstates the law.  The Copyright Act does not apply to acts outside of the United States.  *Subafilms, Ltd. v. MGA-Pathe Communications Co.*, 24 F.3d 1088 (9th Cir. 1994) (en banc).  *Los Angeles News Serv. v. Reuters Television Int'l*, 149 F.3d 987 (9th Cir. 1998), is not the most recent statement of Ninth Circuit law.  The later decided, *Los Angeles News Serv. v. Reuter Television Int'l (USA) Ltd.*, 340 F.3d 926 (9th Cir. 2003), more accurately reflects Ninth Circuit law.  It makes clear that damages cannot be recovered for infringements that occur outside of the United States.  *Id.* at 928; *see also Aurora World v. Ty*, 719 F. Supp. 2d 1115, 1131 n.38 (C.D. Cal. 2009).  Mattel's proposed instruction would violate these principles and attempts to circumvent these limitations.

Additionally this instruction is another attempt to avoid this Court's decisions on the issue of agency and alter ego.  *See* Dkt. No. 10333 (Order on Alter Ego); Dkt. No. 10361 (MGA Obj. to Agency Instruction).

/ / /

/ / /

/ / /

/ / /

MGA Parties' Objection  to Mattel's Trade Secret
Misappropriation & Copyright Damages Jury Instructions
CV-04-9049 SGL (RNBx)

1          *Bouchat v. Bon-Ton Dep't Stores*, 506 F.3d 315, 329-30 (4th Cir. 2007), does

2    not bear on this issue at all.

3

4    Dated: April 6, 2011                        Respectfully submitted,

5                                                ORRICK, HERRINGTON & SUTCLIFFE LLP

6

7                                                By:_____*/s/ Warrington S. Parker III*_____

8                                                     WARRINGTON S. PARKER III
                                                     Attorneys for MGA Parties

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA Parties' Objection to Mattel's Trade Secret
Misappropriation & Copyright Damages Jury Instructions
CV-04-9049 SGL (RNBx)