ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:  415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:  213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>        Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OBJECTION TO MATTEL, INC.'S PROPOSED JURY INSTRUCTION RE EVIDENCE NOT RELEVANT TO JURY ISSUES**<br><br>Trial Date: January 18, 2011<br>Judge:  Hon. David O. Carter |

MGA Parties' Objection  to Mattel's Prop Jury Instruction
re Evidence Not Relevant to Jury Issues
CV-04-9049 DOC (RNBx)

1

## MATTEL SPECIAL JURY INSTRUCTION NO.

2

## EVIDENCE THAT IS NOT RELEVANT TO JURY ISSUES

3      You have heard evidence of certain activities that MGA has contended

4  constitute unfair competition.  This includes MGA's allegations about a transaction

5  between Mattel and Kohl's, the alleged movement of MGA product on Wal-Mart

6  shelves, allegations regarding certain Mattel licensing practices, and allegations that

7  Mattel asked retailers for "unfair benefits" against a competitor.  I instruct you that

8  none of this evidence relates to any issue you will decide in this case.  These issues

9  will be decided by the Court.  You should disregard this evidence in your

10  deliberations.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

MGA Parties' Objection  to Mattel's Prop Jury Instruction
re Evidence Not Relevant to Jury Issues
CV-04-9049 DOC (RNBx)

1    **Authority:**  Order Regarding Advisory Opinion on Claims for Violations of

2    Cal. Bus. & Prof. Code & Prof. Code § 17200 (Dkt. 10319) (the Court will not

3    instruct the jury on 17200 claims or seek advisory verdict); Order re Trial to Jury of

4    Unclean Hands, Laches, and Alter Ego (Dkt. 10333) ("the Court will not try

5    equitable claims or defenses to an advisory jury"); Cargill, Inc. v. Progressive Dairy

6    Solutions, Inc., 362 F. App'x 731, 733-34, 2010 WL 178714, at *2 (9th Cir.

7    Jan. 19, 2010) (unpublished) ("[D]efendants' § 17200 counterclaim was not subject

8    to a jury trial and would therefore not be a proper basis for allowing the jury to hear

9    motive and cause evidence.") (citation omitted); Hodge v. Sup. Ct., 145 Cal. App.

10   4th 278, 281 (2006) ("no jury trial is warranted" because "the section 17200 cause

11   of action is equitable and the relief sought is equitable"); In re Tobacco II Cases, 46

12   Cal. 4th 298, 312 (2009) ( a claim under § 17200 is "equitable in nature"); Okura &

13   Co. (America), Inc. v. Careau Group, 783 F. Supp. 482, 491 (C.D. Cal. 1991) (no

14   jury trial for §17200 claim).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

MGA Parties' Objection  to Mattel's Prop Jury Instruction
re Evidence Not Relevant to Jury Issues
CV-04-9049 SGL (RNBx)

**OBJECTION:**

The MGA Parties object to this instruction as overbroad.  Mattel wishes to remove from consideration vast tranches of evidence that bear on the jury's deliberations.   Mattel started this case claiming that it was innovative and that it was the source of valuable ideas for toys in the toy industry.  The jury is entitled to assess the credibility of Mattel's witnesses when making these assertions given that the evidence establishes that Mattel was unable to compete against MGA in the marketplace and chose, instead, to engage in other practices as an alternative to fair competition for this reason.  Mattel has made this information relevant by portraying itself as a company from which MGA would desire—if not be compelled—to steal.

Moreover, evidence of Kohl's and the other acts referenced in the instruction are relevant to Mattel's credibility generally and the strength of its denials of trade secret misappropriation.  Given that Mattel denies trade secret misappropriation, the jury should be allowed to assess all of Mattel's actions directed to MGA, including its denials in trial that it did not steal trade secrets.  Indeed, from mouths of the same witness, Mattel has denied trade secret misappropriation and improper activity.  For example, Drew Vollero, Mattel's Senior Vice President of Corporate Strategy and Corporate Development, downplayed Villasenor's activities and denied—falsely—any role in the activities involving Kohl's.  Certainly, the jury is entitled to assess all of his testimony in making a credibility finding, which this instruction would foreclose.

The evidence also bears on the credibility of Isaac Larian.  Mattel wanted to portray him, frankly, as a man who fantasized about or overstated Mattel's bad acts. Having attempted to paint him as less than truthful, the jury is entitled to consider that Mr. Larian, in fact, was not somehow making this stuff up.

Finally, Mattel has claimed that the issue of Kohl' arose from the fact that Bratz was not selling well.  At the same time, it wishes to impress on the jury that

MGA Parties' Objection  to Mattel's Prop Jury Instruction
re Evidence Not Relevant to Jury Issues
CV-04-9049 SGL (RNBx)

1   Bratz was worth millions and millions of dollars.  If Bratz was not selling well at

2   Kohl's this further supports the argument that the infringing and trade secret aspects

3   of Bratz was *not* the sole or primary factor in the success of Bratz.  In other words,

4   if there are truly different levels of sales at different locations, it cannot be that the

5   success of Bratz is solely or primarily related to the claimed trade secrets or the

6   infringing aspects of Bratz.  Rather, it shows that Bratz's success is attributed to

7   things that made it a brand and that promoted its sales.

8

9

10   Dated: April 6, 2011                    Respectfully submitted,

11                                           ORRICK, HERRINGTON & SUTCLIFFE LLP

12

13                                           By:_____*/s/ Warrington S. Parker* III_____
                                                   WARRINGTON S. PARKER III
14                                                 Attorneys for MGA Parties

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -
MGA Parties' Objection  to Mattel's Prop Jury Instruction
re Evidence Not Relevant to Jury Issues
CV-04-9049 SGL (RNBx)