ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Tel: 415-773-5700/Fax: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Tel: 213-629-2020/Fax: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>CV 04-9059<br>CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL'S REQUEST FOR JUDICIAL NOTICE REGARDING TRADEMARK APPLICATIONS FOR "MOXIE GIRLZ" AND "MOXIE GIRL"**<br><br>Trial Date: January 11, 2011<br>Judge: Hon. David O. Carter |

## INTRODUCTION

Mattel wishes to introduce MGA's December 31, 2008 "Moxie" trademark applications by judicial notice to avoid the conclusion that Mattel learned of Moxie at the Nuremberg Toy Fair. Apparently, Mattel wishes to argue that the information was public knowledge because MGA recently had applied for trademarks.

However, the applications do not establish that MGA's intent to use the name Moxie—let alone MGA's intent to launch a new line of dolls—was public information; information submitted to the PTO is not instantly made available. Of course, the applications that Mattel asks to submit say nothing of this. And by offering the applications by judicial notice rather than through a witness, Mattel intends to ensure that the jury is never made cognizant of this fact. Moreover, Mattel seeks to imply to the jury that *all* of the information it improperly gained regarding Moxie was public, so it did nothing wrong at all by sneaking into MGA's showroom. Without the ability to cross-examine a witness, MGA cannot expose this. The Court should not tolerate Mattel's attempt to avoid cross-examination. Mattel's request should be rejected.

## ARGUMENT

Mattel asks for judicial notice of MGA's application for trademark applications for the names "Moxie Girlz" and "Moxie Girl." Neither the name nor the trademark is at issue in this case. The date of MGA's application for the Moxie trademark is not a legally operative fact in this trial. But, Mattel does not offer these documents to establish that MGA applied for trademarks on December 31, 2008.

Instead, Mattel presumably intends these registrations to excuse the fact that it continued sneaking into its competitor's showrooms at least as recently as 2009. The offer is pure argument intended to falsely represent to the jury that the name Moxie was public knowledge because MGA had recently filed a trademark

1  application and to imply that the information therein was instantly available and
2  generally known.  This is not true.  Information contained in trademark applications
3  is not immediately published, but the jury does not know so, and the request for
4  judicial notice does not educate them—in fact keeping the jury in the dark is the
5  whole point of offering the applications via judicial notice.  By attempting to
6  smuggle these documents into the jury room by this artifice, Mattel intends to
7  deprive MGA of the opportunity to establish that Moxie was not yet public
8  information at the 2008 Nuremberg Toy Fair.
9      Moreover, if Mattel seeks to defend its behavior by implying that Moxie was
10 public information, MGA should have the opportunity to cross-examine Mattel's
11 witness about whether it was the *name* "Moxie" that Mattel sought to obtain by
12 entering MGA's showroom, or whether what Mattel was really after was the
13 appearance, price, theme, or other information.  In other words, Mattel should not
14 be allowed to defend the fact that it entered MGA's showroom in order to obtain
15 valuable confidential information about MGA's products by alleging—without
16 testimony—that other information was public knowledge.  Mattel is using these
17 applications to play a shell game.  If Mattel were playing the game on the stand
18 with a sponsoring witness, MGA could cross-examine the witness, expose the grift,
19 and the jury could reach a conclusion in light of the full facts and their assessment
20 of the witness' credibility.  Mattel's request deprives the jury of this opportunity.
21 Accordingly, Mattel's request for judicial notice should be denied.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

- 2 -   MGA Parties' Opposition to Mattel Inc.'s Request
for Judicial Notice re Moxie Trademark Apps
CV 04-9049 DOC (RNBx)

## **CONCLUSION**

For the reasons stated above, the Court should reject Mattel's Request for Judicial Notice.

Dated: April 6, 2011　　　ORRICK, HERRINGTON & SUTCLIFFE, LLP

By: */s/ Warrington S. Parker III*
Warrington S. Parker III
Attorneys for MGA Parties