QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>   vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>             Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**MATTEL'S OBJECTIONS TO DRAFT JURY INSTRUCTIONS CIRCULATED BY THE COURT**<br><br>Hon. David O. Carter<br><br>Trial Date: January 18, 2011 |

1  Plaintiffs Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively,
2  "Mattel"), hereby submit the following objections to the Jury Instructions
3  circulated by the Court on April 4, 2011.  Mattel submits its objections in the form
4  of "red-line" proposed changes to certain of the jury instructions circulated by the
5  Court, attached as Exhibit A hereto, on the grounds that the instructions as
6  proposed by the Court are contrary to law and would be unfairly prejudicial to
7  Mattel.  Mattel reserves its right to object to additional jury instructions circulated
8  by the Court at the hearing on this matter or at a later time.  Mattel makes these
9  objections without waiving the objections it previously made, including to
10 proposed jury instructions submitted by the other parties, and also without waiving
11 its rights as to the instructions Mattel proposed but which the Court has indicated it
12 will not give.

DATED:  April 6, 2011

QUINN EMANUEL URQUHART & SULLIVAN. LLP


By  */s/ Michael T. Zeller*
    Michael T. Zeller
    Attorneys for Mattel, Inc. and Mattel de Mexico. S.A. de C.V.

# EXHIBIT A

### INSTRUCTION NO. \_\_\_
### DISPUTED TERM: "INVENTIONS"

The term "inventions" in the January 4, 1999 Employee Confidential Information and Inventions Agreement between Mattel, Inc. and Carter Bryant includes, but is not limited to, all "discoveries, improvements, processes, developments, designs, know-how, data computer programs and formulae."

The term "inventions" includes tangible items like drawings and sculpts. However, the parties dispute whether the term "inventions" in the January 4, 1999 Employee Confidential Information and Inventions Agreement between Carter Bryant and Mattel, Inc. also includes "ideas," and this is a dispute that you must resolve. In order to exercise ownership over a Carter Bryant idea, Mattel must prove that the term "inventions," as used in the Inventions Agreement, includes "ideas."

INSTRUCTION NO. ___

**DISPUTED TERM: "AT ANY TIME DURING MY EMPLOYMENT"**

~~The term "at any time during my employment" in the January 4, 1999 Employee Confidential Information and Inventions Agreement refers to the scope of Carter Bryant's employment between January 4, 1999 and October 19, 2000.~~

~~However, the parties dispute whether the term also extends beyond the scope of Carter Bryant's employment and includes nights and weekends. This is another dispute you must resolve.~~

In order to own any of Carter Bryant's <ins>Bratz-related</ins> inventions<ins>,</ins> ~~:~~

~~1.~~ Mattel must prove that <ins>those</ins>~~Carter Bryant's Bratz-related~~ inventions were conceived or reduced to practice <ins>"at any time during [Carter Bryant's] employment" by Mattel, as that phrase is used Carter Bryant's January 4, 1999 Employee Confidential Information and Inventions Agreement. It is for you to decide when Mr. Bryant's inventions were conceived or reduced to practice and whether they were conceived or reduced to practice "at any time during [Mr. Bryant's] employment" by Mattel.</ins> ~~between January 4, 1999 and October 19, 2000.~~

~~AND~~

~~2. Mattel must also prove that the inventions were conceived or reduced to practice at any time during Carter Bryant's employment either because:~~

~~(a) The inventions were conceived or reduced to practice during the scope of Carter Bryant's employment;~~

~~OR~~

~~(b) The term "at any time during my employment" extends outside the scope of Carter Bryant's employment and includes nights and weekends.~~

# INSTRUCTION NO. ___
## COPYRIGHT INFRINGEMENT – OWNERSHIP OF VALID COPYRIGHT – DEFINITION

Mattel is the owner of a valid copyright in the sketches, drawings, and sculpts at issue if it proves by a preponderance of the evidence that:

1. the sketches, drawings, and sculpts are original; and
2. Mattel <u>is the author of the sketches, drawings, and sculpts because they are works made for hire or because Mattel</u> received a transfer of the copyright in the sketches, drawings, and sculpts.

# INSTRUCTION NO. ___

## PROTECTABLE/UNPROTECTABLE ELEMENTS: DOLL DRAWINGS

| Protectable Elements Include | Unprotectable Elements Include |
|---|---|
| The precise shape, size, and placement of the dolls' anatomical features, including but not limited to facial elements (head, eyes, eyebrows, eyelashes, nose, mouth, and ears) and body parts (neck, torso, waist, arms, legs and feet). | The resemblance or similarity to human form (the presence of hair, head, eyes, a nose, mouth, lips, ears, a neck, legs, arms, feet and a torso)., features shared by a particular race or ethnicity (e.g., skin tone), postures that mimic the human form, and postures that are standard for the effective display of fashionable clothing. |
| The precise combination of unprotectable features, like the combination of a particular hair style, face paint, make up, and outfit or the combination of precise body proportions. | The concept of depicting a female fashion doll with Eexaggerated features, including but not limited to an oversized head, oversized almond-shaped eyes, large lips, oversized feet, slim arms, and a diminished nose. |
| Hair style and color. | The concept of depicting a female fashion doll with Iidealized features, such as luscious lips, a slim waist, a small nose, and long limbs. |
| Make-up style and coloring. | The idea of a young, fashion forward female with an attitude, and the expression traditionally associated with that idea, including but not limited to heavy make up (eye shadow, blush, and eye liner), an "urban" look, defiant poses, defiant gazes, angular eyebrows, trendy clothing, shoes and accessories. |
| The appearance (style and color) of fashions, clothing and accessories. | |

INSTRUCTION NO. \_\_\_

PROTECTABLE AND UNPROTECTABLE ELEMENTS: SCULPTS AND SCULPT SKETCHES

| Protectable Elements Include | Unprotectable Elements Include |
|---|---|
| The exact shape, size, and placement of the dolls' anatomical features, including but not limited to facial elements (head, eyes, nose, mouth, and ears) and body parts (neck, torso, waist, arms, legs and feet). | The resemblance or similarity to human form, anatomy, and physiology (the presence of a head, eyes, nose, mouth, lips, ears, a neck, legs, arms, feet and a torso). |
| ~~Minute sculptural variations, including the~~ The precise angles at which the dolls' anatomical features meet | The concept of depicting a female fashion doll with ~~E~~exaggerated features, including but not limited to an oversized head, oversized eyes, large lips, oversized feet, slim arms, a diminished nose, and a long torso. |
| The precise combination of features, like the combination of body proportions. | ~~Idealized features, such as luscious lips, high cheekbones, almond shaped eyes, a slim waist, a small nose, and long limbs~~ |
| | Postures and poses that mimic the human form or are standard for the effective display of fashionable clothing, like arms that protrude outwards so that doll clothes and accessories can be easily removed. |
| | ~~Features necessary to make a fashion doll capable of mass production~~ |