QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al., <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, et al., <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> Hon. David O. Carter <br><br> **MATTEL, INC.'S OBJECTIONS TO STATUTE OF LIMITATIONS JURY INSTRUCTIONS AND VERDICT FORM** <br><br> Hearing Date:  TBD <br> Time:  TBD <br> Place:  Courtroom 9D <br><br> Discovery Cut-off:  October 4, 2010 <br> Pre-trial Conf:  January 4, 2011 <br> Trial Date:  January 11, 2011 |

**Preliminary Statement**

Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") respectfully submit that the Court's instructions and verdict form questions regarding the statutes of limitations issues are erroneous.

First, under California law, when the plaintiff has suspicions of the defendant's wrongdoing unsupported by fact, the law imposes a duty to reasonably investigate—but there is no duty to sue based on rumor and speculation. Suspicions unsupported by facts do not trigger accrual of the claim. Rather, suspicions can trigger a duty to investigate, but the plaintiff is then, even if he has such a duty, only charged with knowledge of what a reasonable investigation would uncover. And in cases involving a fiduciary like Bryant, suspicions that might ordinarily trigger an investigation may not excite suspicion, so the same degree of diligence is not required. A claim does not accrue until the plaintiff discovers, or should have discovered through the exercise of reasonable diligence, *facts*, not rumors or innuendo, that at a minimum would support filing a lawsuit on the specific claims that were brought. The Court's instructions do not reflect that, and are therefore erroneous.

Second, the Court has omitted entirely Mattel's proposed fraudulent concealment jury instructions and verdict form questions. This is a critical component of Mattel's response to MGA's statute of limitations defense. Indeed, the Phase 1 jury found that MGA had engaged in fraudulent concealment. This omission is prejudicial error, particularly because, where concealment is shown, the accrual standard is more lenient.

**Argument**

**I.    UNDER CALIFORNIA LAW, SUSPICIONS UNSUPPORTED BY FACT TRIGGER A DUTY TO INVESTIGATE, NOT ACCRUAL**

The Court has indicated its intention to give the following instruction: "If Mattel proves that it did not timely discover, nor with reasonable diligence could have discovered, facts that would have caused a reasonable person to suspect that MGA and/or Larian had misappropriated the Bratz-related information, you must determine

MATTEL'S OBJ TO COURT'S STATUTE OF LIMITATIONS JURY INSTRUCTIONS AND VERDICT FORM

00505.07975/4076939.4

the date by which it could have so discovered through the exercise of reasonable diligence." Court's April 4, 2011 Instructions at 70. That is not the right standard.

The word "suspect" or "suspicion" is not found in CUTSA's statute of limitations: "An action for misappropriation must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Cal. Civ. Code § 3426.6.[1] This statutory language is consistent with the California Supreme Court's description of the discovery rule. See Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005) ("An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action."). Nevertheless, the Court's jury instruction and verdict form would tie accrual to the time when Mattel discovered, or with "reasonable diligence could have discovered, facts that would have caused a reasonable person to suspect" its cause of action. This use of the word "suspect" without elaboration or explanation is misleading and erroneous, for there are two different kinds of "suspicions" under California law—and they are two very different things.

First, there are suspicions that trigger a duty of further investigation. "'If a person becomes aware of facts which would make a reasonably prudent person suspicious, he or she has a duty to investigate further and is charged with knowledge of matters which would have been revealed by such an investigation.' A patient who actually learns of the dangerous side effects of a drug she has taken ignores her knowledge at her peril, but the law only requires an investigation when a plaintiff has a reason to investigate." Unruh-Haxton v. Regents of Univ. of Cal., 162 Cal. App. 4th

---

[1] The Court's instructions refer to what Mattel "could have discovered" at times, when the statute ties accrual to when a claim "by the exercise of reasonable diligence should have been discovered." Mattel requests that this disparity be corrected.

343, 360-61 (2008) (quoting <u>Nelson v. Indevus Pharm., Inc.</u>, 142 Cal. App. 4th 1202, 1207 (2006)).

