ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OBJECTION TO MATTEL, INC.'S PROPOSED JURY INSTRUCTIONS RE JOINT AND SEVERAL LIABILITY**<br><br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

**JOINT AND SEVERAL LIABILITY**

All those who, in pursuit of a common purpose or plan, actively take part in it, or further it by cooperation or request, or lend aid or encouragement, or ratify and adopt the acts done, are as equally liable for all the harm as the person who performs the act itself.

Mattel contends that Isaac Larian and MGA Entertainment, Inc. and MGA Hong Kong acted in pursuit of a common purpose or plan to infringe Mattel's copyrights and misappropriate Mattel's trade secrets in Bratz. Mattel contends that Isaac Larian, MGA Entertainment, Inc. and MGA Hong Kong are each fully responsible to Mattel for:

(a)   all harm that Mattel suffered as a result of Isaac Larian, MGA Entertainment, Inc. and its subsidiaries' infringement of Mattel copyrights and the misappropriation of Mattel's trade secrets in Bratz; and

(b)   all benefits that Isaac Larian, MGA Entertainment, Inc. and its subsidiaries received as a result of the infringement of Mattel's copyrights and the misappropriation of Mattel's trade secrets in Bratz.

If you determine that Isaac Larian, MGA Entertainment, Inc., and its subsidiaries acted in pursuit of a common purpose or plan, you should not reduce any award to Mattel because any subsidiary of MGA Entertainment Inc. may not be a party.

**Authority:** 5 B.E. Witkin, *Summary of California Law*, Torts § 44 (10th Ed. 2005) (Joint tortfeasors are "those who act in concert to accomplish some common purpose or plan, and whose concerted acts cause the harm," and "those who order, direct, or permit others to do the act and those who give assistance or encouragement."); *Salton v. Philips Domestic Appliances and Personal Care*, 391 F.3d 871, 877 (7th Cir. 2008) ("Under the principle of joint and several liability,

which governs not only the common law tort of misappropriation of trade secrets but also the federal statutory tort of copyright infringement, the victim of a tort is entitled to sue any of the joint tortfeasors and recover his entire damages from that tortfeasor."); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 1997 WL 381967, at *3 (C.D. Cal. March 19, 1997) ("Courts have long held that in patent, trademark, literary property, and copyright infringement cases, any member of the distribution chain can be sued as an alleged joint tortfeasor."); *DaFonte v. Up-Right, Inc.*, 2 Cal. 4th 593, 595 (1992) (Regardless of the particular degree of fault, every joint tortfeasor is liable for all damages.); *American Motorcycle Assn. v. Superior Court*, 20 Cal. 3d 578, 588 (1978) (same).

**OBJECTION**

The MGA Parties object to this instruction on the grounds that the issue of whether MGA Entertainment, MGA HK and Mr. Larian should be held jointly and severally liable is not an issue for the jury to decide.  There is no CACI or Ninth Circuit instruction on the issue.  The jury instruction therefore has no proper purpose and should not be submitted.  The MGA Parties further object that Mattel's instruction is an incorrect statement of the law.

Mattel's instruction is an improper statement of the law.  To begin, Mattel's first paragraph does not track the basis for liability under the Copyright Act or California' Uniform Trade Secret Act.  This Court is already instructing on the basis of liability for violations of the Copyright Act and CUTSA.  This instruction, which uses words such as "cooperation" and "lend aid" will merely confuse the jury.  Moreover, it is clear that Mattel wishes to improperly expand the scope of liability.  For example, the instruction would allow the jury to base liability on a theory of ratification or adoption.  The CUTSA does not permit liability on that basis.  *See* Civ. Code §3426.1(b); *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 239 (2010).

Further, with regard to copyright infringement, the instruction indicates that the defendants may be jointly and severally liable for the harm and benefit of the defendants *and* the subsidiaries.  This is not true.  The defendants may only be jointly and severally liable for damages.  Insofar as there is liability for illegal profit, "the liability is several; one defendant is not liable for the profit made by another." *MCA, Inc. v. Wilson*, 677 F.2d 180, 186 (2d Cir. N.Y. 1981) (citations omitted).

Additionally, the instruction indicates that Mr. Larian may be personally liable for the acts of MGA Entertainment, Inc., MGA HK, or any subsidiaries of MGA Entertainment, Inc.  This is false as a matter of law.  An officer or director may only be held personally liable—joint and severally or otherwise—for the torts

in which he actually participates, authorizes, or directs. *AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F.Supp.3d 941, 950 (N.D. Cal. 2003); *Frances T. V. Village Green Owners Assn.*, 42 Cal. 3d 490, 503-504 (1986) ("While the corporation itself may be liable for such acts, the individual officer or director will be immune unless he authorizes, directs or in some meaningful sense actively participates in the wrongful conduct."). "Mere knowledge of the tortious conduct by the corporation is not enough to hold a director or officer liable for the torts of the corporation absent other "unreasonable participation" in the unlawful conduct by the individual." *AccuImage*, 260 F.Supp.2d at 950 (citing *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1389 (2000)). Mattel's proposed instruction seeks to circumvent this requirement and allow the jury to make a finding of liability for Isaac Larian using an improper standard.

Further, the instruction improperly indicates that Mattel may claim unjust enrichment for "all benefits that Isaac Larian, MGA Entertainment, Inc. and its subsidiaries received. . . ." This is incorrect. A recovery of unjust enrichment for the benefit to a corporation and the subsequent benefit to a shareholder would result in an impermissible double recovery. *See AccuImage*, 260 F. Supp. 2d at 958-59.

The instruction also implies that, if the jury finds that Isaac Larian and MGA Entertainment acted in concert with each other, the jury may award damages based on the profits awarded to a subsidiary that is not named as a party. Mattel's recitation is convoluted, confusing, and not supported by the law. There has been no evidence that any subsidiaries not party to this litigation acted in concert with other parties to harm Mattel, and there is no basis for a finding joint and several liability with unnamed parties. *Bouchat v. Bon-Ton Dep't Stores*, 506 F.3d 315, 329-30 (4th Cir. 2007).

Finally, this is yet again an attempt to impose agency or alter ego liability because Mattel wishes to improperly impose liability on MGA's subsidiaries. Assuming a proper damages instruction, the issue of joint and several liability is

1 | irrelevant to the amount of an award of damages.  Accordingly, this jury instruction
2 | has no purpose, and would only serve to confuse the jury.

5 | Dated: April 6, 2011          Respectfully submitted,
6 |                                ORRICK, HERRINGTON & SUTCLIFFE LLP

8 |                                By:    */s/ Warrington S. Parker* III
                                        Warrington S. Parker III
9 |                                Attorneys for MGA ENTERTAINMENT, INC.,
                                   MGA ENTERTAINMENT HK, LTD., MGA de
10|                                MEXICO, S.R.L. de C.V., and ISAAC LARIAN