QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>        Defendants. | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br><br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>**MATTEL'S OPPOSITION TO MGA'S SECOND REQUEST FOR JUDICIAL NOTICE OF ITS SUBJECTIVE INTERPRETATION OF DISPUTED CONTRACT TERMS**<br><br>Pre-trial Conference:  January 4, 2011<br>Trial Date:  January 18, 2011 |

00505.07975/4079434.1

**Argument**

MGA's second attempt to impose its subjective interpretation of a contract to which it is not a party—this time via judicial notice of a Black's Law Dictionary definition of "reduced to practice" as used in patent law—does not address, much less cure, any of the problems Mattel identified in its prior opposition.  The meaning of the terms of Bryant's contract is a disputed factual issue not appropriate for judicial notice.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689-90 (9th Cir. 2001) ("a court may not take judicial notice of a fact that is 'subject to reasonable dispute'") (quoting <u>Fed. R. Evid.</u> 201(b)) (district court erred in granting motion to dismiss by relying on extrinsic evidence and by taking judicial notice of disputed matters of fact to support its ruling).  For the reasons set forth in Mattel's response to MGA's first request for notice on this issue, which are incorporated herein, this request likewise fails.

MGA's second request also directly violates this Court's prior ruling that "dictionary definitions" are not proper or admissible evidence relevant to the interpretation of Bryant's contract.  When Mattel attempted to elicit such evidence, MGA objected and the Court ruled as follows:

> THE WITNESS:  . . . One is, the word "conceived" itself I truly believe means ideas.  I was so concerned about the word I looked it up.  I looked it up in several dictionaries, and it's defined by the word --
>
> MS. KELLER:  Objection, Your Honor.
>
> THE COURT:  Sustained.  Company's don't look up words.  Okay?  This is his personal opinion.  We're going to strike that.
>
> You represent the company.  Okay?
>
> THE WITNESS:  Okay.
>
> THE COURT:  Okay.

1  BY MR. QUINN:

2  Q.   Any other reasons why?  We won't get into the

3  dictionary definitions at this point.

4         THE COURT:  Trust me, and I'm going to stop that

5  immediately.

6         If I went to a Webster's Dictionary and looked up

7  a word compared to a Black's Law Dictionary -- we use words

8  that may have slightly and sometimes dramatically different

9  meanings legally.  At the end of the case, I promise you I

10  will read to you for hours -- no, it will be relatively

11  short -- but I'll read to you the instructions on the law.

12  It will cover all these areas.

13         Counsel.

14         MR. QUINN:  Thank you.

15         THE COURT:  We're done with dictionaries.

16         MR. QUINN:  We're done with dictionaries.

17  Trial Tr., March 17, 2011, Vol. 1, at 25:10-26:11.

18     MGA's request that the Court notice an inapplicable definition of "reduced to

19  practice" as used in patent law—and not as that phrase is actually used in the

20  Inventions Agreement—is frivolous.  It violates both the Court's prior rulings and

21  the law of this case determined by the Ninth Circuit.  For all the reasons discussed in

22  Mattel's prior opposition and those set forth herein, MGA's second request for

23  judicial notice should be denied.

24

25

26

27

28

1  DATED: April 6, 2011            QUINN EMANUEL URQUHART &
2                                  SULLIVAN, LLP

3
4                                  By   /s/ John B. Quinn
                                        John B. Quinn
5                                       Attorneys for Mattel, Inc. and
6                                       Mattel de Mexico, S.A. de C.V.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S OPPOSITION TO MGA'S SECOND REQUEST FOR JUDICIAL NOTICE