QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>               Plaintiff,<br><br>     vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>               Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW REGARDING MGA'S STATUTE OF LIMITATIONS DEFENSE**<br><br>Hearing Date:  TBD<br>Time:          TBD<br>Place:         Courtroom 9D<br><br>Discovery Cut-off:  October 4, 2010<br>Pre-trial Conf:     January 4, 2011<br>Trial Date:         January 11, 2011 |

00505.07975/4078436.2

MATTEL'S JMOL RE: MGA'S STATUTE OF LIMITATIONS DEFENSE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on such date and time as the Court may order, before the Honorable David O. Carter, United States District Judge, located at 411 West Fourth Street, Santa Ana, California 92701, Mattel, Inc. ("Mattel") will and hereby does move this Court pursuant to <u>Federal Rules of Civil Procedure</u> 50(a), for an order granting Mattel judgment as a matter of law in its favor on all defendants' ("MGA's") statute of limitations defense as to each of Mattel's claims.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the 2011 trial testimony and admitted exhibits, the records and files of this Court, and all other matters of which the Court may take judicial notice, and is made on the grounds that no reasonable jury could find for MGA on that defense in light of the evidence admitted at trial.

DATED: April 7, 2011            QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

**Preliminary Statement**

Pursuant to Federal Rule of Civil Procedure 50(a), Mattel respectfully requests judgment as a matter of law concerning MGA's statute of limitations defense to Mattel's claims, including Mattel's claims for copyright infringement, trade secret misappropriation, and intentional interference with contractual relations. Based on the evidence presented by MGA at trial, and for the reasons previously explained in Mattel's prior briefing on summary judgment and during the trial, which Mattel incorporates by reference, no reasonable jury could find that Mattel's claims are untimely. See, e.g., Dkt. 9044 at 60-69 (2010 Mattel MSJ); Dkt. 9183 at 73-84 (2010 Mattel MSJ Opp.); Dkt. 9250 at 34-41 (2010 Mattel MSJ Reply); Dkt. 2603 at 46-52 (2008 Mattel MSJ); Dkt. 2796 at 20-43 (2008 Mattel MSJ Opp.); Dkt. 2888 at 35-42 (2008 Mattel MSJ Reply); Dkt. 3876 at 2-7 (2008 Mattel MSJ Supp. Br.); Dkt. 10152 at 1-27 (Resp. to 2/16/11 Order); Dkt. 10245 at 1-23 (Reply ISO Resp. to 2/16/11 Order); Dkt. 10405 at 1-8 (Obj. to Court's Jury Instr. & Verdict Form); Dkt. 10416 at 1-6 (Fraudulent Concealment Tr. Br.).

**Argument**

No reasonable jury could find that Mattel's claims are untimely because MGA's evidence does not show accrual of the claims that Mattel has asserted in this action. See Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 807 (2005) (stating that "a reasonable investigation" must "have revealed a factual basis for that particular cause of action" for the claim to accrue).

Mattel's intentional interference claim did not accrue until Mattel discovered or should have discovered facts showing that (1) Bryant breached his Mattel contract by working for MGA while he was still employed by Mattel, and (2) MGA and Larian intentionally interfered with the contract. Fox, 35 Cal. 4th at 807 ("An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action."). Mattel first discovered the breach, at the earliest, when it saw Bryant's

contract with MGA dated "as of September 18, 2000" at the Cityworld meeting in Hong Kong on November 24, 2003. Trial Tr. (Michael Moore), Vol. 2, at 96:14-98:18 (4/4/11). This information was not publicly available, and Mattel had not obtained it before. Trial Tr. (Michael Moore), Vol. 2, at 83:5-85:6 (4/4/11). Further, Mattel did not discover or have reason to discover MGA or Larian's knowing interference with Bryant's Mattel contract until, at a minimum, a year later, when Bryant testified at deposition, in November 2004, regarding his disclosures to MGA about his employment by and obligations to Mattel. Trial Tr. (Michael Moore), Vol. 2, at 98:20-99:13 (4/4/11); Trial Tr. (Michael Moore), Vol. 2 at 102:10-18 (4/4/11). Likewise, Mattel did not discover, and should not have discovered, the sample makers' breaches of contract and MGA's interference with those contracts, until 2007, well after this case was filed.

