ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710
Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>          Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Defendant.<br><br> <br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059/ Case No. CV 05-2727<br><br>**MGA PARTIES' NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50(a)**<br><br>Trial Date: January 18, 2011<br><br>Place: Courtroom 9D |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on a date to be determined by the Court, in

3  the Courtroom of the Honorable David O. Carter, located at 411 West Fourth

4  Street, Room 1053, Santa Ana, California 92701, the MGA Parties will, and hereby

5  do, move for judgment as a matter of law pursuant to Federal Rule of Civil

6  Procedure 50(a).

7  This Motion is made on the grounds that Mattel has failed in its proof as to all

8  claims and as to damages, including in the following respects:

9  Mattel has failed to prove that its owns the copyrights, ideas and trade secrets

10  at issue.

11  Mattel has failed to prove intentional interference with contractual relations

12  because it has failed to establish the elements of the claim, including, in the following

13  respects.  That there was a breach of any contract, intent, harm or entitlement to

14  damages, or knowledge of any breach.  The claim is also barred by the statute of

15  limitations.

16  Mattel has failed to establish the elements of a trade secret claim relating to

17  Bratz, including in the following respects.  That Mattel owns the Bratz-related trade

18  secrets, that those secrets were wrongfully acquired, that Mattel made reasonable

19  efforts to keep them secret, that they were secret, or that they were protectable under

20  the Trade Secret Act.  Moreover, the claims are barred by the statute of limitations.  In

21  addition, the Bratz-related trade secret claims are preempted by the Copyright Act.

22  Mattel has failed to establish its trade secret claim related to Mexico, including

23  in the following respects. California's Uniform Trade Secret Act does not apply, the

24  claims are barred by Mexico's statute of limitations, Mattel has failed to establish

25  ownership, or that the trade secrets were secret, improperly acquired or damages.

26  Mattel has failed to establish its remaining trade secret claims because Mattel

27  failed to establish that the claimed trade secrets were trade secret, has failed to show

28  improper acquisition, and has admitted no evidence establishing the elements of a trade

NOTICE OF MOTION PURSUANT TO FED. R. CIV. P. 50(A )
CV-04-9049 DOC (RNBx)

secret claim.  And as to all trade secret claims, Mattel has failed to establish a right to exemplary damages.

Mattel has failed as to its proof of its copyright claim, including in the following respect.  It cannot shown ownership of the claimed works, Mattel cannot prove infringement, and the claims are barred by the statute of limitations.

Mattel cannot establish damages arising from any of the alleged conduct. There is insufficient and inadequate evidence to allow an award of MGA's profits, the apportionment of profits are speculative and unreliable, there is a failure to apportion damages between the purported trade secrets, there is an unreliable assumption regarding the contribution of the intellectual property, the unjust enrichment theory finds no support in evidence of the law, the lost profits claim is speculative and lacks foundation and the evidence requires a reduction of any damages due to mitigation.

This Motion is based on this Notice of Motion the memorandum of points and authorities filed April 4, 2011, all matters cited to therein, the records and files of this Court, and all other matters of which the Court may take judicial notice.

.

Respectfully submitted,


Dated: April 7, 2011                    ORRICK, HERRINGTON & SUTCLIFFE LLP



By:    */s/ Warrington S. Parker III*
       Warrington S. Parker III
       Attorneys for MGA Parties

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Notice of Motion Pursuant to Fed. R. Civ. P. 50(A)
CV-04-9049 DOC (RNBx)