QUINN EMANUEL URQUHART & SULLIVAN, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
William C. Price (Bar No. 108542)
(williamprice@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**MATTEL'S OBJECTIONS TO VERDICT FORM PURSUANT TO FED. R. CIV. P. 49(a)(3)**<br><br>Hon. David O. Carter<br><br>Trial Date: January 18, 2011 |

975/4083780.4

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 49(a)(3), Mattel, Inc. hereby
2 objects to the Verdict Form the Court will submit to the jury on April 11, 2011.
3 Mattel's objections are in addition to, and do not supplant, Mattel's previously-stated
4 arguments and objections, which are expressly reserved and incorporated herein.

5    Mattel objects to the Court's failure to give requests set forth in Mattel's
6 Proposed Verdict Form, submitted on January 11, 2011, including, without
7 limitation, to the exclusion of questions that would elicit fact findings by the jury
8 concerning the fact and timing of Carter Bryant's creation of Bratz-related items.
9 <u>See</u> Dkt. 9619.  Specifically, Mattel's Proposed Verdict Form included a question
10 asking the jury to decide whether Carter Bryant conceived or reduced to practice
11 specific Bratz-related items between January 4, 1999 and October 19, 2000:

12   "For each of the items listed below, has Mattel proven by a
     preponderance of the evidence that the item was "conceived or
13   reduced to practice"—that is, created—by Carter Bryant, alone or
     jointly with others, during the period in which he was employed by
14   Mattel (January 4, 1999, to October 19, 2000)?"

15   Dkt. 9619 at 6-9 (Question No. 2).  This same question was submitted to the
16 jury in Phase 1, <u>see</u> Final Verdict Form As Given for Phase 1A (Dkt. 4125), at 1-5,
17 and the Phase 1 jury made findings of fact as to it.  Mattel maintained, and
18 continues to maintain, that those findings should be binding.  <u>See</u> Mattel's
19 Response Pursuant to August 6, 2010 Order Regarding the Ninth Circuit Opinion
20 and Trial Structure (Dkt. 8628) at 7-9; Mattel, Inc.'s Opp. to MGA Parties' Mot.
21 for New Trial (Dkt. 8679), at 5-9.  While the Court has rejected Mattel's arguments
22 in that regard, it nonetheless is proper to resubmit this question to the jury because
23 doing so will clarify and provide insight into the basis for the jury's ultimate
24 verdicts on the ownership issues.
25 / / /
26 / / /
27 / / /
28 / / /

975/4083780.4

-1-
MATTEL'S OBJECTIONS TO VERDICT FORM PURSUANT TO FED. R. CIV. P. 49(a)(3)

| | | |
|---|---|---|
| 1 | DATED: April 10, 2011 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |

By */s/ Michael T. Zeller*
　　Michael T. Zeller
　　Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.