FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR - 4 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**SECOND AMENDED FINAL PRE-TRIAL CONFERENCE ORDER FOR JANUARY 2011 TRIAL**<br><br>Pretrial Conference: January 4, 2011<br>Time:<br>Place:<br>Trial Date:          January 18, 2011 |

Following pretrial proceedings, pursuant to Rule 16, F.R.Civ.P. and L.R. 16, IT IS ORDERED:

# I.

## PARTIES

The parties are:

(a)     Mattel, Inc. ("Mattel");

(b)     Mattel de Mexico, S.A. de C.V. ("Mattel Mexico");

(c)     MGA Entertainment, Inc. ("MGA");

(d)     Isaac Larian ("Larian");

(e)     MGA de Mexico S.R.L. de C.V. ("MGA Mexico");

(f)     MGA Entertainment (HK) Limited ("MGA HK").

(g)     Carlos Gustavo Machado Gomez ("Machado")

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in paragraphs (a) through (g) above are now dismissed.

The pleadings that raise the issues are:

(a)     Complaint filed by Mattel, Inc. (Case No. BC314398) on April 27, 2004 in the Superior Court of the State of California for the County of Los Angeles (the "Bryant Case");

(b)     Answer to Plaintiff's Unverified Complaint filed by Carter Bryant on May 14, 2004;

(c)     Defendant/Cross-Complainant Carter Bryant's Cross-Complaint for (1) Unfair Competition; (2) Rescission; (3) Declaratory Relief; and (4) Fraud, filed by Bryant on September 8, 2004 in the Superior Court of the State of California for the County of Los Angeles;

(d)     Notice to Federal Court of Removal of Civil Action from State Court Pursuant to 28 U.S.C. Section 1332(a)(1) and 1331, filed by defendant Carter

Bryant on November 2, 2004.  That notice removed the case to federal court on November 2, 2004, where it was assigned Case No. 04-9059;

      (e)   Stipulation Permitting MGA to Intervene as a Party to This Action and Order, dated December 7, 2004, and MGA's Answer in Intervention.

      (f)   Complaint filed by MGA Entertainment, Inc. (Case No. CV 05-2727 SGL (RNBx)) on April 13, 2005 in the District Court of the Central District of California (the "MGA Case"), as limited by the Court's Order dated August 25, 2005, striking allegations regarding the Brawer litigation;

      (g)   Second Amended Answer and Counterclaims filed by Mattel, Case No. CV 04-9059 SGL (RNBx) on July 12, 2007 in the District Court of the Central District of California;

      (h)   Amended Answer and Affirmative Defenses of MGA Entertainment Inc., MGA Entertainment (HK) Limited and MGAE de Mexico S.R.L. de C.V. to Mattel, Inc.'s Second Amended Answer and Counterclaims filed by defendants MGA, MGA HK, and MGA Mexico (collectively, the "MGA Defendants") on September 19, 2007 in the District Court of the Central District of California;

      (i)   Isaac Larian's Amended Answer and Affirmative Defenses to Mattel, Inc.'s Second Amended Answer and Counterclaims filed by Larian on November 8, 2007 in the District Court of the Central District of California;

      (j)   Amended Answer and Affirmative Defenses of Carlos Gustavo Machado Gomez's to Mattel, Inc.'s Second Amended Answer and Counterclaims filed by Machado on September 26, 2007.

      (k)   Carter Bryant's Second Amended Reply To Mattel's Counterclaims -Demand For Jury Trial on October 16, 2007;

      (l)   Isaac Larian's Amended Answer And Affirmative Defenses To Mattel, Inc.'s Second Amended Answer And Counterclaims on November 8, 2007;

1        (m)    Mattel's Third Amended Answer In Case No. 05-2727 And
2 Counterclaims on May 22, 2009;

3        (n)    Amended Answer And Affirmative Defenses Of Counter-
4 Defendant Carlos Gustavo Machado Gomez To Third Amended Counterclaim Of
5 Counter-Claimant Mattel, Inc. on June 29, 2009;

6        (o)    MGA Parties' Answer And Affirmative Defenses To Mattel,
7 Inc.'s Third Amended Answer And Counterclaims on June 29, 2009;

8        (p)    Mattel, Inc.'s Fourth Amended Answer In Case No. 05-2727 And
9 Counterclaims on April 12, 2010;

10        (q)    MGA Entertainment, Inc.'s Reply To Fourth Amended Answer
11 And Counterclaims, Including Affirmative Defenses And Compulsory Counter
12 Claims-In-Reply on August 16, 2010, as limited by Court's Order, dated October 5,
13 2010, striking paragraphs 41,46, and 47;

14        (r)    Isaac Larian's Reply To Fourth Amended Answer And
15 Counterclaims, Including Affirmative Defenses on August 16, 2010;

16        (s)    MGA De Mexico S.R.L. De C.V.'S Reply To Fourth Amended
17 Answer And Counterclaims, Including Affirmative Defenses on August 16, 2010;

18        (t)    IGWT 826 Investments, LLC's Reply To Fourth Amended
19 Answer And Counterclaims, Including Affirmative Defenses on August 16, 2010;

20        (u)    MGA HK's Reply To Fourth Amended Answer And
21 Counterclaims, Including Affirmative Defenses on August 16, 2010;

22        (v)    Answer And Affirmative Defenses Of Counter Defendant Carlos
23 Gustavo Machado Gomez To Fourth Amended Counterclaims Of Counter-Claimant
24 Mattel, Inc. on August 19, 2010;

25        (w)    Mattel, Inc.'s Reply And Answer To Defendant MGA
26 Entertainment, Inc.'s Counterclaims-In-Reply on October 12, 2010; and

27

28

1        (x)    Mattel, Inc.'s [Corrected] Reply And Answer To Defendant

2  MGA Entertainment, Inc.'s Counterclaims-In-Reply on October 13, 2010.[1]

3        By Order dated June 19, 2006, the Court consolidated the <u>Bryant</u> case

4  and the <u>MGA</u> case with <u>Bryant v. Mattel, Inc.</u>, Case No. 04-9049.

