|    |    |
|----|----|
| 1  | **UNITED STATES DISTRICT COURT** |
| 2  | **CENTRAL DISTRICT OF CALIFORNIA** |
| 3  | **HONORABLE DAVID O. CARTER, JUDGE PRESIDING** |
| 4  | - - - - - - - |
| 5  |    |
| 6  | MATTEL, INC., et al.,              ) |
| 7  |     Plaintiffs,                      ) |
| 8  |   vs.                                ) No. CV 04-9049 DOC |
| 9  | MGA ENTERTAINMENT, INC., et al.,   ) Day 51 |
| 10 |     Defendants.                     ) Volume 2 of 3 |
| 11 | _____) |
| 14 | REPORTER'S TRANSCRIPT OF PROCEEDINGS |
| 15 | Jury Trial |
| 16 | Santa Ana, California |
| 17 | Tuesday, April 12, 2011 |
| 21 | Debbie Gale, CSR 9472, RPR, CCRR |
| 22 | Federal Official Court Reporter<br>United States District Court |
| 23 | 411 West 4th Street, Room 1-053<br>Santa Ana, California 92701 |
|    | (714) 558-8141 |
| 25 | 04cv9049 Mattel 2011-04-12 D51V2 |

```
 1   APPEARANCES OF COUNSEL:

 2

     FOR PLAINTIFF MATTEL, INC., ET AL.:
 3
              QUINN EMANUEL URQUHART OLIVER & HEDGES LLP
 4         BY:   JOHN QUINN   (not present)
                 WILLIAM PRICE
 5               MICHAEL T. ZELLER
                 Attorneys at Law
 6         865 South Figueroa Street
           10th Floor
 7         Los Angeles, California 90017
           (213) 443-3000
 8

 9

10

11   FOR DEFENDANT MGA ENTERTAINMENT, INC., ET AL:

12            ORRICK, HERRINGTON & SUTCLIFFE, LLP (Irvine)
           BY:   THOMAS S. McCONVILLE
13               Attorney at Law
           4 Park Plaza
14         Suite 1600
           Irvine, California 92614
15         (949) 567-6700

16            - AND -

17            ORRICK, HERRINGTON & SUTCLIFFE, LLP (SF)
           BY:   ANNETTE L. HURST   (not present)
18               Attorney at Law
           405 Howard Street
19         San Francisco, California 94105
           (415)773-5700
20
              - AND -
21
              KELLER RACKAUCKAS
22         BY:   JENNIFER KELLER
                 Attorney at Law
23         18500 Von Karman Avenue
           Suite 560
24         Irvine, California 92612
           (949) 476-8700
25
```

```
 1     APPEARANCES OF COUNSEL (Continued):

 2


 3     FOR CARLOS GUSTAVO MACHADO GOMEZ:

 4
               LAW OFFICES OF MARK E. OVERLAND
 5             By:  MARK E. OVERLAND   (not present)
                    Attorney at Law
 6             100 Wilshire Boulevard
               Suite 950
 7             Santa Monica, California 90401
               (310) 459-2830
 8
               - AND -
 9
               SCHEPER KIM & HARRIS LLP
10             BY:  ALEXANDER H. COTE (not present)
                    Attorney at Law
11             601 West 5th Street
               12th Floor
12             Los Angeles, California 90071
               (213) 613-4660
13

14


15
       ALSO PRESENT:
16

17             ROBERT ECKERT, Mattel CEO

18             ISAAC LARIAN, MGA CEO

19

20

21

22

23

24

25
```

**I N D E X**

**PROCEEDINGS** **PAGE**

Jury Note No. 5                                                5

Listing by page/line of 4/12/2011 readback to jury    14

|  |  |
|---|---|
|  | **SANTA ANA, CALIFORNIA, TUESDAY, APRIL 12, 2011** |
|  | **Day 51, Volume 2 of 3** |
|  | (1:54 p.m.) |
| 01:36 | *(Outside the presence of the jury.)* |
| 01:54 | THE COURT: All right. We're on the record. All counsel are present. |
| 01:54 | We've received a note from the jury, Note No. 5. And that note states the following: |
| 01:54 | That, "Regarding page 13 of the verdict form, Question No. 11: What are the following dates in relation to: April 27, 2001; April 13, 2002; November 23, 2002; and November 20, 2003?" And then they have in parentheses, "Do they tie into a piece of evidence?" |
| 01:54 | The second question is the "Jury will need to leave at 3:00 p.m. on Thursday 4/14/11." |
| 01:54 | And third, "When not stated, when do we apply preponderance of the evidence versus clear and convincing evidence?" |
| 01:54 | I wrote a proposal to see if this met with your approval. And it really has two alternatives: |
| 01:54 | "Dear jury: |
| 01:54 | "In response to your first question, the date in the charts in Questions 6, 11, and 22 in the special verdict form are not meant to tie to a piece of evidence. |
| 01:55 | "Alternative 1: I've selected these dates because |

