Case 2:04-cv-09049-DOC-RNB   Document 10470   Filed 04/18/11   Page 1 of 28   Page ID
#:318041
CV 04-9049 DOC - 4/14/2011 - Day 53, Volume 1 of 2

1

1                    **UNITED STATES DISTRICT COURT**

2                   **CENTRAL DISTRICT OF CALIFORNIA**

3              **HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

4                         - - - - - - -

5

   MATTEL, INC., et al.,                )
6                                        )
                Plaintiffs,              )
7                                        )
        vs.                              ) No. CV 04-9049 DOC
8                                        )    Day 53
   MGA ENTERTAINMENT, INC., et al.,      )    Volume 1 of 2
9                                        )
                                         )
10              Defendants.              )
   _____)

11

12

13

14              REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                        Jury Trial

16                   Santa Ana, California

17                 Thursday, April 14, 2011

18

19

20

21  Debbie Gale, CSR 9472, RPR, CCRR
    Federal Official Court Reporter
22  United States District Court
    411 West 4th Street, Room 1-053
23  Santa Ana, California 92701
    (714) 558-8141

24

25  04cv9049 Mattel 2011-04-14 D53V1

1    **APPEARANCES OF COUNSEL:**

2

     FOR PLAINTIFF MATTEL, INC., ET AL.:

3

              QUINN EMANUEL URQUHART & SULLIVAN
4             BY:  JOHN QUINN  (not present)
                  WILLIAM PRICE
5                 MICHAEL T. ZELLER
                  Attorneys at Law
6             865 South Figueroa Street
              10th Floor
7             Los Angeles, California 90017
              (213) 443-3000

8

9

10

11   FOR DEFENDANT MGA ENTERTAINMENT, INC., ET AL:

12            ORRICK, HERRINGTON & SUTCLIFFE, LLP (Irvine)
              BY:  THOMAS S. McCONVILLE
13                Attorney at Law
              4 Park Plaza
14            Suite 1600
              Irvine, California 92614
15            (949) 567-6700

16            - AND -

17            ORRICK, HERRINGTON & SUTCLIFFE, LLP (SF)
              BY:  ANNETTE L. HURST (present from 11:00 on)
18                Attorney at Law
              405 Howard Street
19            San Francisco, California 94105
              (415)773-5700

20            - AND -

21            KELLER RACKAUCKAS
22            BY:  JENNIFER KELLER
                  Attorney at Law
23            18500 Von Karman Avenue
              Suite 560
24            Irvine, California 92612
              (949) 476-8700

25

1    **APPEARANCES OF COUNSEL (Continued):**

2

3    FOR CARLOS GUSTAVO MACHADO GOMEZ:

4
              LAW OFFICES OF MARK E. OVERLAND
5             By:  MARK E. OVERLAND  (not present)
                   Attorney at Law
6             100 Wilshire Boulevard
              Suite 950
7             Santa Monica, California 90401
              (310) 459-2830
8
              - AND -
9
              SCHEPER KIM & HARRIS LLP
10            BY:  ALEXANDER H. COTE  (not present)
                   Attorney at Law
11            601 West 5th Street
              12th Floor
12            Los Angeles, California 90071
              (213) 613-4660
13

14   ALSO PRESENT:

15
              ISAAC LARIAN, MGA CEO
16

17

18

19

20

21

22

23

24

25

1                          **I N D E X**

2     **PROCEEDINGS**                                    **PAGE**

3     Discussion re Jury Note 6 (no jury present)         5

4     Discussion re Jury Note 7 (no jury present)         6

5     Discussion re Jury Note 8 (no jury present)        10

6     Jury Notes 6, 7 and 8 (jury present)               12

7     Note from Alternate Juror                          21

8     Jury Note 9 (jury present)                         24

9     Record read (Court reporter Maria Dellaneve)       25

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

CV 04-9049 DOC - 4/14/2011 - Day 53, Volume 1 of 2

5

| | |
|---|---|
| 1 | **SANTA ANA, CALIFORNIA, THURSDAY, APRIL 14, 2011** |
| 2 | **Day 53, Volume 1 of 2** |
| 3 | (8:27 a.m.) |
| 4 | *(Outside the presence of the jury.)* |
| 5 | THE COURT:  Okay.  We're on the record.  All |
| 6 | counsel are present. |
| 7 | The record should reflect that the Court and |
| 8 | counsel reconvened about 4:30 or 5:00 last evening after the |
| 9 | jury left, in light of a series of questions that the jury |
| 10 | had asked. |
| 11 | Jury Note No. 6 asked, "Please provide the e-mail |
| 12 | exhibit.  It references the "little ladies."  I'm sorry. |
| 13 | "Please provide the e-mail exhibit that references the |
| 14 | 'little ladies.'  We are unable to locate.  Thank you." |
| 15 | I propose the response, "I believe that your note |
| 16 | is referring to Trial Exhibit Nos. 1763 and 11641." |
| 17 | Now, I think I should word-process that again and |
| 18 | take out "I believe" and simply, "The parties agree that |
| 19 | your note is referring" -- or, "The parties believe that |
| 20 | your note is referring to Trial Exhibit Nos. 1763 and 11641, |
| 21 | both of which reflect the same e-mail chain.  Please let me |
| 22 | know if those are not the exhibits you're seeking to |
| 23 | locate." |
| 24 | Is that sufficient? |
| 25 | MR. ZELLER:  Yes. |

CV 04-9049 DOC - 4/14/2011 - Day 53, Volume 1 of 2

6

08:28   1           MR. PRICE:  Yes.

