Page 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

THE HONORABLE DAVID O. CARTER, JUDGE PRESIDING

```
MATTEL INC., et al.,           )
                               )
            Plaintiff,         )
                               )       DAY 53
       vs.                     ) No. CV 04-9049-DOC
                               )       VOLUME 2
MGA ENTERTAINMENT, INC.,       )
                               )
            Defendant.         )
_____)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

JURY TRIAL

SANTA ANA, CALIFORNIA

THURSDAY, APRIL 14, 2011

JURY NOTE

Maria Beesley-Dellaneve, RPR, CSR 9132
Official Federal Reporter
Ronald Reagan Federal Building, room 1-053
411 West 4th Street
Santa Ana, California 92701
(714) 564-9259

933f9c3e-0cbf-4e1c-b9c8-4cae38f21d65

```
 1    APPEARANCES OF COUNSEL:

 2    FOR THE PLAINTIFF:    QUINN EMANUEL URQUHART OLIVER & SULLIVAN
                            BY:  MICHAEL ZELLER, ESQ.
 3                          and  JOHN QUINN, ESQ.
                            865 S. FIGUEROA
 4                          10TH FLOOR
                            LOS ANGELES, CALIFORNIA 90017
 5                          (213)443-3000

 6
      FOR THE DEFENDANTS:   ORRICK, HERRINGTON & SUTCLIFFE
 7                           BY:  ANNETTE HURST, ESQ.
                            405 HOWARD STREET
 8                          SAN FRANCISCO, CALIFORNIA 94105
                            (415)773-5700
 9

10
      FOR THE DEFENDANTS:   ORRICK HERRINGTON & SUTCLIFFE
11                          BY:   THOMAS MCCONVILLE, ESQ.
                            4 PARK PLAZA
12                          SUITE 1600
                            IRVINE, CALIFORNIA 92614
13                           (949)567-6700

14
                             KELLER RACKAUCKAS
15                           BY:  JENNIFER KELLER, ESQ.
                             18500 VON KARMAN AVENUE
16                           SUITE 560
                             IRVINE, CALIFORNIA 92612

