CV 04-9049 DOC – 4/15/2011 – Day 54, Volume 1 of 2

1

1          **UNITED STATES DISTRICT COURT**

2          **CENTRAL DISTRICT OF CALIFORNIA**

3      **HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

4                 – – – – – – –

5

   MATTEL, INC., et al.,              )

6                                     )
              Plaintiffs,             )

7                                     )
        vs.                           ) No. CV 04-9049 DOC

8                                     )    Day 54
   MGA ENTERTAINMENT, INC., et al.,   )    Volume 1 of 2

9                                     )
                                      )

10            Defendants.             )
   _____)

11

12

13

14          REPORTER'S TRANSCRIPT OF PROCEEDINGS

15                    Jury Trial

16              Santa Ana, California

17             Friday, April 15, 2011

18

19

20

21   Debbie Gale, CSR 9472, RPR, CCRR
     Federal Official Court Reporter
22   United States District Court
     411 West 4th Street, Room 1-053
23   Santa Ana, California 92701
     (714) 558-8141

24

25   04cv9049 Mattel 2011-04-15 D54V1

Case 2:04-cv-09049-DOC-RNB   Document 10472   Filed 04/18/11   Page 2 of 22   Page ID #:318079
CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

2

```
1    APPEARANCES OF COUNSEL:

2
     FOR PLAINTIFF MATTEL, INC., ET AL.:
3
             QUINN EMANUEL URQUHART & SULLIVAN
4            BY:  JOHN QUINN   (not present)
                  WILLIAM PRICE
5                 MICHAEL T. ZELLER
                  Attorneys at Law
6            865 South Figueroa Street
             10th Floor
7            Los Angeles, California 90017
             (213) 443-3000
8

9

10

11   FOR DEFENDANT MGA ENTERTAINMENT, INC., ET AL:

12           ORRICK, HERRINGTON & SUTCLIFFE, LLP (Irvine)
             BY:  THOMAS S. McCONVILLE
13                Attorney at Law
             4 Park Plaza
14           Suite 1600
             Irvine, California 92614
15           (949) 567-6700

16           - AND -

17           ORRICK, HERRINGTON & SUTCLIFFE, LLP (SF)
             BY:  ANNETTE L. HURST
18                Attorney at Law
             405 Howard Street
19           San Francisco, California 94105
             (415)773-5700
20
             - AND -
21
             KELLER RACKAUCKAS
22           BY:  JENNIFER KELLER
                  Attorney at Law
23           18500 Von Karman Avenue
             Suite 560
24           Irvine, California 92612
             (949) 476-8700
25
```

CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

3

1    **APPEARANCES OF COUNSEL (Continued):**

2

3    FOR CARLOS GUSTAVO MACHADO GOMEZ:

4
         LAW OFFICES OF MARK E. OVERLAND
5        By:  MARK E. OVERLAND  (not present)
              Attorney at Law
6        100 Wilshire Boulevard
         Suite 950
7        Santa Monica, California 90401
         (310) 459-2830
8
         - AND -
9
         SCHEPER KIM & HARRIS LLP
10       BY:  ALEXANDER H. COTE  (not present)
              Attorney at Law
11       601 West 5th Street
         12th Floor
12       Los Angeles, California 90071
         (213) 613-4660
13

14   ALSO PRESENT:

15
         ISAAC LARIAN, MGA CEO
16

17

18

19

20

21

22

23

24

25

Case 2:04-cv-09049-DOC-RNB   Document 10472   Filed 04/18/11   Page 4 of 22   Page ID #:318081
CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

4

1                              **I N D E X**

2    **PROCEEDINGS**                                          **PAGE**

3    Discussion re jury verdict correction(s)              5

4    Discussion with jury re corrections to verdict form 9

5    Record reading to the jury in open court continued 10
     (Michael Moore testimony)
6
     Further discussion re verdict form correction(s)   11
7
     Jury Note 11                                        14
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Case 2:04-cv-09049-DOC-RNB  Document 10472  Filed 04/18/11  Page 5 of 22  Page ID #:318082
CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

