Page 1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

THE HONORABLE DAVID O. CARTER, JUDGE PRESIDING

```
MATTEL INC., et al.,            )
                                )
           Plaintiff,           )
                                )      DAY 55
      vs.                       ) No. CV 04-9049-DOC
                                )      VOLUME 2 OF 2
MGA ENTERTAINMENT, INC.,        )
                                )
           Defendant.           )
_____)
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

JURY TRIAL

SANTA ANA, CALIFORNIA

MONDAY, APRIL 18, 2011

JURY NOTE

Maria Beesley-Dellaneve, RPR, CSR 9132
Official Federal Reporter
Ronald Reagan Federal Building, room 1-053
411 West 4th Street
Santa Ana, California 92701
(714) 564-9259

```
 1    APPEARANCES OF COUNSEL:

 2    FOR THE PLAINTIFF:    QUINN EMANUEL URQUHART OLIVER & SULLIVAN
                            BY:  MICHAEL ZELLER, ESQ.
 3                          and  JOHN QUINN, ESQ.
                            865 S. FIGUEROA
 4                          10TH FLOOR
                            LOS ANGELES, CALIFORNIA 90017
 5                          (213)443-3000

 6
      FOR THE DEFENDANTS:   ORRICK, HERRINGTON & SUTCLIFFE
 7                          BY:  ANNETTE HURST, ESQ.
                            405 HOWARD STREET
 8                          SAN FRANCISCO, CALIFORNIA 94105
                            (415)773-5700
 9

10
      FOR THE DEFENDANTS:   ORRICK HERRINGTON & SUTCLIFFE
11                          BY:  THOMAS MCCONVILLE, ESQ.
                            4 PARK PLAZA
12                          SUITE 1600
                            IRVINE, CALIFORNIA 92614
13                           (949)567-6700

14
                            KELLER RACKAUCKAS
15                          BY:  JENNIFER KELLER, ESQ.
                            18500 VON KARMAN AVENUE
16                          SUITE 560
                            IRVINE, CALIFORNIA 92612
17

