FILED
CLERK, U.S. DISTRICT COURT

APR 2 1 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

MATTEL INC.,

               Plaintiff,

    -v-

MGA ENTERTAINMENT INC., ET AL,

               Defendant,

CASE NO. CV 04-9049-DOC (RNBx)

GIVEN JURY INSTRUCTIONS

# INSTRUCTION NO. 1
## DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## INSTRUCTION NO. 2
## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a lawsuit between Mattel, Inc. ("Mattel"), MGA ("MGA"), MGA Entertainment (Hong Kong) Limited, and Mr. Isaac Larian.

Mattel claims that MGA, MGA Entertainment (Hong Kong) Limited, and Isaac Larian infringed its copyrights. MGA, MGA Entertainment (Hong Kong) Limited, and Isaac Larian deny this claim.

Mattel also claims that MGA and Isaac Larian misappropriated its trade secrets, and intentionally interfered with its contractual relations. MGA and Isaac Larian deny this claim.

MGA claims that Mattel misappropriated its trade secrets. Mattel denies this claim.

## INSTRUCTION NO. 3

## BURDEN OF PROOF — PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 4
## BURDEN OF PROOF — CLEAR AND CONVINCING EVIDENCE

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 5

## TWO OR MORE PARTIES — DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. When there are multiple claimants or multiple defendants, you must consider the elements of the claims and defenses separately for each claimant and each defendant.  Each claimant and defendant must carry its burden of proof as to each claim or affirmative defense.  Unless otherwise stated, the instructions apply to all parties.

## INSTRUCTION NO. 6

## CORPORATIONS AND PARTNERSHIPS — FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

## INSTRUCTION NO. 7
## REMOVAL OF CLAIMS AND PARTIES

Mattel Mexico, Carlos Gustavo Machado Gomez, and MGA Mexico
are no longer parties to this case.  Do not speculate on the reasons.  You
should decide this case as to the remaining parties.

## INSTRUCTION NO. 8

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    The sworn testimony of any witness;

2.    The exhibits which are received into evidence; and

3.    Any facts to which the lawyers have agreed.

# INSTRUCTION NO. 9
# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.  Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements and closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## INSTRUCTION NO. 10
## EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

# INSTRUCTION NO. 11
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 12
# RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

# INSTRUCTION NO. 13
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.   The opportunity and ability of the witness to see or hear or know the things testified to;

2.   The witness's memory;

3.   The witness's manner while testifying;

4.   The witness's interest in the outcome of the case and any bias or prejudice;

5.   Whether other evidence contradicted the witness's testimony;

6.   The reasonableness of the witness's testimony in light of all the evidence;

7.   Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## INSTRUCTION NO. 14

## STIPULATIONS OF FACT

The parties have agreed to certain facts that were placed in evidence. You should therefore treat these facts as having been proved.

## INSTRUCTION NO. 15
## JUDICIAL NOTICE

The court has decided to accept as proved certain facts, even though no evidence has been introduced on these subjects.  You must accept these facts as true.

## INSTRUCTION NO. 16
## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of a number of witnesses were taken in this case. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

## INSTRUCTION NO. 17

## IMPEACHMENT EVIDENCE — WITNESS

The evidence that a witness has lied under oath on a prior occasion or given inconsistent testimony under oath may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

## INSTRUCTION NO. 18

## USE OF INTERROGATORIES OF A PARTY

Evidence has been presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand by the party that responded to the written interrogatories.

## INSTRUCTION NO. 19
## EXERCISE OF A COMMUNICATION PRIVILEGE

People have a legal right not to disclose what they told their attorney in confidence because the law considers this information privileged.  People may exercise this privilege freely and without fear of penalty.

You must not use the fact that a witness exercised this privilege to decide whether he or she should be believed.  Indeed, you must not let it affect any of your decisions in this case.

## INSTRUCTION NO. 20
## EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 21
## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

## INSTRUCTION NO. 22

## CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

# INSTRUCTION NO. 23

# DECLARATORY RELIEF

Mattel claims that its January 4, 1999 Employee Confidential Information and Inventions Agreement with Carter Bryant assigned to Mattel Carter Bryant's right, title, and interest in his Bratz-related ideas and works.

Paragraph 2(a) of the Employee Confidential Information and Inventions Agreement provides:

> I agree to communicate to the Company as promptly and fully as practicable all inventions conceived or reduced to practice by me (alone or jointly by others) at any time during my employment by the Company. I hereby assign to the Company and/or its nominees all my right, title and interest in such inventions, and all my right, title and interest in any patents, copyrights, patent applications or copyright applications based thereon. I will assist the Company and/or its nominees (without charge but at no expense to me) at any time in every proper way to obtain for its use and/or their benefit, patents and copyrights for all such inventions anywhere in the world and to enforce its and/or their rights in legal proceedings.

**INSTRUCTION NO. 24**

**DISPUTED TERM:  "INVENTIONS"**


The term "inventions" in the January 4, 1999 Employee Confidential Information and Inventions Agreement between Mattel and Carter Bryant includes "discoveries, improvements, processes, developments, designs, know-how, data computer programs and formulae."

However, the parties dispute whether the term "inventions" in the January 4, 1999 Employee Confidential Information and Inventions Agreement between Carter Bryant and Mattel also includes "ideas," and this is a dispute that you must resolve.  In order to exercise ownership over a Carter Bryant idea, Mattel must prove that the term "inventions" includes "ideas."