# INSTRUCTION NO. 49

## COPYRIGHT INFRINGEMENT —
## SUBJECTIVE "INTRINSIC" TEST

As to those works that have survived the objective or "extrinsic" test, you must now compare the allegedly infringing works to the copyrighted works from the perspective of an ordinary reasonable observer. Whereas the objective test uses analytic dissection to compare specific elements of the works, this test considers the works as a whole, with a view to their total concept and feel.

The standard you must apply in comparing the works as a whole depends upon the copyrighted work at issue.

First, when comparing the Bratz production sculpts (TX 17732 and TX 17733) to any sculpt or sculpt drawings in which Mattel has proven it owns a copyright, you must determine whether the Bratz production sculpts (TX 17732 and TX 17733) are virtually identical overall to sculpt or sculpt drawings in which Mattel has proven it owns a copyright.

Second, when comparing any of the four first generation Bratz dolls (TX 12286, TX 17561, TX 17558, and TX 17551), and two subsequent generation Bratz dolls (TX 17546 and TX 17529) to any drawing or sketch in which Mattel has proven it owns a copyright, you must determine whether the doll is substantially similar overall to such drawing or sketch.

If Mattel fails meet the requirements of the subjective or "intrinsic" test as to any of the allegedly infringing works, you must reach a verdict of non-infringement as to that work. However, if Mattel meets the requirements of the subjective or "intrinsic" test as to a particular work, and in addition meets the objective or "extrinsic" test as to that work, then the work is infringing.

## INSTRUCTION NO. 50
## COPYRIGHT INFRINGEMENT —
## DERIVATIVE LIABILITY — VICARIOUS INFRINGEMENT —
## ELEMENTS AND BURDEN OF PROOF

If you find that MGA and/or MGA Entertainment (Hong Kong) Ltd. infringed a copyright that Mattel has proven it owns, you may consider Mattel's claim that Isaac Larian vicariously infringed that copyright. Mattel has the burden of proving each of the following by a preponderance of the evidence:

1.    Isaac Larian profited directly from the infringing activity of MGA and/or MGA Entertainment (Hong Kong) Ltd.

2.    Isaac Larian had the right and ability to supervise the infringing activity of MGA and/or MGA Entertainment (Hong Kong) Ltd.; and

3.    Isaac Larian failed to exercise that right and ability.

If you find that Mattel proved each of these elements, your verdict should be for Mattel if you also find that MGA and/or MGA Entertainment (Hong Kong) Ltd. infringed a copyright that Mattel has proven it owns. If, on the other hand, Mattel has failed to prove any of these elements, your verdict should be for Isaac Larian.

## INSTRUCTION NO. 51

## COPYRIGHT INFRINGEMENT —

## DERIVATIVE LIABILITY — CONTRIBUTORY INFRINGEMENT

A defendant may be liable for copyright infringement engaged in by another if it knew or had reason to know of the infringing activity and intentionally induced or materially contributed to that infringing activity.

If you find that MGA and/or MGA Entertainment (Hong Kong) Ltd. infringed a copyright that Mattel has proven it owns, you may proceed to consider Mattel's claim that Isaac Larian contributorily infringed that copyright. To prove copyright infringement, Mattel must prove both of the following elements by a preponderance of the evidence:

1.     Isaac Larian knew or had reason to know of the infringing activity of MGA and/or MGA Entertainment (Hong Kong) Ltd.; and

2.     Isaac Larian intentionally induced or materially contributed to MGA and/or MGA Entertainment (Hong Kong) Ltd.'s infringing activity.

If you find that MGA and/or MGA Entertainment (Hong Kong) Ltd. infringed a copyright that Mattel has proven it owns and you also find that Mattel has proved both of these elements, your verdict should be for Mattel. If, on the other hand, Mattel has failed to prove either or both of these elements, your verdict should be for Isaac Larian.

## INSTRUCTION NO. 52
## COPYRIGHT INFRINGEMENT — DAMAGES

If you find for Mattel on Mattel's copyright infringement claim, you must determine Mattel's damages, if any.

Mattel is entitled to recover actual damages it suffered, if any, as a result of the infringement by any of the particular works at issue, which are the four first generation dolls (TX 12286, TX 17561, TX 17558, and TX 17551), two subsequent generation dolls (TX 17546 and TX 17529), and the production sculpts (TX 17732 and TX 17733).

