# INSTRUCTION NO. 73
# INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS — INTENT

In deciding whether MGA and/or Isaac Larian acted intentionally, you may consider whether they knew that a breach was substantially certain to result from their conduct.

# INSTRUCTION NO. 74
# INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS — REMEDIES FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS — LOST PROFITS

Mattel claims it lost profits and services as a result of MGA and Isaac Larian's alleged intentional interference with Mattel's contractual relations with Bryant, Cabrera, Morales, and Salazar. To recover these damages, Mattel must prove it is reasonably certain it would have earned profits or received services but for MGA and/or Isaac Larian's intentional interference.

To decide the amount of damages for lost profits, you must determine the gross amount Mattel would have received but for MGA and/or Isaac Larian's intentional interference with Mattel's contractual relations with Carter Bryant, Ana Cabrera, Beatriz Morales, and Maria Salazar, and then subtract from that amount the expenses Mattel would have had if MGA and/or Isaac Larian's conduct had not occurred. The amount of the lost profits need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.

In calculating Mattel's lost profits resulting from MGA and/or Isaac Larian's intentional interference with Mattel's contractual relations, you must exclude any lost profits caused by the acquisition, disclosure, and/or use of Mattel's claimed trade secret materials.

# INSTRUCTION NO. 75
# INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS — REMEDIES — MITIGATION

If you decide MGA and/or Isaac Larian is responsible for the original harm, Mattel is not entitled to recover damages for harm that MGA and/or Isaac Larian proves Mattel could have avoided with reasonable efforts or expenditures.

You should consider the reasonableness of Mattel's efforts in light of the circumstances facing it at the time, including its ability to make the efforts or expenditures without undue risk or hardship.

If Mattel made reasonable efforts to avoid harm, then your award should include reasonable amounts that it spent for this purpose.

# INSTRUCTION NO. 76
# INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS — AFFIRMATIVE DEFENSE — STATUTE OF LIMITATIONS

MGA and Isaac Larian contend that Mattel's claim for intentional interference with contractual relations was not filed within the time set by law. Mattel must prove by a preponderance of the evidence that it did not discover, nor with reasonable diligence should have discovered, facts that would have caused a reasonable person to suspect its claim for intentional interference with contractual relations. You must determine the date by which Mattel should have so discovered through the exercise of reasonable diligence.

# INSTRUCTION NO. 77
# DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 78
# COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 79
## RETURN OF VERDICT

A verdict form has been prepared for you. It contains a number of questions I have asked you to answer. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.