ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  415-773-5700
Facsimile:   415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW RE MATTEL'S UNFAIR COMPETITION CLAIM** |

Pursuant to Federal Rule of Civil Procedure 52(a) and the Court's order of April 14, 2011, the MGA Parties hereby submit the following proposed findings of fact and conclusions of law regarding Mattel's California Business and Professions Code § 17200 claim. Pursuant to the Court's post-trial briefing schedule, MGA will also submit post-trial motions relating to Mattel's unfair competition claim on May 5, 2011.

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This civil case was called for trial concurrently before the Court and jury, on January 18, 2011, the Honorable David O. Carter presiding. The Court, having heard all the testimony and having considered all admissible evidence, as well as the arguments of counsel and their respective proposed findings of fact and conclusions of law, hereby enters its findings of fact and conclusions of law in this case in conformity with Federal Rule of Civil Procedure 52 on Mattel, Inc.'s claim for violations of California Business & Professions Code § 17200, *et seq.* against MGA Entertainment, Inc., MGA Hong Kong, and Isaac Larian. Any finding of fact that constitutes a conclusion of law shall be deemed a conclusion of law and any conclusion of law that constitutes a finding of fact shall be deemed a finding of fact.

**FINDINGS OF FACT**

**I.  THE PARTIES**

1. MGA Entertainment Inc. ("MGA") is a California Corporation with its principal place of business in Van Nuys, California. Dkt. No. 8583 (MGA Reply to Mattel Fourth Amended Answer and Counterclaims) at ¶ 71.
2. Isaac Larian is an individual and the President and Chief Executive Officer of MGA. Dkt. No. 8583 (MGA Reply to Mattel Fourth Amended Answer and Counterclaims) at ¶ 74.
3. MGA Hong Kong ("MGA HK") is a business entity organized and existing under the laws of the Hong Kong Special Administrative Region, with its

| | |
|---|---|
| 1 | principal place of business in Hong Kong. Dkt. No. 8583 (MGA Reply to |
| 2 | Mattel Fourth Amended Answer and Counterclaims) at ¶ 73. |
| 3  4. | Mattel Inc. ("Mattel") is Delaware Corporation with its principal place of |
| 4 | business in El Segundo, California. Dkt. No. 8583 (MGA Reply to Mattel |
| 5 | Fourth Amended Answer and Counterclaims) at ¶ 69. |
| 6  5. | Carter Bryant is an individual and former employee of Mattel. |

## II. PROCEDURAL HISTORY AND CURRENT SCOPE OF MATTEL'S UNFAIR COMPETITION CLAIM

6. On March 24, 2010, Mattel filed its Fourth Amended Answer and Counterclaims in Case No. 05-2727. Dkt. No. 7676.

7. Mattel's twelfth counterclaim is entitled "Unfair Competition" and is pled against MGA, MGA HK, Isaac Larian, Carter Bryant and Does 6 through 10. Dkt. No. 7676 at 86.

8. In its twelfth counterclaim, Mattel pleads that "Counter-defendants have, individually and in combination, engaged in unlawful, unfair and/or fraudulent acts of unfair competition in violation of both the common law of the state of California and California Business and Professions Code section 17200." Dkt. No. 7676 at ¶ 203, lines 23-26.

9. As to the specific conduct that Mattel claims forms the basis of its unfair competition claim, Mattel alleges that "[s]uch conduct included, without limitation, MGA's commercial bribery of Bryant in violation of California Penal Code Section 641.3 and misappropriation of trade secrets in violation of 18 U.S.C. § 1832(a)." Dkt. No. 7676 at ¶ 203, lines 26-28.

