**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                                                 Date: May 9, 2011

Title: MATTEL, INC. V. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

    Julie Barrera                                                                        Not Present
Courtroom Clerk                                                                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:            ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                                     NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DIRECTING REVIEW OF ATTORNEY BILLING
RECORDS BY SPECIAL MASTER FOR DISCOVERY

       MGA Entertainment, Inc., MGAE Entertainment (HK) Ltd., Isaac Larian, and MGAE de Mexico S.R.L. de CV (the "MGA Parties") have moved for an award of attorneys' fees pursuant to Cal. Civ. Code § 3426.4 and 15 U.S.C. § 505.  See Docket 10539; Docket 10542.  Carlos Gustavo Machado Gomez ("Machado") has also moved for an award of attorneys' fees pursuant to Cal. Civ. Code § 3426.4.  See Docket 10534.  Because the calculation of reasonable attorneys' fees — to the extent such fees are deemed recoverable — will likely require the review of voluminous attorney billing records, the Court directs the Special Master for Discovery, Robert C. O'Brien, esq., to conduct an initial review of the attorney billing records submitted by the moving parties and prepare a Report and Recommendation to the Court in connection with that review.

       On or before May 12, 2011, the MGA Parties and Mr. Machado shall submit to the Special Master the following:

    1.    Binders organized in chronological order and tabbed by month containing a copy of each invoice setting forth tasks for which the moving parties seek to recover their attorneys' fees.  The invoices shall be true and correct copies of the invoices actually submitted to the moving parties by their attorneys in the course of the litigation.  Each invoice shall be highlighted to indicate all tasks for which the moving party seeks to recover its attorneys' fees.  If an entry for a particular date

    contains both tasks related to the fee request and other tasks unrelated to the fee request, the moving party shall highlight only the portion of the entry describing the tasks related to the fee request. If a single time value is assigned to such an entry, the moving party shall indicate the portion of the time value associated with the tasks related to the fee request. Where it is not evident from the description of the task how the task is related to the claim on which the moving party was found to be the prevailing party, the moving party shall provide a narrative explaining the relationship in a manner sufficient to enable the Special Master to evaluate whether the request is proper.

2. A thumb drive containing: (a) scans of the above-referenced invoices and narratives; and (b) a document in Word format showing the total dollar amount of fees sought for each month and the individual daily fees comprising that total amount. For instance, if the total amount of $50,000 were sought for February 2010, the moving party would list the individual amounts incurred on each date by each timekeeper comprising the total, in the following format:

<u>Date: Feb. 1, 2010</u>    <u>Fees billed</u>

Timekeeper: John Smith  $2,500

Timekeeper: Mary Jones  $3,200

Timekeeper: Tom Anderson $1,800

          Total: $7,500

The Clerk shall serve this minute order on all parties to the action.