ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br>**DISCOVERY MATTER**<br>[To Be Heard by Special Master O'Brien Pursuant to Order of May 9, 2011]<br>**NOTICE OF *IN CAMERA* SUBMISSION TO SPECIAL MASTER IN COMPLIANCE WITH ORDER DATED MAY 9, 2011 DIRECTING REVIEW OF ATTORNEY BILLING RECORDS BY SPECIAL MASTER FOR DISCOVERY**<br>Judge: Hon. David O. Carter |

Pursuant to the Court's Order dated May 9, 2011 (Dkt. # 10547), MGA Parties are submitting *in camera* to the Special Master the following:

1) Binders containing true and correct copies of the invoices submitted to MGA Parties by their attorneys in the course of the litigation setting forth the tasks for which the moving parties seek to recover their attorneys' fees. These invoices are organized chronologically and tabbed by month. The entries describing the tasks related to the fee requests are highlighted.[1]

2) A thumb drive containing (a) scans of the invoices organized chronologically in folders by month; and (b) documents in Word format showing the total dollar amount of fees for each month and the individual daily fees comprising that total amount of fees sought for: (i) MGA Parties' Motion for Award of Attorneys' Fees and "Full Costs" Under Section 505 of the Copyright Act ("Copyright Motion") (Dkt. # 10542), and (ii) MGA Parties' Motion for Exemplary Damages and Fees Pursuant to California's Uniform Trade Secret Act, Cal. Civ. Code §§ 3426.3, 3426.4 ("CUTSA Motion") (Dkt. # 10539).[2] The Word format requested by the Court does not account for any fee discounts that may have been negotiated between MGA and the legal service providers, which could explain any discrepancies in the totals.

MGA submits these documents *in camera* because the full invoices contain confidential attorney client communications and information protected by the

---

[1] In addition to the fees highlighted pursuant to the Court's Order (Dkt. # 10547), MGA also seeks the costs and disbursements reflected in the invoices submitted herewith, along with the costs and disbursements to other third parties, through its motions (*see* Dkt. # 10539 & 10542).

[2] MGA respectfully notes that DepoSums and Special Counsel billed a flat rate per page of transcript summarized, not by timekeeper or by the number of hours billed. Further, their invoices do not reflect the date the work was performed. As a result, the Word document does not reflect a timekeeper and is sorted by either transcript date or invoice date, depending on which is available.

attorney work product doctrine. Redacted versions of these invoices were filed and served with the Declaration of Stephen Schultz (Dkt. # 10536, Notice of Lodging).

MGA respectfully submits that it received additional invoices that reflect recoverable fees after filing its motions and the Declaration of Stephen Schultz. These invoices include the following:

1) <u>Keller Rackauckas</u>: invoice number 5 dated 5/10/11.

2) <u>Trial Asset</u>: invoice dated 5/9/11.

3) <u>Special Counsel</u>: invoice numbers 4337079, 4349038, 4358883, 4358923, 4368179, 4377885, 4393065, 4393066, 4403764, 4411809, 4415999, 4427467, 4441633, 4451737, 4451738, 4453245, 4462425, 4463686.

MGA seeks recovery of fees and costs reflected in these invoices in connection with its Copyright Motion and includes the invoices herewith. MGA will supplement the Declaration of Stephen Schultz with these invoices and any additional invoices that MGA receives with recoverable fees and costs, as this litigation is ongoing and fees and costs continue to be incurred.

In connection with the portion of the Court's Order that MGA Parties "provide a narrative explaining the relationship in a manner sufficient for the Special Master to evaluate whether the request is proper," MGA responds as follows:

**<u>Copyright Motion (Dkt. #10542)</u>**

MGA respectfully submits that the descriptions provided in the invoices submitted herewith, which pertain to matters that are inextricably intertwined with the copyright defense, are sufficient to support a fee award under the Copyright Act. As set forth in MGA's Copyright Motion, the core factual contention of Mattel's copyright claim, and all of its other claims as well, was that Mattel was the true owner of Bratz and that Mattel should be awarded damages because MGA improperly acquired and exploited something that Mattel owned. Copyright Motion at 1-3, 15-16. When the claims upon which the prevailing party prevailed

1  are inextricably intertwined, the Court need not apportion amongst the various
2  claims in awarding fees. *Id*. at 14-15; *see Hensley v. Eckerhart*, 461 U.S. 424, 435
3  (1983); *Twentieth Century Fox Film Corporation v. Entertainment Distributing*,
4  429 F.3d 869, 884 (9th Cir. 2005); *Webb v. Sloan*, 330 F.3d 1158 (9th Cir. 2003);
5  *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001); *Yankee Candle Co., Inc. v.
6  Bridgewater Candle Co, LLC*, 140 F. Supp. 2d 111, 122-23 (D. Mass. 2001), *aff'd*,
7  259 F.3d 25 (1st Cir. 2001). Ninth Circuit law is clear that fee awards may include
8  costs and fees associated with defending against other claims that "involve a
9  common core of facts or are based on related legal theories," and costs and fees
10 incurred during appeal. *Twentieth Century Fox Film Corporation v. Entertainment
11 Distributing*, 429 F.3d 869, 884 (9th Cir. 2005) (costs incurred during appeal are
12 part of "winning the war"). MGA's successful Phase 1 appeal and defense to all
13 intertwined claims were part of "winning the war" and furthered the purposes of the
14 Copyright Act. Copyright Motion at 8-14.

