QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S RESPONSE TO MGA'S MOTION FOR JUDGMENT ON MATTEL'S INTENTIONAL INTERFERENCE WITH CONTRACT AND UNFAIR COMPETITION CLAIMS**<br><br>Hearing Date:  TBD<br>Time:                TBD<br>Place:               Courtroom 9D<br><br>Discovery Cut-off:   October 4, 2010<br>Pre-trial Conf:          January 4, 2011<br>Trial Date:               January 11, 2011 |

MGA's overblown 33-page motion for judgment is a prime example of the wasteful approach it has taken in litigating this case.

MGA seeks judgment on Mattel's unfair competition claim. Mattel's UCL claim is being tried to the Court, not the jury, and hence cannot be the subject of a JMOL. Fed. R. Civ. P. 50(a) ("If a party has been fully heard on an issue *during a jury trial* . . . ."). More to the point, Mattel made plain, when it did not submit proposed findings of fact and conclusions of law in support of its UCL claim, and in response to MGA's *prior* submission on that claim (Dkt. 10524), that "Mattel is not seeking further relief under the UCL" in light of the jury's verdicts. Dkt. 10532 at 1. MGA recognized as much—it quotes that very language in its JMOL. Dkt. 10535 at 17. Yet for no apparent reason, MGA chose to waste tens of thousands of dollars on its lengthy JMOL to defeat—including by misstating the law—this already defeated claim.

MGA also seeks judgment on Mattel's intentional interference claim. Its wasteful work on that portion of its motion likewise could easily have been avoided by making a simple phone call to meet and confer (which MGA did not do). While most of MGA's arguments are erroneous, Mattel does not dispute that the jury's verdict on the statute of limitations issue (Question 23) undermines the timeliness of Mattel's claim for interference.

Given the breadth of its motion for copyright fees, presumably MGA either has or will (Mattel cannot tell which it is) seek reimbursement of the fees it expended on this motion (even though it obviously has nothing to do with Mattel's copyright claim). Should MGA make such a request, it should be denied.

DATED: May 12, 2011        QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.

00505.07975/4137496.1

-1-
MATTEL'S RESP. TO MOTION FOR JUDGMENT RE: INTENTIONAL INTERFERENCE AND UCL CLAIMS