# EXHIBIT 1

# The Work

January 12, 2011 9:00 PM

## Mattel v. MGA: Welcome Back to the Dollhouse

Posted by Drew Combs

Many of the pre- and early teen girls who made Bratz dolls among the toy industry's most popular products last decade have reached drinking age and probably put the dolls away. But the battle over the line of pouty-lipped dolls between toy companies Mattel, Inc., and MGA Entertainment, Inc., continues unabated.

On Thursday, the nearly seven-year long litigation enters a new phase with the opening of a retrial to determine whether any rights to the doll line belong to Mattel, which alleges the dolls were first conceived by a toy designer on their payroll, or whether the line is owned entirely by MGA, which brought Bratz to market in 2001.

The retrial comes more than two years after a federal jury in Riverside, California, ruled that the toy designer, Carter Bryant, created the Bratz doll line while under contract with Mattel and awarded the toy industry heavyweight $100 million in damages. (Bryant initially was a party to the case but settled with Mattel days before the first trial began on May 27, 2008, agreeing to pay the El Segundo, Calif.-based toy company $2 million.)

The judge overseeing the case at that time, Stephen Larson, would later grant Mattel an injunction preventing Van Nuys, Calif.-based MGA from selling Bratz dolls based on Mattel's rights to the initial Bratz sketches. But in a December 9, 2009, ruling, the U.S. Court of Appeals for the Ninth Circuit lifted the injunction, allowing MGA to continue to sell the dolls until the court issued a final ruling in MGA's overall appeal of the trial court ruling.

That decision came on July 22, 2010. In a 24-page ruling, the appeals court threw out many of the trial court's rulings. It found that Larson committed errors and abuses of discretion, beginning with his summary judgment interpretation of the Bratz designer's employment contract with Mattel.

Judge Larson had ruled that all of the designer's creations during his employment with Mattel--even those he conceived outside of work hours--belonged to Mattel; the Ninth Circuit panel ruled the contract terms were at best ambiguous and should have been decided by the jury.

The appeals court ruling set the stage for a new trial. Chief judge Alex Kozinski, writing for the three-judge panel, explained that "because several of the errors we have identified appeared in the jury instructions, it's likely that a significant portion--if not all--of the jury verdict and damage award should be vacated, and the entire case will probably need to be retried."

Which brings this all to Thursday's retrial...almost.

http://amlawdaily.typepad.com/amlawdaily/2011/01/bratzretrial.html                    5/12/2011

**Exhibit 1 - Page 6**

The case currently is overseen by Santa Ana, Calif.-based federal district court judge David Carter. (Judge Larson resigned his position Nov. 2, 2009, to return to private practice, citing the low pay of federal judges.) The judge and venue aren't the only differences from the original seven-week trial that began in May 2008. Each side has ratcheted up its claims and tactics. Mattel now is alleging unfair competition by MGA, while in turn, MGA claims Mattel stole some of its trade secrets. (In a summary judgment ruling handed down on January 5, Judge Carter threw out claims by MGA that Mattel engaged in a RICO conspiracy with its lawyers at Quinn Emanuel Urquhart & Sullivan.)

There are changes at counsel tables, too. MGA, which has called on more than nine law firms at various points in the trial and appellate phases of the litigation, was represented by Skadden, Arps, Slate, Meagher & Flom at the initial trial. The retrial will be handled by Orrick, Herrington & Sutcliffe, which successfully argued the appeal. (O'Melveny & Myers, which had previously represented MGA in the case, filed a lawsuit against the toy company in July 2010 seeking $10.2 million in unpaid fees. MGA, which countersued O'Melveny alleging malpractice, wanted those proceedings stayed until its case against Mattel is resolved, but on Nov. 12, 2010, a Los Angeles County superior court judge ruled that the case could proceed.)

Mattel, meanwhile, again will be represented by Quinn, the same firm that worked on the initial trial for the toy giant.

If MGA had its way, a rematch between Skadden and Quinn would be on the bill. As the January 13 trial date approached, Orrick asked to withdraw from the case. Judge Carter rebuffed the requests citing disruption to the trial schedule. On December 29, MGA filed an emergency appeal to the Ninth Circuit stating that it wanted to replace the Orrick team, which lacks sufficient trial experience, with Skadden. (Criminal defense attorney Jennifer Keller of Irvine, Calif.-based Keller Rackaukas also represents MGA in the case.)

Mattel opposed the request to remove Orrick, arguing in a filing that "It would be unprecedented to force a district court to continue a trial because a party suddenly decides, right before trial, that its longtime counsel (consisting of dozens of lawyers at a respected firm) isn't good enough anymore."

While Mattel and their lawyers at Quinn wanted to keep Orrick in, they fought to keep lawyer Patricia Glaser of Los Angeles firm Glaser Weil Fink Jacobs Howard & Shapiro out of the case. The firm wanted Glaser, who joined the case in Nov. for the second time, disqualified because her firm hired a former Quinn associate. Glaser, who represented MGA along with O'Melveny before the first trial, exited the case for the second time after a Dec. 20 ruling that allowed her, but not her firm, to remain involved.

Lawyers from Orrick won't be following Glaser. Last Thursday, the Ninth Circuit denied MGA's request to remove the firm from the case.

Exhibit 1 - Page 7

# EXHIBIT 2



| News, cases, companies, firms, attorneys, judges | Search |  |

| Sections | Search News | Find Cases | Find Documents | Find Attorneys | Research Companies | Track Industries | Quinn Emanuel Urq... | Sign In |

## O'Melveny Says MGA Owes $10M In Bratz Legal Fees

Discover The New Law360

Share us on:
By **Erin Fuchs**

Law360, New York (July 14, 2010) -- O'Melveny & Myers LLP is claiming that MGA Entertainment Inc. skipped out on a $10.2 million legal tab for the firm's work defending the company in an epic copyright and employment spat over Bratz dolls that resulted in a $100 million jury verdict for plaintiff Mattel Inc.

The breach of contract suit, filed Tuesday in the Superior Court of the State of California for the County of Los Angeles, claims that O'Melveny withdrew from the Bratz dispute after MGA refused to pay the firm for many months of work on the case.

O'Melveny has unsuccessfully attempted to collect the $10.2 million directly and through professional mediation since its October 2007 withdrawal from the copyright case, according to the suit.

"O'Melveny reluctantly brings this litigation only as a last resort," a firm spokeswoman said Tuesday.

In its seven-page complaint, O'Melveny claims that MGA's behavior regarding fees also has caused other firms to withdraw from representing the company in the Bratz case.

"MGA's conduct has resulted in what may be described as a revolving door of law firms in connection with the Bratz matters," the suit said.

William Gwire of Gwire Law Offices, who represents MGA in the case, said that O'Melveny's allegation that his client's failure to pay fees spurred other firms to withdraw from the Bratz case was irrelevant to the $10.2 million dispute.

"MGA suspects, however, that the number of firms MGA may have parted with over fee issues is far less than the number of clients that have parted ways with O'Melveny over fee issues," Gwire said.

O'Melveny's total billings amounted to more than $23 million generated by 300 individuals, $13 million of which MGA has already paid, he added.

In fact, Gwire said, his client deserves a refund.

"But, the disputes between O'Melveny and MGA are not, and never were, limited to fees, but included serious questions about the caliber, quality and competency of O'Melveny's work in the Mattel litigation, which MGA contends caused losses to MGA that dwarf the amounts being claimed by O'Melveny," he said.

MGA will file its formal response with the court in the next few days, Gwire said.

### Documents

Complaint

### Related

**Sections**
Intellectual Property
Employment
Contract
Top News
California

**Law Firms**
Gibson Dunn
Kinsella Weitzman
O'Melveny & Myers
Skadden Arps

**Companies**
Mattel, Inc.

**Articles**
MGA, Mattel Subpoenas Killed In Bratz IP Spat

Mattel Wants O'Melveny Sanctioned In Bratz IP Spat

Jury Verdict In Epic Bratz Battle Reached

Barbie Maker Comes Out On Top In Dispute Over Bratz

Mattel 'Interested' In Resolving Bratz Spat: Attorney

### Top News

**Lime Wire Pays $105M To Settle With Record Cos.**

File-sharing software maker Lime Wire LLC and its founder abruptly settled a copyright infringement suit with Warner Music Group Corp. and three other record companies for $105 million Thursday, cutting short what could have been a billion-dollar damages trial in New York.

**Senate Panel Asks DOJ To Reopen Ensign Probe**

The Senate Ethics Committee recommended on Thursday that the U.S. Department of Justice reopen its investigation into former Sen. John Ensign, accusing the Nevada Republican of violating lobbying and campaign finance laws in connection to an extramarital affair with an aide's wife.

**Retired Plumber Wins $41M In Calif. Asbestos Case**

A San Francisco jury on Wednesday ordered wallboard maker Kaiser Gypsum Co. Inc. to pay $20 million in punitive damages to a retired plumber suffering from mesothelioma who previously won $20.2 million in an asbestos suit against Kaiser, contractor FDCC California Inc. and others.

### California

**Sheen's $100M Contract Suit Swings On High Court Ruling**

A California state court judge asked for additional input Tuesday on recent case law before deciding whether to send Charlie Sheen's $100 million wrongful termination suit against Warner Bros. and "Two and a Half Men" co-creator Chuck Lorre to arbitration.

**Judge Nixes Punitives In AT&T Overtime Class Action**

A California federal judge on Thursday tossed what the defense said was essentially a claim of punitive damages in a putative class action alleging AT&T Mobility Services LLC failed to pay sales managers overtime.

**Calif. Court Revives Safeco Claim Against Lloyd's**

A California appeals court on Wednesday overturned a summary judgment decision for Lloyd's of London in a lawsuit Safeco Insurance Co. of America brought over defense costs in an underlying legal malpractice case that it settled for $10 million.

### Contract

**Sheen's $100M Contract Suit Swings On High Court Ruling**

A California state court judge asked for additional input Tuesday on recent case law before deciding whether to send Charlie Sheen's $100 million wrongful termination suit against Warner Bros. and "Two and a Half Men" co-creator Chuck Lorre to arbitration.

**OMB Official Skirts Contributions Disclosure Proposal**

Meanwhile, O'Melveny defended its representation of MGA.

"We are very proud of O'Melveny's high-quality work and extraordinary efforts on behalf of MGA on more than two dozen matters over a period of several years, including winning a jury trial victory on behalf of MGA against Art Attacks Ink" while preparing the Mattel case, a firm spokeswoman said.

According to the suit, the company hired O'Melveny to represent it in copyright litigation over MGA's Bratz dolls filed by Barbie maker Mattel against former Mattel employee Carter Bryant in May 2004.

After leaving the case in October 2007, O'Melveny assisted MGA's new counsel Skadden Arps Slate Meagher & Flom LLP in trying the case, the complaint alleges.

But a jury in the U.S. District Court for the Central District of California awarded Mattel $100 million in damages for copyright infringement and employment contract interference in August 2008.

Mattel claimed that Bryant, who freelanced for MGA, violated an employment agreement by helping the rival toy company develop its line of Bratz dolls while still employed by Mattel. MGA intervened in the case, claiming ownership of the Bratz properties.

A year later, MGA sued Mattel, claiming the toy giant infringed its copyrights and engaged in unfair competition by copying the Bratz products.

O'Melveny is represented by Gibson Dunn & Crutcher LLP and Kinsella Weitzman Iser Kump & Aldisert LLP.

MGA is represented by the Gwire Law Offices.

The case is O'Melveny & Myers LLP v. MGA Entertainment Inc., case number BC441593, in the Superior Court of the State of California for the County of Los Angeles.

---

A senior policy official with the Office of Management and Budget touted the benefits of increased transparency in the government contracts procurement process at a congressional hearing Thursday, but refused to specifically discuss a proposal that would require federal contractors to disclose political contributions.

Holland & Knight Rebuts Ex-Atty's Age Bias Claims

Holland & Knight LLP on Thursday hit back at a former partner suing the firm for age discrimination and breach of contract in New York state court, arguing the attorney was fired for cause and not subject to state nondiscrimination laws.

## Employment

Sheen's $100M Contract Suit Swings On High Court Ruling

A California state court judge asked for additional input Tuesday on recent case law before deciding whether to send Charlie Sheen's $100 million wrongful termination suit against Warner Bros. and "Two and a Half Men" co-creator Chuck Lorre to arbitration.

BofA, Merrill Specialists Protested Unpaid OT: Suit

Back office staffers suing Bank of America Corp. and Merrill Lynch & Co. Inc. over unpaid overtime wages amended their New York class action Thursday, saying so-called senior specialists had complained to their bosses about not being paid overtime.

Holland & Knight Rebuts Ex-Atty's Age Bias Claims

Holland & Knight LLP on Thursday hit back at a former partner suing the firm for age discrimination and breach of contract in New York state court, arguing the attorney was fired for cause and not subject to state nondiscrimination laws.

## Intellectual Property

I'm Glad High Court Nixed Cipro Cert Bid: FTC Commish

The U.S. Supreme Court's recent refusal to hear a challenge to pay-for-delay agreements won praise from an unexpected source Wednesday, as a Federal Trade Commission official said the deals' opponents would likely fare better in other pending cases.

Flynt Brother Can't Cash In On Hustler

An Ohio federal judge ruled Thursday that Jimmy Flynt can't claim a partnership interest in his older brother Larry Flynt's Hustler adult entertainment enterprise, saying Jimmy Flynt failed to prove in an infringement dispute that a partnership ever existed.

Lime Wire Pays $105M To Settle With Record Cos.

File-sharing software maker Lime Wire LLC and its founder abruptly settled a copyright infringement suit with Warner Music Group Corp. and three other record companies for $105 million Thursday, cutting short what could have been a billion-dollar damages trial in New York.

---

© Copyright 2011, Portfolio Media, Inc. | Home | About | Contact Us | Newsletter Sign-up | Site Map | Site Index | Jobs | Careers at Law360 | Mobile
Research Tools: Track Companies | Track Law Firms | Help Videos

**Exhibit 2 - Page 9**

# EXHIBIT 3



Select 'Print' in your browser menu to print this document.

