# EXHIBIT 20

Case 2:04-cv-09059-S  RNB   Document 230   Filed 06/16/2006   Page 1 of 3

I hereby certify that this document was faxed
to all counsel (or parties) at their respective,
most recent fax number of record, in this action,
on this date.

DATED: 6-16-06

J. De Bose

**DEPUTY CLERK**

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-3 ✗
Scan Only ✗

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **CV 04-9059-SGL (RNBx)**                    Date:  **June 16, 2006**

Title:  **Mattel, Inc. v. Carter Bryant, et al.**

DOCKETED ON CM
JUN 1 9 2006
BY            024

**DOCKET ENTRY**

PRESENT:

HON. <u>ROBERT N. BLOCK</u>, UNITED STATES MAGISTRATE JUDGE

| Trina DeBose | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
None present                                                    None present

PROCEEDINGS:  (IN CHAMBERS)

### Mattel's Motion to Enforce the Court's Order of March 23, 2005 and for Sanctions

After reviewing the parties' respective contentions in the Joint Stipulation, the Court has concluded that neither further briefing nor oral argument will be of material assistance in determining this Motion. Accordingly, the hearing currently set for July 11, 2006 is ORDERED off calendar (see Local Rule 7-15), and the Court now rules as follows.

The consequence of Mattel not insisting on the Larian deposition going forward within 20 days of the Court's March 23, 2005 ruling is that the Court's order that MGA produce Mr. Larian for a deposition on a date mutually convenient to the parties within 20 days of the date of the ruling became subject to Judge Manella's May 20, 2005 order staying all discovery.

However, once the stay was lifted by Judge Larson on May 16, 2006, and Mattel's counsel sent his May 24, 2006 letter expressing Mattel's desire to proceed with the deposition in accordance with the terms of the Court's March 23, 2005 ruling, it again became incumbent on MGA to comply with that ruling. While it would not have been unreasonable for MGA's counsel to respond with alternative proposed dates within the 20-day time frame from receipt of Mattel's counsel's May 24, 2006 letter, insisting that Mr. Larian would not be available until July 25-26 (and not even committing to those dates as firm dates) was neither reasonable nor in compliance with the Court's original

MINUTES FORM 11
CIVIL-GEN

Initials of Deputy Clerk ____

Exhibit 20 - Page 163

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.:    CV 04-9059-SGL (RNBx)                          June 16, 2006
            <u>Mattel, Inc. v. Carter Bryant, et al.</u>                        Page 2

---

ruling. Accordingly, Mattel's Motion is GRANTED as follows. MGA is ORDERED to produce Mr. Larian for a deposition either (a) on a mutually convenient date agreed upon by the parties, or (b) if the parties are unable to agree on a mutually convenient deposition date, then on any date noticed by Mattel provided that 10 days' notice is given. MGA and Mr. Larian are forewarned in advance that the Court will not tolerate any further delaying tactics.

With respect to the sanctions issue, the Court finds that Mattel did make a good faith effort to obtain the discovery sought without court action. Moreover, the Court declines to find that MGA's opposition to the motion was substantially justified or that other circumstances here make an award of Mattel's reasonable expenses unjust. The Court also notes that, contrary to MGA's contention, there is no requirement under Fed. R. Civ. P. 37(a)(4) that the prevailing party in a discovery motion show prejudice before sanctions can be imposed on the party whose conduct necessitated the motion, the attorney advising such conduct, or both of them. Accordingly, the Court finds pursuant to Fed. R. Civ. P. 37(a)(4)(A) that Mattel is entitled to an award of its reasonable expenses incurred in making this Motion. However, the $3,800 in expenses sought by Mattel appears to the Court to be unreasonable and excessive. In the Court's view, it should not have taken more than 3 hours of associate time and 1 hour of partner time to prepare this relatively straightforward motion, in compliance with Local Rule 37-2. It therefore is ORDERED that, within 10 days of this ruling, MGA's counsel pay Mattel the sum of <u>**$1,360**</u>, which the Court finds to be Mattel's reasonable expenses incurred in making this Motion.

The clerk is directed to fax courtesy copies of this Minute Order to counsel, and to confirm telephonically their receipt of it.


cc:    Judge Larson

**Exhibit 20 - Page 164**

# EXHIBIT 21

36

FILED
LOS ANGELES SUPERIOR COURT

OCT 0 5 2004

JOHN A. CLARKE, CLERK
By _____
CRAIG

MATTEL, INC., a Delaware Corporation,

    Plaintiff,

v.

CARTER BRYANT, an individual; and DOES 1 through 10, inclusive,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. BC 314398

TENTATIVE RULING ON (1) MOTION TO COMPEL DEPOSITION AND (2) MOTION FOR A PROTECTIVE ORDER AND ESTABLISH THE SEQUENCE AND TIMING OF DISCOVERY

Hearing Date:  October 5, 2004
Moving Party:  Plaintiff (motion to compel) and Defendant (motion for protective order)

Defendant Carter Bryant was hired by Plaintiff Mattel as a fashion designer for the "Barbie" line of toys from 1995 to April 1998, and in the Barbie Collections division from January 4, 1999 to October 2000. After leaving Mattel, Bryant started his own line of fashion doll, called "Bratz," which received much success. Mattel brings this lawsuit against Bryant for (1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Breach of Duty of Loyalty; (4) Unjust Enrichment; and (5) Conversion. Bryant filed his cross-complaint for (1) Unfair Competition; (2) Rescission; (3) Declaratory Relief; and (4) Fraud.

Plaintiff moves to compel the deposition of Plaintiff. The law is clear that Plaintiff is entitled to depose Defendant who is a party in this action. Although the federal magistrate judge denied Plaintiff its ex parte application to file a motion to compel deposition of Defendant, this Court is not bound by the federal court's local rules. California law is clear that "[a]ny party may obtain discovery...by taking in California the oral deposition of any person, including any party to the action...." CCP § 2025(a). The Court is inclined to grant Plaintiff's motion to compel.

However, Defendant has filed his motion for a protective order. Defendant is not contending that Plaintiff is not entitled to depose him. Rather, it appears that Defendant wants

1

Exhibit 21 - Page 165

Plaintiff to produce certain documents before the deposition, which will assist Defendant in preparation of his deposition. As such, Defendant seeks an order to establish the timing and sequence of the discovery requests. The Court is also inclined to grant Defendant's motion for a protective order.

Plaintiff is ordered to produce these documents or state in verified responses that none exists, and after a diligent search and reasonable inquiry, there are no such documents in Plaintiff's possession, custody, or control. Defendant is ordered to be deposed 20 days after Plaintiff produces these documents.

DATED:        October 5, 2004

GREGORY W ALARCON
SUPERIOR COURT JUDGE

2

**Exhibit 21 - Page 166**

# EXHIBIT 22

Oct 21 04 02:51p

p.1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
     Tania Krebs (Bar No. 227281)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  (213) 443-3000 (telephone)
   (213) 443-3100 (facsimile)
5
   Attorneys for Plaintiff
6  Mattel, Inc.

**FILED**
LOS ANGELES SUPERIOR COURT

OCT 2 0 2004

JOHN A. CLARKE, CLERK
BY L. WALKER, DEPUTY

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10

11  MATTEL, INC., a Delaware corporation,        ) CASE NO. BC 314398
                                                  )
12                      Plaintiff,                )
                                                  ) [ ] ORDER GRANTING
13         v.                                     ) MATTEL'S EX PARTE
                                                  ) APPLICATION TO SET
14  CARTER BRYANT, an individual, and            ) COMPELLED DEPOSITION OF
    DOES 1 through 10, inclusive,                 ) DEFENDANT AND CROSS-
15                                                ) CLAIMANT CARTER BRYANT FOR
                       Defendants.                ) A DATE CERTAIN PURSUANT TO
16                                                ) THE COURT'S ORDER OF
    _____     ) OCTOBER 5, 2004
17  CARTER BRYANT, on behalf of himself, all      )
    present and former employees of Mattel, Inc., )
18  and the general public,                       ) Judge:   Hon. Gregory Alarcon
                                                  ) Dept:    36
19                     Cross-Complainant,         ) Date Action Filed: April 27, 2004
                                                  ) Trial Date:  None Set
20         v.                                     )
                                                  )
21  MATTEL, INC., a Delaware corporation,         )
                                                  )
22                    Cross-Defendant.            )
                                                  )
23

24

25

26

27

28

**Exhibit 22 - Page 167**

1    This matter came before the Court on October 19, 2004 for an <u>ex parte</u>

2 order to set for a date certain the previously compelled deposition of Defendant and Cross-

3 Claimant Carter Bryant. Eric J. Emanuel and Michael T. Zeller of Quinn Emanuel Urquhart

4 Oliver & Hedges, LLP appeared on behalf of Plaintiff Mattel, Inc.  The appearance for

5 Defendant is noted on the record.

6    Having considering the papers and after considering the arguments of

7 counsel regarding Mattel's application, the Court hereby FINDS that good cause exists for

8 the issuance of <u>ex parte</u> relief, and hereby GRANTS Mattel's <u>ex parte</u> application.

9    Accordingly, the Court ORDERS and compels Defendant and Cross-

10 Claimant Carter Bryant to appear for deposition commencing on November 4, 2004, at 9:00

11 a.m. at University Plaza Hotel and Convention Center, 333 S. John Q. Hammons Parkway,

12 Springfield, Missouri 65806.

13

14 IT IS SO ORDERED

15 Date: **10/20/04**

16          _____
           Honorable Judge Gregory Alarcon

17           Judge of the Superior Court

18

19

20 Submitted by:  QUINN EMANUEL URQUHART OLIVER & HEDGES

21 Attorneys for:  Plaintiff Mattel, Inc.

22

23

24

25

26

27

28

**Exhibit 22 - Page 168**

# EXHIBIT 23

William Gwire, Esq. (59451)
Bruce Glassner, Esq. (220275)
Ujvala Singh, Esq. (256639)
GWIRE LAW OFFICES
455 Market Street, Suite 2220
San Francisco, CA 94105

Telephone: (415) 296-8880
Facsimile: (415) 296-8029

Attorneys for Cross-Complainants

FILED
Los Angeles Superior Court

AUG 05 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 05 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
CENTRAL DIVISION

O'MELVENY & MYERS LLP, a
limited liability partnership,

            Plaintiff,

    v.

MGA ENTERTAINMENT, INC. a
California corporation;  DOES 1-20,
inclusive,

            Defendants.
--------------------------------------------
MGA ENTERTAINMENT, INC., a
California Corporation; MGA
ENTERTAINMENT (HK)
LIMITED, a Hong Kong Special
Administrative Region business
entity; ISSAC LARIAN, an
individual,

            Cross-Plaintiffs,

    v.

O'MELVENY & MYERS LLP, a
California limited liability
partnership; DIANA MARIE
TORRES, MARC FORREST
FEINSTEIN, AND SCOTT
HOWARD DUNHAM, individuals;
DOES 1-20, inclusive,

            Cross-Defendants.

Case No.  BC441593  D-48

CROSS-COMPLAINT FOR:

1. PROFESSIONAL NEGLIGENCE;
2. BREACH OF FIDUCIARY DUTY;
3. BREACH OF CONTRACT

JURY TRIAL DEMANDED

BY FAX

GWIRE LAW OFFICES
455 Market Street, Suite 2220
San Francisco, CA 94105
Telephone (415) 296 8880
Facsimile (415) 296 8029

-1-

O'MELVENY & MYERS VS. MGA, BC441593
CROSS-COMPLAINT

**Exhibit 23 - Page 169**

1         Come now Cross Complainants, MGA Entertainment Inc., MGA Entertainment (HK)

2    Limited, and Isaac Larian and for their Cross-Complaint against Cross-Defendants herein, and

3    demanding a trial by jury in this matter, allege as follows:

4    **INTRODUCTION**

5         This is an action by former clients against their former law firm.  Cross Complainants,

6    MGA ENTERTAINMENT, INC., ISAAC LARIAN and MGA ENTERTAINMENT (HK)

7    LIMITED (collectively "MGA"), put their faith, trust, and potentially their financial existence in

8    the hands of Cross-Defendant law firm O'Melveny & Myers ("O'Melveny"), only to discover

9    that the law firm was negligent in its representation of MGA, breached its fiduciary duties and

10   overbilled its client.

