ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105
Tel: (415) 773-5700/ Fax: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA  90017
Tel: (213) 629-2020/Fax: (213) 612-2499

THOMAS S. McCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>***EX PARTE* APPLICATION TO COMPEL PRODUCTION OF EVIDENCE IN CONNECTION WITH HEARING ON MOTIONS FOR ATTORNEYS' FEES**<br><br>Hearing Date:      May 24, 2011 |

## EX PARTE APPLICATION

MGA Entertainment, Inc., MGA (HK) Ltd., and Isaac Larian (collectively, the "MGA Parties") hereby move ex parte that the Court enter the accompanying proposed order (1) authorizing service of the attached subpoena on Quinn Emanuel Urquhart & Sullivan LLP for production of all invoices reflecting any attorneys' fees or costs incurred by Mattel in connection with any of these consolidated actions, and (2) ordering that all such invoices be produced in redacted form directly to counsel for the MGA Parties by close of business May 20, 2011, and in unredacted form to the Discovery Master accompanied by a spreadsheet at that same time in the same form previously specified by the Court in its Minute Order dated May 9, 2011, 2011 (Docket #10547).

An Ex Parte Application is warranted for this request for relief because the Court has set the hearing on the motions for attorneys' fees for May 24 and it was not clear that the requested relief would be necessary until after Mattel filed its opposition briefs late on the evening of May 11, 2011.  Motion practice under the ordinary requirements of the Local Rules would not afford the MGA Parties the requested relief in time for the hearing.

The grounds for this Ex Parte Application are as follows.

Mattel attacked the reasonableness of MGA's claimed fees in its opposition to MGA's motion for fees under the Copyright Act.  Indeed, one of the headings of Mattel's opposition arguments is that "Even Without Apportionment Or Billing Descriptions, MGA's Demand For [REDACTED] In Attorney's Fees And Costs Is Grossly Excessive."  Mattel Inc.'s Opposition to MGA Entertainment, Inc.'s Motion for Attorney's Fees and 'Full Costs' Under Section 505 of the Copyright Act ("Mattel Copyright Opp.") at 26.  Mattel also attacked the costs incurred. *Id.* at 31.  Mattel also purported to claim a "setoff" of fees under the Lanham Act. *Id.* Although MGA will demonstrate that this setoff request is meritless, it plainly opens the door to discovery of Mattel's fees incurred.

1    Mattel has not attacked the hourly rates charged by MGA's counsel (nor

2    could it, given the evidence submitted that Quinn Emanuel's rates were at least as

3    high if not higher).  Mattel's attack concerns the *hours spent* by MGA's attorneys

4    in computing the basic lodestar of hours times rates.  It is beyond cavil that an

5    attack on hours opens the opponent to scrutiny of its own conduct and its fees

6    incurred.

7    For example, the Supreme Court noted in *Pennsylvania v. Delaware Valley*

8    *Citizen's Council for Clean Air*, 483 U.S. 711, 716 (1987), that the "difficult or

9    obstreperous" nature of an opponent is a component of the initial lodestar.  "[T]he

10   vehemence or tenacity of the opposition justifies an increase in the amount of time

11   an attorney must necessarily—and therefore reasonably—spend in countering the

12   opposition and winning the suit.  Similarly, the skill of an opposing counsel may

13   justify the expenditure of a greater amount of time in litigation than would

14   ordinarily be reasonable."  M. DERFNER & A. WOLF, COURT-AWARDED ATTORNEY

15   FEES ¶16.02[8][a] at 16-46 (2010 ed.).

16   Accordingly, the Ninth Circuit has repeatedly considered the fees spent by an

17   opponent in considering the reasonableness of a particular amount.  *See Cairns v.*

18   *Franklin Mint Co.*, 292 F.3d 1139, 1159 (9th Cir. 2002) ("Equally important is the

19   undisputed fact that the [plaintiff] has expended £1.7 million British pounds

20   (approximately $2.6 million) on this case, several hundred thousand dollars *more*

21   than the amount the District Court awarded to Franklin Mint"); *McGinnis v.*

22   *Kentucky Fried Chicken of California*, 51 F.3d 805, 809 (9th Cir. 1994) ("The

23   company's argument might have more weight if it had not found it necessary to

24   spend considerably more money losing that its adversary spent winning").  Other

25   courts have considered the amount spent by an opponent in reducing requested fee

26   awards.  *See Miller v. Mackey Int'l, Inc.*, 70 F.R.D. 533, 537 (S.D. Fla. 1976).  Still

27   other decisions have considered and rejected a lower amount spent by an opponent

28   as a basis for reduction of a fee request.  *See Ferland v. Conrad Credit Corp.*, 244

1   F.3d 1145, 1151 (9th Cir. 2001) (per curiam); *Shaw v. AAA Eng'g & Drafting, Inc.*,

2   213 F.3d 538, 542-43 (10th Cir. 2000).  What is clear from all of these cases is that

3   *the amount spent by the opponent is directly relevant to the lodestar inquiry.*

4       Mattel's failure to produce even redacted versions of its invoices in

5   opposition to MGA's motion speaks volumes—undoubtedly this is because the

6   invoices would not help Mattel to establish that it spent *less* than MGA.  Indeed, the

7   press has repeatedly reported that Mattel spent astronomical amounts on this

8   litigation, amounts far in excess of the fees incurred by MGA.  As detailed in the

9   opening papers, recent press reports quoting industry analysts have pegged the

10  figure at $400M.  Obviously this would demonstrate the reasonableness of MGA's

11  requested fees.

12      For all of the foregoing reasons, MGA respectfully requests that the Court

13  enter the accompanying proposed order authorizing service of the subpoena

14  attached hereto as Exhibit 1 for Quinn Emanuel's invoices and requiring production

15  of redacted and unredacted copies of those invoices by close of business on Friday.

16

17  Dated:    May 17, 2011              Respectfully submitted,

18                                      ANNETTE L. HURST
                                        ORRICK, HERRINGTON & SUTCLIFFE
19                                      LLP

20

21                                      By: _____*/s/ Annette L. Hurst*_____
                                              ANNETTE L. HURST
22                                          Attorneys for MGA Parties

23

24

25

26

27

28