ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**Judge: Hon. David O. Carter**<br><br>**MGA PARTIES' REPLY IN SUPPORT OF *EX PARTE* APPLICATION TO COMPEL PRODUCTION OF EVIDENCE IN CONNECTION WITH HEARING ON MOTIONS FOR ATTORNEYS' FEES**<br><br>Date: May 24, 2011<br>Time: 8:30 a.m.<br>Dept: Courtroom 9D |

Mattel concedes that its billing records are relevant to apportionment and offers to submit them to the Discovery Master in its Opposition to MGA's Motion for Attorneys' Fees and "Full Costs" Under Section 505 of the Copyright Act: "for purposes of apportionment, *Mattel is prepared to submit its invoices to the Discovery Master for review*, as has been ordered with MGA's invoices." Dkt. #10568 at n. 10 (emphasis added).  Yet, in opposition to MGA's *Ex Parte* Application, Mattel takes a diametrically opposite position, arguing that "Mattel's attorney billing records… are *not relevant* to the reasonableness or apportionment of MGA's and Machado's requested attorneys' fees and costs." Opp. at 2 (emphasis added).  Mattel's latest position is also contrary to the law.  Ninth Circuit case law is clear that the hours Mattel's attorneys billed in these consolidated proceedings, their hourly rates, and the total billings and costs are relevant to MGA Parties' fee request.  The court in *Real v. Continental Group, Inc.*, 116 F.R.D. 211 (N.D.Cal. 1986), granted the prevailing party's request for the other party's billing records in connection with its fee request: "I conclude that the hours expended by the defendant on matters pertaining to this case, counsel's hourly rates, as well as total billings and costs, are at least minimally relevant to the plaintiff's fees and costs petition." *Id*. at 213.  The same conclusion was reached in *Riker v. Distillery*, 2009 WL 2486196 (E.D.Cal. Aug 12, 2009): "This court finds that defendants' billing records may be relevant to assist the court in determining the reasonableness of plaintiff's request for attorneys fees." *Id*. at *1.  The number of hours billed by Mattel's attorneys in these consolidated proceedings and the fees and costs incurred by Mattel are plainly relevant.

Furthermore, the procedure that MGA requests in its *Ex Parte* Application is supported by these cases.  In both *Real* and *Riker*, the party opposing an attorneys' fees motion was required to provide non-privileged information including the number of hours billed, the parties' fee arrangement, costs and total fees paid. *Real*, 116 F.R.D. at 214; *Riker*, 2009 WL 2486196 at 2.  *Cf. In re Grand Jury*

- 1 -

MGA'S REPLY ISO *EX PARTE* APPLICATION TO COMPEL PRODUCTION OF EVIDENCE RE MOTIONS FOR ATTORNEYS' FEES CV-04-9049 DOC (RNBx)

*Witness*, 695 F.2d 359, 362 (9th Cir. 1982) ("a simple invoice requesting payment *for unspecified services rendered* reveals nothing more than the *amount of the fee* and would not normally be privileged")(emphasis added). On the other hand, privileged contents of time records need not be produced to the other party but may be subject to *in camera* inspection. *Real*, 116 F.R.D. at 214; *In re Grand Jury Witness*, 695 F.2d at 362 ("bills, ledgers, statements, time records and the like which also reveal the nature of the services provided, such as researching particular areas of law, … fall within the privilege" and the "proper procedure" is "to submit them *in camera* for the court's inspection"). The procedure followed by MGA—namely providing redacted versions of the invoices to Mattel with the Declaration of Stephen Schultz and providing full and complete unredacted versions to the Special Master for Discovery for *in camera* inspection at the Court's request—is precisely the procedure authorized by Ninth Circuit case law. Mattel should be ordered to follow the same procedure, as it will assist with the Court's assessment of reasonableness.

Notably, Mattel cites no Ninth Circuit authority to the contrary. Opp. at 4. Indeed, with respect to the single Ninth Circuit case that Mattel does cite on the issue of relevance (Opp. at 5), Mattel omits the critical last sentence from the paragraph it quotes, which states: "Rather, any such comparison must carefully control for factors such as those mentioned, as well as for the possibility that the prevailing party's attorney—who, after all, did prevail—spent more time because she did better work." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001). As discussed in MGA's *Ex Parte* Application, this case *supports* MGA's position that a comparison is appropriate, and moreover it contemplates that the prevailing party may reasonably have spent *more time* than the losing party.[1]

---

[1] The 2006 unpublished opinion from the Northern District of California cited by Mattel is inapposite, as the discussion in that opinion begins with the statement "[t]his is an uncomplicated case." *Canlas v. Eskanos & Alder, P.C.*, 2006 WL

Finally, Mattel's opposition highlights the inextricably intertwined nature of the claims and defenses and undercuts its own argument for apportionment. Mattel acknowledges that "Mattel's bills include multiple overlapping matters that are not broken out separately" (Opp. at 2) and "[a]ll the irrelevant categories of fees in Mattel's bills and [sic] would be difficult to untangle, and any attempt to apportion and compare those fees… would be subjective if not arbitrary" (Opp. at 3). Mattel and its attorneys treated this as a single consolidated action against MGA— underscoring the appropriateness of a fee award that includes all of the matters that pertain to the defense of Mattel's claims, as sought by MGA.

## CONCLUSION

For the foregoing reasons and those set forth in MGA Parties' *Ex Parte* Application, MGA respectfully requests that the Court grant MGA Parties' *Ex Parte* Application and enter MGA Parties' Proposed Order.

Dated: May 19, 2011  Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____*/s/ Diana M. Rutowski*_____
Diana M. Rutowski
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

---

3227873, at *1 (N.D.Cal. Nov. 7, 2006). Clearly, the same logic cannot apply here.