ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL'S MOTION TO STRIKE MGA'S OBJECTIONS TO MATTEL'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| AND CONSOLIDATED ACTIONS | Date: TBD<br>Time: TBD<br>Dept: Courtroom 9D<br><br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

# INTRODUCTION

After repeatedly accusing MGA of "over litigating" the case, Mattel files an unnecessary and meritless motion to strike MGA's objections to Mattel's proposed findings of fact and conclusions of law. Mattel's motion should be denied for two reasons. First, Mattel is mistaken in its assertion that Local Rule 52-7 applies. Second, Mattel made no showing of prejudice in support of it its motion, nor could it. Accordingly, MGA respectfully requests that the Court deny Mattel's motion.

# PROCEDURAL HISTORY

The Court ordered Mattel and MGA to submit proposed findings of fact and conclusions of law relating to the parties unfair competition claims under California Business and Professions Code section 17200 on or before April 20, 2011. Dkt. No. 10455. The Court extended this deadline to April 26, 2011 at MGA's request. April 18, 2011 (Vol. 2) Tr. at 7:15-23. The Court made no explicit order regarding when the parties oppositions to these findings of fact and conclusions of law would be due. The Court did order that all oppositions to post-trial briefing be filed on Thursday, May 12, 2011. Dkt. No. 10521.

MGA filed its proposed findings of fact and conclusions of law for both parties' 17200 claims on April 26, 2011. Dkt. No. 10524, 10525. Mattel filed its first proposed findings of fact and conclusions of law relating to MGA's 17200 claim on April 26, 2011. Dkt. No. 10526. As is its practice in this case, Mattel also filed "corrected" proposed finding of fact and conclusions of law on April 29, 2011.[1] Dkt. No. 10531. Further, Mattel filed a "Memorandum of Points and Authorities"[2] in support of its proposed findings of fact and conclusions of law. Dkt. No. 10527. MGA filed its opposition to Mattel's proposed findings of fact and conclusions of law on Thursday, May 12, 2011, along with all other post-trial

---

[1] Mattel ignores this "corrected" version in its motion to strike and therefore sets forth the wrong due date under Local Rule 52-7.
[2] There is no provision for such a memorandum. *See* Fed. R. 52, Local Rule 52-1 *et seq*.

opposition briefs. Dkt. No. 10531.

## ARGUMENT

MGA's filing of its opposition to Mattel's proposed facts and conclusions of law on May 12, 2011 was timely. While Mattel argues that MGA's opposition was untimely under Local Rule 52-7, Local Rule 52-7 does not apply. By its text, Local Rule 52-7 only sets forth the opposition timeline for findings of fact and conclusions of law that were "prepared pursuant to L.R. 52-2, 52-4, or 52-5 . . . ." Mattel's proposed findings of fact and conclusions of law were prepared in response to Judge Carter's order (Dkt. No. 10455), not under Local Rules 52-2 (which sets forth the default timing for filing of finding of fact and conclusions of law), 52-4 or 52-5 (which both relate to proposed orders). *See* L.R. 52-2, 52-4, 52-5. Accordingly, Local Rule 52-7 did not set forth the timeline for responding to Mattel's court-ordered proposed findings of fact and conclusions of law. With no Court order or Local Rule directly applicable, MGA filed its opposition to Mattel's proposed findings of fact and conclusions of law on the same day as all other post-trial opposition briefing, May 12, 2011. This was less than two-weeks after Mattel filed its "corrected" findings of fact and conclusions of law and nearly two-weeks before the next scheduled hearing before the Court. On that record, there is no basis for finding that MGA was untimely in filing its objections thereby waiving them.

Any finding of waiver would be inequitable. Mattel is not in any way prejudiced by the timing of MGA's opposition filing. In the first instance, there is no provision for replies relating to proposed findings of fact and conclusions of law. *See* Fed. Rule 52, Local Rule 52-1 *et seq*. Accordingly, there is no argument that Mattel was deprived of adequate time for a response. Even if Mattel wanted to file a reply, it has plenty of time to do so. It could file a reply today along with all the post-trial reply briefing due to be filed today. It could file a reply at any time prior to the post-trial hearings set to begin next Tuesday, May 24, 2011. Further, Mattel

1 | has already filed with the Court two memoranda of points of authorities regarding
2 | MGA's unfair competition claim.  Dkt. No. 10527 (Memorandum of Points and
3 | Authorities in Support of Mattel's [Proposed] Findings of Fact and Conclusions of
4 | Law regarding MGA's Unfair Competition Claim); Dkt. No. 10533 (Mattel's
5 | Objections to MGA Parties' [Proposed] Findings of Fact and Conclusions of Law
6 | regarding MGA's Unfair Competition Claim).  Accordingly, Mattel cannot claim
7 | that it has been deprived of the opportunity to present the Court with its position
8 | regarding MGA's unfair competition claim.  With no showing of prejudice to
9 | Mattel, it would be inequitable to strike MGA's objections to Mattel's proposed
10 | findings of fact and conclusions of law.

## CONCLUSION

As MGA's opposition to Mattel's proposed findings of fact and conclusions of law was timely and presents no prejudice to Mattel, MGA respectfully requests that the Court deny Mattel's motion to strike.

Dated: May 19, 2011            Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP


By:_____ */s/ - Melanie D. Phillips*___
              Melanie D. Phillips
    Attorneys for MGA ENTERTAINMENT, INC.,
    MGA ENTERTAINMENT HK, LTD., MGA de
    MEXICO, S.R.L. de C.V., and ISAAC LARIAN