QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de
Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al., <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, et al., <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> Hon. David O. Carter <br><br> **MATTEL, INC.'S SURREPLY IN OPPOSITION TO MGA ENTERTAINMENT, INC.'S *EX PARTE* APPLICATION TO COMPEL PRODUCTION OF EVIDENCE IN CONNECTION WITH HEARING ON MOTIONS FOR ATTORNEYS' FEES** <br><br> Hearing Date: TBD <br> Time: TBD <br> Place: TBD <br><br> Discovery Cutoff:  October 4, 2010 <br> Pre-trial Conference: January 4, 2010 <br> Trial:   January 11, 2011 |

MGA's *ex parte* reply states that "Mattel takes a diametrically opposite position" in its opposition to MGA's motion for attorneys' fees and costs under the Copyright Act because "Mattel concedes that its billing records are relevant to apportionment." Dkt. 10581 at 1 (citing Dkt. 10568 at 21 n.10). Not true. *Mattel's* bills are not relevant to the apportionment of *MGA's* bills. Consistent with this position, the footnote cited by MGA states that "[t]here is no support, on the other hand, for MGA's demand that Mattel be ordered to turn over its invoices; it is the fee shifting claimant, not the fee shifting opponent, that must produce its invoices to support its claim." Mattel stated that it was "prepared to submit its invoices to the Discovery Master for review" for purposes of apportionment of any Lanham Act fees incurred by Mattel that might be set-off, "as has been ordered with MGA's invoices." Dkt. 10568 at 31 ("To the extent the Court awards attorney's fees to MGA, Mattel is entitled to setoff attorney's fees that Mattel incurred in its successful defense of MGA's Lanham Act claims, which were groundless."). MGA's primary argument is based on a misreading of a footnote.

MGA's reply does not even address the significant authority supporting Mattel's position that an order compelling the production of Mattel's billing records is inappropriate. See Johnson v. Univ. College of Univ. of Alabama in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983) (finding no abuse of discretion by district court in quashing plaintiff's subpoena for defendant's records reflecting total hours of counsel, expenses incurred, and fees paid); In re Fine Paper Antitrust Litig., 751 F.2d 562, 587 (3rd Cir. 1984) (finding no abuse of discretion by district court in denying plaintiff's motion for *in camera* production of fees paid by defendants because such discovery could generate inquires into collateral matters); Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 776 F.2d 646, 659 (7th Cir. 1985) (finding no abuse of discretion by district court in denying plaintiff's motion to compel discovery in connection with plaintiff's fee petition of the hours worked by Sealy's attorney); Mirabal v. Gen. Motors Acceptance Corp., 576 F.2d 729, 730 (7th Cir.

1978) ("[T]he amount of fees which one side is paid by its client is a matter involving various motivations in an on-going attorney-client relationship and may, therefore, have little relevance to the value which petitioner has provided to his clients in a given case."); Hernandez v. George, 793 F.2d 264, 268 (10th Cir. 1986) (finding no abuse of discretion by district court in denying discovery into opposing counsel's fees and hours where these appeared particularly irrelevant to plaintiff's reasonable fees and hours, and where the district judge had other information available to assess reasonable local rates). Mattel's position is hardly "contrary to law." Dkt. 10581 at 1.

MGA attempts to distinguish Canlas v. Eskanos & Adler, P.C., 2006 WL 3227873 (N.D. Cal. Nov. 7, 2006) by arguing that Canlas was an "uncomplicated case" (Dkt. 10581 at 2 n.1), but if a court "is not satisfied that the time defendants' lawyers spent is a useful measure of the appropriateness of the time plaintiff's attorney spent" even in simple cases, the relevance of that information in complex cases raising novel apportionment and reasonableness issues unique to one party is nonexistent. Canlas, 2006 WL 3227873, at *1. MGA cites Real v. Continental Group, Inc., 116 F.R.D. 211 (N.D. Cal. 1986) in support of its application, but the court in Real held that the opposing party's hourly rate could be relevant to whether the prevailing party's hourly rate was reasonable. Id. at 213. Mattel is not challenging the hourly rates of MGA's counsel. While Real noted that "total billings and costs" "are at least *minimally* relevant," Mattel has already explained that its total billings are not probative of the apportioned amount that MGA seeks for defense of Mattel's copyright claim. Id. (emphasis added). Similarly, in Riker v. Distillery, 2009 WL 2486196 (E.D. Cal. Aug. 12, 2009), the Court ordered the production of information regarding total hours worked by opposing counsel and fees incurred by the opposing party. See id. at *2 ("[D]efendants shall provide to plaintiff an itemized statement of the number of hours billed, the parties' fee arrangement, costs and total fees paid, without including the nature of services

rendered."). Such *aggregate* information will not provide a useful comparison when assessing the reasonableness of MGA's *apportioned* fee request.

MGA argues that Mattel "omits the critical last sentence" in Ferland v. Conrad Credit Corp., 244 F.3d 1145 (9th Cir. 2001), but the Ninth Circuit in Ferland *vacated a fee award* where the district court *incorrectly assumed* that "time spent by an opposing counsel experienced in the subject matter is a good measure of the time reasonably expended." Id. at 1151. That sentence quoted by MGA states that "any such comparison must carefully control for factors" when the parties are not similarly situated, but Mattel has already explained that meaningful comparison is impossible due to apportionment and reasonableness concerns unique to MGA's billing records. Id. Ferland warns that the Court risks reversal if a fee award is based on the improper comparison that MGA demands here.

MGA cites In re Grand Jury Witness, 695 F.2d 359 (9th Cir. 1982) in support of its argument that Mattel should submit its unredacted billing records to the Discovery Master in the same format as MGA, but that case had nothing to do with a motion to compel production of attorney billing records by the opposing party. All Grand Jury Witness held was that a party claiming privilege as to portions of billing records may submit those records for *in camera* review. See id. at 362 ("The proper procedure for asserting the attorney-client privilege as to particular documents, or portions thereof, would have been for appellants to submit them in camera for the court's inspection, providing an explanation of how the information fits within the privilege. This way the court can issue a protective order with respect to any privileged portions before they are turned over to the grand jury."). That case says nothing about whether a party *opposing* a fee request must submit its own bills for *in camera* review.

MGA argues that "Mattel and its attorneys treated this as a single consolidated action against MGA," which "underscor[es] the appropriateness of a fee award that includes all of the matters that pertain to the defense of Mattel's

claims." Dkt. 10581 at 3.  However, Mattel's point is that apportioning both sets of bills *for purposes of comparison* would be subjective and unworkable.  Opp. at 3 ("Indeed, *apportioning and comparing* two sets of block-billed entries—covering years of litigation and tens of thousands of pages of invoices—would be an exercise in futility.") (emphasis added).  MGA must apportion its own fees, and the Court is given considerable discretion in supervising that task.  The Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829, 834 (9th Cir. 2003); Cairns v. Franklin Mint, 292 F.3d 1139, 1159 (9th Cir. 2002).  Mattel is entitled to challenge the reasonableness and apportionment of the fees and costs that are unique to MGA.

### **Conclusion**

For the foregoing reasons, Mattel respectfully requests that the Court deny MGA's *ex parte* application in its entirety.

DATED: May 19, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.