1  **SCHEPER KIM & HARRIS LLP**
   DAVID C. SCHEPER (State Bar No. 120174)
2  dscheper@scheperkim.com
   ALEXANDER H. COTE (State Bar No. 211558)
3  acote@scheperkim.com
   601 W. Fifth Street, 12ᵗʰ Floor
4  Los Angeles, CA 90071
   Telephone:  (213) 613-4655
5  Facsimile:   (213) 613-4656

6  **LAW OFFICES OF MARK E. OVERLAND**
   MARK E. OVERLAND (State Bar No. 38375)
7  mark@overlaw.net
   100 Wilshire Blvd., Suite 950
8  Santa Monica, CA 90401
   Telephone: (310) 459-2830
9  Facsimile: (310) 459-4621

10 Attorneys for Carlos Gustavo Machado Gomez

11            **UNITED STATES DISTRICT COURT**

12   **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 DOC (RNBx) |
| 14  Plaintiff, | Consolidated with: |
| 15  v. | Case No. CV 04 9059<br>Case No. CV 05-2727 |
| 16  MATTEL, INC,, a Delaware corporation, | **GUSTAVO MACHADO'S OPPOSITION TO PLAINTIFFS' *EX PARTE* MOTION TO COMPEL** |
| 17 | |
| 18  Defendant. | Judge:  Hon. David O. Carter |
| 19  AND CONSOLIDATED ACTIONS. | **Date**:  May 24, 2011<br>**Time**:   9:00 AM |
| 20 | **Crtrm**: Honorable David O. Carter |
| 21 | **Trial**:  January 18, 2011 |
| 22 | |

24            **MEMORANDUM OF POINTS AND AUTHORITIES**

25        Mr. Machado supported his motion for attorneys' fees with fifty pages of

26 attorney billing records, describing in detail every time entry for which Mr.

27 Machado sought a fee award. (*See* Docket No. 10550-2 (Revised Exhibit C to the

28 Declaration of Alexander Cote), *see also* Cote Decl. in support of fee motion at ¶¶

7-13). Of the 776 time entries in the billing records, only 42 were partially redacted. (*Id.*) The first redacted entry, from October 5, 2007, is typical:

> Review document requests (1.2); Meeting with client re: **[redacted]** (1.1) and **[redacted]** (1.4); Draft correspondence to client re: document retention (.4); Call with opposing counsel re: additional discovery and summary re: same (.8)

(Docket No. 10550-2 at 1.) As the example shows, the redacted entries provide all of the information necessary to determine if the communication is privileged. The only information redacted is the subject matter of the communication between lawyer and client.

Pursuant to the Court's May 9, 2011 Order (Docket No. 10547), Mr. Machado lodged an unredacted version of his billing records with the Special Master for Discovery, Robert C. O'Brien. (Docket No. 10553.) Mr. Machado also lodged with Mr. O'Brien a set of the actual invoices prepared in this matter. Unlike Docket No. 10550-2, which lists *only* those time entries for which Mr. Machado seeks a fee award, the invoices contain *all* work performed by counsel in this matter.

Plaintiffs now move *ex parte* for an order compelling production of the unredacted billing records lodged with Mr. O'Brien, claiming that records were improperly redacted. But the authorities cited by Plaintiffs specifically authorize redactions for privilege. The first case cited by Plaintiffs, *United States v. $1,379,879.09 Seized From Bank of America*, 374 F. App'x 709, 711 (9th Cir. 2010), held that billing "records should be redacted *only* to the extent absolutely necessary to protect information covered by the attorney-client privilege or the work-product doctrine." The other authorities cited by Plaintiffs are in accord. *See MGIC Indem. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986) ("The court may withhold from MGIC any information it finds protected by the lawyer-client privilege."); *UMG Recordings, Inc. v. MySpace, Inc.*, 526 F. Supp. 2d 1046, 1066 n.8 (C.D. Cal. 2007) (ordering production of billing records "redacted to preserve the attorney-client privilege, to Defendants"). Because the only information redacted

1  from Mr. Machado's billing records is the subject matter of his communications

2  with his counsel, the redactions are clearly proper. Certainly, the redacted billing

3  records provide enough information to "reflect 'the general nature of the services

4  performed'" which, as Plaintiffs admit, is all they are entitled to receive. (Mot. at

5  4:11-13.)

6      Plaintiffs also seek an order compelling production of the invoices

7  themselves. However, every time entry included in Mr. Machado's fee request is

8  already included in the billing records provided to Plaintiffs. (Cote Decl. ¶¶ 7-13,

9  Docket No. 10550-2.) The only additional information in the invoices is (1) the

10  subject matter of Mr. Machado's communications with counsel and (2) time entries

11  for which Mr. Machado is *not* seeking a fee award. Plaintiffs are not entitled to the

12  former, as it is clearly privileged, while the latter are, by definition, irrelevant to Mr.

13  Machado's fee request. Accordingly, Plaintiffs' *ex parte* motion to compel is

14  without merit as to Mr. Machado and should be denied.

15  DATED: May 20, 2011        Respectfully submitted,

16                            SCHEPER KIM & HARRIS LLP
17                            ALEXANDER H. COTE

18                            LAW OFFICES OF MARK E. OVERLAND
19                            MARK E. OVERLAND
20                            By:  /s/ *Alexander H. Cote*
                                  ALEXANDER H. COTE
21
22                               /s/ *Mark E. Overland*
                              MARK E. OVERLAND
23
24                            Attorneys for Carlos Gustavo Machado Gomez

25

26

27

28