QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL MGA ENTERTAINMENT, INC. AND MR. MACHADO TO PRODUCE ATTORNEY BILLING RECORDS SUBMITTED TO THE DISCOVERY MASTER PURSUANT TO THE COURT'S MAY 9, 2011 ORDER**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: TBD<br><br>Discovery Cutoff: October 4, 2010<br>Pre-trial Conference: January 4, 2010<br>Trial: January 11, 2011 |

Mr. Machado's opposition does not address whether seeking attorneys' fees and costs from Mattel waives the privilege entirely. Mr. Machado observes that "the authorities cited by Plaintiffs specifically authorize redactions for privilege" (Dkt. 10595 at 2), but he fails to respond to the authority supporting Mattel's implied waiver argument—an issue not addressed in any of the cases cited by Mr. Machado. See Energy Capital Corp. v. United States, 45 Fed. Cl. 481, 486 (Fed. Cl. 2000) (agreeing that under the Hearn test, "when a party seeks attorneys' fees, that party has placed all bills from the attorneys 'in issue'" and ordering "the production of the complete, unredacted bills because they are the most complete documents"); Ideal Elec. Sec. Co. v. Int'l Fidelity Ins. Co., 129 F.3d 143, 151-52 (D.C. Cir. 1997) ("By claiming indemnification of attorney's fees from Ideal and offering the billing statements as evidence of the same, IFIC waived its attorney-client privilege with respect to the redacted portions of the billing statements and any other communications going to the reasonableness of the amount of the fee award."). Mr. Machado's claim for attorneys' fees and costs under CUTSA resulted in an implied waiver of privilege as to the descriptions of the claimed services; in fairness, Mattel should be permitted to review the invoices to challenge Mr. Machado's request for fee shifting. See United States v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999) (applying the implied waiver test set forth in Hearn v. Rhay, 68 F.R.D. 574, 576-77 (E.D. Wash. 1975)).

Even assuming the privilege was not waived by Mr. Machado's demand and limited redactions are permissible, Mr. Machado has not supported his assertions of privilege with argument or evidence. He argues that "[o]f the 776 time entries in the billing records, only 42 were partially redacted." Dkt. 10595 at 2. However, Mr. Machado has failed to explain, for each of those 42 entries, how the redacted information "reveals specific research or litigation strategy which would be entitled to protection from disclosure." Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 130 (9th Cir. 1992); see also In re Am. the Beautiful Dreamer, Inc., 2006 WL

2038646, at *6 (Bankr. W.D. Wash. May 18, 2006) ("The extensive redactions made by Westfield make it impossible for the Debtor to perform a complete fee analysis . . . . Westfield is to provide Debtor's counsel with an unredacted copy by May 23, 2006, for review. Any redaction must be specific, limited *and explained in detail as a separate attachment*, given the strong bankruptcy code policy of allowing debtors in these situations to object to unreasonable attorney fees and costs they must pay.") (emphasis added). Mr. Machado must explain for each entry why the redacted information does not merely describe "the general nature of the services performed," which is not privileged. Clarke, 974 F.2d at 130.

Mr. Machado's redactions are also over-inclusive. In his opposition, he identified the following redacted work description from October 5, 2007:

> Review document requests (1.2); Meeting with client re: **[redacted]** (1.1) and **[redacted]** (1.4); Draft correspondence to client re: document retention (.4); Call with opposing counsel re: additional discovery and summary re: same (.8)

Since Mr. Machado completely redacted the general subject matter of the client meeting, it is impossible for Mattel to determine whether that entry is related to Mr. Machado's defense of Mattel's trade secret claim. Dkt. 10595 at 2. Similarly, and strictly by way of example, the following entries also lack any explanation for the redaction and are impossible to challenge:

> 11/21/2007: Research re: **[redacted]**
> 11/6/2008: Correspondence with G. Machado re: **[redacted]**
> 12/19/2008: Conference call, client re: **[redacted]**
> 1/7/2009: Call with client re: **[redacted]**
> 4/12/2009: Review personal emails of client re: **[redacted]**
> 5/29/2009: Conference with G. Machado re: **[redacted]**
> 8/5/2009: Conference with client re: **[redacted]**

> 9/2/2009: Send and review multiple emails to and from C. Prieto re: **[redacted]**
>
> 12/22/2009: Telephone conference, G. Machado, A. Cote, re: **[redacted]**
>
> 1/20/2010: Meet with G. Machado re: **[redacted]**
>
> 2/12/2010: Call with G. Machado and B. Molinski re: **[redacted]**; (.5) call with G. Machado re: **[redacted]**
>
> 3/17/2010: Correspond with client re: **[redacted]**

Mattel must be given an opportunity to evaluate and challenge, if necessary, the individual privilege claims asserted by Mr. Machado.

Mr. Machado argues that Mattel is not entitled to review billing entries submitted to the Discovery Master for which Mr. Machado is not seeking a fee award. Dkt. 10595 at 2-3. Mattel agrees that Mr. Machado need not produce billing records submitted to the Discovery Master for which he does not seek to recover fees and costs from Mattel, but those redactions should be marked as based on relevance rather than privilege.

MGA informed the Court on Thursday that it would respond to Mattel's motion to compel within 24 hours, but Mattel has not been served with a copy of MGA's opposition. However, in its reply in support of its motion for attorneys' fees and costs under the Copyright Act, MGA argues that its blanket redactions for privilege are appropriate and that Mattel is not entitled to the materials MGA submitted to the Discovery Master. Dkt. 10588 at 13 (citing In re Grand Jury Witness, 695 F.2d 359, 362 (9th Cir. 1982); Riker v. Distillery, 2009 WL 2486196, at *1 (E.D. Cal. Aug. 12, 2009); and Real v. Continental Group, Inc., 116 F.R.D. 211, 213-14 (N.D. Cal. 1986)). First, MGA does not respond to Mattel's implied waiver argument, which the Ninth Circuit has never addressed. Second, a blanket claim of privilege covering all work descriptions in over 9,000 pages of billing invoices is improper; MGA must support its claims of privilege with argument and explain why the redacted information does not merely describe the "general nature

of the services performed," which is not privileged. See Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992) (noting that "blanket assertions of the privilege are 'extremely disfavored'" and holding that "[t]he privilege must ordinarily be raised as to each record sought to allow the court to rule with specificity."); Adobe Sys. v. St. Paul Fire & Marine Ins. Co., 2008 WL 1343153, at *2 (N.D. Cal. Apr. 9, 2008) (ordering party requesting attorneys' fees to produce "fee arrangements and billing statements" providing "a general description of work done, which are not privileged and relevant to the reasonableness of fees incurred"). Finally, by producing to Mattel a significant number of work descriptions in unredacted form, even Mr. Machado recognized that not every attorney billing entry reveals privileged "litigation strategy." Grand Jury Witness, 695 F.2d at 362. At a minimum—if the Court finds the privilege is not waived—MGA should selectively redact its billing entries like Mr. Machado and provide an explanation for each redaction. Mattel reserves the right to file a supplemental reply should MGA choose to respond before the Court rules on Mattel' motion to compel.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant Mattel's motion to compel and order MGA and Mr. Machado to produce to Mattel all materials that were submitted to the Discovery Master pursuant to the Court's May 9, 2011 Order. MGA and Mr. Machado may redact—with explanation—those billing entries for which they are not seeking to recover fees and costs from Mattel.

DATED: May 22, 2011           QUINN EMANUEL URQUHART &
                              SULLIVAN, LLP


                              By /s/ Michael T. Zeller
                                 Michael T. Zeller
                                 Attorneys for Mattel, Inc.