ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415) 773-5700 / Facsimile: (415) 773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 629-2020 / Facsimile: (213) 612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>        Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL MGA ENTERTAINMENT, INC. TO PRODUCE ATTORNEY BILLING RECORDS SUBMITTED TO THE DISCOVERY MASTER PURSUANT TO THE COURT'S MAY 9, 2011 ORDER**<br><br>Date: May 24, 2011<br>Time: 8:30 a.m.<br>Dept: Courtroom 9D<br>Judge: Hon. David O. Carter |

## INTRODUCTION

Mattel seeks a peek at privileged and work product content within MGA's attorneys' billing records. While not surprising that Mattel would want a glimpse of the strategy behind its defeat in this case, it is not permitted under the law of this Circuit. Attorney "bills, ledgers, statements, time records and the like which also reveal the nature of the services provided, such as researching particular areas of law, … fall within the privilege." *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982). The privileged and work product content of attorney bills is protected, and a prevailing party such as MGA is and should be permitted to seek statutory fees without revealing the research, advice and other confidential communications that led to its success.

MGA's provision of redacted invoices to Mattel and unredacted invoices to the Discovery Master *in camera* is the very procedure contemplated by the law of this Circuit and in no way prejudices Mattel. Further, the volumes of redacted invoices MGA promptly provided to Mattel, along with briefs and other fee information is sufficient to enable Mattel to fully voice any objections that it may have to MGA's fee request. Nevertheless, if the Court determines upon awarding MGA its fees that additional information is necessary, MGA is willing to review again the time entries for those fees awarded to determine whether a less restrictive redaction is possible, within a reasonable amount of time after any such award. Such an arrangement should satisfy Mattel's concerns, as Mattel itself proposed: "*[i]f the Court determines that any fee award is justified*, MGA should be ordered to disclose its invoices to Mattel, subject only to the most restrictive privilege limits, and Mattel should be permitted to then respond." Dkt. #10568 at 21.

///

///

# ARGUMENT

## I. THERE IS NO DISPUTE THAT BILLING RECORDS CONTAIN PRIVILEGED AND WORK PRODUCT INFORMATION THAT IS PROPERLY REDACTED.

Ninth Circuit law is clear and Mattel cannot dispute that attorney "bills, ledgers, statements, time records and the like which also reveal the nature of the services provided, such as researching particular areas of law, … fall within the privilege." *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982); *Real v. Continental Group, Inc.*, 116 F.R.D. 211, 214 (N.D.Cal. 1986). The authorities cited by Mattel in its motion confirm as much. Motion at 2; *United States v. $1,379,879.09 Seized From Bank of America*, 374 F. App'x 709, 711 (9th Cir. 2010) (holding that billing "*records should be redacted* only to the extent absolutely necessary to protect information covered by the attorney-client privilege or the work-product doctrine") (emphasis added); *MGIC Indem. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986) ("The *court may withhold from MGIC any information it finds protected* by the lawyer-client privilege.") (emphasis added); *UMG Recordings, Inc. v. MySpace, Inc.*, 526 F. Supp. 2d 1046, 1066 n.8 (C.D. Cal. 2007) (ordering production of billing records "*redacted to preserve the attorney-client privilege*") (emphasis added); *Automotive Prods., plc v. Tilton Eng'g, Inc.*, 199 WL 660164, at *7 (C.D. Cal. Sept. 16, 1993) (ordering production of invoices by defendant "*unless it can show the Court specifically how providing these invoices will impermissibly infringe on the attorney-client privilege*.") (emphasis added). All of these cases contemplate redactions for privilege, and no case supports the extreme position taken by Mattel—that it is entitled to production of unredacted records.

Accordingly, when such bills are at issue, for example in an attorneys' fees motion, the "proper procedure" is "to submit them *in camera* for the court's inspection." *In re Grand Jury Witness*, 695 F.2d at 362. This is exactly the procedure followed in this case by MGA, which delivered its unredacted billing

records to the Discovery Master on May 12 pursuant to the Court's order. Dkt. # 10547.

Indeed, information that is *not privileged* within attorney billing records are the number of hours billed, the parties' fee arrangement, costs and total fees paid. *Real*, 116 F.R.D. at 214; *Riker v. Distillery*, 2009 WL 2486196 at *2 (E.D.Cal. Aug 12, 2009). *Cf. In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982) ("a simple invoice requesting payment *for unspecified services rendered* reveals nothing more than the *amount of the fee* and would not normally be privileged")(emphasis added). This non-privileged information has been provided to Mattel in the redacted invoices attached to the Declaration and Supplemental Declaration of Stephen Schultz. Dkt. ## 10536 (Schultz Decl.), 10579 (Supp. Schultz Decl.). Further, in addition to the number of hours billed, cost and total fees paid, all of the invoices provided to Mattel provide information about the date, the timekeeper and rate, and the general matter numbers in connection with which the fees were incurred. *See id.* Orrick invoices provide an additional level of detail about the nature of the tasks billed in the invoices provided to Mattel. For example, the task specificity includes "fact gathering," "researching law" and "analysis and advice." Dkt. # 10536 (Schultz Decl.), Ex. 1 at 341. These task codes provide non-privileged detail about the tasks for which MGA seeks to recover.

