# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BERNARD BELAIR,

        Plaintiff,

        -against-

MGA ENTERTAINMENT, INC. and MATTEL, INC.,

        Defendants.

09 Civ. 8870 (SAS)

---

### NOTICE OF MOTION OF ORRICK, HERRINGTON & SUTCLIFFE LLP TO WITHDRAW AS COUNSEL TO DEFENDANT MGA ENTERTAINMENT, INC.

PLEASE TAKE NOTICE THAT Orrick, Herrington & Sutcliffe LLP will and hereby does move this Court, before the Honorable Shira A. Scheindlin, Courtroom 15C, United States Courthouse, 500 Pearl Street, New York, New York, at a date and time convenient for the Court, for an Order, pursuant to Local Civil Rule 1.4 of the Rules of the United States District Courts for the Southern and Eastern Districts of New York, granting the withdrawal of Orrick, Herrington & Sutcliffe LLP as attorneys of record for defendant MGA Entertainment, Inc. The motion is made and based upon the accompanying Declaration of Annette L. Hurst, Esq. and Memorandum of Law in Support of the Motion to Withdraw on the grounds of nonpayment of fees.

Dated: New York, New York
May 27, 2011

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: ___/s/ Lisa T. Simpson___
Lisa T. Simpson
Aaron G.R. Rubin
51 W. 52nd Street
New York, NY 10019-6142
(212) 506-5000

Annette L. Hurst (admitted *pro hac vice*)
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
(415) 773-5700

Attorneys for Defendant MGA Entertainment, Inc.

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BERNARD BELAIR,

        Plaintiff,

    -against-

MGA ENTERTAINMENT, INC. and MATTEL, INC.,

        Defendants.

09 Civ. 8870 (SAS)

---

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW

Orrick, Herrington & Sutcliffe LLP ("Orrick"), which has served as counsel for MGA Entertainment, Inc. ("MGA") since the commencement of this action, submits this memorandum in support of its motion for leave to withdraw as counsel for MGA on the grounds of nonpayment of fees.

As set forth in the accompanying Declaration of Annette L. Hurst dated May 26, 2011 (the "Hurst Decl."), aside from one marginal payment, MGA has failed to pay for any of Orrick's work or expenses incurred in this matter since its commencement in 2009. For the reasons set forth below and in the accompanying Hurst Declaration, MGA respectfully seeks the Court's permission to withdraw as MGA's counsel of record in this case.

### FACTUAL BACKGROUND

As set forth in the Declaration of Annette Hurst, when this matter was filed in October 2009, Orrick had been representing MGA in its ongoing litigation against Mattel in California. *Mattel, Inc. et al. v. MGA Entertainment, Inc., et al.*, No. CV 04-9049 (RNBx) (C.D. Cal.) (the "Mattel action"). (Hurst Decl. ¶ 3). Orrick agreed to represent MGA in this action only after MGA agreed that it would promptly pay Orrick's invoices in this matter in accordance

with its hourly rates, irrespective of any insurance coverage. (*Id.* at ¶ 4).

Despite that agreement, as of the fall of 2010, one year into Orrick's representation of MGA in Belair, MGA had not made a single payment for fees incurred in the Belair matter. It owed Orrick over $1 million on Belair alone. (*Id.* at ¶ 5). Orrick discussed its withdrawal from the case at that time with MGA, but MGA promised to pay, agreeing to a payment plan and a negotiated monthly payment to cover not only this action, but other non-Mattel MGA matters. (*Id.*).

MGA again failed to abide by its agreement to pay. (*Id.*). After one monthly payment covering November and December, MGA failed to make any other payments to Orrick. (*Id.*). When asked about the money it owes Orrick on this matter, MGA has indicated that it has no present intention or plan to pay. (*Id.* at ¶¶ 9, 11). MGA now owes Orrick $1,221,736.94 in fees and costs. (*Id.* at ¶ 12).

Although Orrick recently obtained a verdict in the Mattel action in MGA's favor, that verdict is the subject of post-verdict motions and likely to be appealed. (*Id.* at ¶ 7). It is also expected that Mattel will post the required bond, thus delaying any execution on the judgment for the period of the appeal. (*Id.*). Barring settlement, MGA's recovery in that case is not likely to occur for at least two years. (*Id.* at ¶ 8). Moreover, MGA has provided no indication that it intends to pay Orrick for its work in the Belair case from those Mattel proceeds. (*Id.*). Indeed, several other law firms, MGA's insurance carriers, and MGA's lender Omni 808 will all likely seek any proceeds recovered following appeal. (*Id.*).

