ORIGINAL

1   ANNETTE L. HURST (State Bar No. 148738)
    ahurst@orrick.com
2   WARRINGTON S. PARKER III (State Bar No. 148003)
    wparker@orrick.com
3   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
4   405 Howard Street
    San Francisco, CA 94105
5   Telephone:  415-773-5700
    Facsimile:   415-773-5759
6
7   WILLIAM A. MOLINSKI (State Bar No. 145186)
    wmolinski@orrick.com
8   ORRICK, HERRINGTON & SUTCLIFFE LLP
    777 South Figueroa Street, Suite 3200
9   Los Angeles, CA  90017
    Telephone:  213-629-2020
10  Facsimile:   213-612-2499

11  THOMAS S. MCCONVILLE (State Bar No. 155905)
    tmcconville@orrick.com
12  ORRICK, HERRINGTON & SUTCLIFFE LLP
    4 Park Plaza, Suite 1600
13  Irvine, CA 92614-2258
    Tel: (949) 567-6700/Fax: (949) 567-6710

14  Attorneys for MGA Parties

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17                  SOUTHERN DIVISION

18  CARTER BRYANT, an individual          Case No. CV 04-9049 DOC (RNBx)

19          Plaintiff,                     Consolidated with Case No. CV 04-9059
                                           and Case No. CV 05-2727
20      v.
                                           **DECLARATION OF PETER D.**
21  MATTEL, INC., a Delaware               **ZEUGHAUSER IN SUPPORT OF**
    corporation,                           **MGA PARTIES' MOTIONS FOR**
22                                         **FEES AND COSTS**
            Defendant.
23                                         Date: May 24, 2011
                                           Time: 8:30 a.m.
24  AND CONSOLIDATED ACTIONS               Dept: Courtroom 9D
                                           Judge:  Hon. David O. Carter
25
26
27  **CONFIDENTIAL—ATTORNEYS' EYES ONLY—FILED UNDER
    SEAL PURSUANT TO PROTECTIVE ORDER**
28
                                           DECLARATION OF PETER D. ZEUGHAUSER
                                           CV 04-9049 DOC (RNBx)

## DECLARATION OF PETER D. ZEUGHAUSER

I, Peter D. Zeughauser, declare as follows:

1.     I am an attorney duly licensed to practice law in the State of Missouri (admitted and in good standing since 1975) and California (admitted and in good standing since 1977).  My California State Bar Number is 75253.

2.     I have been engaged in the active practice of law since 1975.  From July 1981 until January 1996 I was employed as an attorney by The Irvine Company (the "Company") in Newport Beach, California.  The Company is one of the largest real estate developers in the United States with over $15,000,000,000.00 in assets.  From May 1985 until January 1996 I served as the general counsel of the Company.  During my employment by the Company, at various times I also held the positions of Division Counsel, Senior Division Counsel, Associate General Counsel, Vice President and Senior Vice President.

3.     My responsibilities as general counsel of the Company included the oversight and management of the Company's legal affairs.  In carrying out my responsibilities at the Company, I was responsible for managing over fifty outside law firms representing the Company in over 350 active legal matters at any given time, approximately half of which were disputes and litigation in which the Company was involved.

4.     Over the course of my employment by the Company, I was responsible for the management of outside counsel representing the Company in thousands of disputes pursuant to attorney fee arrangements in excess of $100 million.

5.     Since approximately 1985, I have spoken to over four hundred audiences comprised of attorneys, including many national, state and local bar association groups, on the proper management of legal matters.  A significant number of these talks have been on the topic of determining the appropriate value of legal services, a subject on which I consult regularly as part of my occupation.

6.     Since 1985, I have published numerous articles in national, state and local legal publications on the topic of determining the appropriate value of legal services.  I am a member of the Board of Editors of American Lawyer Magazine and a regular columnist for the magazine.   My writings in the magazine often address the subject of proper techniques for determining the appropriate value of legal services.

7.     In 1995, I authored and published a book entitled Lawyers are from Mercury, Clients are from Pluto, which includes several chapters on the proper management of legal matters and proper techniques for determining the appropriate value of legal services.

8.     Since January 1996, I have served as a legal management consultant to law firms throughout the United States.  As part of my consulting work, I have trained over 1,000 partners in law firms throughout the United States on determining the appropriate value of legal services and on the utilization of appropriate billing techniques.  I have also consulted with numerous law firms with offices in Los Angeles and throughout the United States regarding the appropriate amount to charge clients for services rendered by the firms.  I regularly advise law firms on the appropriate hourly rates to charge for lawyers in their firms.

9.     Orrick, Herrington & Sutcliffe LLP ("Orrick") has retained me in this matter to offer my opinion on the reasonableness of hourly attorney rates for certain attorneys employed by them as well as the reasonableness of rates for attorneys at O'Melveny Myers ("OMM") and Skadden Arps ("Skadden"), who preceded Orrick in this matter, and Keller & Rackauckas, who co-tried this case with Orrick.

10.     In rendering my opinion, I have reviewed the resumes of the primary attorneys at Orrick and am also familiar with the firm's work from various pleadings and papers filed in this action.  I also reviewed the Ninth Circuit's order dated July 22, 2010 ("Order"), which provided useful background for understanding the claims in this action.

11.    I understand that from July, 2004 to December 2007, MGA was represented by OMM, whose attorney rates as of 2007 ranged from $110 to $820. Dale Cendali, who was lead counsel, had a rate of $820 as of September 28, 2007. In my opinion, these hourly rates were reasonable for that time period.

12.    I understand that starting in October, 2007, MGA was represented by Skadden, which included Skadden's representation of MGA at the first trial. Skadden's rates ranged from $360 to $950 at the time of trial. In my opinion, those hourly rates were reasonable for that time period.

13.    I understand that from June, 2009 to the present, MGA has been represented by Orrick. As of 2011, Orrick's attorney rates ranged from $330 to $985. MGA's lead counsel from Orrick, Annette Hurst and Tom McConville, had rates of $820 and $720 respectively. In my opinion, these hourly rates were reasonable for the time period.

14.    I understand that from December, 2010 through trial, MGA was represented by Keller & Rackauckas, and that Jennifer Keller served as lead trial counsel for MGA. Ms. Keller's rate was $750 per hour. Her partner, Kay Rackauckas' rate was $500 and Allison Shalinsky's rate was $500. In my opinion, those hourly rates were reasonable for the engagement.

15.    In opining on the reasonableness of the above rates, I have considered various factors, including legal rates in the market, the complexity and difficulty of this case, the demands and time commitments involved, the amount of damages sought by the parties and the stakes involved. I note from reading various pleadings and the Order that this was an extremely complicated case with claims ranging from copyright and trade secrets to civil RICO and various state law claims. The case involved numerous unique legal and factual issues. Further, given that Mattel sought in excess of $1 billion and came close to running MGA out of business, this truly was a "bet the company" case for MGA. Given all this, the rates charged were certainly reasonable. Lastly, I also note that Quinn

DECLARATION OF PETER D. ZEUGHAUSER
CV 04-9049 DOC (RNBx)

1  Emanuel, counsel for Mattel, charged similar rates, as is evidenced by the attached
2  declarations from this case.  According to declarations submitted by Quinn
3  Emanuel attached as Exhibit A, as of 2009, Mike Zeller's hourly rate was $820 and
4  Scott Watson, another Quinn Emanuel partner, charged $605 an hour.  In 2004,
5  John Quinn had charged $520 per hour and Mike Zeller had charged $470 per hour.
6  Based on the foregoing and my general knowledge of law firm billing rates, I would
7  expect Mr. Quinn to have charged not less than $820 at the time of trial.

8      I declare under penalty of perjury that the foregoing is true and correct.
9  Executed this 5th day of May, 2011, at Newport Beach, California.

12                                          Peter D. Zeughauser

- 4 -

# Exhibit A

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Tel.: (213) 443-3000
Fax: (213) 443-3100

Attorneys for Plaintiff and Counter-Defendant
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CARTER BRYANT, an individual<br><br>Defendant.<br><br>CARTER BRYANT, on behalf of himself, all present and former employees of Mattel, Inc., and the general public,<br><br>Counterclaimant,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Counter-defendant. | Case No. CV 04-09059 NM (RNBx)<br><br>DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S MOTION FOR REMAND<br><br>Date:     January 31, 2005<br>Time:    10:00 a.m.<br><br>Hon. Nora M. Manella |

07209/621613.1

ZELLER DECLARATION

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1.      I am a member of the bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

### Nature of this Action And Bryant's Repeated Removals

2.      Attached hereto as Exhibit 1 is a true and correct copy of the Court's Order, dated August 20, 2004, rejecting Bryant's first removal of this case and remanding the action to Los Angeles County Superior Court.

3.      Attached hereto as Exhibit 2 is a true and correct copy of Mattel's Complaint in this action, which was filed on April 27, 2004 in Los Angeles County Superior Court and was personally served on Carter Bryant on April 30, 2004. Attached as Exhibit A to the Complaint is a true and correct copy of the Mattel Employee Confidential Information and Inventions Agreement signed by Carter Bryant on January 4, 1999.

4.      As set forth in the Complaint, in late November 2003, Mattel obtained a copy of a contract between Bryant and a Mattel competitor, MGA Entertainment Inc. ("MGA"). That contract--which Bryant and MGA had entered into while Bryant was employed by Mattel--required Bryant to provide design services to MGA on a "top priority" basis. It also purported to grant MGA ownership of works produced by Bryant, both before and after the agreement's effective date. Attached hereto as Exhibit 9 is a true and correct copy of the contract between Bryant and MGA (as obtained by Mattel).

5.      Bryant filed a Cross-Complaint against Mattel on September 8, 2004, pursuant to a stipulation that was entered as an Order of the Los Angeles

1   County Superior Court.  Attached hereto as Exhibit 3 is a true and correct copy of

2   Carter Bryant's Cross-Complaint in this matter.   Attached hereto as Exhibit 4 is a

3   true and correct copy of the Stipulation and Order regarding Bryant's Cross-

4   Complaint.

5          6.      Attached hereto as Exhibit 5 is a true and correct copy of Bryant's

6   first Notice of Removal, dated May 14, 2004 (the "First Notice of Removal").

7          7.      After Bryant's first removal, Mattel filed a Motion to Remand,

8   which Bryant opposed.  Attached hereto as Exhibit 6 is a true and correct excerpts

9   from Bryant's Opposition to Mattel's Motion for Remand, dated July 2, 2004 (the

10  "Opp. to First Motion to Remand").

11         8.      Notwithstanding this Court's August 20, 2004 Order rejecting

12  Bryant's first removal and granting Mattel's Motion for Remand, Bryant removed this

13  action for a second time on November 2, 2004.  Attached hereto as Exhibit 7 is a true

14  and correct copy of Bryant's second Notice of Removal, filed on November 2, 2004

15  (the "Second Notice of Removal").

