ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DECLARATION OF STEPHEN SCHULTZ IN SUPPORT OF MGA PARTIES' MOTIONS FOR FEES AND COSTS**<br><br>Date: May 24, 2011<br>Time: 8:30 a.m.<br>Dept: Courtroom 9D<br>Judge: Hon. David O. Carter |
| **CONFIDENTIAL—ATTORNEYS' EYES ONLY—FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** | |

I, Stephen Schultz declare as follows:

1. I am currently the Vice President Controller at MGA Entertainment, Inc. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. In my role as Controller, I supervise accounting and finance within MGA. I am familiar with the invoices that MGA has received and processed from legal service providers, experts, vendors and other third parties in connection with this litigation.

3. MGA has incurred hundreds of millions of dollars in attorney fees and costs in this litigation against Mattel from more than a hundred and thirty law firms and vendors. The paragraphs below and the invoices attached hereto identify only a small subset, whose fees and costs MGA seeks to recover. MGA's identification of these legal service providers and vendors was very conservative. In total, they represent fewer than half of the service providers and vendors that MGA retained in connection with this litigation, and significantly less than the total expense that MGA incurred in this litigation.

### Legal Service Providers

4. MGA retained law firms both to defend against Mattel's claims and to bring its own affirmative claims against Mattel. These law firms have procedures for separating their invoices into different categories or matter numbers. For example, firms that worked both on MGA's defense of Mattel's claims and on MGA's affirmative claims opened separate matter numbers for each. As another example, firms that worked on the Phase 1 appeal opened a separate matter number for work on that appeal. The law firms then send invoices that separately reflect the work on each matter. This allows the law firms and MGA to track how much was spent on each matter through the invoicing process. The law firms retained by MGA in this litigation include the following:

5. <u>Orrick, Herrington & Sutcliffe, LLP</u>. MGA retained Orrick to represent it in this litigation in connection with the Phase 1 appeal through the present, including the Phase 2 litigation and the 2011 trial in this case. Attached hereto as **Exhibit 1** are true and correct copies of invoices from Orrick that reflect fees and costs invoiced in connection with this litigation against Mattel. These invoices cover the following matters pertaining to MGA's defense of Mattel's claims:

- The Phase 1 appeal (matter number 2005). The total invoiced fee amount for this matter is $1,733,853; the total invoiced cost amount is $46,483.
- MGA's defense of Mattel's claims (matter number 2006). The total invoiced fee amount for this matter is $50,057,999; the total invoiced cost amount is $1,362,886.

The total invoiced fee amount for these two matters combined is $51,831,852; the total invoiced cost amount is $1,409,369. The invoices attached also cover the following matter pertaining to MGA's affirmative claims against Mattel:

- MGA's affirmative claims (matter number 2004). The total invoiced fee amount for this matter is $2,258,159; the total invoiced cost amount is $2,715.

The attached invoices exclude matters pertaining to miscellaneous commercial questions, specific matters set up for the defense of Jorge Castilla, Bratz licensees, IGWT826 and IGWT Group LLC, and the Belair litigation. The fees excluded exceed more than $1,985,364. The costs excluded exceed more than $19,008.

6. <u>O'Melveny & Myers, LLP</u>. MGA retained O'Melveny to represent it in Phase 1 of this case. Attached hereto as **Exhibit 2** are true and correct copies of invoices from O'Melveny that reflect fees and costs invoiced in connection with this litigation. These invoices cover the following matters pertaining to MGA's defense of Mattel's claims:

- Mattel v. Bryant (matter number 4). The total invoiced fee amount for this matter is $9,613,861; the total invoiced cost amount is $351,963.
- MGA Document Review (matter number 27). The total invoiced fee amount for this matter is $1,828,735; the total invoiced cost amount is $16,133.

The total invoiced fee amount for these two matters combined is $11,442,596; the total invoiced cost amount is $368,076. The invoices attached also cover the following matter pertaining to MGA's affirmative claims against Mattel:

- MGA v. Mattel (matter number 8). The total invoiced fee amount for this matter is $4,588,113; the total invoiced cost amount is $77,486.

The attached invoices exclude matters pertaining to the Art Attacks litigation, the Mattel v. Brawer litigation, the Mexico investigation, the Mattel v. Viveros litigation, European competition issues, general MGA matters and special investigations. The fees excluded exceed more than $ 1,263,768. The costs excluded exceed more than $15,895.

