ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA PARTIES' BRIEF REGARDING THE JMOL STANDARD**<br><br>Place: Courtroom 9D<br>Trial Date: January 18, 2011<br>Judge: Hon. David O. Carter |

In deciding a motion for judgment as a matter of law, the evidence must be viewed "in the light most favorable to the nonmoving party." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). "While the court must review the entire evidentiary record, it must view all evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in the favor of the non-mover, and disregard all evidence favorable to the moving party that the jury is not required to believe." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008); *see also id.* at 1028-29 (upholding, *inter alia*, jury's damages verdict as not excessive where "the evidence presented at trial and viewed in the [non-movant's] favor justify the jury's damages verdict"); *Josephs*, 443 F.3d at 1062 (in viewing the evidence "all reasonable inferences" must be drawn in the nonmoving party's favor). Having viewed the record in this manner, a grant of JMOL is only appropriate when "the evidence permits only one reasonable conclusion and that conclusion is contrary to the jury's verdict." *Josephs*, 443 F.3d at 1062; *see also Harper*, 533 F.3d at 1022-23 ("[W]e ask whether the *only* conclusion that a reasonable jury could draw" was contrary to the verdict (emphasis in original)); *Wallace v. City of San Diego*, 479 F.3d 616, 626 (9th Cir. 2007) (reversing grant of JMOL because the evidence at trial did not "compel" a conclusion contrary to the jury's verdict)

As further explained by the United States Supreme Court, when assessing a motion for judgment as a matter of law, a court may not make credibility determinations or weigh the evidence. "'Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)); *see also Winarto v. Toshiba Am. Elec. Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001); *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001); *Harper*, 533 F.3d at 1028 ("The jury is the 'constitutional

1    tribunal provided for trying facts in courts of law.'" (citation omitted)); *DSPT Int'l,*
2    *Inc. v. Nahum*, 624 F.3d 1213, 1218, 1222-24  (9th Cir. 2010) (rejecting challenge
3    of insufficient evidence to support jury damages verdict because "[w]e must uphold
4    the jury's damages verdict 'whenever possible, and all presumptions are in favor of
5    the judgment.'" (citations omitted)).

6          As a result, even if there is evidence in the record that might support a
7    different outcome, a grant of JMOL is entirely inappropriate. *First Nat'l Mortg.*
8    *Co. v. Fed. Realty Inv. Trust*, 631 F.3d 1058, 1067-68 (9th Cir. 2011); (verdict must
9    be upheld even if it is possible to draw a contrary conclusion); *Venegas v. Wagner*,
10   831 F.2d 1514, 1517 (9th Cir. 1987) (judgment as a matter of law "is improper if
11   reasonable minds could differ over the verdict."); *see also Reeves*, 530 U.S. at 152-
12   53 (reversing grant of JMOL because Court failed to draw all reasonable inferences
13   in favor of plaintiff, including by discounting testimony and by weighing testimony
14   that the court considered might have required a different result); *Winarto*, 274 F.3d
15   at 1286-87 & nn. 9, 10 (noting that "[w]hen two sets of inferences find support in
16   the record, the inferences that support the jury's verdict of course win the day" and
17   reversing grant of JMOL because district court discounted evidence supporting
18   verdict).

19         In articulating the standard for JMOL, the Ninth Circuit has held that a Court
20   must consider whether there is "substantial evidence" to support the jury's verdict
21   in favor of the nonmoving party. *See, e.g., Johnson*, 251 F.3d at 1227.
22   "'Substantial evidence is more than a mere scintilla.'" *Farm Equip. Co. v. Int'l*
23   *Harvester Co.*, 498 F.2d 1137, 1140 (9th Cir. 1974) (quoting *Consolidated Edison*
24   *Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  To state it more
25   affirmatively, "[s]ubstantial evidence is evidence adequate to support the jury's
26   conclusion, even if it is also possible to draw a contrary conclusion from the same
27   evidence." *Johnson*, 251 F.3d at 1227; *see also Harper*, 533 F.3d at 1021 (same);
28   *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002) (same).  "The fundamental

1  premise of the substantial evidence test is that jurors are not allowed to speculate in
2  finding for the nonmovant." 9 MOORE'S FEDERAL PRACTICE 3D § 50.61 at 50-59
3  (2011); *see also Lakeside-Scott v. Multnomah* County, 556 F.3d 797, 802-03 (9th
4  Cir. 2009) ("Consequently, JMOL is appropriate when the jury could have relied
5  only on speculation to reach its verdict."); *Willis v. Marion County Auditor's*
6  *Office*, 118 F.3d 542, 547 (7th Cir. 1997) (affirming grant of JMOL in race
7  discrimination case when there was no evidence presented at trial of racial animus
8  of person making decision to fire plaintiff).

9        Stated otherwise, "substantial evidence" is "such relevant evidence as
10 reasonable minds might accept as adequate to support a conclusion even if it is
11 possible to draw two inconsistent conclusions from the evidence." *Landes Constr.*
12 *Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987) (affirming
13 denial of judgment as a matter of law even though "the trial consisted of little more
14 than a swearing contest"); *see also Consolidated Edison Co. of New York*, 305 U.S.
15 at 229 (substantial evidence means "such relevant evidence as reasonable minds
16 might accept as adequate to support a conclusion").

17       As reflected in MGA's Opposition to Mattel's Motion for Judgment as a
18 Matter of Law, there is "substantial evidence" supporting the verdict. The jury's
19 decision was not based on speculation. It was based on evidence, credibility
20 determinations and reasonable inferences arising from the evidence and those
21 credibility determinations. Therefore, Mattel's motion must be denied.

23 Dated: June 3, 2011       ORRICK, HERRINGTON & SUTCLIFFE LLP

25       By:    */s/ Warrington S. Parker III*
               Warrington S. Parker III
               Attorneys for MGA Parties