QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S BRIEF RE LEGAL STANDARD FOR JUDGMENT AS A MATTER OF LAW**<br><br>**Phase 2**<br>Trial Date: January 18, 2011 |

During oral argument, the Court asked the parties to address how the "Ninth Circuit's substantial evidence standard [should] be balanced against the Ninth Circuit's rule that judgment should be entered against the party that prevailed if, quote, 'The evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.'"[1] Mattel submits that these two articulations of the standard are consistent with one another and that MGA has clearly failed to meet its burden under any formulation.

Ninth Circuit decisions invoke both phrasings of the standard in reviewing motions for JMOL. See, e.g., Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002)[2] ("A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion......[Judgment as a matter of law] is proper if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.") (internal cites omitted); see also S.E.C. v. Todd, 2007 WL 1574756 (S.D. Cal. May 30, 2007) ("the jury's verdict may be upheld "if it is supported by 'substantial evidence'. . . . Judgment as a matter of law may be granted only where, so viewed, the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict.") (internal cites omitted). Wright & Miller explains that these two tests are duplicative of one another and that many decisions "equate the two concepts." See 9B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2524, 413. As the treatise explains, there is "significant support in the cases" for one addition to the reasonableness test: that motion for judgment as a matter of law "must be granted unless there is 'substantial' evidence in opposition to

---

[1] 5/26/11 Hearing Tr. Vol. 1 (Post-Trial Motions) at 6:5-11.
[2] Josephs v. Pacific Bell, 443 F.3d 1050, 1062 (9th Cir. 2006), the case that the Court referenced at the May 26 hearing, cites Pavao for the standard ("[t]he test applied is whether the evidence permits only one reasonable conclusion, and the conclusion is contrary to the jury's verdict.").

the moving party's case." But "[i]t is very doubtful that the adjective adds anything of value, particularly when in a leading Fifth Circuit case decided almost forty years ago 'substantial' evidence was defined in terms of evidence that would lead reasonable people to different conclusions. A significant number of cases are to the same effect and also equate the two concepts."

The Ninth Circuit has made clear that, under the JMOL standard, a *reasonable* inference in favor of a verdict cannot be supported by only threadbare conclusory claims instead of significant probative evidence. As it has held:

> 'Judgment as a matter of law is proper when the evidence permits only one *reasonable* conclusion and the conclusion is contrary to that reached by the jury.' Ostad, 327 F.3d at 881. *Nevertheless, a reasonable inference 'cannot be supported by only threadbare conclusory statements instead of significant probative evidence.'* Barnes v. Arden Mayfair, Inc., 759 F.2d 676, 680-81 (9th Cir.1985) (internal quotation marks omitted); see also Genthe v. Lincoln, 383 F.3d 713, 716 (8th Cir. 2004) (noting within the context of a motion for JMOL that an inference is reasonable "when it may be drawn from the evidence without resort to speculation" (internal quotation marks omitted)); Willis v. Marion County Auditor's Office, 118 F.3d 542, 545 (7th Cir. 1997) (noting within the context of a motion for JMOL that a 'mere scintilla is not enough' to sustain a verdict for the prevailing party). Consequently, *JMOL is appropriate when the jury could have relied only on speculation to reach its verdict.*"

Lakeside-Scott v. Multnomah County, 556 F.3d 797, 802-03 (9th Cir. 2009) (emphasis added) (reversing trial court's denial of defendant's JMOL motion post-trial since any inference that defendant led to plaintiff's termination "would be pure speculation" as plaintiff presented no evidence other than 'only threadbare conclusory statements' that cannot support a reasonable inference that defendant influenced the decision" to terminate the plaintiff). See also 9B Charles Alan

Wright & Arthur R. Miller, Federal Practice and Procedure § 2524 ("the federal courts require more than a scintilla of evidence to create an issue that is appropriate for jury determination.").

S.E.C. v. Todd, 2007 WL 1574756, at *1, illustrates the same approach and explains that the relevant burden of proof is also critical to the correct application of the JMOL standard. "The Court must apply this standard under the correct governing law, meaning there must be sufficient evidence to support the jury's conclusion for each and every element of the claims presented." Id. at *1 (citing Settlegoode v. Portland Public Schools, 371 F.3d 503, 510 (9th Cir. 2004)). The SEC Court granted JMOL as to those claims that the jury had found in favor of the SEC "in spite of a complete absence of evidence on an essential element of the SEC's claim." Id. It further found that "[t]he evidence presented by the SEC at trial was insufficient as a matter of law to sustain a claim against the defendant under § 17(a)." Id. at *2-*3. The Court granted JMOL in favor of the defendant on § 10(b) and Rule 10b-5 claims where the SEC presented "scant evidence" to support the misrepresentation and scienter elements of these claims. Id. at *4-5. The Court also granted JMOL with respect to other claims where the SEC failed to prove at least one element of the claim at issue. Id. at *5-*16. See also 9B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2524 ("The court also must consider the substantive evidentiary burden of proof that would apply at trial to the nonmovant's claims. In cases involving shifting burdens of proof, the test for the sufficiency of the evidence has been refined to indicate that the movant is entitled to judgment as a matter of law if, with respect to any important issue on which the nonmovant has the burden of proof, no reasonable jury could find that the nonmovant met the burden of proof.").

