QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017–2543
Telephone: (213) 443–3000
Facsimile: (213) 443–3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04–9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04–09059<br>Case No. CV 05–02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OBJECTION TO MGA ENTERTAINMENT INC.'S REQUEST TO SUBMIT THE DECLARATION OF STEPHEN SCHULTZ *IN CAMERA* AND NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF THE SCHULTZ DECLARATION**<br><br>Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut–Off: October 4, 2010<br>Pre–trial Conference: January 4, 2011<br>Trial: January 18, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on such date and time as the Court may order, before the Honorable David O. Carter, United States District Judge, located at 411 West Fourth Street, Santa Ana, California 92701, Mattel, Inc. ("Mattel") will and hereby does move this Court to compel production of, or strike, the Declaration of Stephen Schultz in support of the MGA Parties' purported Response to the Declaration of Susan R. Estrich (the "Schultz Declaration") to Mattel, which MGA submitted for the Court's *in camera* review on June 3, 2011.

This motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the records and files of this Court, and all other matters of which the Court may take judicial notice, and is made on the grounds that MGA has failed to carry its heavy burden of demonstrating that the Schultz Declaration contains privileged or otherwise protected information and has failed to demonstrate that the disfavored practice of *in camera* review—which deprives Mattel of the ability to meaningfully challenge MGA's evidence in support of its fee requests—is justified.

DATED: June 9, 2011      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA should be compelled to serve Mattel with its third Schultz Declaration, which MGA purported to submit solely for *in camera* review on June 3, 2011. There is no justification for MGA's abusive attempt to submit ostensible evidence for its fee application *in camera*. Mattel has a right to see MGA's alleged evidence and respond to it. MGA should not be permitted to deprive Mattel of that right.

Mattel does not know what the Schultz Declaration says, but according to MGA, it supposedly describes the "true status of MGA's payments to its counsel." Dkt. 10631 at 1. As MGA now appears to implicitly concede, the issue is highly relevant to MGA's fees application for reasons Mattel has explained previously, including because fees cannot be awarded where they would amount to a windfall to MGA. The need for adversarial testing of MGA's claims is clear, and can only be overcome, if at all, by a compelling showing by MGA. Yet MGA has made no showing to justify making its submission *in camera*. Nowhere has MGA even claimed, let alone proved, the information in the declaration is privileged. The Court would be justified in striking MGA's tardy, uninvited declaration altogether, but at a minimum Mattel is entitled to review this allegedly relevant evidence proffered by MGA and respond.

## Argument

"[A]bsent some 'compelling justification,' *ex parte* communications will not be tolerated" and "are anathema in our system of justice." Guenther v. Comm'r of Internal Revenue, 889 F.2d 882, 884 (9th Cir. 1989); see United States v. Thompson, 827 F.2d 1254, 1257 (9th Cir. 1987) ("adversary proceedings are the norm" and "*ex parte* proceedings the disfavored exception"); In re Silicon Graphics, Inc. Sec. Litig., 970 F. Supp. 746, 758 (N.D. Cal. 1997) (striking *ex parte* attorney declaration submitted *in camera*); Burns v. Family Practice Assoc., 162 F.R.D. 624, 627 (S.D. Cal. 1995) (rejecting request for *in camera* review because "[i]n camera

review should not replace effective adversarial testing of the claimed privileges and protection."). Fee shifting motions present no exception. As Mattel has shown previously, *ex parte* submissions have been repeatedly disapproved in the context of fee requests. <u>See</u>, e.g., <u>In re Weston</u>, 953 F.2d 1390 (9th Cir. 1992) (upholding denial of request to review fee records *in camera*); <u>MGIC Indem. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986) (remanding fees award because district court failed to allow opposing party to inspect records submitted *in camera* by the prevailing party); <u>Patriot Rail Corp. v. Sierra R.R. Co.</u>, 2010 WL 2179499, at *2 (E.D. Cal. May 26, 2010) (denying request for *in camera* review of billing records supporting fees request); <u>Martinez v. Home Depot USA, Inc.</u>, 2007 WL 2254432, at *3-4 (E.D. Cal. Aug. 2, 2007) (rejecting request for *in camera* review of billing records); <u>Flanagan v. Benicia Unified Sch. Dist.</u>, 2008 WL 2073952, at *4 (E.D. Cal. May 14, 2008) ("the party with the burden must make a sufficient showing to create a privilege issue before *in camera* review is appropriate"); <u>see</u> <u>generally</u> Dkt. 10583, 10597.[1]

MGA submitted the Schultz Declaration for the Court's *in camera* review without presenting any evidence, or even arguing, that its privileged information necessitates such a review. That clearly does not meet MGA's burden. Its *ex parte* submission should, therefore, either be stricken or produced to Mattel. <u>See</u>, <u>e.g.</u>, <u>MGIC Indem.</u>, 803 F.2d at 505.

