ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2258
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DECLARATION OF JAMES R. ROSEN IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL, INC.'S OBJECTIONS TO THE DISCOVERY MASTER REPORT AND RECOMMENDATION RE APPLICATION FOR ATTORNEYS' FEES BY (1) MR. MACHADO AND (2) MGA**<br><br>Date: TBD<br>Time: TBD<br>Dept: Courtroom 9D<br><br>Judge: Hon. David O. Carter |

## DECLARATION OF JAMES R. ROSEN

I, James R. Rosen, declare as follows:

1. I am a member of the State Bar of California and I am a partner at Rosen Saba, LLP. I represent MGA Entertainment, Inc. in *O'Melveny & Myers, LLP v. MGA Entertainment Inc.*, Case No. BC441593 in the Superior Court of the State of California for the County of Los Angeles ("OMM litigation"). Unless otherwise noted, I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2. During a hearing on June 20, 2011 in the case between O'Melveny & Myers, LLP ("OMM") and MGA Entertainment Inc. ("MGA") referenced above, I stated that MGA had produced in that litigation "all of the OMM's invoices," "all of Skadden's invoices for 2007, 2008," and that MGA had "begun production of all communications between MGA and Orrick." I submit this declaration to clarify the record regarding those statements.

3. First, with respect to OMM invoices, MGA took steps to maintain the privileged status of the invoices relative to third parties by producing them to OMM alone pursuant to a protective order, which provides for this result.

4. Second, with respect to Skadden invoices, MGA objected to production of Skadden invoices on the basis of the attorney-client privilege and the attorney work product doctrine in the OMM litigation. As concerned the OMM litigation only, the court overruled MGA's objection and ordered MGA to produce the relevant invoices. To date, MGA has produced Skadden invoices for 2007 and 2008 in compliance with the Court's order. MGA has taken steps to maintain the privileged status of these invoices relative to parties outside the litigation by producing them to OMM alone pursuant to the protective order in place.

5. Third, MGA has produced no Orrick invoices in the OMM litigation. To the extent that I may have indicated otherwise at the hearing on June 20, 2011, that was not my intention. With respect to the Orrick invoices, I meant to

- 1 -

say we had begun "review" not "production."

6. MGA has not produced invoices from any other law firms or legal service providers in the OMM litigation.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was hereby executed on June 28th, 2011 at Los Angeles, California.

_____
James R. Rosen