QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
   johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de
Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al., <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, et al., <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> Hon. David O. Carter <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 COMPELLING ISSUANCE OF SUBPOENAS FOR THE TAKING OF TESTIMONY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO LETTER ROGATORY <br><br> [Application For An Order Under 28 U.S.C. § 1782 Compelling Issuance Of Subpoenas For The Taking Of Testimony For Use In A Foreign Proceeding Pursuant To Letter Rogatory and Declaration of Jon Corey filed concurrently herewith] <br><br> Hearing Date: TBD <br> Time: TBD <br> Place: TBD <br><br> Trial: January 18, 2011 |

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT..............................................................................................................4

I. THE LETTER ROGATORY SATISFIES THE REQUIREMENTS OF SECTION 1782...................................................................................................4

    A. The Witnesses From Whom Testimony Is Sought Reside In This District..........................................................................................................5

    B. The Evidence Sought Is For Use In The Mexico Action.........................5

    C. The Mexican Court Is A "Foreign or International Tribunal" ................6

II. THE COURT SHOULD EXERCISE ITS BROAD DISCRETION UNDER SECTION 1782 AND GRANT THE APPLICATION ..................6

    A. No Witness From Whom Testimony Is Sought Is A Participant In the Mexican Proceeding ........................................................................7

    B. The Mexican Court Would Be Receptive to the Requested Evidence Because the Mexican Court Sought It ......................................8

    C. Similar Prior Grants of Section 1782 Applications in Aid of Mexican Proceedings Indicate The Application Would Not Circumvent Any Restrictions on Evidence Collection...........................9

    D. The Discovery Would Not be Unduly Intrusive or Burdensome ...........9

III. THE ORDER SHOULD ENCOMPASS THE FOLLOWING MATTERS TO BE CONSISTENT WITH THE LETTER ROGATORY AND TO ENSURE DELIVERY OF THE TESTIMONY TO THE MEXICAN COURT................................................................................10

CONCLUSION.........................................................................................................11

# TABLE OF AUTHORITIES

Page

## Cases

Application of Esses,
    101 F.3d 873 (2d Cir. 1996) .................................................................. 9, 10

In re Application of Grupo Summa, S.A. de C.V.,
    2005 WL 937486 (S.D.N.Y. April 22, 2005) ................................................ 9

In re Application of Guy,
    2004 WL 1857580 (S.D.N.Y. Aug. 19, 2004) .............................................. 7

In re Application of National Broadcasting Company, Inc.,
    1997 WL 33442116 (S.D.N.Y. August 1, 1997) .......................................... 9

Corovic v. Mukasey,
    519 F.3d 90 (2d Cir. 2008) .......................................................................... 11

Intel Corp. v. Advanced Micro Devices, Inc.,
    542 U.S. 241 (2004) ........................................................................ 6, 7, 8, 9

Norris v. Arizona,
    2008 WL 752614 (D. Ariz., March 18, 2008) ............................................ 11

Playa/USA Corp. v. Playasol, S.A.,
    1981 U.S. Dist. LEXIS 141784-5 (N.D. Ill. 1981) ....................................... 9

In re Premises Located at 840 140th Ave., N.E.,
    634 F.3d 557 (9th Cir. 2011) ......................................................................... 7

## Statutes

28 U.S.C. § 1782 ............................................................................................ *passim*

Fed. R. Civ. P. 44 .................................................................................................. 11

Fed. R. Civ. P. 45(b)(2) ......................................................................................... 10

**Preliminary Statement**

Pursuant to a letter rogatory issued by the Tenth Federal Criminal Court for the Federal District in Mexico and 28 U.S.C. § 1782(a), the Court should issue subpoenas compelling Isaac Larian, Jahanghir Makabi, Thomas Park and Daphne Gronich to provide testimony for use in connection with the prosecution of Gustavo Machado and Mariana Trueba in Mexico.

