

*"Los últimos años de justicia en México, 1810-1910-2010"*



PODER JUDICIAL DE LA FEDERACIÓN



SRIA.   V.
C.P.    130/2007
EXH.    56/2010-2/2010

LOURDES ROSALES CABRERA, SECRETARIA DEL JUZGADO DÉCIMO DE DISTRITO DE PROCESOS PENALES FEDERALES EN EL DISTRITO FEDERAL, EN FUNCIONES DE JUEZ DE DISTRITO, EN TÉRMINOS DEL ARTÍCULO 81, FRACCIÓN XXII DE LA LEY ORGÁNICA DEL PODER JUDICIAL DE LA FEDERACIÓN, A USTED JUEZ COMPETENTE EN EL ESTADO DE CALIFORNIA, CON SEDE EN LOS ANGELES, DE LOS ESTADOS UNIDOS DE AMERICA, A QUIEN TENGO EL HONOR DE DIRIGIRME, HAGO SABER QUE EN LA CAUSA PENAL 130/2007, INSTRUIDA CONTRA MARIANA TRUEBA ALMADA, PABLO VARGAS SAN JOSÉ y CARLOS GUSTAVO MACHADO GÓMEZ, POR EL DELITO PREVISTO EN EL ARTÍCULO 223, FRACCIÓN V DE LA LEY DE LA PROPIEDAD INDUSTRIAL Y OTRO; SE DICTÓ UN AUTO QUE EN LO CONDUCENTE DICE:







*"MÉXICO, DISTRITO FEDERAL, ONCE DE AGOSTO DE DOS MIL DIEZ.*

*...*

*En otro contexto, en cumplimiento al fallo de tres de mayo de dos mil diez, dictado por el Magistrado del Primer Tribunal Unitario en Materia Penal del Primer Circuito, en el toca penal 106/2008, en cumplimiento a lo resuelto en el juicio de amparo indirecto 35/2009, del índice del Segundo Tribunal Unitario en Materia Penal del Primer Circuito, en términos del proveído de veinticinco de abril de dos mil diez; para el desahogo de las pruebas testimoniales y reconocimiento de documentos a cargo de ISAAC LARIAN, JAHANGIR MAKABI, TOMAS PARK, DAPHNE GRONICH y MARLENE PARKER, ofrecidas por la coadyuvancia de la representación social de la Federación, de quienes señaló pueden ser localizadas en el domicilio ubicado en 16300 Roscoe Boulevard, Suite 150, Van Nuys, CA., 91406, que según refirió corresponde al domicilio de MGA Entertainment, así, tomando en cuenta que los testigos tienen su domicilio en los Estados Unidos de América, con apoyo en lo dispuesto en los artículos 58, 59 y 60 del Código Federal de Procedimientos Penales, en relación con la fracción V del artículo 44 de la Ley del Servicio Exterior Mexicano y fracción VIII del numeral 78 del Reglamento de la ley especial en cita, a través de la Secretaría de Relaciones Exteriores y del jefe de la Oficina Consular de esa Secretaría en los Estados Unidos de América, GÍRESE ATENTO EXHORTO INTERNACIONAL, al juez competente en el Estado de California, con sede en los Ángeles, de los Estados Unidos de América, a fin de que no exista impedimento de conformidad con la legislación interna de ese país, en auxilio de las labores de este Juzgado Décimo de Distrito de Procesos Penales Federales en el Distrito Federal, con la intervención de los apoderados en términos de ley de Mattel Inc., Mattel de México, Sociedad Anónima de Capital Variable y Mattel Servicios, Sociedad Anónima de Capital Variable, como coadyuvante de la representación social de la Federación; de los profesionales Ricardo Franco Guzmán y César Antonio Prieto Palma como defensores particulares de los procesados MARIANA TRUEBA ALMADA y CARLOS GUSTAVO MACHADO GÓMEZ; del defensor público de la adscripción del órgano jurisdiccional que conozca del asunto como defensor del procesado PABLO VARGAS SAN JOSÉ; del fiscal Federal que corresponda al juzgado competente; así como, de los procesados MARIANA TRUEBA ALMADA, CARLOS GUSTAVO MACHADO GÓMEZ y PABLO VARGAS SAN JOSÉ, en el supuesto de que asistan a la diligencia; se sirva desahogar la prueba testimonial y reconocimiento de documentos a cargo de ISAAC LARIAN, JAHANGIR MAKABI, TOMAS PARK, DAPHNE GRONICH y MARLENE PARKER, al tenor de los interrogatorios formulados por escrito para tal efecto por Juan Carlos Manrique Moya, en su carácter de apoderado de Mattel Inc., Mattel de México, Sociedad Anónima de Capital Variable y Mattel Servicios, Sociedad Anónima de Capital Variable, como coadyuvante de la agente del Ministerio Público de la Federación, los que son calificados de legales por este tribunal; en el supuesto de que en el desarrollo de tales diligencias, respectivamente, se solicite la ampliación de los interrogatorios en mención, se faculta a la autoridad judicial del conocimiento para la previa calificación de los mismos, en términos de su legislación aplicable, al igual que de aquéllos que lleguen a formular los defensores de los procesados y éstos últimos en caso de asistir, de igual modo los cuestionamientos que llegase a formular el fiscal Federal correspondiente; asimismo, se le faculta para hacer uso de los medios legales con los que cuenta para lograr la comparecencia de los testigos mencionados y el desahogo de las pruebas a su cargo, hacer los apercibimientos que correspondan, así como hacerlos efectivos, esto es, que utilice todos los medios a su alcance y recursos*

*legales conducentes para lograr la encomienda solicitada en términos de su legislación aplicable.*

*Para el desahogo de la diligencia encomendada, remítase como anexo de la comunicación oficial internacional:*

*a). Copia autorizada de la parte relativa del fallo de tres de mayo de dos mil diez, dictado por el Magistrado del Primer Tribunal Unitario en Materia Penal del Primer Circuito, en el toca penal 106/2008;*

