[seal:] United Mexican States. Judicial Branch of the Federation

[redacted]

**MEXICO, FEDERAL DISTRICT, MAY 3, 2010**

In accordance with the resolution adopted under indirect *amparo* proceedings No. **35/2009,** of the docket of the 2nd Sole-Judge Court on Criminal Matters of the 1st Circuit, pursuant to the resolution of April 28, 2010, this petition for appeal is decided as follows:

The enforceable judgment mentioned above reflects that the appellant **JUAN CARLOS MANRIQUE MOYA,** in his capacity as attorney-in-fact of **Mattel Inc., Mattel de México, S.A. de C.V., and Mattel Servicios, S.A. de C.V.,** was granted the *amparo* and protection of the federal justice for the following purposes:

"a) To vacate the related decision, which is the subject matter of these constitutional proceedings.

[stamp]

b) To issue a new decision admitting the testimonial and documentary recognition evidence in connection with **ISAAC LARIAN, JAHANGIR MAKABI, THOMAS PARK, DAPHNE GRONICH and MARLENE PARKER,** as offered by the assistant party for the Attorney's General Office of the Federation; and to order processing thereof through the international cooperation procedure (international letters rogatory)."

Based on the foregoing, it is hereby decided as follows:

[stamp]

**WITNESSETH:** Criminal case record No. 106/2008 initiated as a result of the petition for appeal filed by the **officer of the Attorney's General Office of the Federation registered with the court of original jurisdiction and the attorney-in-fact for legal purposes of Mattel Inc., Mattel de México, S.A. de C.V., and Mattel Servicios, S.A. de C.V., in its capacity as assistant party for the aforementioned body of the Federation,** regarding **the resolution adopted on February 25, 2008,** by the Judge sitting on the **10th District Court on Federal Criminal Proceedings in and for the Federal District,** under criminal case record No. **130/2007-V,** brought against **MARIANA TRUEBA ALMADA, PABLO VARGAS SAN JOSÉ and CARLOS GUSTAVO MACHADO GÓMEZ.** Through such resolution, the jurisdictional authority of the first instance rejected the testimonial and documentary recognition evidence in connection with **ISAAC LARIAN, JAHANGIR MAKABI, THOMAS PARK, DAPHNE GRONICH and MARLENE PARKER;** and

**WHEREAS:**

CRIMINAL CASE RECORD No. 106/2008

[redacted]

       **ONE.** The Judge sitting on the 10th District Court on Federal Criminal Proceedings in and for the Federal District, in the appropriate part of the aforementioned resolution, established as follows:

       "**MEXICO, FEDERAL DISTRICT, FEBRUARY 25, 2008.**

... Lastly, regarding the testimonial and documentary recognition evidence in connection with **ISAAC LARIAN, JAHANGIR MAKABI, THOMAS PARK, DAPHNE GRONICH** and **MARLENE PARKER**, taking into account the criteria exposed by the 1st Sole-Judge Court on Criminal Matters for the 1st Circuit, upon deciding on criminal case No. 532/2007, in connection with the rejection of testimonial evidence by individuals not domiciled in the Federal District; in accordance with Sections 41 and 206 of the Federal Code of Criminal Procedure, any such evidence is hereby declared inadmissible on the grounds that the brief of evidence reflects that the request made involves recognition of a series of annexes that the criminal complainant attached to its initial complaint. Such request is physically impracticable since the request involves performing such proceedings before the Foreign Court or the Consular Officer of the Republic with offices in los [*sic.*] Angeles, California, United States of America, while the documents whose recognition is requested are part of the case record of the criminal proceedings in progress. The foregoing reveals the assistant party's attempt to postpone proceedings since the witnesses would have to appear before the authority of that country and before this jurisdictional body, even though they are not obliged to do so, since there is no legal provision compelling a witness residing outside the jurisdiction of the court of origin, or even outside the national territory, to travel to the location where the case is being heard to participate in the related procedures..."

[stamp]
[stamp]

       **TWO.** Not satisfied with the foregoing resolution, the officer of the Attorney's General Office of the Federation registered with the court of original jurisdiction and acting as assistant party herein, attorney-in-fact for legal purposes of **Mattel, Inc., Mattel de México, S.A. de C.V.** and **Mattel Servicios, S.A. de C.V.**, filed a petition for appeal that was admitted without stay in execution of judgment, through the resolution of March 7, 2008. On such date, a request was made for submission of a copy of criminal case No. **130/2007-V** to the Sole-Judge Court on Criminal Matters for the 1st Circuit, to process such petition, which is to be heard at this 1st Sole-Judge Court.

