QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc., and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>**MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL MGA ENTERTAINMENT, INC. TO PRODUCE ATTORNEY BILLING RECORDS SUBMITTED TO THE DISCOVERY MASTER PURSUANT TO THE COURT'S MAY 9, 2011 ORDER** |
| **Confidential-Attorneys' Eyes Only**<br><br>**Filed Under Seal Pursuant To Protective Order** | Hearing Date: TBD<br>Time: TBD<br>Place: Courtroom 9D<br><br>Discovery Cut-Off: October 4, 2010<br>Pre-trial Conference: January 4, 2011<br>Trial: January 18, 2011 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on such date and time as the Court may order, plaintiffs Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") will, and hereby do, move the Court for an order compelling MGA Entertainment, Inc., MGAE Entertainment (HK) Ltd., Isaac Larian, and MGAE de Mexico S.R.L. de CV (collectively, "MGA") and Carlos Gustavo Machado ("Machado") to provide Mattel with copies of all materials submitted to the Discovery Master—including unredacted copies of attorney billing records—in support of their respective motions for attorneys' fees and costs, and granting Mattel a reasonable period of time to (1) review the more than 9,000 pages of billing invoices at issue and (2) submit a response addressing the contents of those invoices.

This Motion is made on the grounds that in its May 9, 2011 Order, the Court specifically ordered MGA and Machado to produce by May 12 "true and correct copies of the invoices actually submitted to the moving parties by their attorneys in the course of the litigation" to allow for a determination of the reasonableness of the fees sought in the event they are deemed recoverable. Dkt. 10547 at 1. Nevertheless, without seeking leave to make their submissions *in camera,* MGA and Machado have done just that, and refuse to serve Mattel with the ordered submissions.

Mattel has a right to see the MGA and Machado invoices that they seek to have paid by Mattel, and Mattel would suffer prejudice if it were denied an opportunity to review MGA's and Machado's submissions to the Discovery Master in order to challenge the claimed fees. In connection with its motions, MGA has submitted thousands of pages of attorney invoices with completely redacted work descriptions, making it impossible for Mattel to assess for what work MGA is claiming fees and impossible to meaningfully oppose those requested fees. The attorney-client privilege does not extend to attorney billing records disclosing a general description of the services performed, and MGA and Machado have made

no showing that any of the information contained in their attorney billing records actually falls within the attorney-client privilege. To the extent such information is privileged, MGA's and Machado's demand for $170 million in attorneys' fees and costs resulted in an implied waiver of privilege as to its billing records such that redactions are not appropriate.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the records and files of this Court, all other matters of which the Court may take judicial notice, and such further argument and evidence which may be presented at or before the hearing.

DATED: May 19, 2011          QUINN EMANUEL URQUHART &
                             SULLIVAN, LLP


                             By /s/ Michael T. Zeller
                                Michael T. Zeller
                                Attorneys for Mattel, Inc.

## Preliminary Statement

MGA and Machado should be compelled to immediately serve Mattel with copies of all materials submitted to the Discovery Master—including their unredacted attorney billing records—so that Mattel may challenge the requested fees. MGA and Machado have moved for awards of attorneys' fees and costs that cumulatively exceed $170 million. In support of this demand, MGA produced over 9,000 pages of attorney billing records with completely redacted work descriptions. Although the attorney billing records supporting Machado's motion are not fully redacted, neither MGA nor Machado served Mattel with copies of the binders or thumb drives provided to the Discovery Master. Reviewing MGA's and Machado's billing records for which they seek fee shifting is critical to Mattel's ability to meaningfully challenge their requests. Given the large sum MGA and Machado seek, depriving Mattel of the ability to independently review and challenge their requests would irreparably prejudice Mattel and, in fact, would violate due process.

