QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**Confidential-Attorneys' Eyes Only**<br><br>**Filed Under Seal Pursuant To Protective Order** | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S OPPOSITION TO MGA ENTERTAINMENT, INC.'S *EX PARTE* APPLICATION TO COMPEL PRODUCTION OF EVIDENCE IN CONNECTION WITH HEARING ON MOTIONS FOR ATTORNEYS' FEES**<br><br>Hearing Date:   TBD<br>Time:           TBD<br>Place:          TBD<br><br>Discovery Cutoff:       October 4, 2010<br>Pre-trial Conference:  January 4, 2010<br>Trial:                        January 11, 2011 |

## Preliminary Statement

*MGA* is seeking $170 million in attorneys' fees and costs, not Mattel. *Mattel's* attorney billing records have nothing to do with the reasonableness or apportionment of *MGA's* attorneys' fees and costs. If fees are awarded at all, it will be difficult enough to wade through MGA's and Machado's 9,000+ pages of attorney billing records; the Court and Discovery Master need not be inundated with thousands more pages of bills from Mattel to determine whether MGA's fees are reasonable. MGA recognizes that Mattel is not challenging the hourly rates charged by MGA's counsel. Mattel's bills will not enlighten the Court or the Discovery Master regarding whether MGA properly apportioned fees between its defense of Mattel's copyright and non-copyright claims or whether the amount of time that MGA billed on a discrete task—unique to that party—was reasonable, excessive, redundant, or unnecessary. The parties are not similarly situated. Billing records are idiosyncratic and reflect the different positions of the parties, different tasks performed, and different priorities, strategies, and skill sets involved. To the extent MGA is entitled to attorneys' fees and costs at all, its recovery is limited to the amount reasonably incurred in defense of Mattel's copyright claim; this determination should be guided by analysis of MGA's bills—since MGA is the party that actually defended against the copyright claim—not Mattel. The difficulty of segregating Mattel's fees into discrete categories that can be meaningfully compared to MGA's fees further counsels against ordering production of Mattel's attorney billing records.

MGA *ex parte* application fails to explain how the obvious flaws in its apportionment could be justified by access to Mattel's attorney billing records. Furthermore, the entries that Mattel identified as grossly excessive involve facts that are unique to MGA—such as MGA's allegations of fraudulent overbilling by O'Melveny, duplicative work by Skadden, unnecessary ramp-up work by thirteen separate law firms, premature summary judgment motions, a litany of frivolous

filings, and needless disqualification litigation concerning Christina Tomiyama and Jill Basinger. It is hardly "beyond cavil that an attack on hours opens the opponent to scrutiny of . . . its fees incurred" (Dkt. 10574 at 2); numerous courts have found just the opposite. The cases cited by MGA are inapposite. MGA's *ex parte* application should be denied.

## ARGUMENT

### I. MATTEL'S ATTORNEY BILLING RECORDS ARE NOT RELEVANT TO THE REASONABLENESS OR APPORTIONMENT OF MGA'S ATTORNEYS' FEES

The Court should deny MGA's *ex parte* application for production of Mattel's attorney billing records because they are not relevant to the reasonableness or apportionment of MGA's and Machado's requested attorneys' fees and costs. MGA concedes that "Mattel has not attacked the hourly rates charged by MGA's counsel" (Dkt. 10574 at 2), so Mattel's billing records are not necessary to assess the reasonableness of MGA's hourly rates, particularly where MGA has submitted an affidavit attesting to their reasonableness. See Zeughauser Dec. at ¶ 10-15. MGA's observation that "Mattel's attack concerns the *hours spent* by MGA's attorneys in computing the basic loadstar" (Dkt. 10574 at 2) fails to recognize that Mattel's reasonableness and apportionment challenges are unique to MGA's bills—MGA's failure to apportion between its defense of Mattel's copyright and non-copyright claims and its failure to deduct facially unreasonable, excessive, duplicative, or allegedly fraudulent charges has nothing to do with Mattel's bills.

Mattel's bills include multiple overlapping matters that are not broken out separately and have nothing to do with the copyright claim on which MGA could obtain fees, including litigation strategy regarding potential claims by Mattel and MGA; investigation and prosecution of claims based on the conduct of Brawer, Castilla, Cooney, Contreras, Brisbois, Machado, Trueba, Vargas, Cabrera, Morales, and Salazar; investigation and prosecution of Mattel's complex RICO claim;

investigation and prosecution of claims related to the Omni transaction; Mexico criminal proceedings; Castilla criminal proceedings; defense of numerous claims MGA lost; electronic storage services; and document preservation, collection and review services that involve claims unrelated to Mattel's copyright claim, claims MGA lost, and even non-MGA cases. MGA's demand for the total amount of attorneys' fees incurred by Mattel or the total number of hours worked by Mattel's counsel for anything tangentially related to this case is simply not probative of whether the $162 million claimed by MGA for defense of Mattel's *copyright claim* is reasonable and correctly apportioned.

