# Exhibit  1

1  GIBSON, DUNN & CRUTCHER LLP
   KEVIN S. ROSEN, SBN 133304
2  krosen@gibsondunn.com
   J. CHRISTOPHER JENNINGS, SBN 226464
3  cjennings@gibsondunn.com
   BLAINE H. EVANSON, SBN 254338
4  bevanson@gibsondunn.com
   333 South Grand Avenue
5  Los Angeles, California  90071-3197
   Telephone: (213) 229-7000
6  Facsimile: (213) 229-6635

7  Attorneys for Plaintiff and Cross-
   Defendant O'Melveny & Myers LLP and Cross-
8  Defendants Scott Dunham, Marc Feinstein, and Diana
   Torres
9
   KINSELLA, WEITZMAN, ISER, KUMP & ALDISERT LLP
10 DALE F. KINSELLA, SBN 63370
   dkinsella@kwikalaw.com
11 808 Wilshire Boulevard, Third Floor
   Santa Monica, California  90401
12 Telephone: (310) 566-9888
   Fax: (310) 566-9878
13
   Attorneys for Plaintiff and Cross-
14 Defendant O'Melveny & Myers LLP

**ORIGINAL FILED**

MAY 0 3 2011

**LOS ANGELES
SUPERIOR COURT**

15            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16                   **FOR THE COUNTY OF LOS ANGELES**

17                          **CENTRAL DIVISION**

18

19
   O'MELVENY & MYERS LLP, a limited        CASE NO. BC 441593
20 liability partnership,
                                           Assigned to Judge Elizabeth White, Dept. 48
21            Plaintiff,
                                           [~~PROPOSED~~] ORDER DENYING MGA'S
22      vs.                                MOTION TO QUASH SUBPOENAS AND
                                           RELATED JOINDERS AND CERTAIN
23 MGA ENTERTAINMENT, INC., a California   INSURERS' MOTIONS FOR PROTECTIVE
   corporation; DOES 1-20, inclusive,     ORDER
24
            Defendants.                    HEARING DATES:  March 22 and 30, 2011
25                                         HEARING TIME:   8:30 a.m.
                                           HEARING PLACE:  Department 48
26 -------------------------------------
                                           Complaint Filed: July 13, 2010
27
   AND RELATED CROSS-ACTIONS               Cross-Complaint Filed: August 5, 2010
28

Gibson, Dunn &
Crutcher LLP

[~~PROPOSED~~] ORDER DENYING MGA'S MOTION TO QUASH SUBPOENAS AND RELATED JOINDERS AND CERTAIN
INSURERS' MOTIONS FOR PROTECTIVE ORDER

EXHIBIT 1
PAGE 3

1      Defendant and Cross-Complainant MGA Entertainment, Inc. and Cross-Complainants MGA

2 Entertainment (HK) Limited and Isaac Larian (collectively, "MGA") moved on December 30, 2010

3 to quash subpoenas that Plaintiff and Cross-Defendant O'Melveny & Myers LLP had served on

4 Lexington Insurance Company, National Union Fire Insurance Company Of Pittsburgh, PA,

5 American International Underwriters Insurance Company, Chartis Specialty Insurance Company,

6 Crum & Forster Specialty Insurance Company, Evanston Insurance Company, and Hartford

7 Insurance Company of the Midwest (collectively, the "Responding Insurers"). In addition, the

8 Responding Insurers filed joinders with respect to MGA's motion to quash and separately moved for

9 protective orders. Following hearings on March 22, 2011 and March 30, 2011, the Court, having

10 considered the parties' and the Responding Insurers' briefing and the arguments of their respective

11 counsel at the hearings, as well as the Joint Statement filed by the parties and Responding Insurers,

12 orders as follows:

13   I.      With respect to the Responding Insurers, the Court ORDERS the following:

14         A.      The Responding Insurers are ORDERED to produce the following documents within

15 45 days of the March 30, 2011 hearing (*i.e.*, on or before Monday, May 16, 2011): Documents

16 related to (1) the various actions and disputes (whether court proceedings, arbitrations, or otherwise)

17 identified in footnote 1 below between MGA (or any of their past or present affiliates or related

18 parties), on the one hand, and one or more of the Responding Insurers, on the other hand,[1] and (2)

19 that also concern any action or dispute (whether court proceeding, arbitration, or otherwise) between

20 MGA (or any of their past or present affiliates or related parties), on the one hand, and Mattel, Inc.

21 and/or Art Attacks Ink LLC, on the other hand:[2]

22

23    [1] These matters include: *MGA Entertainment, Inc. v. Lexington Insurance Co.*, No. 08-00458 (C.D.

24    Cal.); *MGA Entertainment, Inc. v. Hartford Insurance Co. of the Midwest*, No. 08-00457 (C.D. Cal.); *MGA Entertainment, Inc. v. Crum & Forster Specialty Insurance Co.*, No. 08-00459 (C.D.

25    Cal.); *MGA Entertainment, Inc. v. Lexington Insurance Co., et al.*, No. 110059976 (JAMS; Orange, California); *Lexington Insurance Co. et al v. MGA Entertainment, Inc.*, No. 10-07697

26    (C.D. Cal.); and *MGA Entertainment, Inc. v. Crum & Forster Specialty Insurance Co. et al.*, 07-08276 (C.D. Cal.).

