QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de
Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al., | CASE NO. CV 04-9049 DOC (RNBx) |
| | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| Plaintiff, | |
| vs. | Hon. David O. Carter |
| | REPLY IN SUPPORT OF APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 COMPELLING ISSUANCE OF SUBPOENAS FOR THE TAKING OF TESTIMONY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO LETTER ROGATORY |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | [Supplemental Declaration of Jon Corey filed concurrently herewith.] |
| | Hearing Date:        TBD<br>Time:                   TBD<br>Place:                  TBD |
| | Trial:                     January 18. 2011 |

00505.07209/4265242.3

# **<u>TABLE OF CONTENTS</u>**

<u>**Page**</u>

ARGUMENT ................................................................................................ 1

I.    EACH OF THE *INTEL* FACTORS WEIGH IN FAVOR OF
      ORDERING THE REQUESTED EVIDENCE ............................................. 1

      A.    None Of The Witnesses Are Participants In The Foreign
            Proceeding ........................................................................................ 3

      B.    The Fact That A Foreign Tribunal, Not Merely An Interested
            Party, Seeks The Discovery Weighs In Favor Of Granting The
            Application ........................................................................................ 4

      C.    The Application Does Not Circumvent Any Restrictions On
            Evidence Collection .......................................................................... 6

            1.    The Application Is Not An Attempt To Circumvent
                  Mexican Proof-Gathering Restrictions or Law. ..................... 6

            2.    The Application Is Not An Attempt To Circumvent U.S.
                  Proof-gathering Restrictions or Policies ................................ 10

      D.    The Discovery Would Not Be Unduly Intrusive or Burdensome........ 11

II.   THE ONLY CHANGED CIRCUMSTANCE IS THAT THE
      MEXICAN COURT IS NOW THE ONLY TRIBUNAL THAT WILL
      CONSIDER THE MERITS OF THE TRADE SECRET THEFT
      ALLEGATIONS AGAINST MR. MACHADO ........................................... 12

III.  THE MEXICAN COURT'S REQUEST IS NOT BARRED BY RES
      JUDICATA ................................................................................................ 13

CONCLUSION ........................................................................................... 15

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

### <u>Cases</u>

4

<u>In re Application of Guy</u>,
   2004 WL 1857580 (S.D.N.Y. Aug. 19, 2004) ........................................ 1

5

6

<u>Bear Stearns & Co. v. Wyler</u>,
   182 F. Supp. 2d 679 (N.D. Ill. 2002) ...................................................... 8

7

<u>In re Application of Esses</u>,
   101 F.3d 873 (2nd Cir. 1996) .................................................................. 4

8

9

<u>In re Fischer Advanced Composite Components AG</u>,
   2008 WL 5210839 (W.D. Wash. Dec. 11, 2008) .................................. 11

10

<u>Four Pillars Enterprises Co., Ltd. v. Avery Denison Corp.</u>,
   308 F.3d 1075 (9th Cir. 2002) ............................................................... 13

11

12

<u>Intel Corp. v. Advanced Micro Devices, Inc.</u>,
   542 U.S. 241 (2004) ....................................................................... 1, 3, 4, 7

13

<u>In re Premises Located at 840 140th Ave., N.E.</u>,
   634 F.3d 557 (9th Cir. 2011) ................................................................... 3

14

15

<u>Rogers v. United States</u>,
   340 U.S. 367 (1951) ................................................................................. 9

16

17

<u>United States v. Bhatia</u>,
   545 F.3d 757 (9th Cir. 2008) ................................................................. 13

18

<u>United States v. Hansen</u>,
   233 F.R.D. 665 (S.D. Cal. 2005) ............................................................ 7

19

20

<u>United States v. Kordel</u>,
   397 U.S. 1 (1970) ..................................................................................... 9

21

<u>United States v. Pierce</u>,
   561 F.2d 735 (9th Cir. 1977) ................................................................... 7

22

23

### <u>Statutes</u>

24

28 U.S.C. § 1782................................................ 1, 2, 3, 4, 5, 6, 7, 9, 11, 13

25

Fed. R. Civ. P. 26(b)(1) ........................................................................ 10

26

27

### <u>Other Authorities</u>

28

8 Wright & Miller, Federal Practice and Procedure § 2018 (3d ed.) ......... 8

REPLY IN SUPPORT OF APPLICATION PURSUANT TO 28 U.S.C. § 1782

## **Argument**

MGA's Opposition to the Application devotes pages to gratuitous attacks on Mattel and on the Mexican court, but it fails to rebut the actual merits of the Application.  MGA does not contest that the Application meets the threshold factors of 28 U.S.C. § 1782: the witnesses are found in this district, a proceeding is presently pending before a foreign tribunal for which the discovery is sought, and the applicant is an interested person within the meaning of § 1782.

