QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
michaelzeller@quinnemanuel.com
Jon D. Corey (Bar No. 185066)
joncorey@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**DECLARATION OF FRANCISCO TIBURCIO IN SUPPORT OF APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 COMPELLING ISSUANCE OF SUBPOENAS FOR THE TAKING OF TESTIMONY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO LETTER ROGATORY**<br><br>Date: TBD<br>Time: TBD<br>Place: TBD<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

00505.07975/4269397.3

### **Declaration of Francisco J. Tiburcio Celorio**

1.  My full name in Mexico is Francisco Javier Tiburcio Celorio. I am a partner at the law firm Basham, Ringe y Correa, S.C. I have been licensed to practice law in Mexico since 1986. For the past twenty years the majority of my practice has been Mexican criminal law. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2.  I obtained my professional degree at the Cristobal Colón University in the State of Veracruz in 1986, granting me the license to practice as an attorney in Mexico. In 1995, I received a Doctorate in Law from Panamericana University in Mexico City, which was formally recognized by the Federal Mexican Government in 2005. The Doctorate is the highest level of formal accreditation available to an attorney in Mexico. In addition, I represented clients in criminal investigations and proceedings in Mexico related to the theft of trade secrets.

3.  I represent Mattel, Inc. and certain affiliates as counsel for the victims in Case No. 130/2007-V, and have done so since the beginning of that case. The defendants in that case are Gustavo Machado, Mariana Trueba and (until his pardon) Pablo Vargas. During the course of my representation, I have read and reviewed the relevant orders and other documents contained in the court's file.

4.  I have been asked to review and have reviewed the Declaration of Luis Antonio San Miguel Bolea dated July12, 2011(the "Declaration"). I understand that Declaration was submitted in support of the MGA Parties' Opposition to the Application for an Order under 28 U.S.C. § 1782 Compelling Issuance of Subpoenas For the Taking of Testimony for Use

00505.07975/4269397.3

1 in a Foreign Proceeding Pursuant to Letter Rogatory. I have been asked to
2 prepare this declaration to address three points made in that Declaration. The
3 Declaration states that the collection of evidence requested pursuant to the
4 letter rogatory necessarily requires the presence of counsel for the defendants,
5 Gustavo Machado and Mariana Trueba. To the extent that the Declaration
6 intends to suggest that the testimony may not occur without the presence of
7 the Mexican defendants' counsel, this is not accurate. Of course, the defense
8 attorneys have the right to attend the taking of testimony, but it is not a
9 necessity and they can choose whether to attend or not. Consistent with the
10 guarantees of the Mexican constitution, including Article 249 of the Federal
11 Criminal Procedures Code, the letters rogatory provide and, based on my
12 review of the Application, it requests that the deposition occur after a
13 sufficient period of time to allow notice to counsel for the Mexican defendants
14 so that they may attend if they so choose.

       5.    I have reviewed the paragraph in the Declaration relating to the concern about Mr. Larian's and Mr. Makabi's claimed rights against self incrimination under Article 20 of the Constitution of the Mexican United States and Article 128 of the Mexican Federal Criminal Procedures Code. As a criminal attorney in Mexico, I am very familiar with these provisions. Under Mexican law, a non-citizen of Mexico testifying outside of Mexico has no recognizable right against self-incrimination under either provision that may be invoked to refuse to answer questions. Article 1 of the Constitution establishes that the right against self-incrimination only applies in Mexico.

       6.    The evidence sought through the letter rogatory is only for use in the trial of Machado and Trueba, Case No. 130/2007-V. Mattel will make no effort to use any evidence collected pursuant to the letter rogatory to

1  initiate or further any effort by the public prosecutor to arrest or prosecute Mr.
2  Larian or Mr. Makabi.
3        I declare under penalty of perjury under the laws of the United
4  States of America that the foregoing is true and correct.
5        Executed on July 27, 2011, at Mexico City, Mexico.

                _____
                Francisco J. Tiburcio