QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  William C. Price (Bar No. 108542)
  (williamprice@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL, INC.'S REPLY IN SUPPORT OF OBJECTIONS TO THE SUPPLEMENTAL SCHULTZ DECLARATIONS AND ADDITIONAL FEE AND COST INVOICES**<br><br>Hearing Date:   TBD<br>Time:                 TBD<br>Place:                TBD<br><br>Discovery Cutoff:       October 4, 2010<br>Pre-trial Conference:  January 4, 2010<br>Trial:                           January 11, 2011 |

Mattel, Inc. ("Mattel") submits this reply in support of its objections and motion to strike the First and Second Supplemental Declarations of Stephen Schultz ("Declarations").

1. MGA has failed to refute Mattel's argument that the Court should strike the Declarations because MGA has not established that excusable neglect for its tardy submissions. Dkt. 10693 at 1-2. MGA does not explain why it was impeded from submitting reams of its own old invoices dating back to 2008 and why it failed to file a motion before the deadline seeking an extension of time for invoices allegedly received after the deadline expired. Under established law, MGA has failed to carry its burden. Fed. R. Civ. P. 6(b)(1); see also O'Shea v. Yellow Tech. Servs., Inc., 208 F.R.D. 634, 636 (D. Kan. 2002); Garcia v. Berkshire Life Ins. Co. of Am., 2008 WL 821805, at *4 (D. Colo. March 26, 2008); Hall v. City of Los Angeles, 710 F. Supp. 2d 984, 991 n.10 (C.D. Cal. 2010); Batzel v. Smith, 372 F. Supp. 2d 546, 554 (C.D. Cal. 2005).

2. In an effort to justify its wholesale failure to apportion *any* cost invoices, MGA argues that "*all* of Mattel's claims centered on the ownership and exploitation of the Bratz copyright." Dkt. 10694 at 1 (emphasis in original). That absurd—and demonstrably false—proposition only confirms the overbreadth of MGA's demands. There were dozens of claims in this case that were distinct from either Mattel's copyright claim or MGA's trade secrets claim, including Mattel's claims related to thefts of trade secrets by Messrs. Brawer, Castilla, Cooney, Contreras, Machado, Vargas, and Ms. Brisbois and Ms. Trueba, Mattel's claims related to fraudulent transfers, MGA's trade dress and unfair competition claims, MGA's so-called wrongful injunction and RICO claims and so on. Even assuming non-taxable costs attributable to the Bratz copyright claim are recoverable under § 505, those costs attributable to distinct claims simply are not. Twentieth Century Fox Film Corp. v. Entm't Distrib., 429 F.3d 869, 885 (9th Cir. 2005); see also Berry v. Hawiian Exp. Serv., Inc., 2006 WL 4102120, at *16 (D. Haw. Oct. 25, 2006) ("As with the

1  attorney's fees, this Court must allocate the non-taxable costs attributable to the
2  copyright claims and related claims."). MGA has made no showing, even now, that
3  it has done *anything* to apportion for such claims. To the contrary, it all but admits
4  that it has not made the required apportionment.

5        3. MGA does not dispute that an award of non-taxable costs under § 505 is
6  permissive, not mandatory, and several courts in the Ninth Circuit have exercised
7  discretion to limit awards of costs in copyright cases to those costs available under
8  28 U.S.C. § 1920. <u>Twentieth Century Fox</u>, 429 F.3d at 885; <u>see also</u> <u>Lucky Break
9  Wishbone Corp. v. Sears, Roebuck & Co.</u>, 2009 WL 86491, at *2 (W.D. Wash. Jan.
10 9, 2009) ("[T]he Court refuses, as a matter of discretion, to award expert fees in this
11 case beyond the $382 allowed by the Clerk."); <u>Dunn & Fenley, LLC v. Allen</u>, 2007
12 WL 2973549, at *6-7 (D. Or. Oct. 9, 2007) (similar). As Mattel showed, the
13 exercise of such discretion is appropriate because (1) the <u>Fogerty</u> factors strongly
14 weigh against an award of fees and costs, (2) the $88 million damages award
15 adequately compensates MGA, and (3) shifting $34 million in costs would be
16 fundamentally unfair given the objective reasonableness of Mattel's copyright claim
17 and the Circuit split concerning the recoverability of non-taxable costs under § 505.
18 <u>See</u> <u>Sanford v. CBS Inc.</u>, 108 F.R.D. 42, 43 (N.D. Ill. 1985) (denying award of costs
19 under § 505 where the plaintiff brought an unsuccessful but "legitimate copyright
20 claim" and in light of the "close outcome of the case"). MGA offers no argument in
21 response.

