UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                                    Date: August 4, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|  Julie Barrera  | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                   NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER DENYING CARLOS GUSTAVO MACHADO GOMEZ'S APPLICATION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Carlos Gustavo Machado Gomez ("Machado")'s Application for an award of Attorneys' Fees and Costs. The Court DENIES the Application.

Mattel, Inc. ("Mattel") and its subsidiary Mattel de Mexico S.A. de CV ("Mattel Mexico") asserted a claim for trade secret misappropriation against Machado. This Court granted Machado's motion for judgment as a matter of law on that claim, finding it time-barred under Mexican law. The parties disputed whether Mexican law applied to the claim, but the Court ultimately resolved that issue against Mattel and Mattel Mexico because Mexico has a far greater interest than California in the application of its law to a dispute between a Mexican employee, his Mexican employer, and his Mexican employer's parent. Machado now moves for an award of attorneys' fees under Cal. Civ. Code § 3426.4.

Machado's motion invokes a California statute for the award of fees on a claim governed by Mexican law. The request is both deliciously ironic and futile. "The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claims." *Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005). In some circumstances, the availability of attorneys' fees may present a "procedural" issue, *see Arno v. Club Med Boutique Inc.*, 134 F.3d 1424, 1424 (9th Cir. 1998), but this is certainly not such a case. The California Uniform

Trade Secrets Act, whose fee-shifting provision Machado invokes, is "substantive" law.  *See CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1111 (9th Cir. 2007) ("[W]e conclude that § 3426.4 properly was applied by the district court under [*Erie*], which requires federal courts sitting in diversity to apply state substantive law and federal procedural law."); *see also Streamline Packaging Sys., Inc. v. Vinton Packaging Group, Inc.*, No. 1:06-CV-701, 2008 WL 227851, at *1 (W.D. Mich. Jan. 25, 2008) (holding that fee award provision under Michigan Uniform Trade Secrets Act is "state substantive law") (citing *Degussa Admixtures, Inc. v. Burnett*, No. 05-705, 2007 WL 1041188, at *3 (W.D. Mich. April 4, 2007) (same)).

Because Mexican law governs the dispute between Machado, Mattel Mexico, and Mattel, Machado cannot avail himself of the California Uniform Trade Secrets Act's fee-shifting provision. Machado has not argued that he is entitled to a recovery of his fees under Mexican law. The Application is therefore DENIED.

The Clerk shall serve this minute order on all parties to the action.