QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| MATTEL, INC., a Delaware corporation; and MATTEL DE MEXICO, S.A. de C.V. | CASE NO. CV 04-9049 DOC (RNBx) |
|---|---|
| | Hon. David O. Carter |
| Plaintiffs, | **MATTEL'S *EX PARTE* APPLICATION FOR STAY OF JUDGMENT PENDING APPEAL WITHOUT SUPERSEDEAS BOND OR, ALTERNATIVELY, FOR APPROVAL OF BOND, AND FOR TEMPORARY STAY** |
| vs. | |
| MGA ENTERTAINMENT, INC., a California corporation, | |
| Defendants. | |
| | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| AND CONSOLIDATED ACTIONS | |
| | **DECLARATION OF H. SCOTT TOPHAM** |
| | **[[Proposed] Orders Submitted Herewith]** |
| | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| | Hon. David O. Carter |
| | Date: TBD<br>Time: TBD<br>Place: TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-19, Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") respectfully apply *ex parte* for an Order staying execution of the judgment entered on August 4, 2011 pending appeal without requiring a supersedeas bond. Alternatively, Mattel requests approval of a supersedeas bond in the amount of $315 million and in the form attached to the accompanying Declaration of Scott Topham. Additionally, Mattel respectfully requests that the Court grant a temporary Order staying execution of the judgment: (i) pending the Court's decision on this application if not issued before August 18, 2011; (ii) three (3) days after such resolution in the event that, after August 15, 2011, the Court denies waiver of the bond but approves the form and amount of the bond; and (iii) pending appeal of the Court's decision in the event it denies this application in its entirety.

Mattel requests relief on an *ex parte* basis because there is not sufficient time to hear this application pursuant to the schedule for regularly noticed motions prior to the expiration of the automatic stay on the Court's judgment. See FED. R. CIV. P. 62(a) (providing for a 14-day automatic stay).

This Application is based on the accompanying Memorandum of Points and Authorities, the accompanying declaration, the records and files of this Court, all other matters of which the Court may take judicial notice, and such further argument and evidence as may be presented at or before any hearing.

Pursuant to Local Rule 7-19.1, on August 9 and 10, 2011, Mattel's counsel gave notice of the instant *ex parte* application to counsel for MGA, Annette Hurst, Orrick, Herrington & Sutcliffe, LLP, 405 Howard Street, San Francisco, CA, telephone: (415) 773-4858, and e-mail: ahurst@orrick.com, and Jason Russell, Skadden Arps Slate Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, CA, telephone: (213) 687-5000, and e-mail: jrussell@skaaden.com. MGA advised that it opposes this application.

| | | |
|---|---|---|
| 1 | DATED:  August 11, 2011 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By /s/ Michael T. Zeller |
| 5 | | Michael T. Zeller |
| | | Attorneys for Mattel, Inc. and |
| 6 | | Mattel de Mexico, S.A. de C.V. |

MATTEL'S *EX PARTE* APPLICATION FOR STAY OF JUDGMENT PENDING APPEAL WITHOUT SUPERSEDEAS BOND OR. ALTERNATIVELY. FOR APPROVAL OF BOND. AND FOR TEMPORARY STAY

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT ........................................................................................................ 2

I. A SUPERSEDEAS BOND IS UNNECESSARY IN LIGHT OF MATTEL'S ABILITY TO SATISFY THE JUDGMENT ............................... 2

    A. This Court Has Authority To Stay A Judgment Without Requiring A Supersedeas Bond Where A Bond Is Not Needed To Secure Satisfaction Of The Judgment .................................................. 2

    B. A Supersedeas Bond Would Likely Cost Over $2 Million ................... 3

    C. A Supersedeas Bond Is Unnecessary Because Mattel Is Plainly Able To Satisfy The Judgment ............................................................ 4

II. IN THE ALTERNATIVE, THIS COURT SHOULD APPROVE THE FORM AND THE AMOUNT OF THE BOND PROPOSED BY MATTEL ..................................................................................................... 5

III. A TEMPORARY STAY SHOULD BE GRANTED TO PERMIT RESOLUTION OF THIS APPLICATION, ENABLE MATTEL TO PERFECT THE BOND, OR ALLOW APPEAL IF THIS APPLICATION IS DENIED ...................................................................... 7

CONCLUSION ..................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

### Cases

Acevedo-Garcia v. Vera-Monroig,
  296 F.3d 13 (1st Cir. 2002) ........................................................................... 3

Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.,
  2007 WL 1520952 (N.D. Cal. May 23, 2007) .............................................. 3

Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.,
  87 S. Ct. 1 (Harlan, Circuit Justice 1966) ............................................. 2, 5, 7

Arban v. West Pub. Corp.,
  345 F.3d 390 (6th Cir. 2003) ........................................................................ 3

Bass v. First Pacific Networks, Inc.,
  219 F.3d 1052 (9th Cir. 2000) .................................................................. 2, 7

Campbell v. Rainbow City, Ala.,
  209 Fed. App'x 873 (11th Cir. 2006) ........................................................... 3

Celotex Corp. v. Edwards,
  514 U.S. 300 (1995) .................................................................................. 2, 5

In re Diet Drugs,
  582 F.3d 524 (3d Cir. 2009) ......................................................................... 3

F.D.I.C. v. Ann-High Assocs.,
  1997 WL 1877195 (2d Cir. Dec. 2, 1997) .................................................... 3

Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n,
  636 F.2d 755 (D.C. Cir. 1980) ..................................................................... 3

In re Federal Facilities Realty Trust,
  227 F.2d 651 (7th Cir. 1955) ........................................................................ 5

In re Hamada,
  291 F.3d 645 (9th Cir. 2002) ........................................................................ 3

Hebert v. Exxon Corp.,
  953 F.2d 936 (5th Cir. 1992) ........................................................................ 7

Miami Int'l Realty Co. v. Paynter,
  807 F.2d 871 (10th Cir. 1986) ...................................................................... 3

N. Indiana Pub. Serv. Co. v. Carbon County Coal Co.,
  799 F.2d 265 (7th Cir. 1986) .................................................................... 2, 4

N.L.R.B. v. Westphal,
  859 F.2d 818 (9th Cir. 1988) ........................................................................ 5

MATTEL'S *EX PARTE* APPLICATION FOR STAY OF JUDGMENT PENDING APPEAL WITHOUT SUPERSEDEAS BOND OR, ALTERNATIVELY, FOR APPROVAL OF BOND, AND FOR TEMPORARY STAY

Northrop Corp. v. Triad Intern. Mktg., S.A.,
   842 F.2d 1154 (9th Cir. 1988) .................................................................................. 6

In re Oil Spill by the "Amoco Cadiz",
   744 F. Supp. 848 (N.D. Ill. 1990) ............................................................................ 4

Olympia Equip. Leasing Co. v. W. Union Tel. Co.,
   786 F.2d 794 (7th Cir. 1986) ............................................................................. 2, 3

Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.,
   600 F.2d 1189 (5th Cir. 1979) ................................................................................. 3

In re Swift Aire Lines, Inc.,
   21 B.R. 12 (9th Cir. BAP 1982) .............................................................................. 5

Townsend v. Holman Consulting Corp.,
   881 F.2d 788 (9th Cir. 1989) .................................................................................. 2

Wu v. Doucette, No. EDCV07-01584,
   2010 WL 3368118 (C.D. Cal. Aug. 25, 2010) ....................................................... 3

**Statutes and Rules**

28 U.S.C. § 1961(a) ........................................................................................................ 6

Fed. R. App. P. 39(a) ..................................................................................................... 3

Fed. R. App. P. 39(e)(3) ................................................................................................. 3

Fed. R. Civ. P. 62(a) .................................................................................................. 1, 7

Fed. R. Civ. P. 62(d) .............................................................................................. 1, 2, 7

**Other Authorities**

Rutter Group, Cal. Prac. Guide Fed. 9th Cir. Civ. App. Prac.
   Ch. 1-A, ¶ 1:168 (2010) ........................................................................................... 5

# MEMORANDUM OF POINTS AND AUTHORITIES

# PRELIMINARY STATEMENT

The Court's judgment entered on August 4, 2011 is subject to an automatic stay through August 18, 2011. Mattel respectfully requests that the Court extend that stay pending appeal.

Mattel is prepared, should this be required, to post a superseadeas bond to obtain a stay pending appeal, but no such bond should be required. Supersedeas bonds are designed to protect a judgment creditor's ability to enforce a judgment upon conclusion of an appeal. In this case, such a bond is unnecessary because Mattel's net worth, assets, and revenues make clear that it will be able to satisfy the Court's judgment. The premiums for a supersedeas bond likely will exceed $2 million, imposing costs on the party losing the appeal that can be avoided by waiving the bond here as a prerequisite to a stay.

