QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al.,<br><br>             Plaintiffs,<br><br>       vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.<br><br>             Defendants.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx)<br><br>Hon. David O. Carter<br><br>**MATTEL'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR STAY OF JUDGMENT PENDING APPEAL WITHOUT SUPERSEDEAS BOND OR, ALTERNATIVELY, FOR APPROVAL OF BOND, AND FOR TEMPORARY STAY**<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br><u>Hon. David O. Carter</u><br><br>Date:  TBD<br>Time:  TBD<br>Place: TBD |

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................... 1

ARGUMENT .............................................................................................................. 2

I.    MATTEL'S PROPOSED BOND ACCURATELY REFLECTS REASONABLY EXPECTED INTEREST, COSTS AND FEES ON APPEAL ........................................................................................................... 2

II.    A TEMPORARY STAY SHOULD BE GRANTED TO PERMIT RESOLUTION OF THIS APPLICATION AND ENABLE MATTEL TO PERFECT A BOND ................................................................................... 4

CONCLUSION ........................................................................................................... 4

# TABLE OF AUTHORITIES

**Page**

**Cases**

Am. Ass'n of Naturopathic Physicians v. Hayhurst,
  227 F.3d 1104 (9th Cir. 2001) ................................................................................ 3

Antoninetti v. Chipotle Mexican Grill, Inc.,
  2009 WL 1390811 (S.D. Cal. May 15, 2009) ........................................................ 3

Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.,
  600 F.2d 1189 (5th Cir. 1979) ................................................................................ 3

In re Swift Aire Lines, Inc.,
  21 B.R. 12 (9th Cir. BAP 1982) ............................................................................. 4

Trans World Airlines, Inc. v. Hughes,
  515 F.2d 173 (2d Cir. 1977) ................................................................................... 3

**Rules**

Fed. R. App. P. 28.1(e) ............................................................................................... 3

Ninth Circuit Rule 32-2 .............................................................................................. 3

# INTRODUCTION

Mattel showed that it is entitled to a stay pending appeal as a matter of right. MGA nowhere contests this fundamental fact. Nevertheless, MGA urges the Court to deny even a temporary stay based on the argument that Mattel's diligence in perfecting its appeal, solidifying a proposed bond with a reputable third party surety and seeking the Court's approval of the bond all within 7 days of the judgment somehow reflects unreasonable delay. It does not; even if it did, MGA offers neither argument nor authority that this deprives Mattel of its right to a stay pending appeal, or its right to a temporary stay to enable Mattel to post whatever bond may be required.

MGA's request for a $465 million bond on a $310 million judgment is unsupported. MGA concedes the purpose of a bond is to cover the amount of the judgment, plus interest, fees and costs on appeal. Mattel's proposed bond more than sufficiently covers those amounts. Mattel's interest calculations are undisputed, and Mr. Larian himself stated publicly just days ago that MGA's fees on appeal will be $2 million. MGA now urges that more than $150 million is required to cover its fees on appeal without even acknowledging Mr. Larian's $2 million estimate. There is no support for MGA's bond demand.

Finally, MGA argues the Court cannot waive the bond requirement. That is incorrect; as the cases in Mattel's application show, there is ample precedent for doing so. But whether MGA is right on this point or not, it has no bearing on the core issues raised by this *ex parte*. Mattel is entitled to a stay pending appeal and is ready to post a bond to obtain one, including a bond for an amount greater than the $315 million Mattel has proposed should that be required. Whatever else the Court may order, at a minimum a temporary stay should issue to avoid the execution proceedings that MGA will seek to commence in light of Mattel's readiness to post a bond.

# ARGUMENT

## I. MATTEL'S PROPOSED BOND ACCURATELY REFLECTS REASONABLY EXPECTED INTEREST, COSTS AND FEES ON APPEAL

Mattel proposed a sufficient bond in light of both the judgment entered and MGA's own estimate of its appeal costs. MGA's counterproposal is unsupported by either law or fact.

It is undisputed that, should MGA prevail on appeal and seek to execute, it will not be entitled to obtain more than the Court's judgment, at most with fees, costs and interest added on. See Opp. at 10 (MGA arguing that "a bond must cover the judgment, interest, and costs, including the costs incurred while the appeal is pending."). Mattel's interest calculations, which show that interest on the judgment will be less than $2 million following the appeal, are undisputed.

