UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                                                  Date: August 16, 2011

Title: MATTEL, INC. v. MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                    NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART
APPLICATION [DOCKET 10709]

      Mattel, Inc. and Mattel de Mexico S.A. de CV (collectively "Mattel") apply *ex parte* for a stay of judgment pending appeal without bond or, in the alternative, for the approval of a bond in the amount of $315 million and a temporary stay in order to perfect that proposed bond.  MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., and Isaac Larian (collectively "MGA") oppose Mattel's request for a stay of judgment without bond and, in addition, oppose the amount of Mattel's proposed bond, claiming that $315 million is inadequate to cover the award in this case, interest, and any recoverable attorneys' fees and costs on appeal.  Having considered the parties' briefing, and for the reasons that follow, the Court GRANTS IN PART AND DENIES IN PART Mattel's Application.

      Mattel has appealed this Court's entry of judgment in MGA's favor, including the Court's award of $85 million in compensatory damages, $85 million in exemplary damages, $107,860,073 in attorneys' fees and $32,027,104 in costs.[1]  Having filed a notice of appeal, Mattel may obtain a stay of judgment by posting an acceptable supersedeas bond.  *See* Fed. R. Civ. P. 62(d).  Though posting a bond entitles Mattel to a stay as a matter of right, both this Court and the Court of Appeals may stay the judgment even absent a bond.  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir.

---

[1] The judgment was entered on August 4, 2011 and, pursuant to Fed. R. Civ. P. 62(a), has been automatically stayed until August 18, 2011.

MINUTES FORM 11 DOC                                                   Initials of Deputy Clerk: jcb
CIVIL - GEN                                                                              Page 1 of 3

1990).

      Mattel argues that a supersedeas bond saddles the parties with unnecessary transactional costs, since "Mattel has ample resources to satisfy the judgment if MGA prevails on appeal." One appellate court has held that the bond requirement may be waived "if the appellant has a clearly demonstrated ability to satisfy the judgment in the event the appeal is unsuccessful and there is no other concern that the appellee's rights will be compromised by a failure adequately to secure the judgment." *In re Carlson*, 224 F.3d 716, 719 (7th Cir. 2000).

      Mattel's ability to satisfy a $309,887,177 judgment after a two to three year appeal is hardly clear. Its last annual report to the Securities and Exchange Commission discusses the company's strong sales at the present time, but acknowledges significant annual expenditures, including rents, product design and development activities, advertising costs equal to more than 10% of net sales, and royalty payments to licensors like Disney Enterprises, Inc., Viacom International, Inc., and Warner Bros. Consumer Products. The report notes that most, if not all, of Mattel's sales are subject to "consumer preferences [that] are continuously changing" and "sudden shifts in demand . . . caused by 'hit' toys and trends, which are often unpredictable." Docket 10709-3 at 15. Not only may new competitors and products adversely impact Mattel's sales, but the entire market may shrink in difficult economic times, when access to credit is limited and "consumers' discretionary purchases of toy products" may decline as a result. *Id.* at 18.[2] Other relevant "risk factors" that may adversely affect Mattel's sales in the coming months include (1) changes in currency exchange rates; (2) increases in the price of commodities; and (3) economic difficulties suffered by any of the "small number of customers [that] account for a large share of Mattel's net sales." *Id.* at 15-22.

      In short, though Mattel has enjoyed strong sales in recent years, it (1) sells products that can quickly become obsolete to (2) a narrow customer base that (a) may decrease its discretionary purchases as economic conditions decline or (b) may abandon Mattel for a new (or reinvigorated) alternative. These risk factors are not merely academic but particularly salient, given the unavailability of credit and recent dynamism in the toy industry. The Court therefore concludes that Mattel has not clearly demonstrated an ability to satisfy the judgment in the event its appeal is unsuccessful and a supersedeas bond is necessary to "secure [MGA] from a loss resulting from the stay of execution . . ." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n. 1 (9th Cir. 1987).

      Mattel proposes a $315 million bond. Mattel also proposes that Zurich American

---

[2] Despite low interest rates, economic uncertainty and high household debt are expected to chill consumer spending and access to credit in the years ahead. *See* Motoko Rich and Tara Siegel Bernard, *Low Interest Rates May Do Little to Entice Nervous Consumers*, August 14, 2011, available at http://www.nytimes.com/2011/08/15/business/low-interest-rates-do-little-to-sway-nervous-consumers.html?_r=1&hp.

Insurance Company and Fidelity and Deposit Company of Maryland post the bond.  Though MGA does not oppose the form of the bond, it objects to the proposed amount as insufficient to cover the judgment, interest over the life of any appeal, and any recoverable attorneys' fees and costs on appeal.

The $309,887,177 judgment against Mattel is subject to a 0.21% interest rate — the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the August 4, 2011 judgment in this matter.  *See* 28 U.S.C. § 1961(a); *see also* Board of Governors of the Federal Reserve System, August 8, 2011 H.15 Selected Interest Rates, available at http://www.federalreserve.gov/releases/h15/current/default.htm.  Mattel's present appeal before the Ninth Circuit, as well as any subsequent appeal, may take between two to three years to resolve.  If the appeal is resolved within three years, the interest on the judgment entered by this Court will equal $1,956,391.89, thus increasing the total award to $311,843,568.89.

The bond should also account for any recoverable attorneys' fees and costs that MGA may incur on appeal.  Section 505 of the Copyright Act permits a prevailing defendant to recover its attorneys' fees and costs on appeal.  *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 561 (9th Cir. 1996).  The attorneys' fees and costs that MGA will incur on appeal can be forecasted with some precision because the parties have already appealed this case to the Ninth Circuit once.  In its prior appeal, MGA spent approximately $1,733,853 in attorneys' fees and $46,483 in costs.  That appeal involved a stay application, a cross-appeal, a motion for limited remand, and merits briefing, in addition to extensive preparation for oral argument.  Even recognizing the expansiveness of the record and the likelihood that the parties will obtain zealous legal representation, MGA's attorneys' fees and costs are unlikely to exceed $3 million over the course of the instant appeal.

Thus, Mattel's proposed bond of $315 million adequately accounts for the judgment, the interest on that judgment, and any recoverable attorneys' fees and costs on appeal.  Mattel only requested 3 days to perfect its proposed bond, but, in an abundance of caution, the Court grants Mattel an additional 4 days to complete that process.  The judgment shall temporarily be stayed until August 23, 2011.

The Clerk shall serve this minute order on all parties to the action.