1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
      William C. Price (Bar No. 108542)
3     (williamprice@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
4     (michaelzeller@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
6   Facsimile:    (213) 443-3100

7   Attorneys for Mattel, Inc. and Mattel de
    Mexico, S.A. de C.V.

8

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                  SOUTHERN DIVISION

12  MATTEL, INC., a Delaware            CASE NO. CV 04-9049 DOC (RNBx)
    corporation, et al.,
13                                      Consolidated with
                                        Case No. CV 04-09059
14              Plaintiff,              Case No. CV 05-02727

15       vs.                            Hon. David O. Carter

16                                      **MATTEL, INC.'S OBJECTIONS TO
                                        MGA ENTERTAINMENT, INC.'
17  MGA ENTERTAINMENT, INC., a          BILL OF COSTS PURSUANT TO
    California corporation, et al.,     LOCAL RULE 54**
18
                Defendant.              Hearing Date:      TBD
19                                      Time:              TBD
                                        Place:             TBD
20  AND CONSOLIDATED ACTIONS

21                                      Discovery Cutoff:      October 4, 2010
                                        Pre-trial Conference:  January 4, 2010
22                                      Trial:                 January 11, 2011

23

24

25

26

27

28

1    TO THE COURT, PARTIES, AND THEIR ATTORNEYS OF RECORD:

2    Please take notice that pursuant to Central District of California Local Rule

3   54-7, Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel")

4   hereby object to MGA Entertainment, Inc.'s ("MGA") Amended Notice of

5   Application to Tax Costs Pursuant to <u>Fed. R. Civ. P.</u> 54 and Local Rule 54-4

6   ("Application") (Dkt. 10718), on the following grounds:

7    1.    MGA's Application should be denied as untimely.  Although Local

8   Rule 54 contemplates that applications for attorneys' fees and costs are typically

9   filed after entry of final judgment, the Court has discretion under <u>Fed. R. Civ. P.</u>

10  54(d) to set deadlines and adjudicate these applications before entry of final

11  judgment, as MGA has acknowledged.  <u>See</u> Dkt. 10619 at 9-10 ("Here, the Court

12  has advanced the timing of the fee motions by order as permitted by <u>Rule</u> 54.").  In

13  its April 21, 2011 Order, the Court stated that "[a]ny party may move for the

14  recovery of attorneys' fees, *costs*, and/or punitive damages on or before May 5,

15  2011." Dkt. 10521 at 1 (emphasis added).  Recognizing this deadline, MGA filed an

16  applications for costs under the California Uniform Trade Secrets Act ("CUTSA"),

17  <u>Cal. Civ. Code</u> § 3426.4, as well as an application for costs under the Copyright Act,

18  17 U.S.C. § 505, by the May 5, 2011 deadline.  Dkt. 10618, 10619.

19   MGA did not, however, timely file its application for costs under 28 U.S.C. §

20  1920 and Local Rule 54-4.  MGA offers no explanation for this failure.  MGA has

21  not met its burden of showing "excusable neglect" to justify extending the Court's

22  May 5 deadline.  <u>See</u> <u>Fed. R. Civ. P.</u> 6(b)(1); <u>see</u> <u>also</u> <u>O'Shea v. Yellow Tech.</u>

23  <u>Servs., Inc.</u>, 208 F.R.D. 634, 636 (D. Kan. 2002) (applying <u>Rule</u> 6(b)(1) and

24  refusing to consider untimely bill of costs:  "Both the court and Plaintiff were

25  entitled to rely on the time limitations of [Local] Rule 54.1.  More importantly, the

26  court is not satisfied that counsel for Defendant was impeded in any significant way

27  from either preparing and filing the bill of costs on time or filing a motion for an

28  extension prior to the expiration of the established deadline."); <u>Garcia v. Berkshire</u>

00505.07975/4316465.3

-1-

1    <u>Life Ins. Co. of Am.</u>, 2008 WL 821805, at *4 (D. Colo. March 26, 2008) (striking

2    bill of costs submitted one month late).  MGA's nearly four-month late submission

3    should not be considered.

4           2.     MGA's Application is moot because the Court has already awarded all

5    the costs sought by MGA in its Application.  MGA's Application states that "**[b]y**

6    **filing a Bill of Costs pursuant to Federal Rule of Civil Procedure 54 and Local**

7    **Rule 54-4, the MGA Parties <u>do not</u> dispute the Court's award of costs and <u>do</u>**

8    **<u>not</u> seek any additional award of costs from the Court**."  Dkt. 10718 at 1

9    (emphasis in original).  By acknowledging that MGA cannot obtain relief, MGA

10   acknowledges that its application is moot.  The Court's August 4, 2011 Final

11   Judgment (Dkt. 10704) already awarded MGA $350,000 in costs under CUTSA and

12   $31,677,104 in costs under the Copyright Act.  By MGA's own admission, there is

13   no live controversy between the parties because the costs sought by MGA have

14   already been awarded, and cannot be awarded again.

15          MGA claims that its Application is proper because MGA would be entitled to

16   an award of costs under Local Rule 54-4 "were the Court's Order, Dkt. No. 10703

17   [awarding costs under CUTSA and the Copyright Act], reversed on appeal."  Dkt.

