ANNETTE L. HURST (State Bar No. 148738)
ahurst@orrick.com
WARRINGTON S. PARKER III (State Bar No. 148003)
wparker@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: 415-773-5700
Facsimile: 415-773-5759

WILLIAM A. MOLINSKI (State Bar No. 145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

THOMAS S. MCCONVILLE (State Bar No. 155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Tel: (949) 567-6700/Fax: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**MGA'S REPLY TO MATTEL, INC.'S OBJECTIONS TO MGA ENTERTAINMENT'S BILL OF COSTS PURSUANT TO LOCAL RULE 54**<br><br>Judge: Hon. David O. Carter |

MGA responds to Mattel's objections as follows:

1. MGA timely filed its requests for costs in compliance with the Court's Order of April 21, 2011. MGA filed its requests for costs on May 5, 2011, as required by the Court's order. *See* Dkt. No. 10521 (Order); Dkt. No. 10618; Dkt. No. 10619. As noted by MGA when it filed its Bill of Costs giving rise to Mattel's objections, the costs submitted included the costs presently sought. *See* Dkt. No. 10718.

MGA has now submitted its Bill of Costs identifying separately those costs it would otherwise be entitled to under Rule 54. MGA's submission was timely, having been filed within 15 days of the entry of final judgment. *See* Fed. R. Civ. P. 54(d)(2)(b); Local Rule 54-3.

2. MGA agrees that no action should be taken at this time regarding its Bill of Costs. Mattel's objection that MGA's Application seeks "hypothetical" costs is without merit. *See* Obj. at 2-3. The costs MGA incurred defending itself from Mattel's claims and in prosecuting its own are not "hypothetical." *See* Dkt. Nos. 10618, 10619.

MGA submitted its Bill of Costs solely as a reservation of rights if the statutory award of costs were overturned. In that case, MGA would nevertheless be the "prevailing party" and as such would be entitled to the limited costs taxable under Rule 54. Rule 54 costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 268 (1988) ("Under Rule 54(d), the 'prevailing party' automatically is entitled to costs "unless the court otherwise directs."); *Goldberg v. Pacific Indem. Co.*, 627 F.3d 752, 755 fn. 4 (9th Cir. 2010) ("This court has held that the rule [Rule 54(d)(1)] creates a presumption in favor of awarding fees, and that the district court has limited discretion to deny fees under the rule."). Notably, Mattel does not attack MGA's entitlement to Rule 54 costs on the merits. It cannot. The Ninth Circuit has sanctioned the refusal of costs only in limited circumstances, none of which are present here. *See Assoc. of*

1  *Mexican-Am. Educators v. California*, 231 F.3d 572, 591-92 (9th Cir. 2002) (en
2  banc) (reviewing acceptable reasons for reducing an award of costs: the losing
3  party's limited financial resources, misconduct on the part of the prevailing party,
4  and "the chilling effect of imposing such high costs on future civil rights litigants").

5      3.    Mattel's jurisdictional objection is irrelevant given that MGA has
6  requested that no action be taken at this time on its Bill of Costs and, presumably,
7  no action would be taken during the pendency of Mattel's appeal to the Ninth
8  Circuit. In any case, as a general matter, a Court may award costs even once a
9  notice of appeal has been filed. *See, e.g., Buchanan v. Stanships, Inc.*, 485 U.S. at
10  268 (Rule 54 fee motion is "wholly collateral" to and "does not alter or amend" the
11  judgment).

12      4.    As noted above, a prevailing party should be awarded costs pursuant to
13  Rule 54(d) and the district court's discretion to deny them is limited. *Buchanan*,
14  485 U.S. at 268; *Goldberg*, 627 F.3d at 755 n. 4. Mattel's plea that Rule 54 costs
15  are not warranted because its willful and malicious misappropriation of MGA's
16  trade secrets presented a "'close and difficult' legal issue" is entirely without
17  support in law. Rule 54 does not have a "close and difficult" exception.

18      In any case, the jury concluded that Mattel's acts were willful and malicious,
19  a far cry from a "close and difficult" legal issue. *See* Dkt. No. 10702 (Order
20  Granting Exemplary Damages). Moreover, Mattel admitted repeatedly that its
21  actions were wrongful. *See also generally* Dkt. No. 10701 (Order on JMOL).

