QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, et al., <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, et al., <br><br> Defendant. <br><br> AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 DOC (RNBx) <br><br> Consolidated with <br> Case No. CV 04-09059 <br> Case No. CV 05-02727 <br><br> Hon. David O. Carter <br><br> **MATTEL, INC.'S OPPOSITION TO MOTION TO INTERVENE** <br><br> Hearing Date:    September 26, 2011 <br> Time:               8:30 a.m. <br> Place:              Courtroom 9D |

**Preliminary Statement**

The Court should deny the motion to intervene filed by MGA's insurance companies because the Court lacks jurisdiction to grant this untimely motion. The insurance companies' proposed complaint in intervention directly implicates more than just the allocation of the fee and cost award set forth in the Court's August 4 Final Judgment. It directly implicates the propriety of that award as well, and the propriety of that award is part of Mattel's appeal. Because the Court lacks jurisdiction to issue orders affecting the issues on appeal and the proposed complaint in intervention requests that the Court do just that, the motion to intervene should be denied.

**Argument**

## I.   THE COURT LACKS JURISDICTION TO GRANT THE MOTION TO INTERVENE

The judgment in this action includes an award of nearly $140 million in attorneys' fees and costs to MGA. Dkt. 10704. Mattel appealed the judgment on August 11, 2011 (Dkt. 10707), and that appeal encompasses the fees and costs awards, as the insurers recognize. See Mot. at 3 ("Mattel has recently filed a Notice of Appeal disputing, among other things, the award of attorneys' fees and costs.") "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); see also McClatchy Newspapers v. Central Valley Typographical Union No. 46, Int'l Typographical Union, 686 F.2d 731, 734 (9th Cir. 1982) ("The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed."). Accordingly, the Court lacks jurisdiction to take actions that could impact the matters or issues on appeal, which include the question whether fees and costs were properly awarded and the amount

of that award.  See In re Padilla, 222 F.3d 1184, 1190 (9th Cir. 2000) (district court may not take actions that would "alter or expand upon the judgment").

Post-appeal motions to intervene do not present an exception to these principles.  To the contrary, these rules have been applied specifically to prohibit such motions.  See, e.g., Nicol v. Gulf Fleet Supply Vessels, Inc., 743 F.2d 298, 299 (5th Cir. 1984) ("the district court in this case was without jurisdiction to rule on the motion to intervene filed by Hammett, Leake & Hammett once Nicol had filed his notice of appeal") (citing Avoyelles Sportsmen's League, Inc. v. Marsh, 715 F.2d 897, 928 (5th Cir. 1983)); Armstrong v. Board of School Directors of City of Milwaukee, 616 F.2d 305, 327 (7th Cir. 1980) ("the district court clearly did not err in denying intervening class members' motion to intervene for the purpose of seeking an order vacating the settlement since the court was without power to enter such an order [after the filing of a notice of appeal]") (overruled on other grounds by Felzen v. Andreas, 134 F.3d 873 (7th Cir. 1998)); Tokio Marine and Fire Ins. Co. v. M/V FLORA, 2000 WL 134698, at *2 (E.D. La. Feb. 3, 2000) (no jurisdiction to consider motion to intervene because "not only was judgment entered, but appeal had been taken when the Motion for Leave to Intervene was filed").

The insurers claim the Court has jurisdiction because they seek only to challenge the allocation, not the propriety, of the fee award.  See Mot. at 13.  That ostensible distinction is illusory and immaterial.  As the insurers themselves explain, MGA took the position, in arguing the fees issues, that "the insurance companies will not be entitled to funds awarded on a fee motion."  Mot. at 8 (citing 5/26/11 Hearing Tr. at 22:21-22:23).  Mattel argued that showed MGA sought a windfall. See Mot. at 8 (citing 5/26/11 Hearing Tr. at 67:3-67:6) ("[counsel for MGA] chastised me for mentioning insurance and tells me that not a penny of this is going to go to insurance.  Well, that sounds like a windfall to me."); id. (citing 5/25/11

1  Hearing Tr. at 45:15-17) (arguing that fee award flowing to an insurance company
2  "rais[es] issues as to the compensatory purpose").[1]  Thus, in light of the parties'
3  arguments, the *allocation* of funds between MGA and its insurers directly impacts
4  the *propriety* of the fee shifting award itself—the allocation, in Mattel's view, is part
5  of what shows the award was erroneous.

6        The relevance of fee award allocation to the issues on appeal is dispositive.
7  The insurers concede their proposed complaint in intervention seeks to alter the
8  status quo as to the allocation of funds between MGA and its insurers.  Mot. at 13.
9  Permitting such an alteration would alter the bases for the judgment itself.
10  Moreover, the insurers' complaint in intervention could impact the issues on appeal
11  in other ways as well, such as, for instance, by altering the state of the record as to
12  the amount of MGA's fees that were paid by insurance.  Compare Mot. at 4, 6 ($80
13  million in insurance payments to MGA), with Dkt. 10619 at 5 ("MGA has incurred
14  approximately $200 million in legal fees and is out of pocket more than $70 million
15  net of insurance reimbursements in connection with the Mattel action.").  None of
16  this is permissible.

