RYAN S. FIFE (SBN #235000)
ryan.fife@dbr.com
DRINKER BIDDLE & REATH LLP
1800 Century Park East
Suite 1400
Los Angeles, CA 90067-1517
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Attorneys for Intervenors
National Union Fire Insurance Company of
Pittsburgh, PA, Lexington Insurance Company, and
Chartis Specialty Insurance Company

SUSAN J. FIELD (SBN #086200)
s.field@mpglaw.com
JENNIFER M. KOKES (SBN #210261)
j.kokes@mpglaw.com
MUSICK, PEELER & GARRETT, LLP
One Wilshire Blvd., Suite 2000
Los Angeles, California
Telephone: (213) 629-7600
Facsimile: (213) 624-1376

Attorneys for Intervenor
Crum & Forster Specialty Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. Case No. CV-04-9049-DOC (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, LEXINGTON INSURANCE COMPANY, CHARTIS SPECIALTY INSURANCE COMPANY AND CRUM & FORSTER SPECIALTY INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO INTERVENE**<br><br>Date:　　September 26, 2011<br>Time:　　8:30 a.m.<br>Dept:　　Courtroom 9D |

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I. THIS COURT HAS JURISDICTION OVER THIS MOTION ............................ 3

    A.    An Appeal Does Not Divest the Court Of All Jurisdiction. ................. 3

    B.    The Allocation Of Fees Is Collateral To The Merits. ........................... 4

    C.    The Timing Of Mattel's Appeal Is Not Controlling. ............................ 5

    D.    MGA's And Mattel's Case Law Is Inapposite ...................................... 7

    E.    Intervenors' Motion Is Timely ............................................................... 9

    F.    Intervenors' Have A Significant Interest That Must be Protected. ..... 11

    G.    Intervenors' Rights Will Be Impaired. ................................................ 12

II. PERMISSIVE INTERVENTION IS APPROPRIATE. ..................................... 13

III. CONCLUSION ................................................................................................ 14

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF MOTION TO
INTERVENE — - i -    CASE NO. CV-04-9049-DOC

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Armstrong v. Bd. or School Directors of City of Milwaukee,
  616 F.2d 305 (7th Cir. 1998) ................................................................................... 8

Associated Builders and Contractors, Inc. v. Herman,
  166 F.3d 1248 (D.C. Cir. 1999) ............................................................................... 8

Associated Gen. Contractors of California v. Secretary of Commerce of U.S.
    Department of Commerce,
  77 F.R.D. 31 (C.D. Cal. 1977) ................................................................................. 8

Brooks v. Flagg Bros., Inc.,
  63 F.R.D. 409 (S.D.N.Y. 1974) ............................................................................. 14

Cabrera v. E. Rojas Properties, Inc.,
  122 Cal. Rptr. 3d 390 (Cal. Ct. App. 2011) ............................................................. 5

Donnelly v. Glickman,
  159 F.3d 405 (9th Cir. 1998) .............................................................................. 9, 11

Eisen v. Carlisle & Jacqueline,
  417 U.S. 156 (1974) ............................................................................................. 3, 6

Fantasy Inc. v. Fogerty,
  94 F.3d 553 (9th Cir. 1996) ...................................................................................... 4

Fogerty v. Fantasy, Inc.,
  510 U.S. 517 (1994) ................................................................................................. 4

Goodman v. Heublein, Inc.,
  682 F.2d 44 (2d Cir. 1982) ....................................................................................... 6

Griggs v. Provident Consumer Discount Co.,
  459 U.S. 56 (1982) ................................................................................................... 3

Hodge v. Kirkpatrick Dev., Inc.,
  130 Cal. App. 4th 540 (2005) ................................................................................ 13

Intri-Plex Technologies, Inc. v. Crest Grp., Inc.,
  499 F.3d 1048 (9th Cir. 2007) ................................................................................ 13

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF MOTION TO
INTERVENE                                   - ii -                          CASE NO. CV-04-9049-DOC

Lieb v. Topstone Industries, Inc.,
   788 F.2d 151 (3d Cir. 1986) .............................................................................. 4

Masalosalo by Masalosalo v. Stonewall Ins. Co.,
   718 F.2d 955 (9th Cir. 1983) ......................................................................... 3, 9

