1              UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                   EASTERN DIVISION

4                        - - -

5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                        - - -

7   CARTER BRYANT, ET. AL.,          )
                                     )
8                   PLAINTIFFS,  )
                                     )
9            VS.                     )   NO. ED CV 04-09049
                                     )   (LEAD LOW NUMBER)
10  MATTEL, INC., ET. AL.,           )
                                     )
11                  DEFENDANTS.  )   MOTIONS
    _____)
12  AND CONSOLIDATED ACTIONS,        )
    _____)
13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                RIVERSIDE, CALIFORNIA

17              MONDAY, DECEMBER 3, 2007

18                   10:06 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
             FEDERAL OFFICIAL COURT REPORTER
24              3470 12TH STREET, RM. 134
             RIVERSIDE, CALIFORNIA  92501
25                  951-274-0844
               CSR11457@SBCGLOBAL.NET

```
 1   APPEARANCES:

 2   ON BEHALF OF CARTER BRYANT:

 3                      KEKER & VAN NEST
                        BY:  MATTHEW M. WERDEGAR
 4                      710 SANSOME STREET
                        SAN FRANCISCO, CALIFORNIA  94111-1704
 5                      415-391-5400

 6
     ON BEHALF OF MATTEL:
 7
                        QUINN EMANUEL
 8                      BY:  JON COREY
                        BY:  MICHAEL T. ZELLER
 9                      BY:  B. DYLAN PROCTOR
                        865 S. FIGUEROA STREET,
10                      10TH FLOOR
                        LOS ANGELES, CALIFORNIA  90017
11                      213-624-7707

12
     ON BEHALF OF MGA ENTERTAINMENT (INCOMING):
13
                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
14                      BY:  THOMAS J. NOLAN
                        BY:  CRAIG HOLDEN (IN-HOUSE)
15                      300 SOUTH GRAND AVENUE
                        LOS ANGELES, CALIFORNIA  90071-3144
16                      213-687-5000

17
     ON BEHALF OF GUSTAVO MACHADO:
18
                        OVERLAND BORENSTEIN COTE & KIM
19                      BY:  ALEXANDER H. COTE
                        300 SOUTH GRAND AVENUE
20                      SUITE 2750
                        LOS ANGELES, CALIFORNIA  90071
21                      213-613-4660

22

23

24

25
```

DECEMBER 3. 2007                           BRYANT V MATTEL

1                          I N D E X

2                                                    PAGE

3    MOTION........................................    4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1        RIVERSIDE, CALIFORNIA; MONDAY, DECEMBER 3, 2007; 10:06 A.M.

 2                                -OOO-

 3             THE CLERK:  CALLING CALENDAR ITEM TWO, CASE NUMBER

 4     CV 04-9049-SGL, CARTER BRYANT VERSUS MATTEL, INC.

 5             COUNSEL, PLEASE STATE YOUR APPEARANCES.              10:06

 6             MR. WERDEGAR:  MATTHEW WERDEGAR ON BEHALF OF

 7     CARTER BRYANT.

 8             MR. ROTH:  CARL ROTH ON BEHALF OF THE MGA DEFENDANTS.

 9             MR. NOLAN:  TOM NOLAN ON BEHALF OF THE MGA

10     DEFENDANTS.                                                 10:07

11             MR. ZELLER:  MIKE ZELLER ON BEHALF OF MATTEL; AND

12     WITH ME IS JON COREY AND DYLAN PROCTOR.

13             MR. WEINSTEIN:  RYAN WEINSTEIN ON BEHALF OF THE MGA

14     DEFENDANTS.

15             MR. COTE:  ALEXANDER COTE FOR CARLOS MACHADO.        10:07

16             THE COURT:  WE'RE ON CALENDAR THIS MORNING BASED ON

17     TWO MOTIONS THAT HAVE BEEN BROUGHT BY MATTEL; ONE IS A MOTION

18     TO SERVE AN ADDITIONAL INTERROGATORY, AND THE SECOND IS A

19     MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES BROUGHT BY

20     VARIOUS OF THE DEFENDANTS.                                  10:07

21             LET ME BEGIN BY GIVING YOU MY ROUGH SENSE OF HOW THIS

22     SHOULD PLAY OUT.

23             I GUESS AT THE END OF THE DAY, AFTER GOING THROUGH A

24     REMARKABLE QUANTITY OF PAPER, THE COURT IS NOT CONVINCED THAT

25     IT WOULD BE UNDULY BURDENSOME TO PERMIT MATTEL TO SERVE ITS  10:08
```

1    REQUESTED ADDITIONAL INTERROGATORY DIRECTED TOWARDS THE

2    AFFIRMATIVE DEFENSES.  BUT IT'S PRECISELY THAT PROCESS OF

3    FURTHER DISCOVERY WITH RESPECT TO THE AFFIRMATIVE DEFENSES

4    WHICH SEEMS, TO THE COURT ANYWAY, TO MAKE THE NOTION OF

5    STRIKING THE AFFIRMATIVE DEFENSES AS PREMATURE, BECAUSE IT'S          10:08

6    PRECISELY IN RESPONSE TO THAT INTERROGATORY THAT THE

7    INFORMATION THAT MATTEL CLAIMS IS LACKING MIGHT BECOME APPARENT

8    AND PERHAPS THEN WE COULD ADDRESS THAT.

9         I SUPPOSE THAT'S BOLSTERED BY THE NOTION THAT, AT

10   LEAST FROM MY READING, THESE AFFIRMATIVE DEFENSES LARGELY            10:09

11   RELATE TO THE SECOND PHASE, NOT TO THE FIRST PHASE, NOT THE

12   INITIAL TRIAL THAT WE'RE GOING TO DO; AND THAT FURTHERS MY

13   SENSE THAT THIS JUST MAY BE PREMATURE.  I DON'T WANT TO TAKE

14   THE EASY WAY OUT HERE, BUT I JUST KIND OF THINK THAT THIS MIGHT

15   NOT BE THE TIME FOR US TO BE ADDRESSING THESE AFFIRMATIVE            10:09

16   DEFENSES.

17        WITH THOSE THOUGHTS IN MIND, LET ME HEAR FROM

18   COUNSEL.  AND SINCE MATTEL IS MOVING PARTY, I'LL PERMIT YOU TO

19   PROCEED FIRST.

20        **MR. COREY:**  THANK YOU, YOUR HONOR.  I APPRECIATE          10:09

21   THAT.

22        IT'S INTERESTING THAT YOU POINT OUT THAT YOUR

23   PERCEPTION OF THE UNCLEAN HANDS DEFENSE SPECIFICALLY AS THE

24   ALLEGATIONS RELATE TO PHASE TWO, BECAUSE I CAN REPRESENT TO THE

25   COURT THAT AS RECENTLY AS LAST FRIDAY, ONE OF MY PARTNERS,          10:09

1    SCOTT KIDMAN, WAS INFORMED BY COUNSEL FOR MGA THAT MGA HAS

2    TAKEN THE POSITION THAT THE ENTIRETY OF THE UNCLEAN HANDS

3    DEFENSE WILL BE TRIED IN PHASE ONE AND THAT'S ONE OF THE

4    JUSTIFICATIONS FOR THEM PURSUING SOME OF THE DISCOVERY THAT

5    THEY'RE PURSUING NOW.                                            10:10

6          THE COURT:  WELL, I'LL HAVE TO HEAR HOW THAT'S GOING

7    TO WORK.  I'LL BE CURIOUS TO HEAR HOW THE ENTIRETY OF THAT

8    DEFENSE COMES INTO PHASE ONE.  I GUESS I DON'T UNDERSTAND THAT,

9    BUT I'M SURE IT WILL BE EXPLAINED TO ME.

10         MR. COREY:  I DON'T UNDERSTAND IT EITHER, GIVEN THAT      10:10

11   IT SEEMS TO ME TO BE IN DIRECT CONTRAVENTION TO THE COURT'S

12   PHASING ORDER, BECAUSE PART OF THE UNCLEAN HANDS DEFENSE, AT

13   LEAST AS IT'S CURRENTLY BEEN PLED, INCLUDES THE UNFAIR

14   COMPETITION CLAIMS THAT MGA IS ASSERTING.

15         THAT BEING SAID, I DON'T THINK THAT IT'S PREMATURE        10:10

16   FOR THE COURT TO LOOK AT THE DEFENSE AS ALLEGED AND --

17   ACTUALLY, TO TAKE A HARD LOOK AT THE DEFENSE AND --

18         THE COURT:  I'VE TAKEN A HARD LOOK AT THE DEFENSE.

19   MY QUESTION IS, YOU'RE ASKING FOR MORE DISCOVERY ON THE

20   DEFENSES; CORRECT?                                              10:10

21         MR. COREY:  WE'RE ASKING FOR MORE DISCOVERY ON ALL OF

22   THE DEFENSES.  BUT I THINK WITH RESPECT TO THE UNCLEAN HANDS

23   DEFENSE AND TO THE WAIVER, ESTOPPEL, AND ACQUIESCENCE DEFENSES

24   IN PARTICULAR, I THINK THE COURT CAN LOOK AT THOSE AS THEY'VE

25   BEEN ALLEGED AND FIND THAT THEY'RE DEFECTIVE.  FRANKLY, THEY    10:11

1    HAVE NOT BEEN ADEQUATELY ALLEGED.

2         AND I THINK, SPECIFICALLY WITH RESPECT TO THE UNCLEAN

3    HANDS DEFENSE, THE COURT CAN MAKE A RULING, AND I WOULD

4    ENCOURAGE THE COURT TO MAKE A RULING THAT JUST BECAUSE SIMILAR

5    CONDUCT CAN BE ALLEGED DOESN'T STATE AN UNCLEAN HANDS DEFENSE.    10:11

6         WE'VE PUT SOME OF THIS AUTHORITY IN FRONT OF THE

7    COURT, AND I THINK THE MAGNA SYSTEM'S COURT SAID IT BEST; THEY

8    SAID JUST BECAUSE YOU'RE GOING TO ALLEGE SIMILAR CONDUCT --

9         **THE COURT:**  BUT LET ME STOP YOU, THOUGH.

10         I MEAN, THIS IS KIND OF A PLEADING DEFENSE THAT    10:11

11    YOU'RE MAKING AT THIS POINT IN TIME.  WE'RE NEARING THE END OF

12    DISCOVERY; AT LEAST I HOPE WE'RE NEARING THE END OF DISCOVERY.

13         ISN'T THIS MORE OF A DISCOVERY ISSUE AT THIS POINT IN

14    TIME?  IF YOU HAVE SOME UNCERTAINTY AS TO WHAT IS INVOLVED IN

15    THE DEFENSE OR THE WAY IT IS PLED OR SOME PROBLEM WITH THE WAY    10:11

16    IT'S PLED, ISN'T THAT SOMETHING THAT YOU CAN USE YOUR

17    INTERROGATORIES, BEFORE A COURT GRANTS IT TO YOU, TO CLARIFY?

18         **MR. COREY:**  BUT IT'S NOT AN UNCERTAINTY DEFENSE.

19    IT'S A -- FACIALLY, THE ALLEGATIONS IN THE UNCLEAN HANDS

20    DEFENSE BEAR NO RELATIONSHIP TO THE CLAIMS THAT MATTEL HAS    10:12

21    ASSERTED.  FOR EXAMPLE, WE'LL TAKE PHASE ONE.  TAKE THE CLAIM

22    THAT MGA INTENTIONALLY INTERFERED WITH BRYANT'S CONTRACT.  IT'S

23    NOT A DEFENSE TO THAT TO SAY -- READING FROM LINES 10 AND 11 --

24    "MATTEL CREATED NEGATIVE PUBLICITY OR PRESS ABOUT MGA."

25         IT JUST DOESN'T MAKE ANY SENSE.    10:12

