| | |
|---|---|
| 1 | ANNETTE L. HURST (BAR #148738) |
| | ahurst@orrick.com |
| 2 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | The Orrick Building |
| 3 | 405 Howard Street |
| | San Francisco, CA 94105-2669 |
| 4 | TELEPHONE: (415) 773-5700 |
| | FACSIMILE: (415) 773-5759 |
| 5 | |
| | WILLIAM A. MOLINISKI (BAR #145186) |
| 6 | wmolinski@orrick.com |
| | ORRICK, HERRINGTON & SUTCLIFFE, LLP |
| 7 | 777 South Figueroa Street, Suite 3200 |
| | Los Angeles, CA 90017 |
| 8 | TELEPHONE: (213) 629-2020 |
| | FACSIMILE: (213) 612-2499 |
| 9 | |
| | THOMAS S. MCCONVILLE (BAR #155905) |
| 10 | tmcconville@orrick.com |
| | ORRICK, HERRINGTON & SUTCLIFFE, LLP |
| 11 | 4 Park Plaza, Suite 1600 |
| | Irvine, CA 92614-2558 |
| 12 | TELEPHONE: (949) 567-6700 |
| | FACSIMILE: (949) 567-6710 |
| 13 | |
| | Attorneys for MGA Parties |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DISTRICT

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No. CV 04-9049-DOC (RNBx) |
| | Consolidated with Nos. CV 04-9059 |
| Plaintiff, | and CV 05-2727 |
| v. | **MOTION OF ORRICK, HERRINGTON & SUTCLIFFE LLP TO WITHDRAW AS COUNSEL FOR THE MGA PARTIES** |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | Date: October 24, 2011 |
| | Time: 8:30 a.m. |
| | Dept: Courtroom 9D |
| | Judge: Hon. David O. Carter |
| AND CONSOLIDATED ACTIONS. | |

MOTION OF ORRICK TO WITHDRAW AS
COUNSEL FOR THE MGA PARTIES
Case No.CV 04-9049-DOC

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, October 24, 2011, at 8:30 a.m., or as soon thereafter as may be heard, before the Honorable David O. Carter, located at 411 West Fourth Street, Santa Ana, California, Orrick, Herrington & Sutcliffe LLP ("Orrick") will, and hereby does, move this Court for an order permitting Orrick to withdraw as counsel of record for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico, S.R.L. de C.V., and Isaac Larian (collectively, "MGA") in the above-captioned cases. This motion is made on the grounds of non-payment of attorneys' fees and a conflict between Orrick and MGA and is supported by this Notice, the accompanying Memorandum of Points and Authorities, the declarations of David Fries and Frank A. Cialone filed contemporaneously herewith, the papers and pleadings on file in this action, and the argument and other evidence to be presented at the hearing of this matter.

Pursuant to Local Rule 7-3, this motion is made following conference of counsel (Frank A. Cialone of Shartsis Friese LLP as counsel for Orrick and Mathew Fletcher of Connor, Fletcher & Williams LLP as counsel for MGA) which took place on September 9, 2011.

DATED: September 23, 2011

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: /s/ Thomas S. McConville
THOMAS S. MCCONVILLE

Attorneys for MGA ENTERTAINMENT., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C. V., and ISAAC LARIAN

1

MOTION OF ORRICK TO WITHDRAW AS COUNSEL FOR THE MGA PARTIES
Case No. CV 04-9049-DOC

**MEMORANDUM OF POINTS AND AUTHORITIES**

Orrick submits this memorandum in support of its motion for leave to withdraw as counsel for MGA on grounds of nonpayment of fees and a conflict between Orrick and MGA.

Although judgment was entered on August 4, 2011, because there remain certain procedural issues to be resolved by this Court and the matter has not yet been administratively closed, Orrick submits this motion to withdraw as counsel of record in order to formalize its resignation as counsel for MGA.

