ANNETTE L. HURST (BAR #148738)
ahurst@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
TELEPHONE: (415) 773-5700
FACSIMILE: (415) 773-5759

WILLIAM A. MOLINISKI (BAR #145186)
wmolinski@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE, LLP
777 South Figueroa Street, Suite 3200
Los Angeles, CA 90017
TELEPHONE: (213) 629-2020
FACSIMILE: (213) 612-2499

THOMAS S. MCCONVILLE (BAR #155905)
tmcconville@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE, LLP
4 Park Plaza, Suite 1600
Irvine, CA 92614-2558
TELEPHONE: (949) 567-6700
FACSIMILE: (949) 567-6710

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DISTRICT

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049-DOC (RNBx)<br>Consolidated with Nos. CV 04-9059 and CV 05-2727<br><br>**DECLARATION OF DAVID FRIES IN SUPPORT OF MOTION OF ORRICK, HERRINGTON & SUTCLIFFE LLP TO WITHDRAW AS COUNSEL FOR THE MGA PARTIES**<br><br>Date: October 24, 2011<br>Time: 8:30 a.m.<br>Dept: Courtroom 9D<br>Judge: Hon. David O. Carter |

Case No.
CV 04-9049-DOC

DECL. OF DAVID FRIES IN SUPPORT OF ORRICK'S MOTION
TO WITHDRAW AS COUNSEL FOR MGA PARTIES

I, David Fries, declare as follows:

1. I am the Chief Client Service Officer for Orrick, Herrington, & Sutcliffe LLP ("Orrick"), attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., MGAE de Mexico, S.R.L. de C.V., and Isaac Larian (collectively, "MGA") in connection with the above-captioned consolidated actions (the "Mattel Action"). I submit this Declaration in support of Orrick's Motion to Withdraw as Counsel for the MGA Parties. I am familiar with the facts surrounding Orrick's relationship with MGA, and generally familiar with the procedural history of the Mattel Action since Orrick began representing MGA in that matter. I make the following Declaration of my own personal knowledge, and if called to testify as a witness, could and would testify truthfully to the facts stated herein.

2. Orrick began working for MGA in connection with the Mattel Action in May 2009 and first made a formal appearance as counsel of record in July 2009. Orrick agreed to represent MGA in the Mattel Action only with stringent conditions regarding payment.

3. Since agreeing to represent MGA in the Mattel action, Orrick successfully overturned an injunction against MGA, obtained a new trial on all claims and, along with co-counsel Keller Rackauckas LLP, obtained a judgment in favor of MGA and against Mattel in the amount of $85 million in compensatory damages, $85 million in exemplary damages, and $140 million in attorneys' fees and costs. Despite Orrick's track record of success, MGA has not adhered to its agreement to pay Orrick for its work.

4. Under Orrick's engagement agreement with MGA, MGA was to pay a fixed monthly payment to Orrick to be applied toward attorneys' fees incurred, by the tenth day of each month. Commencing with the month of December 2010, the fixed payment was agreed to be $550,000 per month. MGA was also required to turn over to Orrick any insurance proceeds received from its insurers with respect to legal fees, costs and expenses owing to Orrick. In addition, MGA was required to pay all costs and expenses within 60 days of receiving an invoice from Orrick, which invoices Orrick sent monthly. All fees and costs not covered by the payments referenced above become due and payable 60 days following entry of judgment (or settlement).

5.  This year, MGA has only paid Orrick the required fixed monthly payments for attorneys' fees twice, in January and in March 2011. MGA has not turned over any insurance payments to Orrick since May 2011; the payment that was turned over in May 2011 was for fees and costs incurred in February 2011 and invoiced in March 2011. MGA also has not paid any amount to cover invoiced costs and expenses since at least March 2011. Thus, MGA currently owes Orrick at least $3.85 million for legal fees currently payable, and at least $287,000 for outstanding costs and expenses currently payable. Once all fees come due on October 3, 2011 (60 days following judgment, which was entered on August 4, 2011), the amount owed and payable by MGA will exceed $20 million.

6.  MGA also owes Orrick significant fees and costs related to Orrick's representation of MGA in other matters. After Orrick moved to withdraw as counsel for MGA in an action pending in the Southern District of New York for non-payment of fees, MGA stipulated to a substitution of counsel so that Orrick could withdraw from that matter.

7.  The engagement agreement between Orrick and MGA limited the scope of Orrick's representation of MGA in the Mattel Action. The agreement expressly excluded from the scope of that representation any appeals, except for the appeal of the first trial against Mattel which was completed in 2010.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 22, 2011 at Minneapolis, Minnesota.

_____
DAVID FRIES