**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC(RNBx)                                        Date: September 26, 2011

Title: MATTEL, INC. -V- MGA ENTERTAINMENT, INC.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

          Julie Barrera                                                      Not Present
         Courtroom Clerk                                                  Court Reporter

    ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

          NONE PRESENT                                             NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER ON APPLICATION FOR AN ORDER UNDER 28
                          U.S.C. 1782

Before the Court is Mattel, Inc.'s Application for an Order Under 28 U.S.C. 1782 for the issuance of
subpoenas pursuant to a letter rogatory issued by the Tenth Federal Criminal Court for the Federal
District in Mexico. That letter rogatory was issued by the Mexican court in connection with the pending
prosecutions of Mariana Trueba and Carlos Gustavo Machado Gomez for the alleged theft of industrial
secrets. The Mexican court determined that Isaac Larian, Thomas Park, Daphne Gronich, and Jahangir
Makabi may possess information relevant to those prosecutions and accordingly seeks their testimony.
Larian and MGA oppose the application, arguing that Mattel has commandeered the Mexican
prosecution and undermined the independence and integrity of the Mexican prosecutor and court. The
Court previously noted this possibility in denying a similar request for the issuance of a subpoena
compelling the testimony of Machado and a representative from MGAE de Mexico S.R.L. de CV. See
Mattel, Inc. v. MGA Entm't, Inc., 2010 WL 3705782, at *2 (C.D. Cal. Aug. 3, 2010). However, Mattel's
attorneys have submitted declarations under penalty of perjury in support of this application that disclaim any
involvement by Mattel (or its attorneys) in the issuance of the letter rogatory by the Mexican court. In such
circumstances, basic comity requires this Court to honor the foreign tribunal's request. See Intel Corp. v.
Advanced Micro Devices, Inc., 542 U.S. 241, 265, 124 S.Ct. 2466 (2004).

Though the foreign tribunal should receive the testimony it requests from these witnesses, there is no reason
that they should sit for additional depositions, since each has already been deposed extensively about the central
issues in the Mexican prosecutions. The Court instead grants Mattel leave to submit to the Mexican tribunal the

deposition transcripts of Larian, Gronich, Park, and Makabi from this lawsuit, though Mattel should ensure that it properly certifies those transcripts or that a certification request is presented to this Court in the appropriate form and by the appropriate person(s). See Mattel, 2010 WL 3705782, at *2.

The Application for the issuance of subpoenas is therefore DENIED but Mattel is granted leave to submit to the Mexican court the deposition transcripts of Larian, Gronich, Park, and Makabi from this action.