# Exhibit A

Case 2:04-cv-09049-DOC-RNB   Document 10811-1   Filed 10/24/11   Page 2 of 4   Page ID
#:328855
Case 2:04-cv-09049-DOC -RNB   Document 10790   Filed 09/26/11   Page 1 of 3   Page ID
#:328416

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. CV 04-9049 DOC (RNBx)                              Date: September 26, 2011

Title: MATTEL, INC. -V- MGA ENTERTAINMENT

---

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>  Julie Barrera  </u>                                     <u>   Not Present   </u>
Courtroom Clerk                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

<u>NONE PRESENT</u>                                          <u>NONE PRESENT</u>

PROCEEDING (IN CHAMBERS): ORDER ON MOTION TO INTERVENE

Before the Court is National Union Fire Insurance Company of Pittsburgh, PA, Lexington Insurance Company, Chartis Specialty Insurance Company, and Crum & Forster Insurance Company's joint Motion to Intervene. The Court finds the matter appropriate for decision without oral argument. After considering the moving, opposing, and replying papers, the Court DENIES the Motion.

I. Background

The claims between Mattel, Inc. and Mattel de Mexico S.A. de CV ("Mattel") and the MGA Parties (MGA Entertainment, Inc.; MGA Entertainment HK Ltd.; MGAE de Mexico S.R.L. de CV; and Isaac Larian) were tried between January and April of 2011. The jury rendered a verdict in favor of MGA on its claim for trade secret misappropriation and against Mattel on its claim for copyright infringement. Pursuant to the jury's verdict, as well as other relevant factors, the Court entered a judgment for MGA and against Mattel for $85 million in compensatory damages, $85 million in exemplary damages, and approximately $140 million in attorneys' fees and recoverable costs. The award of attorneys' fees and costs corresponds with MGA's attorneys' fees directed to the defense against Mattel's unsuccessful claim for copyright infringement.

Throughout this litigation, MGA forwarded many of its attorney invoices to the movant insurance carriers, as the conduct that gave rise to Mattel's claim was alleged to have occurred during periods of time that MGA had insured itself. Some of MGA's insurers initially resisted reimbursing the company for its legal expenditures but they ultimately relented after MGA initiated coverage litigation and summary judgment was entered in MGA's favor on the issue of whether its insurance policies encompassed MGA's fee payments.

MGA's insurers now seek to intervene in this action to stake a claim to the MGA's award of attorneys' fees and costs. The insurers argue that they have a claim of subrogation to the amount awarded by the Court.

II. Discussion

Rule 24 of the Federal Rules of Civil Procedure provides that a person has a right to intervene in any action in which he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Even if those conditions are not met, a person may still intervene if the Court, in its discretion, concludes that the person "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Here, the prerequisites have not been satisfied for either mandatory or permissive intervention and the motion must therefore be denied.

1. A. The insurers' interest in the reimbursement of attorneys' fees and costs is unaffected by any subsequent disposition in this action.

The insurers argue that their intervention is necessary to "maintain a claim of subrogation to defense payments recently awarded as attorneys' fees." However, they offer no compelling explanation for why this lawsuit -- administratively closed for nearly two months and now on appeal -- is the appropriate host to that subrogation claim, at least to the extent the insurers seek mere reimbursement of attorneys' fees from MGA. The insurers suggest that MGA may dissipate the attorneys' fee award before a judgment is achieved in a separate action for reimbursement, but intervention in this action does nothing to solve that concern. The Court has already entered a judgment awarding MGA its reasonable attorneys' fees and a separate order compelling MGA to reimburse its insurers has no effect on the initial award in this case or the potential for MGA to dissipate the award prior to satisfying their reimbursement obligation.

The insurers also suggest that they are entitled to true subrogation or an entitlement to "step into the shoes" of MGA and directly capture the attorneys' fee award from Mattel. Though intervention may be an appropriate vehicle for an insurer to directly recover an attorneys' fee award to its insured, see Williams v. Lycoming, No. 1:10-cv-02358-AWI-SKO, 2011 WL 2066742, at *2 (E.D. Cal. May 25, 2011), the intervention request in this case is untimely and therefore futile. The insurers did not make a claim of subrogation at or before the time MGA applied for an award of attorneys' fees, or even when the Court held multi-day hearings on the propriety and form of the award. The insurers explain their delay by claiming that they erroneously expected MGA to honor the insurers' subrogation rights, but any such expectation was clearly unreasonable. Nowhere in MGA's fee application or briefing in support of its application did MGA indicate that it was pursuing attorneys' fees on behalf of its insurers. Moreover, the fact that MGA and its insurers have been engaged in other contentious litigation about coverage obligations, including a claim by MGA that the insurers acted in bad faith, should have alerted the insurers to MGA's unwillingness to champion their claims.

Even if the insurers reasonably and erroneously expected MGA to adequately represent their interest in subrogation, their error cannot be remedied by a dilatory subrogation claim. The insurers' claim for subrogation is contractual: they point to language in their policies that provides "[i]f the insured has rights to recover all or part of any payment we have made . . . those rights are transferred to us." That right must be exercised "[a]t [the

insurers'] request" and ultimately enforced by the insurers, neither of which happened here. Instead, the insurers made no attempt to capture (let alone enforce) MGA's right to its reasonable attorneys' fees under Section 505 of the Copyright Act, and MGA instead proceeded to enforce that right for itself, with no objection from the insurers. The Court subsequently awarded MGA -- and not its insurers -- reasonable attorneys' fees and the insurers did not request reconsideration of that order. The insurers' time to step into MGA's shoes has long since passed and any attempt to recapture attorneys' fees must now be packaged as an action for reimbursement.

B. The insurers have no claim that shares with the main action a common question of law or fact.

Permissive intervention is also unwarranted. The factors that govern a request for permissive intervention include:

the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

Spangler v. Pasadena Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977) (footnotes omitted).

For the reasons discussed above, the insurers can no longer attempt to step into MGA's shoes and directly recover reasonable attorneys' fees from Mattel. And any claim for reimbursement of those fees from MGA would unduly prolong this litigation, which has been administratively closed and is now on appeal. More importantly, another lawsuit can adequately resolve the insurers' claim to reimbursement, especially in light of its strained relation to the core issues in this case: the alleged infringement of creative works that Mattel claimed to own.

III. Disposition

The Motion is DENIED.