Name: Ryan S. Fife, Esq. (CSBN 235000)
Address: 1800 Century Park East, 14th Floor
City, State, Zip: Los Angeles, CA 90067
Phone: (310) 203-4000
Fax: (310) 229-1285
E-Mail: ryan.fife@dbr.com

☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CARTER BRYANT, an individual

PLAINTIFF(S),

v.

MATTEL, INC., a Delaware Corporation,

DEFENDANT(S).

CASE NUMBER:
CV 04-9049 DOC (RNBx)

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that National Union Fire Insurance Company of Pittsburgh, PA, Lexington Insurance Company, and Chartis Specialty Insurance Company hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify): on Motion to Intervene, Docket No. 10790

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on September 26, 2011. Entered on the docket in this action on September 26, 2011.

A copy of said judgment or order is attached hereto.

October 25, 2011
Date

/s/ Ryan S. Fife
Signature

☐ Appellant/ProSe  ☒ Counsel for Appellant  ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)      NOTICE OF APPEAL      American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No. CV 04-9049 DOC (RNBx)                  Date: September 26, 2011

Title: MATTEL, INC. -V- MGA ENTERTAINMENT

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

| NONE PRESENT | NONE PRESENT |
|---|---|

PROCEEDING (IN CHAMBERS): ORDER ON MOTION TO INTERVENE

Before the Court is National Union Fire Insurance Company of Pittsburgh, PA, Lexington Insurance Company, Chartis Specialty Insurance Company, and Crum & Forster Insurance Company's joint Motion to Intervene. The Court finds the matter appropriate for decision without oral argument. After considering the moving, opposing, and replying papers, the Court DENIES the Motion.

I. Background

The claims between Mattel, Inc. and Mattel de Mexico S.A. de CV ("Mattel") and the MGA Parties (MGA Entertainment, Inc.; MGA Entertainment HK Ltd.; MGAE de Mexico S.R.L. de CV; and Isaac Larian) were tried between January and April of 2011. The jury rendered a verdict in favor of MGA on its claim for trade secret misappropriation and against Mattel on its claim for copyright infringement. Pursuant to the jury's verdict, as well as other relevant factors, the Court entered a judgment for MGA and against Mattel for $85 million in compensatory damages, $85 million in exemplary damages, and approximately $140 million in attorneys' fees and recoverable costs. The award of attorneys' fees and costs corresponds with MGA's attorneys' fees directed to the defense against Mattel's unsuccessful claim for copyright infringement.

Throughout this litigation, MGA forwarded many of its attorney invoices to the movant insurance carriers, as the conduct that gave rise to Mattel's claim was alleged to have occurred during periods of time that MGA had insured itself. Some of MGA's insurers initially resisted reimbursing the company for its legal expenditures but they ultimately relented after MGA initiated coverage litigation and summary judgment was entered in MGA's favor on the issue of whether its insurance policies encompassed MGA's fee payments.

| MINUTES FORM 11 DOC | Initials of Deputy Clerk: jcb |
|---|---|
| CIVIL - GEN | Page 1 of 3 |

Case 2:04-cv-09049-DOC-RNB Document 10750 Filed 09/26/11 Page 2 of 3 Page ID #:328117

MGA's insurers now seek to intervene in this action to stake a claim to the MGA's award of attorneys' fees and costs. The insurers argue that they have a claim of subrogation to the amount awarded by the Court.

II. Discussion

Rule 24 of the Federal Rules of Civil Procedure provides that a person has a right to intervene in any action in which he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Even if those conditions are not met, a person may still intervene if the Court, in its discretion, concludes that the person "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Here, the prerequisites have not been satisfied for either mandatory or permissive intervention and the motion must therefore be denied.

1. A. The insurers' interest in the reimbursement of attorneys' fees and costs is unaffected by any subsequent disposition in this action.

The insurers argue that their intervention is necessary to "maintain a claim of subrogation to defense payments recently awarded as attorneys' fees." However, they offer no compelling explanation for why this lawsuit -- administratively closed for nearly two months and now on appeal -- is the appropriate host to that subrogation claim, at least to the extent the insurers seek mere reimbursement of attorneys' fees from MGA. The insurers suggest that MGA may dissipate the attorneys' fee award before a judgment is achieved in a separate action for reimbursement, but intervention in this action does nothing to solve that concern. The Court has already entered a judgment awarding MGA its reasonable attorneys' fees and a separate order compelling MGA to reimburse its insurers has no effect on the initial award in this case or the potential for MGA to dissipate the award prior to satisfying their reimbursement obligation.

