Todd E. Gordinier (SBN 82200)
todd.gordinier@bingham.com
Peter N. Villar (SBN 204038)
peter.villar@bingham.com
BINGHAM McCUTCHEN, LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, California 92626
Telephone: (714) 830-0600
Facsimile: (714) 830-0700

Attorneys for Omni 808 Investors, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049 DOC (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**JOINT MOTION FOR AMENDED JUDGMENT TO CORRECT CLERICAL MISTAKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 62.1**<br><br>Date: TBD<br>Time: TBD<br>Dept: Courtroom 9D<br><br>Judge: Hon. David O. Carter |

Pursuant to the Ninth Circuit's December 15, 2011 order (the "December 15 Order"), Federal Rule of Appellate Procedure 12.1 and Federal Rule of Civil Procedure 62.1, parties Omni 808 Investors, LLC ("Omni"), Mattel, Inc. and Mattel de Mexico S.A. de C.V. (collectively, "Mattel"), Isaac Larian ("Larian"), and the MGA Parties ("MGA") respectfully jointly move the Court for an amendment to its August 4, 2011 Judgment in this Action (the "Judgment") (Dkt. No. 10704) as set forth herein.  In the December 15 Order, the Ninth Circuit directed the parties as follows:

> Within 60 days after the filing date of this order or within 7 days after the district court's ruling on the Rule 62.1 motion, whichever occurs first, appellants shall file: (1) a report on the status of district court proceedings and motion for appropriate relief; or (2) the opening brief. The filing of the opening brief or the failure to file a report will terminate the limited remand.

*See* 9th Cir. Case No. 11-56357, Dkt. No. 18 at 1-2.

On August 11, 2011, Mattel filed a Notice of Appeal from the Judgment, "as well as any and all interlocutory rulings, decisions and orders that gave rise to the judgment."  (*Id.*)  After Mattel filed its Notice of Appeal, the parties realized that the Judgment did not name all the parties and did not address all the claims that had been resolved on the merits. Specifically, the parties concluded that the Judgment should be amended because it did not include any disposition of Mattel's claims against Omni, and also omitted mention of the dismissed claims arising from Cal. Civ. Code §§ 3439.04(a)(1), 3439.04(a)(2), 3439.05, 3439.07, and 3439.08, Cal. Corp. Code §§ 501 and 506, breach of constructive trust, and 18 U.S.C. § 1964(c).

Because Mattel has appealed the Judgment (Dkt. No. 10707), this Court has been divested of jurisdiction to amend it.  *See* Fed. R. Civ. P. 60(a).  Consequently, on August 24, 2011, Omni, Mattel, and MGA filed a joint motion in the Ninth Circuit, seeking leave for this Court to amend the Judgment in accordance with Rule 60(a). *See* 9th Cir. Case No. 11-56357, Dkt. No. 8-1. The joint motion was denied without prejudice on September 6, 2011. *Id.*, Dkt. No. 11.  Citing Federal

1  Rule of Appellate Procedure 12.1, the Ninth Circuit directed that the parties'
2  "motion for limited remand must include the district court's willingness to consider
3  the Rule 60(a) motion." *Id.* On October 13, 2011, this Court issued its Indicative
4  Ruling on Motion for Amended Judgment stating that "should the Ninth Circuit
5  grant limited remand for the purpose of considering a joint motion to amend the
6  final judgment order (Dkt. No. 10704), this Court would grant as unopposed the
7  joint motion and amend the Judgment" by (1) adding the name "Omni 808
8  Investors LLC," on page 2 line 6, between the names "Isaac Larian" and "Carlos
9  Gustavo Machado Gomez"; (2) adding the phrase "violation of 18 U.S.C. §
10 1964(c)" on page 2 line 10, between "violation of 18 U.S.C. § 1962(c)," and
11 "violation of 18 U.S.C. § 1962(d)"; and (3) adding the phrase "violations of Cal.
12 Civ. Code §§ 3439.04(a)(1), 3439.04(a)(2), 3439.05, 3439.07, and 3439.08,
13 prohibited distributions under Cal. Corp. Code §§ 501 and 506, breach of
14 constructive trust" on page 2 line 13, between "conversion" and "unfair
15 competition." Dkt. No. 10806 at 1-2. After the parties provided this Court's
16 Indicative Ruling to the Ninth Circuit, the Ninth Circuit granted the parties' joint
17 motion for limited remand: "This appeal is remanded to the district court for the
18 limited purpose of enabling the district court to consider a motion for amended
19 judgment to correct clerical mistake pursuant to Federal Rule Of Civil Procedure
20 62.1." *See* 9th Cir. Case No. 11-56357, Dkt. No. 18.

