QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

BAKER MARQUART LLP
  Ryan G. Baker (Bar No. 214036)
  (rbaker@bakermarquart.com)
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California  90024
Telephone:  (424) 652-7800
Facsimile:  (424) 652-7801

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant. | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S *EX PARTE* APPLICATION FOR ORDER ENJOINING DEFENDANTS FROM INSTITUTING OR PROSECUTING ANY PROCEEDING AFFECTING THE JUDGMENT IN THIS ACTION AND EXONERATING BOND ON CONDITION OF INSTITUTION OF INTERPLEADER ACTION;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[[Proposed] Order Submitted Herewith]**<br><br>Date:  TBD<br>Time:  TBD<br>Place: TBD |

# NOTICE OF *EX PARTE* APPLICATION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-19, Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") hereby respectfully apply *ex parte* for an Order:

1. Pursuant to 28 U.S.C. § 2361 and the Court's inherent authority, permanently enjoining MGA Entertainment, Inc., MGA Entertainment (HK), Ltd., MGA de Mexico, S.R.L. de C.V., Isaac Larian (the "MGA Defendants") and any third parties who may have claims to some or all the proceeds of the judgment entered in this action on August 4, 2011 (including as amended on January 3, 2012) (the "Judgment") from instituting or prosecuting any proceeding or asserting any claims in any court or forum, including in any ongoing actions, to enforce or execute upon the Judgment or to collect on the bond Mattel posted on or about August 18, 2011 (the "Appeal Bond"), or any other claims against Mattel with respect to Mattel's payment obligations pursuant to Judgment.  Absent an injunction, Mattel may be subject to multiple claims, including for enforcement against both the Judgment and the Appeal Bond, by multiple claimants.  These claimants to the proceeds from the portion of the Judgment that was affirmed by the Ninth Circuit which are known to Mattel, in addition to the MGA Defendants, are Crum & Forster Specialty Insurance Company, Evanston Insurance Company, Orrick, Herrington & Sutcliffe LLP, Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, Chartis Specialty Insurance Company.  (With the MGA Defendants, these parties are referred to herein as the "Interpleader Defendants").

2. Pursuant to 28 U.S.C. § 1335(a), requiring Mattel to file an interpleader complaint and, within ten days of the Court's entry of an Order on this application, to post an interpleader bond in the amount of its obligation to the MGA Defendants pursuant to the Judgment.

3.  Pursuant to 28 U.S.C. § 2361, discharging Mattel from further liability to the Interpleader Defendants, including the MGA Defendants, with respect to the Judgment and exonerating the Appeal Bond upon the filing of the interpleader action and the posting of an interpleader bond.

Mattel seeks relief on an *ex parte* basis because the mandate from the Ninth Circuit could issue as early as February 14, 2013, at which point, absent an injunction, MGA may attempt to initiate proceedings to enforce the Judgment.[1] There is therefore insufficient time to have this matter heard under the Court's normal motion schedule.

This Application is based on the accompanying Memorandum of Points and Authorities, the Declaration of Michael T. Zeller ("Zeller Declaration") submitted herewith, the records and files of this Court, all other matters of which the Court may take judicial notice, and such further argument and evidence as may be presented at or before any hearing.

As set forth in the accompanying Zeller Declaration, Mattel has notified the MGA Defendants and the other Interpleader Defendants of this *ex parte* application, as follows:

At various times on February 11, 12 and 13, 2013, counsel for Mattel contacted each of the following persons to provide notice of this *ex parte* application

---

[1] Although the mandate has not yet issued (but may issue as early as tomorrow, February 14, 2013), the Court properly may consider this Application immediately so that effective relief can be granted upon issuance of the mandate. The Court has previously required the parties to brief issues that were subject to the Ninth Circuit's appellate jurisdiction to enable prompt rulings upon remand and once the jurisdiction of this Court was restored. *See* Dkt. 7359 (noting that briefing on Mattel's crime-fraud and waiver motion had been completed and the Court had reviewed the documents at issue, but deferring resolution of the motion pending further order of the Ninth Circuit).

