QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

BAKER MARQUART LLP
  Ryan G. Baker (Bar No. 214036)
  (rbaker@bakermarquart.com)
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California 90024
Telephone: (424) 652-7800
Facsimile: (424) 652-7801

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity, <br><br> Plaintiff, <br><br> vs. <br><br> MGA ENTERTAINMENT, INC., a California corporation, et al., <br><br> Defendant. | CASE NO. CV 04-9049 DOC (RNBx) Consolidated with Case Nos. CV 04-09059 & CV 05-02727 <br><br> Hon. David O. Carter <br><br> **DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL'S *EX PARTE* APPLICATION FOR ORDER ENJOINING DEFENDANTS FROM INSTITUTING OR PROSECUTING ANY PROCEEDING AFFECTING THE JUDGMENT IN THIS ACTION AND EXONERATING BOND ON CONDITION OF INSTITUTION OF INTERPLEADER ACTION** <br><br> Date: TBD <br> Time: TBD <br> Place: TBD |

## DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1.      I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Mattel, Inc. and Mattel de Mexico, S.A. de C.V. ("Mattel").  I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit A is a true and correct copy of the Opinion of the Ninth Circuit Court of Appeals in *Mattel, Inc., et al., v. MGA Entertainment, Inc., et al.*, No. 11-56357, dated January 24, 2013.

3.      Attached hereto as Exhibit B is a true and correct copy of a letter dated January 24, 2013 from Crum & Forster Specialty Insurance Company to Mattel.

4.      Attached hereto as Exhibit C is a true and correct copy of a letter dated January 24, 2013 from Orrick, Herrington & Sutcliffe LLP to Mattel enclosing a "Preliminary Notice of Partial Final Award."

5.      Attached hereto as Exhibit D is a true and correct copy of a letter dated January 25, 2013 from Evanston Insurance Company to Mattel.

6.      Attached hereto as Exhibit E is a true and correct copy of a letter dated January 28, 2013 from Lexington Insurance Company, National Union Fire Insurance company of Pittsburgh, PA, and Chartis Specialty Insurance Company to Mattel.

7.      Attached hereto as Exhibit F is a is a true and correct copy a letter dated February 13, 2013, from counsel for the MGA defendants to various of MGA's insurers, with a copy to counsel for Mattel.

8.      Attached hereto as Exhibit G is a copy of Mattel's proposed Interpleader Complaint.

9.      At various times on February 11, 12 and 13, 2013, Quinn Emanuel partners, including me, contacted counsel for known interested parties in the subject

1  matter of this *ex parte* and the proposed Interpleader Complaint to provide notice of

2  the *ex parte* and ask for their respective positions on the requested relief and the

3  filing of the proposed interpleader action.  Specifically, my partners and I contacted

4  each of the following:

5        Susan J. Field
        Musick, Peeler & Garrett, LLP
6        One Wilshire Blvd., Suite 2000
        Los Angeles, CA 90017
7        (213) 629-7886 (phone)
        (213) 624-1376 (fax)
8        s.field@mpglaw.com

9        Counsel for Crum & Forster Specialty Insurance Company

10      Sean M. Hanifin
        Troutman Sanders, LLP
11      401 9th Street, NW, Suite 1000
        Washington, DC 20004
12      (202) 662-2026 (phone)
        (202) 654-5817 (fax)
13      sean.hanifin@troutmansanders.com

14      Counsel for Evanston Insurance Company

15      Mark D. Sheridan
        The Legal Center
16      One Riverfront Plaza
        Newark, NJ 07102
17      (973) 848-5600 (phone)
        (973) 848-5601 (fax)
18      msheridan@pattonboggs.com

19      Counsel for Chartis Specialty Insurance Company, Lexington Insurance
        Company, and National Union Fire Insurance Company of Pittsburg, PA
20

21      Frank A. Cialone
        Shartsis Friese, LLP
22      One Maritime Plaza, 18th Floor
        San Francisco, CA 94111
23      (415) 421-6500 (phone)
        (415) 421-2922 (fax)
24      fcialone@sflaw.com

25      Counsel for Orrick Herrington & Sutcliffe, LLP

26

27

28

Jason D. Russell
Skadden, Arps, Slate, Meagher & Flom, LLP
300 S. Grand Ave., Suite 3400
Los Angeles, CA 90071
(213) 687-5000 (phone)
(213) 687-5600 (fax)
jason.russell@skadden.com

Appellate counsel for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

Jennifer L. Keller
Keller Rackauckas LLP
18500 Von Karman Ave Suite 560
Irvine, Ca 92612
(949) 476-8700
(949) 476-0900 fax
keller@krlawllp.com

Counsel for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian

Counsel for Crum & Forster Specialty Insurance Company, Evanston Insurance Company, Chartis Specialty Insurance Company, Lexington Insurance Company, and National Union Fire Insurance Company of Pittsburg, PA, and Orrick Herrington & Sutcliffe, LLP stated that, in concept, they did not oppose the relief sought by the *ex parte* or the filing of an interpleader action, subject to their review of Mattel's papers filed in support.

Counsel for the MGA parties stated that they intended to oppose the relief sought by the *ex parte* and the filing of an interpleader action. Counsel for the MGA parties stated that the MGA parties did agree, however, not to seek to enforce the judgment in this case or seek to execute against the bond in this case pending the Court's resolution of Mattel's present *ex parte* application. Counsel for the MGA parties further requested to have until February 18, 2013, to submit the MGA parties' opposition to this *ex parte* application, and Mattel does not object to that request.

1       I declare under penalty of perjury under the laws of the United States of

2  America that the foregoing is true and correct.

3       Executed February 13, 2013, at Los Angeles, California.

By _____
Michael T. Zeller
Attorney for Mattel, Inc, and Mattel de
Mexico, S.A. de C.V.

# EXHIBIT A

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTEL, INC., a Delaware corporation; MATTEL DE MEXICO S.A. DE C.V., *Plaintiffs-Appellants*, | No. 11-56357<br><br>D.C. No.<br>2:04-cv-09049-DOC-RNB |
| v. | |
| MGA ENTERTAINMENT, INC., a California corporation; MGA ENTERTAINMENT (HK) LIMITED, a Hong Kong Special Administrative Region business entity; MGAE DE MEXICO, S.R.L. DE C.V., a Mexico business entity; ISAAC LARIAN; CARLOS GUSTAVO MACHADO GOMEZ; OMNI 808 INVESTORS, LLC; IGWT 826 INVESTMENTS, LLC, *Defendants-Appellees*. | OPINION |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted
December 10, 2012—Pasadena, California

Filed January 24, 2013

2   MATTEL V. MGA ENTERTAINMENT

Before:  Alex Kozinski, Chief Judge, Stephen S. Trott
and Kim McLane Wardlaw, Circuit Judges.

Opinion by Chief Judge Kozinski

## SUMMARY[*]

### Copyright

The panel affirmed in part and reversed the district court's judgment, after a new jury trial on remand from this court, in an action under the Copyright Act.

On remand, the jury rejected the claim of Mattel, Inc., that MGA Entertainment, Inc., infringed Mattel's copyrights by producing Bratz dolls.  The jury also found that Mattel misappropriated MGA's trade secrets, and the district court awarded attorneys' fees and costs to MGA under the Copyright Act.

The panel held that MGA's counterclaim-in-reply for misappropriation of trade secrets under California law was not compulsory and thus was not properly permitted because it did not rest on the same aggregate core of facts as Mattel's trade secret misappropriation counterclaim.  The panel vacated the jury's verdict on MGA's claim, as well as related damages, fees, and costs.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel held that the district court did not abuse its discretion in awarding attorneys' fees under the Copyright Act to MGA, the prevailing party on the copyright infringement claim.

## COUNSEL

Kathleen M. Sullivan (argued), Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY; John B. Quinn, Susan R. Estrich and Michael T. Zeller, Quinn Emanuel Urquhart & Sullivan, LLP, Los Angeles, CA, for Plaintiffs-Appellants.

Clifford M. Sloan (argued), Allon Kedem and David W. Foster, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, D.C.; Thomas J. Nolan, Jason D. Russell and Hillary A. Hamilton, Skadden, Arps, Slate, Meagher & Flom LLP, Los Angeles, CA, for Defendants-Appellees.

## OPINION

KOZINSKI, Chief Judge:

The last time Mattel and MGA were here, we predicted that "the entire case will probably need to be retried." *Mattel, Inc.* v. *MGA Entm't, Inc.*, 616 F.3d 904, 918 (9th Cir. 2010). On remand, the district court agreed and ordered a new trial. The jury rejected Mattel's claim that MGA infringed Mattel's copyrights by producing Bratz dolls. While Mattel doesn't challenge that result, it does challenge the jury's verdict that Mattel misappropriated MGA's trade secrets, and the district

court's award of attorneys' fees and costs to MGA under the Copyright Act.

