**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW
ONE WILSHIRE BOULEVARD, SUITE 2000
LOS ANGELES, CALIFORNIA 90017-3383
TELEPHONE 213-629-7886
FACSIMILE 213-624-1376

Susan J. Field (State Bar No. 086200)
s.field@mpglaw.com
Jennifer M. Kokes (State Bar No. 210261)
j.kokes@mpglaw.com

Attorneys for Defendant
CRUM & FORSTER SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC. a Delaware corporation.<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV -04-9049-DOC (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>**OBJECTION OF CRUM & FORSTER SPECIALTY INSURANCE COMPANY TO PRELIMINARY NOTICE OF PARTIAL FINAL AWARD TO BE ISSUED IN ORRICK v. MGA ARBITRATION**<br><br>Dept.:   9-D<br><br>[FILED CONCURRENTLY WITH DECLARATION OF SUSAN J. FIELD IN SUPPORT OF CRUM & FORSTER SPECIALTY INSURANCE'S OBJECTION] |

**CRUM & FORSTER SPECIALTY INSURANCE COMPANY (C&F)** hereby submits its objections to the "Preliminary Notice Of Partial Final Award To Be Issued in Orrick v. MGA Arbitration" filed by Orrick, Herrington & Sutcliffe ("Orrick") on or about January 25, 2013 (Dkt. No. 10836).

## I.  INTRODUCTION AND STATEMENT OF FACTS

In August, 2012, the District Court awarded $105,688,073 in fees and $31,677,104 in costs to MGA as a successful copyright litigant (Dkt. 10704) and last month, the Ninth Circuit affirmed that judgment. As this Court is well aware, C&F is one of the insurance companies that issued an insurance policy to MGA, under which a defense has been afforded to MGA for this litigation. C&F and other insurers have paid over $130 million dollars to MGA and/or its designated attorneys and vendors specifically for that defense and, thus, the insurers, in fact paid, in whole or part, the invoices that formed the basis for this Court's award and the judgment affirmed by the Ninth Circuit. As such, the insurers have sought to be reimbursed from that award for the invoices they have paid.

To that end, C&F and other insurers first sought to intervene in this action. (Dkt. No. 10724) This Court denied the Motion to Intervene, finding it untimely. (Dkt No. 10790. The Ninth Circuit affirmed the denial and held that the District Court had no jurisdiction to entertain the Motion to Intervene as jurisdiction was divested by the filing of the appeal. (Appellate Case No. 11-56868, Dkt. No. 44).

In this Court's Order, denying intervention, this Court noted the availability of an alternative remedy – a separate suit for reimbursement against MGA. (*Id.*) Thus, C&F and certain other insurers filed such an action (*National Union Fire Insurance Company, et.al. v. MGA Entertainment, Inc. et.al.*, Case No. SAC12-00943(DOC (BNBX)); it is currently stayed by this Court's Order. (Case No. SAC12-00943, Dkt Nos. 17 & 25).

On January 25, 2013, Orrick filed a Preliminary Notice Of Partial Final Award To Be Issued in Orrick v. MGA Arbitration. (Dkt. No. 10836) The Notice

1 advises that the Arbitration Panel, in a arbitration between Orrick and MGA
2 apparently arising out of MGA's nonpayment of Orrick's fees and costs, will be
3 awarding Orrick a $23 million lien on the proceeds of the fee and cost judgment
4 issued by this Court. *Id.* Notably absent from the "Notice" is a copy of the "Partial
5 Final Award." Nothing relative to this Notice has since been filed by Orrick.
6 However, on January 25, 2013, counsel for Orrick advised counsel for C&F, by
7 letter, that the Arbitration Panel had issued the "Partial Final Award granting Orrick
8 a $23 million lien on the proceeds of the Mattel litigation, including the proceeds of
9 the appeal bond given by Mattel …." (*See*, Declaration of Susan J. Field, filed
10 herewith, Exh. A.)
11      Having received this "Notice," and letter, counsel for C&F asked Orrick's
12 counsel for a copy of the Partial Final Award and of any briefing by the Parties
13 supporting that Award. Counsel declined, citing confidentiality. (*See*, Field
14 Decl., ¶ 3.) Counsel for C&F also requested those same documents from counsel
15 for MGA. (*Id.* at ¶ 4.) No documents have been received. (*Id.* at ¶5.) Accordingly,
16 C&F has no information upon which to conclude that any lien claimed by Orrick is
17 supported by any "Partial Final Award" nor to evaluate the propriety of any such
18 Award or lien.
19      Although MGA has not filed any objection in this Court, MGA filed a
20 separate "Petition to Vacate Partial Final Award and Complaint for Declaratory
21 Relief" in the Orange County Superior Court, bearing Case No. 30-2013-00628354-
22 CU-PACJC. (*See*, Field Decl., Exh. B) Although the Petition and Complaint is so
23 redacted it makes it almost impossible to discern its arguments, what is clear is that
24 MGA objects to the supposed Orrick lien on the grounds that the Award exceeds the
25 Arbitration Panel's appropriate authority, violates applicable California law and
26 apparently exceeds the agreement reached between MGA and Orrick in the written
27 engagement letter. Both the Award and the Engagement letter are purportedly
28 attached as Exhibits, but they are entirely redacted.

