EXHIBIT B

| | |
|---|---|
| EDMOND M. CONNOR, State Bar No. 65515<br>econnor@businesslit.com<br>MATTHEW J. FLETCHER, State Bar No. 204071<br>DOUGLAS A. HEDENKAMP, State Bar No. 216487<br>CONNOR, FLETCHER & WILLIAMS LLP<br>2211 Michelson Drive, Suite 1100<br>Irvine, California 92612<br>Telephone: (949) 622-2600<br>Facsimile:  (949) 622-2626<br><br>Attorneys for Petitioners and Plaintiffs<br>MGA Entertainment, Inc., et al. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**02/04/2013** at 01:55:17 PM<br>Clerk of the Superior Court<br>By Enrique Veloz,Deputy Clerk |

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF ORANGE

### CENTRAL JUSTICE CENTER

| | |
|---|---|
| MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGAE DE MEXICO S.R.L. DE C.V.; ISAAC LARIAN,<br><br>    Petitioners and Plaintiffs,<br><br>v.<br><br>ORRICK, HERRINGTON & SUTCLIFFE LLP,<br><br>    Respondent and Defendant. | CASE NO.:  30-2013-00628354-CU-PA-CJC<br><br>Assigned for all purposes to:<br><br>**PETITION TO VACATE PARTIAL FINAL ARBITRATION AWARD AND COMPLAINT FOR DECLARATORY RELIEF**<br><br>[PUBLIC REDACTED VERSION PURSUANT TO CRC RULE 2.551(b)(5)] |

1

Petition to Vacate Partial Final Arbitration Award and Complaint for Declaratory Relief

As a "Petition to Vacate Partial Final Arbitration Award and Complaint for Declaratory Relief" (the "Petition"), petitioners and plaintiffs MGA Entertainment, Inc., MGA Entertainment HK, Ltd., MGAE de Mexico S.R.L. de C.V., and Isaac Larian (collectively "MGA") hereby allege as follows:

## SUMMARY OF PETITION TO VACATE PARTIAL ARBITRATION AWARD

1. Never before in the recorded annals of California jurisprudence has a prejudgment remedy in the form of an equitable lien been granted in a REDACTED case REDACTED

2. REDACTED the arbitrators (collectively, the "Panel") in the arbitration proceedings below (the "Arbitration") have greatly exceeded their powers and have taken the unheard of step in the middle of an arbitration of granting a "Partial Final Award" (the "Partial Award") in favor of respondent and defendant Orrick, Herrington & Sutcliffe ("Orrick"), consisting of a REDACTED lien in the amount of $23 million (the "Prejudgment Lien").

3. While arbitrators are generally given great deference in deciding matters submitted to arbitration, the Code of Civil Procedure sets forth six specific grounds upon which an arbitration award may be vacated. One of those grounds is that "[t]he arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted." Courts have interpreted this provision to include instances in which arbitrators have granted relief that they are not authorized to grant under California law. Accordingly, MGA hereby petitions this Court for an order vacating the Partial Award on the grounds that it exceeds the arbitrators' powers because, among other things, it grants a remedy that is <u>not</u> permitted under California law.

4. Arbitrators have limited jurisdiction, and generally do not possess the same power to order interim relief that a trial court has—even if the parties agree to confer such power on the

1  arbitrators. For instance, arbitrators may not grant writs of attachment, nor may they appoint receivers.
2  As a result, Code of Civil Procedure section 1281.8 spells out the procedures that a party in arbitration
3  must follow in order to obtain an attachment or similar prejudgment relief from a <u>trial court</u> while an
4  arbitration is pending.
5       5.    Here, however, Orrick has circumvented those statutory procedures by obtaining interim
6  relief directly from the Panel, rather than from the trial court, as required under CCP section 1281.8.
7  **REDACTED**
8
9
10
11
12  A true and correct copy of the Partial Award is attached hereto as Exhibit 1, and is
13  incorporated herein.
14       6.    The Panel's creation of a **REDACTED** $23 million
15  **REDAC** lien not only exceeded the Panel's authority under California law, **REDACTED**
16
17
18
19
20
21
22       7.    **REDACTED**
23
24
25
26
27
28

2
Petition to Vacate Partial Final Arbitration Award and Complaint for Declaratory Relief

1  8.  REDACTED

2  REDACTED
3  REDACTED
4  REDACTED
5  REDACTED
6  REDACTED

7  9.  REDACTED

8  REDACTED
9  REDACTED
10 REDACTED
11 REDACTED
12 REDACTED

13 10. REDACTED

14 REDACTED
15 REDACTED
16 REDACTED A true and
17 correct copy of the Engagement Agreement is attached hereto as Exhibit 2, and is incorporated herein.

