JENNIFER L. KELLER
keller@krlawllp.com
ALLISON SHALINSKY
shalinsa@pacbell.net
KELLER RACKAUCKAS LLP
18500 Von Karman, Suite 560
Irvine, CA 92612
Telephone: (949) 476-8700
Facsimile: (949) 476-0900

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO.: CV 04-09049 DOC (RNBX)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>**MGA'S OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION FOR ORDER ENJOINING DEFENDANTS FROM INSTITUTING OR PROSECUTING ANY PROCEEDING AFFECTING THE JUDGMENT IN THIS ACTION AND EXONERATING BOND ON CONDITION OF INSTITUTION OF INTERPLEADER ACTION**<br><br>Hearing Date: TBD<br>Time:         TBD<br>Courtroom:    9-D<br><br>Judge: Hon. David O. Carter |

# TABLE OF CONTENTS

**PAGE:**

INTRODUCTION ..................................................................................................... 1

ARGUMENT .............................................................................................................. 5

I. MATTEL'S APPLICATION SHOULD BE DENIED BECAUSE MATTEL FAILED TO FOLLOW THE PROCEDURES NECESSARY TO BEGIN AN INTERPLEADER ACTION ............................ 5

II. MATTEL CANNOT SHOW THAT INTERPLEADER IS APPROPRIATE ..... 8

    A. Mattel Is Not A Stakeholder In The Judgment Proceeds ............................ 9

    B. Mattel Is Not Subject To Any, Much Less Multiple, Liability ................. 10

        1. Mattel Indisputably Has No Liability To MGA's Insurers ................. 11

        2. Mattel Has No Actual Or Potential Liability To Orrick ...................... 12

        3. Although Not Necessary Or Appropriate, The MGA Parties Do Not Object An Order Barring Any Third-Party From Making Claims Against Mattel For Satisfying The Terms Of The Judgment Against It ............................................... 13

III. EVEN IF INTERPLEADER WERE APPROPRIATE, THE COURT CAN, AND SHOULD, DECLINE TO HEAR IT ...................... 14

CONCLUSION ........................................................................................................ 15

# TABLE OF AUTHORITIES

**CASES**                                                                                                          **PAGE(S):**

*Bankers Trust Co. v. Manufacturers Nat'l Bank,*
   139 F.R.D. 302 (S.D.N.Y. 1991)............................................................................... 9

*Beatrice Foods Co. v. New England Printing & Lithographing Co.,*
   930 F.2d 1572 (D. Conn. 1991)................................................................................ 7

*General Atomic Co. v. Duke Power Co.,*
   553 F.2d 53 (10th Cir. 1977)................................................................................... 9

*Great American Ins. Co. v. Bank of Bellevue,*
   366 F.2d 289 (8th Cir. 1966).................................................................................. 8

*Interfirst Bank Dallas, N.A. v. Purolator Courier Corp.,*
   608 F. Supp. 351 (N.D. Tex. 1985)......................................................................... 8

*John Hancock Mut. Life Ins. Co. v. Beardslee,*
   216 F.2d 457 (7th Cir. 1954)................................................................................. 10

*Mendez v. Teachers Ins. & Annuity Ass'n*
   *& College Retirement Equities Fund,*
   982 F.2d 783 (2d Cir. 1992).................................................................................... 8

*Mock v. Collins,*
   No. EDCV 04-395-VAP SGLX,
   2004 WL 3619122 (C.D. Cal. Sept. 1, 2004)......................................................... 10

*Murphy v. Travelers Ins. Co.,*
   534 F.2d 1155 (5th Cir. 1976) ............................................................................ 6, 9

*San Rafael Compania Naviera, S.A. v. American Smelting & Refining Co.,*
   327 F.2d 581 (9th Cir. 1964)................................................................................. 15

*Tennessee Valley Authority v. Atlas Machine & Iron Works, Inc.,*
   803 F.2d 794 (4th Cir. 1986).................................................................................. 7

*United States Fire Ins. Co. v. Asbestospray, Inc.,*
   182 F.3d 201 (3d Cir. 1999)................................................................................. 14

**STATUTES**

28 U.S.C. §1335(a) ...................................................................................................... 6, 10

