William A. Hanssen (State Bar No. 110613)
  *William.Hanssen@dbr.com*
Suzanne V. Stouder (State Bar No. 161077)
  *Suzanne.Stouder@dbr.com*
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1400
Los Angeles, CA 90067
Telephone:  (310) 203-4000
Facsimile:  (310) 229-1285

Attorneys for NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Pa., LEXINGTON INSURANCE COMPANY, CHARTIS SPECIALTY INSURANCE COMPANY (formerly American International Specialty Lines Insurance)

Susan J. Field (State Bar No. 086200)
  *s.field@mpglaw.com*
Jennifer M. Kokes (State Bar No. 210261)
  *j.kokes@mpglaw.com*
Musick Peeler & Garrett LLP
One Wilshire Boulevard, Suite 2000
Los Angeles, California 90017
Telephone:  (213) 629-7600
Facsimile:  (213) 624-1376

Attorneys for CRUM & FORSTER SPECIALTY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>MGA ENTERTAINMENT, INC., et al.,<br><br>　　　　Defendants. | Case No. CV-04-9049-DOC (RNBx)<br>Consolidated w/ Case Nos. CV 04-9059 and CV 05-2727<br><br>Hon. David O. Carter<br><br>**JOINT RESPONSE TO MGA'S OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION FOR ORDER ENJOINING DEFENDANTS FROM INSTITUTING OR PROSECUTING ANY PROCEEDING AFFECTING THE JUDGMENT IN THIS ACTION AND EXONERATING BOND ON CONDITION OF INSTITUTION OF INTERPLEADER ACTION**<br><br>Hearing Date:　　TBD<br>Time:　　　　　　TBD<br>Courtroom:　　　　9D |

834507.1

National Union Fire Insurance Company of Pittsburgh, Pa., Lexington Insurance Company, and Chartis Specialty Insurance Company (formerly known as American International Specialty Lines Insurance) (collectively, the "Member Companies") and Crum & Forster Specialty Insurance Company ("Crum & Forster") (collectively with the Member Companies, the "Insurers") respectfully submit the following response to "MGA's Opposition to Mattel's Ex Parte Application For Order Enjoining Defendants From Instituting Or Prosecuting Any Judgment In This Action And Exonerating Bond On Condition of Institution of Interpleader Action," filed by MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V., and Isaac Larian (collectively, "MGA") on February 19, 2013.  (Dkt. 10845).

## INTRODUCTION

On January 24, 2013, the Ninth Circuit affirmed the portion of this Court's August 4, 2011 judgment awarding to MGA attorneys' fees and costs in the amount which now totals $137,807,318 (the "Fee Award").  MGA's various insurers and former attorneys have asserted claims to some or all of the proceeds of that Fee Award, including the Insurers, each of whom possess valid subrogation and reimbursement claims.  In light of these asserted claims, Mattel, Inc. and Mattel de Mexico, S.A. de C.V. (collectively, "Mattel") requested, among other relief, leave to file an interpleader action pursuant to 28 U.S.C. § 1335.

Not surprisingly, MGA opposes Mattel's application, contending that interpleader is inappropriate because, among other arguments, Mattel is not subject to multiple liability from third parties.  For four reasons, MGA is wrong.

First, contrary to MGA's cursory analysis, federal courts only require a stakeholder to demonstrate that various parties have an actual or potential claim. Mattel need not show that any of the possible interpleader defendants have filed an action or reduced their rights to a judgment.  Indeed, during the initial aspects of an

834507.1

interpleader action, a district court cannot even evaluate the merits of the respective claimants' positions, as it would neither protect the stakeholder nor do justice expeditiously to dismiss one possible claimant because another possible claimant asserts the claim of the first is without merit.

