# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MATTEL, INC., a Delaware corporation and MATTEL DE MEXICO S.A. DE C.V.,

    Plaintiffs - Appellants,

v.

MGA ENTERTAINMENT, INC., a California corporation; et al.,

    Defendants - Appellees.

No. 11-56357

D.C. No. 2:04-cv-09049-DOC-RNB
U.S. District Court for Central California, Los Angeles

**MANDATE**



RECEIVED
CLERK, U.S. DISTRICT COURT

2/19/13

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MAT _____ DEPUTY

The judgment of this Court, entered January 24, 2013, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

    FOR THE COURT:
    Molly C. Dwyer
    Clerk of Court

    Theresa Benitez
    Deputy Clerk

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTEL, INC., a Delaware corporation; MATTEL DE MEXICO S.A. DE C.V.,<br><br>    *Plaintiffs-Appellants*,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation; MGA ENTERTAINMENT (HK) LIMITED, a Hong Kong Special Administrative Region business entity; MGAE DE MEXICO, S.R.L. DE C.V., a Mexico business entity; ISAAC LARIAN; CARLOS GUSTAVO MACHADO GOMEZ; OMNI 808 INVESTORS, LLC; IGWT 826 INVESTMENTS, LLC,<br><br>    *Defendants-Appellees*. | No. 11-56357<br><br>D.C. No.<br>2:04-cv-09049-<br>DOC-RNB<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted
December 10, 2012—Pasadena, California

Filed January 24, 2013

Before: Alex Kozinski, Chief Judge, Stephen S. Trott and Kim McLane Wardlaw, Circuit Judges.

Opinion by Chief Judge Kozinski

## SUMMARY[*]

**Copyright**

The panel affirmed in part and reversed the district court's judgment, after a new jury trial on remand from this court, in an action under the Copyright Act.

On remand, the jury rejected the claim of Mattel, Inc., that MGA Entertainment, Inc., infringed Mattel's copyrights by producing Bratz dolls. The jury also found that Mattel misappropriated MGA's trade secrets, and the district court awarded attorneys' fees and costs to MGA under the Copyright Act.

The panel held that MGA's counterclaim-in-reply for misappropriation of trade secrets under California law was not compulsory and thus was not properly permitted because it did not rest on the same aggregate core of facts as Mattel's trade secret misappropriation counterclaim. The panel vacated the jury's verdict on MGA's claim, as well as related damages, fees, and costs.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel held that the district court did not abuse its discretion in awarding attorneys' fees under the Copyright Act to MGA, the prevailing party on the copyright infringement claim.

### COUNSEL

Kathleen M. Sullivan (argued), Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY; John B. Quinn, Susan R. Estrich and Michael T. Zeller, Quinn Emanuel Urquhart & Sullivan, LLP, Los Angeles, CA, for Plaintiffs-Appellants.

Clifford M. Sloan (argued), Allon Kedem and David W. Foster, Skadden, Arps, Slate, Meagher & Flom LLP, Washington, D.C.; Thomas J. Nolan, Jason D. Russell and Hillary A. Hamilton, Skadden, Arps, Slate, Meagher & Flom LLP, Los Angeles, CA, for Defendants-Appellees.

### OPINION

KOZINSKI, Chief Judge:

The last time Mattel and MGA were here, we predicted that "the entire case will probably need to be retried." *Mattel, Inc.* v. *MGA Entm't, Inc.*, 616 F.3d 904, 918 (9th Cir. 2010). On remand, the district court agreed and ordered a new trial. The jury rejected Mattel's claim that MGA infringed Mattel's copyrights by producing Bratz dolls.  While Mattel doesn't challenge that result, it does challenge the jury's verdict that Mattel misappropriated MGA's trade secrets, and the district

court's award of attorneys' fees and costs to MGA under the Copyright Act.

**I. BACKGROUND**

In late 2006, Mattel sought leave to amend its complaint by adding a claim that MGA had stolen its trade secrets. The district court allowed Mattel to plead the claim, but only as a counterclaim. Then, in 2010, after we had decided the first appeal, MGA filed a new claim against Mattel for misappropriating its trade secrets. *See* Cal. Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq. Mattel moved to dismiss MGA's claim, arguing that the statute of limitations had run because the events at issue happened more than three years earlier. *See* Cal. Civ. Code § 3426.6. The district court denied Mattel's motion, concluding that "Mattel's trade secret misappropriation counterclaim and MGA's trade secret misappropriation counterclaim-in-reply are logically related." Thus, MGA's counterclaim-in-reply was compulsory and therefore permissible.

The jury found for MGA, and awarded more than $80 million in damages. The district court then awarded MGA an equal amount in exemplary damages under the California Uniform Trade Secrets Act, which authorizes exemplary damages if the misappropriation was "willful and malicious." Cal. Civ. Code § 3426.3(c). The court also awarded trade-secret attorneys' fees and costs. In addition, because the jury found for MGA on Mattel's copyright claim, the district court awarded attorneys' fees and costs to MGA under the Copyright Act. *See* 17 U.S.C. § 505.

Mattel appeals both the district court's decision that MGA's trade-secret counterclaim was compulsory and the award of fees under the Copyright Act.

