QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

BAKER MARQUART LLP
  Ryan G. Baker (Bar No. 214036)
  (rbaker@bakermarquart.com)
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California  90024
Telephone:  (424) 652-7800
Facsimile:  (424) 652-7801

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant. | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER ENJOINING DEFENDANTS FROM INSTITUTING OR PROSECUTING ANY PROCEEDING AFFECTING THE JUDGMENT IN THIS ACTION AND EXONERATING BOND ON CONDITION OF INSTITUTION OF INTERPLEADER ACTION**<br><br>Date:  February 26, 2013<br>Time:  9:00 a.m.<br>Place:  Courtroom 9D |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................... 1

ARGUMENT ........................................................................................................... 3

I.    THE REQUIREMENTS FOR INTERPLEADER ARE SATISFIED ............. 3

II.    THIS COURT CAN AND SHOULD ENJOIN BOTH FUTURE CLAIMS AND EFFORTS TO EXECUTE OR ENFORCE THE JUDGMENT OR BOND IN THIS CASE .......................................................... 8

CONCLUSION ...................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

### Cases

*Bankers Trust Co. v. Manufacturers Nat. Bank of Detroit*,
    139 F.R.D. 302 (S.D.N.Y. 1991) ................................................................. 4

*First Interstate Bank of Oregon v. United States*,
    891 F. Supp. 543 (D. Or. 1995) ............................................................... 5, 7

*John Hancock Mutual Life Insurance Co. v. Beardslee*,
    216 F.2d 457 (7th Cir. 1954) ..................................................................... 6

*Lee v. West Coast Life Ins. Co.*,
    688 F.3d 1004 (9th Cir. 2012) .................................................................... 7

*Mack v. Kuckenmeister*,
    619 F.3d 1010 (9th Cir. 2010) .................................................................... 7

*Minnesota Mut. Life Ins. Co. v. Ensley*,
    174 F.3d 977 (9th Cir. 1999) ................................................................. 1, 5

*Mock v. Collins*,
    2004 WL 3619122 (C.D. Cal. Sept. 1, 2004) ............................................ 6

*Montgomery Ward & Co. v. Fid. & Deposit Co. of Md.*,
    162 F.2d 264 (7th Cir. 1947) ..................................................................... 7

*Orseck v. Servicios Legales de Mesoamerica S. de R.L.*,
    699 F. Supp. 2d 1344 (S.D. Fla. 2010) ...................................................... 7

*Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*,
    306 F.2d 188 (9th Cir. 1962) ..................................................................... 8

*Schlemmer v. Provident Life & Accident Ins. Co.*,
    349 F.2d 682 (9th Cir. 1965) ..................................................................... 8

*Sheldon v. Munford, Inc.*,
    902 F.2d 7 (7th Cir. 1990) ......................................................................... 4

*Star Ins. Co. v. Cedar Valley Express, LLC*,
    273 F. Supp. 2d 38 (D. D.C. 2002) .................................................... 6, 7, 9

*State Farm Fire & Cas. Co. v. Tashire*,
    386 U.S. 523 (1967) ......................................................................... 3, 5, 7

*The Weitz Co., LLC, v. MH Metropolitan, LLC*,
    Case No. 12-CV-00738-W-DW (W.D. Mo. Jan. 3, 2013) ........................ 9

### Statutes

28 U.S.C. § 1335 ............................................................................................. 3, 4, 5

## Introduction

MGA's opposition misapprehends both Mattel's *ex parte* application and interpleader law. First, MGA is simply wrong in claiming that Mattel asks to "transform the Appeal Bond into an interpleader bond," that Mattel "is *not* the stakeholder in the affirmed portion of the Appeal Bond" and that Mattel is "not a stakeholder of the *res* it seeks to interplead." Opp. at 1, 2, 10. In fact, the *res* that Mattel seeks to interplead is not the existing Appeal Bond at all. It is instead the $137.8 million in copyright fees that the proposed Interpleader Defendants all claim. Opp. at 10. Of course, as MGA cannot dispute, Mattel is a stakeholder in that *res* since it is in possession of the money to be paid.

