PAUL L. GALE (SBN 65873)
paul.gale@troutmansanders.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

SEAN M. HANIFIN, *Admitted Pro Hac Vice*
sean.hanifin@troutmansanders.com
PRASHANT K. KHETAN, *Admitted Pro Hac Vice*
prashant.khetan@troutmansanders.com
TROUTMAN SANDERS LLP
401 9th Street, N. W., Suite 1000
Washington, D.C. 20004-2134
Telephone: 202.274.2950
Facsimile: 202.274.2994

*Attorneys for*
*EVANSTON INSURANCE COMPANY*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., et al.,<br><br>　　　　　Defendants. | Case No. CV 04-9049-DOC (RNBx) consolidated with CV 04-09059 DOC (RNBx) and CV 05-02727 DOC (RNBx)<br><br>Related to Case No. SACV 12-0943-DOC (RNBx) and CV 12-05654 DOC (RNBx)<br><br>Honorable David O. Carter<br><br>**EVANSTON INSURANCE COMPANY'S RESPONSE TO MGA ENTERTAINMENT, INC.'S OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION [DKT. NO. 10845]**<br><br>Date:　　February 26, 2013<br>Time:　　9:00 a.m.<br>Place:　　Courtroom 9D |

20295807v1

EVANSTON'S RESPONSE TO MGA'S OPPOSITION TO MATTEL'S *EX PARTE* APPLICATION

## I. INTRODUCTION

Evanston Insurance Company ("Evanston") respectfully submits this Response to MGA's Opposition to Mattel's *Ex Parte* Application (Dkt. No. 10845). Contrary to the assertions of the MGA Entertainment, Inc. entities and Isaac Larian (collectively, "MGA"), Mattel, Inc.'s ("Mattel") resort to interpleader is precisely the remedy afforded by the Federal Rules and 28 U.S.C. §§ 1335 and 2361 for the situation in which Mattel finds itself: a holder of funds subject to competing claims. The Court should grant Mattel's *Ex Parte* Application, assume control of the funds at issue, and thereafter apportion the funds among the competing claimants, upon the Court's resolution of the competing claims.

At the outset, it is worth noting that MGA could obviate this issue by simply agreeing to have Mattel deposit the funds into the Court registry or into an escrow account that would protect the interests of all parties until the Court resolves their claims. It is unclear why MGA would object to doing so, unless MGA intends to dissipate or otherwise place the funds beyond the reach of successful claimants to those funds. (*See* Dkt. No. 4657 (Order Appointing Receiver)). The equities certainly do not favor MGA. While MGA repeatedly states that the $137 million attorneys' fee award was made to it, MGA cannot dispute that **its insurers paid the attorneys fees** that are the subject of that award. In fact, the insurers "reimbursed" MGA fees that exceed the amount of the attorneys' fee award – including fees that MGA subsequently may have failed to remit to Orrick, Herrington & Sutcliffe, LLP ("Orrick"), thus leading to Orrick's claim against the fee award.

## II. ARGUMENT

### A. MGA's Judgment Is Not Dispositive

MGA repeatedly notes that it possesses a current judgment, while other claimants to the fee award do not. The existence of a judgment does not bear the weight that MGA seeks to assign to it. Interpleader requires only that there be competing claimants and does not prejudge the merits of the competing claims. *Lee v. West Coast Life Insurance Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012). Courts routinely adjudicate interpleader proceedings in circumstances where one or more claimants possess a judgment concerning the funds at issue – and other claimants do not. Controlling Ninth Circuit precedent permits interpleader in this circumstance. *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023-24 (9th Cir. 2010). California courts similarly employ the interpleader procedure in situations where one or more claimants holds a judgment. *E.g., Big Bear Props., Inc. v. E.M. Gherman*, 95 Cal. App. 3d 908, 910 (1979). Out-of-circuit authority is in accord.[1]

### B. Mattel Faces Exposure to Evanston

MGA also is incorrect in asserting that Mattel has no exposure to Evanston, should Mattel remit the attorneys' fee award to MGA and MGA then fail to reimburse Evanston the proper share of the fees paid by Evanston. Evanston paid tens of millions of the dollars that comprise the fee award and has subrogation rights to a share of that award. The Evanston Policy, to which MGA is a contractual party, provides in pertinent part:

---

[1] *See, e.g., Litton Indus. Automation Sys., Inc. v. Nationwide Power Co.*, 106 F.3d 366 (11th Cir. 1997) (affirming award to third-party without judgment after funds were interpleaded based on judgment obtained by defendant); *Paine Webber, Inc. v. Chapman Moran*, No. cv-290715, 1994 Conn. Super. LEXIS 2251 (Conn. Super. Ct. Sept. 7, 1994) (same); *see also Murdale True Value v. Richardet*, No. 09-cv-0573, 2010 U.S. Dist. LEXIS 4421 (S.D. Ill. Jan. 20, 2010); *Fruehauf Trailer Corp. v. Baumann*, No. 4-94-70016, 1994 U.S. Dist. LEXIS 13799 (S.D. Iowa Sept. 14, 1994).

