SHARTSIS FRIESE LLP
ARTHUR J. SHARTSIS (Bar #51549)
ashartsis@sflaw.com
FRANK A. CIALONE (Bar #172816)
fcialone@sflaw.com
LISA A. JACOBS (Bar #230364)
ljacobs@sflaw.com
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922

Attorneys for
ORRICK, HERRINGTON & SUTCLIFFE LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., a California corporation; et al.,<br><br>Defendants. | Case No. 2:04-cv-09049-DOC-RNB<br><br>**ORRICK, HERRINGTON & SUTCLIFFE LLP'S RESPONSE TO MGA'S OPPOSITION TO MATTEL'S EX PARTE APPLICATION FOR ORDER ENJOINING DEFENDANTS FROM INSTITUTING OR PROSECUTING ANY PROCEEDING AFFECTING THE JUDGMENT IN THIS ACTION AND EXONERATING BOND ON CONDITION OF INSTITUTION OF INTERPLEADER ACTION**<br><br>Judge: Honorable David O. Carter |

Orrick, Herrington & Sutcliffe LLP ("Orrick") submits the following response to MGA's Opposition To Mattel's Ex Parte Application For Order Enjoining Defendants From Instituting Or Prosecuting Any Proceeding Affecting The Judgment In This Action And Exonerating Bond On Condition of Institution of Interpleader Action.

## I. INTRODUCTION

The Court should grant Mattel's *ex parte* application for interpleader, take control of the funds at issue, and thereafter adjudicate and apportion the parties' claims to the interpleaded funds. Orrick is a claimant to the Mattel Judgment. MGA's claim that it is the only claimant to the Mattel Judgment is legally and factually wrong. Orrick has a claim against MGA for more than $30 million in attorneys' fees and expenses incurred in its successful representation of MGA in the litigation against Mattel. Orrick has already secured a Partial Final Award of $23 million and is in the process of getting the award confirmed. The purpose of this Partial Final Award is to secure Orrick's claim against MGA pending the resolution of the arbitration. Orrick has filed in this Court and served notice on all interested parties of the arbitration Panel's Partial Final Award to ensure that the Mattel Judgment is not squandered by MGA.

In fact, the Mattel Judgment is an attorneys' fee award, which includes the very attorneys' fees and expenses Orrick is seeking from MGA and that is the subject of Orrick's $23 million lien. MGA did not pay Orrick a large portion of the fees and expenses incurred on behalf of MGA in the Mattel litigation. Orrick's claim and lien could not be any more symmetrical with the subject of the Mattel Judgment.

Interpleader is proper when there are multiple claimants to a specific res, such as here where Orrick and other parties claim an interest in the Mattel Judgment. Without interpleader, MGA could collect and dissipate the assets before Orrick and other interested parties resolve their claims to the funds, substantially

1 prejudicing the claimants and exposing Mattel (and MGA for that mater) to further
2 litigation. Granting Mattel's request for interpleader would avoid this potential
3 litigation morass. As such, Orrick respectfully requests this Court grant Mattel's
4 application for interpleader.

## II. ARGUMENT

### A. Interpleader Is Proper Here.

Interpleader is proper when there are competing claimants to funds, even if not all competing claimants are judgment creditors. 28 U.S.C. § 1335; *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012). A stakeholder, such as Mattel here, may file an interpleader action to protect itself from "potential, as well as actual, claims." *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999). A claimant is not required to reduce its claims to judgment before seeking a share of interpleader proceeds. *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 534 (1967). A claim is adverse for purposes of interpleader when it asserts an interest in the same fund as other claimants. *Sanders v. Armour Fertilizer Works*, 292 U.S. 190, 193 (1934).

Here, as reflected by the briefs filed by Mattel, Orrick and other interested parties, Mattel has met the requirements for interpleader of the funds to ensure that the rights of all parties with claims against those funds, including Orrick, are preserved. Orrick has a claim against MGA for in excess of $30 million in unpaid attorneys' fees and costs. In addition, based on the insurance carrier filings, it appears MGA may have received, but failed to remit to Orrick, payments from its insurance carriers on Orrick's invoices for Orrick's successful representation of MGA in the Mattel litigation. It is important to note that included in the Mattel Judgment are the very attorneys' fees and expenses Orrick is seeking from MGA -- MGA did not pay Orrick a large portion of the fees and expenses incurred on behalf of MGA in the Mattel litigation. Contrary to MGA's assertion, Orrick's claim does not have to be against Mattel per se, it only has to be adverse to the res, the Mattel

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Judgment here. *Sanders*, 292 U.S. at 193. Otherwise, MGA will have the opportunity to dissipate the funds before they can be allocated to the correct parties, substantially prejudicing Orrick and creating even a larger litigation morass than is already present in this case.

