1  SHARTSIS FRIESE LLP
   ARTHUR J. SHARTSIS (Bar #51549)
2  ashartsis@sflaw.com
   FRANK A. CIALONE (Bar #172816)
3  fcialone@sflaw.com
   LISA A. JACOBS (Bar #230364)
4  ljacobs@sflaw.com
   One Maritime Plaza, Eighteenth Floor
5  San Francisco, CA  94111
   Telephone:  (415) 421-6500
6  Facsimile:  (415) 421-2922

7  Attorneys for
   ORRICK, HERRINGTON & SUTCLIFFE LLP
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  MATTEL, INC., a Delaware                Case No.  2:04-cv-09049-DOC-RNB
    corporation; et al.,
13                                          **DECLARATION OF FRANK A.
                                            CIALONE IN SUPPORT OF
14              Plaintiffs,                 ORRICK, HERRINGTON &
                                            SUTCLIFFE LLP'S RESPONSE TO
15  v.                                      MGA'S OPPOSITION TO
                                            MATTEL'S EX PARTE
16  MGA ENTERTAINMENT, INC., a              APPLICATION FOR ORDER
    California corporation; et al.,         ENJOINING DEFENDANTS FROM
17                                          INSTITUTING OR PROSECUTING
                Defendants.                 ANY PROCEEDING AFFECTING
18                                          THE JUDGMENT IN THIS
                                            ACTION AND EXONERATING
19                                          BOND ON CONDITION OF
                                            INSTITUTION OF
20                                          INTERPLEADER ACTION**

21                                          Judge:    Honorable David O. Carter

22

23       I, Frank A. Cialone, declare as follows:

24       1.    I am an attorney licensed to practice law in the State of California.  I

25  am a partner at Shartsis Friese LLP, counsel for Orrick, Herrington, & Sutcliffe

26  LLP ("Orrick") in this matter.  I make this declaration in support of Orrick's

27  Response to MGA's Opposition to Mattel's Ex Parte Application for Order

28  Enjoining Defendants from Instituting or Prosecuting any Proceeding Affecting the

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA  94111

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1   Judgment in this Action and Exonerating Bond on Condition of Institution of

2   Interpleader Action.   This Declaration is based on my own personal knowledge,

3   except such facts that are stated on the basis of information and belief, and for such

4   facts, I am informed and believe such facts to be true.   If called to testify as a

5   witness, I could and would testify truthfully to the facts stated herein.

6       2.      On Thursday, February 14, 2013, MGA notified my firm that it was

7   applying, *ex parte*, the next day, to the Orange County Superior Court for an

8   emergency order staying the arbitration proceedings and setting a briefing schedule

9   and hearing date for a noticed motion to stay the arbitration proceedings pending

10   the Court's resolution of MGA's claim to have rescinded the arbitration agreement.

11   Thereafter, MGA served my firm with their *Ex Parte* Application For Order: (1)

12   Setting A Hearing Date and Briefing Schedule For A Noticed Motion To Stay

13   Arbitration Proceedings, and (2) Issuing Temporary Emergency Stay Of Arbitration

14   Proceedings Pending Resolution of Noticed Motion ("*Ex Parte* Application").

15       3.      Thereafter, Orrick submitted its Opposition to MGA's *Ex Parte*

16   Application, and MGA submitted two additional Supplemental Briefs in support of

17   its *Ex Parte* Application.

18       4.      On Friday, February 15, 2013, I attended a hearing on MGA's *Ex

19   Parte* Application before the Honorable Charles Margines of the Orange County

20   Superior Court.   MGA argued to the Court that its rescission claim must be heard

21   by the Superior Court, not the Arbitration Panel.   Orrick disagreed and argued that

22   the Arbitration Panel, not the Court, had exclusive jurisdiction to hear and resolve

23   MGA's rescission claim.

24       5.      After an hour-long oral argument, the Court denied MGA's *Ex Parte*

25   Application in its entirety.   The Court not only denied the temporary stay, but also

26   denied MGA's request to schedule briefing and hearing on a noticed motion.

27   During the course of the hearing, the Court repeatedly stated that, under the JAMS

28   Comprehensive Rules and the relevant case law, MGA's rescission claim should go

1    to the Panel for decision.

2        6.    The Court denied MGA's *Ex Parte* Application without prejudice so

3    that MGA could renew the *Ex Parte* Application in the event that the Panel decided

4    it did not have jurisdiction to hear the rescission claim -- an event that the Court

5    stated it viewed as unlikely.

6        7.    Shortly after the Court denied MGA's *Ex Parte* Application, MGA

7    filed a peremptory challenge seeking to disqualify Judge Margines, claiming he was

8    "biased against MGA."

9        I declare under penalty of perjury under the laws of the State of California

10   that the foregoing is true and correct. Executed on February 23, 2013, at San

11   Francisco, California.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

12

13   
     */s/ Frank A. Cialone*
     FRANK A. CIALONE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28