1  JENNIFER L. KELLER (SBN 84412)
   keller@krlawllp.com
2  KAY RACKAUCKAS (SBN 143480)
   krack@krlawllp.com
3  ALLISON SHALINSKY (SBN 186975)
   shalinsky@krlawllp.com
4  KELLER RACKAUCKAS LLP
   18500 Von Karman Avenue, Suite 560
5  Irvine, CA 92612
6  Telephone:  (949) 476-8700
   Facsimile:   (949) 476-0900
7
8  Attorneys for MGA Parties
9
10              UNITED STATES DISTRICT COURT
11             CENTRAL DISTRICT OF CALIFORNIA
12                   SOUTHERN DIVISION

13  | CARTER BRYANT, an individual, | Case No. CV 04-9049 DOC (RNBx) |
14  | | |
    | Plaintiff, | Consolidated with Case No. CV 04-9059 |
15  | | and Case No. CV 05-2727 |
16  | v. | |
    | | **CORRECTED REPLY IN SUPPORT** |
17  | MATTEL, INC., a Delaware | **OF MGA PARTIES' MOTION FOR** |
    | corporation, | **LEAVE TO AMEND COMPLAINT** |
18  | | ***NUNC PRO TUNC*** |
    | Defendant. | |
19  | | Hearing Date: April 1, 2013 |
20  | AND CONSOLIDATED ACTIONS. | Time:  8:30 a.m. |
21

22
23
24
25
26
27
28

1

# TABLE OF CONTENTS

2

Page

3  INTRODUCTION .................................................................. 1

4  ARGUMENT ........................................................................ 3

5  I.    THIS COURT HAS JURISDICTION OVER THIS ACTION ........... 3

6  A.    Supplemental Jurisdiction Is Proper Where, As Here,
         Federal Claims Are Resolved And State Law Claims Must
7        Be Retried ................................................................ 3

8  B.    Mattel's Authority Is Completely Inapposite ........................... 6

9  C.    There is No Reason To Decline Supplemental Jurisdiction ....... 7

10 II.   NEITHER THE NINTH CIRCUIT'S MANDATE, NOR ITS
         OPINION PRECLUDE THE RELIEF THE MGA PARTIES
11       SEEK HERE .............................................................. 8

12 A.    Mattel Ignores That Amendment Of Complaints Is
         Routinely Permitted On Remand If Consistent With
13       Mandate .................................................................... 9

14 B.    Mattel's Interpretation Of The Ninth Circuit's Holding
         Disregards, And Is Contradicted By The Opinion Itself ......... 13
15
   C.    There Was No Waiver By MGA Here ................................. 15
16
17 III.  MGA SHOULD BE PERMITTED TO FILE AN AMENDED
         COMPLAINT *NUNC PRO TUNC* ....................................... 17

18 A.    Mattel Has Not – Because It Cannot – Show That *Nunc
         Pro Tunc* Treatment Is Inappropriate Here .......................... 17
19
20 B.    Mattel's Twice Rejected Arguments That MGA's Claims
         Are Untimely Still Do Not Necessitate Denying Leave To
21       Amend Here ............................................................... 20

22 C.    Mattel Did Not – Because it Cannot – Show That A
         Limited  Retrial To Determine Timeliness Only Is Not
23       Warranted Here ........................................................... 23

24 CONCLUSION .................................................................. 25

25

26

27

28

# TABLE OF AUTHORITIES

## CASES                                                                                    PAGE(S):

*Acri v. Varian Associates, Inc.*,
    114 F.3d 999 (9th Cir. 1997) ........................................................................ 8

*Adee Motor Cars, LLC v. Amato*,
    388 F. Supp. 2d 250 (S.D.N.Y. 2005) ........................................................ 8

*Allard Enterprises, Inc. v. Advanced Programming Resources, Inc.*,
    249 F.3d 564 (6th Cir. 2001) .............................................................. 11, 12

*Allstate Insurance Co. v. Hughes*,
    358 F.3d 1089 (9th Cir. 2004) .................................................................... 6

*Anderson v. Sara Lee Corp.*,
    383 F. App'x. 279 (4th Cir. 2010) ........................................................... 13

*In re Application of Mgndichian*,
    312 F. Supp. 2d 1250 (C.D. Cal. 2003) .................................................... 18

*Carvalho v. Raybestos-Manhattan, Inc.*,
    794 F.2d 454 (9th Cir. 1986) ............................................................... 3, 25

*Cassett v. Stewart*,
    406 F.3d 614 (9th Cir. 2005) .................................................................... 10

*In re Cellular 101,Inc.*,
    539 F.3d 1150 (9th Cir. 2008) .................................................................. 15

*Cenco Inc. v. Seidman & Seidman*,
    686 F.2d 449 (7th Cir. 1982) ................................................................. 5, 6

*City of Thousand Oaks v. Verizon Media Ventures, Inc.*,
    69 Fed.Appx. 826 (9th Cir. 2003) ........................................................... 15

*Clausen Law Firm, PLLC v. National Academy Of Continuing Legal
    Education*,
    827 F. Supp. 2d 1262 (W.D. Wash. 2010) ................................................ 6

*Colville Confederated Tribes v. Walton*,
    752 F.2d 397 (9th Cir. 1985) .................................................................... 14

*Cypress Barn, Inc. v. Western Electric Co.*,
    812 F.2d 1363 (11th Cir. 1987) .......................................................... 18, 20

*De Contreras v. City of Rialto*,
    No. EDCV 11-01425 VAP, 2012 WL 4478787 (C.D. Cal. Sept. 25, 2012)........ 8

*Doyle's Carolina 7, LLC v. Thurber*,
    Civ. No. 08-1507-AC, 2011 WL 1637416 (D. Or. Mar. 7, 2011) ...................... 7

*Donovan v. Burlington Northern, Inc.*,
  781 F.2d 680 (9th Cir.1986) ........................................................................ 10

*Dorsey v. Continental Casualty Co.*,
  730 F.2d 675 (11th Cir. 1984) ..................................................................... 24

*Elmore v. Henderson*,
  227 F.3d 1009 (7th Cir. 2000) ..................................................................... 18

*Fierro v. Reno*,
  217 F.3d 1 (1st Cir. 2000) ........................................................................... 18

*Firth v. United States*,
  554 F.2d 990 (9th Cir. 1977) ........................................................... 10, 14, 18

*Fogel v. Chestnutt*,
  668 F.2d 100 (2nd Cir. 1981) ...................................................................... 15

*In re Ford Motor Company/Citibank*,
  264 F.3d 952 (9th Cir. 2001) ......................................................................... 6

*Guevara v. Ventura County Community College District*,
  169 Cal. App. 4th 167 (2008) ............................................................... 17, 18

*In re Hawaii Federal Asbestos Cases*,
  871 F.2d 891 (9th Cir. 1989) ....................................................................... 25

*Hodge v. Mountain States Telegraph & Telegraph Co.*,
  555 F.2d 254 (9th Cir. 1977) ......................................................................... 8

*Kennedy v. Full Tilt Poker*,
  No. CV 09-07964 MMM (AGRx), 2010 WL 3984749 (C.D. Cal. Oct. 12, 2010) ........................................................................................................... 6

*Kohler v. Bed Bath & Beyond of California, LLC*,
  No. EDCV 11-01246 VAP (OPx), 2012 WL 2449928 (C.D. Cal. JunE 27, 2012) ............................................................................................................. 8

*Kohler v. Flava Enterprises, Inc.*,
  826 F. Supp. 2d 1221 (S.D. Cal. 2011) ......................................................... 8

*Kusay v. United States*,
  62 F.3d 192 (7th Cir. 1995) ......................................................................... 20

*Liberi v. Defend Our Freedoms Foundations, Inc.*,
  Nos. 11-56079, 11-56164, 2013 WL 572471 (9th Cir. Feb. 15, 2013) .......... 7

*Log Cabin Republicans v. United States*,
  658 F.3d 1162 (9th Cir. 2011) ..................................................................... 24

*Lopez v. Cate*,
  No. 2:11-cv-0806 MCE KJN, 2011 WL 2936185 (E.D. Cal. July 18, 2011) .... 19

iii

*Magnesystems, Inc. v. Nikken, Inc.*,
  933 F. Supp. 944 (C.D. Cal. 1996) ................................................................. 15

*Martin v. Henley*,
  452 F.2d 295 (9th Cir. 1971) ......................................................................... 20

*Mattel, Inc. v. MGA Entertainment, Inc.*,
  705 F.3d 1108 (9th Cir. 2013) ............................................................... passim

*Matter of Beverly Hills Bancorp*,
  752 F.2d 1334 (9th Cir. 1984) ........................................................ 10, 11, 21, 22

*Mendez-Gutierrez v. Gonzales*,
  444 F.3d 1168 (9th Cir. 2006) ....................................................................... 12

*In re MidAmerican Energy Co.*,
  286 F.3d 483 (8th Cir. 2002) ......................................................................... 15

*Miller v. Butte County Sheriff's Department*,
  453 Fed. App'x 698 (9th Cir. 2011) .................................................................. 8

*Moose Lodge No. 107 v. Irvis*,
  407 U.S. 163 (1972) ..................................................................................... 17

*Nguyen v. United States*,
  792 F.2d 1500 (9th Cir. 1986) ............................................................. 10, 11, 13

