JENNIFER L. KELLER (SBN 84412)
keller@krlawllp.com
KAY RACKAUCKAS (SBN 143480)
krack@krlawllp.com
ALLISON SHALINSKY (SBN 186975)
shalinsky@krlawllp.com
KELLER RACKAUCKAS LLP
18500 Von Karman Avenue, Suite 560
Irvine, CA 92612
Telephone: (949) 476-8700
Facsimile: (949) 476-0900

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO.: CV 04-09049 DOC (RNBX)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>**NOTICE OF SUPERIOR COURT'S DENIAL OF ORRICK REQUEST TO CONFIRM PARTIAL FINAL AWARD IN *ORRICK V. MGA* ARBITRATION**<br><br>Judge: Hon. David O. Carter |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**: **PLEASE TAKE NOTICE** that on January 25, 2013, Orrick, Herrington & Sutcliffe LLP ("Orrick") gave this Court "preliminary notice" of an unconfirmed partial award by the arbitration panel in an arbitration commenced by Orrick against MGA. The notice stated that the unconfirmed partial award consisted of "a $23 million lien on the proceeds of the Mattel litigation" (the "Unconfirmed Partial Award"). *See* Dkt 10836. However, on April 16, 2013, the Superior Court of Orange County *dismissed* Orrick's petition to confirm the Unconfirmed Partial Award "because the Panel has not determined any, much less all, of the issues that are necessary to the resolution of the essential dispute between MGA Petitioners and Respondent Orrick" and "Orrick did not cite to any other California authority to show that the partial final award here is considered an award subject to court confirmation." *See* April 16, 2013 Order entered in Case No. 30-2013-00628354-CU-PA-CJC, attached as Ex. 1 to the concurrently filed Declaration of Jennifer L. Keller ("Keller Decl.").

This ruling is significant in that Orrick's briefing and oral argument in support of Mattel's motion for interpleader before this Court maintained that Orrick had secured a "lien" against MGA via the Unconfirmed Partial Award and thus interpleader was warranted. Indeed, as Orrick's counsel repeatedly told this Court on February 26, Orrick "obtained a $23 million lien from the arbitration panel to secure a portion of that claim, and that lien is on this judgment" so "[i]f you do not interplead that money, you effectively make that lien a nullity." *See* Keller Decl. Ex. 2 (2/26/13 Hearing Tr.) at 14:12-16, 70:21-25, 83:10-14. Orrick assured the Court during the interpleader briefing that it "expects confirmation . . . by the Superior Court shortly" of the "$23 million lien in Orrick's favor." Dkt 10850 at 2:18-20, Dkt 10859 at 1:11-24, 3:5-5:1.

Furthermore, Mattel's counsel relied on this purported "lien" to justify its request for interpleader, because "attorney liens are obviously serious business" and Orrick's lien means that "[i]f we pay MGA voluntarily, we are going to be

1

Notice of Superior Court Denial of Orrick Request to Confirm Partial Award CV-04-9049-DOC (RNBX)

sued.…[W]e are going to be sued by Orrick." Keller Decl. Ex. 2 at 10:23-11:5, 42:21-24; *see also* Dkt 10838 at 1:15-16, 4:4-20, Dkt 10854 at 2:17-19, 5:1-4, 19-22 & n.2.

The Superior Court's refusal to confirm the Unconfirmed Partial Award means that the Unconfirmed Partial Award is not now, and never has been, effective, let alone a "lien" that Orrick can enforce against MGA. Orrick acknowledged as much in its briefing to the Superior Court, wherein Orrick stated that the Unconfirmed Partial Award "*must be confirmed by this Court to create the lien*." Keller Decl. Ex. 3 (Orrick Petition to Confirm Partial Award [Redacted]) at 2:8-9 (emphasis added).

Significantly, and contrary to the position Orrick and Mattel maintained before this Court, Orrick later told the Superior Court that "the lien does not prevent Mattel from paying MGA" because it "does not prevent Mattel from paying MGA any portion of the Mattel judgment. . . . [T]herefore, if the Federal District Court denies Mattel's application to interplead the $138 million and orders Mattel to pay MGA, Orrick's lien would not stand in the way of that payment." *See* Keller Decl. Ex. 4 (Orrick Reply ISO Petition to Confirm Partial Award [Redacted]) at 1:24-2:2, 7:13-16.

Thus, because the Superior Court has now negated Orrick's purported lien in expressly declining to confirm the Unconfirmed Partial Award, that non-existent Orrick lien does not provide any basis for interpleader here. Mattel and Orrick's arguments relying on the existence of that "lien" should be disregarded.

DATED: April 22, 2013

KELLER RACKAUCKAS LLP

By: /s/   *Jennifer L. Keller*
      JENNIFER L. KELLER
      Attorneys for MGA Parties