This duty to investigate only arises when the plaintiff has knowledge of facts that should trigger an investigation. "Our Supreme Court has never held that under the discovery rule, the suspicion necessary to trigger the statute may be imputed to a plaintiff, and we do not believe that to be the law. When the cases are read in whole, rather than in isolated quotes, it is clear that a plaintiff's duty to investigate does not begin until the plaintiff actually has a reason to investigate." <u>Nelson</u>, 142 Cal. App. 4th at 1206. Thus, the Court's question whether Mattel "could have discovered[] facts that would have caused a reasonable person to suspect" is not correct—Mattel had no duty to even investigate absent knowledge of facts that gave it an actual "reason to investigate." <u>Id.</u> Moreover, the standards for investigation and accrual under discovery rule are relaxed when there is a fiduciary relationship, as Mattel had with Bryant. "[I]n cases involving a fiduciary relationship, 'facts which would ordinarily require investigation may not excite suspicion, and [ ] the same degree of diligence is not required.'" <u>Dias v. Nationwide Life Ins. Co.</u>, 700 F. Supp. 2d 1204, 1223 (E.D. Cal. 2010) (brackets in original) (citing <u>Alfaro v. Cmty. Housing Improvement Sys. & Planning Ass'n, Inc.</u>, 171 Cal. App. 4th 1356, 1394 (2009)).

Even after Mattel had suspicions that triggered a duty to investigate, it is only chargeable with knowledge of facts that a diligent investigation would have revealed. "*If such an investigation would have disclosed a factual basis for a cause of action*, the statute of limitations begins to run on that cause of action when the investigation would have brought such information to light." <u>Fox</u>, 35 Cal. 4th at 808 (emphasis added). This, then, leads to the second type of "suspicions" discussed in the cases: suspicions sufficient to trigger accrual. Raw suspicions, unsupported by facts or evidence, do *not* trigger accrual. There is no duty to sue, and no accrual, when a plaintiff does not have knowledge of facts that would lead it to "*reasonably suspect[] that the cause of action is a meritorious one*." <u>Id.</u> at 815 (emphasis added). A plaintiff's suspicions must at a

-3-

MATTEL'S OBJ TO COURT'S STATUTE OF LIMITATIONS JURY INSTRUCTIONS AND VERDICT FORM

minimum be sufficient to support a lawsuit to lead to accrual, and no lawsuit can be filed unless "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." <u>Fed. R. Civ. P.</u> 11.  Raw suspicions, unsupported by any evidence, are not enough.  "It would be contrary to public policy to require plaintiffs to file a lawsuit 'at a time when the evidence available to them failed to indicate a cause of action.'"  <u>Fox</u>, 35 Cal. 4th at 815; <u>see also id.</u> at 803 (stating that "a reasonable investigation" must "have revealed a factual basis *for that particular cause of action*" for the claim to accrue) (emphasis added).

For all these reasons, finding accrual when a plaintiff has "suspicions" based on rumor and innuendo—and not evidence—would be error.  Courts "cannot apply statute of limitations in a way that pressures litigants to file suits based merely on suspicions and fears. . . . [S]uspicion and fear are not sufficient predicates for launching a lawsuit, and to file an action with no other basis would offend norms articulated in rules like Federal Rule of Civil Procedure 11.  Given all these considerations, it would be fundamentally unfair to penalize plaintiff (by using the statute of limitations to bar this action) for not filing its state law claims before it had access to enough information to make them meaningfully colorable." <u>Intermedics, Inc. v. Ventritex, Inc.</u>, 775 F. Supp. 1258, 1266 (N.D. Cal. 1991) (discussing CUTSA discovery rule); <u>see also</u> <u>Alamar Biosciences, Inc. v. Difco Labs., Inc.</u>, 1995 WL 912345, at *3 (E.D. Cal. Oct. 13, 1995) ("Thus, when there is reason to suspect that a trade secret has been misappropriated, and a reasonable investigation would produce facts sufficient to confirm this suspicion (and justify bringing suit), the limitations period begins, even though the plaintiff has not conducted such an investigation.  On the other hand, if certain facts necessary to the claim are unavailable even to a reasonably diligent plaintiff, the limitations period is tolled until the facts do become available."); <u>Leaf v. City of San Mateo</u>, 104 Cal. App. 3d 398, 408-09 (1980) ("It would be contrary to public policy to require that plaintiffs