Mattel's Bratz trade secret claim is timely if brought "within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Cal. Civ. Code § 3426.6. That claim did not accrue until Mattel discovered or should have discovered facts showing the elements of its claims, including, as to the Bratz-related trade secrets, that (1) it owned the Bratz trade secrets because Bryant created them while employed by Mattel, and (2) MGA and Larian wrongfully misappropriated them. There is insufficient evidence that Mattel discovered these key elements before November 2004 at the earliest, when MGA's complicity in Bryant's wrongdoing was first revealed, if not later. This claim certainly did not accrue before November 24, 2003.

"A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994). Mattel's copyright infringement claim did not accrue until Mattel discovered or should have discovered that the Bratz dolls infringe the copyrights in Bryant's works and designs owned by Mattel. Mattel did not obtain *any* of those designs necessary to permit a substantial similarity analysis until

-3-
MATTEL'S JMOL RE: MGA'S STATUTE OF LIMITATIONS DEFENSE

00505.07975/4078436.2

November 24, 2003, nor did it discover its ownership of them even by that date. Moreover, Mattel did not obtain most of the designs it claims have been infringed until discovery was taken in this case, long after Mattel sued.

The only statute of limitations evidence cited by MGA relates to factually unsupported suspicions that either *would not support any claim* against MGA or Larian or relate to *claims that Mattel never brought*. Trial Tr. (Michael Moore), Vol. 3, at 8:21-9:7 (4/4/11); Trial Tr. (De Anda), Vol. 1, at 120:4-8 (3/9/11); Trial Tr. (Ivy Ross), Vol. 2, at 15:14-16:11 (1/19/11); Trial Tr. (Lily Martinez), Vol. 2, at 160:17-161:9 (1/19/11); Trial Tr. (Adrienne Fontanella), Vol. 2, at 29:23-30:5 (3/17/11); Trial Tr. (Jill Nordquist), Vol. 1, at 55:4-56:24 (3/10/11). Mattel could not have brought its claims based on such evidence, and its claims did not accrue based on it. Mattel could not sue Bryant for joining MGA, could not sue based on the mere existence of Bratz after the Hong Kong or New York Toy Fairs in 2001, and could not sue based on the other evidence adduced by MGA. Mattel employees like Mateo Romano did not have any reason to know that Bryant worked with MGA or created Bratz while employed by Mattel. Trial Tr. (Mateo Romano), Vol. 2, at 14:12-14 (3/22/11); Trial Tr. (Mateo Romano), Vol. 2, at 29:6-30:3 (3/22/11).

MGA argues that Mattel obtained a copy of the Bratz drawings in 2000 from Walmart with Bryant's signature, but MGA did not present a shred of evidence that Mattel accessed those drawings, and even assuming (contrary to fact) that Mattel did, the annotation on the drawings did not establish that Bryant created them while employed by Mattel. Trial Tr. (Isaac Larian), Vol. 3, at 36:2-37:14 (2/18/11); Trial Tr. (Isaac Larian), Vol. 2, at 42:20-44:13 (2/16/11). The undisputed evidence establishes that the Bratz drawings publicly displayed at the Hong Kong Toy Fair in 2001 did not even have Bryant's name on them, let alone show that he created them while at Mattel. Trial Tr. (Carter Bryant), Vol. 3, at 17:3-12 (2/3/11); Trial Tr. (Isaac Larian), Vol. 1, at 49:10-25 (2/9/11). MGA relies on Brazilian copyright registrations to establish Mattel's knowledge, but Mattel did not obtain those documents until after the lawsuit

was filed in 2004, and the drawings do not disclose when Bryant created the drawings or started working with MGA. Trial Tr. (Michael Moore), Vol. 2 at 110:11-113:5 (4/4/11).