## II.

## <u>ABANDONED AND/OR DISMISSED CLAIMS, COUNTERCLAIMS AND</u>
## <u>DEFENSES</u>

The following claims, counter-claims, or defenses have been dismissed or abandoned:

In March 2010, MGA withdrew (1) "any claim associated with the 'Little Mommy' line of products," (2) "a claim of trade dress infringement against the Acceleracers car," and (3) "a claim of trade dress based on the Bratz dolls." March 24, 2010 Letter from A. Hurst to M. Zeller.

<u>Motions to Dismiss</u>

The following claims were dismissed as part of the Court's August 2, 2010 Order:

1.    Mattel's claim against Omni 808 Investors, LLC for Violation of 18 U.S.C. § 1964(c) Based on Violation of § 1962(d) (RICO Conspiracy) was dismissed. Dkt. No. 8423 at 25.

2.    Mattel's claim against MGA, MGA Mexico, MGA HK, Larian and Machado for intentional interference with contract was found to be superseded by the California Uniform Trade Secrets Act (CUTSA) to

---

[1]  Although the parties have identified all prior pleadings, it is the position of the MGA Parties and Machado that only MGA's April 12, 2005 Complaint, Mattel's Fourth Amended Answer and Counterclaims and all answers thereto are the operative pleadings which govern this action.

1    the extent it arose out of Mattel employees' misappropriation of trade

2    secrets. Dkt. No. 8423 at 35.

3    3.    Mattel's claims against MGA, Larian, Omni and IGWT for violations

4    of California Civil Code §§ 3439.04(a)(1), (a)(2), and 3439.05(a) were

5    dismissed. Dkt. No. 8423 at 38.

6    4.    Mattel's claim against Larian for violations of California Corporations

7    Code § 501 (Prohibited Distributions) was dismissed. Dkt. No. 8423 at

8    40.

9    5.    Mattel's claim against Larian and MGA for Breach of Constructive

10    Trust was dismissed. Dkt. No. 8423 at 40.

11    6.    Mattel's claim against Omni for Declaratory Relief was dismissed.

12    Dkt. No. 8423 at 40.

13    By Order dated September 3, 2010 the Court granted IGWT's Motion

14 for Judgment on the Pleadings dismissing IGWT from this lawsuit.

15    <u>Summary Judgment</u>

16    On December 22, 2010, the Court ruled on summary judgment motions

17 filed by Mattel, MGA, and Machado. ("SJ Order.") On January 5, 2011, the Court

18 issued an Amended Order on the summary judgment motions. ("Amended SJ

19 Order.")

20    <u>1. Mattel's Copyright Infringement Claims</u>

21    The Court granted MGA's motion for summary judgment as to

22 copyright infringement by all Bratz dolls subsequent to the first generation,

23 excepting Ooh La la Cloe and Formal Funk Dana. Amended SJ Order at 24-29.

24    <u>2. Mattel's Trade Secret Claims</u>

25    • The Court granted MGA's motion for summary judgment of no

26    trade secret misappropriation by Contreras. Amended SJ Order

27    at 40-42.

28

- The Court dismissed Mattel's trade secret claims relating to Castilla except for those set forth in Mattel's third and fourth categories of information, and documents, as described on pages 44-48 of the Amended SJ Order.

- The Court found that California law applies to Mattel's trade secret claims against Larian and MGA Entertainment, Inc. Amended SJ Order at 55-62.

3. Mattel's Fiduciary Duty and Duty of Loyalty Claims

- The Court granted MGA's motion as to Mattel's claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty, finding these claims preempted by the California Uniform Trade Secret Act ("CUTSA"). Amended SJ Order at 73-74.

- The Court granted in part and denied in part MGA's motion as to Mattel's claims for aiding and abetting breach of duty of loyalty as to Bryant, Salazar, Cabreras and Morales, but granted the motion as to the remaining former employees. Amended SJ Order at 87-91.

- The Court granted Machado's motion as to Mattel's claim for breach of fiduciary duty. Amended SJ Order at 79-80.

- The Court granted Machado's motion as to Mattel's claim for breach of duty of loyalty. Amended SJ Order at 88-89.

4. Summary Judgment – Mattel's Interference with Contractual Relations, Conversion, and Unfair Competition Claims

- The Court granted portions of MGA's motion as to Mattel's claim for intentional interference with contractual relations, finding the claim was superseded by CUTSA to the extent based on misappropriation of information by MGA and Larian, and

denied the motion to the extent based on other conduct.
Amended SJ Order at 82-86. The Court ruled that Mr. Brawer is
not part of Mattel's intentional interference with contractual
relations claim. Trial Tr., February 10, 2011 at 50-51.

- The Court granted in part and denied in part MGA's motion as to
  Mattel's claim for conversion. Amended SJ Order at 86-87.

- The Court granted MGA's motion as to Mattel's unfair
  competition claim to the extent that claim is based on
  misappropriation of Mattel's confidential information, but denied
  MGA's motion otherwise. Amended SJ Order at 91.