| | |
|---|---|
| 01:55  1 | they have procedural significance to the Court." |
| 01:55  2 | And we can just leave it in that position. |
| 01:55  3 | "Alternative 2: I will now explain the |
| 01:55  4 | significance of each of the dates: |
| 01:55  5 | "April 27, 2001, is exactly three years before |
| 01:55  6 | Mattel filed its original complaint against Carter Bryant. |
| 01:55  7 | "April 13, 2002, is exactly three years before MGA |
| 01:55  8 | Entertainment, Inc. filed its complaint against Mattel. |
| 01:55  9 | "November 20, 2003, is exactly three years before |
| 01:55  10 | Mattel sought to file its claims against MGA |
| 01:55  11 | Entertainment, Inc., MGA Hong Kong, Limited, and Mr. Isaac |
| 01:55  12 | Larian. |
| 01:55  13 | "I selected the November 23, 2002 date for complex |
| 01:55  14 | procedural reasons that are not immaterial to your |
| 01:55  15 | decision." |
| 01:55  16 | I think I should say that are "not material" to |
| 01:55  17 | your decision. |
| 01:55  18 | But I'm more in favor of Alternative 1, because we |
| 01:56  19 | stated that we wanted this to be nondescript, but I wanted |
| 01:56  20 | to talk to both counsel. |
| 01:56  21 | Second, "The preponderance of the evidence |
| 01:56  22 | standard should be applied against a question" -- I'm |
| 01:56  23 | sorry -- "should be applied unless a question specifically |
| 01:56  24 | uses the term 'clear and convincing evidence.' The only |
| 01:56  25 | questions on the special verdict form that use the term |

Case 2:04-cv-09049-DOC-RNB Document 10468 Filed 04/18/11 Page 7 of 19 Page ID #:318023
CV 04-9049 DOC - 4/12/2011 - Day 51, Volume 2 of 3

7

```
01:56    1   'clear and convincing evidence' are Questions 13 and 19."
01:56    2              Mr. Price, what are your thoughts?
01:56    3              MR. PRICE:  Your Honor, I believe --
01:56    4              THE COURT:  Where's Mr. Quinn?
01:56    5              MR. PRICE:  I'm sitting in for him.
01:56    6              THE COURT:  Well, Mr. Price, thank you.
01:56    7              All right.  Where's Mr. Quinn?
01:56    8              MR. PRICE:  I believe he's at a meeting.
01:56    9              THE COURT:  Okay.
01:56   10              MR. PRICE:  My understanding was that we could
01:56   11   switch off.
01:56   12              THE COURT:  You can.  Where's Mr. Quinn?  I'm just
01:56   13   joking.
01:56   14              MR. PRICE:  He left at noon.
01:56   15              THE COURT:  Okay.  But all this has his consent?
01:56   16              MR. PRICE:  Yes.
01:56   17              THE COURT:  All right.  Which alternative?
01:56   18              MR. PRICE:  Your Honor, for the first one, I'd
01:56   19   like Number 1.  Before you get to alternatives, I think
01:57   20   after saying, "are not meant to tie to a piece of evidence,"
01:57   21   perhaps we can say, "rather, you must answer these questions
01:57   22   based on all the evidence."
01:57   23              THE COURT:  So what would you propose, Mr. Price?
01:57   24   "In the special verdict form"?
01:57   25              MR. PRICE:  Where it says, "In response to your
```