08:28   2           MR. QUINN:  *(Nods.)*

08:28   3           THE COURT:  Okay.  That's a "yes" from both

08:28   4    parties.

08:28   5           Now, concerning Jury Note 7, there are five

08:28   6    questions.  Concerning Question 16, "Re Question 16, the

08:28   7    description does not offer any exhibit/tangible numbers.  We

08:28   8    need them."

08:28   9           My proposed response is, "It is not necessary for

08:28   10   you to match up exhibit/tangible numbers with the

08:28   11   descriptions in Question 16.  I've instructed you that

08:29   12   certain types of valuable information may qualify as trade

08:29   13   secrets, whether or not that information is stored in an

08:29   14   exhibit," slash "tangible.  If you are requesting specific

08:29   15   exhibits, I will consult with the parties and see if you can

08:29   16   be directed to those exhibits that have been received into

08:29   17   evidence."

08:29   18          What I'm doing is what I call a "crawl technique,"

08:29   19   so it's specific.

08:29   20          Any objection on behalf of Mattel?

08:29   21          MR. PRICE:  Your Honor, our suggested edits to

08:29   22   that are that it begin with, "MGA has described its alleged

08:29   23   trade secrets in the manner set forth in Question 16."  And

08:29   24   then, "It is not necessary for you to match up."

08:29   25          THE COURT:  All right.  Thank you.  Thank you.

DEBBIE GALE, U.S. COURT REPORTER

Case 2:04-cv-09049-DOC-RNB   Document 10470   Filed 04/18/11   Page 7 of 28   Page ID #:318047
CV 04-9049 DOC – 4/14/2011 – Day 53, Volume 1 of 2

7

| | | |
|---|---|---|
| 08:29 | 1 | Counsel, this is what's going to be given. |
| 08:29 | 2 | MS. KELLER:  We're fine with the way it is, |
| 08:30 | 3 | Your Honor. |
| 08:30 | 4 | THE COURT:  Question 2, "Once we have the info on |
| 08:30 | 5 | above 1, to what Mattel product do we make the comparison?" |
| 08:30 | 6 | Response:  "In the instructions that certain (sic) |
| 08:30 | 7 | parties' claims for trade secret misappropriation, I've not |
| 08:30 | 8 | instructed you to compare any of the claimed trade secrets |
| 08:30 | 9 | identified in the chart in claims –– in Questions 16 to any |
| 08:30 | 10 | Mattel products.  To determine whether an entity or person |
| 08:30 | 11 | has misappropriated trade secrets, refer to Instruction 61, |
| 08:30 | 12 | 62, 63 and 64." |
| 08:30 | 13 | MS. KELLER:  That's fine, Your Honor. |
| 08:30 | 14 | THE COURT:  Takes 'em right back to the |
| 08:30 | 15 | instructions. |
| 08:30 | 16 | Any disagreement with Mattel? |
| 08:30 | 17 | MR. PRICE:  Here's our issue with that, |
| 08:30 | 18 | Your Honor.  We were talking last night is, it's –– MGA's |
| 08:30 | 19 | entire damages theory is based upon a head start, even the |
| 08:30 | 20 | top-down.  I think this suggests that they should ignore |
| 08:30 | 21 | that. |
| 08:30 | 22 | And what we would suggest, when they ask, "What |
| 08:30 | 23 | Mattel product do we make the comparison to?" is to say, |
| 08:30 | 24 | "What Mattel product, if any, you compare to what MGA |
| 08:30 | 25 | product is up to you based on the evidence received in this |

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC - 4/14/2011 - Day 53, Volume 1 of 2

8

| | |
|---|---|
| 08:30 | 1 |
| 08:31 | 2 |
| 08:31 | 3 |
| 08:31 | 4 |
| 08:31 | 5 |
| 08:31 | 6 |
| 08:31 | 7 |
| 08:31 | 8 |
| 08:31 | 9 |
| 08:31 | 10 |
| 08:31 | 11 |
| 08:31 | 12 |
| 08:31 | 13 |
| 08:31 | 14 |
| 08:31 | 15 |
| 08:31 | 16 |
| 08:31 | 17 |
| 08:31 | 18 |
| 08:31 | 19 |
| 08:31 | 20 |
| 08:31 | 21 |
| 08:31 | 22 |
| 08:32 | 23 |
| 08:32 | 24 |
| 08:32 | 25 |

1  case, and I cannot instruct you which particular evidence to
2  review."  'Cause it's up to them.
3          THE COURT:  I'm going to read what I just read to
4  the parties.  I'm satisfied that that covers this area.
5          Question No. 3:  "Need release dates of both MGA
6  and Mattel products."
7          My proposed response is, "I cannot provide you
8  with any evidence that is not already in the record.
9  However, I can arrange for the rereading of specific
10  testimony and the identification of specific numbers at your
11  request."
12          In other words, the shorthand way of saying that
13  is, "Send me another more specific request.  I don't want to
14  speculate."
15          Any objection by Mattel?
16          MR. ZELLER:  No.
17          THE COURT:  MGA?
18          MR. McCONVILLE:  No.
19          THE COURT:  Ms. Martinez, why don't you come up
20  here.  I'm used to you being up here.  I'm just joking with
21  you.  Good morning.  You don't have to.  I'm used to seeing
22  certain people at the table, four or five on each table.  So
23  I'm missing Annette Hurst today, and Mr. Quinn and
24  Mr. Eckert.
25          Question 4:  "Need reports from Mr. Wagner and

DEBBIE GALE, U.S. COURT REPORTER

08:32  1   Mr. Malackowski."