17

18

19

20

21

22

23

24

25
```

Page 3

1           SANTA ANA, CALIFORNIA; THURSDAY, APRIL 14, 2011

2                       -oOo-

3       **THE COURT:** We're on the record.

4       Counsel, before the jury comes down.

5       **MR. PRICE:** Your Honor, I think we have agreed on

6 everything except for there is an area in Mr. Moore's examination;

7 it's day 41, volume two of three, beginning at page 172. And you

8 recall at the end of the day, Ms. Keller asked Mr. Moore whether

9 he could bring his notes of his interviews to court when he came

10 back.

11       And we later filed a motion on that. He brought his

12 notes, we looked at them, determined they were privileged. And

13 given what happened subsequently, I believe it would be

14 inappropriate to read that to the jury because it has no

15 relevance. Ms. Keller said "Could you bring your notes?" And he

16 said -- I guess, he brought them.

17       **THE COURT:** Counsel?

18       **MR. MCCONVILLE:** Your Honor, they're asking for a

19 read-back of his testimony. The testimony doesn't indicate it's

20 privileged or not privileged. He responded to the questions.

21       **THE COURT:** It raises a collateral issue, frankly, that

22 was never explained to the jury, was it?

23       MR. PRICE: No.

24       **MR. MCCONVILLE:** Well, the testimony is whatever the

25 testimony is. Whether someone followed up on it is an issue of

Page 4

1  can we supplement the record.  The record is what is reflected in
2  his testimony.
3           **MR. PRICE:**  The Court permitted the examination because
4  the Court had not yet reviewed the notes.
5           **THE COURT:**  I'm not sure I permitted the examination.
6  It came very quickly.
7           **MR. PRICE:**  There was an objection; it was overruled.
8  The question is, "Can you bring those notes with you tomorrow?"
9           **THE COURT:**  Thank you.  Why don't you show me those
10 passages.  Do you have my binder?  So that why I can't read my
11 binder.
12          **MR. ZELLER:**  Yes.
13          **THE COURT:**  Why don't you give me back my binder and
14 then I can read the notes that you are reading, and I appreciate
15 it.  Thank you.
16          Where is Ms. Keller?  Is she going to be to be here?
17          **MR. MCCONVILLE:**  I don't know, Your Honor.
18          **THE COURT:**  The problem is I agree that that's literal,
19 but I don't know if it's fair.  The ends result is he did bring
20 his notes, and what am I going to do?  Just read it literally now?
21          **MR. MCCONVILLE:**  Well, the question is --
22          **THE COURT:**  Am I just going to explain he brought his
23 notes?
24          **MR. MCCONVILLE:**  They were free to ask the question
25 whether he did it.  I mean, the record is whatever the record is.

Page 5

1   The questions went not only towards whether the notes did exist,
2   but to his credibility when he couldn't recall dates.  The
3   question leading up to it is, "When did you interview these
4   people?"
5           "I don't know."
6           **THE COURT:**  Why don't you talk to Jennifer about that.
7   It's misleading, unfortunately.  I don't think she should have
8   asked that question.
9           **MR. MCCONVILLE:**  Well, the existence of notes isn't
10  privileged.  Whether or not he took notes isn't a privileged
11  issue.  It wasn't probed into an area that is privileged.
12          **THE COURT:**  Let's get a clear record of that in a
13  minute.  I agree with the literal ruling and I know it could have
14  been followed up on, but I want to make certain that there is a
15  clear record and I need Ms. Keller here because she was asking
16  those questions.
17      (Brief pause in proceedings)
18          **THE COURT:**  Back on the record.
19          I'm probably inclined to read the notes just as they
20  are.  But I want you to be very aware that that's one of the
21  issues concerning a mistrial, and a complaint by Mattel that that
22  was an unfair question.
23          **MR. MCCONVILLE:**  Okay.
24          **THE COURT:**  Where is Ms. Keller?
25          **MR. MCCONVILLE:**  I apologize, judge.

933f9c3e-0cbf-4e1c-b9c8-4cae38f21d65

Page 6

1      (Brief pause in proceedings)
2           **THE COURT:**  Back in session.  The jury is present.
3  We're going to begin the reading of Mr. Moore's testimony then
4  take a break after about 60 pages, bring you right back into
5  session.
6           Debbie, if you would start reading.  And the request
7  from the jury was, would like to hear Michael Moore's testimony.
8           **COURT REPORTER:**  This is from March 29, 2011, day 41
9  volume two of three.
10          (Whereupon the record was read.)
11          **THE COURT:**  Why don't we give Debbie a break from the
12 reading, about 15 minutes.  Why don't we come back at
13 2:00 o'clock.  We'll be able to complete the reading in that time.
14          Have a nice recess.  We'll come back and get you.
15                    (Jury out.)
16          **THE COURT:**  The jury is no longer present.
17          Counsel, if you would be seated.  Mr. Price had made a
18 request and I wanted Ms. Keller to be present and all counsel.
19          So Mr. Price, what is your concern once again for the
20 record?
21          **MR. PRICE:**  My concern, Your Honor, is the series of
22 questions beginning -- it's the March 29, 2011 transcript, volume
23 two of three, beginning at page 172, line 25 where Ms. Keller asks
24 series of questions asking Mr. Moore if he can bring his notes
25 with him tomorrow, and questions about whether or not they exist,

1  etcetera.  She asks, beginning on page 175, line 6 through 10.
2  And my concern is this is a nonexistent issue.  He brought the
3  notes, the courts reviewed them, determined that they were
4  privileged.
5           We have made a mistrial motion on the basis of this
6  request in front of the jury and the questioning about privileged
7  notes.  And so I believe for this reason it would be inappropriate
8  to go through that.
9           **THE COURT:**  Now, first, unless there is an agreement
10 between counsel, that is the official record.  By the same token,
11 there is a notion for mistrial concerning that, and I want Ms.
12 Keller to be present with you, Mr. Price.  Why don't you discuss
13 that for just a moment quietly amongst yourselves, make the
14 decision.  If not, it will be read just as it is because that is
15 the official record.  But each of you take your chances obviously
16 in terms of mistrial.  So think about your clients also.
17           (Brief pause in proceedings.)
18           **MS. KELLER:**  Your Honor, the parties' position have not
19 changed.  We do not believe there was anything improper about
20 this.
21           **THE COURT:**  Then the position simply that this will be
22 part of the official record.  Mattel has its motion for mistrial.
23 MGA is resisting that motion.  That will be going to the circuit
24 if there is a verdict.
25           Counsel, if you'd take a 10-minute recess, we'll come

Page 8

1  back at 2:00 o'clock.
2              (Recess taken from 12:46 to 1:02)
3          **THE COURT:**  Back in session.  The jury is present, all
4  counsel, the parties.
5          Counsel, thank you for your courtesy.
6          And Debbie, if you would continue reading.  She is going
7  to read the last question and answers just so we pick up the flow.
8              (Whereupon the record was read.)
9      (Jury resumed deliberations.)
10         **THE COURT:**  We will see you tomorrow at 8:30.  Why don't
11 we resume a couple lines before that.
12         Would that be acceptable, counsel?
13         **MR. QUINN:**  Yes.
14         **THE COURT:**  Three lines that she'll reread tomorrow.
15         You are admonished not to discuss this matter amongst
16 yourselves or form or express any opinion about the case.  See you
17 8:30 tomorrow.
18             (Whereupon the proceedings were adjourned at 3:00.)
19
20                              -oOo-
21
22                            CERTIFICATE
23
24         I hereby certify that pursuant to Section 753, Title 28,
25 United States Code, the foregoing is a true and correct transcript

933f9c3e-0cbf-4e1c-b9c8-4cae38f21d65

Page 9

1 of the stenographically reported proceedings held in the
2 above-entitled matter.
3
4 Date: APRIL 15, 2011
5
6
7 MARIA DELLANEVE, U.S. COURT REPORTER
CSR NO. 9132