5

|   |   |   |
|---|---|---|
| | 1 | **SANTA ANA, CALIFORNIA, FRIDAY, APRIL 15, 2011** |
| | 2 | **Day 54, Volume 1 of 2** |
| | 3 | (8:42 a.m.) |
| 08:40 | 4 | *(Outside the presence of the jury.)* |
| 08:42 | 5 | THE COURT:  We're on the record.  All counsel are |
| 08:42 | 6 | present. |
| 08:42 | 7 | On the last iteration, the Court sent out the |
| 08:42 | 8 | correct statute of limitations.  Counsel had agreed to |
| 08:42 | 9 | change it concerning intentional infliction, which is a |
| 08:42 | 10 | two-year statute.  I don't think any of us caught that; |
| 08:42 | 11 | therefore, the last statute of limitations on intentional |
| 08:42 | 12 | infliction would be incorrect -- or, at least the form that |
| 08:42 | 13 | the jury has -- and that should be changed. |
| 08:42 | 14 | Both counsel agree? |
| 08:42 | 15 | MR. ZELLER:  We agree that's in the nature of a |
| 08:42 | 16 | typographical error that should be corrected. |
| 08:42 | 17 | THE COURT:  Okay.  Counsel? |
| 08:42 | 18 | MS. HURST:  Yes, agreed.  And we're going to fix |
| 08:42 | 19 | that. |
| 08:42 | 20 | THE COURT:  Now, also on the first page -- |
| 08:43 | 21 | MS. HURST:  Page 3. |
| 08:43 | 22 | THE COURT:  -- it was called to the Court's |
| 08:43 | 23 | attention by Counsel, on page 3, "First generation |
| 08:43 | 24 | Hallidae," that should be "Jade" -- I mean, "Yasmin," which |
| 08:43 | 25 | would be 17561. |

Case 2:04-cv-09049-DOC-RNB   Document 10472   Filed 04/18/11   Page 6 of 22   Page ID #:318083
CV 04-9049 DOC – 4/15/2011 – Day 54, Volume 1 of 2

6

| | | |
|---|---|---|
| 08:43 | 1 | Mr. Zeller, would you check that and confirm that? |
| 08:43 | 2 | MR. ZELLER:  Yeah, that appears to be a |
| 08:43 | 3 | typographical error, as well. |
| 08:43 | 4 | THE COURT:  Okay.  Why don't we bring the jury |
| 08:43 | 5 | back in and explain the typographical errors. |
| 08:43 | 6 | One of you take your form and mark the correct |
| 08:43 | 7 | dates on it now, so I can have it in printed or written form |
| 08:43 | 8 | for both of you.  And I'll go back and word-process it right |
| 08:43 | 9 | now. |
| 08:44 | 10 | I'm wondering if we should simply bring the jury |
| 08:44 | 11 | down and show them and give them the two corrections so that |
| 08:44 | 12 | there's no doubt about what is being corrected, and that we |
| 08:44 | 13 | simply substitute these two pages.  Because then there's no |
| 08:44 | 14 | confusion about the change that's been made. |
| 08:45 | 15 | Would that be acceptable to both of you? |
| 08:45 | 16 | MR. ZELLER:  Yes. |
| 08:45 | 17 | THE COURT:  And we'll simply tell them to |
| 08:45 | 18 | substitute page 3 and page 28; that the issue involved on |
| 08:45 | 19 | page 28 has a typographical error concerning that date |
| 08:45 | 20 | issue. |
| 08:45 | 21 | And, remember, that these dates are not synonymous |
| 08:45 | 22 | because the causes of action are different.  And I believe |
| 08:45 | 23 | that they're going to think and wonder if the other statute |
| 08:45 | 24 | of limitations dates are incorrect. |
| 08:45 | 25 | I think we should just assure them that they are. |

| | | |
|---|---|---|
| 08:45 | 1 | Okay? |
| 08:45 | 2 | Would that be acceptable to both sides? |
| 08:45 | 3 | MS. HURST:  Yes. |
| 08:45 | 4 | MR. ZELLER:  Yes. |
| 08:45 | 5 | THE COURT:  Can these two pages be substituted? |
| 08:45 | 6 | MR. McCONVILLE:  Yes. |
| 08:45 | 7 | MR. ZELLER:  Yes. |
| 08:45 | 8 | MR. PRICE:  Yes. |
| 08:45 | 9 | THE COURT:  And do you want me -- I can process |
| 08:45 | 10 | this right now.  I'm just afraid that they won't realize, |
| 08:46 | 11 | with 28 or 29 pages of instructions, minimally -- I'm sorry. |
| 08:46 | 12 | On the special verdict -- what the changes have been. |
| 08:46 | 13 | MR. ZELLER:  I think it makes sense to give them |
| 08:46 | 14 | the handwritten one. |
| 08:46 | 15 | THE COURT:  Okay. |
| 08:46 | 16 | *(Pause in the proceedings at 8:46 a.m.)* |
| 08:46 | 17 | *(Proceedings resumed at 8:47 a.m.)* |
| 08:46 | 18 | *(Outside the presence of the jury.)* |
| 08:47 | 19 | THE COURT:  We're back on record. |
| 08:47 | 20 | MR. PRICE:  Your Honor, we heard, I think, off the |
| 08:47 | 21 | record, that we were going to receive a jury note that the |
| 08:47 | 22 | jury doesn't want to hear the rest of Moore. |
| 08:47 | 23 | The problem is we don't know why they wanted to |
| 08:47 | 24 | hear Moore.  And the general rule is, if they want to hear |
| 08:47 | 25 | on a topic, they have to hear all the evidence on the topic. |