18

19

20

21

22

23

24

25
```

Page 3

1        SANTA ANA, CALIFORNIA; MONDAY, APRIL 18, 2011

2                              -oOo-

3        **THE COURT:**  We're on the record on Mattel versus MGA.

4        We received a note from the jury.  The jury note said,

5   "How do we apply instruction 69?  Please clarify.  Also, what is

6   the difference between punitive damages and total damages."

7        Well, they're not synonymous.

8        **MR. PRICE:**  The difference is a question of --

9        **MS. HURST:**  They're confused because it said "punitive

10  damages" on the last column of those two charts.  That's why

11  they're using the phrase "punitive damages."  They have even got it

12  in quotes.  So here is what we propose --

13       **THE COURT:**  "Total damage in the last column of charts 9

14  and 16 does not include punitive damages.  The Court will

15  calculate punitive damages, if any.  If you are to use instruction

16  number 69 to -- strike that.  You are to use instruction number 69

17  to assist you in answering questions 13 and 19 only."

18       You are right, it's the phraseology in column number 4

19  that has them confused between "damages" and "punitive damages."

20       **MR. PRICE:**  We only have one suggested modification, and

21  that is to include chart five.  Chart 5 says "total damages" on

22  it.  It's the copyright infringement so we're not entitled to

23  punitive damages on that.  And I think that MGA says, therefore

24  you shouldn't mention chart 5, but my fear is that their second

25  question is also what is the difference between punitive damages

Page 4

1  and total damages.

2      **THE COURT:** We need to refer them back to the punitive
3  damages instruction, don't we?

4      **MR. PRICE:** Well, that's what --

5      **MS. HURST:** That's what 69 is.

6      **MR. PRICE:** But I think to make sure they don't confuse
7  them, we should tell them every chart that says "total damages"
8  that includes 5, 9 and 16 aren't asking you to include punitive
9  damages.

10      **MS. KELLER:** We think that's even more confusing, to
11  throw in something that they're not having to consider as part of
12  the verdict form.

13      **THE COURT:** So far I have just gone explicitly with
14  question, question, question, and both sides have asked the Court,
15  so my record is clear, not to expand.  So different times,
16  depending upon the note, each of you have taken expansive
17  positions or selective positions.

18      **MR. PRICE:** But this is not expansive.  They haven't
19  asked about any particular charts.  And they have asked, "How do
20  we apply instruction 69?"  Which I think is the third sentence you
21  read.  You are -- you are to use instruction 69 to assist you in
22  answering questions.

23      **THE COURT:** So it's not confined to one particular --
24      **MS. HURST:** Well, it is because it says trade secret
25  misappropriation right on the top.  There is no instruction for --

1        **THE COURT:** Does it?

2        **MS. HURST:** Yes.

3        **MR. PRICE:** But they did a separate question, what is
4    the difference between punitive damages and total damages, and I
5    just think we should tell them that total damage does not include
6    punitive damages, period. I don't know why I'm arguing this
7    because that's our claim on 5. So I'm arguing it just to make
8    sure they're clear when they see the word "total damages."

9        **THE COURT:** I think it should be explicit. I think it's
10   too confusing. We should go question by question and this applies
11   to 69, to trade secret. And if you go further than that, remember
12   this jury isn't shy. They directed 15 questions. They even
13   caught exhibits.

14       **MS. HURST:** We don't think we should include chart 5
15   because there is no instruction where punitives would only be
16   relevant to chart 5.

17       **THE COURT:** Let me go back for a moment and let's for
18   convenience, let's go -- Mr. Larian, Mr. Eckert, if you would like
19   to be here, you are more than welcome to be but it's not
20   necessary. So that's your choice and I apologize.

21       **MR. MCCONVILLE:** For tomorrow, can Mr. Larian --
22   passover is --

23       **THE COURT:** Passover is this evening. You shouldn't be
24   here. Good night. Good night. This is a religious holiday for
25   you and tomorrow. But if the jury comes in, I'm giving an hour

4e99d5bf-c988-4638-988a-53202a0544a6

Page 6

1  and 15 minutes as a courtesy to you, an hour 15 to Mr. Eckert if
2  he is not here. You want to be here, so it be.
3         By the way, gentlemen, we really talking about them not
4  being in session on Friday. If a verdict comes in, it will take
5  half a day to take that verdict. Well, you have got Passover
6  today, you have got Good Friday. You'll never get that verdict
7  read. So it will be by Thursday. And I think we should inform
8  them, if counsel will consent, tomorrow morning or tomorrow
9  afternoon, that Friday is a day off for them to start their
10 vacation. I want to make sure that is acceptable with Mattel and
11 MGA.
12        **MR. PRICE:** Yes.
13        **THE COURT:** We'll inform them and call them into session
14 at that time. Let's do that tomorrow afternoon as opposed to
15 tomorrow morning. Is that acceptable? Let them move at their own
16 pace. I never want the impression that we're calling time on
17 them. Okay. Let's go next door.
18     (Brief pause in proceedings)
19        **THE COURT:** Back on the record. Both Mattel and MGA's
20 counsel are present.
21        And there is a proposal for the jury that the Court has
22 given to all counsel. Counsel seem to be in agreement, but I want
23 to make certain that I have a record.
24        On behalf of Mattel?
25        **MR. PRICE:** Yes.

1     **THE COURT:** MGA?

2     **MS. KELLER:** Yes, Your Honor.

3     **THE COURT:** I'll send this back to the jury first thing
4  tomorrow morning. Also by agreement, can we inform the jury they
5  won't be in session on Friday and wish them the best if they
6  haven't reached a verdict for the following week?

7     **MS. HURST:** Yes, Your Honor.

8     **THE COURT:** We'll bring them into open court. So plan
9  to be present tomorrow at 3:30 no matter what. They're leaving at
10 3:00. At 2:45 let's tell them tomorrow if that's the acceptable
11 timing for each party.

12    **MR. PRICE:** Yes, it is.

13    **MR. MCCONVILLE:** Yes.

14    **THE COURT:** Have a good evening.

15    **MS. HURST:** Your Honor, could we put that 17200
16 extension on the record since there is an existing order on the
17 deadline?

18    **THE COURT:** There is going to be an extension for MGA's
19 briefing until the date of Tuesday the 26th.

20           All right, counsel, thank you. Mattel needs the same
21 courtesy.

22    **MR. ZELLER:** Same due date for both sides?

23    **THE COURT:** Yes. Thank you very much.

24           (Whereupon the proceedings were adjourned at 4:00.)

25

Page 8

1 -oOo-

2

3 CERTIFICATE

4

5 I hereby certify that pursuant to Section 753, Title 28,
6 United States Code, the foregoing is a true and correct transcript
7 of the stenographically reported proceedings held in the
8 above-entitled matter.

9

10 Date: APRIL 19, 2011

11

12

13 MARIA DELLANEVE, U.S. COURT REPORTER
CSR NO. 9132