In addition, Mattel is also entitled to recover the profits, if any, of MGA, MGA Entertainment (Hong Kong) Ltd., and/or Isaac Larian attributable to the infringement by any of the particular works at issue, which are the four first generation dolls (TX 12286, TX 17561, TX 17558, and TX 17551), the two subsequent generation dolls (TX 17546 and TX 17529), and the production sculpts (TX 17732 and TX 17733).

Mattel must prove damages by a preponderance of the evidence.

## INSTRUCTION NO. 53
## COPYRIGHT INFRINGEMENT —
## DAMAGES — ACTUAL DAMAGES

Mattel is entitled to recover the actual damages, if any, suffered as a result of the infringement by any of the particular works at issue, which are the four first generation dolls (TX 12286, TX 17561, TX 17558, and TX 17551), two subsequent generation dolls (TX 17546 and TX 17529), and the production sculpts (TX 17732 and TX 17733). Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the works in which Mattel has proven it owns a copyright that are infringed by the products at issue. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by MGA, MGA Entertainment (Hong Kong) Ltd., and/or Isaac Larian of the work. That amount also could be represented by the lost license fees Mattel would have received for MGA, MGA Entertainment (Hong Kong) Ltd., and/or Isaac Larian's unauthorized use of the works in which Mattel has proven it owns a copyright.

# INSTRUCTION NO. 54
## COPYRIGHT INFRINGEMENT —
### DAMAGES — DEFENDANTS' PROFITS

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of MGA, MGA Entertainment (Hong Kong) Ltd., and/or Isaac Larian's profits only if you find that Mattel showed a causal relationship between the infringement and MGA, MGA Entertainment (Hong Kong) Ltd., and/or Isaac Larian's gross revenue.

Profits are determined by deducting all expenses from that defendant's gross revenue.

Gross revenue is all receipts from the sale of a product that infringes a work in which Mattel has proven it owns a copyright. Mattel has the burden of proving MGA, MGA Entertainment (Hong Kong) Ltd., and Isaac Larian's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing the gross revenue. Each defendant has the burden of proving its expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of a product containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. MGA, MGA Entertainment (Hong Kong) Ltd., and/or Isaac Larian have the burden of proving the portion of the profit, if any, attributable to factors other than infringing the copyrighted work.

## INSTRUCTION NO. 55
## COPYRIGHT INFRINGEMENT —
## AFFIRMATIVE DEFENSE — STATUTE OF LIMITATIONS

MGA, MGA Entertainment (Hong Kong) Ltd., and Isaac Larian claim that Mattel's copyright claim was not filed within the time set by law.

Mattel must prove by a preponderance of the evidence that it did not discover, nor with reasonable diligence should have discovered, the claimed copyright infringement by MGA, MGA Entertainment (Hong Kong) Ltd., or Isaac Larian.  You must determine the date by which Mattel should have so discovered through the exercise of reasonable diligence.

# INSTRUCTION NO. 56
## INTRODUCTION — MISAPPROPRIATION OF TRADE SECRETS

Mattel claims that it is the owner of certain information about toys and the toy industry.

MGA claims that it is the owner of certain information about toys and the toy industry.

Mattel claims that the product concept, name, and designs for Bratz dolls, as well as information contained in some of its documents, are trade secrets and that MGA and Isaac Larian misappropriated these claimed trade secrets.

MGA claims that the appearance, operation, intended play pattern, marketing plans, and pricing information about unreleased product lines are trade secrets and that Mattel misappropriated these claimed trade secrets.

Mattel and MGA also claim that these acts of alleged misappropriation caused them harm and resulted in unjust enrichment of the alleged misappropriating party.

Mattel, MGA, and Isaac Larian deny these respective allegations of trade secret misappropriation made against them.

# INSTRUCTION NO. 57

## MISAPPROPRIATION OF TRADE SECRETS — ESSENTIAL FACTUAL ELEMENTS

Mattel claims that MGA and Isaac Larian have misappropriated trade secrets.

MGA claims that Mattel has misappropriated trade secrets.