10. The Court has already ruled that trade secret misappropriation cannot form the basis of Mattel's unfair competition claim due to the supercessive effect of California's Uniform Trade Secrets Act. Dkt. No. 9600 (Amended Order on Motions for Summary Judgment) at 91; Dkt. No. 9669 (Order on Motions

|   |     |                                                                                     |
|---|-----|-------------------------------------------------------------------------------------|
| 1 |     | In Limine) at 22; Dkt. No. 10336 (Order Regarding Advisory Opinion of               |
| 2 |     | Claims For Violations of Cal. Bus. & Prof. Code § 17200) at 1-2.                    |
| 3 | 11. | Therefore, the current scope of Mattel's §17200 claim concerns its                  |
| 4 |     | allegations regarding commercial bribery and its claims of intentional              |
| 5 |     | interference with contract to the extent that the claim is not premised on a       |
| 6 |     | claim of trade secret misappropriation.                                              |
| 7 | 12. | On March 30, 2011, the Court ruled that it would issue written findings of          |
| 8 |     | fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a)       |
| 9 |     | regarding the parties' respective unfair competition claims. Dkt. No. 10336.        |
| 10| 13. | On April 14, 2011, the Court ordered MGA and Mattel to file proposed                |
| 11|     | findings of fact and conclusions of law as to both parties' § 17200 claims.         |
| 12|     | Dkt. No. 10455.                                                                     |
| 13| 14. | On April 20, 2011, the jury returned a verdict on Mattel's claims against          |
| 14|     | MGA and Mr. Larian. The jury found in favor of MGA and Mr. Larian on                |
| 15|     | all of Mattel's claims with the exception of Mattel's claim that MGA and Mr.        |
| 16|     | Larian intentionally interfered with Mattel's contract with Carter Bryant.          |
| 17|     | Dkt. No. 10518 (Jury Verdict). Significantly, the jury found in favor of            |
| 18|     | MGA and Mr. Larian with respect to Mattel's intentional interference claim          |
| 19|     | relating to Ms. Cabrera, Ms. Morales, and Ms. Salazar (collectively the             |
| 20|     | "Seamstresses"). *Id.*                                                              |

**III. FACTS CONCERNING THE WORK AND EMPLOYMENT OF THE SEAMSTRESSES AND CARTER BRYANT.**

15. Peter Marlow is an individual and the bookkeeper and business manager for Ms. Veronica Marlow. 2/24/2011 (Vol. 2) Tr. 103:2-5, 115:16-17 (P. Marlow Testimony). Mr. Marlow submitted invoices to MGA for the independent contractor services performed by Ms. Marlow. *Id.* at 103:2-5.

16. Veronica Marlow is an individual, a former employee of Mattel, and former independent contractor of MGA. *Id.* at 103:25-104:15, 2/25/2011 (Vol. 1)

Tr. 76:23-77:3 (P. Marlow Testimony). As an independent contractor, Ms. Marlow provided fashion samples for Bratz dolls from October 2000 through mid-2005. 2/24/2011 (Vol. 2) Tr. 102:8-12 (P. Marlow Testimony), 2/25/2011 (Vol. 1) Tr. 18:23-19:5 (P. Marlow Testimony).

17. To prepare these fashion samples, Ms. Marlow worked with three different seamstresses who had day jobs at Mattel. Ms. Cabrera worked with Ms. Marlow from October 2000 through mid-2005, while employed by Mattel. 2/25/2011 (Vol. 1) Tr. 18:10-15 (P. Marlow Testimony). Ms. Morales worked with Ms. Marlow from October 2001 through mid-2005, while employed by Mattel. *Id.* at 18:16-22. Both Ms. Cabrera and Ms. Morales worked with Ms. Marlow from Ms. Cabrera's garage. *Id.* at 85:23-86:5. Ms. Cabrera and Ms. Morales were both fired by Mattel in 2008, three years after their relationship with Ms. Marlow ended, when Mattel learned of this previous conduct. 3/30/2011 (Vo. 1) Tr. 83:10-84:15, 86:16-22 (Thomas Testimony).

18. Ms. Salazar worked with Ms. Marlow beginning in October 2000 and was laid off by Mattel in March 2001. *Id.* at 18:6-9; 4/7/2011 (Vol. 1) Tr. 49:4-14 (Dail Testimony). Ms. Salazar worked on Ms. Marlow's projects from her garage. 2/25/2011 (Vol. 1) Tr. 61:25-62:10, 84:23-85:6 (P. Marlow Testimony).

19. Ms. Cabrera and Ms. Morales received favorable performance reviews during the period they were working for Ms. Marlow. 4/7/2011 (Vol. 1) Tr. 43:25-46:14, 47:12-49:3 (Dail Testimony).