15     The law firms that MGA has retained during this litigation categorize their
16 bills into matter numbers. In its Copyright Motion and the accompanying
17 Declaration of Stephen Schultz, MGA identified the matter numbers that relate to
18 the defense of the Mattel's copyright claims and to those claims that are
19 inextricably intertwined. The matter numbers reflected on the invoices submitted
20 for the Copyright Motion are the following:

21  - O'Melveny: matter number 4 (Mattel v. Bryant), matter number 8 (MGA
22    v. Mattel), matter number 27 (MGA document review).
23  - Skadden: matter number 1 (general Mattel), matter number 6 (Phase 2
24    transition), matter number 7 (stay application), matter number 9 (retrial
25    advice).
26  - Orrick: matter number 2005 (defense) and matter number 2006 (defense).
27  - Howard Rice: matter number 6 (Mattel appeal).
28

1  - <u>Sidley Austin</u>: matter number 40030 (deposition defense) and matter
2    number 40050 (Margaret Leahy).
3  - <u>Pachulski Stang</u>: "Mattel issues" (retained for issues pertaining to the
4    receivership).

5   Declaration of Stephen Schultz. In addition to these matters, MGA includes in its
6   requests all fees billed by Keller Rackauckas LLP and Trial Asset because they
7   were retained specifically for the 2011 trial, which was inextricably intertwined
8   with the copyright defense. Similarly, MGA includes all fees of American
9   Discovery, DepoSums and Special Counsel in its request as the discovery work and
10  transcript summaries provided by these entities are likewise intertwined.

11      MGA has excluded from its fee request under the Copyright Act matters that
12  do not pertain to its copyright defense. For example, MGA excludes two matter
13  numbers that relate to its affirmative claims against Mattel, as discussed below:
14  O'Melveny matter number 8 (MGA v. Mattel) and Orrick matter number 2004
15  (affirmative claims). *See* Declaration of Stephen Schultz.

16      Accordingly, MGA respectfully submits that the detail provided in the
17  invoices for the matters identified above is sufficient to support a fee award. No
18  further narrative is required under the Copyright Act.

19                    **CUTSA Motion (Dkt. # 10539)**

20      Likewise, MGA respectfully submits that the invoices submitted with its
21  CUTSA Motion pertain to only two matter numbers specific to MGA's affirmative
22  claims, and the detail therein is sufficient to support a fee award under CUTSA. In
23  its CUTSA Motion, MGA seeks only fees billed in connection with its affirmative
24  claims against Mattel, namely O'Melveny matter number 8 (MGA v. Mattel) and
25  Orrick matter number 2004 (affirmative claims). Dkt. # 10539 at 32-33;
26  Declaration of Stephen Shultz. As detailed in the CUTSA Motion, these include
27  MGA's claims that Mattel serially copied MGA products as alleged in CV-05-2727
28  and MGA's Counterclaims in Reply against Mattel. It was discovery into the

1  affirmative claims of CV-05-2727 that led MGA to discover that Mattel had
2  misappropriated trade secrets—the two are inextricably intertwined in fact and law.
3  Similarly, the claims set forth in the Counterclaims in Reply, which comprise
4  MGA's trade secret misappropriation claim and civil RICO claim (alleging that
5  Mattel conspired to steal MGA's trade secret information), were both based on the
6  common assertion that Mattel had stolen MGA's confidential trade secret
7  information.  Under such circumstances, an award for pursuit of such claims is
8  warranted without further apportionment.  Dkt. # 10539 at 30-34; *see Hensley*, 461
9  U.S. at 435 (common core of facts or related legal theories); *Reynolds Metal Co. v.*
10 *Alpeson*, 25 Cal. 3d 124, 129-30 (1979)  (no apportionment on "an issue common
11 to both a cause of action in which the fees are proper and one in which they are not
12 allowed."); *Fed-Mart Corp. v. Price*, 111 Cal. App. 3d 215, 227 (1980) (affirming
13 statutory award of fees absent a court determination of the precise number of hours
14 expended where the prevailing party relied on three factually intertwined but
15 distinct theories of recovery and "it would be impracticable, if not impossible, to
16 separate the multitude of conjoined activities into compensable or noncompensable
17 time units.").

18      MGA's fee request for the hours necessary to bring its affirmative claims,
19 namely those billed under O'Melveny matter number 8 (MGA v. Mattel) and
20 Orrick matter number 2004 (affirmative claims), provides sufficient detail to
21 recover fees under CUTSA.

22 Dated: May 12, 2011         Respectfully submitted,
23                             ORRICK, HERRINGTON & SUTCLIFFE LLP
24
25                             By:    */s/ Diana M. Rutowski*
                                      Diana M. Rutowski
26                             Attorneys for MGA ENTERTAINMENT, INC.,
                               MGA ENTERTAINMENT HK, LTD., MGA de
27                             MEXICO, S.R.L. de C.V., and ISAAC LARIAN
28