Copyright 2011. ALM Media Properties, LLC. All rights reserved. *Corporate Counsel* Online

Page printed from: http://www.corpcounsel.com

Back to Article

---

## MGA Pleads to Retain Counsel — or at Least for a Delay of Bratz Doll Retrial

Amanda Bronstad
The National Law Journal
January 06, 2011

The manufacturer of the Bratz doll, facing the "horns of a difficult dilemma," has petitioned a federal appeals court to reinstate its lead counsel, whose firm was disqualified about three weeks before going to trial against Mattel Inc.

"The very existence of MGA is at stake in this lawsuit, and it would be an egregious denial of due process to deprive it of the opportunity to properly defend itself," wrote appellate lawyer John Andrews, a partner at Blecher & Collins in Los Angeles, in an emergency motion filed on Dec. 29 with the U.S. Court of Appeals for the 9th Circuit on behalf of MGA Entertainment Inc.

The plaintiff "is on the horns of a difficult dilemma, and certifies that emergency relief is needed in less than 21 days in order to avoid irreparable harm," he wrote.

MGA is asking the 9th Circuit to reinstate its lead counsel or, alternatively, give its new lawyer more time to prepare for trial, now scheduled to begin on Jan. 11. Otherwise, MGA will be forced to undertake a four-month trial "while being represented by counsel lacking sufficient trial experience rather than trial counsel of choice," Andrews wrote.

The disqualification was the latest legal headache for MGA, which has replaced its lawyers numerous times during the copyright dispute. The trial will be the second go-round for the two companies over whether Mattel owns the work and ideas of a former employee who designed the Bratz dolls.

On Dec. 20, U.S. District Judge David Carter in Santa Ana, Calif., disqualified Los Angeles-based Glaser, Weil, Fink, Jacobs, Howard & Shapiro from representing MGA as lead counsel. Mattel's lawyers had moved to disqualify Patricia Glaser, head of the firm's litigation department and lead counsel for MGA.

Citing a 2010 California appellate decision called *Kirk v. First American Title Ins. Co.*, Carter ruled that the Los Angeles-based firm had a conflict because it had just hired a former associate from Quinn, Emanuel, Urquhart & Sullivan, which is representing Mattel at trial. The associate, Jennifer Basinger, now a partner at Glaser Weil, had worked on the case for Mattel while at Quinn from 2002 to 2006.

Glaser, who was brought in to serve as lead counsel in August, argued that the firm had created an "ethical wall" to prevent Basinger from working on the case or divulging secrets to other lawyers. But Carter found that the only way Glaser could represent MGA would be to handle the case without her trial team and work at the offices of Orrick, Herrington & Sutcliffe, MGA's litigation counsel.

MGA appealed Carter's decision to the 9th Circuit. In the company's opening brief, Andrews noted that Basinger had worked only nine hours on the case and that MGA's lawyers were not invited to participate in the in camera evidentiary proceedings that led to the disqualification ruling.

Glaser, Andrews and one of Mattel's lawyers, Michael Zeller, a partner at Los Angeles-based Quinn, did not return calls for comment.

In addition to the disqualification ruling, MGA is appealing two other orders Carter issued on Dec. 21. In one, Carter refused to grant MGA at least two months for its new lead counsel to prepare for trial. MGA told the 9th Circuit it had retained New York-based Skadden, Arps, Slate, Meagher & Flom and Jennifer Keller, a criminal defense attorney at Keller Rackauckas in Irvine, Calif., to step in as lead counsel.

Carter also refused to grant a motion by Orrick to withdraw from representing MGA. According to MGA's emergency motion, Orrick, which MGA retained in July 2009, refused to work with Keller, who specializes in representing lawyers and judges.

Neither Keller nor Orrick's lead counsel on the case, Annette Hurst, a partner in San Francisco, returned calls for

**Exhibit 3 - Page 10**

comment.

MGA's lead counsel during the first trial was Thomas Nolan, a partner in the Los Angeles office of Skadden. Nolan did not return a call for comment regarding MGA's current relationship with the firm.

During the first trial, a jury awarded $100 million in damages to Mattel, but the 9th Circuit reversed, finding that the judge had abused his discretion in giving Mattel the rights to the dolls.

In 2009, MGA replaced Skadden with Glaser and Russell Frackman, a partner at Los Angeles-based Mitchell Silberberg & Knupp. Both were replaced by Orrick a few months later.

In a separate ruling on summary judgment motions, Carter found on Dec. 27 that Mattel couldn't pursue copyright infringement claims against MGA for models of Bratz dolls other than the first four, introduced in 2001, and two later models. Carter allowed Mattel to proceed on trade secret theft allegations.

Also See: Welcome to the Dollhouse: Bratz-Barbie Fight Takes Nasty New Turn (from *CC*)

Also See: Mattel Seeks to Disqualify Opposing Counsel in Bratz Fight (from *NLJ*)

**Exhibit 3 - Page 11**

# EXHIBIT 4

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              UNITED STATES DISTRICT COURT

 2            CENTRAL DISTRICT OF CALIFORNIA

 3                  EASTERN DIVISION           CERTIFIED
                                               TRANSCRIPT
 4

 5    _____

 6    CARTER BRYANT, an individual,   )

 7                  Plaintiff,        ) Case No.

 8        vs.                         ) CV 04-9049 DOC (RNBx)

 9    MATTEL, INC., a Delaware        ) Consolidated with

10    corporation,                    ) Case No. CV 04-9059

11                  Defendant.        ) Case No. CV 05-2727

12    _____ ) Volume VIII

13    AND CONSOLIDATED ACTIONS.       )

14    _____ )

15

16          CONFIDENTIAL - ATTORNEYS' EYES ONLY

17

18        Continued Videotaped Deposition of ROBERT A.

19        ECKERT, at 404 West Fourth Street, Suite D,

20        Santa Ana, California, commencing at 8:26 a.m.,

21        Wednesday, April 28, 2010, before Kae F.

22        Gernandt, RPR, CSR No. 5342.

23

24

25    Pages 1371 - 1652
                                                    1371
```



CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    APPEARANCES OF COUNSEL:
 2
 3         For the MGA Parties:
 4              ORRICK, HERRINGTON & SUTCLIFFE
                BY:  ANNETTE L. HURST
 5                  DIANA RUTOWSKI
                The Orrick Building
 6              405 Howard Street
                San Francisco, California  94105
 7              (415) 773-5700
                ahurst@orrick.com
 8              drutowski@orrick.com
 9         For Mattel, Inc.:
10              QUINN, EMANUEL, URQUHART, OLIVER & HEDGES
                BY:  MICHAEL ZELLER
11                  BRIDGET A. HAULER
                865 South Figueroa Street, Suite 1000
12              Los Angeles, California  90017
                (213) 443-3000
13              michaelzeller@quinnemanuel.com
                bridgethauler@quinnemanuel.com
14
15              ROBERT NORMILE, General Counsel
                JILL THOMAS, Assistant General Counsel
16              Mattel, Inc.
                333 Continental Boulevard
17              El Segundo, California  90245-5012
                (310) 252-2000
18
19         Discovery Master:
20              ARENT FOX
                BY:  DREW R. HANSEN
21              555 West Fifth Street, Suite 4800
                Los Angeles, California  90013
22              (213) 629-7400
                hansen.drew@arentfox.com
23
24         Also Present:
25              Alex Payan, Videographer
                                                    1372
```

Exhibit 4 - Page 13

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1
 2                        I N D E X
 3                      VOLUME VIII
 4
 5   WEDNESDAY, APRIL 28, 2010
 6
 7   WITNESS
 8
 9   ROBERT A. ECKERT
10
11   EXAMINATION BY                              PAGE
12   Ms. Hurst ....................................1374
13
14
15
16        QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER
17                     PAGE      LINE
18                     1587       18
19                     1618       22
20                     1620       10
21                     1620       19
22
23
24
25
                                                      1649
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                    DEPOSITION EXHIBITS
 2              ROBERT A. ECKERT, Vol. VIII
 3
 4     NUMBER              DESCRIPTION           IDENTIFIED
 5     Exhibit 8963   Agenda, minutes and          1375
                      presentation materials for
 6                    Board of Directors Meeting of
                      Mattel, Inc., dated 5/8/01
 7                    (M1186820-1186821,
                      1186821B-1186830B,1186830-11868
 8                    33, 353719-1353821)
 9     Exhibit 8964   Agenda, minutes and          1383
                      presentation materials for
10                    Board of Directors Meeting of
                      Mattel, Inc., dated 8/18/01
11                    (M1186834-1186835,
                      1186835B-1186844B,
12                    1186844-1186848)
13     Exhibit 8965   Agenda, minutes and          1389
                      presentation materials for
14                    Board of Directors Meeting of
                      Mattel, Inc., dated 11/8/01
15                    (M0086849-1352874,
                      1353626-1353636)
16     Exhibit 8966   Minutes of Special Meeting of  1405
                      The Board of Directors of
17                    Mattel, Inc., 12/14/01
                      (M1186868-1186870)
18     Exhibit 8967   Mattel, Fourth Quarter Actuals  1407
19                    2001, Sandeep Reedy
                      (M0952125-0952326)
20     Exhibit 8968   Agenda, minutes and          1417
21                    presentation materials for
                      Board of Directors Meeting of
22                    Mattel, Inc., dated 3/6/02
                      (M1186871-1186938,
23                    1353900-1353908)
24
25
                                                     1650
```



**Exhibit 4 - Page 15**

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              DEPOSITION EXHIBITS (CONTINUED)
 2                ROBERT A. ECKERT, Vol. III
 3
 4       NUMBER        DESCRIPTION                 IDENTIFIED
 5    Exhibit 8969  Agenda, minutes and              1437
                    presentation materials for
 6                  Board of Directors Meeting of
                    Mattel, Inc., dated 5/22/02
 7                  (M1186939-1186940,
                    1186940B-1186947B,
 8                  1186947-1187030,
                    1353833-1353857)
 9
      Exhibit 8970  Agenda, minutes and              1451
10                  presentation materials for
                    Board of Directors Meeting of
11                  Mattel, Inc., dated 8/17/02
                    (M1187031-1187032,
12                  1187032B-1187051B,
                    1187051-1187054,
13                  1353858-1353882)
14    Exhibit 8971  E-mail string dated 11/28/06     1463
                    (M1233885)
15
      Exhibit 8972  E-mail string dated 11/28/06     1469
16                  (M1233885)
17    Exhibit 8973  E-mail string dated 1/19/04,     1481
                    subject: Barron's Roundtable -
18                  Meryl Witmer on Mattel & Barbie
                    (M1251387)
19
      Exhibit 8974  E-mail dated 12/23/05, subject:  1493
20                  November NPD (M1236635)
21    Exhibit 8975  E-mail dated 11/23/05, subject:  1495
                    NPD/IRI (M1236636)
22
      Exhibit 8976  E-mail string dated 10/11/08,    1546
23                  subject: Q3 2008 Actuals key
                    P&L schedules
24                  (M1323150-1323173)
25
                                                     1651
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              DEPOSITION EXHIBITS (CONTINUED)
 2                 ROBERT A. ECKERT, Vol. VIII
 3
 4       NUMBER          DESCRIPTION                 IDENTIFIED
 5    Exhibit 8977    E-mail string dated 8/18/07,     1549
                      subject: Board Meeting
 6                    Materials (M1240777,
                      1345520-1345611)
 7    Exhibit 8978    E-mail string dated 12/12/07,    1552
                      subject: Perspective on Lead
 8                    Exposure (M1236639)
 9    Exhibit 8979    E-mail dated 12/5/07, subject:   1555
                      FP/Mattel Brand Image Omnibus
10                    Results - Wave XIII
                      (M1236649-1236662)
11    Exhibit 8980    Mattel, Inc., 2004 TRACS         1561
12                    (M0297986-0297987)
13    Exhibit 8981    E-mail string dated 8/16/06,     1595
                      subject: June NPD Market Share
14                    Data (M1233981)
15    Exhibit 8982    E-mail string dated 10/29/08,    1597
                      subject: News release: Wal-Mart
16                    drops prices (M1322601-1322602)
17    Exhibit 8983    E-mail string dated 8/08,        1599
                      subject:  Hello (M1240891)
18    Exhibit 8984    E-mail dated 3/25/09, subject:   1606
19                    BOD documents - Entertainment
                      deals (M1322527-1322549)
20
21
22         PREVIOUSLY MARKED EXHIBITS REFERRED TO
23      NUMBER                                     PAGE
24    Exhibit 8678                                 1478
      Exhibit 8785                                 1479
25    Exhibit 8810                                 1508
                                                     1652
```

Exhibit 4 - Page 17

CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | THE WITNESS: Could I hear that one again. | 06:30:03 |
| 2 | MS. HURST: Would the court reporter read it | |
| 3 | back, please. | |
| 4 | (The record was read.) | |
| 5 | MR. ZELLER: Also vague as phrased. | 06:30:20 |
| 6 | THE WITNESS: I just don't know. | |
| 7 | BY MS. HURST: | |
| 8 | Q. Well, has Mattel ever adopted litigation | |
| 9 | as a business strategy during your tenure as the CEO | |
| 10 | of the company? | 06:30:32 |
| 11 | MR. ZELLER: This is asked and answered. | |
| 12 | THE WITNESS: I generally don't associate | |
| 13 | litigation as a business strategy, but I don't know | |
| 14 | that I can speak to that for all of Mattel over the | |
| 15 | last ten years. | 06:30:47 |
| 16 | BY MS. HURST: | |
| 17 | Q. So, it is possible that Mattel has had | |
| 18 | as one of its goals litigation as a business | |
| 19 | strategy during your tenure as CEO of the company; | |
| 20 | isn't that true? | 06:31:02 |
| 21 | MR. ZELLER: Asked and answered, calls for | |
| 22 | speculation. | |
| 23 | THE WITNESS: No. When you say "Mattel has | |
| 24 | had as a business strategy," I don't know that I | |
| 25 | could agree with that. | 06:31:12 |
| | | 1584 |

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1   BY MS. HURST:                                    06:31:13

 2        Q.   Okay.  Well, then let me ask you again:

 3   Are you denying that Mattel has adopted litigation

 4   as a business strategy at any time during your

 5   tenure as CEO?                                    06:31:22

 6        MR. ZELLER:  Question is vague, lacks

 7   foundation.  It's been asked and answered now

 8   repeatedly.