11        O'Melveny was hired for a true "bet the company case."  The case involved a bitter

12   dispute between MGA, the developer of the popular Bratz line of dolls and its arch rival, Mattel,

13   Inc., the developer of the Barbie line of dolls.  Distilled to its core, the litigation between Mattel

14   and MGA involved claims by Mattel that the original design of MGA's very successful line of

15   Bratz dolls was really Mattel's property.  Mattel's primary argument was based on its claim that

16   the drawings which inspired the creation of Bratz had been done by Carter Bryant, an employee

17   of Mattel, while he was under contract with Mattel.

18        MGA turned to O'Melveny.  O'Melveny represented MGA from no later than April,

19   2004, to about January, 2008, when it withdrew over alleged disputes that had arisen over

20   management of the litigation and fee issues.

21        When O'Melveny demanded to withdrew, MGA was forced to find appropriate substitute

22   counsel who could come in on very short notice and try to salvage the case.  MGA retained Tom

23   Nolan and his trial team from Skadden, Arps, Slate, Meagher & Flom ("Skadden") to step in.

24   However, disputes further arose over the transition of the case between O'Melveny and Skadden,

25   and MGA contends O'Melveny left the case in an inadequately prepared state.

26        During its representation, O'Melveny billed MGA total fees and costs in excess of

27   $23,000,000 of which MGA paid over $13,000,000.

28        MGA claims that not only does it not owe any additional fees to O'Melveny, it is due a

GWIRE LAW OFFICES
455 Market Street, Suite 2270
San Francisco, CA 94105
Telephone (415) 296 8640
Facsimile (415) 296 8629

-2-

O'MELVENY & MYERS VS MGA, BC441593
CROSS-COMPLAINT

**Exhibit 23 - Page 170**

1  refund because of O'Melveny's improper billing practices and poor case management and

2  preparation.  Indeed, MGA contends that but for O'Melveny's wrongful conduct as detailed

3  below, it would have defeated Mattel's claims, and prevailed in the Mattel litigation.

4      By this action, Cross Complainants seeks damages from O'Melveny for its negligent

5  conduct, its intentional breaches of fiduciary duty, overbilling and mismanagement of the legal

6  matters it was handling for MGA, particularly the Mattel litigation.   Collectively, MGA's claims

7  against O'Melveny dwarf the amount O'Melveny claims it is still owed for fees and costs.

8      The actual amount of MGA's damage is unknown at the present time but will be

9  determined by the proof presented at trial   Additionally, MGA seeks a return of a portion of the

10  $13 million paid to O'Melveny based on O'Melveny' improper billings, poor case management,

11  its improper withdrawal and various breaches of fiduciary duties.  Finally, MGA seeks punitive

12  damages for O'Melveny's intentional conduct.

13                              **PARTIES**

14      1.      Cross Complainant MGA, Entertainment, Inc. ("MGA") is a leading designer,

15  developer and manufacturer of toys for children, including the successful Bratz line of dolls.

16  MGA is a California corporation in good standing, with its principal place of business in Van

17  Nuys, California.

18      2.      Cross Complainant MGA Entertainment (HK) Limited ("MGA"), is a Hong Kong

19  Special Administrative Region business entity, with its principal place of business in Hong

20  Kong, China.

21      3.      Cross Complainant Isaac Larian ("Larian"), is a resident of the State of

22  California, is the Chief Executive Officer and majority owner of Cross Complainant, MGA

23  Entertainment, Inc.  Unless otherwise indicated, all Cross Complainants will be referred to

24  herein together as MGA.  In this action, Larian brings suit for the damages he incurred

25  personally by O'Melveny's wrongdoing as set forth below.

26      4.      Cross-Defendant O'Melveny & Myers LLP ("O'Melveny") is, and at all relevant

27  times was, a limited liability partnership believed to be organized and existing under California

28  law.  O'Melveny is an international law firm claiming to employ approximately 1,000 attorneys

GWIRE LAW OFFICES
455 Market Street Suite 2770
San Francisco CA 94100
Telephone (415)296-8880
Facsimile (415)296-8270

-3-

O'MELVENY & MYERS VS MGA, BC441593
CROSS-COMPLAINT

**Exhibit 23 - Page 171**

1    and paralegals around the world with law offices located in 14 cities, including Los Angeles,

2    California, which O'Melveny considers to be its principal office.

3          5.      Cross-Defendant Diana Marie Torres, ("Torres") is no longer, but was, at all

4    relevant times herein, a partner of O'Melveny at its offices located in the County of Los

5    Angeles.  Ms. Torres is an attorney licensed to practice law in the State of California and is

6    currently practicing law in California.  MGA is informed and believes and thereon alleges that at

7    all relevant times Torres represented herself as a specialist in the area of litigation and

8    intellectual property.  Torres is sued herein as an individual Cross-Defendant because it is

9    unknown as this time whether, in doing the acts described below, she was acting in the course

10   and scope of her employment and position as a partner with O'Melveny, or acting on her own,

11   without O'Melveny's approval, authorization or ratification.

12         6.      Cross-Defendant Marc Forrest Feinstein ("Feinstein") was, at all relevant times,

13   an attorney licensed to practice law in the State of California and practicing law as a partner of

14   O'Melveny at its offices located in the County of Los Angeles.  Feinstein is sued herein as an

15   individual Cross-Defendant because it is unknown as this time whether, in doing the acts

16   described below, he was acting in the course and scope of his employment and position as a

17   partner with O'Melveny, or acting on his own, without O'Melveny's approval, authorization or

18   ratification.

19         7.      Cross-Defendant Scott Howard Dunham ("Dunham") was, at all relevant times,

20   an attorney licensed to practice law in the State of California and practicing law as a partner of

21   O'Melveny at its offices located in the County of Los Angeles.  Dunham is sued herein as an

22   individual Cross-Defendant because it is unknown as this time whether, in doing the acts

23   described below, he was acting in the course and scope of his employment and position as a

24   partner with O'Melveny, or acting on his own, without O'Melveny's approval, authorization or

25   ratification.

26         8.      Cross-Defendants Does 1 through 20, inclusive, are sued herein under fictitious

27   names.  Their true names and capacities are unknown to Cross-Complainants at this time.  When

28   their true names and capacities are ascertained, Cross-Complainants will amend this Cross-

GWIRE LAW OFFICES
405 Market Street, Suite 2220
San Francisco, CA  94105
Telephone (415)296-8880
Facsimile (415)295-8929

-4-

O'MELVENY & MYERS VS. MGA, BC441593
CROSS-COMPLAINT

Exhibit 23 - Page 172

1   Complaint by inserting their true names and capacities herein. Cross-Complainants are informed

2   and believe and thereon allege that each of the fictitiously named Doe Cross-Defendants is

3   responsible in some manner for the occurrences herein alleged, and/or were the agents, partners,

4   shareholders, members or principals of each of the other Cross-Defendants in doing the acts and

5   omissions alleged herein, and were acting within the scope and course of their agency,

6   partnership, shareholder, member or principal role, and that each of the fictitiously named Cross-

7   Defendants is liable to Cross-Complainants for the acts and omissions alleged herein and for the

8   damages proximately caused to Cross-Complainants.

9                                   **GENERAL ALLEGATIONS**

10          9.      MGA is the developer and marketer of a line of multiethnic urban fashion dolls

11  called "Bratz." Bratz dolls hit the U.S. market in approximately 2001 and by 2002 the line of

12  dolls had become a blockbuster. Bratz was named Toy of the Year in 2002, and demand for the

13  dolls grew. MGA added more characters to the Bratz line each year including a line of "Bratz

14  Boyz" a line of younger dolls, including "L'il Bratz," and even a line of "Bratz Petz". All the

15  lines were complemented by a universe of accessories, from clothes to furniture to cars. MGA

16  registered copyrights in the Bratz line of dolls as well as their line extensions.

17          10.     Bratz was a direct competitor of Mattel, Inc., which marketed the Barbie (and

18  Ken) line of dolls. As Bratz thrived, Mattel became more agitated and concerned as it saw its

19  dominance of the doll market threatened. While MGA ascended with the success of Bratz,

20  Mattel's value as a company declined. Unable to create a line of dolls that could compete in the

21  marketplace with Bratz, Mattel chose litigation as its forum of choice. More than three years

22  after Bratz hit the scene, Mattel sued Bryant, and then (more than two years later) MGA, for,

23  among other things, copyright infringement. The specifics of the various lawsuits filed between

24  the parties are as follows:

25          a.      *Mattel v. Bryant*, Los Angeles Superior Court, Case No. BC314398;

26  Filed: April 27, 2004; removed to Federal Court by Defendant Bryant; U.S. District Court for the

27  Central District of California (Western Division – Los Angeles) Case No: 2:04-cv-09059; MGA

28  intervened in this case around December 2004 to protect its interests;

**Exhibit 23 - Page 173**

1    b.    ***Bryant v. Mattel***, U.S. District Court, Central District of California

2  (Western Division – Los Angeles), Case No. 2:04-cv-09049; filed November 2, 2004;

3    c.    ***MGA v. Mattel***, U.S. District Court, Central District of California

4  (Western Division – Los Angeles), Case No. 2:04-cv-02727; filed April 13, 2005; On July 18,

5  2006, these three cases were consolidated in the U.S. District Court, Central District before

6  Judge Larson. On January 12, 2007, Mattel filed counterclaims against MGA in the

7  consolidated federal action, under Case No. 2:04-cv-09049. All of these actions, unless

8  otherwise indicated will be referred to herein as the "Mattel vs. MGA litigation".

9    11.    To handle the litigation that was being generated, MGA turned to O'Melveny,

10  which MGA believed and was told had the strength, knowledge, expertise and resources to

11  handle the case. Among the things O'Melveny sold MGA on were the credentials of its then

12  partner, Dale Cendali, who was at that time a 20 year experienced, intellectual property attorney

13  in O'Melveny's New York office. Ms. Cendali was represented to MGA, and represented

14  herself as an experienced, "big-case" trial attorney. Ms. Cendali was put in charge of overall

15  strategy and management of the litigation, and Cross-Defendant, Diane Torres, then an 11 year

16  experienced partner in O'Melveny's Los Angeles office, was designated to supervise the day-to-

17  day management of what O'Melveny acknowledged was a "bet the company" case.

18    12.    MGA also retained Patty Glaser, of what was then known as Christensen, Glaser,

19  Fink, Jacobs, et al, as co-counsel, primarily to assist as trial counsel. Although Glaser's firm had

20  been co-counsel of record, it was always understood that Glaser would only participate in the actual trial

21  of the Mattel litigation and that her firm did not have the size or resources capable of handling or

22  managing the litigation.

23    13.    Unknown to MGA, and undisclosed by O'Melveny, Ms. Cendali, despite her

24  credentials as an intellectual property attorney, was not the experienced, courtroom tested, trial

25  lawyer that was needed to handle the trial of the case. Nor was Ms. Cendali experienced in the

26  management of such large scale litigation. And, Ms. Torres' experience and credentials in large

27  scale, complex litigation were equally lacking

28    14.    The attorney-client relationship between MGA and O'Melveny commenced no

GWIRE LAW OFFICES
455 Market Street, Suite 2770
San Francisco, CA 94105
Telephone (415) 796-8800
Facsimile (415) 796-8829

1    later than April, 2004, and continued until about January, 2008. While O'Melveny formally

2    substituted out of representing MGA in the Mattel v. MGA litigation in about October, 2007,

3    O'Melveny continued doing work on the Mattel v. MGA litigation and related matters until

4    about January, 2008, for which it billed MGA.

5        15.    No written fee agreement was ever entered into between O'Melveny and either

6    MGA companies or Larian, despite the requirements of California Business & Professions

7    Section § 6148. No conflict of interest letter or disclosure was ever provided to MGA or Larian

8    as required by California Rules of Professional Conduct, Rule 3-310.

9        16.    Following O'Melveny's departure from the case, MGA retained Tom Nolan of

10   the law firm of Skadden, Arps, Slate, Meagher & Flom ("Skadden") as lead trial counsel to

11   represent MGA in the Mattel litigation.

12       17.    The Mattel vs. MGA litigation proceeded before U.S. District Court Judge

13   Stephen Larson of the Central District of California. Prior to Skadden's involvement in the case,

14   and with O'Melveny's full participation and agreement, Judge Larson bifurcated the case into

15   several phases: a Phase One, covering the claims relating to Bryant's drawings, and a Phase 2

16   covering all other aspects of the case.  The Phase One trial was further bifurcated.  In Phase 1A,

17   the jury heard evidence on the alleged timing of the creation of Bryant's drawings and MGA's

18   and Larian's liability for the state law claims.  In that phase, the jury found MGA and Larian

19   liable on all the state law claims.