In stark contrast, Mattel cites *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1231 (9th Cir. 1997) (Motion at 3), where the party seeking fees did not provide either the district court or the opposing party with its original time records and billing statements. No such situation exists here. MGA has both provided both redacted versions of its original time records and billing statements to Mattel, as well as unredacted versions to the Discovery Master.

///

///

## II. MGA'S CLAIM OF PRIVILEGE IS TIMELY AND DOES NOT CONSTITUTE A WAIVER.

### A. MGA Has Worked Expeditiously To Provide Its Billing Records.

After the jury verdict on April 22, 2011 and before judgment, the Court ordered expedited briefing on post trial issues, including attorneys' fees and costs, within just two weeks by May 5, 2011. Dkt. # 10521. Having retained and utilized numerous law firms and vendors over the last seven years in this litigation, it took MGA a week or more to compile the invoices. It then took MGA up until the filing of its motion to analyze the bills, to assess which fees and costs are recoverable under the Copyright Act and CUTSA, and to process and redact the billing records. By the May 5 deadline, MGA provided both the Court and Mattel with redacted invoices for the fees it is seeking in connection with its motions. *See* Dkt. #10536 (Schultz Decl.), Exs. 1-58. As Mattel recognizes, these bills are voluminous, comprising thousands of pages. Notice of Motion at i. MGA explained in its motion that the billing records were redacted in order to delete descriptions of the work which reflect attorney work product and attorney-client privileged communications. Dkt. # 10542 at 17.

Just a few days later on May 9, 2011, this Court issued an order requiring that MGA highlight and deliver tabbed binders of its attorney invoices to the Special Master for Discovery and create tables in a specifically designated format within just three days. Dkt. # 10547. MGA complied with this order, delivering twenty two binders to the Discovery Master on May 12, while at the same time processing and analyzing additional bills from its counsel in this on-going litigation. *See* Dkt. # 10551 (Notice of Lodging *In Camera* Submission); Dkt. # 10579 (Supp. Schultz Decl.).

MGA has provided Mattel, the Court and the Discovery Master with the documents supporting the fees and costs that it seeks in a timely basis, along with an explanation that it redacted in order to avoid disclosure of privileged and work

product information. There is nothing "belated" or inadequate about MGA's production of supporting documents or about MGA's claim of privilege. Motion at 4.

### B. To Hold That A Prevailing Party Waives Privilege By Seeking Fees Under An Applicable Statute Would Be An Absurd Result.

In an uncharacteristic showing of legal candor, Mattel acknowledges that it was unable to find any Ninth Circuit authority that has applied the *Hearn* test in this context, let alone found an implied waiver. Motion at 5 n.2. Indeed, the only Ninth Circuit case that Mattel cites in support of its argument for waiver strongly disfavors a finding of implied waiver in a case such as this. Motion at 5; *United States v. Amlani*, 169 F.3d 1189 (9th Cir. 1999). The Ninth Circuit recognized in *Amlani* that attorney billing records "are subject to the privilege to the extent that they represent 'correspondence, bills, ledgers, statements and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law.'" *Id*. at 1195. The Ninth Circuit further noted that "[w]hen the sought-after evidence is "only 'one of several forms of indirect evidence' about an issue," the privilege has not been waived." *Amlani*, 169 F.3d at 1195. However, the Ninth Circuit upheld the district court's finding of a waiver in the unique situation presented in *Amlani*, where privileged information was the only way to discover evidence of why Amlani retained other counsel—a central issue in the case. *Id*. at 1196.[1] The statutory fee request here is not analogous.

Here, none of the factors of *Hearn* test are satisfied. As Mattel acknowledges, an implied waiver under *Hearn* only occurs when: (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2)

---

[1] The Circuit noted that *in camera* review is the appropriate procedure to effectuate a limited disclosure: "we trust that the district court will conduct an *in camera* review of all privileged documents so that only those documents or portions of documents relating to the initial withdrawal of [prior counsel] and the retention of [subsequent counsel] are disclosed." *Id.*

through this affirmative act, the asserting party puts the privileged information at issue; *and* (3) allowing the privilege would deny the opposing party access to information vital to its defense.  Motion at 5; *Hearn v. Rhay*, 68 F.R.D. 574, 576-77 (E.D. Wash. 1975).  First, MGA did not assert privilege as the "result of some affirmative act, such as filing suit, by the asserting party."   After all, it was Mattel who asserted the copyright claim against MGA.  Nor has MGA put any privileged information at issue—MGA is not relying on any advice of counsel or state of mind here, the Court need only assess reasonableness of the amount of fees.  Privileged contents of billing records are not necessary to determine whether the amount of fees and costs were reasonably incurred.  Finally, application of the privilege will not deny Mattel access to information vital to its defense.  Mattel has access to redacted billing records and fee information sufficient to raise any objection, and the Discovery Master has unredacted copies for *in camera* inspection.