Orrick will not be representing MGA on appeal of the Mattel verdict or in any retrial of the case. (*Id.* at ¶ 13). Thus, Orrick's engagement on the Mattel matter will be concluded as soon as judgment is entered, which is expected shortly after argument on post-trial

2

motions, held May 25-26, 2011. (*Id.*). It is likely that Orrick will become adverse to MGA at that time, as it seeks to recover its fees from the Mattel action through arbitration. (*Id.* at ¶ 14). If Orrick is required to remain as counsel in the Belair case, it will be the only case in which Orrick represents MGA, and it is clear that Orrick will not be paid for its services without compelling that payment through litigation.

## ARGUMENT

### A. MGA Has No Plans to Compensate Orrick

Under Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

MGA's utter failure to pay legal fees and the resulting conflict of interest in this matter justifies Orrick's withdrawal as MGA's counsel. It is well-settled precedent that non-payment of fees constitutes sufficient grounds for such withdrawal. *See, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011) ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason."); *D.E.A.R. Cinestudi S.P.A. v. Int'l Media Films, Inc.*, No. 03 Civ. 3038 (RMB), 2006 WL 1676485, at *1 (S.D.N.Y. Jun. 16, 2006) ("It is well-settled that nonpayment of fees is a valid basis for the Court to grant counsel's motion to withdraw.") (citation omitted); *Promotica of Am., Inc. v. Johnson Grossfield, Inc.*, No. 98 Civ. 7414 (AJP), 2000 WL 424184, at *2 (S.D.N.Y. Apr. 18, 2000) ("[O]nly one ground need be shown" to

3

support withdrawal; granting counsel for corporate defendant's motion to withdraw for failure to pay fees and the resultant "irreconcilable conflict of interest"); *HCC, Inc. v. RH&M Mach. Co.*, No. 96 Civ. 4920 (PKL), 1998 WL 411313, at *1 (S.D.N.Y. Jul. 20, 1998) (granting counsel for corporate defendant's motion to withdraw for failure to pay fees); *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96-cv-2839, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997) (citing *Promotica*).

It has also been held that a Court should not require counsel to represent a client *pro bono*. *HCC, Inc.*, 1998 WL 411313, at *1 (granting withdrawal and stating that it would not "impose on counsel an obligation to continue representing [corporate] defendants *pro bono*").

There is no dispute that MGA owes over $1.2 million in fees and costs to Orrick for work performed on this case. Hurst Decl. ¶ 12. MGA has made only one nominal payment to Orrick in the entire year and a half that Orrick has been engaged in active discovery on this matter. *Id.* at ¶ 5. MGA has indicated that it has no present plan to pay Orrick the fees that are owed or any fees that will be incurred in the future. Rather, it quite clearly seeks legal representation for free. *Id.* at ¶ 11.

The fact that Orrick obtained a verdict for MGA in the Mattel action in California does not change the conclusion that it should be permitted to withdraw here. That verdict is likely to be appealed—and, as noted above, Mattel will likely post bond thus delaying any execution of the judgment for the period of the appeal. *Id.* at ¶ 7. As a result, it is likely to be a number of years before MGA receives any satisfaction of the judgment. Even so, MGA has not provided any indication that it intends to use any proceeds that may be recovered in the Mattel action to pay its legal bills in this entirely separate matter. *Id.* at ¶ 8. In fact, there are multiple other creditors, including law firms and insurance carriers that will seek the proceeds from any

recovery. *Id.*

### B. Withdrawing at this Stage of the Litigation Would Minimize any Prejudice to MGA

Plaintiff commenced this action on October 20, 2009. The parties completed fact discovery on May 13, 2011. No dates for briefing of summary judgment or trial have been set. No deadlines for expert discovery have been set. Given the current posture of the case, this is a logical place in the proceedings to allow for the transition to new counsel. Such a transition would not prejudice MGA at this time.

In fact, numerous courts have granted motions to withdraw as counsel at the conclusion of discovery. *Melnick v. Press*, No. 06-CV-6686 (JFB) (ARL), 2009 WL 2824586, at *2 (E.D.N.Y. Aug, 28, 2009) (noting that court granted counsel's motion to withdraw and held summary judgment briefing in abeyance pending transition to new counsel); *D.E.A.R. Cinestudi*, 2006 WL 1676485, at *1-*2 (granting counsel's motion to withdraw due to lack of payment of fees where discovery was complete and trial was months away); *Spadola v. New York City Trans. Auth.*, No. 00 CIV 3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002) (allowing counsel to withdraw where discovery had been completed and client had not paid outstanding legal fees since client "would not be unduly prejudiced by his counsel's withdrawal at this stage of the litigation."); *Promotica*, 2000 WL 424184, at *1-*2 (granting motion to withdraw where discovery was closed and case was ready for trial).

In addition, MGA has informed Orrick that it does not intend for Orrick to act as lead trial counsel in this action should this matter proceed to trial. *See* Hurst Decl. ¶ 10. Thus, it appears that MGA intends to make a substitution of counsel at some point, likely following summary judgment. Given what appears to be an inevitable change of counsel, Orrick respectfully submits that the substitution is best made now given the current posture of the case.