16         9.      Attached hereto as Exhibit 8 is a true and correct copy of excerpts

17  from Bryant's Memorandum of Points and Authorities in Support of Defendant Carter

18  Bryant's Motion for Protective Order and to Establish the Sequence and Timing of

19  Discovery.  Bryant filed this brief with the Los Angeles County Superior Court on

20  September 9, 2004.

21              **Bryant's Months Of Refusals To Be Deposed,**

22          **Despite This Court's Rejection of His Stay Request**

23   **And Despite His Counsel's "Word As Attorneys" That He Would Appear**

24         10.     On June 17, 2004, Mattel served its first Notice of Deposition for

25  Bryant.  Attached hereto as Exhibit 10 is a true and correct copy of the Notice of

26  Deposition to Defendant Carter Bryant.

27         11.     On June 18, 2004, immediately after Mattel noticed Bryant's

28  deposition, Bryant filed with this Court an ex parte application that sought a complete

07209/621613.1

-3-

1  stay of discovery by Mattel, including Bryant's deposition, and of all disclosure

2  obligations by Bryant, among other things.  Mattel opposed the application, and this

3  Court denied the entirety of Bryant's application, including his stay requests.

4  Attached hereto as Exhibit 11 is a true and correct copy of the Court's Order dated

5  June 22, 2004.

6         12.    In his ex parte application for the stay, Bryant raised his first (and

7  only) alleged complaint about his deposition, asserting that Mattel's Notice of

8  Deposition was purportedly "procedurally defective" because it noticed his deposition

9  for Los Angeles.  Attached hereto as Exhibit 12 is a true and correct excerpt from

10 Bryant's Ex Parte Application for an Order Postponing Rule 26 Obligations, Staying

11 Discovery Pending Resolution of Plaintiff's Motion for Remand, and Advancing the

12 Hearing Date on Plaintiff's Motion for Remand to July 19, 2004.  Mattel wrote to

13 Bryant's counsel on June 22, 2004 and, while noting that Bryant's objection was

14 legally incorrect, offered to take Bryant's deposition in any location he proposed, in

15 an effort to resolve this single objection which he had raised about the deposition so

16 as to avoid burdening the Court with the dispute.  Attached hereto as Exhibit 13 is a

17 true and correct copy of my letter dated June 22, 2004, to Douglas Wickham.

18        13.    Bryant wrote back, but without providing any response to Mattel's

19 invitation to take the deposition in a city he selected.  Attached hereto as Exhibit 14

20 is a true and correct copy of a letter I received from Douglas Wickham dated June 22,

21 2004.  It was only after yet another request by Mattel on June 23, 2004 that Bryant

22 finally identified St. Louis as the location preferred for his deposition in a letter dated

23 June 24, 2004. Bryant also claimed, for a variety of reasons, that he was unavailable

24 for deposition for almost two months, until the week of August 16 at the earliest.

25 Attached hereto as Exhibit 15 is a true and correct copy of my letter to Douglas

26 Wickham dated June 23, 2004.  Attached hereto as Exhibit 16 is a true and correct

27 copy of a letter I received from Douglas Wickham dated June 24, 2004.

28

14.    In its response on the following day, June 25, 2004, Mattel noted that it did not consider Bryant's evolving excuses for his refusal to appear for deposition to be legitimate. To resolve the dispute, however, Mattel proposed that Bryant enter into a Stipulation ensuring that he would appear for deposition at the time and place he stated that he was available. Attached hereto as Exhibit 17 is a true and correct copy of my letter to Douglas Wickham dated June 25, 2004, including the attached draft Stipulation and [Proposed] Order.

15.    Five days passed without response by Bryant. Accordingly, on June 30, 2004, Mattel contacted him again and asked for a reply to its June 25 proposal seeking Bryant's binding assurance that he would appear for deposition. Mattel also requested pursuant to the Local Rules a meet and confer regarding the deposition. Attached hereto as Exhibit 18 is a true and correct copy of my letter to Douglas Wickham dated June 30, 2004.

16.    Then another five days passed, with still no response from Bryant. Mattel again followed up on July 5, 2004. Attached hereto as Exhibit 19 is a true and correct copy of my letter to Douglas Wickham dated July 5, 2004. Bryant still did not respond, so Mattel followed up yet again on July 8 and reminded Bryant that his time to meet and confer on the deposition dispute as required by the Local Rules was expiring. Attached hereto as Exhibit 20 is a true and correct copy of my letter to Douglas Wickham dated July 8, 2004.

17.    Bryant finally replied on July 8, but he declined to meet and confer within the ten-day time period mandated by the Local Rules. Nor did he respond to Mattel's straight-forward proposal of June 25 that he stipulate to his deposition taking place on a date certain or provide any reason why he would not respond to the proposal. Attached hereto as Exhibit 21 is a true and correct copy of a letter I received from Douglas Wickham dated July 8, 2004.

18.    On July 11, 2004, due to Bryant's failure to meet and confer within the time mandated by the Local Rules, Mattel sent Bryant its portions of a Joint

07209/621613.1

-5-

1    Stipulation on Mattel's motion to compel Bryant's deposition.  Attached hereto as

2    Exhibit 22 is a true and correct copy of my letter to Douglas Wickham dated July 11,

3    2004 and attaching Mattel's portions of a Joint Stipulation for Mattel's motion to

4    compel Bryant's deposition.

5         19.    On July 12, 2004, in its continuing efforts to resolve Bryant's

6    failure to appear for deposition, Mattel sent a letter offering to continue to try and

7    resolve Bryant's refusal to be deposed so as to avoid burdening the Court, and

8    suggesting July 13 as a date to meet.  Attached hereto as Exhibit 23 is a true and

9    correct copy of my letter to Douglas Wickham dated July 12, 2004.  On July 12,

10   Bryant agreed to meet to discuss the issue.

11        20.    At the meeting on July 13, 2004, Bryant's counsel, Keith Jacoby

12   and Douglas Wickham, stated that a motion to compel the deposition was

13   "unnecessary" because Bryant's counsel were giving their "word as attorneys" that

14   Bryant would appear for deposition in St. Louis during the week of August 16, 2004.

15   This representation was confirmed in writing by Bryant's counsel the following day.

16   Attached hereto as Exhibit 24 is a true and correct copy of a letter I received from

17   Keith Jacoby dated July 14, 2004.  Mr. Jacoby's letter acknowledged the parties'

18   "agreement" that Bryant would appear for deposition on August 17, 2004 and

19   reiterated that "Mr. Wickham and I have given *our representations as counsel*" that

20   Bryant would appear, absent "an unforeseen medical emergency or other exigent

21   circumstances." (Emphasis added.) Mr. Jacoby further stated in that letter: "In my

22   entire career, I have never had a witness I was representing spontaneously refuse to

23   appear, nor has Mr. Wickham. I do not believe this will appear here, and *ask that you*

24   *accept* the good faith representation of Mr. Wickham and I, rather than waste the

25   Court's time and resources with a preemptive discovery motion." (Emphasis added.)

26   Bryant's counsel also stated at the July 13 meeting that requiring a signed Stipulation

27   to ensure Bryant's appearance at the agreed-upon time and place was "unnecessary"

28

-6-

ZELLER DECLARATION

1  and "insulting" because their "word as attorneys" was "good enough" to ensure that

2  Bryant would appear for deposition as agreed.

3        21.    Rather than burden the Court with a motion at that point, Mattel

4  relied on the representations of Bryant's counsel and made arrangements to take

5  Bryant's deposition.  Attached hereto as Exhibit 25 is a true and correct copy of my

6  letter to Keith Jacoby dated July 14, 2004, which further confirmed Bryant's counsel's

7  representations as attorneys that Bryant would appear for deposition at the agreed-

8  upon time and place.  Mattel's July 14 confirming letter, which Bryant never

9  disputed, stated:

> 10  While Mattel did not agree with the delay of Mr. Bryant's previously noticed
>
> 11  deposition until August for reasons that I have already stated and does not
>
> 12  believe that the statements in your letter of earlier today accurately reflect
>
> 13  Mattel's position in all respects, we will accept *your representations as an*
>
> 14  *attorney that Mr. Bryant will appear for deposition at the agreed-upon*
>
> 15  *location and time.*  Thus, as I mentioned over the phone today, *based upon*
>
> 16  *those representations*, we will not be going forward at this juncture with a
>
> 17  motion to compel his deposition, without prejudice of course to our rights to
>
> 18  seek Court relief if circumstances change.

19  (Emphasis added.)  Mattel's counsel then purchased plane tickets, arranged for video

20  and a court reporter at the deposition, obtained space in St. Louis for the deposition,

21  made hotel arrangements, and rearranged other client matters in order to be free to

22  travel to St. Louis for the deposition.

23        22.    On August 9, 2004, I sent an e-mail to Bryant inquiring about the

24  start time of the Bryant's deposition.  Attached hereto as Exhibit 26 is a true and

25  correct copy of my e-mail to Keith Jacoby dated August 9, 2004.  Receiving no

26  response from Bryant, Mattel's counsel sent an e-mail to Bryant on Wednesday,

27  August 11, requesting that the deposition begin at 9 a.m. Attached hereto as Exhibit

28

-7-

1  27 is a true and correct copy of an email from John Quinn to Douglas Wickham dated

2  August 11, 2004. Mattel received no response to the e-mail.

3       23.    Instead, two days later, on the afternoon of Friday, August 13,

4  Bryant faxed to plaintiff, without notice and without any discussion with Mattel

5  beforehand, a letter unconditionally canceling Bryant's scheduled deposition. Along

6  with the letter from Mr. Millman, Bryant sent to plaintiff a 58-page Joint Stipulation

7  with regard to Mattel's document discovery that Mr. Millman's August 13 letter also

8  cited as an alleged justification for refusing to produce Bryant for deposition.

9            **Mattel's August 2004 Production Of Materials**

10       **Relied Upon By Bryant In His Second Removal Petition**

11       24.    Meanwhile, Bryant also was delaying in commenting on and

12  finalizing a Protective Order and thus in the production of documents in this case.

13  I sent Bryant a first draft of the Protective Order on June 17, 2004. Attached hereto

14  as Exhibit 28 is a true and correct copy of my June 17, 2004 letter (without

15  attachment). After a week of receiving no response, I sent a follow-up letter on June

16  24, 2004 requesting Bryant's comments. Attached hereto as Exhibit 29 is a true and

17  correct copy of my June 24, 2004 letter. Some ten days after Mattel had circulated

18  the draft, on June 28, 2004, I received an email from Bryant's counsel promising

19  comments "by the end of this week (if not sooner)." Attached hereto as Exhibit 30

20  is true and correct hard copy printout of Bryant's June 28, 2004 email.