7.  <u>Skadden Arps.</u>  MGA retained Skadden to represent it in Phase 1 of this case, the Phase 1 trial, and continued advice in connection with Phase 2 and the 2011 trial. Attached hereto as **Exhibit 3** are true and correct copies of invoices from Skadden that reflect fees and costs invoiced in connection with this litigation. These invoices include a general Mattel matter (matter number 1), a Phase 2 transition matter (matter number 6), a matter pertaining to the application for a stay (matter number 7), and a retrial advice matter (matter number 9). The total invoiced fee amount for these matters is $61,555,736; the total invoiced cost amount is $2,693,730).

8.  <u>Keller Rackauckas LLP.</u>  MGA retained Keller Rackauckas to be lead trial counsel for the 2011 trial in this case. Attached hereto as **Exhibit 4** are true and correct copies of invoices from Keller Rackauckas that reflect fees and costs invoiced in connection with this litigation. The total invoiced fee amount is

1  $1,782,060; the total invoiced cost amount is $27,790.

2      9.    <u>Trial Asset.</u> MGA retained Trial Asset to provide paralegal assistance to Keller Rackauckas for the 2011 trial in this case. Attached hereto as **Exhibit 5** are true and correct copies of invoices from Trial Asset that reflect fees and costs invoiced in connection with this litigation. The total invoiced fee amount for is $92,925.

    10.   <u>Sidley Austin.</u> MGA retained Sidley in connection with the representation of witnesses. Attached hereto as **Exhibit 6** are true and correct copies of invoices from Sidley that reflect fees and costs invoiced in connection with this litigation. These invoices include matters pertaining to the representation of Margaret Leahy. The total invoiced fee amount for these matters is $4,230; the total invoiced cost amount is $302. The attached invoices exclude matters pertaining to the Phase 1 appeal and general Mattel matters. The fees excluded exceed more than $1.8 million; the costs excluded exceed more than $16,000.

    11.   <u>Howard Rice.</u> MGA retained Howard Rice in connection with the Phase 1 appeal. Attached hereto as **Exhibit 7** are true and correct copies of invoices from Howard Rice that reflect fees and costs invoiced in connection with this litigation. These invoices include matters pertaining to the Phase 1 appeal. The total invoiced fee amount for these matters is $927,167; the total invoiced cost amount is $101,719. The attached invoices exclude matters pertaining to the Ubisoft litigation, audit letters and general advice.

    12.   <u>Pachulski Stang.</u> MGA retained Pachulski in connection with receivership issues and the defense against Mattel's claims. Attached hereto as **Exhibit 8** are true and correct copies of invoices from Pachulski that reflect fees and costs invoiced in connection with this litigation. The total invoiced fee amount for these matters is $285,161; the total invoiced cost amount is $11,467. The attached invoices exclude matters pertaining to general advice.

1  13.  <u>American Discovery.</u> MGA retained American Discovery for services relating to document review. Attached hereto as **Exhibit 9** are true and correct copies of invoices from American Discovery in connection with the Mattel matter. The total invoiced fee amount is $1,567,977.

14.  <u>Depo Sums.</u> MGA retained Depo Sums to summarize deposition, trial and hearing transcripts in connection with is defense against Mattel's claims. Attached hereto as **Exhibit 10** are true and correct copies of invoices from Depo Sums in connection with the Mattel matter. The total invoiced fee amount is $143,404.

15.  <u>Special Counsel, Inc.</u> MGA retained Special Counsel, Inc. to summarize deposition, trial and hearing transcripts in connection with is defense against Mattel's claims. Attached hereto as **Exhibit 11** are true and correct copies of invoices from Special Counsel in connection with the Mattel matter. The total invoiced fee amount is $94,961.

16.  <u>Affirmative Claim Matters:</u> Of the invoiced fees and costs referenced above, $6,846,272 is the total for fees associated with the MGA Parties' affirmative claims (Orrick matter 2004 and O'Melveny matter 8), and $80,201 is the total for costs associated with the MGA Parties' affirmative claims.

17.  <u>Defense of Mattel's Claims:</u> Excluding these two affirmative claim matters, the rest of the fees and costs referenced above were incurred in connection with the defense of Mattel's claims. The fees attributable to the defense of Mattel's claims total $129,688,073; the costs total $4,612,477.

18.  MGA has been conservative in identifying the legal fees and costs that have been necessarily incurred in its successful defense against Mattel's claims and in bringing its affirmative claims against Mattel. In addition to the legal service providers identified above, MGA retained other law firms in connection with this litigation, which are not included in its motions for fees and costs. These other law firms include the following: Glaser Weil Fink Jacobs Howard Avchen & Shapiro

LLP, which billed more than $6 million to Mattel matters; Bingham McCutchen, which billed more than $5.5 million to Mattel matters; Keker & Van Nest LLP, which billed more than $5.5 million to Mattel matters; Littler Mendelson, which billed more than $2.3 million to Mattel matters; Mitchell Silberberg & Knupp LLP, which billed more than $1.7 million to Mattel matters; Keats McFarland & Wilson, which billed more than $900,000 to Mattel matters; and Kaye Scholer LLP, which billed more than $400,000 to Mattel matters. The legal fees and costs for these legal service providers that are not included in MGA's motions for fees and costs exceed more than $22.5 million.