Proper application of the JMOL standard warrants the grant of JMOL in favor of Mattel on MGA's claims because of MGA's failures of sufficient proof on essential elements of its claims. Mattel has submitted for the Court's consideration

a detailed chart as to the deficiencies in MGA's proof as to each of the 26 trade secrets at issue. For instance, the jury found that Mattel misappropriated "the appearance, operation, intended play pattern and plans to advertise on television for Bratz Diamondz."[3] However, the only trade secret aspect of Bratz Diamondz that Larian identified at trial was the product's use of a real gem,[4] and MGA widely publicized the fact that Bratz Diamondz would use a real gem on February 9, 2006, *before* the 2006 toy fair from which MGA alleges Mattel misappropriated that information.[5] In light of the undisputed documentary evidence showing that the alleged trade secret was in fact publicly disclosed by MGA itself before New York Toy Fair, no reasonable jury could have found that Bratz Diamondz was a trade secret when it was purportedly misappropriated. Similarly, there is no evidence that anyone from Mattel accessed or visited any MGA toy fair showroom in 2006. Indeed, the only evidence is to the contrary: Mattel's 2006 Competitive Product Overview says on its face that it was created from publicly available sources,[6] Mr. Villasenor did not attend any toy fairs in 2006,[7] and the only Mattel employee who testified that she entered an MGA showroom without revealing that she was a Mattel employee stated that the only instance in which she did so was 2002.[8] Only pure speculation could support a jury verdict that Mattel misappropriated trade secrets from showrooms where there was absolutely no evidence that anyone actually misappropriated a trade secret.

As another example, MGA's claim based on the "appearance, operation, intended play pattern, plans to advertise on television and FOB pricing for Monkey

---

[3] See Dkt. No. 10518 (Verdict Form, dated April 20, 2011) at 18.
[4] 3/24/11 Trial Tr. Vol. 2 (Larian) 127:8-128:20.
[5] TX 9879; 3/25/11 Trial Tr. Vol 1(Larian) at 67:19-69:18.
[6] TX 9566-3.
[7] 3/23/11 Trial Tr. Vol. 1 (Villasenor) at 59:2-5; 3/23/11 Trial Tr. Vol. 2 (Villasonor) at 72:2-7.
[8] 3/29/11 Trial Tr. Vol. 1 (Plunkett) at 22:9-15 (employee did not attend any toy fair except in 2002), 25:25-26:3 (employee entered an MGA showroom in 2002).

See Monkey Do" must fail. As MGA's own damages expert acknowledged, his "head start" damages theory assumes and requires proof of an "actual product launch [by Mattel] using the trade secret" that resulted in unjust enrichment to Mattel.[9] Nonetheless, Monkey See Monkey Do is one of 17 claimed trade secrets for which MGA identified no Mattel product that used or incorporated any alleged trade secret, yet the jury awarded damages of $3.4 million each. MGA never introduced Monkey See Monkey Do into evidence, much less proved that the product reflected any trade secrets. The only testimony about Monkey See Monkey Do proved that it sold only 5 units total.[10] The only other evidence in the record is that MGA publicly disclosed the Monkey See Monkey Do trade secrets in its own January 8, 2001 press release *before* the 2001 New York Toy Fair at which MGA alleges it was misappropriated.[11] Again, however one frames the standard, the application and result is the same.

In sum, the two articulations of the JMOL legal standard in the case law identified by the Court are complimentary and should lead to granting JMOL in Mattel's favor.

DATED: June 3, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  */s/ Michael T. Zeller*
Michael T. Zeller
Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

---

[9] 4/4/11 Trial Tr. Vol. 3 (Malackowski) at 58:23-59:24.
[10] 2/11/11 Trial Tr. Vol. 3 (Larian) at 65:23-66:8; 2/16/11 Trial Tr. Vol. 1 (Larian) at 118:17-119:21; 2/16/11 Trial Tr. Vol. 2 (Larian) at 14:5-15:21; 2/16/11 Trial Tr. Vol. 2 (Larian) at 16:16-17:4.
[11] Compare TX 22389-02 with TX 32836-00066.