The need for service of the Schultz Declaration is particularly acute here because MGA's tardy submission, made after the close of briefing and after the completion of oral argument, purports to address whether MGA's requested award would result in a windfall, which is a critical evidentiary issue. The law is clear that

---

[1] Moreover, as Mattel has shown, MGA's motion for fee shifting effected an implied waiver as to any privileged information MGA seeks to rely on to support its motion. Dkt. 10583 at 5-7.

courts cannot award fees that "amount to a windfall for the prevailing party" under the Copyright Act. Crescent Publ'g Group v. Playboy Enters., Inc., 246 F.3d 142, 151 (2d Cir. 2001); see also Video-Cinema Films, Inc. v. Cable News Network, Inc., 2004 WL 213032, at *4-5 (S.D.N.Y. Feb. 3, 2004) ("Even though the Court finds DWT's hourly rates reasonable, it declines to award the full amount of fees that DWT requests because CNN did not pay this amount . . . . The Court finds that awarding more than CNN paid pursuant to the fee agreement here would amount to a windfall for CNN and a penalty against Plaintiff."); Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1337 (11th Cir. 2001) ("Instead, the reasonable hourly rate should be determined based on the reasonable worth of services rendered, so long as the rate results in no windfall for the prevailing party."); Famous Music Corp. v. 716 Elmwood, Inc., 2007 WL 5041415, at *11 (W.D.N.Y. Dec. 28, 2007) ("While such an award may advance considerations of compensation and deterrence, it may not add any additional amount by way of penalty to the losing party. Moreover, in no event should the fees awarded amount to a windfall for the prevailing party.") (internal citations and quotation marks omitted). In light of this rule, courts hold the actual billing arrangement and amount a prevailing party actually paid is directly relevant to the amount of fees that can be awarded. See Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986) ("a sum greater than what the client has been charged may not be assessed, but the award need not be that large."); Crescent Publ'g Group, 246 F.3d at 151 ("for prevailing parties with private counsel, the actual billing arrangement is a significant, though not necessarily controlling, factor in determining what fee is 'reasonable.'"); Robinson v. Lopez, 2003 WL 23162906, at *3 (C.D. Cal. Nov. 24, 2003) ("The actual billing arrangement provides a strong indication of what private parties believe a 'reasonable' fee would be."). Consistent with these precedents, courts properly take into account "discounts given clients, write-offs of time, collection experience or the host of other matters that determine the attorney fees that actually prevail in the

Case 2:04-cv-09049-DOC-RNB   Document 10634   Filed 06/09/11   Page 6 of 7   Page ID
 #:322468

market." <u>Yahoo!, Inc. v. Net Games, Inc.</u>, 329 F. Supp. 2d 1179, 1192 (N.D. Cal. 2004).

According to MGA, the Schultz Declaration goes to this important issue. As the Court is aware, MGA's counsel swore just days ago, in a declaration filed in related litigation, that "MGA has refused to pay Orrick in full for its work in the Mattel action . . . . To the contrary, MGA has indicated that it will not pay Orrick and has no plan to do so at the present time." Declaration of Annette Hurst dated May 27, 2011, in <u>Belair v. MGA Entm't, Inc.</u> Case No. 1:09-CV-08870-SAS, Dkt. 57 at ¶ 6 (S.D.N.Y.) (<u>see</u> Dkt. 10615).  MGA's counsel further declared that "[i]n April and May of 2011, after the verdict in the Mattel action, I and others at Orrick had discussions with MGA in an effort to resolve payment issues.  MGA indicated that it had no present plan to pay Orrick the fees that are owed on this Belair matter or any other outstanding matter, other than remitting any further insurance proceeds that it receives as a result of reimbursement for Orrick's billing." <u>Id.</u> at ¶ 9. Although the Declaration amply speaks for itself, MGA accuses Mattel of taking that publicly-filed Hurst Declaration "completely out of context" and "attempt[ing] to convey an inaccurate and misleading picture regarding MGA's payments to its counsel," and has submitted the Schultz Declaration to prove "the true status of MGA's payments to its counsel". Dkt. 10631 at 1. Mattel is clearly entitled to review the declaration to respond.  That is even more apparent given that MGA submitted the Schultz Declaration—without this Court's permission—after the completion of briefing and oral argument and has unfairly denied Mattel the right to respond in this respect as well.

00505.07209/4184213.2
-4-
MATTEL'S OBJ AND MTC MGA'S *IN CAMERA* SUBMISSION OF THE SCHULTZ DECLARATION

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court either strike or compel MGA to produce the June 3, 2011 Schultz Declaration, and permit Mattel to respond to that declaration.

DATED: June 9, 2011           QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel, Inc. and
    Mattel de Mexico, S.A. de C.V.