Machado and Trueba are being prosecuted in Mexico for misappropriating industrial secrets of Mattel, Inc. and its subsidiaries (collectively "Mattel"). The Mexican Court found that Isaac Larian, Jahangir Makabi, Thomas Park, and Daphne Gronich possess information relevant to that prosecution and issued a letter rogatory seeking their testimony. These witnesses were officers of MGA Entertainment, Inc. ("MGA") in 2004 and 2005 when some of them recruited Machado and Trueba to join MGA, when Machado and Trueba stole industrial secrets from Mattel, when Mexican officials executed a search warrant of the offices of MGA Mexico and discovered stolen Mattel documents and electronic files, and were administrators of MGA's Mexican subsidiary which Machado and Trueba joined as principals. These witnesses all reside in this District. The testimony adduced will be transcribed, certified and returned to the Mexican consulate for delivery to the Mexican Court for its consideration in the ongoing trial in Mexico. Pursuant to 28 U.S.C. § 1782(a), the Court should order that the subpoenas issue and the testimony be taken.

**Statement of Facts**

Gustavo Machado and Mariana Trueba are being prosecuted in Mexico for theft of industrial secrets of Mattel, Inc. and its subsidiaries (the "Mexico Action"). The Mexico Action is pending before Tenth Federal Criminal Court of the Federal District, Cause of Action 130/2007. The Tenth Federal Criminal Court has determined that Isaac Larian, Jahanghir Makabi, Thomas Park, Daphne Gronich and Marlene Parker possess information relevant to the ongoing prosecution. That court

issued Letter Rogatory 56/2010 - 2/2010 dated August 11, 2010 seeking the testimony of those witnesses about matters within their personal knowledge concerning the taking of industrial secrets belonging to Mattel and its subsidiaries (the "Letter Rogatory").[1] Specifically, the Mexican Court has determined that each of the identified witnesses possessed relevant knowledge, as follows:

> ISAAC LARIAN, who in his capacity of high-ranking employee of "MGAE Entertainment, Inc.",--as stated by the offeror of this evidence states -- sent and received e-mails related to the now defendants, and was a business administrator of "MGAE Mexico, S.A. de C.V. de R.L." at the moment of the search proceeding; likewise, such evidence represents a means so that the aforementioned witness recognizes the e-mails that he sent and received and were submitted as exhibits 81 and 84 of the initial writing of accusation and criminal complaint. By means of it, the offeror of this evidence tries to strengthen, among other issues, the fact that the aforementioned person sent, and is involved in, the e-mails found in the hard disks of the computers assigned, at that moment, by Mattel of Mexico, S.A. de C.V., to the persons being prosecuted; as well as the awareness of the taking of possession of industrial secrets which ownership belongs to the victims and the effects observed in relation to the above mentioned fact.
>
> JAHANGIR MAKABI, who was a business administrator of "MGAE Mexico, S. de R.L. de C.V." at the moment of the search proceeding. By means of it, the offeror of this evidence tries to strengthen, among

---

[1] See Exhibit A to the Declaration of Jon D. Corey ("Corey Dec."), dated June 23, 2011 and filed concurrently herewith.

1    other issues, the awareness of the taking of possession of industrial
2    secrets, which ownership belongs to the victims and the effects
3    observed in relation to the above mentioned fact.
4
5    THOMAS PARK, who in his capacity of high-ranking employee of
6    "MGAE Entertainment, Inc.", when the now defendants received the
7    offer of job with regard to the new company that would be
8    incorporated, namely "MGAE of Mexico, S. de R.L. de C.V.", and
9    when the defendants improperly took possession of the victims'
10   industrial secrets; likewise, such evidence represents a means so that
11   the aforementioned witness recognizes the e-mails that he sent and
12   received and were submitted as exhibits 81 of the initial writing of
13   accusation and criminal complaint.  By means of it, the offeror of this
14   evidence tries to strengthen, among other issues, the fact that the
15   aforementioned person sent, and is involved in, the e-mails found in the
16   hard disks of the computers assigned, at that moment, by Mattel of
17   Mexico, S.A. de C.V., to the persons being prosecuted; as well as the
18   awareness of the taking of possession of industrial secrets which
19   ownership belongs to the victims and the effects observed in relation to
20   the above mentioned fact.
21
22   DAPHNE GRONICH, who in her capacity of high-ranking employee
23   of "MGAE Entertainment, Inc.", when the now defendants received the
24   offer of job with regard to the new company that would be
25   incorporated, namely, "MGAE of Mexico, S. de R.L. de C.V.", and
26   when the defendants improperly took possession of the victims'
27   industrial secrets, likewise, such evidence represents a means so that
28   the aforementioned witness recognizes the e-mails that she sent and