*b). Los documentos que serán motivo de reconocimiento por parte de los testigos ISAAC LARIAN, JAHANGIR MAKABI, TOMAS PARK, DAPHNE GRONICH y MARLENE PARKER;*

*c). Los escritos de Juan Carlos Manrique Moya, en su carácter de apoderado de Mattel Inc., Mattel de México, Sociedad Anónima de Capital Variable y Mattel Servicios, Sociedad Anónima de Capital Variable, como coadyuvante de la agente del Ministerio Público de la Federación, que contienen los interrogatorios relativos; y, en forma electrónica.*

*En cuanto a los documentos que se encuentran en este idioma, deberán remitirse con su traducción al idioma inglés; de la misma manera, envíese la traducción del exhorto internacional respectivo.*

*Por tanto, conforme a lo dispuesto en el numeral 58 del Código Federal de Procedimientos Penales, en concordancia con la fracción IX del ordinal 85 de la Ley Orgánica del Poder Judicial de la Federación, una vez que se cuente con la traducción de la comunicación oficial en comento, sin ulterior proveído, solicítese atentamente al Ministro Presidente del Consejo de la Judicatura Federal la legalización de las firmas de los servidores públicos que obran al calce del exhorto internacional o carta rogatoria que se envíe y se sirva remitirlos a la Secretaría de Relaciones Exteriores para su debida diligenciación.*

*NOTIFÍQUESE PERSONALMENTE.*

*Así, lo proveyó y firma Lourdes Rosales Cabrera, secretaria del Juzgado Décimo de Distrito de Procesos Penales Federales en el Distrito Federal, en funciones de juez de Distrito, en términos del artículo 81, fracción XXII de la Ley Orgánica del Poder Judicial de la Federación, autorizada por la Comisión de Carrera Judicial del Consejo de la Judicatura Federal, en sesión celebrada el cinco de julio del año en curso, por vacaciones de la titular del órgano jurisdiccional, asistida de Rafael Jiménez Carlos, secretario que autoriza. DOY FE. AL CALCE DOS FIRMAS ILEGIBLES."*

Y PARA LO QUE POR MI ORDENADO TENGA SU MAS FIEL Y DEBIDO CUMPLIMIENTO, EN NOMBRE DEL PODER JUDICIAL DE LA FEDERACIÓN LO EXHORTO PARA QUE UNA VEZ QUE EL PRESENTE SEA EN SU PODER SE SIRVA DILIGENCIARLO Y HECHO LO ANTERIOR, LO DEVUELVA A LA MAYOR BREVEDAD POSIBLE, SEGURO DE MI RECIPROCIDAD EN CASOS ANÁLOGOS, MÉXICO, DISTRITO FEDERAL A ONCE DE AGOSTO DE DOS MIL DIEZ.

A T E N T A M E N T E.

SECRETARIA DEL JUZGADO DÉCIMO DE DISTRITO DE PROCESOS PENALES FEDERALES EN EL DISTRITO FEDERAL, EN FUNCIONES DE JUEZ DE DISTRITO, EN TÉRMINOS DEL ARTÍCULO 81, FRACCIÓN XXII DE LA LEY ORGÁNICA DEL PODER JUDICIAL DE LA FEDERACIÓN, POR VACACIONES DE LA TITULAR.

LOURDES ROSALES CABRERA.

SECRETARIO

RAFAEL JIMÉNEZ CARLOS



L.F. 118/2010

LA LICENCIADA MARÍA DOLORES OMAÑA RAMÍREZ, SECRETARIA EJECUTIVA DEL PLENO Y DE LA PRESIDENCIA DEL CONSEJO DE LA JUDICATURA FEDERAL, de conformidad con lo que disponen los artículos 85, fracción IX, de la Ley Orgánica del Poder Judicial de la Federación y 70, fracciones XVII y XVIII, del Acuerdo General del Pleno del Consejo de la Judicatura Federal, que Reglamenta la Organización y Funcionamiento del propio Consejo, así como del Acuerdo de dieciséis de enero del presente año, por el que se delega en la Secretaria Ejecutiva del Pleno y de la Presidencia del Consejo de la Judicatura Federal, la facultad de legalizar la firma de los servidores públicos del Poder Judicial de la Federación en los casos en que la ley exija este requisito; hace constar que, las firmas que obran al calce del exhorto que se describe a continuación, pertenecen a los licenciados Lourdes Rosales Cabrera y Rafael Jiménez Carlos, servidores públicos del Poder Judicial de la Federación, con los cargos de secretaria en funciones de juez de Distrito y secretario del Juzgado Décimo de Distrito de Procesos Penales Federales en el Distrito Federal, respectivamente, tal y como se desprende del documento, rubricado y sellado.

Exhorto 56/2010-2/2010 de once de agosto del presente año, en una foja útil, dirigido al Juez Competente en el Estado de California, con sede en Los Ángeles, de los Estados Unidos de América, derivado de la causa penal 130/2007, del índice del Juzgado Décimo de Distrito de Procesos Penales Federales en el Distrito Federal, instruida contra Mariana Trueba Almada, Pablo Vargas San José y Carlos Gustavo Machado Gómez.

México, Distrito Federal, a veintisiete de septiembre de dos mil diez.

LA SECRETARIA EJECUTIVA DEL PLENO Y DE LA PRESIDENCIA DEL CONSEJO DE LA JUDICATURA FEDERAL

MARÍA DOLORES OMAÑA RAMÍREZ



APOSTILLE

(Convention de La Haye du 5 octobre 1961)

SECRETARÍA DE GOBERNACIÓN

1. País (country/pays): México

El presente documento público
(This public document / Le present acte public)

2. ha sido firmado por:     LIC. MARÍA DOLORES OMAÑA RAMÍREZ
(has been signed by / a été signé par)

3. quien actúa en calidad de:     SECRETARÍA EJECUTIVA DEL PLENO Y DE LA PRESIDENCIA DEL
(acting in the capacity of / agissant en qualité de)     CONSEJO DE LA JUDICATURA FEDERAL.