       **THREE.** After receiving the case file at this Court, through the resolution dated March 14, 2008, criminal proceedings were initiated under No. **106/2008;** through such resolution notice was given to

Exhibit A
Page 30

[seal:] United Mexican States. Judicial Branch of the Federation

35

*CUMP. AMP. IND. 35/2009*
CRIMINAL CASE RECORD No. 106/200
[redacted]

*exercise of the power conferred under Section 13 (XII) of the Organic Law of the Judicial Branch of the Federation."*

Consequently, given that the reasons for the appellants' rejection are sufficiently justified and fully in compliance with the guidelines established in the enforceable judgment on indirect *amparo* No. 35/2009, of the docket of the 2nd Sole-Judge Court on Criminal Matters of the 1st Circuit, it is declared appropriate to **MODIFY** the pertinent part of the **resolution dated February 25, 2008,** adopted by the **Judge sitting on the 10th District Court on Federal Criminal Proceedings in and for the Federal District,** under criminal case record No. **130/2007-V.** Therefore, based on the provisions of Sections 41 and 206 of the Federal Code of Criminal Procedure, the evidence offered by the assistant party for the officer of the General Attorney's Office is declared admissible, as follows:

**ISAAC LARIAN,** who, in his capacity as officer of "MGAE Entertainment, Inc.", as alleged by the party offering the evidence, sent and received electronic mails related to the defendants herein, and at the time of the search procedures was the administrator of "MGAE México, S.A. de R.L. de C.V.." Further, the intent of the party offering the evidence is for the witness to recognize the electronic mails sent and received, which were included as annexes 81 and 84 to the initial claim and criminal complaint briefs. Hence, the party offering the evidence attempts to prove, among other issues, delivery and participation by the aforementioned individual regarding the mails located at the hard disks of the computers timely entrusted to defendants by Mattel de México, S.A. de C.V.; and knowledge of the misappropriation of industrial secrets that were property of the victims, and for the purposes duly specified to that effect.

**JAHANGIR MAKABI,** who at time of the search procedures was the administrator of "MGAE México, S. de R.L. de C.V." To that effect, the party offering the evidence attempts to prove, among other issues, knowledge of the misappropriation of industrial secrets that were property of the victims, for the purposes duly specified to that effect.

**THOMAS PARK,** who was an officer of "MGAE Entertainment, Inc.", at the time defendants received the work offer related to the new company to be organized; i.e. "MGAE de México, S. de R.L. de C.V.", and when defendants misappropriated the industrial secrets owned by the victims. Further, the intent of the party offering the evidence is for the witness to recognize the electronic mails sent and received, which were included as annex 81 to the initial claim and criminal complaint briefs. Hence, the

CRIMINAL CASE RECORD No. 106/2008

[redacted]

party offering the evidence attempts to prove, among other issues, delivery and participation by the aforementioned individual regarding the mails located at the hard disks of the computers timely entrusted to defendants by Mattel de México, S.A. de C.V.; and knowledge of the misappropriation of industrial secrets that were property of the victims, for the purposes duly specified to that effect.

**DAPHNE GRONICH,** who was an officer or "MGAE Entertainment, Inc.", at the time defendants received the work offer related to the new company to be organized; i.e. "MGAE de México, S. de R.L. de C.V.", and when defendants misappropriated the industrial secrets owned by the victims. Further, the intent of the party offering the evidence is for the witness to recognize the electronic mails sent and received, which were included as annexes 81 and 84 to the initial claim and criminal complaint briefs. Hence, the party offering the evidence attempts to prove, among other issues, delivery and participation by the aforementioned individual regarding the mails located at the hard disks of the computers timely entrusted to defendants by Mattel de México, S.A. de C.V.; and knowledge of the misappropriation of industrial secrets that were property of the victims, for the purposes duly specified to that effect.

**MARLENE PARKER,** who was an executive assistant at "MGAE Entertainment, Inc.", at the time defendants received the work offer related to the new company to be organized; i.e. "MGAE de México, S. de R.L. de C.V.", and when defendants misappropriated the industrial secrets owned by the victims. Further, the intent of the party offering the evidence is for the witness to recognize the electronic mails sent and received, which were included as annexes 81 and 84 to the initial claim and criminal complaint briefs. Hence, the party offering the evidence attempts to prove, among other issues, delivery and participation by the aforementioned individual in the mails located at the hard disks of the computers timely entrusted to defendants by Mattel de México, S.A. de C.V.; and knowledge of the misappropriation of industrial secrets that were property of the victims, for the purposes duly specified to that effect.

Therefore, processing of the aforementioned evidence through international cooperation (international letters rogatory) is ordered, in accordance with the provisions of Section 14(VI) and 33(VIII) of Internal Rules of the Secretary of Foreign Affairs, Paragraph 44(V) of the Mexican Foreign

Exhibit A
Page 32

[seal:] United Mexican States.
Judicial Branch of the Federation

37

*CUMP. AMP. IND. 35/2009*
CRIMINAL CASE RECORD No. 106/200
[redacted]

Service Law, and Rule 87 of the Regulations for the Mexican Foreign Service Law; and also in consistency with Sections 58, 59 and 60 of the Federal Code of Criminal Procedure, and Paragraph 14(VIII) of the Organic Law of the Judicial Branch of the Federation. To that effect, the jurisdictional authority of first instance shall take any appropriate measures in accordance with the law.