As this Court recognized, determination of the reasonableness and apportionment of the requested attorneys' fees—to the extent such fees are deemed recoverable at all—will require review of the unredacted content of "voluminous attorney billing records." Dkt. 10547 at 1. The Court ordered MGA and Machado to produce unredacted copies of their billing records to the Discovery Master to facilitate that review. Without prior permission from the Court, however, MGA and Machado submitted their billing records to the Discovery Master *in camera*, leaving Mattel completely in the dark.

Through this improper use of the *in camera* procedure, MGA and Machado have deprived Mattel of a meaningful opportunity to challenge the attorney billing records upon which they base their claims. Mattel will be prejudiced if it continues to be denied access to these billing records. To prevent any further prejudice, the Court should immediately order MGA to produce duplicate copies of all materials submitted to the Discovery Master on May 12, including unredacted billing records.

MGA and Machado have not substantiated any privilege claims they may make, and in any case their $170 million fee shifting demand resulted in an implied waiver as to the content of their billing records for which they seek fee shifting.

## Argument

### I. MATTEL IS ENTITLED TO MGA'S AND MACHADO'S UNREDACTED ATTORNEY BILLING RECORDS

Mattel must be given the opportunity to challenge the fees for which MGA and Machado seek reimbursement by reviewing the unredacted attorney fee records that MGA and Machado submitted to the Discovery Master pursuant to the Court's May 9 Order. Courts in the Ninth Circuit uniformly hold that the party opposing a request for attorneys' fees is entitled to review the information contained in the claimant's billing records. See United States v. $1,379,879.09 Seized From Bank of America, 374 F. App'x 709, 711 (9th Cir. 2010) ("[W]e vacate the fee award and remand for further proceedings. **On remand, the government must have access to the billing records underlying the fee request, including the specific descriptions of services rendered**; the records should be redacted only to the extent absolutely necessary to protect information covered by the attorney-client privilege or the work-product doctrine. The government then must have an opportunity to object to the fee request.") (emphasis added); MGIC Indem. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986) ("No reason appears why the timesheets should not have been made available to MGIC and MGIC given the opportunity to challenge them. We remand for the sole purpose of a hearing in which MGIC may challenge the reasonableness of the fees awarded. The court may withhold from MGIC any information it finds protected by the lawyer-client privilege."); UMG Recordings, Inc. v. MySpace, Inc., 526 F. Supp. 2d 1046, 1066 n.8 (C.D. Cal. 2007) ("The Court ORDERS UMG to provide the applicable billing information, redacted to preserve the attorney-client privilege, to Defendants."); Automotive Prods., plc v. Tilton Eng'g, Inc., 1993 WL 660164, at *7 (C.D. Cal. Sept. 16, 1993) ("Tilton must turn over its unredacted

invoices unless it can show the Court specifically how providing these invoices will impermissibly infringe on the attorney-client privilege.").

The need for a production of billing records directly to Mattel is particularly acute here. As shown in Mattel's opposition to its motion, MGA seeks to have nearly every dollar its lawyers billed on matters associated with this case reimbursed under the Copyright Act, even though even though over half the work was devoted to non-copyright claims for which fee shifting is not available. Dkt. 10568 at 1-32. Mattel's counsel can determine whether a particular billing description claimed by MGA was relevant to its defense of the copyright infringement claim or, on the other hand, addressed non-copyright issues. Mattel has a right to see the billing descriptions to facilitate such review. See Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1231 (9th Cir. 1997) ("[T]he district court abused its discretion by concluding that the summaries submitted in conjunction with the declaration of Genesis's counsel were sufficient to determine exactly how many hours Genesis spent solely defending against the [copyright] claims. Indeed, in these circumstances, we believe that the district court erred in not requiring Genesis to submit its original time records and billing statements *so that ERG—and the district court*—could determine whether the fees being claimed were truly for time spent in defending against the [copyright] claims.") (emphasis added).[1] MGA and Machado have submitted binders and thumb drives containing unredacted billing records and supporting documentation *in camera*. Mattel is entitled to review that material so it may meaningfully challenge their fees requests.