While evaluating the reasonableness of MGA's fee request through simple comparison of gross fees and hours is unreliable, doing so through complex apportionment of two sets of bills is unworkable. All the irrelevant categories of fees in Mattel's bills and would be difficult to untangle, and any attempt to apportion and compare those fees incurred by Mattel in a meaningful way to the fees incurred by MGA would be subjective if not arbitrary. It would double the work of the parties and the Court. Indeed, apportioning and comparing two sets of block-billed entries—covering years of litigation and tens of thousands of pages of invoices—would be an exercise in futility. As the party seeking fees, MGA must reasonably apportion between its defense of Mattel's copyright and non-copyright claims. See The Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829, 834 (9th Cir. 2003) (copyright case: "*Where a district court must apportion fees*, 'the impossibility of making an exact apportionment does not relieve the district court of its duty to make some attempt to adjust the fee award in an effort to reflect an apportionment.'") (emphasis added). The Court is given wide latitude in accomplishing this task. See Cairns v. Franklin Mint, 292 F.3d 1139 (9th Cir. 2002) (affirming use of percentage apportionment). Mattel is required to challenge MGA's apportionment and the reasonableness of the requested fees, not apportion its own fees, in order to successfully oppose MGA's fee request. MGA fails to

explain how production of Mattel's voluminous billing records would assist rather than impede the evaluation of MGA's fee request by the Court and the Discovery Master. The Supreme Court has warned that "[a] request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). MGA's post-trial subpoena for Mattel's attorney billing records ignores this warning by inviting needless collateral litigation regarding the production and relevance of those documents.

MGA argues that it is "beyond cavil" that MGA is entitled to Mattel's bills (Dkt. 10574 at 2), but the cases do not support that argument. See Johnson v. Univ. College of Univ. of Alabama in Birmingham, 706 F.2d 1205, 1208 (11th Cir. 1983) (finding no abuse of discretion by district court in quashing plaintiff's subpoena for defendant's records reflecting total hours of counsel, expenses incurred, and fees paid); In re Fine Paper Antitrust Litig., 751 F.2d 562, 587 (3rd Cir. 1984) (finding no abuse of discretion by district court in denying plaintiff's motion for *in camera* production of fees paid by defendants because such discovery could generate inquires into collateral matters); Ohio-Sealy Mattress Mfg. Co. v. Sealy, Inc., 776 F.2d 646, 659 (7th Cir. 1985) (finding no abuse of discretion by district court in denying plaintiff's motion to compel discovery in connection with plaintiff's fee petition of the hours worked by Sealy's attorney); Mirabal v. Gen. Motors Acceptance Corp., 576 F.2d 729, 730 (7th Cir. 1978) ("[T]he amount of fees which one side is paid by its client is a matter involving various motivations in an on-going attorney-client relationship and may, therefore, have little relevance to the value which petitioner has provided to his clients in a given case."); Hernandez v. George, 793 F.2d 264, 268 (10th Cir. 1986) (finding no abuse of discretion by district court in denying discovery into opposing counsel's fees and hours where these appeared particularly irrelevant to plaintiff's reasonable fees and hours, and where the district judge had other information available to assess reasonable local rates).

The Ninth Circuit has explained that opposing parties are not similarly situated and comparison of billing records is not relevant to an award of attorneys' fees:

> [I]n less complex cases there may be a tendency to assume—as the district court may have assumed here—that the time spent by an opposing counsel experienced in the subject matter is a good measure of the time reasonably expended. But in small cases as well as large ones, opposing parties do not always have the same responsibilities under the applicable rules, nor are they necessarily similarly situated with respect to their access to necessary facts, the need to do original legal research to make out their case, and so on. Comparison of the hours spent in particular tasks by the attorney for the party seeking fees and by the attorney for the opposing party, therefore, does not necessarily indicate whether the hours expended by the party seeking fees were excessive.

Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1151 (9th Cir. 2001). Courts within this circuit have reached conclusions consistent with Ferland. See, e.g., Canlas v. Eskanos & Adler, P.C., 2006 WL 3227873, at *1 (N.D. Cal. Nov. 7, 2006) ("Moreover, the Court is not satisfied that the time defendants' lawyers spent is a useful measure of the appropriateness of the time plaintiff's attorney spent. Other courts denying discovery of defense fees have acknowledged the difference in preparation time for each party."). The Court can evaluate the apportionment and reasonableness of MGA's attorneys' fees request by examining MGA's bills. See Malchman v. Davis, 588 F. Supp. 1047, 1061 (S.D.N.Y. 1984) (no need to permit discovery where large record exists which is ample to permit decision on a fee application).