27    [2] These matters include: *Carter Bryant v. Mattel, Inc.*, No. 04-09049 (C.D. Cal.); *Mattel, Inc. v.

28    Carter Bryant*, No. 04-03431 (C.D. Cal.); *Mattel, Inc. v. Carter Bryant*, No. 04-09059 (C.D.
                                                     [Footnote continued on next page]

Gibson, Dunn &
Crutcher LLP

[PROPOSED] ORDER DENYING MGA'S MOTION TO QUASH SUBPOENAS AND RELATED JOINDERS AND CERTAIN
INSURERS' MOTIONS FOR PROTECTIVE ORDER

EXHIBIT 1
PAGE 4

1.     Documents exchanged between MGA (or any of their past or present affiliates, related parties, agents, counsel, or representatives), on the one hand, and any of the Responding Insurers (or any of their past or present affiliates, related parties, agents, counsel, or representatives), on the other hand, under Federal Rule of Civil Procedure 26 or otherwise in discovery, including all discovery requests, discovery responses, document productions, deposition transcripts (both hard copies and discs), and deposition exhibits.

2.     Case filings (*e.g.*, pleadings, briefs, motions, court submissions, and declarations, as well as all exhibits to any of the foregoing) – including any trial or arbitration transcripts (both hard copies and discs) and trial or arbitration exhibits – filed, admitted, marked for identification, or submitted in the matters identified in footnote 1 above.

3.     All bills and invoices sent by MGA to the Responding Insurers that reflect fees and costs incurred by MGA from all lawyers and law firms (not just O'Melveny), and all audits, reviews, or analyses of those bills and invoices. Among the audits to be included are all audits and correspondence from McCormick Barstow. In addition, all documents related to the payment of such bills and invoices.

4.     All settlement agreements between MGA and the Responding Insurers; all documents identifying the settlement amounts paid by the Responding Insurers to MGA; and all documents reflecting what fees for which MGA sought reimbursement were covered by a particular payment by the Responding Insurers to MGA (or to any third party at MGA's direction or with MGA's consent) pursuant to any of the settlement agreements with MGA.

5.     All declination or reservation of rights letters or other letters written to MGA setting forth the Responding Insurers' positions concerning the duty to defend and/or the duty to indemnify.

---

[Footnote continued from previous page]
Cal.); *MGA Entertainment, Inc. v. Mattel, Inc.*, No. 05-02727 (C.D. Cal.); *Art Attacks Ink LLC v. MGA Entertainment, Inc.*, No. 04-1035 (S.D. Cal.).

3

Gibson, Dunn & Crutcher LLP

EXHIBIT 1
PAGE 5

B.      All materials produced by the Responding Insurers that are designated as confidential pursuant to a protective order in any of the court proceedings or arbitrations identified in paragraph "A" above shall be deemed to have been designated as confidential pursuant to the Protective Order entered in this case. This does not mean, however, that O'Melveny is bound by any Protective Order in any action or proceeding other than this case.

C.      The Responding Insurers need not produce any documents identified in paragraph "A" above that are protected by any of the following privileges or protections where the Responding Insurer (as contrasted with, for example, MGA) is the holder of the privilege or protection:  (1) the attorney-client privilege, (2) the work product doctrine, or (3) any joint defense or common interest privilege as among any of the Responding Insurers (but expressly not including MGA).  In addition, the Responding Insurers do not need to identify any of such documents on a "privilege log."

D.      The Responding Insurers need not produce any documents identified in paragraph "A" above that they contend are protected by the mediation privilege as set forth in California Evidence Code, Section 1115 *et seq.*  However, the Responding Insurers shall identify all documents for which the mediation privilege is claimed on a privilege log, with the sole exception that any document where the mediator is the sender, addressee, or a "cc" need not be logged. The privilege log shall be provided by the Responding Insurers to O'Melveny and MGA within 60 days of the March 30, 2011 hearing (*i.e.*, on or before Tuesday, May 31, 2011).

E.      The Responding Insurers need not produce any documents identified in paragraph "A" above that are part of the file of (1) any contribution litigation among the Responding Insurers (so long as MGA is not a party to such litigation), including *Lexington Insurance Co., et al. v. Evanston Insurance Co., et al.*, No. 09-7461 (C.D. Cal.); (2) any documents (other than the documents identified in Sections "A.1" and "A.2" above) filed with the United States District Court for the Central District of California in any action between MGA, on the one hand, and Mattel, Inc. and/or Art Attacks Ink LLC, on the other hand; *provided however*, that any such documents that are part of any other responsive document shall be included in the production of that responsive document so that the responsive document is produced as a complete document; (3) any documents from the files of the Responding Insurers for litigation solely between MGA, on the one hand, and any of MGA's licensees

4

[PROPOSED] ORDER DENYING MGA'S MOTION TO QUASH SUBPOENAS AND RELATED JOINDERS AND CERTAIN INSURERS' MOTIONS FOR PROTECTIVE ORDER

EXHIBIT 1
PAGE 6

1   or vendors, on the other hand; and (4) documents from the files of the Responding Insurers for the

2   tender by MGA of any coverage claim for this action between MGA and O'Melveny.