The discretionary factors identified by the Supreme Court in <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241, 264-65 (2004) also favor granting the Application.  None of the witnesses from whom the Mexican court seeks evidence are participants in the Mexican criminal case.   Contrary to MGA's characterization, the Mexican judiciary is not Mattel's puppet; the letter rogatory issued from the Mexican court, not Mattel, seeking the assistance of a federal court. The request does not conceal an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or of the United States.  Finally, the request is not unduly intrusive or burdensome.  Although MGA contests this point, it provides no actual proof to substantiate its claim that sitting for a deposition would be burdensome.  Mattel, therefore, respectfully requests that the Court grant the Application and order the discovery requested by the 10th District Court on Federal Criminal Proceedings (the "Mexican court").

## I.   **EACH OF THE *INTEL* FACTORS WEIGH IN FAVOR OF ORDERING THE REQUESTED EVIDENCE**

MGA does not contest that the threshold factors of 28 U.S.C. § 1782 are met. <u>See</u> <u>In re Application of Guy</u>, 2004 WL 1857580, at *2 (S.D.N.Y. Aug. 19, 2004) (the witnesses are found in this district, a proceeding is presently pending before a foreign tribunal for which the discovery is sought and the applicant is an interested person within the meaning of § 1782).

Although it took weeks, Mattel can now confirm that each of the witnesses resides in this district and has been served.[1]  Counsel for MGA refused to accept service on behalf of Mr. Makabi, a shareholder and director of MGA, Ms. Gronich, MGA's former general counsel and vice president, and Mr. Park, MGA's former chief operating officer.[2]  Thus, Mattel undertook to personally serve each.  Each witness was obviously forewarned because it took multiple days and substantial effort to effectuate service.[3]  In fact, when a process server approached a car at Mr. Makabi's residence, the driver of the car ran over the process server's foot.[4]  MGA does not contest that the prosecution of Machado and Trueba is pending before a foreign tribunal.  Nor does MGA contest that the Application is made pursuant to "a letter rogatory, or request made, by a foreign or international tribunal."  28 U.S.C. § 1782 (providing that the ordered discovery may be pursuant to letter rogatory or upon application of any interested person).

MGA has said nothing that could cause the Court to consider the discretionary factors identified by the Supreme Court favor as weighing in favor of denying the Application.  They are:

- "the person from whom discovery is sought is a participant in the foreign proceeding";

- "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

---

[1]  See Exhibits D-F of the Supplemental Declaration of Jon Corey ("Supp. Corey Dec."), dated July 25, 2011.  Mr. Larian, a party to the action, was served electronically when the papers were received by his counsel.

[2]  See Supp. Corey Dec. ¶ 3 and Ex. A.

[3]  See Supp. Corey Dec. ¶ 3 and Exs. B-F.

[4]  See Supp. Corey Dec. ¶ 4.

- whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

- whether the request is "unduly intrusive or burdensome."

In re Premises Located at 840 140th Ave., N.E., 634 F.3d 557, 563 (9th Cir. 2011) (quoting Intel, 542 U.S. at 264-65).

## A.   None Of The Witnesses Are Participants In The Foreign Proceeding

Mr. Larian, Mr. Makabi, Ms. Gronich and Mr. Park are not participants in the Mexican prosecution.  The Supreme Court recognized that the assistance of a federal court is most necessary when the discovery sought is from a non-participant in the foreign proceeding.  See Intel, U.S. 542 at 264 ("In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may by unobtainable absent § 1782(a) aid.").  This factor clearly weighs in favor of granting the Application.