22       4. MGA also tries to justify its failure to apportion by claiming (wrongly, in
23 any case) that everything in this case either related to Mattel's copyright claim or its
24 own trade secret claim, suggesting that recoverable costs under CUTSA and the
25 Copyright Act are the same. Dkt. 10694 at 2. That is wrong. An award of costs to
26 a prevailing CUTSA plaintiff is governed by <u>Cal. Code Civ. Proc.</u> § 1033.5; the
27 Court has discretion under <u>Cal. Civ. Code</u> § 3426.4 to award one additional category
28 of costs otherwise prohibited by § 1033.5(b)—a "reasonable sum to cover the

services of expert witnesses" that are "actually incurred and reasonably necessary." Davis v. KGO-T.V., Inc., 17 Cal. 4th 436, 441-42 (1998).

The Court is statutorily barred from awarding the following costs:

- Investigation expenses and Lexis and Westlaw costs. Code Civ. Proc. § 1033.5(b)(2); see Page v. Something Weird Video, 960 F. Supp. 1438, 1447 (C.D. Cal. 1996) ("Notable examples of non-recoverable costs [under § 1033.5] are: fees of experts not ordered by the court; investigation expenses, including computer legal research; postage, telephone, photocopying and fax charges; transcripts of court proceedings not ordered by the court; attorney lunches; trial exhibits not used at trial; local travel expenses; and delivery charges" (citing Ladas v. Cal. State Automobile Ass'n, 19 Cal. App. 4th 761, (1993)); Miller v. Vicorp Restaurants, Inc., 2006 WL 463544, at *2 (N.D. Cal. Feb. 24, 2006); Bonner v. Fuji Photo Film, 2008 WL 410260, at *7 (N.D. Cal. Feb. 12, 2008).

- Postage, telephone, and photocopies other than trial exhibits. Cal. Code Civ. Proc. § 1033.5(b)(3); see also Seever v. Copley Press, Inc., 141 Cal. App. 4th 1550, 1559-60 (2006) ("We turn next to the $30,495 awarded for photocopying of exhibits. Costs for photocopies are allowable only if they are copies of exhibits; other copy costs are expressly disallowed by statute.").

- Jury consultants. Cal. Code Civ. Proc. § 1033.5(b)(4).

- Hotel costs unrelated to depositions. Cal. Code Civ. Proc. § 1033.5(a)(3); Seever, 141 Cal. App. 4th at 1559 ("While in general items set forth in section 1033.5, subdivision (a), are 'expressly allowable,' subdivision (a) also contains specific limitations that, in our view, circumscribe the court's discretionary authority under section 1033.5, subdivision (c)(4).") (internal citation omitted); accord Calabasas Investors, LLC v. City of Calabasas, Case No. BC 242178, 2002 WL 34113709 (Los Angeles Sup. Ct. Nov. 4, 2002) ("Plaintiff seeks reimbursement for $537.48 for hotel costs incurred by

plaintiff's counsel during the pendency of the trial. Defendant objects on the ground that the only travel expenses authorized by statute are those incurred to attend depositions, citing <u>Ladas v. Cal. State Automobile Ass'n</u>, 19 Cal. App. 4th 761, 775-76 (1993). – Motion to strike is granted as to this item.").

- Attorney and support staff meals. <u>Cal. Code Civ. Proc.</u> § 1033.5(a)(2); <u>Seever</u>, 141 Cal. App. 4th at 1559; <u>see also</u> <u>Ladas</u>, 19 Cal. App. 4th at 774-75 ("Nor can meal expenses be justified as 'necessary to conduct the litigation' since attorneys have to eat, whether they are conducting litigation or not.").