In the alternative, if this Court believes a supersedeas bond is required, Mattel proposes to post a supersedeas bond from the Zurich American Insurance Company and Fidelity and Deposit Company of Maryland, which are U.S. Government approved sureties with more than sufficient capacity to bond the judgment in this case. Mattel proposes to set the amount of the bond at $315 million, an amount exceeding the judgment by more than $5 million, an increment adequate to cover any interest, attorney's fees and costs that MGA is likely to incur pending appeal. Such a bond will fully protect MGA pending resolution of the appeal; accordingly, it should be approved.

Finally, Mattel respectfully requests that the Court grant a temporary Order staying execution of the judgment: (i) pending the Court's decision on this application if not issued before August 18, 2011; (ii) three (3) days after such resolution in the event that, after August 15, 2011, the Court denies waiver of the bond but approves the form and amount of the bond; and (iii) pending appeal of the Court's decision in the event it denies this application in its entirety.

1

MATTEL'S *EX PARTE* APPLICATION FOR STAY OF JUDGMENT PENDING APPEAL WITHOUT SUPERSEDEAS BOND OR, ALTERNATIVELY, FOR APPROVAL OF BOND, AND FOR TEMPORARY STAY

# ARGUMENT

## I. A SUPERSEDEAS BOND IS UNNECESSARY IN LIGHT OF MATTEL'S ABILITY TO SATISFY THE JUDGMENT

### A. This Court Has Authority To Stay A Judgment Without Requiring A Supersedeas Bond Where A Bond Is Not Needed To Secure Satisfaction Of The Judgment

A party appealing from a district court judgment "is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d)." Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (Harlan, Circuit Justice 1966); see also Bass v. First Pacific Networks, Inc., 219 F.3d 1052, 1055 (9th Cir. 2000) ("party taking appeal from district court [is] entitled to stay of money judgment 'as a matter of right' if bond posted") (quoting American Mfrs. Mut. Ins. Co., 87 S. Ct. at 3). The Court, however, has "broad discretionary power to waive the bond requirement if it sees fit." Townsend v. Holman Consulting Corp., 881 F.2d 788, 796 (9th Cir. 1989), vacated on reh'g on other grounds, 929 F.2d 1358 (9th Cir. 1990) (en banc).

Exercise of such discretion to waive the bond requirement is warranted when a judgment debtor plainly has the resources to satisfy the judgment and there is no risk of insolvency. "The very purpose of a supersedeas bond is to protect judgment creditors from the risk that insolvency of the debtor may impair their ability to enforce the judgment promptly." Celotex Corp. v. Edwards, 514 U.S. 300, 332 (1995) (Stevens, J., dissenting). If there is no such risk, a supersedeas bond serves no useful purpose. See Olympia Equip. Leasing Co. v. W. Union Tel. Co., 786 F.2d 794, 796 (7th Cir. 1986).

Moreover, when an appellant is plainly able to satisfy a judgment, a supersedeas bond threatens both parties with significant, unnecessary costs. The premiums for supersedeas bonds typically run at least 1% of the amount secured, see, e.g., N. Indiana Pub. Serv. Co. v. Carbon County Coal Co., 799 F.2d 265, 281

(7th Cir. 1986), and insurance companies offering such bonds typically require security for the bond such as a letter of credit in the amount of the bond, which adds additional costs, see In re Hamada, 291 F.3d 645, 650 (9th Cir. 2002). The cost of such premiums is ordinarily borne by the party losing the appeal under FED. R. APP. P. 39(a), as the appellant's taxable costs include any "premiums paid for a supersedeas bond or other bond to preserve rights pending appeal," FED. R. APP. P. 39(e)(3).