MGA disputes Mattel's fee assumptions, insisting that "an estimation of $2 million in attorney's fees for an appeal of a case this magnitude is simply unreasonable." Id. at 11. But MGA ignores that the $2 million fee estimate came from MGA's own CEO. Topham Decl. Ex. A. MGA emphasizes that it "encountered well over $2 million in attorneys fees when appealing the limited issue of the Phase 1 injunction," Opp. at 11, without disclosing that, according to the declaration it cites, MGA's fees were less than $3 million for that appeal, which encompassed a broad range of issues. Dkt. 10621 (Shultz Decl. ISO Mtn. for Attorney's Fees) at ¶¶ 5, 10, 11. MGA offers no credible reason to believe its attorney's fees will be more than $150 million this time around, as its proposed bond assumes.[1]

---

[1] MGA's only argument for assuming such fees is that "Mattel's appeal could involve hundreds of issues." Opp. at 11. It is standard practice to file a notice appealing a judgment and all interlocutory orders that led to it; it is quite another to
(footnote continued)

The reality is that MGA's proposed bond amount bears no relation to the reasonably anticipated costs of this appeal. Instead, MGA reached its proposed amount by multiplying the judgment by 150%, as it concedes. Opp. at 10. The only case MGA cites that adopts such a high ratio, <u>Am. Ass'n of Naturopathic Physicians v. Hayhurst</u>, 227 F.3d 1104, 1109 (9th Cir. 2001), involved a judgment of only $11,900. That fees on appeal might double or triple a $12,000 judgment says absolutely nothing about whether fees on appeal will be 50% of a $310 million judgment. MGA also cites <u>Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.</u>, 600 F.2d 1189, 1190 (5th Cir. 1979), but that case nowhere discusses a mandatory or appropriate bond ratio, and instead merely rejected a bond of $10,000 for a judgment of $270,985. The last case MGA cites required a bond exactly equal to the judgment, with no additional provisions for costs or fees on appeal. See <u>Antoninetti v. Chipotle Mexican Grill, Inc.</u>, 2009 WL 1390811, *2 (S.D. Cal. May 15, 2009). MGA's blanket 150% rule is baseless, particularly when the judgment is as large as the one here.[2]

The propriety of Mattel's proposed bond is undisputed except as to its amount—MGA concedes the form of the bond and the sureties are sufficient. The

---

actually pursue "hundreds of issues." Indeed, not only is that a ludicrous strategy, it would be impossible; the Federal Rules set a limit for appellate briefs at 30 pages, <u>see</u> Fed. R. App. P. 28.1(e), and the Ninth Circuit looks unfavorably at motions to exceed that limit, <u>see</u> Ninth Circuit Rule 32-2. MGA also offers no suggestion as to how Mattel could draw out the length of the appeal as the Ninth Circuit has already ordered briefing to be completed by early next year. See <u>Mattel et al. v. MGA Entertainment, et al.</u> No. 11-56357 (9th Cir. Docketed Aug. 12, 2011) (Dkt No. 1) (Ex. 1).

[2]  Indeed, bond ratios of *less* than 1 are not uncommon with large companies like Mattel. In <u>Trans World Airlines, Inc. v. Hughes</u>, 515 F.2d 173, 175-76 (2d Cir. 1977), for example, the defendant was allowed to post a bond of only $75 million on a $145 million judgment where the defendant promised to maintain a net worth of just three times the balance owed.

only issue here is whether $315 million is sufficient or, on the other hand, whether a blanket 150% rule that assumes more than $150 million in fees on appeal is more proper.  Mattel submits that $315 million is more than enough.  Should a bond be required, Mattel's proposed bond should be approved.

## II. A TEMPORARY STAY SHOULD BE GRANTED TO PERMIT RESOLUTION OF THIS APPLICATION AND ENABLE MATTEL TO PERFECT A BOND

MGA urges the Court to deny a temporary stay (and thereby enable MGA to commence execution proceedings) based on the sole argument that "Mattel has had plenty of time to arrange for a bond and to prepare any motion for waiver" and waited too long in seeking approval of a bond.  Opp. at 11.  Seven days is not "too long."  MGA concedes that Mattel has a right to a stay pending appeal upon posting a bond—a right concomitant with the right to appeal itself.  "A supersedeas, like an appeal, is a matter of right, and its allowance does not rest in the sound discretion of court or judge."  In re Swift Aire Lines, Inc., 21 B.R. 12, 14 (9th Cir. BAP 1982).  It would be an abuse of discretion to allow a judgment creditor to improperly execute on a judgment prior to the decision of an appeal.  Id.  Mattel requested approval of a bond and sought a stay well within the automatic stay period provided by Rule 62(a); it need do no more to avoid the execution proceedings that MGA wishes to commence.  To avoid the prospect of such proceedings, the Court should issue a stay (i) pending the Court's decision on this application if not issued before August 18, 2011; (ii) for 3 days after such resolution in the event that the Court denies waiver of the bond but approves the form and amount of the bond; and (iii) pending appeal of the Court's decision in the event it denies this application in its entirety.

## CONCLUSION

For the foregoing reasons, the Court should stay execution of the judgment entered against Mattel by waiving the requirement of a supersedeas bond or, in the

1 | alternative, by approving the bond proposed by Mattel. In addition, this Court
2 | should issue a temporary stay as discussed herein.
3 |
4 | DATED: August 15, 2011     QUINN EMANUEL URQUHART &
5 |     SULLIVAN, LLP
6 |
7 |
8 |     By /s/ Michael T. Zeller
      Michael T. Zeller
9 |       Attorneys for Mattel, Inc. and
      Mattel de Mexico, S.A. de C.V.

00505.07975/4301470.3

5