18   10718 at 1.  Such future contingencies do not save a case from mootness, which

19   must be assessed based on the actual state of facts at present, not a hypothetical state

20   of facts in the future.  <u>See</u> <u>Texas v. United States</u>, 523 U.S. 296, 300 (1998) ("[A]

21   claim is not ripe for adjudication if it rests upon contingent future events that may

22   not occur as anticipated, or indeed may not occur at all."); <u>Yenktesh v. Holder</u>, 2010

23   WL 4623883, at *1 (E.D. Cal. Nov. 4, 2010) ("The United States Supreme Court

24   has held that speculation and conjecture of future improper conduct is insufficient to

25   defeat mootness.").

26          Moreover, even if the application were not moot, any hypothetical award of

27   costs at this time would be premature because both the need and the ability to

28   calculate costs under <u>Local Rule</u> 54-4 is contingent on the outcome of a yet-to-be-

1 decided appeal.  If Mattel prevails on appeal, MGA will not be entitled to an award

2 of costs as the prevailing party under Local Rule 54-2 at all.  If MGA prevails on

3 appeal, MGA's Application will be irrelevant as it concedes.  If the judgment is

4 affirmed in part and reversed in part, the Court will need to consider the Ninth

5 Circuit's opinion to determine prevailing party status and apportion awarded costs,

6 if any.  See Local Rule 54-2.3 ("The Court shall determine the prevailing party

7 when there is a partial recovery or a recovery by more than one party.").  MGA's

8 request for a hypothetical award of costs at this time based on a hypothetical result

9 on appeal demonstrates the plain mootness of its request.

10          3.       In any case, the Court lacks jurisdiction to rule on MGA's Application

11 because it has been divested of jurisdiction.  See Holmes Group, Inc. v. Vornado Air

12 Circulation Sys., Inc., 535 U.S. 826, 835 (2002) (Stevens J., concurring) ("The filing

13 of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction

14 on the court of appeals and divests the district court of its control *over those aspects*

15 *of the case involved in the appeal*") (emphasis added, quotations omitted).  The

16 Court's award of $32 million in costs was clearly set forth in its August 4, 2011

17 final judgment and therefore is an issue "involved in the appeal" – and Mattel

18 intends to address this costs award in its appeal.  MGA seeks, through its most

19 recent application, to have the Court effectively provide an alternative holding in

20 support of a portion of its cost award.  That would impermissibly alter the status quo

21 as to the issues on appeal during the pendency of the appeal.  See In re Padilla, 222

22 F.3d 1184, 1190 (9th Cir. 2000) ("Absent a stay or supersedeas, the trial court also

23 retains jurisdiction to implement or enforce the judgment or order *but may not alter*

24 *or expand upon the judgment*.") (emphasis added); see also In re Sherman, 491 F.3d

25 948, 967 (9th Cir. 2007); In re Rains, 428 F.3d 893, 904 (9th Cir. 2005).  Entering

26 the Order MGA seeks, which would adopt an alternative basis for an award of costs,

27 would modify the judgment and issues on appeal.  The Court lacks jurisdiction to do

28

00505.07975/4316465.3

-3-

MATTEL'S OBJECTIONS TO MGA'S BILL OF COSTS

1   so. <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 654-55 (9th Cir. 1991); <u>Fed. R.</u>

2   <u>Civ. P.</u> 60(a).

3        <u>Edwards v. OSI Collection Services, Inc.</u>, 2006 WL 3725563 (D. Nev. Dec.

4   15, 2006) is instructive.   In <u>Edwards</u>, the district court granted the defendants'

5   motion to dismiss and entered final judgment that included an attorneys' fee award.

6   <u>Id.</u> at *1.   After plaintiff appealed, defendants filed a motion to compel plaintiff to

7   comply with the fee award.   The court held it lacked jurisdiction to rule on the

8   motion to compel because the award of attorney's fees had been appealed. <u>Id.</u>  So

9   too here.   The Court's Judgment—and Mattel's appeal of that judgment—raised the

10   issue of the Court's award of costs. <u>See</u> Dkt. 10704 ("MGA Entertainment, Inc. is

11   awarded . . . $350,000 in costs . . . . MGA Entertainment, Inc., MGA Entertainment

12   (HK) Limited, and Isaac Larian are awarded . . . $31,677,104.00 in costs.").   This

13   judgment "finally determine[d] the entire action" and did not leave cost issues for

14   post-judgment adjudication.   Mattel having appealed the costs awards, the Court

15   lacks jurisdiction to further consider requests for costs.

16        4.   For all the reasons set forth in Mattel's opposition to MGA's

17   applications for an award of attorneys' fees and costs under CUTSA and the

18   Copyright Act (Dkt. 10674, 10675), which Mattel incorporates herein, the Court

19   should exercise its discretion and decline to award costs under Local Rule 54-4 even

20   if it considers MGA's application on its merits. <u>Quan v. Computer Sciences Corp.</u>,

21   623 F.3d 870, 889 (9th Cir. 2010) (district courts have discretion to deny costs under

22   <u>Rule</u> 54 provided they specify the reasons for the denial).   An award of costs based

23   on MGA's success also is not warranted because the trade secret status of toys that

24   were publicly advertised at toy fairs is a "close and difficult" legal issue, as

25   discussed in Mattel's motion for judgment as a matter of law. <u>Id.</u>; <u>see also</u> Dkt.