22      5.    MGA has supplied to the Court those invoices supporting its
23  requested costs. The Court has already determined that the materials filed with
24  Court supplied an adequate and proper basis for the award of costs. There is no
25  requirement that a bill of costs include original invoices from each vendor that has
26  been paid recoverable costs, and Mattel can point to none. In fact, invoices are not
27  required *at all* – it is sufficient that "the party claiming any item of cost or
28  disbursement shall attach thereto an affidavit, made by himself or by his duly

1  authorized attorney or agent having knowledge of the facts, that such item is correct
2  and has been necessarily incurred in the case and that the services for which fees
3  have been charged were actually and necessarily performed." 28 U.S.C. § 1924
4  (Verification of bill of costs). There can be no dispute that MGA has done so here.

5     6. MGA has previously lodged unredacted copies of its invoices with the
6  Court. *See* Dkt. No. 10703 at 7-8. Moreover, the Court has determined that the
7  invoice information submitted by MGA is a sufficient basis to support the award of
8  fees and costs. Dkt. Nos. 10702, 10703. The Court has also has addressed Mattel's
9  argument regarding the redaction of law firm invoices. Dkt. No. 10703 at 7-10.

10    7. No reply is required.

11    8. First, the transcripts at issue were prepared by agreement of the parties.
12  Second, Mattel claims that MGA is seeking a double recovery for depositions
13  transcripts because it identified deposition costs as recoverable pursuant to Local
14  Rule 54-4.5. MGA is not seeking double recovery. To the extent that MGA has
15  identified depositions as recoverable under Rule 54-4.5, it did not seek those same
16  costs pursuant to Local Rule 54-4.6. If there is any error, it is merely the result of
17  misidentifying the basis for the recovery, and not an attempt at double recovery.
18  Third, regarding the invoices of Orrick, Skadden and O'Melveny, the Court
19  has already determined that the information submitted is sufficient.

20    9. Mattel claims that Local Rule 54-4.6 "does not allow for recovery of
21  expedited transcripts or deposition videotaping services." Mattel is mistaken. Rule
22  54-4.6 permits recovery of "costs incurred in connection with taking oral
23  depositions, *including*" the types listed in subsections a-e, but it does not limit
24  recovery to such costs. The rule does not speak at all to the costs of expedited
25  transcripts, and it explicitly states that the cost of videotaped or recorded
26  depositions may be recovered if such recovery is "ordered by the Court." The
27  Court has broad discretion to award costs to the prevailing party, including costs not
28  explicitly enumerated under the applicable rules. *Mason v. Belieu*, 543 F.2d 215,

1  222 (D.C. Cir. 1976) ("Rule 54 of the Federal Rules of Civil Procedure endows the
2  trial judge with considerable discretion in deciding whether to tax costs and which
3  costs to allow"); *Harrington v. Texaco, Inc.*, 339 F.2d 814, 822 (5th Cir. 1964)
4  (affirming award of costs for court ordered oil well survey despite no local rule
5  explicitly authorizing such costs, and noting that "the power of the trial Judge to tax
6  as costs the necessary and reasonable expenses incurred in discovery procedures
7  can hardly be doubted."); *Garden City Boxing Club, Inc. v. Santacruz*, 2005 U.S.
8  Dist. LEXIS 25112, *16 (E.D.N.Y. Sept. 20, 2005) (noting absence of statute or
9  rule awarding costs for investigator but awarding such costs "in its discretion").
10 Courts have consistently awarded prevailing parties "the costs of both the
11 videotaping and the stenographic transcription" of depositions, particularly where,
12 as here, the non-prevailing party did not object to notices of depositions stating that
13 the depositions would be videotaped. *Weseloh-Hurtig v. Hepker*, 152 F.R.D. 198,
14 201 (D. Kan., 1993); *see also Deaton v. Dreis & Krump Mfg. Co.*, 134 F.R.D. 219,
15 222 (S.D. Ohio, 1991) (same, and noting that "the better view is to consider the
16 videotape as a deposition-related expense"). Given the complexity of his case, the
17 intensity and speed with which it was litigated, and the extremely challenging
18 timetables imposed by the Court throughout discovery, the use of videotaped
19 depositions and expedited transcripts by both parties was "necessary and
20 reasonable," and the Court will be well within its discretion to award costs for the
21 resulting expenses incurred.
22      Mattel also asserts that costs should be denied for "invoices where the billing
23 details are partially or completely illegible." This assertion is entirely without
24 merit. The pertinent information is fully legible on each invoice Mattel cites.
25      Mattel contends, without citing any authority, that MGA may not recover for
26 deposition costs substantiated by its attorneys' invoices as opposed to original court
27 reporter invoices. Mattel is incorrect. There is no requirement that a bill of costs
28 include original invoices from each vendor that has been paid recoverable costs,

1 and Mattel can point to none. In fact, invoices are not required *at all* – it is sufficient that "the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924 (Verification of bill of costs). There can be no dispute that MGA has done so here.