17

18  _____

19  [1]  See also 5/26/11 Hearing Tr. (Vol. 1) at 74:11-14 ("But the very idea, here,
20  that MGA desperately needs these funds, that they are not going to go to insurance,
   that they should go to the lawyers, strikes me, at least, as a windfall."); 6/1/11
21  Hearing Tr. (Vol. 1) at 50:10-16 ("More to the point, we know that O'Melveny is
   out $10 million, and so if we are being asked to pay O'Melveny's fees for six years,
22  I think it's fair to ask, and I'll discuss this a little bit more, to pay those fees?  Did
   anybody pay those fees?  Did insurance pay those fees?  Does anyone ever intend to
23  pay those fees?  Or is Mattel being asked to simply provide a windfall to Mr. Larian
   . . . ."); id. at 61:25-62:10 ("We can delve deeper to figure out what's going on with
24  the insurance.  We know insurance has paid a substantial amount.  We have heard
   directly conflicting testimony from MGA, one saying—Ms. Hurst saying Thursday,
25  'Insurance is not going to get a dime,' and then she says today, 'Insurance is going
26  to come in and try to get some of this award.'  I don't know.").  Mattel cited to this
   Court and intends to raise on appeal, among other authorities, Fox v. Vice, 131 S.
27  Ct. 2205, 2216 (2011), which recognizes that fee shifting statutes were "never
   intended to produce windfalls."  Dkt. 10678 at 11-12.
28

1    The insurers point out that fee awards often are deemed to raise issues
2    collateral to the main judgment.  Mot. at 13.  That simply is not the case here, where
3    the judgment that has been appealed explicitly sets forth the fee award.    The
4    judgment "finally determine[d] the entire action" and did not leave fee and cost
5    issues for post-judgment adjudication.    Compare Long Beach Area Chamber of
6    Commerce v. City of Long Beach, 603 F.3d 684, 691 (9th Cir. 2010) ("[W]here an
7    appeal is taken from a judgment which does not finally determine the entire action,
8    the appeal does not prevent the district court from proceeding with matters not
9    involved in the appeal.").    The judgment containing the fee award having been
10   appealed, the Court lacks jurisdiction to consider the insurers' claims relating to that
11   fee award.

## II.    THE MOTION TO INTERVENE IS UNTIMELY

13   A party seeking to intervene must establish timeliness.  Mot. at 9 (citing
14   Donnelly v. Glickman, 149 F.3d 405, 409 (9th Cir. 1998)).  Courts considering the
15   timeliness factor consider "(1) the stage of the proceeding at which an applicant
16   seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and
17   length of the delay."  California Dep't of Toxic Substances Control v. Commercial
18   Realty Projects, Inc., 309 F.3d 1113, 1119 (9th Cir. 2002).    "A motion for
19   intervention after judgment will usually be denied where a clear opportunity for pre-
20   judgment intervention was not taken."  Associated Builders & Contractors, Inc. v.
21   Herman, 166 F.3d 1248, 1257 (D.C. Cir. 1999).  There was such an opportunity
22   here—if the insurers wanted to intervene in this action, they should have done so at
23   the latest immediately after the jury verdict was rendered so they could participate in
24   the post-trial briefing and hearings regarding the fee applications, not after Mattel's
25   appeal of the Court's judgment awarding fees and costs.

26   The insurers argue the fee hearing was the "first opportunity Intervenors had
27   to meet the elements of intervention as of right" because that was the first time they
28   realized MGA would not protect their interests.  Mot. at 15.  That contention is

00505.07975/4334367.1

-4-

unavailing.   The insurers seek, in their proposed complaint, to have Mattel pay shifted fees and costs directly to the insurers, not to MGA.   See Complaint in Intervention at ¶¶ 52-59.   Clearly, the insurers well knew, before the oral argument, that MGA would not adequately represent their interests in having fees directly paid to the insurers.   Insurers frequently intervene before judgment in actions brought by insureds.   See, e.g., Williams v. Lycoming, 2011 WL 2066742, at *2 (E.D. Cal. May 25, 2011) (granting pre-trial motion to intervene of insurer claiming subrogation rights) (cited in Mot. at 10); Chitkin v. Lincoln Nat'l Ins. Co., 879 F. Supp. 841, 862 (S.D. Cal. 1995) (refusing to "permit Lincoln National to challenge, after the fact, the terms of the settlement") (cited in Mot. at 10-11); Nikon Corp. v. ASM Lithography B.V., 222 F.R.D. 647, 649 (N.D. Cal. 2004) (intervention was timely because it was sought "during the discovery phase of this protracted litigation, a period well before the court has addressed any of the parties' many anticipated dispositive motions") (cited in Mot. at 11-12).   The insurers had an opportunity to intervene before a judgment was issued and appealed.   They did not.   Their post-appeal proposed intervention is untimely.

The insurers cite McDonald v. E.J. Lavino Co., 430 F.2d 1065 (5th Cir. 1970), in support of their argument that "there mere fact that judgment has already been entered is not dispositive of timeliness."   Mot. at 12.   But the final judgment in McDonald was a consent judgment that was not appealed.   430 F.2d at 1067.   No authority of which Mattel is aware holds a post-judgment, post-appeal attempted intervention was timely.   An attempt to intervene after an appeal has been taken to pursue new claims that could impact the issues on appeal is untimely and impermissible as a matter of law.

## **Conclusion**

For the foregoing reasons, Mattel respectfully requests that the Court deny the insurers' motion to intervene.

1    DATED:  September 2, 2011          QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP

2

3

4                                       By _____

5                                          Susan R. Estrich
                                           Attorney for Mattel, Inc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S OPPOSITION TO INSURERS' MOTION TO INTERVENE