Mason v. Marine Ins. Co.,
   110 F. 452 (6th Cir. 1901) ................................................................................ 8

McDonald v. E.J. Lavino,
   430 F. 2d 1065 (5th Cir. 1970) ..................................................................... 7, 8

Meadow Gold Prods. Co. v. Wright,
   278 F.2d 867 (D.C. Cir. 1960) .......................................................................... 6

Nicol v. Gulf Fleet Supply Vessels, Inc.,
   743 F.2d 298 (1984) ..................................................................................... 2, 7

Progressive West Ins. Co. v. Superior Court,
   37 Cal. Rptr. 3d 434 (Cal. Ct. App. 2005) ...................................................... 12

Ross v. Marshall,
   426 F.3d 745 (5th Cir. 2005) .......................................................................... 10

Thomas v. Capital Security Servs., Inc.,
   812 F.2d 984 (5th Cir. 1987) ............................................................................ 7

Tokio Marine and Fire Ins. Co. v. M/V FLORA,
   2000 WL 134698 (E.D. La. Feb. 3 2000) ......................................................... 8

U.S. v. Real Property Located at 475 Martin Lane, Beverly Hills, Cal.,
   727 F.Supp.2d 876 (C.D. Cal. 2010) ...................................................... 1, 3, 4, 9

United States ex rel. Shutt v. Community Home and Health Care Servs., Inc.,
   550 F.3d 764 (9th Cir. 2008) ..................................................................... 1, 3, 9

**STATUTES, RULES & REGULATIONS**

28 U.S.C. § 1291 ....................................................................................................... 3

Civil Rule 7-3 ............................................................................................................ 6

Federal Rules of Civil Procedure, Rule 1 ................................................................. 6

Federal Rules of Civil Procedure, Rule 24(b) ........................................................ 14

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF MOTION TO
INTERVENE                                - iii -                          CASE NO. CV-04-9049-DOC

# MEMORANDUM OF POINTS AND AUTHORITIES

The Oppositions of Mattel, Inc. ("Mattel") and MGA Entertainment, Inc. ("MGA") to the Motion to Intervene all but concede Intervenors', National Union Fire Insurance Company of Pittsburgh, PA, Lexington Insurance Company, Chartis Specialty Insurance Company (collectively, the "Member Companies") and Crum & Forster Insurance Company ("Crum & Forster") (collectively with the Member Companies, the "Intervenors"), common law and contractual rights of subrogation. It is undisputed that Intervenors paid substantial legal fees and costs on behalf of MGA that are the subject of this Court's recent orders and the basis for the Bill of Costs recently filed by MGA. Yet, in opposing Intervenors' Motion to Intervene, both parties prove what Intervenors contend: that absent intervention and judicial enforcement of that subrogation right, Intervenors' rights will be impaired.

Both MGA and Mattel incorrectly suggest that this Court has no jurisdiction to entertain this Motion because Mattel filed its Notice of Appeal quickly. The right to intervene in order to protect Intervenors' rights in the fee and cost awards cannot be defeated simply because Mattel arrived at the courthouse first. The Ninth Circuit and this District have held that disputes over the "ownership of fees awarded" and the allocation of a fund created by a fee award are collateral to the disposition of the merits of a case on appeal, and can be considered by a district court even pending that appeal. See United States ex rel. Shutt v. Community Home and Health Care Servs., Inc., 550 F.3d 764, 766 (9th Cir. 2008); U.S. v. Real Property Located at 475 Martin Lane, Beverly Hills, Cal., 727 F.Supp.2d 876, 882 (C.D. Cal. 2010). Because this Court retains jurisdiction over the allocation of the recent award of fees and costs, it may properly consider and grant Intervenors' Motion.

Intervenors seek subrogation not only as to the recently awarded fund of fees and costs, but also to an award that has yet to be made – the Bill of Costs amounts. Mattel's argument that Intervenors should have intervened before the Court's award

is meritless. Intervenors do not argue that MGA failed to take action to create the fund at issue (as the intervening party argued in <u>Nicol v. Gulf Fleet Supply Vessels, Inc.</u>, 743 F.2d 298 (1984), cited by Mattel and MGA). What Intervenors seek – and which was not ripe until this Court issued its orders – is to recover the amounts Intervenors paid in connection with the representation of MGA that are encompassed by the Court's orders.