```
 1              THEN WHEN YOU TAKE THE NEXT STEP AND YOU SAY -- SO
 2    THERE'S NO REASON THAT WE SHOULD BE ENGAGING IN DISCOVERY ON
 3    THOSE KINDS OF ALLEGATIONS.  I THINK THE BEST EXAMPLE -- AND WE
 4    POINTED THIS OUT IN OUR PAPERS -- IS THEIR ALLEGATIONS IN HERE
 5    THAT MATTEL INTERFERED WITH MGA'S CONTRACTUAL RELATIONS WITH      10:12
 6    SMOBEY GROUP AND INTERFERED WITH THE ACQUISITION OF OR
 7    INVESTMENT OF ZAPF CREATIONS.  THESE ARE COMPANIES THAT EXIST
 8    IN EUROPE, AND THEY'RE ACQUIRED BY ENTITIES THAT AREN'T EVEN
 9    PARTIES TO THIS LAWSUIT.  THEY ARE IN A $100 MILLION
10    TRANSACTION.  THERE'S NO REASON WE SHOULD BE ENGAGING IN          10:13
11    DISCOVERY ON THOSE KINDS OF ALLEGATIONS.
12              IF, IN FACT, MGA HAS A PROPER CLAIM FOR INTERFERENCE,
13    THEY CAN COMPLY WITH RULE 15 AND THEY CAN TRY TO BRING IT
14    BEFORE THIS COURT, BUT WHAT THEY SHOULDN'T BE DOING IS USING
15    THIS UNCLEAN HANDS DEFENSE TO BACKDOOR INTO THIS CASE CLAIMS      10:13
16    THAT HAVE NO PLACE HERE WITHOUT GOING THROUGH THE PROPER
17    PROCESS.
18              THE COURT:  AND IT'S YOUR POSITION THAT'S THE CASE
19    WITH RESPECT TO BOTH PHASES?
20              MR. COREY:  IT IS; IT IS THE CASE WITH RESPECT TO       10:13
21    BOTH PHASES.
22              THE COURT:  CERTAINLY, YOUR CLAIMS IN THE SECOND
23    PHASE ARE MUCH BROADER THAN IN THE FIRST PHASE.
24              MR. COREY:  THAT'S ABSOLUTELY TRUE, THE CLAIMS IN THE
25    SECOND PHASE ARE MUCH BROADER THAN THE CLAIMS IN THE FIRST        10:13
```

```
 1   PHASE.

 2            THE COURT:  SO THE LIKELIHOOD OF THESE ALLEGATIONS

 3   BEARING THAT KIND OF RELATIONSHIP YOU'RE TALKING ABOUT ARE

 4   GREATER IN THE SECOND PHASE THAN IN THE FIRST.

 5            MR. COREY:  THAT'S ABSOLUTELY TRUE, BUT THEY DON'T      10:13

 6   CONSTITUTE AN UNCLEAN HANDS DEFENSE.  I MEAN, EACH SIDE

 7   POTENTIALLY HAS CLAIMS AGAINST THE OTHER SIDE.

 8            THE COURT:  IT APPEARS.

 9            MR. COREY:  BUT THE PENDENCY OF EACH CLAIM DOESN'T

10   JUSTIFY NON RECOVERY ON THE OTHER SIDE'S CLAIMS.  THAT'S KIND   10:14

11   OF THE POINT.  IF THEY HAVE A PROPER CLAIM, THEY CAN BRING IT,

12   BUT IT'S NOT AN UNCLEAN HANDS DEFENSE.

13            FOR EXAMPLE, THEY'VE ALLEGED HERE THAT MATTEL HAS

14   STOLEN MGA TRADE SECRETS.  IF THEY HAVE THAT CLAIM, THEY CAN

15   BRING THAT CLAIM, BUT IT'S NOT A JUSTIFICATION FOR DENYING      10:14

16   MATTEL'S RECOVERY ON MATTEL'S THEFT OF TRADE SECRET CLAIMS.

17            THE COURT:  I UNDERSTAND YOUR ARGUMENT, COUNSEL.

18            DO YOU WISH TO BE HEARD ON ANY OF THE OTHER

19   AFFIRMATIVE DEFENSES BESIDES THE UNCLEAN HANDS?

20            MR. COREY:  I DO.  I DO WISH TO BE HEARD ON THE         10:14

21   WAIVER, ACQUIESCENCE, AND ESTOPPEL DEFENSES.  THESE REALLY ARE

22   RETREADS OF THE LACHES DEFENSE, WHICH MATTEL HAS NOT

23   CHALLENGED.  THERE ARE ADDITIONAL REQUIREMENTS FOR EACH OF

24   THOSE DEFENSES WHICH MUST BE ALLEGED, AND THEY HAVEN'T DONE

25   THAT.                                                           10:14
```

1          IN EACH OF THOSE INSTANCES, WHAT NEEDS TO BE ALLEGED

2    IS KNOWLEDGE OF THE WRONG HERE, OR SOMETHING THAT WE GIVE

3    NOTICE OF THE WRONG, WHICH IS MATTEL'S KNOWLEDGE THAT BRYANT

4    WORKED ON BRATZ, CREATED BRATZ, WHILE HE WAS A MATTEL EMPLOYEE,

5    AND THEN ASSIGNED THAT TO MGA.  THAT'S THE IMPROPRIETY HERE.          10:15

6    AND FOR WAIVER, ESTOPPEL, OR A CONSENT TO APPLY, THERE HAS TO

7    BE SOME COMMUNICATION BETWEEN MGA AND MATTEL SHOWING THAT MGA

8    RELIED ON THAT REPRESENTATION; SHOWING THAT MATTEL SOMEHOW

9    ACTED INCONSISTENTLY WITH THAT RIGHT.

10          **THE COURT:**  ISN'T THAT WHAT WE HAVE THE TRIAL TO          10:15

11   DETERMINE?

12          **MR. COREY:**  WELL, IT IS, BUT THE FIRST STEP IS, THEY

13   HAVE TO BE ABLE TO ARTICULATE IT; THEY HAVE TO HAVE A GOOD

14   FAITH BASIS FOR ARTICULATING THAT, AND THEY CAN'T.

15          THEY HAVEN'T MADE AN EFFORT TO DO SO.  THEY'RE JUST          10:15

16   RETREADING THE LACHES DEFENSE.

17          IF THEY CAN GET PAST THE PLEADINGS STAGE, THEN, YES,

18   ABSOLUTELY, WE'LL HAVE A TRIAL ON IT AND WE'LL SEE WHAT THE

19   JURY SAYS.

20          **THE COURT:**  AGAIN, WE JUST KIND OF SEEM TO BE -- IT          10:16

21   STRIKES THE COURT AS A LITTLE BIT LATE TO BE ATTACKING THE

22   PLEADING OF THIS AFFIRMATIVE DEFENSE.

23          **MR. COREY:**  THE PLEADING IS TWO MONTHS OLD.

24          I'M NOT SURE THAT I UNDERSTAND.

25          **THE COURT:**  WE'RE WRAPPING UP OUR DISCOVERY IN THE          10:16

1    NEXT MONTH.

2         **MR. COREY:**  WE ARE WRAPPING UP OUR DISCOVERY IN THE

3    NEXT MONTH, AND I DO THINK IT WOULD BE HELPFUL TO HAVE THE

4    PLEADINGS SET BEFORE THEN.

5         **THE COURT:**  VERY GOOD.                                    10:16

6         WITH RESPECT TO THE INTERROGATORY, ANYTHING FURTHER

7    ON THAT?

8         **MR. COREY:**  MY COLLEAGUE, MR. PROCTOR, WILL BE

9    ADDRESSING THAT.

10        **THE COURT:**  ALL RIGHT.                                    10:16

11        **MR. PROCTOR:**  IN LIGHT OF YOUR TENTATIVE, I'LL TRY TO

12   KEEP THIS BRIEF.

13        THIS MAY PUT IT STARKLY, BUT I THINK IT'S ACCURATE:

14   THE QUESTION ON THIS MOTION, THE INTERROGATORY MOTION, IS

15   WHETHER DEFENDANTS SHOULD BE PERMITTED TO SANDBAG US AT TRIAL;  10:16

16   THAT IS THE QUESTION THAT'S BEFORE THE COURT ON THIS MOTION.

17        THE DISCOVERY WE ARE SEEKING IS SIMPLY DISCLOSURE OF

18   THE FACTS DEFENDANTS CONTEND SUPPORT THEIR DEFENSES.  THIS IS

19   SOMETHING THAT WE'RE CLEARLY ENTITLED TO.  AND THE MOST NOTABLE

20   THING THAT I DID NOT SEE IN DEFENDANTS' OPPOSITION IS ANY       10:17

21   ASSERTION THAT WE ALREADY POSSESSED THOSE FACTS; ANY ASSERTION

22   THAT THEY'VE DISCLOSED THOSE FACTS TO US IN SOME OTHER FASHION;

23   ANY ASSERTION THAT THE DOCUMENTS THEY PRODUCED REVEAL ALL OF

24   THE BASES OF THEIR DEFENSES.

25        THEY HAVEN'T SAID ANY OF THOSE THINGS, AND THEY             10:17

```
1   HAVEN'T TOLD US WHAT FACTS THEY THINK SUPPORT THEIR DEFENSES.