For the reasons set forth below and in the accompanying declarations of David Fries and Frank A. Cialone, Orrick respectfully seeks an order of the Court's permitting it to withdraw as counsel of record for MGA in this matter.

## I. FACTUAL BACKGROUND

Orrick began working for MGA in connection with the Mattel Action in May 2009 and first made a formal appearance as counsel of record in July 2009. Declaration of David Fries in Support of Motion to Withdraw ("Fries Decl."), ¶ 2. Orrick agreed to represent MGA in the Mattel Action only with stringent conditions regarding payment. *Id.*

Since agreeing to represent MGA in the Mattel action, Orrick successfully overturned an injunction against MGA, obtained a new trial on all claims and, along with co-counsel Keller Rackauckas LLP, obtained a judgment in favor of MGA and against Mattel in the amount of $85 million in compensatory damages, $85 million in exemplary damages, and $140 million in attorneys' fees and costs. *Id.* at ¶ 3. While Mattel has appealed this judgment, Orrick does not represent MGA for purposes of the appeal.[1] *Id.* at ¶ 7.

Despite Orrick's success in the Mattel Action, MGA has not adhered to its agreement to pay Orrick for its work. *Id.* at ¶¶ 3-5; *see also* Declaration of Frank A. Cialone in Support of Motion to Withdraw ("Cialone Decl."), ¶ 4. Under Orrick's engagement agreement with MGA,

---

[1] The engagement agreement between Orrick and MGA limited the scope of Orrick's representation of MGA in the Mattel Action and expressly excluded from the scope of that representation any appeals, except for the appeal of the first trial against Mattel which was completed in 2010. Fries Decl., ¶ 7. Accordingly, by the terms of Orrick's and MGA's agreement, Orrick does not represent MGA in the appeal of the retrial currently pending before the Ninth Circuit Court of Appeals.

1  MGA was to pay a fixed monthly payment to Orrick to be applied toward attorneys' fees
2  incurred, by the tenth day of each month. Commencing with the month of December 2010, the
3  fixed payment was agreed to be $550,000 per month. Fries Decl., ¶ 4. MGA was also required to
4  turn over to Orrick any insurance proceeds received from its insurers with respect to legal fees,
5  costs and expenses owing to Orrick. *Id.* In addition, MGA was required to pay all costs and
6  expenses within 60 days of receiving an invoice from Orrick, which invoices Orrick sent
7  monthly. *Id.* All fees and costs not covered by the payments referenced above become due and
8  payable 60 days following entry of judgment (or settlement). *Id.*

9  This year, MGA has only paid Orrick the required fixed monthly payments for attorneys'
10 fees twice, in January and in March 2011. *Id.* at ¶ 5. MGA has not turned over any insurance
11 payments to Orrick since May 2011; the payment that was turned over in May 2011 was for fees
12 and costs incurred in February 2011 and invoiced in March 2011. *Id.* MGA also has not paid any
13 amount to cover invoiced costs and expenses since at least March 2011. *Id.* Thus, MGA
14 currently owes Orrick at least $3.85 million for legal fees currently payable, and at least $287,000
15 for outstanding costs and expenses currently payable. *Id.* Once all fees come due on October 3,
16 2011 (60 days following judgment, which was entered on August 4, 2011), the amount owed and
17 payable by MGA to Orrick will exceed $20 million.[2] *Id.*

18 MGA has indicated that it will not pay Orrick the amounts currently due and owing, or the
19 amounts that will become due in the future. Cialone Decl., ¶ 4. In fact, on or about August 5,
20 2011, the day after judgment was entered in favor of MGA for $170 million in damages and $140
21 million in attorneys' fees and costs, MGA instituted arbitration proceedings against Orrick with
22 the American Arbitration Association ("AAA") seeking at least $10 million relating to legal
23 services provided by Orrick to MGA in the Mattel Action. *Id.* at ¶ 2. While MGA has since
24 withdrawn the arbitration claim from AAA, it did so without prejudice and only because Orrick
25 agreed to arbitrate MGA's claims and Orrick's related fee claims before JAMS instead of AAA

---

[2] MGA also owes Orrick significant fees and costs related to Orrick's representation of MGA in other matters. After Orrick moved to withdraw as counsel for MGA in an action pending in the Southern District of New York for non-payment of fees, MGA stipulated to a substitution of counsel so that Orrick could withdraw from that matter. Fries Decl., ¶ 6.