The insurers also suggest that they are entitled to true subrogation or an entitlement to "step into the shoes" of MGA and directly capture the attorneys' fee award from Mattel. Though intervention may be an appropriate vehicle for an insurer to directly recover an attorneys' fee award to its insured, see Williams v. Lycoming, No. 1:10-cv-02358-AWI-SKO, 2011 WL 2066742, at *2 (E.D. Cal. May 25, 2011), the intervention request in this case is untimely and therefore futile. The insurers did not make a claim of subrogation at or before the time MGA applied for an award of attorneys' fees, or even when the Court held multi-day hearings on the propriety and form of the award. The insurers explain their delay by claiming that they erroneously expected MGA to honor the insurers' subrogation rights, but any such expectation was clearly unreasonable. Nowhere in MGA's fee application or briefing in support of its application did MGA indicate that it was pursuing attorneys' fees on behalf of its insurers. Moreover, the fact that MGA and its insurers have been engaged in other contentious litigation about coverage obligations, including a claim by MGA that the insurers acted in bad faith, should have alerted the insurers to MGA's unwillingness to champion their claims.

Even if the insurers reasonably and erroneously expected MGA to adequately represent their interest in subrogation, their error cannot be remedied by a dilatory subrogation claim. The insurers' claim for subrogation is contractual: they point to language in their policies that provides "[i]f the insured has rights to recover all or part of any payment we have made . . . those rights are transferred to us." That right must be exercised "[a]t [the

insurers'] request" and ultimately enforced by the insurers, neither of which happened here. Instead, the insurers made no attempt to capture (let alone enforce) MGA's right to its reasonable attorneys' fees under Section 505 of the Copyright Act, and MGA instead proceeded to enforce that right for itself, with no objection from the insurers. The Court subsequently awarded MGA -- and not its insurers -- reasonable attorneys' fees and the insurers did not request reconsideration of that order. The insurers' time to step into MGA's shoes has long since passed and any attempt to recapture attorneys' fees must now be packaged as an action for reimbursement.

B. The insurers have no claim that shares with the main action a common question of law or fact.

Permissive intervention is also unwarranted. The factors that govern a request for permissive intervention include:

the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case[,] whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

Spangler v. Pasadena Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir. 1977) (footnotes omitted).

For the reasons discussed above, the insurers can no longer attempt to step into MGA's shoes and directly recover reasonable attorneys' fees from Mattel. And any claim for reimbursement of those fees from MGA would unduly prolong this litigation, which has been administratively closed and is now on appeal. More importantly, another lawsuit can adequately resolve the insurers' claim to reimbursement, especially in light of its strained relation to the core issues in this case: the alleged infringement of creative works that Mattel claimed to own.

III. Disposition

The Motion is DENIED.

# EXHIBIT B

Ryan S. Fife (SBN #235000)
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1400
Los Angeles, CA  90067-1517
Telephone:  (310) 203-4000
Facsimile:   (310) 229-1285
Email: ryan.fife@dbr.com

Attorneys for Intervenors
National Union Fire Insurance Company of
Pittsburgh, PA, Lexington Insurance Company, and
Chartis Specialty Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT,<br><br>            Plaintiff,<br><br>v.<br><br>MATTEL, INC., et al,<br><br>            Defendants. | Case No.  CV-04-09049-DOC (RNBx)<br><br>[Consolidated with Case Nos. CV-04-9059 and CV-05-2727]<br><br>**REPRESENTATION STATEMENT PER NINTH CIRCUIT RULE 3-2** |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
CENTURY CITY

LA01/ 1054777.1

REPRESENTATION STATEMENT OF NAT'L
UNION FIRE INS. CO.; LEXINGTON INS. CO.;
& CHARTIS SPECIALTY INS. CO.

PAGE   7

The undersigned represents Intervenors/Appellants National Union Fire Insurance Company of Pittsburgh, PA, Lexington Insurance Company, and Chartis Specialty Insurance Company in this matter, and no other party. The following list shows all of the parties to the action, and identifies their counsel by name, firm, address, and telephone number, in compliance with FRAP 12(b) and Circuit Rule 3-2(b).

Intervenor/Appellant Crum & Forster Specialty Insurance Company is represented by the following counsel:

> MUSICK, PEELER & GARRETT LLP
> Susan J. Field
> s.field@mpglaw.com
> Jennifer M. Kokes
> j.kokes@mpglaw.com
> One Wilshire Boulevard, Suite 2000
> Los Angeles, CA 90017-3383
> Telephone: (213) 629-7600
> Facsimile: (213) 624-1376

Intervenors Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, and Chartis Specialty Insurance Company are represented by the following counsel:

> PATTON BOGGS LLP
> Mark D. Sheridan
> msheridan@pattonboggs.com
> One Riverfront Plaza
> The Legal Center, 6th Floor
> Newark, NJ 07102
> Telephone: (973) 848-5600
> Facsimile: (973) 848-5601
>
> DRINKER BIDDLE & REATH LLP
> Ryan S. Fife
> ryan.fife@dbr.com
> 1800 Century Park East, Suite 1400
> Los Angeles, CA 90067
> Telephone: (310) 203-4000
> Facsimile: (310) 229-1285