21 Thus, the parties now bring this joint motion for amended judgment to
22 correct clerical mistake by (1) adding the name "Omni 808 Investors LLC," on
23 page 2 line 6, between the names "Isaac Larian" and "Carlos Gustavo Machado
24 Gomez"; (2) adding the phrase "violation of 18 U.S.C. § 1964(c)" on page 2 line
25 10, between "violation of 18 U.S.C. § 1962(c)," and "violation of 18 U.S.C. §
26 1962(d)"; and (3) adding the phrase "violations of Cal. Civ. Code §§ 3439.04(a)(1),
27 3439.04(a)(2), 3439.05, 3439.07, and 3439.08, prohibited distributions under Cal.
28 Corp. Code §§ 501 and 506, breach of constructive trust" on page 2 line 13,

between "conversion" and "unfair competition." In making this request and the statements herein, Mattel expressly reserves, and does not waive, Mattel's rights to challenge or contest the dismissal orders or other orders addressing these claims or the amended judgment on appeal or otherwise.

These additions will render the Judgment consistent with the prior orders entered by the Court and avoid any confusion or lack of clarity. Specifically, the Judgment does not reference Omni at all. However, on April 12, 2010, Mattel filed its Fourth Amended Answer and Counterclaims in this action, which asserted a number of claims against, among others, Omni. Dkt. No. 7733. On August 2, 2010, this Court dismissed all counterclaims against Omni without leave to amend. Dkt. No. 8423 at 35-40.

The Judgment also makes no reference to Mattel's thirteenth, fourteenth, fifteenth and sixteenth counterclaims asserted against, *inter alia*, MGA and Larian in the Fourth Amended Answer and Counterclaims. The Thirteenth and Fourteenth Counterclaims in that pleading included claims arising from violations of Cal. Civ. Code §§ 3439.04(a)(1), 3439.04(a)(2), 3439.05, 3439.07, and 3439.08 against IGWT 826, Omni, Larian and MGA. *Id.* The Fifteenth Counterclaim asserted a claim of prohibited distributions under Cal. Corp. Code §§ 501 and 506 against Larian, and the Sixteenth Counterclaim asserted a claim of breach of constructive trust against Larian and MGA. *Id.* On August 2, 2010, this Court dismissed the Thirteenth, Fourteenth, Fifteenth and Sixteenth counterclaims without leave to amend. Dkt. No. 8423 at 35-40.

The Judgment also references only 18 U.S.C. § 1962(c) and (d) when addressing Mattel's first and second counterclaims, while Mattel also brought those claims pursuant to 18 U.S.C. § 1964(c). On January 5, 2011, this Court granted summary judgment for MGA and Gustavo Machado on these two counterclaims. *See Mattel Inc. v. MGA Entm't*, No. 04 Civ. 9049, 2011 WL 1114250, at *78-96 (C.D. Cal. Jan. 5, 2011) ("Neither the first nor second counter-claims meet section

1964(c)'s requirements. MGA and Machado's motions are therefore granted as to both counter-claims.").

The parties agree, based on the dismissal and summary judgment orders, that the judgment should reflect judgment in favor of Omni on Mattel's claims against Omni and the dismissal of the Mattel counterclaims described above. In making this request for *nunc pro tunc* amendment of the Judgment, the parties acknowledge and agree that Mattel's pending appeal of the Judgment (Court of Appeals No. 11-56357) shall be deemed effective to appeal both the Judgment and the Court's amended judgment, should the Court amend the Judgment. The parties further acknowledge and agree that, should the Court amend its Judgment to reflect the changes proposed herein, no appeals from the Court's amended judgment shall be permitted other than the appeal already filed by Mattel, and that the act of amending the Judgment to reflect the changes proposed herein, or of soliciting the amendment of the Judgment, shall not give rise to a renewed right to appeal on the part of any party who did not timely appeal the Judgment.

Dated: January 6, 2012

Respectfully submitted,
BINGHAM MCCUTCHEN LLP


By: /S/ Todd E. Gordinier
Todd E. Gordinier
Attorneys for Omni 808 Investors, LLC

DATED: January 6, 2012

KELLER RACKAUCKAS LLP


By: /S/ Jennifer L. Keller
Jennifer L. Keller
Attorneys for MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGA de MEXICO, S.R.L. de C.V., and ISAAC LARIAN

| | | |
|---|---|---|
| 1 | DATED: January 6, 2012 | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By: /S/ Michael T. Zeller |
| 5 | | Michael T. Zeller<br>Attorneys for Mattel, Inc. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A/74709131.1

- 5 -

JOINT MOTION FOR AMENDED JUDGMENT
CV-04-9049 DOC (RNBx)