and ask for their respective positions on the requested relief and Mattel's filing of the proposed interpleader action:

> Susan J. Field
> Musick, Peeler & Garrett, LLP
> One Wilshire Blvd., Suite 2000
> Los Angeles, CA 90017
> (213) 629-7886 (phone)
> (213) 624-1376 (fax)
> s.field@mpglaw.com
>
> Counsel for Crum & Forster Specialty Insurance Company
>
> Sean M. Hanifin
> Troutman Sanders, LLP
> 401 9th Street, NW, Suite 1000
> Washington, DC 20004
> (202) 662-2026 (phone)
> (202) 654-5817 (fax)
> sean.hanifin@troutmansanders.com
>
> Counsel for Evanston Insurance Company
>
> Mark D. Sheridan
> The Legal Center
> One Riverfront Plaza
> Newark, NJ 07102
> (973) 848-5600 (phone)
> (973) 848-5601 (fax)
> msheridan@pattonboggs.com
>
> Counsel for Chartis Specialty Insurance Company, Lexington Insurance Company, and National Union Fire Insurance Company of Pittsburg, PA
>
> Frank A. Cialone
> Shartsis Friese, LLP
> One Maritime Plaza, 18th Floor
> San Francisco, CA 94111
> (415) 421-6500 (phone)
> (415) 421-2922 (fax)
> fcialone@sflaw.com
>
> Counsel for Orrick Herrington & Sutcliffe, LLP
>
> Jason D. Russell
> Skadden, Arps, Slate, Meagher & Flom, LLP
> 300 S. Grand Ave., Suite 3400
> Los Angeles, CA 90071
> (213) 687-5000 (phone)
> (213) 687-5600 (fax)
> jason.russell@skadden.com
>
> Appellate counsel for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

Jennifer L. Keller
Keller Rackauckas LLP
18500 Von Karman Ave Suite 560
Irvine, Ca 92612
(949) 476-8700
(949) 476-0900 fax
keller@krlawllp.com

Counsel for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

Counsel for Crum & Forster Specialty Insurance Company, Evanston Insurance Company, Chartis Specialty Insurance Company, Lexington Insurance Company, and National Union Fire Insurance Company of Pittsburg, PA, and Orrick Herrington & Sutcliffe, LLP stated that, in concept, they did not oppose the relief sought by the *ex parte* or Mattel's filing of an interpleader action, subject to their review of Mattel's papers filed in support.

Counsel for the MGA Defendants stated that they intended to oppose the relief sought by the *ex parte* and the filing of an interpleader action. Counsel for the MGA Defendants did agree, however, that the MGA Defendants would not to seek to enforce the Judgment or execute against the Appeal Bond pending the Court's resolution of Mattel's present *ex parte* application. Counsel for the MGA Defendants further requested to have until February 18, 2013, to submit their opposition to this *ex parte* application, and Mattel does not object to that request.

DATED:  February 13, 2013         QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                                  By /s/ Michael T. Zeller
                                     Michael T. Zeller
                                     Attorneys for Mattel, Inc. and
                                     Mattel de Mexico, S.A. de C.V.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

On January 24, 2013, the Ninth Circuit reversed the portion of this Court's August 4, 2011 judgment (the "Judgment") that was entered in favor of MGA as to the 25 claimed trade secrets as to which MGA prevailed at trial and vacated the $172,522,000 awarded for those alleged trade secrets. In that same ruling, the Ninth Circuit affirmed the copyright fees and costs portion of the Judgment, which currently amounts to $137,807,318 (including interest). The mandate of the Ninth Circuit could issue as early as February 14, 2013. Once it does, the MGA defendants could attempt to take action to enforce upon the Judgment, including by proceeding against the $315 million bond that Mattel posted with this Court on or about August 18, 2011 (the "Appeal Bond").