## I. BACKGROUND

In late 2006, Mattel sought leave to amend its complaint by adding a claim that MGA had stolen its trade secrets. The district court allowed Mattel to plead the claim, but only as a counterclaim. Then, in 2010, after we had decided the first appeal, MGA filed a new claim against Mattel for misappropriating its trade secrets. *See* Cal. Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq. Mattel moved to dismiss MGA's claim, arguing that the statute of limitations had run because the events at issue happened more than three years earlier. *See* Cal. Civ. Code § 3426.6. The district court denied Mattel's motion, concluding that "Mattel's trade secret misappropriation counterclaim and MGA's trade secret misappropriation counterclaim-in-reply are logically related." Thus, MGA's counterclaim-in-reply was compulsory and therefore permissible.

The jury found for MGA, and awarded more than $80 million in damages. The district court then awarded MGA an equal amount in exemplary damages under the California Uniform Trade Secrets Act, which authorizes exemplary damages if the misappropriation was "willful and malicious." Cal. Civ. Code § 3426.3(c). The court also awarded trade-secret attorneys' fees and costs. In addition, because the jury found for MGA on Mattel's copyright claim, the district court awarded attorneys' fees and costs to MGA under the Copyright Act. *See* 17 U.S.C. § 505.

Mattel appeals both the district court's decision that MGA's trade-secret counterclaim was compulsory and the award of fees under the Copyright Act.

## II. ANALYSIS

### A. MGA's trade-secret claim

Counterclaims-in-reply are permitted only if they are compulsory. *See Davis & Cox* v. *Summa Corp.*, 751 F.2d 1507, 1525 (9th Cir. 1985), *superseded on other grounds by* 28 U.S.C. § 1961. To be compulsory, a counterclaim must "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed R. Civ. P. 13(a)(1)(A). We apply "the logical relationship test for compulsory counterclaims." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195–96 (9th Cir. 2005) (internal quotation marks omitted). "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Id.* at 1196 (internal quotation marks omitted); *see also Moore* v. *N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926).

MGA's claim did not rest on the same "aggregate core of facts" as Mattel's claim. While Mattel asserted many claims that covered numerous interactions between Mattel and MGA, Mattel's specific allegations regarding trade secrets were that several of their employees, including Gustavo Machado and Ron Brawer, defected to MGA and disclosed Mattel's trade secrets. By contrast, MGA's trade-secret claim

rested on allegations that Mattel's employees stole MGA trade secrets by engaging in chicanery (such as masquerading as buyers) at toy fairs. That both Mattel and MGA claimed they stole each other's trade secrets isn't enough to render MGA's counterclaim compulsory. *In re Pegasus*, 394 F.3d at 1196. What matters is not the legal theory but the *facts*. "[E]ven the most liberal construction of ['transaction'] cannot operate to make a counterclaim that arises out of an entirely different or independent transaction or occurrence compulsory under Rule 13(a)." 6 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1410, at 52 (3d ed. 2010).

The district court ruled that it was "more than reasonable to conclude *at least* some of the trade secret information allegedly misappropriated by Machado and Brawer incorporated trade secret information" that Mattel had stolen from MGA. But this is not borne out by the pleadings, as the district court recognized: "MGA does not expressly allege that Machado and/or Brawer brought market intelligence group information to MGA from Mattel." Nor would it matter if they had. That the same information may have shuttled back and forth between Mattel and MGA isn't a sufficient nexus to support a compulsory counterclaim.

Because MGA's trade-secret claim should not have reached this jury, we vacate the verdict along with the related damages, fees and costs. *See* Cal. Civ. Code §§ 3426.3(c), 3426.4. On remand, the district court shall dismiss MGA's trade-secret claim without prejudice.

## B. Copyright Attorneys' Fees

Whether or not a prevailing party is entitled to attorneys' fees under the Copyright Act "is reposed in the sound discretion of the district courts." *Fantasy* v. *Fogerty*, 94 F.3d 553, 555 (9th Cir. 1996) (*Fogerty II*); *see also* 17 U.S.C. § 505. The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act. *Fogerty II*, 94 F.3d at 558. The Act's "ultimate aim is . . . to stimulate artistic creativity for the general public good." *Twentieth Century Music Corp.* v. *Aiken*, 422 U.S. 151, 156 (1975). That aim is furthered when defendants "advance a variety of meritorious copyright defenses." *Fogerty* v. *Fantasy*, 510 U.S. 517, 527 (1994) (*Fogerty I*).

Here, the district court explained, "MGA [has] secured the public's interest in a robust market for trendy fashion dolls populated by multiple toy companies." MGA's "contribution to the state of the law in the field of copyright in a case of this magnitude and notoriety" was important because MGA's "failure to vigorously defend against Mattel's claims could have ushered in a new era of copyright litigation aimed not at promoting expression but at stifling the 'competition' upon which America thrives." The district court did not abuse its discretion in awarding MGA fees for fighting against Mattel's claim "that was stunning in scope and unreasonable in the relief it requested."

Mattel argues that, because its claim was objectively reasonable, MGA is not entitled to fees. This argument seeks to resurrect the long-rejected requirements of frivolousness and bad faith. *See Apple Computer, Inc.* v. *Microsoft Corp.*,

35 F.3d 1435, 1448 (9th Cir. 1994). At one point, a copyright defendant had to show that the plaintiff's claim was frivolous or made in bad faith in order to be entitled to fees; but no longer. *Id.* Even assuming Mattel's claim was objectively reasonable, the district court didn't abuse its discretion in awarding MGA fees.

Mattel also maintains that it should have been provided with unredacted copies of MGA's legal invoices. But the sort of information Mattel seeks is attorney work product. *See MGIC Indem. Corp.* v. *Weisman*, 803 F.2d 500, 505 (9th Cir. 1986). Protecting MGA's work product was particularly important here, because MGA was still engaged in litigation with Mattel. In any event, the district judge reviewed unredacted invoices in camera, which is a sufficient safeguard against unreasonable bills.

Mattel's remaining arguments about apportionment and calculation are equally unconvincing. The district court properly exercised its discretion in awarding and calculating attorneys' fees and costs. *See Entm't Research Group, Inc.* v. *Genesis Creative Group, Inc.*, 122 F.3d 1211, 1216–17 (9th Cir. 1997).

## III. CONCLUSION

MGA's claim of trade-secret misappropriation was not logically related to Mattel's counterclaim; we therefore reverse the district court's holding that MGA's counterclaim-in-reply was compulsory. Because the district court did not abuse its discretion in awarding fees and costs under the Copyright Act, we affirm that award.

While this may not be the last word on the subject, perhaps Mattel and MGA can take a lesson from their target demographic: Play nice.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

**NO COSTS.**

# EXHIBIT B

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

SUSAN J. FIELD
s.field@mpglaw.com
(213) 629-7886

ONE WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383
—————
TELEPHONE: (213) 629-7600
FACSIMILE: (213) 624-1376
WWW.MUSICKPEELER.COM

LOS ANGELES
ORANGE COUNTY
SAN DIEGO
SAN FRANCISCO
SANTA BARBARA
WESTLAKE VILLAGE

FILE NO.: 12717.120

January 24, 2013

**VIA EMAIL**

Michael J. Bidart Esq.
SHERNOFF BIDART ECHEVERRIA BENTLEY LLP
600 South Indian Hill Boulevard
Claremont, CA 91711

Michael Zeller, Esq.
Dylan Proctor, Esq.
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Ryan G. Baker, Esq.
BAKER MARQUART LLP
10990 Wilshire Boulevard, 4th Floor
Los Angeles, California 90024

Re:   Mattel, Inc. vs. MGA Entertainment, Inc. and Various Related Cases

Dear Counsel:

As each of you knows, this firm represents Crum & Forster Specialty Insurance Company ("Crum & Forster") in connection with the captioned litigation and matters relating thereto.  This letter is written in light of the 9th Circuit's recent ruling with respect to Judge Carter's Order of dismissal of the intervention action filed by Crum & Forster and others and the 9th Circuit's Opinion issued today regarding the Judgment in the captioned litigation.

More specifically, as you know, the 9th Circuit affirmed Judge Carter's dismissal of the intervention action on the basis of, and expressly limited to, its finding that Judge Carter was without jurisdiction to rule on the Motion to Intervene.  As such, any ruling made by Judge Carter of a substantive nature was a void order.  Today, the 9th Circuit affirmed Judge Carter's Judgment in favor of MGA and against Mattel relative to the award of attorneys' fees and costs.

On August 9 and August 12, 2011, I sent letters to MGA and Mattel, respectively, advising of Crum & Forster's right to recovery of fees and costs paid for the defense of MGA in the captioned litigation.  Copies of those letters are attached hereto.  This letter is written to remind you of the language in the Crum & Forster's policies which protects Crum & Forster's rights to subrogation against Mattel and, of course, that Crum & Forster has its separate and additional rights of recovery against MGA.  Again, please note, as set forth previously, and as

**MUSICK, PEELER & GARRETT** LLP
ATTORNEYS AT LAW

Michael J. Bidart Esq.
Michael Zeller, Esq.
Dylan Proctor, Esq.
Ryan G. Baker, Esq.
January 24, 2013
Page 2

set forth in the policies, MGA (and Mattel)  should  "do nothing. . . to impair" Crum & Forster's rights to reimbursement or recovery of amounts it has paid.