## II. C&F OBJECTS TO ORRICK'S LIEN

C&F objects to the "Lien" on several grounds.

*First*, certain as the Ninth Circuit held, that this Court does not currently have jurisdiction to entertain matters relating to the judgment; that jurisdiction resides with the Ninth Circuit. (Appellate Case No. 11-56868, Dkt. No. 44) As such, it is unclear whether this Court currently has jurisdiction.

Although C&F recognizes that, once the Ninth Circuit issues the mandate, this Court will have such jurisdiction, it further appears that this Court does not have jurisdiction to determine the validity of Orrick's claim to a lien, at least in this action. California courts have:

> "consistently held that the trial court in the underlying action has no jurisdiction to determine the existence or validity of an attorney lien on the judgment. [Citations.] ... [B]ecause the attorney is not a party to the underlying action and has no right to intervene, the trial court acts in excess of its jurisdiction when it purports to determine whether the attorney is entitled to foreclose a lien on the judgment. [Citations.] Nor can the court entertain a motion to terminate the lien. [Citation.] After the client obtains a judgment, the attorney must bring a separate, independent action against the client to establish the existence of the lien, to determine the amount of the lien, and to enforce it. [Citations.] An order within the underlying action purporting to affect an attorney's lien is void."

*Brown v. Superior Court*, 116 Cal.App.4th 320, 328 (2004) (quoting *Carroll v. Interstate Brands Corp.*, 99 Cal.App.4th 1168, 1173 (2002))(emphasis added).

*Second*, as (it appears) MGA argues in its separately filed Petition to Vacate the Partial Final Award, while Orrick could apply to a Court for provisional remedies such as a lien or attachment, it has not done so and the issuance of a lien that would impact this Court's judgment is beyond the powers of the arbitrators. CCP § 1281.8(b); *Marsch v. Williams*, 23 Cal.App.4th 238, 246 (1994); *Outdoor Servs. Inc. v. Pabagold, Inc.*, 185 Cal.App.3d 676, 685, (1986).

*Third*, while the Parties could, of course, agree to a lien, MGA's Petition to Vacate is clear that MGA does not believe it has agreed to a lien.

*Fourth*, although C&F acknowledges that certain attorneys' fee claims may

provide a basis for a lien, depending upon the nature of the claim, certain requirements must be met.  For example, if a lien is claimed for fees incurred as a result of an hourly fee agreement, but not paid, the agreement must satisfy Rules of Professional Conduct, Rule 3-300 which imposes certain disclosure and consent requirements. *See, Fletcher v. Davis*, 33 Cal.4th 61, 71-72 (2004) ("[A]n attorney who secures payment of hourly fees by acquiring a charging lien against a client's future judgment or recovery has acquired an interest that is adverse to the client, and so must comply with the requirements of rule 3–300."); *Shopoff & Cavallo LLP v. Hyon,* 167 Cal.App.4th 1489, 1522 (2008) ("Rule 3-300 prohibits attorneys from acquiring interests adverse to those of their clients unless specified requirements are satisfied.")  While contingent fee agreements may not require strict compliance with Rule 3-300, other fee agreements do. *See, Plummer v. Day/Eisenberg, LLP*, 184 Cal.App.4th 38, 49-50 (2010) ("A contingency fee agreement, such as the retention agreement here, need not comply with rule 3–300 to create an attorney's lien. ")

  Since the Partial Final Award and anything leading to it –including the basis for granting a lien -- is allegedly "confidential" (and certainly has not been provided to C&F or this Court), there is no way for C&F or this Court to evaluate the basis of the alleged lien and whether it satisfies the necessary procedural requirements.  However, C&F does have the Orrick engagement agreement (which this Court does not) and, on its face, it alone raises questions as to whether a lien here satisfies the Rules of Professional Conduct.  As such, C&F must object to this "Notice of Partial Final Award" and this Court should decline to enforce any alleged "lien."

### III. CONCLUSION

  C&F submits that the "Preliminary Notice Of Partial Final Award To Be Issued in Orrick v. MGA Arbitration" is procedurally defective and cannot create a priority to recovery from the Mattel Judgment in favor of Orrick and against the MGA insurers, including C&F, of the amounts they paid to defend MGA (including for Orrick's fees).  As such , C&F request this Court decline to consider Orrick's

1  "Notice" or any "lien" it claims on the judgment herein.

2

3  DATED: February 14, 2013        MUSICK, PEELER & GARRETT LLP

4

5                                  By: /S/ *Susan J. Field*

6                                      Susan J. Field
                                        Attorneys for Defendant
7                                       CRUM & FORSTER SPECIALTY
                                        INSURANCE COMPANY
8

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is One Wilshire Boulevard, Suite 2000, Los Angeles, California 90017-3383.

On February 14, 2013, I served true copies of the following document(s) described as ***OBJECTION OF CRUM & FORSTER SPECIALTY INSURANCE COMPANY TO PRELIMINARY NOTICE OF PARTIAL FINAL AWARD TO BE ISSUED IN ORRICK v. MGA ARBITRATION*** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 14, 2013, at Los Angeles, California.

_____
Tamara A. Waters