18  11.  Under Rule 3-300 of the California Rules of Professional Conduct, no lien rights in
19 favor of an attorney may be created without the express consent of the client. However, because the
20 Partial Award REDACTED
21 REDACTED creates lien rights in
22 favor of Orrick without MGA's consent, the Partial Award violates and subverts the public policies
23 underlying REDACTED Rule 3-300.

24  12.  REDACTED
25 REDACTED
26 REDACTED
27 REDACTED

28

3

## SUMMARY OF COMPLAINT
## FOR DECLARATORY RELIEF

13. Appendix F to Orrick's Engagement Agreement set forth a confidential arbitration provision (the "Confidential Arbitration Agreement") REDACTED

14. The Confidential Arbitration Agreement, REDACTED specifically states that "[t]he arbitration proceedings and decision of the arbitrator will be confidential." This was a vitally-important provision of the Confidential Arbitration Agreement, and formed a material part of the consideration for MGA's agreement to arbitrate its disputes with Orrick.

15. After the Panel announced its intention to issue the Partial Award, however, Orrick flagrantly violated the Confidential Arbitration Agreement by publicly disclosing the contents of the Partial Award. REDACTED

16. As a result of the actions taken by Orrick, MGA declared that there had been a material failure of consideration, and gave notice under Civil Code section 1689 that it was rescinding the Confidential Arbitration Agreement, as amended. Orrick contends that MGA's rescission was invalid and ineffective. As such, MGA seeks a judicial declaration of the parties' continuing rights and obligations under the Confidential Arbitration Agreement, including a declaration that the Confidential Arbitration Agreement has been rescinded and is of no further force or effect.

## PARTIES AND VENUE

17. Plaintiff MGA Entertainment, Inc., is a corporation organized and existing under the

4
Petition to Vacate Partial Final Arbitration Award and Complaint for Declaratory Relief

8

1  laws of the State of California, with its principal place of business in Van Nuys, California.
2    18. Plaintiff MGA Entertainment HK, Ltd. is a business entity organized and existing under
3  the laws of the Hong Kong Special Administrative Region, with its principal place of business in Hong
4  Kong.
5    19. MGAE de Mexico S.R.L. De C.V. is a business entity organized and existing under the
6  laws of Mexico, with its principal place of business in Mexico City, Mexico.
7    20. Isaac Larian is an individual citizen residing in the State of California.
8    21. Orrick, Herrington & Sutcliffe LLP is a limited liability partnership with its principal
9  place of business in San Francisco, California.
10   22. Under section 1292.2 of the Code of Civil Procedure, this Petition had been filed in the
11 Orange County Superior Court because the Arbitration is being held in the County of Orange.

## THE ARBITRATION AGREEMENT

  23. Orrick is one of the law firms that represented MGA in the case entitled *Carter Bryant v. Mattel, Inc.*, Case No. CV 04-9049, and related consolidated cases (collectively the "Mattel Action"). On July 2, 2009, MGA and Orrick entered into the Engagement Agreement. The Confidential Arbitration Agreement, which was set forth in Appendix F of the Engagement Agreement, recited the terms for binding confidential arbitration that were to govern disputes relating to Orrick's representation of MGA under the Engagement Agreement.

  24. The Confidential Arbitration Agreement specified that **REDACTED** The Agreement also provided that the Arbitration would be strictly confidential: "the arbitration proceedings and the decision of the arbitrator will be confidential." **REDACTED**

  25. **REDACTED** the Confidential Arbitration Agreement explicitly stated that the proceedings

5
Petition to Vacate Partial Final Arbitration Award and Complaint for Declaratory Relief

and decision of the arbitrators would be kept confidential, which was a clear recognition of how important it was to preserve confidentiality while the arbitration was still pending in order to avoid prejudicing the proceedings. REDACTED

26. REDACTED

27. REDACTED

28. REDACTED

29. REDACTED

6
Petition to Vacate Partial Final Arbitration Award and Complaint for Declaratory Relief

30. REDACTED

31. REDACTED

32. REDACTED

33. REDACTED

34. REDACTED

35. REDACTED

REDACTED

REDACTED

36. REDACTED

[REDACTED]

37. REDACTED

[REDACTED]

38. REDACTED

[REDACTED]

39. REDACTED

[REDACTED]

40. REDACTED

[REDACTED]

1. REDACTED
2. [REDACTED]
3. [REDACTED]
4. 41. REDACTED
5. [REDACTED]
6. [REDACTED]
7. [REDACTED]
8. [REDACTED]
9. 42. REDACTED
10. [REDACTED]
11. [REDACTED]
12. [REDACTED]
13. [REDACTED]
14. REDACTED
15. [REDACTED]
16. 43. REDACTED
17. [REDACTED]
18. [REDACTED]
19. [REDACTED]
20. [REDACTED]
21. 44. REDACTED
22. [REDACTED]
23. [REDACTED]
24. [REDACTED]
25. [REDACTED]
26. [REDACTED]
27. [REDACTED]
28.