# INTRODUCTION

By virtue of the Ninth Circuit's issuance of the mandate, under the terms of this Court's August 4, 2011 judgment Mattel owes MGA, MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian (collectively, the "MGA Parties") $105,688,073.00 in attorneys' fees and $31,677,104.00 in costs, plus $446,038.00 in interest, for a total obligation of $137,801,215.00 as of February 19, 2013. (Dkt No. 10704 (the "Judgment").) Because Mattel (unsuccessfully) appealed this award of fees and costs, it was required to, and did, post a supersedeas bond with this Court. (Dkt No. 10721 at 1-2 (the "Appeal Bond").) Under the terms of the Appeal Bond, because Mattel did not fully prevail on its appeal it no longer has legal title or control of the portion of the bond reflecting the fees and costs award that was affirmed by the Ninth Circuit.[1]

On the eve of the MGA Parties collecting their roughly $138 million in attorneys' fees and costs and interest, Mattel seeks to invoke the procedural device of interpleader so that it may transform the Appeal Bond into an interpleader bond deposited with this Court to allow third-parties, who have no connection with or claims against Mattel, to litigate their supposed rights to a portion of the $138 million in fees and costs. By filing this *ex parte*, Mattel seeks to create the illusion of controversy to delay paying the Judgment it owes to MGA. The true situation is not complicated, and does not need or justify the procedural contortions of interpleader that Mattel attempts to force on the process. Mattel's request for interpleader should be denied for at least three different reasons and the portion of the Appeal Bond that was affirmed should be released forthwith to the MGA Parties.

*First*, Mattel did not satisfy the procedural and substantive requirements to

---

[1] All internal citations and quotations are omitted and emphasis is added unless otherwise noted. All references to "Mot." refer to the Mattel's Ex Parte Application For Order Enjoining Defendants From Instituting Or Prosecuting Any Proceeding Affecting The Judgment In This Action And Exonerating Bond On Condition Of Institution Of Interpleader Action filed February 14, 2013; "Zeller Decl." refers to the Declaration of Michael Zeller dated February 14, 2013 filed in support thereof.

commence an interpleader action. It did not file an interpleader complaint (although it lodged a proposed one). And it did not tender the monies due and owing under the Judgment (although it asks this Court to treat the Appeal Bond as the stake and to have it lodged with the Court). Mattel ignores that it no longer has control or legal title to those monies captured by the Appeal Bond and that this Court lacks the power to modify the terms of the Appeal Bond, which is a contract that is governed by its express terms, and cannot be transmuted from a supersedeas bond into an interpleader bond. The deficiencies are not mere technicalities, but substantive prerequisites to commencing an interpleader action that cannot be ignored. As Mattel did not, and cannot, satisfy these prerequisites, its *ex parte* application should be denied. (*See* Section I, *infra*.)

*Second*, an interpleader complaint requires a stakeholder, *i.e.*, a party with legal title and control over a *res* subject to competing claims, to deposit the *res* with the Court. Here, by virtue of the fact that Mattel lost in the Ninth Circuit, it is *not* the stakeholder in the affirmed portion of the Appeal Bond. On August 11, 2011, Mattel filed a Notice of Appeal with the United States Court of Appeals for the Ninth Circuit, and sought a stay of the execution of the Judgment pending appeal. (Dkt No. 10721 at 1-2.) On August 19, 2011, Mattel filed a bond with the Court with the following terms:

> WHEREAS, Mattel, as Principal, and Fidelity and Deposit Company of Maryland and Zurich American Insurance Company, as Co-Sureties, hereby obligate themselves and their successors and assigns, jointly and severally, by this instrument, to MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian, under said obligations in the sum of Three Hundred Fifteen Million Dollars ($315,000,000).
>
> . . .
>
> NOW, THEREFORE, the condition of this obligation is that if Principal shall prosecute its appeal to full effect and shall satisfy the Judgment in full, together with costs and interest for delay if the appeal is finally dismissed or the Judgment is affirmed or shall satisfy in full such Judgment as modified together with such costs, interest and attorney's fees, if any, as the Court of Appeals may adjudge and award, this obligation shall be void; otherwise it shall remain in full service and effect.

(*Id.* at 2.)