Second, Mattel is subject to an actual or potential subrogation claim by the Insurers.  Contrary to MGA's blanket assertion, this Court's previous denial of the Insurers' request for intervention does not alter this conclusion.  The Insurers' appealed this Court's denial of intervention.  Without reaching the merits of the Insurers' appeal, the Ninth Circuit affirmed the denial of the motion to intervene on the independent ground that this Court lacked jurisdiction to consider the motion to intervene.  Notably, the Ninth Circuit declined even to consider the merits of the Insurers' subrogation claims against Mattel.  Because the Ninth Circuit held that this Court lacked jurisdiction to entertain the Insurers' motion, this Court's decision regarding the merits of the Insurers' subrogation claim against Mattel is null and void.  Thus, the Insurers intend to assert a subrogation claim against Mattel in their reimbursement action against MGA once this Court lifts the stay currently in place.

Third, MGA's opposition is procedurally improper as it seeks to adjudicate the merits of the Insurers' subrogation claims against Mattel.  This litigation tactic is wholly improper during the first stage of interpleader where the district court simply decides whether there is a single fund at issue and whether there are adverse claimants to that fund.  Fourth, even if this Court examines the merits of the Insurers' claims, which is not proper at this stage, MGA's position that it is the sole claimant is unfounded.  Courts have considered unliquidated claims during an action for interpleader even where, as here, one party's purported right to the disputed fund has proceeded to the point of a judgment or lien.

Finally, MGA's unheralded request that this Court issue the extraordinary and unprecedented remedy of enjoining MGA's non-party insurers and former lawyers from asserting claims against Mattel is without any basis.  In fact, this Court may

MUSICK, PEELER
& GARRETT LLP

ATTORNEYS AT LAW

834507.1

2

not enjoin the Insurers or other non-parties to this action from instituting or prosecuting any proceedings against Mattel pursuant to 28 U.S.C. § 2361 unless it first determines that Mattel has met the statutory interpleader requirements. Absent interpleader, which MGA is on record opposing, this Court lacks authority to enjoin the Insurers or other non-parties pursuant to Section 2361. Accordingly, MGA's request for injunctive relief should be denied.

MGA's opposition is nothing more than a transparent attempt to avoid a ruling on the equitable distribution of the proceeds of the Fee Award. The simple fact remains that MGA's insurers have paid more towards MGA's defense for fees and costs MGA alleged were incurred in the defense of Mattel's copyright-related claims than the $137 million that MGA was awarded in this matter. That money was paid subject to a reservation of rights and pursuant to a contractual and equitable right of subrogation, which the Insurers intend to pursue. In recognition of these substantive rights and the imminent assertion of claims against it, Mattel properly seeks to interplead the Fee Award. The Insurers, therefore, request that this Court grant Mattel's *Ex Parte* Application and allow it to file its interpleader action.

## ARGUMENT

### I. THE THREAT OF LITIGATION IS SUFFICIENT TO INVOKE STATUTORY INTERPLEADER

The interpleader statute "allows a party to file a claim for interpleader if there is a possibility of exposure to double or multiple liability." *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012). "The purpose of interpleader is for the stakeholder to protect itself against the problems posed by multiple claimants to a single fund." *Mack v. Kuckenmeister*, 619 F.3d 1010, 1024 (9th Cir. 2010). "An interpleader action typically involves two stages." *Lee*, 688 F.3d at 1009. To satisfy the interpleader statute at the first stage, a stakeholder must show that (1) two or more adverse claimants, (2) of diverse citizenship, (3) "are claiming or may claim to

be entitled," (4) to money or property "of $500 or more" in the possession of the stakeholder.  See 28 U.S.C. § 1335; *Ensley,* 174 F.3d at 981.  The statute "is remedial and [should] be liberally construed."  *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967).

Despite Mattel having satisfied all of the elements for statutory interpleader, MGA contends that interpleader is inappropriate because, among other reasons, Mattel is not subject to multiple liability from third parties.  (Dkt. 10845, at 10-11).  The argument, however, not only misunderstands the purpose and procedure of interpleader, but also is without support in the law.