## II. ANALYSIS

### A. MGA's trade-secret claim

Counterclaims-in-reply are permitted only if they are compulsory. *See Davis & Cox* v. *Summa Corp.*, 751 F.2d 1507, 1525 (9th Cir. 1985), *superseded on other grounds by* 28 U.S.C. § 1961. To be compulsory, a counterclaim must "arise[] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed R. Civ. P. 13(a)(1)(A). We apply "the logical relationship test for compulsory counterclaims." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195–96 (9th Cir. 2005) (internal quotation marks omitted). "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *Id.* at 1196 (internal quotation marks omitted); *see also Moore* v. *N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926).

MGA's claim did not rest on the same "aggregate core of facts" as Mattel's claim. While Mattel asserted many claims that covered numerous interactions between Mattel and MGA, Mattel's specific allegations regarding trade secrets were that several of their employees, including Gustavo Machado and Ron Brawer, defected to MGA and disclosed Mattel's trade secrets. By contrast, MGA's trade-secret claim

6         Mattel v. MGA Entertainment

rested on allegations that Mattel's employees stole MGA trade secrets by engaging in chicanery (such as masquerading as buyers) at toy fairs. That both Mattel and MGA claimed they stole each other's trade secrets isn't enough to render MGA's counterclaim compulsory. *In re Pegasus*, 394 F.3d at 1196. What matters is not the legal theory but the *facts*. "[E]ven the most liberal construction of ['transaction'] cannot operate to make a counterclaim that arises out of an entirely different or independent transaction or occurrence compulsory under Rule 13(a)." 6 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1410, at 52 (3d ed. 2010).

The district court ruled that it was "more than reasonable to conclude *at least* some of the trade secret information allegedly misappropriated by Machado and Brawer incorporated trade secret information" that Mattel had stolen from MGA. But this is not borne out by the pleadings, as the district court recognized: "MGA does not expressly allege that Machado and/or Brawer brought market intelligence group information to MGA from Mattel." Nor would it matter if they had. That the same information may have shuttled back and forth between Mattel and MGA isn't a sufficient nexus to support a compulsory counterclaim.

Because MGA's trade-secret claim should not have reached this jury, we vacate the verdict along with the related damages, fees and costs. *See* Cal. Civ. Code §§ 3426.3(c), 3426.4. On remand, the district court shall dismiss MGA's trade-secret claim without prejudice.

MATTEL V. MGA ENTERTAINMENT 7

### B. Copyright Attorneys' Fees

Whether or not a prevailing party is entitled to attorneys' fees under the Copyright Act "is reposed in the sound discretion of the district courts." *Fantasy* v. *Fogerty*, 94 F.3d 553, 555 (9th Cir. 1996) (*Fogerty II*); *see also* 17 U.S.C. § 505. The most important factor in determining whether to award fees under the Copyright Act, is whether an award will further the purposes of the Act. *Fogerty II*, 94 F.3d at 558. The Act's "ultimate aim is . . . to stimulate artistic creativity for the general public good." *Twentieth Century Music Corp.* v. *Aiken*, 422 U.S. 151, 156 (1975). That aim is furthered when defendants "advance a variety of meritorious copyright defenses." *Fogerty* v. *Fantasy*, 510 U.S. 517, 527 (1994) (*Fogerty I*).

Here, the district court explained, "MGA [has] secured the public's interest in a robust market for trendy fashion dolls populated by multiple toy companies." MGA's "contribution to the state of the law in the field of copyright in a case of this magnitude and notoriety" was important because MGA's "failure to vigorously defend against Mattel's claims could have ushered in a new era of copyright litigation aimed not at promoting expression but at stifling the 'competition' upon which America thrives." The district court did not abuse its discretion in awarding MGA fees for fighting against Mattel's claim "that was stunning in scope and unreasonable in the relief it requested."

Mattel argues that, because its claim was objectively reasonable, MGA is not entitled to fees. This argument seeks to resurrect the long-rejected requirements of frivolousness and bad faith. *See Apple Computer, Inc.* v. *Microsoft Corp.*,

35 F.3d 1435, 1448 (9th Cir. 1994). At one point, a copyright defendant had to show that the plaintiff's claim was frivolous or made in bad faith in order to be entitled to fees; but no longer. *Id.* Even assuming Mattel's claim was objectively reasonable, the district court didn't abuse its discretion in awarding MGA fees.

Mattel also maintains that it should have been provided with unredacted copies of MGA's legal invoices. But the sort of information Mattel seeks is attorney work product. *See MGIC Indem. Corp.* v. *Weisman*, 803 F.2d 500, 505 (9th Cir. 1986). Protecting MGA's work product was particularly important here, because MGA was still engaged in litigation with Mattel. In any event, the district judge reviewed unredacted invoices in camera, which is a sufficient safeguard against unreasonable bills.

Mattel's remaining arguments about apportionment and calculation are equally unconvincing. The district court properly exercised its discretion in awarding and calculating attorneys' fees and costs. *See Entm't Research Group, Inc.* v. *Genesis Creative Group, Inc.*, 122 F.3d 1211, 1216–17 (9th Cir. 1997).

## III.  CONCLUSION

MGA's claim of trade-secret misappropriation was not logically related to Mattel's counterclaim; we therefore reverse the district court's holding that MGA's counterclaim-in-reply was compulsory. Because the district court did not abuse its discretion in awarding fees and costs under the Copyright Act, we affirm that award.

MATTEL v. MGA ENTERTAINMENT 9

While this may not be the last word on the subject, perhaps Mattel and MGA can take a lesson from their target demographic: Play nice.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

**NO COSTS.**