That MGA's claim to the copyright fees that Mattel seeks to interplead has been reduced to a judgment is immaterial to the propriety of interpleader here. Under well-settled law, interpleader—together with the injunctive and other relief that accompanies interpleader—is proper **even when** one of the competing claimants has reduced its claim to a judgment. *Ex Parte* App. at 7-8 (citing authorities). MGA offers no response, other than to observe that none of the other claimants to the fees award "has any final legal right to the monies owing under the judgment." Opp. at 4. Perhaps so, but competing claimants need not have a "final legal right" to monies in order to allow interpleader because the interpleader statute protects a party against "potential, as well as actual, claims," *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999), and thus protects against claims not yet reduced to judgment or otherwise final. What matters is that multiple claimants assert a right to funds held by Mattel and Mattel stands ready to provide those funds to the Court for disposition among those claimants. MGA's arguments that it has superior rights can be resolved in the interpleader action itself, but they are no obstacle to permitting interpleader in the first instance.

Just as there is no obstacle to interpleader here, nothing prevents the Court from enjoining both future claims and attempts to execute on the judgment or

enforce the existing Appeal Bond in this case upon the institution of such an action. MGA grasps at straws by hypothesizing that Mattel could "default on its obligation" to post an interpleader bond and thereby leave MGA "with no protection whatsoever." Opp. at 7.  That ignores Mattel's repeated statements in its *ex parte* application that the relief it requests would be conditioned upon the filing of the proposed interpleader action.[1]  MGA also asserts that the Court lacks jurisdiction to grant relief because the proposed Interpleader Complaint is not yet filed, Opp. at 6, but that unsupported attack on the Court's authority fails.  As Mattel showed in its opening papers and MGA ignores, the Court's inherent powers in this case give it the power to grant Mattel's requested relief.  Further, MGA does not dispute that interpleader jurisdiction will vest, and further empower the Court, the moment Mattel files the interpleader action with the Court's approval.

MGA's insinuations that Mattel is either exaggerating the threat of multiple claimants to the copyright fee award or seeking to cause delay are even more groundless.  Opp. at 10.  This Court is well aware of the past and already on-going litigation over asserted rights to the funds between MGA, its multiple insurers and Orrick.  For example, Orrick has filed with this Court a purported lien to the funds (Dkt. 10836)—a lien which has drawn multiple objections by the insurers also filed in this case.  Dkt. 10840, 10843, 10848.  On top of that, there is a separate pending arbitration proceeding between MGA and Orrick, and MGA recently filed suit against Orrick in state court.  These are just examples of the disputes known to Mattel between Orrick and MGA alone as to the relevant monies.  MGA's effort to downplay the competing claims to the funds that Mattel seeks to interplead is disingenuous at best.

---

[1] Indeed, even the title of Mattel's *ex parte* application makes plain that Mattel seeks injunctive relief and exoneration of the Appeal Bond "ON CONDITION OF INSTITUTION OF INTERPLEADER ACTION."

Because of the welter of conflicting claims to the copyright fee award, Mattel has come to this Court to obtain the Court's guidance and directions as to whom it should pay those disputed funds. No one disputes that Mattel should not be exposed to a risk of multiple claims relating to Mattel's payment on the surviving portion of the judgment in this case. Indeed, even MGA expressly consents to an order "barring the MGA Insurers or Orrick from asserting claims against Mattel"—claims those parties have expressly threatened if Mattel pays MGA—in order to avoid such risk. Opp. at 5. But the insurers and Orrick have not shown any intention of abandoning their claims, and Mattel thus faces the "classic situation envisioned by the sponsors of interpleader" where multiple claimants seek the same funds. *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967). The proper remedy in this situation is to permit interpleader and enjoin ongoing and future claims in order to eliminate the risk of multiple liability, as well as the defense costs that accompany that risk. Despite MGA's lengthy and hollow attempts to obfuscate, there are multiple claimants to the same money, which is why Mattel has turned to the Court to resolve the matter.

## Argument

### I. THE REQUIREMENTS FOR INTERPLEADER ARE SATISFIED

MGA does not contest that Mattel's proposed interpleader action satisfies the minimal diversity requirements of 28 U.S.C. § 1335, or that the amount in controversy exceeds the statutory amount of $500. The arguments that MGA does make reflect a fundamental misunderstanding of interpleader and of Mattel's requested relief.