> If the Insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us.  The Insured must do nothing after loss to impair them.

Evanston thus is contractually entitled to recover from any party liable to MGA, including Mattel, the payments made by Evanston on MGA's behalf. Evanston properly advised both MGA and Mattel that Evanston claimed its subrogation rights to the attorneys' fee award both under this policy provision and as provided for by principles of equitable subrogation:

> [Evanston] asserts its right under the Policies and law to recover from Mattel those payments that [Evanston] has made to or on behalf of MGA that are part of the Court's current or later awards.  (*See*, *e.g.*, June 21, 2012 Letter from Troutman Sanders to Quinn Emanuel).

MGA, by claiming that Evanston has no right to these funds, has either actually or anticipatorily breached its contractual obligation to Evanston.  Mattel, being advised of Evanston's contractual and equitable rights to the fee award, and being aware of MGA's derogation of those rights, properly recognizes that Evanston has a claim to the funds held by Mattel.  Mattel prudently seeks, through the interpleader mechanism, to have the Court determine the competing claims of MGA, Evanston, and others rather than risk the possibility of a subsequent claim by Evanston.

MGA asserts that Mattel is not "at risk to MGA's insurers."  This is plainly incorrect, given that Evanston and Mattel currently are litigating Evanston's right to

direct subrogation recovery from Mattel.  While MGA correctly observes that the Court dismissed Evanston's initial subrogation claim against Mattel, that ruling is before the Ninth Circuit, and Mattel must be alert to the possibility of reversal and the consequent direct liability to Evanston.[2]  The potential for such liability is precisely why Mattel properly may interplead.  Mattel need not face certain liability to Evanston, or to others.  Mattel's potential exposure is far more than is required to make interpleader proper here.  Mattel properly interpleads here to protect itself from "potential, as well as actual claims."  *Mack*, 619 F.3d at 1024.

### C. MGA's Proposed Bar of Claims Against Mattel is Improper

MGA proposes that, even without assuming control of interpleaded funds, the Court should bar the insurers and Orrick from pursuing claims against Mattel.  It is unclear on what authority, or upon what showing, that MGA would have the Court enter such an extraordinary and improper order.  Interpleader contemplates such an injunction barring pursuit of claims, and 28 U.S.C. § 2361 allows for such an injunction − only after the funds at issue are within the control of the Court.  The claimants are thus protected from diversion of the funds.   While it opposes interpleader, MGA suggests that a similar order be entered, *after payment of the funds at issue to MGA*.  No statute, court rule, or precedent permits such an order; indeed, such an order would violate the most basic notions of due process.  An injunction under 28 U.S.C. § 2361 may issue only after the other requirements of interpleader, including the Court's assumption of control over the funds, are met.  *General Railway Signal Corp. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991).

---

[2] *See Evanston Ins. Co. v. MGA Entertainment, Inc.*, No. CV-12-5654-DOC (JCx), Dkt. No. 35 (Order Granting Defendant's Motion to Dismiss as to Mattel with Prejudice) (Oct. 12, 2012).

Absent reliance upon 28 U.S.C. § 2361 − which MGA disclaims − the only basis upon which MGA might seek injunctive relief is pursuant to Fed. R. Civ. P. 65. Injunctions under Rule 65 may issue, however, only to the parties to a civil action. Fed. R. Civ. P. 65(d)(2). Evanston is not a party to this action until such time as the attorneys' fee award is interpleaded and Evanston is made a party to the interpleader action. Until such time, the order sought by MGA is improper and must be refused.

### III.   CONCLUSION

The circumstances before the Court are precisely those for which the remedy of interpleader was created. The Court should grant Mattel's *Ex Parte* Application and thereafter adjudicate the parties' claims to the interpleaded funds.

Dated:  February 21, 2013          Respectfully submitted,

PAUL L. GALE
SEAN M. HANIFIN
PRASHANT K. KHETAN
TROUTMAN SANDERS LLP


By:  /s/ Paul L. Gale
     Paul L. Gale

*Attorneys for*
*EVANSTON INSURANCE COMPANY*