### B. Orrick Has A Claim To The Mattel Judgment.

Contrary to MGA's assertion, Orrick has a claim to the funds that Mattel is trying to interplead. Orrick is currently adverse to MGA in an arbitration proceeding before JAMS, which is set to be heard beginning in May 2013 and ending in July 2013. The Arbitration Panel has already issued a Partial Final Award in favor of Orrick, and against MGA, granting a partial final award that allows Orrick to obtain a $23 million lien against the proceeds of the Mattel litigation. Orrick filed and served notice on this Court and all interested parties of the Partial Final Award. Orrick has filed the undertaking, has filed a motion to confirm, and expects confirmation of the Partial Final Award by the Superior Court shortly, in spite of MGA's attempts to create procedural chaos to prevent Orrick from moving forward to confirm the award.

To give the Court a flavor of MGA's dilatory and obstructionist tactics, after the Arbitration Panel issued the Partial Final Award in Orrick's favor, MGA purported to rescind the parties' arbitration agreement, 17 months after arbitration had commenced, and filed a parallel action against Orrick in Orange County Superior Court seeking to vacate the Partial Final Award and a declaration that it had rescinded the parties' arbitration agreement. Declaration of Frank A. Cialone In Support Of Orrick, Herrington & Sutcliffe LLP's Response To MGA's Opposition to Mattel's Ex Parte Application For An Order Enjoining Defendants From Instituting or Prosecuting Any Proceeding Affecting Judgment In This Action And Exonerating Bond On Condition Of Institution Of Interpleader Action ("Cialone Dec.,") at ¶ 2. MGA then requested the Superior Court stay the arbitration proceedings pending the Court's resolution of its rescission claim. *Id.*

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Judge Margines, the Presiding Judge of the Orange County Superior Court, denied MGA's *ex parte* application and refused to set a noticed motion hearing, finding that the Arbitration Panel had exclusive jurisdiction to hear MGA's rescission claim. *Id.* at ¶¶ 4-6. Shortly after this ruling, MGA filed a peremptory challenge seeking to disqualify Judge Margines, claiming he was "biased against MGA." *Id.* at ¶ 7.

In other words, every time MGA receives an unfavorable ruling in litigation with Orrick, MGA seeks to change the forum -- first by purporting to "rescind" the arbitration agreement after 17 months of proceedings before the Arbitration Panel, and then by seeking to dismiss the Presiding Judge of the Orange County Superior Court after he correctly ruled that MGA's rescission claim should be heard by the arbitration Panel. *Id.* at ¶¶ 2-7.  MGA's tactics are meant to delay Orrick's entry and enforcement of the Partial Final Award the Arbitration Panel granted in order to secure Orrick's right to a portion of the Mattel Judgment.  Regardless, Orrick expects the Partial Final Award to be confirmed by the Superior Court.

### C. MGA's "Counterclaims" Have No Bearing On Whether Interpleader Is Appropriate Here.

MGA claims that because it has asserted counterclaims against Orrick, Orrick does not have a legal entitlement to the MGA Judgment.  This is not a basis in which to deny Mattel's request for interpleader -- interpleader is designed to address all actual and potential claims. *Sanders*, 292 U.S. at 193.  Orrick is a claimant for the interpleader amounts.  The Arbitration Panel issued its Partial Final Award giving Orrick a $23 million lien on the Mattel Judgment and Orrick has filed notice of the Partial Final Award in this Court and served it on all interested parties, including Mattel.  Orrick is a claimant for interpleader purposes here, and MGA's "counterclaims" have no bearing on Orrick's claimant status.

The Arbitration Panel, moreover, was well aware of MGA's counterclaims when the Panel issued the Partial Final Award that provides for a $23 million lien

1  in Orrick's favor against the Mattel Judgment. Orrick would like to share the Panel's Partial Final Award with this Court so the Court can see how the Panel addressed the issue of MGA's counterclaims, but MGA will not consent to Orrick including that document with this filing, even if the filing is made under seal. Orrick is prepared to provide the Partial Final Award to the Court for *in camera* review before or at the hearing on February 26, 2013.

### D. MGA's Proposed Bar of Claims Against Mattel Is Improper.

MGA's proposal that the Court bar Orrick and other interested parties from pursuing claims against Mattel prior to the Court assuming control over interpleaded funds is without any legal basis. This remedy, if available at all, would only be available *after* this Court gains control of the interpleaded funds so that Orrick and other claimants are protected from any attempt by MGA to dissipate the funds. *See* 28 U.S.C. section 2361 (allows for an injunction only after funds are within the Court's control). Otherwise, MGA would gain access to the funds from the Mattel Judgment and have the opportunity to dissipate the funds while at the same time Orrick and other interested parties' claim would be barred. The interpleader law does not allow such inequities.

## III. CONCLUSION

Orrick supports Mattel's *Ex Parte* Application for interpleader and respectfully requests that the Court grant it, and thereafter adjudicate and apportion the parties' claims to the interpleaded funds.

DATED: February 23, 2013

SHARTSIS FRIESE LLP

By: */s/ Frank A. Cialone*
FRANK A. CIALONE

Attorneys for
ORRICK, HERRINGTON &
SUTCLIFFE LLP