*Nickerson v. Wells Fargo Bank*,
  No. C-10-01889 EDL, 2010 WL 3990743 (N.D. Cal. Oct. 12, 2010) ................. 7

*Pintando v. Miami-Dade Housing Agency*,
  501 F.3d 1241 (11th Cir. 2007) ....................................................................... 7

*Pioche Mines Consolidated v. Foley*,
  237 F.2d 164 (9th Cir. 1956) ......................................................................... 11

*Reynolds v. County of San Diego*,
  84 F.3d 1162 (9th Cir. 1996) ........................................................................... 8

*Rockwell International Corp. v. United States*,
  549 U.S. 457 (2007) ....................................................................................... 7

*Salazar v. City of Chicago*,
  940 F.2d 233 (7th Cir. 1991) ........................................................................... 5

*Satey v. JPMorgan Chase & Co.*,
  521 F.3d 1087 (9th Cir. 2008) ...................................................................... 4, 5

*Semtek International Inc. v. Lockheed Martin Corp.*,
  531 U.S. 497 (2001) ..................................................................................... 13

*Sierra Club v. Penfold*,
  857 F.2d 1307 (9th Cir. 1988) ....................................................................... 11

*Singh v. Mukasey,*
 533 F.3d 1103 (9th Cir. 2008) ............................................................. 19

*Snapp & Associates Insurance Services, Inc. v. Malcolm Bruce Burlingame
 Robertson,*
 96 Cal. App. 4th 884 (2002) ............................................................... 23

*Taylor v. Kociski,*
 No. EDCV 11-00189-MMM (MAN), 2012 WL 6878887 (C.D. Cal. Nov.
 29, 2012) ............................................................................................. 18

*Transamerica Insurance Co. v. South,*
 975 F.2d 321 (7th Cir. 1992) ............................................................... 20

*Trustees of Southern California Bakery Drivers Security Fund v. Middleton,*
 366 F. App'x 810 (9th Cir. 2010) ........................................................ 12

*Twentieth Century Fox Film Corp. v. Entertainment Distributing,*
 429 F.3d 869 (9th Cir. 2005) ............................................................... 12

*U.S. Philips Corp. v. KBC Bank N.V.,*
 590 F.3d 1091 (9th Cir. 2010) ............................................................. 19

*United States ex rel. Lee v. SmithKline Beecham, Inc.,*
 245 F.3d 1048 (9th Cir. 2001) ............................................................. 21

*United States v. Bell,*
 988 F.2d 247 (1st Cir. 1993) ............................................................... 15

*United States v. Ben Zvi,*
 242 F.3d 89 (2nd Cir. 2001) ............................................................... 15

*United States v. Kellington,*
 217 F.3d 1084 (9th Cir. 2000) ......................................................... 10, 13

*United States v. Munsingwear, Inc.,*
 340 U.S. 36 (1950) .............................................................................. 24

*United States v. Sumner,*
 226 F.3d 1005 (9th Cir. 2000) ......................................................... 18, 20

*United States v. Thrasher,*
 483 F.3d 977 (9th Cir. 2007) ........................................................... 10, 12

*Vizcaino v. United States District Court for Western District of Washington,*
 173 F.3d 713 (9th Cir. 1999) ............................................................... 12

*In re Warren,*
 568 F.3d 1113 (9th Cir. 2009) ............................................................. 20

*Wellness Comty. National v. Wellness House,*
 70 F.3d 46 (7th Cir. 1995) ................................................................... 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Williams v. Boeing Co.*,
    517 F.3d 1120 (9th Cir. 2008) ........................................................................ 23

**STATUTES**

28 U.S.C. § 1367 .......................................................................... passim

Corrected Reply ISO MGA's Motion for Leave to Amend *Nunc Pro Tunc* CV-04-9049-DOC (RNBX)

## INTRODUCTION

In its Motion, MGA ("MGA" or "MGA Parties") established that this Court should grant MGA's original motion for leave to amend *nunc pro tunc* and deem MGA's trade secret claim filed as of August 16, 2010 because: (i) this Court determined in October 2010 that all the factors necessary to allow the MGA Parties leave to amend were present, and granting leave *nunc pro tunc* is effectively a ministerial act that would redress a procedural error; (ii) granting leave to amend *nunc pro tunc* and reinstating the jury's verdict promotes efficiency and would occasion no prejudice to Mattel; and (iii) granting leave to amend *nunc pro tunc* is fully consistent with the Mandate, and the views of the Panel during oral argument.

Mattel's opposition merely confirms that MGA's motion should be granted. In classic Mattel fashion, Mattel proffers a slew of arguments but omits or concedes the critical points.  And the arguments that Mattel does make are baseless and have largely been rejected already by this Court and/or the Ninth Circuit.

*First*, Mattel argues that this Court lacks subject matter jurisdiction to permit the requested amendment.  Wrong.  MGA established – and Mattel ignores – that this Court may exercise supplemental jurisdiction over the MGA Parties' CUTSA claims and that courts in similar situations routinely do so.  Indeed, what Mattel fails to appreciate is that because MGA is asking for *nunc pro tunc* relief and to reinstate the jury verdict, the Court in effect *already* exercised supplemental jurisdiction over these claims when it permitted these claims to go to a jury.  All that remains now, assuming leave to amend is granted, is for a second jury to resolve the statute of limitations issue on claims the Court already has before it.  (Section I, *infra*.)

*Second*, Mattel argues that the Mandate of the Ninth Circuit precludes the relief sought here. To make this argument, Mattel is forced to rewrite history, arguing that the Ninth Circuit directed this Court to dismiss the CUTSA claims, but omitting that the Ninth Circuit *rejected* Mattel's argument that MGA's trade secret claims were time-barred from the face of the pleadings, and so ordered a dismissal

1  *without* prejudice, thus expressly contemplating that an amendment would occur.

2  Mattel also ignores the views expressed by the Panel during oral argument, such as

3  Judge Kozinski's response to Mattel's stating it would be "gratified" if the

4  compulsory counterclaim finding were reversed: "Maybe not.  It depends on what

5  follows next," (Zeller Ex. A at 9),[1] which telegraphed the Panel's belief that the MGA

6  Parties were entitled to revive their claims with the *only* remaining issue being the

7  resolution of the statute of limitations by a jury.  (*See* Mot. at 2, 6-8.)  The fact that

8  the Ninth Circuit did not dismiss *with* prejudice (despite Mattel's repeated requests

9  that it do so) fatally undermines Mattel's claim that MGA can seek no further relief

10  in this Court, because a dismissal without prejudice is routinely viewed as a prelude

11  to an amendment of the challenged pleading.  (*See* Sections II.A & B, *infra*.)

12      *Third*, Mattel argues that the MGA Parties waived the right to seek

13  amendment by failing to brief the issue to the Ninth Circuit.  Putting aside that

14  Mattel routinely inserts waiver arguments into all manner of briefs, there is no

15  waiver here.  The MGA Parties were not the appellants and had no duty to raise the

16  question of amendment, particularly when this Court had not technically granted

17  leave to amend, making it premature and inappropriate for the MGA Parties to ask

18  for such relief in the Circuit before seeking it here.  (*See* Section II.C, *infra*.)

19      *Fourth*, Mattel insists that *nunc pro tunc* relief is inappropriate, but ignores

20  that the relief sought here is essentially ministerial and required to correct an

21  injustice that was occasioned through no fault of the MGA Parties.  None of the

22  cases cited by Mattel arose in even remotely similar circumstances and Mattel has no

23  response to the cases cited by the MGA Parties, other than to read them out of

24  context or ignore them entirely.  (*See* Section III.A, *infra*.)

25  _____
[1] All internal citations and quotations are omitted and emphasis is added unless
26  otherwise noted.  "Mot." or "Motion" as used herein refers to MGA's Motion for
Leave to Amend (Dkt. 10863); "Ex." references are to exhibits to the Declaration of
27  Jennifer Keller filed in support thereof; all "Opp'n" references are to Corrected
Opposition to the Motion (Dkt. 10867) and "Zeller Ex." references are to exhibits to
28  the Declaration of Michael Zeller filed in support thereof.

1  *Fifth*, Mattel, in effect, attempts to reargue the merits of the motion for leave
2  to amend that it already lost, contending that any amendment would be futile.  Mattel
3  recycles its arguments that the claims are untimely as a matter of law, ignoring that
4  *both* this Court and the Ninth Circuit expressly *rejected* that contention. Mattel also
5  baldly claims that considerations of "delay" and "prejudice" mitigate in favor of
6  denying amendment.  But Mattel could not articulate any potential prejudice from
7  granting the MGA Parties' motion, and simply ignores that this Court already found
8  that there was no undue delay, Mattel would "suffer little prejudice" if amendment
9  were permitted, and that the Court took steps to eliminate any potential prejudice by
10  extending discovery on the claims when they were tendered.  (*See* Section III.B.)