file a lawsuit against City of San Mateo at a time when the evidence available to them failed to indicate a cause of action against this defendant.").

Courts applying the discovery rule as to other states' UTSA claims are similar. See, e.g., Sokol Crystal Prods., Inc. v. DSC Comm'ns Corp., 15 F.3d 1427, 1430 (7th Cir. 1994) (citing Intermedics when interpreting the Wisconsin UTSA: "[W]hile these concerns and suspicions were perhaps stronger than those in Intermedics (where the plaintiff's initial concerns that the defendant had misappropriated its trade secret were assuaged by the report of an independent auditor), these apprehensions were still just concerns and suspicions rather than knowledge of misuse. They therefore do not start the clock of the statute of limitations."); Accenture Global Servs. GmbH v. Guidewire Software Inc., 691 F. Supp. 2d 577, 594 (D. Del. 2010) (citing Intermedics when interpreting the Delaware UTSA: "It has long been held that courts should not 'apply statute of limitations law in a way that pressures litigants to file suits based merely on suspicions and fears.' It is not sufficiently clear on this record that plaintiffs possessed (or could have possessed) more than concerns and suspicions in August 2004.") (internal citations omitted).

## II. THE COURT'S INSTRUCTIONS SHOULD INCLUDE QUESTIONS ON FRAUDULENT CONCEALMENT

The Phase 1 jury found that MGA fraudulently concealed the factual basis of Mattel's Bratz-related claims. Dkt. 4279 at 8-9. Nevertheless, the Court's instructions and verdict form do not reference this Mattel response to MGA's statute of limitations argument. The discovery rule instructions are not substitutes for fraudulent concealment instructions. See Migliori v. Boeing N. Am., Inc., 114 F. Supp. 2d 976, 983 (C.D. Cal. 2000) ("[A]lthough analogous, the two doctrines constitute separate bases for tolling the statute of limitations. Indeed, a close inspection of cases addressing fraudulent concealment reveals that 'notice' or 'inquiry' in the fraudulent concealment context plays a different role than 'notice' or 'inquiry' in the discovery rule context.") (internal citations omitted). Even if raw suspicions could give rise to

accrual, something close to actual knowledge is required when concealment is shown. See Garamendi v. SDI Vendome S.A., 276 F. Supp. 2d 1030, 1042-43 (C.D. Cal. 2003) ("When intentional concealment tolls a statute of limitations, something closer to actual notice than mere inquiry notice is required to end the tolling period . . . . Similarly, if a plaintiff suspects that she has been wronged but does not know the specific facts that constitute the wrong, the statute may be tolled until she learns of those facts if the defendant takes steps to conceal them. Again, this is true even if the plaintiff is already on inquiry notice as to her claim.").  As the court explained in Garamendi:

> Although few courts have considered in detail the difference between "inquiry notice" and the near-actual type of notice sufficient to end a period of equitable tolling, the D.C. Circuit offered the following explanation in Hobson [v. Wilson, 737 F.2d 1 (D.C. Cir. 1984)]:

> "By 'notice,' we refer to an awareness of sufficient facts to identify a particular cause of action, be it a tort, a constitutional violation or a claim of fraud. We do not mean the kind of notice—based on hints, suspicions, hunches or rumors—that requires a plaintiff to make inquiries in the exercise of due diligence, but not to file suit." 737 F.2d at 35.