MGA introduced evidence of speculation at Mattel that Bryant worked on Bratz *after leaving Mattel* and might have plagiarized Toon Teens or Diva Starz. However, Mattel is not suing MGA for copyright infringement of those two Mattel properties, and MGA has not introduced any evidence that Mattel employees who suspected copyright infringement suspected ownership or infringement of Bratz. Trial Tr. (Rich De Anda), Vol. 1, at 99:21-100:20 (3/9/11); Trial Tr. (Rich De Anda), Vol. 1, at 102:9-103:9 (3/9/11). Mattel did not see the contract that purported to assign the Bratz drawings to MGA until November 24, 2003. Trial Tr. (Michael Moore), Vol. 2, at 98:20-99:13 (4/4/11); Trial Tr. (Michael Moore), Vol. 2 at 102:10-18 (4/4/11). Mattel first saw some of the Bratz drawings that form the basis for its copyright infringement claim at that time, and did not see others until later. Trial Tr. (Michael Moore), Vol. 2, at 88:7-17 (4/4/11); Trial Tr. (Michael Moore), Vol. 2, at 94:2-24 (4/4/11); Trial Tr. (Michael Moore), Vol. 2, at 96:9-13 (4/4/11). And even as to the drawings Mattel saw, Mattel did not know whether it owned them; they bore August 1998 dates. Trial Tr. (Michael Moore), Vol. 2 at 95:3-96:8 (4/4/11).

MGA argues the anonymous letter triggered the limitations period, but anonymous letters are insufficient as a matter of law to trigger accrual. United States v. Tri-State Ins. Co., 946 F.2d 581, 582 (8th Cir. 1991). Mattel could not sue based on unsubstantiated accusations in an anonymous letter. Trial Tr. (Michael Moore), Vol. 2, at 74:19-75:17 (4/4/11). Even Isaac Larian agreed that a lawsuit based on an unverifiable anonymous letter would be improper. Trial Tr. (Isaac Larian), Vol. 1, at 28:16-29:6 (2/9/11).

MGA refers to the investigation after the Wall Street Journal article was published on July 18, 2003, but this publication at most triggered a duty to investigate, not accrual. Unruh-Haxton v. Regents of Univ. of Cal., 162 Cal. App. 4th 343, 360-61

00505.07975/4078436.2
-5-
MATTEL'S JMOL RE: MGA'S STATUTE OF LIMITATIONS DEFENSE

(2008) (quoting Nelson v. Indevus Pharm., Inc., 142 Cal. App. 4th 1202, 1207 (2006)); see also Intermedics, Inc. v. Ventritex, Inc., 775 F. Supp. 1258, 1266 (N.D. Cal. 1991) ("Given all these considerations, it would be fundamentally unfair to penalize plaintiff (by using the statute of limitations to bar this action) for not filing its state law claims before it had access to enough information to make them meaningfully colorable"). Mattel's investigation after the Wall Street Journal article did not "disclose a factual basis for the cause of action" against Bryant until November 24, 2003 at the earliest. Fox, 35 Cal. 4th at 808. The claims against MGA and Larian did not accrue until Mattel learned of their complicity much later. Trial Tr. (Michael Moore), Vol. 2, at 98:20-99:13 (4/4/11).

There is, in short, no basis for finding accrual at any date that would render Mattel's claims untimely. Further, as Mattel has explained at length previously, it is entitled to judgment as a matter of law on the statute of limitations defense based on relation back, regardless of MGA's accrual arguments. See, e.g., Dkt. 10152 at 1-27 (Resp. to 2/16/11 Order); Dkt. 10245 at 1-23 (Reply ISO Resp. to 2/16/11 Order).

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant it judgment as a matter of law on MGA's statute of limitations defense.

DATED: April 7, 2011        QUINN EMANUEL URQUHART &
                            SULLIVAN, LLP

                            By /s/ Michael T. Zeller
                               Michael T. Zeller
                               Attorneys for Mattel, Inc.