- The Court granted Machado's motion as to Mattel's claim for
  conversion. Amended SJ Order at 86-87.

5.  Summary Judgment – Statutes of Limitation

- The Court ruled that Mattel's Bratz-related claims, including its
  misappropriation of Bratz trade secrets claim, are deemed filed
  on April 27, 2004. Amended SJ Order at 92. The Court vacated
  its ruling that Mattel's trade secret misappropriation claim
  predicated upon the disclosure, acquisition, and/or use of
  Bryant's concepts and creative works is deemed filed on April
  27, 2004. Minute Order, dated February 16, 2011, at Docket
  9898. The Court ruled that Mattel's non-Bratz claims are timely
  to the extent Mexican law does not apply. Amended SJ Order at
  96.

6.  Summary Judgment – MGA's Trade Dress and Dilution Claims

- The Court granted Mattel's motion for summary judgment as to
  MGA's trade dress infringement claims based on MGA's
  trapezoidal packaging and 4-Ever Best Friends product
  packaging. Amended SJ Order at 97-108.

- The Court granted Mattel's motion for summary judgment as to MGA's trade dress dilution claim. Amended SJ Order at 108-10.

7.   Summary Judgment – MGA's Common Law Unfair Competition Claims and Unjust Enrichment Claims

- The Court granted Mattel's motion for summary judgment as to MGA's common law unfair competition claim. Amended SJ Order at 112-13.
- The Court granted Mattel's motion for summary judgment as to MGA's unjust enrichment claim. Amended SJ Order at 113.
- The Court denied Mattel's motion for summary judgment on MGA's unfair competition claims under Cal. Bus. & Prof Code S 17200. Amended SJ Order at 108-09.

8.   Summary Judgment – MGA's Affirmative Defenses

- The Court granted Mattel's motion for summary judgment as to MGA's affirmative defenses of (i) bad faith claim of misappropriation; (ii) good faith; (iii) lack of authority; (iv) lack of standing; (v) spoliation; (vi) no direct infringement; and (vii) bona fide purchaser for value under 17 U.S.C. § 205(d). Amended SJ Order at 117-118.
- The Court granted in part and denied in part Mattel's motion for summary judgment as to MGA's affirmative defenses of (i) unclean hands; (ii) abandonment; (iii) estoppel; (iv) waiver; (v) acquiescence; and (vi) failure to mitigate. Amended SJ Order at 117-120.
- The Court denied Mattel's motion for summary judgment as to MGA's affirmative defenses of (i) joint authorship; (ii) ready ascertainability of trade secrets; (iii) independent disclosure by

Carter Bryant; (iv) laches; (v) comparative fault; (vi) failure to mitigate; and (vii) justification. Amended SJ Order at 117-119.

### 9. Summary Judgment – RICO Claims

- The Court granted Mattel's motion for summary judgment as to MGA's RICO claim. Amended SJ Order at 145-157.

- The Court granted MGA's and Machado's motion for summary judgment as to Mattel's RICO claim. Amended SJ Order at 120-143.

- The Court granted MGA's and Machado's motion for summary judgment as to Mattel's RICO conspiracy claim. Amended SJ Order at 143-144.

### 10. Summary Judgment – Breach of Contract

- The Court granted Machado's motion for summary judgment as to Mattel's breach of contract claim. Amended SJ Order at 80-82.

### Dismissal of Claims Against Bryant

Pursuant to the confidential settlement between Mattel and Carter Bryant and pursuant to the Stipulation entered as part of that settlement, all claims, counterclaims and defenses as between Mattel and Carter Bryant have been dismissed.

## III.

## JURISDICTION AND VENUE

Federal jurisdiction and venue are invoked upon the following grounds: This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 17 U.S.C. §§ 101 et seq., and 18 U.S.C. § 1964(c). This Court has supplemental jurisdiction over Mattel's state law claims pursuant to 28 U.S.C. §

1367.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(d), 1391(f) and 1400(a) and 18 U.S.C. § 1965.

## IV.

## <u>TRIAL ESTIMATE</u>

The Court has provided 120 hours to Mattel, and 120 hours to MGA and Machado, not including jury selection, opening statements, or closing arguments. Accordingly, the parties provide the below time estimates solely to conform with the Court's local rules and not as a limitation of how time may be used at trial.

## V.

## <u>TYPE OF TRIAL</u>

The trial is to be a jury trial.  Evidence concerning the parties' equitable claims and defenses will be heard at the same time and the Court will separately issue written findings of fact and conclusions of law.

## VI.

## <u>STIPULATED FACTS</u>

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

### <u>Parties</u>

1.     Mattel, Inc. is a publicly held corporation formed under the laws of the State of Delaware with its headquarters in El Segundo, California.

2.     Mattel de Mexico, S.A. de C.V. is a corporation formed under the laws of the country of Mexico and is a wholly owned subsidiary of Mattel, Inc.

3.  MGA Entertainment, Inc. is a privately held California corporation.

4.  MGA Entertainment (HK) Limited, a Hong Kong company, and MGAE de Mexico, S.R.L. de C.V., a Mexico corporation, are wholly owned subsidiaries of MGA Entertainment, Inc.

5.  Isaac Larian, an individual, is the CEO and majority shareholder of MGA Entertainment, Inc. and is a resident of California.