| | | |
|---|---|---|
| 01:57 | 1 | first question, the dates" -- the first sentence you gave |
| 01:57 | 2 | there -- "the dates in the charts in Questions 6, 11 and 23 |
| 01:57 | 3 | in the special verdict form are not meant to tie to a piece |
| 01:57 | 4 | of evidence, rather, you must answer these questions based |
| 01:57 | 5 | on all of the evidence." |
| 01:57 | 6 | THE COURT:  Oh, just add "you must." |
| 01:57 | 7 | MR. PRICE:  Just add "answer these questions based |
| 01:57 | 8 | on all of the evidence." |
| 01:57 | 9 | And then between Alternative 1 and Alternative 2, |
| 01:57 | 10 | I think we prefer Alternative 2.  But to be completely |
| 01:57 | 11 | transparent to the jury, so that they know what they're |
| 01:57 | 12 | doing here, particularly on this claim, I would suggest that |
| 01:58 | 13 | we add the following, which is that "Mattel contends that it |
| 01:58 | 14 | did not know nor should it have discovered through the |
| 01:58 | 15 | exercise of reasonable diligence, prior to November 24, |
| 01:58 | 16 | 2003, facts that would have caused a reasonable person to |
| 01:58 | 17 | suspect that MGA Entertainment or Isaac Larian had |
| 01:58 | 18 | misappropriated any Bratz-related concepts and works.  MGA |
| 01:58 | 19 | disputes this and contends that prior to November 20, 2003, |
| 01:58 | 20 | Mattel did discover or should have discovered through the |
| 01:58 | 21 | exercise of reasonable diligence facts that would have |
| 01:58 | 22 | caused a reasonable person to suspect that MGA Entertainment |
| 01:58 | 23 | or Isaac Larian had misappropriated Bratz related concepts |
| 01:58 | 24 | and works" -- just saying that that's the issue this is |
| 01:58 | 25 | going to so that there's transparency and they know, you |

Case 2:04-cv-09049-DOC-RNB Document 10468 Filed 04/18/11 Page 9 of 19 Page ID #:318025
CV 04-9049 DOC - 4/12/2011 - Day 51, Volume 2 of 3

9

| | | |
|---|---|---|
| 01:58 | 1 | know, why it's there. |
| 01:58 | 2 | And I think that fairly summarizes the parties' |
| 01:58 | 3 | contentions: That Mattel says it didn't know, and |
| 01:59 | 4 | reasonably couldn't have, prior to November 24th, 2003; MGA |
| 01:59 | 5 | contends that Mattel did discover or should have discovered |
| 01:59 | 6 | prior to November 24, 2003. |
| 01:59 | 7 | THE COURT: Well, just a moment. |
| 01:59 | 8 | Just a minute. Wouldn't that raise the question, |
| 02:00 | 9 | then, why have we included the date April 27, 2001? And why |
| 02:00 | 10 | have we raised the date of November 23rd, 2002? |
| 02:00 | 11 | And remember, that was Mattel's request. So now |
| 02:00 | 12 | you've caused confusion. |
| 02:00 | 13 | Mr. Zeller, now listen carefully. |
| 02:00 | 14 | I would be inclined to do that if we would have |
| 02:00 | 15 | put in two dates, but Mattel requested four. And that |
| 02:00 | 16 | leaves two dates literally tagging or hanging. |
| 02:00 | 17 | So if I was a juror, I would then come back and |
| 02:00 | 18 | wonder, with the additional explanation you've given, why do |
| 02:00 | 19 | we have an April 27, 2001 date, and why do we have an |
| 02:00 | 20 | November 23rd, 2002? |
| 02:00 | 21 | MR. PRICE: I'm suggesting this comes after the |
| 02:01 | 22 | paragraph you give them, which ties those dates to -- so you |
| 02:01 | 23 | would tell them, as you do in Alternative 2, "I'll explain |
| 02:01 | 24 | the significance of each of the dates. April 27, 2001 is |
| 02:01 | 25 | exactly three years before, et cetera," so they see these |

Case 2:04-cv-09049-DOC-RNB Document 10468 Filed 04/18/11 Page 10 of 19 Page ID #:318026
CV 04-9049 DOC - 4/12/2011 - Day 51, Volume 2 of 3