08:32  2          My proposed response is "The reports prepared by

08:32  3   Mr. Wagner and Mr. Malackowski are not evidence.  However,

08:32  4   you can have the testimony of Mr. Wagner and Mr. Malackowski

08:32  5   reread to you."

08:32  6          And I should add "or any portion of their

08:32  7   testimony."

08:32  8          Question -- any objection by Mattel or MGA?

08:32  9          MR. McCONVILLE:  None.

08:32  10         MR. PRICE:  No, none.

08:32  11         THE COURT:  Question 5:  "E-mail to Michael Moore

08:32  12   re MGA" -- and that "MGA" should be -- well, that's the way

08:32  13   they printed it:  M, small G, small A, so I duplicated that.

08:32  14         "E-mail to Michael Moore re MGA lawsuit filed in

08:32  15   Hong Kong."

08:32  16         My proposed response is, "The written

08:32  17   communication to which you're referring was not received

08:33  18   into evidence.  However, Mr. Moore testified about the

08:33  19   communication."

08:33  20         "And you can have that testimony reread to you if

08:33  21   you notify the Court" -- I'll add that.

08:33  22         MR. McCONVILLE:  My only suggestion, Your Honor,

08:33  23   was when -- the change you made to Question No. 1 on No. 7,

08:33  24   was "the parties believe."  So you may want to add, "The

08:33  25   parties believe that the written communication you're

CV 04-9049 DOC - 4/14/2011 - Day 53, Volume 1 of 2

10

08:33  1    referring to was not received into evidence."

08:33  2            THE COURT:  Yes.

08:33  3            MR. McCONVILLE:  You should do that for

08:33  4    Question 5, as well.  That's my suggestion.

08:33  5            THE COURT:  "The parties believe."

08:33  6            "The parties believe the written communication to

08:33  7    which you're referring was not received into evidence."

08:33  8            MR. McCONVILLE:  Yes.

08:33  9            THE COURT:  All right.  Yeah.  I'd like to keep

08:33  10   the Court out of any -- as few directions as I can about

08:33  11   evidence.

08:33  12           Note 8.  "You asked:  Need exit number for case

08:33  13   filed date 3/19/02, IR 02-005, theft of proprietary

08:34  14   information."

08:34  15           My response is:  "I believe that you're referring

08:34  16   to either a Mattel file or a Mattel investigation log.  The

08:34  17   Mattel file is marked with Trial Exhibit No. 115 -- or

08:34  18   1195-RS, and the Mattel investigation log is marked with

08:34  19   Trial Exhibit 36114."

08:34  20           And, of course, Mattel objects.  You believe that

08:34  21   that's confined to the file, 1195-RS.

08:34  22           MR. ZELLER:  That's right.

08:34  23           THE COURT:  All right.  Now, just a moment.  I'm

08:34  24   going to word-process this because, besides me reading this,

08:34  25   I'm simply going to hand this to the jury, from the clerk,

CV 04-9049 DOC - 4/14/2011 - Day 53, Volume 1 of 2

| | | |
|---|---|---|
| 08:34 | 1 | in just a moment. |
| 08:34 | 2 | MR. PRICE:  Your Honor, can I ask for one other |
| 08:34 | 3 | amendment? |
| 08:34 | 4 | THE COURT:  Sure. |
| 08:34 | 5 | MR. PRICE:  That is in Jury Note 7, Question 1, |
| 08:34 | 6 | where, in the second sentence, you say, "I have instructed |
| 08:34 | 7 | that a trade secret consists of information," that is, |
| 08:34 | 8 | "certain types of valuable information may qualify as trade |
| 08:34 | 9 | secrets whether or not the information is stored in an |
| 08:34 | 10 | exhibit and tangible." |
| 08:34 | 11 | THE COURT:  Uh-huh. |
| 08:34 | 12 | MR. PRICE:  That's -- we'd request that you add |
| 08:34 | 13 | "so long as the requirements for trade secret protection are |
| 08:35 | 14 | met," because that -- this takes an element of trade secret |
| 08:35 | 15 | and seems to suggest that the rest are not required. |
| 08:35 | 16 | THE COURT:  And what's your suggested language? |
| 08:35 | 17 | "So long as the" -- |
| 08:35 | 18 | MR. PRICE:  "So long as the requirements for trade |
| 08:35 | 19 | secret protection are met." |
| 08:35 | 20 | MR. McCONVILLE:  Well, that is subsumed within the |
| 08:35 | 21 | Court's prior clause, which says "certain types of valuable |
| 08:35 | 22 | information," and included within the certain types of |
| 08:35 | 23 | information would be the information that, under the -- |
| 08:35 | 24 | THE COURT:  Okay. |
| 08:35 | 25 | Thank you both.  I'll be right back with you. |

DEBBIE GALE, U.S. COURT REPORTER

08:35    1                    (Pause in the proceedings at 8:35 a.m.)

08:38    2                    (Proceedings resumed at 8:41 a.m.)

08:40    3                    (In the presence of the jury.)

08:41    4              THE COURT:  Good morning.