Case 2:04-cv-09049-DOC-RNB   Document 10472   Filed 04/18/11   Page 8 of 22   Page ID #:318085
CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

8

| | | |
|---|---|---|
| 08:47 | 1 | THE COURT:  No.  The general rule is that, if they |
| 08:47 | 2 | send us an actual note, then we stop and do whatever they |
| 08:47 | 3 | want.  And if they've heard enough of whatever witness, that |
| 08:47 | 4 | ends it.  But at the present time, I've received no note. |
| 08:47 | 5 | MR. PRICE:  Right. |
| 08:47 | 6 | THE COURT:  So I'm simply going to call them back |
| 08:47 | 7 | in to explain the chart, ask them if they are ready to |
| 08:47 | 8 | continue with rereading. |
| 08:47 | 9 | MR. PRICE:  And we would object to stopping the |
| 08:47 | 10 | reading at this point because they haven't gotten the full |
| 08:47 | 11 | examination on whatever topic they wanted to hear it on. |
| 08:48 | 12 | I mean, for example, Your Honor, on the -- where |
| 08:48 | 13 | we objected to Mr. Moore not having his notes and being |
| 08:48 | 14 | asked to bring them, well, in Mr. Zeller's examination, he |
| 08:48 | 15 | testified, "Well, I did bring them."  And the jury doesn't |
| 08:48 | 16 | know that. |
| 08:48 | 17 | THE COURT:  We'll take directions from the jury. |
| 08:48 | 18 | Right now, we're continuing the rereading, so I don't think |
| 08:48 | 19 | it's an issue. |
| 08:48 | 20 | Whatever we were informed by the bailiff down the |
| 08:48 | 21 | hallway is just informal, that the jury was going to send us |
| 08:48 | 22 | a note, apparently, discontinuing rereading.  As far as I'm |
| 08:48 | 23 | concerned, we're rereading until they send us a note.  And |
| 08:48 | 24 | if they send us a note, then we cease the rereading. |
| 08:48 | 25 | *(In the presence of the jury.)* |

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

9

| | | |
|---|---|---|
| 08:49 | 1 | THE COURT:  Good morning.  Good morning. |
| 08:49 | 2 | We're back in session. |
| 08:49 | 3 | And counsel, last evening, brought to the Court's |
| 08:49 | 4 | attention and they've stipulated to the following: |
| 08:49 | 5 | There are two changes in your special verdict |
| 08:49 | 6 | form.  And instead of reprocessing and typing that again, we |
| 08:49 | 7 | wanted you to do the following: |
| 08:49 | 8 | On page 3, instead of "Hallidae," it's "Yasmin." |
| 08:49 | 9 | Okay? |
| 08:49 | 10 | So instead of making that nice and neat with word |
| 08:49 | 11 | processing, we're afraid, because of the volume of the |
| 08:49 | 12 | special verdict, you wouldn't see that change -- a much |
| 08:49 | 13 | embarrassing change to all counsel, and the Court also. |
| 08:49 | 14 | All of these issues we're asking you about on |
| 08:50 | 15 | dates are absolutely the correct dates we're asking you |
| 08:50 | 16 | about, except on the very last page, on page 28, there's |
| 08:50 | 17 | some different dates.  And we all recognized that at |
| 08:50 | 18 | 3:00 o'clock this morning -- I'm just joking -- but early |
| 08:50 | 19 | this morning. |
| 08:50 | 20 | So instead of the dates, we just handwrote those |
| 08:50 | 21 | dates in so there could be no doubt about what we're asking |
| 08:50 | 22 | you to substitute.  So we're asking you to substitute page 3 |
| 08:50 | 23 | and 28, and take those pages out. |
| 08:50 | 24 | Second, Bob informed me that I was going to |
| 08:50 | 25 | receive a note.  It says, "We would like to narrow Michael |

CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

10

| | | |
|---|---|---|
| 08:50 | 1 | Moore's testimony to the Hong Kong lawsuit." |
| 08:51 | 2 | Debbie, how much more reading do we have? |
| 08:51 | 3 | *(Discussion off the record.)* |
| 08:51 | 4 | THE COURT:  We received a note from you saying |
| 08:51 | 5 | you'd like to narrow it to Michael Moore's testimony.  We |
| 08:51 | 6 | can do that.  Debbie's just informed me we have about 20 to |
| 08:51 | 7 | 30 more minutes of reading.  We need to be very careful when |
| 08:51 | 8 | we pick out certain passages so that we're certain we don't |
| 08:51 | 9 | miss anything, and it may be pretty close. |
| 08:51 | 10 | So we're at your disposal.  Right now, we're going |
| 08:51 | 11 | to find Michael Moore's testimony concerning Hong Kong. |
| 08:51 | 12 | JURY FOREPERSON:  Can we request that you just |
| 08:51 | 13 | finish reading? |
| 08:51 | 14 | THE COURT:  Certainly. |
| 08:51 | 15 | JURY FOREPERSON:  And retract that note? |
| 08:51 | 16 | THE COURT:  Why don't we just finish it, then.  So |
| 08:51 | 17 | that's an oral request by the jury. |
| 08:52 | 18 | Debbie, you get to read.  In fact, just finish it. |
| 08:52 | 19 | *(Record read.)* |
| 10:14 | 20 | THE COURT:  All right.  Counsel, we're back on |
| 10:14 | 21 | record. |
| 10:14 | 22 | That should complete the reading of Mr. Moore's |
| 10:14 | 23 | testimony. |
| 10:14 | 24 | And the record should reflect that the two pages |
| 10:14 | 25 | were substituted, that we discussed, and given to the jury |

Case 2:04-cv-09049-DOC-RNB   Document 10472   Filed 04/18/11   Page 11 of 22   Page ID #:318088
CV 04-9049 DOC – 4/15/2011 – Day 54, Volume 1 of 2

11

| | | |
|---|---|---|
| 10:14 | 1 | foreperson. |
| 10:14 | 2 | Anything further? |
| 10:14 | 3 | MR. ZELLER:  No. |
| 10:14 | 4 | MR. McCONVILLE:  No, sir. |
| 10:14 | 5 | *(Jury retires to the jury room.)* |
| 10:15 | 6 | *(Proceedings recessed at 10:14 a.m.)* |
| 10:17 | 7 | *(Proceedings resumed at 10:17 a.m.)* |
| 10:17 | 8 | *(Outside the presence of the jury.)* |
| 10:17 | 9 | THE COURT:  Back on the record. |
| 10:17 | 10 | The record should also reflect that that was a |
| 10:17 | 11 | complete reading of Mr. Moore's testimony. |
| 10:17 | 12 | Okay.  Thank you. |
| 10:17 | 13 | *(Proceedings recessed at 10:17 a.m.)* |
| 10:22 | 14 | *(Proceedings resumed at 10:34 a.m.)* |
| 10:22 | 15 | *(Outside the presence of the jury.)* |
| 10:23 | 16 | THE COURT:  Back on the record. |
| 10:23 | 17 | Only because I expect one or both parties to |
| 10:23 | 18 | appeal do I want an absolutely clear record about this: |
| 10:23 | 19 | I've pulled every single copy of every iteration |
| 10:23 | 20 | for your viewing pleasure, and on page 28 the Court always |
| 10:23 | 21 | had the correct date and dates. |
| 10:23 | 22 | What happened?  Counsel changed this. |
| 10:23 | 23 | MS. HURST:  I think we were correcting one of the |
| 10:23 | 24 | other boxes, and it was a cut-and-paste error, Your Honor. |
| 10:23 | 25 | THE COURT:  Okay.  As long as that's clear.  I |

CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

12

| | | |
|---|---|---|
| 10:23 | 1 | don't want to hear on appeal from either party that this was |
| 10:23 | 2 | a mistake by the Court. |
| 10:23 | 3 | This was a mistake by the parties. That's been |
| 10:23 | 4 | corrected. We've handed a corrected form, in pen, to the |
| 10:23 | 5 | jury. |
| 10:23 | 6 | Number two, we've corrected "Hallidae" to |
| 10:23 | 7 | "Yasmin," correct? |
| 10:23 | 8 | MS. HURST: Correct. |
| 10:23 | 9 | THE COURT: And that's on page 3. |
| 10:23 | 10 | So pages 3 and 28 have been asked to be |
| 10:24 | 11 | substituted in counsel's presence. |
| 10:24 | 12 | Now, there was one more request that I -- that was |
| 10:24 | 13 | made of the Court, and that is to Column 6 on MGA's sheet. |
| 10:24 | 14 | MR. McCONVILLE: Yes. |
| 10:24 | 15 | THE COURT: Do you want that corrected? Do you |
| 10:24 | 16 | want the jury called back into session? |
| 10:24 | 17 | I'm happy to correct that and add a Column 6. |
| 10:24 | 18 | MS. HURST: Or just change the parenthetical. |
| 10:24 | 19 | THE COURT: In other words, it says, "Add up |
| 10:24 | 20 | Column 6," but Column 6 doesn't have a "6." |
| 10:24 | 21 | MS. HURST: It should be a "4." |
| 10:24 | 22 | MR. McCONVILLE: Should be a "4." |
| 10:24 | 23 | THE COURT: Now walk over to counsel. |
| 10:24 | 24 | MR. McCONVILLE: All right. |
| 10:24 | 25 | THE COURT: You two can correct it now, or not, |

CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

13

| 10:24 | 1 | and then we will call the jury back in and tell them that |
| 10:24 | 2 | that's Column 4. |
| 10:24 | 3 | MR. ZELLER:  Should be "4." |
| 10:24 | 4 | MR. McCONVILLE:  Should be "4." |
| 10:24 | 5 | THE COURT:  "4"? |
| 10:24 | 6 | MR. McCONVILLE:  "4." |
| 10:24 | 7 | THE COURT:  Put that in, in blue pen. |
| 10:24 | 8 | And do you want me to call the jury back into |
| 10:24 | 9 | session? |
| 10:24 | 10 | MR. McCONVILLE:  You can just send it back.  Fine. |
| 10:25 | 11 | THE COURT:  Well, I want a note stipulated to by |
| 10:25 | 12 | both of you, then. |
| 10:25 | 13 | MR. ZELLER:  We agree it's a typo that should be |
| 10:25 | 14 | fixed. |
| 10:25 | 15 | THE COURT:  All right. |
| 10:25 | 16 | You two write out the note, whatever I'm supposed |
| 10:25 | 17 | to say to the jury, so I have a stipulation between the two |
| 10:25 | 18 | of you, both parties. |
| 10:25 | 19 | MR. ZELLER:  What page is that of the verdict |
| 10:25 | 20 | form, Tom? |
| 10:25 | 21 | MR. McCONVILLE:  26. |
| 10:25 | 22 | THE COURT:  I would simply say, "Counsel have |
| 10:25 | 23 | called to the Court's attention, and I'm instructing you, |
| 10:25 | 24 | that on page 26, that Column 4 should be inserted" or "a 4 |
| 10:26 | 25 | should be inserted in." |

CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

14

| Time | Line | |
|---|---|---|
| 10:26 | 1 | MR. PRICE:  "In place of 6." |
| 10:27 | 2 | *(Document provided to the Court.)* |
| 10:27 | 3 | THE COURT:  All right.  Counsel, can I simply take |
| 10:27 | 4 | this back?  And I'll send back a typewritten note:  Both |
| 10:27 | 5 | parties agree that there's a typographical error on page 28, |
| 10:27 | 6 | Question 17:  "Column 6" should be "Column 4." |
| 10:27 | 7 | MR. McCONVILLE:  Yes. |
| 10:27 | 8 | MR. ZELLER:  Yes. |
| 10:27 | 9 | THE COURT:  Okay.  And with your permission, then |
| 10:27 | 10 | I'll simply give that to the clerk to take back to the jury. |
| 10:27 | 11 | All right.  Then, thank you very much. |
| 10:27 | 12 | MR. McCONVILLE:  Thank you. |
| 10:27 | 13 | MS. HURST:  Thank you. |
| 10:27 | 14 | *(Proceedings recessed at 10:27 a.m.)* |
| 10:27 | 15 | *(Proceedings resumed at 11:29 a.m.)* |
| 11:29 | 16 | *(Outside the presence of the jury.)* |
| 11:29 | 17 | THE COURT:  Okay.  We're back on record.  And we |
| 11:29 | 18 | received Note No. 11 from the jury. |
| 11:29 | 19 | "We need the investigative report," slash, |
| 11:29 | 20 | "summary log for LR-02-115.  We did not find the information |
| 11:29 | 21 | we needed on Exhibit No. 1195-RS.  If it helps, we recall |
| 11:29 | 22 | seeing a handwritten note, entry, referring to Ivy Ross and |
| 11:29 | 23 | Lily Martinez, and search for info on Isaac Larian.  Thank |
| 11:29 | 24 | you." |
| 11:29 | 25 | Signed, the foreperson. |