To succeed on this claim, each of the claimants must prove:

1.   Ownership of the claimed trade secrets:

   A.   <u>Mattel</u> must prove that it owns the claimed trade secrets identified in Appendix A to these jury instructions;

   B.   <u>MGA</u> must prove that it owns the claimed trade secrets identified in Appendix B to these jury instructions;

2.   Second, each claimant must prove that the information it claims to own was a trade secret at the time of misappropriation;

3.   Third, each claimant must prove that the defendant to its claim improperly disclosed, acquired or used its trade secret information;

4.   Fourth, each claimant must prove that it was harmed or the alleged misappropriator was unjustly enriched;

5.   Fifth, each claimant must prove that the misappropriation was a substantial factor in causing its harm or the misappropriator's unjust enrichment.

## INSTRUCTION NO. 58
## MISAPPROPRIATION OF TRADE SECRETS —
## "TRADE SECRET" DEFINED

To prove that the information claimed to be a trade secret was a trade secret, a claimant must prove all of the following:

1.    That the information was secret;

2.    That the information had actual or potential independent economic value because it was secret; and

3.    That the claimant took reasonable efforts to keep the information secret.

## INSTRUCTION NO. 59

## MISAPPROPRIATION OF TRADE SECRETS —
## SECRECY REQUIREMENT

The secrecy required to prove that something is a trade secret does not
have to be absolute in the sense that no one else in the world possesses the
information.  It may be disclosed to employees involved in the claimant's
use of the trade secrets as long as they are instructed to keep the information
secret.  It may also be disclosed to nonemployees if they are obligated to
keep the information secret.  However, it must not have been generally
known to the public or to people who could obtain value from knowing it.

## INSTRUCTION NO. 60

## MISAPPROPRIATION OF TRADE SECRETS —
## REASONABLE EFFORTS TO PROTECT SECRECY

To establish that information is a trade secret, Mattel must prove that it made reasonable efforts under the circumstances to keep it secret.

To establish that information is a trade secret, MGA must prove that it made reasonable efforts under the circumstances to keep it secret.

"Reasonable efforts" are the efforts that would be made by a reasonable business in the same situation and having the same knowledge and resources as the claimant, exercising due care to protect important information of the same kind.  This requirement applies separately to each item that the claimant claims to be a trade secret.

In determining whether or not the claimant made reasonable efforts to keep the information secret, you should consider all of the facts and circumstances.

Among the factors you may consider are the following:

a.    Whether documents or computer files containing the information were marked with confidentiality warnings;

b.    Whether the claimant instructed its employees to treat the information as confidential;

c.    Whether the claimant restricted access to the information to persons who had a business reason to know the information;

d.    Whether the claimant kept the information in a restricted or secured area;

e.     Whether the claimant required employees or others with access
to the information to sign confidentiality or nondisclosure
agreements;

f.     Whether the claimant took any action to protect the specific
information, or whether it relied on general measures taken to
protect its business information or assets;

g.     The extent to which any general measures taken by the claimant
would prevent the unauthorized disclosure of the information;

h.     Whether there were other reasonable measures available to the
claimant that it did not take.

The presence or absence of any one or more of these factors is not
necessarily determinative.

# INSTRUCTION NO. 61
## MISAPPROPRIATION OF TRADE SECRETS — MISAPPROPRIATION BY ACQUISITION

Mattel misappropriated trade secrets by acquisition if it acquired the trade secrets and knew or had reason to know that it used improper means to acquire the trade secrets.

MGA misappropriated trade secrets by acquisition if it acquired the trade secrets and knew or had reason to know that it used improper means to acquire the trade secrets.

Isaac Larian misappropriated trade secrets by acquisition if he acquired the trade secrets and knew or had reason to know that he used improper means to acquire the trade secrets.

# INSTRUCTION NO. 62

## MISAPPROPRIATION OF TRADE SECRETS —
## IMPROPER MEANS OF ACQUIRING A TRADE SECRET

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are not limited to, theft, bribery, misrepresentation, breach or inducing a breach of a duty to maintain secrecy.

However, it is not improper to acquire a trade secret or knowledge of the trade secret by:

1. Independent efforts to invest or discover the information;

2. Reverse engineering; that is, examining or testing a product to determine how it works, by a person who has a right to possess the product;

3. Obtaining the information as a result of a license agreement with the owner of the information;

4. Observing the information in public use or on public display; or

5. Obtaining the information from published literature, such as trade journals, reference books, the Internet, or other publicly available sources.