20. There is no evidence that Ms. Salazar, Ms. Cabrera or Ms. Morales failed to perform their work for Mattel. There is no evidence that Ms. Salazar, Ms. Cabrera or Ms. Morales received money from Mattel for work that they failed to perform.

21. Mattel did not present evidence of restitutionary damage relating to its employment relationships with Ms. Salazar, Ms. Cabrera or Ms. Morales.

22. The jury found that neither MGA nor Mr. Larian intentionally interfered with Mattel's contracts with Ms. Cabrera, Ms. Morales, and Ms. Salazar. Dkt. No. 10518 (Jury Verdict) at 27-28.

23. Carter Bryant was an employee of Mattel for two separate periods. The second period was from January 4, 1999 to October 19, 2000. 1/28/2011 (Vol. 1) Tr. 62:11-13 (Bryant Testimony); 2/1/2011 (Vol. 3) Tr. 7:9-16 (Bryant Testimony).

24. Mr. Bryant received a salary for the work he performed at Mattel. TX 13.

25. There is no evidence that Mr. Bryant failed to perform his work at Mattel. Mattel also did not present evidence that Mr. Bryant received money from Mattel for work that he failed to perform.

26. Mattel did not present evidence of restitutionary damage relating to its employment relationship with Mr. Bryant.

## CONCLUSIONS OF LAW

1. California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, prohibits "any unlawful, unfair or fraudulent business act or practice."

2. Because a UCL claim is equitable in nature, the Court, rather than the jury, must decide whether a party engaged in such an act or practice. *Bradstreet v. Wong*, 161 Cal. App. 4th 1440, 1458 (2008). In making this determination, the Court is bound by the explicit and implicit findings of the jury. *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993); *Floyd v. Laws*, 929 F.2d 1390, 1397 (9th Cir. 1991); *Miller v. Fairchild Indus.*, 885 F.2d 498, 507 (9th Cir. 1989); *see also EchoStar Satellite Corp. v. NDS Group PLC*, 2008 WL 4596644, at *4 (C.D. Cal. Oct. 15, 2008) (finding same in context of § 17200).

3. The statute of limitations for a claim pursuant to § 17200 is four years. Cal. Bus. & Prof. Code § 17208.

## I. UNLAWFUL CONDUCT

4. Under the "unlawful" prong, the UCL borrows violations of other law. *Cel-Tech Comm'ns Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). An unlawful act is one "forbidden by law, be it civil or criminal, federal, state or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994).

### A. Intentional Interference with Contract

5. Intentional interference with contract requires a showing that "(1) a valid contract exists between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pacific Gas & Elec. Co. v. Bear Stearns & Co.* (1990) 50 Cal. 3d 1118, 1126 (1990) (internal citations omitted).

6. Mattel's intentional interference with contract claims relating to Mr. Bryant, Ms. Cabrera, Ms. Morales, and Ms. Salazar were decided by the jury. The jury found MGA and Mr. Larian liable with respect to Mr. Bryant's contract with Mattel, but not for interference with the contracts of Ms. Cabrera, Ms. Morales, and Ms. Salazar. The finding with regard to Ms. Cabrera, Ms. Morales, and Ms. Salazar is binding on this Court and precludes a finding that the actions of MGA or Mr. Larian with respect to Ms. Cabrera, Ms. Morales, and Ms. Salazar constitute a § 17200 violation.

7. As for Mr. Bryant, as noted below, there are no recoverable damages. Moreover, the claim is barred by the statute of limitations. *See* Dkt. No. 10518 (Jury Verdict) at 28.

**B.  California Commercial Bribery Law**

8.  California Penal Code § 641.3 provides in relevant part: Any employee who solicits, accepts, or agrees to accept money or any thing of value from a person other than his or her employer, other than in trust for the employer, corruptly and without the knowledge or consent of the employer, in return for using or agreeing to use his or her position for the benefit of that other person, and any person who offers or gives an employee money or any thing of value under those circumstances, is guilty of commercial bribery. Cal. Penal Code §641.3(a).