 9        THE WITNESS:  No, I'm not denying anything.

10   BY MS. HURST:                                     06:31:47

11        Q.   So, it is possible that Mattel has

12   adopted litigation as a business strategy during

13   your tenure as CEO; isn't that correct?

14        MR. ZELLER:  This has been asked and answered

15   at least four times now.  Lacks foundation,       06:32:00

16   mischaracterizes the witness's testimony,

17   mischaracterizes the document.

18        THE WITNESS:  I just don't believe that to be

19   the case.

20   BY MS. HURST:                                     06:32:15

21        Q.   But you can't deny it, so it's possible;

22   isn't that true?

23        MR. ZELLER:  This is asked and answered now

24   for the fifth time.  In fact, this was testified to

25   in prior deposition sessions.  We're at a point    06:32:30
                                                            1585
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY



```
 1   where I think I'm just going to start instructing    06:32:33

 2   and we can go to Judge Carter.  This is just

 3   harassing at this point.

 4        DISCOVERY MASTER HANSEN:  Let her ask the

 5   question one more time.                               06:32:41

 6        MR. ZELLER:  I mean --

 7        MS. HURST:  The witness is evading answering

 8   the question.

 9        MR. ZELLER:  He's not evading.  He's answered

10   it in more than one session.  He's answered it       06:32:49

11   repeatedly today.  You just don't like the answer.

12        MS. HURST: , No.  If there's anybody in the

13   room who doesn't like how this is going right now,

14   it's not me.

15        DISCOVERY MASTER HANSEN:  There's no need       06:33:00

16   to --

17        MR. ZELLER:  You're living in a fantasy world

18   if that's your view.

19        DISCOVERY MASTER HANSEN:  There's no need to

20   attack each other.  Let's ask the question, and the  06:33:06

21   witness can answer, and you can make your

22   objections.

23   BY MS. HURST:

24        Q.  Since you cannot deny that Mattel has

25   adopted litigation as a business strategy during     06:33:16
                                                             1586
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 1646

1    I declare under penalty of perjury under

2    the laws of the State of California that the

3    foregoing is true and correct.

4             Executed on _6/1/10_____,

5    2010, at _El Segundo____, California.

6

7

8

9         _Robert A. Eckert_

10            ROBERT A. ECKERT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 4 - Page 21

# INSTRUCTIONS FOR READING/CORRECTING YOUR DEPOSITION

To assist you in making corrections to your deposition testimony, please follow the directions below. If additional pages are necessary, please furnish them and attach the pages to the back of the errata sheet.

 This is the final version of your deposition transcript.

Please read it carefully. If you find any errors or changes you wish to make, insert the corrections on the errata sheet beside the page and line numbers.

If you are in possession of the original transcript, do NOT make any changes directly on the transcript.

Do NOT change any of the questions.

After completing your review, please sign the last page of the errata sheet, above the designated "Signature" line.

## ERRATA SHEET

| Page | Line | |
|------|------|---|
| 242 | 12 | Change: "2000" should be "2004" |
| | | Reason: to be consistent with Exhibit 8677 |
| 1495 | 2 | Change: "date" should be "data" |
| | | Reason: transcript error |
| ___ | ___ | Change: _____ |
| | | Reason: _____ |
| ___ | ___ | Change: _____ |
| | | Reason: _____ |

**Exhibit 4 - Page 22**

| Page | Line | |
|------|------|---|
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |

__X___ Subject to the above changes, I certify that the transcript is true and correct.

_____ No changes have been made. I certify that the transcript is true and correct.


_Robert a Eckert_
**Signature**

_6/1/10_
**Date**

Exhibit 4 - Page 23

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1   STATE OF CALIFORNIA        )

 2                              )   ss.

 3   COUNTY OF SAN DIEGO        )

 4

 5           I, KAE F. GERNANDT, CSR No. 5342, do hereby

 6   certify:

 7

 8           That the foregoing deposition testimony of

 9   ROBERT A. ECKERT was taken before me at the time and

10   place herein set forth, at which time the witness was

11   placed under oath and was sworn by me to tell the truth,

12   the whole truth and nothing but the truth;

13

14           That the testimony of the witness and all

15   objections made by counsel at the time of the

16   examination were recorded stenographically by me and

17   were thereafter transcribed under my direction and

18   supervision, and that the foregoing pages contain a

19   full, true and accurate record of all proceedings and

20   testimony to the best of my skill and ability.

21

22           I further certify that I am neither counsel

23   for any party in said action, nor am I related to any

24   party to said action, nor am I in any way interested in

25   the outcome thereof.
```

1647

CONFIDENTIAL – ATTORNEYS' EYES ONLY

1       IN WITNESS WHEREOF, I have subscribed my name

2    this 3rd day of May, 2010.

3

4

5

6

7                        Kae F. Gernandt, CSR No. 5342

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1648

# EXHIBIT 5

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
1              UNITED STATES DISTRICT COURT

2             CENTRAL DISTRICT OF CALIFORNIA

3                  EASTERN DIVISION              CERTIFIED

4                                                TRANSCRIPT

5       _____

6       CARTER BRYANT, an individual,    )

7                      Plaintiff,        )

8          vs.                           ) No. CV 04-9049 SGL

9       MATTEL, INC., a Delaware         )    DOC (RNBX)

10      corporation,                     ) Volume I

11                     Defendant.        )

12      _____ )

13

14          CONFIDENTIAL - ATTORNEYS' EYES ONLY

15

16      Videotaped Deposition of DOUGLAS WADLEIGH,

17      at 404 West Fourth Street, Suite D, Santa Ana,

18      California, commencing at 8:03 a.m., Friday,

19      January 29, 2010, before Kae F. Gernandt,

20      RPR, CSR No. 5342.

21

22

23

24

25      Pages 1 - 301
                                                          1
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    APPEARANCES OF COUNSEL:

 2

 3        FOR THE MGA PARTIES:

 4

 5            ORRICK, HERRINGTON & SUTCLIFFE

 6            BY:  DIANA RUTOWSKI, ESQ.

 7            The Orrick Building

 8            405 Howard Street

 9            San Francisco, California  94105

10            (415) 773-5700

11            drutowski@orrick.com

12

13        FOR MATTEL, INC.:

14

15            QUINN, EMANUEL, URQUHART, OLIVER & HEDGES

16            BY:  SCOTT KIDMAN, ESQ.

17            865 South Figueroa Street, Suite 1000

18            Los Angeles, California  90017

19            (213) 443-3000

20            scottkidman@quinnemanuel.com

21

22    ALSO PRESENT:

23            DANIEL BECERRA, Videographer

24

25
                                                    2
```

Exhibit 5 - Page 28

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                        I N D E X

 2                        VOLUME I

 3

 4     FRIDAY, JANUARY 29, 2010

 5

 6     WITNESS

 7

 8     DOUGLAS WADLEIGH

 9

10     EXAMINATION BY                                PAGE

11     Ms. Rutowski ...................................4

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Exhibit 5 - Page 29

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                    DEPOSITION EXHIBITS
 2                    DOUGLAS WADLEIGH
 3     NUMBER              DESCRIPTION              IDENTIFIED
 4
 5     Exhibit 7990    2005 CAS, Realm Racers           135
 6                     (M0925140-0925168)
 7     Exhibit 7991    E-mail string, subject:          144
 8                     Ultimate Race Story Overview
 9                     (M0155348-0155358)
10     Exhibit 7992    Document titled "MGA             183
11                     Entertainment Follows Up and
12                     Award-Winning Year with Bratz
13                     by Introducing Exciting New
14                     Lines in Girls and Boys
15                     Entertainment at 2004 American
16                     International Toy Fair in New
17                     York City (M0074234-0074241)
18     Exhibit 7993    Reuters News article dated       190
19                     2/22/04, titled "Bratz Doll
20                     Maker Shoots for Action-Figure
21                     Toy Market"
22     Exhibit 7994    E-mail string dated 1/8/04,      201
                       subject: Hot Wheels Ultimate
23                     Race Names and Clearances
                       (M0933692-0933693)
24     Exhibit 7995    E-mail string dated 3/04,        202
                       subject: Names
25                     (M0933686-0933689)
                                                        300
```

Exhibit 5 - Page 30

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1          DEPOSITION EXHIBITS (CONTINUED)

 2                 DOUGLAS WADLEIGH

 3     NUMBER          DESCRIPTION          IDENTIFIED

 4     Exhibit 7996   Meeting schedule and agenda      208

 5                    dated 4/14/04, subject:

 6                    Updated:  Hot Wheels Spring '05

 7                    Line Review with Matt

 8                    (M0933694-0933695)

 9     Exhibit 7997   TRU Mattel Brands Meeting         218

10                    Notes, Paramus, NJ April

11                    8-10th, 2003 (M0656735-0656740)

12     Exhibit 7998   E-mail dated 5/13/04 from Paul    224

13                    Winter, subject: Realm Racers

14                    Name Meeting Recap (M0330739)

15     Exhibit 7999   E-mail string dated 3/18/04,      235

16                    subject: Names (M0933685)

17     Exhibit 8000   2005 Brand Directional Outline    267

18                    (M0325287-0325364)

19     Exhibit 8001   Screenshot of AcceleRacers logo   287

20     Exhibit 8002   Screenshot of Alien Racers'       288

21                    logo

22     Exhibit 8003   E-mail string dated 5/13/04,      292

23                    subject Realm Racers Name

24                    Meeting Recap

25                    (M0330737-0330738)

                                                        301
```

Exhibit 5 - Page 31

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    might have been.                                    10:57:16

 2         Q.   Are you aware that Bratz competes

 3    directly with Barbie?

 4         A.   I am aware of that.

 5         Q.   Do you remember when you became aware of  10:57:35

 6    that?

 7         A.   I can't, no.

 8         Q.   Do you remember a time when you were

 9    aware of that?

10         A.   (The witness shook his head.)            10:57:48

11         Q.   The first time you were aware of it?

12         MR. KIDMAN:  Objection.  Asked and answered.

13         THE WITNESS:  I -- I can't remember the time

14    at which I became aware of -- of that, no.

15    BY MS. RUTOWSKI:                                    10:57:56

16         Q.   When you rejoined Mattel in 2004, Bratz

17    was taking significant market share away from

18    Barbie, wasn't it?

19         A.   I don't recall.

20         MR. KIDMAN:  Objection.  Lacks foundation.     10:58:13

21    BY MS. RUTOWSKI:

22         Q.   Have you ever heard of people talking

23    about waging war on Bratz?

24         A.   I have not.

25         Q.   Have you ever heard of the phrase "kill   10:58:23
                                                             108
```

**Exhibit 5 - Page 32**

CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | Bratz"? | 10:58:25 |
| 2 | A. No. | |
| 3 | Q. Have you ever heard of "war on Bratz" or | |
| 4 | "war on MGA"? | |
| 5 | A. I have not. | 10:58:33 |
| 6 | Q. Have you ever heard of people at Mattel | |
| 7 | talking about using litigation as a business | |
| 8 | strategy? | |
| 9 | A. I have not. | |
| 10 | Q. Do you have regular contact with Robert | 10:58:55 |
| 11 | Normile? | |
| 12 | A. I do not. | |
| 13 | Q. Have you ever heard of people talking | |
| 14 | about using litigation as a business strategy | |
| 15 | against MGA? | 10:59:09 |
| 16 | A. I have not. | |
| 17 | Q. Do you know Matt Bousquette? | |
| 18 | A. I do. | |
| 19 | Q. Were you ever under his supervision? | |
| 20 | A. No, not directly. | 10:59:35 |
| 21 | Q. Indirectly? | |
| 22 | A. Yes. | |
| 23 | Q. How so? | |
| 24 | A. When I returned to Mattel in 2004, he | |
| 25 | was my boss's boss. | 10:59:50 |
| | | 109 |

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1          Q.   Did you often go to the same meetings as    10:59:58
 2    him?
 3          A.   No.
 4          MR. KIDMAN:   Objection.  Vague and ambiguous.
 5          THE WITNESS:   No.  He was at a much higher       11:00:04
 6    level than I was.
 7    BY MS. RUTOWSKI:
 8          Q.   Did you ever attend the same meetings as
 9    him?
10          A.   I can't recall, but I would think it         11:00:11
11    would be highly unlikely.
12          Q.   Were you ever on the same e-mail chains
13    as him?
14          A.   I do not know, but again, highly
15    unlikely.                                               11:00:24
16          Q.   When you rejoined in 2004, was there --
17    did you notice changes in the leadership at MGA?
18          MR. KIDMAN:   At MGA?
19          MS. RUTOWSKI:   Or I'm sorry.  At Mattel.
20          MR. KIDMAN:   Objection.  Vague and ambiguous,    11:00:43
21    lacks foundation.
22          THE WITNESS:   I don't understand the
23    question.
24    BY MS. RUTOWSKI:
25          Q.   Matt Bousquette became president of          11:00:50
                                                                  110
```

Exhibit 5 - Page 34

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1           I declare under penalty of perjury under

2    the laws of the State of California that the

3    foregoing is true and correct.

4           Executed on _March 16th_____,

5    2010, at _____940a ElSegundo, California.

6

7

8

9           _____

10           DOUGLAS WADLEIGH

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                      296

Exhibit 5 - Page 35

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    STATE OF CALIFORNIA          )
                                   )   ss.
 2    COUNTY OF SAN DIEGO          )

 3

 4          I, KAE F. GERNANDT, CSR No. 5342, do

 5    hereby certify:

 6

 7          That the foregoing deposition testimony of

 8    DOUGLAS WADLEIGH was taken before me at the time and

 9    place herein set forth, at which time the witness

10    was placed under oath and was sworn by me to tell

11    the truth, the whole truth and nothing but the

12    truth;

13

14          That the testimony of the witness and all

15    objections made by counsel at the time of the

16    examination were recorded stenographically by me and

17    were thereafter transcribed under my direction and

18    supervision, and that the foregoing pages contain a

19    full, true and accurate record of all proceedings

20    and testimony to the best of my skill and ability.

21

22          I further certify that I am neither

23    counsel for any party in said action, nor am I

24    related to any party to said action, nor am I in any

25    way interested in the outcome thereof.
                                                    297
```

**Exhibit 5 - Page 36**

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1           IN WITNESS WHEREOF, I have subscribed my

2    name this 11th day of February, 2010.