20       18.    Phase 1B concerned the extent to which the Bratz dolls infringed the Mattel

21   copyrights and damages. The jury found MGA liable for copyright infringement, but it

22   concluded that the infringement was not willful.  The jury awarded $10 million in damages on

23   the copyright infringement claim.  On each of the two aiding and abetting claims and the

24   interference claim, the jury verdict form reflected an award of $30 million against Larian and

25   MGA Entertainment on each claim for a total of $90 million in combined damages. It also

26   awarded $31,500 for conversion of the physical drawings.

27       19.    Following the jury verdict, Judge Larson issued various orders and implemented

28   various categories of equitable relief—including a copyright injunction (covering, *inter alia*, the

GWIRE LAW OFFICES
655 Market Street, Suite 2220
San Francisco, CA 94105
Telephone (415) 296-8880
Facsimile (415)296 8029

-7-

O'MELVENY & MYERS VS. MGA, BC441593
CROSS-COMPLAINT

Exhibit 23 - Page 175

1    female Bratz products) and an injunction and constructive trust for the state law claims

2    (covering, *inter alia*, the use of the name Bratz). Collectively, Judge Larson's equitable

3    remedies transferred the entire Bratz trademark portfolio from MGA to Mattel—worldwide—not

4    just for the female dolls, but for the thousands of concededly non-infringing dolls and

5    accessories that MGA produced.

6        20.    Following the post trial proceedings, and in response to MGA's appeal of the

7    District Court's equitable orders, the Ninth Circuit Court of Appeals stayed execution on all

8    equitable remedies imposed by Judge Larson. While the appeal was pending, Judge Larson took

9    retirement and the case was transferred to Judge David Carter for further handling. The Ninth

10   Circuit has since vacated the jury's award and Judge Larson's equitable remedies, and remanded

11   the case for retrial in accordance with its Opinion. The case remains before Judge Carter at this

12   time for retrial following the Ninth Circuit's reversal. The re-trial is scheduled for January,

13   2011. Although the fact of MGA's harm caused by O'Melveny is certain, the full nature and

14   extent of MGA's damages are unknown pending the outcome of the Mattel vs. MGA litigation.

15       21.    Between August 20, 2008 and July 15, 2010, MGA and O'Melveny entered into a

16   series of tolling agreements intended to preserve the parties' claims against the other by

17   effectively tolling all operative statutes of limitations. Including the tolling periods, MGA has

18   brought this action within any and all applicable statute of limitations periods.

19                          **FIRST CAUSE OF ACTION**
20              **AGAINST O'MELVENY FOR PROFESSIONAL NEGLIGENCE**

         22.    MGA incorporates by reference paragraphs 1-21 as though fully set forth herein.

21       23.    By virtue of its legal representation, O'Melveny owed MGA a professional duty

22   of care to render its services with the level of competence, diligence, skill, knowledge and

23   judgment meeting the standard of care for attorneys generally practicing under the same or

24   similar circumstances.

25       24.    O'Melveny and its partners held themselves out as specialists in intellectual

26   property litigation with the requisite trial experience and resources to litigate large and complex

27   cases. Thus O'Melveny was under a heightened standard of care to render its services with the

28

GWIRE LAW OFFICES
455 Market Street Suite 2220
San Francisco, CA 94105
Telephone (415) 296-8900
Facsimile (415) 295-8929

-8-

O'MELVENY & MYERS VS MGA, BC441593
CROSS-COMPLAINT

Exhibit 23 - Page 176

1    level of competence, diligence, skill, knowledge and judgment meeting the standard of care for

2    other members of the legal profession who hold themselves out as such specialists with such

3    resources.

4          25.     During the period of O'Melveny's representation of MGA, O'Melveny breached

5    its professional duties of care to MGA by failing to exercise the requisite competence, diligence,

6    skill, knowledge and judgment required of it in undertaking and performing professional legal

7    services for MGA.  MGA is informed and believes and thereon alleges that specific instances of

8    O'Melveny's negligent acts and omissions include, but are by no means limited to the following:

9          a.     O'Melveny was negligent in developing, advocating and implementing a

10    strategy that resulted in the bifurcation of Phase 1(a) and Phase 1(b), which was to MGA's

11    detriment because as a result of the constriction imposed by the Phasing Order, MGA was unable

12    to show the jury most of its favorable evidence or provide a "big picture" perspective as to what

13    was at stake in the lawsuit.  As such, the Phasing Order seriously prejudiced MGA and should

14    not have been proposed or agreed upon by O'Melveny.

15          b.     O'Melveny failed to timely, diligently and proactively request and obtain

16    important discovery from Mattel (and others) including documents and evidence that MGA

17    needed for its case against Mattel, and for its defenses against Mattel's claims.  Among other

18    examples, O'Melveny failed to conduct proper discovery to address important defenses that were

19    available to MGA.  Any of these defenses, had they been successfully handled, would have

20    resulted in a complete victory for MGA, meaning a determination that Mattel had no viable

21    claims that could be enforced against MGA.  Among the defenses that were not fully or properly

22    pursued, prepared or presented were : (1) spoliation of evidence, and (2) statute of limitations.

23          c.     O'Melveny failed to secure the services of necessary and appropriate

24    experts for the case, and where they did, they did so badly, leaving holes in MGA's defenses.

25          d.     O'Melveny failed to assign attorneys with the necessary trial preparation

26    and trial experience capable of handling the case, resulting in a lack of direction, plan or

27    strategy. As a result of O'Melveny's inadequate case management and preparation, it failed to

28    uncover the evidence that would have established MGA's affirmative defenses, and also failed to

GWIRE LAW OFFICES
455 Marion Street, Suite 2270
San Francisco, CA 94105
Telephone (415)796-8460
Facsimile (415)796-8279

-9-

**Exhibit 23 - Page 177**

1    uncover the evidence that would have established MGA's own claims against Mattel for, *inter*

2    *alia*, trade dress infringement, directed at Mattel's efforts to serially copy several MGA

3    products.

4         26.    As a direct and proximate result of O'Melveny' professional negligence as

5    alleged above, MGA suffered damages including the loss of the Mattel litigation as described in

6    paragraphs 1-25 above.  Such loss proximately resulted in general, special and consequential

7    damages to MGA in an amount unknown at present, but to be established according to evidence

8    at trial.

9         27.    As a further direct and proximate result of O'Melveny' professional negligence,

10   MGA was overbilled in fees and costs which it paid for work O'Melveny performed, which

11   work was ineffective, inappropriate, unnecessary, duplicative or wasteful and which did not

12   advance MGA's interests or confer any benefit, value or advantage to MGA.  Such overbilling is

13   in an amount to be established according to evidence at trial.

14        WHEREFORE, MGA prays for relief as set forth below.

15   **SECOND CAUSE OF ACTION**

16   **AGAINST ALL CROSS-DEFENDANTS FOR BREACH OF FIDUCIARY DUTY AND
     INTENTIONAL BREACH OF FIDUCIARY DUTY**

17        28.    MGA incorporates by reference paragraphs 1-27 as though fully set forth herein.

18        29.    Commencing in 2004, MGA was in a fiduciary attorney-client relationship with

19   O'Melveny that entitled MGA to expect from O'Melveny, and imposed upon O'Melveny and its

20   attorneys, the highest duty of candor, honesty and competence, as well as O'Melveny's absolute

21   fidelity and selfless loyalty.

22        30.    Additionally, the fiduciary duty of candor obligated O'Melveny to deal fairly,

23   justly and honestly with MGA and to disclose all material facts to MGA including, but not

24   limited to, facts of which MGA was unaware but which O'Melveny knew or should have known

25   would influence MGA's decisions, even where the facts might be detrimental to O'Melveny.

26        31.    O'Melveny's fiduciary duties to MGA also included the duty of loyalty, which

27   obligated all Cross-Defendants to represent MGA's interests and not place their own interests

28   ahead of, or in conflict with those of MGA or to place MGA's interests in jeopardy.  Such duty

-10-

GWIRE LAW OFFICES
455 Market Street, Suite 2229
San Francisco, CA  94105
Telephone (415)296-8848
Facsimile (415)296-8229

O'MELVENY & MYERS VS. MGA, BC441593
CROSS-COMPLAINT

**Exhibit 23 - Page 178**

1  of loyalty existed and was present throughout O'Melveny's representation of MGA, and for

2  certain purposes, extended even beyond O'Melveny's actual representation.

3      32.     At all relevant times, MGA did, in fact, place full and total trust and confidence in

4  O'Melveny and relied upon O'Melveny's integrity, candor, fidelity and loyalty.

5      33.     Despite having voluntarily accepted such trust and confidence reposed in it by

6  MGA, O'Melveny breached such trust and confidence and abused its fiduciary relationship with

7  MGA by committing the acts and conducting itself in the manner set forth in paragraph 25

8  above.

9      34.     MGA further alleges that O'Melveny violated such trust and confidence and

10  breached and abused its fiduciary relationship with MGA by, among other things, the acts and

11  conduct set forth below in paragraphs 35 to 39.

12      35.     O'Melveny misrepresented the qualifications and experience of Dale Cendali and

13  Diana Torres.  O'Melveny represented Ms. Cendali (and Ms. Cendali represented herself) to

14  MGA in 2004 as an experienced jury trial lawyer with the ability to manage complex litigation.

15  Ms. Torres, an 11 year experienced attorney when she began working on the MGA cases, was

16  represented to MGA as qualified to handle all aspects of a large scale litigation such as the

17  Mattel vs. MGA litigation.  On information and belief, MGA alleges Ms. Cendali and Ms.

18  Torres were not as experienced as represented, and did not possess the experience and

19  qualifications required for the Mattel vs. MGA litigation.  But for the claims regarding Ms.

20  Cendali's and Ms. Torres' experience, MGA would not have retained O'Melveny, or at the least,

21  demanded other lead trial counsel.

22      36.     O'Melveny improperly and unfairly withdrew from representing MGA barely

23  eight months before trial, in litigation that had been pending for over four years.

24      37.     O'Melveny designated Cross-Defendants Feinstein, Torres and Dunham with the

25  responsibility to assist MGA's new counsel during the transition of the case and files.

26      38.     MGA substituted the firm of Skadden, Arps, et al ("Skadden" or "new counsel")

27  for O'Melveny, but O'Melveny (including Cross-Defendants Feinstein, Torres and Dunham),

28  even though still counsel of record for MGA, failed and refused to meaningfully assist Skadden

GWIRE LAW OFFICES
455 Market Street Suite 2220
San Francisco, CA 94105
Telephone (415)986-8400
Facsimile (415)986-8075

-11-

O'MELVENY & MYERS VS MGA, BC441593
CROSS-COMPLAINT

Exhibit 23 - Page 179

during the transition, in violation of O'Melveny's ethical duties to make certain that MGA's interests would not be prejudiced. As a consequence, MGA was prejudiced by O'Melveny's failure to assist and cooperate with new counsel during the transition. Indeed, months of critically needed strategic preparation were lost as a result of the poor condition of the file and, as discussed more fully below, O'Melveny's failure and refusal to cooperate or assist in the transition to Skadden.

39. Some examples of the ineffective assistance given to new counsel, by O'Melveny and Cross-Defendants Feinstein, Dunham and Torres are the following:

a. Cross-Defendants provided the voluminous case material to Skadden without indices or any meaningful form of organization for the vast majority of it.

b. Cross-Defendants refused to discuss any logistical, procedural or substantive issues as part of the transition.

c. Cross-Defendants provided Skadden with limited access to O'Melveny's online litigation repository inhibiting Skadden's access to the voluminous case materials and forcing Skadden to recreate the case files that O'Melveny had in its possession.

d. Cross-Defendants failed to provide Skadden with a current and updated discovery production log.

e. Cross-Defendants failed to provide full and complete information on the experts it had retained for the case.

f. Cross-Defendant Feinstein refused to answer questions regarding open and pending discovery matters which had been identified by the Skadden lawyers during review of the case.

40. O'Melveny's and Cross-Defendants Torres, Feinstein and Dunham's conduct caused Skadden to lose critically needed time to prepare for the trial of the case and conclude needed discovery that had not been done by O'Melveny. Additionally, O'Melveny's and Cross-Defendants Torres, Feinstein and Dunham's conduct cost MGA millions of dollars in additional and unnecessary fees and costs as Skadden struggled to get up to speed, organize the file and correct O'Melveny's mistakes. O'Melveny's and Cross-Defendants Torres, Feinstein and

GWIRE LAW OFFICES
450 Market Street, Suite 2220
San Francisco, CA 94105
Telephone (415)288-8580
Facsimile (415)288-8570

-12-

O'MELVENY & MYERS VS. MGA, BC441593
CROSS-COMPLAINT

Exhibit 23 - Page 180

1  Dunham's conduct caused Skadden to be handicapped in its ability to prepare the case for trial,

2  which prejudiced MGA in the litigation and ultimately at the trial itself.  As a direct and

3  proximate result of the Cross-Defendants' breaches of fiduciary duty as stated above, MGA has

4  been damaged in amounts according to proof.