The cases cited by Mattel from other circuits are neither controlling, nor do they support an implied waiver here.  None of these cases deal with statutory attorneys' fees provisions where the prevailing party is entitled to recover, but instead deal with contractual provisions and indemnity agreements. *See Energy Capital Corp. v. United States*, 45 Fed.Cl. 481 (Fed. Cl. 2000) (attorneys fees sought as damages for breach of contract where party seeking fees retained several different law firms to assist it to perform the contract); *Ideal Elec. Sec. Cop. v. Int'l Fidelity Ins. Co.*, 129 F.3d 143, 150-151 (D.C. Cir. 1997) (concerning a claim for fees under a disputed indemnity agreement); *Oldenburg Group Inc. v. Frontier-Kemper Constructors, Inc.*, 597 F. Supp. 2d 842, 843 (E.D. Wis. 2009) (considering indemnification provision of asset purchase agreement); *King v. University Healthcare Sys., L.C.*, 2009 WL 740640, at *2 (E.D. La. Nov. 4, 2009) (considering employment contract provision regarding attorneys fees); *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 2007 WL 700851 (M.D. Fla. Mar. 1, 2007) (considering insurance indemnity provisions);

It would be an incongruous result if every prevailing party had to waive privilege with respect to its attorneys billing records in order to seek its fees and costs under a statute that permits an award of such fees. This is not and cannot be the law.

### III. DESPITE THE RELEVANCE OF MATTEL'S BILLING RECORDS, MATTEL FAILS TO PROVIDE THEM IN ANY FORM.

Notably, Mattel does not offer up unredacted copies of its own invoices to MGA despite their clear relevance. Mattel has opposed producing invoices in any form. Dkt. # 10584. Yet, Mattel previously took a contrary position, stating in Opposition to MGA's Motion for An Award of Attorneys Fees that "for purposes of apportionment, Mattel is prepared to submit its invoices to the Discovery Master for review, as has been ordered with MGA's invoices." Dkt. #10568 at n.10. Such an offer by Mattel is consistent with Ninth Circuit case law that the losing party's billing records are relevant to a prevailing party's fee request. *Real v. Continental Group, Inc.*, 116 F.R.D. 211, 213 (N.D. Cal. 1986) (granting the prevailing party's request for the other party's billing records because "I conclude that the hours expended by the defendant on matters pertaining to this case, counsel's hourly rates, as well as total billings and costs, are at least minimally relevant to the plaintiff's fees and costs petition"); *Riker v. Distillery*, 2009 WL 2486196 at *1 (E.D.Cal. Aug 12, 2009) ("This court finds that defendants' billing records may be relevant to assist the court in determining the reasonableness of plaintiff's request for attorneys fees"); *see also Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001) (any comparison of the fees expended by the two parties "must carefully control … for the possibility that the prevailing party's attorney—who, after all, did prevail—spent more time because she did better work").

Moreover, Mattel effectively seeks to move for fees in making an argument that it "is entitled to set-off attorneys' fees that Mattel incurred in its successful defense of MGA's Lanham Act claims." Dkt. #10568 at 31. While this argument

1   is deficient for all of the reasons set forth in MGA's Reply, the argument

2   independently implicates Mattel's billing records. Dkt. # 10591. Nevertheless,

3   Mattel still has produced no billing records of its own

4       Mattel's request for unredacted copies of MGA's billing records is at odds

5   with its close-fistedness in connection with its own relevant invoices.

### IV. IF AFTER AWARDING FEES THE COURT CONCLUDES MATTEL IS ENTITLED TO ADDITIONAL INFORMATION, MGA WILL AGAIN REVIEW THE ENTRIES AWARDED FOR PRIVILEGE.

8       Nevertheless, if so ordered, MGA is willing to conduct an additional review

9   of its billing records within a reasonable time after an award of fees. Specifically, if

10  after consideration of MGA's motions and *in camera* review of the billing records,

11  the Court and Discovery Master grant an award of fees but conclude that Mattel

12  requires additional fee information from MGA, MGA is willing to review again

13  those time entries awarded to see if a less restrictive redaction is possible. This

14  should allay any remaining concerns by Mattel as it is consistent with Mattel's own

15  proposal in its Opposition to MGA's Motion for An Award of Attorneys Fees,

16  where Mattel states that "*[i]f the Court determines that any fee award is justified*,

17  MGA should be ordered to disclose its invoices to Mattel, subject only to the most

18  restrictive privilege limits, and Mattel should be permitted to then respond." Dkt. #

19  10568 at 21. Because of the voluminous nature of the documents involved, such

20  additional review would require a reasonable period of time to be meaningful and

21  makes sense only in connection with those invoices and time entries for which fees

22  are actually awarded.

### CONCLUSION

24      For all the foregoing reasons, MGA respectfully submits that Mattel's

25  Motion to Compel MGA to Produce Attorney Billing Records Submitted To the

26  Discovery Master should be denied.

27  ///

28  ///

| | | |
|---|---|---|
| 1 | Dated: May 24, 2011 | Respectfully submitted, |
| 2 | | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 3 | | |
| 4 | | By: */s/ Diana M. Rutowski* |
| 5 | | Diana M. Rutowski |
| | | Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de |
| 6 | | MEXICO, S.R.L. de C.V., and ISAAC LARIAN |