New counsel would be able to shape the arguments on summary judgment and expert discovery. Any prejudice to MGA could be easily alleviated by a short 30-60 period to allow new counsel to get acquainted with the case. *See, e.g., H.C.C., Inc.*, 1998 WL 411313, at *1 (granting corporate defendant 30 days to find new counsel); *R. Maganlal & Co. v. M.G. Chem. Co.*, No. 88 Civ. 4896 (MJL)(THK), 1996 WL 420234, at *1 (S.D.N.Y. Dec. 12, 1996) (discussing suspension of case for 60 days to allow corporate defendant to find new counsel); *Golden v. Guar. Acceptance Capital Corp.*, No. 91 Civ. 2994 (CHT), 1993 WL 88191, at *2 (S.D.N.Y. Mar. 25, 1993) (granting corporate defendant 45 days to find new counsel).

In addition, there is a substantial likelihood that MGA's continued refusal to pay Orrick what it is owed on the Mattel matter will result in arbitration between Orrick and MGA after Orrick's representation of MGA in that case is terminated, which is expected shortly. Hurst Decl. at ¶ 14. If Orrick is not allowed to withdraw from its representation of MGA in this case, the representation will continue during the period that Orrick and MGA are adverse to each other in arbitration over the Mattel fees and, perhaps, the fees that MGA owes in this case. The time for Orrick to withdraw from representing MGA—and avoid any future conflict issues—is now.

Orrick also has acted, and will continue to act, consistently with New York Rule of Professional Conduct 1.16(e) to further alleviate any potential prejudice to MGA. Orrick will promptly deliver to MGA or its counsel any papers and property to which it is entitled. *Id.* at ¶ 15. Also consistent with Rule 1.16(e), Orrick has given MGA due notice of its intention to withdraw. *Id.* at ¶ 11.

## CONCLUSION

Given MGA's nonpayment of fees, Orrick respectfully requests that the Court enter an order permitting Orrick to withdraw from its representation of MGA in this action.

Dated: New York, New York
May 27, 2011

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: __/s/ Lisa T. Simpson__
Lisa T. Simpson
Aaron G.R. Rubin
51 W. 52nd Street
New York, NY 10019-6142
(212) 506-5000

Annette L. Hurst (admitted *pro hac vice*)
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
(415) 773-5700

Attorneys for Defendant MGA Entertainment, Inc.

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

BERNARD BELAIR,

        Plaintiff,

    -against-

MGA ENTERTAINMENT, INC. and MATTEL, INC.,

        Defendants.

------------------------------------------------------------

09 Civ. 8870 (SAS)

**DECLARATION OF ANNETTE L. HURST**

1. I am a member of the Bar of the State of California and have been admitted *pro hac vice* before this Court in this matter. I am a partner at the law firm Orrick, Herrington & Sutcliffe LLP ("Orrick"), attorneys for Defendant, MGA Entertainment, Inc. ("MGA"), in this action. I submit this Declaration in support of Orrick's motion to withdraw as counsel for MGA in this action.

2. I am fully familiar with the facts and procedural history of this case and with the facts and procedural history of *Mattel, Inc., et al. v. MGA Entertainment, Inc., et al.*, No. CV 04-9049 (RNBx) (C.D. Cal.) (and consolidated cases), which is currently pending in California (the "Mattel action").

3. I am the lead partner responsible for Orrick's relationship with MGA and was co-lead counsel in the Mattel action. Orrick began working for MGA on issues related to the Mattel action in May of 2009 and first made a formal appearance as counsel of record in the Mattel action in July of 2009. Orrick agreed to represent MGA in the Mattel matter only with stringent conditions regarding payment and a security interest in the proceeds of insurance generated by Orrick's billings.

4.  When the Belair action was filed in October of 2009, MGA requested that Orrick represent it. Orrick agreed to do so with the understanding that the defense of the matter would be tendered to insurers, that MGA would be billed by Orrick in accordance with its normal hourly rates, and that MGA would pay promptly its outstanding invoices irrespective of any insurance coverage.

5.  MGA did not adhere to its agreement to pay Orrick for its work in this action. By the fall of 2010, a year into the representation, MGA was substantially in arrears—in fact, MGA had not made a single payment of any invoice for the fees incurred in this case. MGA owed Orrick at that time in excess of $1,000,000. Orrick was prepared to move to withdraw in the fall of 2010, but MGA made further promises of payment and negotiated a monthly payment schedule covering the amounts in arrears for this action and several other non-Mattel matters. After one payment covering November and December, MGA made no further payments in accordance with its payment plan. MGA thus breached both its original agreement and its subsequently negotiated payment plan.