21       25.    Despite Bryant's counsel's promise of comments within a few

22  additional days, and despite my follow up voicemails (which went unreturned), no

23  comments were forthcoming from Bryant for another two weeks, and until almost a

24  month after Mattel had sent the draft. At the meeting on July 13, Bryant's counsel

25  finally gave their comments. On the following day, Mattel provided a revised draft.

26  Attached hereto as Exhibit 31 is a true and correct hard copy printout of my July 14,

27  2004 cover email for the revised draft (without attachments).

28

-8-

ZELLER DECLARATION

26.     Another week passed before any response from Bryant. Attached hereto as Exhibit 32 is a true and correct hard copy printout of Bryant's counsel's email of July 21, 2004, which Mattel responded to on the same day. Mattel then provided another draft on July 25, 2004. Attached hereto as Exhibit 33 is a true and correct copy printout of my email of July 25, 2004 (without attachments). Bryant provided more comments on July 28, 2004. Although Mattel then sent the completed final draft to Bryant on July 29, 2004, it still took Bryant another twelve days, until August 9, 2004, just to sign it and return it to Mattel. Attached hereto as Exhibit 34 is a true and correct hard copy of my email exchanges with Bryant's counsel on July 28, 2004, July 29, 2004 (without attachments) and July 30, 2004.

27.     With the Protective Order signed, and at the time when Bryant finally stated his production was ready, Mattel produced documents to Bryant on August 12, 2004. Among the documents produced on August 12, 2004 was a copy of the *Wall Street Journal* article (Bates No. M0012536-39) that Bryant relies upon in his Second Notice of Removal. Attached hereto as Exhibit 35 is a true and correct copy of Mattel's cover letter accompanying the production as well as a true and correct copy of that article as produced by Mattel on August 12, 2004. After a discussion with Bryant's counsel on August 13, 2004 in which he asked for documents relating to "Toon Teens," Mattel provided further documents to Bryant on the following business day, August 16, 2004. These documents included the drawings and pictures of "Toon Teens" that Bryant relies upon in his Second Notice of Removal and the certificate of registration for "Toon Teens" materials that Bryant relies upon in his Second Notice of Removal. Attached hereto as Exhibit 36 is a true and correct copy of Mattel's August 16, 2004 cover letter accompanying these documents as well as a true and correct copies of the foregoing documents that have not been designated as confidential (Bates Nos. M0012564-71).

**After Remand, Bryant Continues In His Refusals To Be Deposed, In**

**Defiance of Court Order, And Extensively Litigates Before The State Court**

28.     On August 25, 2004, after this Court ordered Mattel's action remanded to the Los Angeles County Superior Court and in anticipation of noticing Bryant's deposition (for the third time), I met and conferred with Bryant's counsel, Keith Jacoby, in an attempt to resolve any potential discovery issues so that Bryant might appear at a noticed deposition. Mr. Jacoby confirmed that Bryant was available on September 9, 2004.

29.     On August 26, 2004, Mattel noticed Bryant's deposition for Springfield, Missouri, where Bryant resides, for September 9, 2004, a date on which Bryant had said that he was available. Attached hereto as Exhibit 37 is a true and correct copy of Plaintiff's Notice of Videotaped Deposition of Carter Bryant.

30.     Bryant again refused to appear for deposition. On September 1, 2004, in response to Bryant's counsel's oral statements that Bryant was refusing to appear, my colleague, Gloria Donovan, met and conferred with Bryant's counsel in a further effort to avoid motion practice regarding Bryant's deposition. Mattel's efforts were unavailing, however. Attached hereto as Exhibit 38 is Ms. Donovan's letter of September 3, 2004 on the subject of Bryant's deposition. Attached hereto as Exhibit 39 is a true and correct copy of a letter from Bryant's counsel, Dominic Messiha, dated September 7, 2004, in which Mr. Messiha confirmed that "Mr. Bryant will not be appearing for deposition in Missouri on September 9."

31.     Mattel then filed a motion with the Los Angeles County Superior Court to compel Bryant's deposition. On September 3, 2004, Bryant also moved in the Superior Court for a protective order, claiming (among other arguments) that he "needed" certain documents so as to prepare for his deposition, and also moving for "phased" discovery in which document production would be completed before depositions commenced. (See Exhibit 8 hereto.)

32.     On October 5, 2004, the Superior Court granted Mattel's motion to compel Bryant's deposition and ordered Bryant to appear for deposition twenty days after Mattel furnished a verification as to the "certain documents" that Bryant claimed he needed before his deposition. Attached hereto as Exhibits 40 and 41 are true and correct copies of the Court's Orders. As the Court's ruling stated: "[I]t appears that Defendant wants Plaintiff to produce certain documents before the deposition, which will assist Defendant in preparation of his deposition . . . . Plaintiff is ordered to produce these documents or state in verified responses that none exists, and after a diligent search and reasonable inquiry, there are no such documents in Plaintiff's possession, custody, or control." Twenty days after that was done, the Court ruled, ***"Defendant is ordered to be deposed"***. (Emphasis added.)

33.     Even after Mattel provided the verification (twice), however, Bryant announced on October 14, 2004 that he still refused to be deposed as ordered by the Superior Court. Accordingly, on October 19, 2004, Mattel filed a second motion (by ex parte) to compel Bryant's deposition. The Superior Court rejected Bryant's grounds for refusing to abide by the October 5 Order and compelled Bryant, for the second time, to appear for deposition. The Superior Court specifically ordered Bryant's deposition to commence on November 4, 2004. Attached hereto as Exhibit 42 is true and correct copy of the Court's Order. On the afternoon of November 2, 2004, less than forty-eight hours before that Court-ordered deposition was set to start, Bryant removed this action for the second time. Mattel began Bryant's deposition on November 4, 2004. On November 8, 2004, although Mattel had not completed Bryant's deposition, Bryant and his counsel refused to allow it to be completed and unilaterally adjourned it, citing his removal of the action to this Court as his grounds for doing so.

34.     After remand, Bryant also litigated in the Los Angeles County Superior Court in the following, additional respects:

-11-

ZELLER DECLARATION

1        (a)    The parties stipulated to, and the Los Angeles County Superior

2  Court entered as an Order on September 16, 2004, a Protective Order governing the

3  confidentiality of discovery and other aspects of discovery in the state court

4  proceedings.   Attached hereto as Exhibit 43 is a true and correct copy of the

5  Protective Order as entered by the Superior Court.

6        (b)    The parties entered into a Stipulated Order, filed with the Los

7  Angeles Superior Court on October 7, 2004, providing that the Superior Court's

8  commission process and other state court procedures would govern the disposition

9  of certain telephone records produced by a third party, SBC Communications, and

10  further committed the use of those records to the decision of the Superior Court.

11  Attached hereto as Exhibit 44 is a true and correct copy of that stipulation.

12        (c)    On September 10, 2004, Bryant served and filed with the Superior

13  Court a Case Management Statement proposing trial and pre-trial dates, among other

14  things.   Attached hereto as Exhibit 45 is a true and correct copy of Bryant's Case

15  Management Statement dated September 10, 2004. On October 5, 2004, the Superior

16  Court conducted an initial Case Management Conference, which Bryant's counsel

17  attended.

18        (d)    On September 8, 2004, Bryant served a Notice of Deposition of

19  Mattel, with 61 appended document requests directed to Mattel.  Attached hereto as

20  Exhibit 46 is a true and correct copy of that Notice of Deposition.

21        (e)    On September 17, 2004, Bryant served further Notices of

22  Deposition of Mattel, one of which appended document requests directed to Mattel.

23  Attached hereto as Exhibit 47 is a true and correct copy of Bryant's Notice of

24  Videotaped Deposition of the Person Most Knowledgeable at Mattel, Inc. --

25  Electronic Discovery Issues and Bryant's Amended Notice of Videotaped Deposition

26  of the Person Most Knowledgeable at Mattel, Inc. and Requests for Production of

27  Documents.

28

-12-

ZELLER DECLARATION

1      (f)    On October 5, 2004, Bryant served another Notice of Deposition
2  of Mattel.  Attached hereto as Exhibit 48 is a true and correct copy of that Notice.

3      (g)    On October 22, 2004, Bryant served Mattel with ten Notices of
4  Deposition for individual current or former Mattel employees.  Attached hereto as
5  Exhibit 49 are a true and correct copies of those Notices.

6      (i)    On October 14, 2004, Bryant served responses and objections to
7  Mattel's First Set of Requests for the Production of Documents and Tangible Things
8  propounded in the Superior Court.  Attached hereto as Exhibit 50 is a true and correct
9  copy of Bryant's responses and objections.  In addition, Bryant produced documents
10 to Mattel in the course of the Superior Court action on October 14, 2004 and
11 November 1, 2004.  (However, Bryant continues to refuse to produce categories of
12 basic documents, including documents relating to a 2004 amendment to his MGA
13 contract dated as of September 18, 2000 that is alleged in the Complaint in this
14 action.)

15 **Bryant's November 2, 2004 Settlement Letter And The Cityworld Matter**

16     35.    Attached hereto as Exhibit 51 is a true and correct copy of
17 Bryant's November 2, 2004 letter setting forth his alleged settlement offer.  As the
18 header on the letter shows, Bryant faxed the letter to Mattel's counsel at 1:02 p.m. on
19 November 2, 2004.  That same afternoon, before Mattel responded to (and, in fact,
20 had even seen) his November 2 letter, Bryant filed his second Notice of Removal.

21     36.    In November 2003, Mattel's counsel entered into a November
22 2003 agreement with a company called Cityworld, which is a litigant to an unrelated
23 Hong Kong suit bought by MGA.  Under that agreement, Mattel exchanged specific,
24 identified documents with Cityworld.  It was through this November 2003 document
25 exchange that Mattel obtained a copy of the MGA-Bryant contract which is alleged
26 in this suit.  (See Exhibit 9 hereto.)  Mattel has produced to Bryant non-privileged
27 documents relating to the Cityworld agreement because they are responsive to
28 Bryant's requests for information about when Mattel learned of Bryant's alleged

07209/621613.1

-13-

ZELLER DECLARATION

Exhibit A - Page 17

1  misconduct.  As Bryant knows because Mattel has produced it to him, the Mattel

2  agreement with Cityworld says nothing about "assisting" Cityworld in "advancing"

3  any position, let alone the ones asserted by Bryant in his removal petition.  Mattel is

4  unable to include this agreement in its filing here at this juncture because the

5  agreement contains a confidentiality provision by which Mattel is bound and there

6  is no Protective Order yet in place in this action.  Mattel will endeavor to obtain an

7  appropriate Order allowing for it to be filed under seal, but otherwise can make it

8  available for the Court's review *in camera* or provide a copy of it to the Court at the

9  hearing.