### Other Service Providers, Experts & Vendors

#### Masters, Commissioners & Receivers

19. MGA paid court appointed masters, commissioners and receivers in connection with this litigation. Such court-appointed entities include the following:

20. <u>Arent Fox.</u> MGA received invoices for a court-appointed Discovery Master and Settlement Officer from Arent Fox. Attached hereto as **Exhibit 12** are true and correct copies of invoices from Arent Fox in connection with the Mattel matter. The total invoiced amount is $2,375,659.

21. <u>Patrick A. Fraioli.</u> MGA received invoices from Mr. Fraioli, a court-appointed Special Monitor. Attached hereto as **Exhibit 13** are true and correct copies of invoices from Mr. Fraioli in connection with the Mattel matter. The total invoiced amount is $1,052,600.

22. <u>JAMS.</u> MGA received invoices for a court-appointed Discovery Master, Special Master and mediator from JAMS. Attached hereto as **Exhibit 14** are true and correct copies of invoices from JAMS in connection with the Mattel matter. The total invoiced amount is $217,916.

23. <u>International Litigation Services.</u> MGA received invoices for a court-appointed expert from International Litigation Services. Attached hereto as **Exhibit 15** are true and correct copies of invoices from International Litigation Services in

connection with the Mattel matter. The total invoiced amount is $339,651.

## Recall Administration

24.   Stericycle. MGA retained Stericycle to manage the court-ordered recall of Bratz products. Attached hereto as **Exhibit 16** are true and correct copies of invoices from Stericycle in connection with the Mattel matter. The total invoiced amount is $195,000.

## Court Reporters

25.   MGA paid court reporting services in connection with this litigation, including the following:

26.   Veritext Los Angeles Reporting. Attached hereto as **Exhibit 17** are true and correct copies of invoices from Veritext Los Angeles Reporting in connection with the Mattel matter. The total invoiced amount is $738,718.

27.   A & E Court Reporters. Attached hereto as **Exhibit 18** are true and correct copies of invoices from A & E Court Reporters in connection with the Mattel matter. The total invoiced amount is $174,945.

28.   Sarnoff Court Reporters. Attached hereto as **Exhibit 19** are true and correct copies of invoices from Sarnoff Court Reports in connection with the Mattel matter. The total invoiced amount is $8,277.

29.   Stelding Court Reporters. Attached hereto as **Exhibit 20** are true and correct copies of invoices from Stelding Court Reporters in connection with the Mattel matter. The total invoiced amount is $1,428.

## Translation Services

30.   Language Select LLC. MGA retained Language Select LLC for translation services. Attached hereto as **Exhibit 21** are true and correct copies of invoices from Language Select LLC in connection with the Mattel matter. The total invoiced amount is $2,275.

## Electronic Document Processing, Case Hosting and Database Management

31.   MGA retained companies to process documents electronically, to host

SCHULTZ DECL. ISO MGA'S MOTIONS FOR FEES AND COSTS
CV-04-9049 DOC (RNBx)

its case files, and to manage its case databases in connection with this litigation. Such companies including the following:

32. <u>EED.</u> Attached hereto as **Exhibit 22** are true and correct copies of invoices from EED in connection with the Mattel matter. The total invoiced amount is $4,362,374.95.

33. <u>Encore Discovery Solutions.</u> Attached hereto as **Exhibit 23** are true and correct copies of invoices from Encore Discovery Solutions in connection with the Mattel matter. The total invoiced amount is $2,713,439.99.

34. <u>Lexis Nexis.</u> Attached hereto as **Exhibit 24** are true and correct copies of invoices from Lexis Nexis in connection with the Mattel matter. The total invoiced amount is $41,153.50.

### Experts & Consultants

35. MGA retained experts and consultants in connection with this litigation, including the following:

36. <u>Navigant Consulting.</u> MGA received invoices for a damages expert, Paul Meyer, from Navigant Consulting. Attached hereto as **Exhibit 25** are true and correct copies of invoices from Navigant Consulting in connection with the Mattel matter. The total invoiced amount is $2,322,761.