received and were submitted as exhibits 81 and 84 of the initial writing of accusation and criminal complaint.  By means of it, the offeror of this evidence tries to strengthen, among other issues, the fact that the aforementioned person sent, and is involved in, the e-mails found in the hard disks of the computers assigned, at that moment, by Mattel of Mexico, S.A. de C.V., to the persons being prosecuted; as well as the awareness of the taking of possession of industrial secrets which ownership belongs to the victims and the effects observed in relation to the above mentioned fact.[2]

Consistent with the practice in Mexico, the Letter Rogatory includes questions to be asked of each of those witnesses that the Mexican Court has approved.[3]

The Letter Rogatory was delivered to the Mexican consulate in Los Angeles, California.  The authorized consul tendered the Letter Rogatory to Jon Corey, counsel for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.,  for presentation to the Court, which is done by way of the concurrently filed application.[4]

## Argument

### I. THE LETTER ROGATORY SATISFIES THE REQUIREMENTS OF SECTION 1782

Section 1782(a) provides a mechanism for district courts to assist foreign tribunals seeking evidence in the United States.  The statute reads:

---

[2]   See Corey Dec. Ex. A at 16-18 (Ms. Parker does not appear to be a resident of this district, but the right to amend its application is reserved if later it is determined that she can be found in the district.).

[3]   Id. at 10 (holding that questions for the witnesses "are considered as legal by this Court"); see id. at 39-68, 175-203, 233-260, 355-383.

[4]   See Corey Dec. Ex. B.

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusations. The order may be pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). The Tenth Federal Criminal Court's Letter Rogatory satisfies each of the statute's requirements.

### A. The Witnesses From Whom Testimony Is Sought Reside In This District

The Letter Rogatory seeks testimony from four witnesses in this District: Isaac Larian, Jahangir Makabi, Thomas Park and Daphne Gronich. Mr. Larian, Chief Executive Officer and majority owner of MGA Entertainment, Inc., resides at 237 North Carolwood Drive, Los Angeles, California 90077. Mr. Makabi, owner of a minority interest in MGA Entertainment, Inc., resides at 156 Copley Place, Beverly Hills, California 90210. Mr. Park, former Chief Operating Officer of MGA Entertainment, Inc., resides at 24236 Valley Street, Newhall, California 91321. Ms. Gronich, former General Counsel of MGA Entertainment, Inc., resides in this District at 611 North Las Casas Avenue, Pacific Palisades, California 90272.

### B. The Evidence Sought Is For Use In The Mexico Action

The testimony requested in the Letter Rogatory is for use in the Mexico Action. The Mexican Court issued the Letter Rogatory seeking the testimony of

the identified witnesses.[5] The Mexican Court reviewed and approved the basis of the testimony sought.[6] Both the Letter Rogatory and the Consular Officer specifically request that the transcribed testimony be returned to the Mexican Court.[7]

### C. The Mexican Court Is A "Foreign or International Tribunal"

The statute recognizes that an order permitting the collection of evidence "may be pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal." 28 U.S.C. § 1782(a). The Mexican court is a foreign tribunal. The Mexican court issued a letter rogatory seeking the assistance of this Court in obtaining relevant testimony from the identified witnesses.[8]

Because Mattel's application meets all of the requirements of Section 1782, this Court should authorize service of the subpoenas commanding Isaac Larian, Jahangir Makabi, Thomas Park and Daphne Gronich to appear and to provide testimony for use in the Mexico Action.

## II. THE COURT SHOULD EXERCISE ITS BROAD DISCRETION UNDER SECTION 1782 AND GRANT THE APPLICATION

While the Letter Rogatory meets each of the requirements of section 1782, the Supreme Court has recognized that district courts have discretion to grant or deny the testimony sought under that statute. See Intel Corp. v. Advanced Micro Devices,

---

[5] See generally Corey Dec. Ex. A.