4. y está revestido del sello/ timbre de:     PODER JUDICIAL DE LA FEDERACIÓN
(bears the seal / stamp of/ est revêtu du sceau / timbre de)

Certificado
(Certified/Attesté)

5. en (at/a) MÉXICO D.F.     6. el día (the /le)     18 DE OCTUBRE DE 2010

7. por (by / par)     EL LIC. CARLOS ARMANDO REYNOSO NUÑO, TITULAR DE LA UNIDAD DE GOBIERNO DE LA SECRETARÍA DE
GOBERNACIÓN.

8. No. (N°/sous n°) 1 / 18157 / 2010     9. Sello/ timbre     10. Firma
(Seal/stamp/ Sceau)     (signature)

Tipo de Documento:     CARTA ROGATORIA
(Type of document / Type d'acte)

Nombre del Titular:     PODER JUDICIAL DE LA FEDERACIÓN
(Name of holder of document / Nom du titulaire)

Código: (code)     NJNQUFLV2

PODER JUDICIAL DE LA FEDERACIÓN
CONSEJO DE LA JUDICATURA FEDERAL

3

FORMA C 0 - 1 A



*(On the left-hand corner a seal bearing the Mexican Coat of Arms and the legend: Federal Judiciary)*

*(On the left-hand a rubber stamp bearing the Mexican Coat of Arms and the legend: Tenth District Court for Federal Criminal Proceedings in the Federal District)*

*(On the left-hand a seal bearing the legend: Bicentenary, 1810 Independence 2010, Centenary, 1910 Revolution 2010)*

*"The Justice Roads in Mexico, 1810-1910-2010"*

CRIMINAL CASE 130/2007
COURT CLERK V
LETTERS ROGATORY 56/2010-2/2010

LOURDES ROSALES CABRERA, CLERK OF TENTH DISTRICT COURT OF FEDERAL CRIMINAL PROCEEDINGS IN THE FEDERAL DISTRICT ACTING AS THE DISTRICT JUDGE, IN ACCORDANCE TO THE LAW OF ARTICLE 81, SECCTION XXII OF THE ORGANIC LAW OF THE FEDERAL JUDICIAL SYSTEM, TO THE <u>JUDGE HAVING COMPETENT JURISDICTION IN THE CALIFORNIA STATE, WITH SEAT IN LOS ANGELES, U.S.A.</u>, TO WHOM I HAVE THE HONOR TO ADDRESS, I INFORM YOU THAT IN THE CRIMINAL CASE 130/2007 FILED AGAINST MARIANA TRUEBA ALMADA, PABLO VARGAS SAN JOSE and CARLOS GUSTAVO MACHADO GOMEZ, FOR THE CRIME PROVIDED IN ARTICLE 223, SECTION V OF THE PATENT RIGHTS LAW AND OTHER; A COURT RESOLUTION WAS ORDERED WHICH READS AS FOLLOWS:

*"IN MEXICO, FEDERAL DISTRICT, AUGUST 11th, 2010*

*…*

*On the other hand, in compliance with the judgment dated May third of two thousand ten, issued by the First Unitary Court in Criminal Matters for the First Circuit, in the appellate file 106/2008, and in compliance with is settled in the judgment of the indirect amparo 35/2009, of the index of the Second Unitary Court in Criminal Matters for the First Circuit, according to the terms of the court order dated April 28, 2010; for filing of testimonial evidence and acknowledgment of documents in charge of ISAAC LARIAN, JAHANGIR MAKABI, TOMAS PARK, DAPHNE GRONICH and MARLENE PARKER, provided for the federal public prosecutor contribution, of whom he pointed out may be located in the address 16300 Roscoe, Boulevard, Suite 150, Van Nuys, CA., 91406, as is referred it belongs to the MGA Entertainment registered office, so, taking to account the witnesses have their addresses in the United States of America, in accordance with articles 58, 59 and 60 of the Federal Code of Criminal Procedures, in relation to the section V of article 44 of the Mexican Foreign Service Law and section VIII of article 78 of the special law Regulations cited above, through the Secretary of Foreign Affairs and the head of the Consular Office of that Department in the United States of America, GIVE INSTRUCTIONS RESPECTFULLY FOR LETTERS ROGATORY, to the judge having competent jurisdiction in the California*

Rev.:0                                   Ref.: IT-TR-01                                   FO-TR-07

4

FORMA CG-18



*State, with seat in Los Angeles, the United States of America, with the purpose, if there is not impediment, in accordance with the internal legislation of that country, in order to assist the duties of this Tenth District Court of Federal Criminal Proceedings in the Federal District with intervention of the attorneys-in-fact according to the terms of law of Mattel Inc., Mattel de México, Sociedad Anónima de Capital Variable and Mattel Servicios, Sociedad Anónima de Capital Variable, as contributory of the Federal public prosecutor; of professionals: Ricardo Franco Guzmán and César Antonio Prieto Palma as private defense attorneys for the defendants: MARIANA TRUEBA ALMADA and CARLOS GUSTAVO MACHADO GÓMEZ; of the public defense attorney from jurisdiction of the court of law which knows about this matter as defense attorney for defendant PABLO VARGAS SAN JOSÉ; of the Federal Attorney General with the respective court of competent jurisdiction; as well as, of the defendants: MARIANA TRUEBA ALMADA, CARLOS GUSTAVO MACHADO GÓMEZ and PABLO VARGAS SAN JOSÉ, in the case of being present to the court proceedings; to be filed the testimonial evidence and acknowledgement of documents in charge of ISAAC LARIAN, JAHANGIR MAKABI, TOMAS PARK, DAPHNE GRONICH and MARLENE PARKER, in accordance with written examinations for such purpose by Juan Carlos Manrique Moya, as an attorney-in-fact of Mattel Inc., Mattel de Mexico, Sociedad Anónima de Capital Variable y Mattel Servicios, Sociedad Anónima de Capital Variable, as a contributory of the Federal Public Prosecutor, which are considered as legal by this court; in the event of the during such proceedings, respectively, the amendment of examinations mentioned above be requested, the judicial authority awareness is entitled to give grade of them previously, in accordance with their applicable laws, and those the defendants' defense attorneys also made and in case of being present the defendants, in the same way, the examinations made by the respective Federal attorney general; as well as, he is entitled to use of legal remedies he has in order to achieve the appearance in court of the aforementioned witnesses and the filing of evidence in their charge, to make the respective warnings, as well as they become effective, that means, he uses all remedies he has and […]*