NOW THEREFORE, based on the foregoing, and in accordance with Articles 21 and 104(I) of the Political Constitution of the United Mexican States; Sections 363, 383 and 389 of the Federal Code of Criminal Procedure and Section 29(II) of the Organic Law of the Judicial Branch of the Federation, and Sections 80, 104 and 105 of the *Amparo* Law, it is hereby:

**DECIDED:**

**ONE.** In compliance with the resolution entered under indirect *amparo* proceedings No. **35/2009,** of the docket of the 2nd Sole-Judge Court on Criminal Matters for the 1st Circuit, the provisions of the resolution dated April 28, 2010 are herein restated, vacating the judgment rendered by this court on November 10, 2009, under criminal proceedings No. **106/2008,** entering in substitution for such decision a new resolution in accordance with the rules specified in the aforementioned enforceable judgment. As regards the subject matter of the constitutional protection petition, it is decided, as follows:

**TWO.** It is resolved that the officer of the Attorney's General Office of the Federation, and attorney-in-fact for legal purposes of **Mattel Inc., Mattel de México, S.A. de C.V., and Mattel de Servicios S.A. de C.V.,** in his capacity as assistant party for the Federation, is duly empowered to file petitions for appeal against the corresponding part of the resolution dated February 25, 2008, adopted by **the Judge sitting on the 10th District Court on Federal Criminal Proceedings in and for the Federal District,** under criminal case record No. **130/2007-V.** The foregoing decision is consistent with the reasons specified by this appellate authority in Whereas clause No. 5 of this enforceable decision. Therefore, the petition for appeal filed by the aforementioned appellants is declared validly admitted.

**THREE.** The appealed part of the **resolution dated February 25, 2008,** adopted by the **Judge sitting on the 10th District Court on Federal Criminal Proceedings in and for the Federal District,** under criminal proceedings No. **130/2007-V,** brought against **MARIANA TRUEBA ALMADA, PABLO VARGAS SAN JOSÉ and CARLOS GUSTAVO MACHADO GÓMEZ,** is hereby

Exhibit A
Page 33

CRIMINAL CASE RECORD No. 106/2008

[redacted]

**MODIFIED.** Therefore, based on the provision of Sections 41 and 206 of the Federal Code of Criminal Procedure, the evidence offered by the assistant party of the officer of the General Attorney's Office, in relation to **ISAAC LARIAN, JAHANGIR MAKABI, THOMAS PARK, DAPHNE GRONICH and MARLENE PARKER** is admitted and processing thereof is ordered, in accordance with the provisions of Whereas clause No. 9 of this judicial decision.

**FOUR.** The remaining aspects of the resolution dated February 25, 2008, adopted by the Judge sitting on the 10th District Court on Federal Criminal Proceedings in and for the Federal District remain unaltered.

**NOTICE HEREOF SHALL BE SERVED PERSONALLY.** An authorized notarized copy of this resolution shall be immediately sent to the 2nd Sole-Judge Court on Criminal Matters of the 1st Circuit for any applicable legal purposes; the appropriate entries shall be made in the main book of this Court and, for statistical purposes; certified copies and statutory official notices shall be delivered; together with an authorized notarized copy of this resolution, certified notarized copy hereof, consisting of 22 volumes and 8 annexes, under criminal case record No. **130/2007,** shall be delivered to the court hearing the case; and this criminal case record shall be eventually filed as definitely closed and concluded.

The foregoing resolution has been entered and signed by *Lic.* **JORGE FERMÍN RIVERA QUINTANA,** Magistrate of the 1st Sole-Judge Court on Criminal Matters for the 1st Circuit, before the Clerk, *Lic.* Javier Eduardo Estrever Ramos, who jointly act, authorize and attest these proceedings.
**SIGNED:** *LIC.* **JORGE FERMÍN RIVERA QUINTANA, MAGISTRATE.** *LIC.* **JAVIER EDUARDO ESTREVER RAMOS, COURT CLERK.** --------------------------
**I ATTEST THAT** THE FOREGOING IS A COPY OF THE ORIGINAL DOCUMENT KEPT UNDER CRIMINAL CASE RECORD No. 106/2008, WHICH WAS COMPARED AND ATTESTED FOR DELIVERY TO THE COURT HEARING THE CASE, ANY OTHER AUTHORITY, AND FOR DELIVERY TO THE REGISTERED OFFICIAL AUTHORITY OF THE FEDERATION, CONSISTING OF 38 PAGES, **ALL OF WHICH I CERTIFY, IN THE CITY OF MEXICO, FEDERAL DISTRICT, ON THIS 3RD DAY OF MAY, 2010.**

[stamp:] 1st Sole-Judge Court on Criminal Matters for the 1st Circuit of Mexico, D.F.