---

[1] Where, as here, only one of multiple claims gives rise to fee shifting and the other claims are distinct, such an apportionment analysis is clearly required. See Entm't Research Group, 122 F.3d at 1230 (holding that 10 common law claims, including claims for intentional interference and breach of contract, were not "related" to 2 copyright claims for purposes of apportionment).

## II. MGA AND MACHADO CANNOT RELY ON A BELATED CLAIM OF PRIVILEGE TO AVOID PRODUCTION

MGA and Machado may claim their billing records are privileged, but they have failed to substantiate any such claim and they cannot avoid production based on a blanket claim of privilege. See Clarke v. Am. Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992) ("The privilege must ordinarily be raised as to each record sought to allow the court to rule with specificity."); Adobe Sys. v. St. Paul Fire & Marine Ins. Co., 2008 WL 1343153, at *2 (N.D. Cal. Apr. 9, 2008) (ordering party requesting attorneys' fees to produce "fee arrangements and billing statements" providing "a general description of work done, which are not privileged and relevant to the reasonableness of fees incurred"). Instead, at a minimum, MGA and Machado must produce to Mattel all the portions of their invoices that reflect "the general nature of the services performed" as well as all other non-privileged information, because such information is not privileged. Clarke, 974 F.2d at 130. To justify any claim of privilege, MGA must explain, for each entry, how it "reveals specific research or litigation strategy which would be entitled to protection from disclosure." Id.; see also Bryan v. United Parcel Serv., Inc., 2007 WL 2892961, at *5 (N.D. Cal. Sept. 28, 2007) ("At the hearing, counsel argued that portions of those records were privileged. The burden was on plaintiffs, however, to redact any privileged portions and turn the records over to defendant."); In re Am. the Beautiful Dreamer, Inc., 2006 WL 2038646, at *6 (Bankr. W.D. Wash. May 18, 2006) ("The extensive redactions made by Westfield make it impossible for the Debtor to perform a complete fee analysis . . . . Westfield is to provide Debtor's counsel with an unredacted copy by May 23, 2006, for review. Any redaction must be specific, limited and explained in detail as a separate attachment, given the strong bankruptcy code policy of allowing debtors in these situations to object to unreasonable attorney fees and costs they must pay."). MGA and Machado have failed to submit any

evidence of privilege. Their blanket privilege claims must be rejected. See Clarke, 974 F.2d at 129 ("[B]lanket assertions of the privilege are 'extremely disfavored.'").

Moreover, given the nature of its arguments, MGA should not be permitted even to redact for privilege. MGA is seeking more than $170 million in fee shifting, claiming that nearly every dollar it billed on this case went to its defense of Mattel's copyright claim. That claim, and the scope of the relief that MGA seeks, has put its billing records "at issue" since it is those unredacted records that will prove the faults in MGA's approach. MGA's claim has resulted in an implied waiver of privilege as to the descriptions of the claimed services; in fairness, Mattel should be permitted to review the invoices to challenge MGA's request for fee shifting. See United States v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999) (citing Hearn v. Rhay, 68 F.R.D. 574, 576-77 (E.D. Wash. 1975)).

Under the Hearn test,[2] the party seeking waiver must establish three factors: (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to its defense. Hearn, 68 F.R.D. at 576-77.

MGA argues that $162 million in attorneys' fees and costs was reasonably incurred in defense of Mattel's copyright claim and other claims that were supposedly "inextricably intertwined." Dkt. 10542 at 14-16. MGA's and Machado's affirmative demand for attorney's fees clearly puts their billing records "at issue" because it is those billing records that will reveal the substance of the legal work for which MGA seeks reimbursement—showing, for instance, that the work was unrelated to Mattel's copyright claim. Depriving Mattel of this material

---

[2] Although the Ninth Circuit has applied the Hearn test previously, it appears that it has not addressed this particular waiver issue.