The authority cited by MGA does not hold to the contrary. In Pennsylvania v. Valley Citizen's Council for Clean Air, 483 U.S. 711 (1987), the production of attorney billing records was not even an issue, and the Court stated that whether "defendant is difficult or obstreperous *does not enter into assessing the risk of loss or determining whether that risk should be compensated.*" Id. at 716 (emphasis added). MGA's argument that the "'difficult or obstreperous' nature of an opponent is a component of the initial loadstar" is contradicted by the same case that MGA

cites for the proposition. Dkt. 10574 at 2. And even if this factor is relevant, MGA fails to explain why production of Mattel's billing records—as opposed to scrutiny of MGA's own billing records or a qualitative assessment of the progress of the litigation—is necessary to enhance the loadstar based on the "vehemence or tenacity of the opposition." Id.

In Cairns, the Court alluded in one sentence of a ten-paragraph analysis to the "undisputed fact" that the losing party had spent "several hundred thousand dollars more than the amount the District Court awarded to Franklin Mint." 292 F.3d at 1159. The Ninth Circuit did not explain how the Court obtained this information or whether district courts should routinely compel production of attorney fee records from the party opposing a fee motion. The same is true of McGinnis v. Kentucky Fried Chicken of California, 51 F.3d 805, 809 (9th Cir. 1994) (noting in passing that "company's argument might have more weight if it had not found it necessary to spend considerably more money losing than its adversary spent winning"). In Miller v. Mackey Int'l, Inc., 70 F.R.D. 533, 537 (S.D. Fla. 1976), the guardian *ad litem* appointed to represent the interests of the class members concerning an application for attorneys' fees by class counsel introduced evidence of the number of hours expended by defendant "in all aspects of his defense of the case." Id. at 537. Like Cairns and McGinnis, Miller did not address the propriety of compelling the production of this information. Furthermore, in all of these cases, the Court only noted the total amount of fees or total number of hours worked; there is no indication that the party opposing the fee request was ordered to produce unredacted copies of all its billing records, and none of the cases involved an award of attorneys' fees in which comparison of fees was impractical and unhelpful because of complex apportionment issues.

Citing Ferland, MGA argues that "other decisions have considered and rejected a lower amount spent by an opponent as a basis for reduction of a fee request." Dkt. 10574 at 2. But this proves Mattel's point. Ferland held that the

00505.07975/4145836.2
-6-
MATTEL'S OPP TO MGA'S *EX PARTE* APPLICATION RE: MATTEL'S ATTORNEY BILLING RECORDS

amount of attorneys' fees spent by the defendant was *not relevant* to the reasonableness of the attorneys' fees spent by the plaintiff because the parties were not "similarly situated with respect to their access to necessary facts, the need to do original legal research to make out their case, and so on." Ferland, 244 F3d at 1151. MGA also cites Shaw v. AAA Eng'g & Drafting, Inc., 213 F.3d 538 (10th Cir. 2000) in support of its argument that Mattel should produce its attorney billing records, but Shaw noted that "the opponent's time is not an 'immutable yardstick of reasonableness'" and held that an award of attorneys' fees to the plaintiff was reasonable despite the fact that the defendant billed half the number of hours. Id. at 543. Both Ferland and Shaw establish that the attorneys' fees incurred by the party opposing a fee motion is not necessarily probative—and certainly not dispositive—of the reasonableness of the award, particularly where, as here, improper apportionment and facially unreasonable, duplicative, or fraudulent entries are unique to the moving party.

## II. IF THE COURT ORDERS PRODUCTION, MATTEL SHOULD BE REQUIRED ONLY TO PRODUCE REDACTED BILLING RECORDS SUFFICIENT TO IDENTITY THE TOTAL NUMBER OF HOURS WORKED AND FEES INCURRED

In addition to not addressing motions to compel production of attorney billing records, every case cited by MGA limits its discussion to either the total number of hours worked by opposing counsel or the total amount of fees incurred by the opposing party. If the Court is inclined to order production, contrary to Mattel's arguments, such production should be limited to this information alone—with work descriptions fully redacted. Mattel is not seeking $170 million in attorneys' fees and costs; there is no reason for Mattel to submit its bills to the Discovery Master in the same format as MGA's submission.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court deny MGA's *ex parte* application in its entirety.

DATED: May 19, 2011

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By _/s/ Michael T. Zeller_
    Michael T. Zeller
    Attorneys for Mattel, Inc.