3       F.      The Responding Insurers need not produce duplicates of any documents identified in

4   paragraph "A" above. This means that if more than one of the Responding Insurers has the same

5   document, only one of the Responding Insurers needs to produce such document, *provided* that the

6   other Responding Insurer(s) verify that the documents they have but are not producing are indeed

7   duplicates and so certify to O'Melveny.

8   II.     The objections filed by Hartford Insurance Company of the Midwest's ("Hartford") to the

9   production of documents identified in Sections I.A.1–I.A.5 above are OVERRULED, as provided in

10  Sections II.A and II.B below.

11      A.      Hartford objected to production of documents with respect to the five categories of

12  documents identified in Sections I.A.1–I.A.5 above as set forth below. The Court has considered each

13  objection and rules as follows:

14          1.      Hartford objects to the production of documents encompassed by category Nos. I.A.1,

15                  2 & 5 on the grounds that these documents are either equally available to O'Melveny

16                  as public documents (such as pleadings and motions filed with the respective court

17                  that would be available on Pacer), or available through MGA (such as

18                  correspondence). It is Hartford's position that the burden of production should be

19                  borne between the parties rather than non-party Hartford. This objection, and

20                  Hartford's joinder in MGA's motion to quash on this ground, is OVERRULED.

21          2.      Hartford objects to the production of documents encompassed by category Nos. I.A.4

22                  & 5 on the grounds that any settlement agreements, or correspondence or documents

23                  relating to any settlements between MGA and Hartford, are protected by settlement

24                  and mediation privileges as well as confidentiality agreements. To the extent Hartford

25                  objects to the production of any documents on the basis of a claimed mediation

26                  privilege, Hartford, like the other Responding Insurers, shall proceed pursuant to Part

27                  I.D of this Order.

28

Gibson, Dunn &
Crutcher LLP

5

EXHIBIT 1
PAGE 7

3.     Hartford objects to the production of documents encompassed by category No. I.A.3 on the ground that it is in the process of confirming that it does not have possession of any documents encompassed by that category.  By the production date set forth in Part I above, Hartford has agreed with O'Melveny that Hartford shall either confirm through an amended response to the subpoena that it does not have possession of any documents encompassed by category No. I.A.3, or produce such documents as it may have.

B.     Notwithstanding Hartford's previously-served objections to the subpoena served by O'Melveny on Hartford, Hartford shall, subject to Sections I.B–I.F above, produce all responsive documents with respect to the five categories of documents identified in Sections I.A.1–I.A.5 above.

III.    The Court has considered and OVERRULES each of MGA's objections to the production of documents identified in Sections I.A.1–I.A.5 above.

A.     MGA objects to the production of documents with respect to the five categories of documents identified in Sections I.A.1–I.A.5 above as set forth below.  The Court has considered the objections and OVERRULES each of them as follows:

1.     MGA objected to the subpoenas on the grounds that the subpoenas call for the production of information, which MGA contended was protected by a right to privacy under the California Insurance Code and the common law, and, in addition to the foregoing, Isaac Larian objected to the subpoenas based on a right to privacy under the California Constitution.  These objections are OVERRULED.

2.     MGA objected to the subpoenas on the grounds of confidentiality to the extent that any of the documents covered by the subpoenas contain confidentiality clauses, are marked confidential, or are subject to protective orders in other litigation.  These objections are OVERRULED.  Documents produced by the Responding Insurers may be subject to the terms of the Protective Order entered in this case, in accordance with Section I.B above.

3.     MGA objected to the subpoenas on the grounds of attorney-client privilege with respect to communications from or to MGA's counsel other than O'Melveny as to any matter.  This objection is OVERRULED.  MGA has impliedly waived the attorney-client privilege and work

6

EXHIBIT 1
PAGE   8

1  product with respect to the materials addressed in Section I.A.3 above (*i.e.*, all bills and invoices sent

2  by MGA to the Responding Insurers that reflect fees and costs incurred by MGA from all lawyers

3  and law firms (not just O'Melveny), and all audits, reviews, or analyses of those bills and invoices)

4  concerning any of its counsel in any action or dispute (whether court proceeding, arbitration, or

5  otherwise) between MGA (or any of their past or present affiliates or related parties), on the one

6  hand, and Mattel, Inc. and/or Art Attacks Ink LLC, on the other hand, including but not limited to

7  those matters identified in footnote 2 above. *See S. Cal. Gas Co. v. Public Utils. Comm'n*, 50 Cal. 3d

8  31, 40 (1990); *Mitchell v. Superior Court*, 37 Cal. 3d 591, 604 (1984); *Wellpoint Health Networks,*

9  *Inc. v. Superior Court*, 59 Cal. App. 4th 110, 128 (1997).

10       4.       MGA objected to the production of documents related to any settlements with the

11  Responding Insurers based on the mediation privilege.  This objection is addressed by the Court's

12  Order as reflected in paragraph I.D. above.

13       5.       The Court DENIES MGA's request that it have the opportunity to pre-review and

14  redact allegedly private, confidential, and/or privileged information from the legal invoice bills prior

15  to production by the Responding Insurers in order to protect what MGA claims are its privilege,

16  confidentiality, and privacy interests.  The Court finds that such pre-review and/or redaction would

17  not be appropriate given the Court's ruling regarding implied waiver as set forth in Section III.A.3.