MGA's only response to this is its speculative and unsupported contention that the Mexican Court's request is Mattel's attempt to gather evidence to provide to prosecutors to seek arrest warrants against Mr. Larian and Mr. Makabi.  However, the criminal proceeding in Mexico (the "Mexican Action") was initiated six years ago and at no time has the Mexican court issued an arrest warrant for either Mr. Larian or Mr. Makabi; in fact, the Mexican court has declined to do so.[5]

---

[5]   Dkt No. 7932, Kieckhefer Dec. Ex. 95 at 5897-5898.

**B.** **The Fact That A Foreign Tribunal, Not Merely An Interested Party, Seeks The Discovery Weighs In Favor Of Granting The Application**

Having issued the letter rogatory, the Mexican court is clearly receptive to U.S. federal-court judicial assistance.   This weighs in favor of granting the Application.  See Intel, 542 U.S. at 264 ("a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and **the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance**.") (emphasis added).  Notably, none of the cases cited by MGA in which a district court denied or limited discovery sought for a foreign proceeding concerned a letter rogatory issued by a foreign tribunal.  Permitting the evidence sought by the letter rogatory would serve the "twin aims of § 1782, providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts."  In re Application of Esses, 101 F.3d 873, 876 (2nd Cir. 1996) (internal quotes omitted).

MGA claims that the Application is too late because the letter rogatory is dated August 2010 (Opposition at 5, 8-9, 13).  It cites no case law showing that "undue delay" is a valid ground for disregarding the evidence it seeks.

MGA also speculates that, based on the time elapsed, the Mexican court would no longer be receptive to the evidence sought.  Opp. at 12.  Actually, the delay is not only justifiable, but proves that the Mexican court actively seeks the requested evidence.  The Mexican Court submitted the letter rogatory twice to the Mexican Consulate in Los Angeles—first in August 2010 and then again in December 2010—in its effort to obtain the requested evidence.  The letter rogatory was originally transmitted via the Mexican Consulate in Los Angeles and the U.S.

Department of State to the U.S. Department of Justice; however, it was returned to the requesting Mexican court on December 17, 2010 without being processed.[6]  The Mexican Court was instructed "to seek the assistance of an attorney-at-law licensed to practice in the Federal Court where the case is being heard, in order for such attorney-at-law to act as attorney-in-fact and to serve accordingly in the event that the Court orders to process such request."[7]  Consistent with that direction, the Mexican Court again submitted the letter rogatory to the Mexican Consulate in Los Angeles in February 2011, and at that time, the Mexican Consulate summoned Jon Corey, counsel for Mattel, to come to the Consulate and take possession of the letter rogatory.[8]  Counsel for Mattel did not receive the letter rogatory until February 25, 2011.[9]

In late February, the parties were approximately halfway through a three-month trial.  Undoubtedly, if the Mexican court's request been presented mid-trial, then MGA would have argued it was calculated solely to harass Mr. Larian mid-trial and would be unduly burdensome to take the depositions at that time.  Anticipating this concern, the Application was deferred until after the trial and post-trial briefing, was complete.  Mattel initially filed the Application and supporting papers on June 23, 2011 in a new action, consistent with the procedures for initiating a 28 U.S.C. § 1782 action.  However, the clerk communicated to Mattel that the Court preferred that Mattel file the Application and supporting papers in the instant action,

---

[6] See English translation of the Acta Circunstanciada, dated February 25, 2011 and prepared by the Mexican Consulate at ¶ 2, attached as Exhibit B to the Declaration of Jon Corey ("Corey Dec.").

[7] Id.

[8] Id. ¶ 4.

[9] Id. ¶ 5.

which Mattel did on June 30, 2011.[10]  Any delay in bringing the Mexican Court's letter rogatory before the Court is primarily attributable to the circuitous channel the letter traveled prior to being delivered to counsel for Mattel and, secondly, to the fact that the letter was received mid-trial.

Finally, MGA submits no proof that the Mexican Court has withdrawn the letter rogatory.  Had it been, then Machado's and Trueba's criminal defense counsel in Mexico (being paid by MGA and in a joint defense arrangement with MGA) surely would say so.  Far from being withdrawn, the Mexican Consul responsible for the letter rogatory seeking information regarding the status of the letter rogatory to report to the Mexican Court.[11]  Thus, this factor weighs in favor of granting the Application.