California courts routinely deny recovery of other costs sought by MGA under § 1033.5(c):

- Database hosting and forensic data analysis. <u>Science Applications Int'l Corp. v. Superior Court</u>, 39 Cal. App. 4th 1095-96 (1995); <u>accord</u> <u>Gunderson v. Gruys</u>, Case No. BC 338658, 2007 WL 5231386 (Los Angeles Sup. Ct. Nov. 29, 2007) ("Defendants correctly point out that many of these costs appear to be for copying documents and loading them into a database. As noted above, to the extent these documents were not actually used, the costs for photocopying them and, similarly, entering them into a database, are not recoverable.") (internal citations omitted).

- Audio-visual trial presentation and technician costs. <u>Science Applications</u>, 39 Cal. App. 4th at 1095-96.

- Expedited deposition transcripts and deposition summaries. <u>Hsu v. Semiconductor Sys., Inc.</u>, 126 Cal. App. 4th 1330, 1342 (2005).

- Miscellaneous travel expenses—including mileage, parking, cabs, and airfare. <u>Ladas</u>, 19 Cal. App. 4th at 775-76.

The full costs of the Discovery Master should not be shifted to Mattel because "the parties were equally responsible for the conditions which led to the need for such close supervision of the deposition [and discovery] process." <u>Baker-Hoey v. Lockheed Martin Corp.</u>, 111 Cal. App. 4th 592, 605 (2003) (affirming trial court's

equal division of discovery master costs between the winning and losing parties). Costs that are recoverable under CUTSA should be reduced if the same service could have been obtained at a lower price. Thon v. Thompson, 29 Cal. App. 4th 1546, 1549 (1994); see also Cal. Code Civ. Proc. § 1033.5(c)(3) ("Allowable costs shall be reasonable in amount."). And even assuming some deposition and expert witness costs associated with MGA's trade secret claim are recoverable, MGA has failed to either apportion those costs as to other claims or demonstrate the reasonableness and necessity of those costs associated with witnesses and experts who did not testify at trial. Finally, the exorbitant sum that MGA seeks to have transferred requires extra scrutiny of its claims. See Wagner Farms, Inc. v. Modesto Irr. Dist., 145 Cal. App. 4th 765, 775 (2006) ("Prior experience with cost awards is part of the information used by courts in forming an initial impression of whether the amount requested is in the ballpark of what is reasonable. Though this initial impression may not determine the ultimate outcome, it may affect the amount of scrutiny the details underlying the request receive.") (internal citation omitted).

5. The fact that MGA belatedly abandoned $27,598 in costs for "telephone calls, laundry, lounge charges, parking and valet parking, movies, 'no-show' room charges, spa charges, and costs associated with the rental of meeting room space, including phone line and equipment charges" only *after* Mattel pointed out their gross impropriety demonstrates that adversarial review of MGA's unredacted records is the only way to guard against MGA's overreaching. Bryce Baker Decl. at ¶¶ 3-4 (Dkt. 10694-1). Indeed, MGA made no effort to eliminate plainly unrecoverable charges in advance and instead simply chose to throw invoices *en masse* at the Court without any prior review. And even now, despite having been caught submitting abusive charges for such matters as Larian's spa treatments, MGA still has failed to withdraw other facially baseless costs, such as the $500 hotel room charges incurred in 2008—multiples of the $99 rate incurred by other MGA attorneys staying at the same hotel—or the thousands of dollars in "banquet"

charges.  Dkt. 10693 at 5.  See, e.g., ExperExchange, Inc. v. Doculex, Inc., 2010 WL 1881484, at *12 (N.D. Cal. May 10, 2010) ("Given that Defendants' invoices for other trips to San Francisco for court appearances reflect that the cost of a hotel in San Francisco is approximately $225.00/night (or less), the court reduces this [$388.62] amount by $150.00.").  Thus, once again MGA has failed to justify its exorbitant shifting demands and failed to meet its burden.

DATED:  July 29, 2011        QUINN EMANUEL URQUHART & SULLIVAN. LLP


                             By  /s/ Susan R. Estrich
                                 Susan R. Estrich
                                 Attorney for Mattel. Inc.

00505.07975/4268547.1

-6-
MATTEL'S REPLY ISO OBJECTIONS TO THE SUPPLEMENTAL SCHULTZ DECLARATIONS