Accordingly, where an appellant's "ability to pay the judgment is so plain that the cost of the bond would be a waste of money," numerous Circuits outside the Ninth Circuit have upheld the authority of the district courts to waive the bond requirement as a prerequisite to a stay of judgment pending appeal. Olympia Equip. Leasing Co., 786 F.2d at 796; accord Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir. 2002); F.D.I.C. v. Ann-High Assocs., 1997 WL 1877195, at *1 (2d Cir. Dec. 2, 1997); In re Diet Drugs, 582 F.3d 524, 552 (3d Cir. 2009); Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979); Arban v. West Pub. Corp., 345 F.3d 390, 409 (6th Cir. 2003); Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986); Campbell v. Rainbow City, Ala., 209 Fed. App'x 873, 876 (11th Cir. 2006); Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 761 (D.C. Cir. 1980). Although the Ninth Circuit has not yet addressed this issue, district courts in this Circuit have waived the bond requirement and stayed judgment pending appeal if the judgment debtor's ability to satisfy the judgment is clear. See, e.g., Am. Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co., No. C 04-3518 SBA, 2007 WL 1520952, at *2 (N.D. Cal. May 23, 2007); Wu v. Doucette, No. EDCV07-01584, 2010 WL 3368118, at *1 (C.D. Cal. Aug. 25, 2010).

B. A Supersedeas Bond Would Likely Cost Over $2 Million

Mattel's financial strength has enabled it to readily negotiate a favorable premium on a supersedeas bond, Declaration of H. Scott Topham ¶ 7, but the

3

premium on the supersedeas bond nonetheless would exceed $1 million per year. Id. ¶ 8. If the appeal takes two years,[1] the bond premiums will be at least twice that amount.

### C. A Supersedeas Bond Is Unnecessary Because Mattel Is Plainly Able To Satisfy The Judgment

Because Mattel has ample resources to satisfy the judgment if MGA prevails on appeal, incurring over $2 million in premiums for a supersedeas bond is unnecessary. In imposing $85 million in exemplary damages, this Court observed that the exemplary damages are 3.6% of Mattel's net worth. Order Concerning Exemplary Damages at 7 (Dkt. No. 10,702). Using the same figures, Mattel's net worth is more than 7.5 times the size of the approximately $310 million judgment, and Mattel also has substantial total assets and annual revenues showing that it will be able to satisfy the Court's judgment. Topham Decl. ¶ 5. Courts find the posting of a supersedeas bond to be unnecessary in such circumstances. See, e.g., N. Indiana Pub. Serv. Co., 799 F.2d at 281 (affirming order granting stay pending appeal without requiring a bond where judgment was $181 million but debtor's net worth was more than $1 billion, which is 5.5 times greater than the judgment).

There is thus no reason to require a supersedeas bond and thereby force one of the parties to absorb over $2 million in unnecessary premiums.

---

[1] See United States Courts for the Ninth Circuit, Frequently Asked Questions, available at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000084 (last visited August 11, 2011) (noting that oral argument is generally scheduled 12 to 20 months after a notice of appeal is filed and that most cases are decided 3 to 12 months after oral argument).

## II. IN THE ALTERNATIVE, THIS COURT SHOULD APPROVE THE FORM AND THE AMOUNT OF THE BOND PROPOSED BY MATTEL

If this Court does not waive the bond requirement, it should approve Mattel's proposed supersedeas bond because it is adequate as to form and amount. See, e.g., In re Swift Aire Lines, Inc., 21 B.R. 12, 14 (9th Cir. BAP 1982); In re Federal Facilities Realty Trust, 227 F.2d 651, 655 (7th Cir. 1955); see also American Mfrs. Mut. Ins. Co., 87 S. Ct. at 3 (citing In re Federal Facilities with favor). *First*, the form of the proposed bond is more than adequate. The proposed bond is from Zurich American Insurance Company and Fidelity and Deposit Company of Maryland. See Topham Decl. ¶ 7 & Ex. C. Both companies have been approved as sureties by the Treasury Department. See Department of the Treasury's Listing of Certified Companies, http://www.fms.treas.gov/c570/c570_a-z.html (last visited August 11, 2011). Both are licensed to operate in California, id., and Zurich American Insurance Company has an approved underwriting capacity of $666,941,000 per bond, which is more than adequate for a supersedeas bond in this case. Id. The proposed bond is in a standard form used by Zurich American Insurance Company in California. See Topham Decl. ¶ 7.

*Second*, the amount of the proposed bond is adequate to protect MGA pending appeal. Because the purpose of a supersedeas bond is to protect the judgment creditor from the risk of insolvency and to compensate for delay in enforcement of the judgment, see Celotex, 514 U.S. at 332; N.L.R.B. v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988), such a bond usually is set at an amount "sufficient to pay the judgment *plus* interest, costs and other monetary relief (e.g., attorney fees) the appellate court may award." Rutter Group, Cal. Prac. Guide Fed. 9th Cir. Civ. App. Prac. Ch. 1-A, ¶ 1:168 (2010). Mattel's proposed bond in the amount of $315 million is more than sufficient to cover the judgment for $309,887,177.00 plus interest, costs, and attorneys fees on appeal.