26   10537 at 7-17.

27        5.   If the Court is inclined to award any costs sought in MGA's

28   Application, Mattel specifically objects for the reasons discussed below.

1   MGA seeks $807.53 under Local Rule 54-4.1.  Dkt. 10718-1.  This rule

2   allows for recovery of "[t]he Clerk's filing fees (pro hac vice fees are not

3   recoverable)."  MGA has failed to carry its burden under Local Rule 54-3 and Form

4   CV-59, which states the following in its "Instructions And Notices Regarding Bill

5   Of Costs":

6   SPECIAL NOTE: An **itemization and documentation** to support the
claims made in all categories **shall be attached** to the Application for
7   Bill of Costs.  Documentation **shall include receipts**, orders and
stipulations of the parties.  **The claiming party shall ensure that
8   receipts are self-explanatory (i.e. receipts for service to include the
name of the individual).  The Clerk's designee may disallow any
9   expenses that do not have supporting documentation.** It is the
claiming party's responsibility to ensure that the total cost requested in
10  all categories on Form CV-59 reflects the same total of the
documentation submitted in support thereof.  The Clerk's designee
11  shall allow such items specified in the application which are properly
recoverable as costs.

12
    CV-59 (06/10) at 3 (emphasis added).[1]  MGA neither itemized nor provided receipts
13
    for the costs claimed in this category and many others.  As MGA has not met its
14
    burden, the Court should deny MGA's request.  See, e.g., Wordtech Sys., Inc. v.
15
    Integrated Network Solutions, Inc., 2009 WL 981843, at *7 (E.D. Cal. April 13,
16
    2009) ("Plaintiff submitted a Bill of Costs seeking $3760.29, including $105 for fees
17
    for service of summons, $3592.25 for the cost of preparing necessary transcripts,
18
    and $63.04 for witness fees.  However, no itemization or documentation was
19
    attached supporting Plaintiff's request for service fees or for fees paid to the court
20
    reporter.  Thus, the Court taxes costs against Defendants only in the amount of
21
    $63.04.").
22
    MGA should not recover the $185.00 charge in Orrick Invoice 1202586 (Dkt.
23
    10621, Ex. 1 at 475), the $141.15 charge in Orrick Invoice 1210280 (Dkt. 10621,
24
    Ex. 1 at 619), or the $247.38 charge in Orrick Invoice 1266287 (Dkt. 10621, Ex. 1 at
25

26  _____

27      [1]    Available at: http://www.cacd.uscourts.gov/CACD/Forms.nsf/Forms (last
    visited August 26, 2011).
28

1 | 141) with the conclusory line-item description "Court Filing Fee (Charged by
2 | Court)."  MGA has not established that the Clerk in fact charged these amounts or
3 | that MGA paid them.  The Court's Bill of Costs Handbook specifies that "**[p]roper**
4 | **itemization and documentation of the actual expenses such as copies of receipts**,
5 | returned checks, bills, court orders (see Local Rule 54-4.13) etc. shall be attached as
6 | exhibits to the Bill of Costs."  MGA has not complied with this requirement.

7 |       MGA cites Orrick Invoice No. 1223240, but that invoice does not contain any
8 | line item for clerk filing fees, and even if it did, it would not be recoverable for the
9 | reasons discussed above.  MGA cites Skadden Invoice No. 1197247 (Dkt. 10621,
10 | Ex. 3 at 7338), but that invoice contains a single line item for $7,613.35 in
11 | "Filing/Court Fees."  Since MGA is only seeking $807.53 in costs, the entire
12 | $7,613.35 is not at issue, but without a receipt or itemization Mattel has no way of
13 | knowing what portion of that amount represents fees actually paid to the Clerk.
14 | MGA cites Invoice 1492 from A-1 Courier billing the amounts of $54.20 and
15 | $73.65 (Dkt. 10621, Ex. 49 at 13344).  By its terms, Local Rule 54-4.1 only allows
16 | recovery of filing fees paid to the Clerk, not delivery fees paid to third-party
17 | couriers.  None of this is recoverable.

18 |       6.    MGA seeks $2,793.07 in costs under Local Rule 54-4.2.  This rule
19 | allows for recovery of "[f]ees for service of process (whether served by the United
20 | States Marshal or other persons authorized by F.R.Civ.P. 4) and for service of
21 | subpoenas pursuant to F.R.Civ.P. 45."  However, MGA has improperly redacted the
22 | names of the individuals served, which is clearly not privileged information.  See
23 | Orrick Invoice No. 1222678 (Dkt. 10621, Ex. 1 at 1026, 1034); Orrick Invoice No.
24 | 1227424 (Dkt. 10621, Ex. 1 at 1201, 1236), and O'Melveny Invoice No. 692423
25 | (Dkt. 10621, Ex. 2 at 5347, 5356-57).  MGA's failure to identify who was served
26 | violates the plain terms of CV-59, which states that "receipts for service to include
27 | the name of the individual."

28 |       7.    MGA does not seek costs under Local Rules 54-4.3 or 54-4.4.