Finally, as noted, MGA is not seeking duplicative recovery.

10. MGA has identified the invoices where the sought after information can be located. That information has been filed with the Court at the exhibit and invoice number identified by MGA in its Bill of Costs.

11. No reply is required.

12. Mattel claims, without explanation or citation to authority, that the "costs invoiced by ILS" and other "professionals in connection with the receivership" are not "fee[s] charged or an expense incurred by a master" under the rule. Mattel is wrong. Courts consistently treat the fees of professionals appointed by a master or receiver to carry out his work on a case as identical to fees charged by the master or receiver himself. *See e.g. Gasser v. Infanti International, Inc.* 2011 U.S. Dist. LEXIS 60526, *56 (E.D.N.Y., June 2, 2011) (plaintiffs ordered to pay receiver's fees *and his counsel's fees* incurred in connection with case); *F.D.I.C. v. Irwin Union Bank*, 2011 U.S. Dist. LEXIS 26714, *9 (D. Ariz. March 3, 2011) (same); *Bank of America v. Danis Fifth Third Center*, 2010 U.S. Dist. LEXIS 14228 *18 (S.D. Ohio Jan. 27, 2010) (ordering payment of "all fees, costs and expenses incurred by the Receiver *or the Receiver's delegates*") (emphasis added).

Mattel also asserts without basis that MGA is not entitled to "$5,000 in retainer fees paid to Discovery Master Infante," but does not explain why it thinks that a retainer fee is not a "fee" under the rule. Clearly it is.

1  Finally, Mattel is correct that the invoices for costs incurred by The Focal
2  Point, LLC do not fall within the plain language of Rule 54-4.10. Those invoices
3  were mistakenly listed under Rule 54-4.10, but should have been listed under Rule
4  54-4.13. Those costs are plainly recoverable under the correct rule.
5  13. Local Rule 54-4.11 plainly allows for the recovery of costs for
6  preparing documents filed with the Court. As Mattel notes, 28 U.S.C. § 1920(4)
7  allows recovery of "[f]ees for exemplification and the costs of making copies of any
8  materials where the copies are necessarily obtained for use in the case." Obj. at 17.
9  A number of courts have concluded that "electronic scanning and imaging" is
10 tantamount to exemplifying and copying papers. *See, e.g.*, *BDT Products, Inc. v.*
11 *Lexmark Intern, Inc.*, 405 F.3d 415, 419-20 (6th Cir. 2005). Moreover, given the
12 sheer number of pages of briefing, separate statements, declarations, and exhibits
13 involved in the rounds of summary judgment briefing in this case, providing paper
14 copies of the documents would have buried the Court in dozens of boxes of binders
15 which would have been prohibitively difficult to cross-reference. For this reason,
16 the Court ordered that the documents be submitted in electronic format. *See* Dkt.
17 No. 8881. Therefore, the documents were necessarily obtained for use in the case.
18 14. No reply is required.
19 15. The Court has already decided that these costs are recoverable. It
20 made no finding that such costs were not warranted in this case. Moreover, of case
21 of this size and this complexity a finding such as that sought by Mattel is
22 unwarranted.
23 //
24 //
25 //
26 //
27 //
28 //

- 6 -

MGA'S REPLY TO MATTEL'S OBJECTIONS RE MGA'S
LOCAL RULE 54 BILL OF COSTS
CV-04-9049 DOC (RNBX)

1  16. This objection is adequately responded to by the replies set forth
2 above.

3 Dated: August 30, 2011                Respectfully submitted,
4                                       ORRICK, HERRINGTON & SUTCLIFFE LLP
5
6                                       By: */s/ Thomas McConville*
7                                            Thomas McConville
                                         Attorneys for MGA ENTERTAINMENT, INC.,
                                         MGA ENTERTAINMENT HK, LTD., MGA de
8                                        MEXICO, S.R.L. de C.V., and ISAAC LARIAN