Further, although MGA argues that Intervenors have not established that MGA "denies" Intervenors' right to recovery, its conduct proves to the contrary. Both the meet and confer and MGA's Opposition demonstrate a continued refusal to acknowledge the Intervenors' right of subrogation or reimbursement. That MGA claims it has defenses to Intervenors' claims is not a ground for denying intervention; it only confirms MGA's denial of Intervenors' rights and, thus, the ripeness of the issue. Moreover, MGA's argument that permissive intervention should be denied because the fund at issue does not share common issues with the dispute between MGA and Mattel makes little sense. The fees and costs at issue here are the exact same fees and costs which this Court has ordered that Mattel pay to MGA – amounts that were largely funded by Intervenors.

Mattel's separate arguments are no more valid. Mattel suggests that MGA's position as to the allocation of fees and Intervenors' rights to recovery are important enough to merit a place in the appeal, yet it seeks to deny Intervenors their right to recover. In other words, Mattel appears to believe that it can use the collateral fact that Intervenors paid millions of dollars in defense fees and costs on behalf of MGA to argue on appeal that this Court's award to MGA is an improper "windfall," while ignoring the clear applicability of the collateral source doctrine and simultaneously asking this Court to deny Intervenors' right to recovery of the amounts paid. Mattel cannot avoid its obligations simply because the Intervenors funded MGA's representation, and it cannot gain a tactical advantage by precluding Intervenors from asserting their rights. Such a result would be highly inequitable and further

demonstrates why intervention is necessary and appropriate.

In short, as set forth in the Motion and further below, Intervenors have timely sought to intervene on a recently-decided issue in which they have a substantial interest – the allocation of fees and costs that Intervenors have paid in the course of MGA's representation – and which no party appears to recognize or protect as an enforceable right. Intervention is therefore timely and appropriate, both as of right and with this Court's permission. Nothing argued by MGA or Mattel poses an obstacle to intervention.

## I.

## THIS COURT HAS JURISDICTION OVER THIS MOTION

### A.  An Appeal Does Not Divest the Court Of All Jurisdiction.

There can be no disagreement over the principle that "a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over <u>those aspects of the case involved in the appeal</u>." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (emphasis added). Appellate jurisdiction, however, extends only to those issues implicated by final judgment under 28 U.S.C. § 1291. Where an issue is collateral to or ancillary to the appeal, the district court retains jurisdiction. Shutt, 550 F.3d at 766; 475 Martin Lane, 727 F.Supp.2d at 882. Here, the issue of allocation of an award of attorneys' fees and costs is collateral to the adjudication of whether those amounts may be awarded, and is distinct from the issues on appeal.

Intervenors recognize that "no verbal formula yet devised can explain prior finality decisions with unerring accuracy or provide an utterly reliable guide for the future." Eisen v. Carlisle & Jacqueline, 417 U.S. 156, 170 (1974). The Ninth Circuit, however, has provided litigants with some clarity on the current issue, noting that a determination of one party's share in a judgment is collateral to an appeal of the merits if criteria determining the share "generally are not relevant to the defendant's liability . . . ." Shutt, 550 F.3d at 766; see also Masalosalo by

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF MOTION TO
INTERVENE            - 3 -            CASE NO. CV-04-9049-DOC

1  Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 956-57 (9th Cir. 1983) (noting that
2  district courts retain jurisdiction over issues regarding attorney's fees after appeal);
3  475 Martin Lane, 727 F. Supp. 2d 882 ("That the Court's judgments are currently
4  on appeal does not impact the Court's jurisdiction to resolve the pending dispute
5  [over a share in fees]."). The issue here is whether Intervenors are entitled to a
6  share of the Court's fee and cost awards because they paid those amounts. This
7  issue is clearly collateral to the merits underlying the awards, and the fact that
8  Mattel filed its appeal days before the Motion to Intervene does not divest this
9  Court of jurisdiction.