2   AND WE OBVIOUSLY NEED TO KNOW THIS, BOTH TO PREPARE FOR TRIAL

3   AND, AS THE COURT ADVERTED TO, FOR OTHER POTENTIAL PRETRIAL

4   MOTIONS, LIKE A SUMMARY JUDGMENT MOTION ON THEIR AFFIRMATIVE

5   DEFENSES.  THE ONLY WAY WE CAN GET THAT IS THROUGH THE          10:17

6   CONTENTION INTERROGATORIES THAT WE'RE SEEKING LEAVE ON.

7        I'M HAPPY TO RUN THROUGH THE FACTORS, IF THE COURT

8   WOULD LIKE, THE 26(B)(2) FACTORS.

9        THE COURT:  IT'S NOT NECESSARY.

10       MR. PROCTOR:  THE ONE OTHER POINT THAT I DID WANT TO       10:18

11  ADDRESS IS DEFENDANTS' PERSISTENT ACCUSATIONS ABOUT MATTEL'S

12  DISCOVERY AND DEFENDANTS' ASSERTIONS THAT MATTEL HAS AN

13  INSATIABLE APPETITE FOR DISCOVERY.

14       ON FRIDAY WE GOT ANOTHER 200 REQUESTS FOR PRODUCTION

15  FROM MGA, BRINGING THE TOTAL NUMBER OF REQUESTS FOR PRODUCTION  10:18

16  THEY SERVED TO SOMETHING LIKE 1,250.

17       THE COURT:  THE COURT UNDERSTANDS THAT BOTH SIDES

18  HAVE REQUESTED A LOT OF DISCOVERY.

19       MR. PROCTOR:  VERY WELL.

20       THE COURT:  THANK YOU, COUNSEL.                            10:18

21       MR. ROTH:  CARL ROTH ON BEHALF OF THE MGA DEFENDANTS.

22  I'M GOING TO ADDRESS THE MOTION TO STRIKE THE AFFIRMATIVE

23  DEFENSE; MR. WERDEGAR IS GOING TO ADDRESS THE MOTION TO SERVE

24  AN ADDITIONAL INTERROGATORY.  GIVEN YOUR TENTATIVE, I WILL KEEP

25  MY COMMENTS RELATIVELY CONCISE.                                 10:18
```

1          FIRST, I THINK THE COURT IS ADDRESSING THE MOTION TO

2     STRIKE THE AFFIRMATIVE DEFENSE FROM THE RIGHT FRAMEWORK; THAT

3     IS TO SAY, GIVEN THAT THE MOTION IS ADDRESSED AT THE PLEADINGS

4     STAGE, CAN YOU, LOOKING AT THE MOTION, DISCERN FOR CERTAIN THAT

5     THERE IS NO PLAUSIBLE RELATIONSHIP BETWEEN THE ALLEGATIONS THAT     10:19

6     SUPPORT THE UNCLEAN HANDS DEFENSE AND THE SUBJECT MATTER OF THE

7     CASE?

8          THE QUESTION IS, WHAT IS THE SUBJECT MATTER OF THE

9     CASE?

10         IN THAT REGARD, I WANT TO FOCUS --                             10:19

11         **THE COURT:**  CLARIFY THIS FIRST ISSUE.  MAYBE I'M

12    CONFUSED NOW.  DESCRIBE HOW YOU PLAN ON USING THE UNCLEAN HANDS

13    DEFENSE, COUNSEL.

14         **MR. ROTH:**  YOUR HONOR, I WASN'T A PARTY TO

15    COMMUNICATIONS THAT MAY HAVE HAPPENED WITH --                       10:19

16         **THE COURT:**  IF YOU'RE GOING TO SPEAK ON BEHALF OF

17    YOUR CLIENT, THOUGH, YOU'RE RESPONSIBLE FOR IT.

18         **MR. ROTH:**  I CAN TELL YOU THAT FROM OUR PERSPECTIVE,

19    MOST OF THE UNCLEAN HANDS ALLEGATIONS ARE LIKELY GOING TO

20    RESULT IN EVIDENCE THAT IS RELEVANT TO PHASE TWO OF THE CASE,       10:19

21    WHERE BOTH SIDES HAVE UNFAIR TRADE PRACTICE CLAIMS.  IT MAY BE

22    THAT A SUBSTANTIAL PORTION OF IT IS RELEVANT TO 1-A.

23         AS YOUR HONOR HAS INDICATED IN THE PAST --

24         **THE COURT:**  THIS IS THE KIND OF VAGARIES THAT I CAN

25    UNDERSTAND CONFUSE AND COMPLICATE MATTERS FOR THE PLAINTIFF.        10:20

1    CAN ANYONE SPEAK TO THIS CONVERSATION THAT SUPPOSEDLY

2  TOOK PLACE?

3        **MR. NOLAN:**  YOUR HONOR, I CANNOT, BUT IF I COULD JUST

4  INQUIRE WITH COUNSEL WHO MADE THE STATEMENT FROM MY TEAM.

5        **THE COURT:**  THAT'S REASONABLE.                    10:20

6        (SOTTO VOCE DISCUSSION BETWEEN COUNSEL.)

7        **MR. ROTH:**  YOUR HONOR, AS I INDICATED, OUR VIEW IS

8  THAT FOR THE MOST PART, THE UNCLEAN HANDS DEFENSE RELATES TO

9  PHASE TWO OF THE CASE.

10        **THE COURT:**  SO ARE YOU WILLING TO SAY THAT YOU ARE   10:20

11  NOT GOING TO BE BRINGING AN UNCLEAN HANDS DEFENSE IN PHASE ONE?

12        **MR. ROTH:**  NO, WE'RE NOT WILLING TO --

13        **THE COURT:**  OKAY.  THEN YOU'RE GOING TO NEED TO

14  EXPLAIN THE EXTENT TO WHICH THE UNCLEAN HANDS DEFENSE IS GOING

15  TO BE RAISED IN PHASE ONE.                              10:20

16        **MR. ROTH:**  OKAY.

17        THE UNCLEAN HANDS DEFENSE RELATES TO THE BRATZ

18  INTELLECTUAL PROPERTY.

19        **THE COURT:**  OKAY.  THAT'S PRETTY BROAD.

20        IN WHAT WAY, COUNSEL?                              10:21

21        **MR. ROTH:**  IN THE SENSE THAT WE ALLEGE, IN CONNECTION

22  WITH THE COPYRIGHT CLAIMS, INFRINGEMENT AND UNFAIR PRACTICE AS

23  IT RELATES TO MR. CARTER [SIC] AND THE BRATZ INTELLECTUAL

24  PROPERTY.  THAT IS THE SUBJECT MATTER PHASE.

25        **THE COURT:**  WHAT SPECIFICALLY HAPPENED HERE THAT WAS   10:21

1    UNCLEAN BY MATTEL?

2          **MR. ROTH:**  OUR ALLEGATIONS ARE THAT MATTEL MADE

3    DISPARAGING REMARKS REGARDING MR. BRYANT, MGA, AND THE BRATZ

4    PRODUCTS FOLLOWING THE COMMERCIAL EXPLOITATION OF THAT

5    INTELLECTUAL PROPERTY BY MGA.                                   10:21

6          NOW, THAT, WE THINK, IS RELEVANT TO PHASE ONE OF THE

7    CASE.  IT'S PRIMARILY RELEVANT, WE ACKNOWLEDGE, TO PHASE TWO OF

8    THE CASE.

9          IN ADDITION, WITH RESPECT TO PHASE 1-A AND THE

10   INFRINGEMENT ISSUES THAT ARISE IN CONNECTION WITH PHASE 1-A,     10:22

11   THIS COURT MAY BE ASKED, IF LIABILITY IS DETERMINED AT SOME

12   POINT, TO ISSUE AN INJUNCTION IN THIS CASE.  IN THE CONTEXT OF

13   A PROCEEDING BEFORE THIS COURT REGARDING WHETHER OR NOT AN

14   INJUNCTION SHOULD BE ISSUED, ALL OF THE ALLEGATIONS REGARDING

15   INEQUITABLE CONDUCT WILL BE RELEVANT TO THIS COURT.             10:22

16         **THE COURT:**  GO BACK TO THESE NEGATIVE COMMENTS.

17         ARE THESE -- AND I DON'T MEAN TO MAKE TOO FINE A

18   POINT ON THIS -- ARE THESE NEGATIVE STATEMENTS ABOUT BRATZ, OR

19   ARE THESE ABSOLUTELY FALSE DISPARAGING COMMENTS?

20         WHAT IS YOUR ALLEGATION?                                  10:22

21         **MR. ROTH:**  THEY ARE FALSE DISPARAGING COMMENTS

22   REGARDING BRATZ AND MGA.

23         **THE COURT:**  DIRECTED TO CARTER BRYANT, OR DIRECTED TO

24   MGA?

25         **MR. ROTH:**  DIRECTED TO MGA.                           10:22

```
 1              THE COURT:  SUCH AS?