1  (the forum selected in the engagement agreement between Orrick and MGA). *Id.*

2  After MGA initiated arbitration proceedings against Orrick, Orrick advised MGA, in writing, that it was resigning as counsel for MGA effective immediately and that it would take all actions necessary both to give effect to the resignation and to provide for an orderly transition to MGA's designated counsel. *Id.* ¶ 3. Subsequently, counsel for Orrick met and conferred with counsel for MGA on multiple occasions regarding Orrick's desire to formalize its resignation by seeking leave of the Court to withdraw as counsel for MGA in the Mattel Action. *Id.* ¶ 4. Counsel for MGA has stated that MGA will not stipulate to the withdrawal (*id.*), even though judgment has been entered and only a few, predominantly procedural, details remain before the District Court for resolution, MGA is represented by two other law firms in connection with the Mattel Action, Orrick does not represent MGA for purposes of appeal, and MGA has instituted legal proceedings against Orrick related to Orrick's representation of MGA in this action. *Id.* at ¶¶ 2, 4-5; Fries Decl., ¶ 7.

## II. LEGAL ARGUMENT

Under Central District of California local rules, "[a]n attorney may not withdraw as counsel except by leave of the court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.9.2.1.

An attorneys' motion to withdraw as counsel must disclose adequate grounds for excusing counsel from further representation. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 12:192 (2011). Federal courts generally look to the applicable state rules of professional conduct to determine what constitutes adequate grounds for withdrawal. *Denney v. City of Berkeley*, 2004 U.S. Dist. LEXIS 24265, at *5 (N.D. Cal. Nov. 18, 2004). Pursuant to California Rules of Professional Conduct, Rule 3-700(C), withdrawal is permitted in certain enumerated circumstances. Specifically, Rule 3-700(C)(1)(f) permits withdrawal where the client breaches an agreement or obligation to the attorney as to expenses or fees. Cal. Code of Prof'l Conduct R. 700(C)(1)(f). Courts have also held that the failure to pay attorney's fees may be grounds for withdrawal. *Schueneman v. 1st Credit of America, LLC*, 2007

1  U.S. Dist. LEXIS 48981, at *23-24 (N.D. Cal. July 6, 2007); *HyLoft, Inc. v. Jiangsu Sainty*
2  *Shengtong Imp. & Exp. Co., Ltd.*, 2008 U.S. Dist. LEXIS 109631, *7-8 (C.D. Cal. Sept. 8, 2008).

3  "The decision to grant or deny counsel's motion to withdraw is committed to the
4  discretion of the trial court." *Canandaigua Wine Co. v. Moldauer*, 2009 U.S. Dist. LEXIS 4238,
5  at *2 (E.D. Cal. Jan 13, 2009) (citing cases). In ruling on a motion to withdraw, some courts have
6  looked to the following factors: (1) the reasons why withdrawal is sought; (2) the prejudice
7  withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the
8  administration of justice; and (4) the degree to which withdrawal will delay the resolution of the
9  case. *Id.* at *3-4 (citing cases). In addition, no substitution or relief of attorney will be approved
10 that will cause delay in prosecution of the case to completion. L.R. 83-2.9.2.4.