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
CENTURY CITY

LA01/ 1054777.1

1

REPRESENTATION STATEMENT OF NAT'L UNION FIRE INS. CO.; LEXINGTON INS. CO.; & CHARTIS SPECIALTY INS. CO.
PAGE 8

1   Plaintiffs-Appellees Mattel, Inc. and Mattel de Mexico, S.A. de C.V.
2   (collectively "Mattel") are represented by the following counsel:

3   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    John B. Quinn
4   johnquinn@quinnemanuel.com
    Susan R. Estrich
5   susanestrich@quinnemanuel.com
    Michael T. Zeller
6   michaelzeller@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
7   Los Angeles, CA 90017
    Telephone: (213) 443-3000
8   Facsimile: (213) 443-3100

9   QUINN EMANUEL URQUHART & SULLIVAN, LLP
    Kathleen L. Sullivan
10  kathleensullivan@quinnemanuel.com
    51 Madison Avenue, 22nd Floor
11  New York, New York 10010
    Telephone: (212) 849-7000
12  Facsimile: (212) 849-7100

13  Defendants-Appellees MGA Entertainment, Inc., MGA Entertainment (HK)
14  Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian (collectively "MGA
15  Parties") are represented by the following counsel:

16  SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
    Thomas J. Nolan
17  t.nolan@skadden.com
    Jason D. Russell
18  j.russell@skadden.com
    300 South Grand Avenue, Suite 3400
19  Los Angeles, CA 90071
    Telephone: (213) 687-5000
20  Facsimile: (213) 687-5600

21  KELLER RACKAUCKAS, LLP
    Jennifer L. Keller
22  keller@krlawllp.com
    18500 Von Karman, Suite 560
23  Irvine, CA 92612
    Telephone: (949) 476-8700
24  Facsimile: (949) 476-0900

25  SHERNOFF BIDART & ECHEVERRIA
    Michael J. Bidart
26  mbidart@shernoff.com
    Ricardo Echeverria
27  recheverria@shernoff.com
    600 S. Indian Hill Blvd.
28  Claremont, CA 91711

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
CENTURY CITY

LA01/ 1054777.1

2   REPRESENTATION STATEMENT OF NAT'L
    UNION FIRE INS. CO.; LEXINGTON INS. CO.;
    & CHARTIS SPECIALTY INS. CO.
PAGE 9

Telephone: (909) 621-4935
Facsimile: (909) 621-6915

Defendant-Appellee Carlos Gustavo Machado Gomez is represented by the following counsel:

SCHEPER KIM & HARRIS, LLP
Alexander H. Cote
acote@scheperkim.com
601 West 5th Street, 12th Floor
Los Angeles, CA 90017
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

LAW OFFICES OF MARK E. OVERLAND
Mark E. Overland
mark@overlaw.net
100 Wilshire Boulevard, Suite 950
Santa Monica, CA 90401
Telephone: (310) 459-2830
Facsimile: (310) 459-4621

Defendants-Appellees Omni 808 Investors, LLC and IGWT 826 Investments, LLC, are represented by the following counsel:

BINGHAM McCUTCHEN, LLP
Todd E. Gordinier
todd.gordinier@bingham.com
Peter N. Villar
peter.villar@bingham.com
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626
Telephone: (714) 830-0600
Facsimile: (714) 830-0700


Dated: October 25, 2011           DRINKER BIDDLE & REATH LLP


                                  By: _____/s/ Ryan S. Fife_____
                                  Attorneys for Intervenors
                                  National Union Fire Insurance Company of
                                  Pittsburgh, PA, Lexington Insurance Company,
                                  and Chartis Specialty Insurance Company

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
CENTURY CITY

LA01/ 1054777.1

3

REPRESENTATION STATEMENT OF NAT'L UNION FIRE INS. CO.; LEXINGTON INS. CO.; & CHARTIS SPECIALTY INS. CO.

PAGE 10

# PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1800 Century Park East, Suite 1400, Los Angeles, California 90067-1517. On October 25, 2011, I served a copy of the within document(s):

**REPRESENTATION STATEMENT PER NINTH CIRCUIT RULE 3-2**

☐ By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ By placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for overnight delivery.

☐ By hand delivering the document(s) listed above to the person(s) at the offices of the address(es) set forth below.

☒ Via the US District Court CM/ECF system. When this document is electronically filed, the Court's CM/ECF system automatically transmits a electronic copy to each party registered with the CM/ECF system in the above-entitled case.

I declare under penalty of perjury that I am employed by an attorney who is admitted to practice as a member of the bar of this Court, and that the above is true and correct. Executed on October 25, 2011, at Los Angeles, California.

/s/ Ryan S. Fife

Drinker Biddle & Reath LLP
Attorneys At Law
Century City

LA01/ 1054777.1

4    REPRESENTATION STATEMENT OF NAT'L UNION FIRE INS. CO.; LEXINGTON INS. CO.; & CHARTIS SPECIALTY INS. CO.

PAGE 11