Since the Ninth Circuit's decision, a number of entities have notified Mattel of their claims to some or all of the proceeds of the amount of the Judgment that was affirmed. These claimants include the Orrick firm, which, as MGA's former counsel, purports to assert a lien for fees, and several of MGA's insurers, including those which have previously sought to litigate claims against Mattel. In light of the conflicting claims, Mattel is prepared to commence an action for interpleader, pursuant to 28 U.S.C. § 1335, and to post a bond in the amount of $137.8 million, consistent with 28 U.S.C. § 1335(a). However, absent intervention by this Court, the MGA defendants or other claimants may seek to enforce the Judgment or prosecute their competing claims, including in the case of the MGA defendants by attempting to proceed against the Appeal Bond. In that event, Mattel could be subjected to multiple and conflicting claims and recoveries, and the already complex proceedings in this Court may be unnecessarily complicated and proliferated further.

Congress enacted 28 U.S.C. § 2361 precisely to protect an interpleader plaintiff from this predicament. The statute authorizes courts to enjoin competing claimants from "instituting or prosecuting any proceeding in any State or United

States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." Courts also have broad authority to stay proceedings in the interests of judicial economy and fairness to the parties. Mattel respectfully requests that, pursuant to 28 U.S.C. § 2361 and the Court's inherent authority, the Court enter such an injunction here and stay the MGA defendants' execution on the Judgment, and also exonerate the current Appeal Bond, to protect Mattel from competing claims and proceedings that may be asserted once the mandate issues from the Ninth Circuit.[2] As a condition for such relief, Mattel will file an interpleader action and, within ten days of the entry of the Court's Order on this application, bond the $137.8 million in necessary funds.[3]

## Procedural Background

As this Court is aware, among the claims litigated in the second jury trial in this action was Mattel's claim for copyright infringement against MGA, and MGA's purported "counterclaim-in-reply" for alleged trade secret misappropriation against Mattel. On April 21, 2011, the jury returned its verdict. Dkt. 10518. In relevant part, the jury found no liability on Mattel's copyright infringement claim. With respect to MGA's trade secret claims, the jury found in favor of Mattel on 88 of the alleged trade secrets, but found in favor of MGA on 25 of the claimed trade secrets and awarded damages to MGA as to those 25 trade secrets. *Id.*

On August 4, 2011, following rulings on the parties' post-trial motions, the Judgment was entered. Dkt. 10704. In relevant part, the Judgment provided for

---

[2] Because the current appeal bond of $315 million is far in excess of any obligation that Mattel could have in light of the Ninth Circuit's rulings, it would need to be exonerated or otherwise altered in any event to avoid the imposition of unwarranted costs on Mattel for the excess amounts.

[3] While Mattel would prefer to post an interpleader bond in the amount of $137.8 million and believes this is the more appropriate course given the amount at stake, alternatively it will deposit the sum of $137.8 million with the registry of the Court if the Court instead so directs.

payment by Mattel to the MGA defendants of attorneys' fees and costs in the total sum of $137,365,177 (the "Copyright Fees Judgment"). *Id*. The Judgment also provided for payment by Mattel to MGA of $172,522,000 relating to MGA's counterclaim-in-reply for trade secrets misappropriation (the "Trade Secrets Judgment"). *Id*.

On August 11, 2011, Mattel appealed the Judgment to the United States Court of Appeals for the Ninth Circuit. Dkt. 10707. MGA did not appeal the claims it lost in this Court, including as to the 88 alleged MGA trade secrets that the jury rejected. On August 16, 2011, this Court entered an Order staying any enforcement of the Judgment pending appeal, subject to Mattel posting a bond in the amount of $315 million. Dkt. 10715. The Court entered a temporary stay until August 23, 2011 to permit Mattel to post the bond. On August 19, 2011, Mattel posted the $315 million Appeal Bond. Dkt. 10721.[4]

On January 24, 2013, the Ninth Circuit ruled in Mattel's favor as to the 25 trade secrets that were subject to Mattel's appeal and ordered that MGA's claims as to those alleged trade secrets be dismissed without prejudice on remand. Declaration of Michael T. Zeller ("Zeller Decl."), Exh. A. The Ninth Circuit affirmed the Copyright Fees Judgment. The Ninth Circuit's mandate could issue as early as February 14, 2013, as no petition for rehearing or rehearing *en banc* has been filed. Fed. R. App. P. 41(b).