As always, please contact me if you have any questions.

Very truly yours,

Susan J. Field
for MUSICK, PEELER & GARRETT LLP

SJF:tw
Encls.
cc:    Mark Sheridan, Esq.
       Sean Hanifin, Esq.
       Jennifer Kokes, Esq.
       Jason Russell, Esq.

830614.1



# MUSICK, PEELER & GARRETT LLP
## ATTORNEYS AT LAW

SUSAN J. FIELD
s.field@mpglaw.com
(213) 629-7886

ONE WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383
—————
TELEPHONE: (213) 629-7600
FACSIMILE: (213) 624-1376
WWW.MUSICKPEELER.COM

LOS ANGELES
ORANGE COUNTY
SAN DIEGO
SAN FRANCISCO
SANTA BARBARA
WESTLAKE VILLAGE

FILE NO.: 12717.120

August 9, 2011

Via Email

Jeanine Pisoni, Esq.
MGA Senior Vice President, General Counsel
MGA Entertainment
16360 Roscoe Boulevard, Suite 105
Van Nuys, CA 91406

Re:  *Mattel, Inc. v. MGA Entertainment, Inc., et al.,* United States District Court for
      the Central District of California, Case No. CV 04-9049 (the "Mattel Litigation")
Insurer:        Crum & Forster Insurance Company
Insured:        MGA Entertainment, Inc.
Claimant:       Mattel, Inc.
Claim No.:      NJU00354090
C&F Policy Nos.:  GLO 000 0222, GLO 011079, and GLO 050151

Dear Ms. Pisoni:

     This letter is written in follow up to our email exchange over the last several days and further to communications over the last several months relating to MGA's efforts to seek payment from Mattel, Inc. of fees and costs incurred by MGA Entertainment, Inc. ("MGA") with respect to the Mattel Litigation. Most recently, we have exchanged emails regarding MGA's filing of a Cost Bill. Thank you for your confirmation that Orrick will be timely filing a Cost Bill on behalf of MGA. This letter will address certain issues that arise by reason the Court's recent rulings (August 4, 2011) awarding MGA certain fees and costs, the Judgment based thereon and the prospective award of costs pursuant to the Bill of Costs to be filed.

     More specifically, as part of the Judgment in favor of MGA of $309,887,177, the Court awarded $2,172,000 in fees and $350,000 in costs in connection with MGA's claims under the California Uniform Trade Secret Act ("CUTSA") and $105,688,073 in fees and $31,677,104 in costs as to MGA's Motion for Fees and Costs Under the Copyright Act. We understand that certain of the awarded costs will also be sought as part of a Cost Bill (with the understanding that recovery cannot be made twice), but certain costs sought through a Cost Bill

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

Jeanine Pisoni, Esq.
August 9, 2011
Page 2

will be those not previously requested or disallowed by the Court as not being recoverable under the applicable statutory authority.[1]

In general, the "costs" (e.g., court reporters and other vendors) incurred by MGA in defense of this action were submitted to and have been paid in full by MGA's insurers, including Crum & Forster Specialty Company ("Crum & Forster"). For example, recently, Crum & Forster together with the Chartis Companies paid in excess of $1 million for the Court-appointed Receiver's bill(s). It is our understanding that the Receiver's fees were among those costs sought as part of MGA's Motion for Fees under the Copyright Act; Receiver's fees are among the costs specifically identified as recoverable costs under Local Rule 54-4.10. Further, as you know, MGA has submitted to the insurers and the insurers have paid tens of millions of dollars for the legal fees which MGA asserted that it incurred in defense of the Mattel Litigation. It is our understanding that those invoices for attorneys fees and costs formed the basis for MGA's motion for fees and costs under the Copyright Act and may have also formed, in part or whole, the basis for MGA's motion for fees and costs under CUTSA.

Please note that all of the Crum & Forster primary policies under which Crum & Forster is providing a defense to MGA (GLO 000 0222, GLO 011079, and GLO 050151) contain the following "Condition" in Section IV(8):

**"TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them."

In light of the Court's August 4, 2011 rulings awarding fees and costs and the Judgment thereon, MGA's statutory right to recover costs under FRCP Rule 54, Local Rule 54-3 and 28 U.S.C. §1920, and this policy (contractual) language, Crum & Forster has the right(s) to recover from Mattel those payments that Crum & Forster has made in the defense of MGA that are part of the Judgment, the Court's August 4, 2011 Rulings and/or a later Cost Bill award. Please note, as set forth above, MGA must "do nothing ... to impair" Crum & Forster's rights to reimbursement or recovery of amounts it has paid.

---

[1] For example, the Court reduced the award by "approximately $7,000 in costs of the deposition recording services."

**MUSICK, PEELER & GARRETT** LLP
ATTORNEYS AT LAW

Jeanine Pisoni, Esq.
August 9, 2011
Page 3

Please let me know if you have any questions with respect to the foregoing.  In the interim, Crum & Forster reserves any and all rights it may have under the Policies and under applicable law with respect to these issues and as further set forth previously in correspondence sent by or on behalf of Crum & Forster, including, but not limited to, my letter dated May 17, 2010 addressed to Michael Bidart .

Very truly yours,

Susan J. Field
for MUSICK, PEELER & GARRETT LLP

SJF:tw

cc:     Michael Bidart, Esq.
        Mark Sheridan, Esq.
        Sean Hanifan, Esq.

749350.2

COPY

# MUSICK, PEELER & GARRETT LLP
## ATTORNEYS AT LAW

SUSAN J. FIELD
s.field@mpglaw.com
(213) 629-7886

ONE WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383

TELEPHONE: (213) 629-7600
FACSIMILE: (213) 624-1376
WWW.MUSICKPEELER.COM

LOS ANGELES
ORANGE COUNTY
SAN DIEGO
SAN FRANCISCO
SANTA BARBARA
WESTLAKE VILLAGE

FILE NO.: 12717.120

August 12, 2011

Via Email

Michael Zeller, Esq.
Dylan Proctor, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017

> Re:   *Mattel, Inc. v. MGA Entertainment, Inc., et al.,* United States District Court for
> the Central District of California, Case No. CV 04-9049 (the "Mattel Litigation")
> Insurer:        Crum & Forster Specialty Insurance Company
> Insured:        MGA Entertainment, Inc.
> Claimant:       Mattel, Inc.
> C&F Policy Nos.:    GLO 000 0222, GLO 011079, and GLO 050151

Dear Counsel:

   This letter is written in follow-up to our telephone discussion of today, in which Dylan Proctor participated, relative to the Court's recent rulings (August 4, 2011) awarding MGA Entertainment Inc and Isaac Larian ("MGA") certain fees and costs, the Judgment based thereon and any prospective award of costs pursuant to a Bill of Costs, if filed, and the intent of my client, Crum & Forster Specialty Insurance Company ("Crum & Forster"), and the Chartis Member Companies to seek to intervene in the Mattel Litigation.

   More specifically, as part of the Judgment in favor of MGA of $309,887,177, the Court awarded $2,172,000 in fees and $350,000 in costs in connection with MGA's claims under the California Uniform Trade Secret Act ("CUTSA") and $105, 688,073 in fees and $31,677,104 in costs as to MGA's Motion for Fees and Costs Under the Copyright Act. Moreover, as the "prevailing party," MGA is entitled to "Costs." As you are aware from our discussion, and may be aware from a review of the Court's files, MGA's insurers, including Crum & Forster, have paid substantial amounts to and/or on behalf of MGA in connection with the representation of MGA in the  Mattel Litigation. It is our understanding that those invoices for attorneys fees and costs formed the basis for MGA's motion for fees and costs under the

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

Michael Zeller, Esq.
Dylan Proctor, Esq.
August 12, 2011
Page 2

Copyright Act and may have also formed, in part or whole, the basis for MGA's motion for fees and costs under CUTSA.

Please note that all of the Crum & Forster primary policies under which Crum & Forster is providing a defense to MGA (GLO 000 0222, GLO 011079, and GLO 050151) contain the following "Condition" in Section IV(8):

**"TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US**

If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them."

In light of the Court's August 4, 2011 rulings awarding fees and costs and the Judgment thereon, MGA's statutory right to recover costs under FRCP Rule 54, Local Rule 54-3 and 28 U.S.C. §1920 and this policy (contractual) language, Crum & Forster has the right(s) to recover from Mattel those payments that Crum & Forster has made to or on behalf of MGA that are part of the Judgment, the Court's August 4, 2011 Rulings and/or a later Cost Bill award. Please note, as set forth above, MGA must "do nothing … to impair" Crum & Forster's rights to reimbursement or recovery of amounts it has paid. We note this provision here to ensure that Mattel is made aware of Crum & Forster's rights, as it is Crum & Forster's intent to enforce them.