1 REDACTED

2

3

4

5     45. REDACTED

6

7

8

9

10

11

12

13

14

15     46. On January 11, 2013, the Panel issued a draft of the Partial Award. REDACTED

16

17

18 award

19 Orrick a $23 million "lien" on any proceeds MGA might recover in the Mattel Action.

20     47. REDACTED

21

22

23

24     48. REDACTED

25

26

27     49. REDACTED

28

1  REDACTED
2  
3  
4  
5  
6  
7  50.   REDACTED
8  
9  
10 
11 
12 51.   On January 25, 2013, the Panel issued and served the Partial Award REDACTED
13 REDACTED The Partial Award required Orrick to submit a
14 bond in the amount of $100,000 as a condition of maintaining the Prejudgment Lien. REDAC
15 
16 

### RESCISSION OF THE CONFIDENTIAL ARBITRATION AGREEMENT

52.   The Confidential Arbitration Agreement specifically stated that "[t]he arbitration proceedings and decision of the arbitrator will be confidential." This was an exceedingly important provision of the Confidential Arbitration Agreement, and formed a material part of the consideration for MGA's agreement to arbitrate its disputes with Orrick.

53.   REDACTED

54.   After the Panel announced its intention to issue the Partial Award, however, Orrick callously violated the Confidential Arbitration Agreement by publicly disclosing the contents of the Partial Award.

55. On January 29, 2013, as a result of Orrick's public disclosure of the contents of the Partial Award, MGA announced that there had been a material failure of consideration, and gave notice to Orrick under Civil Code section 1689 that it was rescinding the Confidential Arbitration Agreement, as amended.

56. MGA alleges on information and belief that Orrick contends that there has not been a material failure of consideration, and that MGA's notice of rescission was ineffective.

57. MGA seeks a judicial determination of the parties' continuing rights and obligations under the Confidential Arbitration Agreement, including a declaration that the Confidential Arbitration Agreement has been rescinded and is of no further force or effect.

## FIRST CAUSE OF ACTION
### (For an Order Vacating Partial Final Award)

58. MGA realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12 and 17 through 51, inclusive, as set forth above.

59. In light of the foregoing allegations, MGA requests that the Court grant MGA's Petition and enter an order and judgment vacating the Partial Award under subdivisions (a)(4) and (a)(5) of section 1286.2 of the Code of Civil Procedure, on the following grounds, among others:

(a) The Panel exceeded its powers in issuing the Partial Award because the Panel did not have authority under California law to grant a prejudgment remedy in the form of an equitable lien to secure **REDACTED** claim, particularly when **REDACTED** [REDACTED].

(b) **REDACTED**

---
12
Petition to Vacate Partial Final Arbitration Award and Complaint for Declaratory Relief

(c) REDACTED

(d) The Panel exceeded its powers in issuing the Partial Award because the Prejudgment Lien granted by the Panel violates and subverts the public policies and statutory rights embodied in REDACTED Rule 3-300 of the Rules of Professional Conduct.

60. None of the foregoing errors can be corrected without affecting the merits of the decision on REDACTED

61. The electronically signed Partial Award was served on the parties ten days prior to the filing of this Petition on January 25, 2013.

## SECOND CAUSE OF ACTION
### (For Declaratory Relief)

62. MGA realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 57, inclusive, as set forth above.

63. An actual controversy has arisen and now exists between MGA and Orrick concerning the parties' respective rights, duties, and obligations under the Confidential Arbitration Agreement, as amended. MGA contends, and Orrick disputes, that the Confidential Arbitration Agreement, as amended, is void and of no longer governs any pending or future disputes based upon or relating to the legal services that Orrick rendered to MGA in connection with the Mattel Action.

64. A judicial declaration is necessary and appropriate under the circumstances alleged hereinabove in order that the parties may ascertain their respective rights, duties, and obligations under the Confidential Arbitration Agreement.

**WHEREFORE**, MGA prays for relief and judgment against Orrick as follows:

13
Petition to Vacate Partial Final Arbitration Award and Complaint for Declaratory Relief

### ON THE FIRST CAUSE OF ACTION

1. For an order and judgment vacating the Partial Award.

### ON THE SECOND CAUSE OF ACTION

2. For a declaration that the Confidential Arbitration Agreement is void and of no further force or effect.

### ON ALL CAUSES OF ACTION

3. For ancillary injunctive relief in the form of a temporary restraining order, preliminary injunction, and permanent injunction, as necessary to preserve MGA's rights asserted herein;

4. For the costs of suit incurred by MGA herein, including reasonable attorney's fees and expenses; and

5. For such other and further relief as the Court may deem just and proper.

DATED: February 3, 2013          CONNOR, FLETCHER & WILLIAMS LLP

By: _____
Edmond M. Connor
Attorneys for Petitioners and Plaintiffs
MGA Entertainment, Inc., et al.