On January 24, 2013, the Ninth Circuit affirmed the portion of the Judgment awarding the MGA Parties approximately $138 million of their attorneys' fees and costs under the Copyright Act. (Zeller Decl. Ex. A at 8.) Because the mandate issued on February 19, 2013, this portion of the Judgment is final, and is owed immediately to the MGA Parties … *and no one else*. As the proceeds that Mattel seeks to lodge with this Court are captured by the Appeal Bond, by the terms of that bond, Mattel is not a stakeholder and has no title or legal right to interplead the funds secured by the Appeal Bond. Consequently, Mattel may not, as a matter of law, interplead funds to which it is not the stakeholder. (*See* Section II.A, *infra*.)

*Third*, an interpleader action requires the stakeholder to show existence of competing claims against the stakeholder to the stake being deposited with the Court. The classic interpleader scenario is an insurance company depositing the proceeds of an insurance policy being claimed by multiple beneficiaries. The instant case presents nothing of the sort. Here, Mattel cannot establish that it is subject to *any* liability, much less competing claims. The question of to whom Mattel owes almost $138 million has a simple answer: the MGA Parties, and *only* the MGA Parties. On August 4, 2011, this Court entered judgment for the MGA Parties against Mattel on Mattel's claims for "copyright infringement, intentional interference with contractual relations, trade secret misappropriation, violation of 18 U.S.C. § 1962(c), violation of 18 U.S.C. § 1962(d), aiding and abetting breach of fiduciary duty, aiding and abetting breach of duty of loyalty, breach of contract, breach of fiduciary duty, breach of duty of loyalty, conversion, unfair competition and declaratory relief." (Dkt No. 10704 at 2.) The award of attorneys' fees and costs against Mattel was affirmed in the MGA Parties' favor on January 24, 2013. (Zeller Decl. Ex. A at 8.)

To delay paying the sum due and owing to the MGA Parties, Mattel identifies a purported "controversy" involving the MGA Insurers and MGA's former counsel and seeks to "interplead" the funds while these parties litigate their competing

claims. For all of Mattel's rhetoric, one fact is indisputable: none of those parties has any final legal right to the monies owing under the judgment, much less a right to prejudgment attachment on their contingent and contested claims, nor do they have any claims against Mattel for satisfying the Judgment and allowing the MGA Parties to drawn down the relevant share of the Appeal Bond. That fact is dispositive here.

For example, as demonstrated below, the insurers sought to intervene in this action and to assert claims against Mattel. As the Court is aware, the MGA Insurers' request to intervene was *denied* (Dkt. 10790), despite the insurers' argument that "[i]f the Insurers are not permitted to intervene, then the entire attorneys' fees and cost award (including amounts paid by the Insurers) will be paid directly to MGA." (Case No. 11-56868, Dkt. No. 13, at 29.) The denial of the request to intervene by the MGA Insurers was affirmed by the Ninth Circuit. (Case No. 11-56868, Dkt. No. 44.)

Thereafter, the insurers filed a reimbursement action against MGA, the procedurally correct mechanism to assert their claims; Mattel was *not* named as a defendant by two out of the three insurers. Evanston asserted claims against Mattel in the reimbursement action and those claims *were dismissed with prejudice*. (Case No. 12-05654, Dkt. No. 35.) The reimbursement case is presently stayed pending the issuance of the mandate. Upon issuance of the mandate, the insurers will litigate whether they are entitled to recover any portion of the monies they have paid the MGA Parties' under their insurance policies. If the insurers prevail on their claims, which is highly unlikely, they may resort to the same protections available to any judgment creditor, namely collection from MGA. It is simply inappropriate to allow Mattel or the MGA insurers to hold the Judgment hostage pending resolution of unliquidated, highly contingent claims, particularly when Mattel is not an actual or even potential defendant. (*See* Section II.B.1, *infra*.)