First, a stakeholder may commence an interpleader action to protect against potential or threatened claims.  The interpleader statute is designed to "prevent[] the stakeholder from being obliged to determine at his peril which claimant has the better claim."  *Lee*, 688 F.3d at 1009.  A stakeholder therefore may file an interpleader action to protect itself against "potential, as well as actual, claims." *Mack*, 619 F.3d at 1024.  "The mere threat of future litigation is sufficient for a plaintiff to invoke the statutory interpleader remedy." *Rubinbaum LLP v. Related Corp. Partners V, L.P.*, 154 F. Supp. 2d 481, 486 (S.D.N.Y. 2001).  "A potential claimant need not [even] have filed an actual claim to be considered a claimant." *Id.; Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 894-95, 899 (9th Cir. 2012) (noting that stated intent to litigate colorable right to insurance proceeds met "minimal" and "necessarily low" threshold to qualify individual as claimant); *Prudential Ins. Co. of Am. v. Wells*, No. C09–0132 BZ, 2009 WL 1457676, at *2 (N.D. Cal. May 21, 2009) (suggesting that threat of litigation from multiple claimants—no matter how improbable or remote—justifies interpleader action).

There is little doubt that Mattel is subject to potential or threatened litigation with MGA's insurers.  Mattel need only demonstrate that various parties have an actual or potential claim against it, which they do.  It need not show that any of the possible interpleader defendants have filed an action or reduced their rights to a

judgment. Mattel's acknowledgement that MGA's insurers not only have asserted their rights to subrogation and/or reimbursement, but also threatened potential litigation over those rights is more than sufficient to show the presence of multiple adverse claimants. See *Prudential Ins. Co. of America v. Ratnaweera*, 999 F.2d 544 (9th Cir. 1993) (rejecting argument that interpleader was inappropriate because only one claimant existed where stakeholder reasonably anticipated potential claim from at least one other entity); see also *Lexington Ins. Co. v. Jacobs Indus. Main. Co., LLC*, 435 Fed. App'x 144, 147-48 (3d Cir. 2011) ("The threat of litigation over use of the funds . . . [is] sufficient to qualify [a party] as one who may claim to be entitled to such money or property. The conflict over the use of remaining policy funds . . . qualif[ies] [the two parties] as adverse claimants.").

Second, this Court's denial of the Insurers' request for intervention is not dispositive. (Dkt. 10790). Following the Fee Award, the Insurers moved this Court to intervene in this action to preserve their common law subrogation and contractual rights to the millions of dollars paid to MGA in its defense and, ultimately, awarded to MGA. On September 26, 2011, this Court denied that motion. (Dkt. 10790). In denying intervention, this Court acknowledged that the Insurers possessed valid subrogation and reimbursement claims, but held that because the Insurers did not attempt to enforce MGA's right to attorneys' fees themselves, their "time to step into MGA's shoes has long since passed and any attempt to recapture attorneys' fees must now be packaged as a[] [separate] action for reimbursement." (*Id*.) The Insurers appealed. (Dkt. 10815). Without reaching the merits of the Insurers' appeal, the Ninth Circuit affirmed the denial of the motion to intervene on the independent ground that this Court lacked jurisdiction to consider the motion to intervene. The Ninth Circuit held that once Mattel filed its Notice of Appeal as to the underlying judgment and award of attorneys' fees, this Court was divested of jurisdiction. (Dkt. 10833). Thus, the Ninth Circuit declined to consider the merits of the Insurers' subrogation claims against Mattel.

1    Because the Ninth Circuit held that this Court lacked jurisdiction to entertain the Insurers' motion, this Court's prior opinion has no impact or effect on the ability of the Insurers to re-assert their subrogation rights against Mattel in this litigation. See *McClatchy Newspapers v. Cen. Valley Typographical Union No. 46*, 686 F.2d 731, 735 (9th Cir. 1982) (noting that amended judgment entered after notice of appeal "was rendered without jurisdiction and must be vacated"); see also *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990) (finding that trial conducted after filing of notice of appeal "was a nullity" because it "was conducted without jurisdiction"); *Keohane v. Swarco, Inc.*, 320 F.2d 429, 432 (6th Cir. 1963) (holding orders issued after filing of notice of appeal "were null and void since that court was without jurisdiction to make them after the appeal had been taken"). Likewise, this Court's prior orders do not prevent the Insurers from adding Mattel as a defendant in the stayed reimbursement action. (Case No. 12-cv-0943). At the time that the Insurers filed the reimbursement action against MGA, the Insurers did not assert a subrogation claim against Mattel because their appeal on the intervention issue was pending before the Ninth Circuit. On August 31, 2012, this Court stayed the reimbursement action, pending the outcome of the appeal between Mattel and MGA. Once this Court lifts the stay, the Insurers intend to amend their complaint in that action to add Mattel, which they had not done previously because their appeal of the denial of the intervention motion was still pending. (Id.)