<u>The Appeal Bond Is Not The *Res.*</u> First, MGA argues that Mattel is not a stakeholder—even though it is the party from whom money is sought—because the *res* is supposedly the existing Appeal Bond as to which Mattel no longer has "title." Opp. at 1. This is wrong and misunderstands the nature of an appeal bond. In an interpleader case, the *res* is the money or property to which the various claimants

lay claim or a bond in the amount of the same. 28 U.S.C. § 1335(a); *Bankers Trust Co. v. Manufacturers Nat. Bank of Detroit*, 139 F.R.D. 302, 307 (S.D.N.Y. 1991) ("The stake requirement contemplates that there exist something analogous to a distinct fund or other thing of value subject to competing claims."). In this case, the *res* is the $137.8 million which Mattel currently possesses and is obligated to pay under the surviving portion of the judgment after the Ninth Circuit's decision. The existing $315 million Appeal Bond, on the other hand, "merely gives the judgment creditor another debtor to go after—the insurance company—once execution of the judgment is possible." *Sheldon v. Munford, Inc.*, 902 F.2d 7, 8 (7th Cir. 1990) (Posner, J.). Confirming that it is nothing more than a third-party guarantee of payment only in the event that Mattel does not pay, the Appeal Bond itself anticipates payment *by Mattel* of any amount owed and by its terms *cannot* be executed on if Mattel satisfies the judgment, as even shown by the language of the Appeal Bond quoted by MGA. *See* Opp. at 2 ("if Principal [Mattel] shall . . . satisfy in full such Judgment as modified . . . as the Court of Appeals may adjudge and award, this obligation shall be void").

The entire premise of MGA's argument thus fails. The only reason that the existing Appeal Bond in this case is even relevant here is that it needs to be exonerated. Not only is the current Appeal Bond no longer for the correct amount because MGA's trade secret award was reversed, but maintaining the current Appeal Bond would be pointless and duplicative once Mattel deposits or bonds the $137.8 million due for the copyright fee judgment as part of the interpleader.

<u>There Are Multiple Claimants To The Same Funds.</u> MGA next argues that the "only claimants to the judgment owed by Mattel here are the MGA Parties." Opp. at 10. This stark position ignores both the standards for interpleader and the record of claims actually brought against Mattel, and of future claims the Interpleader Defendants have threatened to bring. *Ex Parte* App. at 3-5.

There can be no denying the multiplicity of claimants here. Orrick has filed in this case a claimed lien against any proceeds to be paid under the judgment, which is disputed by MGA as well as the insurers. Dkt. 10836, 10840, 10843, 10848. Orrick's claims have spawned at least two other proceedings already, including an arbitration and an MGA state court lawsuit. The Court likewise need not speculate about the insurers' intent. Not only have the insurers attempted to assert claims against Mattel in the past, but four insurers stated in their filing yesterday that "the Insurers intend to assert a subrogation claim *against Mattel* in their reimbursement action against MGA once this Court lifts the stay currently in place." Dkt. 10851 at 2 (emphasis supplied).[2]

By its terms, the interpleader statute permits interpleader when "[t]wo or more adverse claimants . . . are claiming or may claim to be entitled to" money or property. 28 U.S.C. § 1335(a). Interpleader is "remedial and to be liberally construed." *Tashire*, 386 U.S. at 533. "The court's jurisdiction under the interpleader statute extends to **potential**, as well as actual, claims." *Minnesota Mut. Life Ins. Co.*, 174 F.3d at 980 (emphasis added). "It follows that interpleader relief is not to be denied merely because the possibility of multiple liability or multiple litigation is remote or rests on tenuous grounds." *First Interstate Bank of Oregon v. United States*, 891 F. Supp. 543, 546 (D. Or. 1995). Given Orrick's disputed lien filed in this case itself and given the plethora of past and current lawsuits, including by MGA against its former counsel and the pending insurer actions, such litigation is not merely possible—it already has started. These facts alone amply meet the low standard for an interpleader action. *See id.* at 547 ("interpleader is to be granted in

---

[2] MGA's discussion of the insurers' claims fails to note that Evanston's appeal of the dismissal of its claims against Mattel remains pending. As for Orrick, its purported lien was just filed, and it threatens claims based on any payments to MGA from Mattel's appeal bond or in satisfaction of the judgment in MGA's favor. Zeller Decl. Exh. C.