11  *Finally*, Mattel argues that this Court may not reinstate the prior jury's trade
12  secret verdict if it grants *nunc pro tunc* amendment and a limited trial solely on the
13  statute of limitations.  Unfortunately for Mattel, the Ninth Circuit previously *rejected*
14  this precise argument under substantially similar circumstances in *Carvalho v.*
15  *Raybestos-Manhattan, Inc.*, 794 F.2d 454, 455 (9th Cir. 1986).  There, where a jury's
16  verdict had been set aside by the district court, the Ninth Circuit concluded the jury
17  was erroneously instructed and remanded the action to the district court for a new
18  trial on the statute of limitations issue.  *Id.* at 456-57.  The Ninth Circuit ordered that
19  "[s]hould the retrial result in a determination that Carvalho's claim is not time
20  barred, *the previous jury award should be reinstated*." *Id.* at 457.  The MGA Parties
21  properly seek the same relief here.  (*See* Section III.C., *infra*.)

22  <u>**ARGUMENT**</u>

23  **I.    <u>THIS COURT HAS JURISDICTION OVER THIS ACTION</u>**

24  **A.    <u>Supplemental Jurisdiction Is Proper Where, As Here, Federal</u>**
25  **<u>Claims Are Resolved And State Law Claims Must Be Retried</u>**

26  Mattel devotes pages to arguing that this Court lacks subject matter
27  jurisdiction to hear this claim. Mattel is wrong. The Court has subject matter
28  jurisdiction over this action, including both the copyright claims and the trade secret

1    claims, as Mattel is well aware.  (Indeed, Mattel's recently filed interpleader motion
2    evidences Mattel's understanding that, following the Ninth Circuit's decision,
3    jurisdiction returns to this Court.)   Mattel glosses over that this Court *already*
4    exercised supplemental jurisdiction over MGA's trade secret claims from their initial
5    filing through their final adjudication, and that MGA is merely seeking to revive
6    claims that have already been adjudicated. (Dkt.  8892, Dkt. 10704.)[2]

7         One purpose of seeking leave to amend *nunc pro tunc* is to have the motion
8    for leave to amend treated as if it had been filed as of August 16, 2010, when other
9    claims in this action under the Court's original jurisdiction included Mattel's federal
10   Racketeer Influenced and Corrupt Organization Act claims, and its copyright
11   infringement claim.  (Dkt 7714-1 ¶¶ 122-132, 143-148.)  Mattel concedes that these
12   claims "formed part of the same case or controversy as MGA's trade-secrets claim"
13   and does not dispute that this Court had original jurisdiction over the federal
14   copyright claims, but argues that jurisdiction has ended now that those claims have
15   been tried to a verdict and abandoned by Mattel on appeal.  (Case No. 11-56357,
16   Dkt. No. 24 (Mattel App. Br.) at 2, Opp'n at 6.)

17        As MGA established in its Motion, an exercise of supplemental jurisdiction
18   over the state law trade secret claims after the federal claims have been tried to
19   verdict is permissible and achieves efficiency and economy of resources.  (Mot. at 8,
20   n.3, citing, *inter alia*,  *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th
21   Cir. 2008).)[3]   Further, the statute providing for supplemental jurisdiction expressly

22   _____
23   [2]  MGA's basis for jurisdiction over its trade secrets claims is supplemental
     jurisdiction under 28 U.S.C. § 1367, which grants district courts supplemental
24   jurisdiction "over all claims that are so related to claims in the action within such
     original jurisdiction that they form part of the same case or controversy under Article
     III of the United States Constitution."  28 U.S.C. § 1367.
25   [3]  Mattel asserts that "MGA has not identified any basis for this Court to exercise
26   supplemental jurisdiction now that all the claims over which this Court had original
     jurisdiction – and certainly all such claims that formed part of the same case or
27   controversy as MGA's trade-secrets claim – have been litigated to final judgment."
     (Opp'n at 6.) This assertion is belied by Mattel's repeated references to the footnote
28   where MGA *did* identify a basis for exercising jurisdiction. (*Id.* at 5 and 9, n. 2.)

1    provides for situations in which a district court can exercise supplemental
2    jurisdiction even after the federal claims are no longer at issue.  28 U.S.C.  § 1367
3    (c).  Indeed, Mattel concedes in its discussion of *Satey* that courts can exercise
4    discretion to retain supplemental jurisdiction over state law claims after federal
5    claims have been dismissed before trial.  (Opp'n at 8.)

6         Should this Court grant MGA's Motion, and allow MGA to amend its
7    complaint as of August or September 2010, the procedural posture of this case will
8    be as if the state law claims were added at a time when the federal claims were still
9    pending.  Since the issue of timeliness has not yet been decided, and since presently
10   the federal claims have been resolved, the situation will most closely resemble that
11   of a retrial of issues relating to only state law claims, after the accompanying federal
12   claims have been resolved – exactly the situations in the two cases MGA cited in its
13   opening brief, *Salazar v. City of Chicago*, 940 F.2d 233 (7th Cir. 1991) and *Cenco*
14   *Inc. v. Seidman & Seidman*, 686 F.2d 449, 458 (7th Cir. 1982).  Although Mattel
15   tries to nitpick the procedural postures of those cases, the inescapable fact is that the
16   Seventh Circuit twice concluded that a district court may properly exercise
17   supplemental jurisdiction over state law claims that have been reversed on appeal,
18   even though the federal claims were resolved through final judgment.

19        In *Salazar*, the court found that "judicial economy supported retaining
20   jurisdiction over the plaintiff's state law claims," which had been tried once already
21   along with the resolved federal claims.  940 F.2d at 243.  In *Cenco*, along with
22   observing that "it may well be that a second trial should be in a state court," the court
23   also stated that "where, as in this case, both claims have been tried once, the
24   considerations of judicial economy that underlie the doctrines of pendant and
25   ancillary jurisdiction support retention of the state claim for retrial," and ultimately
26   left the decision of whether to continue to exercise supplemental jurisdiction up to
27   the district court.  686 F.2d at 458.

28

## B.   Mattel's Authority Is Completely Inapposite

In its opposition, Mattel can muster only procedurally-inapposite decisions involving the dismissal of claims on the basis of a lack of subject matter jurisdiction in the early stages of litigation, which have nothing in common with the situation in August, 2010, wherein this Court had continuously exercised both federal question and supplemental jurisdiction over almost six years of continuous litigation.[4]

For instance, Mattel cites *Allstate Ins. Co. v. Hughes* for the unremarkable proposition that a court must continue to assess whether it has subject-matter jurisdiction, but *Allstate* involved a diversity action that, based on a requirement that the real parties in interest be named as plaintiffs, lacked diversity of citizenship.  358 F. 3d 1089, 1095 (9th Cir. 2004).  This case shares nothing in common with the present case, and provides no guidance on the availability of supplemental jurisdiction based on federal claims.  Equally dissimilar is *Doyle's Carolina 7, LLC v. Thurber*, which holds that where a plaintiff has voluntarily dismissed all federal claims over which a court may exercise original jurisdiction, supplemental jurisdiction is not available.  2011 WL 1637416, at *5-6 (D. Or. March 7, 2011.)[5] Thus, Mattel's arguments that supplemental jurisdiction is absent are baseless.

_____

[4] For example, Mattel relies on *In re: Ford Motor Co./Citibank (South Dakota), NA*, dismissing the consolidated complaint of plaintiffs who sought to establish diversity subject matter jurisdiction, yet did not contend that their individual or aggregate claims satisfied the jurisdictional requirement that there be an amount of at least $75,000 in controversy.  264 F.3d 952, 957, 963-64 (9th Cir. 2001).  Mattel cites *Clausen Law Firm, PLLC v. Nat'l Acad. Of Continuing Legal Educ.* for the proposition that the party asserting federal jurisdiction bears the burden of establishing federal jurisdiction is proper, (Opp'n at 5), but that case *actually* states that "when a defendant moves to dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proof on the necessary jurisdictional facts."   827 F. Supp.2d 1262, 1266 (W.D. Wash. 2010) (ultimately denying the 12(b)(1) motion to dismiss.)  Since Mattel has not brought a motion to dismiss here, that case is inapposite.  And Mattel's discussion of *Kennedy v. Full Tilt Poker* neglects to mention that there, unlike here, "plaintiffs had not sought leave of court to add new claims and defendants as required by Rule 15." 2010 WL 3984749, at *1 (C.D. Cal. Oct. 12, 2010).

[5] Similarly, all the other cases Mattel cites are non-binding and/or inapposite because they involve parties voluntarily dismissing, withdrawing, or otherwise dropping their

*(cont'd)*

**C.**   **There is No Reason To Decline Supplemental Jurisdiction**

Mattel's arguments urging this Court to decline to exercise supplemental jurisdiction are untenable.  *First*, Mattel argues that the trade secret claim "substantially predominates" over the claims over which this Court has original jurisdiction "given the present posture of the litigation."  (Opp'n at 7.)  As noted above, this argument ignores the unique procedural posture of amendment *nunc pro tunc*, which treats the amendment as if it occurred at a time when federal claims indisputably  predominated the trade secret claims in this action.

Even without considering the balance of federal and state claims back in 2010, Mattel's suggested reading of 28 U.S.C. § 1367(a)(2) would render 28 U.S.C. § 1367(c) meaningless.  Under Mattel's tortured interpretation, every time federal claims were dismissed from a case, the state law claims would "substantially predominate," which (in Mattel's argument) would prohibit the exercise of supplemental jurisdiction over those state law claims.  It follows that if Mattel's interpretation were accepted, there would be no need for a separate section providing courts the option to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which is has original jurisdiction."  (Opp'n at 7.)