> No California court appears explicitly to have adopted this formulation, but the California Court of Appeal has cited Hobson approvingly, Rita M. [v. Roman Catholic Archbishop, 187 Cal. App. 3d 1453, 1460 (1986)], and the Hobson standard is consistent with language in both state and federal cases applying California's fraudulent concealment doctrine. See Bernson [v. Browning-Ferris Indus., 7 Cal. 4th 926, 931 (1994)] (fraudulent concealment tolls statute until plaintiff discovers his "claim"); Pashley v. Pacific Electric Co., 25 Cal. 2d 226, 229 (1944) ("[W]hen the defendant is guilty of fraudulent concealment . . . the statute is deemed not to become operative until the aggrieved party discovers the existence of *the cause of action*.") (emphasis added).

Garamendi, 276 F. Supp. 2d at 1042-43.

Since fraudulent concealment is distinct from the discovery rule, Mattel is entitled to a jury instruction and verdict form questions that address it.

## III.   THE COURT'S USE OF THE WORD "SUSPECT" IN ITS COPYRIGHT VERDICT FORM IS INCONSISTENT WITH NINTH CIRCUIT LAW

"A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." Roley v. New World Pictures,

Ltd., 19 F.3d 479, 481 (9th Cir. 1994).  A suspicion of copyright infringement only triggers a duty to investigate, not accrual.  See Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515, 1521 (9th Cir. 1983) ("That suspicion placed upon Wood a duty to investigate further into possible infringements of his copyrights."); see also King Records, Inc. v. Bennett, 438 F. Supp. 2d 812, 868 (M.D. Tenn. 2006) ("The Court finds that Lytle's 'suspicions' of infringement that 'possibly' dated back to mid-1996 are too conjectural to hold that Lytle had the requisite knowledge to preclude the tolling of the statute of limitations.").  Knowledge, not suspicions, is required for accrual.  See Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 706 (9th Cir. 2004) ("Thus, under Roley, the statute of limitations does not prohibit recovery of damages incurred more than three years prior to the filing of suit if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable under the circumstances."); see also id. (17 U.S.C. § 507(b) "permits damages occurring outside of the three-year window, so long as the copyright owner did not discover—and reasonably could not have discovered—the infringement before the commencement of the three-year limitation period").

Nevertheless, the Court's verdict form asks:  "On or before the following dates, did Mattel discover, or should it have discovered through the exercise of reasonable diligence, facts that would have caused a reasonable person to suspect that MGA Entertainment, Inc., MGA Entertainment (Hong Kong) Limited, or Isaac Larian has infringed its copyrights."  Court's April 4, 2011 Verdict Form at 3.  That is incorrect, as shown above.[2]

---

[2]  The Court's draft instruction also fails to explain that the rolling statute of limitations allows recovery for all infringing acts that took place within three years before the filing date, even assuming the claim accrued before that.  Roley, 19 F.3d at 481 ("In a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of the suit."); Polar Bear, 384 F.3d at 706 (); Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1147 -1148 (N.D. Cal. 2007) ("Because each act of infringement is a distinct harm, the statute of limitations
(footnote continued)

1

## <u>Conclusion</u>

2      For the foregoing reasons, Mattel respectfully requests that the Court adopt

3   Mattel's proposed jury instructions.[3]

4

5   DATED: April 6, 2011              QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP
6

7

8                                    By _____
                                        Michael T. Zeller
9                                       Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22   bars infringement claims that accrued more than three years before suit was filed, but
     does not preclude infringement claims that accrued within the statutory period.").
23

24   [3]   In addition, two of the dates in the verdict form questions related to statute of
     limitations are incorrect by one day.  All references to December 8 in the verdict form
25   should be changed to December 7 because the Court granted the parties' stipulation to
     allow MGA to intervene as of right on December 7, 2004.  The Order was docketed—
26   not signed—the next day.  Similarly, all references to April 14 in the verdict form
     should be changed to April 13 because MGA filed its lawsuit against Mattel on April
27   13, 2005.

28