6.  Carlos Gustavo Machado Gomez is an individual.

### Bryant's Employment at Mattel

7.  Carter Bryant first worked for Mattel in the mainline Barbie group from September 1995 to April 1998.

8.  Bryant signed a document titled "Employee Confidential Information and Inventions Agreement," dated November 6, 1995.

9.  Bryant signed a document titled "Conflict of Interest Questionnaire," dated November 6, 1995.

10. Bryant left California in December 1997 and moved to Missouri to live with his parents, where he continued to do work for Mattel until April 1998.

11. In late December 1998, Mattel offered Bryant a position in the Barbie Collectibles group.

12. Bryant accepted Mattel's offer, moved back to California, and started work at Mattel on January 4, 1999.

13. Bryant signed a document titled "Employee Confidential Information and Inventions Agreement" dated January 4, 1999.

14. Bryant signed a document titled "Conflict of Interest Questionnaire," incorrectly dated January 4, 1998, instead of 1999.

15.   Before Bryant left Mattel, he was asked to and did participate in an exit interview.

16.   During his exit interview, Bryant signed a document titled "Proprietary Information Checkout," dated October 19, 2000.

17.   Machado was employed by Mattel Servicios, S.A. de C.V.

## VII.

## CLAIMS AND DEFENSES

The parties' respective Claims and Affirmative Defenses are as follows:

### A.   MATTEL INC.'S CLAIMS AND COUNTERCLAIMS

Mattel, Inc. plans to pursue the following claims and counterclaims against MGA, MGA Mexico, MGA Hong Kong, Larian and Machado as indicated:

Claim 1:  Misappropriation of Trade Secrets against MGA, MGA Mexico, MGA Hong Kong, Larian and Machado

Claim 2:  Copyright Infringement against MGA, MGA Hong Kong, and Larian

Claim 3:  Intentional Interference with Contractual Relations against MGA and Larian

Claim 4:  Aiding and Abetting Breach of Duty of Loyalty against MGA and Larian

Claim 5:  Conversion against MGA, MGA Hong Kong and Larian

Claim 6:  Unfair Competition against MGA, MGA Hong Kong, and Larian

Claim 7:  Declaratory Relief against MGA, Larian, MGA Mexico, and MGA Hong Kong

The parties stipulated that contentions of law and fact were not necessary and would not be productive, in light of the parties' exhaustive briefing of

the same issues in their cross-motions for partial summary judgment and the fact that the Court has not yet ruled on certain of those cross-motions.  Dkt. No. 9319.

**B.**      <u>**MGA'S CLAIMS AND COUNTERCLAIMS**</u>

MGA plans to pursue the following claims and counterclaims against Mattel as indicated:

Claim 1:  Unfair Competition and Unfair Business Practices in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*

Claim 2:  Trade Secret Misappropriation—Cal. Civ. Code § 3426 *et seq.*

## VIII.

### <u>AFFIRMATIVE DEFENSES</u>

The parties plan to pursue the following affirmative defenses:

**A.**      <u>**MATTEL'S AFFIRMATIVE DEFENSES**</u>

1.      MGA's Complaint fails to state a claim upon which relief can be granted.

2.      MGA has no valid, enforceable or protectable rights or interest in the alleged trade dress or other matters asserted, including without limitation in that MGA has failed to establish that its alleged trade dress is distinctive as to MGA.

3.      MGA's claims, including without limitation MGA's claims based upon alleged extra-territorial acts, are barred in whole or in part by lack of subject matter jurisdiction.

4.      MGA's claims are barred in whole or in part by MGA's unclean hands.

5.    MGA's claims are barred in whole or in part by virtue of Mattel's prior-creation of the elements and other matters asserted in the Complaint.

6.    MGA's claims are barred in whole or in part by its lack of standing.

7.    MGA's claims are barred in whole or in part by the applicable statutes of limitation and the doctrine of laches.

8.    MGA's claims are barred in whole or in part by the doctrines of waiver, estoppel, acquiescence, and abandonment.

9.    MGA's claims are barred in whole or in part by Mattel's constitutional rights of free speech, petitioning and association, including without limitation by the litigation privilege as protected by and/or codified in *inter alia* Section 47(b) of the <u>California Civil Code</u>, the *Noerr-Pennington* doctrine, the common interest privilege and by other privileges.

10.    MGA's claims are barred in whole or in part by Mattel's federal and state constitutional rights of free speech, including without limitation under the First Amendment of the United States Constitution.

11.    MGA's claims are barred in whole or in part by the competitor privilege.

12.    MGA's claims are in whole or in part preempted by the Copyright Act and barred by the *Sears-Compco* doctrine.

13.    MGA's requested relief, including MGA's requests for punitive and/or enhanced damages, are barred in whole or in part because all of Mattel's actions were in good faith.

14.    MGA's damages, if any, were not caused by Mattel and are not attributable to the acts or omissions of Mattel.

15.   MGA's has failed to mitigate its damages, if any.

16.   MGA's damages, if any, are barred or must be reduced as a result of their own comparative fault.

17.   MGA's claims are barred in whole or in part by MGA's obstruction of justice.

18.   MGA's claims are barred in whole or in part because Mattel cannot be liable for misappropriation of information that was public and/or otherwise fails to meet the requirements for trade secret protection.

19.   MGA's claims are barred in whole or in part because they were brought and have been maintained in bad faith.

20.   MGA's claims are barred in whole or in part by MGA's own fraudulent and/or illegal conduct.

21.   MGA's claims are barred in whole or in part on the grounds that to the extent any person committed an unlawful or tortious act, the person lacked authority to commit such an act on behalf of Mattel.