10

02:01  1   are tied to something.
02:01  2           THE COURT: I see. All right.
02:01  3           Let me hear from MGA for just a moment.
02:01  4           MS. KELLER: We disagree, Your Honor. We think
02:01  5   that this is already confusing. That's why we wanted an
02:01  6   up-or-down vote, essentially. And if we are -- since we
02:01  7   have given the verdict form this way, we think the Court
02:01  8   should select Alternative 1.
02:01  9           THE COURT: Haven't your positions completely
02:01  10  switched? In other words, initially, I thought Mattel was
02:01  11  requesting this and MGA was requesting the other. And now
02:01  12  the parties have absolutely switched their position.
02:01  13          MS. KELLER: We have not switched our position.
02:01  14  We always wanted an up-or-down vote. We didn't get it. Now
02:01  15  we have to deal with the verdict form as it is. And we
02:01  16  think, given the verdict form as it is, we'd like
02:01  17  Alternative 1 because we don't want to confuse the jurors
02:02  18  any more than we have.
02:02  19          THE COURT: Just a moment. You always wanted just
02:02  20  an up-or-down vote.
02:02  21          MS. KELLER: Okay.
02:02  22          THE COURT: You never wanted this chart?
02:02  23          MS. KELLER: Yes.
02:02  24          THE COURT: Now you want this chart in light of us
02:02  25  having given this chart.

```
02:02    1              MS. KELLER:  No.
02:02    2              THE COURT:  And Mattel always wanted this chart.
02:02    3    Now you want a further explanation, which is really an
02:02    4    up-and-down vote almost.
02:02    5              MS. KELLER:  No, it's not really.
02:02    6              I mean --
02:02    7              THE COURT:  Yes, it is.
02:02    8              MS. KELLER:  -- the choice of four dates is not
02:02    9    something that we wanted.
02:02   10              THE COURT:  I know.  I know.  I followed Mattel's
02:02   11    advice on that.
02:02   12              MS. KELLER:  We think -- but we think it's going
02:02   13    to be very confusing to the jury.
02:02   14              And as to the argument that it provided
02:02   15    transparency, I'm not quite sure why that needs to be done
02:02   16    at all at this point, given where we are.
02:02   17              And then does the Court wish us to address the
02:02   18    next issue?
02:02   19              THE COURT:  Certainly.
02:02   20              MS. KELLER:  We prefer the Court's answer to
02:02   21    Number 2, as well.  It's -- the idea that, you know, your
02:03   22    answer must be based on all of the evidence, and not on any
02:03   23    particular piece of evidence -- well, going back to Number
02:03   24    1, whether it ties to a particular piece of evidence, some
02:03   25    of these dates may tie to a particular piece of evidence,
```

```
02:03   1    and not to, quote, "all of the evidence."
02:03   2              So we think that, again, it's another reason for
02:03   3    the Court to simply give the answer to Alternative 1.
02:03   4              As to Alternative 2, we think that the Court's
02:03   5    answer is very direct, very -- oh, I'm now going to
02:03   6    Question No. 2, not Alternative 2.
02:03   7              We think the Court should give Alternative 1.
02:03   8              When we go to Question No. 2, we think the Court's
02:03   9    answer is very clear and precise.
02:03  10              THE COURT:  Let me turn back to Mattel for a
02:03  11    moment.
02:03  12              If I gave either Alternative 1 or Alternative 2 in
02:03  13    its present form and nothing further, which?
02:03  14              MR. PRICE:  Alternative 2.
02:03  15              THE COURT:  Alternative 2.  Okay.
02:04  16              Okay.  All right.  Let me have a few moments,
02:04  17    then.
02:04  18              Okay.  Thank you very much, Counsel.  I'll be back
02:04  19    with you in just a minute.
02:04  20                 (Pause in the proceedings at 2:04 p.m.)
02:12  21                 (Proceedings resumed at 2:12 p.m.)
02:12  22              THE COURT:  All right.  Counsel, we're on the
02:12  23    record.
02:12  24              Is there any reason, if I send back to the jury
02:13  25    the note form, or would you like the jury brought out?
```

|       |    |                                                                        |
|-------|----|------------------------------------------------------------------------|
| 02:13 | 1  | MR. PRICE: Between those two methods, we don't                         |
| 02:13 | 2  | care, Your Honor.                                                      |
| 02:13 | 3  | THE COURT: You don't care.                                             |
| 02:13 | 4  | MS. KELLER: I think sending a note back is fine,                       |
| 02:13 | 5  | Your Honor.                                                            |
| 02:13 | 6  | THE COURT: Okay.                                                       |
| 02:13 | 7  | First, "In response to the first question, the                         |
| 02:13 | 8  | dates in the charts in Questions 6, 11 and 23 in the special           |
| 02:13 | 9  | verdict form are not meant to tie into a piece of evidence.            |
| 02:13 | 10 | I've selected these dates because they have procedural                 |
| 02:13 | 11 | significance to the Court."                                            |
| 02:13 | 12 | Mattel initially advocated for a special verdict                       |
| 02:13 | 13 | question that does not identify the procedural significance            |
| 02:13 | 14 | of the date or leave the jury with the ability to make an              |
| 02:13 | 15 | up-or-down vote on the statute of limitations. That                    |
| 02:13 | 16 | approach is consistent with Alternative 1, which is the                |
| 02:13 | 17 | alternative that this Court will choose. Mattel initially              |
| 02:13 | 18 | resisted this kind of transparency when MGA requested it.              |
| 02:13 | 19 | Now the Court will remain consistent with Mattel's initial             |
| 02:13 | 20 | request.                                                               |
| 02:13 | 21 | In other words, I'm not going to flip back and                         |
| 02:13 | 22 | forth depending upon what question I'm getting from the                |
| 02:13 | 23 | jury. I'm going to remain consistent. It will be                       |
| 02:14 | 24 | Alternative No. 1.                                                     |
| 02:14 | 25 | Second, I'm going to allow them to leave at                            |