08:41    5              We received the three notes yesterday.  And just

08:41    6     after you left, all of us got together and discussed them

08:41    7     into the evening hours.  And we're back today with the

08:41    8     following:

08:41    9              I'm going to give you exactly what I'm reading you

08:41   10     in just a moment.  Okay?  So it's all going to be in written

08:41   11     form.  And if you want to take notes about what I say, you

08:41   12     can do so, but I'm gonna hand you a copy of what I'm reading

08:41   13     so you have it back there.

08:41   14              "Below are my responses to your questions in Jury

08:41   15     Notes No. 6, 7, and 8.

08:41   16              Concerning Jury Note No. 8, you asked, quote,

08:41   17     "Please provide the e-mail exhibit that references the

08:41   18     'little ladies.'  We're unable to locate.  Thank you."

08:41   19              "The parties believe that your note is referring

08:41   20     to Trial Exhibits 1763 and 11641, both of which reflect the

08:42   21     same e-mail chain.  Please let me know if those are not the

08:42   22     exhibits you're seeking to locate."

08:42   23              And we'll go back to work and see if we can locate

08:42   24     them.

08:42   25              Now, remember, when we're giving you answers to

08:42  1   questions, I'm making certain that we're trying to answer

08:42  2   your question directly.  But if that's not a satisfactory

08:42  3   answer, you come right back to us with a note.  What I

08:42  4   cannot do is I can't speculate where you are.  I can't

08:42  5   speculate what problems you're having, if any.  And so I

08:42  6   have to do what I call "creep."  I can only respond to where

08:42  7   your question specifically is asking me to do something.

08:42  8        So you'll notice in just a moment, for instance,

08:42  9   how we respond to certain questions.  But that's not to

08:42  10  discourage you from coming right back with a request.  Okay?

08:42  11       Now, concerning Jury Note No. 7, you asked, in

08:43  12  Question 1, "Re Question 16, the description does not offer

08:43  13  any exhibit/tangible numbers.  We need them."

08:43  14       The response is:  "It's not necessary for you to

08:43  15  match up exhibit/tangible numbers with the descriptions in

08:43  16  Question 16.  I've instructed you that certain types of

08:43  17  valuable information may qualify as trade secrets whether or

08:43  18  not that information is stored in an exhibit," slash

08:43  19  "tangible.  If you're requesting specific exhibits, I'll

08:43  20  consult with the parties and see if you can be directed to

08:43  21  those exhibits that have been received into evidence."

08:43  22       So I just need that specific request from you, and

08:43  23  then we'll go back to work and see if we can direct you to

08:43  24  exhibits.

08:43  25       Now, remember, when we direct you to exhibits, as

Case 2:04-cv-09049-DOC-RNB   Document 10470   Filed 04/18/11   Page 14 of 28   Page ID
#:318054
CV 04-9049 DOC - 4/14/2011 - Day 53, Volume 1 of 2

14

| | | |
|---|---|---|
| 08:43 | 1 | we did in Question 1, I want you to understand that you may |
| 08:43 | 2 | recall something, and we're doing our best to get you the |
| 08:44 | 3 | complete exhibits, but we don't want to be the fact finders. |
| 08:44 | 4 | We can't be in the position of saying, "These are the only |
| 08:44 | 5 | exhibit or the only two exhibits." |
| 08:44 | 6 | What happens if we missed one and it wasn't what |
| 08:44 | 7 | you were looking for?  So continue not to be shy.  Send out |
| 08:44 | 8 | those letters to us if you need help. |
| 08:44 | 9 | Now back to Note No. 7.  The second question is |
| 08:44 | 10 | "Once we have the info on above 1, to what Mattel product do |
| 08:44 | 11 | we make the comparison?" |
| 08:44 | 12 | Our response is, "In the instructions that concern |
| 08:44 | 13 | the parties' claims for trade secret misappropriation, I've |
| 08:44 | 14 | not instructed you to compare any of the claimed trade |
| 08:44 | 15 | secrets identified in the chart in Question 16 to any Mattel |
| 08:44 | 16 | products.  To determine whether an entity or person has |
| 08:44 | 17 | misappropriated a particular trade secret, refer to |
| 08:44 | 18 | Instruction 61, 62, 63 and 64." |
| 08:44 | 19 | Now, by the way, when we read these answers to |
| 08:45 | 20 | you, let me remind you, this may not fully satisfy or answer |
| 08:45 | 21 | your question; and if it doesn't, you come right back to us |
| 08:45 | 22 | with another question.  That's why we're here. |
| 08:45 | 23 | But what I don't want to do is assume you're at a |
| 08:45 | 24 | certain point or doing something back there and try to |
| 08:45 | 25 | forecast or foresee what you're doing.  I will just |