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

15

| | | |
|---|---|---|
| 11:29 | 1 | The second thing is, on a different topic, there's |
| 11:30 | 2 | a new effort that my executive officer informed me of, and |
| 11:30 | 3 | the clerk; and that is, when referring to a juror, the |
| 11:30 | 4 | Judicial Office of the United States apparently -- or |
| 11:30 | 5 | Administrative Office -- is taking the position that we |
| 11:30 | 6 | should use their initials, because those are public |
| 11:30 | 7 | documents. |
| 11:30 | 8 | Now, that hasn't come into effect yet.  But I'm |
| 11:30 | 9 | wondering if that would be appropriate in this case.  It's |
| 11:30 | 10 | going to be in effect very, very soon. |
| 11:30 | 11 | So I asked the Court Administrative Officer, |
| 11:30 | 12 | Millie, to come up and talk to me about that at |
| 11:30 | 13 | 1:00 o'clock.  But I want you to be thinking about that, |
| 11:30 | 14 | because that would then correct any of the references we've |
| 11:30 | 15 | had to any of the jurors' names during voir dire and at any |
| 11:30 | 16 | other time. |
| 11:31 | 17 | Well, Counsel, would you stipulate that the court |
| 11:31 | 18 | reporter can simply do that with an initial for the |
| 11:31 | 19 | alternate's name yesterday? |
| 11:31 | 20 | MR. ZELLER:  Yes. |
| 11:31 | 21 | MR. PRICE:  Yes. |
| 11:31 | 22 | MR. McCONVILLE:  Yes. |
| 11:31 | 23 | MS. HURST:  Yes. |
| 11:31 | 24 | THE COURT:  The jury selection is a private |
| 11:31 | 25 | document anyway in terms of their names. |

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

16

| | | |
|---|---|---|
| 11:31 | 1 | Lastly, let me ask this of you, and on the record, |
| 11:31 | 2 | of course: |
| 11:31 | 3 | If the jury renders a verdict, a lot of the |
| 11:31 | 4 | federal courts, in fact, most of the federal courts across |
| 11:31 | 5 | the United States don't want counsel speaking to the jurors. |
| 11:31 | 6 | And that leaves counsel in the unenviable position, at least |
| 11:31 | 7 | in federal court, of going out and speaking to the jurors |
| 11:31 | 8 | anyway.  And it causes a lot of consternation, because a lot |
| 11:31 | 9 | of my colleagues across the country will simply tell the |
| 11:32 | 10 | jurors, "You're free not to speak to counsel; in fact, we |
| 11:32 | 11 | almost encourage it."  And they don't allow it on the court |
| 11:32 | 12 | premises. |
| 11:32 | 13 | I'm wondering, after the verdict, if the two of |
| 11:32 | 14 | you stipulate, if we simply want to go to the complex |
| 11:32 | 15 | courtroom and sit down and listen to what the jurors have to |
| 11:32 | 16 | say.  Now, you may want to or may not want to.  But I know |
| 11:32 | 17 | you're all going to be hunting for:  How can I appeal this |
| 11:32 | 18 | case to the Circuit?  That's the typical game that gets |
| 11:32 | 19 | played for the party that doesn't prevail. |
| 11:32 | 20 | But, by the same token, I'm not willing to go |
| 11:32 | 21 | through their reasoning process, and they may not want to |
| 11:32 | 22 | say anything to you.  But if they do, I'm certainly going to |
| 11:32 | 23 | take them around the court system for a couple hours.  I |
| 11:32 | 24 | promised I would give them a tour, and we're going to give |
| 11:32 | 25 | them a tour. |

CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

17

| 11:32 | 1 | But if they want to talk to you, I can inquire; |
| 11:32 | 2 | and if you want to remain, so be it, or one counsel for each |
| 11:32 | 3 | side.  Because one of you will be disappointed.  The other |
| 11:32 | 4 | one will be ecstatic. |
| 11:32 | 5 | But just think about that.  We can decide that |
| 11:33 | 6 | before the jury comes in.  But that's an offer.  Most Courts |
| 11:33 | 7 | don't do that. |
| 11:33 | 8 | Recently, I've just put the jury in a room, but |
| 11:33 | 9 | I'm present.  Now, that can have some effect, though.  You |
| 11:33 | 10 | don't know what they're going to say.  You've got the judge |
| 11:33 | 11 | sitting there, and you don't know what they're going to say |
| 11:33 | 12 | in terms of a motion for new trial.  And you don't know if |
| 11:33 | 13 | that Court's affected by that, or not.  So in a way, it's |
| 11:33 | 14 | good in terms of protecting the public; in a way, it's bad. |
| 11:33 | 15 | So, no comments now.  Just think about it.  But |
| 11:33 | 16 | right now, I wouldn't do that without the stipulation of |
| 11:33 | 17 | counsel. |
| 11:33 | 18 | Also, unless it's somewhat a public forum, I'm a |
| 11:33 | 19 | little amiss at, quite frankly, what I perceive any inquiry. |
| 11:33 | 20 | And if that reaches the point of harassment, I've still got |
| 11:33 | 21 | jurisdiction over you.  And I'll be very clear about that. |
| 11:33 | 22 | These jurors have served, and they're not to be harassed. |
| 11:33 | 23 | So what do we do?  Do we bring the jury back in |
| 11:33 | 24 | for just a moment and tell them it's on page 66?  It's |
| 11:34 | 25 | quicker. |

CV 04-9049 DOC – 4/15/2011 – Day 54, Volume 1 of 2

18

| | | |
|---|---|---|
| 11:34 | 1 | MS. HURST:  Send 'em a note.  Is it quicker to |
| 11:34 | 2 | bring 'em in and tell 'em it's page 66, or just write "page |
| 11:34 | 3 | 66," and hand it back? |
| 11:34 | 4 | MR. PRICE:  "Page 66.  Have a nice lunch." |
| 11:34 | 5 | THE COURT:  You've never agreed on anything in |
| 11:34 | 6 | your lives.  Tell me the wording that you would like to put |
| 11:34 | 7 | down. |
| 11:34 | 8 | MR. ZELLER:  "The parties believe that you are |
| 11:34 | 9 | looking for page 66 in Exhibit 1195-RS." |
| 11:34 | 10 | MS. HURST:  And since this is the third time, |
| 11:34 | 11 | maybe we should also add, "which also has the number |
| 11:34 | 12 | M0074372 on it." |
| 11:34 | 13 | THE COURT:  No, no.  The note was very specific. |
| 11:35 | 14 | They know where it is.  Exhibit 1195-RS, that's the document |
| 11:35 | 15 | we'll refer 'em back to.  We'll take their request |
| 11:35 | 16 | literally. |
| 11:35 | 17 | All right.  If I wrote the following in chambers |
| 11:35 | 18 | and gave it to Nancy to carry down the hallway, it would |
| 11:35 | 19 | read, with your consent, "The parties believe you are |
| 11:35 | 20 | looking for page 66 in Exhibit 1195-RS." |
| 11:35 | 21 | Acceptable to Mattel? |
| 11:35 | 22 | MR. PRICE:  Yes. |
| 11:35 | 23 | MR. ZELLER:  Yes. |
| 11:35 | 24 | THE COURT:  Acceptable to MGA? |
| 11:35 | 25 | MR. McCONVILLE:  Yes. |

DEBBIE GALE, U.S. COURT REPORTER

Case 2:04-cv-09049-DOC-RNB   Document 10472   Filed 04/18/11   Page 19 of 22   Page ID #:318096
CV 04-9049 DOC – 4/15/2011 – Day 54, Volume 1 of 2

19

| 11:35 | 1 | MS. HURST:  Yes. |
|---|---|---|

        11:35   1            MS. HURST:  Yes.

        11:35   2            THE COURT:  I'll send that note back to them

        11:35   3    immediately.  They may be at lunch, but I'll get it back to

        11:35   4    them immediately.

        11:35   5            Nancy, if you will come on back.

        11:35   6             (Recess at 11:35 a.m. )

        11:56   7             (Proceedings resumed at 11:56 a.m.)

        11:56   8             (Outside the presence of the jury.)

        11:56   9    THE COURT:  All right.  We're back on the record.

        11:56   10           Mr. Price is present.

        11:56   11           Mr. Price, we received a note from the jury

        11:56   12   regarding Juror Note No. 11, "We do not have page 66.  We

        11:56   13   only have the following pages:

        11:56   14           "Page 4 through 5.