## INSTRUCTION NO. 63
## MISAPPROPRIATION OF TRADE SECRETS —
## MISAPPROPRIATION BY USE

A party misappropriates a trade secret by use if it:

1.    Used the trade secret without the claimant's consent; and

2.    Did any of the following:

   a.    Acquired knowledge of the trade secret by improper means; or

   b.    At the time of use, knew or had reason to know that their knowledge of the claimant's trade secret came from or through a third party, and knew or should have known that the third party had previously acquired the trade secret by improper means; or

   c.    At the time of use, knew or had reason to know that their knowledge of the trade secrets was acquired under circumstances creating a legal obligation to limit use of the information; or

   d.    At the time of use, knew or had reason to know that their knowledge of the trade secrets came from or through a third party, and that the third party had a duty to the claimant to limit use of the information; or

   e.    Before a material change of its position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

# INSTRUCTION NO. 64
## MISAPPROPRIATION OF TRADE SECRETS — MISAPPROPRIATION BY DISCLOSURE

A party misappropriates a trade secret by disclosure if it:

1. Disclosed the trade secrets without the claimants' consent; and

2. Did any of the following:

    a. Acquired knowledge of the trade secrets by improper means; or

    b. At the time of disclosure, knew or had reason to know that their knowledge of the claimant's trade secret came from or through a third party, and knew or should have known that the third party had previously acquired the trade secret by improper means; or

    c. At the time of disclosure, knew or had reason to know that their knowledge of the trade secrets was acquired under circumstances creating a legal obligation to limit use of the information; or

    d. At the time of disclosure, knew or had reason to know that their knowledge of the trade secrets came from or through a third party, and that the third party had a duty to the claimant to limit use of the information; or

    e. Before a material change of its position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

## INSTRUCTION NO. 65

## MISAPPROPRIATION OF TRADE SECRETS —
## "INDEPENDENT ECONOMIC VALUE" EXPLAINED

Information has independent economic value if it gives the owner an
actual or potential business advantage over others who do not know the
information and who could obtain economic value from its disclosure or use.

In determining whether information had actual or potential
independent economic value because it was secret, you may consider the
following:

1.     The extent to which the claimant obtained or could obtain economic
       value from the information in keeping it secret;

2.     The extent to which others could obtain economic value from the
       information if it were not secret;

3.     The amount of time, money, or labor that the claimant expended in
       developing the information;

4.     The amount of time, money, or labor that would be/was saved by a
       competitor who used the information.

The presence or absence of any one or more of these factors is not
necessarily determinative.

# INSTRUCTION NO. 66

## MISAPPROPRIATION OF TRADE SECRETS —
## REMEDIES FOR TRADE SECRET MISAPPROPRIATION

If Mattel proves that MGA misappropriated trade secrets, then Mattel is entitled to recover damages if the misappropriation caused it to suffer an actual loss or MGA to be unjustly enriched.

If Mattel proves that Isaac Larian misappropriated trade secrets, then Mattel is entitled to recover damages if the misappropriation caused it to suffer an actual loss or Isaac Larian to be unjustly enriched.

If MGA proves that Mattel misappropriated trade secrets, then MGA is entitled to recover damages if the misappropriation caused it to suffer an actual loss or Mattel to be unjustly enriched.

## INSTRUCTION NO. 67

## MISAPPROPRIATION OF TRADE SECRETS — LOST PROFITS

To recover damages for lost profits, a claimant must prove it is reasonably certain it would have earned profits but for the misappropriator's conduct.

To decide the amount of damages for lost profits, you must determine the gross amount the claimant would have received but for the misappropriator's conduct and then subtract from that amount the expenses, including the value of the labor, materials, rents and other expenses the claimant would have had if the misappropriator's conduct had not occurred.

The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

# INSTRUCTION NO. 68
## MISAPPROPRIATION OF TRADE SECRETS — UNJUST ENRICHMENT

MGA, Isaac Larian, and/or Mattel was unjustly enriched if its misappropriation caused it to receive a benefit that it otherwise would not have achieved.

To decide the amount of any unjust enrichment, first determine the value of MGA, Isaac Larian, and/or Mattel's benefit that would not have been achieved except for its misappropriation.  Then subtract from that amount MGA, Isaac Larian, and/or Mattel's sweat equity, including their hard work, creativity, and legitimate efforts, as well as their reasonable expenses, including the value of the labor, materials, rents, costs of transportation, and interest on invested capital.