9.  For purposes of California Penal Code § 641.3, "employee" means an officer, director, agent, trustee, partner or employee; "employer" means a corporation, association, organization, trust, partnership or sole proprietorship; "corruptly" means that the person specifically intends to injure or defraud (A) his or her employer, (B) the employer of the person to whom he or she offers, gives, or agrees to give the money or a thing of value, (C) the employer of the person from whom he or she requests, receives, or agrees to receive the money or a thing of value, or (D) a competitor of any such employer. Cal. Penal Code § 641.3(d).

10. Mattel has not proven that MGA provided any Mattel employee with money or anything of value in return for the employee using his or her position at Mattel to benefit MGA.

11. With respect to the Seamstresses, there is no evidence that the work that they performed for Ms. Marlow had any relation to their jobs at Mattel. The mere fact that they sewed fashions for both Mattel and Ms. Marlow does not establish that they intended to "injure or defraud" Mattel. Rather, the Seamstresses were engaged in business activities outside of their work hours at Mattel, which is not forbidden under Penal Code § 641.3. Moreover, an

employee's right to perform work outside of his or her primary employment is specifically codified in Labor Code § 2863.

12. With respect to Mr. Bryant, Mattel's claim also fails. In so far as Mattel's claim relates to work done by Mr. Bryant for MGA's benefit while he was a Mattel employee, it fails for the same reason Mattel's claim regarding the Seamstresses fails – there is no evidence that Mr. Bryant intended to "injure or defraud" Mattel. Rather, Mr. Bryant was using his skills for business activities outside his employment with Mattel. Even if Mattel had forbidden its employees from doing this contractually, "moonlighting" does not amount to commercial bribery.

13. Mattel has not established "unlawful" conduct with respect to commercial bribery.

## II. UNFAIR CONDUCT

14. In *Cel-Tech*, the California Supreme Court defined "unfair conduct" for the purposes of § 17200 as it relates to suits by competitors as follows: When a party claims to have suffered injury from a direct competitor's "unfair" act or practice, the word "unfair" is defined as conduct that [1] threatens an incipient violation of an antitrust law, or [2] violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of law, or [3] otherwise significantly threatens or harms competition. *Cel-Tech*, 20 Cal. 4th at 186-87 (footnote omitted).

15. Mattel has not proven an unfair act or practice. Neither the "moonlighting" of the Seamstresses and Mr. Bryant nor MGA's entering into a contract with Mr. Bryant for the development of the Bratz dolls threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of law, or otherwise significantly threatens or harms competition.

MGA PARTIES' FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE MATTEL'S UNFAIR COMPETITION CLAIM
CV-04-9049 DOC (RNBx)

16. Further, California has a "settled legislative policy in favor of open competition and employee mobility. The law protects Californians and ensures that 'every citizen shall retain the right to pursue lawful employment and enterprise of their choice.'" *Edwards v. Arthur Anderson LLP*, 44 Cal. 4th 937, 946 (2008) (citations omitted). A state with law that so strongly supports employee mobility cannot be read to support a limitation on secondary employment or future employment in the manner that Mattel posits. *See* Cal. Bus. & Prof. Code § 16600; Cal. Labor Code § 2863. Actions protected under Business and Professions Code § 16600 and Labor Code § 2863 cannot be the basis for a finding of "unfair" conduct under § 17200. *See Chavez v. Whirlpool Corp.*, 93 Cal. App. 4th 363, 375 (2002) ("conduct that the courts have determined to be permissible . . . cannot be deemed 'unfair' under the unfair competition law.").

17. Mattel has not shown that MGA or Mr. Larian engaged in "unfair" conduct under § 17200. Moreover, the jury's findings in favor of MGA and Mr. Larian with regard to Mattel's claims of intentional interference with the contract of the Seamstresses binds the Court and precludes a finding that MGA or Mr. Larian engaged in "unfair" conduct with regard to the Seamstresses.

### III. FRAUDULENT CONDUCT

18. To make a showing of "fraudulent" unfair business competition, the claimant must prove the opposing party engaged in conduct that is likely to deceive members of the public. *Bank of the West v. Superior Court,* 2 Cal. 4th 1254, 1267 (1992).