3

4

5

6

7                    Kae F. Gernandt, CSR No. 5342

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                        298

Exhibit 5 - Page 37

# EXHIBIT 6

Confidential

```
                CONFIDENTIAL-ATTORNEYS' EYES ONLY
 1          IN THE UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
 2                    EASTERN DIVISION          CERTIFIED
 3      CARTER BRYANT, an individual, )         TRANSCRIPT
                                      )
 4                    Plaintiff,      ) No. CV 04-9049 SGL
                                      )     (RNBx)
 5           vs.                      )
                                      )
 6      MATTEL, INC., a Delaware      )
        corporation,                  )
 7                                    )
                      Defendant.      )
 8      ------------------------------)
        AND CONSOLIDATED ACTIONS.     )
 9      ------------------------------)
10
11              The videotaped deposition of SUJATA
12      LUTHER, called for examination, taken pursuant to
13      the Federal Rules of Civil Procedure of the
14      United States District Courts pertaining to the
15      taking of depositions, taken before JANET L.
16      ROBBINS, CSR No. 84-2207, Certified Shorthand
17      Reporter of the State of Illinois, at Hyatt
18      Regency Hotel, 151 East Wacker Drive, Chicago,
19      Illinois, on the 8th day of July, A.D. 2010, at
20      10:04 a.m.
21
22
23
24
25      Pages 1 - 233
```

Page 1

Confidential

```
 1      PRESENT:
 2           QUINN EMANUEL URQUHART & SULLIVAN, LLP
             865 South Figueroa Street
 3           10th Floor
             Los Angeles, California  90017
 4           213-443-3000
             BY:  MR. JOHN S. GORDON
 5           johngordon@quinnemanuel.com
 6              -and-
 7           QUINN EMANUEL URQUHART & SULLIVAN, LLP
             50 California Street
 8           22nd Floor
             San Francisco, California  94111
 9           415-875-6600
             BY: MR. JAMES D. JUDAH
10           jamesjudah@quinnemanuel.com,
                appeared on behalf of Mattel, Inc.
11              and the Deponent;
12           ORRICK, HERRINGTON & SUTCLIFFE
             The Orrick Building
13           405 Howard Street
             San Francisco, California  94105
14           415-773-5700
             BY:  MS. ANNETTE L. HURST
15           ahurst@orrick.com
             MS. L. KIERAN KIECKHEFER
16           kkieckhefer@orrick.com,
                appeared on behalf of the MGA Parties;
17
             ARENT FOX
18           555 West Fifth Street
             Suite 4800
19           Los Angeles, California  90013
             213-629-7400
20           BY:  MR. DREW R. HANSEN
             hansen.drew@arentfox.com,
21              appeared as Discovery Master.
22
23      VIDEOGRAPHY BY:  JAMES PORTER, Legal Videographer
24      REPORTED BY:    JANET L. ROBBINS, CSR, RPR
25                      CERTIFICATE NO. 84-2207
```

Page 2

Confidential

```
 1                        I N D E X
 2    WITNESS:
      SUJATA LUTHER
 3
      EXAMINATION:                              PG      LN
 4    BY MS. HURST                               5       9
 5    EXHIBITS:          DESCRIPTION            PG       LN
      No. 9263        M 1577978 through M       97      13
 6                     1578186
      No. 9264        M 0290768 through M      121      18
 7                     0290823
      No. 9265        M 1637035 through M      204       2
 8                     1637041
 9
10
11                 EXHIBITS REFERRED TO
12    EXHIBIT NO.                               PAGE
         9216                                   128
13       1805                                   137
         8677                                   159
14       8676                                   171
         8685      Not Provided                 181
15       8762                                   184
16
17
18
19
20
21
22
23
24
25
                                              Page 3
```

Confidential

| | | |
|---|---|---|
| 1 | So I spanned Brian Stockton's area, | 12:41:13 |
| 2 | and Brian Stockton was at that time some title of | 12:41:18 |
| 3 | international, head of whatever. I don't think | 12:41:24 |
| 4 | he was president at that time. So I did do | 12:41:26 |
| 5 | international research as well. | 12:41:28 |
| 6 | Q. Okay. | 12:41:31 |
| 7 | A. But that was not discussed in Matt's | 12:41:31 |
| 8 | staff meetings. | 12:41:35 |
| 9 | Q. All right. So did you have any | 12:41:35 |
| 10 | separate set of meetings with Mr. Stockton and | 12:41:38 |
| 11 | his reports when you were dealing with | 12:41:41 |
| 12 | international issues? | 12:41:44 |
| 13 | A. Yeah, I -- I used to meet with Brian | 12:41:45 |
| 14 | as the needs arose, but all of his direct reports | 12:41:48 |
| 15 | were close partners of mine, knew them for the | 12:41:54 |
| 16 | last 20 years, the head of France, the head of | 12:41:58 |
| 17 | Germany, so I would have periodic conversations | 12:42:01 |
| 18 | with them, but not official. | 12:42:04 |
| 19 | Q. Were you familiar with the TRACS, | 12:42:06 |
| 20 | T-R-A-C-S, when you were at Mattel? | 12:42:15 |
| 21 | A. The goals, yes. | 12:42:19 |
| 22 | Q. And -- and were you aware that there | 12:42:21 |
| 23 | were TRACS, goals, that were set on a companywide | 12:42:22 |
| 24 | basis as well as an individual performance basis? | 12:42:29 |
| 25 | A. Yes. | 12:42:36 |

Page 80

**Exhibit 6 - Page 42**

Confidential

| | | |
|---|---|---|
| 1 | Q. During your second tenure at Mattel, | 12:42:36 |
| 2 | how were the companywide TRACS, goals, | 12:42:47 |
| 3 | communicated to you, if at all? | 12:42:52 |
| 4 | A. Via Matt. I think we all knew what | 12:42:56 |
| 5 | his goals were, and they were distilled down to | 12:43:09 |
| 6 | our relevant areas. We all meant -- the direct | 12:43:12 |
| 7 | reports knew what the -- his goals were. | 12:43:18 |
| 8 | Q. And what goals did Mr. Bousquette | 12:43:22 |
| 9 | communicate to you as companywide goals during | 12:43:27 |
| 10 | your second tenure at Mattel? | 12:43:33 |
| 11 | A. I -- | 12:43:40 |
| 12 | MR. GORDON: Objection, assumes facts. | 12:43:40 |
| 13 | THE WITNESS: I don't recall the specific | 12:43:42 |
| 14 | ones, but obviously I think there were annual | 12:43:44 |
| 15 | TRAC goals, so I'm sure there were some in 2003, | 12:43:49 |
| 16 | 2004, 2005. It's been a while. It's been seven | 12:43:54 |
| 17 | years. I don't recall the details. | 12:43:58 |
| 18 | BY MS. HURST: | 12:44:06 |
| 19 | Q. Did you ever attend any meeting within | 12:44:27 |
| 20 | Mattel where it was discussed the notion of | 12:44:30 |
| 21 | pursuing litigation as a business strategy? | 12:44:37 |
| 22 | MR. GORDON: Objection, vague and | 12:44:49 |
| 23 | ambiguous. | 12:44:50 |
| 24 | THE WITNESS: I'm not sure about litigation | 12:44:52 |
| 25 | as a business strategy, but we -- we did discuss | 12:44:56 |

Page 81

**Exhibit 6 - Page 43**

Confidential

| | | |
|---|---|---|
| 1 | being aggressive in pursuing protecting the | 12:45:03 |
| 2 | brand's IP. | 12:45:12 |
| 3 | BY MS. HURST: | 12:45:15 |
| 4 | Q. In that context, did you ever discuss | 12:45:33 |
| 5 | litigation against MGA? | 12:45:36 |
| 6 | A. I don't recall that. | 12:45:39 |
| 7 | Q. In that context, did you ever discuss | 12:45:44 |
| 8 | pursuing litigation against Carter Bryant? | 12:45:52 |
| 9 | A. I don't remember me discussing that. | 12:45:55 |
| 10 | Q. Was Mr. Brawer at any point during | 12:45:57 |
| 11 | your second tenure at Mattel one of | 12:46:15 |
| 12 | Mr. Bosquette's direct reports who attended the | 12:46:19 |
| 13 | weekly update meetings? | 12:46:21 |
| 14 | A. Yes, he was. | 12:46:23 |
| 15 | Q. Did you work with Mr. Kilpin while you | 12:46:37 |
| 16 | were at Mattel in either of your stints? | 12:47:43 |
| 17 | A. Yes, in both my stints. | 12:47:46 |
| 18 | Q. And did you form any opinion as to his | 12:47:49 |
| 19 | capabilities in marketing girls fashion dolls in | 12:47:52 |
| 20 | connection with your work with him at Mattel? | 12:47:56 |
| 21 | A. Yes, I did. | 12:48:05 |
| 22 | Q. And what was that opinion? | 12:48:06 |
| 23 | A. I felt that he as the head of the | 12:48:08 |
| 24 | business unit could have done more to stem the | 12:48:15 |
| 25 | decline and been more of a visionary on the | 12:48:19 |

Page 82

Confidential

| | | |
|---|---|---|
| 1 | brand. | 12:48:24 |
| 2 | That said, I thought he was a good | 12:48:42 |
| 3 | manager of people. | 12:48:44 |
| 4 | Q.   Were you familiar with Russell Arons | 12:48:50 |
| 5 | from your work at Mattel? | 12:48:57 |
| 6 | A.   Yes. | 12:48:58 |
| 7 | Q.   In what capacity were you familiar | 12:48:59 |
| 8 | with her work? | 12:49:02 |
| 9 | A.   I dealt with her -- | 12:49:09 |
| 10 | MR. GORDON:  Hold on.  Objection, vague and | 12:49:09 |
| 11 | ambiguous. | 12:49:11 |
| 12 | THE WITNESS:  I dealt with her on a daily, | 12:49:11 |
| 13 | weekly, hourly basis.  She was a partner in this | 12:49:14 |
| 14 | whole process. | 12:49:17 |
| 15 | BY MS. HURST: | 12:49:17 |
| 16 | Q.   And did you form any opinion as to | 12:49:18 |
| 17 | Ms. Arons' capabilities in marketing Barbie | 12:49:21 |
| 18 | fashion dolls in connection with your work with | 12:49:24 |
| 19 | her at Mattel? | 12:49:26 |
| 20 | A.   Yes, I did. | 12:49:28 |
| 21 | Q.   And what opinion did you hold? | 12:49:29 |
| 22 | A.   I thought she was earnest, is the word | 12:49:32 |
| 23 | that I used a lot to her on her face, so she's | 12:49:38 |
| 24 | aware of it.  I thought she was passionate.  I | 12:49:42 |
| 25 | thought she took direction from her bosses well | 12:49:47 |

Page 83

Confidential

```
 1                      CERTIFICATE

 2                          OF

 3           CERTIFIED SHORTHAND REPORTER

 4

 5           I, JANET L. ROBBINS, a Certified

 6   Shorthand Reporter of the State of Illinois, CSR

 7   License No. 84-2207, do hereby certify:

 8              That previous to the commencement of

 9   the examination of the witness, the witness was

10   duly sworn to testify the whole truth concerning

11   the matters herein;

12              That the foregoing deposition

13   transcript was stenographically reported by me

14   and was thereafter reduced to typewriting under

15   my personal direction and constitutes a true and

16   accurate record of the testimony given and the

17   proceedings had at the aforesaid deposition;

18              That the said deposition was taken

19   before me at the time and place specified;

20              That I am not a relative or employee or

21   attorney or counsel for any of the parties

22   herein, nor a relative or employee of such

23   attorney or counsel for any of the parties

24   hereto, nor am I interested directly or

25   indirectly in the outcome of this action.
```

Page 232

Confidential

1        IN WITNESS WHEREOF, I do set my hand and

2   affix my seal this 13th day of July, 2010.

3

4

5

6        Certified Shorthand Reporter No. 84-002207

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 233

**Exhibit 6 - Page 47**

# EXHIBIT 7

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2            CENTRAL DISTRICT OF CALIFORNIA
 3                   EASTERN DIVISION
 4    _____    CERTIFIED
                                      )    TRANSCRIPT
 5    CARTER BRYANT, an individual,   )
                                      )
 6                   Plaintiff,       )  No. CV 04-9049 DOC
                                      )         (RNBx)
 7        vs.                         )
                                      )  Volume II
 8    MATTEL, INC., a Delaware        )
      corporation,                    )
 9                                    )
                     Defendant.       )
10    _____)
                                      )
11    AND CONSOLIDATED ACTIONS.       )
      _____)
12
13
14
15         CONFIDENTIAL - ATTORNEYS' EYES ONLY
16
17
18         Continued Videotaped Deposition of TIMOTHY
19         KILPIN, taken at 404 West Fourth Street,
20         Suite D, Santa Ana, California, commencing
21         at 8:08 a.m., Thursday April 8, 2010,
22         before Kae F. Gernandt, RPR, CSR No. 5342.
23
24
25    PAGES 345 - 676
                                                    345
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    APPEARANCES OF COUNSEL:
 2
 3        FOR THE MGA PARTIES:
 4            ORRICK, HERRINGTON & SUTCLIFFE
              BY:  ANNETTE L. HURST
 5                 L. KIERAN KIECKHEFER
              The Orrick Building
 6            405 Howard Street
              San Francisco, California  94105
 7            (415) 773-5700
              ahurst@orrick.com
 8            kkieckhefer@orrick.com
 9
10        FOR MATTEL, INC.:
11            QUINN, EMANUEL, URQUHART, OLIVER & HEDGES
              BY:  MARSHALL M. SEARCY, III
12            865 South Figueroa Street, Suite 1000
              Los Angeles, California  90017
13            (213) 443-3000
              marshallsearcy@quinnemanuel.com
14
15            MICHAEL MOORE, Assistant General Counsel
              Mattel, Inc.
16            333 Continental Boulevard
              El Segundo, California  90245-5012
17            (310) 252-2000
18
19        DISCOVERY MASTER:
20            ARENT FOX
              BY:  DREW R. HANSEN
21            555 West Fifth Street, Suite 4800
              Los Angeles, California  90013
22            (213) 629-7400
              hansen.drew@arentfox.com
23
24        ALSO IN ATTENDANCE:
25            Rene Hernandez, Videographer
```

346

Exhibit 7 - Page 49

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                    I N D E X

 2                   VOLUME II

 3

 4     THURSDAY, APRIL 8, 2010

 5

 6

 7     WITNESS

 8     TIMOTHY KILPIN

 9       (Volume II)

10

11

12     EXAMINATION BY                              PAGE

13     Ms. Hurst ...................................347

14

15

16         QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER

17                    PAGE       LINE

18                    430          6

19

20

21

22

23

24

25
                                                    674
```

Exhibit 7 - Page 50

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                         DEPOSITION EXHIBITS
 2                      TIMOTHY KILPIN, Vol. II
 3
 4        NUMBER          DESCRIPTION                    IDENTIFIED
 5     Exhibit 8747    E-mail string dated 2/03,           528
                       subject: Bratz information
 6                     (M0941091-0941092)
 7     Exhibit 8748    E-mail string dated 2/04,           533
                       subject: Bratz '04 Line
 8                     (M0941278)
 9     Exhibit 8749    E-mail string dated 3/04,           542
                       subject: competitive info
10                     (M0943517)
11     Exhibit 8750    E-mail string dated 12/03,          556
                       subject: MGA's Best Friend
12                     Assortment (M0082032)
13     Exhibit 8751    E-mail string dated 12/5/03,        569
                       subject: MGA's Best Friend
14                     Assortment (M0942504)
15     Exhibit 8752    Oppenheimer Update dated            572
                       12/3/03 (M0045841-0045843)
16
       Exhibit 8753    Document titled "Project:           591
17                     Double Trouble"
                       (M0079709-0079710)
18
       Exhibit 8754    New Segment Launch presentation     611
19                     dated 12/16/03 of Wee 3
                       (M0079676-0079685)
20
       Exhibit 8755    2004 Wee 3 Product Launch           630
21                     (M0941509-0941511)
22     Exhibit 8756    E-mail string dated 1/14/04,        634
                       subject: Project X/Barbie Video
23                     Conf. Notes (M0934868-0937869)
24     Exhibit 8757    E-mail dated 1/16/04, subject:      638
                       MGA Forever Best Friends hits
25                     LA (M0940284)
                                                               675
```

**Exhibit 7 - Page 51**

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1            DEPOSITION EXHIBITS (CONTINUED)
 2               TIMOTHY KILPIN, Vol. II
 3
 4      NUMBER        DESCRIPTION                IDENTIFIED
 5    Exhibit 8758   E-mail string dated 4/04,      642
                     subject: The Barbie Call to
 6                   Action - Road Trip Results
                     (M0941541-0941542)
 7
      Exhibit 8759   E-mail string dated 2/20/04,   651
 8                   subject: Analyst Reports
                     (M0742700)
 9
      Exhibit 8760   E-mail string dated 3/04,      653
10                   subject: Bratz Best Friends
                     (M0943386)
11
      Exhibit 8761   Document with GLR Feedback 8/27 658
12                   (M0165808-0165819)
13
14
15
16         PREVIOUSLY MARKED EXHIBITS REFERRED TO
17      NUMBER                                   PAGE
18    Exhibit 1820                               551
19    Exhibit 2105                               641
20    Exhibit 2107                               513
21    Exhibit 2115                               558
22    Exhibit 7790                               523
23    Exhibit 7795                               519
24    Exhibit 8679                               547
25
                                                     676
```

Exhibit 7 - Page 52

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    Mr. Brawer's character for truth-telling as a result    01:47:43

 2    of your association with him?

 3         MR. SEARCY:  Objection.  Vague, lacks

 4    foundation, calls for opinion.

 5         THE WITNESS:  I -- my experience with him    01:47:52

 6    was -- was fine, positive.

 7    BY MS. HURST:

 8         Q.   Are you aware of any facts that lead you

 9    to believe that Mr. Brawer improperly used Mattel

10    confidential information when he went to MGA?    01:48:10

11         A.   No, I'm not.

12         Q.   Do you know Dan Cooney?

13         A.   I'm remembering Dan's name.

14         Q.   Did you have any interactions with him

15    while he was at Mattel?    01:48:35

16         A.   I'm not remembering what he did.

17         Q.   Okay.  How about Nick Contreras?

18         A.   I knew Nick.

19         Q.   How did you know Nick?

20         A.   Nick supported us in retail    01:48:48

21    merchandising at Mattel.

22         Q.   Are you aware of any facts that lead you

23    to believe that Mr. Contreras improperly used Mattel

24    confidential information when he became employed at

25    MGA?    01:49:05
                                                         511
```

Exhibit 7 - Page 53

CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | A.   I'm not. | 01:49:06 |
| 2 | Q.   Have you ever heard any discussion of | |
| 3 | litigation as a business strategy at Mattel? | |
| 4 | A.   No. | |
| 5 | MR. SEARCY:  Objection.  Vague.  Go ahead. | 01:50:01 |
| 6 | THE WITNESS:  Not that I can recall, no. | |
| 7 | BY MS. HURST: | |
| 8 | Q.   Is your recollection sufficient for you | |
| 9 | to deny that you've ever heard such a statement? | |
| 10 | MR. SEARCY:  Objection.  Vague. | 01:50:21 |
| 11 | THE WITNESS:  I can't recall ever hearing | |
| 12 | such a statement. | |
| 13 | BY MS. HURST: | |
| 14 | Q.   Have you ever formed any view as to | |
| 15 | whether Mattel uses litigation as a business | 01:51:13 |
| 16 | strategy? | |
| 17 | MR. SEARCY:  Objection.  Vague. | |
| 18 | THE WITNESS:  I don't believe that they do. | |
| 19 | BY MS. HURST: | |
| 20 | Q.   Why not? | 01:51:23 |
| 21 | A.   I just don't believe we're that kind of | |
| 22 | company. | |
| 23 | Q.   What, in your view, is the objective of | |
| 24 | this litigation by Mattel? | |
| 25 | MR. SEARCY:  Objection.  Lacks foundation. | 01:51:50 |
| | | 512 |

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    It's vague.                                          01:51:53

 2            THE WITNESS:  My view of it is the protection

 3    of our intellectual property.

 4    BY MS. HURST:

 5            Q.   What, if anything, did you do to prepare  01:53:06

 6    for your deposition today?

 7            A.   I met with attorneys.

 8            Q.   When did you meet with them?

 9            A.   We met in February before the first

10    dates we had scheduled, and then we met this week.   01:53:20

11            Q.   What's the total number of hours that

12    you've spent meeting with attorneys to prepare for

13    this deposition?

14            A.   Oh, gosh.  Probably 20 hours.

15            Q.   And you reviewed documents in such       01:53:33

16    meetings?

17            A.   Yes.

18            Q.   Have you personally gone and looked for

19    any documents that you wanted to see in order to

20    satisfy yourself as to any issue before testifying   01:53:42

21    here today?

22            A.   No.

23            Q.   Did you review any transcripts of

24    testimony in connection with your preparation?

25            A.   I reviewed my deposition.              01:53:54
                                                              513
```

Exhibit 7 - Page 55

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          I declare under penalty of perjury under

2     the laws of the State of California that the

3     foregoing is true and correct.

4               Executed on ____ May 18 _____,

5     2010, at El Segundo _____, California.

6

7

8          _____

                    TIMOTHY KILPIN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                    671

Exhibit 7 - Page 56

| Page | Line | |
|------|------|---|
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |
| _____ | _____ | Reason: _____ |
| | | Change: _____ |

_____   Subject to the above changes, I certify that the transcript is true and correct.


___X___   No changes have been made. I certify that the transcript is true and correct.


_____                     ___5/18/10___
**Signature**                                        **Date**

**Exhibit 7 - Page 57**

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    STATE OF CALIFORNIA          )
                                   )   ss.
 2    COUNTY OF SAN DIEGO          )

 3

 4         . I, KAE F. GERNANDT, CSR No. 5342, do

 5    hereby certify:

 6

 7         That the foregoing deposition testimony of

 8    TIMOTHY KILPIN was taken before me at the time and

 9    place herein set forth, at which time the witness

10    was placed under oath and was sworn by me to tell

11    the truth, the whole truth and nothing but the

12    truth;

13

14         That the testimony of the witness and all

15    objections made by counsel at the time of the

16    examination were recorded stenographically by me and

17    were thereafter transcribed under my direction and

18    supervision, and that the foregoing pages contain a

19    full, true and accurate record of all proceedings

20    and testimony to the best of my skill and ability.

21

22         I further certify that I am neither

23    counsel for any party in said action, nor am I

24    related to any party to said action, nor am I in any

25    way interested in the outcome thereof.
```

672

Exhibit 7 - Page 58

1          IN WITNESS WHEREOF, I have subscribed my name

2   this 20th day of April, 2010.

3

4

5   Kae F. Gernandt, CSR No. 5342

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT 8

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1              UNITED STATES DISTRICT COURT

2         CENTRAL DISTRICT OF CALIFORNIA    Certified Copy

3              EASTERN DIVISION

4

5    ---------------------------

6    MATTEL, INC., a Delaware        )

7    Corporation,                    )

8              Plaintiff,            )

9              vs.                   ) No. CV 04-9059

10   CARTER BRYANT, an individual;  )  NM  (RNBx)

11   and DOES 1 through 10,          )  VOLUME I

12   Inclusive,                      )

13             Defendants.          )

14   --------------------------- )

15   (COMPLETE CAPTION ON NEXT PAGE.)

16

17    CONFIDENTIAL ATTORNEYS' EYES ONLY

18

19    Videotaped Deposition of JEAN GOMEZ,

20    taken at 300 South Grand Street,

21    Los Angeles, California, commencing

22    at 9:40 A.M., Thursday, January 24,

23    2008, before Ricki Q. Melton,

24    CSR No. 9400, RPR No. 45429.

25   PAGES 1 - 250

                                                          1

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1          UNITED STATES DISTRICT COURT

 2        CENTRAL DISTRICT OF CALIFORNIA

 3              EASTERN DIVISION

 4

 5    ------------------------------

 6    MATTEL, INC., a Delaware          )

 7    Corporation,                      )

 8              Plaintiff,              )

 9              vs.                     ) No. CV 04-9059

10    CARTER BRYANT, an individual;    )    NM (RNBx)

11    and DOES 1 through 10,           )

12    Inclusive,                       )

13              Defendants.            )

14    ------------------------------)

15    CARTER BRYANT, on behalf of      )

16    himself, all present and         )

17    former employees of Mattel,      )

18    Inc., and the general public,    )

19              Counter-Claimants,     )

20              vs.                    )

21    MATTEL, INC., a Delaware         )

22    Corporation,                     )

23              Counter-Defendant. )

24    ------------------------------

25
```

                                                  2

Exhibit 8 - Page 61

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1      APPEARANCES OF COUNSEL:

 2

 3          For the Plaintiff:

 4

 5              QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

 6              BY:   TIMOTHY ALGER, ESQ.

 7              865 South Figueroa Street, Tenth Floor

 8              Los Angeles, California 90017

 9              (213) 443-3000

10              timalger@quinnemanuel.com

11

12                      -and-

13

14              MATTEL, INC.

15              BY:   MICHAEL MOORE, ESQ.

16              333 Continental Boulevard

17              El Segundo, California 90245-5012

18              (310) 252-2000

19              michael.moore@mattel.com

20

21

22

23

24

25
                                                      3
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1     APPEARANCES (Continued):

 2

 3          For the Defendant and Counterclaimant

 4          Carter Bryant:

 5

 6              KEKER & VAN NEST LLP

 7              (NO APPEARANCE MADE)

 8              710 Sansome Street

 9              San Francisco, California 94111-1704

10              (415) 391-5400

11

12          For Defendant MGA Entertainment, Inc.:

13

14              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

15              BY:  ROBERT HERRINGTON, ESQ.

16                  300 South Grand Avenue

17              32nd Floor

18              Los Angeles, California 90071

19              (213) 687-5000

20              rherring@skadden.com

21

22       Also Present:

23

24              Video Operator - Bill Flannagan

25
                                                        4
```

Exhibit 8 - Page 63

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                        I N D E X

 2

 3      THURSDAY, JANUARY 24, 2008

 4

 5      WITNESS:                          EXAMINATION

 6

 7      JEAN GOMEZ

 8

 9          (By Mr. Herrington)                    6

10          (P.M. Session)                       108

11

12

13                  UNANSWERED QUESTIONS

14                  PAGE       LINE

15                   29         1

16                   29         18

17                  118         7

18                  184         8

19

20

21              INFORMATION REQUESTED

22                     (None)

23

24

25
                                                245
```

**Exhibit 8 - Page 64**

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                    DEPOSITION EXHIBITS

 2                       JEAN GOMEZ

 3

 4      NUMBER              DESCRIPTION          IDENTIFIED

 5      Exhibit 1600    Resume of Jean Gomez.        58

 6

 7      Exhibit 1601    E-mail dated April 5,        67

 8                      2002, from Larry Clayton

 9                      to Paul Cheung.

10

11      Exhibit 1602    My Scene Marketing Update    73

12                      August 7, 2002.

13

14      Exhibit 1603    My Scene 360 Notes: vol.1    81

15                      Sept. 12, 2002.

16

17      Exhibit 1604    Handwritten notes.           88

18

19      Exhibit 1605    My Scene 360 Notes: vol.6    93

20                      Oct. 24, 2002.

21

22      Exhibit 1606    My Scene vs. Bratz Dolls    110

23                      Competitive Analysis &

24                      Recommendations.

25
                                                    246
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              DEPOSITION EXHIBITS
 2                  JEAN GOMEZ
 3
 4      NUMBER          DESCRIPTION           IDENTIFIED
 5   Exhibit 1607   Competitive Analysis         129
 6                  Presentation.
 7
 8   Exhibit 1608   Wall Street Journal article  133
 9                  titled "To Lure Older Girls,
10                  Mattel Brings in Hip-Hop
11                  Crowd."
12
13   Exhibit 1609   Spring 2003 Show Flow.        138
14
15   Exhibit 1610   Barbie Lin Review 3/6/03     144
16                  Parking Lot Questions and
17                  Direction.
18
19   Exhibit 1611   Barbie Action Plan Notes     149
20                  Saturday, March 15, 2003.
21
22   Exhibit 1612   Barbie/My Scene Action Plan  159
23                  March 24, 2003.
24
25
                                                 247
```

Exhibit 8 - Page 66

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                    DEPOSITION EXHIBITS
 2                       JEAN GOMEZ
 3
 4      NUMBER              DESCRIPTION              IDENTIFIED
 5      Exhibit 1613    The Bratz Brief, November 14,  166
 6                      2003.
 7
 8      Exhibit 1614    Fall My Scene Theme with       167
 9                      handwritten notes.
10
11      Exhibit 1615    My Scene Competitive           167
12                      Comparison Chart.
13
14      Exhibit 1616    E-mail chain ending with       169
15                      e-mail from Russell Arons
16                      dated July 21, 2003.
17
18      Exhibit 1617    E-mail chain ending with       175
19                      e-mail from Guillermo
20                      Guzman to Sara Laor dated
21                      July 28, 2003.
22
23      Exhibit 1618    Targeted Results, Assessment   177
24                      and Coaching For Those Who
25                      Manage Other for Jean Gomez.
                                                        248
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                    DEPOSITION EXHIBITS

 2                       JEAN GOMEZ

 3

 4        NUMBER            DESCRIPTION          IDENTIFIED

 5        Exhibit 1619   2005 Barbie Spring Line      180

 6                       April 15, 2004.

 7

 8        Exhibit 1620   E-mail chain ending with     210

 9                       e-mail from Jean Gomez

10                       to Kara Kuchem dated

11                       July 15, 2004.

12

13        Exhibit 1621   E-mail chain ending with     218

14                       e-mail from Gail Tamae

15                       to dated May 19, 2005 with

16                       handwritten notes.

17

18        Exhibit 1622   Barbie My Scene It's a Teen   231

19                       Scene!

20

21        Exhibit 1623   Handwritten notes,            236

22                       Bates Nos. M 0069084 to

23                       M 0069086.

24

25
                                                        249
```

Exhibit 8 - Page 68

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                    DEPOSITION EXHIBITS

 2                       JEAN GOMEZ

 3

 4       NUMBER              DESCRIPTION          IDENTIFIED

 5       Exhibit 1624    My Scene Go Forward          236

 6                       Strategy.

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
                                                      250
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | what was his job when he came to Mattel in | 03:48:23 |
| 2 | approximately 2003? | 03:48:25 |
| 3 | A. He came in a marketing capacity. | 03:48:27 |
| 4 | Q. Okay. Was he the head of marketing? | 03:48:30 |
| 5 | A. No. | 03:48:35 |
| 6 | Q. Who was -- I'm trying to understand. | 03:48:41 |
| 7 | Who was the seniormost person in marketing | 03:48:42 |
| 8 | after Tim arrived in 2003? | 03:48:44 |
| 9 | A. For all of Mattel? | 03:48:46 |
| 10 | Q. Yeah. | 03:48:48 |
| 11 | A. It would have been the president. I'm not | 03:48:51 |
| 12 | sure who the president was at that time, if it was | 03:48:56 |
| 13 | Adrienne Fontanella or Matt Bousquette. | 03:48:59 |
| 14 | Q. And then underneath either Ms. Fontanella | 03:49:03 |
| 15 | or Mr. Bousquette, it would have been Tim's level? | 03:49:08 |
| 16 | Mr. Kilpin's level? | 03:49:12 |
| 17 | A. Yes. | 03:49:14 |
| 18 | Q. Okay. So to your understanding, he was -- | 03:49:14 |
| 19 | he reported to someone like Ms. Fontanella or | 03:49:16 |
| 20 | Mr. Bousquette? | 03:49:20 |
| 21 | A. Yes. | 03:49:20 |
| 22 | Q. Were you at Mattel -- I'm sorry. Strike | 03:49:27 |
| 23 | that. | 03:49:30 |
| 24 | Did you participate in any meeting at | 03:49:30 |
| 25 | Mattel where a lawsuit against Carter Bryant was | 03:49:33 |

191

CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | announced? | 03:49:35 |
| 2 | MR. ALGER:   I think this has been covered | 03:49:36 |
| 3 | already.   Objection.   Asked and answered. | 03:49:38 |
| 4 | MR. HERRINGTON:   Strike that. | 03:49:40 |
| 5 | Q.   Were you involved in any meeting with | 03:49:40 |
| 6 | Mr. Kilpin where he announced a lawsuit against | 03:49:42 |
| 7 | Carter Bryant? | 03:49:45 |
| 8 | MR. ALGER:   Same objection. | 03:49:45 |
| 9 | But you can answer if you like. | 03:49:46 |
| 10 | THE WITNESS:   I don't remember if there | 03:49:49 |
| 11 | was such a meeting. | 03:49:50 |
| 12 | BY MR. HERRINGTON: | 03:49:57 |
| 13 | Q.   Okay.   I understood you had said that | 03:49:57 |
| 14 | before, but my question is:   Saying the name | 03:49:58 |
| 15 | Mr. Kilpin or Tim Kilpin or mentioning that he had | 03:50:02 |
| 16 | a meeting like that, does that in any way refresh | 03:50:07 |
| 17 | your recollection about whether there was such a | 03:50:09 |
| 18 | meeting? | 03:50:13 |
| 19 | A.   No. | 03:50:14 |
| 20 | Q.   Okay. | 03:50:15 |
| 21 | MR. ALGER:   Same objection.   Just covering | 03:50:15 |
| 22 | it over and over again. | 03:50:18 |
| 23 | BY MR. HERRINGTON: | 03:50:18 |
| 24 | Q.   Have you ever heard anyone at Mattel talk | 03:50:18 |
| 25 | about using litigation as a business strategy? | 03:50:25 |

192

CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | |
|---|---|---|
| 1 | A.   No. | 03:50:32 |
| 2 | Q.   Have you ever heard Tim Kilpin talk about | 03:50:39 |
| 3 | using litigation as a business strategy? | 03:50:42 |
| 4 | A.   No. | 03:50:44 |
| 5 | Q.   Have you ever had any other jobs while you | 03:50:45 |
| 6 | were at Mattel? | 03:51:00 |
| 7 | MR. ALGER:   Objection -- | 03:51:06 |
| 8 | THE WITNESS:   Can you elaborate? | 03:51:07 |
| 9 | MR. ALGER:   Yeah.  Objection.  Vague and | 03:51:09 |
| 10 | ambiguous. | 03:51:10 |
| 11 | BY MR. HERRINGTON: | 03:51:10 |
| 12 | Q.   Have you ever been paid for any other work | 03:51:10 |
| 13 | while you were also an employee at Mattel? | 03:51:12 |
| 14 | MR. ALGER:   She already answered this | 03:51:14 |
| 15 | question.  Asked and answered. | 03:51:16 |
| 16 | MR. HERRINGTON:   I'm sorry. | 03:51:17 |
| 17 | MR. ALGER:   You covered that already. | 03:51:17 |
| 18 | BY MR. HERRINGTON: | 03:51:19 |
| 19 | Q.   Please answer it again. | 03:51:19 |
| 20 | A.   No. | 03:51:21 |
| 21 | Q.   Okay.  Have you ever applied for any other | 03:51:24 |
| 22 | job while you were an employee at Mattel? | 03:51:25 |
| 23 | A.   Yes. | 03:51:27 |
| 24 | Q.   Where? | 03:51:29 |
| 25 | A.   MGA. | 03:51:29 |
| | | 193 |

Exhibit 8 - Page 72

CONFIDENTIAL - ATTORNEYS' EYES ONLY

| | | | |
|---|---|---|---|
| 1 | Q. | Any other companies? | 03:51:30 |
| 2 | A. | No. | 03:51:34 |
| 3 | Q. | Why did you -- when did you apply for a | 03:51:35 |
| 4 | job at MGA? | | 03:51:37 |
| 5 | A. | Why or when?  Sorry. | 03:51:41 |
| 6 | Q. | I think I asked you both, and I apologize. | 03:51:42 |
| 7 | | First when and then we will ask why. | 03:51:45 |
| 8 | A. | When?  2005. | 03:51:48 |
| 9 | Q. | What month? | 03:51:54 |
| 10 | A. | I don't know exactly, but I want to say | 03:51:59 |
| 11 | July of 2005, July or August. | | 03:52:04 |
| 12 | Q. | And why did you apply for a job at MGA? | 03:52:09 |
| 13 | A. | At that time I -- you know, I had been at | 03:52:16 |
| 14 | Mattel for four years.  I didn't get along very | | 03:52:22 |
| 15 | well with the vice president in my group, and I | | 03:52:29 |
| 16 | just wanted to explore some other options. | | 03:52:33 |
| 17 | Q. | Who was the VP? | 03:52:34 |
| 18 | A. | Russell Arons. | 03:52:36 |
| 19 | Q. | I apologize if I asked you this. | 03:52:43 |
| 20 | | Other than MGA, did you apply for any | 03:52:48 |
| 21 | other positions at this time with any other | | 03:52:51 |
| 22 | companies? | | 03:52:52 |
| 23 | A. | No. | 03:52:53 |
| 24 | Q. | And who did you interview with at MGA? | 03:52:58 |
| 25 | A. | I interviewed with maybe six different | 03:53:03 |
| | | | 194 |

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1            I declare under penalty of perjury
 2      under the laws of the State of California
 3      that the foregoing is true and correct.
 4
 5            Executed on _____ , 2008,
 6      at _____, _____.
 7
 8
 9
10         _____
11              SIGNATURE OF THE WITNESS
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                                                242
```

Exhibit 8 - Page 74

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1     STATE OF CALIFORNIA    ) ss:
 2     COUNTY OF LOS ANGELES  )
 3
 4       I, RICKI Q. MELTON, CSR No. 9400, RPR No. 45429,
 5     do hereby certify:
 6
 7       That the foregoing deposition testimony of
 8     JEAN GOMEZ was taken before me at the
 9     time and place therein set forth, at which time the
10     witness was placed under oath and was sworn by me to
11     tell the truth, the whole truth, and nothing but the
12     truth;
13
14       That the testimony of the witness and all objections
15     made by counsel at the time of the examination were
16     recorded stenographically by me and were thereafter
17     transcribed under my direction and supervision, and
18     that the foregoing pages contain a full, true, and
19     accurate record of all proceedings and testimony to
20     the best of my skill and ability.
21
22       I further certify that I am neither counsel for
23     any party to said action nor am I related to any
24     party to said action, nor am I in any way interested
25     in the outcome thereof.
```
                                                              243

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1    IN WITNESS WHEREOF, I have subscribed my name

2   this 7th day of February, 2008.

3

4

5   _____

6        RICKI Q. MELTON, CSR No. 9400

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

244

# EXHIBIT 9

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              UNITED STATES DISTRICT COURT
 2             CENTRAL DISTRICT OF CALIFORNIA
 3                   EASTERN DIVISION
 4     _____
                                      )   CERTIFIED
                                      )   TRANSCRIPT
 5     CARTER BRYANT, an individual,  )
                                      )
 6                  Plaintiff,        )  No. CV 04-9049 SGL
                                      )      (RNBx)
 7        vs.                         )
                                      )  Volume I
 8     MATTEL, INC., a Delaware       )
       corporation,                   )
 9                                    )
                    Defendant.        )
10     _____)
                                      )
11     AND CONSOLIDATED ACTIONS.      )
       _____)
12
13
14
15         CONFIDENTIAL - ATTORNEYS' EYES ONLY
16
17
18         Videotaped Deposition of EUGENE A. MURTHA,
19         taken at 404 West Fourth Street, Suite D,
20         Santa Ana, California, commencing at 8:20 a.m.,
21         Thursday, February 25, 2010, before Kae F.
22         Gernandt, RPR, CSR No. 5342.
23
24
25     PAGES 1 - 265
```
1

Exhibit 9 - Page 77

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    APPEARANCES OF COUNSEL:
 2
 3     FOR THE MGA PARTIES:
 4          ORRICK, HERRINGTON & SUTCLIFFE
            BY:  WILLIAM A. MOLINSKI
 5          777 South Figueroa, Suite 3200
            Los Angeles, California  90017-5855
 6          (213) 629-2020
            wmolinski@orrick.com
 7
 8     FOR MATTEL, INC.
 9          QUINN, EMANUEL, URQUHART, OLIVER & HEDGES
            BY:  SCOTT L. WATSON
10               VALERIE LOZANO
            865 South Figueroa Street, Suite 1000
11          Los Angeles, California  90017
            (213) 443-3000
12          scottwatson@quinnemanuel.com
            valerielozano@quinnemanuel.com
13
14          MICHAEL MOORE
            Assistant General Counsel, Mattel
15          333 Continental Boulevard
            El Segundo, California  90245-5012
16          (310) 252-2000
17
18     ALSO IN ATTENDANCE:
19          Jennifer Eastman, Videographer
20
21
22
23
24
25
```

2

Exhibit 9 - Page 78

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                          I N D E X

 2                        VOLUME  I

 3

 4      THURSDAY, FEBRUARY 25, 2010

 5

 6      WITNESS

 7      EUGENE A. MURTHA

 8

 9

10

11      EXAMINATION BY                                PAGE

12      Mr. Molinski ...................................4

13

14

15           QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER

16                      PAGE       LINE

17                       14          3

                         17         21

18                       18         18

19

20

21

22

23

24

25
                                                      262
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                          DEPOSITION EXHIBITS
 2                           EUGENE A. MURTHA
 3
 4        NUMBER          DESCRIPTION              IDENTIFIED
 5     Exhibit 8580     Organization Announcement dated    42
                        6/14/06 (M0931409)
 6
       Exhibit 8581     Excerpt from Mattel's              91
 7                      interrogatory responses
 8     Exhibit 8582     Document titled "MDF Buget         132
                        [sic] Summary" (M0896960)
 9
       Exhibit 8583     Spreadsheet titled "8/9/06 Copy    138
10                      of Wheels Promo Matrix"
                        (M0076435-0076442)
11
       Exhibit 8584     Spreadsheet titled "Copy of TRU    143
12                      Merchant Modeling Optimiztion
                        [sic] Tool" (M0896956-0896959)
13
       Exhibit 8585     Message 1587 dated 4/4/06 from     152
14                      Dan Cooney (M0896988-0896999)
15     Exhibit 8586     CIP Rollup spreadsheets            174
                        (M0897102-0897111)
16
       Exhibit 8587     Mattel Mainline Pricing as of      175
17                      12/7/09 (M0889138-0889259)
18     Exhibit 8588     Spring 2006 Buyer Preview HW -     180
                        TRU 10-14-05 (M0889661)
19
       Exhibit 8589     Fall 2006 TF HW - TRU 11-8-05      182
20                      (M0889662)
21     Exhibit 8590     List of toys and SKUs             183
                        (M0881792-0881793)
22
       Exhibit 8591     MDF Funding Approval Request       184
23                      (M0897024-0897029)
24     Exhibit 8592     Toys R Us Item Offer Sheet         185
                        (M0879375-0879376)
25
                                                          263
```

**Exhibit 9 - Page 80**

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1                DEPOSITION EXHIBITS (CONTINUED)
 2                     EUGENE A. MURTHA
 3
 4      NUMBER           DESCRIPTION              IDENTIFIED
 5    Exhibit 8593    Product Exclusivity             189
                      Confirmation (M0889657-0889659)
 6
      Exhibit 8594    Toys R Us ladder summaries      195
 7                    (M0896961-0896972)
 8    Exhibit 8595    Media Schedules 2006            200
                      (M0897009-0897012)
 9
      Exhibit 8596    Gap Plans and Summaries         203
10                    (M0896973-0896987)
11    Exhibit 8597    TRU Promo Effectiveness - 2006  204
                      (M0889667-0889670)
12
      Exhibit 8598    2006 Cal 17 Green Friday Promo  209
13                    (M0879379-0879380)
14    Exhibit 8599    Letter dated 1/22/10 to Gene    214
                      Murtha from Quinn Emanuel
15                    (M0946775-0946779)
16    Exhibit 8600    E-mail string dated 11/04 re    227
                      Competition (M0940770)
17
      Exhibit 8601    Outlook meeting memo dated      243
18                    2/6/06 (M0940792)
19    Exhibit 8602    E-mail string dated 8/05,       245
                      subject: 2005 Fall Blockbuster
20                    Ad Plan - My Scene Hollywood
                      vs. Bratz with attachment
21                    (M0940763-0940769)
22    Exhibit 8603    E-mail string dated 4/04,       250
                      subject: Memo from Russell
23                    Arons (M0940761-0940762)
24    Exhibit 8604    E-mail string dated 11/08,      252
                      subject: Greetings
25                    (Cooney000078-000079)
                                                      264
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1              DEPOSITION EXHIBITS (CONTINUED)
 2                   EUGENE A MURTHA
 3
 4      NUMBER        DESCRIPTION              IDENTIFIED
 5    Exhibit 8605    Fax dated 3/31/05 to Josh Taub    256
                      from Nuha Osman with attached
 6                    email from Deborah Terrell
                      (M0890940-0890944)
 7
 8
 9
10          PREVIOUSLY MARKED EXHIBITS REFERRED TO
11      NUMBER                              PAGE
12    Exhibit 1805                          228
13    Exhibit 1807                          230
14    Exhibit 2136                          129
15    Exhibit 2137                          126
16    Exhibit 2665                           98
17    Exhibit 2668                          119
18    Exhibit 5925                          230
19
20
21
22
23
24
25
                                                  265
```

**Exhibit 9 - Page 82**

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1          Q.   And you believe you learned that -- the     11:09:55

 2     fact that the Brawer suit was looming over this, you

 3     think you learned that from Miss Tafoya, as opposed

 4     to Mr. Cooney?

 5          A.   I think so.                                  11:10:03

 6          Q.   Were you aware of the suit against Ron

 7     Brawer?

 8          A.   Very vaguely.

 9          Q.   Did Mr. Cooney ever express -- strike

10     that.                                                 11:10:16

11               Did Mr. Cooney ever express to you a

12     concern over a lawsuit because of something he did

13     wrong?

14          A.   No.

15          MR. WATSON:   Hang on a second.                  11:10:32

16     BY MR. MOLINSKI:

17          Q.   Mr. Cooney never told you that he felt

18     he had done something wrong and, therefore, he might

19     be sued?

20          A.   At this time of interview?  To the best     11:10:45

21     of my recollection, I didn't have any further

22     discussion with Mr. Cooney about his decision to

23     leave or the circumstances or the subsequent

24     concerns that he might have had.

25          Q.   Do you recall Miss Tafoya telling you       11:11:05
                                                                  115
```

Exhibit 9 - Page 83

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    that Mr. Cooney had also expressed a view that        11:11:08

 2    Mattel had a history of aggressive litigation when

 3    it came to competitors?

 4         A.    I don't recall that specifically.

 5         Q.    Do you recall Mr. Cooney ever expressing    11:11:19

 6    that sentiment to you?

 7         A.    I don't recall.  As I said, I -- the

 8    substance of this paragraph here about his concerns,

 9    I was aware of that, but I would have thought that

10    that came to me from Miss Tafoya after her exit       11:11:34

11    interview with Mr. Cooney.

12         Q.    Would you agree that Mattel does have a

13    history of aggressive litigation against

14    competitors?

15         MR. WATSON:  Vague and ambiguous, lacks           11:11:50

16    foundation, calls for speculation.

17         THE WITNESS:  I'd leave that to my lawyers.

18    BY MR. MOLINSKI:

19         Q.    Have you heard anyone inside Mattel ever

20    express the view that Mattel was overly litigious?     11:12:04

21         A.    Have I ever heard anybody inside Mattel

22    say that?  I don't think so.

23         Q.    Have you heard anyone inside of Mattel

24    ever express the view of using litigation as a

25    business strategy?                                     11:12:19
                                                                  116
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1        A.   No.                                        11:12:22

 2        Q.   Have you ever heard Matt Bousquette say

 3   that litigation is a good business technique against

 4   competitors?

 5        A.   I never heard that, no.                    11:12:33

 6        Q.   Do you recall Mr. Bousquette ever saying

 7   that litigation is a good weapon to use against a

 8   less-resourced competitor?

 9        A.   No.

10        Q.   Has anyone at Mattel ever expressed that   11:12:47

11   view?

12        A.   Not to me.

13        Q.   In your view, was it improper for

14   Mr. Cooney to take any of his contact information

15   with him when he left Mattel?                        11:13:35

16        MR. WATSON:   Lacks foundation, calls for

17   speculation, vague and ambiguous, incomplete

18   hypothetical.

19        THE WITNESS:   Contact information being what?

20   BY MR. MOLINSKI:                                     11:13:48

21        Q.   Names and phone numbers of people he had

22   met in the business.

23        MR. WATSON:   Same objections.

24        THE WITNESS:   Mr. Cooney should not have

25   downloaded the information that he downloaded and    11:14:02
                                                               117
```

Exhibit 9 - Page 85

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1   not returned that to the company.                   11:14:05

 2   BY MR. MOLINSKI:

 3        Q.   In your view, is there anything improper

 4   with Mr. Cooney maintaining phone numbers of people

 5   who are friends of his at Mattel?                   11:14:18

 6        MR. WATSON:  Lacks foundation, calls for

 7   speculation, vague and ambiguous, incomplete

 8   hypothetical.

 9        THE WITNESS:  Downloading personal phone

10   numbers?                                            11:14:31

11        MR. MOLINSKI:  Correct.

12        THE WITNESS:  I think that that's okay, in my

13   opinion.  But my opinion is my opinion, and the

14   company has its position.  I can't tell you that I

15   know what that is.                                  11:14:40

16        MR. MOLINSKI:  I'll move to strike everything

17   after the first sentence as nonresponsive.

18   BY MR. MOLINSKI:

19        Q.   You've stayed in touch with Mr. Cooney,

20   correct?                                            11:15:10

21        A.   I have.

22        Q.   And you periodically have lunch with

23   him?

24        A.   I do.

25        Q.   I assume Mr. Cooney has your phone        11:15:22
                                                                 118
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

Page 259

1          I declare under penalty of perjury under

2    the laws of the State of California that the

3    foregoing is true and correct.

4          Executed on _26th April_____,

5    2010, at _Edison, NJ_____, ~~California~~.

6

7

8                        _____
                         EUGENE A. MURTHA
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit 9 - Page 87

CONFIDENTIAL - ATTORNEYS' EYES ONLY

```
 1    STATE OF CALIFORNIA        )
                                 )    ss.
 2    COUNTY OF SAN DIEGO        )

 3

 4            I, KAE F. GERNANDT, CSR No. 5342, do

 5    hereby certify:

 6

 7            That the foregoing deposition testimony of

 8    EUGENE A. MURTHA was taken before me at the time and

 9    place herein set forth, at which time the witness

10    was placed under oath and was sworn by me to tell

11    the truth, the whole truth and nothing but the

12    truth;

13

14            That the testimony of the witness and all

15    objections made by counsel at the time of the

16    examination were recorded stenographically by me and

17    were thereafter transcribed under my direction and

18    supervision, and that the foregoing pages contain a

19    full, true and accurate record of all proceedings

20    and testimony to the best of my skill and ability.

21

22            I further certify that I am neither

23    counsel for any party in said action, nor am I

24    related to any party to said action, nor am I in any

25    way interested in the outcome thereof.
                                                    260
```

CONFIDENTIAL - ATTORNEYS' EYES ONLY

 1          IN WITNESS WHEREOF, I have subscribed my

 2     name this 15th day of March, 2010.

 3

 4

                                    _____
                                    Kae F. Gernandt, CSR No. 5342

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

                                                          261

Exhibit 9 - Page 89

# EXHIBIT 10

Confidential

1          UNITED STATES DISTRICT COURT

2         CENTRAL DISTRICT OF CALIFORNIA

3            SOUTHERN DIVISION

4 ------------------------------

5 CARTER BRYANT,             )    **CERTIFIED**

6           Plaintiff,    )    **TRANSCRIPT**

7           vs.          ) No. CV 04-9049-DOC

8 MATTEL, INC., a Delaware    ) (RNBx)

9 Corporation,           ) Consolidated with:

10         Defendants.    ) Case No. CV 04-9059

11 ------------------------------) Case No. CV 05-2727

12 AND CONSOLIDATED ACTIONS.    ) VOLUME I

13 ------------------------------

14

15      CONFIDENTIAL - ATTORNEYS' EYES ONLY

16

17 Deposition of SALVADOR VILLASENOR, taken at 777

18 South Figueroa Street, Los Angeles, California,

19 commencing at 11:15 A.M., Monday, July 12, 2010,

20 before Cathryn L. Baker, CSR No. 7695.

21

22

23

24

25 PAGES 1 - 349

Page 1

Exhibit 10 - Page 90

Confidential

```
 1    APPEARANCES OF COUNSEL:

 2

 3       FOR THE MATTEL PARTIES:

 4

 5            QUINN EMANUEL URQUHART

 6            OLIVER & HEDGES, LLP

 7            BY: JOHN S. GORDON, ESQ.

 8            865 South Figueroa Street

 9            Tenth Floor

10            Los Angeles, California 90017

11            (213) 443-3000

12            johngordon@quinnemanuel.com

13

14       FOR THE MGA PARTIES:

15

16            ORRICK HERRINGTON & SUTCLIFFE

17            BY:  WILLIAM A. MOLINSKI, ESQ.

18            777 South Figuero Street

19            Suite 3200

20            Los Angeles, California 90017

21            (213) 629-2020

22            wmolinski@orrick.com

23

24

25

                                       Page 2
```

Confidential

```
 1    APPEARANCES OF COUNSEL (CONTINUED):

 2

 3        FOR THE DEPONENT:

 4

 5            BARRERA & ASSOCIATES

 6            BY:  PATRICIO T.D. BARRERA, ESQ.

 7            1500 Rosecrans Avenue

 8            Suite 500

 9            Manhattan Beach, California 90266

10            (310) 802-1500

11            Barrera@ABattorneys.com

12

13        ALSO PRESENT:

14

15            DAVID WEST, VIDEOGRAPHER

16

17

18

19

20

21

22

23

24

25

                                            Page 3
```

Confidential

```
 1                    I N D E X

 2    MONDAY, JULY 12, 2010

 3

 4    WITNESS                        EXAMINATION

 5

 6    SALVADOR VILLASENOR

 7

 8              (By Mr. Molinski)           5

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 338

Exhibit 10 - Page 93

Confidential

```
 1              DEPOSITION EXHIBITS

 2              SALVADOR VILLASENOR

 3

 4    NUMBER        DESCRIPTION              IDENTIFIED

 5    Exhibit 9266  Document entitled            55

 6                  "Separation Agreement and

 7                  General Release Agreement"

 8                  (Production Nos. M 1663320

 9                  through M 1663328)

10

11    Exhibit 9267  February 16, 2001 Memo        96

12                  to Distribution from

13                  Sal Villasenor

14                  (Production No. 15864-001)

15

16    Exhibit 9268  Document entitled "2001      100

17                  New York Toy Fair Report"

18                  (Production Nos. M 1666014

19                  through M 1666031)

20

21    Exhibit 9269  Document entitled "Boys/     112

22                  Entertainment"

23                  (Production Nos. M 0254247

24                  through M 0254302)

25

                                     Page 339
```

Confidential

```
 1                    DEPOSITION EXHIBITS

 2                    SALVADOR VILLASENOR

 3

 4    NUMBER           DESCRIPTION              IDENTIFIED

 5    Exhibit 9270    Document entitled "The        118

 6                    NPD Group Toy Industry

 7                    Review November 2001"

 8                    (Production Nos. M 1502846

 9                    through M 1502853)

10

11    Exhibit 9271    Document entitled "Boys/       126

12                    Entertainment"

13                    (Production Nos. M 0254581

14                    through M 0254621)

15

16    Exhibit 9272    Document entitled "Boys/       127

17                    Entertainment"

18                    (Production Nos. M 0254013

19                    through M 0254039)

20

21    Exhibit 9273    May 13, 2003 Memo to          129

22                    Distribution from Sal

23                    Villasenor & Stephanie Page

24                    (Production No. M 1663471)

25
```

Page 340

**Exhibit 10 - Page 95**

Confidential

```
 1              DEPOSITION EXHIBITS

 2              SALVADOR VILLASENOR

 3

 4    NUMBER          DESCRIPTION              IDENTIFIED

 5    Exhibit 9274  E-mail string - top            139

 6                  E-mail dated May 27, 2003

 7                  to Mary Alice McMorrow

 8                  from Cynthia Rapp

 9                  (Production No. M 0949965)

10

11    Exhibit 9275  April 22, 2003 Memo to         141

12                  Distribution from Sal

13                  Villasenor, Kelly Osier

14                  and Carey Plunkett

15                  (Production Nos. M 0297397

16                  through M 0297605)

17

18    Exhibit 9276  June 17, 2003 e-mail           173

19                  to Girls Division from

20                  Stephanie Page

21                  (Production No. M 0949646)

22

23

24

25

                                          Page 341
```

Confidential

```
 1              DEPOSITION EXHIBITS
 2              SALVADOR VILLASENOR
 3
 4   NUMBER          DESCRIPTION                IDENTIFIED
 5   Exhibit 9277    June 17, 2003 e-mail to        182
 6                   Girls Division from Sal
 7                   Villasenor with attachments
 8                   (Production Nos. M 0951620
 9                   through M 0951623)
10
11   Exhibit 9278    June 23, 2003 memo to          183
12                   Distribution form Sal
13                   Villasenor & Stephanie Page
14                   (Production Nos. M 1663422
15                   through M 1663429)
16
17   Exhibit 9279    July 14, 2003 e-mail to        186
18                   #Mt. Laurel and others from
19                   Stephanie Page
20                   (Production No. M 0199376)
21
22
23
24
25

                                           Page 342
```

Confidential

```
 1              DEPOSITION EXHIBITS

 2              SALVADOR VILLASENOR

 3

 4   NUMBER          DESCRIPTION              IDENTIFIED

 5   Exhibit 9280   Document entitled "Kid's     187

 6                  Licensing Report First

 7                  Quarter 2003 Final Report"

 8                  (Production Nos. M 1666033

 9                  through M 1666091)

10

11   Exhibit 9281   Photocopy of Weekly          188

12                  Insights

13                  (Production Nos. M 1663902

14                  through M 1663903)

15

16   Exhibit 9282   Document entitled "What's     193

17                  Hot! August 2003"

18                  (Production Nos. M 1663472

19                  through M 1663680)

20

21   Exhibit 9283   Document entitled "Brand     194

22                  Profile:  Bratz"

23                  (Production Nos. M 0938558

24                  through M 0938561)

25
```

Page 343

Confidential

```
 1                    DEPOSITION EXHIBITS

 2                  SALVADOR VILLASENOR

 3

 4   NUMBER          DESCRIPTION              IDENTIFIED

 5   Exhibit 9284   February 11, 2004 e-mail       196

 6                  to distribution from

 7                  Sal Villasenor with

 8                  attachment

 9                  (Production Nos. M 1503702

10                  through M 1503704)

11

12   Exhibit 9285   E-mail string - top e-mail       203

13                  dated march 14, 2004 to

14                  Russell Arons and others

15                  from Tim Kilpin

16                  (Production Nos. M 1512465

17                  through M 1512467)

18

19   Exhibit 9286   "2004 Competitive Toy           207

20                  Review"

21                  (Production No. M 1663969)

22

23

24

25

                                          Page 344
```

**Exhibit 10 - Page 99**

Confidential

```
 1              DEPOSITION EXHIBITS

 2              SALVADOR VILLASENOR

 3

 4   NUMBER          DESCRIPTION              IDENTIFIED

 5   Exhibit 9287  Document entitled "Property    214

 6                 News" with attachment

 7                 (Production Nos. M 1008510

 8                 through M 1008523)

 9

10   Exhibit 9288  E Report                       233

11

12   Exhibit 9289  Photocopy of Weekly            227

13                 Insights

14                 (Production Nos. M 0740901

15                 through M 0740902)

16

17   Exhibit 9290  October 12, 2004 e-mail        230

18                 to #Mt Laurel and others

19                 from Sal Villasenor

20                 (Production Nos. M 0951611

21                 through M 0951613)

22

23

24

25

                                       Page 345
```

Confidential

```
 1              DEPOSITION EXHIBITS

 2              SALVADOR VILLASENOR

 3

 4    NUMBER         DESCRIPTION              IDENTIFIED

 5    Exhibit 9291   April 8, 2005 e-mail to      233

 6                   Evelyn Viohl and others

 7                   from Sal Villasenor

 8                   (Production Nos. M 1659838

 9                   through M 1659840)

10

11    Exhibit 9292   Document entitled "Finance    247

12                   & Strategy Retail Visits"

13                   (Production Nos. M 1663795

14                   through M 1663803)

15

16    Exhibit 9293   November 16, 2006 e-mail      307

17                   to Gustavo Machado from

18                   Sal Villasenor

19                   (Production Nos. MGA 4009999

20                   through MGA 4010000)

21

22

23

24

25

                                        Page 346
```

Confidential

DEPOSITION EXHIBITS

SALVADOR VILLASENOR

| NUMBER | DESCRIPTION | IDENTIFIED |
|--------|-------------|------------|
| Exhibit 9294 | November 30, 2006 e-mail to Gustavo Machado from Sal Villasenor with resume attached (Production Nos. MGA 3774902 through MGA 3774905) | 309 |
| Exhibit 9295 | December 7, 2006 e-mail to Sal Villasenor from Gustavo Machado (Production No. MGA2 0146625) | 314 |
| Exhibit 9296 | December 12, 2006 e-mail to Sal Villasenor from Gustavo Machado (Production No. MGA2 0146628) | 314 |
| Exhibit 9297 | December 13, 2006 e-mail to salvillasenor@sbcglobal.net from Gustavo Machado (Production No. MGA2 0146326) | 315 |

Page 347

Confidential

```
 1                    DEPOSITION EXHIBITS

 2                    SALVADOR VILLASENOR

 3

 4    NUMBER          DESCRIPTION              IDENTIFIED

 5    Exhibit 9298    January 17, 2007 e-mail      317

 6                    to Gustavo Machado from

 7                    Ron Brawer

 8                    (Production No. MGA2 0167656)

 9

10    Exhibit 9299    January 19, 2007 e-mail      321

11                    to salvillasenor@sbcglobal.net

12                    (Production No. MGA2 0150747)

13

14    Exhibit 9300    E-mail string - top          321

15                    E-mail dated January 20,

16                    2007 to Gustavo Machado

17                    from Sal Villasenor

18                    (Production Nos. MGA2 0169482

19                    through MGA2 0169483)

20

21    Exhibit 9301    MPA/MGA Fall 2005            325

22                    Domestic Price List

23                    (Production Nos. M 1665998

24                    through M 1666013)

25
```

Page 348

Exhibit 10 - Page 103

Confidential

```
 1                    DEPOSITION EXHIBITS
 2                    (Previously Marked)
 3                   SALVADOR VILLASENOR
 4
 5      NUMBER          DESCRIPTION              REFERENCED
 6      Exhibit 7795   January 15, 2004 e-mail       329
 7                     to Andrew Alderman from
 8                     Steve Totzke
 9                     (Production No. M 0933415)
10
11      Exhibit 2114   December 5, 2003 e-mail       331
12                     to Matt Bousquette from
13                     Sharon Spaulding
14                     (Production No. M 0082032)
15
16
17
18
19
20
21
22
23
24
25
                                            Page 349
```

Exhibit 10 - Page 104

Confidential

1    A.   I might have.  I think I did.

2    Q.   Did you interview for a job with MGA?

3    A.   It was really informal.  I don't know if I

4  would even call it an interview.  I sat down in

5  Gustavo's office, and we talked about a few things.   05:49PM

6  I don't know if you would consider it an interview.

7    Q.   What did you -- do you recall what you

8  discussed with Mr. Machado in that -- in his office?

9    A.   We talked about MGA.  He asked a few

10  questions.  The more he told me about MGA, the less   05:49PM

11  interested I was in working for them.

12    Q.   And why was that?

13    A.   Just the number hours they would put in, the

14  type of -- the type of person Isaac was, I mean,

15  things like that.  Things that were definitely      05:49PM

16  turnoffs.

17    Q.   Did Mr. Machado tell you that Mattel had

18  accused him of stealing trade secrets?

19    A.   No.

20    Q.   Did you at some point become aware that      05:49PM

21  Mattel accused Mr. Machado of stealing Mattel trade

22  secrets?

23    A.   No.

24    Q.   Did anyone at Mattel ever tell you that

25  Mr. Machado had taken confidential information from   05:50PM

Page 219

Exhibit 10 - Page 105

Confidential

```
 1    Mattel when he left?
 2              MR. GORDON:  Objection.
 3              You should not disclose any confidential
 4    information provided by a Mattel attorney directly
 5    or indirectly, if you understood it to be such, if    05:50PM
 6    there is any such information.
 7              THE WITNESS:  No.
 8    BY MR. MOLINSKI:
 9        Q.   Did Mr. Machado tell you that Mattel had
10    sought to prosecute him criminally in Mexico for      05:50PM
11    allegedly taking Mattel trade secrets?
12        A.   No.
13        Q.   Did you hear -- ever hear anyone at Mattel
14    discuss the use of litigation as a business
15    strategy?                                             05:50PM
16        A.   No.
17        Q.   Did anyone ever tell you at Mattel that
18    Mattel would use lawsuits to drive smaller
19    competitors out of business?
20        A.   No.                                          05:51PM
21        Q.   You never heard that from Matt Bousquette?
22        A.   No.
23        Q.   Do you recall ever discussing the lawsuit
24    against MGA with Mr. Bousquette?
25        A.   No.                                          05:51PM
```

Page 220

Veritext National Deposition & Litigation Services
866 299-5127

**Exhibit 10 - Page 106**

Confidential

1      Q.   How about anyone else at Mattel?

2      A.   No.  Not that I can remember.

3      Q.   Go back to Bratz.  What's your best

4  recollection of when you first became aware of the

5  introduction of Bratz?                              05:51PM

6           MR. GORDON:  Objection.  Asked and answered.

7           THE WITNESS:  It had to have been in 2001,

8  probably from reading a magazine, newsletter.

9  BY MR. MOLINSKI:

10     Q.   Do you recall any discussions with people at 05:52PM

11  Mattel about the introduction of Bratz when you

12  first learned it?

13          MR. GORDON:  Objection.  Vague and

14  ambiguous.  Lacks foundation.  Calls for

15  speculation.                                        05:52PM

16          THE WITNESS:  We might have included it in

17  one of the reports.

18  BY MR. MOLINSKI:

19     Q.   Do you recall there being significant

20  concern at Mattel in 2001 when Bratz was introduced  05:52PM

21  to the market?

22     A.   Yes.

23          MR. GORDON:  Objection.  Lack of foundation.

24  Calls for speculation.

25  ///

                                            Page 221

Exhibit 10 - Page 107

Confidential

```
 1   BY MR. MOLINSKI:

 2      Q.   What do you recall in that respect?

 3           MR. GORDON:   Same objections.

 4           THE WITNESS:   Just the number of inquiries

 5   regarding Bratz.                                    05:52PM

 6   BY MR. MOLINSKI:

 7      Q.   What kind of inquiries?

 8      A.   They all wanted to know about sales; they

 9   wanted to know about the line -- I mean,

10   technologies, things like that.                     05:52PM

11      Q.   And these were inquiries you were getting

12   internally at Mattel?

13           MR. GORDON:   Objection.   Leading.

14           THE WITNESS:   Correct.

15   BY MR. MOLINSKI:                                    05:52PM

16      Q.   And this was in 2001?

17      A.   Correct.

18      Q.   Do you recall what part of 2001?

19      A.   No, I do not.

20      Q.   Do you know if it was the early part, the   05:53PM

21   latter part?

22      A.   I don't remember.

23      Q.   And do you recall taking steps in 2001 to

24   try to answer these inquiries?

25      A.   Once again, we would look at every source   05:53PM
```

Page 222

Exhibit 10 - Page 108

Confidential

1          I declare under penalty of perjury

2     under the laws of the State of California

3     that the foregoing is true and correct.

4          Executed on _____, 2010,

5     at _____, California.

6

7

8                   _____

9                   SIGNATURE OF THE WITNESS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 336

Exhibit 10 - Page 109

Confidential

```
 1   STATE OF CALIFORNIA   ) ss:

 2   COUNTY OF LOS ANGELES )

 3

 4          I, CATHRYN L. BAKER, C.S.R. No. 7695, do

 5   hereby certify:

 6          That the foregoing deposition of SALVADOR

 7   VILLASENOR was taken before me at the time and place

 8   therein set forth, at which time the witness was

 9   placed under oath by me;

10          That the testimony of the witness and all

11   objections made at the time of the examination were

12   recorded stenographically by me, were thereafter

13   transcribed under my direction and supervision and

14   that the foregoing is a true record of same.

15          I further certify that I am neither

16   counsel for nor related to any party in said action,

17   nor in any way interested in the outcome thereof.

18          IN WITNESS WHEREOF, I have subscribed my

19   name this 20th day of July,

20   2010.

21

22

23   _____

24   CATHRYN L. BAKER, CSR NO. 7695

25
```

Page 337

**Exhibit 10 - Page 110**

## Changes to Deposition

| Page | Line Number | Changes/Additions |
|------|-------------|-------------------|
| 27 | 9 | Add:  severance pay |
| 31 | 12 | Add:  Dan Frechtling |
| 34 | 20 | Change:  approx. 1992-1995 and 1997-2006 |
| 60 | 24 | Add:  from 1992 through 2005 |
| 66 | 12 | Add:  since 1997 |
| 89 | 14 | Add:  starting 1997 |
| 158 | 2 | Add:  spanning 1997 through 2005 |
| 172 | 1 | Add:  business card |
| 177 | 8 | Add:  conversation w/ Mr. Louie was before 2006 NY Toy Fair |
| 177 | 13 | Change:  no, did not attend 2006 NY Toy Fair |
| 268 | 12 | Add:  I was out on medical leave |
| 268 | 23 | Change:  I did not attend 2006 NY Toy Fair |
| 269 | 25 | Change:  I did not attend 2006 NY Toy Fair |
| 271 | 8 | Change: conversation took place in 2005 |
| 272 | 1 | Change: no, I did not attend 2006 NY Toy Fair |
| 302 | 21 | Change:  yes, only at the beginning of the mediation |

Exhibit 10 - Page 111