5      41.    MGA contends that the conduct of O'Melveny and where indicated, that of the

6  individual Cross-Defendants, as set forth in paragraphs 35 to 39 above was done purposefully

7  with the specific intent to disguise and hide the damaged and disorganized state of the case, as

8  well as the errors and mistakes and other wrongful conduct of O'Melveny.

9      42.    MGA believes that the conduct alleged above by O'Melveny and the individual

10 Cross-Defendants was a purposeful, intentional and willful series of acts and omissions, done as

11 part of a plan and in willful disregard of their fiduciary duties to MGA's rights, and with malice,

12 oppression or fraud.  Such conduct justifies the imposition of punitive damages in amounts

13 according to proof.

14     WHEREFORE, MGA prays for relief as set forth below.

15                         **THIRD CAUSE OF ACTION**
   **AGAINST O'MELVENY FOR BREACH OF FIDUCIARY DUTY AND**
16 **BREACH OF CONTRACT (OVERBILLING) AND FOR FRAUDULENT BILLINGS**

17     43.    MGA incorporates by reference paragraphs 1-42 as though fully set forth herein.

18     44.    As part of its fiduciary duties to MGA, O'Melveny was also required to:  (a)

19 perform legal services in an efficient and cost effective manner; (b) not pad or engage in

20 deceptive and abusive billing practices; (c) incur expenses reasonably and bill them honestly;

21 and (d) perform only that work reasonably necessary to further the client's interests and not bill

22 for unnecessary, duplicative and wasted work.

23     45.    In addition to its fiduciary duties set forth above, O'Melveny also had express and

24 implied contractual obligations and responsibilities to MGA.  While there was no written

25 agreement between the parties, the oral understanding between the parties required that

26 O'Melveny would perform its work reasonably, efficiently, cost effectively and not engage in

27 wasteful, fraudulent, deceptive or abusive billing practices.  Furthermore, MGA provided

28 O'Melveny with its law firm billing policy and O'Melveny agreed to comply with same

GWIRE LAW OFFICES
455 Market Street Suite 2270
San Francisco, CA 94105
Telephone (415)296-8820
Facsimile (415)296-8679

Exhibit 23 - Page 181

46.     Commencing early in its representation of MGA and continuing through the termination of its services in about January, 2008, O'Melveny breached its fiduciary and contractual duties to MGA in the manner and by the acts set forth in paragraph 47 below.

47.     O'Melveny's wrongful conduct consisted of, but is not limited to, the following:

      a.     Improperly staffing the Mattel litigation (and the other legal matters it was handling for MGA) resulting in the generation of unnecessary and excessive fees.

      b.     Assigning over 300 separate billers from the O'Melveny firm to record time on the MGA cases, including 174 attorneys, 120 paralegals and 7 administrators.

      c.     Throwing countless bodies of legal personnel at the MGA case, resulting in inefficiencies by virtue of a lack of direction, oversight, coordination and review, all of which resulted in egregious overbilling, errors and prejudice to the case.

      d.     Failing to properly instruct, direct, monitor and supervise the work of attorneys and support staff, resulting in the unnecessary expenditure of time and excessive and unnecessary fees and costs.

      e.     Retaining but failing to supervise, direct and monitor experts and outside consultants resulting in the performance of unnecessary services and the unnecessary expenditure of fees and costs.

      f.     Utilizing attorneys from different offices with the two principal attorneys handling the Mattel litigation, Ms. Cendali and Ms. Torres, on opposite sides of the country.

      g.     Charging and collecting unreasonable costs in excess of the costs O'Melveny expended or incurred for the underlying legal actions, including improper charges for alleged online legal research and wasteful and needless costs such as suites at the Ritz Carlton hotel.

      h.     Charging for time allegedly spent by O'Melveny personnel on work which was either never performed, took less time than actually billed, or was meaningless "busy" work which provided little or no value to the effort in the underlying legal actions.

      i.     Providing vague billing statements.

-14-

**Exhibit 23 - Page 182**

j.      Delaying issuing invoices to MGA, in order to hide the excessive fees being generated without MGA's approval.

k.      Raising hourly rates without prior notice.

48.     As a direct and proximate consequence of such breaches of fiduciary and contractual duties by O'Melveny, MGA has been damaged in amounts according to proof, but representing among other potential damages, the excessive payments made to O'Melveny for fees and costs for  services which were negligently and improperly performed, or not performed at all, and/or were ineffective, inappropriate, unnecessary, duplicative, padded or wasteful and which did not advance MGA's interests or confer any benefit, value or advantage to MGA, all to MGA's damage in amounts according to proof.  MGA seeks a disgorgement of the fees deemed to be unnecessary, wasteful or improper.

49.     O'Melveny claims additional entitlement to fees and costs in the approximate amount of $10,200,000.  MGA contends it does not owe any further sums to O'Melveny.

50.     On information and belief, MGA alleges that the improper and wrongful nature of the billing practices of O'Melveny as alleged above, was the product of an intentional and systematic plan within O'Melveny's management system and billing practices. The purpose is to generate (or at least have recorded) the maximum amount of hours from every timekeeper in the firm, even where those hours and the fees they translate into are improper, bloated, excessive, unreasonable or even false. All of it is to the detriment of its clients, and specifically in this case, to MGA.

51.     MGA believes that O'Melveny's conduct alleged in paragraph 47 above was: (a) accomplished as part of a plan, (b) done in flagrant disregard of O'Melveny's fiduciary and contractual duties to MGA's, and (c) done with malice, oppression or fraud.  Such conduct justifies the imposition of punitive damages in amounts according to proof.

WHEREFORE, MGA prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Cross Complainants prays for relief against Cross-Defendants O'Melveny & Myers LLP, Diane Marie Torres, Marc Forrest Feinstein and Scott Howard

GWIRE LAW OFFICES
455 Market Street, Suite 2720
San Francisco, CA  94105
Telephone (415) 296-8880
Facsimile (415) 296-8809

Exhibit 23 - Page 183

Dunham as follows:

1.    General Damages in an amount according to proof at trial;

2.    Special Damages in an amount according to proof at trial;

3.    Consequential Damages in an amount according to proof at trial;

4.    For punitive damages according to proof;

5.    Costs of suit as allowed by law;

6.    Prejudgment interest; and

7.    Such other and further relief as the Court deems proper, fair, equitable and just.

DATED: August 5, 2010                    GWIRE LAW OFFICES


By:

William Gwire
Attorneys for Cross-Complainants

GWIRE LAW OFFICES
455 Market Street, Suite 2220
San Francisco, CA 94105
Telephone (415) 296-8880
Facsimile (415) 296-8878

-16-

O'MELVENY & MYERS vs MGA, BC441593
CROSS-COMPLAINT

**Exhibit 23 - Page 184**

# EXHIBIT 24

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

James R. Rosen, Esq. (State Bar No. 119438)
Ryan D. Saba, Esq. (State Bar No. 192370)
Rosen Saba, LLP
468 North Camden Dr., Third Floor, Beverly Hills, CA 90210

TELEPHONE NO.: (310) 285-1727     FAX NO. *(Optional):* (310) 285-1728
E-MAIL ADDRESS *(Optional):* jrosen@rosensaba.com
ATTORNEY FOR *(Name):* MGA Entertainment, Inc,MGA Entertainment (HK) Ltd. & Isaac Larian

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: O'Melveny & Meyers, LLP
DEFENDANT/RESPONDENT: MGA Entertainment, Inc., et al.

**FILED**
Superior Court of California
County of Los Angeles

APR 29 2011

John A. Clarke, Executive Officer/ Clerk
By ___M. Soto___, Deputy
MOSES SOTO

### CASE MANAGEMENT STATEMENT

*(Check one):*  [X] **UNLIMITED CASE**
(Amount demanded exceeds $25,000)

[ ] **LIMITED CASE**
(Amount demanded is $25,000 or less)

CASE NUMBER:

BC441593

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: May 13, 2011     Time: 1:30 p.m.     Dept.: 48     Div.:     Room:

Address of court *(if different from the address above):*

[ ] Notice of Intent to Appear by Telephone, by *(name):*

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* MGA Entertainment, Inc, MGA Entertainment (HK) Limited & Isaac Larian
   b. [ ] This statement is submitted **jointly** by parties *(names):*


2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* July 13, 2010
   b. [X] The cross-complaint, if any, was filed on *(date):* August 5, 2010

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*

      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ] have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in [ ] complaint   [X] cross-complaint     *(Describe, including causes of action):*
      Professional Negligence, Breach of Fiduciary Duty and Breach of Contract.

---

**Exhibit 24 - Page 185** Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

**CM-110**

| PLAINTIFF/PETITIONER: O'Melveny & Meyers, LLP | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MGA Entertainment, Inc., et al. | BC441593 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Please see Attachment 4(b).

[ X ]   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   [ X ] a jury trial   [ ] a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  [ ]   The trial has been set for *(date):*
b.  [ X ]   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* Please see Attachment 6(b).

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
MGA's counsel is not available on: July 15, August 19 & 31, September 12, 26, & 29, October 3, 17-21, November 28-30, December 1-2 & 12, 2011. February 27, March 13-16, April 6-14, 2012.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  [ X ]   days *(specify number):* 30 days
b.  [ ]   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   [ X ] by the attorney or party listed in the caption   [ ] by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
[ ]   Additional representation is described in Attachment 8.

9.  **Preference**
[ ]   This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.  Counsel   [ X ] has   [ ] has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  [ ]   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  [ X ] The case has gone to an ADR process *(indicate status):* Mediation completed **Exhibit 24 - Page 186**

**CASE MANAGEMENT STATEMENT**

*LexisNexis® Automated California Judicial Council Forms*

CM-110

| PLAINTIFF/PETITIONER: O'Melveny & Meyers, LLP | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MGA Entertainment, Inc., et al. | BC441593 |

10. d.   The party or parties are willing to participate in *(check all that apply):*

    (1)  [ X ]  Mediation

    (2)  [  ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3)  [  ]  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4)  [  ]  Binding judicial arbitration

    (5)  [  ]  Binding private arbitration

    (6)  [  ]  Neutral case evaluation

    (7)  [ X ]  Other *(specify):* Please see Attachment 10(d)(7).

    e.  [  ]  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f.  [  ]  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g.  [  ]  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

## 11. Settlement conference

[ X ]   The party or parties are willing to participate in an early settlement conference *(specify when):*

    Anytime after discovery is completed.

## 12. Insurance

    a.  [  ]  Insurance carrier, if any, for party filing this statement *(name):*

    b.  Reservation of rights:  [  ] Yes  [  ] No

    c.  [  ]  Coverage issues will significantly affect resolution of this case *(explain):*

## 13. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

[  ]  Bankruptcy    [  ]  Other *(specify):*

Status:

## 14. Related cases, consolidation, and coordination

    a.  [ X ]  There are companion, underlying, or related cases.

        (1) Name of case: Bryant v. Mattel, Inc.

        (2) Name of court: U.S. District Court, Central District of California

        (3) Case number: 2:04-cv-090491DOC

        (4) Status: Verdict reached - case pending.

        [  ]  Additional cases are described in Attachment 14a.

    b.  [  ]  A motion to  [  ]  consolidate  [  ]  coordinate  will be filed by *(name party):*

## 15. Bifurcation

[  ]   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 16. Other motions

[ X ]   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

    Please see Attachment 16.

**Exhibit 24 - Page 187**

CM-110

| PLAINTIFF/PETITIONER: O'Melveny & Meyers, LLP | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MGA Entertainment, Inc., et al. | BC441593 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| MGA | Written discovery | April 2012 |
| MGA | Depositions | April 2012 |
| MGA | Expert Discovery | April 2012 |

c. ☒ The following discovery issues are anticipated *(specify)*:

Please see Attachment 17(c).

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

The parties met and conferred prior to filing the CMC statements in November 2010, but not before filing the instant CMC statement.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21.** Total number of pages attached *(if any)*:     5

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 28, 2011

| James R. Rosen, Esq. | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures attached

**Exhibit 24 - Page 188**

## ATTACHMENT 4(b) TO CASE MANAGEMENT STATEMENT

Defendant and Cross-Complainants ("MGA") allege that O'Melveny & Myers, LLP and certain lawyers ("OMM") were negligent in their representation of MGA in an underlying trade secret litigation by and between MGA and Mattel, Inc.  As a result of OMM's negligence, MGA suffered considerable damages including, but not limited to, attorneys' fees and costs to unwind the malpractice, loss of business reputation, and loss of business income.

Additionally, MGA alleges that OMM breached its fiduciary duty by refusing to cooperate in the transfer of the underlying trade secret litigation file to subsequent counsel. MGA incurred substantial damages as a result of OMM's breach of fiduciary duty, including but not limited to, paying fees to organize and transfer the file after OMM's representation ended.

Finally, MGA alleges that OMM overbilled MGA in the underlying trade secret litigation.

**Exhibit 24 - Page 189**

## ATTACHMENT 6(b) TO CASE MANAGEMENT STATEMENT

This case will not be ready for trial by July 2011 (which is 12 months after the filing of the complaint).

MGA has produced significant number of documents and discovery responses to OMM. However, OMM has not yet produced any documents or provided any discovery responses. Accordingly, it is unknown if motions to compel will be necessary.

Additionally, there are a significant amount of depositions that need to be conducted. OMM utilized 300 timekeepers (174 attorneys, 120 paralegals and 7 administrators) who billed MGA approximately $25 million dollars in fees and approximately $750,000 in costs for its services before withdrawing.

Finally, MGA will file pretrial dispositive motions.

Accordingly, MGA believes this case will be ready for trial by approximately May 2012.

**Exhibit 24 - Page 190**

## ATTACHMENT 10(d)(7) TO CASE MANAGEMENT STATEMENT

The parties engaged in mediation with a mutually agreed upon mediator before this lawsuit was filed, but were unable to reach any settlement because, at that time, the re-trial of the underlying trade secret litigation was still pending. Since that time, the Federal Court jury in the underlying trade secret litigation found in favor of MGA and awarded MGA $88.5 million dollars in damages. The private mediator agreed to make himself available for future mediation sessions.

**Exhibit 24 - Page 191**

## ATTACHMENT 16 TO CASE MANAGEMENT STATEMENT

MGA alleges OMM committed malpractice by negligently developing, advocating and implementing a litigation strategy in the underlying trade secret litigation by and between MGA and Mattel. Specifically, OMM advocated to the Court that the first trade secret trial be divided into phases, which was uniquely detrimental to MGA. This negligent decision (that OMM attempted to retract after realizing its error and subsequent counsel unsuccessfully attempted to fix) was adopted by the Federal Court and implemented in the first trial. This error, among others, caused MGA to lose the first trial. Even though the Ninth Circuit reversed that judgment, OMM is still liable for all of the fees, costs, business economic loss, and business reputation loss that were incurred to ultimately reverse the malpractice and were suffered as a result of the loss of the first trial.

Additionally, MGA alleges that OMM breached its fiduciary duty by refusing to cooperate in the transfer of the underlying trade secret litigation file to subsequent counsel. MGA incurred significant fees to obtain and organize the OMM file. Finally, MGA alleges that OMM breached its agreement with MGA (and fiduciary duty) by fraudulently overbilling MGA for work performed on the underlying trade secret litigation.

Accordingly, MGA will file dispositive motions prior to trial so that certain legal issues may be decided by this Court prior to a jury trial.

Exhibit 24 - Page 192

## ATTACHMENT 17(c) TO CASE MANAGEMENT STATEMENT

On April 29, 2011, the MGA parties will respond to six sets of form interrogatories, three sets of special interrogatories and one set of requests for production of documents. Additionally, MGA will produce over ten thousand pages of documents to OMM. However, OMM has not yet responded to form interrogatories, requests for admissions, special interrogatories, and requests for productions. Additionally, OMM has yet to produce any documents. Accordingly, MGA does not yet know whether motions to compel will be necessary to compel OMM to properly respond to discovery.

**Exhibit 24 - Page 193**

1

2

**PROOF OF SERVICE**

3

**STATE OF CALIFORNIA**          )
                                                      ) ss

4

**COUNTY OF LOS ANGELES**     )

5

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 468 North Camden Drive, Third Floor, Beverly Hills, California 90210.

6

7

On **April 28, 2011,** I served the foregoing documents described as: **CASE MANAGEMENT STATEMENT,** the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

8

9

**PLEASE SEE ATTACHED SERVICE LIST**

10

11

12   [X]   By Mail -

13   [X]   As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

14

15

16

17   [X]   By electronic transmission to all parties at the addresses on the attached service list.

18   []    By facsimile transmission to the addressees listed below

19

20   [X]   STATE        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21

22   Executed on **April 28, 2011,** at Beverly Hills, California.

23

24   _____
                    Baeza Mejia

25

26

27

28

**Exhibit 24 - Page 194**

ROSEN ✧ SABA, LLP
468 NORTH CAMDEN DRIVE, 3RD FLOOR
BEVERLY HILLS, CALIFORNIA 90210

## SERVICE LIST

| | |
|---|---|
| Kevin S. Rosen, Esq.<br>Christopher Jennings, Esq.<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>KRosen@gibsondunn.com<br>CJennings@gibsondunn.com<br><br>(Attorneys for Plaintiff & Cross-Defendant O'Melveny & Myers LLP) | Dale F. Kinsella, Esq.<br>KINSELLA, WEITZMAN, ISER, KUMP & ALDISERT LLP<br>808 Wilshire Blvd., Third Floor<br>Santa Monica, CA 90401<br>dkinsella@kwikalaw.com<br><br>(Attorneys for Plaintiff & Cross-Defendant O'Melveny & Myers LLP) |
| William Gwire, Esq.<br>Bruce Glassner, Esq.<br>Gwire Law Offices<br>455 Market Street, Suite 2220<br>San Francisco, CA 94105<br>gwire@gwirelaw.com<br>glassner@gwirelaw.com<br><br>(Attorneys for Defendant and Cross-Complainant, MGA Entertainment, Inc. and Cross-Complainants MGA Entertainment (HK) Limited and Isaac Larian) | |

**Exhibit 24 - Page 195**

CASE MANAGEMENT STATEMENT

ROSEN ✧ SABA, LLP
468 NORTH CAMDEN DRIVE, 3RD FLOOR
BEVERLY HILLS, CALIFORNIA 90210

# EXHIBIT 25

ORIGINAL

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 17 2010

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Victor Sino-Cruz

1  GIBSON, DUNN & CRUTCHER LLP
   KEVIN S. ROSEN, SBN 133304
2  krosen@gibsondunn.com
   J. CHRISTOPHER JENNINGS, SBN 226464
3  cjennings@gibsondunn.com
   BLAINE H. EVANSON, SBN 254338
4  bevanson@gibsondunn.com
   333 South Grand Avenue
5  Los Angeles, California 90071-3197
   Telephone: (213) 229-7000
6  Facsimile: (213) 229-6635

7  KINSELLA, WEITZMAN, ISER, KUMP & ALDISERT LLP
   DALE F. KINSELLA, SBN 63370
8  dkinsella@kwikalaw.com
   808 Wilshire Boulevard, Third Floor
9  Santa Monica, California 90401
   Telephone: (310) 566-9888
10 Fax: (310) 566-9878

11 Attorneys for Plaintiff and Cross-
   Defendant O'Melveny & Myers LLP

12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                   FOR THE COUNTY OF LOS ANGELES

15                          CENTRAL DIVISION

16

17 O'MELVENY & MYERS LLP, a limited          CASE NO. BC 441593
   liability partnership,
18                                           Assigned for all purposes to Judge Elizabeth
               Plaintiff,                     White, Dept. 48
19
20        vs.                                NOTICE OF RULING DENYING MGA'S
                                             MOTION TO STAY AND MOTION FOR A
21 MGA ENTERTAINMENT, INC., a California     PRELIMINARY INJUNCTION, AND
   corporation; DOES 1-20, inclusive,        CONTINUING HEARING ON MGA'S
22                                           MOTION FOR PROTECTIVE ORDER;
               Defendants.                    ATTACHED EXHIBIT
23
                                             HEARING DATE:    November 12, 2010
24 ----------------------------------------- HEARING TIME:    8:30 a.m.
                                             HEARING PLACE:   Department 48
25
   AND RELATED CROSS-ACTIONS               Complaint Filed: July 13, 2010
26
27                                          Cross-Complaint Filed: August 5, 2010
28

                                    1

Gibson, Dunn &
Crutcher LLP

NOTICE OF RULING DENYING MGA'S MOTION TO STAY AND MOTION FOR A PRELIMINARY
INJUNCTION, AND CONTINUING HEARING ON MGA'S MOTION FOR PROTECTIVE ORDER

Exhibit 25 - Page 196

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that, on November 12, 2010, the Court, having considered the parties' briefing and the arguments of counsel at the November 12, 2010 hearing, ruled as follows:

1. Defendant MGA Entertainment, Inc. and Cross-Complainants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian's ("MGA") Motion to Stay the proceedings is denied for the reasons stated on the record at the Court's November 12, 2010 hearing and in the Court's Tentative Ruling issued on the same date (attached hereto as Exhibit A).

2. MGA's Motion for a Preliminary Injunction is denied.

3. The hearing on MGA's Motion for a Protective Order is continued until the Initial Case Management Conference scheduled for December 17, 2010, at 8:30 a.m. The parties are ordered to meet and confer within ten days after the November 12, 2010 hearing and attempt to reach agreement on a Stipulation and Proposed Protective Order. If an agreement can be reached, the parties are to file the Stipulation and Proposed Protective Order in advance of the Initial Case Management Conference.

DATED: November 17, 2010

GIBSON, DUNN & CRUTCHER LLP

and

KINSELLA, WEITZMAN, ISER, KUMP & ALDISERT LLP

By: _____
Kevin S. Rosen

Attorneys for Plaintiff and Cross-Defendant, O'Melveny & Myers LLP

100972237_1.DOC

2

NOTICE OF RULING DENYING MGA'S MOTION TO STAY AND MOTION FOR A PRELIMINARY INJUNCTION, AND CONTINUING HEARING ON MGA'S MOTION FOR PROTECTIVE ORDER

**Exhibit 25 - Page 197**

100 LB Style BLUEBIRDonline.com (888) 477 - 0700 100 LB Style

Exhibit 25 - Page 198

*TENTATIVE RULING*

| HEARING DATE: | **November 12, 2010** | TRIAL: | None Set |
|---|---|---|---|
| CASE: | **O'Melveny & Meyers LLP v. MGA Entertainment, Inc.** | | |
| CASE NO.: | **BC441593** | | |
| Opposed: | **Yes** | | |

## MOTION TO STAY PROCEEDINGS AND FOR PRELIMINARY INJUNCTION AND/OR PROTECTIVE ORDER

**MOVING PARTY:**      Defendants and Cross-Complainants – MGA Entertainment, Inc. (D/XC) and MGA Entertainment (HK) Limited and Isaac Larian (XCs)

**RESPONDING PARTY(S):** Plaintiff Continental Business Credit, Inc.

**PROOF OF SERVICE**:
- Correct Address: OK
- 16/21 (CCP § 1005(b)): OK.  Parties stipulated to a continued hearing date from 09/27/10.

**CASE HISTORY**:
- 07/13/10: Complaint filed by P.
- 08/05/10: Cross-Complaint filed by MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian.

**STATEMENT OF FACTS**

This is a dispute between Plaintiff law firm O'Melveny & Meyers, L.L.C. and its former client, the MGA Entertainment, Inc. Defendants/Cross-Complainants over attorneys fees and costs and cross-claims for malpractice, breach of fiduciary duty and overbilling arising out of federal court litigation against Mattel over the ownership of the Bratz line of dolls.

Defendant /Cross-Complainant MGA Entertainment, Inc. and Cross-Complainants MGA Entertainment (HK) Limited and Isaac Larian (collectively "MGA") move for an order staying all proceedings in this matter pending the retrial of certain consolidated cases in district court. Moving parties also seek a preliminary injunction and/or protective order against disclosure and/or dissemination of attorney client privileged information.

1

Exhibit A

**Exhibit 25 - Page 199**

*{Note: Although the Notice of Motion seeks only a stay as to "all <u>discovery proceedings</u> in this matter pending the retrial of the consolidated [district court] cases," (Notice of Motion), the Points and Authorities argue for a stay of this entire proceeding, and both parties' arguments are based on that position}*

- **DENY Motion to Stay.**
- **GRANT Motion for Protective Order as to narrower scope.**

**ANALYSIS**

Defendant/Cross-Complainants seek the following relief: (1) an Order staying all discovery proceedings in this matter pending the January 11, 2011 retrial of the consolidated cases of <u>MGA v. Mattel</u>, U.S. District Court, Central District of California (Western Division – Los Angeles), Case No. 2:04-cv-02727; <u>Mattel v. Bryant</u>, U.S. District Court for the Central District of California (Western Division – Los Angeles) Case No. 2:04-cv-09059; and <u>Bryant v. Mattel</u>, U.S. District Court, Central District of California (Western Division – Los Angeles), Case No. 2:04-cv-09049; and (2) A preliminary injunction or a protective order prohibiting both MGA and O'Melveny & Myers, L.L.P. from disclosing or disseminating any information, documents, material or communications protected by the attorney-client privilege arising out of or pertaining to O'Melveny's representation of MGA, except to their counsel of record or as allowed by Court order in this proceeding.

<u>Motion for Stay</u>

> [E]xisting law provides the means for courts to deal with potential problems that may arise from the filing of a legal malpractice action when related litigation is pending. (Citation omitted.) The case management tools available to trial courts, including the inherent authority to stay an action when appropriate and the ability to issue protective orders when necessary, can overcome problems of simultaneous litigation if they do occur. (Citation omitted.)

<u>Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison</u> (1998) 18 Cal.4th 739, 758.

> The elements of a legal malpractice cause of action are "(1) the duty of the attorney to use such skill, prudence, and diligence as members of his or her profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the breach and the resulting injury; and (4) actual loss or damage resulting from the attorney's negligence. [Citations.]" (Citation omitted.) In a legal malpractice claim, the method for proving the element of causation has been likened to a "trial within a trial" or a "case within a case." (Citations omitted.) "The case-within-a-case or trial-within-a-trial approach applied in legal malpractice cases [is] an objective approach to decide what should have been the result in the underlying proceeding or matter. [Citation.]" (Citation omitted.)

<u>Ambriz v. Kelegian</u> (2007) 146 Cal.App.4th 1519, 1531 (italics added).

2

**Exhibit 25 - Page 200**

Here, MGA's Cross-Complaint alleges professional negligence (malpractice), breach of fiduciary duty and breach of contract arising out of O'Melveny's alleged failure to properly prepare the case against Mattel regarding ownership of the Bratz dolls line for trial during the 3 ½ years O'Melveny represented MGA. The impact of O'Melveny's strategic decisions on MGA's actual damages arising from its representation and withdrawal as to the first trial have already been determined. The Ninth Circuit Court of Appeals vacated the equitable relief awarded by Judge Larson, which included injunctive relief which would have transferred the entire Bratz trademark portfolio from MGA to Mattel worldwide. See Ninth Circuit Court of Appeals Opinion, Exhibit A attached to Declaration of William Gwire In Support of Motion for Stay at Page 10549. Although the Ninth Circuit did not vacate the jury's verdict and damage award, it acknowledged such would need to occur and a retrial of the entire case held. Id. at 10548. Given that the case is set for retrial, it appears that the jury's $1,000,000.00 verdict has effectively been vacated. The fact of injury to MGA's reputation as a result of O'Melveny's alleged negligence resulting in the first jury's verdict has likewise already accrued, although damages may still be occurring.

The outcome of the retrial is in part dependent upon MGA's current counsel's strategic decisions. MGA does not explain how O'Melveny's representation could affect the result on retrial, nor how some factors regarding causation could be attributed or apportioned to O'Melveny when MGA's current counsel is responsible for the retrial.

Likewise, it does not appear that the outcome on retrial will have an impact upon MGA's claim that it was overbilled for work O'Melveny performed which was ineffective, inappropriate, unnecessary, duplicative or wasteful. The outcome at the retrial is not directly affected by the amount of hours billed by O'Melveny. MGA's claim that O'Melveny's billing did not advance MGA's interests or confer any benefit is to be tested by the result at the first trial. The work performed by counsel handling the retrial will obfuscate whether O'Melveny's work in the first trial was of any benefit to MGA in the retrial. Further, O'Melveny's Complaint includes claims for fees regarding work performed in a lawsuit filed against MGA by Art Attacks Ink LLC, and other matters unrelated to the Mattel litigation. See Complaint, ¶¶ 9, 11.

Motion for Protective Order

Although Evidence Code § 958 states that "[t]here is no privilege under this article as to a communication relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client relationship," there is only a limited waiver of the privilege:

[Evidence Code § 958] is not a general client-litigant exception allowing disclosure of *any* privileged communication simply because it is raised in litigation. (Citations omitted.) Evidence Code section 958 only authorizes disclosure of relevant communications between a client (e.g., Jones) and an attorney charged with professional wrongdoing (e.g., petitioner). (Citations omitted.) This approach gives the attorney a meaningful opportunity to defend

3

Exhibit 25 - Page 201

against the charge, but does not deter the client from confiding in other attorneys
(e.g., Waco) about the dispute. . . .

Brockway v. State Bar (1991) 53 Cal.3d 51, 63-64 (Cal. 1991)(italics in original).

See also McDermott, Will & Emery v. Superior Court (2000) 83 Cal.App.4th 378, 383-
84: "Generally, the filing of a legal malpractice action against one's attorney results in a waiver
of the privilege, thus enabling the attorney to disclose, **to the extent necessary to defend
against the action**, information otherwise protected by the attorney-client privilege. (Citations
omitted.)" (Bold emphasis added.)

MGA's request for a protective order preventing O'Melveny's disclosure or
dissemination of information, documents, material or communications protected by the attorney-
client privilege arising out of O'Melveny's representation of MGA, except to their counsel of
record or as allowed by court order, is overbroad because O'Melveny is allowed to disclose such
communications in this litigation as are relevant to defend against the claims by MGA.
However, O'Melveny should not be allowed to disclose such communications to third persons or
for purposes unrelated to this litigation.

Thus, MGA's Motion for a Protective Order is GRANTED, but only as to disclosure to
third persons or for purposes unrelated to this litigation of information, documents, material or
communications between O'Melveny's and MGA during the existence of their attorney-client
relationship.

**TENTATIVE RULING**

**The Motion for Stay is DENIED.**

**The Motion for Protective Order is GRANTED as to a narrower scope.  The parties
are to meet-and-confer regarding the proposed language of the Protective Order and are to
submit a joint Proposed Protective Order within 10 days.**

4

**Exhibit 25 - Page 202**

# CERTIFICATE OF SERVICE

I, Kathleen Overleese, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071-3197, in said County and State.  On November 17, 2010, I served the following document(s):

**NOTICE OF RULING DENYING MGA'S MOTION TO STAY AND MOTION FOR A PRELIMINARY INJUNCTION, AND CONTINUING HEARING ON MGA'S MOTION FOR PROTECTIVE ORDER; ATTACHED EXHIBIT**

on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

| | |
|---|---|
| William Gwire, Esq. | Dale F. Kinsella |
| GWIRE LAW OFFICES | KINSELLA, WEITZMAN, ISER, KUMP & |
| 455 Market Street, Suite 2220 | ALDISERT LLP |
| San Francisco, CA 94105 | 808 Wilshire Boulevard |
| Tel: (415) 296-8880 | Third Floor |
| Fax: (415) 296-8029 | Santa Monica, CA 90401 |
| Email: gwire@gwirelaw.com | Telephone: (310) 566-9888 |
| | Fax: (310) 566-9878 |
| | Email: dkinsella@kwikalaw.com |

☑  BY MAIL:  I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date.  I am familiar with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  BY PERSONAL SERVICE:  I placed a true copy in a sealed envelope addressed to each person[s] named at the address[es] shown and giving same to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

☐  BY FACSIMILE:  From facsimile number (213) 229-7520, I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above.  The facsimile machine I used complied with applicable rules and no error was reported by the machine.  I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

☐  BY ELECTRONIC MAIL:  From my personal computer I electronically served a full and complete copy of the above referenced documents by electronic transmission to the person(s) at the email addresses indicated above.

Gibson, Dunn & Crutcher LLP

**Exhibit 25 - Page 203**

☐   BY UPS OVERNIGHT DELIVERY:  On the above-mentioned date, I placed a true copy of the above mentioned document(s) in a sealed envelope or package designated by UPS with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by UPS or delivered same to an authorized courier or driver authorized by UPS to receive documents.

☑   I am employed in the office of Kevin S. Rosen, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☑   (STATE)            I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 17, 2010.

Kathleen Overleese

100972237_1.DOC

Gibson, Dunn & Crutcher LLP

**Exhibit 25 - Page 204**

# EXHIBIT 26



COPY

2007 MAR -7 PM 3: 05
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

FILED

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6                    UNITED STATES DISTRICT COURT

7                   CENTRAL DISTRICT OF CALIFORNIA

8                         EASTERN DIVISION

9

10                                        CASE NO. C 04-09049 SGL (RNBx)
                                          JAMS Reference No. 1100049530
11  CARTER BRYANT, an individual,

12          Plaintiff,
                                          Consolidated with
13      v.                                Case No. CV 04-09059
                                          Case No. CV 05-2727
14  MATTEL, INC., a Delaware corporation,
                                          ORDER GRANTING IN PART AND
15          Defendant.                    DENYING IN PART MATTEL'S
                                          MOTION TO OVERRULE
16                                        INSTRUCTIONS NOT TO ANSWER
                                          DURING THE DEPOSITION OF
17                                        CARTER BRYANT

18
    CONSOLIDATED WITH
19  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
20  INC.

21

22

23

24      Having considered Mattel, Inc.'s Motion To Overrule Instructions Not To Answer During

25  the Deposition of Carter Bryant, to Compel Bryant To Answer Those Questions, and for

26  Sanctions, and all other papers filed in opposition to or in connection therewith, and finding good

27  cause therefore,

28
    Bryant v. Mattel, Inc.,                                                    1
    CV-04-09049 SGL (RNBx)

                                          Exhibit 26 - Page 205

                                          3-7

1      IT IS HEREBY ORDERED that

2        1.    Each of the instructions not to answer a deposition question marked as

3  "Overruled" in Attachment "A" hereto is hereby overruled and Carter Bryant is ordered to answer

4  those questions and reasonable follow up questions at further deposition;

5        2.    The deposition to answer said questions is limited to two hours;

6        3.    Carter Bryant and counsel shall comply fully with Rule 30 of the Federal Rules of

7  Civil Procedure;

8        4.    Counsel's instructions not to answer questions were, to a large extent, without

9  substantial justification.  However, in lieu of monetary sanctions, Carter Bryant shall appear in

10  Los Angeles for the resumption of his deposition;

11       5.    The parties shall meet and confer to determine the scheduling of Carter Bryant's

12  deposition; and

13       6.    Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

14  Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

15

16  Dated: March _7_, 2007               _Edward A. Infante_

17                             HON. EDWARD A. INFANTE (Ret.)
                                     Discovery Master

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

Exhibit 26 - Page 207

1

# ATTACHMENT "A"

2

## INSTRUCTIONS NOT TO ANSWER AT ISSUE DURING THE BRYANT DEPOSITION

3

### I. INSTRUCTIONS BASED ON THE ATTORNEY-CLIENT PRIVILEGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

|     | PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | RULING |
|-----|-----------|-------------------------------|--------|
| 1.  | 17:21-18:8 | Attorney/client privilege | Overruled |
| 2.  | 22:6-22:18 | Attorney/client privilege | Overruled |
| 3.  | 36:25-37:22 | Attorney/client privilege<br>Lacks foundation<br>Calls for speculation | Overruled |
| 4.  | 37:23-38:1 | Attorney/client privilege | Overruled |
| 5.  | 38:2-38:9 | Attorney/client privilege | Overruled |
| 6.  | 38:10-38:14 | Attorney/client privilege | Overruled |
| 7.  | 41:2-42:18 | Attorney/client privilege | Overruled |
| 8.  | 63:21-64:11 | Attorney/client privilege | Overruled |
| 9.  | 64:12-64:16 | Attorney/client privilege<br>Joint Defense Privilege<br>Harassing | Overruled |
| 10. | 100:16-101:18 | Attorney/client privilege | Sustained because Bryant gave a complete response later. |
| 11. | 124:4-124:24 | Attorney/client privilege | Overruled |
| 12. | 125:7-125:11 | Attorney/client privilege | Overruled |
| 13. | 125:12-126:9 | Attorney/client privilege<br>Attorney work product doctrine | Overruled |
| 14. | 126:10-126:19 | Attorney/client privilege<br>Attorney work product doctrine | Overruled |
| 15. | 126:20-127:1 | Attorney/client privilege<br>Attorney work product doctrine | Overruled |
| 16. | 127:2-127:5 | Attorney/client privilege<br>Attorney work product doctrine | Overruled |
| 17. | 127:6-130:2 | Attorney/client privilege<br>Attorney work product doctrine | Overruled |
| 18. | 138:24-139:11 | Attorney/client privilege<br>Harassing<br>Burdensome | Sustained because Bryant gave a complete response later. |
| 19. | 184:17-190:1 | Attorney/client privilege | Overruled |
| 20. | 186:3-187:10 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 21. | 204:16-205:15 | Attorney/client privilege | Overruled |
| 22. | 215:13-216:8 | Attorney/client privilege | Overruled |
| 23. | 250:22-252:3 | Attorney/client privilege | Overruled |

28

| 24. | 450:11–451:19 | Attorney/client privilege | Withdrawn from Mattel's motion. |
|---|---|---|---|
| 25. | 471:2–473:7 | Attorney/client privilege | Overruled |
| 26. | 476:9–476:24 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 27. | 478:1–478:21 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 28. | 478:22–480:7 | Potential Attorney/client privilege | Overruled |
| 29. | 481:14–482:1 | Attorney/client privilege Joint defense privilege | Sustained because Bryant gave an adequate response. |
| 30. | 622:10–622:23 | Attorney/client privilege | Overruled |
| 31. | 623:14–624:6 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 32. | 624:7–624:21 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 33. | 640:15–641:6 | Attorney/client privilege | Overruled |
| 34. | 641:20–642:5 | Attorney/client privilege | Overruled |
| 35. | 642:22–643:5 | Attorney/client privilege | Overruled |
| 36. | 650:2–654:13 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 37. | 654:14–654:25 | Attorney/client privilege Asked and Answered Badgering | Overruled |

## II. INSTRUCTIONS BASED ON THE JOINT DEFENSE PRIVILEGE

| | PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | RULING |
|---|---|---|---|
| 38. | 18:15–18:19 | Attorney/client privilege Joint defense privilege | Overruled |
| 39. | 18:20–19:21 | Attorney/client privilege Joint defense privilege | Overruled |
| 40. | 19:22–20:1 | Attorney/client privilege Joint defense privilege | Overruled |
| 41. | 20:2–20:21 | Attorney/client privilege Joint defense privilege | Overruled |
| 42. | 20:22–21:2 | Attorney/client privilege Joint defense privilege | Overruled |
| 43. | 21:8–21:12 | Attorney/client privilege Joint defense privilege | Overruled |
| 44. | 53:9–53:13 | Attorney/client privilege Joint defense privilege | Overruled |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

Exhibit 26 - Page 209

| 45. | 59:2-59:9 | Attorney/client privilege Attorney work product doctrine re Any communication with MGA General Counsel or people in the General Counsel's office | Overruled |
| 46. | 59:10-59:17 | Attorney/client privilege Attorney work product doctrine | Overruled |
| 47. | 60:1-60:13 | Attorney/client privilege Joint defense privilege | Overruled |
| 48. | 60:14-61:1 | Attorney/client privilege Joint defense privilege | Overruled |
| 49. | 99:12-99:22 | Attorney/client privilege Joint defense privilege | Overruled |
| 50. | 269:14-270:1 | Attorney/client privilege Joint defense privilege | Overruled |

## III. INSTRUCTIONS BASED ON NON-PRIVILEGE OBJECTIONS

| | PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | RULING |
|---|---|---|---|
| 51. | 24:13-24:19 | Asked and answered Harassing Burdensome | Sustained because Bryant gave an adequate response earlier. |
| 52. | 45:25-46:9 | Privacy | Overruled |
| 53. | 111:21-113:12 | Witness' response on the record would be a guess | Sustained |
| 54. | 130:3-130:9 | Asked and answered | Sustained because Bryant gave an adequate response earlier. |
| 55. | 130:10-130:13 | Asked and answered | Sustained because Bryant gave an adequate response earlier. |
| 56. | 205:16-205:21 | Asked and answered Burdensome Harassing | Overruled |
| 57. | 249:7-249:13 | Confidentiality | Overruled |
| 58. | 249:14-249:19 | Confidentiality | Overruled |
| 59. | 253:9-253:17 | Asked and answered Harassing | Overruled |
| 60. | 445:17-447:22 | Mischaracterization of witness' testimony Asked and answered | Overruled |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

**Exhibit 26 - Page 210**

| 61. | 447:23-450:10 | Lacks foundation<br>Speculative<br>Asked and answered | Sustained because Bryant gave an adequate response earlier. |
|---|---|---|---|
| 62. | 565:18-566:3 | Calls for a legal conclusion<br>Lack of foundation<br>Speculative<br>Ambiguous | Overruled |
| 63. | 566:12-566:25 | Lacks foundation<br>Calls for a legal conclusion | Overruled |
| 64. | 598:7-599:13 | Asked and answered | Sustained because Bryant gave an adequate response earlier. |
| 65. | 599:14-600:7 | Asked and answered<br>Badgering the Witness<br>Harassing | Sustained because Bryant gave an adequate response earlier. |
| 66. | 641:7-641:18 | Asked and answered<br>Badgering the witness<br>Harassing | Sustained because Bryant gave an adequate response earlier. |
| 67. | 05:21-706:10 | Proper subject of expert testimony<br>Foundation<br>Not having done any accounting | Overruled |

IT IS SO ORDERED.

Dated: March 7, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 7, 2007,

I served the attached ORDER GRANTING IN PART AND DENYING IN PART

MATTEL'S MOTION TO OVERRULE INSTRUCTIONS NOT TO ANSWER DURING

THE DEPOSITION OF CARTER BRYANT in the within action by e-mail addressed as

follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 7, 2007, at San Francisco, California.

_____
Sandra Chan

**Exhibit 26 - Page 212**

# EXHIBIT 27

Priority —
Send —
Enter —
Closed —
JS-5/JS-6 —
JS-2/JS-3 —
Scan Only —

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

Case No.  **CV 04-9059-NM (RNBx)**              Date: **March 23, 2005**

Title: **Mattel, Inc. v. Carter Bryant, et al.**

## DOCKET ENTRY

**PRESENT:**

      **HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE**

| Marsha Eugene | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:
   None present                        None present

DOCKETED ON CM

MAR 25 2005

BY _____ 061

**PROCEEDINGS:  (IN CHAMBERS)**

    Having reviewed Judge Manella's ruling on the remand motion and conferred with Judge Manella, the Court has concluded that Judge Manella's ruling sufficiently changes the posture of this case to warrant the Court requiring counsel to meet and confer further with respect to the following pending discovery motions:

    1.    **Mattel's Motion to Compel Production of Documents**

    2.    **MGA's Motion to Compel the Declassification of Certain Documents Produced by Mattel as "Confidential-Attorneys' Eyes Only"**

    3.    **Mattel's Motion to Compel Inspection of Original Documents and Tangible Things**

    4.    **Bryant's Motion to Compel Further Deposition Testimony from Ann Driskill and Alan Kaye and for the Appointment of a Special Master**

    Further, the Court has concluded that it cannot rely on counsel to meet and confer in good faith with respect to the foregoing motions on their own.  Accordingly, **lead counsel of record for Mattel, Bryant and MGA** are ORDERED to appear before the Court in person on April 26, 2005 at 9:30 a.m. in Courtroom 540 of the Roybal Building, for the purpose of meeting and conferring under the Court's auspices.  If and

195

MINUTES FORM 11
CIVIL-GEN

Initials of Deputy Clerk _____ for ME

**Exhibit 27 - Page 213**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.:    **CV 04-9059-NM (RNBx)**                           **March 23, 2005**
             **Mattel, Inc. v. Carter Bryant, et al.**                    **Page 2**

--------------------------------------------------------------------------------------------------

when the Court is satisfied that counsel indeed have made a good faith effort to eliminate the necessity for hearing these Motions and/or to eliminate as many of the disputes as possible, the Court will determine whether to (a) allow counsel to orally supplement their written submissions, and then rule on the Motions, or (b) require counsel to submit further briefing.

With respect to Mattel's just-filed **Motion to Compel Deposition of Isaac Larian**, the Court has concluded after reviewing the parties' respective contentions in the Joint Stipulation and their respective Supplemental Memoranda that oral argument will not be of material assistance in determining the Motion. Accordingly, the hearing currently set for April 5, 2005 is ORDERED off calendar (see Local Rule 7-15), and the Court now rules as follows.

The Court does not find the authorities cited by MGA to be particularly persuasive. Further, MGA's purported concern about the possibility of Mr. Larian being subjected to multiple and repeated depositions is a complete red herring. Federal Rule 30(d)(2) limits the deposition to one day of seven hours, unless otherwise authorized by the Court or stipulated to by the parties. If Mattel later seeks to redepose Mr. Larian on the basis of additional information developed in subsequent discovery, the Court will take into account the fact that Mattel persisted in going forward with Mr. Larian's deposition at the outset of discovery. The Motion therefore is GRANTED, and MGA is ORDERED to produce Mr. Larian for a deposition on a date mutually convenient to the parties within 20 days of the date of this ruling.

MGA's request that the Court impose in advance "strict limits on the length and scope of the deposition" is DENIED without prejudice to MGA availing itself of the procedures specified in Federal Rule 30(d)(4) if MGA truly believes that the deposition is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party. Of course, if MGA does suspend the deposition for the purpose of seeking protective relief, and the Court then finds that MGA's position was not well taken, Mr. Larian will end up being subjected to another deposition session.

With respect to the sanctions issue, the Court has concluded that notwithstanding

MINUTES FORM 11                                    Initials of Deputy Clerk _Nbb for ME_
CIVIL-GEN

**Exhibit 27 - Page 214**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.:    **CV 04-9059-NM (RNBx)**                                    **March 23, 2005**
             **Mattel, Inc. v. Carter Bryant, et al.**                   **Page 3**

-------------------------------------------------------------------------------------------------

MGA's failure to convince the Court of the merits of its position, MGA's objection to
the taking of the Larian deposition at the outset of discovery was substantially justified
and/or that the totality of the circumstances here make an award of expenses to Mattel
unjust.  Accordingly, each side is ORDERED to bear its own expenses incurred in
connection with this Motion.

Finally, as to the issue raised by MGA concerning Mattel's alleged practice of
serving its portion of the Joint Stipulations with citations to declarations that are not
served concurrently but rather are merely referenced with blank spaces for the paragraph
citations, the Court concurs with MGA that the "better practice" is for the moving party
to serve its portion(s) of the Joint Stipulation with all citations filled in and to serve
concurrently with its portion(s) of the Joint Stipulation all referenced declarations and
exhibits.  The Court will expect all the parties to conform with this "better practice"
henceforth.


cc:    Judge Manella


MINUTES FORM 11                                      Initials of Deputy Clerk _____ for ME
CIVIL-GEN

Exhibit 27 - Page 215

# EXHIBIT 28

Case 2:04-cv-09059-SGL-RNB   Document 230   Filed 06/16/2006   Page 1 of 3

I hereby certify that this document was faxed
to all counsel (or parties) at their respective,
most recent fax number of record, in this action,
on this date.

DATED: 6-16-06

DEPUTY CLERK

Priority —
Send —
Enter —
Closed —
JS-5/JS-6 —
JS-2/JS-3 ✗
Scan Only ✗

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES–GENERAL

Case No.  **CV 04-9059-SGL (RNBx)**          Date: June 16, 2006

Title:  **Mattel, Inc. v. Carter Bryant, et al.**

DOCKETED ON CM
JUN 19 2006
BY ___ 024

## DOCKET ENTRY

PRESENT:

### HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE

| Trina DeBose | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
None present                                                     None present

PROCEEDINGS:  (IN CHAMBERS)

### Mattel's Motion to Enforce the Court's Order of March 23, 2005 and for Sanctions

After reviewing the parties' respective contentions in the Joint Stipulation, the Court has concluded that neither further briefing nor oral argument will be of material assistance in determining this Motion. Accordingly, the hearing currently set for July 11, 2006 is ORDERED off calendar (see Local Rule 7-15), and the Court now rules as follows.

The consequence of Mattel not insisting on the Larian deposition going forward within 20 days of the Court's March 23, 2005 ruling is that the Court's order that MGA produce Mr. Larian for a deposition on a date mutually convenient to the parties within 20 days of the date of the ruling became subject to Judge Manella's May 20, 2005 order staying all discovery.

However, once the stay was lifted by Judge Larson on May 16, 2006, and Mattel's counsel sent his May 24, 2006 letter expressing Mattel's desire to proceed with the deposition in accordance with the terms of the Court's March 23, 2005 ruling, it again became incumbent on MGA to comply with that ruling.  While it would not have been unreasonable for MGA's counsel to respond with alternative proposed dates within the 20-day time frame from receipt of Mattel's counsel's May 24, 2006 letter, insisting that Mr. Larian would not be available until July 25-26 (and not even committing to those dates as firm dates) was neither reasonable nor in compliance with the Court's original

MINUTES FORM 11
CIVIL-GEN

Initials of Deputy Clerk ___

Exhibit 28 - Page 216

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.:     CV 04-9059-SGL (RNBx)                    June 16, 2006
              Mattel, Inc. v. Carter Bryant, et al.                  Page 2

------------------------------------------------------------------------------------

ruling.  Accordingly, Mattel's Motion is GRANTED as follows.  MGA is ORDERED to produce Mr. Larian for a deposition either (a) on a mutually convenient date agreed upon by the parties, or (b) if the parties are unable to agree on a mutually convenient deposition date, then on any date noticed by Mattel provided that 10 days' notice is given.  MGA and Mr. Larian are forewarned in advance that the Court will not tolerate any further delaying tactics.

        With respect to the sanctions issue, the Court finds that Mattel did make a good faith effort to obtain the discovery sought without court action.  Moreover, the Court declines to find that MGA's opposition to the motion was substantially justified or that other circumstances here make an award of Mattel's reasonable expenses unjust.  The Court also notes that, contrary to MGA's contention, there is no requirement under Fed. R. Civ. P. 37(a)(4) that the prevailing party in a discovery motion show prejudice before sanctions can be imposed on the party whose conduct necessitated the motion, the attorney advising such conduct, or both of them.  Accordingly, the Court finds pursuant to Fed. R. Civ. P. 37(a)(4)(A) that Mattel is entitled to an award of its reasonable expenses incurred in making this Motion.  However, the $3,800 in expenses sought by Mattel appears to the Court to be unreasonable and excessive.  In the Court's view, it should not have taken more than 3 hours of associate time and 1 hour of partner time to prepare this relatively straightforward motion, in compliance with Local Rule 37-2.  It therefore is ORDERED that, within 10 days of this ruling, MGA's counsel pay Mattel the sum of $1,360, which the Court finds to be Mattel's reasonable expenses incurred in making this Motion.

        The clerk is directed to fax courtesy copies of this Minute Order to counsel, and to confirm telephonically their receipt of it.


cc:    Judge Larson


MINUTES FORM 11
CIVIL-GEN                                    Initials of Deputy Clerk

Exhibit 28 - Page 217

# EXHIBIT 29

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     Michael T. Zeller (Bar No. 196417)
      Jon D. Corey (Bar No. 185066)
3     Shane H. McKenzie (Bar No. 228978)
    865 South Figueroa Street, 10th Floor
4   Los Angeles, California 90017-2543
    Tel.: (213) 443-3000
5   Fax: (213) 443-3100

6   Attorneys for Plaintiff and Counter-Defendant
    Mattel, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware          )  Case No. CV 04-09059 NM (RNBx)
    corporation,                      )
12                                    )
                  Plaintiff,          )  NOTICE OF DEPOSITION OF
13                                    )  MGA ENTERTAINMENT INC.
         v.                           )  PURSUANT TO FEDERAL RULE
14                                    )  OF CIVIL PROCEDURE 30(B)(6)
    CARTER BRYANT, an individual, and )
15  DOES 1 through 10, inclusive,     )  Date:      March 1, 2005
                                      )  Time:      9:30 a.m.
16                Defendants.         )  Location:  865 S. Figueroa Street
                                      )             10th Floor
17  ───────────────────────────────── )             Los Angeles, CA 90017
                                      )
18  CARTER BRYANT, on behalf of       )
    himself, all present and former   )
19  employees of Mattel, Inc., and the)
    general public,                   )
20                                    )
                  Cross-Complainant,  )
21                                    )
         v.                           )
22                                    )
    MATTEL, INC., a Delaware          )
23  corporation,                      )
                                      )
24                Cross-Defendant.    )
    ───────────────────────────────── )

25

26

27

28

07209/637198.1

**Exhibit 29 - Page 218**

NOTICE OF DEPOSITION OF MGA

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 1, 2005, beginning at 9:30 a.m., plaintiff and counter-defendant Mattel, Inc. ("Mattel") will take the deposition upon oral examination of defendant MGA Entertainment Inc. the offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017.  Pursuant to Fed. R. Civ. P. 30(b)(6), MGA Entertainment Inc. shall designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf concerning each of the topics set forth in Exhibit A hereto.

PLEASE TAKE FURTHER NOTICE that the deposition will take place before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped.

DATED: February 16, 2005         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By_____
Michael T. Zeller
Attorneys for Plaintiff and Counter-Defendant Mattel, Inc.

# **EXHIBIT A**

## **Definitions**

1. "YOU" or "YOUR" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

2. The "MGA PROJECTS" refers to those projects, sometimes called "Angel Faces" and/or "Prayer Angels," that are the subject of MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734.

3. The "SUBJECT DOCUMENTS" means each of the following: MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-26, MGA000724-28 and MGA000734.

4. "REFER OR RELATE TO" means constituting, embodying, containing, referring to, commenting on, evidencing, regarding, discussing, describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating, revoking or otherwise relating to in any manner.

5. "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,

discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.   Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

6.   "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures and any kind of business, legal or public entity or organization, as well as its, his or her agents, representatives, employees, officers and directors and any one else acting on its, his or her behalf, pursuant to its, his or her authority or subject to its, his or her control.

7.   The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information.

## **Topics for Testimony**

1.   The identity of each PERSON involved in the MGA PROJECTS, and the nature and time period(s) of each such PERSON's involvement therein.

2.   The conception, design and development of the MGA PROJECTS, including without limitation the chronology thereof.

1         3.     The identity of, and the design, development and first sale of, any

2 products resulting from the MGA PROJECTS.

3         4.     The source, meaning and authenticity of the SUBJECT

4 DOCUMENTS, including of YOUR handwritten notations thereon.

5         5.     The identity of any computer or computer system by or from

6 which the SUBJECT DOCUMENTS were created or generated or in which they have

7 been maintained, and the identity of the computer programming or software used in

8 connection therewith.

9         6.     The identity of DOCUMENTS and tangible items that REFER OR

10 RELATE TO the MGA PROJECTS.

11         7.     The identity, source and current location of each head that was

12 provided by, for or on behalf of YOU to Anna Rhee for painting prior to October 21,

13 2000.

14         8.     The identity of each PERSON involved in the conception, design,

15 development, production, sculpting, rotocasting, molding, modeling or prototyping

16 of each head that was provided by, for or on behalf of YOU to Anna Rhee for

17 painting prior to October 21, 2000.

18

19

20

21

22

23

24

25

26

27

28

**Exhibit 29 - Page 222**

-5-

NOTICE OF DEPOSITION OF MGA

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

    I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

    On February 16, 2005, I served the foregoing document described as **NOTICE OF DEPOSITION OF MGA ENTERTAINMENT INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** on  all interested parties in this action.

**Diana M. Torres**
**O'Melveny & Myers LLP**
400 South Hope Street
Los Angeles, California 90071-2899
TEL: 213-430-6000
**FAX: 213-430-6403**

[ ]    By placing [ ] the original [ X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]    **BY MAIL**

[ ]    I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

[ ]    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by <u>Federal Express</u>.

[X]    **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ X ]    **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on February 16, 2005, at Los Angeles, California.

[ ]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

<u>Maria Albert</u>
Print Name                        Signature

**Exhibit 29 - Page 223**

# PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On February 16, 2005, I served the foregoing document described as **NOTICE OF DEPOSITION OF MGA ENTERTAINMENT INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** on all interested parties in this action.

**Robert F. Millman, Esq.**
**Douglas A. Wickham, Esq.**
**Keith A. Jacoby, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
**Fax: 310-553-5583**

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[ ]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by Federal Express.

[X]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on February 16, 2005, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Maria Albert
Print Name                                          Signature

**Exhibit 29 - Page 224**

# EXHIBIT 30

Case 2:04-cv-09049-DOC-RNB Document 10565-3 Filed 05/13/11 Page 74 of 76 Page ID
#:320541
Case 2:07-cv-06510-MLCF-ALC Document 63 Filed 01/28/09 Page 1 of 3

```
MINUTE ENTRY
CHASEZ, M.J.
JANUARY 28, 2009
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

INNOVENTION TOYS, LLC                    CIVIL ACTION

VERSUS                                   NUMBER: 07-6510

MGA ENTERTAINMENT, INC., ET AL.          SECTION: "F"(5)


HEARING ON MOTION


APPEARANCES:   Bob Silverman, Marie Breaux

MOTION:

(1)  Plaintiff's Motion for Contempt (Rec. doc. 32);
(2)  Defendants' Motion to Compel (Rec. doc. 46);
(3)  Defendants' Motion to Strike (Rec. doc. 47).

_____ :   Continued to

_____ :   No Opposition

\_1-3\_ :   Opposition

_____ :   Local Rules 37.1E, 33.2, 36.1, 7.6E

ORDERED

_____ :   Dismissed as moot.

MJSTAR(01:15)

**Exhibit 30 - Page 225**

Case 2:04-cv-09049-DOC-RNB Document 10565-3 Filed 05/13/11 Page 75 of 76 Page ID
#:320542
Case 2:07-cv-08718-NM-CP Document 63 Filed 01/28/09 Page 2 of 3

_____ :    Dismissed for failure of counsel to appear.

_____ :    Granted.

_____ :    Denied.

  1-3   :    Other.

> 1:    The Court hereby awards plaintiff the sum of $6,000.00 in connection with its preparation for the November 19, 2008 settlement conference and its motion for contempt. This sum is to be paid by the defendants (rather than their counsel) within thirty (30) days.

> 2:    Counsel for defendants may discuss plaintiff's answer to Interrogatory No. 3 with her clients subject to the terms of the Stipulated Protective Order allowing for such disclosures.  Prior to doing so, counsel for defendants is to identify the specific individuals with whom the discussions will be held.  Plaintiff is to remove the confidential designations from the remainder of its interrogatory answers.

> 3:    MGA's First Set of Interrogatories to Plaintiff:

>> No. 4:    plaintiff is to supplement its answer to provide the identity of the individuals (other than counsel) and a brief description of their involvement.

>> No. 9:    MGA is to provide plaintiff with a copy of the documents it recently subpoenaed from Tulane.  Thereafter, plaintiff is to supplement its answer to specifically identify any responsive documents, including those that it referenced in its opposition to defendants' motion.

> MGA's First Set of Requests for Production of Documents to Plaintiff:

>> No. 2:    plaintiff is to recheck the completeness of its production of pre-patent application drawings.  Any post-application drawings of the game pieces

2

**Exhibit 30 - Page 226**

Case 2:04-cv-09049-DOC-RNB Document 10565-3 Filed 05/13/11 Page 76 of 76 Page ID
Case 2:07-cv-08510-MLG-FMO Document 63 Filed 04/28/09 Page 3 of 3 Page ID
#:320543

or board are to be produced as well.

No. 5:    plaintiff is to supplement its response after receiving and reviewing the documents referenced under Interrogatory No. 9, <u>supra</u>. Plaintiff is also to provide a preamble to its responses to explain that much of its documentation was lost in Hurricane Katrina and to generally describe what documentation still exists.

No. 6:    plaintiff is to supplement its response.

Nos. 21,24:    plaintiff is to recheck the completeness of its production as to Mensa, the Toy Fair, and the February 2005 Contest. If no further responsive documents are located, plaintiff is to provide MGA with an affidavit from the individual(s) who searched for same describing the parameters of the search that was undertaken.

No. 25:    plaintiff is to produce and is to identify anything withheld as privileged via a privilege log.

No. 29:    plaintiff is to supplement its response.

No. 30:    same as Court's ruling on Request Nos. 21 and 24, <u>supra</u>.

No. 33:    plaintiff is to respond.

Nos. 34-35:    limited to Khet, plaintiff is to respond.

The supplementation ordered above is to be provided within ten (10) days.

_____
    ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

3

**Exhibit 30 - Page 227**