6.  In December 2009, Orrick obtained a stay from the Ninth Circuit Court of Appeals of the worldwide injunction that had previously been entered in the Mattel action. The Ninth Circuit subsequently vacated that injunction in its opinion in *Mattel, Inc. v. MGA Entertainment, Inc.*, 616 F.3d 904 (9th Cir. 2010). After the Ninth Circuit's opinion issued, Orrick moved for new trial and successfully obtained an order for a new trial on all claims. By the time the case was submitted for deliberations to the second jury, Orrick had successfully knocked out two of the three claims that originally formed a basis for Mattel's claim of ownership of Bratz, and had also developed substantial claims on behalf of MGA against Mattel. On April 21, 2011, Orrick, along with co-counsel Keller Rackauckas LLP, obtained an $88.5

million verdict in MGA's favor in the Mattel action. Despite this track record of success, MGA has refused to pay Orrick in full for its work in the Mattel action or for a variety of other matters, including the Belair matter. To the contrary, MGA has indicated that it will not pay Orrick and has no plan to do so at the present time.

7. The verdict has not yet been reduced to judgment. Mattel has asked the Court to hold any judgment in abeyance pending the outcome of a second case brought by MGA against Mattel, an antitrust action (in which MGA is represented by other counsel who are also familiar with the facts and circumstances of the Mattel action). MGA has strenuously objected to this request for delay in entry of judgment. We also expect that Mattel will appeal the judgment, once it is entered, and that Mattel is financially capable of posting a supersedeas bond in the maximum amount that has been requested by MGA in damages, exemplary damages and attorneys' fees and costs, plus interest. Thus, Mattel will be able to delay any execution on the judgment for the period of an appeal.

8. MGA has never indicated that it is willing to use the proceeds from its anticipated judgment, once received, to pay Orrick's fees in this case. Moreover, given the likelihood of an appeal in the Mattel action, Mattel's ability to post a bond, and the enormous record, it will be a number of years before MGA actually receives any satisfaction of the judgment. MGA has multiple creditors in addition to Orrick, including law firms such as O'Melveny & Myers, Skadden Arps and Keller Rackauckas, as well as lender Omni 808. In addition, MGA's insurance carriers are asserting a right to recovery of proceeds they have paid for MGA's defense.

9. In April and May of 2011, after the verdict in the Mattel action, I and others at Orrick had discussions with MGA in an effort to resolve payment issues. MGA indicated that it

Case 2:04-cv-09049-DOC-RNB   Document 10615-1   Filed 06/01/11   Page 16 of 17   Page ID
#:321482
Case 1:09-cv-08870-SAS   Document 58   Filed 05/27/11   Page 4 of 5
2011.05.26   07:56 PM                                                          PAGE.   5/   5

had no present plan to pay Orrick the fees that are owed on this Belair matter or any other outstanding matter, other than remitting any further insurance proceeds that it receives as a result of reimbursement for Orrick's billings in the Mattel action.

10. Jeanine Pisoni, the General Counsel of MGA, has also confirmed that MGA does not intend for Orrick to act as lead trial counsel in this action should the matter proceed to trial. I requested that Ms. Pisoni identify MGA's trial counsel so that a substitution could be effectuated, and she refused to do so. MGA continues to require that Orrick perform all of the work and make strategic decisions in this matter without the input of MGA's designated lead trial counsel.

11. On May 12, 2011, I formally advised Jeanine Pisoni of MGA that Orrick would seek to withdraw from this action due to MGA's failure to fulfill it financial agreements with Orrick. I asked MGA to find substitute counsel. I also notified MGA that it would require successor counsel if Orrick were permitted to withdraw since MGA is a corporate entity and cannot represent itself. Although MGA offered no further prospect of payment by way of a payment plan or any other arrangements, MGA nonetheless insisted that Orrick continue to represent it in this action. It is clear the MGA has no intention of paying Orrick for its work on this matter and instead is seeking free representation.

12. The total balance now due and owing for fees and costs incurred in connection with this action is $1,221,736.94.

13. Orrick also will not be undertaking representation of MGA on any appeals in the Mattel action. Accordingly, once judgment is entered in the Mattel action—which is likely to occur soon after the May 25-26, 2011 hearing on the motions for JMOL, exemplary damages and attorneys' fees—Orrick will no longer be representing MGA in any matter other than this one.

14. MGA's continued refusal to pay Orrick's fees in the Mattel action is likely to result in arbitration between the parties as soon as Orrick's representation of MGA in that case is concluded.

15. Orrick will promptly deliver to MGA's new counsel any papers and property to which it is entitled in connection with this action, consistent with the terms and requirements of any governing protective orders.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at San Francisco, California
this 26th day of May, 2011.

_____
Annette L. Hurst