10

11                                           * * *

12       37.     Mattel has incurred attorneys' fees and costs in excess of

13  $7,550.00 in bringing this motion.  I spent more than three hours of time preparing

14  the motion, for a total of more than $1,410 at my billing rate of $470 per hour.  John

15  Quinn, a Quinn Emanuel partner, and Valerie Nannery, a Quinn Emanuel associate,

16  were also involving in preparing this motion.  Mr. Quinn spent more than two hours

17  of his time on this motion, for a total of more than $1,040 at his billing rate of $520

18  per hour.  Ms. Nannery spent more than twenty hours of her time in researching and

19  preparing this motion, for a total of more than $5,100 at her billing rate of $255 per

20  hour.

21

22       I declare under penalty of perjury under the laws of the State of

23  California and the United States of America that the foregoing is true and correct.

24       Executed this 30th day of November, 2004, at Los Angeles, California.

25

26  
                                         Michael T. Zeller

27

28

ZELLER DECLARATION

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 90378)
     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Plaintiff and Counter-Defendant
   Mattel, Inc.

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11 MATTEL, INC.,                    CASE NO. CV 04-9059 SGL (RNBx)

12             Plaintiff,           **DISCOVERY MATTER**

13      v.                          Hon. Robert N. Block

14 CARTER BRYANT, et al.,           DECLARATION OF JON D. COREY
                                    IN SUPPORT OF MATTEL, INC.'S
15             Defendants,          MOTION TO ENFORCE THE
                                    COURT'S ORDER OF MARCH 23,
16 ─────────────────────────        2005 AND FOR SANCTIONS

17 CARTER BRYANT,

             Counter-Claimant,
18                                  Date:      July 11, 2006
19      v.                          Time:      9:30 a.m.
                                    Courtroom.: 6D
20 MATTEL, INC.,
                                    Discovery Cutoff:   None set
             Counter-Defendant.     Pretrial Conf. Date: None set
21                                  Trial Date:         None set

22

23

24

25

26

27

28

07209/1895185.1

Exhibit A - Page 19

## DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1.     I am a member of the Bar of the State of California and the District of Columbia, am admitted to practice before this Court and am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.     Attached hereto as Exhibit 1 is a true and correct copy of the Hon. Robert N. Block's Order dated March 23, 2005, in which MGA was ordered to produce Isaac Larian for deposition within 20 days of the date of the ruling.

3.     Attached hereto as Exhibit 2 are true and correct copies of Michael Zeller's letter to Diana Torres, dated March 28, 2005; emails from Mr. Zeller and Ms. Torres in April 2005, setting the deposition of Mr. Larian for May 20, 2005; and my email to Ms. Torres of April 29, 2005, confirming Mattel's agreement to continue Mr. Larian's deposition to May 26, 2005.

4.     Attached hereto as Exhibit 3 is a true and correct copy of the Hon. Nora M. Manella's Order dated May 20, 2005, staying all discovery in this case until the Ninth Circuit's determination of Mattel's interlocutory appeal.

5.     Attached hereto as Exhibit 4 is a true and correct copy of the Court's Order dated May 16, 2005, vacating the Court's Stay Order.

6.     Attached hereto as Exhibit 5 is a true and correct copy of my letter to Ms. Torres, dated May 24, 2006, in which I offered the dates of June 19, 20 or 21 for Mr. Larian's deposition.

7.     I attended a meeting of counsel that occurred at the offices of counsel for MGA on May 30, 2006. At that meeting, Diana Torres, counsel for MGA, represented that the first date that Mr. Larian was available were July 25 or 26. She stated that he would first be in New York at a licensing fair and then "out of the

07209/1895185.1

-1-

Exhibit A - Page 20

1  country." The dates she provided, however, were not firm. Ms. Torres qualified those

2  dates, stating that those dates were from someone who had access to Mr. Larian's

3  schedule and that she had not confirmed those dates with Mr. Larian. I responded that

4  the dates provided not only failed to comply with the Court's Order, but were

5  inconsistent with the intent of the Court's Order that Mr. Larian sit for deposition

6  promptly. Ms. Torres' only response was that she expected Mattel's cooperation when

7  scheduling executive's depositions.  On June 2, 2006, I sent a letter to Ms. Torres

8  confirming the conversation at the May 30, 2006 meeting.  A true and correct copy of

9  that letter is attached as Exhibit 6.

10          8.    Attached hereto as Exhibit 7 is a true and correct copy of the

11  deposition notice of Isaac Larian, served on MGA on December 15, 2004.

12          9.    Attached hereto as Exhibit 8 is a true and correct copy of Tania

13  Krebs' letter to Keith Jacoby, dated January 20, 2005.

14          10.    Attached hereto as Exhibit 9 are true and correct excerpts of the

15  Transcript of the Deposition of Carter Bryant, taken November 4, 5 & 8, 2004.

16          11.    Attached hereto as Exhibit 10 are true and correct excerpts of the

17  Transcript of the Deposition of Victoria O'Connor, taken December 6, 2004.

18          12.    Mattel has incurred and will incur attorneys' fees and costs in excess

19  of $3800 in bringing this motion.  I spent more than 2 hours of time preparing this

20  motion and its associated papers, and drafting or revising letters regarding this

21  discovery matter, at my billing rate of $490 per hour, and I anticipate that I will spend

22  at least 2 hours of time preparing a supplemental memorandum preparing for and

23  attending the hearing on this motion, for a total of more than $1960. Bridget Morris, a

24

25

26

27

28

1   Quinn Emanuel associate, spent more than 6 hours of time preparing this motion and its

2   associated papers at her billing rate of $290 per hour, for a total of more than $1,740.

3          I declare under penalty of perjury under the laws of the United States of

4   America that the foregoing is true and correct.

5          Executed this 4th day of June, 2006 at Los Angeles, California.

7   By_____

8   Jon D. Corey
    Attorneys for Plaintiff and Counter-
9   Defendant Mattel

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff and Cross-
Defendant Mattel, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]** |
| Defendant. | DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF PLAINTIFF AND CROSS-DEFENDANT MATTEL'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(b)(6), TO OVERRULE MGA'S INSTRUCTIONS NOT TO ANSWER, AND FOR SANCTIONS |
| AND CONSOLIDATED ACTIONS | |
| **CONFIDENTIAL -- ATTORNEYS' EYES ONLY** | Hearing Date:  TBA<br>Time:             TBA<br>Place:            TBA |
| **SUBJECT TO PROTECTIVE ORDER** | Discovery cutoff:  None set<br>Final Pretrial Conf. Date:  None set<br>Trial Date:  None set |

# DECLARATION OF MICHAEL T. ZELLER

I, Michael B. Zeller, declare as follows:

1.　　I am a member of the Bars of the States of California, New York and Illinois, am admitted to practice before this Court and am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and cross-defendant Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.　　Attached as Exhibit 1 is a true and correct copy of the Order granting Mattel's Motion to Compel, dated January 25, 2007.

3.　　Attached as Exhibit 2 is a true and correct copy of relevant excerpts from Anna Rhee's deposition transcript, dated February 3, 2005, as well as exhibits 201 through 204 to that deposition.

4.　　Attached as Exhibit 3 is a true and correct copy of relevant excerpts from Carter Bryant' deposition transcript, dated November 4, 2004.

5.　　Attached as Exhibit 4 is a true and correct copy of my letter to Bryant's counsel, dated February 8, 2005.

6.　　Attached as Exhibit 5 is a true and correct copy of MGA's Response to Mattel's First Set of Requests for Admission, dated April 27, 2005, which states: "MGA is not presently aware of any 'Prayer Angel' doll head in its possession, custody or control that Anna Rhee painted in June 2000."

7.　　Attached as Exhibit 6 is a true and correct copy of internal MGA vendor-related materials, consisting of purchase orders and requisition forms. These documents were produced by MGA on January 28, 2005, with Bates Nos. MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28, and MGA000734.

-2-

8.      MGA produced its ostensible internal MGA vendor-related "Prayer Angels" documents shortly after defendants' counsel unilaterally adjourned Ms. Rhee's deposition.

9.      Attached as Exhibit 7 is a true and correct copy of relevant excerpts from Kerri Brode's deposition transcript, dated January 19, 2007.

10.     Attached as Exhibit 8 is a true and correct copy of an e-mail from Ms. Brode to Barbara Malcolm of MGA, dated September 15, 2000, Bates No. MGA001291 and referred to as Exhibit 306 at the Brode deposition.

11.     Attached as Exhibit 9 is a true and correct copy of an e-mail from Ms. Brode to Barbara Malcolm, dated December 7, 2000, Bates No. MGA002667 and marked as Exhibit 367 to the Brode deposition.

12.     Attached as Exhibit 10 is a true and correct copy of a meet-and-confer letter from Mattel to MGA, dated January 19, 2007.

13.     Attached as Exhibit 11 is a true and correct copy of a letter from MGA to Mattel, dated January 23, 2007.

14.     The parties met and conferred on January 25, 2007.  At this meet and confer, MGA refused to withdraw its instructions to Ms. Brode not to answer, and refused to produce Ms. Brode or any other Rule 30(b)(6) witness on Topics 4 or 5 (in Mattel's Rule 30(b)(6) Notice of Deposition of MGA, dated March 1, 2005) or to answer any questions "without an order of the Court."  Although Mattel requested it, MGA provided no authority to support the instructions not to answer at Ms. Brode's deposition or the constraints that MGA purported to impose on Mattel's questioning at the deposition.  At the meet and confer, MGA's counsel also tried to argue that the e-mail that began his instructions not to answer was supposedly from an "irrelevant" time period and supposedly concerned a vendor who "had nothing to do" with any relevant MGA project.  However, the MGA-produced e-mail from Ms. Brode that MGA instructed her not to answer any questions on was not only from the year 2000, but also concerned a vendor who worked on "Bratz" -- clearly, a

-3-

1  "relevant project." Attached as Exhibit 12 are true and correct copies of examples of

2  the documents linking that vendor (*i.e.*, Jesse Ramirez) to the Bratz project.

3       15.   Mr. Larian refused to appear for deposition until after the Court

4  entered two Orders compelling his attendance and had imposed sanctions.  True and

5  correct copies of these Court Orders, dated March 23, 2005 and June 16, 2006, are

6  attached hereto as Exhibits 13 and 14.

7       16.   Mattel has incurred attorneys' fees and costs in excess of

8  $4,500.00 in bringing this motion.  I spent more than 3 hours of time preparing the

9  motion, for a total of more than $1,800.00 at my billing rate of $600.00 per hour.

10 Oleg Stolyar, a Quinn Emanuel associate, also was involved in preparing this

11 motion.  Mr. Stolyar spent more than 8 hours of his time researching and preparing

12 this motion, for a total of more than $2,700 at his billing rate of $340.00 per hour.

13      I declare under penalty of perjury under the laws of the United States of

14 America that the foregoing is true and correct.

15      Executed on February 2, 2007, at Los Angeles, California.

16

17                            Michael T. Zeller

18

19

20

21

22

23

24

25

26

27

28

-4-

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff and Cross-
   Defendant Mattel, Inc.

9

10                 UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                      EASTERN DIVISION

13  CARTER BRYANT, an                  CASE NO. CV 04-9049 SGL (RNBx)
14  individual,
                                       Consolidated with Case Nos. CV 04-09059
15            Plaintiff,               and CV 05-02727

16       vs.                           DISCOVERY MATTER

17  MATTEL, INC., a Delaware           [To Be Heard By Discovery Master Hon.
    corporation,                       Edward Infante (Ret.) Pursuant To The
18                                     Court's Order Of December 6, 2006]
              Defendant.
19                                     DECLARATION OF TIMOTHY ALGER IN
                                       SUPPORT OF MATTEL, INC.'S MOTION
20  AND CONSOLIDATED                   TO COMPEL RESPONSE TO
    ACTIONS                            INTERROGATORIES BY MGA
21                                     ENTERTAINMENT, INC.

22                                     Date:   TBA
                                       Time:   TBA
23                                     Place:  TBA

24                                     Discovery Cut-off: March 3, 2008
                                       Pre-trial Conference: June 2, 2008
25                                     Trial Date: July 1, 2008

26

27                        CONFIDENTIAL
                  SUBJECT TO PROTECTIVE ORDER
28

7209/2073819.1
                                                  Case No. CV 04-9049 SGL (RNBx)
─────────────────────────────────────────────────────────────────────
     ALGER DECLARATION ISO MATTEL'S MOTION TO COMPEL RESPONSE TO INTERROGATORIES

1         I, Timothy L. Alger, declare as follows:

2         1.    I am a member of the Bar of the State of California and a

3    member of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel,

4    Inc.  I make this declaration of personal, firsthand knowledge, and if called and

5    sworn as a witness, I could and would testify competently as to its contents.

6         2.    On December 20, 2006, I caused to be served on Defendant

7    MGA Entertainment, Inc. ("MGA") a set of interrogatories regarding its claims of

8    unfair competition.  Attached as Exhibit 1 is a true and correct copy of Mattel, Inc.'s

9    First Set of Interrogatories Re Claims of Unfair Competition to MGA

10   Entertainment, Inc. ("Interrogatories"), served on December 20, 2006.

11        3.    On January 19, 2007, I received responses to the Interrogatories.

12   Attached as Exhibit 2 is a true and correct copy of MGA Entertainment, Inc.'s

13   Responses to Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair

14   Competition.

15        4.    On January 31, 2007, I wrote a letter to MGA's counsel, Diana

16   M. Torres, and explained the inadequacies of MGA's responses to its interrogatories.

17   Attached as Exhibit 3 is a true and correct copy of the letter I sent to Ms. Torres.

18        5.    On February 6, 2007, Scott Kidman and I met and conferred with

19   MGA's counsel, Johanna Schmitt and Alicia Meyer, regarding MGA's responses.

20   At this meeting, Ms. Schmitt agreed to provide a supplemental interrogatory

21   response relating to those employees who worked on what she called the "first

22   generation" of the contested products.  Ms. Schmitt said information about other

23   products was irrelevant.   I informed Ms. Schmitt and Ms. Meyer that Mattel

24   disagreed with the limitation, and that, in any event, it was impossible to determine

25   what is a "first generation" product versus other products in the same line.  We did

26   not reach any agreement about the limitation proposed by MGA, nor did I reach any

27   understanding with MGA's lawyers regarding what, in fact, was a "first generation"

28

1         14.    Attached as Exhibit 11 is a true and correct copy of excerpts

2  from the transcript from an episode of "Nightline," which first aired on December

3  22, 2006.

4         15.    Attached as Exhibit 12 is a true and correct copy of the Court's

5  Order consolidating Case Nos. CV 04-9049, CV 04-9059 and CV 05-2727, dated

6  June 19, 2006.

7         16.    Attached as Exhibit 13 is a true and correct copy of the Court's

8  Order allowing Mattel to file an Amended Answer and Counterclaims in Case No.

9  CV 05-2727, dated January 11, 2007.

10        17.    Attached as Exhibit 14 is a true and correct copy of Mattel, Inc.'s

11  Amended Answer and Counterclaims in Case No. 05-2727, dated January 12, 2007.

12        18.   Attached as Exhibit 15 is a true and correct copy of MGA's

13  Initial Disclosures, dated January 5, 2007.

14        19.    Attached as Exhibit 16 is a true and correct copy of the Order

15  Granting Mattel's Motion To Compel Production Of Documents, dated January 25,

16  2007.

17        20.    Attached as Exhibit 17 is a true and correct copy of a letter I

18  received from MGA counsel Jennifer Glad, dated March 15, 2007.

19        21.    Mattel has incurred attorneys' fees and costs in excess of $5,595

20  in bringing this motion.  I spent more than 3 hours of time preparing the motion, for

21  a total of more than $1,755 at my billing rate of $585 per hour.  Cyrus Naim, an

22  associate, also was involved in preparing this motion.  Mr. Naim spent

23  //

24  //

25  //

26  //

27  //

28

-4-           Case No. CV 04-9049 SGL (RNBx)

ALGER DECLARATION ISO MATTEL'S MOTION TO COMPEL RESPONSE TO INTERROGATORIES

1  product. I concluded the discussion by stating that Mattel would review and

2  consider the sufficiency of any supplementation to the interrogatory.

3      6.     That same day, I sent Ms. Schmitt and Ms. Meyer a letter

4  confirming our conversation, and Ms. Schmitt's commitment to supplement MGA's

5  responses to the Interrogatories by February 27. Attached as Exhibit 4 is a true and

6  correct copy of the letter I sent to Ms. Schmitt and Ms. Meyer on February 6, 2007.

7      7.     MGA delivered supplementary responses to the Interrogatories

8  on March 2, 2007, and then second supplemental responses on March 6, 2007.

9  Neither of these supplemental responses remedied the deficiencies in MGA's

10  response to Interrogatory No. 1.

11      8.     Attached as Exhibit 5 is a true and correct copy of MGA

12  Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s First Set of

13  Interrogatories Re Claims of Unfair Competition.

14      9.     Attached as Exhibit 6 is a true and correct copy of MGA

15  Entertainment, Inc.'s Second Supplemental Responses to Mattel, Inc.'s First Set of

16  Interrogatories Re Claims of Unfair Competition.

17      10.     Attached as Exhibit 7 is a true and correct copy of the Discovery

18  Master's Order Denying Mattel's Motion to Compel Rule 26(a) Disclosures, dated

19  February 13, 2007.

20      11.     Attached as Exhibit 8 is a true and correct copy of Mattel's

21  Complaint in Case No. 04-9059, dated April 27, 2004.

22      12.     Attached as Exhibit 9 is a true and correct copy of the Stipulation

23  Permitting MGA Entertainment to Intervene in Case No. 04-9059, signed by the

24  parties on December 3, 2004 and by the Court on December 7, 2004.

25      13.     Attached as Exhibit 10 is a true and correct copy of MGA's

26  Complaint in Case No. CV 05-2727, dated April 13, 2005.

27

28

/7209/2073819.1      -3-      Case No. CV 04-9049 SGL (RNBx)
ALGER DECLARATION ISO MATTEL'S MOTION TO COMPEL RESPONSE TO INTERROGATORIES

Exhibit A - Page 30

1   more than 12 hours of his time researching and preparing this motion, for a total of

2   more than $3,840 at his billing rate of $320 per hour.  This time does not include the

3   meet-and-confer efforts relating to the Interrogatories.

4          I declare under penalty of perjury under the laws of the United States of

5   America that the foregoing is true and correct.

6          Executed on March 16, 2007, at Los Angeles, California.

7

8                                                   _____

9                                                   Timothy L. Alger

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7209/2073819.1                                                -5-                   Case No. CV 04-9049 SGL (RNBx)
ALGER DECLARATION ISO MATTEL'S MOTION TO COMPEL RESPONSE TO INTERROGATORIES

Exhibit A - Page 31

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Plaintiff and Cross-
   Defendant Mattel, Inc.

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

12                                         Consolidated with
              Plaintiff,                   Case No. CV 04-09059
13                                         Case No. CV 05-02727

14       vs.                               **DISCOVERY MATTER**

15                                         **[To Be Heard By Discovery Master
    MATTEL, INC., a Delaware               Hon. Edward Infante (Ret.)]**
16  corporation,
                                           DECLARATION OF MICHAEL T.
17            Defendant.                    ZELLER IN SUPPORT OF MATTEL,
                                           INC.'S MOTION TO COMPEL MGA
18                                         TO PRODUCE WITNESSES FOR
                                           DEPOSITION PURSUANT TO RULE
19  _____           30(b)(6) AND FOR SANCTIONS
    AND CONSOLIDATED ACTIONS
20                                         Hearing Date: TBA
                                           Time:         TBA
21                                         Place:        TBA

22                                         Discovery cutoff: October 22, 2007
                                           Final Pretrial Conf. Date: January 14,
23                                         2008
                                           Trial Date: February 12, 2008
24

25            **CONFIDENTIAL -- ATTORNEYS' EYES ONLY**

26              **SUBJECT TO PROTECTIVE ORDER**

27

28

# DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1.    I am a member of the Bars of the States of California, New York and Illinois, am admitted to practice before this Court and am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and cross-defendant Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.    Attached as Exhibit 1 is a true and correct copy of the Order granting Mattel's Motion to Compel, dated January 25, 2007.

3.    Attached as Exhibit 2 is a true and correct copy of relevant excerpts from Anna Rhee's deposition transcript, dated February 3, 2005, as well as exhibits 201 through 204 to that deposition.

4.    Attached as Exhibit 3 is a true and correct copy of relevant excerpts from Carter Bryant' deposition transcript, dated November 4, 2004.

5.    Attached as Exhibit 4 is a true and correct copy of my letter to Bryant's counsel, dated February 8, 2005.

6.    Attached as Exhibit 5 is a true and correct copy of MGA's Response to Mattel's First Set of Requests for Admission, dated April 27, 2005, which states: "MGA is not presently aware of any 'Prayer Angel' doll head in its possession, custody or control that Anna Rhee painted in June 2000."

7.    Attached as Exhibit 6 is a true and correct copy of internal MGA vendor-related materials, consisting of purchase orders and requisition forms. These documents were produced by MGA on January 28, 2005, with Bates Nos. MGA000706-08, MGA000710-12, MGA000714-16, MGA000718-20, MGA000724-28, and MGA000734.

-2-

1      8.      MGA produced its ostensible internal MGA vendor-related

2  "Prayer Angels" documents shortly after defendants' counsel unilaterally adjourned

3  Ms. Rhee's deposition.

4      9.      Attached as Exhibit 7 is a true and correct copy of relevant

5  excerpts from Kerri Brode's deposition transcript, dated January 19, 2007.

6      10.     Attached as Exhibit 8 is a true and correct copy of an e-mail

7  from Ms. Brode to Barbara Malcolm of MGA, dated September 15, 2000, Bates No.

8  MGA001291 and referred to as Exhibit 306 at the Brode deposition.

9      11.     Attached as Exhibit 9 is a true and correct copy of an e-mail

10 from Ms. Brode to Barbara Malcolm, dated December 7, 2000, Bates No.

11 MGA002667 and marked as Exhibit 367 to the Brode deposition.

12     12.     Attached as Exhibit 10 is a true and correct copy of a meet-and-

13 confer letter from Mattel to MGA, dated January 19, 2007.

14     13.     Attached as Exhibit 11 is a true and correct copy of a letter from

15 MGA to Mattel, dated January 23, 2007.

16     14.     The parties met and conferred on January 25, 2007.  At this meet

17 and confer, MGA refused to withdraw its instructions to Ms. Brode not to answer,

18 and refused to produce Ms. Brode or any other Rule 30(b)(6) witness on Topics 4 or

19 5 (in Mattel's Rule 30(b)(6) Notice of Deposition of MGA, dated March 1, 2005) or

20 to answer any questions "without an order of the Court."  Although Mattel requested

21 it, MGA provided no authority to support the instructions not to answer at Ms.

22 Brode's deposition or the constraints that MGA purported to impose on Mattel's

23 questioning at the deposition.  At the meet and confer, MGA's counsel also tried to

24 argue that the e-mail that began his instructions not to answer was supposedly from

25 an "irrelevant" time period and supposedly concerned a vendor who "had nothing to

26 do" with any relevant MGA project.  However, the MGA-produced e-mail from Ms.

27 Brode that MGA instructed her not to answer any questions on was not only from

28 the year 2000, but also concerned a vendor who worked on "Bratz" -- clearly, a

1  "relevant project." Attached as Exhibit 12 are true and correct copies of examples of

2  the documents linking that vendor (*i.e.*, Jesse Ramirez) to the Bratz project.

3         15.   Mr. Larian refused to appear for deposition until after the Court

4  entered two Orders compelling his attendance and had imposed sanctions. True and

5  correct copies of these Court Orders, dated March 23, 2005 and June 16, 2006, are

6  attached hereto as Exhibit 13.

7         16.   Mattel filed a motion to compel production of 30(b)(6) witnesses

8  and overrule instructions not to answer with the Discovery Master on February 2,

9  2007. After Mattel filed its motion, MGA retreated from its position regarding the

10  propriety of instructing Ms. Brode not to answer. As a result the parties were able to

11  reach a stipulated agreement regarding Topics 4 and 5 of Mattel's first Notice of

12  Deposition of MGA. Attached hereto as Exhibit 14 is a true and correct copy of the

13  Stipulated Order Regarding MGA's 30(b)(6) Witness dated February 21, 2007.

14         17.   Attached hereto as Exhibit 15 is a true and correct copy of my e-

15  mail message to Diana Torres, counsel for MGA, dated February 22, 2007.

16         18.   Attached hereto as Exhibit 16 is a true and correct copy of my

17  letter to Yvonne Garcia, counsel for MGA, dated April 3, 2007. As of this writing, I

18  have seen no response from MGA to this letter.

19         19.   Attached hereto as Exhibit 17 is a true and correct copy of

20  Mattel's Second Notice of Deposition of MGA Pursuant to Rule 30(b)(6) dated

21  February 1, 2007.

22         20.   Attached hereto as Exhibit 18 is a true and correct copy of MGA

23  Entertainment, Inc.'s Objections to Mattel, Inc.'s Second Notice of Deposition of

24  MGA Entertainment, Inc. dated February 14, 2007.

25         21.   Attached hereto as Exhibit 19 is a true and correct copy of my

26  letter to Diana Torres, counsel for MGA, dated March 9, 2007.

27         22.   My colleagues Jon Corey and Bridget Morris and I met and

28  conferred with James Jenal and Yvonne Garcia on March 15, 2007 and March 16,

-4-

1  2007 regarding MGA's failure to produce witnesses on Topics 1-3 and 6-8 of the

2  First Notice and to designate or produce any witnesses in response to the 46 topics

3  in the Second Notice. We reached apparent agreement regarding a significant

4  number of topics, were unable to reach agreement regarding Topic Nos. 24, 26, 28,

5  31, 37, 40 and 41 and only partial agreement with respect to Topic Nos. 23, 27, 42,

6  43, 44 and 45. Mr. Jenal agreed to provide designees and dates with respect to those

7  Topics and portions of Topics on which we reached agreement by March 23, 2007.

8       23.    At the meet and confer, Mr. Jenal represented that he was only

9  aware of one non-privileged indemnity agreement -- the agreement between Bryant

10  and MGA dated as of September 18, 2000. In addition, Mr. Jenal stated that MGA

11  was relying on Cal. Bus. & Prof. Code § 6149 for the proposition that any fee

12  agreement between MGA and Bryant is privileged.

13       24.    With respect to Topic No. 23 of the Second Notice, Mr. Jenal

14  agreed to produce a witness to testify regarding royalties paid to Bryant for any

15  product he worked on while a Mattel employee or royalties for any Bratz product he

16  worked on after October 20, 2000. I explained that this restriction was not

17  acceptable to Mattel.

18       25.    Mr. Jenal claimed at the meet and confer that MGA does not

19  keep revenue and profit information from Bratz, including gross and net profits and

20  costs associated therewith, in the normal course of business, but that MGA would

21  designate a witness on this Topic No. 25 who would testify once the information

22  was compiled. Mr. Jenal also claimed that MGA does not maintain figures

23  regarding its net worth and stated that MGA would not designate a witness on Topic

24  No. 26.

25       26.    With respect to Topic Nos. 38, 40 and 42-46, Mr. Jenal stated

26  that MGA would designate and produce a witness to the extent any of these topics

27  refers to MGA's retention of data and policies regarding retention. However, Mr.

28

-5-

1    Jenal stated that MGA would not designate a witness to testify to the extent any of

2    these Topics goes to any Mattel trade secret claim.

3            27.    With respect to Topic No. 41, Mr. Jenal represented that no one

4    at MGA has performed ink testing on documents produced in this case.  He thus

5    claimed that this Topic is the subject only of expert testimony and refused to

6    produce any witness on the subject.

7            28.    Attached hereto as Exhibit 20 is a true and correct copy of

8    royalty statements produced by Bryant as part of his supplemental production in

9    response to the Discovery Master's January 25 Order.

10           29.    Attached hereto as Exhibit 21 is a true and correct copy of a draft

11   contract produced by Bryant as part of his supplemental production in response to

12   the Discovery Master's January 25 Order.

13           30.    Attached hereto as Exhibit 22 is a true and correct copy of

14   excerpts from MGA's Responses to Mattel's First Set of Requests for Production.

15           31.    Attached hereto as Exhibit 23 is a true and correct copy of MGA

16   filings with the U.S. Copyright Office.

17           32.    Attached hereto as Exhibit 24 is a true and correct copy of the

18   Discovery Master's Order Granting Mattel's Motion to Overrule Instructions Not To

19   Answer During the Deposition of Carter Bryant.

20           33.    Attached hereto as Exhibit 25 is a true and correct copy of

21   MGA's Amended and Supplemental Rule 26(a) Disclosures, dated May 16, 2005.

22           34.    Attached hereto as Exhibit 26 are true and correct copies of

23   excerpts from the Court's Order Denying Appointment of Expert Witness dated

24   August 11, 2007.

25           35.    Mattel has produced to defendants documents containing trade

26   secrets on which Mattel has sued in this case and that it is aware MGA

27   misappropriated based on its current knowledge and identified them by Bates

28

-6-

number to MGA in a letter dated March 2, 2007, a true and correct copy of which is attached hereto as Exhibit 27 .

36.     My colleague, Ms. Morris, and I met with Ms. Torres and Ms. Garcia on April 13, 2007 regarding MGA's unilateral cancellation of Paula Garcia's deposition in her individual capacity, originally scheduled for April 12, 2007.  At that meet and confer, Ms. Torres represented that she would provide me designees and dates for Mattel's Second Notice by the close of business on April 13, 2007.

37.     Attached hereto as Exhibit 28 is a true and correct copy of Ms. Torres' letter to me dated April 13, 2007.  Attached hereto as Exhibit 29 is a true and correct copy of my letter in response dated April 13, 2007.

38.     Attached hereto as Exhibits 30 and 31 are a true and correct copies of the affidavit of Isaac Larian and the affirmation of Lee Shiu Cheung and Exhibit LSC-3 to the affirmation.  The affidavit is dated July 2, 2002 and the affirmation is dated June 18, 2002.  Both were submitted in <u>ABC Int'l Traders, Inc.</u> <u>v. Toys & Trends (HK) Ltd. et al</u> before the High Court of the Hong Kong Special Administrative Region.  Mattel obtained these exhibits from a third party and it has never been produced by MGA.

39.     Mattel has incurred attorneys' fees and costs in excess of $4,495.00 in bringing this motion.  I spent more than 3 hours of time preparing the motion, for a total of more than $2,175.00 at my billing rate of $725.00 per hour. Bridget Morris, a Quinn Emanuel associate, also was involved in preparing this motion.  Mr. Morris spent more than 8 hours of her time researching and preparing this motion, for a total of more than $2,320 at her billing rate of $290.00 per hour.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 13, 2007, at Los Angeles, California.

_Michael T. Zeller_
Michael T. Zeller

-7-

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.)]**<br><br>DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF TOM BRYANT, JANET BRYANT, RICHARD IRMEN AND DAVE MALACRIDA<br><br>Date: TBA<br>Time: TBA<br>Place: Telephonic<br><br>Discovery cutoff: January 14, 2008<br>PTC Date: April 7, 2008<br>Trial Date: April 29, 2008 |

**CONFIDENTIAL -- ATTORNEYS' EYES ONLY**

**SUBJECT TO PROTECTIVE ORDER**

07209/2189806.3

DECLARATION OF MICHAEL T. ZELLER

# DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1.     I am a member of the Bars of the States of California, New York and Illinois, am admitted to practice before this Court and am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and cross-defendant Mattel, Inc. ("Mattel").  I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.     Attached hereto as Exhibit 1 is a true and correct copy of relevant excerpts from Carter Bryant's deposition transcript, dated November 4, 2004.

3.     Attached hereto as Exhibit 2 is a true and correct copy of relevant excerpts from Bryan Armstrong's deposition transcript, dated July 18, 2007.

## Dave Malacrida Deposition

4.     Attached hereto as Exhibit 3 is a true and correct copy of Mattel's Notice of Deposition of Dave Malacrida dated June 6, 2007.

5.     Attached hereto as Exhibit 4 is a true and correct copy of my letter to Diana Torres dated June 26, 2007.

6.     Attached hereto as Exhibit 5 is a true and correct copy of my letter to Diana Torres dated July 3, 2007.

7.     Attached hereto as Exhibit 6 is a true and correct copy of my letter to Jim Jenal and William Charron dated July 6, 2007.

8.     Attached hereto as Exhibit 7 is a true and correct copy of my letter to Jim Jenal and William Charron dated July 19, 2007.

9.     Attached hereto as Exhibit 8 is a true and correct copy of an email from Jim Jenal to me dated August 2, 2007.

-2-

## **Carter Bryant Deposition**

10.    Attached hereto as Exhibit 9 is a true and correct copy of Mattel's first Notice of Deposition of Carter Bryant dated June 17, 2004.

11.    Attached hereto as Exhibit 10 is a true and correct copy of my letter to Douglas Wickham dated July 11, 2004.

12.    At a meet and confer with Bryant's counsel on July 13, 2004 in advance of a contemplated motion to compel Bryant's deposition, Bryant's counsel, Keith Jacoby and Douglas Wickham, stated that a motion to compel was "unnecessary" because they were giving their "word as attorneys" that Bryant would appear for deposition in St. Louis during the week of August 16, 2004.  This representation was confirmed in writing by Bryant's counsel the following day. Attached as Exhibit 11 is a true and correct copy of a letter I received from Keith Jacoby dated July 14, 2004.  In that letter, Mr. Jacoby further stated: "In my entire career, I have never had a witness I was representing spontaneously refuse to appear, nor has Mr. Wickham.  I do not believe this will occur here, and ask that you accept the good faith representation of Mr. Wickham and I, rather than waste the Court's time and resources with a preemptive discovery motion." Bryant's counsel also stated at the July 13 meeting that requiring a signed stipulation to ensure Bryant's appearance at the agreed-upon time and place was "unnecessary" and "insulting" because their "word as attorneys" was "good enough" to ensure that Bryant would appear for deposition as agreed.

13.    Attached as Exhibit 12 is a true and correct copy of my letter to Keith Jacoby dated July 14, 2004.

14.    A true and correct copy of a letter faxed to John Quinn, counsel for Mattel, from Robert Millman dated August 13, 2004 is attached as Exhibit 13 .

15.    Attached hereto as Exhibit 14 is a true and correct copy of the Superior Court's Order, dated October 5, 2004, granting Mattel's motion to compel Bryant's deposition.

16.     Attached hereto as Exhibit 15 is a true and correct copy of the Superior Court's Order, dated October 20, 2004, granting Mattel's second motion to compel Bryant's deposition.

17.     Attached hereto as Exhibit 16 is a true and correct copy of the Order granting Mattel's Motion to Overrule Instructions Not to Answer During the Deposition of Carter Bryant dated March 7, 2007.

**Isaac Larian Deposition**

18.     Attached hereto as Exhibit 17 is a true and correct copy of Mattel's Notice of Deposition of Isaac Larian dated December 15, 2004.

19.     Attached hereto as Exhibit 18 is a true and correct copy of Tania Krebs' letter to Keith Jacoby dated January 20, 2005.

20.     Attached hereto as Exhibit 19 is a true and correct copy of the Hon. Robert N. Block's Order, dated March 23, 2005.

21.     Attached hereto as Exhibit 20 are true and correct copies of my letter to Diana Torres, dated March 28, 2005; emails from me and Ms. Torres in April 2005; and Jon Corey's email to Ms. Torres of April 29, 2005.

22.     Attached hereto as Exhibit 21 is a true and correct copy of the Hon. Nora M. Manella's Order, dated May 20, 2005.

23.     Attached hereto as Exhibit 22 is a true and correct copy of Jon Corey's letter to Ms. Torres, dated May 24, 2006.

24.     Attached hereto as Exhibit 23 is a true and correct copy of Jon Corey's letter to Diana Torres dated June 2, 2006.

25.     Attached hereto as Exhibit 24 is a true and correct copy of the Hon. Robert N. Block's Order dated June 16, 2006.

C7209/2189806.3

-4-

DECLARATION OF MICHAEL T. ZELLER

**Paula Garcia Deposition**

26.     Attached hereto as Exhibit 25 is a true and correct copy of Mattel's Notice of Deposition of MGA Entertainment, Inc. Pursuant to <u>Federal Rule of Civil Procedure</u> 30(b)(6) dated February 16, 2005.

27.     Attached hereto as Exhibit 26 is a true and correct copy of Jon Corey's letter to Dale Cendali and Jim Jenal dated December 26, 2006.

28.     Attached hereto as Exhibit 27 is a true and correct copy of a letter from Jim Jenal to Jon Corey, dated January 5, 2007.

29.     Attached hereto as Exhibit 28 is a true and correct copy of my letter to Yvonne Garcia dated April 3, 2007.

30.     Attached hereto as Exhibit 29 is a true and correct copy of my letter to Ms. Torres dated March 26, 2007 and, attached to the letter, Mattel's Notice of Deposition of Paula Garcia, also dated March 26, 2007.

31.     Attached hereto as Exhibit 30 is a true and correct copy of my letter to Diana Torres dated April 5, 2007.

32.     Attached hereto as Exhibit 31 is a true and correct copy of the Order Granting Mattel, Inc.'s Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6) dated May 16, 2007.

**Attorneys' Fees Incurred By Mattel**

33.     Mattel has incurred attorneys' fees and costs in excess of $950.00 in bringing this motion.  I spent more than a quarter of an hour reviewing and working on the motion and the accompanying declarations, for a total of more than $180 at my billing rate of $725 per hour.  Susan L. Wines, a Quinn Emanuel partner, and Jennifer Lewis, a Quinn Emanuel associate, were also involved in preparing this motion.  Ms. Wines spent more than half an hour preparing this motion, for a total of $325 at her billing rate of $650 per hour.  Ms. Lewis spent more than one and a

-5-

DECLARATION OF MICHAEL T. ZELLER

1  quarter hours of her time researching and preparing this motion, for a total of more
2  than $400 at her billing rate of $320 per hour.

4          I declare under penalty of perjury under the laws of the United States of
5  America that the foregoing is true and correct.

6          Executed on August 10, 2007, at Los Angeles, California.

_____
Michael T. Zeller

07209/2189806.3

-6-

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11  | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
12  | Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
13  | vs. | Case No. CV 05-02727 |
14  | MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
15  | Defendant. | DECLARATION OF SCOTT B. KIDMAN IN SUPPORT OF MATTEL, INC.'S EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE RE: OMNI 808'S FAILURE TO COMPLY WITH COURT ORDER OR, IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME TO HEAR MOTION FOR SUCH RELIEF |
16  | | |
17  | AND CONSOLIDATED ACTIONS | |
18  | | |
19  | | Hearing Date: TBA<br>Time: TBA<br>Place: TBA |
20  | | |
21  | | **Phase 2** |
22  | | Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010 |
23  | | Trial Date: March 23, 2010 |

24

25

26      **CONFIDENTIAL -- ATTORNEY'S EYES ONLY**

27   **FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

28

                                      Exhibit A - Page 45
        KIDMAN DECLARATION ISO EX PARTE FOR OSC RE OMNI 808

1    I, Scott B. Kidman, declare as follows:

2         1.    I am a member of the bar of the State of California and a partner

3    at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.

4    ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called

5    and sworn as a witness, I could and would testify competently thereto.

6         2.    Attached as Exhibit 1 is a true and correct copy of a letter from

7    my colleague Jon Corey to Todd Gordinier, dated April 16, 2009.

8         3.    Attached as Exhibit 2 is a true and correct copy of a letter from

9    Peter Villar to my colleague Jon Corey, dated April 17, 2009.

10         4.    Attached as Exhibit 3 is a true and correct copy of a letter from

11    my colleague Jon Corey to Peter Villar, dated April 17, 2009.

12         5.    Attached as Exhibit 4 is a true and correct copy of a letter from

13    Todd Gordinier to the Discovery Master, dated April 20, 2009.

14         6.    Attached as Exhibit 5 is a true and correct copy of the Stipulation

15    and Order for Appointment of a Discovery Master, dated December 6, 2006.

16         7.    Attached as Exhibit 6 is a true and correct copy of Mattel, Inc.'s

17    Notice of Motion and Motion for Reconsideration of Phase II Discovery Matter

18    Order No. 3, dated March 24, 2009.

19         8.    Attached as Exhibit 7 is a true and correct copy of the Discovery

20    Master's Order No. 17, dated April 14, 2009.

21         9.    Attached as Exhibit 8 is a true and correct copy of the Discovery

22    Master's Order Granting In Part Mattel's Motion to Enforce the Court's Order of

23    May 16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to

24    Rule 30(b)(6), and Granting Request For Sanctions, dated August 15, 2007.

25         10.   I have spent in excess of 6 hours preparing this motion. My

26    billing rate is $765 per hour. My partner Michael Zeller spent in excess of 3 hours

27    preparing this motion. Michael Zeller's billing rate is $820 per hour. Robert Dart, a

28    fifth-year associate, spent in excess of 4 hours researching this motion. Robert

-1-                                    Exhibit A - Page 46

1  Dart's billing rate is $390 per hour.  Mattel seeks sanctions in the amount of $6,500,
2  far less than the fees incurred in preparing this motion.

3

4          I declare under penalty of perjury under the laws of the United States of
5  America that the foregoing is true and correct.

6          Executed this 21st day of April 2009, at Los Angeles, California.

7

8                                              _____
9                                              Scott B. Kidman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

| 11 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 12 | | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 13 | Plaintiff, | |
| | | **DISCOVERY MATTER** |
| 14 | vs. | |
| | | **[To Be Heard By Discovery Master Robert O'Brien]** |
| 15 | MATTEL, INC., a Delaware corporation, | |
| 16 | Defendant. | DECLARATION OF SCOTT L. WATSON IN SUPPORT OF MATTEL, INC.'S MOTION TO ENFORCE PRIOR COURT ORDERS AND TO COMPEL RE: INTERROGATORY NOS. 68 AND 69, AND RFPS 75, 85, 95, 105, AND 115 OF MATTEL'S FIRST SET OF REQUESTS RE UNFAIR COMPETITION |
| 17 | AND CONSOLIDATED ACTIONS | |
| 18 | | |
| 19 | | |
| 20 | | Hearing Date:    TBA |
| 21 | | Time:            TBA |
| | | Place:           Arent Fox, LLP |
| 22 | | |
| 23 | | **Phase 2** |
| 24 | | Discovery Cut-off:    Dec. 11, 2009 |
| | | Pre-trial Conference: Mar. 1, 2010 |
| 25 | | Trial Date:          Mar. 23, 2010 |
| 26 | | **CONFIDENTIAL -- ATTORNEYS' EYES ONLY** |
| 27 | | **FILE UNDER SEAL PURSUANT TO PROTECTIVE ORDER** |
| 28 | | |

07975/3016914.1

1          I, Scott L. Watson, declare as follows:

2          1.    I am a member of the bar of the State of California and a partner

3    at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc.

4    ("Mattel").  I make this declaration of personal, firsthand knowledge and, if called

5    and sworn as a witness, I could and would testify competently thereto.

6          2.    Attached hereto as Exhibit 1 is a true and correct copy of Mattel's

7    Supplemental Interrogatories, dated January 9, 2008.

8          3.    Attached hereto as Exhibit 2 is a true and correct copy MGA's

9    Objections and Responses to Mattel's Supplemental Set of Interrogatories, dated

10    February 8, 2008.

11          4.    Attached hereto as Exhibit 3 is a true and correct copy of Isaac

12    Larian's Objections and Responses to Mattel's Supplemental Set of Interrogatories,

13    dated February 8, 2008.

14          5.    Attached hereto as Exhibit 4 is a true and correct copy of Mattel's

15    Motion to Compel Responses to Interrogatories and Production of Documents by

16    MGA Entertainment, Inc. and Isaac Larian, dated February 10, 2009.

17          6.    Attached hereto as Exhibit 5 is a true and correct copy of Phase 2

18    Discovery Matter Order No. 11, dated March 30, 2009.

19          7.    Attached hereto as Exhibit 6 is a true and correct copy of a letter

20    from Richard G. Stoll to Jon D. Corey, dated April 28, 2009.

21          8.    Attached hereto as Exhibit 7 is a true and correct copy of a letter

22    from Richard G. Stoll to Discovery Master, dated April 28, 2009.

23          9.    Attached hereto as Exhibit 8 is a true and correct copy of an

24    email from Richard G. Stoll to Jon D. Corey, dated May 8, 2009.

25          10.    Attached hereto as Exhibit 9 is a true and correct copy of the

26    Stipulation Re: Extension of Deadline, dated May 8, 2009.

27          11.    On May 12, 2009, MGA requested an additional extension on the

28    deadline for discovery compelled in the March 30, 2009 Order.  The parties

1  discussed this request via telephone conference.  While Mattel did agree to extend
2  the deadline for other items of outstanding discovery, Mattel could not agree to
3  another extension for Interrogatory Nos. 68 and 69, which Mattel believed relevant
4  to the May 18, 2009 hearing before Judge Larson.  Attached hereto as Exhibit 10 is
5  a true and correct copy of my confirming email to Richard G. Stoll, dated May 12,
6  2009.

7         12.    Attached hereto as Exhibit 11 is a true and correct copy of a
8  letter from Michael T. Zeller to Discovery Master, dated May 13, 2009.

9         13.    Attached hereto as Exhibit 12 is a true and correct copy of a
10  letter from Michael T. Zeller to Discovery Master, dated May 14, 2009.

11         14.    Attached hereto as Exhibit 13 is a true and correct copy of Phase
12  2 Discovery Matter Order No. 32.

13         15.    Attached hereto as Exhibit 14 is a true and correct copy of a
14  letter from Patricia Glaser to Michael T. Zeller, dated June 8, 2009

15         16.    Attached hereto as Exhibit 15 is a true and correct copy of the
16  Supplemental Response of MGA Entertainment, Inc. to Interrogatory Nos. 68 and
17  69 Pursuant to Discovery Master's Order of March 31, 2009, dated June 15, 2009.

18         17.    Attached hereto as Exhibit 16 is a true and correct copy of the
19  Supplemental Response of Isaac Larian to Interrogatory Nos. 68 and 69 Pursuant to
20  Discovery Master's Order of March 31, 2009, dated June 15, 2009.

21         18.    Attached hereto as Exhibit 17 is a true and correct copy of a
22  letter from Michael T. Zeller to Amman Khan, et. al, dated June 17, 2009.  The
23  MGA Parties did not respond to this letter.

24         19.    Attached hereto as Exhibit 18 is a true and correct copy of a my
25  letter to Amman Khan, et. al., dated June 24, 2009, requesting a meet and confer
26  session regarding the deficient responses to Interrogatory Nos. 68 and 69.  I also left
27  a voicemail for MGA's counsel.

28

20.   Attached hereto as Exhibit 19 is a true and correct copy of a letter from Amman Khan to Michael T. Zeller, dated June 29, 2009.

21.   On June 30, 2009, the parties engaged in a meet and confer telephone conference, wherein counsel for Mattel informed MGA that Mattel would bring a motion to compel complete answers to Interrogatory Nos. 68 and 69 if Mattel did not receive complete answers to those interrogatories by July 2, 2009.

22.   Attached hereto as Exhibit 20 is a true and correct copy of excerpts from the Deposition of Carter Bryant, dated November 4, 2004.

23.   Attached hereto as Exhibit 21 is a true and correct copy of excerpts from the Deposition of Veronica Marlow, dated December 28, 2007.

24.   Attached hereto as Exhibit 22 is a true and correct copy of excerpts from the Deposition of Margaret Leahy, dated December 12, 2007.

25.   Attached hereto as Exhibit 23 is a true and correct copy of excerpts from the Deposition of Elise Cloonan, dated December 14, 2007.

26.   Attached hereto as Exhibit 24 is a true and correct copy of excerpts from the Deposition of Tina Tomiyama, dated February 27, 2008.

27.   Attached hereto as Exhibit 25 is a true and correct copy of excerpts from the Trial Transcript, dated June 24, 2008.

28.   Attached hereto as Exhibit 26 is a true and correct copy of excerpts from the March 19, 2009 Hearing Transcript.

29.   Attached hereto as Exhibit 27 is a true and correct copy of the Civil Minutes -- General, dated March 12, 2009.

30.   Attached hereto as Exhibit 28 is a true and correct copy of excerpts from the Hearing Transcript, dated March 19, 2009.

31.   Attached hereto as Exhibit 29 is a true and correct copy of the prior Discovery Master's Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007.

1    32.    Attached hereto as Exhibit 30 is a true and correct copy of the

2    prior Discovery Master's Order Granting in Part and Denying in Part Mattel's

3    Motion to Compel Production of Documents by MGA; Denying Request for

4    Monetary Sanctions, dated August 13, 2007.

5    33.    Attached hereto as Exhibit 31 is a true and correct copy of my

6    letter to Thomas Nolan and Jason Russell, dated January 28, 2009.

7    34.    Attached hereto as Exhibit 32 is a true and correct copy of a

8    document produced by MGA at Bates number MGA 3815501, Tonnu Exhibit 1727.

9    35.    Attached hereto as Exhibit 33 is a true and correct copy of a

10   document produced by MGA at Bates number MGA 3815498, Tonnu Exhibit 1729.

11   36.    Attached hereto as Exhibit 34 is a true and correct copy of a

12   retainer letter from the law firm Keker & Van Nest, dated July 19, 2007.

13   37.    Attached hereto as Exhibit 35 is a true and correct copy of

14   excerpts from the Trial Transcript dated June 18, 2008; June 20, 2008; June 24,

15   2008; and July 3, 2008.

16   38.    Attached hereto as Exhibit 36 is a true and correct copy of a

17   document produced by MGA at Bates number MGA 0869834.

18   39.    Attached hereto as Exhibit 37 is a true and correct copy of a

19   document produced by MGA at Bates numbers MGA 0065828-0065930.

20   40.    Attached hereto as Exhibit 38 is a true and correct copy of a

21   document produced by MGA at Bates numbers MGA 0070877-0070948.

22   41.    Attached hereto as Exhibit 39 is a true and correct copy of

23   excerpts of Mattel, Inc.'s First Set of Requests for Documents and Things Re Claims

24   of Unfair Competition to MGA Entertainment, Inc., dated December 18, 2006.

25   42.    Attached hereto as Exhibit 40 is a true and correct copy of

26   excerpts of MGA Entertainment, Inc.'s Response to Mattel, Inc.'s First Set of

27   Requests for Documents and Things Re Claims of Unfair Competition, dated

28   January 17, 2007.

43.     Attached hereto as Exhibit 41 is a true and correct copy of the Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents By MGA; Denying Request for Monetary Sanctions, dated August 13, 2007.

44.     To the best of my knowledge, MGA has not produced any documents relating to the payments of legal fees mentioned in Interrogatory Response No. 68. To the best of my knowledge, MGA also has not produced any documents related to the payments to Ron Brawer mentioned in Interrogatory Response No. 69 dated 3/17/2008, 4/7/2006, 3/31/2006, 12/12/2005, 5/1/2005, or 12/17/2004, nor any documents related to the payments to Gustavo Machado dated 3/17/2008 and 3/15/2007.

45.     Attached hereto as Exhibit 42 is a true and correct copy of excerpts of a document produced by IGWT at Bates numbers IGWT 0051324 – IGWT 0052143.

46.     Attached hereto as Exhibit 43 is a true and correct copy of excerpts of a document produced by MGA at Bates numbers MGA 0602410 – MGA 0602598.

47.     Attached hereto as Exhibit 44 is a true and correct copy of excerpts of a document produced by MGA at Bates numbers MGA 0218357 – MGA 0218452.

48.     Attached hereto as Exhibit 45 is a true and correct copy of excerpts of a document produced by MGA at Bates numbers MGA 0331949 – MGA 0331968.

49.     Attached hereto as Exhibit 46 is a true and correct copy of excerpts of Mattel, Inc.'s First Set of Requests for Documents and Tangible Things to MGA Entertainment Inc., dated March 14, 2005.

50.     I met and conferred telephonically with Bill Molinski on July 17, 2009 and July 20, 2009, regarding MGA's deficient production of documents

1  regarding payments to former Mattel employees.  The parties were unable to reach a
2  resolution.

3        51.  I have spent in excess of 6 hours preparing this motion.  My
4  billing rate for this matter is $605 per hour.  My partner Michael Zeller spent in
5  excess of 1 hour preparing this motion.  Michael Zeller's billing rate for this matter
6  is $820 per hour.  Robert Dart, a fifth-year associate, spent in excess of 12 hours
7  researching and preparing this motion.  Robert Dart's billing rate for this matter is
8  $390 per hour.  Mattel seeks sanctions in the amount of $6,000, far less than the fees
9  incurred in preparing this motion.

10

11        I declare under penalty of perjury under the laws of the United States of
12  America that the foregoing is true and correct.

13        Executed this 22nd day of July 2009, at Los Angeles, California.

14

15                /s/ Scott L. Watson
              Scott L. Watson

16

17

18

19

20

21

22

23

24

25

26

27

28