37. <u>Ocean Tomo.</u> MGA received invoices for a damages expert, James Malackowski, from Ocean Tomo. Attached hereto as **Exhibit 26** are true and correct copies of invoices from Ocean Tomo in connection with the Mattel matter. The total invoiced amount is $2,702,414.

38. <u>Thomas S. Gruca.</u> Mr. Gruca was a branding expert for MGA. Attached hereto as **Exhibit 27** are true and correct copies of invoices from Mr. Gruca in connection with the Mattel matter. The total invoiced amount is $60,470.

39. <u>Brandware.</u> MGA also received invoices from Brandware in connection with Mr. Gruca. Attached hereto as **Exhibit 28** are true and correct copies of invoices from Brandware in connection with the Mattel matter. The total

invoiced amount is $128,800.

40. <u>Mary Bergstein.</u> Ms. Bergstein was an expert on the analysis and culture of art for MGA. Attached hereto as **Exhibit 29** are true and correct copies of invoices from Ms. Bergstein in connection with the Mattel matter. The total invoiced amount is $26,331.

41. <u>Glenn V. Vilppu.</u> Mr. Vilppu was an expert on drawing for MGA. Attached hereto as **Exhibit 30** are true and correct copies of invoices from Mr. Vilppu in connection with the Mattel matter. The total invoiced amount is $25,401.

42. <u>Vivaldi Partners.</u> MGA received invoices for its branding expert, Erich Joachimsthaler from Vivaldi Partners. Attached hereto as **Exhibit 31** are true and correct copies of invoices from Vivaldi Partners in connection with the Mattel matter. The total invoiced amount is $449,336.

43. <u>Peter S. Menell.</u> Mr. Menell was an expert on copyright for MGA. Attached hereto as **Exhibit 32** are true and correct copies of invoices from Mr. Menell in connection with the Mattel matter. The total invoiced amount is $240,568.

44. <u>Stroz Friedberg, LLC.</u> Stroz Friedberg was a computer forensic expert for MGA. Attached hereto as **Exhibit 33** are true and correct copies of invoices from Stroz Friedberg in connection with the Mattel matter. The total invoiced amount is $4,181,248.44.

45. <u>Robert Tonner.</u> Mr. Tonner was an expert on the history of dolls for MGA. Attached hereto as **Exhibit 34** are true and correct copies of invoices from Mr. Tonner in connection with the Mattel matter. The total invoiced amount is $44,822.

46. <u>Federal Forensic Associates.</u> MGA received invoices for its forensic ink and chemistry expert, Albert Lyter, from Federal Forensic Associates. Attached hereto as **Exhibit 35** are true and correct copies of invoices from Federal Forensic Associates in connection with the Mattel matter. The total invoiced amount is

1  $154,365.

2  47.  <u>Speckin Forensic Labs.</u>  MGA also received invoices for its forensic ink and chemistry expert, Albert Lyter, from Speckin Forensic Labs. Attached hereto as **Exhibit 36** are true and correct copies of invoices from Speckin Forensic Labs in connection with the Mattel matter. The total invoiced amount is $253,857.

48.  <u>Management Practices Group.</u>  MGA received invoices for its contract expert, Jan Duffy, from Management Practices Group. Attached hereto as **Exhibit 37** are true and correct copies of invoices from Management Practices Group in connection with the Mattel matter. The total invoiced amount is $158,054.

49.  <u>Trial Partners Inc.</u>  Trial Partners was a jury consultant for MGA. Attached hereto as **Exhibit 38** are true and correct copies of invoices from Trial Partners Inc. in connection with the Mattel matter. The total invoiced amount is $765,249.

50.  <u>Varinsky Associates.</u>  Varinsky Associate was a jury consultant for MGA. Attached hereto as **Exhibit 39** are true and correct copies of invoices from Varinsky Associates in connection with the Mattel matter. The total invoiced amount is $42,339.

51.  <u>Hemming Morse.</u>  Hemming Morse was a certified public accountant for MGA in connection with its defense to Mattel's claims. Attached hereto as **Exhibit 40** are true and correct copies of invoices from Hemming Morse in connection with the Mattel matter. The total invoiced amount is $102,594.

52.  <u>Roger Shlonsky.</u>  Mr. Shlonsky was a certified public accountant for MGA in connection with its defense to Mattel's claims. Attached hereto as **Exhibit 41** are true and correct copies of invoices from Mr. Shlonsky in connection with the Mattel matter. The total invoiced amount is $44,768.

<u>Legal Research</u>

53.  <u>Thomson West.</u>  MGA utilized Thompson West for legal research services in connection with this litigation. Attached hereto as **Exhibit 42** are true

and correct copies of invoices from Thompson West in connection with the Mattel matter. The total invoiced amount is $14,517.

### Hyperlinking Of Briefs and Pleadings for the Court

54. <u>Animators At Law Inc.</u> MGA retained Animators At Law to hyperlink briefs, declarations, and other pleadings in connection with this litigation. Attached hereto as **Exhibit 43** are true and correct copies of invoices from Animators At Law in connection with the Mattel matter. The total invoiced amount is $439,932.

### Document Copying and Processing Services

55. MGA retained document copying and processing services in connection with this litigation, including the following:

56. <u>SABP Reprographics.</u> Attached hereto as **Exhibit 44** are true and correct copies of invoices from SABP Reprographics in connection with the Mattel matter. The total invoiced amount is $638,603.

57. <u>Reprodocs.</u> Attached hereto as **Exhibit 45** are true and correct copies of invoices from Reprodocs in connection with the Mattel matter. The total invoiced amount is $293,287.

58. <u>Document Technologies.</u> Attached hereto as **Exhibit 46** are true and correct copies of invoices from Document Technologies in connection with the Mattel matter. The total invoiced amount is $256,573.

59. <u>Unlimited Reprographics.</u> Attached hereto as **Exhibit 47** are true and correct copies of invoices from Unlimited Reprographics in connection with the Mattel matter. The total invoiced amount is $149,286.

60. <u>Williams Lea, Inc.</u> Attached hereto as **Exhibit 48** are true and correct copies of invoices from Williams Lea in connection with the Mattel matter. The total invoiced amount is $24,176.

### Couriers

61. <u>A-1 Courier.</u> A-1 Courier is a courier service that MGA retained in connection with this litigation. Attached hereto as **Exhibit 49** are true and correct

copies of invoices from A-1 Courier in connection with the Mattel matter. The total invoiced amount is $2,130.

### Satellite Office Technology

62. MGA retained companies to set up technology services in its satellite office across from the Court in connection with this litigation. These companies include the following:

63. <u>Copier Rental Inc.</u> Attached hereto as **Exhibit 50** are true and correct copies of invoices from Copier Rental Inc. in connection with the Mattel matter. The total invoiced amount is $20,699.

64. <u>Courtroom Connect.</u> Attached hereto as **Exhibit 51** are true and correct copies of invoices from Courtroom Connect in connection with the Mattel matter. The total invoiced amount is $8,250.

### Hotels for Trial

65. MGA paid a hotel to house its attorneys, witnesses and others during trial in connection with this litigation. These hotels include the following:

66. <u>Hyatt Regency Irvine.</u> Attached hereto as **Exhibit 52** are true and correct copies of invoices from the Hyatt Regency Irvine in connection with the Mattel matter. The total invoiced amount is $219,172.

67. <u>Mission Inn.</u> Attached hereto as **Exhibit 53** are true and correct copies of invoices from the Mission Inn in connection with the Mattel matter. The total invoiced amount is $4,000.

### Trial Graphics and Presentation

68. MGA retained companies to create trial graphics and to handle courtroom technology and presentation at trial in connection with this litigation. These companies include the following:

69. <u>Executive Presentations, Inc.</u> Attached hereto as **Exhibit 54** are true and correct copies of invoices from Executive Presentations, Inc. in connection with the Mattel matter. The total invoiced amount is $509,527.

70. <u>The Focal Point.</u> Attached hereto as **Exhibit 55** are true and correct copies of invoices from The Focal Point in connection with the Mattel matter. The total invoiced amount is $366,796.

### Video Deposition Services

71. <u>JTV Litigation Services.</u> MGA utilized JTV Litigation Services for video deposition services in connection with this litigation. Attached hereto as **Exhibit 56** are true and correct copies of invoices from JTV Litigation Services in connection with the Mattel matter. The total invoiced amount is $37,161.

### Investigators

72. MGA retained investigators in connection with this litigation. These investigators include the following:

73. <u>Investigatory Advisory Group.</u> Attached hereto as **Exhibit 57** are true and correct copies of invoices from Investigatory Advisory Group in connection with the Mattel matter. The total invoiced amount is $85,824.

74. <u>First Legal Investigations.</u> Attached hereto as **Exhibit 58** are true and correct copies of invoices from First Legal Investigations in connection with the Mattel matter. The total invoiced amount is $1,983.

75. The total costs reflected in these other service provider and vendor invoices attached hereto is $27,788,040.

76. When added to the fees and costs of the legal service providers discussed above, the total fees and costs incurred in connection with the defense of Mattel's claims reflected in the invoices attached hereto is 162,088,590.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was hereby executed on May 5, 2011 at Van Nuys, California.

*Stephen Schultz*
Stephen Schultz