[6] See Corey Dec. Ex. A at 10 (holding that questions for the witnesses "are considered as legal by this Court").

[7] See Corey Dec. Ex. A at 12; id Ex. B at 3 (of certified translation).

[8] Mattel, Inc. and Mattel de Mexico, S.A. de C.V. as complaining victims are also "interested persons" as that term is used in 28 U.S.C. § 1782. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 256 (2004) (rejecting argument that a complainant who triggers a European Commission antitrust investigation and has the right to submit information in connection with the investigation is not an "interested party").

Inc., 542 U.S. 241, 260-61 (2004). The Court should consider the following factors in determining whether to exercise its discretion to grant an application under section 1782:

- "the person from whom discovery is sought is a participant in the foreign proceeding";
- "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";
- whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and
- whether the request is "unduly intrusive or burdensome."

In re Premises Located at 840 140th Ave., N.E., 634 F.3d 557, 563 (9th Cir. 2011) (quoting Intel, 542 U.S. at 264–65). Each of those factors weighs in favor of granting the testimony sought in the Letter Rogatory.

### A. No Witness From Whom Testimony Is Sought Is A Participant In the Mexican Proceeding

The Supreme Court recognized that assistance of a federal court is most necessary when the testimony is sought from a non-participant in the foreign proceedings. See Intel, U.S. 542 at 264 ("in contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."); In re Application of Guy, 2004 WL 1857580, *3 (S.D.N.Y. Aug. 19, 2004) (authorizing discovery from non-participants to action pending before the English High Court of Justice).

Larian, Makabi, Gronich and Park are not parties to nor participants in the Mexican proceeding. The Letter Rogatory describes the Mexican proceeding as being against Gustavo Machado, Mariana Trueba and (formerly) Pablo Vargas.[9] It does not identify any witness as being a participant in the Mexican proceeding. Larian, Makabi, Gronich and Park do not reside in Mexico, they reside in the United States. See Part I.A. To Mattel's knowledge, Larian, Makabi, Gronich and Park do not regularly travel to Mexico. As a result, the Tenth Federal Criminal Court in Mexico is without means to obtain their testimony other than by letter rogatory. Because these witnesses reside in this District (and not in Mexico), this factor weighs in favor of issuing the subpoenas and allowing the development of the requested evidence.

### B. The Mexican Court Would Be Receptive to the Requested Evidence Because the Mexican Court Sought It

The second consideration is whether the Mexican court would be receptive to the requested discovery. Intel, 542 U.S. at 265 (noting that Section 1782 relief should be granted where the requested discovery would be of assistance in the foreign proceeding). The Mexican court will be receptive to the requested testimony of these witnesses. It issued the Letter Rogatory seeking the testimony and approved questions to be asked of the witnesses.[10] This factor weighs in favor of ordering the issuance of the subpoenas.

---

[9] See Corey Dec. Ex. A.

[10] See Corey Dec. Ex. A at 10.

### C. Similar Prior Grants of Section 1782 Applications in Aid of Mexican Proceedings Indicate The Application Would Not Circumvent Any Restrictions on Evidence Collection

Only "authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782" would justify a decision by a court to deny the assistance offered by the Act. See Application of Esses, 101 F.3d 873, 876 (2d Cir. 1996). No such proof exists here. To the contrary, the Mexican Court issued a specific Letter Rogatory, consistent with Mexican law and procedure, to obtain the requested testimony for use in the Mexico Action.[11]

The issuance of the requested subpoenas would not be unprecedented. At least one district court has provided evidence in response to a letter rogatory issued by a Mexican court. See Playa/USA Corp. v. Playasol, S.A., 1981 U.S. Dist. LEXIS 14178 at *4-*5 (N.D. Ill. 1981) (sending certified copy of all documents of record in a civil action). In addition, district courts have granted applications under 28 U.S.C. § 1782 for evidence to be used in proceedings in Mexico. In re Application of Grupo Summa, S.A. de C.V., 2005 WL 937486 (S.D.N.Y. April 22, 2005) (granting application under 28 U.S.C. § 1782 for evidence to be used in a pending civil case in Mexico); In re Application of National Broadcasting Company, Inc., 1997 WL 33442116 *3 (S.D.N.Y. August 1, 1997) (granting application under 28 U.S.C. § 1782 for evidence to be used in an ICC arbitration in Mexico). This factor weighs in favor of granting the Application.

### D. The Discovery Would Not be Unduly Intrusive or Burdensome

The testimony sought by the Letter Rogatory would be neither intrusive nor burdensome. See Intel, 542 U.S. at 265 (citing burden and intrusiveness as relevant considerations). The potential burden and expense of each witness appearing and providing testimony would be minimal. Depositions are commonplace. The scope

---

[11]  See Corey Dec. Ex. A.

of the inquiry is limited. No witness would be required to travel a significant distance to be deposed. Fed. R. Civ. P. 45(b)(2); see also Esses, 101 F.3d at 876 (affirming limited discovery where there was no "indication that the district court's order is overly burdensome or duplicative"). This factor weighs in favor of granting the Application.

### III. THE ORDER SHOULD ENCOMPASS THE FOLLOWING MATTERS TO BE CONSISTENT WITH THE LETTER ROGATORY AND TO ENSURE DELIVERY OF THE TESTIMONY TO THE MEXICAN COURT

The taking of evidence pursuant to section 1782(a) is governed by the Federal Rules of Civil Procedure by default, but the Court has the authority to make orders to ensure that the evidence is developed in such a way to be useful to the requesting tribunal. 28 U.S.C. § 1782(a) ("To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure."). To comply with the requirements of the Letter Rogatory, any order entered by the Court should address the following issues.

First, the testimony is for use by a Mexican court consistent with questions approved by that Court. It therefore makes sense that the Court permit Mattel's Mexican counsel, Francisco Tiburcio and/or Juan Carlos Manrique, to do some or all of the questioning to ensure that the testimony is developed in such a way to be useful for the Mexican Court.

Second, the Letter Rogatory and the consular officer responsible for the Letter Rogatory each requested that the transcript or transcripts of the testimony, once taken, be certified by the Court.[12] Once certified, the transcripts shall be delivered

---

[12] See Corey Dec. Ex. A at 12; id Ex. B at 3 (of certified translation).

to the Mexican consular officer, who shall in turn deliver them directly to the Mexican court.  For purposes of certifying the transcripts for transmission to the Mexican court, the certification should be by apostille.  <u>See</u> <u>generally</u> <u>Fed. R. Civ. Proc.</u> 44 and the Hague Convention Abolishing the Requirement for Legalisation of Foreign Public Documents (adopted at 527 U.N.T.S. 189; TIAS 10072) (appended to <u>Rule</u> 44)  (the "Convention").  The Convention authorizes courts and other competent authorities to authenticate documents for use in foreign proceedings by affixing an "apostille."  "An 'apostille' is an international method for verification of foreign documents similar to notarization." <u>Corovic v. Mukasey</u>, 519 F.3d 90, 93 (2d Cir. 2008).  Because "[t]he Convention requires parties to the Convention to legalize documents exclusively by apostille,"  an apostille is the proper manner in which to authenticate the transcripts for use in the Mexican proceedings.  <u>Corovic</u>, 519 F.3d at 93; <u>see also</u> <u>Norris v. Arizona,</u> 2008 WL 752614, at *2 (D. Ariz., March 18, 2008).  Accordingly, the Court should order that a clerk of the Court, upon presentation of the Court's order and the transcripts of testimony taken pursuant to the Letter Rogatory, shall certify the transcripts by apostille.  <u>See</u> United States District Form AO 393; <u>Fed. R. Civ. P.</u> 44 cmt. (1991 Amd.).

## Conclusion

For the foregoing reasons, the Court should order the issuance of subpoenas commanding Isaac Larian, Daphne Gronich, Jahangir Makabi and Thomas Park to appear and to provide testimony for use in the Mexico Action.

DATED:  June 30, 2011         QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Jon Corey
Jon Corey
Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.