**Exhibit A**
**Page 10**





5
FORMA T.G. 8 A

[...] leading legal resources in order to achieve the grant requested, in accordance with their applicable laws.

As to the filing of the court proceedings requested, send as an attached of the international official communication the following documents:

a). An authorized copy of the judgment dated May third, 2010, ordered by the Judge of the First Unitary Court in Criminal Matters for the First Circuit, in the appellate file 106/2008.

b). The documents which shall be acknowledged by the witnesses ISAAC LARIAN, JAHANGIR MAKABI, TOMAS PARK, DAPHNE GRONICH and MARLENE PARKER;

c). The Juan Carlos Manrique Moya' documents, as the attorney-in-fact of Matterl Inc., Mattel de México, Sociedad Anónima de Capital Variable and Mattel Servicios, Sociedad Anónima de Capital Variable, as a contributory of the Federal Public Prosecutor, which have the examinations referred; and, in an electronic form.

As for the documents in this language shall be sent with their translation from Spanish to English; in the same way the translation of the respective letters rogatory shall be sent.

Therefore, in accordance with article 58 of the Code of Federal Criminal Procedures, as the section IX of article 85 to the Organic law of the Federal Judicial System, once we have the translation of official communication, the subject of the comment, without supplementary resolution, for that reason respecifully it is requested President Minister of the Federal Judicial Council the authentication of the public officers' signatures which are at the end of the letters rogatory sent and then send them to the Secretary of Foreign Affairs for their proper conducting the proceeding.

*THE FOREGOING SHALL BE PERSONALLY NOTIFIED.*

So it was determined and signed by Lourdes Rosales Cabrera, Clerk Of Tenth District Court Of Federal Criminal Proceedings In The Federal District acting as the District Judge, in accordance with article 81, section XXII of the Organic law of the Federal Judicial System, who is authorized by the Judicial Career Commission of the Federal Judicial Council, in a meeting taken place on July 5th, 2010, because of the holder judicial authority' vacation, assisted by Rafael Jiménez Carlos, court clerk who authorizes and ATTESTS. AT THE END OF THIS DOCUMENT THERE ARE TWO ILLEGIBLE SIGNATURES".

IN FURTHERANCE OF I ORDERED ABOVE AND IT MAY BE CARRIED OUT FAITHFULLY, ON BEHALF OF THE FEDERAL JUDICIAL POWER I URGE YOU TO GIVE BACK THIS DOCUMENT AS SOON AS POSSIBLE AFTER YOU RECEIVE IT AND CONDUCT THE PROCEEDINGS REQUESTED UNDER LETTERS ROGATORY; I ASSURE YOU MY REPROCITY IN SIMILAR CASES, IN MÉXICO, FEDERAL DISTRICT, and AUGUST 11TH, 2010.

SINCERELY





6
FORMA C O. 9 a



HADURIA GENERAL
DE LA
REPUBLICA

CLERK OF TENTH DISTRICT COURT OF FEDERAL CRIMINAL PROCEEDINGS IN THE FEDERAL DISTRICT ACTING AS THE DISTRICT JUDGE, IN ACCORDANCE WITH ARTICLE 81, SECTION XXII OF THE ORGANIC LAW OF THE FEDERAL JUDICIAL SYSTEM, BECAUSE OF THE HOLDER JUDICIAL AUTHORITY' VACATION.

*(illegible signature)*
**LOURDES ROSALES CABRERA.**

COURT CLERK

*(illegible signature)*
RAFAEL JIMÉNEZ CARLOS

ON AUGUST 16th, 2010, LOURDES ROSALES CABRERA, CLERK ASSIGNED TO TENTH DISTRICT COURT OF FEDERAL CRIMINAL PROCEEDINGS IN THE FEDERAL DISTRICT, CERTIFIES: THAT THIS COPY IS TRUE COPY OF THE DOCUMENTARY EVIDENCE WHICH BELONGS THE RECORDS OF THE CRIMINAL CASE 130/2007-V, WHICH ARE AUTHORIZED TO BE PROVIDED THE EXPERT ROSA BÁRBARA ELVIRA MENESES ALVAREZ, AS A SPANISH-ENGLISH EXPERT TRANSLATOR, IN COMPLIANCE WITH WAS ORDERED IN THE PROCEEDING OF THIS DATE.
*(an illegible signature)*

*(Both on the right-hand and the left-hand a rubber stamp bearing the Mexican Coat of Arms and the legend: Tenth District Court for Federal Criminal Proceedings in the Federal District)*



Atentamente,
La Perito

Rosa Bárbara Elvira Meneses Alvarez

Rev.:0                    Ref.: IT-TR-01                    FO-TR-07

Exhibit A
Page 14



FORMA CG. 4A



Foja 01 (35)

Evidence offered by the public prosecutor's Coadjutor (party assisting in the criminal action filed by the public prosecutor), from:

**ISAAC LARIAN**, who in his capacity of high-ranking employee of " MGAE Entertainment, Inc. ", --as stated by the offeror of this evidence states-- sent and received e-mails related to the now defendants, and was a business administrator of " MGAE Mexico, S.A. de C.V. de R.L" at the moment of the search proceeding; likewise, such evidence represents a means so that the aforementioned witness recognizes the e-mails that he sent and received and were submitted as exhibits 81 and 84 of the initial writing of accusation and criminal complaint. By means of it, the offeror of this evidence tries to strengthen, among other issues, the fact that the aforementioned person sent, and is involved in, the e-mails found in the hard disks of the computers assigned, at that moment, by Mattel of Mexico, S. A. de C. V., to the persons being prosecuted; as well as the awareness of the taking of possession of industrial secrets which ownership belongs to the victims and the effects observed in relation to the above mentioned fact.

**JAHANGIR MAKABI**, who was a business administrator of "MGAE Mexico, S. de R. L. de C. V. " at the moment of the search proceeding. By means of it, the offeror of this evidence tries to strengthen, among other issues, the awareness of the taking of possession of industrial secrets which ownership belongs to the victims and the effects observed in relation to the above mentioned fact.

**THOMAS PARK**, who in his capacity of high-ranking employee of "MGAE Entertainment, Inc. ", when the now defendants received the offer of job with regard to the new company that would be incorporated, namely " MGAE of Mexico, S. de R. L. de C. V. ", and when the defendants improperly took possession of the victims' industrial secrets; likewise, such evidence represents a means so that the aforementioned witness recognizes the e-mails that he sent and received and were submitted as exhibits 81 of the initial writing of accusation and criminal complaint. By means of it, the offeror of this evidence tries to strengthen, among other issues, the fact that the aforementioned person sent, and is involved in, the e-mails found in the hard disks of the computers assigned, at that moment, by Mattel of Mexico, S. A. de C. V., to the persons being prosecuted; as well as the awareness of the taking of possession of industrial secrets which ownership belongs to the victims and the effects observed in relation to the above mentioned fact.

Rev.: 0                            Ref.: IT-TR-01                            FO-TR-07



**Exhibit A**
**Page 16**



FORMA C.G. 3 A



PROCURADURIA GENERAL
DE LA
REPUBLICA



Foja 01 (35) vuelta

**DAPHNE GRONICH**, who in his capacity of high-ranking employee of "MGAE Entertainment, Inc. ", when the now defendants received the offer of job with regard to the new company that would be incorporated, namely " MGAE of Mexico, S. de R. L. de C. V. ", and when the defendants improperly took possession of the victims' industrial secrets; likewise, such evidence represents a means so that the aforementioned witness recognizes the e-mails that she sent and received and were submitted as exhibits 81 and 84 of the initial writing of accusation and criminal complaint. By means of it, the offeror of this evidence tries to strengthen, among other issues, the fact that the aforementioned person sent, and is involved in, the e-mails found in the hard disks of the computers assigned, at that moment, by Mattel of Mexico, S. A. de C. V., to the persons being prosecuted; as well as the awareness of the taking of possession of industrial secrets which ownership belongs to the victims and the effects observed in relation to the above mentioned fact.

**MARLENE PARKER**, who in his capacity of assistant to manager of "MGAE Entertainment, Inc. ", when the now defendants received the offer of job with regard to the new company that would be incorporated, namely " MGAE of Mexico, S. de R. L. de C. V. ", and when the defendants improperly took possession of the victims' industrial secrets; likewise, such evidence represents a means so that the aforementioned witness recognizes the e-mail that she sent and received and were submitted as exhibits 81 of the initial writing of accusation and criminal complaint. By means of it, the offeror of this evidence tries to strengthen, among other issues, the fact that the aforementioned person sent, and is involved in, the e-mails found in the hard disks of the computers assigned, at that moment, by Mattel of Mexico, S. A. de C. V., to the persons being prosecuted; as well as the awareness of the taking of possession of industrial secrets which ownership belongs to the victims and the effects observed in relation to the above mentioned fact.

ATENTAMENTE
EL PERITO,

Juan Carlos Varela Dorantes

Rev.: 0                    Ref.: IT-TR-01                    FO-TR-07

PODER JUDICIAL DE LA FEDERACIÓN

MÉXICO, DISTRITO FEDERAL, A TRES DE MAYO DEL AÑO DOS MIL DIEZ.

En cumplimiento a lo resuelto en el juicio de amparo indirecto 35/2009, del índice del Segundo Tribunal Unitario en Materia Penal del Primer Circuito, en términos del proveído de veintiocho de abril del año dos mil diez, se procede a resolver el presente recurso de apelación, de conformidad con lo siguiente:

De la ejecutoria en mención, se desprende que se concedió al quejoso JUAN CARLOS MANRIQUE MOYA, en su carácter de apoderado de Mattel Inc., Mattel de México, S.A. de C.V., y Mattel Servicios, S.A. de C.V., el amparo y protección de la justicia federal para el efecto de que:

*"a) Declare insubsistente el acto reclamado que es materia del presente juicio constitucional.*

*b) Dicte una nueva determinación en que deberá admitir las pruebas testimoniales y reconocimiento de documentos a cargo de ISAAC LARIAN, JAHANGIR MAKABI, TOMAS PARK, DAPHNE GRONICH y MARLENE PARKER, ofrecidas por el coadyuvante del Ministerio Público de la Federación; y, ordenar su desahogo a través del mecanismo de cooperación internacional (exhorto internacional).".*

Por lo que tomando en consideración lo anterior, se resuelve:

V I S T O S, para resolver, los autos del toca penal 106/2008, formado con motivo del recurso de apelación interpuesto por el agente del ministerio público de la Federación adscrito al juzgado de origen y por el apoderado legal de Mattel Inc., Mattel de México, S.A. de C.V., y Mattel Servicios, S.A. de C.V., en su carácter de coadyuvante de la representación social de la Federación, contra el proveído de veinticinco de febrero del año dos mil ocho, dictado por la Jueza Décima de Distrito de Procesos Penales Federales en el Distrito Federal, en los autos de la causa penal 130/2007-V, que se instruye contra MARIANA TRUEBA ALMADA, PABLO VARGAS SAN JOSÉ y CARLOS GUSTAVO MACHADO GÓMEZ; proveído en el que la autoridad jurisdiccional de primera instancia desechó las pruebas testimoniales y de reconocimiento de documentos a cargo de ISAAC LARIAN, JAHANGIR MAKABI, THOMAS PARK, DAPHNE GRONICH y MARLENE PARKER; y.

R E S U L T A N D O:

PRIMERO. La Jueza Décima de Distrito de Procesos Penales Federales en el Distrito Federal, en la parte conducente del proveído aludido, expuso lo siguiente:

"MÉXICO, DISTRITO FEDERAL, VEINTICINCO DE FEBRERO DE DOS MIL OCHO.

... Finalmente, respecto a las testimoniales y reconocimiento de documentos a cargo de ISAAC LARIAN, JAHANGIR MAKABI, THOMAS PARK, DAPHNE GRONICH y MARLENE PARKER, tomando en consideración el criterio sustentado por el Primer Tribunal Unitario en Materia Penal del Primer Circuito, al resolver el toca penal 532/2007, en el sentido de desechar las testimoniales a cargo de las personas que no tienen su domicilio en el Distrito Federal; con apoyo en los artículos 41 y 206 del Código Federal de Procedimientos Penales, se desechan por improcedentes dichas probanzas, pues de la lectura del escrito de pruebas se advierte que solicitan el reconocimiento de diversos anexos que la querellante exhibió en su escrito inicial de denuncia, lo que resulta materialmente imposible, pues solicitan que las diligencias se lleven a cabo ante el Tribunal Extranjero o el Agente Consular de la República con sede en los (sic) Ángeles California, Estados Unidos de América, siendo que los documentos que pretenden sean reconocidos, forman parte de los autos de la causa en que se actúa, lo que hace evidente el propósito de la coadyuvancia de dilatar el procedimiento de la misma, pues los testigos tendrían que comparecer ante la autoridad en ese país y ante este órgano jurisdiccional, a lo que por otra parte, de ninguna manera están obligados, dado que no existe disposición legal que obligue al testigo que tenga su residencia fuera de la jurisdicción del juzgado de origen e incluso fuera del territorio nacional, a trasladarse al lugar del juicio para participar en las diligencias correspondientes. ...".



SEGUNDO. Inconformes con la anterior resolución, el agente del ministerio público de la Federación adscrito al juzgado de origen y el coadyuvante de éste, apoderado legal de Mattel Inc., Mattel de México, S.A. de C.V., y Mattel Servicios, S.A. de C.V., interpusieron recurso de apelación mismo que se admitió en el efecto devolutivo, mediante proveído de siete de marzo del año dos mil ocho; fecha en la que se ordenó la remisión del duplicado de la causa penal 130/2007-V al Tribunal Unitario en Materia Penal del Primer Circuito en turno, para la substanciación del recurso, del cual tocó conocer a este Primer Tribunal Unitario.

TERCERO. Recibidos los autos en este tribunal, mediante proveído de catorce de marzo del año dos mil ocho, se radicó el toca penal bajo el número 106/2008; auto en el que se dio vista a

*ejercicio de la facultad que le confiere el artículo 13, fracción XII, de la Ley Orgánica del Poder Judicial de la Federación.".*

En consecuencia, al resultar fundados los motivos de inconformidad que exponen los apelantes y en estricto acatamiento a los lineamientos establecidos en la ejecutoria de amparo indirecto 35/2009, del índice del Segundo Tribunal Unitario en Materia Penal del Primer Circuito, lo procedente es **MODIFICAR** la parte conducente del **proveído de veinticinco de febrero del año dos mil ocho**, dictado por la **Jueza Décima de Distrito de Procesos Penales Federales en el Distrito Federal**, en los autos de la causa penal 130/2007-V; por lo consiguiente, con fundamento en lo dispuesto por los artículos 41 y 206 del Código Federal de Procedimientos Penales, se admiten las pruebas ofrecidas por el coadyuvante del agente del ministerio público, a cargo de:



**ISAAC LARIAN**, quien en su carácter de funcionario de "MGAE Entertainment, Inc.", aduce el oferente de la prueba, envió y recibió correos electrónicos vinculados a los ahora procesados y quien al momento de la diligencia del cateo, era administrador de "MGAE México, S.A. de R.L. de C.V."; asimismo, como un medio para que dicho testigo reconozca los correos electrónicos que envió y recibió, los cuales se exhibieron como anexos 81 y 84 del escrito inicial de denuncia y querella. Con ello, el oferente de la prueba pretende robustecer, entre otras cuestiones, el envío e involucramiento por parte de dicha persona en los correos localizados en los discos duros de las computadoras que en su oportunidad se encontraban asignadas a los ahora procesados por parte de Mattel de México, S.A. de C.V.; así como el conocimiento que en su caso se tuvo sobre el apoderamiento de secretos industriales cuya titularidad corresponde a las víctimas y los efectos que en su caso se observaron en relación con dicho extremo.

**JAHANGIR MAKABI**, quien en el momento de la diligencia del cateo, era administrador de "MGAE México, S. de R.L. de C.V.". Con ello, el oferente de la prueba pretende robustecer, entre otras cuestiones, el conocimiento que en su caso, se tuvo sobre el apoderamiento de secretos industriales cuya titularidad corresponde a las víctimas y los efectos que en su caso se observaron en relación con dicho extremo.

**THOMAS PARK**, quien era funcionario de "MGAE Entertainment, Inc.", en el momento en que los ahora procesados recibieron el ofrecimiento de trabajo respecto a la nueva empresa que sería creada, esto es "MGAE de México, S. de R.L. de C.V." y cuando los inculpados se apoderaron indebidamente de los secretos industriales de las ofendidas; asimismo, como un medio para que dicho testigo reconozca los correos electrónicos que envió y recibió, los cuales se exhibieron como anexo 81 del escrito inicial

de denuncia y querella. Con ello, el oferente de la prueba pretende robustecer, entre otras cuestiones, el envío e involucramiento por parte de dicha persona en los correos localizados en los discos duros de las computadoras que en su oportunidad se encontraban asignadas a los ahora procesados por parte de "Mattel de México, S.A. de C.V."; así como el conocimiento que en su caso se tuvo al interior de "MGAE de México, S. de R.L. de C.V.", sobre el apoderamiento de secretos industriales cuya titularidad corresponde a las víctimas y los efectos que en su caso, se observaron en relación con dicho extremo.

DAPHNE GRONICH, quien era funcionaria de "MGAE Entertainment, Inc.", en el momento en que los ahora procesados recibieron el ofrecimiento de trabajo respecto a la nueva empresa que sería creada, esto es "MGAE de México, S. de R.L. de C.V.", y cuando los inculpados se apoderaron indebidamente de los secretos industriales de las ofendidas; asimismo, como un medio para que dicha testigo reconozca los correos electrónicos que recibió, los cuales se exhibieron como anexos 81 y 84 del escrito inicial de denuncia y querella. Con ello, el oferente de la prueba pretende robustecer, entre otras cuestiones, el envío e involucramiento por parte de dicha persona, en los correos localizados en los discos duros de las computadoras que en su oportunidad se encontraban asignadas a los ahora procesados por parte de "Mattel de México, S.A. de C.V."; así como el conocimiento que en su caso se tuvo sobre el apoderamiento de secretos industriales cuya titularidad corresponde a las víctimas y los efectos que en su caso se observaron en relación con dicho extremo.



MARLENE PARKER, quien era asistente ejecutivo de "MGAE Entertainment, Inc.", en el momento en que los ahora procesados recibieron el ofrecimiento de trabajo respecto a la nueva empresa que sería creada, esto es "MGAE de México, S. de R.L. de C.V.", y cuando los inculpados se apoderaron indebidamente de los secretos industriales de las ofendidas; asimismo, como un medio para que dicha testigo reconozca el correo electrónico que envió, el cual se exhibió como anexo 81 del escrito inicial de denuncia y querella. Con ello, el oferente de la prueba pretende robustecer, entre otras cuestiones, el envío e involucramiento por parte de dicha persona en los correos localizados en los discos duros de las computadoras que en su oportunidad se encontraban asignadas a los ahora procesados por parte de "Mattel de México, S.A. de C.V.", así como el conocimiento que en su caso se tuvo sobre el apoderamiento de secretos industriales cuya titularidad corresponde a las víctimas y los efectos que en su caso, se observaron en relación con dicho extremo.

Por tanto, se ordena su desahogo a través del medio de cooperación internacional (exhorto internacional), en atención a lo dispuesto por los artículos 14, fracción VI, y 33, fracción VIII, del

PODER JUDICIAL DE LA FEDERACIÓN

Reglamento Interior de la Secretaría de Relaciones Exteriores; el numeral 44, fracción V, de la Ley del Servicio Exterior Mexicano; así como el ordenamiento 87 del Reglamento de la Ley del Servicio Exterior Mexicano; luego, con base en los artículos 58, 59 y 60 del Código Federal de Procedimientos Penales, así como el diverso numeral 14, fracción VIII, de la Ley Orgánica del Poder Judicial de la Federación. Para lo cual, la autoridad jurisdiccional de primera instancia, deberá tomar las providencias conducentes conforme a la ley.

Por lo expuesto y fundado, además con apoyo en los artículos 21 y 104, fracción I, de la Constitución Política de los Estados Unidos Mexicanos; 363, 383 y 389 del Código Federal de Procedimientos Penales y 29, fracción II, de la Ley Orgánica del Poder Judicial de la Federación; así como los artículos 80, 104 y 105 de la Ley de Amparo, es de resolver y se:

RESUELVE:

PRIMERO. En cumplimiento a lo resuelto en el juicio de amparo indirecto 35/2009, del índice del Segundo Tribunal Unitario en Materia Penal del Primer Circuito, se reitera lo acordado en proveído de veintiocho de abril del año dos mil diez, en que se declaró insubsistente la sentencia que este tribunal emitió el diez de noviembre del año dos mil nueve, en el toca penal 106/2008, en substitución de esa resolución, se dicta esta otra en acatamiento a los lineamientos trazados en la mencionada ejecutoria, en lo que atañe a lo que fue materia de la protección constitucional, se resuelve, para quedar en los términos siguientes:

SEGUNDO. Se determina que el agente del Ministerio Público de la Federación, así como el apoderado legal de Mattel Inc., **Mattel de México, S.A. de C.V.,** y Mattel Servicios, S.A. de C.V., en su carácter de coadyuvante de la representación social de la Federación, se encuentran legitimados para interponer el recurso de apelación contra la parte conducente del proveído de veinticinco de febrero del año dos mil ocho, dictado por la Jueza Décima de **Distrito de Procesos Penales Federales en el Distrito Federal,** en los autos de la causa penal 130/2007-V; lo anterior, con base en los argumentos expuestos por este resolutor de alzada en el considerando quinto de la presente ejecutoria; en consecuencia, se declara bien admitido el recurso de apelación interpuesto por los citados apelantes.

TERCERO. Se MODIFICA la parte recurrida del proveído de veinticinco de febrero del año dos mil ocho, dictado por la Jueza Décima de Distrito de Procesos Penales Federales en el Distrito Federal, en los autos de la causa penal 130/2007-V, que se instruye contra **MARIANA TRUEBA ALMADA, PABLO VARGAS**

*TOCA PENAL 106/2008*

SAN JOSÉ y CARLOS GUSTAVO MACHADO GÓMEZ; por lo consiguiente, con fundamento en lo dispuesto por los artículos 41 y 206 del Código Federal de Procedimientos Penales, se admiten y se ordena el desahogo de las pruebas ofrecidas por el coadyuvante del agente del ministerio público, a cargo de ISAAC LARIAN, JAHANGIR MAKABI, TOMAS PARK, DAPHNE GRONICH y MARLENE PARKER; lo anterior, de conformidad con los lineamientos establecidos en el considerando noveno del presente fallo.

CUARTO. Por no ser materia del presente recurso de apelación, quedan intocados los restantes aspectos del auto de veinticinco de febrero del año dos mil ocho, dictado por la Jueza Décima de Distrito de Procesos Penales Federales en el Distrito Federal.

NOTIFÍQUESE     PERSONALMENTE;     remítase inmediatamente testimonio autorizado de la presente resolución al Segundo Tribunal Unitario en Materia Penal del Primer Circuito, para los efectos legales a que haya lugar; háganse las anotaciones respectivas en el libro de gobierno de este tribunal y estadística; expídanse las copias certificadas y los oficios de ley; con testimonio autorizado de la presente resolución, devuélvase al juzgado del conocimiento el testimonio certificado, en veintidós tomos y ocho anexos, de la causa penal 130/2007; en su oportunidad, archívese el presente toca penal como asunto concluido.

A S Í, lo resolvió y firma el licenciado JORGE FERMÍN RIVERA QUINTANA, Magistrado del Primer Tribunal Unitario en Materia Penal del Primer Circuito, ante el Secretario licenciado Javier Eduardo Estrever Ramos, con quien actúa, autoriza y da fe. *RÚBRICAS.- LIC. JORGE FERMÍN RIVERA QUINTANA, MAGISTRADO. LIC. JAVIER EDUARDO ESTREVER RAMOS, SECRETARIO.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - ES COPIA DE SU ORIGINAL QUE OBRA EN EL TOCA PENAL 106/2008, LA CUAL FUE COTEJADA Y COMPULSADA PARA SER REMITIDA AL JUZGADO DEL CONOCIMIENTO, A DIVERSA AUTORIDAD, ASÍ COMO PARA SER ENTREGADA A LA REPRESENTACIÓN SOCIAL DE LA FEDERACIÓN ADSCRITA, CONSTANTE DE TREINTA Y OCHO PÁGINAS ÚTILES. LO CERTIFICO EN LA CIUDAD DE MÉXICO, DISTRITO FEDERAL, A LOS TRES DÍAS DE MAYO DEL AÑO DOS MIL DIEZ. DOY FE.*

*EL SECRETARIO DEL PRIMER TRIBUNAL UNITARIO EN MATERIA PENAL DEL PRIMER CIRCUITO.*

PRIMER TRIBUNAL UNITARIO EN
MATERIA PENAL DEL PRIMER
CIRCUITO EN MÉXICO, D.F.

*JAVIER EDUARDO ESTREVER RAMOS.*

EN VEINTICUATRO DE SEPTIEMBRE DE DOS MIL DIEZ, LOURDES ROSALES CABRERA, SECRETARIA ADSCRITA AL JUZGADO DÉCIMO DE DISTRITO DE PROCESOS PENALES FEDERALES EN EL DISTRITO FEDERAL CERTIFICA, QUE LAS PRESENTES COPIAS CONSTANTES DE 9FOJAS, SON FIEL Y EXACTA REPRODUCCIÓN DE LAS CONSTANCIAS QUE INTEGRAN LOS AUTOS DE LA CAUSA PENAL 130/2007 Y LAS CUALES AUTORIZAN PARA SER ENVIADAS COMO ANEXO AL EXHORTO 66/2010-3/2010 DIRIGIDO AL JUEZ COMPETENTE EN EL ESTADO DE CALIFORNIA, CON SEDE EN LOS ESTADOS UNIDOS DE AMÉRICA. DOY FE.



FORMA C.E-002

L.F. 118/2010



LA LICENCIADA MARÍA DOLORES OMAÑA RAMÍREZ, SECRETARIA EJECUTIVA DEL PLENO Y DE LA PRESIDENCIA DEL CONSEJO DE LA JUDICATURA FEDERAL, de conformidad con lo que disponen los artículos 85, fracción IX, de la Ley Orgánica del Poder Judicial de la Federación y 70, fracciones XVII y XVIII, del Acuerdo General del Pleno del Consejo de la Judicatura Federal, que Reglamenta la Organización y Funcionamiento del propio Consejo, así como del Acuerdo de dieciséis de enero del presente año, por el que se delega en la Secretaria Ejecutiva del Pleno y de la Presidencia, la facultad de legalizar la firma de los servidores públicos del Poder Judicial de la Federación en los casos en que la ley exija este requisito; hace constar que, la firma que obra al calce de la certificación del legajo de copias fotostáticas que se describe a continuación, pertenece a la licenciada Lourdes Rosales Cabrera, servidora pública del Poder Judicial de la Federación, con el cargo de secretaria en funciones de juez del Juzgado Décimo de Distrito de Procesos Penales Federales en el Distrito Federal, tal y como se desprende del documento, rubricado y sellado.

Legajo de copias fotostáticas certificadas en nueve fojas útiles, de constancias que obran en la causa penal 130/2007, del índice del Juzgado Décimo de Distrito de Procesos Penales Federales en el Distrito Federal, instruida contra Mariana Trueba Almada, Pablo Vargas San José y Carlos Gustavo Machado Gómez.

México, Distrito Federal, a veintisiete de septiembre de dos mil diez.

LA SECRETARIA EJECUTIVA DEL PLENO Y DE LA PRESIDENCIA DEL CONSEJO DE LA JUDICATURA FEDERAL

MARÍA DOLORES OMAÑA RAMÍREZ



PODER JUDICIAL DE LA FEDERACIÓN
CONSEJO DE LA JUDICATURA FEDERAL

PÁGINA: CJF-002



CATORCE PODERES
EDMA DEL PODER
CIENCIA