CLERK OF THE 1ST SOLE-JUDGE COURT ON CRIMINAL MATTERS FOR THE 1ST CIRCUIT.
[Signature:] *LIC.* JAVIER EDUARDO ESTREVER RAMOS
I ATTEST THAT, ON SEPTEMBER 24, 2010, LOURDES ROSALES CABRERA, CLERK REGISTERED FOR THE 10TH DISTRICT COURT ON FEDERAL CRIMINAL PROCEEDINGS IN AND FOR THE FEDERAL DISTRICT, CERTIFIES THAT THESE COPIES, CONSISTING OF 9 PAGES, ARE TRUE AND ACCURATE COPIES OF THE DOCUMENTS FILED UNDER CRIMINAL CASE RECORD No. 130/2007-V, AS AUTHORIZED FOR DELIVERY AS ANNEX TO LETTERS ROGATORY No. 56/2010-2/2010, ADDRESSED TO THE COMPETENT JUDGE OF THE STATE OF CALIFORNIA, WITH OFFICES IN THE UNITED STATES OF AMERICA.

[signature] [seal]

[seal:] United Mexican States, Judicial Branch of the Federation, Federal Judicial Council.

L.F. 118/2010

**LIC. MARÍA DOLORES OMAÑA RAMÍREZ, EXECUTIVE SECRETARY OF THE PLENARY SESSION AND OF THE BOARD OF THE FEDERAL JUDICIAL COUNCIL,** in accordance with the provisions of Section 85 (IX) of the Organic Law for the Judicial Branch of the Federation and Section 70 (XVII) and (XVIII) of the General Plenary Agreement of the Federal Judicial Council, which regulates the structure and operation of the Council, and the Agreement dated January 16 of that year, whereby the Executive Secretary of the Plenary Session and the Board is empowered to certify the signature of the public officers of the Judicial Branch of the Federation in those cases where such requirement is imposed by law, hereby acknowledges that the signature appearing on the certification of the photostatic copies described below belongs to *Lic.* Lourdes Rosales Cabrera, public officer of the Judicial Branch of the Federation, in her position as acting clerk of the 10th District Court on Federal Criminal Proceedings in and for the Federal District, as evidenced by the sealed and stamped document.

File of certified photostatic copies consisting of 9 pages, of certificates kept under criminal case record No. 130/2007, of the docket of the 10th District Court on Federal Criminal Proceedings of the Federal District, brought against Mariana Trueba Almada, Pablo Vargas San José and Carlos Gustavo Machado Gómez.

Mexico, Federal District, September 27, 2010.

**THE EXECUTIVE SECRETARY OF THE PLENARY SESSION AND OF THE BOARD OF THE FEDERAL JUDICIAL COUNCIL**
[signature]

**MARÍA DOLORES OMAÑA RAMÍREZ**

Exhibit A
Page 35

[seal:] United Mexican States, Judicial Branch of the Federation, Federal Judicial Council.

FORM CJF-002

[seal:]                                  022853 / 2010
United Mexican States         MEXICO
Secretary of Government

### APOSTILLE
(*Convention de LaHaye du 5 octobre 1961*)

1. Country: **Mexico**
   This public document
2. has been signed by *LIC*. **MARÍA DOLORES OMAÑA RAMÍREZ**
3. acting in the capacity of **EXECUTIVE SECRETARY OF THE PLENARY SESSION AND OF THE BOARD OF THE FEDERAL JUDICIAL COUNCIL**
4. Bears the seal/stamp of **JUDICIAL BRANCH OF THE FEDERATION**
   Certified
5. at **MEXICO D.F.**                    6. the **18**$^{TH}$ **OF OCTOBER OF 2010**
7. by the *LIC*. **CARLOS ARMANDO REYNOSO NUÑO, HEAD OF THE GOVERNMENT UNIT OF THE SECRETARY OF GOVERNMENT**
8. No. **1/18109/2010**;
9. Seal/Stamp: [UNITED MEXICAN STATES, SECRETARY OF GOVERNMENT, GOVERNMENT UNIT]
10. Signature: [Signature.]

**Type of document:** CERTIFIED COPIES
**Name of holder of document:** JUDICIAL BRANCH OF THE FEDERATION
This *Apostille* only certifies the signature, the capacity of the signer and the seal or stamp it bears. It does not certify the content of the document for which it was issued.

                                                           www.dicoppu.gobernacion.gob.mx/registro
                                                                      **Code: XXKXHJ8SH**