would deny Mattel access to information vital to its defense; while Mattel can identify (and has identified) numerous *categories* of work that MGA's lawyers must have done on this case that is not reimbursable, Mattel has no means of challenging, on apportionment grounds or otherwise, the billing entries made by MGA's lawyers without seeing them. MGA's broad request effected a waiver. See Energy Capital Corp. v. United States, 45 Fed. Cl. 481, 486 (Fed. Cl. 2000) (agreeing that under the Hearn test, "when a party seeks attorneys' fees, that party has placed all bills from the attorneys 'in issue'" and ordering "the production of the complete, unredacted bills because they are the most complete documents"); see also Ideal Elec. Sec. Co. v. Int'l Fidelity Ins. Co., 129 F.3d 143, 151-52 (D.C. Cir. 1997) ("By claiming indemnification of attorney's fees from Ideal and offering the billing statements as evidence of the same, IFIC waived its attorney-client privilege with respect to the redacted portions of the billing statements and any other communications going to the reasonableness of the amount of the fee award."); Oldenburg Group Inc. v. Frontier-Kemper Constructors, Inc., 597 F. Supp. 2d 842, 844 (E.D. Wis. 2009) ("I ruled that even if OGI's bills contained privileged materials, OGI was required to waive the privilege because OGI had placed its bills 'at issue' in this litigation by seeking to recover attorneys' fees."); King v. University Healthcare Sys., L.C., 2009 WL 3740640, at *11 n.4 (E.D. La. Nov. 4, 2009) ("[T]o the extent that the attorney-client privilege may protect some portions of the invoices, the privilege is waived by seeking reimbursement for attorney's fees."). MGA's demand for attorney's fees is twice the size of MGA's damages award, so a finding of implied waiver is more than justified. See Essex Builders Group, Inc. v. Amerisure Ins. Co., 2007 WL 700851, at *2 (M.D. Fla. March 1, 2007) ("The Court finds that it would be manifestly unfair to Amerisure to require it to defend against the sizeable fee award claimed by Essex without the benefit of the full record upon which the fees are based. The Court, therefore, DENIES Essex's motion to file the documents under seal for an in camera review by the Court. The Court's ruling is without prejudice to

move to file the unredacted documents under seal if the documents are provided to Amerisure.").

### III. DEPRIVING MATTEL OF THE ABILITY TO CHALLENGE MGA'S UNREDACTED BILLING RECORDS WOULD BE A DEPRIVATION OF DUE PROCESS

Depriving Mattel of the ability to specifically challenge the unredacted billing records supporting MGA's and Machado's cumulative demand for $170 million in attorney's fees and costs would be a miscarriage of justice and a deprivation of due process. See Mackler Prods., Inc. v. Cohen, 225 F.3d 136, 146 (2d Cir. 2000) ("[D]ue process requires, at a minimum, that: (1) the party seeking to be compensated provide competent evidence, such as a sworn affidavit, of its claimed attorney's fees and expenses; and (2) the party facing sanctions have an opportunity to challenge the accuracy of such submissions and the reasonableness of the requested fees and expenses."); see also In re Kunstler, 914 F.2d 505, 524 (4th Cir. 1990) (award of attorney's fees under Rule 11: "a district court may permit a sanctioned party to respond to an opposing party's fee statements in its discretion. Of course, such discretion must be exercised with proper considerations of due process. Where a court determines that a large monetary sanction should issue, and the amount is heavily influenced by an injured party's fee statements, as was the case here, the court should permit the sanctioned party to examine and contest the injured party's fee statements as an aid to the court's own independent analysis of the reasonableness of the claimed fees."). Although the Court and Discovery Master may scrutinize MGA's and Machado's billing records *in camera*, such an *ex parte* procedure is no substitute for an adversarial process that would allow Mattel to challenge any specific fee request.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court compel MGA and Machado to produce to Mattel all materials that were submitted to the

Discovery Master pursuant to the Court's May 9, 2011 Order, and provide Mattel a reasonable period of time to review and respond to those claims as to the more than 9,000 pages of billing invoices at issue.

DATED: May 19, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc. and
   Mattel de Mexico, S.A. de C.V.