18  above, as well as the Court's ruling regarding confidentiality and privacy, as set forth in

19  Sections III.A.1. and III.A.2. above.

20       IT IS SO ORDERED

21  DATED: ~~April~~ 5/3, 2011                    Elizabeth Allen White

22                                                     Elizabeth White
                                                        Judge of the Superior Court
23  101051175

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

EXHIBIT 1
PAGE 9

**CERTIFICATE OF SERVICE**

I, Cecilia Rodriguez, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071-3197, in said County and State. On **May 6, 2011**, I served the following document(s):

**NOTICE OF RULING REGARDING MGA'S MOTION TO QUASH SUBPOENAS AND RELATED JOINDERS AND CERTAIN INSURERS' MOTIONS FOR PROTECTIVE ORDER**

on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

☑   **BY ELECTRONIC MAIL:** From my personal computer I electronically served a full and complete copy of the above referenced documents by electronic transmission to the person(s) at the email addresses indicated below. These documents were served as a courtesy copy per the parties' agreement.

| | |
|---|---|
| William Gwire, Esq. | Attorneys for Defendant MGA Entertainment, |
| gwire@gwirelaw.com | Inc. and Cross-Complainants MGA |
| Bruce Glassner, Esq. | Entertainment, Inc., MGA Entertainment (HK) |
| glassner@gwirelaw.com | Limited, and Isaac Larian |
| Ujvala Singh, Esq. | |
| singh@gwirelaw.com | |
| GWIRE LAW OFFICES | |
| 455 Market Street, Suite 2220 | |
| San Francisco, CA 94105 | |
| Tel: (415) 296-8880 | |
| Fax: (415) 296-8029 | |

☑   **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated below, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| William Gwire, Esq. | Attorneys for Defendant MGA Entertainment, |
| Bruce Glassner, Esq. | Inc. and Cross-Complainants MGA |
| Ujvala Singh, Esq. | Entertainment, Inc., MGA Entertainment (HK) |
| GWIRE LAW OFFICES | Limited, and Isaac Larian |
| 455 Market Street, Suite 2220 | |
| San Francisco, CA 94105 | |
| Tel: (415) 296-8880 | |
| Fax: (415) 296-8029 | |

CERTIFICATE OF SERVICE

EXHIBIT 1
PAGE _10_

James R. Rosen
Ryan D. Saba
Rosen Saba, LLP
468 Camden Drive
Beverly Hills, CA  90210
Tel: (310) 285-2727
Fax: (310) 285-1728

Attorneys for Defendant MGA Entertainment, Inc. and Cross-Complainants MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian

Dale F. Kinsella, Esq.
Kinsella, Weitzman, Iser, Kump
   & Aldisert LLP
808 Wilshire Boulevard, Third Floor
Santa Monica, CA  90401

Attorneys for Plaintiff & Cross-Defendant O'Melveny & Myers LLP

Mark D. Sheridan, Esq.
Drinker Biddle
500 Campus Dr.
Florham Park, NJ  07932

Attorneys for Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, American International Underwriters Ins. Co., and Chartis Specialty Insurance Company

Susan J. Field, Esq.
Musick, Peeler & Garrett LLP
One Wilshire Boulevard, Suite 2000
Los Angeles, CA  90017

Attorneys for Crum & Forster Specialty Insurance Company

Won Park, Esq.
Mendes & Mount, LLP
445 So. Figueroa Street, 38th Floor
Los Angeles, CA  90071

Attorneys for Hartford Ins. Co. of the Midwest

Prashant K. Khetan, Esq.
Whitney R. Lindahl, Esq.
Troutman Sanders LLP
401 9th Street, N.W., Suite 1000
Washington, D.C.  20004

Attorneys for Evanston Insurance Co.

☑   I am employed in the office of J. Christopher Jennings, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☑   **(STATE)**        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **May 6, 2011.**

_Cecilia Rodriguez_
Cecilia Rodriguez

Gibson, Dunn &
Crutcher LLP

CERTIFICATE OF SERVICE

EXHIBIT 1
PAGE _11_

# Exhibit 2

●     ●     **ORIGINAL**

1   GIBSON, DUNN & CRUTCHER LLP
   KEVIN S. ROSEN, SBN 133304
2   krosen@gibsondunn.com
   J. CHRISTOPHER JENNINGS, SBN 226464
3   cjennings@gibsondunn.com
   BLAINE H. EVANSON, SBN 254338
4   bevanson@gibsondunn.com
   333 South Grand Avenue
5   Los Angeles, California 90071-3197
   Telephone: (213) 229-7000
6   Facsimile: (213) 229-6635

7   Attorneys for Plaintiff and Cross-
   Defendant O'Melveny & Myers LLP and Cross-Defendants
8   Scott Dunham, Marc Feinstein, and Diana Torres

9   KINSELLA, WEITZMAN, ISER, KUMP & ALDISERT LLP
   DALE F. KINSELLA, SBN 63370
10   dkinsella@kwikalaw.com
   808 Wilshire Boulevard, Third Floor
11   Santa Monica, California 90401
   Telephone: (310) 566-9888
12   Fax: (310) 566-9878

13   Attorneys for Plaintiff and Cross-
   Defendant O'Melveny & Myers LLP

14

15       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16      **FOR THE COUNTY OF LOS ANGELES, CENTRAL DIVISION**

17   O'MELVENY & MYERS LLP, a limited     CASE NO. BC 441593
   liability partnership,
18                        Assigned for all purposes to Judge Elizabeth
          Plaintiff,           White, Dept. 48
19       v.
20   MGA ENTERTAINMENT, INC., a California     **OPPOSITION OF O'MELVENY & MYERS**
   corporation; DOES 1-20, inclusive,     **LLP TO MGA ENTERTAINMENT, INC.'S**
                       **MOTION TO QUASH SUBPOENAS AND**
21           Defendants.       **REQUEST FOR ATTORNEYS FEES**
                       **AND/OR SANCTIONS**
22   ----------------------------------------------------
                       [Supporting Declarations of Blaine H.
23   AND RELATED CROSS-ACTIONS.     Evanson, Dale F. Kinsella and Suann C.
                       MacIsaac; Evidentiary Objections; Separate
24                        Statement; and Request for Judicial Notice
                       Filed Under Separate Cover]
25                        Hearing Date:      March 22, 2011
                       Hearing Time:      8:30 a.m.
26                        Hearing Place:     Department 48
27                        Complaint Filed: July 13, 2010
                       Cross-Complaint Filed: August 5, 2010
28                        Trial Date: None set

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAR 0 9 2011

John A. Cla___ _____ _____cer/Clerk
By _____, Deput.
    GLORIETTA ROBINSON

---

     **O'MELVENY & MYERS LLP'S OPPOSITION TO MOTION TO QUASH**

**EXHIBIT 2**
**PAGE** _12_

 

1  Cal. App. 4th 421, 425 (1998) ("In order to recover on a theory of professional negligence, it is not

2  enough to show that the defendant breached a duty owed to the client; the client also must demonstrate

3  that the breach of that duty caused actual loss or damages.").

4        All of the foregoing will be reflected in communications between MGA and its insurers and in

5  non-privileged notes, memos, and communications by claims executives at each of the insurers.

6  Equally relevant to causation are case analyses, whether prepared by MGA or insurer executives, that

7  reveal weaknesses in MGA's case having nothing to do with O'Melveny. For example, any non-

8  privileged analysis of potential negative outcomes in the dispute with Mattel that focus on adverse facts

9  that pre-existed O'Melveny's representation are crucially relevant to causation.

10       There are even more reasons, arising from MGA's cross-claims, why the documents at issue are

11 relevant. As just one example, briefs filed in the ongoing Evanston insurance litigation indicate that

12 Crum & Forester agreed to pay MGA approximately $17 million in past defense costs. (Evanson

13 Decl., ¶ 15) According to the same briefing, "presumably this represents MGA's defense costs in the

14 *Mattel* litigation for the period January 5, 2007 to October 22, 2007, during which Crum & Forester

15 was the only insurer to whom MGA had tendered its defense." (*Id.*) MGA owes O'Melveny over $10

16 million for fees incurred during that *same period.* Given the temporal congruity, those files likely will

17 confirm, for example, that MGA was reimbursed for O'Melveny's fees but "pocketed" the funds rather

18 than paying O'Melveny.

19       In addition, MGA claims that O'Melveny was late in presenting its bills to MGA, which caused

20 MGA to be denied coverage by some of its insurers, thereby rendering insurer documents on this topic

21 discoverable. (Evanson Decl., ¶ 16.) Documents from the insurers are also relevant to rebut claims

22 that O'Melveny failed to advise MGA to timely tender its claims to the insurers, which likewise

23 resulted in denial of coverage. (*Id.*)

24       Given MGA's burden with respect to each element of its claims, particularly causation,

25 O'Melveny is entitled to discover what occurred before, during, and after the 2008 trial because it will

26 demonstrate that there were superseding causes of MGA's alleged damages in connection with the

27 procession of law firms that represented MGA and the series of proceedings during which and after

28 MGA claims the alleged malpractice occurred, or that certain damages could have been mitigated by

7

EXHIBIT 2
PAGE 13

1   MGA. Likewise, because MGA must demonstrate that O'Melveny was "not as skillful,

2   knowledgeable, or careful as other reasonable [attorneys] would have been in similar circumstances,"

3   *see* CACI 602, evidence regarding the actions, strategies, arguments, and judgments that were made (or

4   were not made) in the federal litigation during and following O'Melveny's withdrawal, as well as the

5   insurers' knowledge of, participation in, and agreement to those actions, strategies, arguments, and

6   judgments, are acutely relevant to breach of duty, causation, and O'Melveny's judgmental immunity

7   defense.

8        Furthermore, MGA asserts, both as an affirmative claim, (Cross-Cmpl. ¶¶ 43-51), and as a

9   defense to O'Melveny's claims, that O'Melveny improperly billed for its work. Accordingly,

10  discovery focused on non-privileged documents generated by the insurers, or documents MGA

11  provided to them, regarding those fees and billing methods and the fees and billing methods of the law

12  firms that succeeded O'Melveny, are all highly relevant. Indeed, documents from the insurance

13  coverage disputes will reveal that MGA itself has argued in connection with seeking reimbursement

14  that O'Melveny's fees – the very fees MGA refuses to pay and upon which it has based some of its

15  claims here – were reasonable and reimbursable. Moreover, MGA's communications with its insurers

16  reflected in non-privileged notes and analyses by claims personnel will confirm the many problems

17  MGA faced with respect to Mattel's claims, and hence establish that it was MGA's behavior in relation

18  to Mattel, and nothing done or not done by O'Melveny in attempting to save MGA from its own

19  actions, that caused the damages that MGA claims in this case

20  **B.   The Documents Requested By The Subpoenas Are Not Protected By Any Privilege That
         MGA Has Not Waived, Or Any Privacy Claim That Cannot Be Addressed By The
21       Existing Protective Order In This Case.**

22      **1.   MGA Waived Its Privilege Claims Based On The Allegations In Its Cross-
                Complaint.**

23      Evidence Code § 958 states that "[t]here is no privilege under this article as to a communication

24  relevant to an issue of breach, by the lawyer or by the client, of a duty arising out of the lawyer-client

25  relationship." *See also Dietz v. Meisenheimer & Herron*, 177 Cal. App. 4th 771, 786 (2009); *Styles v.*

26  *Mumbert*, 164 Cal. App. 4th 1163, 1168 (2008). Even MGA admits that this provision means that its

27  privilege claims are waived as against O'Melveny. (Mot. at 10; *see also* MGA's Mot. to Stay at 10–12

28  (conceding that MGA waived the privilege in this case).)

EXHIBIT 2
PAGE 14

1    MGA also has waived any privilege with respect to the law firms that represented MGA after

2    O'Melveny withdrew from the federal action against Mattel.  MGA already concedes it has waived any

3    privilege claim with respect to MGA's communications with Skadden.  (Mot. at 10.)  That of course is

4    because the privilege is waived where, as here, "the client has put the otherwise privileged

5    communication directly at issue and that disclosure is essential for a fair adjudication of the action."

6    *Wellpoint Health Networks, Inc. v. Superior Court*, 59 Cal. App. 4th 110, 128 (1997); *see also Mitchell*

7    *v. Superior Court*, 37 Cal. 3d 591, 604 (1984) (noting "a number of California cases as supporting the

8    proposition that 'fundamental fairness' may require disclosure of otherwise privileged information or

9    communications where plaintiff has placed in issue a communication which goes to the heart of the

10   claim in controversy."); *S. Cal. Gas Co. v. Public Utils. Comm'n*, 50 Cal. 3d 31, 40 (1990) ("We

11   recognized this theory of an implied waiver in *Mitchell v. Superior Court, supra*, and established that

12   the person or entity seeking to discover privileged information can show waiver by demonstrating that

13   the client has put the otherwise privileged communication directly at issue and that disclosure is

14   essential for a fair adjudication of the action." (citations omitted)).

15   MGA has alleged that O'Melveny caused MGA to lose the first federal trial against Mattel, but

16   because MGA has taken a contrary position in the Mattel litigation, stating that Mattel was the sole

17   cause of the injunction, (Evanson Decl., Ex. B), there is a reasonable likelihood that the insurers' files

18   contain evidence of these conflicting positions (including admissions by MGA either in writing or

19   orally through communications with the insurers and as reflected in the insurers' non-privileged notes).

20   Of course, documents related to those conflicting positions by MGA about causation are crucially

21   important here.  Even if such information initially emanated from MGA's counsel, the information is

22   discoverable from the insurers because any privilege belonging *to MGA* (as contrasted to a privilege

23   belonging to an insurer) that otherwise would have been applicable has been waived.

24   **2.     MGA's Privacy Objections Are Unfounded And, In Any Event, Are Adequately
         Addressed By The Stipulated Protective Order The Court Has Already Issued.**

25       **a)     MGA's Attempt To Bootstrap Its Stipulated Protective Order In Its
26               Coverage Litigation Cannot Block Relevant Discovery Here, And This
                 Court Already Has Rejected That Argument**

27   MGA argues (without citation to any authority) that stipulated protective orders in its coverage

28   litigation justifies withholding relevant information.  (Mot. at 10.)  But this Court already overruled this

**EXHIBIT 2**
**PAGE 15**

1    objection earlier this month in the context of O'Melveny's Motion to Compel. (Evanson Decl., Ex. C

2    p. 17.) As this Court noted, "MGA [c]ites no authority which holds that a protective order in the

3    Federal court litigation bars production of materials subject to that protective order in state court." (*Id.*)

4    Indeed, the protective orders in the other cases invoked by MGA anticipate production when there is a

5    court order (*e.g.*, a subpoena or other order of this Court). (*See, e.g.*, Field Decl. in Support of Joinder,

6    Ex. 1, ¶16.)

7           Alternatively, if relevant (as even MGA admits) documents are not produced, then MGA

8    cannot proceed with its claims against O'Melveny. *See, e.g., Solin v. O'Melveny & Myers, LLP*, 89

9    Cal. App. 4th 451, 456 (2001) ("O'Melveny could not effectively defend itself against [plaintiff]'s

10   claims of malpractice without reference to and use of the Client's Secrets."); *McDermott, Will &*

11   *Emery v. Sup. Ct.*, 83 Cal. App. 4th 378, 384 (2000) (holding that malpractice case should be dismissed

12   where confidential information relevant to law firm's defenses could not be produced). This applies

13   with equal force to the "confidential settlement agreements that the insurers are contractually obliged to

14   honor," (Mot. at 10), as such agreements will reveal, for example, that MGA has been reimbursed for

15   fees it has refused to pay O'Melveny and that are the subject of O'Melveny's fee claim or even MGA's

16   cross-claim for reimbursement of fees paid to O'Melveny. (Evanson Decl., ¶ 15.)

17          **b)      MGA's Privacy Objections Are Misplaced**

18          MGA relies on Insurance Code § 791.13 for its privacy argument, but that section does not

19   create a discovery privilege. *Irvington-Moore, Inc. v. Superior Court*, 14 Cal. App. 4th 733, 741

20   (1993). It also expressly does not preclude production of information related to an insurance policy

21   when "[o]therwise permitted or required by law" or the information is "[i]n response to a facially valid

22   administrative or judicial order, including a search warrant or subpoena." Ins. Code §§ 791.13(g), (h).

23          Moreover, MGA's argument is completely irrelevant to a corporation. Section 791.13 only

24   applies to "personal" or "privileged" information. "Privileged information" is defined as "involving an

25   individual" under Ins. Code § 791.02. Likewise, it is well established in a variety of other contexts that

26   a "corporation . . . has no personal right of privacy," Restatement (Second) of Torts § 652I cmt. c

27   (1977); for at least half a century, it has been "generally agreed that the right to privacy is one

28   pertaining only to individuals." William L. Prosser, Privacy, 48 Cal. L. Rev. 383, 408–09 & n.207

O'MELVENY & MYERS LLP'S OPPOSITION TO MOTION TO QUASH

EXHIBIT 2
PAGE 16

1    by O'Melveny to do so, MGA's misunderstanding of the scope of the subpoenas and the relevance of

2    the information requested, as well as the infirmity of MGA's other objections, could have been

3    discussed and eliminated. (Evanson Decl., ¶¶ 3–4.) At a minimum, such a discussion would have

4    reduced the scope of this motion and hence its burden on this Court. *See McElhaney v. Cessna Aircraft*

5    *Co.*, 134 Cal. App. 3d 285, 289 (1982) (meet and confer rule designed "to encourage the parties to

6    work out their differences informally so as to avoid the necessity for a formal order").

7          MGA's failure to follow the mandatory meet and confer requirement (*see* CCP § 2016.040)

8    itself warrants denial this motion. *See Townsend v. Superior Court*, 61 Cal. App. 4th 1431, 1439

9    (1998) (reversing grant of motion to compel, because "the law requires that counsel attempt to talk the

10    matter over, compare their views, consult, and deliberate.").

11   **F.**    **Sanctions Against O'Melveny Would Be Inappropriate; If Anything, MGA Should Be**
              **Sanctioned For Filing Yet Another Frivolous Motion Plainly Intended To Delay This**
12          **Case.**

13          MGA's suggestion that O'Melveny should be sanctioned is unfounded for all of the reasons

14    noted above. Indeed, MGA's citation to *Obregon v. Superior Court*, 67 Cal. App. 4th 424 (1998),

15    where sanctions were *not* imposed, ironically confirms this because the subpoenas unquestionably seek

16    documents "reasonably related to [O'Melveny's] legitimate discovery need." *Id.* at 431. MGA even

17    admits that the documents are relevant to the litigation. (Mot. at 8.) If anything, MGA should be

18    sanctioned for failing to meet and confer before filing its motion, refusing three overtures by

19    O'Melveny to discuss its misconceptions about the subpoenas and to attempt an informal resolution,

20    (Evanson Decl., ¶¶ 3–4), and then blatantly mischaracterizing the scope of the subpoenas and asserting

21    baseless legal arguments challenging them.

22                       **IV.**     **CONCLUSION**

23          For all of the foregoing reasons, the Court should deny MGA's Motion to Quash.

24   DATED: March 9, 2011                 GIBSON, DUNN & CRUTCHER LLP

25

26                                By: _____

27                                   Kevin S. Rosen
                                  Attorneys for Plaintiff and Cross-
28                                   Defendant O'Melveny & Myers LLP

**EXHIBIT 2**
**PAGE 17**

**CERTIFICATE OF SERVICE**

I, Laura Rocha Maez, declare as follows:

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 333 South Grand Avenue, Los Angeles, California 90071-3197, in said County and State. On **March 9, 2011**, I served the following document(s):

1. **OPPOSITION OF O'MELVENY & MYERS LLP TO MGA ENTERTAINMENT, INC.'S MOTION TO QUASH SUBPOENAS AND REQEUST FOR ATTORNEYS FEES AND/OR SANCTIONS;**

2. **OPPOSITION BY O'MELVEY & MYERS LLP TO THIRD PARTY CRUM & FORSTER SPECIALTY INSURANCE COMPANY'S JOINDER IN MGA'S MOTION TO QUASH AND ALTERNATIVE MOTION FOR PROTECTIVE ORDER;**

3. **O'MELVENY & MYERS LLP'S EVIDENTIARY OBJECTIONS TO, AND REQUEST TO STRIKE, PORTIONS OF DECLARATIONS FILED IN SUPPORT OF MOTIONS TO QUASH SUBPOENAS;**

4. **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF (1) OPPOSITION OF O'MELVENY & MYERS LLP TO MGA ENTERTAINMENT, INC.'S MOTION TO QUASH SUBPOENAS AND REQUEST FOR ATTORNEYS FEES AND/OR SANCTIONS; AND (2) CRUM & FORSTER'S MOTION TO QUASH SUBPOENA, OR ALTERNATIVELY A MOTION FOR PROTECTIVE ORDER AND REQUEST FOR REASONABLE ATTORNEYS' FEES AND COSTS;**

5. **O'MELVENY AND MYERS'S RESPONSE TO MGA'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO QUASH SUBPOENAS AND REQUEST FOR REASONABLE ATTORNEYS FEES AND/OR SANCTIONS;**

6. **DECLARATION OF BLAINE H. EVANSON IN SUPPORT OF OPPOSITION BY O'MELVENY & MYERS LLP TO MGA ENTERTAINMENT, INC.'S MOTION TO QUASH SUBPOENAS AND CRUM & FORSTER'S JOINDER THERETO AND ALTERNATIVE MOTION FOR A PROTECTIVE ORDER;**

7. **DECLARATION OF DALE F. KINSELLA IN SUPPORT OF OPPOSITION BY O'MELVENY & MYERS TO MGA ENTERTAINMENT, INC.'S MOTION TO QUASH SUBPOENAS AND REQUEST FOR ATTORNEYS FEES AND/OR SANCTIONS; and**

8. **DECLARATION OF SUANN C. MACISAAC IN SUPPORT OF OPPOSITION BY O'MELVENY & MYERS TO MGA ENTERTAINMENT, INC.'S MOTION TO QUASH SUBPOENAS AND REQUEST FOR ATTORNEYS FEES AND/OR SANCTIONS.**

on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

**EXHIBIT 2**
**PAGE 18**

Gibson, Dunn &

1

2

3

☑ **BY ELECTRONIC MAIL:** From my personal computer I electronically served a full and complete copy of the above referenced documents by electronic transmission to the person(s) at the email addresses indicated below. These documents were served as a courtesy copy per the parties' agreement.

4

5

6

7

8

9

William Gwire, Esq.
gwire@gwirelaw.com
Bruce Glassner, Esq.
glassner@gwirelaw.com
Ujvala Singh, Esq.
singh@gwirelaw.com
GWIRE LAW OFFICES
455 Market Street, Suite 2220
San Francisco, CA 94105
Tel: (415) 296-8880
Fax: (415) 296-8029

Attorneys for Defendants and Cross-Complainants MGA Entertainment, Inc.

10

11

12

☑ **BY OVERNIGHT MAIL:** On the above-mentioned date, I placed a true copy of the above mentioned document(s) in a sealed envelope or package designated by the UPS with delivery fees paid or provided for, addressed to the person(s) as indicated below and deposited same in a box or other facility regularly maintained by UPS or delivered same to an authorized courier or driver authorized by UPS to receive documents.

13

14

15

16

17

William Gwire, Esq.
Bruce Glassner, Esq.
Ujvala Singh, Esq.
GWIRE LAW OFFICES
455 Market Street, Suite 2220
San Francisco, CA 94105
Tel: (415) 296-8880
Fax: (415) 296-8029

Attorneys for Defendants and Cross-Complainants MGA Entertainment, Inc.

18

19

20

Dale F. Kinsella, Esq.
Kinsella, Weitzman, iser, Kump &
Aldisert LLP
808 Wilshire Boulevard, Third Floor
Santa Monica, CA 90401

Attorneys for Plaintiff & Cross-Defendant
O'Melveny & Myers LLP

21

22

23

24

Mark D. Sheridan, Esq.
Drinker Biddle
500 Campus Dr.
Florham Park, NJ 07932

Attorneys for Lexington Insurance Company,
National Union Fire Insurance Company of
Pittsburgh, PA, American International
Underwriters Ins. Co., and Chartis Specialty
Insurance Company

25

26

27

Susan J. Field, Esq.
Musick, Peeler & Garrett LLP
One Wilshire Boulevard, Suite 2000
Los Angeles, CA 90017

Attorneys for Crum & Forster Specialty
Insurance Company

28

Gibson, Dunn &

**EXHIBIT 2**
**PAGE 19**

| | |
|---|---|
| Won Park, Esq. Mendes & Mount, LLP<br>445 So. Figueroa Street, 38th Floor<br>Los Angeles, CA 90071 | Attorneys for Hartford Ins. Co. of the Midwest |
| Whitney R. Lindahl, Esq.<br>Troutman Sanders LLP<br>401 9th Street, N.W., Suite 1000<br>Washington, D.C. 20004 | Attorneys for Evanston Insurance Co. |
| Maxwell M. Blecher<br>Maryann R. Marzano<br>William C. Hsu<br>Donald R. Pepperman<br>BLECHER & COLLINS, P.C<br>515 South Figueroa Street, Suite 1750<br>Los Angeles, CA 90071-3334<br>Tel: (213) 622-4222<br>Fax: (213) 622-1656 | Attys for Defendant and Cross-Complainants<br>MGA Entertainment, Inc., et al. |

☑   I am employed in the office of Kevin S. Rosen, a member of the bar of this court, and that the foregoing document(s) was(were) printed on recycled paper.

☑   **(STATE)**   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **March 9, 2011.**

_Laura Rocha Maez_
Laura Rocha Maez

Gibson, Dunn &