## C.    The Application Does Not Circumvent Any Restrictions On Evidence Collection

The third consideration is whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."

### 1.    The Application Is Not An Attempt To Circumvent Mexican Proof-Gathering Restrictions or Law.

The Mexican Court itself seeks the discovery, so it cannot be an attempt to circumvent foreign proof-gathering restrictions or policies.  Furthermore, the Supreme Court has rejected MGA's very argument that this Court should interpret Mexican law to deny the Application.  Aside from preservation of privilege, "nothing in the text of § 1782 limits a district court's production-order authority to

---

[10]  See Application For An Order Pursuant to 28 U.S.C. § 1782, dated June 30, 2011 at 2.

[11]  See Supp. Corey Dec. ¶2.

00505.07209/4265242.3

1   materials that could be discovered in the foreign jurisdiction if the materials were

2   located there.  'If Congress had intended to impose such a sweeping restriction on

3   the district court's discretion, at a time when it was enacting liberalizing

4   amendments to the statute, it would have included statutory language to that

5   effect.'"  <u>Intel,</u> 542 U.S. at 260 (internal cites omitted).

6       MGA's declarant states that defense counsel in Mexico have the right to

7   attend the depositions.[12]   The underlying documents and the proposed order both

8   address notification of defense counsel so that they can attend if they so choose.[13]

9   That is not a basis to deny the Application.

10      MGA asks the Court to deny the Application completely because Mr. Larian

11  and Mr. Makabi could claim rights against self-incrimination under Article 20,

12  Section II, of the Constitution of the United Mexican States.  First, that argument

13  obviously does not apply to Ms. Gronich or Mr. Park.

14      Second, it is not a basis for a blanket denial of the Application.  Section 1782

15  states "to the extent that the order does not prescribe otherwise, the testimony or

16  statement shall be taken, and the document or thing produced, in accordance with

17  the Federal Rules of Civil Procedure."  <u>See</u> 28 U.S.C. 1782(a).  Under U.S. law, a

18  deponent cannot invoke a blanket right against self incrimination to avoid testifying

19  entirely, but rather only in response to specific questions propounded by the

20  investigating party.  <u>See</u> <u>United States v. Pierce,</u> 561 F.2d 735, 741 (9th Cir. 1977)

21  (It is well settled that a Fifth Amendment claim can only "be raised in response to

22  *specific questions* propounded by the investigating party.") (emphasis added); <u>see</u>

23  <u>also</u> <u>United States v. Hansen,</u> 233 F.R.D. 665, 668 (S.D. Cal. 2005) (holding that

24  ───────────────

25      [12]   <u>See</u> Declaration of Luis Antonio San Miguel Bolea ¶¶ 3-4.

26      [13]   <u>See</u> Corey Dec. Ex. B at 617-18 (providing for consular notification of

27  defense counsel in Mexico); [Proposed] Order ¶ 3 (Dkt. No. 10671-2).

28

deponent could not refuse to attend deposition under a blanket claim of privilege against self incrimination) (citing cases). "The proper procedure is for the deponent to attend the deposition, to be sworn under oath, and to answer those questions he or she can answer without running a risk of incrimination. In this way a record can be made and the court can determine whether particular questions asked did entitle the deponent to claim the privilege." 8 Wright & Miller, Federal Practice and Procedure § 2018 (3d ed.).

Third, under Mexican law, a non-Mexican citizen testifying outside of Mexico cannot invoke Article 20.[14] Accord Bear Stearns & Co. v. Wyler, 182 F. Supp. 2d 679, 683 (N.D. Ill. 2002) ("We fail to find it self-evident that the Fifth Amendment's privilege against self-incrimination is available to non-resident aliens.").

Fourth, the evidence sought will be used solely for the prosecution of Machado and Trueba, not to seek arrest warrants for Larian and Makabi.[15] Therefore, neither Larian nor Makabi have any reasonable apprehension of prosecution to justify invoking any right against self incrimination. Even if the new evidence was sought to promote a criminal investigation (as opposed to the testimony adduced solely for purposes of resolving the civil case), seeking that evidence would be entirely appropriate. Section 1782(a) specifically provides that the testimony sought may be for purposes of a "proceeding in a foreign or international tribunal, *including criminal investigations conducted before formal accusation*." 28 U.S.C. § 1782(a) (emphasis added). The happenstance that this application is being resolved in a related civil proceeding does not limit the scope of permissible evidence under the statute.

---

[14] Declaration of Francisco Tiburcio ¶ 5.

[15] Declaration of Francisco Tiburcio ¶ 6.

Finally, Larian has waived any right against self-incrimination that he has. MGA claims that the "investigation" into Mr. Larian has been pending for years, but he was asked about his involvement in the thefts in Mexico at trial and never invoked any right against self-incrimination under either the Fifth Amendment or Article 20 of the Mexican Constitution.[16]   His knowing election to testify, rather than invoke, waived that right.  Rogers v. United States, 340 U.S. 367, 373 (1951) (if witness elects to waive privilege, he must make a full disclosure of facts regarding which he waived the right against self-incrimination).  Failure to exert the right against self-incrimination in civil proceedings forfeits the right to exclude the evidence in subsequent criminal cases.  See United States v. Kordel, 397 U.S. 1, 7 (1970) (criminal defendant forfeited his right to assert Fifth Amendment privilege with regard to answers he gave to interrogatories in a prior civil proceeding).  The Court should not now allow Larian to rely on that waived right to justify not even being sworn to provide testimony sought by the Mexican Court.

The Supreme Court's logic also applies to MGA's invitation to pre-judge the admissibility of e-mails under (some unnamed, unidentified and uncited) Mexican Supreme Court opinion.  Again, this is a collateral issue that in no way justifies blanket denial of the Application.  MGA's declarant does not suggest that the unidentified opinion applies to testimony at all, only documentary emails.[17] Whether the e-mails are admissible at trial is a question for the Mexican Court. MGA's declarant makes very clear that that the unidentified opinion he relies upon addresses admissibility of evidence, not collection of evidence.  He declared that if a

---

[16]   Supp. Corey Dec. Ex. G (Larian trial testimony regarding theft of Mattel trade secrets in Mexico).

[17]   Declaration of Luis Antonio San Miguel Bolea ¶ 8.

1  party "attempts to exhibit them [the emails] as proof, said communications have no

2  evidentiary value."[18]

3       The question for this Court is the *scope of collection* of evidence under

4  section 1782, not admissibility.  The question of scope is governed by the Rules of

5  Civil Procedure.  28 U.S.C. § 1782(a).  Collection of evidence is not governed by

6  rules of admissibility, but by Rule 26(b), which permits discovery "regarding any

7  non-privileged matter that is relevant to any party's claim or defense."  Fed. R. Civ.

8  P. 26(b)(1).  MGA does not argue that the e-mails attached to the letter rogatory, or

9  frankly any of the proposed questions are irrelevant.  Nor could it.  The Mexican

10 Court approved them along with the e-mails.[19]  Nor does MGA's  declarant dispute

11 that questions may be asked about the e-mails at deposition.[20]  This Court should not

12 prejudge the admissibility of evidence under Mexican law, particularly when the

13 requesting court has approved the evidence and before the evidence has been

14 collected.

15       **2.       The Application Is Not An Attempt To Circumvent U.S.**

16            **Proof-gathering Restrictions or Policies**

17       MGA also argues that the Mexican court's request is an attempt by Mattel to

18 circumvent the jury's verdict in this case.   This contention does not withstand

19 scrutiny.  First, the request is from the Mexican court, not Mattel, and it pre-dates

20 the jury's verdict by more than six months.  Second, the jury in this case only

21 considered  two  of  the  documents  taken  by  Mr. Machado,  Ms. Trueba  and

22

23    [18]   Declaration of Luis Antonio San Miguel Bolea ¶ 8.

24    [19]   Corey Dec. Ex. A at 10 (holding that questions for the witnesses "are
25 considered as legal by this Court"); see id. at 39-68, 175-203, 233-260, 355-383.

26    [20]   Declaration of Luis Antonio San Miguel Bolea ¶ 8 (declaring that "any
   questions Mattel asks about the private communications should not be considered
27 evidence in Mexico").

28

1    Mr. Vargas.[21]   The jury did not consider the guilt or innocence of Mr. Machado,

2    Ms. Trueba or Mr. Vargas.   Mr. Machado was the only one of the three who is a

3    party to the instant action, and the claims against him were dismissed based on a

4    technical choice-of-law issue, not because he was absolved of wrongdoing.[22]   MGA

5    raises no argument that justifies interfering with the evidence gathering function of a

6    sister court.

7            **D.**      **The Discovery Would Not Be Unduly Intrusive or Burdensome**

8          The final consideration is whether the request is "unduly intrusive or

9    burdensome."   Ironically, to support its contention that the request is unduly

10   burdensome, MGA cites to Larian's testimony in this action that he had no

11   involvement in the actions of Machado, Trueba and Vargas—testimony to which the

12   Mexican court does not have access because MGA successfully objected to

13   deposition testimony from this case being provided to the Mexican court.   MGA

14   submits no actual proof to support its burden argument, such as a declaration from

15   any of the four witnesses.   In re Fischer Advanced Composite Components AG,

16   2008 WL 5210839 (W.D. Wash. Dec. 11, 2008), to which MGA cites, is both

17   distinguishable and informative.   The Fischer court denied an Austrian company's

18   application pursuant to 28 U.S.C. § 1782 because the requests were "unduly

19   burdensome primarily because" the requestor "failed to show why the information it

20   seeks could not equally be obtained" in a foreign proceeding from the adverse party

21   to that proceeding.   Id. at *3.   Here, MGA has ensured that the Mexican court cannot

22   get the discovery sought from these non-parties to the Mexican proceedings absent

---

24      [21]  Compare Dkt. No. 10518 (Verdict Form dated April 20, 2011) at 7-8 to Dkt.

25   No. 6366 at 44, ¶¶ 55-57.

26      [22]  See Dkt No. 10417 (Court's Order dated April 6, 2011); see also Dkt
No. 10641 (Discovery Master Report and Recommendation Re Application For

27   Attorneys' Fees By (1) Mr. Machado And (2) MGA, dated June 20, 2011) at 1-2.

28

1   this letter rogatory.  MGA cannot have it both ways.  In addition, as explained

2   above, none of the other three witnesses have ever testified on this subject matter—

3   Mr. Makabi and Mr. Park have never testified at all in this Court and Ms. Gronich's

4   limited testimony in the first trial did not concern this topic.  Thus, MGA's

5   burdensomeness argument does not apply at all to these three witnesses.

6   **II.    THE ONLY CHANGED CIRCUMSTANCE IS THAT THE MEXICAN**

7   **COURT IS NOW THE ONLY TRIBUNAL THAT WILL CONSIDER**

8   **THE MERITS OF THE TRADE SECRET THEFT ALLEGATIONS**

9   **AGAINST MR. MACHADO**

10   MGA contends that circumstances have changed because the jury in this case

11   found MGA and Mr. Larian did not take Mattel trade secrets.  Opp at 13.  This is

12   irrelevant, even to the extent a finding under U.S. law in a federal civil court

13   proceeding would have any preclusive effect on a criminal case applying Mexican

14   law in Mexico against different defendants.  First of all, only two of the dozens of

15   documents taken by Mr. Machado, Ms. Trueba and Mr. Vargas were before the jury

16   in this case.[23]  As to those documents, the jury found each was a trade secret.[24]

17   Contrary to MGA's stated concern, MGA and Mr. Larian are not subjects of the

18   criminal case in Mexico, only witnesses.[25]  And Mr. Machado, a defendant in the

19   Mexican criminal case, avoided liability based on a choice of law issue, not because

20   a jury adjudged him innocent of wrongdoing.[26]  Therefore, to the extent "changed

21

22   [23]   Compare Dkt. No. 10518 (Verdict Form dated April 20, 2011) at 7-8 to Dkt. No. 6366 at 44, ¶¶ 55-57.

23

24   [24]   Id.

25   [25]   Dkt No. 7932 (Kieckhefer Dec. Ex. 95) at 5897-5898.

26   [26]   See Dkt No. 10417 (Court's Order dated April 6, 2011); see also Dkt No. 10641 (Discovery Master Report and Recommendation Re Application For Attorneys' Fees By (1) Mr. Machado And (2) MGA, dated June 20, 2011) at 1-2.

27

28

REPLY IN SUPPORT OF APPLICATION PURSUANT TO 28 U.S.C. § 1782

1   circumstances" should be weighed in considering the Application, the fact that the

2   Mexican court will now be the only court to consider the substance of the

3   allegations against Mr. Machado, Ms. Trueba and Mr. Vargas weighs in favor of

4   granting the Application.

5   **III.   THE MEXICAN COURT'S REQUEST IS NOT BARRED BY RES**

6   **JUDICATA**

7        MGA argues that the doctrine of res judicata bars the Court from ordering the

8   evidence sought in the Mexican court's letter rogatory.  It does not.  This relief was

9   not previously requested, much less ruled upon.  MGA relies on the denial of

10  Mattel's motion for an apostille of a CD and the deposition transcripts of Gustavo

11  Machado, Mariana Trueba, Pablo Vargas and Susana Kuemmerle to the Mexican

12  authorities, and the fact that Mattel did not timely appeal the Court's prior order.

13  "Res judicata, or claim preclusion, provides that a final judgment on the merits bars

14  further claims by parties or their privies based on the same cause of action."  United

15  States v. Bhatia, 545 F.3d 757, 759-60 (9th Cir. 2008) (holding that dismissal of

16  prior civil suit against defendant did not bar criminal prosecution) (internal quotes

17  omitted).

18       Mattel's previous request for relief, an apostille of a CD and certain

19  deposition transcripts, was critically different from what is sought here by the

20  Mexican court, namely the collection of original testimony from entirely different

21  witnesses.    Four Pillars Enterprises Co., Ltd. v. Avery Denison Corp., 308

22  F.3d 1075 (9th Cir. 2002) is inapposite.  There the court rejected the same party's

23  request for the same discovery again.  The Four Pillars court actually ordered

24  discovery taken to the extent it was not duplicative of that sought or produced in the

25  prior proceedings.  Four Pillars, 308 F.3d at 1078.  Mattel previously sought to have

26

27

28

REPLY IN SUPPORT OF APPLICATION PURSUANT TO 28 U.S.C. § 1782

a CD and specific deposition transcripts provided to the Mexican authorities.[27] Here, the Mexican court seeks a record of live testimony from four different witnesses who reside in this district, none of whose depositions were included in Mattel's previous request.  In fact, two of the witnesses, Jahangir Makabi and Thomas Park, were never deposed or called at trial in the instant case, and one, Daphne Gronich, never testified regarding the subject matter of the deposition questions, much less answered the specific questions asked.[28]

With respect to Isaac Larian, MGA complains that Mr. Larian should not be forced to sit for additional questioning after submitting to multiple days of deposition testimony and trial testimony in this case.  But MGA opposed the previous motion by which Mattel sought to provide deposition testimony from this action to the Mexican court.  Now that the Mexican court seeks discovery to which it is entitled and for which a process exists for it to obtain such discovery, MGA complains that Mr. Larian should not be so burdened.  MGA cannot have it both ways.

---

[27]   Dkt No. 8366 (Mattel, Inc.'s Opposition to MGA Parties' Motion For Protective Order Prohibiting Dissemination of Information Obtained In This Lawsuit; And Cross-Motion for Discovery Pursuant to 28 U.S.C. § 1782 and Issuance of Apostilles, dated July 23, 2010) at 16.

[28]   7/2/08 PM Trial Tr. at 4080:22-4098:21.

## <u>Conclusion</u>

For the reasons stated both in Mattel's Memorandum of Points and Authorities and in this Reply, the Court should order the issuance of subpoenas commanding Isaac Larian, Daphne Gronich, Jahangir Makabi and Thomas Park to appear and to provide testimony for use in the Mexico Action.

DATED:  July 27, 2011          QUINN EMANUEL URQUHART & SULLIVAN, LLP

                               By  /s/ Jon Corey
                                   Jon Corey
                                   Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

00505.07209/4265242.3

-15-

REPLY IN SUPPORT OF APPLICATION PURSUANT TO 28 U.S.C. § 1782