At current interest rates, post-judgment interest is likely to be less than $2 million. For money judgments rendered in federal district courts, the post-judgment interest rate is set by federal law. See, e.g., Northrop Corp. v. Triad Intern. Mktg., S.A., 842 F.2d 1154, 1156 (9th Cir. 1988) ("It is settled that even in diversity cases post-judgment interest is determined by federal law.") (quotation marks, citations, and alterations omitted). Under 28 U.S.C. § 1961(a), post-judgment interest is compounded annually at a rate "equal to the weekly average 1-year constant maturity Treasury yield" for the "calendar week preceding" the date of the judgment. The rate for the week ending July 29, 2011, the week preceding the August 4, 2010 judgment, was 0.21%. See Board of Governors of the Federal Reserve System, August 8, 2011 H.15 Selected Interest Rates, available at http://www.federalreserve.gov/releases/h15/current/default.htm (last visited August 11, 2011). According to recent statistics, the appeal is likely to take two to three years to resolve. See supra p. 4 n.1. During the two to three years it will likely take to resolve an appeal, post-judgment-interest will accrue in an amount between $1.3 million (for two years) and $1.9 million (for three years):

|  | **Judgment Amount** | **Interest Portion** |
|---|---|---|
| **Judgment** | $309,887,177.00 | $0 |
| **After 1 Year** | $310,537,940.07 | $650,763.07 |
| **After 2 Years** | $311,190,069.75 | $1,302,892.75 |
| **After 3 Years** | $311,843,568.89 | $1,956,391.89 |

Attorney's fees and costs incurred on appeal are likely to be approximately $2 million. MGA's Chief Executive Officer Isaac Larian has told analysts that MGA's attorney's fees on appeal "will be $2 million." Topham Decl., Ex. A. The costs for MGA are likely to be limited to copying costs and the like, which are negligible.

Thus, the judgment plus interest, fees and costs is likely to be less than $314 million:

|  | **Two Years** | **Three Years** |
|---|---|---|
| **Judgment** | $309,887,177.00 | $309,887,177.00 |
| **Interest** | $1,302,892.75 | $1,956,391.89 |
| **Fees and Costs** | $2,000,000.00 | $2,000,000.00 |
| **Total** | **$313,190,069.75** | **$313,843,568.89** |

Mattel's proposed $315 million bond covers the amounts likely to be owed to MGA if MGA prevails on appeal and provides a cushion of more than $1 million. It is therefore more than adequate to protect MGA's interests.

Thus, if this Court does not grant a stay of execution without a supersedeas bond, it should approve the bond proposed by Mattel and grant an automatic stay of judgment pending appeal. See Fed. R. Civ. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond" in an action involving a money judgment); Hebert v. Exxon Corp., 953 F.2d 936, 938 (5th Cir. 1992) (Rule 62(d) "entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond"); accord Am. Mfrs. Mut. Ins. Co., 87 S. Ct. at 3; Bass v. First Pacific Networks, Inc., 219 F.3d at 1055.

**III.   A TEMPORARY STAY SHOULD BE GRANTED TO PERMIT RESOLUTION OF THIS APPLICATION, ENABLE MATTEL TO PERFECT THE BOND, OR ALLOW APPEAL IF THIS APPLICATION IS DENIED**

The judgment has been stayed automatically until August 18, 2010. See FED. R. CIV. P. 62(a) (providing for a 14-day automatic stay). Mattel respectfully requests that the Court grant a temporary stay of execution of the judgment in any of three circumstances:

(i) In the event that the Court does not decide upon this application by August 18, 2011, until such decision is issued;

(ii) In the event that, after August 15, 2011, the Court denies waiver of the bond but approves the form and amount of the bond, for three (3) days after such decision, so that Mattel may have the opportunity to perfect the proposed bond; and

(iii) In the event the Court denies this application in its entirety, pending appeal of such a decision.

## CONCLUSION

For the foregoing reasons, the Court should stay execution of the judgment entered against Mattel without requiring a supersedeas bond or, in the alternative, upon approval of the bond proposed by Mattel. In addition, this Court should issue a temporary stay if needed under the circumstances described above.

DATED: August 11, 2011      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc. and
   Mattel de Mexico, S.A. de C.V.