8.      MGA seeks $213,808.61 in costs under Local Rule 54-4.5.  This rule allows for recovery of "[t]he cost of the original and one copy of all or any part of a trial transcript, daily transcript or a transcript of matters occurring before or after trial, **if requested by the Court or prepared pursuant to stipulation**." (emphasis added).  None of these costs are recoverable because MGA has not shown that the trial or hearing transcripts it identifies were "requested by the Court or prepared pursuant to stipulation."[2]  MGA ignores that trial and hearing transcript costs falling outside the scope of Local Rule 54-4.5 are not recoverable. Automotive Products plc v. Tilton Engineering, Inc., 1994 WL 219912, at *3 (C.D. Cal. March 1, 1994) (affirming clerk's denial of costs for transcripts: "The Court agrees with the Clerk's finding here; no showing was made by Tilton that the Court requested the transcript or that such transcript was prepared pursuant to stipulation."); First Beverages, Inc. of Las Vegas v. Royal Crown Cola Co., 1977 WL 1347, at *1 (C.D. Cal. Jan. 5, 1977) ("No amount of argument as to the usefulness of the transcripts can overcome the requirements of this [Local] Rule."); Slaughter v. Uponor, Inc., 2010 WL 3781800, at *4 (D. Nev. Sept. 20, 2010) ("As Interstate has not shown that the transcripts of the hearings were requested by the Court or prepared pursuant to stipulation approved by the Court, the costs of obtaining hearing transcripts should not be taxable.").

Moreover, of the $213,808.61 sought, $163,638.79 represents costs of deposition transcripts, not hearing or trial transcripts, as detailed in the chart below. The recoverability of deposition costs is addressed by Local Rule 54-4.6, not Local Rule 54-4.5.  By including deposition costs in both categories, MGA is attempting to recover the same costs twice.  For example, $111,741.22 in Skadden invoices containing line items for "court reporting" appear in MGA's submissions under

---

[2]  The Court's Bill of Costs Handbook highlights this critical limitation in red, but MGA simply ignored it.

1  Rule 54-4.5 *and* under Rule 54-4.6:  Skadden Invoice Nos. 1213710 ($55,432.42),

2  1224969 ($22,508.94), 1229342 ($5,418.20), 1183266 ($1,277.22), 1197247

3  ($14,770.40), 1198375 ($12,334.04).

4

5

6

| Invoice | Dkt. | Ex. | Page | Bill | Date | Description | Amount |
|---------|------|-----|------|------|------|-------------|--------|
| 1232408 | 10621 | 1 | 1412 | Orrick | 2/9/2010 | Depo/ Transcript Expenses | 8104.95 |
| 1233612 | 10621 | 1 | 1655 | Orrick | 3/9/2010 | Depo/ Transcript Expenses | 2529.54 |
| 1243908 | 10621 | 1 | 1923 | Orrick | 4/9/2010 | Depo/ Transcript Expenses | 6460.99 |
| 1247496 | 10621 | 1 | 2131 | Orrick | 5/10/2010 | Depo/ Transcript Expenses | 10671.34 |
| 1274999 | 10621 | 1 | 3128 | Orrick | 10/18/2010 | Depo/ Transcript Expenses | 1481.66 |
| 1276772 | 10621 | 1 | 3359 | Orrick | 11/10/2010 | Depo/ Transcript Expenses | 1621.73 |
| 1281392 | 10621 | 1 | 3530 | Orrick | 12/10/2010 | Depo/ Transcript Expenses | 6634.94 |
| 1286722 | 10621 | 1 | 3732 | Orrick | 1/14/2011 | Depo/ Transcript Expenses | 5271.36 |
| 1291339 | 10621 | 1 | 4001 | Orrick | 2/11/2011 | Depo/ Transcript Expenses | 35129.74 |
| 1295743 | 10621 | 1 | 4211 | Orrick | 3/11/2011 | Depo/ Transcript Expenses | 25504.15 |
| 1216985 | 10621 | 1 | 879 | Orrick | 11/9/2009 | Depo/ Transcript Expenses | 2950.86 |
| SF64347 | 10621 | 17 | 10501 | Veritex | 7/18/2010 | 30b6 Depos | 2218.60 |
| SF64828 | 10621 | 17 | 10504 | Veritex | 7/25/2010 | Luther Depo | 3954.15 |
| SF65007 | 10621 | 17 | 10508 | Veritex | 7/27/2010 | Kaye 30b6 Depo | 1062.05 |
| SF65037 | 10621 | 17 | 10510 | Veritex | 7/27/2010 | Villasenor Depo | 4264.46 |
| SF68381 | 10621 | 17 | 10524 | Veritex | 9/18/2010 | Turetzky Depo | 2843.10 |

| Invoice | Dkt. | Ex. | Page | Bill | Date | Description | Amount |
|---|---|---|---|---|---|---|---|
| SF68696 | 10621 | 17 | 10526 | Veritex | 9/22/2010 | Dermody Depo | 2450.05 |
| SF69078 | 10621 | 17 | 10536 | Veritex | 9/28/2010 | Cerrito 30b6 Depo | 1539.09 |
| SF69205 | 10621 | 17 | 10538 | Veritex | 9/29/2010 | Luther Depo (Vol. 2) | 1005.55 |
| SF69374 | 10621 | 17 | 10539 | Veritex | 9/29/2010 | Rahimi Depo | 2815.75 |
| SF69397 | 10621 | 17 | 10541 | Veritex | 9/29/2010 | Villasenor Depo (Vol. 2) | 4118.40 |
| 1305751 | 10683 | 2 | 107 | Orrick | 5/12/2011 | Depo/ Transcript Expenses | 27094.85 |
| 1311206 | 10684 | 48 | 662, 665, 670 | Orrick | 6/10/2011 | Depo/ Transcript Expenses | 3911.48 |
| | | | | | | **TOTAL** | 163638.79 |

Further, in support of its claim for $50,169.82[3] in costs for transcripts, MGA has merely produced Orrick, Skadden, and O'Melveny invoices containing line items for "trial transcripts," "court reporting," "hearing transcripts," or "transcripts of telephonic proceedings" without producing the underlying court reporter invoices substantiating those costs.[4]   Every Orrick invoice with a "Depo/Transcript Expenses" line item is completely redacted and does not identify the deponent, break down costs, or attach the court reporter's invoice.  Many entries aggregate multiple depositions—including charges for $35,129.74 (Dkt. 10621, Ex. 1 Invoice

---

[3]   $213,808.61 sought by MGA under Local Rule 54-4.5 - $163,638.79 in deposition transcripts = $50,169.82 in hearing or trial transcripts.

[4]   Dkt. 10621, Ex. 2 Invoice Nos. 694399, 697029, 699942, 701071, 709839 , Dkt. 10621, Ex. 3 Invoice Nos. 1213710, 1224969, 1229342, Dkt. 10621, Ex. 18 Invoice Nos. 271381, 271592, 271611, 271756, 271962, Dkt. 10683, Ex. 6 Invoice Nos. 1183266, 1185588, 1197247, 1198375.

1291339), $25,504.15 (Dkt. 10621, Ex. 1 Invoice 1295743), and $27,094.85 (Dkt. 10683, Ex. 2 Invoice 1305751) with the descriptions completely redacted.  These deficiencies are fatal.

At most, $8,849.24 in transcript costs is actually supported by court reporter invoices,[5] but none of even that amount is recoverable because the transcripts were not requested by the Court or prepared pursuant to stipulation.

9.      MGA seeks $802,842.02 in costs under Local Rule 54-4.6.  This rule allows for recovery of the following:

Costs incurred in connection with taking oral depositions, including:

(a) The cost of the original and one copy of the transcription of the oral portion of all depositions used for any purpose in connection with the case, including non-expedited transcripts, the reporter's appearance fee, fees for binding, bates stamping, non-expedited shipping and handling, processing fee, ASCII disks, production and code compliance charge, electronic transmission charge, miniscripts and witness handling charges, but not including the cost of videotaped or recorded depositions unless otherwise ordered by the Court;

(b) The reasonable fees of the deposition reporter, including reporter fees when a deponent fails to appear at a scheduled deposition, the notary, and any other persons required to report or transcribe the deposition, but not including the costs of video or audio technicians unless otherwise ordered by the Court;

(c) Reasonable witness fees paid to a deponent, including fees actually paid to an expert witness deponent pursuant to F.R.Civ.P. 26(b)(4)(E). However, such fees do not include expert witness fees paid to a trial witness in excess of the statutory witness fee unless otherwise ordered by the Court;

(d) Reasonable fees paid to an interpreter when necessary to the taking of the deposition; and

(e) The cost of copying or reproducing exhibits used at the deposition and made a part of the deposition transcript.

---

[5]   Dkt. 10621, Ex. 17 Invoice Nos. LA4654, LA4678, LA5860, LA6098, LA6268, LA6452, LA8582, SF47076, SF48019, SF48368, SF49632, SF69577, Dkt. 10621, Ex. 19 Invoice Nos. 101666, 101866, 105311, 105315, 105316, Dkt. 10621, Ex. 20 Invoice Nos. 5012. 5037

By its terms, this rule does not allow for recovery of expedited transcripts or deposition videotaping services. Consequently, the Court should deduct a total of $211,932.38 for expedited transcripts,[6] $11,508.50 for deposition videotaping services provided by JTV Litigation Services,[7] and $92, 320.24 for court reporter invoices where the billing details are partially or completely illegible.[8] Nor can MGA recover $11,061.92 charged in duplicate invoices.[9]

MGA failed to provide original court reporter invoices for $278063.36 in deposition costs. Instead, it submitted Orrick, Skadden, or O'Melveny invoices with

---

[6] Dkt. 10621, Ex. 17 Invoice Nos. CA10547, CA10548, CA10550, CA10551, CA13113, CA14743, CA14745, CA14753, CA15064, CA15156, CA15158, CA15518, CA15521, CA15526, CA15528, CA15741, CA15743, CA15820, CA15861, CA15863, CA15865, CA16107, CA16184, CA16202, CA16367, CA16385, CA16387, CA16463, CA16465, CA16630, CA17464, CA17756, CA19942, LA11431, LA11585, LA11586, LA11929, LA11933, LA12123, LA12125, LA12136, LA13115, LA5519, LA5521, LA6755, LA6864, SF50032, SF51508, SF54084, SF56830, SF59332, SF59344, SF59639, SF59947, SF62681, SF63718, SF70001, SF70082, SF70387, SF70479, SF71025, SF71405, SF74582, SF74585, SF74598, SF74655, SF74816, SF74819, SF74821, SF74826, SF74883, SF74970, SF74976, SF75042, SF75189, SF75212, SF75214, SF75217, SF78550, SF78701, SF79230, SF80162, Dkt. 10621, Ex. 18 Invoice Nos. 290938, 292521, 292585, 292739.

[7] Dkt. 10621, Ex. 56 Invoice Nos. 070119TRC1, 070801PCC1, 070815STC1, 070820STC1, 070830STC1, 070924PCC1, 070925PCC1, 070927SKC1, 070928PCC1, 071004PAC1, 071005PAC1, 071009STC1, 071010PAC1, 091209STC1, 100118STC1, 100119STC1, 100120STC1.

[8] Dkt. 10621, Ex. 17 Invoice Nos. SF49951, SF50506, SF50523, SF50524, SF50528, SF50546, SF50549, SF52465, SF52909, SF53103, SF53131, SF53206, SF53278, SF53294, SF53437, SF53642, SF53660, SF53662, SF54335, SF54623, SF54628, SF54984, SF55037, SF55042, SF55105, SF55123, SF55219, SF56029, SF56038, SF56286, SF57264, SF57931, SF57934, SF58301, SF58308, SF59019, SF59047, SF59332, SF59344, SF59947, SF71025, SF71399, SF71405, SF81429, SF82423.

[9] MGA lists Dkt. 10621, Ex. 18 Invoice Nos. 291624 ($1,273.35), No. 291652 ($1,623.59), No. 291660 ($1,803.25), No. 291677 ($1,787.60) twice within Local Rule 54-4.6; MGA lists Dkt. 10621, Ex. 1 Invoices No. 1274999 and No. 1291339 under both Local Rule 54-4.6 and Local Rule 54-4.7, thus claiming duplicate amounts in witness fees, $495.00 under invoice No. 1274999, and $4,079.13 under Invoice No. 1291339.

line items for "Deposition/Transcript" expenses and all information about the deponent and itemized costs fully redacted in most cases, which is contrary to law. MGA cannot recover the following unsubstantiated deposition costs:

| Invoice | Dkt. | Ex. | Page | Bill | Date | Description | Amount |
|---|---|---|---|---|---|---|---|
| 1210280 | 10621 | 1 | 619 | Orrick | 9/10/09 | Deponent and Itemized Charges Redacted | 1215.40 |
| 1212050 | 10621 | 1 | 738 | Orrick | 10/6/09 | Deponent and Itemized Charges Redacted | 3250.66 |
| 1216985 | 10621 | 1 | 879 | Orrick | 11/9/09 | Deponent and Itemized Charges Redacted | 2950.86 |
| 1227424 | 10621 | 1 | 1236 | Orrick | 1/7/10 | Deponent and Itemized Charges Redacted | 6251.95 |
| 1232408 | 10621 | 1 | 1412 | Orrick | 2/9/10 | Deponent and Itemized Charges Redacted | 8104.95 |
| 1233612 | 10621 | 1 | 1655 | Orrick | 3/9/10 | Deponent and Itemized Charges Redacted | 2529.54 |
| 1243908 | 10621 | 1 | 1923 | Orrick | 4/9/10 | Deponent and Itemized Charges Redacted | 6460.99 |
| 1247496 | 10621 | 1 | 2131 | Orrick | 5/10/10 | Deponent and Itemized Charges Redacted | 10757.54 |
| 1262100 | 10621 | 1 | 2635 | Orrick | 8/10/10 | Deponent and Itemized Charges Redacted | 9992.01 |
| 1267998 | 10621 | 1 | 2873 | Orrick | 9/13/10 | Deponent and Itemized Charges Redacted | 2050.00 |
| 1274999 | 10621 | 1 | 3128 | Orrick | 10/18/10 | Deponent and Itemized Charges | 1976.66 |

MATTEL'S OBJECTIONS TO MGA'S BILL OF COSTS

| Invoice | Dkt. | Ex. | Page | Bill | Date | Description | Amount |
|---|---|---|---|---|---|---|---|
| | | | | | | Redacted | |
| 1276772 | 10621 | 1 | 3359 | Orrick | 11/10/10 | Deponent and Itemized Charges Redacted | 1621.73 |
| 1281392 | 10621 | 1 | 3530 | Orrick | 12/10/10 | Deponent and Itemized Charges Redacted | 6634.94 |
| 1286722 | 10621 | 1 | 3732 | Orrick | 1/14/11 | Deponent and Itemized Charges Redacted | 6121.77 |
| 1291339 | 10621 | 1 | 4001 | Orrick | 2/11/11 | Deponent and Itemized Charges Redacted | 39208.87 |
| 620673 | 10621 | 2 | 4730 | OMM | 7/25/05 | Charges Not Itemized. | 250.00 |
| 677508 | 10621 | 2 | 4967-4972 | OMM | 1/10/07 | Deposition Transcripts (Accounts Payable) – Vendor: Esquire Deposition SVCS (LA) J Jenal - Orig & 1 copy of 9/21 Depos of A Artavia & J Marine, Interactive & Rough Disk, B/W Exhbts, Livenote, Disb., 10/6 | 2727.30 |
| 679410 | 10621 | 2 | 5026, 5029 | OMM | 1/31/07 | Deposition Transcripts (Accounts Payable) - Vendor: Esquire Deposition SVCS (LA) Orig. & 1 Coy of 11/8 Depo of J. Marine Vol. 2, Exhibits, Interactive & Rough Disk. | 889.20 |

00505.07975/4316465.3

-13-

MATTEL'S OBJECTIONS TO MGA'S BILL OF COSTS

| Invoice | Dkt. | Ex. | Page | Bill | Date | Description | Amount |
|---------|------|-----|------|------|------|-------------|--------|
| | | | | | | Livenote Token, Disb, 11/16 | |
| 706054 | 10621 | 2 | 5779, 5804 | OMM | 10/17/07 | Deposition Transcripts for B. Armstrong, Vols VI and VII | 2098.20 |
| 1213710 | 10621 | 3 | 7547 | SKAD | 7/3/08 | Charges Not Itemized. | 55432.42 |
| 1224969 | 10621 | 3 | 7944 | SKAD | 9/9/08 | Charges Not Itemized. | 22508.94 |
| 1191384 | 10683 | 6 | 555 | SKAD | 1/10/08 | Charges Not Itemized. | 4596.44 |
| 1197247 | 10683 | 6 | 613 | SKAD | 2/25/08 | Charges Not Itemized. | 14770.40 |
| 1198375 | 10683 | 6 | 951 | SKAD | 3/18/08 | Charges Not Itemized. | 12334.04 |
| 1206689 | 10683 | 6 | 1218 | SKAD | 5/2/08 | Charges Not Itemized. | 26091.70 |
| 1305751 | 10683 | 2 | 107 | Orrick | 5/12/11 | Deponent and Itemized Charges Redacted | 27236.85 |
| | | | | | | **TOTAL** | 278063.36 |

With appropriate reductions, MGA's request must be reduced, at a minimum, to $197,955.62 in deposition costs.[10]

10.    MGA seeks $8,370.54 in costs under Local Rule 54-4.7.  This rule allows for recovery of "[s]tatutory witness fees paid to witnesses, including:  (a) Per diem, mileage, subsistence and attendance fees as provided in 28 U.S.C. § 1821 paid to witnesses subpoenaed and/or actually attending the proceeding; (b) Witness fees for a party if required to attend by an opposing party; and (c) Witness fees for officers and employees of a corporation or other entity if they are not parties in their individual capacities."  The Court should deny this request for costs in its entirety

_____

[10]    $802,842.02 - $211,932.38- $11,508.50 - $92,320.24- $11,061.92 - $278,063.36 = $197,955.62.

MATTEL'S OBJECTIONS TO MGA'S BILL OF COSTS

1   because MGA failed to itemize its witness fees on page two of CV-59 as instructed

2   and redacted the name of the witnesses on the law firm invoices containing the

3   charge.  The need for itemization is particularly acute here because MGA seeks

4   $8,370.54 in costs but only identifies invoices totaling $5,424.54.[11]

5       11.     MGA does not seek costs under Local Rules 54-4.8 or 54-4.9.

6       12.     MGA seeks $4,177,686.27 in costs under Local Rule 54-4.10.  This

7   rule allows for recovery of "[t]he reasonable fees and expenses of masters,

8   commissioners, and receivers."

9       The Court should deduct $347, 991.32 in costs invoiced by ILS because it is

10  not a fee charged by or an expense incurred by a master.[12] The same is true of the

11  $1,052,600.79 in costs ordered by the Court to be paid various professionals in

12  connection with the receivership.  Only $128,746.52 of that amount represents fees

13  and expenses of the receiver rather than expenses of third-parties, representing a

14  deduction of $923,854.27 (Dkt. 10621, Ex. 13 at 9633-9648).  Nor is MGA entitled

15  to $5,000 in retainer fees paid to Discovery Master Infante (Dkt. 10621, Ex. 14 at

16  9660-9671), or $10,442.89 in costs invoiced by Discovery Master Infante that were

17  cancelled and later reinvoiced.[13]   MGA is also not entitled to $366,796.04 in

18  animation and graphics costs incurred by The Focal Point, LLC because those costs

19  do not fall within the plain language of Rule 54-4.10.[14]   MGA is likewise not

20

21  _____

22  [11] Dkt. 10621 Ex. 1 Invoice Nos. 1274999 ($495.00), 1286722 ($850.41), and
    1291339 ($4,079.13).  MGA also cites Dkt. 10621 Ex. 3 Invoice No. 1213710, but
23  no witness fees and listed in that bill.
    [12] Dkt. 10621, Ex. 15 Invoice Nos. 2536, 2550, 2555, 2559, 2560, 2564, 2567,
24  2573, 2574, 2575, 2581, 2586, 2590, 2595, Dkt. 10684, Ex. 46 Invoice No. 2605,
    and Dkt. 10684 Ex. 47 Invoice No. 2610.
25  [13]     Dkt. 10621, Ex. 14 Invoice Nos. 0001234314-100, 0001242526-100,
    0001255789-100, and 0001267129-100 were reinvoiced as Invoice No.
26  0001291506B-100.
    [14] Dkt. 10621, Ex. 55 Invoice Nos. 2008-3005, 2008-3005A, 2008-3054, 2008-
27  3074, 2008-3078, 2008-3098.

28

00505.07975/4316465.3

MATTEL'S OBJECTIONS TO MGA'S BILL OF COSTS

1   entitled to $2,003.57 which is not reflected on acceptable documentation.[15]  In light

2   of the above, MGA's requested costs must be reduced, at a minimum, to

3   $2,521,598.17.

4         13.    MGA seeks $439,932.40 in costs under Local Rule 54-4.11.  This rule

5   allows for recovery of the following:

6       Document preparation costs, including:

7       (a) The cost of copies of an exhibit attached to a document necessarily
    filed and served; other than exhibits, the costs of copies of documents
8   filed and served is generally not taxable;

9       (b) The cost of copies of documents or records admitted into evidence
    when the original is not available or the copy is substituted for the
10  original at the request of an opposing party;

11      (c) Fees for an official certification of proof respecting the non-
    existence of a document or record;
12
        (d) Patent Office charges for the patent file wrappers and prior art
13  patents necessary to the prosecution or defense of a proceeding
    involving a patent;
14
        (e) Notary fees incurred in notarizing a document when the cost of the
15  document is taxable; and

16      (f) Fees for necessary certification or exemplification of any document
    or record.
17
    By its terms, Rule 54-4.11 does not list the cost of creating electronic briefs as a
18
    taxable cost.  28 U.S.C. § 1920(4), the counterpart to Rule 54-4.11, only authorizes
19

20      [15]    Excluding Dkt. 10621 Ex. 1  Invoice Nos. 1286722 and 1300585, MGA's
21  cited invoices add up to $4, 175, 682.07 (i.e. $2,003.57 less than the amount MGA
    lists in its bill of costs).  Invoice Nos. 1286722 and 1300585 are not itemized, and
22  do not reflect the original expenses actually incurred by masters, commissioners, or
    receivers.  Mattel objects to these invoices because there is no way to determine
23  what amount, if any, was actually paid to masters, commissioners, or receivers.
    Invoice No. 1286722 includes $14,314.15 for "Outside Services" and $13,766.78
24  for "Outside Reproduction Services" with no further itemization of what those
    expenses represent.  Likewise, invoice No. 1300585 includes $74,024.39 for
25  "Outside Services" and $20,271.21 for "Outside Reproduction Services" with no
    further itemization of what those expenses represent.  Moreover, these invoices do
26  not conform to the Instructions And Notices Regarding Bill Of Costs on Form CV
    59, and Mattel objects to them on that basis as well.
27

28

1  recovery of "[f]ees for exemplification and the costs of making copies of any

2  materials where the copies are necessarily obtained for use in the case."  Since the

3  $439,932.40 in electronic brief costs do not fall within the plain language of Rule

4  54-4.11 or § 1920(4), the amount is not taxable to Mattel.  See Hynix

5  Semiconductor Inc. v. Rambus Inc., 697 F. Supp. 2d 1139, 1142 (N.D. Cal. 2010)

6  ("The court's discretion in awarding costs under Rule 54(d) is limited to awarding

7  costs that are within the scope of 28 U.S.C. § 1920."); see also Romero v. Pomona,

8  883 F.2d 1418, 1428 (9th Cir. 1989) (narrowly construing the scope of § 1920(4): "a

9  district court may not rely on its 'equity power' to tax costs beyond those expressly

10  authorized by section 1920") (overruled on other grounds by Townsend v. Holman

11  Consulting Corp., 914 F.2d 1136, 1141 (9th Cir. 1990)).

12         14.    MGA does not seek costs under Local Rule 54-4.12.

13         15.    MGA seeks $577,647.64 in costs under Local Rule 54-4.13.  This rule

14  states that "[u]pon order of the Court, the following items may be taxed as costs":

15      (a) Summaries, computations, polls, surveys, statistical comparisons,
    maps, charts, diagrams, and other visual aids reasonably necessary to
16      assist the jury or the Court in understanding the issues at the trial;

17      (b) Photographs, if admitted in evidence or attached to documents
    necessarily filed and served upon the opposing party; and
18

    (c) The cost of models.
19

20         The Court should deny MGA's request for half a million dollars in trial

graphics, exhibits, and visual aids prepare by Executive Presentations.  See Little
21

Oil Co., Inc. v. Atlantic Richfield Co., 852 F.2d 441, 448 (9th Cir. 1988) (affirming
22

denial of costs under Local Rule 54-4.13: "When the costs incurred for such items
23

are significant or unusual, a court may properly conclude, in its sound discretion,
24

that in the interests of equity and fairness the party controlling expenditures should
25

seek the court's approval prior to incurring the expenses.").  "[T]his type of glitz is
26

not taxable as a cost"; MGA has failed to show that these visual aids were not
27

redundant of other evidence and were necessary to assist the jury in understanding
28

1   the issues.  <u>In re Turn-Key-Tech Matters</u>, 2002 WL 32521814, at *2 (C.D. Cal. Oct.

2   15, 2002) (quoting <u>BASF Corp. v. The Old World Trading Co., Inc.</u>, 1992 WL

3   229473 (N.D. Ill. Sept. 11, 1982)).

4         16.    If the Court overrules Mattel's objections #1-4 and awards costs under

5   Local Rule 54-4, MGA's requested award of $6,223,888.08 must be reduced, at a

6   minimum, to $2,719,553.80, for the reasons explained above.

7

8   DATED:  August 26, 2011          QUINN EMANUEL URQUHART &
                                     SULLIVAN. LLP
9

10

11                                   By _____
                                        Susan R. Estrich
12                                      Attorney for Mattel. Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28