**B.  The Allocation Of Fees Is Collateral To The Merits.**

The allocation of fees and costs awarded by this Court is collateral to the merits of MGA's right to obtain an award of fees and costs. In its order awarding fees under the Copyright Act, the Court relied on the factors found in Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994), and Lieb v. Topstone Industries, Inc., 788 F.2d 151, 156 (3d Cir. 1986), that were argued and briefed in depth by both Mattel and MGA. Citing Fogerty, 510 U.S. at 527, this Court made clear that "[f]ee awards to copyright defendants serve a loftier purpose than mere compensation: rewarding a successful defense 'that enrich[es] the general public through access to creative works.'" (Docket, Doc. No. 10703 at 12.) Indeed, the guiding principle for fees is that the award "further the purpose of the Copyright Act." Fantasy Inc. v. Fogerty, 94 F.3d 553, 559 (9th Cir. 1996); (see also Docket, Doc. No. 10703 at 2). The award of fees to MGA based on the California Uniform Trade Secrets Act ("CUTSA") was predicated upon the underlying verdict, among other things, and Mattel's conduct. (See Docket, Doc. No. 10702 at 9-10.)

In contrast, the allocation of fees amongst the Intervenors and MGA weighs the contractual provisions and equitable factors involved in subrogation and reimbursement. The issues which form the basis of intervention do not involve Mattel's obligation to pay fees and costs incurred as a result of its wrongdoing; the

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF MOTION TO
INTERVENE                          - 4 -                    CASE NO. CV-04-9049-DOC

1  intervention issues only consider whether, once that award is confirmed, a portion
2  of the amounts should be paid by Mattel to Intervenors – not MGA.

3  Although Mattel's position is unclear, it appears to argue that the allocation issues are not collateral because the fee award itself is on appeal. But that misses the point. The question is whether the right sought to be protected by intervention is collateral to the matters on appeal – and here it is. Intervenors are not arguing about the <u>propriety</u> of the award – that is MGA's purview on appeal. Mattel couches the Intervenors' Motion as a "concession" that intervention seeks to alter the status quo. (Mattel Opp. at 3:7-8.) To the extent that it does, it is only vis-à-vis MGA's stated intent to refuse the Intervenors' right to share in the recovery and not as to any substantive issue on appeal.

In essence, Mattel argues that this intervention should be denied so that it can again make the "windfall" argument on appeal that this Court rejected. Mattel seeks to deny Intervenors their right to subrogation in their absence, a result that fairness and equity do not permit.[1] In sum, no argument put forth establishes that the Intervenors present anything more than their protectable interest in fees that have been awarded in this action.

### C. **The Timing Of Mattel's Appeal Is Not Controlling.**

Both Oppositions rely on the fact that, simply because Mattel filed its appeal before Intervenors filed their Motion, Intervenors are out of luck. But, Intervenors could hardly have filed earlier. The Court entered its orders, together with the Judgment, on August 4, 2011. (Docket, Doc. No. 10703.) Under local rules, a party must meet and confer at least ten days before filing a motion. The meet and

---

[1] Mattel's "windfall" concerns are typically dismissed under the collateral source rule and resolved through the same subrogation and reimbursement rights Intervenors assert here. See Cabrera v. E. Rojas Properties, Inc., 122 Cal. Rptr. 3d 390, 394 (Cal. Ct. App. 2011) (noting that "concern over a potential double recovery may be illusory because insurance policies often require subrogation of the benefits").

1 confer took place on August 12, 2011, pursuant to Local Civil Rule 7-3. (Declaration of Mark. D. Sheridan at ¶7). This Motion was filed on August 26, 2011. Mattel's Notice of Appeal was filed on August 11, 2011. The proximity of these events is a difference of days, and the focus is not on Mattel's speed in bringing an appeal, but on the Intervenors' timely reaction to the judgment.

Even if the Intervenors had filed, for example, one day before Mattel's notice of appeal, the issue of subrogation would not have changed – it would not be less collateral, and it would not disappear because an appeal was filed. This reliance on hyper-formalism may be an aspect of Mattel's strategy in its persistent litigation, but it has little to with a determination of this Motion on the merits. Federal Rule of Civil Procedure 1 provides that procedural rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Pro. 1; see also Meadow Gold Prods. Co. v. Wright, 278 F.2d 867, 869 (D.C. Cir. 1960) (noting that rules are to be used prevent gamesmanship and "to get away from the legal sparring and fencing, and from surprise moves of litigants.")

Consistent with Rule 1, the purpose of intervention is to "minimize piecemeal litigation" and increase judicial efficiency. Goodman v. Heublein, Inc., 682 F.2d 44, 47 (2d Cir. 1982) (allowing intervention to resolve issues pertaining to fee award). If denied intervention, the Intervenors will be required to file additional litigation seeking reimbursement, and then seek consolidation. Comparatively, allowing the appeal to proceed and this claim to be resolved in the district court will not inconvenience or increase costs for any party, nor prejudice disposition of rights which must clearly be resolved whether in this case, or another. Eisen, 417 U.S. at 171. This intervention is the appropriate method of dealing with these issues. For these reasons, this Court has jurisdiction over the allocation of attorneys' fees and costs.

28

### D. MGA's And Mattel's Case Law Is Inapposite.

Both MGA and Mattel rely on Nicol v. Gulf Fleet Supply Vessels, Inc., 743 F.2d 298 (1984), as an analogy for their jurisdictional argument. That case is simply different than the situation here, and provides no guidance. The Hammet law firm in Nicols sought to intervene in a tort action to obtain a judgment based on a contingent fee set forth in a statute, and thereby create a fund for its reimbursement. Id. at 298. The Fifth Circuit's opinion in that case simply states that the Hammet firm was not allowed to intervene at that moment, but that the action would be remanded in any event, so the firm could renew its motion to intervene. Id. at 299. The opinion is sparse, and has nothing to say about the allocation of a fund that already exists, which is the issue at hand here.

Indeed, the Fifth Circuit itself has issued more nuanced opinions, more clearly related to the subject at hand. Thomas v. Capital Security Servs., Inc., 812 F.2d 984, 987 (5th Cir. 1987). In Thomas, the Fifth Circuit was clear:

> One well-recognized exception is that even though the judgment on the merits has been properly appealed and is pending in the courts of appeal, the district court retains jurisdiction to entertain and resolve a motion requesting attorney's fees or sanctions. The basis for this exception is that attorney's fees/ sanctions are matters collateral to the merits of the action.

Id. at 987. The case at hand presents the same issues regarding the allocation of fees and costs, and this Court retains jurisdiction to hear them.

MGA ignores and Mattel attempts to distinguish McDonald v. E.J. Lavino, 430 F. 2d 1065 (5th Cir. 1970), claiming that the case is distinguishable because intervention days after an appeal has been taken "is untimely and impermissible as a matter of law." (Mattel Opp. at 5). Contrary to Mattel's assertion, McDonald clearly holds that an insurer can properly intervene to assert its subrogation rights in a fund that has recently been awarded. 430 F.2d at 1072. Indeed, the Fifth Circuit

noted the absolute propriety of intervening to assert subrogation rights in exactly the fashion Intervenors have:

> 'The insurance companies had not been parties to the suit, and it was entirely competent for them, at any time before the final distribution of the fund was made, to intervene for the purpose of presenting their claim to an interest in the fund, and for its establishment by the decree of the court.'

Id. (quoting Mason v. Marine Ins. Co., 110 F. 452, 455 (6th Cir. 1901)). It defies logic to simply assert that the weight of this case law is inapplicable because Mattel fortuitously filed a notice of appeal in the span of several days between the judgment granting the award, and the intervention to share in that award.

MGA and Mattel each cite additional cases, none of which is apposite. For example, MGA relies on Associated Builders and Contractors, Inc. v. Herman, 166 F.3d 1248, 1256 (D.C. Cir. 1999) for its conclusion that an intervention must be brought before an appeal. The Herman court, however, only stated that intervention was denied because the purported intervenors sought to intervene to submit additional argument on points that were already decided, and did not have a reason for intervening post-judgment. Id. at 1257. Also unhelpful is the case Associated Gen. Contractors of California v. Secretary of Commerce of U.S. Department of Commerce, 77 F.R.D. 31 (C.D. Cal. 1977). The district court in that case determined that two parties seeking to intervene on the merits of an action already decided – essentially, reopening judgment – were unable to intervene because the district court no longer had jurisdiction over those aspects of the case in which they sought to intervene. Id. at 35. Similarly, all of Mattel's cases include parties seeking to intervene on the merits in order to attack a decided issue already on appeal. See Tokio Marine and Fire Ins. Co. v. M/V FLORA, 2000 WL 134698, at *2 (E.D. La. Feb. 3 2000) (finding that the proposed intervenors would relitigate prejudgment issues and alter the status quo); Armstrong v. Bd. or School Directors

of City of Milwaukee, 616 F.2d 305, 327 (7th Cir. 1998) (holding that the district could not vacate a judgment that is currently on appeal) (overruled on other grounds).

The flaw in MGA's and Mattel's attempted reliance on these authorities is that they wish to create a hard rule that appeal renders all motions to intervene inappropriate – a rule which simply does not exist. Courts have invested far more care and diligence into their jurisprudence than to allow such inflexible rules to consume judicial resources and deny parties fair adjudication. As noted above, one need look no further than the Ninth Circuit and its lower courts – they have held that an appeal does not divest a District Court of this collateral issue:

> That the Court's judgments on the merits are currently on appeal does not impact the Court's jurisdiction to resolve the pending dispute. A district court generally loses jurisdiction following a notice of appeal to adjudicate those aspects of the case involved in the appeal. . . . With respect to Honig's interest to the Fee Awards, however, resolution of that issue is unrelated to the merits of DAS's and Optional's pending appeal. Moreover, the Ninth Circuit has made it clear that district courts retain jurisdiction to decide issues regarding attorney's fees after an appeal is taken. [citations omitted].

475 Martin Lane, 727 F. Supp. 2d at 882; see also Shutt, 550 F.3d at 766; Masalosalo, 718 F.2d at 956-57.

### E. Intervenors' Motion Is Timely.

In a litigation characterized by aggressive, competent parties, the Intervenors had no cause, desire or need to become parties in this action until first, MGA expressly denied the Intervenors' right to any share in the attorneys' fees award, and second, a fund existed which would entitle the Intervenors to a recovery. The confluence of those events created a protectable interest which satisfied the four mandatory elements of intervention. Donnelly v. Glickman, 159 F.3d 405, 409 (9th

Cir. 1998).

Mattel suggests that intervention was only appropriate in the window immediately following the jury verdict, so that the Intervenors "could participate in the post-trial briefing and hearings regarding fee applications." (Mattel Opp. at 4). But, this position fails to recognize what MGA noted with respect to appeal, and what was true for the initial briefing: "[I]t would make no sense for [the Intervenors] to participate because their interest is entirely aligned with MGA's interests in having the judgment affirmed." (MGA Opp. at 4.) In other words, MGA is absolutely correct that it represents the Intervenors with respect to their shared interest in <u>obtaining</u> the fee award, and intervention was not appropriate at that time. See <u>Ross v. Marshall</u>, 426 F.3d 745, 755 (5th Cir. 2005) (noting that although an insurer was "aware that its interests were at stake long before it sought to intervene, intervention prior to judgment would have been pointless as [the insurer's] interests were being adequately represented by counsel . . ."). MGA and the Intervenors' interests are not aligned, however, with respect to the distribution of that fund. Rather, MGA has unequivocally rejected Intervenors' right to recovery of the fees and costs they paid on behalf of MGA which were awarded by this Court against Mattel.

Although MGA argues that Intervenors have not established that MGA denies their rights to subrogation, (MGA Opp. at 6) MGA simultaneously claims that the Intervenors should have taken action as soon as the Intervenors were given notice that MGA would deny their subrogation and reimbursement rights. (MGA Opp. at 8 n2). Similarly, Mattel argues that "[c]learly, the insurers well knew, before oral argument, that MGA would not adequately represent their interests in having fees directly paid to insurers." (Mattel Opp. at 5.) However, as this Court is aware, MGA first denied the Intervenors' rights in the midst of oral argument while opposing an argument made by Mattel and, more importantly, before the Court made any orders that would result in a fund at all. Adding additional papers to the

post-verdict motions on an issue that was moot in the absence of a fee and cost award would have made little sense, particularly where MGA was vigorously arguing all the issues. Required elements of intervention include a significant protectable interest and inadequate representation. <u>Donnelly</u>, 159 F.3d at 409. A scenario where Intervenors would merely be stating their arguments for subrogation and reimbursement in hypothetical terms as the other parties argued the merits of the Copyright Act and CUTSA fee motions would have been a waste of judicial and party resources. Intervenors were correct to file and, therefore, timely filed their Motion after the attorney's fees and costs were awarded.

### F. **Intervenors' Have A Significant Interest That Must be Protected.**

MGA states that "nothing has changed" with respect to the Intervenors' rights, and that their reimbursement rights are protected. But the evidence is to the contrary.

MGA expressly denied the Intervenors' subrogation and reimbursement rights on the record during oral argument on the post-trial motions. (Hearing Transcript, May 26, 2011, Vol. 1 at 22:21-22:23.) MGA subsequently made no effort to modify or amend this assertion, claimed to have been made "in passing." (MGA Opp. at 6.) Instead, both in the meet and confer on this Motion and in its Opposition, MGA has argued that Intervenors are not entitled to recovery. Indeed, MGA's summary of its equitable defenses is proof that Intervenors have cause to be concerned about their rights. (<u>See</u> MGA Opp. at 6-7.) There is still nothing on this record by MGA acknowledging that Intervenors have a right to subrogation or reimbursement.

MGA also argues that intervention should be denied because subrogation and reimbursement are "used interchangeably" and Intervenors "elected" to seek reimbursement "in lieu of pursuing a subrogation claim directly against Mattel." (MGA Opp. at 5). Not only is there no legal support for a such a claim, there is no factual support. California law does not draw a distinction for purposes of the

analysis of subrogation and reimbursement, but the concepts are nonetheless different. Progressive West Ins. Co. v. Superior Court, 37 Cal. Rptr. 3d 434, 442 (Cal. Ct. App. 2005). Subrogation refers to standing in the shoes of an insured and recovering directly from the wrongdoer; reimbursement refers to recovery from an insured of those amounts paid by the wrongdoer. Id. Here, as made clear in the Motion, Intervenors preserve their right to obtain reimbursement in the event Mattel pays MGA before this Motion is resolved, but Intervenors also assert a claim for subrogation. Mattel has not yet paid any amounts to MGA and, thus, there is no fund from which Intervenors can obtain reimbursement from MGA at this time. Accordingly, Intervenors are entitled to seek recovery directly from Mattel by way of subrogation and have expressly asserted such a right here.

MGA also attempts to foreclose Crum & Forster's right to subrogation and reimbursement based on a settlement agreement. Regardless of whether that argument has any merit (which Crum & Forster disputes), it has no place here. It is merely a proffered defense to the subrogation/reimbursement claim. More critically, Crum & Forster has paid over $25 million since that settlement, which is unaffected by any such argument.

In sum, Intervenors have significant rights which must be protected and MGA's Opposition to this Motion as well as its prior categorical denial of Intervenors' subrogation and reimbursement rights establish that such rights will not be adequately protected by MGA.

**G.     Intervenors' Rights Will Be Impaired.**

The Intervenors' rights will be impaired if the Court denies their Motion to Intervene because, if the award is paid directly to MGA, there is no guarantee that Intervenors will obtain their share of fees without additional litigation and significant cost. MGA appears to dispute this with the comment that the Intervenors are "poised to assert their rights to reimbursement for defense costs from any fees awarded to MGA." (MGA Opp. at 9.) That comment does nothing

to acknowledge that such reimbursement rights exist and, when viewed in conjunction with MGA's stated intent to keep the entirety of the award, suggests only that the Intervenors will have to bring additional litigation to assert those rights, with no guarantees that the funds paid by Mattel to MGA will still be available to reimburse Intervenors. MGA has not offered a bond or other device which would ensure that the Intervenors' rights could be fairly adjudicated and recovery guaranteed. Requiring the Intervenors to bring a later action will insert another barrier to their recovery, impairing their ability to recover the full amount of any interest.

Moreover, subrogation cannot be brought in a coverage action, as Mattel is not a party. The very nature of subrogation is to allow one party to step into the shoes of another, and assume their rights. See Intri-Plex Technologies, Inc. v. Crest Grp., Inc., 499 F.3d 1048, 1053 n6 (9th Cir. 2007) (quoting Hodge v. Kirkpatrick Dev., Inc., 130 Cal. App. 4th 540, 548 (2005)) ("Under the doctrine of subrogation, when an insurer pays money to its insured for a loss caused by a third party, the insurer succeeds to its insured's rights against the third party in the amount the insurer paid. Upon subrogation, the insurer steps into the shoes of its insured.") In this case, the Intervenors have become subrogated to MGA's rights for fees and costs they paid in connection with the representation of MGA. They are entitled to recover those directly from Mattel, and intervention is the appropriate procedure to allow them to protect that right.

## II.

## **PERMISSIVE INTERVENTION IS APPROPRIATE.**

As detailed in the Motion, the Court may also exercise its discretion and permit the Intervenors to participate in this case for the limited purpose of determining the allocation of attorneys' fees and costs. In Opposition, MGA argues that permissive intervention is not appropriate because Intervenors' claims "represent a wholly separate issue from the merits of the underlying action."

(MGA Opp. at 9.) This argument is a red-herring. Federal Rule of Civil Procedure 24(b) only requires a showing of either a common question of law or a common question of fact. See Brooks v. Flagg Bros., Inc., 63 F.R.D. 409, 415 (S.D.N.Y. 1974) (noting that Rule 24(b) is to be read in the disjunctive). The fees and costs that Intervenors paid in connection with the representation of MGA are the same fees and costs that MGA sought to recover from Mattel. Though the <u>legal</u> underpinnings of subrogation and reimbursement are collateral to the legal arguments based on the Copyright Act and the trade secret issues, it is patently clear that the <u>factual</u> underpinnings of each overlap. Those legal fees and costs that the Intervenors paid are the factual subject of the Court's award of attorneys' fees and costs; seeking recovery for those same amounts meets the factual criterion of Rule 24(b).

Moreover, MGA's Opposition asserts that it will be prejudiced by the grant of permissive intervention. It states that the Intervenors may conspire with Mattel to defeat certain of their rights. (MGA Opp. at 10.) Aside from being utterly speculative, these claims of prejudice have been shown to be baseless – Mattel has opposed intervention. For these reasons, the Court should exercise its discretion and grant permissive intervention.

## III.

## CONCLUSION

The Intervenors are less than sanguine about entering the litigation between Mattel and MGA. But, when faced with a scenario where their rights are at stake, they are constrained to take action. The Court has entered an award to which Intervenors are entitled, in whole or in part, and the party ostensibly representing their interests has unequivocally stated that Intervenors are not entitled to recovery. Moreover, Mattel seeks to rely on the absence of Intervenors' rights in its appeal. No party is left to make sure that the allocation of that award is fairly adjudicated.

This is a straightforward and limited claim for intervention; the Intervenors

1  have no desire to begin battling every facet of this litigation. They are simply
2  representing their interest in the recent award of fees and costs in order to have it
3  adjudicated in a fair, effective and efficient manner. Intervenors respectfully
4  request that this Court grant this Motion.

Dated: September 12, 2011         DRINKER BIDDLE & REATH LLP

                                  By: /s/ Ryan S. Fife
                                      Ryan S. Fife

                                  Attorneys for Intervenors
                                  National Union Fire Insurance Company
                                  of Pittsburgh, PA, Lexington Insurance
                                  Company, and Chartis Specialty
                                  Insurance Company

Dated: September 12, 2011         MUSICK, PEELER & GARRETT LLP

                                  By: /s/ Susan J. Field
                                      Susan J. Field

                                  Attorneys for Intervenor
                                  Crum & Forster Specialty Insurance
                                  Company

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY IN SUPPORT OF MOTION TO
INTERVENE                         - 15 -            CASE NO. CV-04-9049-DOC

## CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Century Park East, Suite 1400, Los Angeles, California 90067.

On September 12, 2011, I served the foregoing document, described as NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, LEXINGTON INSURANCE COMPANY, CHARTIS SPECIALTY INSURANCE COMPANY AND CRUM & FORSTER SPECIALTY INSURANCE COMPANY'S REPLY IN SUPPORT OF MOTION TO INTERVENE, on each interested party in this action, as follows:

☒ (BY ELECTRONIC MAIL) I electronically filed this document through the Court's CM/ECF systems and all parties who are registered with the Court's CM/ECF System received a copy by electronic mail.

☒ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2011, at Los Angeles, California.

/s/ Ryan S. Fife