 2              MR. ROTH:  COMMENTS REGARDING THE CHARACTERISTICS OF

 3    THE PRODUCTS AND SO FORTH.

 4              THE COURT:  BUT GIVE ME AN EXAMPLE OF A COMMENT THAT

 5    WAS MADE.                                                    10:22

 6              MR. ROTH:  YOUR HONOR, I CAN'T GO --

 7              THE COURT:  YOU CAN'T GIVE ME ONE EXAMPLE?

 8              MR. ROTH:  NO, I CAN'T.

 9              THE COURT:  CAN ANYBODY FROM MGA GIVE ME ONE EXAMPLE

10    OF ONE DISPARAGING FALSE STATEMENT MADE BY MATTEL TOWARDS MGA?  10:23

11              MR. NOLAN:  YOUR HONOR, I THINK IT GOES --

12              IF I COULD.

13              THE CONTENTION WILL BE THAT MATTEL ENGAGED IN A

14    SERIES OF FALSE STATEMENTS TO THE PRESS WITH RESPECT TO THE

15    NATURE OF THE BUSINESS PRACTICES OF MGA, AND, IN PARTICULAR,  10:23

16    HOW IT RELATES TO THE MARKETING OF BRATZ.  THERE'S A CONTENTION

17    THAT BRATZ -- MGA WAS MISSTATING IN THE MARKETPLACE THE BREADTH

18    OF ITS SUCCESS, THE ORIGINALITY OF ITS DESIGN, THE SCOPE OF THE

19    MARKET SHARE THAT IT ENJOYED, AND ITS MARKET POSITION RELATING

20    TO MATTEL AT VARIOUS POINTS; ALL OF WHICH, WE BELIEVE, WERE    10:24

21    FALSE AND WERE INTENDED TO INJURE THE BRATZ LINE.

22              AND NOW YOU'RE GOING TO ASK, 'WELL, WHAT RELEVANCE

23    DOES THAT HAVE TO POSSIBLY' --

24              THE COURT:  THAT'S NOT GOING TO BE MY QUESTION.  MY

25    QUESTION GOES BACK TO -- YOU REFER TO A SERIES OF STATEMENTS,  10:24
```

1    AND I'M ASKING FOR ONE EXAMPLE OF ONE STATEMENT.

2         I SENSE, AND I'M GETTING AN APPRECIATION FOR, THE

3    FRUSTRATION THAT THE PLAINTIFF HAS IN ADDRESSING THIS

4    AFFIRMATIVE DEFENSE WITHOUT, AT THIS LATE DATE, HAVING

5    SPECIFICS.  FOR THE COURT TO BE ABLE TO DETERMINE WHETHER OR          10:24

6    NOT THIS IS LEGALLY A SUFFICIENT BASIS TO BRING THE UNCLEAN

7    HANDS DEFENSE, SPECIFICALLY IN THIS FIRST PHASE WHERE IT'S MORE

8    LIMITED AND THE NEXUS NEEDS TO BE MUCH MORE TIGHTER IN THE

9    CONTEXT OF THIS COPYRIGHT CLAIM FOR IT TO BE A COLORABLE

10   DEFENSE, IT WOULD BE EXTRAORDINARY HELPFUL TO KNOW EXACTLY WHAT       10:24

11   STATEMENTS WE'RE TALKING ABOUT.

12        **MR. NOLAN:**  I CAN APPRECIATE THAT, YOUR HONOR, AND I

13   APOLOGIZE FOR NOT BEING ABLE TO GIVE YOU THE DATE AND THE

14   SPECIFIC COMMENTS.  I CAN ONLY TALK ABOUT GENERALITIES.  BUT,

15   FRANKLY, THE POSITION THAT WE UNDERSTOOD --                          10:25

16        **THE COURT:**  WHEN ARE WE GOING TO MOVE ON FROM THE

17   POINT WHERE WE CAN ONLY SPEAK ABOUT GENERALITIES?

18        **MR. NOLAN:**  YOUR HONOR, I THINK PART OF IT IS GOING

19   TO BE TRYING TO RESOLVE THE ISSUE OF THE INTERROGATORY RESPONSE

20   AND OUR COMING FORWARD AND GIVING EXAMPLES AS TO WHAT EVIDENCE       10:25

21   WE WILL BE RELYING ON, YOUR HONOR.

22        **THE COURT:**  BUT I TRUST YOU HAD THE EVIDENCE THAT

23   YOU'RE GOING TO RELY ON BEFORE YOU MADE THE DEFENSE.  YOU DON'T

24   MAKE THE DEFENSE AND THEN COME UP WITH THE EVIDENCE YOU'RE

25   GOING TO RELY ON.                                                    10:25

1      **MR. NOLAN:**  OF COURSE, YOUR HONOR, AND I APOLOGIZE.

2  WE ARE IN THE CASE, WE'VE DONE AN AWFUL LOT OF WORK.  THE FACT

3  THAT I CAN'T GO FROM 'A' TO 'Z' ON SPECIFIC --

4      **THE COURT:**  I'M JUST ASKING FOR 'A,' COUNSEL; NOT 'A'

5  THROUGH 'Z.'                                                      10:25

6      **MR. NOLAN:**  WELL, YOUR HONOR, I TALKED ABOUT THE

7  COMMENTS THAT WERE EMANATING FROM MATTEL IN THE MARKETPLACE

8  ABOUT MGA'S MISSTATEMENTS WITH RESPECT TO THE ORIGIN OF THE

9  BRATZ DOLL; FALSE STATEMENTS WITH RESPECT TO WHAT WE WERE DOING

10  IN CONNECTION WITH STEALING MATERIALS FROM MATTEL, TRADE           10:26

11  SECRETS; STATEMENTS WITH RESPECT TO -- OVER STATEMENTS BY MGA

12  WITH RESPECT TO THE SUCCESS IN THE MARKETPLACE; ALL OF WHICH

13  WAS DESIGNED TO CALL INTO QUESTION THE INTEGRITY OF THE BRATZ

14  MARKETING SCHEME.  NOT IN AN EFFORT, FRANKLY, TO COMPETE FAIRLY

15  WITH MGA, BUT, FRANKLY, TO PUT INTO THE MARKETPLACE, AND WITH      10:26

16  OTHER VENDORS, THE SUGGESTION THAT MGA WAS NOT PLAYING STRAIGHT

17  AND THAT VENDORS SHOULD NOT BE DEALING WITH MGA.

18      WE CAN LAY ALL OF THAT OUT.  IT WILL BE IN THE FORM

19  OF DISCOVERY.  WE HAVE PROVIDED A SUBSTANTIAL AMOUNT OF

20  INFORMATION ALREADY TO THEM IN TERMS OF RESPONDING TO             10:26

21  INTERROGATORIES, PRODUCTION OF DOCUMENTS, RFA'S.

22      **THE COURT:**  YOU COULD HAVE DONE THIS IN THE STATEMENT

23  OF GENUINE ISSUES IN RESPONSE TO THE MOTION FOR SUMMARY

24  JUDGMENT.  I LOOKED FOR THAT IN VAIN.  AN ALTERNATIVE MOTION

25  WAS BROUGHT SEEKING SUMMARY JUDGMENT ON THESE DEFENSES, AND I      10:27

```
 1   COULDN'T FIND ANYWHERE YOUR STATEMENT OF GENUINE ISSUES.  I
 2   TRUST YOU DISPUTE THESE FACTS, AND I GET GENERALIZED STATEMENTS
 3   THROUGHOUT YOUR OPPOSITION DISPUTING THOSE FACTS.  BUT I WAS
 4   HOPING, AT LEAST AT THIS HEARING, THAT I WOULD GET SOMETHING A
 5   LITTLE BIT MORE CONCRETE, COUNSEL.                                10:27
 6          MR. NOLAN:  YOUR HONOR, TO BE HONEST WITH YOU, I
 7   DIDN'T -- ALTHOUGH IT WAS FRAMED IN THE ALTERNATIVE FOR A
 8   SUMMARY JUDGMENT, I FRANKLY DID NOT SEE THE MOVING PARTIES
 9   COMPLY WITH THE REQUIREMENTS FOR SETTING THIS UP AS A SUMMARY
10   JUDGMENT MOTION.                                                 10:27
11          WE THOUGHT THAT THIS WAS NOT AN ATTACK ON THE
12   PLEADINGS AS SUCH.  WE THOUGHT IT WAS AN ODD STATE TO BE
13   RAISING IT AT THIS POINT IN TIME.  I THOUGHT IT WOULD HAVE BEEN
14   IN THE FORM OF BOTH SIDES COMING TOGETHER, SUBMITTING
15   CONTENTIONS OF FACTS.  BUT THEY DIDN'T DO IT, EITHER, IN THE     10:27
16   MOVING PAPERS, YOUR HONOR.
17          MY POINT ONLY IS THAT WE WILL BE PREPARED -- AND WE
18   CAN, YOUR HONOR, IN VERY SHORT ORDER -- TO ARTICULATE THOSE
19   WITH PRECISION, IF THE COURT REQUESTS THAT.  RIGHT NOW, THIS
20   MORNING, I CONFESS THAT I DON'T HAVE -- I MEAN, I HAVE A LOT OF  10:28
21   INFORMATION WITH ME, BUT I DON'T HAVE THE EXACT DOCUMENTS THAT
22   WE WOULD RELATE IT TO.
23          THERE ARE ALSO ISSUES, YOUR HONOR, WITH RESPECT TO
24   THE DISCOVERY THAT SHOULD BE ALLOWED INTO SOME OF THESE
25   ALLEGATIONS THAT WE'VE MADE.                                     10:28
```

```
 1          THIS IS BASED ON THIRD-PARTY INFORMATION THAT WE'VE
 2   RECEIVED SO FAR IN TERMS OF THE INVESTIGATION.  AS WE GO
 3   FORWARD AND TRY TO TAKE DISCOVERY, AS MR. ROTH SAID, IT MAY BE
 4   THAT GIVEN THE TIME PRESSURES OF THE DISCOVERY CUTOFF, WE'RE
 5   NOT GOING TO CONTEND THAT ALL OF THE UNCLEAN HANDS IS RELATED     10:28
 6   TO PHASE 1-A OR PHASE B.  I'M NOT A FOOL IN THAT REGARD.  WE
 7   HAVE 57 DAYS LEFT FOR DISCOVERY CUTOFF.
 8          BUT FOR US RIGHT NOW, YOUR HONOR, TO SAY WITH
 9   PRECISION THAT NONE OF THOSE ISSUES WILL EVER COME INTO PHASE
10   1-A, WE'RE NOT IN A POSITION TO.                                  10:28
11          FOR INSTANCE, YOUR HONOR, THEY CONTEND THAT THE
12   DRAWINGS WERE THEIRS; THAT WE STOLE THEM; THAT WE EXPLOITED THE
13   INTELLECTUAL PROPERTY RIGHTS.  OUR CONTENTION, OF COURSE, IS
14   THAT THAT'S NOT THE CASE; THAT WE WERE FREE TO DEVELOP BRATZ
15   AND WE DID DO THAT.                                               10:29
16          WE THINK THAT SOME OF THE CONDUCT IN THE MARKETPLACE,
17   WHERE WE THINK THAT THEY WENT OUT AND TRIED TO KILL BRATZ, THE
18   DESIGN AND THE BRAND ITSELF, WAS MORE PROTECTIVE OF BARBIE,
19   WHICH, FOR THE TRIER OF FACT, REALLY PUTS INTO QUESTION THE
20   SINCERITY OF MATTEL COMING IN AND MAKING ALL OF THESE             10:29
21   SELF-SERVING STATEMENTS THAT 'WE SHOULD HAVE OWNED BRATZ, WE
22   WOULD HAVE DEVELOPED IT, WE WOULD HAVE DONE THIS, WE WOULD HAVE
23   DONE THAT.'
24          I DON'T WANT TO BE IN A POSITION OF HAVING TO STAND
25   BEFORE YOU AND ARTICULATE, YOU KNOW, RIGHT NOW, TODAY, I          10:29
```

```
 1    BELIEVE THAT THIS IS GOING TO BE IN BUCKET 1-A.

 2            THE COURT:  BUT YOU DO RECOGNIZE THAT IT'S A FAIR AND

 3    REASONABLE SOURCE OF INQUIRY FROM THE PLAINTIFFS TO KNOW THE

 4    ANSWERS TO THESE QUESTIONS?

 5            MR. NOLAN:  OF COURSE, YOUR HONOR.  AND WE'RE ENGAGED      10:30

 6    IN TRYING TO CATCH UP WITH DISCOVERY.  WE HAVE RESPONDED TO A

 7    NUMBER OF THINGS.  WE CONTINUE TO DO SO.  AND WE'LL DEAL WITH

 8    THIS ISSUE WITH RESPECT TO THAT.  AND I PROMISE YOU, I

 9    REPRESENT, YOUR HONOR, THAT WE WILL BE AS SPECIFIC AS WE CAN.

10    AND IF AFTER MAKING THOSE DISCLOSURES, IT SEEMS TO BE            10:30

11    INSUFFICIENT, THEY HAVE ALL OF THEIR PROCEDURAL RIGHTS.

12            I THINK THE WAY THE COURT FRAMED THE ISSUE IN THE

13    BEGINNING IS ACTUALLY THE RIGHT WAY TO LOOK AT THIS RIGHT NOW.

14    I THINK THE TWO ARE CONNECTED.

15            I DO HAVE ISSUES, BUT MATT WILL DEAL WITH THE            10:30

16    QUESTION OF THE INTERROGATORY ITSELF.  THERE'S A WAY TO GET

17    THIS INFORMATION TO MATTEL.  WE'RE TRYING TO GET THIS

18    INFORMATION TO MATTEL.

19            I'LL GIVE YOU ONE EXAMPLE OF THE LEVEL OF FRUSTRATION

20    AS TO WHY WE CAN'T PROVIDE SOME OF THIS INFORMATION.  EXACTLY    10:30

21    ON THIS POINT OF WHAT WAS INTENDED BY MATTEL AND WHAT WAS SAID

22    IN THE MARKETPLACE, OKAY, TO SUPPORT, MAYBE, AN UNCLEAN HANDS.

23            WE, NOT SURPRISINGLY, WANT TO TAKE THIRD-PARTY

24    DISCOVERY.  NOT SHOCKING.  WE HAD BEEN IN HERE TEN DAYS AGO ON

25    AN EX-PARTE APPLICATION FILED BY MATTEL TO TAKE THIRD-PARTY      10:31
```

1    DISCOVERY FROM US.  WE HAD A WHOLE HOOPLA; WE WERE SUPPOSED TO

2    BE IN A CONSPIRACY; AND THE COURT RESOLVED THAT.

3            SURPRISINGLY TO US, YOUR HONOR, TWO WEEKS AGO, WE SET

4    UP THE DEPOSITION OF YOUNG & RUBICAM, THEIR OUTSIDE P.R. FIRM,

5    THIRD PARTY, REPRESENTED BY OTHER COUNSEL; HANDLED BY MY          10:31

6    NEW YORK COUNSEL; HAD A COMMISSION ISSUED IN NEW YORK FOR THE

7    SUBPOENA.  FOR ARRANGEMENT PURPOSES, COUNSEL SAID, 'CAN WE DO

8    IT IN IRVINE?  WE'RE ABSOLUTELY CERTAIN THE PERSON WILL BE

9    AVAILABLE IN IRVINE ON A GIVEN DAY.'  WE SAID FINE.  WE SET UP

10   THE DATE.  MATTEL UNILATERALLY CALLED AND CANCELLED; CANCELLED    10:31

11   THE DEPOSITION.

12            WE THEN SAID, 'WELL, GIVE ME AN ALTERNATIVE DATE.'

13   COULDN'T GIVE IT TO US ANY TIME THIS WEEK, WHICH WAS THE WEEK

14   THAT THE TEAM WAS COMING OUT TO TAKE DEPOSITIONS.  WE THEN HAD

15   A MEET-AND-CONFER.  THEY DIDN'T GIVE US A DATE AT THE            10:31

16   MEET-AND-CONFER.

17            ONE OF THE LAWYERS SAID AT QUINN EMANUEL THEY WERE

18   UNAVAILABLE.  THE THOUGHT THAT QUINN EMANUEL, WITH THE NUMBER

19   OF LAWYERS THAT ARE WORKING ON THIS CASE, DOESN'T HAVE A LAWYER

20   THAT CAN ATTEND A THIRD-PARTY DEPOSITION, IN LIGHT OF WHAT WE     10:32

21   WERE HEARING TEN DAYS AGO?

22            SO THAT'S WHY, YOUR HONOR, I THINK THAT THIS PROCESS

23   HAS GOT TO BE STRAIGHTENED OUT A LITTLE BIT.  IF WE HAVE TO

24   BURDEN YOU WITH EX-PARTE APPLICATIONS, IF THAT'S REALLY HOW

25   THIS IS GOING TO BE PLAYED IN THE NEXT 57 DAYS, WE'RE CAPABLE     10:32

1   OF DOING THAT.  I MEAN, I CAN PROMISE YOU THAT SKADDEN CAN

2   PRODUCE AS MUCH PAPERWORK AS QUINN EMANUEL.

3           **THE COURT:**  I'M SURE YOU CAN.

4           **MR. NOLAN:**  I DON'T THINK THAT'S WHAT YOU WANT IN

5   THIS CASE.                                              10:32

6           **THE COURT:**  NO, IT'S NOT, AND I HOPE THAT THE MESSAGE

7   THAT WAS RECEIVED FROM THE LAST EX-PARTE GO-AROUND WAS NOT

8   THAT, WELL, LET'S SUBMIT MORE EX-PARTES.  I HOPE THE MESSAGE

9   THAT WAS RECEIVED IS, LET'S JUST SIT DOWN AND WORK THESE DATES

10  OUT THAT WE ALL CAN AGREE ON AND NOT BOTHER THE COURT WITH    10:32

11  THINGS THAT, REALLY, COUNSEL OF THIS CALIBER SHOULD BE ABLE TO

12  WORK OUT.

13          **MR. NOLAN:**  YOUR HONOR, I'M THE NEW GUY ON THE BLOCK.

14  I THOUGHT THE SAME.  I WOULD NEVER HAVE DREAMT THAT A

15  UNILATERAL CANCELLATION WOULD OCCUR AFTER THAT LAST HEARING.  10:33

16          YOUR HONOR, WE HAVE FIVE DEPOSITION DATES WE'VE ASKED

17  COUNSEL FOR; SOME ARE EMPLOYEES OF MATTEL.  YOUR HONOR, I

18  SUBMIT TO YOU, WE DO NOT HAVE ONE DATE FOR A DEPOSITION IN

19  DECEMBER; THE EARLIEST IS SOME TIME IN JANUARY; VERY IMPORTANT

20  WITNESSES, JANUARY 12TH AND JANUARY 17TH.                    10:33

21          SO, YOUR HONOR, WE'RE SITTING HERE IN A MOTION BEING

22  CRITICIZED FOR NOT BEING ABLE TO SPECIFY EXACTLY WHAT UNCLEAN

23  HANDS ARE, AND YET, WE CAN'T INITIATE AFFIRMATIVE DISCOVERY

24  BECAUSE THEY EITHER CANCEL IT OR THEY WON'T GIVE DATES.  ALL

25  I'M ASKING, AT SOME POINT IN THIS HEARING, YOUR HONOR, IF YOU  10:33

```
 1   WOULD GIVE -- GIVE ME A STRONG MESSAGE.  I'LL HEAR IT.  BUT I'M
 2   HOPING THAT MAYBE, BY A CAROM SHOT, QUINN EMANUEL WILL REALIZE
 3   THAT THE GAME IS OVER.
 4         57 DAYS LEFT.  WE HAVE TO TAKE A DEPOSITION.
 5   OTHERWISE, THE TRANSITION IS GOING TO BE A LOT EASIER THAN I      10:33
 6   THOUGHT IT WAS GOING TO BE.
 7         THE COURT:  THANK YOU, COUNSEL.
 8         MR. NOLAN:  THANK YOU FOR LISTENING.
 9         THE COURT:  THANK YOU, MR. NOLAN.
10         I'M CERTAINLY GOING TO GIVE QUINN EMANUEL AN               10:34
11   OPPORTUNITY TO RESPOND TO ALL OF THIS, BUT LET ME GET FROM THE
12   DEFENSE YOUR THOUGHTS ON THE INTERROGATORY.
13         MR. WERDEGAR:  THANK YOU, YOUR HONOR.
14         MATT WERDEGAR ON BEHALF OF CARTER BRYANT, BUT I'M
15   ALSO SPEAKING ON BEHALF OF MGA AS TO THE SUPPLEMENTAL            10:34
16   INTERROGATORY MOTION.
17         I UNDERSTAND, CERTAINLY, YOUR HONOR, THE TENSION THAT
18   WE'VE BEEN DISCUSSING THIS MORNING REGARDING THE MOTION TO
19   STRIKE VERSUS THE NEED FOR DISCOVERY AND WHETHER IT'S
20   APPROPRIATE TO ADDRESS THE AFFIRMATIVE DEFENSES ON A MOTION TO   10:34
21   STRIKE OR WHETHER IT SHOULD BE SOMETHING THAT SHOULD BE DONE
22   AFTER DISCOVERY.
23         THE ALLEGATION WAS MADE THAT THIS OPPOSITION TO THE
24   SUPPLEMENTAL INTERROGATORY IS ABOUT SANDBAGGING.  AND THAT'S
25   ABSOLUTELY NOT TRUE, YOUR HONOR.                                 10:34
```

1            WHAT'S AT ISSUE HERE IS --

2            **THE COURT:**  GIVEN WHAT YOU'VE HEARD SO FAR, AND GIVEN

3    THE POSITION THAT MR. NOLAN PRESSES ON THE COURT TO HOLD OFF,

4    BASICALLY, ON STRIKING ANYTHING OR TREATING THIS AS MATTEL IS

5    ASKING, AS A MOTION FOR SUMMARY JUDGMENT AT THIS STAGE,                10:35

6    CERTAINLY, YOU'RE NOT OPPOSING THE IDEA OF AN INTERROGATORY?

7            **MR. WERDEGAR:**  YOUR HONOR, WHAT I'D LIKE TO DO IS

8    MAKE THREE POINTS ABOUT THAT.

9            THE IDEA IS THAT MATTEL HAS USED UP ALL 15

10   INTERROGATORIES THAT THE COURT ALLOCATED TO EACH SIDE, AND MGA        10:35

11   AND BRYANT HAS WORKED VERY HARD TO WORK WITHIN THOSE LIMITS.

12   THE SAME IS TRUE WITH THE DEPOSITIONS.  WE'VE ALSO TRIED TO

13   WORK VERY HARD WITHIN THOSE LIMITS.

14           THEY USED UP THEIR 15 INTERROGATORIES.  NOW THEY'RE

15   BACK ASKING FOR 37 MORE.  AND I'LL CERTAINLY ACKNOWLEDGE THAT         10:35

16   THE INFORMATION THEY'RE ASKING FOR IS SOMETHING THAT'S

17   RELEVANT.  I THINK THAT CERTAINLY DISCOVERY INTO THE FACTUAL

18   BASIS OF AN AFFIRMATIVE DEFENSE IS APPROPRIATE DISCOVERY.  BUT

19   THERE IS THE QUESTION OF THE BOUNDARIES THAT SHOULD BE IMPOSED

20   IN DISCOVERY OVERALL.                                                 10:35

21           THE POINT I REALLY WANT TO MAKE, YOUR HONOR, IS THAT

22   THIS MOTION SHOULDN'T BE LOOKED AT IN ISOLATION.  AS I THINK

23   YOU'RE AWARE, ON NOVEMBER 9TH MATTEL FILED A BLOCKBUSTER MOTION

24   SEEKING ADDITIONAL DISCOVERY, INCLUDING LITERALLY DOZENS OF

25   DEPOSITIONS.                                                          10:36

1    **THE COURT:**  I WOULD BE, I GUESS, MORE RECEPTIVE TO

2  THE NOTION OF 'LET'S NOT GO THROUGH A FORMAL INTERROGATORY' IF

3  I COULD AT LEAST EVEN HEAR TODAY WHAT THE AFFIRMATIVE DEFENSE

4  IS ALL ABOUT.  BUT I GUESS I'M CONVINCED OF THE NEED FOR AN

5  INTERROGATORY, GIVEN WHAT I'VE HEARD SO FAR THIS MORNING.            10:36

6    **MR. WERDEGAR:**  YOUR HONOR, IT'S MGA'S AFFIRMATIVE

7  DEFENSES THAT ARE AT ISSUE IN THE MOTION TO STRIKE, NOT CARTER

8  BRYANT'S; SO I CAN'T DIRECTLY SPEAK TO THAT.

9    **THE COURT:**  I TRUST YOU'LL BE JOINING IN THOSE

10  AFFIRMATIVE DEFENSES.                                               10:36

11    **MR. WERDEGAR:**  WELL, WE HAVE A SEPARATE MOTION TO

12  STRIKE THAT YOUR HONOR WILL BE HEARING DIRECTLY ON CARTER

13  BRYANT'S AFFIRMATIVE DEFENSES; I THINK IT'S CALENDARED FOR

14  LATER THIS MONTH, YOUR HONOR, AND OUR OPPOSITION WILL BE FILED

15  IN THAT TODAY.                                                      10:36

16    BUT I GUESS THE TWO POINTS I WANT TO MAKE, YOUR

17  HONOR, IS THAT IF YOU'RE INCLINED TO GRANT THE SUPPLEMENTAL

18  INTERROGATORY -- AND I CERTAINLY UNDERSTAND THE REASONS THAT

19  YOU'RE ARTICULATING BACK TO US WHY YOU WOULD BE SO INCLINED --

20  I JUST WANT TO REQUEST THAT THE COURT LOOK AT THAT AND LOOK AT      10:37

21  ITS WILLINGNESS TO GRANT THE SUPPLEMENTAL INTERROGATORY IN THE

22  CONTEXT OF THE OVERALL DISCOVERY THEY'RE ASKING FOR.  IT

23  SHOULDN'T BE THAT THIS IS JUST ONE SPECIAL INTERROGATORY ON TOP

24  OF THE LIMITS THAT HAVE BEEN GIVEN SO FAR AND I'LL GRANT THIS

25  ONE.  THEY'RE ASKING FOR 37 HERE -- BECAUSE THERE ARE 37            10:37

1  INDIVIDUALIZED AFFIRMATIVE DEFENSES -- BUT THEY'RE ALSO ASKING

2  FOR ANOTHER 14 INTERROGATORIES IN THEIR SUPPLEMENTAL MOTION, AS

3  WELL AS ALL THE DEPOSITIONS.  THEY'RE SEEKING, REALLY, TO BLOW

4  WIDE OPEN THE LIMITS THAT WERE IMPOSED LAST FEBRUARY, BETWEEN

5  THIS MOTION AND THE OTHER ONE.                                    10:37

6          **THE COURT:**  THE 37, THAT NUMBER, THAT'S BEING DRIVEN

7  BY THE NUMBER OF AFFIRMATIVE DEFENSES THAT YOU HAVE.  IF YOU'RE

8  WILLING TO WITHDRAW OR ABANDON ANY NUMBER OF THOSE AFFIRMATIVE

9  DEFENSES, YOU COULD LARGELY NARROW THE SCOPE OF THIS

10 INTERROGATORY.                                                    10:37

11         **MR. WERDEGAR:**  AND THROUGH THE MEET-AND-CONFER

12 PROCESS, YOUR HONOR, CARTER BRYANT HAS PARED DOWN HIS

13 AFFIRMATIVE DEFENSES FROM 22 TO 14; SO WE'VE MADE AN EFFORT TO

14 DO THAT.  WE'VE MADE AN EFFORT JUST TO STICK WITH THE ONES THAT

15 WE BELIEVE ARE MERITORIOUS; AND PERHAPS THEY WILL GET PARED      10:37

16 DOWN A BIT FURTHER.

17         THE FACT OF THE MATTER IS, I JUST WANT TO MAKE SURE

18 THAT THE COURT APPRECIATES THE OVERALL CONTEXT THIS REQUEST IS

19 COMING IN.

20         **THE COURT:**  I DO.  AND I WAS TAKEN BY THE PHRASE, I    10:38

21 THINK IN THE OPPOSITION, SOMEONE REFERRED TO THE WEALTH OF

22 INTERROGATORIES OR THE WEALTH OF --

23         **MR. WERDEGAR:**  THEY SQUANDERED THEIR WEALTH.

24         **THE COURT:**  -- THEY SQUANDERED THE WEALTH OF

25 INTERROGATORIES.

```
 1            AND I DON'T KNOW WHY THAT STRUCK ME AS FUNNY, BUT IT

 2    JUST -- NOT NECESSARILY TO ANYONE'S DETRIMENT.  I JUST THOUGHT

 3    IT WAS AN INTERESTING PHRASE, TO BE TALKING ABOUT SQUANDERING

 4    THE WEALTH OF INTERROGATORIES.  WE SQUANDER WEALTH, BUT, WOW,

 5    WHAT A THING TO SQUANDER INTERROGATORIES.                      10:38

 6            BUT ANYWAY, GETTING BACK TO THE ISSUE, I JUST THINK

 7    AT THE END OF THE DAY THAT CERTAINLY AN OPPOSING PARTY -- I

 8    MEAN, IF YOU WANT TO PRESS FORWARD ON YOUR AFFIRMATIVE

 9    DEFENSES, I THINK THE PARTY HAS A RIGHT TO KNOW EXACTLY WHAT IT

10    IS THAT YOU'RE ALLEGING IN THOSE AFFIRMATIVE DEFENSES, AND NOT  10:38

11    JUST IN THE NOTICE REQUIREMENTS OF BRINGING THEM TO BEGIN WITH,

12    BUT SPECIFICALLY WHAT FACTUAL ALLEGATIONS THAT YOU'RE MAKING.

13            AND WHETHER WE DO THAT THROUGH INTERROGATORIES,

14    WHETHER WE DO THAT THROUGH SOME OTHER PROCESS -- I'M NOT HOOKED

15    UP ON THE PROCESS.  I AM MORE CONCERNED ABOUT MAKING SURE THAT  10:38

16    WE HAVE A BASIS FOR THEM THEN TO, IF APPROPRIATE, BRING A

17    MOTION TO THE COURT TO ADDRESS THESE SUBSTANTIVELY.

18            IF THE INTERROGATORY IS THE ONLY WAY IT'S GOING TO

19    GET DONE, THEN LET'S DO IT THROUGH AN INTERROGATORY.  I THINK

20    THEY HAVE A RIGHT TO GET THIS INFORMATION.                     10:39

21            MR. WERDEGAR:  YOUR HONOR, IF I CAN MAKE THREE BRIEF

22    POINTS TO THAT, AND THEN I'LL YIELD.

23            THE COURT:  FAIR ENOUGH.

24            MR. WERDEGAR:  I DON'T DISPUTE ANYTHING YOU JUST SAID

25    WITH REGARD TO THE FACTUAL BASIS FOR AFFIRMATIVE DEFENSES.     10:39
```

```
 1   IT'S A LEGITIMATE SOURCE OF DISCOVERY.  BUT WHAT I DO -- AND I
 2   DON'T WANT TO BEAT A DEAD HORSE -- THEY COULD HAVE TAKEN THIS
 3   DISCOVERY WITH THE ALLOCATION OF INTERROGATORIES THAT WERE
 4   ORIGINALLY GRANTED.  THESE AFFIRMATIVE DEFENSES WERE NOT A
 5   SURPRISE TO THEM.  THE VAST MAJORITY OF THEM WERE ASSERTED IN      10:39
 6   CARTER BRYANT'S ORIGINAL ANSWER TO THE ORIGINAL COMPLAINT, AS
 7   WELL AS MGA'S.  THEY CHOSE TO TAKE DISCOVERY ON OTHER ISSUES
 8   AND TO LEAVE THIS TO THE VERY END, WHEN THEIR INTERROGATORIES
 9   WERE EXHAUSTED.  THEY ACTUALLY SERVED THEIR LAST NINE
10   INTERROGATORIES WHILE THIS MOTION WAS PENDING.                     10:39
11        SO, AGAIN, I THINK THE OVERALL POINT HERE IS, THERE
12   IS A BURDEN OVERALL IN THE DISCOVERY THAT'S GOING ON HERE ON AN
13   INDIVIDUAL LIKE CARTER BRYANT, AND THERE NEEDS TO BE SOME
14   LIMITS.  THIS MOTION IS JUST ONE PART OF THE OVERALL REQUEST
15   THAT MATTEL IS NOW MAKING FOR A VAST INCREASE IN THE DISCOVERY,    10:40
16   WHICH, FRANKLY, IS SURPRISING AT THIS LATE DATE THAT THEY
17   SHOULD BE ASKING FOR AS MANY ADDITIONAL INTERROGATORIES AND
18   DEPOSITIONS THAT THEY ARE.
19        THE SECOND POINT, YOUR HONOR, IS THAT THE REQUEST
20   THEY'RE MAKING, OF COURSE, IS THAT MATTEL SHOULD GET TO FILE      10:40
21   THIS SUPPLEMENTAL INTERROGATORY, AND MATTEL ALONE.  I WOULD
22   SUBMIT, TO THE EXTENT THE COURT IS PREPARED TO GRANT MATTEL'S
23   REQUEST, IT SHOULD BE MUTUAL.  MATTEL ALSO HAS, I BELIEVE, 15
24   AFFIRMATIVE DEFENSES ASSERTED IN THIS CASE, AND IT SHOULD BE A
25   TWO-WAY STREET THAT THE PARTIES GET TO DISCOVER THIS.             10:40
```

1      **THE COURT:**  ARE YOU EQUALLY IN THE DARK ON THE NATURE

2  OF THE FACTUAL ALLEGATIONS BEHIND THOSE AFFIRMATIVE DEFENSES?

3      **MR. WERDEGAR:**  YOUR HONOR, WE TALKED ABOUT THE

4  PLEADINGS IN THE CONTEXT OF A MOTION TO STRIKE.  THEIR

5  AFFIRMATIVE DEFENSES, IN THEIR SECOND AMENDED ANSWER AND                10:40

6  COUNTERCLAIM, ARE PLED IN THE MOST BOILERPLATE FASHION

7  POSSIBLE.

8      **THE COURT:**  AND I TAKE IT YOU HAVE SQUANDERED YOUR

9  WEALTH OF INTERROGATORIES WITHOUT ASKING ABOUT THOSE FACTUAL

10  ALLEGATIONS.                                                           10:41

11      **MR. WERDEGAR:**  WELL, YOUR HONOR, THERE'S A LIMIT ON

12  THE INTERROGATORIES, AND THERE SHOULD BE, AND THERE'S CHOICES

13  THAT NEED TO BE MADE.  WE COULD USE SOME OF OUR REMAINING ONES

14  TO SEARCH THERE, BUT WE WOULD BE FORCED TO THEN NOT TAKE

15  DISCOVERY IN ANOTHER AREA THAT IS ALSO RELEVANT.  WE'VE TRIED          10:41

16  TO MAKE THOSE CHOICES.  BUT I THINK THAT IF MATTEL IS NOT GOING

17  TO BE COMPELLED TO MAKE THOSE KINDS OF CHOICES, THAT SHOULD BE

18  MUTUAL.

19      **THE COURT:**  IF NOTHING ELSE, I CERTAINLY WANT TO BE

20  FAIR.                                                                  10:41

21      THE RATIONALE -- I SHOULDN'T NEED ANOTHER MOTION, BUT

22  THE RATIONALE THAT I APPLIED TO MATTEL IS NOT UNIQUE TO MATTEL,

23  AS IT IS TO ANY OTHER PARTY.  I THINK BOTH SIDES SHOULD BE ABLE

24  TO HAVE THE FACTUAL ALLEGATIONS UPON WHICH THESE -- IF YOU'RE

25  GOING TO MOVE FORWARD ON AN AFFIRMATIVE DEFENSE AND YOU WANT           10:41

1  THE COURT TO CONSIDER THAT AND YOU WANT TO PRESENT THAT TO THE

2  JURY TRIAL, YOU BETTER MAKE CLEAR THE FACTUAL ALLEGATIONS THAT

3  IT'S BASED ON.  I'M CERTAINLY NOT SAYING ANYTHING REVOLUTIONARY

4  HERE.

5       **MR. WERDEGAR:**  ONE LAST POINT, YOUR HONOR, WHICH I          10:41

6  HOPE WILL FORESTALL, PERHAPS, A MOTION TO COMPEL RELATED TO THE

7  SUPPLEMENTAL INTERROGATORY DOWN THE ROAD, IF IT IS GRANTED.

8       THE WAY THEIR REQUESTED INTERROGATORY IS DRAFTED,

9  THEY'RE ASKING FOR ALL FACTS SUPPORTING EACH AFFIRMATIVE

10  DEFENSE.  AND IN OUR PLEADINGS, WE CITE A NUMBER OF CASES THAT

11  HAVE POINTED OUT THAT ANY TIME YOU REQUEST, QUOTE, UNQUOTE,

12  "ALL FACTS," THAT REALLY IS A PROBLEMATIC SORT OF REQUEST.  AND

13  A NUMBER OF DISTRICT COURTS -- AND WE CITE THREE IN OUR

14  PLEADINGS -- HAVE SAID THAT HOW THAT SHOULD PROPERLY BE

15  INTERPRETED IS LAYING FORTH YOUR PRINCIPAL FACTS, LAYING FORTH    10:42

16  THE PRINCIPAL BASIS FOR A DEFENSE.

17       **THE COURT:**  LET'S LAY FORTH SOME FACTS, COUNSEL.

18  LET'S START WITH THAT.  HOW'S THAT?

19       **MR. WERDEGAR:**  ALL RIGHT, YOUR HONOR.

20       **THE COURT:**  ALL RIGHT.                                    10:42

21       **MR. WERDEGAR:**  THANK YOU VERY MUCH.

22       **THE COURT:**  THANK YOU.

23       **MR. NOLAN:**  YOUR HONOR, THE PROPOSAL THAT WE CAN

24  MAYBE ENTER INTO IS THAT WE HAVE A MEET-AND-CONFER MAYBE BY THE

25  END OF THIS WEEK ON THE AFFIRMATIVE DEFENSE ISSUE AND THE        10:42

```
 1    INTERROGATORY.  AND PICKING UP ON THE LAST COMMENT THAT WAS

 2    MADE BY COUNSEL ABOUT THE SCOPE OF THE INTERROGATORY AND HOW WE

 3    RESPOND, TRY TO HAVE A MEET-AND-CONFER ON THAT AND TRY TO WORK

 4    OUT AN ARRANGEMENT HERE SO WE CAN GIVE THEM THE INFORMATION

 5    THEY WANT.  THEN WE CAN RESPOND TO THIS ONE INTERROGATORY AND      10:42

 6    TRY TO MOVE ON WITH THIS ISSUE.

 7            THE COURT:  WELL, AGAIN, TRYING TO KEEP HORSES BEFORE

 8    CARTS, I ALWAYS LIKE TO SEE THESE MEET-AND-CONFERS HAPPEN

 9    BEFORE WE ALL COME IN HERE --

10            MR. NOLAN:  YOUR HONOR, YOU'RE NOT THE ONLY ONE.           10:43

11            THE COURT:  YOU'RE NEVER GOING TO HEAR THIS COURT

12    OBJECT TO A MEET-AND-CONFER, COUNSEL.

13            MR. NOLAN:  THAT'S WHAT I WOULD INVITE.  WE WOULD TRY

14    IN GOOD FAITH TO TRY TO WORK THIS OUT AND THEN RESPOND AND GIVE

15    THEM THE INFORMATION THAT THEY WANT.                               10:43

16            THE COURT:  ALL RIGHT.  LET ME HEAR FROM MATTEL.

17            MR. ZELLER:  YOUR HONOR, IF I CAN RESPOND BRIEFLY AS

18    TO THE LAST POINT ON THE MEET-AND-CONFER.

19            WE, OF COURSE, DID MEET AND CONFER ON THIS BEFORE

20    FILING.  WE REQUESTED TO DISCUSS THIS.  WE REQUESTED WHETHER IT    10:43

21    WOULD GO BOTH WAYS IN TERMS OF THE DEFENSES OF ALL PARTIES.

22    THEY TOLD US TO (UNINTELLIGIBLE).

23            THE COURT:  AND I TRUST YOU HAVE NO OBJECTION TO IT

24    GOING BOTH WAYS.

25            MR. ZELLER:  NO.  THAT IS ACCEPTABLE.  WE'RE HAPPY TO      10:43
```

```
 1    ARTICULATE THE BASIS OF OUR DEFENSES AS WELL.
 2            THE COURT:  GOOD.
 3            MR. ZELLER:  BUT IF I MAY ADD TO THAT, YOUR HONOR.
 4            WE, OF COURSE, HAD TO BRING A MOTION IN ORDER TO DO
 5    THIS, WHICH IS VERY FRUSTRATING.                               10:43
 6            THE COURT:  AND THE COURT WILL RULE ON YOUR MOTION.
 7            MR. ZELLER:  AND, OF COURSE, AFTER FORCING US TO GO
 8    THROUGH THE BURDEN, THEY WANT IT BOTH WAYS, WHICH IS NOT
 9    FORCING -- THEY DON'T MAKE THE JUSTIFICATION THAT WE WERE
10    FORCED TO MAKE IN ORDER TO GET THAT ADDITIONAL INTERROGATORY.  10:43
11            THE COURT:  DO YOU WANT ME TO ASK THE SAME QUESTIONS
12    OF YOU THAT I JUST ASKED OF MR. NOLAN CONCERNING YOUR
13    AFFIRMATIVE DEFENSES, COUNSEL?
14            MR. ZELLER:  I WILL SAY NO, YOUR HONOR.
15            THE COURT:  SPEAKING OF UNCLEAN HANDS.                 10:44
16            MR. ZELLER:  SURE.
17            AND I JUST MAKE THE POINT, YOUR HONOR, BECAUSE WE'VE,
18    OF COURSE, BEEN DELAYED MANY WEEKS IN GETTING THIS INFORMATION
19    THAT WE THINK WE WERE LEGITIMATELY ENTITLED TO, HAVING TO GO
20    THROUGH THE MEET-AND-CONFER.                                   10:44
21            THE COURT:  YOU'RE BOTH ENTITLED TO THIS INFORMATION.
22    IF NOTHING IS CLEAR AFTER TODAY, I HOPE THAT IS.  YOU'RE BOTH
23    ENTITLED TO THIS INFORMATION.
24            SPEAK TO ME FOR A MOMENT ABOUT THIS DEPOSITION.
25            WAS THERE A DEPOSITION CANCELLED THIS WEEK?           10:44
```

```
 1            MR. ZELLER:  YES.

 2            THE COURT:  PLEASE TELL ME THAT MR. NOLAN

 3   MISUNDERSTOOD AND THAT YOU DIDN'T CANCEL IT OUTRIGHT, BUT THAT

 4   IT'S GOING TO BE RESCHEDULED IN THE NOT-SO-DISTANCE FUTURE.

 5            MR. ZELLER:  THERE ARE MORE ISSUES GOING ON THAN       10:44

 6   MR. NOLAN MENTIONED.  THIS IS A DEPOSITION OF A THIRD PARTY,

 7   YOUNG & RUBICAM.  MGA PURPORTED TO REQUIRE TO GO FORWARD ON

 8   THREE BUSINESS DAYS' NOTICE, WHICH WAS NOT ENOUGH TIME.  AND,

 9   IN PARTICULAR, PREVIOUSLY, YOUR HONOR, WHEN MATTEL HAD

10   PREVIOUSLY NOTICED DEPOSITIONS ON A WEEK'S NOTICE -- ACTUALLY,  10:44

11   THEY HAD AN ISSUE IN FRONT OF JUDGE INFANTE ON IT, AND IT WAS

12   RULED THAT WAS INSUFFICIENT NOTICE.  SO WE WERE VERY SURPRISED

13   THAT THIS WAS UNILATERALLY ANNOUNCED.  IT WASN'T SCHEDULED,

14   WITH US ANYWAY.

15            IN ADDITION, IT WAS MGA THAT DELAYED IN THE           10:45

16   MEET-AND-CONFER.  THE DAY THAT THEY SENT THE SUBPOENA, WE SENT

17   A MEET-AND-CONFER LETTER TO THEM ASKING TO HAVE DISCUSSIONS TO

18   GET THIS RESOLVED.

19            THE COURT:  WHEN IS THE DEPOSITION GOING TO GO

20   FORWARD, THEN?                                                 10:45

21            MR. ZELLER:  I UNDERSTAND THAT THERE'S GOING TO BE

22   MORE CONVERSATIONS BETWEEN Y&R'S LAWYER, QUINN EMANUEL, AND

23   MGA'S LAWYER TODAY TO TRY AND SCHEDULE THAT.

24            THE COURT:  I TRUST IT WILL BE SCHEDULED SOME TIME IN

25   THE NEXT TWO TO THREE WEEKS, COUNSEL.                          10:45
```

1      **MR. ZELLER:**  THAT WOULD BE MY ASSUMPTION, YOUR HONOR.

2  I BELIEVE THAT IS WHAT WE'RE ATTEMPTING TO DO.  BUT WE WERE

3  GIVEN, LITERALLY, NO NOTICE OF THIS.

4      **THE COURT:**  YOU'VE NOW BEEN GIVEN NOTICE OF IT.  I

5  DON'T WANT TO HEAR, IN TWO TO THREE WEEKS' TIME, THAT THAT                 10:45

6  DEPOSITION HAS NOT BEEN COMPLETED.

7      **MR. ZELLER:**  YES.  FAIR ENOUGH.

8      AND ALSO TO PUT A FURTHER POINT ON THE DEPOSITION,

9  NOT BECAUSE OF THE DISCOVERY DISPUTE ASPECT OF IT, BUT THIS IS

10 WHERE WE FIRST HEARD THIS ANNOUNCEMENT, ESSENTIALLY, BY MGA            10:45

11 THAT IT BELIEVED THAT THIS WHOLE 'KILL BRATZ' THEME THAT THEY

12 NOW WANT TO ESPOUSE WAS GOING TO BE PART OF PHASE 1-A.  AND

13 THAT, OF COURSE, ALSO RAISED SOME RED FLAGS AND SOME ISSUES

14 WITH US IN TERMS OF TALKING WITH THEM ABOUT WHAT THE SCOPE OF

15 THIS 30(B)(6) DEPOSITION WAS GOING TO BE OF Y&R, BECAUSE              10:46

16 OBVIOUSLY, WE HAVE CERTAIN ISSUES AS TO -- AND MR. COREY WILL

17 ADDRESS MORE OF THE SUBSTANCE, I THINK, OF OUR MOTION.

18     BUT AS THE COURT KNOWS, WE DO HAVE SERIOUS PROBLEMS

19 AS TO WHY WE -- YOU KNOW, WE DON'T THINK THAT THAT'S A

20 LEGITIMATE DEFENSE, PARTICULARLY TO PHASE 1-A.                        10:46

21     **THE COURT:**  THANK YOU, COUNSEL.

22     **MR. ZELLER:**  THANK YOU.

23     **THE COURT:**  MR. COREY?

24     **MR. COREY:**  THANK YOU, YOUR HONOR.

25     I WILL BE BRIEF.                                                 10:46

1      I THINK THE DISCUSSION THE COURT HAD WITH COUNSEL FOR

2   MGA WAS VERY INFORMATIVE.  I DO THINK THE COURT HAS CORRECTLY

3   POINTED OUT THAT WE HAVE MOVED IN THE ALTERNATIVE FOR A MOTION

4   FOR SUMMARY JUDGMENT.  AND UNDER THE CELOTEX CASE, ALL WE HAVE

5   TO DO IS POINT OUT THE LACK OF APPARENT EVIDENCE IN THE RECORD;      10:46

6   AND WE DID THAT.  AND THEY HAVE THE BURDEN, THEY HAVE THE

7   OBLIGATION, TO COME BACK WITH FACTS, EVIDENCE, TO SUPPORT THEIR

8   CLAIMS.

9          **THE COURT:**  SINCE DISCOVERY IS NOT COMPLETED AND

10  YOU'RE STILL IN THE PROCESS OF ELICITING THIS, DO YOU REALLY      10:47

11  THINK THIS IS THE APPROPRIATE TIME FOR THE COURT TO BE RULING

12  ON THIS MOTION?

13         **MR. COREY:**  I DO.

14         **THE COURT:**  WHY IS THAT?

15         **MR. COREY:**  FOR TWO REASONS.      10:47

16         AS MR. NOLAN POINTED OUT, WE'RE 57 DAYS AWAY.  WE

17  SHOULD HAVE A RULING ON WHAT ASPECT OF THE UNCLEAN HANDS

18  DEFENSE IS GOING TO GO FORWARD IN PHASE ONE OR NOT.  I MEAN,

19  THERE'S NOT A BETTER TIME TO MAKE THAT DECISION.

20         BUT THE MORE SIGNIFICANT REASON IS, THEY CLAIM TO      10:47

21  HAVE THE EVIDENCE, WHATEVER IT IS.  THEY COULDN'T ARTICULATE IT

22  FOR YOU HERE TODAY, BUT THIS IS WHAT THEY WROTE IN THEIR

23  OPPOSITION ON PAGE 10 OF FOOTNOTE 3:  THEY SAID, QUOTE, "IT

24  WILL NOT COME AS A SURPRISE TO THE COURT TO LEARN THAT MUCH OF

25  THE DISCOVERY NECESSARY TO SUPPORT MGA'S UNCLEAN HANDS DEFENSE      10:47

1    ALLEGATION HAS, IN FACT, BEEN TAKEN."

2         THAT'S PAGE 10, NOTE 3.

3         THEY ELECTED NOT TO PUT THAT IN FRONT OF THE COURT.

4    THEY'VE NEVER AT ANY POINT PUT THAT IN FRONT OF MATTEL.  AND

5    THAT SHIP, I THINK, FRANKLY, MAY HAVE SAILED.                    10:48

6         NOW, SEPARATELY, THEY COULDN'T ARTICULATE FOR YOU

7    WHAT SPECIFIC ASPECTS OF THE UNCLEAN HANDS DEFENSE BELONGS IN

8    PHASE ONE.  THE ONLY EXAMPLE THAT THEY GAVE YOU WERE SOME FALSE

9    AND DISPARAGING REMARKS BY MATTEL REGARDING MGA, BRYANT, AND

10   BRATZ.                                                           10:48

11        THERE ARE A COUPLE OF PROBLEMS WITH THAT, NOT THE

12   LEAST OF WHICH IS IT'S NOT BEEN PLED -- NOTHING HAS BEEN PLED

13   AS FALSE; IT'S JUST BEEN PLED AS DISPARAGING.  AND THAT'S NOT

14   ACTUAL AND IT DOESN'T GIVE RISE TO AN UNCLEAN HANDS DEFENSE.

15   BUT I THINK THE MORE SIGNIFICANT POINT IS, THE COURT HAS         10:48

16   ALREADY MADE THAT DECISION, AND THAT'S THE REASON FOR THE

17   PHASING MOTION.

18        IF MATTEL, IN FACT, OWNS BRATZ, THERE'S NO CLAIM,

19   MUCH LESS A DEFENSE, THAT ARISES OUT OF DISPARAGING COMMENTS

20   THAT MAY HAVE BEEN MADE.  THAT'S THE ENTIRE JUSTIFICATION FOR    10:49

21   WHY THE TRIAL IS GOING TO BE BIFURCATED.  AND THEN SEPARATELY,

22   DISPARAGING REMARKS ARE NOT A DEFENSE TO A COPYRIGHT

23   INFRINGEMENT CLAIM.  IT JUST DOESN'T GO TO THAT.

24        THAT'S ALL, UNLESS THE COURT HAS ANYTHING ELSE.

25        **THE COURT:**  NO.  VERY GOOD.                             10:49

```
 1              LET ME HEAR FROM MR. NOLAN.  THEN I'LL TRY TO WRAP
 2    THIS UP.
 3              THANK YOU, MR. COREY.
 4         MR. NOLAN:  YOUR HONOR, I'M NOT EVEN GOING TO SAY I'M
 5    GOING TO BE BRIEF, BECAUSE WHEN LAWYERS SAY THAT, THEY'RE NEVER   10:49
 6    BRIEF.
 7              I'M NOT GOING TO ADDRESS ALL OF THE THINGS THAT
 8    MR. ZELLER SAID ABOUT THE YOUNG & RUBICAM DEPOSITION.  WE
 9    CLEARLY DISAGREE.  COUNSEL FOR THE THIRD PARTY WAS AVAILABLE.
10    THE WITNESS WAS AVAILABLE; THEY WANTED TO GET IT OVER WITH        10:49
11    BEFORE THE HOLIDAYS; WE HAD TICKETS; WE'RE READY TO GO; THE
12    DEPOSITION WAS NOTICED.  A PHONE CALL -- NOT EVEN A PHONE CALL.
13    AN E-MAIL:  CANCELLED; UNAVAILABLE.  THAT'S IT.
14              ALL I WANT FOR CHRISTMAS, YOUR HONOR, IS A
15    DEPOSITION.                                                       10:50
16         THE COURT:  OKAY.  WELL, I TRUST YOU'RE GOING TO GET
17    THAT IN THE NEXT COUPLE OF WEEKS, COUNSEL.
18              THE COURT IS GOING TO GRANT THE MOTION TO SERVE THE
19    ADDITIONAL INTERROGATORY, AND THEN I WILL ALSO DIRECT COUNSEL
20    TO MEET AND CONFER ON ANY ADDITIONAL INTERROGATORY THAT MGA OR   10:50
21    CARTER BRYANT MIGHT NEED ALONG THE SAME LINES.  THESE
22    AFFIRMATIVE DEFENSES NEED TO GET SPELLED OUT.
23              I AM GOING TO TAKE THE MOTION TO STRIKE THE
24    AFFIRMATIVE DEFENSES UNDER SUBMISSION.  I'M GOING TO TAKE
25    ANOTHER LOOK AT IT IN LIGHT OF WHAT WAS BROUGHT OUT IN THIS      10:50
```

1   HEARING, PARTICULARLY IN THE CONTEXT OF PHASE ONE, WHICH IS A

2   SLIGHTLY DIFFERENT STANDARD WITH RESPECT TO, AT LEAST, THE

3   UNCLEAN HANDS DEFENSE IN PHASE ONE.  BUT I'LL TAKE A LOOK AT

4   THAT, AND I'LL ISSUE SOMETHING IN WRITING SOON.

5           I DON'T WANT TO HOLD UP THE DISCOVERY PROCESS AT ALL,    10:50

6   SO LET'S GO AHEAD AND GET THIS INTERROGATORY SERVED.  LET'S

7   MEET AND CONFER ABOUT FURTHER INTERROGATORIES THAT MGA MIGHT

8   NEED, THAT CARTER BRYANT MIGHT NEED, WITH RESPECT TO THESE

9   AFFIRMATIVE DEFENSES, AND LET'S START SHOWING WHAT WE HAVE AND

10  MOVE THIS THING ALONG.  AS MR. NOLAN HAS REMINDED US ALL, WE    10:50

11  HAVE 57 DAYS UNTIL DISCOVERY ENDS.

12          THANK YOU, COUNSEL.

13

14

15

16

17

18                        CERTIFICATE

19

20  I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
    STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
21  THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
    ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
22  CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
    THE UNITED STATES.

23

24  _____              _____
    THERESA A. LANZA, CSR, RPR                    DATE
25  FEDERAL OFFICIAL COURT REPORTER

DECEMBER 3. 2007                        BRYANT V MATTEL