11 Here, each of the four factors supports, indeed compels, the approval of Orrick's
12 withdrawal. MGA has breached its agreement with Orrick by failing and refusing to pay Orrick's
13 fees and expenses. Not only has MGA failed to pay the more than $4 million in fees and costs
14 currently due, MGA has indicated that it will not pay the more than $20 million that will come
15 due as of October 3, 2011. Fries Decl., ¶ 5; Cialone Decl., ¶ 4. In addition, despite the
16 phenomenal result Orrick and co-counsel were able to achieve for MGA, the day after judgment
17 was entered, MGA filed an arbitration claim against Orrick seeking in excess of $10 million.
18 Cialone Decl., ¶ 2. While MGA has withdrawn the claim without prejudice to refile in another
19 forum, there remains a conflict between MGA and Orrick. *Id.*

20 Moreover, no prejudice, harm or delay will result from granting Orrick's request to
21 withdraw because the Mattel Action has concluded and judgment has been entered. There remain
22 only a few post-judgment, predominantly procedural, details to wrap up. *See id.* at ¶ 4. *See*
23 *Schueneman*, 2007 U.S. Dist. LEXIS 48981, at *23-24 (granting motion to withdraw based on
24 nonpayment of attorneys' fees after plaintiff accepted an offer of judgment, finding no prejudice
25 because little if anything remained to be done in the litigation). Additionally, MGA continues to
26 be represented in the Mattel Action by two other law firms and has separately engaged a third law
27 firm for purposes of pursuing claims against Orrick.[3] Cialone Decl., ¶¶ 4-5. Thus, to the extent

28 _____
   [3] Although MGA is represented in the Mattel Action by other law firms, in order to strictly

1  there remains anything to be done at the District Court level, MGA is more than adequately
2  represented.

4  DATED:     September 23, 2011              ORRICK, HERRINGTON & SUTCLIFFE LLP

6                                             By: /s/Thomas S. McConville
7                                                 THOMAS S. MCCONVILLE

8                                             Attorneys for MGA ENTERTAINMENT., MGA
                                              ENTERTAINMENT HK, LTD., MGA de
9                                             MEXICO, S.R.L. de C. V., and ISAAC LARIAN

---

comply with Central District Local Rule 83-2.9.2.3, Orrick provided written notice to MGA of the consequences of the inability of entities to appear pro se in federal court.  Cialone Decl., ¶ 5.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Orrick submits this memorandum in support of its motion for leave to withdraw as counsel for MGA on grounds of nonpayment of fees and a conflict between Orrick and MGA.

Although judgment was entered on August 4, 2011, because there remain certain procedural issues to be resolved by this Court and the matter has not yet been administratively closed, Orrick submits this motion to withdraw as counsel of record in order to formalize its resignation as counsel for MGA.

For the reasons set forth below and in the accompanying declarations of David Fries and Frank A. Cialone, Orrick respectfully seeks an order of the Court's permitting it to withdraw as counsel of record for MGA in this matter.

**I.     FACTUAL BACKGROUND**

Orrick began working for MGA in connection with the Mattel Action in May 2009 and first made a formal appearance as counsel of record in July 2009. Declaration of David Fries in Support of Motion to Withdraw ("Fries Decl."), ¶ 2. Orrick agreed to represent MGA in the Mattel Action only with stringent conditions regarding payment. *Id.*

Since agreeing to represent MGA in the Mattel action, Orrick successfully overturned an injunction against MGA, obtained a new trial on all claims and, along with co-counsel Keller Rackauckas LLP, obtained a judgment in favor of MGA and against Mattel in the amount of $85 million in compensatory damages, $85 million in exemplary damages, and $140 million in attorneys' fees and costs. *Id.* at ¶ 3. While Mattel has appealed this judgment, Orrick does not represent MGA for purposes of the appeal.[1] *Id.* at ¶ 7.

Despite Orrick's success in the Mattel Action, MGA has not adhered to its agreement to pay Orrick for its work. *Id.* at ¶¶ 3-5; *see also* Declaration of Frank A. Cialone in Support of Motion to Withdraw ("Cialone Decl."), ¶ 4. Under Orrick's engagement agreement with MGA,

---

[1] The engagement agreement between Orrick and MGA limited the scope of Orrick's representation of MGA in the Mattel Action and expressly excluded from the scope of that representation any appeals, except for the appeal of the first trial against Mattel which was completed in 2010. Fries Decl., ¶ 7. Accordingly, by the terms of Orrick's and MGA's agreement, Orrick does not represent MGA in the appeal of the retrial currently pending before the Ninth Circuit Court of Appeals.

MGA was to pay a fixed monthly payment to Orrick to be applied toward attorneys' fees incurred, by the tenth day of each month. Commencing with the month of December 2010, the fixed payment was agreed to be $550,000 per month. Fries Decl., ¶ 4. MGA was also required to turn over to Orrick any insurance proceeds received from its insurers with respect to legal fees, costs and expenses owing to Orrick. *Id.* In addition, MGA was required to pay all costs and expenses within 60 days of receiving an invoice from Orrick, which invoices Orrick sent monthly. *Id.* All fees and costs not covered by the payments referenced above become due and payable 60 days following entry of judgment (or settlement). *Id.*

This year, MGA has only paid Orrick the required fixed monthly payments for attorneys' fees twice, in January and in March 2011. *Id.* at ¶ 5. MGA has not turned over any insurance payments to Orrick since May 2011; the payment that was turned over in May 2011 was for fees and costs incurred in February 2011 and invoiced in March 2011. *Id.* MGA also has not paid any amount to cover invoiced costs and expenses since at least March 2011. *Id.* Thus, MGA currently owes Orrick at least $3.85 million for legal fees currently payable, and at least $287,000 for outstanding costs and expenses currently payable. *Id.* Once all fees come due on October 3, 2011 (60 days following judgment, which was entered on August 4, 2011), the amount owed and payable by MGA to Orrick will exceed $20 million.[2] *Id.*

MGA has indicated that it will not pay Orrick the amounts currently due and owing, or the amounts that will become due in the future. Cialone Decl., ¶ 4. In fact, on or about August 5, 2011, the day after judgment was entered in favor of MGA for $170 million in damages and $140 million in attorneys' fees and costs, MGA instituted arbitration proceedings against Orrick with the American Arbitration Association ("AAA") seeking at least $10 million relating to legal services provided by Orrick to MGA in the Mattel Action. *Id.* at ¶ 2. While MGA has since withdrawn the arbitration claim from AAA, it did so without prejudice and only because Orrick agreed to arbitrate MGA's claims and Orrick's related fee claims before JAMS instead of AAA

---

[2] MGA also owes Orrick significant fees and costs related to Orrick's representation of MGA in other matters. After Orrick moved to withdraw as counsel for MGA in an action pending in the Southern District of New York for non-payment of fees, MGA stipulated to a substitution of counsel so that Orrick could withdraw from that matter. Fries Decl., ¶ 6.

(the forum selected in the engagement agreement between Orrick and MGA). *Id.*

After MGA initiated arbitration proceedings against Orrick, Orrick advised MGA, in writing, that it was resigning as counsel for MGA effective immediately and that it would take all actions necessary both to give effect to the resignation and to provide for an orderly transition to MGA's designated counsel. *Id.* ¶ 3. Subsequently, counsel for Orrick met and conferred with counsel for MGA on multiple occasions regarding Orrick's desire to formalize its resignation by seeking leave of the Court to withdraw as counsel for MGA in the Mattel Action. *Id.* ¶ 4. Counsel for MGA has stated that MGA will not stipulate to the withdrawal (*id.* ), even though judgment has been entered and only a few, predominantly procedural, details remain before the District Court for resolution, MGA is represented by two other law firms in connection with the Mattel Action, Orrick does not represent MGA for purposes of appeal, and MGA has instituted legal proceedings against Orrick related to Orrick's representation of MGA in this action. *Id.* at ¶¶ 2, 4-5; Fries Decl., ¶ 7.

## II. LEGAL ARGUMENT

Under Central District of California local rules, "[a]n attorney may not withdraw as counsel except by leave of the court. An application for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.9.2.1.

An attorneys' motion to withdraw as counsel must disclose adequate grounds for excusing counsel from further representation. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 12:192 (2011). Federal courts generally look to the applicable state rules of professional conduct to determine what constitutes adequate grounds for withdrawal. *Denney v. City of Berkeley*, 2004 U.S. Dist. LEXIS 24265, at *5 (N.D. Cal. Nov. 18, 2004). Pursuant to California Rules of Professional Conduct, Rule 3-700(C), withdrawal is permitted in certain enumerated circumstances. Specifically, Rule 3-700(C)(1)(f) permits withdrawal where the client breaches an agreement or obligation to the attorney as to expenses or fees. Cal. Code of Prof'l Conduct R. 700(C)(1)(f). Courts have also held that the failure to pay attorney's fees may be grounds for withdrawal. *Schueneman v. 1st Credit of America, LLC*, 2007

U.S. Dist. LEXIS 48981, at *23-24 (N.D. Cal. July 6, 2007); *HyLoft, Inc. v. Jiangsu Sainty Shengtong Imp. & Exp. Co., Ltd.*, 2008 U.S. Dist. LEXIS 109631, *7-8 (C.D. Cal. Sept. 8, 2008).

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Canandaigua Wine Co. v. Moldauer*, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan 13, 2009) (citing cases). In ruling on a motion to withdraw, some courts have looked to the following factors: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Id.* at *3-4 (citing cases). In addition, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion. L.R. 83-2.9.2.4.

Here, each of the four factors supports, indeed compels, the approval of Orrick's withdrawal. MGA has breached its agreement with Orrick by failing and refusing to pay Orrick's fees and expenses. Not only has MGA failed to pay the more than $4 million in fees and costs currently due, MGA has indicated that it will not pay the more than $20 million that will come due as of October 3, 2011. Fries Decl., ¶ 5; Cialone Decl., ¶ 4. In addition, despite the phenomenal result Orrick and co-counsel were able to achieve for MGA, the day after judgment was entered, MGA filed an arbitration claim against Orrick seeking in excess of $10 million. Cialone Decl., ¶ 2. While MGA has withdrawn the claim without prejudice to refile in another forum, there remains a conflict between MGA and Orrick. *Id.*

Moreover, no prejudice, harm or delay will result from granting Orrick's request to withdraw because the Mattel Action has concluded and judgment has been entered. There remain only a few post-judgment, predominantly procedural, details to wrap up. *See id.* at ¶ 4. *See Schueneman*, 2007 U.S. Dist. LEXIS 48981, at *23-24 (granting motion to withdraw based on nonpayment of attorneys' fees after plaintiff accepted an offer of judgment, finding no prejudice because little if anything remained to be done in the litigation). Additionally, MGA continues to be represented in the Mattel Action by two other law firms and has separately engaged a third law firm for purposes of pursuing claims against Orrick.[3] Cialone Decl., ¶¶ 4-5. Thus, to the extent

---

[3] Although MGA is represented in the Mattel Action by other law firms, in order to strictly

5      MOTION OF ORRICK TO WITHDRAW AS
COUNSEL FOR THE MGA PARTIES
Case No.CV 04-9049-DOC

1  there remains anything to be done at the District Court level, MGA is more than adequately
2  represented.
3
4  DATED: September 23, 2011          ORRICK, HERRINGTON & SUTCLIFFE LLP
5
6                                     By:/s/Thomas S. McConville
7                                          THOMAS S. MCCONVILLE

8                                     Attorneys for MGA ENTERTAINMENT., MGA
                                      ENTERTAINMENT HK, LTD., MGA de
9                                     MEXICO, S.R.L. de C. V., and ISAAC LARIAN

---

comply with Central District Local Rule 83-2.9.2.3, Orrick provided written notice to MGA of the consequences of the inability of entities to appear pro se in federal court. Cialone Decl., ¶ 5.