In addition to MGA, in whose favor the Judgment was entered, MGA's insurers and the Orrick firm have asserted rights against the proceeds to the portion of the Judgment that was affirmed by the Ninth Circuit, including as follows:

1. On January 24, 2013, Crum & Forster Specialty Insurance Company ("Crum & Forster") sent a letter to Mattel advising of its "right to recovery of fees

---

[4] On January 3, 2012, the Court amended the Judgment in a manner not material to this *ex parte* application.

and costs paid for the defense of MGA in the [Mattel/MGA lawsuit]" and asserting that "MGA (and Mattel) should 'do nothing . . . to impair'" its alleged "rights to reimbursement of recovery of amounts it has paid." Zeller Decl., Exh. B.

2.   On January 24, 2013, Orrick, Herrington & Sutcliffe LLP ("Orrick") sent a letter to Mattel enclosing a "Preliminary Notice of Partial Final Award," which it stated it intended to file in the this lawsuit. The "Preliminary Notice of Partial Final Award" provides as follows:

> PLEASE TAKE NOTICE that [Orrick] is the Claimant in an arbitration against [MGA and Larian] arising out of MGA's nonpayment of attorneys' fees and expenses. On January 11, 2013, the JAMS Arbitration Panel in the Orrick v. MGA arbitration . . . issued a draft Partial Final Award, indicating provisional relief to be awarded to Orrick upon determination of an appropriate undertaking by Orrick. The provisional relief that the Panel will award to Orrick is a $23 million lien on the proceeds of the [Mattel/MGA lawsuit], including any payments made to MGA from Mattel's appeal bond, or payments made by Mattel in satisfaction of the judgment in MGA's favor. The Panel is expected to promptly determine the appropriate undertaking by Orrick, which was briefed by the parties on January 18, 2013.

Zeller Decl., Exh. C.

3.   On January 25, 2013, Evanston Insurance Company ("Evanston") sent a letter to Mattel advising of its "asserted right to subrogation as to any amount owed and/or paid by Mattel, Inc. . . . to MGA Entertainment, Inc. and/or Isaac Larian . . . for attorneys' fees and/or costs, whether as a result of a judgment or settlement, in connection with the [Mattel/MGA lawsuit]" and asserting its alleged "right to subrogation and recovery against Mattel and MGA." Zeller Decl., Exh. D.

4.   On January 28, 2013, Lexington Insurance Company, National Union Fire Insurance company of Pittsburgh, PA, and Chartis Specialty Insurance

Company (collectively, the "Chartis Member Companies") sent a letter to Mattel providing "notice of [their] intent to seek recovery of the amounts paid by them in connection with the defense of [MGA] in the [Mattel/MGA lawsuit] from any fees and costs awarded to MGA." The Chartis Member Companies further claimed to have an "equitable and contractual right to recover all amounts paid by them to or on behalf of MGA in connection with the [Mattel/MGA lawsuit] from any fees and costs awarded to MGA" and advised that they "intend to enforce their right to recover these amounts from MGA and/or from Mattel." Zeller Decl., Exh E.

On February 13, 2013, the MGA Defendants responded to the letters sent by the Chartis Member Companies and Crum & Forster, stating that the "insurers have absolutely no basis upon which they can assert a claim against Mattel" and that the "judgment directs Mattel to pay only MGA." Zeller Decl., Exh. F (emphasis in original).

Given the competing claims raised by the MGA defendants, Crum & Forster, Orrick, Evanston and the Chartis Member Companies (collectively, the "Interpleader Defendants"), Mattel has prepared a complaint in interpleader under 28 U.S.C. § 1335 (the "Interpleader Complaint"). A copy of the proposed Interpleader Complaint is submitted as Exhibit G to the Zeller Declaration. Mattel is prepared to file the Interpleader Complaint and bond the proceeds necessary to satisfy the Copyright Fees Judgment upon issuance of the injunction and exoneration of the current appeal bond as requested in this application.

## Argument

### I. THE COURT SHOULD ENTER AN INJUNCTION PROHIBITING DEFENDANTS AND OTHER CLAIMANTS FROM INSTITUTING PROCEEDINGS TO EXECUTE UPON THE JUDGMENT

The Court has broad inherent authority to stay proceedings before it when doing so is "efficient for its own docket and the fairest course for the parties." *See, e.g., Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir.

1983) (affirming stay of case pending arbitration proceedings: "The trial court possesses the inherent power to control its own docket and calendar."); *Wordtech Sys., Inc. v. Integrated Network Solutions, Inc.*. 2012 WL 6049592, *3 (E.D. Cal. Dec. 5, 2012) (staying case pending bankruptcy proceedings: "The power to issue a stay derives from a federal district court's power to control its docket and ensure that cases before it are justly determined."). In addition, 28 U.S.C. § 2361 provides in relevant part: "In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court." This Court has "extensive discretion under Section 2361 with respect to the issuance and scope of the order." 7 Wright, Miller & Kane, Federal Practice & Procedure: Civil § 1717; *Orseck, P.A. v. Servicios Legales de Mesoamerica S. de R.L.*, 699 F. Supp. 2d 1344, 1351 (S.D. Fla. 2010) (citations omitted); *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 42 (D.D.C. 2002). *See also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533, 87 S. Ct. 1199 (1967) (interpleader statute "is remedial and to be liberally construed.").

Courts considering injunctions under Section 2361 first determine whether the action satisfies the requirements for interpleader under Section 1335. *Orseck*, 699 F. Supp. 2d at 1350. Here, those requirements are amply satisfied. First, Mattel has custody of the proceeds of the Judgment, which exceed $500. Second, two or more adverse claimants, of diverse citizenship, claim to be entitled to the proceeds. *Tashire*, 386 U.S. at 530-31 (Section 1355 requires only minimal diversity – *i.e.*, diversity among two or more claimants). For example, MGA Entertainment is a citizen of California (Interpleader Complaint, ¶ 7), while Crum & Forster is a citizen of Arizona and New Jersey. *Id.* ¶ 10. Third, Mattel is prepared upon the Court's grant of this *ex parte* application to bond the amount of the Copyright Fees

1  Judgment, consistent with the requirements of the statute.  *See Star Ins.*, 273 F.
2  Supp. 2d at 44 (issuing injunction and granting motion to file interpleader action).
3       Courts routinely issue injunctions under Section 2361 to protect the plaintiff
4  in an interpleader action from "vexatious and multiple litigation."  *Orseck*, 699 F.
5  Supp. 2d at 1351.  As the Supreme Court recognized in *Tashire*, Section 2361
6  injunctions are particularly appropriate in the "classic situation envisioned by the
7  sponsors of interpleader" – namely, "where a stakeholder, faced with rival claims to
8  the fund itself, acknowledges – or denies – his liability to one or the other of the
9  claimants."  386 U.S. at 534 & n.16.  "In this situation, the fund itself is the target of
10 the claimants.  It marks the outer limit of the controversy.  It is, therefore,
11 reasonable and sensible that interpleader, in discharge of its office to protect the
12 fund, should also protect the stakeholder from vexatious and multiple litigation."  *Id*.
13 at 534.[5]  It matters not that the MGA defendants have a claim to the proceeds
14 through a final judgment.  *See, e.g., Illinois Employers Ins. of Wausau v. Mihalcik*,
15 801 F.2d 949, 952 (7th Cir. 1986); *Matter of Bohart*, 743 F.2d 313, 325 (5th Cir.
16 1984); *Montgomery Ward & Co. v. Fid. & Deposit Co. of Md.*, 162 F.2d 264, 268
17 (7th Cir. 1947) (citing *Treinies v. Sunshine Mining Co.*, 308 U.S. 66 (1939); *Dugas
18 v. Am. Surety Co. of New York*, 300 U.S. 414 (1937) ("The right to maintain
19 interpleader under the Federal Interpleader Act has been recognized by the Supreme

---

[5]  *See also Orseck*, 699 F. Supp. 2d at 1351 (granting immediate injunction with respect to actions targeting disputed funds); *Star Ins.*, 273 F. Supp. 2d at 43-44 (granting preliminary injunction without notice to claimants); *Metro. Life Ins. Co. v. Billini*, 2007 WL 4209405, *2 (E.D. Cal. 2007) ("Given the futility of an interpleader action if claimants file separate suits against the stakeholder, the court may enjoin the claimants from doing so."); *New York Life Ins. Co. v. Koscove*, 2007 WL 2750665, *2 (D. Ariz. 2007) (granting injunction "[i]n light of Plaintiff's stated interest in avoiding multiple lawsuits regarding the single disputed property and the broader policy reasons that undergird [inter]pleader actions"); *First Interstate Bank of Oregon N.A. v. United States*, 891 F. Supp. 543, 548 (D. Or. 1995) (granting injunction).

Court, even after judgment has been obtained by one of the adverse claimants."); 7 Wright, Miller, Kane & Marcus, Federal Practice & Procedure, § 1705 & n.27 (citing *Montgomery Ward*).

Moreover, in this case, Mattel's current Appeal Bond of $315 million is more than twice the portion of the Judgment affirmed by the Ninth Circuit, including interest. Each of the defendants in the proposed interpleader action has asserted a right to some or all of the proceeds of the Copyright Fees Judgment. Once the Ninth Circuit issues its mandate, MGA may attempt to immediately commence enforcement actions, including against the Appeal Bond. The other claimants also may attempt to institute proceedings against Mattel or may seek to pursue their claims as part of ongoing actions. As Mattel is a disinterested stakeholder seeking to avoid multiple and vexatious proceedings, this is the "classic situation" identified by the Supreme Court where a Section 2361 injunction is warranted.[6]

---

[6] The fact that formal appearances have not been entered by the non-MGA parties does not affect the Court's ability to grant injunctive relief. Mattel has provided notice of this application to counsel who represent each of the proposed Interpleader Defendants. Even absent such notice, the Court also has authority to enter a provisional injunction. *Star Ins.*, 273 F. Supp. 2d at 43 ("a provision in an order granting a preliminary injunction and affording an opportunity for reconsideration of its issuance after service of process can be an appropriate safeguard against failure to give notice"). The requirements of Federal Rule of Civil Procedure 65 do not govern interpleader injunctions under Section 2361. Fed. R. Civ. P. 65(e) ("These rules do not modify . . . (2) 28 U.S.C. § 2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader"); *Star Insurance*, 273 F. Supp. 2d at 43 (noting "inapplicability of Rule 65 to preliminary injunctions in interpleader cases"); *Orseck*, 699 F. Supp. 2d at 1351 n.9 ("the traditional requirements for injunctions and restraining orders set forth in Federal Rule of Civil procedure 65(a) do not apply to Section 2361 injunctions").

## II. THE COURT SHOULD DISCHARGE MATTEL FROM FURTHER LIABILITY AND EXONERATE THE APPEAL BOND UPON THE POSTING OF AN INTERPLEADER BOND

Provided Mattel is protected from the risk of duplicative recovery and competing claims as sought by this *ex parte* application, Mattel is prepared to file the proposed Interpleader Complaint and post an appropriate interpleader bond in the amount of the Copyright Fees Judgment, on such terms as the Court directs, in accordance with 28 U.S.C. § 1355(a).  Once Mattel bonds the proceeds of the Copyright Fees Judgment, Mattel's obligations to the claimants will be satisfied.  28 U.S.C. § 2361 permits the Court to "discharge the plaintiff from further liability" in this circumstance, and the Court should do so here.  *Orseck*, 699 F. Supp. 2d at 1351 n.10, 1354 (noting that Section 2361 injunction "can be issued in conjunction with an order discharging the disinterested stakeholder" and dismissing stakeholder from the action).  Accordingly, the Court should expressly discharge Mattel from any liability to the MGA defendants or to any other claimants to the proceeds of the Judgment and exonerate the Appeal Bond in full.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant this *ex parte* application, and enter the Proposed Order submitted herewith.

DATED: February 13, 2013               QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc. and
   Mattel de Mexico, S.A. de C.V.