Please let me know if you have any questions with respect to the foregoing.

Very truly yours,

Susan J. Field
for MUSICK, PEELER & GARRETT LLP

SJF:tw
cc:   Jennifer Keller, Esq.          Michael Bidart, Esq.
      Annette Hurst, Esq.            Mark Sheridan, Esq.
      Jason Russell, Esq.            Sean Hanifan, Esq.

750238.1

# EXHIBIT C



**SHARTSIS FRIESE LLP**
One Maritime Plaza ◆ Eighteenth Floor
San Francisco, California 94111-3598

Lisa A. Jacobs
ljacobs@sflaw.com

January 24, 2013

*VIA E-MAIL AND U.S. MAIL*

John B. Quinn, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, Tenth Floor
Los Angeles, CA 90017

Kathleen M. Sullivan, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

      Re:   *Orrick, Herrington & Sutcliffe v. MGA Entertainment, Inc., et al.,*
           Preliminary Notice of Partial Final Award

Dear Mr. Quinn and Ms. Sullivan:

      Please see the enclosed Preliminary Notice of Partial Final Award, which Orrick, Herrington & Sutcliffe LLP will file in *Mattel, Inc. v. MGA Entertainment, Inc., et al.,* in the United States District Court for the Central District of California, Case No. CV 04-9049-DOC.

                     Very truly yours,

                     Lisa A. Jacobs

LAJ:maa
Enclosure
cc:    Edmond Connor, Esq. (via email only)

1   **SHARTSIS FRIESE LLP**
    ARTHUR J. SHARTSIS (Bar #51549)
2   FRANK A. CIALONE (Bar #172816)
    LISA A. JACOBS (Bar #230364)
3   One Maritime Plaza, Eighteenth Floor
    San Francisco, CA  94111
4   Telephone:  (415) 421-6500
    Facsimile:  (415) 421-2922
5   Email: ashartsis@sflaw.com; fcialone@sflaw.com;
    ljacobs@sflaw.com
6
    Attorneys for
7   ORRICK, HERRINGTON & SUTCLIFFE LLP

8   **ORRICK, HERRINGTON & SUTCLIFFE LLP**
    THOMAS S. MCCONVILLE (BAR #155905)
9   tmcconville@orrick.com
    2050 Main Street
10  Suite 1100
    Irvine, California 92614
11  TELEPHONE:  (949) 567-6700
    FACSIMILE:   (949) 567-6710
12

13

14                  UNITED STATES DISTRICT COURT

15                 CENTRAL DISTRICT OF CALIFORNIA

16                        SOUTHERN DISTRICT

17

18  | CARTER BRYANT, an individual, | Case No.  CV 04-9049-DOC (RNBx) |
    | | Consolidated with Nos. CV 04-9059 |
19  | Plaintiff, | and CV 05-2727 |
    | | |
20  | v. | **PRELIMINARY NOTICE OF PARTIAL** |
    | | **FINAL AWARD TO BE ISSUED IN** |
21  | MATTEL, INC., a Delaware corporation, | **ORRICK V. MGA ARBITRATION** |
    | | |
22  | Defendant. | Judge:      Hon. David O. Carter |
23
24  | AND CONSOLIDATED ACTIONS. |
25

26  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

27          **PLEASE TAKE NOTICE** that Orrick, Herrington & Sutcliffe LLP ("Orrick") is the

28

- 1 -

1    Claimant in an arbitration against MGA Entertainment, Inc., Isaac Larian, et al. (collectively,

2    "MGA") arising out of MGA's nonpayment of attorneys' fees and expenses.  On January 11,

3    2013, the JAMS Arbitration Panel in the Orrick v. MGA arbitration (JAMS Ref. No.

4    1200045343) issued a draft Partial Final Award, indicating provisional relief to be awarded to

5    Orrick upon determination of an appropriate undertaking by Orrick.  The provisional relief that

6    the Panel will award to Orrick is a $23 million lien on the proceeds of the *Mattel* litigation (the

7    above-captioned matter), including any payments made to MGA from Mattel's appeal bond, or

8    payments made by Mattel in satisfaction of the judgment in MGA's favor.  The Panel is expected

9    promptly to determine the appropriate undertaking by Orrick, which was briefed by the parties on

10   January 18, 2013.

11   DATED:       January 24, 2013              SHARTSIS FRIESE LLP

12

13                                            By:_____
                                                      ARTHUR J. SHARTSIS
14

15                                            Attorneys for
                                              ORRICK, HERRINGTON & SUTCLIFFE LLP
16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT D

SEAN M. HANIFIN
202.662.2026 telephone
202.654.5817 facsimile
sean.hanifin@troutmansanders.com

PRASHANT K. KHETAN
202.662.2028 telephone
202.654.5824 facsimile
prashant.khetan@troutmansanders.com

# TROUTMAN SANDERS

TROUTMAN SANDERS LLP
Attorneys at Law
401 9th Street, N. W., Suite 1000
Washington, D.C.  20004-2134
202.274.2950 telephone
troutmansanders.com

January 25, 2013

**VIA FIRST CLASS MAIL & E-MAIL**

Michael J. Bidart, Esq.
Steven Messner, Esq.
Shernoff Bidart Echeverria Bentley LLP
600 S. Indian Hill Blvd
Claremont, CA 91711-5498

Ryan G. Baker, Esq.
Baker Marquart LLP
10990 Wilshire Boulevard, 4th Floor
Los Angeles, CA 90024

Michael T. Zeller, Esq.
Dylan Proctor, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

> Re:   Issuing Company:   Evanston Insurance Company
> EIC Insured:       MGA Entertainment, Inc.
> Claimant:          Mattel, Inc.
> Policy Numbers:    01GLP1005176 & 02GLP1005176
> Policy Periods:    January 1, 2001 to January 1, 2002
>                    January 1, 2002 to January 1, 2003

Dear Messrs. Bidart, Messner, Baker, Zeller & Proctor:

We write on behalf of our client, Evanston Insurance Company ("EIC"), in connection with the above-referenced matter.

Attached are letters previously sent to your offices regarding EIC's asserted right to subrogation as to any amount owed and/or paid by Mattel, Inc. ("Mattel") to MGA Entertainment, Inc. and/or Isaac Larian (collectively, "MGA") for attorneys' fees and/or costs, whether as a result of a judgment or settlement, in connection with the lawsuit captioned *Mattel, Inc. v. MGA Entertainment, Inc., et al.*, Case No. CV 04-9049 DOC (RNBx) (C.D. Cal.) (consolidated with Case Nos. CV 04-09059 and CV 05-02727).

As you no doubt aware, on January 24, 2013, the Ninth Circuit (which was hearing the above-referenced case on appeal, Case No. 11-56357), affirmed Judge Carter's Judgment in favor of MGA and against Mattel regarding the award of attorneys' fees and costs.  In light of that ruling, we would like to take this opportunity to remind you of EIC's previously asserted

Michael J. Bidart, Esq.
Steven Messner, Esq.
Ryan G. Baker, Esq.
Michael T. Zeller, Esq.
Dylan Proctor, Esq.
January 25, 2013
Page 2

rights to subrogation and recovery against Mattel and MGA.  In addition, EIC continues to reserve any and all rights under the Policies and the applicable law.

Please feel free to contact us if you would like to discuss the above.

Sincerely,

TROUTMAN SANDERS LLP

By _____
Sean M. Hanifin
Prashant K. Khetan

Enclosures

SEAN M. HANIFIN
202.662.2026 telephone
202.654.5817 facsimile
sean.hanifin@troutmansanders.com

PAUL L. GALE
949.622.2704 telephone
949.769.2052 facsimile
paul.gale@troutmansanders.com

PRASHANT K. KHETAN
202.662.2028 telephone
202.654.5824 facsimile
prashant.khetan@troutmansanders.com

# TROUTMAN SANDERS

TROUTMAN SANDERS LLP
Attorneys at Law
401 9th Street, N. W., Suite 1000
Washington, D.C.  20004-2134
202.274.2950 telephone
troutmansanders.com

June 21, 2012

**VIA FIRST CLASS MAIL**

John B. Quinn, Esq.
Michael T. Zeller, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

|         |                  |                                       |
|---------|------------------|---------------------------------------|
| Re:     | Issuing Company: | Evanston Insurance Company            |
|         | EIC Insured:     | MGA Entertainment, Inc.               |
|         | Claimant:        | Mattel, Inc.                          |
|         | Policy Numbers:  | 01GLP1005176 & 02GLP1005176           |
|         | Policy Periods:  | January 1, 2001 to January 1, 2002    |
|         |                  | January 1, 2002 to January 1, 2003    |

Dear Messrs. Quinn & Zeller:

We write on behalf of our client, Evanston Insurance Company ("EIC"), in connection with the above-referenced matter.  Specifically, we seek to inform you, as counsel to Mattel, Inc. ("Mattel"), of EIC's right to subrogation, which it is asserting, as to any amount owed and/or paid by Mattel to MGA Entertainment, Inc. and Isaac Larian (collectively, "MGA") for attorneys' fees and/or costs, whether as a result of a judgment or settlement, in connection with the lawsuit captioned *Mattel, Inc. v. MGA Entertainment, Inc., et al.*, Case No. CV 04-9049 DOC (RNBx) (C.D. Cal.) (consolidated with Case Nos. CV 04-09059 and CV 05-02727), currently on appeal, Case No. 11-56357 (9th Cir.) (the "Underlying Action").

In the Underlying Action, the Court awarded MGA $2,172,000 in fees and $350,000 in costs in connection with MGA's Motion for Exemplary Damages and Fees Pursuant to California's Uniform Trade Secret Act, and $105,688,073 in fees and $31,677,104 in costs in connection with MGA's Motion for Award of Attorneys' Fees and "Full Costs" Under Section 505 of the Copyright Act.  Moreover, and based on its assertion that it was a "prevailing party," MGA submitted a Bill of Costs.  These awards are currently on appeal.

John B. Quinn, Esq.
Michael T. Zeller, Esq.
June 21, 2012
Page 2

As you may be aware, EIC has paid substantial amounts to or on behalf of MGA in connection with the Underlying Action. All payments made by EIC were subject to a reservation of its rights, including:

> the right to recover from any insureds, and/or from any other insurer or any other parties, any payments made by Evanston, including payments for indemnity, defense costs and expenses, attorneys' fees and costs of suit. . . .

EIC understands that the same invoices submitted to EIC by MGA, and paid to or on behalf of MGA by EIC, form the basis, in part or whole, of the above fee and costs awards.

The payments by EIC were made pursuant to two primary commercial general liability insurance policies (Policy No. 01GLP1005176 effective from January 1, 2001 to January 1, 2002 and Policy No. 02GLP1005176 effective from January 1, 2002 to January 1, 2003 (collectively, the "Policies")). The Policies contain a subrogation clause entitled "Transfer of Rights of Recovery Against Others to Us," which provides the following:

> If the Insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The Insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

Thus, MGA "must do nothing . . . to impair" EIC's rights to reimbursement or recovery of amounts it has paid.

Based on the Court's August 4, 2011 rulings awarding fees and costs to MGA, as well as the Bill of Costs (and any applicable local rule and law), EIC asserts its right under the Policies and law to recover from Mattel those payments that EIC has made to or on behalf of MGA that are part of the Court's current or later awards. Please advise us whether Mattel will agree to remit to EIC – rather than MGA – the amount of the payments that EIC has made to or on behalf of MGA that are part of the Court's current or later fee and costs awards. In the absence of such agreement, EIC will name Mattel in an action that EIC intends to file to assert EIC's rights, including its right to subrogation. Thus, we also ask that you inform us whether you will accept service on behalf of Mattel.

1144627v2

John B. Quinn, Esq.
Michael T. Zeller, Esq.
June 21, 2012
Page 3

We look forward to hearing from you regarding the above.

Sincerely,

TROUTMAN SANDERS LLP

By _Prashant K Khetan_

Sean M. Hanifin
Paul L. Gale
Prashant K. Khetan

1144627v2

SEAN M. HANIFIN
202.662.2026 telephone
202.654.5817 facsimile
sean.hanifin@troutmansanders.com

PAUL L. GALE
949.622.2704 telephone
949.769.2052 facsimile
paul.gale@troutmansanders.com

PRASHANT K. KHETAN
202.662.2028 telephone
202.654.5824 facsimile
prashant.khetan@troutmansanders.com

# TROUTMAN SANDERS

TROUTMAN SANDERS LLP
Attorneys at Law
401 9th Street, N. W., Suite 1000
Washington, D.C.  20004-2134
202.274.2950 telephone
troutmansanders.com

June 22, 2012

**VIA FIRST CLASS MAIL & E-MAIL**

Michael J. Bidart, Esq.
Ricardo Echeverria, Esq.
Steven Messner, Esq.
Shernoff Bidart Echeverria LLP
600 S. Indian Hill Blvd
Claremont, CA 91711-5498

|  | Re: | Issuing Company: | Evanston Insurance Company |
|---|---|---|---|
|  |  | EIC Insured: | MGA Entertainment, Inc. |
|  |  | Claimant: | Mattel, Inc. |
|  |  | Policy Numbers: | 01GLP1005176 & 02GLP1005176 |
|  |  | Policy Periods: | January 1, 2001 to January 1, 2002 |
|  |  |  | January 1, 2002 to January 1, 2003 |

Dear Messrs. Bidart, Echeverria & Messner:

We write on behalf of our client, Evanston Insurance Company ("EIC"), in connection with the above-referenced matter.  Specifically, we seek to inform you, as counsel to MGA Entertainment, Inc. and Isaac Larian (collectively, "MGA"), of EIC's right to subrogation, which it is asserting, as to any amount owed and/or paid by Mattel, Inc. ("Mattel") to MGA for attorneys' fees and/or costs, whether as a result of a judgment or settlement, in connection with the lawsuit captioned *Mattel, Inc. v. MGA Entertainment, Inc., et al.*, Case No. CV 04-9049 DOC (RNBx) (C.D. Cal.) (consolidated with Case Nos. CV 04-09059 and CV 05-02727), currently on appeal, Case No. 11-56357 (9th Cir.) (the "Underlying Action").  We understand that MGA's other insurers previously asserted this same right under their applicable policies.

In the Underlying Action, the Court awarded MGA $2,172,000 in fees and $350,000 in costs in connection with MGA's Motion for Exemplary Damages and Fees Pursuant to California's Uniform Trade Secret Act, and $105,688,073 in fees and $31,677,104 in costs in connection with MGA's Motion for Award of Attorneys' Fees and "Full Costs" Under Section 505 of the Copyright Act.  Moreover, and based on its assertion that it was a "prevailing party," MGA submitted a Bill of Costs.  These awards are currently on appeal.

Michael J. Bidart, Esq.
Ricardo Echeverria, Esq.
Steven Messner, Esq.
June 22, 2012
Page 2

As you are aware, EIC has paid substantial amounts to or on behalf of MGA in connection with the Underlying Action. All payments made by EIC were subject to a reservation of its rights, including:

> the right to recover from any insureds, and/or from any other insurer or any other parties, any payments made by Evanston, including payments for indemnity, defense costs and expenses, attorneys' fees and costs of suit. . . .

EIC understands that the same invoices submitted to EIC by MGA, and paid to or on behalf of MGA by EIC, form the basis, in part or whole, of the above fee and costs awards. Indeed, MGA sought and obtained EIC's assistance in providing those very invoices to the Court in connection with MGA's motions for fees and costs.

The payments by EIC were made pursuant to two primary commercial general liability insurance policies (Policy No. 01GLP1005176 effective from January 1, 2001 to January 1, 2002 and Policy No. 02GLP1005176 effective from January 1, 2002 to January 1, 2003 (collectively, the "Policies")). The Policies contain a subrogation clause entitled "Transfer of Rights of Recovery Against Others to Us," which provides the following:

> If the Insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The Insured must do nothing after loss to impair them. At our request, the insured will bring "suit" or transfer those rights to us and help us enforce them.

Thus, MGA "must do nothing . . . to impair" EIC's rights to reimbursement or recovery of amounts it has paid.

Based on the Court's August 4, 2011 rulings awarding fees and costs to MGA, as well as the Bill of Costs (and any applicable local rule and law), EIC asserts its right under the Policies and law to recover those payments that EIC has made to or on behalf of MGA that are part of the Court's current or later awards. EIC intends to name MGA in an action to assert EIC's rights, including its right to reimbursement based on the Court awards. Thus, please let us know whether you will accept service on behalf of MGA Entertainment, Inc. and/or Isaac Larian.

1144851v1

Michael J. Bidart, Esq.
Ricardo Echeverria, Esq.
Steven Messner, Esq.
June 22, 2012
Page 3

      Please feel free to contact us if you would like to discuss the above.  Please also forward this correspondence to the appropriate persons on behalf of MGA.  In the interim, EIC continues to reserve any and all rights under the Policies and under applicable law.

      Sincerely,

      TROUTMAN SANDERS LLP

By _____
      Sean M. Hanifin
      Paul L. Gale
      Prashant K. Khetan

1144851v1

# EXHIBIT E



The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
973-848-5600

Facsimile 973-848-5601
www.pattonboggs.com

January 28, 2013

Mark D. Sheridan
973-848-5681
msheridan@pattonboggs.com

ELECTRONIC AND REGULAR MAIL

Michael J. Bidart, Esq.
Shernoff Bidart Echeverria Bentley LLP
600 South Indian Hill Boulevard, 4th Floor
Los Angeles, California 90024

Michael Zeller, Esq.
Quinn Emanuel Urquhart & Sullivan LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Ryan G. Baker, Esq.
Baker Marquart LLP
10990 Wilshire Boulevard, 4th Floor
Los Angeles, California 90024

Re:   Mattel, Inc., et al. v. MGA Entertainment, Inc., et al. (the "Mattel Action")
      Appeal No. 11-56357
      Civil Action No. 2:04-cv-09049-DOC-RNB

Dear Counsel:

        As you know, this firm represents Lexington Insurance Company ("Lexington"), National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), Chartis Specialty Insurance Company ("Chartis Specialty") (collectively, the "Member Companies") in connection with the referenced and related matters.

        Please accept this letter as notice of the Member Companies' intent to seek recovery of the amounts paid by them in connection with the defense of MGA Entertainment, Inc. ("MGA") in the Mattel Action from any fees and costs awarded to MGA. In addition, this letter shall serve as further notice to MGA that it is contractually obligated to do "nothing" to impair the rights of the Member Companies to recover the amounts they have paid.

        The Lexington Policies contain the following condition:

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

Michael J. Bidart, Esq.
Michael Zeller, Esq.
Ryan G. Baker, Esq.
January 28, 2013
Page 2

> If the insured has rights to recover all or part of any payment we
> have made under this Policy, those rights are transferred to us.
> The ***insured must do nothing after loss to impair them***.  At our
> request, the insured will bring "suit" or transfer those rights to
> us and help us enforce them.  (emphasis added).

Similarly, the policies issued by National Union and Chartis Specialty contain the
following condition:

> If any insured has rights to recover all or part of any payment
> we have made under this policy, those rights are transferred to
> us.  The ***Insured must do nothing after loss to impair these
> rights*** and must help us enforce them.  (emphasis added).

The Member Companies paid to or on behalf of MGA fees and costs allegedly
incurred by MGA in connection with the Mattel Action.  By Order dated January 24,
2013, the Ninth Circuit Court of Appeals affirmed MGA's judgment for attorneys' fees
and costs under the Copyright Act.  In light of MGA's judgment and related costs
awarded to MGA as the prevailing party in the Mattel Action, the Member Companies
have an equitable and contractual right to recover all amounts paid by them to or on
behalf of MGA in connection with the Mattel Action from any fees and costs awarded to
MGA.  The Member Companies intend to enforce their right to recover these amounts
from MGA and/or from Mattel.  Moreover, MGA "must do nothing" to impair the
Member Companies' rights to recover the amounts paid by them.

This letter is written without prejudice to the Member Companies' rights in this
matter, all of which are expressly reserved herein.  The Member Companies reserve all of
their rights and defenses with respect to the Mattel Action, including rights and defenses
under the Policies, that might be provided by applicable law, or that were asserted in the
action entitled *National Union Fire Insurance Company of Pittsburgh, Pa., et al. v. MGA
Entertainment, Inc., et al.*, Case No. 12-00943-DOC-RNB (United States District Court,
Central District of California), whether or not discussed herein.

**PATTON BOGGS** LLP
ATTORNEYS AT LAW

Michael J. Bidart, Esq.
Michael Zeller, Esq.
Ryan G. Baker, Esq.
January 28, 2013
Page 3

Very Truly Yours,

*Mark D. Sheridan*

Mark D. Sheridan

MDS:mp

cc:   Susan J. Field, Esq.  (electronic and regular mail)
      Sean Hanifin, Esq.  (electronic and regular mail)

# EXHIBIT F

**SHERNOFF BIDART ECHEVERRIA BENTLEY**
LAWYERS FOR INSURANCE POLICYHOLDERS

CLAREMONT OFFICE
600 S. INDIAN HILL BLVD
CLAREMONT, CA 91711
PHONE: (909) 621-4935
FAX: (909) 625-6915

LOS ANGELES OFFICE
301 N. CANON DRIVE #200
BEVERLY HILLS, CA 90210
PHONE: (310) 246-0503
FAX: (310) 246-0380

February 13, 2013

VIA EMAIL and U.S. MAIL

Susan Field
Jennifer Kokes
MUSICK, PEELER & GARRETT LLP
One Wilshire Blvd, Suite 2000
Los Angeles, CA 90017-3383

Mark Sheridan
Mark Errico
PATTON BOGGS LLP
One Riverfront Plaza, Suite 600
Newark, New Jersey 07102

Sean M. Hanifin
Prashant K. Khetan
TROUTMAN SANDERS
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004-2134

Re:    *C&F, et al v. MGA, et al*

Dear Counsel:

This letter responds to Ms. Field's letter dated January 24, 2013 and Mr. Khetan's letter dated January 25, 2013 regarding the 9th Circuit's affirmance of Judge Carter's denial of the motions to intervene in the underlying *Mattel* action, and its affirmance of the award of attorneys' fees in favor of MGA Entertainment, Inc. and Isaac Larian (collectively "MGA") in the *Mattel* action.

The Chartis Member Companies and C&F both attempted to intervene in the underlying *Mattel* action; but the district court denied the intervention, ruling that Mattel's notice of appeal terminated jurisdiction with the district court. On appeal, the insurers argued that without the intervention, they could not stop Mattel from paying the award to MGA directly. Specifically, the opening brief stated, "[i]f the Insurers are not permitted to intervene, then the entire attorneys' fees and cost award (including amounts paid by the Insurers) will be paid directly to MGA." (Appellant's Opening Brief, pg. 29.)

Despite the insurers' arguments, the 9th Circuit affirmed Judge Carter's denial of the intervention. A copy of the memorandum of opinion is enclosed with this letter. As the 9th Circuit held, "[t]he district court's judgment determined the entire action and included an



award of attorneys' fees.  Mattel's subsequent notice of appeal divested the district court of its jurisdiction."  Accordingly, the insurers could not intervene in the *Mattel* action, and therefore, as the insurers made clear to the 9th Circuit, the entire award will be paid directly to MGA.

While the intervention issue was on appeal in the 9th Circuit, the insurers filed reimbursement lawsuits against MGA – claiming that they were entitled to reimbursement of attorneys fees awarded to MGA from Mattel.  Evanston named Mattel directly in addition to MGA, while C&F and the Member Companies named only MGA.  The district court granted Mattel's motion to dismiss Evanston's claim, and that order is now on appeal.  The cases against MGA were consolidated and stayed pending resolution of the appeal in the *Mattel* action.

The 9th Circuit subsequently affirmed the award of attorney fees in favor of MGA in the *Mattel* action, but the mandate has not yet issued.

Both Ms. Field's letter and Mr. Khetan's letter are co-addressed to Mattel's and MGA's attorneys and assert that Evanston and C&F have protectable rights against MGA and Mattel pursuant to their respective insurance policies.  At most, the insurers have an unliquidated, unsecured claim.  The insurers have absolutely no basis upon which they can assert a claim against Mattel.  The district court denied their attempt to intervene in the underlying *Mattel* action, the 9th Circuit affirmed the denial, and the district court later granted Mattel's motion to dismiss the claims asserted against it by Evanston.  Mattel is not, and cannot be, accountable to the insurers.  Mattel is MGA's judgment creditor under the judgment that has now been affirmed.  That judgment directs Mattel to pay <u>only</u> MGA.

Similarly, the insurers have nothing more than unadjudicated claims against MGA for reimbursement.  Their position is not unlike than that of any other plaintiff at the very commencement of any breach-of-contract action.  They have no security interest in the Mattel award, nor do they hold any other security interests against MGA.  They cannot sequester or hold hostage money they claim is owed prior to adjudication.

Should there ever be an adjudication of the claims to some extent in their favor; the insurers will have the same rights as any other judgment creditor.  However, until there has been a final adjudication of the parties' rights, the insurers have no more right to interfere with MGA's recovery from Mattel than MGA has to stop the insurers from making payments to other insureds to protect MGA's affirmative claims for bad-faith, breach of contract, and punitive damages against the insurers prior to adjudication of those claims.

At some point, the stay of the reimbursement lawsuits will be lifted and the matter will proceed in the normal course.  Eventually, the rights of the parties to the *Mattel* award will be established.  However, until that time, the carriers have no right or ability to interfere with the



February 13, 2013
Page 3

payment of the judgment against Mattel, which unlike the carriers' claims, has been adjudicated and affirmed.

Sincerely,

SHERNOFF BIDART
ECHEVERRIA BENTLEY LLP

MICHAEL J. BIDART

cc    Jennifer Keller, Esq.
      Ricardo Echeverria, Esq.
      Steven Messner, Esq.
      Michael Zeller, Esq.
      Dylan Proctor, Esq.
      Ryan G. Baker, Esq.

Enclosure

FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARTER BRYANT, an individual, | No. 11-56868 |
| Plaintiff,<br><br>and | D.C. No. 2:04-cv-09049-DOC-RNB |
| MATTEL, INC., a Delaware corporation; MATTEL DE MEXICO S.A. DE C.V., | MEMORANDUM[*] |
| Plaintiffs - Appellees,<br><br>and | |
| MGA ENTERTAINMENT, INC., a California corporation; MGA ENTERTAINMENT (HK) LIMITED, a Hong Kong Special Administrative Region business entity; MGAE DE MEXICO, S.R.L. DE C.V., a Mexico business entity; ISAAC LARIAN, | |
| Defendants - Appellees, | |
| v. | |
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, | |

---

[*]     This disposition isn't appropriate for publication and isn't precedent except as provided by 9th Cir. R. 36–3.

page 2

Intervenor - Appellant,

**CARLOS GUSTAVO MACHADO GOMEZ; OMNI 808 INVESTORS, LLC; IGWT 826 INVESTMENTS, LLC,**

Defendants,

and

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; LEXINGTON INSURANCE COMPANY; CHARTIS SPECIALTY INSURANCE COMPANY,**

Intervenors.

**CARTER BRYANT, an individual,**

Plaintiff,

**MATTEL, INC., a Delaware corporation; MATTEL DE MEXICO S.A. DE C.V.,**

Plaintiffs - Appellees,

and

**MGA ENTERTAINMENT, INC., a California corporation; MGA ENTERTAINMENT (HK) LIMITED, a**

No. 11-56881

D.C. No. 2:04-cv-09049-DOC-RNB

page 3

Hong Kong Special Administrative
Region business entity; MGAE DE
MEXICO, S.R.L. DE C.V., a Mexico
business entity; ISAAC LARIAN,

               Defendants - Appellees,

   v.

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, PA; LEXINGTON
INSURANCE COMPANY; CHARTIS
SPECIALTY INSURANCE
COMPANY,

               Intervenors - Appellants,

CARLOS GUSTAVO MACHADO
GOMEZ; OMNI 808 INVESTORS,
LLC; IGWT 826 INVESTMENTS,
LLC,

               Defendants,

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY,

               Intervenor.

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 10, 2012

page 4

Pasadena, California

Before:     **KOZINSKI**, Chief Judge, **TROTT** and **WARDLAW**, Circuit Judges.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam).  The district court's judgment determined the entire action and included an award of attorneys' fees. Mattel's subsequent notice of appeal divested the district court of its jurisdiction; the district court thus lacked jurisdiction to entertain appellants' motion to intervene.  See Nicol v. Gulf Fleet Supply Vessels, Inc., 743 F.2d 298, 299 (5th Cir. 1984).  We therefore affirm the denial of intervention, but do so on the ground that the district court lacked jurisdiction to entertain any such motion.

**AFFIRMED.**

# EXHIBIT G

QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

BAKER MARQUART LLP
  Ryan G. Baker (Bar No. 214036)
  (rbaker@bakermarquart.com)
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California  90024
Telephone:  (424) 652-7800
Facsimile:  (424) 652-7801

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC. and MATTEL de MEXICO S.A. de CV,<br><br>          Interpleader Plaintiffs,<br><br>    vs.<br><br>MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK), LTD., MGA de MEXICO, S.R.L. de C.V., ISAAC LARIAN, CRUM & FORSTER SPECIALTY INSURANCE COMPANY, EVANSTON INSURANCE COMPANY, ORRICK, HERRINGTON & SUTCLIFFE, LLP, LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, CHARTIS SPECIALTY INSURANCE COMPANY, DOES 1-10,<br><br>          Interpleader Defendants. | CASE NO. CV _____<br><br>MATTEL'S INTERPLEADER COMPLAINT |

# INTERPLEADER COMPLAINT

Interpleader Plaintiffs Mattel, Inc. and Mattel de Mexico S.A. de CV (collectively, "Mattel") bring this interpleader action against interpleader defendants MGA Entertainment, Inc., MGA Entertainment (HK), Ltd., MGA de Mexico, S.R.L. de C.V., Isaac Larian, Crum & Forster Specialty Insurance Company, Evanston Insurance Company, Orrick, Herrington & Sutcliffe LLP, Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, Chartis Specialty Insurance Company and DOES 1-10 (collectively, the "Interpleader Defendants"), and allege as follows:

## Nature of the Action

1.     This is an interpleader action brought under 28 U.S.C. § 1335 to adjudicate the respective rights of the Interpleader Defendants with respect to the August 4, 2011 Judgment (the "Judgment") entered by the United States District Court for the Central District of California in the matter of *Mattel, Inc. v. MGA Entertainment, Inc.*, Case No. CV 04-9049, and consolidated actions (the "Mattel/MGA Litigation"). The Judgment was amended by Order dated January 3, 2012. A true and correct copy of the Judgment, along with the January 3, 2012 Order, is attached as Exhibit A.

2.     As is reflected in the Judgment, and following the Ninth Circuit's reversal of an award in the amount of $172,522,000 under the Judgment for certain trade secret claims brought by Interpleader Defendant MGA Entertainment, Inc., Mattel is obligated to pay the amount of $137,365,177, plus post-judgment interest at the rate of 0.21%. As of the date of the filing of this Interpleader Complaint, the amount of post-judgment interest owed by Mattel pursuant to the Judgment is approximately $442,141. Thus, as of the date of this filing, the total amount of the Judgment owed by Mattel, including post-judgment interest, is approximately $137,807,318 (the "Proceeds").

3.      As alleged below, Interpleader Defendants MGA Entertainment, Inc., MGA Entertainment (HK), Ltd., and Isaac Larian (collectively, the "MGA Interpleader Defendants") and the other Interpleader Defendants have each asserted that it is entitled to receive some or all of the Proceeds.  Mattel brings this Interpleader Complaint to enable the Court to determine the proper recipients of the Proceeds and to ensure that Mattel's obligations under the Judgment are fully and finally discharged and that Mattel is not subject to conflicting claims and potential risks of multiple recovery.

### Jurisdiction and Venue

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1335, as this is a civil interpleader action, there are two or more adverse claimants that are of diverse citizenship, the amount in controversy exceeds $500.00 and Mattel is posting a bond payable to the clerk of the Court in the amount of the Proceeds and with such surety as the Court may deem proper.

5.      Venue in this Court is proper under 28 U.S.C. § 1397, as one or more of the Interpleader Defendants reside within this judicial district.

### Parties

6.      Interpleader Plaintiff Mattel, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in El Segundo, California.

7.      Interpleader Plaintiff Mattel de Mexico S.A. de CV is a business entity organized under the laws of Mexico, with its principal place of business in Mexico City, Mexico.

8.      Interpleader Defendant MGA Entertainment, Inc. ("MGA") is a corporation organized and existing under the laws of the State of California, with its principal place of business in Van Nuys, California.

9.     Interpleader Defendant MGA Entertainment (HK), Ltd. ("MGA HK") is a business entity organized and existing under the laws of the Hong Kong Special Administrative Region, with its principal place of business in Hong Kong.

10.    Interpleader Defendant MGA de Mexico, S.R.L. de C.V. ("MGA de Mexico") is a business entity organized and existing under the laws of Mexico, with its principal place of business in Mexico City, Mexico.

11.    Interpleader Defendant Isaac Larian is the President and CEO of MGA and an individual residing in the County of Los Angeles.

12.    Interpleader Defendant Crum & Forster Specialty Insurance Company ("Crum & Forster") is an Arizona corporation with its principal place of business in Morristown, New Jersey.

13.    Interpleader Defendant Evanston Insurance Company ("Evanston") is an Illinois corporation with its principal place of business in Deerfield, Illinois.

14.    Interpleader Defendant Orrick, Herrington & Sutcliffe LLP ("Orrick") is a limited liability partnership with offices in several states, including California, New York, Washington, Oregon, West Virginia and Washington D.C.

15.    Interpleader Defendant Lexington Insurance Company ("Lexington") is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

16.    Interpleader Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is a Pennsylvania corporation with its principal place of business in New York, New York.

17.    Interpleader Defendant Chartis Specialty Insurance Company ("Chartis") is an Illinois corporation with its principal place of business in New York, New York.

18.    The true names and capacities of Interpleader Defendants sued herein as DOES 1-10 are unknown to Mattel, which therefore sues said Interpleader Defendants by such fictitious names.  Each of the Interpleader Defendants

1   designated as DOES 1-10 has asserted or may hereafter assert a claim to some or all

2   of the Proceeds.  Mattel will amend its pleading to allege their true names and

3   capacities when the same are ascertained.

4                               **Factual Background**

5          19.     In April 2004, Mattel filed a lawsuit in Los Angeles County Superior

6   Court against Carter Bryant, a former Mattel employee.  Subsequently, the suit was

7   removed to the United States District Court for the Central District of California,

8   and claims raised by and against various other parties, including claims raised by

9   and against Mattel and the MGA Interpleader Defendants, were consolidated with

10  Mattel's action against Bryant in the Mattel/MGA Litigation.

11         20.     Beginning in May 2008, certain claims raised by Mattel against MGA,

12  including Mattel's claim for copyright infringement, were tried to a jury.  In July

13  and August 2008, the jury returned verdicts in favor of Mattel, including on Mattel's

14  copyright infringement claim, and awarded Mattel approximately $100 million in

15  damages.  In December 2008, the district court granted Mattel certain equitable

16  relief on the claims that had been tried to the jury.

17         21.     MGA appealed the first jury's verdicts and the district court's equitable

18  orders to the Ninth Circuit.  On July 22, 2010, the Ninth Circuit reversed the district

19  court's equitable orders and the jury's verdicts and remanded the case for a new

20  trial. *See Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904 (9th Cir. 2010).

21         22.     Subsequent to the remand and beginning in January 2011, claims by

22  and between Mattel and the MGA Interpleader Defendants were tried to a second

23  jury in the Mattel/MGA Litigation.  Among them was Mattel's claim for copyright

24  infringement against MGA, and MGA's "counterclaim-in-reply" for alleged trade

25  secret misappropriation against Mattel.

26         23.     On April 21, 2011, the second jury returned its verdict.  In relevant

27  part, the jury found no liability on Mattel's copyright infringement claim.  With

28  respect to MGA's trade secret claims, the jury found in favor of Mattel on 88 of the

1  alleged trade secrets, but found in favor of MGA on 25 of the alleged trade secrets

2  and awarded damages to MGA as to those 25 alleged trade secrets.

3      24.   On August 4, 2011, following rulings on the parties' post-trial motions,

4  the Judgment was entered in the Mattel/MGA Litigation.  In relevant part, the

5  Judgment awarded to the MGA Interpleader Defendants attorneys' fees and costs in

6  the total sum of $137,365,177.00 (the "MGA Copyright Fees Judgment").  The

7  Judgment also provided for an award of $172,522,000 relating to MGA's

8  counterclaim-in-reply for trade secrets misappropriation (the "MGA Trade Secrets

9  Judgment").

10     25.   On August 11, 2011, Mattel appealed the Judgment to the United States

11 Court of Appeals for the Ninth Circuit.  MGA did not appeal the Judgment.

12     26.   On August 16, 2011, the District Court entered an Order staying any

13 enforcement of the Judgment pending appeal, subject to Mattel posting a bond in the

14 amount of $315 million.  The Court entered a temporary stay until August 23, 2011

15 to permit Mattel to post the bond.  On August 18, 2011, Mattel posted a $315

16 million bond (the "Appeal Bond").

17     27.   On January 24, 2013, the Ninth Circuit ruled in Mattel's favor as to the

18 25 trade secrets that were subject to Mattel's appeal and ordered that MGA's claim

19 as to these alleged trade secrets be dismissed without prejudice on remand.  In

20 addition, the Ninth Circuit affirmed the MGA Copyright Fees Judgment.

21     28.   In addition to the MGA Interpleader Defendants, in whose favor the

22 MGA Copyright Fees Judgment was entered, the remaining Interpleader Defendants

23 have made claims to and against the Judgment, including without limitation as

24 follows:

25         (a)   On January 24, 2013, Crum & Forster sent a letter to Mattel

26 asserting its "right to recovery of fees and costs paid for the defense of MGA" in the

27 Mattel/MGA Litigation and stating that "MGA (and Mattel) should 'do nothing . . .

28 to impair'" its claimed "rights to reimbursement of recovery of amounts it has paid."

1   A true and correct copy of Crum & Forster's January 24, 2013 letter to Mattel is

2   attached as Exhibit B.

3           (b)     On January 24, 2013, Orrick sent a letter to Mattel enclosing a

4   "Preliminary Notice of Partial Final Award," which it stated it would file in the

5   Mattel/MGA Litigation.  Orrick's "Preliminary Notice of Partial Final Award"

6   provides as follows:

7           PLEASE TAKE NOTICE that [Orrick] is the Claimant in an arbitration

8           against [MGA and Larian] arising out of MGA's nonpayment of

9           attorneys' fees and expenses.  On January 11, 2013, the JAMS

10          Arbitration Panel in the Orrick v. MGA arbitration . . . issued a draft

11          Partial Final Award, indicating provisional relief to be awarded to

12          Orrick upon determination of an appropriate undertaking by Orrick.

13          The provisional relief that the Panel will award to Orrick is a $23

14          million lien on the proceeds of the [Mattel/MGA Litigation], including

15          any payments made to MGA from Mattel's appeal bond, or payments

16          made by Mattel in satisfaction of the judgment in MGA's favor.  The

17          Panel is expected to promptly determine the appropriate undertaking by

18          Orrick, which was briefed by the parties on January 18, 2013.

19  A true and correct copy of Orrick's January 24, 2013 letter to Mattel, including the

20  Preliminary Notice of Partial Final Award, is attached as Exhibit C.  Upon

21  information and belief, the Partial Final Award represents fees that MGA incurred in

22  connection with the parties' claims, including MGA's trade secrets claims, in the

23  Mattel/MGA Litigation.  On February 4, 2013, MGA filed a lawsuit against Orrick

24  in Orange County Superior Court in which MGA seeks an order vacating the

25  "Partial Final Award" and other relief.  *MGA Entertainment, Inc., et al. v. Orrick,*

26  *Herrington & Sutcliffe, LLP*, Orange County Super. Ct. Case No. 30-2013-

27  00628354.

28

1       (c)    On January 25, 2013, Evanston sent a letter to Mattel claiming

2 its "asserted right to subrogation as to any amount owed and/or paid by Mattel, Inc.

3 . . . to MGA Entertainment, Inc. and/or Isaac Larian . . . for attorneys' fees and/or

4 costs, whether as a result of a judgment or settlement, in connection with the

5 [Mattel/MGA Litigation]" and asserting its alleged "right to subrogation and

6 recovery against Mattel and MGA." A true and correct copy of Evantson's January

7 25, 2013 letter to Mattel is attached as Exhibit D.

8       (d)    On January 28, 2013, Lexington, National Union and Chartis

9 (collectively, the "Chartis Member Companies") sent a letter to Mattel providing

10 "notice of [their] intent to seek recovery of the amounts paid by them in connection

11 with the defense of [MGA] in the [Mattel/MGA Litigation] from any fees and costs

12 awarded to MGA." The Chartis Member Companies further claimed to have an

13 "equitable and contractual right to recover all amounts paid by them to or on behalf

14 of MGA in connection with the [Mattel/MGA Litigation] from any fees and costs

15 awarded to MGA" and asserted that they "intend to enforce their right to recover

16 these amounts from MGA and/or from Mattel." A true and correct copy of the

17 Chartis Member Companies' January 28, 2013 letter to Mattel is attached as Exhibit

18 E.

19       29.    In light of the competing claims to the Proceeds, there is an actual

20 controversy regarding Mattel's obligations pursuant to the Judgment and any

21 potential liability to, or assertions of liability by, the Interpleader Defendants.

22       30.    Subject to and upon the condition of the entry of an injunction under 28

23 U.S.C. § 2361 restraining all Interpleader Defendants from instituting or prosecuting

24 any proceeding in any State or United States court affecting the Proceeds or Mattel's

25 Appeal Bond, Mattel will satisfy its obligations under 28 U.S.C. § 1335(a) by giving

26 bond payable to the clerk of the Court in the amount of the Proceeds and with such

27 surety as the Court may deem proper.

28

31.     Mattel claims no interest in the Proceeds and is ready and willing to deliver the Proceeds to the persons or entities who are legally entitled to receive all or a portion of the Proceeds as directed by the Court.  Mattel therefore brings this action to have the matter of the allocation of the Proceeds judicially determined.

32.     Mattel has incurred costs and reasonable attorneys' fees related to this action and may continue to incur fees and costs until the matter is adjudicated with finality as to Mattel's obligations with respect to the Proceeds and the Judgment.

### Prayer for Relief

WHEREFORE, Mattel respectfully requests judgment:

1.     That the Interpleader Defendants, and each of them, be ordered to interplead and litigate their claims to the subject matter of this interpleader, and be restrained from initiating any other actions against Mattel related to the subject matter of this interpleader;

2.     That the Interpleader Defendants be immediately and permanently enjoined, pursuant to 28 U.S.C. § 2361, from seeking to execute on the Judgment, proceeding against Mattel's Appeal Bond, or from attempting to recover from Mattel the Proceeds or any portion thereof during the pendency of this action except as otherwise authorized by the Court;

3.     That the Court authorize Mattel to file a bond payable to the Clerk of the Court in the amount of the Proceeds, pursuant to 28 U.S.C. § 1335(a);

4.     That Mattel be discharged from liability to the Interpleader Defendants with respect to the Proceeds or any bond ordered by the Court, pursuant to 28 U.S.C. § 2361, as well as any other liability or obligation to the Interpleader Defendants stemming from or based on the claims asserted in or obligations arising from the Mattel/MGA Litigation;

5.     That Mattel's Appeal Bond in the Mattel/MGA Litigation be discharged;

1      6.    That Mattel be awarded costs and reasonable attorneys' fees incurred in

2  relation to this action; and

3      7.    For such other relief as the Court deems just and proper.

5  DATED:  February 13, 2013      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Defendant and Counter-claimant Mattel, Inc.