Similarly, Orrick notified Mattel of its purported "interim lien" on an award of attorneys' fees. However, as noted in the objection filed by Crum & Forster Specialty Insurance Company (Dkt. No. 329018), Orrick's "lien" has not been

confirmed by any court, cannot be confirmed by this Court, and is subject to a motion to vacate filed by the MGA Parties in an action pending in Superior Court. As the "Preliminary Notice of Partial Final Award" makes clear, Orrick has received a "Draft Partial Final Award" and has not satisfied the as-yet-unspecified "appropriate undertaking." (Zeller Decl. Ex. C; *accord* Keller Decl. Ex. A (Orrick Mem. ISO *Ex Parte* Application ("Orrick Joinder") (Orrick submission confirming it has not confirmed its award or made appropriate undertaking).) And notably absent from the Orrick submission relied upon by Mattel is any express or even implied threat to assert claims against Mattel. (*Id.*) This absence is no accident as Orrick has no actual or potential claims against Mattel relating to Mattel's satisfaction of the Judgment. Moreover, Orrick is subject to cross-claims by the MGA Parties and these claims have not been determined by any judicial or arbitral body on the merits. Accordingly, at this point, Orrick has no legal entitlement to prejudgment attachment of any funds from the MGA Parties, much less from Mattel, and it is inappropriate for monies that are judicially determined to belong to the MGA Parties to be tied up while MGA and Orrick litigate any disputes. Mattel is not subject to any claim by Orrick for satisfying the Judgment and Orrick will be free to pursue MGA in the unlikely event it prevails on any portion of its claims. (*See* Section II.B.2, *infra*.)

Consequently, Mattel's *ex parte* application should be denied. However, to eliminate any theoretical (even if completely unfounded) concerns by Mattel, the MGA Parties have no objection to the Court's issuing an order barring the MGA Insurers or Orrick from asserting claims against Mattel for satisfying its obligations to the MGA Parties under the Judgment. (*See* Section II.B.3, *infra*.)

## ARGUMENT

I. **MATTEL'S APPLICATION SHOULD BE DENIED BECAUSE MATTEL FAILED TO FOLLOW THE PROCEDURES NECESSARY TO BEGIN AN INTERPLEADER ACTION**

An interpleader action is subject to specific substantive and procedural requirements that, if not met, preclude interpleader. The statute governing

interpleader, 28 U.S.C. §1335, provides in pertinent part that:

> The district courts shall have original jurisdiction of any civil action of interpleader . . . . *if* the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court.

28 U.S.C. §1335(a); *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976) ("the deposit requirement is a jurisdictional prerequisite to suit under the interpleader statute.").

Filing a complaint and depositing the purportedly disputed property with the Court are not optional steps, but statutory requirements to provide subject matter jurisdiction and to commence an action. Here, Mattel neither filed a complaint nor deposited the funds. Having failed to meet the procedural and substantive requirements of seeking interpleader, Mattel's request should be denied. Mattel is jumping ahead procedurally by asking for an injunction under 28 U.S.C. § 2361 before even filing its interpleader complaint, and before the Court has adequate time to conduct the first stage of the interpleader process to determine whether interpleader is appropriate. (Mot. at 2, 9.) Had Mattel filed a complaint in interpleader, instead of merely attaching a proposed interpleader complaint as an exhibit to this *ex parte* application, that complaint would only begin the two-step procedure of interpleader. Under the law, until Mattel has filed an interpleader complaint and met the other jurisdictional requirements, including providing the property to the Court, the Court does not have jurisdiction to continue on to the next stages in an interpleader action. Mattel's improper attempt to contravene procedure here should be denied outright.

Even if one ignored that Mattel did not file (as oppose to lodge) an interpleader complaint, one cannot ignore Mattel's failure to deposit the relevant *res* with the Court. This is no accident. Mattel seeks to have this Court "exonerate[e] the Appeal Bond," in effect transmuting the Appeal Bond into an interpleader bond.

Mattel does not, and cannot, cite any authority for its request that the Court exonerate the Appeal Bond. The reason is that "[n]o federal statute or provision of the Federal Rules of Civil Procedure or the Federal Rules of Appellate Procedure defines the conditions that must occur to trigger an appellant's obligation under a supersedeas bond. Instead, the extent of the appellant's liability ***is governed by the bond itself.***" *Tenn. Valley Auth. v. Atlas Mach. & Iron Works, Inc.*, 803 F.2d 794, 798 (4th Cir. 1986). Here, under the terms of the Appeal Bond, the obligations could only be discharged if Mattel either prosecuted its appeal to full effect (*i.e.*, prevailed entirely on its appeal) or satisfied in full the Judgment it owes. (Dkt No. 10721 at 2.) Because the Ninth Circuit affirmed the attorneys' fees award to MGA, Mattel did not prosecute its appeal to full effect. *See Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 930 F.2d 1572, 1576 (D. Conn. 1991). Since Mattel has not paid anything to MGA, let alone the full amount owed under the Judgment, it has not satisfied the Judgment. Consequently, by the terms of the Appeal Bond itself, the Appeal Bond "shall remain in full service and effect." (Dkt No. 10721 at 2.)

Compounding its disregard for the procedural and substantive requirements for interpleader, Mattel asks this Court to grant an injunction preventing enforcement of the Judgment *before* filing its interpleader complaint or posting an interpleader bond. (Mot. at 2, 9.) Mattel further seeks a discharge from liability and seeks exoneration of the Appeal Bond *before* filing an interpleader bond. (*Id.* at 2, 9.) These remedies are procedurally premature and inappropriate. Mattel, in seeking to prevent anyone, including MGA, from enforcing the judgment, and in asking for a discharge of liability, is asking for the protections afforded by an interpleader action ***without actually filing an interpleader action or posting an interpleader bond.***[2]

---

[2] Mattel's Proposed Order, if granted, would exonerate the Appeal Bond *before* Mattel was required to post an interpleader bond, in effect leaving the MGA Parties (and others) with no protection whatsoever were Mattel to default on its obligation to post an interpleader "[w]ithin ten (10) court days" of the granting of the Order. (*Compare* [Proposed] Order ¶ 1 (requiring posting of interpleader bond within ten court days of granting of order), *with* ¶ 3 (discharging Appeal Bond immediately

*(cont'd)*

"Before discharging a stakeholder under § 2361, the court must first determine whether the requirements of 28 U.S.C. § 1335 have been met." *Mendez v. Teachers Ins. & Annuity Ass'n & College Ret. Equities Fund*, 982 F.2d 783, 787 (2d Cir. 1992). As discussed above, a court determines whether the requirements of Section 1335 have been met **after** an interpleader complaint has been filed. Instead of following the usual order of filing an interpleader complaint, submitting it to the Court for a determination of whether interpleader is appropriate, and then seeking a discharge and injunction under Section 2361, Mattel seeks to turn the process upside down for its own benefit, asking the Court to grant an injunction, discharge it from liability, and exonerate the Appeal Bond first -- and only then to file the interpleader complaint and post an interpleader bond. This perversion of the interpleader procedure cannot be allowed.

In short, Mattel has not satisfied, and does not propose to satisfy, the jurisdictional prerequisites for commencing an interpleader action, and the remedies it seeks are premature and inappropriate. Therefore, its *ex parte* application should be denied.

## II. MATTEL CANNOT SHOW THAT INTERPLEADER IS APPROPRIATE

Should Mattel follow the correct procedures, however, interpleader will still be inappropriate. The first step after an interpleader complaint is filed is the determination of the stakeholder's right to interplead. *Great Am. Ins. Co. v. Bank of Bellevue*, 366 F.2d 289, 293 (8th Cir. 1966). Once Mattel has complied with the required procedural steps to initiate an interpleader action, it will have the burden of showing that an interpleader is justified by demonstrating that it is a stakeholder of an amount of property that may be exposed to multiple liability because of

---

*(cont'd from previous page)*
upon grant of *ex parte* application).) This outcome would leave the MGA Parties and any other interested party in a materially worse position and Mattel offers no justification for writing the requirement under 28 U.S.C. § 1135 to post a bond *before* commencement of an interpleader action out of the statute.

conflicting claims. *Interfirst Bank Dallas, N.A. v. Purolator Courier Corp.*, 608 F. Supp. 351, 353 (N.D. Tex. 1985). Mattel will be unable to do so.

### A. Mattel Is Not A Stakeholder In The Judgment Proceeds

As a threshold matter, Mattel must be the stakeholder that owns and controls the property subject to multiple claims. *General Atomic Co. v. Duke Power Co.*, 553 F.2d 53, 56-57 (10th Cir. 1977); *Bankers Trust Co. v. Mfrs. Nat'l Bank*, 139 F.R.D. 302, 307 (S.D.N.Y. 1991) ("MNB would not be the proper party to bring the action. The action must be filed by any person having in his custody or possession the stake.") Here, the proceeds are held in the Appeal Bond, and Mattel has no rights under the terms of that bond to collect the money in order to deposit it with the Court, much less to alter the party to whom payment would be owed under the Appeal Bond. Under the terms of the Appeal Bond, since Mattel did not prevail on all of the matters it appealed to the Ninth Circuit and thus still owes a judgment to MGA, the bond will continue until Mattel fully satisfies that judgment. (Dkt No. 10721 at 2.) By refusing to pay MGA, Mattel extends the lifetime of the bond, ***but does not exert control over the money the bond represents***.

The fact that Mattel has not yet interpleaded any amount of money to the Court, and is instead asking the Court to discharge the Appeal Bond before it is required to provide any money to the Court, underscores the fact that Mattel does not have possession, control or legal title over the money it needs to satisfy the Judgment. Further, Mattel cannot argue that the proceeds of the Judgment it seeks to interplead are separate from the Appeal Bond. "The language of 28 U.S.C. § 1335(a) refers to 'money or property' in the 'custody or possession' of the party seeking interpleader. The plain language of the statute clearly refers to a tangible property interest or interests evidenced by a 'note, bond, certificate, policy of insurance' or other similar intangible document of definite, ascertainable value. An inchoate, uncertain claim for attorney's fees or chose in action asserted against the general assets of a party rather than specific, identifiable 'property' is not a proper

subject for interpleader relief." *Murphy*, 534 F.2d at 1159. Here, the only specific, identifiable property is the Appeal Bond, **which is in the control of the sureties, not Mattel**. (Dkt No. 10721 at 2.) As Mattel is not a stakeholder of the *res* it seeks to interplead, its *ex parte* application fails at the outset and should be denied.

### B. Mattel Is Not Subject To Any, Much Less Multiple, Liability

Assuming for argument's sake that Mattel were a stakeholder in the *res* at issue, *i.e.*, the supersedeas bond, to qualify for impleader under 28 U.S.C. § 1335, Mattel must demonstrate that there are multiple claims to the fund. 28 U.S.C. § 1335 (jurisdiction over interpleader action exists when "[t]wo or more adverse claimants . . . are claiming or may claim to be entitled" to the stake). In making this showing Mattel must establish that *it* is subject to a real and reasonable risk of multiple liability from third-parties. This Mattel does not, and cannot, do. Where, as here, the stakeholder alleges only an unjustified fear of multiple liability, interpleader is not allowed. *John Hancock Mut. Life Ins. Co. v. Beardslee*, 216 F.2d 457, 460 (7th Cir. 1954).

*Mock v. Collins*. No. EDCV 04-395-VAP SGLX, 2004 WL 3619122, at *1 (C.D. Cal. Sept. 1, 2004) is instructive. In *Mock*, the stakeholder owed a sum to Collins under a Settlement Agreement, and alleged that the other defendants would claim an interest in that settlement amount. *Id*. The *Mock* court found that it lacked interpleader jurisdiction because the stakeholder was "liable only to Defendant Collins for the sum at issue. Any liability that may arise thereafter would subject Defendant Collins to liability, not Plaintiffs." *Id*. at *2. Similarly, all that Mattel alleges is that, once it satisfies its judgment to MGA, the insurance companies and Orrick may claim an interest in the money received by MGA. Just as in *Mock*, interpleader is inappropriate here.

The only claimants to the judgment owed by Mattel here are the MGA Parties. The August 4, 2011 judgment awards attorneys' fees on the copyright claims to the MGA Parties, and the MGA Parties alone. (Dkt No. 10704 at 2.) Mattel's claims

that MGA's insurers and MGA's former counsel are additional claimants are disingenuous. While the insurers and Orrick may potentially have claims against *MGA* (though the claims against MGA are far from certain), Mattel is well aware that these entities do not have any potential claims against *Mattel*.

1. **Mattel Indisputably Has No Liability To MGA's Insurers**

Although Mattel balefully protests that it is somehow at risk to MGA's insurers, the facts prove otherwise. As Mattel well knows, the insurance companies previously attempted to intervene in the underlying action between MGA and Mattel, and were unsuccessful. The insurance companies argued in front of this Court that, without intervention, they had no way to prevent Mattel from paying the judgment to MGA directly and absent intervention MGA might dissipate the proceeds before the insurers could (if ever) obtain a judgment. (Dkt. 10790 at 2.) Despite these arguments, this Court *denied* the intervention. (*Id.*) On appeal, the MGA Insurers conceded that "[i]f the Insurers are not permitted to intervene, then the entire attorneys' fees and cost award (including amounts paid by the Insurers) will be paid directly to MGA." (Case No. 11-56868, Dkt. No. 13, at 29.) Nevertheless, the Ninth affirmed upheld the denial of intervention. (Zeller Ex. F at 1-2 *Id.*)

During the pendency of the appeal of the intervention decision, the insurance companies filed reimbursement lawsuits against MGA, seeking reimbursement of attorneys' fees. (Case No. 12-0943, Dkt. 1.) Notably, only one insurer (Evanston) named Mattel in a reimbursement suit, and sought a judicial declaration that "Mattel should pay into the Court or into escrow the Fee Award if upheld on appeal" (Case No. 12-05654, Dkt. 35 at 3), in effect seeking precisely the relief that Mattel is now wringing its hands about. Notably absent from Mattel's *ex parte* application is any mention of the fact that this Court *dismissed with prejudice* all claims against Mattel pertaining to the payment or reimbursement of monies relating to the fee award to the MGA Parties. (*Id.* at 5-7, finding Evanston's claims against Mattel were time-barred and moot).)

Thus, Mattel well knows that the insurers' claims are without foundation. Indeed, on its face the insurance companies' argument that, without this Court's intervention, they lacked the ability to intercept Mattel's payment to MGA effectively concedes that they have no claim against Mattel. At most the insurers have an unliquidated, contingent, and totally unsecured claim against *MGA*, because they "have nothing more than unadjudicated claims against MGA for reimbursement." (*See* Zeller Decl. Ex. F at 2.) As Mattel's own evidence shows, the insurers have no security interests in the Mattel award nor do they hold any security interests against MGA, and have no right to sequester money before their claims are adjudicated. (*Id.*) They cannot interfere in the payment of the Judgment from Mattel to MGA, and certainly cannot assert a claim against Mattel. Any "fear" that the insurance companies could make claims upon the judgment that would expose Mattel to multiple liability is unfounded and unreasonable.

### 2. Mattel Has No Actual Or Potential Liability To Orrick

Mattel's concerns about purported claims from Orrick over the fee and cost award are even weaker. In support of its *ex parte* application, Mattel attaches a "Preliminary Notice of Partial Final Award" transmitted to it by Orrick. The "Preliminary Notice" makes several concessions, which doom any argument that Mattel is subject to a claim by Orrick. *First*, the "Preliminary Notice" indicates that all Orrick has obtained so far is a "draft Partial Final Award," not a final award. (Zeller Decl. Ex. C.) *Second*, even as to the "draft Partial Final Award," Orrick concedes that it has not satisfied the as-yet-unspecified "appropriate undertaking by Orrick" nor has Orrick sought, much less obtained, judicial confirmation. (*Id.*; Keller Decl. Ex. A (Orrick Joinder) at 2 (confirming Orrick has not even sought judicial confirmation).) *Third*, Orrick conspicuously does *not* make any express or implied threats against Mattel in the event that it allows the Appeal Bond to be drawn down by the MGA Parties according to its terms. (Zeller Decl. Ex. C and Orrick Joinder.) Nor could Orrick make such a threat with any credibility as it has

no final legal right to the Judgment; at most it has a contingent, and hotly contested claim against the MGA Parties, which is offset by a counterclaim asserted by the MGA Parties against Orrick for professional malfeasance.

As noted in the Crum & Forster objection to the Orrick "lien," this Court lacks jurisdiction to confirm any award to Orrick. (Dkt. 10840 at 3:7-19.) Even if this Court somehow could acquire subject matter jurisdiction, the MGA Parties have already commenced another action in Orange County Superior Court and filed a Petition to Vacate the Partial Final Award. (Field Decl. Ex. B.) Accordingly, this Court should not usurp the authority of a sister court that has appropriate jurisdiction over the MGA-Orrick dispute. Moreover, as Crum & Forster notes, there are procedural issues with the "draft Partial Final Award" that raise the question (which another court must answer) as to whether Orrick's mere transmission of the Preliminary Notice of Partial Final Award complies with (or violates) California's Rules of Professional Conduct. (Dkt. 10840 at 3:28-4:22.)

Fortunately, this Court need not resolve the bona fides of Orrick's claim because all that is required is that Mattel is not subject to any pending or potential claim by Orrick . . . a fact that cannot be reasonably disputed.

### 3. Although Not Necessary Or Appropriate, The MGA Parties Do Not Object An Order Barring Any Third-Party From Making Claims Against Mattel For Satisfying The Terms Of The Judgment Against It

Mattel specifically asks for three items of relief: (i) an injunction barring any party from enforcing Mattel's supersedeas bond or asserting any claim against Mattel with respect to Mattel's payment obligations pursuant to the Judgment; (ii) the right to file an interpleader complaint and to post an interpleader bond; and (iii) an order under 28 U.S.C. § 2361 "discharging Mattel from further liability to the Interpleader Defendants . . . with respect to the Judgment and exonerating the Appeal Bond . . ." (Dkt. 10838-2 at 1-2.)

As demonstrated above, Mattel's *ex parte* application is procedurally and substantively flawed and should be denied. Moreover, Mattel is not subject to any real or potential claims by any parties for allowing the Appeal Bond to be drawn down by the MGA Parties and it is not a stakeholder in any event. Even crediting Mattel's trumped-up fears of alleged liability (when these fears have no basis in fact), an interpleader is an overly complicated answer to an easily solved problem.

If this Court believes Mattel's concerns have any merit, then the MGA Parties have no objection to the entry of an order preventing the insurance companies and Orrick from instituting proceedings ***against Mattel*** for any claims these parties purport to have against the MGA Parties. Such an order would address Mattel's concerns completely, if Mattel is truly seeking to protect itself from alleged potential liability, instead of merely seeking to further stall MGA's collection of the funds to which MGA is indisputably entitled. Thus, even though such relief is inappropriate and unnecessary, the MGA Parties have no objection to Mattel's first and third requests for relief, enjoining further litigation against Mattel and discharging Mattel from further liability on the fee and cost award portion of the Judgment, *if* such requests are modified to provide that an injunction and discharge order issue *after* the MGA Parties have been paid the sums they are owed under the Judgment: In other words, barring the MGA Insurers or Orrick from pursuing claims against Mattel *after* Mattel has satisfied the Judgment and honored the terms of the Appeal Bond.

Granting such relief will remove even the theoretical harm envisioned by Mattel and occasion no harm or prejudice to any party as neither the MGA Insurers nor Orrick have any claims against Mattel nor a final legal right to any portion of the Judgment.

### III. EVEN IF INTERPLEADER WERE APPROPRIATE, THE COURT CAN, AND SHOULD, DECLINE TO HEAR IT

Additionally, the Court has discretion to decline to hear an interpleader action when equity would not be served. *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d

201, 208 (3d Cir. 1999). Here, Mattel is trying to jump-start litigation between third parties that Mattel has no connection to, and owes no liability to, in an effort to delay needlessly the payment it owes to the MGA Parties.

Adding insult to injury, in yet another instance of typical Mattel overreaching, Mattel has asked for attorneys' fees accrued by bringing an interpleader action. (Zeller Ex. G at 9.) "The granting of plaintiff's prayer for attorney's fees is within the discretion of the court and may properly be denied when the plaintiff has some interest in the outcome of the case." *San Rafael Compania Naviera, S.A. v. Am. Smelting & Refining Co.*, 327 F.2d 581, 587 (9th Cir. 1964). Here, Mattel is asking MGA to pay the fees incurred by Mattel for seeking to delay *paying the judgment it owes to MGA*, a truly astonishing outcome. In attempting to create controversy while extinguishing its own liability to MGA, Mattel is attempting to pervert the process of interpleader to meet its own ends. This Court, and the Ninth Circuit, have already determined who is entitled to the Judgment – the MGA Parties. The Court should exercise its direction, refuse to hear Mattel's interpleader action and award the MGA Parties their attorneys' fees and costs with interest.

## CONCLUSION

For the foregoing reasons, Mattel's *ex parte* application should be denied in its entirety, and MGA should be allowed to proceed immediately to enforce the Judgment against Mattel by drawing down $137,801,215 from the Appeal Bond.

DATED: February 19, 2013

                                            KELLER RACKAUCKAS LLP

                                            By: /s/ Jennifer L. Keller
                                                  JENNIFER L. KELLER
                                                  Attorney for MGA Parties