Third, MGA's attempt to adjudicate the merits of the Insurers' subrogation claims during the first stage of interpleader is wholly improper. In the first stage of interpleader, the district court simply decides "whether the requirements for [a] rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Lee*, 688 F.3d at 1009. It does not examine the merits of the respective claims. *Mack*, 619 F.3d at 1024. "For interpleader to be held improper based on the merits of the claims being asserted against the fund or stakeholder, courts would be required to address the

MUSICK, PEELER & GARRETT LLP
ATTORNEYS AT LAW

834507.1                                              6

1  merits of the claims before propriety of the interpleader[, which] is backwards of the
2  usual order[] and would defeat the resource-conservation purposes of interpleader."
3  *Id*.  It is only after "the district court finds that the interpleader action has been
4  properly brought [that the district court will move to the second stage and] make a
5  determination of the respective rights of the claimants." *Id*. at 1023–24.  Thus,
6  MGA's attempt to adjudicate the claimants' rights now must also be disregarded
7  because it is premature, and therefore, procedurally improper.  See *Aaron v. Mahl*,
8  550 F.3d 659, 663 (7th Cir. 2008) ("[I]t would make little sense in terms either of
9  protecting the stakeholder or of doing justice expeditiously to dismiss one possible
10 claimant because another possible claimant asserts the claim of the first is without
11 merit.").
12      Fourth, even if this Court did examine the merits of the Insurers' claims, the
13 mere fact that MGA currently is the only judgment creditor is not legally significant.
14 Federal courts have considered and evaluated unliquidated claims during an action
15 for interpleader even where, as here, one party's purported right to the disputed fund
16 has proceeded to the point of a judgment or lien.  See *Tashire*, 386 U.S. at 533
17 (adjudicating unliquidated tort claims via interpleader); *Mack*, 619 F.3d at 1023-24
18 (finding interpleader appropriate even where one claimant already possessed state
19 court judgment); *Prudential Ins. Co. of Am. v. Shawver*, 208 F. Supp. 464, 468
20 (W.D. Mo. 1962) ("In such a case the District Court possessing jurisdiction over the
21 subject matter of the action may adjudicate the issues, and may grant appropriate
22 relief under the Interpleader Act, even though the state court proceedings have
23 progressed to the point that a lien has been obtained . . . .").  Indeed, the equitable
24 nature of statutory interpleader is to "prevent[] a 'race to judgment' in which one
25 claimant obtains a judgment or negotiates a settlement and then appropriates all or a
26 disproportionate slice of the limited fund before his fellow claimants are able to
27 establish their claims." *Tashire*, 386 U.S. at 533.  Yet, to allow MGA to avoid
28 interpleader now before proper adjudication of the interpleader defendants' rights

would permit MGA to appropriate all of a limited fund to which it has little or no entitlement. Worse yet, if MGA receives the undistributed Fee Award, it may put assets out of reach of those seeking to recover, either through bankruptcy or otherwise. (See, e.g., Dkt. 4657, Order Appointing Forensic Auditor).

MGA's reliance on *Mock v. Collins*, No. EDCV 04-395-V AP SGLX, 2004 WL 3619122 (C.D. Cal. Sept. 1, 2004) is misplaced. (Dkt. 10845, at 10). In Mock, the district court granted a claimant's motion to dismiss a statutory interpleader complaint because the purported stakeholders admitted that they were exclusively liable to the claimant for the $4,000 disputed sum under a settlement agreement relating to an American with Disabilities Act lawsuit. Id. at *1. The court reasoned that the purported stakeholders could not escape their admitted liability by interpleading several government tax authorities—which had not made a claim on the disputed sum—on the baseless theory that the $4,000 might eventually qualify as taxable income. *Id*. at *2. Here, however, Mock has no application. Mattel has not admitted exclusive liability to MGA. Nor has Mattel sought to join entities that did not make a claim on the disputed sum—the Fee Award. Rather, Mattel has demonstrated the actual and potential liability it faces as a result of the subrogation claims that will be asserted against it.

## II. INJUNCTIVE RELIEF IS IMPROPER ABSENT INTERPLEADER

After arguing that Mattel fails to satisfy the elements required for statutory interpleader, MGA seeks to invoke those same rights by petitioning this Court to enter "an order preventing the insurance companies and Orrick from instituting proceedings against Mattel for any claims these parties purport to have against [MGA]." (Dkt. 10845, at 14.) The request is as wrong as it is inconsistent.

This Court may not enjoin the Insurers or other parties from instituting or prosecuting any proceedings against Mattel pursuant to 28 U.S.C. § 2361 unless it first determines that the stakeholder has met the statutory interpleader requirements. In other words, until this Court actually grants Mattel leave to file its Interpleader

Complaint and allows the appearance of the various claimants, including the Insurers, those claimants are not parties to this action and 28 U.S.C. § 2361 does not apply. See *Wright, Miller, Kane & Marcus*, at § 1714 (noting only after requirements of statutory interpleader are met will court direct claimants to interplead); *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991) (vacating injunction under section 2361 because that section only "enables a plaintiff meeting the requirements of Section 1335 to obtain a restraining order without following the procedures set forth in Fed. R. Civ. P. 65, which normally governs the issuance of injunctive relief"); *Herman Miller, Inc. Retirement Income Plan v. Magallon*, No. 2:07–cv–00162–MCE–GGH, 2008 WL 2620748, at *3 (E.D. Cal. 2008) (noting that 28 U.S.C. § 2361 only applies to actions where requirements for statutory interpleader are met).

Without the presence of the claimants in the litigation based on interpleader, this Court would lack the authority under these circumstances to enter an injunction binding the Insurers. In these circumstances, Rule 65 of the Federal Rules of Civil Procedure would govern consideration of any injunctive relief. *SEC v. Wenke*, 622 F.2d 1363, (9th Cir. 1980) (noting that district court only may issue injunction under Rule 65(d) that binds the parties to the action, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them). Accordingly, the Insurers respectfully request that the Court deny MGA's improper request for an injunction absent interpleader.

## III. <u>CONCLUSION</u>

If this Court denies interpleader, Mattel will be subject to further claims and MGA will receive a windfall, at the expense of the parties that funded the defense ultimately leading to the Fee Award. Certainly, there is a dispute among MGA, its insurers, and its attorneys as to their right to the funds. Mattel's request for leave to file an Interpleader Complaint is the obvious logical and fair solution to allow a global and equitable resolution of that dispute. Mattel's *Ex Parte* Application

1 | should, therefore, be granted

2 | DATED: February 20, 2013         MUSICK, PEELER & GARRETT LLP

By: */S/ Susan J. Field*
Susan J. Field
Attorneys for CRUM & FORSTER
SPECIALTY INSURANCE COMPANY

DATED: February 20, 2013         DRINKER BIDDLE & REATH LLP

By: */S/ Suzanne V. Stouder*
Suzanne V. Stouder
Attorneys for NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, Pa., LEXINGTON
INSURANCE COMPANY, CHARTIS
SPECIALTY INSURANCE COMPANY
(formerly American International Specialty
Lines Insurance)

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is One Wilshire Boulevard, Suite 2000, Los Angeles, California 90017-3383.

On February 20, 2013, I served true copies of the following document(s) described as ***JOINT RESPONSE TO MGA'S OPPOSITION TO MATTEL'S EX PARTE APPLICATION*** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 20, 2013, at Los Angeles, California.

*/S/Tamara Waters*
Tamara A. Waters

**MUSICK, PEELER & GARRETT LLP**
ATTORNEYS AT LAW

834507.1