instances where a stakeholder faces a legitimate fear of multiple litigation, irrespective of the merits of the competing claims"); *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 41 (D. D.C. 2002) ("The adversity requirement is met so long as the stakeholder has a '*bona fide*' fear of adverse claims arising with respect to the *res*.").[3]

According to MGA, no other claimant *actually* has "claims against Mattel" because, unlike MGA, "none of those parties has any final legal right to the monies owing under the judgment, much less a right to prejudgment attachment on their contingent and contested claims . . . ." Opp. at 1, 4. But that misstates both what it means to be a claimant and the significance of the judgment. There is no requirement that parties have a "final legal right to the monies owing under the judgment" to be claimants for interpleader purposes. And there is no rule that the

---

[3] The existence of at least 5 claimants distinguishes this case from the two cited by MGA, where the courts found only one viable claimant. In *John Hancock Mutual Life Insurance Co. v. Beardslee*, 216 F.2d 457 (7th Cir. 1954)—a case decided in the context of a fee application **after** the merits of the purported competing claims had already been adjudicated—one of the two defendants was not a named beneficiary under the life insurance policy at issue and had not offered any other basis for a claim. So while the court recognized the general rule that "to justify a bill of interpleader the conflicting claims against the funds need not be such claims as can finally be proved in court," it awarded fees because they "must be of more substance than the alleged claim of the defendant Geraldine Farrell on which the plaintiff here relied." 216 F.2d at 460. *Mock v. Collins*, 2004 WL 3619122 (C.D. Cal. Sept. 1, 2004) is also off point. There, plaintiffs owed defendant Collins money under a settlement agreement but filed an interpleader naming various federal and state government agencies based *not* on the fear that those agencies would bring a claim against the plaintiffs, but rather that the defendant would fail to report the proceeds as income to the taxing authorities. None of the agency defendants had even asserted a right to the proceeds. *Id.* at *2. "Any liability that may arise thereafter would subject Defendant Collins to liability, not Plaintiffs." *Id.* Thus, because the plaintiffs' own "theory presupposes that the stake belongs to one Defendant[,]" *id.*, interpleader jurisdiction was lacking. Because there are multiple claims to the $137.8 million at issue in this case, *Collins* is entirely inapposite.

fees judgment in favor of MGA eliminates the basis for interpleader. To the contrary, the law is clear—and undisputed by MGA—that interpleader is proper "***even after judgment has been obtained by one of the adverse claimants***." *Montgomery Ward & Co. v. Fid. & Deposit Co. of Md.*, 162 F.2d 264, 268 (7th Cir. 1947) (emphasis supplied); *see Mack v. Kuckenmeister*, 619 F.3d 1010, 1023-24 (9th Cir. 2010); *Ex Parte* App. at 7-8. As the Supreme Court explained in *Tashire*, in ruling that claimants are not required to reduce their claims to judgment before seeking a share of interpleader proceeds, were the rule otherwise "the first claimant to obtain such a judgment or to negotiate a settlement might appropriate all or a disproportionate slice of the fund before his fellow claimants were able to establish their claims. The difficulties such a race to judgment pose for the [stakeholder], and the unfairness which may result to some claimants, were among the principal evils the interpleader device was intended to remedy." 386 U.S. at 534 (footnote omitted).

While MGA purports to dispute the legitimacy of the claims by Orrick and the insurers, the merits of the various claimants' rights to the contested fund are adjudicated only in the "second stage" of an interpleader action, after the court has already determined in the "first stage" the "propriety of interpleading the adverse claimants and relieving the stakeholder from liability." *First Interstate Bank*, 891 F. Supp. at 546; *see also Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (same); *Orseck v. Servicios Legales de Mesoamerica S. de R.L.*, 699 F. Supp. 2d 1344, 1349 (S.D. Fla. 2010) (same); *Star Insurance*, 273 F. Supp. 2d at 40 & n.2 (same). Whatever significance MGA's reduction of its fees claim to judgment will have when the merits of the various claims are assessed in the "second stage" of interpleader, the task here is simply to determine the "propriety of interpleading the adverse claimants and relieving the stakeholder from liability." *First Interstate Bank*, 891 F. Supp. at 546. As to that, the answer is clear.

There Is No Basis To Decline Interpleader Jurisdiction. MGA asks the Court to "decline" to hear interpleader as a discretionary matter. Opp. at 14-15. But the only reason MGA offers for this Court to decline its jurisdiction is that Mattel should not be permitted to recover its fees in such a case. Fee-shifting in favor of an interpleader plaintiff is standard relief, *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962), and in any case a court's discretion as to fee-shifting has no bearing on the propriety of interpleader in the first instance. MGA has established no equitable reason to decline interpleader jurisdiction, and there is no more suitable forum than this Court where each of the claimants' respective claims can be adjudicated. *Schlemmer v. Provident Life & Accident Ins. Co.*, 349 F.2d 682, 684-85 (9th Cir. 1965) (affirming exercise of interpleader jurisdiction where "all interested parties" were before the court).

## II. THIS COURT CAN AND SHOULD ENJOIN BOTH FUTURE CLAIMS AND EFFORTS TO EXECUTE OR ENFORCE THE JUDGMENT OR BOND IN THIS CASE

The circumstances of this case justify the injunctive relief that typically accompanies an interpleader filing. None of MGA's contorted technical arguments presents an obstacle to granting such relief.

First, MGA insists the Court lacks jurisdiction to grant relief because Mattel has not yet filed its proposed Interpleader Complaint. Opp. at 6. But MGA fails to address this Court's inherent authority in this case to enter a stay of enforcement proceedings on the judgment pending the filing of the interpleader action, *see Ex Parte* App. at 5-6 (citing cases), and the Court will additionally have full interpleader jurisdiction immediately upon Mattel's filing. MGA's position that Mattel must deposit the proceeds before an injunction against enforcement of the existing judgment and the current Appeal Bond can be entered would expose Mattel to precisely the double exposure and continued multiplicity of claimants to a fund that the interpleader statute is designed to prevent. Nor does MGA cite authority

-8-                                  Case No. CV 04-9049 DOC (RNBx)
MATTEL'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION

supporting its Catch-22 position. To the contrary, like the relief sought by Mattel here, the *Star Insurance* court simultaneously (1) granted plaintiff's motion to file an interpleader action; (2) ordered the plaintiff to deposit the interpleader funds into the court's registry; and (3) enjoined the interpleader defendants from prosecuting any action against the interpleader *res*. 273 F. Supp. 2d at 44-45. Mattel will file the proposed Interpleader Complaint it has submitted to the Court and will deposit or bond the interpleader proceeds as soon as the requested relief is in place. That is sufficient to invoke interpleader remedies.

Second, MGA asserts that Mattel might fail to comply with a Court Order directing it to file its interpleader action and deposit an interpleader bond, leaving MGA without recourse. Opp. at 7. Not only is MGA's argument groundless speculation, but the permanent injunctive relief that Mattel seeks is expressly conditional on such a filing and posting. To alleviate any timing issue, the Court alternatively could enter the relief Mattel requests provisionally, with such relief to become permanent upon on the filing of the interpleader complaint and posting of bond.

Last, MGA insists "this Court lacks the power to modify the terms of the Appeal Bond" because it is a contract that is supposedly beyond the purview of the Court. Opp. at 10. MGA offers no authority for this perplexing position, and it is wrong. Interpleader is, as shown, appropriate even when one party has reduced its claim to a judgment. The existing supersedeas bond of $315 million exceeds Mattel's obligation under the judgment by $178 million. The whole point of interpleader is to avoid the risk of multiple recoveries—a goal that can be accomplished, when one party has a judgment, only by restraining efforts to execute or enforce the existing judgment, as well as any bond for that judgment. Obviously the Court is empowered to enjoin efforts to enforce on a bond as to its own judgment. *See, e.g., The Weitz Co., LLC, v. MH Metropolitan, LLC*, Case No. 12-CV-00738-W-DW, Dkt. 25 at 2 (W.D. Mo. Jan. 3, 2013) (in interpleader action

involving competing claims to affirmed judgment secured by supersedeas bond, court ordered that "if the Plaintiff deposits a[n] [interpleader] bond in the amount of $2,532,211.85, the supersedeas bond the Plaintiff posted to stay execution of the judgment while Case No. 07-0103-CV-ODS was on appeal shall be released"). MGA's objection lacks merit.

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court grant this *ex parte* application.

DATED: February 21, 2013            QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP


                                    By  /s/ Michael T. Zeller
                                        Michael T. Zeller
                                        Attorneys for Mattel, Inc. and
                                        Mattel de Mexico, S.A. de C.V.