*Second*, Mattel argues that the Court should decline to exercise supplemental jurisdiction under 28 U.S.C.  § 1367(c), but does not provide authority to support this argument.  (*Id.* at 7.)  Unlike the "usual case" described in *Acri v. Varian Assocs.,*

_____
*(cont'd from previous page)*

federal claims that provided original jurisdiction, (Opp'n at 6 n.1 citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007); *Wellness Comty. Nat'l v. Wellness House*, 70 F.3d 46, 50 (7th Cir. 1995); *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007); *Nickerson v. Wells Fargo Bank*, 2010 WL 3990743, at *2 (N.D. Cal. Oct. 12, 2010)), while *Liberi v. Defend Our Freedoms Founds., Inc.*, 2013 WL 572471, at *1 (9th Cir. Feb. 15, 2013) has nothing to do with retaining jurisdiction.  Here, MGA has not dismissed or otherwise withdrawn the federal claims that have been litigated to a final judgment, but for clarity's sake, its proposed amended complaint did not repeat the resolved allegations.  (*See* Ex. B.)  Furthermore, Mattel's own federal claims, which provided original jurisdiction in August 2010, could not be dismissed by any action or inaction on MGA's part, and serve as a sufficient basis for the Court to exercise supplemental jurisdiction over these trade secret claims.

*Inc.*, "in which all federal-law claims are eliminated before trial," here, the federal-law claims, along with the trade secret claims, continued through trial and appeal. 114 F.3d 999, 1001 (9th Cir. 1997). The court in *Acri* clarified "[t]hat state law claims '*should*' be dismissed if federal claims are dismissed before trial . . . has never meant that they *must* be dismissed." *Id.* at 1000.  Further, while a court may have discretion to decline supplemental jurisdiction based on one of the factors in 28 U.S.C.  § 1367, "it is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'"  *Id.* at 1001.  As MGA already established, these values overwhelmingly support an exercise of supplemental jurisdiction over these trade secret claims in the particular circumstances of this case.  (Mot. at 8 n.3.)

The other cases Mattel relies upon for this argument all involve the "usual case" where all claims over which the court has original jurisdiction have been dismissed *before trial,* and are thus inapplicable here.  (Opp'n at 7.)[6]  Moreover, Mattel's cascade of citations to cases involving dismissals of federal claims at the summary judgment stage only highlights that Mattel cannot cite a single case in which the federal claims were dismissed *after* trial and the district court then declined to exercise supplemental jurisdiction over the remaining state law claims.

## II.   NEITHER THE NINTH CIRCUIT'S MANDATE, NOR ITS OPINION PRECLUDE THE RELIEF THE MGA PARTIES SEEK HERE

In its Motion, MGA argued that one reason amendment is appropriate here is that the Ninth Circuit rejected Mattel's timeliness arguments and dismissed MGA's claim without prejudice, and a dismissal without prejudice by definition allows for

---

[6] *See Reynolds v. Cnty. of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996) (federal claims disposed of by granting summary judgment); *Hodge v. Mountain States Tel. & Tel. CO.*, 555 F.2d 254, 261 (9th Cir. 1977) (same); *Miller v. Butte Cnty. Sheriff's Dep't*, 453 Fed. App'x 698, 699 (9th Cir. 2011) (same); *De Contreras v. City of Rialto*, 2012 WL 4478787, at *14 (C.D. Cal. Sept. 25, 2012) (same); *Kohler v. Bed Bath & Beyond of Cal., LLC*, 2012 WL 2449928, at *13 (C.D. Cal.June 27, 2012) (same); *Kohler v. Flava Enters., Inc.*, 826 F. Supp. 2d 1221, 1232 (S.D. Cal. 2011) (same); *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 255 (S.D.N.Y. 2005) (same).

1  further proceedings in that court.  (Mot. 7-8.)  Indeed, the Mandate of dismissal

2  without prejudice to allow MGA to amend its claims perfectly reflects the Panel's

3  views expressed at oral argument, particularly the panel's conviction that the issue of

4  timeliness should have been decided by a jury.  (Zeller Ex. A at 6, 24-25.)

5       Although, in arguing its timeliness point, Mattel counsel misinformed the

6  Ninth Circuit panel that MGA had not tried to amend its complaint, (*see id.* at 10),

7  the Ninth Circuit plainly reviewed the October 5, 2010 order where this Court found

8  that "[e]ven if leave to amend were required, it would be granted," because that

9  Order was the focus of Mattel's appeal of the compulsory counterclaim finding.

10  (Dkt. 8892 at 4-10.)  Thus, it is fair to conclude that the Ninth Circuit knew the

11  question of amendment had already been briefed, carefully considered and found to

12  be appropriate by this Court, and as a result the Ninth Circuit further facilitated the

13  amendment process through its mandate ordering MGA's trade secret claim be

14  dismissed without prejudice.

15       Mattel ignores this record entirely, and insists that allowing MGA to amend its

16  Complaint, as already endorsed by this Court and the Ninth Circuit, would "violate

17  the letter and spirit of the Ninth Circuit's mandate[.]"  (Opp'n at 9:13-14.) But

18  neither Mattel's authority nor the Mandate itself supports this contention.

19
20
   **A.   Mattel Ignores That Amendment Of Complaints Is Routinely Permitted On Remand If Consistent With Mandate**

21       Mattel argues that the Ninth Circuit's Mandate bars amendment.  (Opp'n at 9.)

22  Not so. Mattel's cases recognize that the Ninth Circuit has long "held that a mandate

23  is controlling as to all matters within its compass, while leaving any issue not

24  expressly or impliedly disposed of on appeal available for consideration by the trial

25  court on remand." *Firth v. United States*, 554 F.2d 990, 993-94 (9th Cir. 1977) (cited

26  by Mattel Opp'n at 11). *See also Donovan v. Burlington N., Inc.*, 781 F.2d 680, 684

27  (9th Cir.1986) (same); *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007)

28

1   (district court "may consider and decide any matters left open by the mandate")

2   (cited by Mattel Opp'n at 10). The Ninth Circuit explained that:

3       On remand, courts are often confronted with issues that were never
4       considered by the remanding court. In such cases, broadly speaking,
        mandates require respect for what the higher court decided, not for what
5       it did not decide.

6   *United States v. Kellington*, 217 F.3d 1084, 1092-93 (9th Cir. 2000) (mandate

7   reversing and remanding district court's entry of judgment of acquittal did not

8   foreclose reinstatement of motion for new trial where "neither party briefed or

9   otherwise raised the district court's failure to enter a conditional ruling on the motion

10  for new trial" on appeal).

11      Consistent with this authority, as Mattel's key case recognizes, the

12  "amendment of pleadings following remand may be permitted" as long as the

13  amendment is not "inconsistent with the appellate court's mandate." *Matter of*

14  *Beverly Hills Bancorp*, 752 F.2d 1334, 1337 (9th Cir. 1984) (cited by Mattel Opp'n

15  at 10, 11 and 24).  Moreover, the Ninth Circuit recognizes that "*[a]bsent a mandate*

16  *which explicitly directs to the contrary, a district court upon remand can permit the*

17  *plaintiff to 'file additional pleadings, vary or expand the issues*[.]'" *Nguyen v. United*

18  *States*, 792 F.2d 1500, 1502 (9th Cir. 1986); *see also Cassett v. Stewart*, 406 F.3d

19  614, 621 (9th Cir. 2005) (lower court's decision dismissing habeas petition with

20  prejudice as procedurally defaulted "was neither 'foreclosed by' nor 'counter to the

21  spirit' of our mandate [ordering dismissal for failure to exhaust] . . . because we did

22  not specifically address the issue of procedural default, nor did we instruct the

23  district court to dismiss Cassett's claim *without* prejudice") (emphasis in original).

24      Mattel's reliance on *Bancorp* to argue that amendment is not permitted "where

25  only one issue remained to be decided after prior appeal" (Opp'n 11:1-3, 24:15-22),

26  omits a crucial element of the *Bancorp* case: there, after the mandate ordered the

27  district court to consider solely the interpretation of a term in a settlement agreement,

28  the *Bancorp* trustee petitioned the Ninth Circuit for leave to amend his pleadings to

10

1   assert a brand-new claim of mutual mistake or fraud in the drafting of the term, *and*

2   *his request was denied*.  *Bancorp*, 752 F.2d at 1336.  When the bankruptcy court

3   permitted the trustee to amend his claims anyway, the resulting "judgment in favor

4   of the Trustee . . . reverse[d] essentially every issue previously determined" by the

5   Ninth Circuit.  *Id.* at 1336-37.  On appeal, the Ninth Circuit held that, because it had

6   *specifically denied* leave to amend, that "[w]ith our intent so clear, the Trustee was

7   not entitled to amend his pleadings."  *Id.* at 1337.  Plainly, that is not the case here.

8        Mattel also relies on *Pioche Mines Consol. v. Foley*, 237 F.2d 164, 165 (9th

9   Cir. 1956), where the Ninth Circuit held that its mandate "intended that Fidelity file

10  no more complaints" because the court had already dismissed the supplemental

11  complaint because there were no indispensable parties and "[n]o leave was given to

12  join indispensable parties."  *Id.* at 165.

13       Unfortunately for Mattel, the Ninth Circuit specifically distinguished the

14  *Bancorp* and *Pioche* holdings to *permit* amendment after appeal where, as here,

15       [T]he mandate did not expressly address the possibility of amendment,
16       nor was there indication of a clear intent to deny amendment seeking to
         raise new issues not decided by the prior appeal" because "[a]bsent a
17       mandate explicitly or impliedly precluding amendment, the decision
         whether to allow leave to amend is within the trial court's discretion.

18  *Nguyen v. United States*, 792 F.2d at 1502-03 (mandate directing district court to

19  enter "summary judgment in favor of the government" did not preclude amendment

20  on remand).[7]  *See also Sierra Club v. Penfold*, 857 F.2d 1307, 1312 (9th Cir. 1988)

21  ("Once remanded, the district court [is] free to rule not only on the issue directed in

22  the remand, but other issues as well so long as our mandate [does] not direct to the

23

24  _____
    [7] Mattel also looks to *Allard Enterprises, Inc. v. Advanced Programming Resources,*
25  *Inc.*, 249 F.3d 564, 571 (6th Cir. 2001), but there the mandate ordered the district
    court to "make factual findings defining the region where defendants continuously
26  used their APR mark before plaintiff's registration" and then grant injunctive relief,
    which "restricted the district court's action to only that necessary to make sufficient
27  findings of fact and issue an appropriately limited injunction."  *Id.* at 571. Mattel
    cannot seriously equate the general mandate dismissing MGA's claims without
28  prejudice here to the appellate court's "explicit, limited instructions" in *Allard*.  *Id.*

1   contrary.  *Thus, the remand could include allowance of additional pleadings or*

2   *amendments varying or expanding the issues*.")[8]

3          Here, unlike the denials in *Bancorp* or *Pioche*, this Court has found that leave

4   to amend would be properly granted.  (Dkt. 8892 at 10.)  Moreover, the opinion itself

5   makes clear that the propriety of allowing MGA to amend its complaint to add trade

6   secret claims was "not decided explicitly in the court's opinion or by necessary

7   implication, as [it was] not logically or legally antecedent to the court's

8   determination" that those claims were not compulsory.  *Trs. of S. Cal. Bakery*

9   *Drivers Sec. Fund v. Middleton*, 366 F. App'x 810, 812-813 (9th Cir. 2010); *Mattel,*

10  *Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1110-11 (9th Cir. 2013).

11         Mattel nonetheless insists that the Ninth Circuit "impliedly resolved" whether

12  MGA could amend its complaint to add a trade secret claim "when it ruled the claim

13  must be dismissed" (Opp'n at 12:1-6) – tactically omitting the Panel's crucial

14  instruction that the dismissal be "without prejudice." (*Compare id. with* 705 F.3d at

15  1111 ("On remand, the district court shall dismiss MGA's trade-secret claim ***without***

16  ***prejudice***"); *see also* Opp'n at 10:21-23 (insisting that appellate court "mandated

17  'dismissal' of the trade secrets 'claim' . . . without exception or equivocation").

18

19

20  [8] Mattel's remaining authority has nothing to do with the amendment of a complaint
    post-appeal, and is even more factually and legally disparate from the issue here.
21  *Thrasher*, 483 F.3d at 982 (where action was "remanded for a single purpose ... to
    resolve a critical disputed fact" regarding a certain witness's testimony, court held
22  that "the plain language of the disposition precluded the district court from
    considering any other arguments concerning Storkel's effectiveness" on remand);
23  *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1170, 1172 (9th Cir. 2006) (Board of
    Immigration Appeals' refusal to consider asylum seeker's new claims of defective
24  notice raised after appeal was proper, where action was remanded to evaluate fear of
    future persecution); *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d
25  869, 883 (9th Cir. 2005) (scope of remand was not erroneously restricted where
    remand opinion "contemplate[d] a trial to resolve the only remaining genuine issue
26  of material fact" and "district court properly conducted the trial we ordered");
    *Vizcaino v. United States Dist. Court for Western Dist. of Washington*, 173 F.3d 713,
27  721 (9th Cir. 1999) (invalidating district court's redefinition of settlement class
    because "our mandate (which runs to all common law employees of Microsoft)
28  cannot be read as contemplating redefinition of the class").

1    Mattel's obfuscation cannot escape the obvious black letter law: the Ninth

2   Circuit's dismissal *without* prejudice anticipates an amendment to MGA's complaint

3   before this Court. As the Supreme Court has recognized, "[t]he primary meaning of

4   'dismissal without prejudice,' we think, is dismissal *without barring the defendant*

5   *from returning later, to the same court, with the same underlying claim.* That will

6   also ordinarily (though not always) have the consequence of not barring the claim

7   from other courts, *but its primary meaning relates to the dismissing court itself.*"

8   *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001). *See also*

9   *Anderson v. Sara Lee Corp.*, 383 Fed. App'x 279, 280 (4th Cir. 2010) (vacating

10  order denying motion for leave to amend to assert claims dismissed without

11  prejudice where mandate "was intended to imply that the vacated claims be

12  dismissed without prejudice ***and*** with leave to allow the plaintiffs to file an amended

13  complaint" and mandate did not require dismissal of motion for leave to amend).

14   Just as in *Nguyen*, the Ninth Circuit's mandate does not "expressly address the

15  possibility of amendment" or indicate "a clear intent to deny amendment seeking to

16  raise new issues not decided by the prior appeal" and thus amendment is completely

17  appropriate under the law of this Circuit. *Compare Mattel*, 705 F.3d at 1110-11 *with*

18  *Nguyen*, 792 F.2d at 1502-03.

19   **B.   Mattel's Interpretation Of The Ninth Circuit's Holding**
20   **Disregards, And Is Contradicted By The Opinion Itself**

21   Ninth Circuit law is clear that in construing a mandate, a district court should

22  focus on "the opinion the mandate purports to enforce as well as the procedural

23  posture and substantive law from which it arises." *Kellington*, 217 F.3d at 1093.

24  Mattel quotes the well-established proposition that a district court "is without power

25  to do anything which is contrary to *either the letter or spirit* of the mandate

26  construed in the light of the opinion of this court deciding the case" (Opp'n at 11:10-

27  14, citing *Firth*, 554 F.2d at 994 n.3 (emphasis is Mattel's)), downplaying what the

28  Ninth Circuit recognizes as the crucial part of the analysis – the opinion itself. *See*

13

1  *Colville Confederated Tribes v. Walton*, 752 F.2d 397, 400-01 (9th Cir. 1985) ("On

2  remand the district court [was] without power to do anything ... contrary to either the

3  letter or spirit of the mandate *construed in the light of the opinion of this court*

4  *deciding the case*") (emphasis in original) (cited by Mattel at 11).

5      Here, "the opinion of the court deciding the case," in relevant part, found that

6  "MGA's claim did not rest on the same 'aggregate core of facts' as Mattel's claim"

7  and the fact "[t]hat the same information may have shuttled back and forth between

8  Mattel and MGA isn't a sufficient nexus to support a compulsory counterclaim."

9  705 F.3d at 1110.  Thus, "[b]ecause MGA's trade-secret claim should not have

10  reached this jury, we vacate the verdict along with the related damages, fees and

11  costs.  On remand, the district court shall dismiss MGA's trade-secret claim *without*

12  *prejudice*."  *Id.* at 1110-11.  Those two sentences are the sum total of the "specific

13  action" Mattel claims is mandated by the Ninth Circuit.  (Opp'n at 10:17.)

14      Mattel gamely insists that this language "confirms the Ninth Circuit's

15  instruction that the claim must be dismissed from this case altogether."  (*Id.* at 10:24-

16  27.)  Mattel reaches this fanciful conclusion by consistently omitting the phrase

17  "without prejudice" whenever it refers to the "dismissal," and misreading the Court's

18  finding that the claim "should not have reached *this* jury" as holding that the claim

19  should not reach *any* jury, ever, "at all."  (*Id.* at 9:13-17, 10:17-28, 11:18-20.)

20      Mattel also asserts that Judge Wardlaw's off-the-cuff suggestion at oral

21  argument that MGA might "have to file a new lawsuit" in a different court provides

22  "context" for the Panel's opinion (*id.* at 11:9-18; citing Zeller Ex. A at 24), but this

23  contrived explanation is contradicted by the opinion itself.  Mattel's speculation

24  about Judge Wardlaw's "advice" does not jibe with the Ninth Circuit's actions, as

25  the opinion dismissing the claim without prejudice makes clear that the Ninth Circuit

26  supports MGA's amendment and continued prosecution of its trade secret claims and

27  it said nothing about where the claims could be filed.  *Mattel*, 705 F.3d at 1111.

28

## C. There Was No Waiver By MGA Here

Mattel claims that MGA "necessarily waived any right to revisit the amendment question by not raising it on appeal" because at oral argument MGA did not raise amendment in response to Judge Wardlaw's musings regarding re-filing, instead arguing the claim was compulsory. (Opp'n at 12:8-13:13.)   Mattel's argument fails for myriad reasons. *First*, because this Court did not technically grant leave to amend, there was no order on amendment before the panel. (Dkt. 8892 at 21.) *Second*, MGA was the appellee, and consequently obligated to address only the appellate issues before the Ninth Circuit.[9]   *Third*, and most importantly, *Mattel itself* raised the issue of whether MGA should be permitted to amend before the Panel, yet the Ninth Circuit's order dismissing without prejudice allows MGA to amend.

---

[9] Mattel's authority, in addition to being unciteable, non-binding, and/or factually inapposite, only serves to establish that an *appellant* will be foreclosed from raising arguments on a second appeal that it could have, but did not, raise in the first. Mattel's lead case, *City of Thousand Oaks v. Verizon Media Ventures, Inc.*, 69 Fed. App'x 826, 828 (9th Cir. 2003), is an unpublished opinion decided in 2003 and therefore unciteable, yet Mattel blithely quotes it in violation of Ninth Circuit Rule 36-3, which states that "[u]npublished dispositions and orders of [the Ninth Circuit] issued before January 1, 2007 may not be cited to the courts of this circuit." In both *In re Cellular* and *Magnesystems*, the courts found that an *appellant* – not appellee – waived an argument that he failed to raise on appeal, yet sought to argue once the appeal had concluded.  *See In re Cellular 101, Inc.*, 539 F.3d 1150, 1155 (9th Cir. 2008) (after losing his first appeal, appellant-debtor sought to invoke settlement defense on second appeal even though settlement was pending during first appeal); *Magnesystems, Inc. v. Nikken, Inc.*, 933 F.Supp. 944, 951 (C.D. Cal. 1996) (defendant-appellants waived patent validity argument when failed to raise it on summary judgment or appeal of summary judgment ruling).  Mattel's remaining out-of-Circuit authorities similarly arise in the context of an *appellant's* failure to raise challenges to arguments "on the first appeal when the issue was then ripe for review . . . and as a result, is foreclosed from raising it now." *United States v. Ben Zvi*, 242 F.3d 89, 96 (2nd Cir. 2001) (appellant challenged prior convictions at sentencing proceedings after appeal); *accord United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993) (same); *Fogel v. Chestnutt*, 668 F.2d 100, 108-09 (2nd Cir. 1981) (appellant officers and directors were "precluded from now litigating the existence of an implied cause of action for damages for their violations of the ICA" because did not raise it on first appeal).  And *In re MidAmerican Energy Co.*, 286 F.3d 483, 487-88 (8th Cir. 2002), where the Eighth Circuit threw out an amended complaint containing "alternate theories of liability" that had not been raised previously in the district court or on appeal, is completely inapplicable here, where the "new" claims to be added by amendment (and the propriety of amendment itself) have already been litigated (unsuccessfully) by Mattel. (Dkt. 8892 at 10; Dkt. 10518.)

1  As described at length in the Motion, while the issue of amendment was not

2  raised in the appellate briefing, at oral argument Mattel's counsel acknowledged that

3  this Court had considered allowing MGA to permissively amend its initial complaint

4  as part of its argument that MGA's claims were untimely.  (*See* Zeller Ex. A at 10

5  ("[Judge Carter's] alternative was, 'Well, you can go back and amend – you MGA

6  can go back and amend your pleading, your complaint against Mattel, which was

7  filed in Aug – I'm sorry – on April 13, 2005.'")).  Mattel's counsel then wrongly

8  informed the Court that MGA "didn't do that" because "[t]hey are time-barred."

9  (*Id.*)  But MGA had indeed asked for permission for leave to amend, and this Court

10  agreed that it would be appropriate to allow MGA to add its trade secret claims

11  permissively, but it was unnecessary to do so.  (Dkt. 8747 at 14-19, Dkt. 8892 at 10.)

12  At oral argument Judge Wardlaw was clearly skeptical of Mattel's insistence

13  that MGA was aware of its claims and should have amended but chose not to, and

14  Mattel's counsel had no satisfactory answer to her questions.

15       JUDGE WARDLAW: [J]ust as a matter of real world reality.
16  If they knew about it in -- and set aside the should've known -- if they actually knew about it when this case first went to trial, what would be
17  their incentive not to file the counterclaim?

18       MS. SULLIVAN: They should have amended their pleadings,
19  Your Honor.

20       JUDGE WARDLAW: Or amended their pleadings. Well, if they actually knew about it, not should've known but if they actually
21  knew. Why wouldn't they?

22       MS. SULLIVAN: Judge Wardlaw, I've asked myself the same
23  question.

(Zeller Ex. A at 10-11.)

24  Judge Wardlaw's open skepticism to Mattel's timeliness arguments at the

25  hearing are illuminating.  But even if some adverse view was reasonable, waiver still

26  should not be found based on oral argument, particularly where MGA's counsel was

27  largely confined to responding to the Panel's aggressive questioning.  For that

28

1  reason, courts "are loath to attach conclusive weight to the relatively spontaneous

2  responses of counsel to equally spontaneous questioning from the Court during oral

3  argument." *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 170 (1972).  A much more

4  concrete indication of the Ninth Circuit's views on MGA's ability to amend its

5  complaint to add trade secret claims is the fact that the Ninth Circuit dismissed

6  MGA's claim *without prejudice* to re-filing it in this Court, flatly rejecting Mattel's

7  entreaties that "the case should be over and you should order it dismissed." (*See*

8  Zeller Ex. A at 10; *see also supra* Sections II.A. & B.)

9          In short, Mattel's waiver argument fails.

10  **III.   MGA SHOULD BE PERMITTED TO FILE AN**
       **AMENDED COMPLAINT *NUNC PRO TUNC***
11

12          **A.    Mattel Has Not – Because It Cannot – Show That**
              ***Nunc Pro Tunc* Treatment Is Inappropriate Here**
13

14          In its Motion, MGA established that this Court can accept an amended

15  pleading *nunc pro tunc* to correct judicial error leading to an untimely filing of a

16  plaintiff's claims.  Indeed, courts in this Circuit routinely do so in the interests of

17  efficiency and fairness.  (Mot. at 8-10 (collecting cases).)[10]  The cases cited in

18  [10] Mattel at last acknowledges that the Panel's dismissal was without prejudice, but
19  only to lamely argue that a dismissal without prejudice means the statute of
     limitations has run. (Opp'n at 14:2-15.) Mattel is wrong. The statute of limitations
20  for MGA's trade secret claim is tolled while it is pending (which it still is) before
     this Court and the Ninth Circuit, and a dismissal without prejudice will not erase that
21  tolling.   Under 28 U.S.C. § 1367(d), "[t]he period of limitations for any claim
     asserted under subsection (a) . . . shall be tolled while the claim is pending and for a
22  period of 30 days after it is dismissed unless State law provides for a longer tolling
     period." 28 U.S.C. § 1367(d).  This tolling "provides assurance that state-law claims
23  asserted under § 1367(a) will not become time barred while pending in federal
     court."   *Guevara v. Ventura Cnty. Cmty. Coll. Dist.*, 169 Cal. App. 4th 167, 171
24  (2008).  In *Guevara*, plaintiff's state law claim was dismissed without prejudice, and
     yet § 1367(d) still applied to provide tolling during the pendency of the federal
25  action plus the 30-day statutory period. *Id.* at 170. Here, MGA's claim was asserted
     under § 1367(a) as a state law claim over which this Court could exercise
26  supplemental jurisdiction. Thus, even upon a dismissal without prejudice, the statute
     of limitations will have been tolled during the time the claim was pending in federal
27  court. *Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000), and *Taylor v. Kociski*,
     2012 WL 6878887 (C.D. Cal. Nov. 29, 2012), cited by Mattel, do not involve claims
28  asserted under § 1367(a), and are thus inapplicable here.

1   Mattel's Opposition concede that "*[n]unc pro tunc* amendments are permitted

2   primarily so that errors in the record may be corrected . . . to correct a clear mistake

3   and prevent injustice." *United States v. Sumner*, 226 F.3d 1005, 1009-10 (9th Cir.

4   2000). "[I]ts use is limited to making the record reflect what *the district court*

5   *actually intended to do at an earlier date, but which it did not sufficiently express or*

6   *did not accomplish due to some error or inadvertence*." *Id.* at 1010.[11] Or, as the

7   *Fierro* court noted, "[t]he function of a *nunc pro tunc* order in general is to put upon

8   the record and to render efficacious some finding, direction or adjudication of the

9   court made actually or inferentially at an earlier time, which by accident, mistake or

10  oversight was not made [a] matter of record, or to validate some proceeding actually

11  taken but by oversight or mistake not authorized, or to prevent a failure of justice

12  resulting, directly or indirectly from delay in court proceedings subsequent to a time

13  when a judgment, order or decree ought to and would have been entered, save that

14  the cause was pending under advisement." *Fierro*, 217 F.3d at 5 (cited by Mattel

15  Opp'n at 16).

16      Mattel's Opposition does not cite a single case where the party requesting to

17  amend *nunc pro tunc* was prevented from timely filing due to judicial error, or even

18  where the delay in filing was through no fault of the party seeking amendment.[12]

19  ───────────────

20  [11] *Accord Fierro v. Reno*, 217 F.3d 1, 5 (1st Cir. 2000) ("a *nunc pro tunc* order is appropriate primarily to correct the record at a later date to make the record reflect what the court or other body actually intended to do at an earlier date but did not

21  sufficiently express or did not get around to doing through some error or inadvertence"); *Cypress Barn, Inc. v. Western Elec. Co.*, 812 F.2d 1363, 1364 (11th

22  Cir. 1987) (*nunc pro tunc* order "recites court actions previously taken but not properly or adequately recorded"); *In re Application of Mgndichian*, 312 F. Supp. 2d

23  1250, 1258 n.5 (C.D. Cal. 2003) (*nunc pro tunc* entry of final judgment appropriate where judge's order "clearly indicated his intent that it constitute a final order

24  terminating the action").

25  [12] Mattel tries to distinguish MGA's on-point authority allowing *nunc pro tunc* amendments by arguing "they involve amendments extending back the filing date by

26  *days*, not *years*, due to inadvertent errors." (Opp'n at 16 n.5.) But Mattel does not offer any explanation, let alone authority, demonstrating that the equitable interests

27  behind *nunc pro tunc* powers would be satisfied by denying it here, when MGA is hardly to blame for the significant delay inherent in the trial and appeals process.

28  Indeed, Mattel's authority acknowledges these important interests of fairness. *See*
*(cont'd)*

1    Mattel looks to *Lopez v. Cate*, 2011 WL 2936185, at *10 (E.D. Cal. July 18, 2011),

2    but it is woefully dissimilar.  The prisoner plaintiff in *Lopez* sought *nunc pro tunc*

3    treatment of his time-barred civil rights claim merely because he did not file his

4    claims within the statute of limitations; he could not even "identify any order or

5    judgment that should be corrected." *Id.* at *11. Mattel also relies on *Singh v.*

6    *Mukasey*, 533 F.3d 1103, 1104 (9th Cir. 2008), as somehow instructive here, as it

7    denied *nunc pro tunc* treatment of a criminal alien's re-filed petition for review of his

8    removal order. *Id.* at 1104.  But Mattel's analysis fails to mention that, unlike here,

9    "Singh's earlier petition was not dismissed through any clerical mistake ***or error of***

10   ***law***, but rather was properly dismissed under the law as it existed at the time, as

11   Singh himself concedes."  *Id.* at 1110.  This is obviously not the case here, as the

12   only reason MGA needs to amend its August 2010 complaint at all is the Ninth

13   Circuit's reversal of this Court's October 5 Order on purely technical grounds.

14        Mattel argues that "this Court's October 5, 2010 Order reflects precisely what

15   the Court intended" when it struck MGA's motion for leave to amend as moot.

16   (Opp'n at 15:26-16:7.)   Factually, Mattel's "intent" argument is demonstrably

17   wrong, for the Court's intent was clear and express: "[e]ven if leave to amend were

18   required, it would be granted."  (Dkt. No. 8892 at 10.)  In other words, if MGA's

19   claims were not deemed compulsory, *i.e.*, MGA was required to obtain leave to

20   amend, then the Court intended to grant MGA leave to amend to assert those claims.

21        Legally, Mattel's argument fares no better.  To support this "intent" argument,

22   Mattel relies on inapposite cases like *Sumner*, affirming a district court's refusal to

23   grant a convicted felon's motion to expunge his 26-year-old arrest record *nunc pro*

24   _____
     *(cont'd from previous page)*

25   *U.S. Philips Corp. v. KBC Bank N.V.*,  590 F.3d 1091, 1094-95 & n.3 (9th Cir. 2010)
     (refusing to allow *nunc pro tunc* modification of a preliminary injunction after

26   injunction was dissolved, but specifically protecting "Philips's continuing ability to
     seek damages, through contempt proceedings, for any violations of the TRO and

27   preliminary injunction that may have occurred while those orders were in effect" and
     suggesting equitable tolling "[i]f any time limit for seeking such relief creates a

28   barrier to a claim") (cited by Mattel Opp'n at 14, 16.)

1   *tunc* because it found that the district court deliberately did not set aside the

2   conviction, 226 F.3d at 1009, and *In re Warren*, 568 F.3d 1113, 1116 n.1 (9th Cir.

3   2009), where a bankruptcy court's *nunc pro tunc* backdating of its own order

4   waiving a filing requirement was deemed "inappropriate" when the court found "no

5   indication the bankruptcy court actually decided to waive the § 521(a)(1) filing

6   requirement until just prior to issuing its order[.]"[13]

7        Here, the record is clear that on October 5, 2010, this Court found that if leave

8   to amend were required, then MGA would be granted leave to amend its complaint.

9   (Dkt. 8892 at 10.) Undeniably, if this Court had not found MGA's counterclaim in

10  reply to be compulsory, the Court would have allowed MGA to amend its complaint,

11  as it seeks to do now. Thus, granting MGA's motion for leave to amend *nunc pro*

12  *tunc* would "render efficacious" this Court's 2010 finding regarding the

13  appropriateness of giving MGA leave to amend to add its trade secret claims as

14  permissive counterclaims, which this Court "did not sufficiently express" due to the

15  erroneous finding that the claims were compulsory. *Sumner*, 226 F.3d at 1010.

16       Accordingly, *nunc pro tunc* amendment is required and appropriate here.

17  **B.   Mattel's Twice Rejected Arguments That MGA's Claims Are**
18  **Untimely Still Do Not Necessitate Denying Leave To Amend Here**

19       As Mattel's own authority recognizes, "[a] district court's discretion to deny

20  leave to amend a complaint is not absolute. We consistently have held that leave to

21  amend should be granted unless the district court determines that the pleading could

---

22  [13] Equally misplaced is Mattel's reliance on authority such as *Martin v. Henley*, 452
23  F.2d 295, 299 (9th Cir. 1971) (use of *nunc pro tunc* power to correct clerical error in
    discharge order was improper where there were no inconsistencies to correct in the
24  order); *Cypress Barn*, 812 F.2d at 1364 (dismissing civil contempt charges for
    violating injunction because order vacating dissolved *nunc pro tunc* to reinstate
25  dissolved preliminary injunction was improper); *Kusay v. United States,* 62 F.3d 192,
    193 (7th Cir. 1995) (refusing to issue mandate *nunc pro tunc* to retroactively give
26  jurisdiction to district court where, "impatient with [a six week] delay", the district
    court had held hearing and issued order without waiting for mandate); and
27  *Transamerica Ins. Co. v. South*, 975 F.2d 321, 325-26 (7th Cir. 1992) (court's *nunc*
    *pro tunc* substantive change to non-final judgment was improper as it rendered it
28  final judgment and made party's Rule 59(e) motion to amend time-barred).

1  not possibly be cured by the allegation of other facts." *United States ex rel. Lee v.*

2  *SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (reversing lower

3  court denial of leave to amend where lower court erroneously found amendment

4  futile) (Opp'n at 19:20-22).   In its Motion, MGA established that this Court has

5  already granted leave for MGA to file its amended complaint, in keeping with the

6  law requiring that leave to amend be liberally granted.  (Mot. at 10-12.)  Specifically,

7  MGA showed that, as this Court already found, Mattel would suffer no prejudice,

8  that "MGA has shown neither bad faith nor undue delay in filing" the claim and that

9  amendment would not be futile because both this Court and the Ninth Circuit have

10  rejected Mattel's attempts to argue that MGA's claims were time-barred and must be

11  dismissed.  (*Id.* at 11-12.)

12      Mattel concedes that MGA and the Court applied the appropriate standard for

13  both statute of limitations and for amendment of MGA's complaint, (Opp'n at 19:17-

14  20:8), and cannot point to any prejudice it will suffer as a result of this amendment.

15  (*See id.* at 19-25.)[14]  (This omission is unsurprising, given that this Court had already

16  found no such prejudice exists, even before Mattel obtained weeks of additional

17

---

18  [14]  Mattel vaguely asserts that "considerations of delay and prejudice also favor

19  putting an end to this action" because allowing MGA to amend would "needlessly prolong this suit."  (Opp'n at 24:12-13, 25:3.)  Coming from the party which spent

20  the better part of the last decade vigorously pursuing baseless claims against MGA which "imperiled free expression, competition, and the only serious competitor

21  Mattel had faced in the fashion doll market in nearly 50 years," (Dkt. 10703 at 16), Mattel's hypocritical fretting about continued litigation before this Court should be

22  disregarded.  Mattel also looks to *Bancorp* to warn that permitting amendment "would encourage seriatim judgments in the same basic dispute, as a plaintiff

23  continues to put forth new theories of recovery" and disrupt finality.  752 F.2d at 1338 (cited at Opp'n at 24:15-24).  But again, the *Bancorp* facts are wholly different:

24  there, the Trustee conceded that "he was fully aware of all the facts on which he bases his claim of mutual mistake two weeks prior to the filing of his initial

25  pleadings, [but] he made no effort to assert this claim at that time" choosing to seek interpretation of the agreement terms instead, and only bringing his request for

26  reformation after losing his interpretation claim.  *Id.* at 1338.  Here, not only does the mandate permit amendment by virtue of its dismissal without prejudice, MGA's

27  request for leave to amend was found to be proper by this Court, and MGA has consistently maintained that it was prevented from bringing a claim by Mattel's

28  concealment of its wrongdoing.  *Bancorp* is therefore wholly inapposite.

1  discovery on these exact claims. (Dkt. 8892 at 10.))  Nor does Mattel make any

2  effort to dispute MGA's detailed discussion of Mattel's fraudulent concealment

3  (Mot. at 3-4), other than to dismiss these uncontroverted facts as "unfounded" and

4  "irrelevant." (Opp'n at 22 & n.18.) Instead, Mattel focuses on a by-now-familiar

5  futility argument, trotting out the same tired timeliness claims already rejected by

6  this Court and the Ninth Circuit.

7          Mattel's instant Opposition makes exactly the same factual arguments based

8  on the exact same discovery responses, deposition transcripts and briefing as its 2010

9  briefing contesting MGA's counterclaims-in-reply – indeed, pages of the Opposition

10  are   copied   ***word-for-word***   from   Mattel's   2010   motion   to   strike   MGA's

11  counterclaims-in-reply.   (*Compare* Opp'n at 20:13-22:10 *with* Mattel Motion to

12  Strike (Dkt 8703) at 2:12-3:14 & n.10, 4:12-18, 5:8-6:17, 7:8-8:1, 26:6-28:12.)

13  Mattel does not explain why MGA's facts (and this Court's findings)[15] concerning

14  Mattel's pervasive cover-up are "irrelevant" and "'do[]n't help MGA," yet Mattel's

15  multi-page regurgitation of its (twice rejected) arguments is somehow salient to the

16  futility discussion.   (Opp'n at 22 & n.18.)   This Court already considered and

17  rejected these precise arguments as "unpersuasive" in 2010.  (Dkt. 8892 at 16-18.)[16]

18          Moreover, as pointed out in MGA's Motion, Mattel trumpeted these same

19  arguments to the Ninth Circuit; in fact, the timeliness of MGA's misappropriation

20

---

21  [15]   Mattel's Opposition expresses doubts that this Court's order rejecting Mattel's
    laches defense "could have any viability after the Ninth Circuit's ruling" but does not
22  explain how the Ninth Circuit ruling rehabilitated Mattel's lying witnesses or
    otherwise absolved Mattel of its obstructionist discovery tactics. (*Compare* Opp'n at
23  22:11-13 *with Mattel, Inc.*, 705 F.3d at 1110-11 and Dkt. No. 10700 at 8.)

24  [16] Mattel's "relation back" arguments likewise first appeared in its rejected motion to
    strike.  (*Compare* Opp'n at 23:3-24:11 & n.20 *with* Mattel Motion to Strike (Dkt.
25  8703) at 28:13-29:9.)  While recycling is a laudable pursuit, this re-used argument
    has no application here, where MGA is amending its complaint to add a claim
26  previously unasserted due to Mattel's concealment of MGA's cause of action.
    Mattel's reliance on *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008), for
27  its application of Rule 15(c), is thus unavailing.  Mattel's one-sentence rejection of
    an MGA equitable tolling defense is equally inapplicable because equitable tolling is
28  also not at issue here. (Opp'n at 22:18-23:2).

1    claims was Mattel's *lead* point at oral argument.  (*See* Zeller Ex. A at 1; *see also id.*

2    at 1, 7-8, 10 and Case No. 11-56357, Dkt. No. 24 (Mattel App. Br.) at 25, 29, and

3    58-59 (Mattel asking Ninth Circuit to dismiss claim as time-barred).)   Mattel's

4    counsel even dramatically read the same purported "smoking gun" pleading and

5    discovery provisions it cites here to the Ninth Circuit panel – but to no avail.  (*See*

6    Zeller Ex. A at 1-2, 6-8.)  Rather than finding MGA's claim time-barred as Mattel

7    asked, the Ninth Circuit dismissed MGA's trade secret claims *without prejudice* to

8    allow them to be refiled.  *Mattel, Inc.*, 705 F.3d at 1110-11.[17]

9         Mattel looks to *Snapp & Associates Insurance Services, Inc. v. Malcolm Bruce*

10   *Burlingame Robertson*, 96 Cal. App. 4th 884, 890-91 (2002), to argue that

11   "[f]raudulent concealment . . .  does not come into play because MGA indisputably

12   had actual knowledge of its claim[.]"  (Opp'n at 22:15-18.)   But the *Snapp* court

13   rejected a plaintiff's fraudulent concealment argument after considering a 1994

14   declaration from plaintiff's counsel, indisputably establishing that plaintiff had

15   notice of his claim three years before he purportedly learned of it in 1997.  96 Cal.

16   App. 4th at 890-91.  *Snapp* is hardly compelling here, where Mattel has *twice* tried to

17   convince this Court and the Ninth Circuit that MGA was on notice of its claims

18   against Mattel as a matter of law, *and failed both times*.

19        Thus, Mattel has yet to provide this Court with any reason why amendment of

20   MGA's complaint should not be allowed now.

21        **C.   Mattel Did Not – Because it Cannot – Show That A Limited**
22             **Retrial To Determine Timeliness Only Is Not Warranted Here**

23        Finally, MGA's Motion established that a limited retrial focused only on the

24   statute-of-limitations  issue  is  warranted  here  because  Mattel's  fraudulent

---

25   [17]  Mattel's insistence that the Ninth Circuit did not consider and reject its timeliness
26   argument is undermined not only by Mattel's dogged persistence of dismissal of
     MGA's claims on timeliness grounds, as described above, but by its own Opposition,
27   where Mattel gleefully crows that Judge Trott read a discovery response at oral
     argument "to demonstrate that MGA knew or should have known of its trade secret
28   claims."  (*See* Opp'n at 20 n.7, 21 n.10.)

1 concealment of its wrongdoing can be easily separated from the issues already tried

2 to a jury, and, if MGA's claim is found to be timely, reinstating the jury's verdicts

3 would make the best use of the extensive judicial resources that this litigation already

4 has consumed, ease the burden on an overwhelmed state court and preserve the

5 efforts of the jury, this Court and the parties.  (Mot. at 13-15.)

6      Mattel does not challenge MGA's position that a limited retrial of the statute

7 of limitations issue in this Court would be an efficient means of resolving this

8 dispute, given the history of the proceedings in this case, and the Court's familiarity

9 with the issues, and only half-heartedly argues that MGA would not "of necessity

10 face a broader trial in state court."  (Opp'n at 18:25-19:15.)  Instead, Mattel argues

11 that these concerns of fairness and efficiency have no place in this Court's analysis

12 because the verdicts in question were vacated, and paints MGA's request for

13 reinstatement as some bizarre ploy with no basis in precedent.  (*Id.* at 17:4-18:24.)[18]

14 Yet it is Mattel that has no answer for MGA's binding authority to the contrary.

15      The *Carvalho* decision cited in the Motion is instructive here.  There, a jury

16 award of damages was "set aside" by the district court based on a jury finding the

17 wrongful death claim was time-barred.  *Carvalho v. Raybestos-Manhattan, Inc.*, 794

18 F.2d 454, 455 (9th Cir. 1986).  The Ninth Circuit concluded that the jury was

19 erroneously instructed, and remanded the action to the district court for a new trial on

20 the statute of limitations issue.  *Id*. at 456-57.  The Ninth Circuit ordered that

21 "[s]hould the retrial result in a determination that Carvalho's claim is not time

22

---

23 [18]   Mattel's vacatur cases are inapposite.  *U.S. v. Munsingwear, Inc.*, 340 U.S. 36 (1950) and *Log Cabin Republicans v. U.S.*, 658 F.3d 1162, 1167 (9th Cir. 2011),

24 concern the practice of vacatur required when a civil suit becomes moot on appeal, because vacating rulings and findings in a moot case ensures that the parties will not

25 be prejudiced by their inability to "challenge further the district court's rulings and findings." *See Log Cabin Republicans*, 658 F.3d at 1167-68; *Munsingwear*, 340 U.S.

26 at 39-40.  And *Dorsey v. Continental Casualty Co.*, 730 F.2d 675, 678 (11th Cir. 1984) stands for the unremarkable proposition that a district court is not obligated to

27 follow vacated rulings of an appellate court as law of the case.  Mattel does not point to any authority even addressing reinstatement of jury verdicts, let alone suggesting

28 reinstatement is not appropriate after a limited re-trial of a discrete issue.

1   barred, the previous jury award should be reinstated." *Id.* at 457.  Given that the

2   Ninth Circuit has already endorsed the precise relief MGA seeks from this Court in

3   the event of re-trial, Mattel weakly distinguishes *Carvalho* by noting that "the Ninth

4   Circuit here did not [expressly] instruct that reinstatement could be appropriate"

5   (Opp'n at 18:20-21) – conveniently ignoring that the propriety of a limited retrial of

6   the statute of limitations claims was not remotely before the Ninth Circuit here.

7         *Carvalho* makes clear that the district court can just as properly reinstate the

8   jury verdict after the limited re-trial.  Indeed, in *In re Haw. Federal Asbestos Cases*,

9   871 F.2d 891, 893 (9th Cir. 1989), the Ninth Circuit reviewed and upheld the

10  reinstatement of the *Carvalho* jury award after "[o]n remand, the jury returned a

11  verdict which the trial court interpreted as indicating that the claim was not time-

12  barred[.]"  *Id.* at 893, 897.  Contrary to Mattel's arguments, the Ninth Circuit has

13  made it clear that reinstatement of a jury verdict is appropriate after a limited retrial.

14                              <u>**CONCLUSION**</u>

15        For the foregoing reasons, MGA respectfully requests that its motion for leave

16  to amend *nunc pro tunc* be granted.

17  Dated: March 18, 2013              KELLER RACKAUCKAS LLP

18

19                              By: /s/ Jennifer L. Keller
                                     Jennifer L. Keller
20                                   Attorney for MGA Parties

21

22

23

24

25

26

27

28