22.   MGA's claims are preempted in whole or in part by the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3426 *et seq.*

23.   MGA's claims are barred by virtue of its assertion of the Fifth Amendment to hinder Mattel's ability to take and obtain discovery relating to its counterclaims-in-reply.

**B.**      **MGA'S AFFIRMATIVE DEFENSES**

1.   Failure to State a Claim

2.   Unclean Hands (partially denied by the Court's SJ Order at 114-16)

3.   Laches

4.   Statute of Limitations

5.   Information Readily Ascertainable

6.   Acts or Omissions of Others

7.   Estoppel

8.   Acquiescence

9.   Failure to Mitigate

10.   Comparative Fault

11.   Good Faith Improver

12.   Setoff

13.   Duplicative Recovery

14.   Joint Authorship

15.   Illegal Conduct/Fraud

16.   Competition Privilege/Justification

17.   Employee Right of Mobility

18.   Joinder in Defenses of Co-Defendants

19.   Preemption by California Uniform Trade Secrets Act

20.   Preemption by Copyright Act

21.   *Res Judicata* and Collateral Estoppel (Fed. R. Civ. Proc. 8(c)(1))

22.   Lack of Jurisdiction

23.   Undiscovered Defenses

## C.   **MACHADO'S AFFIRMATIVE DEFENSES**

1.   Mattel's Fourth Amended Answer and Counterclaims fail to state a claim upon which relief can be granted.

2.   Mattel's claims are barred in whole or in part by its unclean hands.

3.   Mattel's claims are barred in whole or in part by the applicable statutes of limitation.

4.   Mattel's claims are barred in whole or in part by Mattel, Inc. and Mattel de Mexico's lack of standing.

5.    Mr. Machado reserves the right to assert undiscovered defenses.

6.    Mr. Machado hereby joins in the defenses of his co-defendants.[2]

### Additional Disputed Issue for Resolution
### Regarding Operative Affirmative Defenses

**The MGA Parties' Position:**

The following affirmative defenses remain operative.

24.    Common Law Bona Fide Purchaser for Value

25.    Priority Between Conflicting Transfers—17 U.S.C. §205(d)

26.    Waiver

27.    Spoliation of Evidence and Obstruction of Justice

28.    Mattel's Bad Faith Claim of Misappropriation

29.    Good Faith

30.    Lack of Authority

31.    Lack of Standing

# IX.

# DISCOVERY

Discovery is complete.

---

[2]   Mr. Machado also asserted defenses of failure to mitigate and acts or omissions of others, which were directed solely to Mattel's damages calculation. As Mattel has abandoned its pursuit of compensatory damages against Mr. Machado, and seeks only unjust enrichment and/or a royalty, Mr. Machado does not presently plan to present these defenses at trial. Similarly, Mr. Machado asserted the defense of supersession by the California Uniform Trade Secrets Act, which the Court upheld on summary judgment, and therefore Mr. Machado need not repeat that defense here.

# X.

## EXHIBITS

All disclosures under F.R.Civ.P. 26(a)(3) have been made. The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. The parties filed a proposed stipulation regarding exhibit objections with the Court on December 21, 2010. (Dkt. No. 9505) Provided the stipulation is approved by the Court, objections to trial exhibits will be discussed on a per witness basis prior to the presentation of such witnesses and exhibits in accordance with the Court's protocol, and authenticity objections to documents on the exhibit list shall be exchanged in writing on January 6, 2011.

# XI.

## WITNESSES

Witness lists of the parties have been filed with the Court. Mattel filed an amended witness list on December 31, 2010 and MGA and Machado intend to file an amended witness list shortly. Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment or for rebuttal). Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

Mattel

Arant, Lucy; Armstrong, Bryant; Ashong, Nana; Brawer, Ron; Brisbois, Janine; Brode, Kerri; Bryant, Carter; Bryant, Carter - Gunther-Wahl v. Mattel Deposition; Bryant, Carter - MGA v Art Attacks Trial; Bryant, Carter- Trial Transcript; Bryant, Janet; Cabrera, Ana; Castilla, Jorge; Chui, Sarah; Coleman, Nicole; Contreras, Nick; Cooney, Dan; Farahnik, Leon; Garcia, Paula; Garcia, Paula - Art Attacks v. MGA Deposition; Garcia, Paula

1   - Trial Transcripts; Garcia, Paula (MGA 30(b)(6)); Gillmour, Kami; Gozini,

2   Arsalan; Gronich, Daphne; Harris, Rachel; Kadisha, Neil; Kamarck, Mitchell;

3   Kim, Yoon (Susan); Koch, Andreas; Kuemmerle, Susana; Larian, Farhad;

4   Larian, Isaac; Larian, Isaac - Art Attacks v. MGA Deposition; Larian, Isaac -

5   Larian v. Larian Arbitration; Larian, Isaac - MGA v. Ubisoft Arbitration;

6   Larian, Isaac - Trial; Leah, Marks (MGA 30(b)(6)); Lee, Edmond; Linker,

7   Steve; Ma, Patrick; Machado, Gustavo; Malacrida, Dave; Marlow, Peter;

8   Marlow, Veronica; Mashian, Fred; Maurus, Jennifer (Larian v. Larian);

9   Meyer, Karl; MGA de Mexico 30(b)(6) - Kuemmerle, Susan; Moinian,

10  Joseph; Morales, Beatriz; Myers, Amy; Nazarian, David; Neman, Leon;

11  O'Connor, Victoria; Odom, Sarah; O'Neal, Denise; Pembleton, Ninette;

12  Potgiesser, Patrick; Prince, Jacqueline; Rhee, Anna; Rosenbaum, David;

13  Salazar, Maria; Saunders, Lisa; Tiongco, Joe; Tkacik, Maureen; Trueba,

14  Mariana; Vargas, Pablo; Wang, Anne; Weiss, Jeffrey; Wing, Brian.

15  <u>MGA Parties</u>

16          Arons, A. Russell; Ashbrook, Erika; Bousquette, Matthew;

17  Bradley, Tyler; Bryant, Carter; Bryant, Janet; Bryant, Thomas; Cleary, Gerry;

18  De Anda, Richard; Cooney, Daniel; Driskill, Ann; Eckert, Robert; Galvano,

19  Jeanne; Ganey, Bill; Han, Esther; Hooks, Bryan; Hudnut, Robert; Hyland,

20  Amy; Ibarra, Ricardo; Irmen, Richard; Isaias Roberto; Karol, Sheon; Kaye,

21  Alan; Kerner, Douglas; Kilpin, Timothy; Kuemmerle, Susana; Laughton,

22  David; Luther, Sujata; Moinian, Joseph; Murtha, Eugene; Nordquist, Jill;

23  O'Connor, Victoria; Owens, Laura; Park, Cassidy; Pasko, Rene; Pratte, Joni;

24  Storie, Keith; Tiburcio, Francisco; Tkacik, Maureen; Totzke, Steve; Trueba,

25  Mariana; Turetzky, Matthew; Valencia, Hugo; Vargas, Pablo; Viohl, Evelyn;

26  Wadleigh, Doug; Zablow, Milton; Zalzman, Gabriel.

27

28

Furthermore, certain depositions have been recently taken or remain to be taken. The parties will advise the Court of such transcripts to be lodged as they become available and relevant.

## XII.

## MOTIONS IN LIMINE

The following law and motion matters and motions in limine are pending or contemplated (where disposed of, the disposition is provided in parentheses). The hearing and Court's Orders on these motions are set forth in hearing transcripts from January 3 and January 4, 2011. See Dkt. Nos. 9603, 9604, 9605, 9606, and 9607. Further, the Court issued orders as to these motions on January 17, 2011 (Dkt. No. 9669) (ruling on multiple motions), January 26, 2011 (Dkt. No. 9714) (MGA's Motion In Limine Number 43), and on January 27, 2011 (Dkt. No. 9716) (MGA'S Motion In Limine Number 7). To the extent not superseded by the aforementioned rulings, other oral rulings, stipulations, or agreements are as stated in the hearing transcripts for those proceedings.

1. Gustavo Machado's notice of motion and motion in limine to exclude references to Machado's invocation of privilege against self incrimination.

2. Gustavo Machado's notice of motion and motion in limine to exclude the deposition testimony of Pablo Vargas.

3. Gustavo Machado's notice of motion and motion in limine to exclude the opinions of Michael Wagner.

4. MGA Motion in Limine No. 1: the litigation and/or arbitration proceedings between Farhad Larian ("Farhad" or "Fred") and his brother Isaac Larian ("Isaac").

5. MGA Motion in Limine No. 2: other legal proceedings to which one of more of the MGA Parties were involved (as litigants or witnesses).

6.     MGA Motion in Limine No. 3: MGA's legal representation, including the number of attorneys or law firms who have represented MGA in the matter or unrelated matters; the fees charged, or owed to, those attorneys or firms; the withdrawal of their prior counsel, or any variation thereof; and any dispute and/or litigations with such attorneys.

7.     MGA Motion in Limine No. 4: references to criminal investigations in the United States.

8.     MGA Motion in Limine No. 5: references to any purported indemnity agreement between Carter Bryant and the MGA Parties.

9.     MGA Motion in Limine No. 6: references to criminal charges in Mexico against Isaac Larian and Jahangir Makabi.

10.     MGA Motion in Limine No. 7: Mattel's allegations that the MGA Parties spoliated evidence.

11.     MGA Motion in Limine No. 8: the expert testimony of Maryman and Associates.

12.     MGA Motion in Limine No. 9: claimed downloading of software and movies by MGA employees.

13.     MGA Motion in Limine No. 10: alleged improper activities at MGA's Chatsworth facilities.

14.     MGA Motion in Limine No. 11: alleged use phthalates in MGA toys.

15.     MGA Motion in Limine No. 12: alleged conversations between Nick Contreras and Susan Kim.

16.     MGA Motion in Limine No. 13: alleged "bad acts" that are unrelated to the litigation, including purported efforts to smuggle by the "Laredo guy"; alleged payments to foreign officials; payments to Chinese workers; and trades by Larian in Mattel stock.

17.     MGA CORRECTED Motion in Limine No. 14: IGWT's purchase of Inventory from MGA.

18. MGA CORRECTED Motion in Limine No. 15: The prior jury verdicts, along with all orders related to, and reports from, the forensic auditor, temporary receiver and monitor, all of whom were put in place after the earlier trial, as the basis for their appointment has been subsequently reversed by the 9th Circuit and this Court have been subsequently reversed by the 9th Circuit and this Court.

19. MGA CORRECTED Motion in Limine No. 16: references to claims and defenses no longer at issue, including those claims related to Mattel's RICO claims against Omni 808 Investors, LLC and IGWT.

20. MGA Motion in Limine No. 17: subjective undisclosed intent of parties to contracts with Mattel.

21. MGA Motion in Limine No. 18: Robert Hudnut's and Adrienne Fontanella's modifications to their Inventions Agreements.

22. MGA Motion in Limine No. 19: agreements and practices inconsistent with (Alan) Kaye's admissions as a Mattel 30(b)(6) witness.

23. MGA Motion in Limine No. 20: certain testimony offered by Mattel expert (Ginger) McRae.

24. MGA Motion in Limine No. 21: certain testimony offered by Mattel expert (Jeffrey) Breslow. This motion is no longer relevant and may be dismissed as moot as Mattel withdrew Jeffrey Breslow as an expert witness.

25. MGA Motion in Limine No. 22: proposed testimony offered by Mattel expert (Angel) Gomez.

26. MGA Motion in Limine No. 23: to exclude any evidence, argument or other reference at trial relating to insurance as it relates to the MGA Parties.

27. MGA Motion in Limine No. 24: to exclude any evidence, argument or other reference at trial relating to MGA alleged fraudulent concealment of Bryan's involvement in Bratz.

28. MGA CORRECTED Motion in Limine No. 25: to exclude the report and testimony of (Ralph) Oman.

29. MGA CORRECTED Motion in Limine No. 26: to exclude the testimony and expert report of (Bruce) Green.

30. MGA CORRECTED Motion in Limine No. 27: to exclude the testimony and expert report of (John) Alex.

31. MGA CORRECTED Motion in Limine No. 28: to exclude the "expert" testimony and report of Mattel's purported expert (Jeffrey) Kinrich.

32. MGA CORRECTED Motion in Limine No. 29: to exclude the expert report proffered by "Market Survey" expert Edward A. Blair, Ph. D.

33. MGA Motion in Limine No. 30: to exclude from trial all references to and use of the expert damages testimony from Mattel, Inc.'s witness Michael J. Wagner.

34. MGA FURTHER CORRECTED Motion in Limine No. 31: testimony and report by Mattel's expert Loetz.

35. MGA FURTHER CORRECTED Motion in Limine No. 32:  testimony and report by Mattel's expert (Kenneth) Hollander.

36. MGA FURTHER CORRECTED Motion in Limine No. 33:  testimony and report by Mattel's expert, Nicholas Mirzoeff.

37. MGA FURTHER CORRECTED Motion in Limine No. 34:  testimony and report by Mattel's expert, Heather McComb.

38. MGA FURTHER CORRECTED Motion in Limine No. 35: preclude Mattel from seeking to introduce purported similarities of unprotectable elements.

39.  MGA FURTHER CORRECTED Motion in Limine No. 36: strike the expert report of Frank Keiser and preclude his testimony.

40.  MGA CORRECTED Motion in Limine No. 37:  to exclude any evidence, argument, or other reference at trial relating to testimony that is beyond Mattel's Interrogatory Response on copying.

41.  MGA CORRECTED Motion in Limine No 38:  for an order excluding testimony by Mattel's previously unidentified trial witnesses, including:

    1.  Chris Palmeri

    2.  Allison Willensky

    3.  Omar Cavassuto

    4.  Alberto Morales

    5.  David Traughber

    6.  Brian Erickson

    7.  Brad Farnsworth

    8.  Scot L. Bontsema

    9.  Tracy Marquis Kierce

    10.  John Gray

    11.  Mike Tsiakaros

42.  MGA FURTHER CORRECTED Motion in Limine No. 39 Re Work Made for Hire Theory of Ownership.

43.  MGA CORRECTED Motion in Limine No. 40: to Exclude Certain Testimony of Brian Wing.

44.  MGA CORRECTED Motion in Limine No. 41:

    1.  to exclude any evidence, argument, or other reference at trial relating to the wealth and assets of Isaac Larian;

    2.  to bifurcate trial so that Mattel's claims against MGA and Larian for punitive damages as a remedy, as to which MGA and Larian's financial condition (net worth) is relevant, are presented to the

1    jury only after conclusion of the liability phase of the trial and

2    only if, as a result of evidence presented during the liability

3    phase, the jury finds, by clear and convincing evidence, that

4    MGA or Larian intended to commit one or more of the torts

5    fraudulently, maliciously or oppressively."

6  45.  MGA Parties' Corrected Motion In Limine No. 42 To Preclude

7        Evidence Regarding Discredited Trade Secret Categories

8  46.  MGA Parties' Corrected Motion In Limine No. 43 To Preclude

9        Evidence Regarding The Alleged Theft Of Non-Trade Secret

10       Information

11  47.  Mattel Daubert Motion No. 1:  to Preclude MGA From Introducing or

12       Referring to Certain Expert Opinions Not Properly Disclosed Under

13       Rule 26.

14  48.  Mattel Daubert Motion No. 2:  Mattel's MIL to Exclude Opinions and

15       Testimony of James E. Malackowski.

16  49.  Mattel Daubert Motion No. 3:  Mattel's MIL to exclude opinions and

17       testimony of Yehuda Bassok.

18  50.  Mattel Daubert Motion No. 4:  Mattel's motion to exclude opinions and

19       testimony of D. Jan Duffy.

20  51.  Mattel Daubert Motion No. 5:  Mattel's motion to exclude testimony by

21       Glenn V. Vilppu.

22  52.  Mattel Daubert Motion No. 6:  Mattel's Motion To Exclude Opinions

23       And Reports Of MGA Expert Erich Joachimsthaler.

24  53.  Mattel Daubert Motion No. 7:  Mattel's MIL To Exclude Improper

25       Opinions Of Samuel Rubin Regarding Beclean Software And Evidence

26       Eliminator Software.

27  54.  Mattel Motion in Limine No. 1:  to exclude evidence, argument or

28       reference to whether Mattel would have marketed Bratz.

55. Mattel Motion in Limine No. 2: to exclude evidence, argument or reference to Mattel's purpose in filing suit and its alleged use of litigation against competitors as a business strategy.

56. Mattel Motion in Limine No. 3: to exclude evidence, argument or reference to initial trial verdict, judgment and appeal.

57. Mattel Motion in Limine No. 4: to exclude evidence, argument or reference to the availability of enhanced damages, attorneys' fees or injunctive relief (MGA filed a non-opposition).

58. Mattel Motion in Limine No. 5: to exclude evidence, argument, or reference to (1) an alleged wrongful injunction as an element of damages for MGA's affirmative claims; and (2) layoffs, harm to consumer or other alleged adverse consequences of a verdict for Mattel.

59. Mattel Motion in Limine No. 6: To Bifurcate Calculation Of Punitive Damages (MGA filed a non-opposition).

60. Mattel Motion in Limine No. 7: to bifurcate trial of equitable claims and defenses.

61. Mattel, Inc.'s Supplemental Brief Regarding And/Or Notice Of Motion And Motion To Reconsider Court's Ruling On Mga's Motion In Limine No. 7

62. Mattel, Inc.'s Supplemental Brief Regarding And/Or Notice Of Motion And Motion To Reconsider Court's Ruling On Mga's Motion In Limine No. 7

63. Mattel, Inc.'s Corrected Supplemental Brief Regarding And/Or Notice Of Motion And Motion To Reconsider Court's Ruling On Mga's Motion In Limine No. 7

64. Mattel Motion in Limine No. 8: to exclude evidence not disclosed in discovery re: "Test" project.

65. Mattel Motion in Limine No. 9: to exclude evidence or argument re The MGA Parties' reliance on advice of counsel.

66. Mattel Motion in Limine No. 10: to exclude evidence, argument or reference to any alleged racial, religious or ethnic bias (MGA filed a qualified non-opposition).

67. Mattel Motion in Limine No. 11: to exclude evidence and argument that the Mattel-Bryant Inventions Agreement is unconscionable, unfair or otherwise unenforceable, and evidence of other versions of Mattel's inventions agreements.

68. Mattel Motion in Limine No. 12: to exclude evidence, argument or reference to actions taken by or against Mattel employees not at issue in this case.

69. Mattel Motion in Limine No. 13: to exclude evidence, argument, or reference to immaterial purported statute of limitations evidence.

70. Mattel Motion in Limine No. 14: to preclude MGA from denying that its alleged trade secrets were disclosed to the press and retailers.

71. Mattel Motion in Limine No. 15: to preclude evidence, argument or reference to alleged spoliation of evidence or discovery misconduct by Mattel or its counsel.

72. Mattel Motion in Limine No. 16: for order precluding testimony and granting adverse inference jury instructions based on Jorge Castilla's invocation of the Fifth Amendment.

73. Mattel Motion in Limine No. 17: any evidence, argument, testimony, or suggestion relating to the reason for, and the creation of, Mattel Servicios, S.A. de C.V.

74. Mattel Motion in Limine No. 18: to exclude evidence, argument or reference to Mattel's surveillance or "spying" on its employees, and use of e-mail filter and term NHB.

75.   Mattel Motion in Limine No. 19:  to exclude evidence, argument or reference to any mediation or invocation of statutorily mandated mediation confidentiality.

76.   Mattel Motion in Limine No. 20:  to preclude arguments that MGA's counterclaims in reply allegations support MGA's 2005 complaint.

77.   Mattel Motion in Limine No. 21:  to exclude evidence and argument relating to MGA's counterclaims in reply.

78.   Mattel Motion in Limine No. 22:  to exclude reference to purported bad acts and prejudicial documents.

79.   Mattel Motion in Limine No. 23:  to exclude evidence, argument or reference to MGA'S allegations regarding NPD, CARU, TIA, and licensing.

80.   Mattel Motion in Limine No. 24:  to exclude testimony of undisclosed witnesses.

81.   Mattel Motion in Limine No. 25:  to exclude evidence and argument relating to a prior civil litigation and bankruptcy proceeding involving nonparty witness Brian Wing.

MGA continues to maintain and preserve its objections to Bratz as a trade secret in this case.

## XIII.

## BIFURCATION

Bifurcation of the following issues for trial is ordered:   Punitive damages, if any and as appropriate.

## XIV.

## FINAL PRETRIAL CONFERENCE ORDER

The foregoing admissions having been made by the parties, as set forth in Part VI above, and the parties having specified the foregoing issues remaining to

1  be litigated, this Final Pretrial Conference Order shall supersede the pleadings and

2  govern the course of the trial of this cause, unless modified to prevent manifest

3  injustice.

4

5  DATED:  April 4, 2011

6

7  _David O. Carter_____

8  HON. DAVID CARTER

9

10  Approved as to form by:

11  QUINN EMANUEL URQUHART &
   SULLIVAN, LLP

12

13  By _____

14  John B. Quinn, Esq.
   Attorneys for Mattel, Inc.

15

16  ORRICK, HERRINGTON & SUTCLIFFE
   LLP

17

18  By _____

19  Annette Hurst, Esq.
   Attorneys for MGA Parties.

20  SCHEPER KIM & HARRIS LLP

21

22  By _____

23  Alexander H. Cote, Esq.
   Attorneys for Gustavo Machado

24

25

26

27

28