| | | |
|---|---|---|
| 02:14 | 1 | 3:00 p.m. on April 14th. |
| 02:14 | 2 | And third, the -- "In response to your third |
| 02:14 | 3 | question, the preponderance of the evidence standard should |
| 02:14 | 4 | be applied unless a question specifically uses the term |
| 02:14 | 5 | 'clear and convincing evidence.' The only questions on the |
| 02:14 | 6 | special verdict form that use the term 'clear and convincing |
| 02:14 | 7 | evidence' are Questions 13 and 19. |
| 02:14 | 8 | "If you have any additional questions, please feel |
| 02:14 | 9 | free to inquire further." |
| 02:14 | 10 | And it's signed by me. |
| 02:14 | 11 | That will be the order of the Court. |
| 02:14 | 12 | Julie or Nancy, I want one of you to take these |
| 02:14 | 13 | back to the jury. |
| 02:14 | 14 | All right. Now, Counsel, if you would remain in |
| 02:14 | 15 | close proximity. I really can't tell where the jury is on |
| 02:14 | 16 | this form, and I'd encourage each of you not to guess |
| 02:14 | 17 | either. |
| 02:14 | 18 | I don't know if they're going through it one by |
| 02:14 | 19 | one or if they're -- |
| 02:14 | 20 | Oh, Nancy. |
| 02:15 | 21 | Well, Counsel, let's do this. You'll be across |
| 02:15 | 22 | the street, Bill? |
| 02:15 | 23 | MR. PRICE: Yes. |
| 02:15 | 24 | MR. McCONVILLE: Your Honor, there was one thing. |
| 02:15 | 25 | This morning there was a readback of testimony, but I don't |

```
02:15   1    believe there was a record made of what was read to the
02:15   2    jury.  So I was suggesting, with Mr. Zeller, if we could
02:15   3    just read the cites that the jury had for the readback
02:15   4    today.
02:15   5            THE COURT:  That's a good idea.  What are those
02:15   6    page cites?
02:15   7            MR. ZELLER:  And we agree.  And I'll just read
02:15   8    them into the record here.
02:15   9            THE COURT:  Thanks a lot.
02:15  10            MR. ZELLER:  The following are the excerpts from
02:15  11    Carter Bryant's testimony that were read to the jury:
02:15  12            January 27, Volume IV, 8, lines 22, through 11,
02:16  13    line 1.
02:16  14            January 28, Volume I, page 66, line 17, through
02:16  15    67, line 20; page 72, line 21, through page 73, line 22.
02:16  16            January 28th, Volume III, page 32, line 24,
02:16  17    through 33, line 8.
02:16  18            February 1st, Volume I, page 20, line 22, through
02:16  19    page 21, line 2; and page 21, lines 5 through 11.
02:16  20            February 1st, Volume III, page 28, line 8 through
02:16  21    22; page 29, lines 18 through 21; page 30, lines 7 -- I'm
02:17  22    sorry.  Strike that -- page 30, line 7, through page 31,
02:17  23    line 6; and then page 32, line 12, through page 33, line 7.
02:17  24            February 2nd, Volume I, page 48, lines 3
02:17  25    through 7.
```

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
| 02:17 | 1  | February 2nd, Volume II, page 8, lines 4 through             |
| 02:17 | 2  | 8; page 42, line 21, through page 43, line 9; page 45, lines |
| 02:17 | 3  | 9 through 12.                                                |
| 02:17 | 4  | February 2nd, Volume III, page 45, line 19,                  |
| 02:17 | 5  | through page 46, line 1.                                     |
| 02:17 | 6  | And then the following passage from the testimony            |
| 02:17 | 7  | of Ramona Prince was read to the jury:                       |
| 02:17 | 8  | March 16, Volume I, page 75, line 24, through                |
| 02:18 | 9  | page 77, line 13.                                            |
| 02:18 | 10 | THE COURT: Also, I want to ask counsel, is there             |
| 02:18 | 11 | any objection if we call the jury in just before they leave  |
| 02:18 | 12 | and once again, through the stipulation of counsel, I'm able |
| 02:18 | 13 | to remind them that I'm not available tomorrow, other than   |
| 02:18 | 14 | by phone? Because we've been turning around their questions  |
| 02:18 | 15 | rather quickly. And also, if they have a question, to        |
| 02:18 | 16 | continue their deliberations if they can because we'll       |
| 02:18 | 17 | respond to their questions first thing Thursday morning.     |
| 02:18 | 18 | Would be that acceptable?                                    |
| 02:18 | 19 | MS. KELLER: Yes.                                             |
| 02:18 | 20 | THE COURT: All right. I want to make certain,                |
| 02:18 | 21 | 'cause there's some dicta out there that courts are supposed |
| 02:18 | 22 | to make any explanation if they're gone, even -- for a       |
| 02:18 | 23 | period of time because the jury might rush to a verdict,     |
| 02:18 | 24 | but -- it was dicta in a case by the Circuit. But I just     |
| 02:18 | 25 | want to make certain that that meets with your consent;      |

|       |    |                                                              |
|-------|----|--------------------------------------------------------------|
| 02:18 | 1  | otherwise, I can do nothing or say nothing.                  |
| 02:18 | 2  | Mr. Price, is that acceptable?                               |
| 02:18 | 3  | MR. PRICE: Acceptable, Your Honor.                           |
| 02:18 | 4  | THE COURT: Ms. Keller, is that acceptable?                   |
| 02:18 | 5  | MS. KELLER: Yes, Your Honor.                                 |
| 02:18 | 6  | THE COURT: Let's bring them out, then, just                  |
| 02:19 | 7  | before they leave.                                           |
| 02:19 | 8  | Nancy, would you tell Bob, who's the bailiff back            |
| 02:19 | 9  | there, that just before the jury goes home, I want to talk   |
| 02:19 | 10 | to them for just a moment.                                   |
| 02:19 | 11 | THE CLERK: Yes, Your Honor.                                  |
| 02:19 | 12 | THE COURT: All right. Thank you.                             |
| 02:19 | 13 | All right. Then, Counsel, the way the questions              |
| 02:19 | 14 | are coming, don't go too far.                                |
| 02:19 | 15 | MR. PRICE: Your Honor, do you want us to be here             |
| 02:19 | 16 | when you address them at the end of the day?                 |
| 02:19 | 17 | THE COURT: I prefer that. I'd just feel more                 |
| 02:19 | 18 | comfortable. Your clients don't have to be here, if they     |
| 02:19 | 19 | don't want to. If they do want to, that's fine. But I        |
| 02:19 | 20 | would rather have counsel here at all times.                 |
| 02:19 | 21 | MR. PRICE: We're talking about 4:30, we think?               |
| 02:19 | 22 | Or -- they didn't tell us today.                             |
| 02:19 | 23 | THE COURT: Good question. I don't know. But I                |
| 02:19 | 24 | don't think they're going to leave after 5:00. They've been  |
| 02:19 | 25 | getting in here at 8:30, and my guess is they're going to    |

Case 2:04-cv-09049-DOC-RNB   Document 10468   Filed 04/18/11   Page 18 of 19   Page ID #:318034
CV 04-9049 DOC - 4/12/2011 - Day 51, Volume 2 of 3

18

```
02:19   1    leave between 4:00 and 5:00 every day.
02:19   2              Would that be acceptable?
02:19   3              MR. PRICE:  Yeah.
02:19   4              THE COURT:  Do you have an appointment?
02:19   5              MR. PRICE:  No, no.  We're fine.
02:19   6              THE COURT:  Are you okay?
02:19   7              MR. McCONVILLE:  Yeah.
02:19   8              THE COURT:  Okay.
02:19   9              Oh, they want to leave at 4:00 today, so why don't
02:20  10    I see them about five minutes to 4:00?  Okay?
02:20  11              So we'll see you at 3:55.  That answers the
02:20  12    question.
02:20  13                  (End of proceedings at 2:20 p.m.)
02:20  14                  (Further proceedings reported by Maria
02:20  15         Dellaneve in Volume III.)
02:20  16                              -oOo-
02:20  17
       18
       19
       20
       21
       22
       23
       24
       25
```

-oOo-

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:   April 12, 2011


_____
DEBBIE GALE, U.S. COURT REPORTER
CSR NO. 9472, RPR