| | | |
|---|---|---|
| 08:45 | 1 | literally respond to the question you ask.  Okay? |
| 08:45 | 2 | Now, Question No. 3, "Need release dates of both |
| 08:45 | 3 | MGA and Mattel products." |
| 08:45 | 4 | "I cannot provide you with any evidence that's not |
| 08:45 | 5 | already in the record.  However, I can arrange for the |
| 08:45 | 6 | rereading of specific testimony and the identification of |
| 08:45 | 7 | specific exhibits at your request." |
| 08:45 | 8 | So if you make the request for rereading or a |
| 08:45 | 9 | specific exhibit, we'll try to find that and try to get that |
| 08:45 | 10 | to you.  And it may be that it's scattered throughout the |
| 08:45 | 11 | testimony.  It may not be in one place.  Or it may be in one |
| 08:45 | 12 | place, or there may just not be evidence.  So we need a |
| 08:45 | 13 | better record, because now we've gotten very formal in terms |
| 08:45 | 14 | of what's asked and how we respond. |
| 08:45 | 15 | Question 4:  "Need reports for Mr. Wagner and |
| 08:46 | 16 | Mr. Malackowski." |
| 08:46 | 17 | "The reports prepared by Mr. Wagner and |
| 08:46 | 18 | Mr. Malackowski are not in evidence.  However, you can have |
| 08:46 | 19 | the testimony of Mr. Wagner and Mr. Malackowski reread to |
| 08:46 | 20 | you or any portion of their testimony at your request." |
| 08:46 | 21 | Now, let me -- once again, I don't want you to be |
| 08:46 | 22 | discouraged in any way.  And if you need that, we've got the |
| 08:46 | 23 | ability to read that to you probably within the next few |
| 08:46 | 24 | moments and start down that line, or any portion that you're |
| 08:46 | 25 | concerned about.  Okay?  But it needs to be done in open |

CV 04-9049 DOC - 4/14/2011 - Day 53, Volume 1 of 2

16

08:46    1    Court, and I need to have a complete record.

08:46    2         Question 5, "E-mail to Michael Moore re MGA

08:46    3    lawsuit filed in Hong Kong."

08:46    4         "The parties believe that the written

08:46    5    communication to which you're referring was not received

08:46    6    into evidence.  However, Mr. Moore testified about the

08:46    7    communication and you can have that testimony reread to you

08:46    8    if you so request."

08:46    9         Jury Note No. 8.  You asked, "Need exhibit number

08:47   10    for case file 3/19/02 IR 02-115, theft of proprietary info."

08:47   11         "The parties believe that you're referring to

08:47   12    either a Mattel file or a Mattel investigation log.  The

08:47   13    Mattel file is marked with Trial Exhibit No. 1195-RS, and

08:47   14    the Mattel investigation log is marked with Trial Exhibit

08:47   15    No. 36114."

08:47   16         And, once again, let me caution you:  If that

08:47   17    doesn't give you the exhibit you're looking for, let us go

08:47   18    back to work.  Okay?

08:47   19         Okay.  Now I'm going to sign this.  I'm going to

08:47   20    give this to Nancy.

08:48   21         (To the clerk:) And if you would be kind enough to

08:48   22    hand this to the jury foreperson or forewoman.

08:48   23         (To the jury:) And I'm going to excuse you.  And

08:48   24    anything you need, okay?  You're following the absolute

08:48   25    correct process in sending out those requests to us.  And we

Case 2:04-cv-09049-DOC-RNB   Document 10470   Filed 04/18/11   Page 17 of 28   Page ID #:318057
CV 04-9049 DOC – 4/14/2011 – Day 53, Volume 1 of 2

17

08:48  1   will get you everything you need.

08:48  2          But remember this:  The evidence is frozen, in a

08:48  3   sense.  We can't add or detract.  Maybe we can refer you to

08:48  4   an exhibit, maybe you need rereading, and we can't certainly

08:48  5   inform you, as you go along, if there's anything else you

08:48  6   need.  Okay?

08:48  7          THE COURT:  Okay.  Thank you.

08:48  8          THE COURT:  Thank you very much.

08:48  9          All right.  Counsel, if you would be seated.

08:48  10  Thank you for your courtesy.

08:48  11          *(Jury retires to jury room.)*

08:48  12          *(Outside the presence of the jury.)*

08:48  13          THE COURT:  There's a number of things that I've

08:48  14  said to counsel last evening, when I didn't have a court

08:48  15  reporter; and that is, I don't want to anticipate, but the

08:48  16  calculation of damages in this matter is extraordinarily

08:48  17  complicated.  I won't say that it's impossible.  But when

08:48  18  each item is specifically asked for by the parties, it -- in

08:49  19  a sense, it makes sense legally, and it makes sense for

08:49  20  Circuit review; but in the layman's world that I work in

08:49  21  with juries, it's very, very difficult.

08:49  22          Mattel, in my impression -- addressing Mr. Price

08:49  23  and Mr. Zeller -- already has, in a sense, what I call a

08:49  24  general verdict form; because the majority of your damages,

08:49  25  if you're successful, fall within the first two boxes.

| | | |
|---|---|---|
| 08:49 | 1 | That's where they should potentially be marking whatever the |
| 08:49 | 2 | claims are.  The rest of it is going to be very, very |
| 08:49 | 3 | difficult, when you look through the special verdict, to |
| 08:49 | 4 | sort out -- |
| 08:49 | 5 | I'm going to have some fun with you today, both |
| 08:49 | 6 | sides, so bear with me. |
| 08:49 | 7 | Exhibit No. 33.  Mr. Price, would you tell me what |
| 08:49 | 8 | I would mark in that box for damages? |
| 08:49 | 9 | I know:  $1 billion.  I'm just joking. |
| 08:50 | 10 | MR. PRICE:  Is it ours or theirs? |
| 08:50 | 11 | THE COURT:  Let's take page 9, and forecasting and |
| 08:50 | 12 | inventory management document TX1 -- 7192. |
| 08:50 | 13 | MR. PRICE:  A billion sounds good. |
| 08:50 | 14 | THE COURT:  A billion sounds good. |
| 08:50 | 15 | See, I'm pointing out, when we get down to what |
| 08:50 | 16 | each party have requested of the Court, which I've done thus |
| 08:50 | 17 | far, you see what an impossible job that potentially is for |
| 08:50 | 18 | the jurors -- I mean, to value a forecasting report? |
| 08:50 | 19 | There's one forecasting report or one report which might be |
| 08:50 | 20 | extremely valuable concerning Mr. Machado, another might not |
| 08:50 | 21 | be. |
| 08:50 | 22 | So I think what the jury's going to end up dealing |
| 08:50 | 23 | with is -- are large numbers.  For instance, in the Mexico, |
| 08:50 | 24 | Mr. Zeller, Machado incident, they might accept your damages |
| 08:50 | 25 | expert at $6.8 million.  That's really what they want to put |

08:50  1    down, but they can't.  They don't know how to value,

08:51  2    hypothetically, those damages.

08:51  3              Now I'm going to turn to MGA and have an equal

08:51  4    amount of fun.

08:51  5              Although you requested TX numbers, I don't think

08:51  6    that those TX numbers are helpful concerning the jury's

08:51  7    questions.  And if they come back and request exhibits, I

08:51  8    want you to have those exhibit numbers ready, because then

08:51  9    they can go back to Sal Villasenor's investigative report,

08:51  10   and that resolves it.

08:51  11             But if we look down at -- oh, I think, we were

08:51  12   playing with No. 15.  Let's take Little Bratz Deluxe Mall

08:51  13   Playset."  First of all, I don't think that we would ever

08:51  14   have enough time or ability for the appearance, the

08:51  15   operation, the play pattern, the plans, advertising on

08:51  16   television, FOB pricing for each one these 114 claims.  So

08:51  17   what I'm suggesting to the parties is the following:

08:51  18             You may be in the eventual decision of having a

08:51  19   Court do exactly what every other Court has done in this

08:51  20   area; and that is, telling the jury eventually, one, that,

08:52  21   "The Court will calculate a royalty, if you reach a claim --

08:52  22   or the verdict on a claim against one of the parties."

08:52  23             But up to this time Mattel has requested that the

08:52  24   jury actually calculate that royalty.  And I've declined to

08:52  25   do so.  I think that's not the correct law.

Case 2:04-cv-09049-DOC-RNB   Document 10470   Filed 04/18/11   Page 20 of 28   Page ID #:318060
CV 04-9049 DOC - 4/14/2011 - Day 53, Volume 1 of 2

20

08:52  1          Right now, you can hold to that pristine position

08:52  2    from both parties, but that may be the eventual problem

08:52  3    that's presented to each of you.

08:52  4          Second, Ms. Hurst, on behalf of MGA, has

08:52  5    consistently wanted these categories divided out and has not

08:52  6    wanted what I call a "general damages verdict."  And both

08:52  7    parties have presented the Court with this request that the

08:52  8    Court not instruct on royalty except, of course, so my

08:53  9    record's complete, Mattel, which wants the jury instructed

08:53  10   on royalty and that they will calculate the royalty.

08:53  11         If you both request, I'll consider royalty.  Most

08:53  12   Courts have ended up in that position, quite frankly.  And

08:53  13   with this verdict form, it's going to be awfully difficult

08:53  14   for the jury to come up with the specificity that each of

08:53  15   you are demanding.

08:53  16         Or, second, you may find yourselves tactically in

08:53  17   this position, days or weeks from now; and that is,

08:53  18   Ms. Hurst's position, that she's always wanted a damages

08:53  19   amount, if any.  And MGA has never varied from that.  And

08:53  20   Mattel has always wanted a damages amount, if any, with the

08:53  21   exception of the royalty calculation going to the jury.

08:54  22         So the question becomes, eventually, does the

08:54  23   Court collapse this into what I call a "general verdict

08:54  24   form," recognizing that these special verdict forms are

08:54  25   almost impossible for the jury to deal with?  And that is a

CV 04-9049 DOC - 4/14/2011 - Day 53, Volume 1 of 2

21

| | | |
|---|---|---|
| 08:54 | 1 | general verdict form no different than Judge Larson set |
| 08:54 | 2 | forth.  Although the Circuit, then, is going to be subject |
| 08:54 | 3 | to the argument -- and this Court will be attacked by the |
| 08:54 | 4 | losing party, because there was no specificity concerning |
| 08:54 | 5 | the trade secret, which is now a gigantic circle. |
| 08:54 | 6 | Lastly, I don't want any decision made concerning |
| 08:54 | 7 | that at the present time, unless both of you stipulate or |
| 08:54 | 8 | come to some agreement, because I'm only anticipating what |
| 08:54 | 9 | could happen concerning the complexity of this form.  And |
| 08:55 | 10 | these have been the forms requested by the parties, or the |
| 08:55 | 11 | way that they wanted the forms submitted to the jury.  This |
| 08:55 | 12 | is not something that the Court would normally undertake, |
| 08:55 | 13 | frankly. |
| 08:55 | 14 | Finally, there's an alternate juror -- the name of |
| 08:55 | 15 | the juror is? |
| 08:55 | 16 | THE CLERK:  [P.S.] |
| 08:55 | 17 | THE COURT:  [P]? |
| 08:55 | 18 | THE CLERK:  [S]. |
| 08:55 | 19 | THE COURT:  Would you read the note we received? |
| 08:55 | 20 | THE CLERK:  *(Reading:)* |
| 08:55 | 21 | "Your Honor, I have an opportunity of getting a |
| 08:55 | 22 | job.  McDonald's has a national hiring event on Tuesday, |
| 08:55 | 23 | April 19, from 9:00 a.m. to 5:00 p.m.  I would like to be |
| 08:55 | 24 | excused for this day. |
| 08:55 | 25 | "Thank you, [P.S.]" |

08:55   1             THE COURT:  This is an alternate juror.

08:55   2             Which juror is that?

08:55   3             THE CLERK:  He sits in the back row, second in.

08:55   4             THE COURT:  Can he be excused for that one day?

08:55   5   It's apparently a McDonald's hiring day.

08:55   6             And can we inform him that he doesn't need to come

08:55   7   in that day?

08:55   8             MS. KELLER:  Of course, Your Honor.

08:55   9             THE COURT:  Counsel?

08:55  10             MR. ZELLER:  Yes.

08:55  11             THE COURT:  All right.  Nancy, when he comes in,

08:55  12   would you tell him that he has that day off.  Okay?  And --

08:55  13   but we expect him back the next day.

08:56  14             THE CLERK:  Okay.

08:56  15             THE COURT:  Okay.  Now, is there anything else,

08:56  16   Mr. Price or Ms. Keller?

08:56  17             Then if you'll be across the street so we can call

08:56  18   you.  And I want to compliment all the parties.  You've been

08:56  19   absolutely prompt, and the Court very much appreciates it.

08:56  20             So we'll wait for the next note.

08:56  21             MR. ZELLER:  Thank you.

08:56  22             THE COURT:  Oh, one more thing.

08:56  23             When the jury comes in, as a courtesy to

08:56  24   Mr. Eckert -- Mr. Larian, I said to both parties, I'll give

08:56  25   an hour to an hour and 15 minutes, so he can be present, if

CV 04-9049 DOC - 4/14/2011 - Day 53, Volume 1 of 2

23

08:56  1    he's available.

08:56  2          And second, Counsel -- in the past, counsel have

08:56  3    often stipulated, and I would appreciate it but not require,

08:56  4    that, when the verdict comes back in, I have a chance to

08:57  5    look at that in chambers before that's read.

08:57  6          In other words, if there's a glaring mistake, I'd

08:57  7    like to be prepared to see if there's some inconsistency so

08:57  8    that when that verdict's read, I can act immediately in

08:57  9    talking to you about some solutions.

08:57  10         Now, that rarely happens.  But with the complexity

08:57  11   of this form, there's a real possibility that there's going

08:57  12   to be some issue.

08:57  13         MS. KELLER:  MGA would stipulate to the Court

08:57  14   doing that.

08:57  15         MR. PRICE:  As would we.

08:57  16         THE COURT:  Okay.  During that hour, maybe then I

08:57  17   could ask the following:  If they've reached a verdict, I

08:57  18   might ask -- I'll bring you back over to Court to make a

08:57  19   better record -- ask that it be put into a sealed form,

08:57  20   brought down the hallway into my chambers.  I will examine

08:57  21   it, or I can simply have them read the form in open court.

08:57  22   But then if I do and there's something amiss, it really at

08:57  23   that point sends all of us into a prolonged period while the

08:57  24   jury sits.

08:57  25         Number two, I take no action based upon that form.

DEBBIE GALE, U.S. COURT REPORTER

| | | |
|---|---|---|
| 08:58 | 1 | But I want to make certain each of you are |
| 08:58 | 2 | comfortable with that.  I've done that before on a number of |
| 08:58 | 3 | cases, but I have always created a record. |
| 08:58 | 4 | So, Mr. Price? |
| 08:58 | 5 | MR. PRICE:  We agree you should do it. |
| 08:58 | 6 | THE COURT:  Ms. Keller? |
| 08:58 | 7 | MS. KELLER:  Yes, Your Honor. |
| 08:58 | 8 | THE COURT:  Okay.  All right. |
| 08:58 | 9 | *(Recess held at 8:58 a.m.)* |
| 11:01 | 10 | *(Proceedings resumed at 11:01 a.m.)* |
| 11:01 | 11 | *(In the presence of the jury.)* |
| 11:01 | 12 | THE COURT:  Thank you for your courtesy. |
| 11:01 | 13 | I've received the following note at 10:00 o'clock. |
| 11:01 | 14 | "1.  Would like to hear Michael Moore's |
| 11:01 | 15 | testimony." |
| 11:01 | 16 | Second, "All testimony regarding," quote, "little |
| 11:01 | 17 | ladies," end of quote. |
| 11:01 | 18 | And, "Please provide us with copies of jury notes |
| 11:01 | 19 | every time one is submitted.  Thank you." |
| 11:01 | 20 | (To the clerk:)  Would you give all nine back to |
| 11:01 | 21 | the foreperson. |
| 11:01 | 22 | (To the jury:)  And I apologize.  You're giving us |
| 11:01 | 23 | the original note, and you're not getting your note back. |
| 11:01 | 24 | We'll give you a xerox copy every time. |
| 11:01 | 25 | With your permission, we need to keep your |

| | | |
|---|---|---|
| 11:01 | 1 | original note. |
| 11:01 | 2 | JURY FOREPERSON:  That's fine. |
| 11:01 | 3 | THE COURT:  We'd like to start with reading all |
| 11:01 | 4 | the testimony regarding "little ladies."  It's rather short. |
| 11:01 | 5 | Then we're going to send you to lunch at 11:30.  And then, |
| 11:01 | 6 | when you come back from lunch, we'll read you Michael |
| 11:02 | 7 | Moore's testimony.  It comes in two segments, we believe. |
| 11:02 | 8 | And, remember, we're going to provide you with all |
| 11:02 | 9 | the testimony concerning the term "little ladies."  If you |
| 11:02 | 10 | wish to have all testimony regarding seamstresses, sample |
| 11:02 | 11 | makers, or those persons by name -- Beatriz Morales, Maria |
| 11:02 | 12 | Salazar, or Ana Cabrera -- then please let the Court know, |
| 11:02 | 13 | and we'll begin locating those passages for you. |
| 11:02 | 14 | But we're taking everything literally.  Okay? |
| 11:02 | 15 | JURY FOREPERSON:  Okay. |
| 11:02 | 16 | THE COURT:  So, Maria, if you would be so kind. |
| 11:02 | 17 | COURT REPORTER DELLANEVE:  This is January 20th, |
| 11:02 | 18 | examination by Mr. Price. |
| 11:02 | 19 | *(Record read.)* |
| 11:02 | 20 | COURT REPORTER DELLANEVE:  This is February 8, |
| 11:02 | 21 | examination by Mr. Price. |
| 11:02 | 22 | *(Record read.)* |
| 11:02 | 23 | THE COURT:  Just one minute, Maria. |
| 11:02 | 24 | Do we know who the witnesses are?  The first |
| 11:02 | 25 | reading was of Paula Garcia.  Is that stipulated to by all |

DEBBIE GALE, U.S. COURT REPORTER

| | | |
|---|---|---|
| 11:02 | 1 | parties? |
| 11:02 | 2 | MR. PRICE:  Yes. |
| 11:02 | 3 | MR. McCONVILLE:  Yes. |
| 11:02 | 4 | THE COURT:  And this reading is of Isaac Larian. |
| 11:02 | 5 | Stipulated to by all parties? |
| 11:02 | 6 | MR. PRICE:  Yes. |
| 11:02 | 7 | MR. McCONVILLE:  Yes. |
| 11:02 | 8 | THE COURT:  Okay.  Now this portion is the |
| 11:02 | 9 | testimony concerning "little ladies."  Isaac Larian. |
| 11:09 | 10 | *(Record read.)* |
| 11:09 | 11 | COURT REPORTER DELLANEVE:  This is still |
| 11:09 | 12 | Mr. Larian by Mr. Price, February 10. |
| 11:09 | 13 | *(Record read.)* |
| 11:11 | 14 | THE COURT:  Let me remind you that's a literal |
| 11:11 | 15 | reading of the question you've asked us.  If that doesn't |
| 11:11 | 16 | supply the information that you're looking for, please come |
| 11:11 | 17 | right back to us, write down what you want, and we'll do our |
| 11:11 | 18 | best to find it for you. |
| 11:11 | 19 | Now, what we're going to do, though, is send you |
| 11:12 | 20 | to lunch right now, because we're going to work over that |
| 11:12 | 21 | time that you're at lunch.  And you're going at 11:30.  And |
| 11:12 | 22 | then, as soon as you come back, we're ready to start reading |
| 11:12 | 23 | Mr. Moore's testimony. |
| 11:12 | 24 | Okay.  Have a nice recess -- or have a nice lunch. |
| 11:12 | 25 | *(Jury recesses for lunch at 11:12 a.m.)* |

CV 04-9049 DOC - 4/14/2011 - Day 53, Volume 1 of 2

27

11:12   1              *(Outside the presence of the jury.)*

11:13   2              THE COURT:  Okay.  We're back on the record.

11:13   3              To complete the record, without the jury present,

11:13   4    the following were read -- the following pages were read:

11:13   5              MS. HURST:  January 20, 2001, Volume 2 of 2,

11:13   6    page 29, line 10, through 31, line 11;

11:13   7              February 8, 2011, Day 14, Volume 2, page 21,

11:13   8    line 7, through 24, line 4; and,

11:13   9              February 10, 2001, Day 16, Volume 1, page 7,

11:13   10   line 24, through 9, line 16.

11:13   11             THE COURT:  Okay.  Agreed to by MGA?

11:13   12             MS. HURST:  Yes.

11:13   13             THE COURT:  And Mattel?

11:13   14             MR. PRICE:  Yes.

11:13   15             THE COURT:  All right.  Then, thank you.

11:13   16             Tell me when we're ready for Moore.  That way,

11:13   17   I'll send everybody to lunch.

11:13   18             *(Lunch recess held at 11:13 a.m.)*

11:13   19             *(Further proceedings reported by Maria*

11:13   20        *Dellaneve in Volume II.)*

11:13   21                            -oOo-

11:13   22

        23

        24

        25

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC – 4/14/2011 – Day 53, Volume 1 of 2

28

-oOo-

CERTIFICATE

I hereby certify that pursuant to Section 753,
Title 28, United States Code, the foregoing is a true and
correct transcript of the stenographically reported
proceedings held in the above-entitled matter and that the
transcript page format is in conformance with the
regulations of the Judicial Conference of the United States.

Date:  April 14, 2011


_____
DEBBIE GALE, U.S. COURT REPORTER
CSR NO. 9472, RPR