        11:56   15           "Page 8 through 12.

        11:56   16           "Page 21 through 24.

        11:56   17           "Page 26 through 28.

        11:56   18           "Page 35 through 38.

        11:56   19           "Page 60.

        11:56   20           "Page 68 through 76.

        11:56   21           "Page 86 through 87."

        11:56   22           The record clearly reflects that, although,

        11:56   23   apparently, all counsel have gone over the evidence, page 66

        11:56   24   is missing from what the jury received.  I really wonder why

        11:56   25   that's occurred.

CV 04-9049 DOC – 4/15/2011 – Day 54, Volume 1 of 2

20

| | | |
|---|---|---|
| 11:56 | 1 | But regardless, on page 106, it states: |
| 11:56 | 2 | "MS. KELLER:  Let's look at page 66.  I would move |
| 11:56 | 3 | that page into evidence as well, Your Honor. |
| 11:56 | 4 | "THE COURT:  Received." |
| 11:56 | 5 | Page 66 is in evidence.  So my proposal is that we |
| 11:56 | 6 | simply take page 66 back, through Nancy, back to the jury |
| 11:57 | 7 | and give it to them. |
| 11:57 | 8 | MR. PRICE:  Agreed. |
| 11:57 | 9 | MR. McCONVILLE:  Yes. |
| 11:57 | 10 | THE COURT:  All right.  Nancy, we just need a copy |
| 11:57 | 11 | of page 66. |
| 11:57 | 12 | MS. HURST:  It's on its way. |
| 11:57 | 13 | THE COURT:  Now, is the original in, or is it just |
| 11:57 | 14 | a copy? |
| 11:57 | 15 | MR. McCONVILLE:  Just a copy. |
| 11:57 | 16 | THE COURT:  Then, is this agreed to by all |
| 11:57 | 17 | parties? |
| 11:57 | 18 | Mr. Price? |
| 11:57 | 19 | MR. PRICE:  Yes. |
| 11:57 | 20 | THE COURT:  Mr. McConville? |
| 11:57 | 21 | MR. McCONVILLE:  Yes. |
| 11:57 | 22 | THE COURT:  Is that the complete page?  So -- we |
| 11:57 | 23 | have six attorneys looking at it. |
| 11:57 | 24 | MR. McCONVILLE:  Yes. |
| 11:57 | 25 | THE COURT:  All right.  Now, remember, I mean, |

CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

21

| | | |
|---|---|---|
| 11:57 | 1 | what I say.  If there's an item of evidence that each of you |
| 11:57 | 2 | have missing, or either one of you, I won't declare a |
| 11:57 | 3 | mistrial.  That was up to counsel when they personally |
| 11:57 | 4 | signed off:  Mr. Quinn and Ms. Keller. |
| 11:57 | 5 | And if there's an item missing or misplaced, that |
| 11:57 | 6 | will not be a mistrial.  That's your responsibility. |
| 11:58 | 7 | All right.  Nancy, take that back. |
| 11:58 | 8 | All right.  They've gone to lunch.  Nancy will |
| 11:58 | 9 | take that back as soon as they've come back from lunch. |
| 11:58 | 10 | All right.  Counsel, thank you very much. |
| 11:58 | 11 | *(Lunch recess held at 11:58 a.m.)* |
| 11:58 | 12 | *(Further proceedings reported by Maria* |
| 11:58 | 13 | *Dellaneve in Volume II.)* |
| 11:58 | 14 | -oOo- |
| 11:58 | 15 | |
| | 16 | |
| | 17 | |
| | 18 | |
| | 19 | |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

DEBBIE GALE, U.S. COURT REPORTER

CV 04-9049 DOC - 4/15/2011 - Day 54, Volume 1 of 2

22

```
11:58    1                          -oOo-

11:58    2

11:58    3                        CERTIFICATE

11:58    4

11:58    5          I hereby certify that pursuant to Section 753,

11:58    6    Title 28, United States Code, the foregoing is a true and

11:58    7    correct transcript of the stenographically reported

11:58    8    proceedings held in the above-entitled matter and that the

11:58    9    transcript page format is in conformance with the

11:58   10    regulations of the Judicial Conference of the United States.

11:58   11

11:58   12    Date:  April 15, 2011

11:58   13

11:58   14

11:58   15          _____

11:58   16          DEBBIE GALE, U.S. COURT REPORTER
                    CSR NO. 9472, RPR

11:58   17

11:58   18

11:58   19

        20

        21

        22

        23

        24

        25
```