In calculating the amount of any unjust enrichment, do not take into account any amount that you included in determining any amount of damages for the claimant's actual loss.

# INSTRUCTION NO. 69

# MISAPPROPRIATION OF TRADE SECRETS —
# PUNITIVE DAMAGES FOR WILLFUL AND MALICIOUS
# MISAPPROPRIATION

If you decide that Mattel, MGA, and/or Isaac Larian's misappropriation caused a claimant harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the claimant and to discourage similar conduct in the future.

In order to recover punitive damages, a claimant must prove by clear and convincing evidence that the defendant acted willfully and maliciously. You must determine whether the defendant acted willfully and maliciously, but you will not be asked to determine the amount of any punitive damages. The Court will calculate the amount later.

"Willfully" means that the defendant acted with a purpose or willingness to commit the act or engage in the conduct in question, and the conduct was not reasonable under the circumstances at the time and was not undertaken in good faith.

"Maliciously" means that the defendant acted with an intent to cause injury, or that the defendant's conduct was despicable and was done with a willful and knowing disregard for the rights of others. "Despicable conduct" is conduct so vile, base, or wretched that it would be looked down on and despised by ordinary decent people. A defendant acted with knowing disregard if it was aware of the probable consequences of its conduct and deliberately failed to avoid those consequences.

## INSTRUCTION NO. 70

## MISAPPROPRIATION OF TRADE SECRETS — AFFIRMATIVE DEFENSE — INFORMATION WAS READILY ASCERTAINABLE BY PROPER MEANS

Mattel did not misappropriate a claimed trade secret if it proves that the information claimed to be a trade secret was readily ascertainable by proper means at the time of the alleged acquisition, use, or disclosure.

MGA or Isaac Larian did not misappropriate a claimed trade secret if they prove that the information claimed to be a trade secret was readily ascertainable by proper means at the time of the alleged acquisition, use, or disclosure.

There is no fixed standard for determining what is "readily ascertainable by proper means." In general, information is readily ascertainable if it can be obtained, discovered, developed, or compiled without significant difficulty, effort, or expense.

For example, information is readily ascertainable if it is available in trade journals, reference books, or published materials.

On the other hand, the more difficult information is to obtain, and the more time and resources that must be expended in gathering it, the less likely it is that the information is readily ascertainable by proper means.

## INSTRUCTION NO. 71

## MISAPPROPRIATION OF TRADE SECRETS —
## AFFIRMATIVE DEFENSE — STATUTE OF LIMITATIONS —
## TRADE SECRET MISAPPROPRIATION

Mattel, MGA and Isaac Larian claim that each claimant's lawsuit was not filed within the time set by law.

Mattel must prove by a preponderance of the evidence that it did not timely discover, nor with reasonable diligence should have discovered, facts that would have caused a reasonable person to suspect that MGA and/or Isaac Larian had misappropriated the Bratz-related concepts and works. You must determine the date by which it should have so discovered through the exercise of reasonable diligence.

MGA must prove by a preponderance of the evidence that it did not timely discover, nor with reasonable diligence should have discovered, facts that would have caused a reasonable person to suspect that Mattel had misappropriated the information available in its showrooms. You must determine the date by which it should have so discovered through the exercise of reasonable diligence.

# INSTRUCTION NO. 72
# INTENTIONAL INTERFERENCE WITH CONTRACTUAL
# RELATIONS — INTRODUCTION

Mattel claims that MGA and Isaac Larian intentionally interfered with the "Employee Confidential Information and Inventions Agreements" it entered into with Carter Bryant, Ana Cabrera, Maria Salazar, and Beatriz Morales.

To establish this claim, Mattel must prove all of the following:

1.  That there was a contract between Mattel and Bryant, Cabrera, Salazar, and/or Morales;

2.  That MGA and/or Isaac Larian knew of the contract(s);

3.  That MGA and/or Isaac Larian intended to disrupt the performance of the contract(s);

4.  That MGA and/or Isaac Larian's conduct prevented performance or made performance more expensive or difficult;

5.  That Mattel was harmed; and

6.  That MGA and/or Isaac Larian's conduct was a substantial factor in causing Mattel's harm.

Do not consider the acquisition, disclosure, and/or use of Mattel's claimed trade secrets in determining liability and calculating damages for this claim. The law that applies to that conduct is set forth in the instructions concerning the claim for trade secret misappropriation.