19. The conduct at issue in Mattel's unfair competition claim – secondary employment of Mattel employees – does not impact members of the public. Thus, Mattel has not shown that MGA engaged in conduct that is likely to

- 9 -

1 deceive members of the public. In addition, there is no evidence of
2 fraudulent conduct by MGA or Mr. Larian.

### IV. THE CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

20. Mattel first alleged its unfair competition claim in its Amended Answer and Counterclaims that it sought leave to file on November 20, 2006. Dkt. No. 89 (Motion for Leave to Amend); Dkt. No. 143 (Amended Answer and Counterclaims). Assuming that the operative date for the purposes of determining the statute of limitations is November 20, 2006 (the date on which Mattel sought leave to file its Amended Answer and Counterclaims), Mattel's claim is barred by the statute of limitations. The jury determined that Mattel discovered or should have discovered its claim of intentional interference with contract by April 27, 2002, Dkt. No. 10518 at 28, which is more than four years prior to the time that Mattel sought leave to file its unfair competition claim.

21. As a result, Mattel's claim is barred by the statute of limitations.

### V. MATTEL HAS NO AVAILABLE RELIEF

22. California's Unfair Competition law does not provide for damages, but rather allows only injunctive relief or restitution. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266 (1992).

#### A. Mattel Has No Restitution Claim

23. Restitution permits the Court to "restore to any person in interest any money or property, real or personal, which may have been acquired by means of . . . unfair competition." Cal. Bus. & Prof. Code § 17203. Restitution in the unfair competition context is "to restore the status quo by returning to the plaintiff funds in which he or she had an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th at 1149.

24. Mattel has not shown that it has an interest in money or property that was acquired by MGA or Mr. Larian as a result of any claimed unfair competition. Mr. Bryant, Ms. Cabrera, Ms. Morales, and Ms. Salazar were not the "property" of Mattel, nor could Mattel own their skills.

25. To the extent Mattel has claimed it is entitled to the Bratz line of dolls or any lost profits under its unfair competition claim, Mattel's claims are doubly barred. First, Mattel is not seeking restitutionary damages. Dkt. No. 7676 at ¶ 204 (requesting "lost profits" and "compensatory and exemplary damages"). This is evidenced, in part, by the fact that Mattel is seeking the same damages under its § 17200 claim damages that it sought in connection with its other tort claims. *Id.* at ¶¶ 164-165, 204. Under such circumstances, courts have rejected a party's attempt to obtain relief under § 17200 by using the expediency of changing the label on the relief sought. *See Korea Supply*, 29 Cal. 4th at 1150-51 (explaining that a party is not seeking restitution where restitution claim matches damages claimed for intentional interference with prospective economic advantage); *United States v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1156 (C.D. Cal. 2005) (noting that plaintiff was not seeking restitution where it was requesting the same monetary relief for its tort claims as its 17200 claim). Second, any claim of ownership of Bratz by Mattel is wholly barred by the jury finding that Mattel does not own Bratz under any of Mattel's legal theories.

**B.     Mattel Is Not Entitled to Injunctive Relief**

26. An injunction is only available under § 17200 if the unlawful practice "is ongoing or likely to recur." *Madrid v. Perot Sys. Corp.* 130 Cal. App. 4th 440, 463 (2005).

27. Mattel has not demonstrated that the conduct at issue is likely to recur. The challenged conduct at issue happened between six and eleven years ago. Further, the employees whose conduct is at issue no longer work for Mattel

1  and have not for years. Mr. Bryant and Ms. Salazar have not worked for
2  Mattel in more than a decade, and Mattel fired Ms. Cabrera and Ms. Morales
3  three years ago.
4  28. Moreover, an injunction that regulates MGA's conduct with respect to other
5  Mattel employees is neither warranted by the facts nor appropriate in light of
6  California's strong public policy in favor of employee mobility.

## CONCLUSION

Mattel is not entitled to any relief under its unfair competition claim.

Dated: April 26, 2011    Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By: */s/ Warrington S. Parker III*
Warrington S. Parker III
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN