# EXHIBIT 1

**Department C16 Law & Motion Calendar**
**Date: April 16, 2013**

The Court will hear oral argument on all matters at the time noticed for the hearing. If you would prefer to submit the matter on your papers without oral argument, please advise the clerk by calling **(657) 622-5216**. Court Call appearances are permitted. Court Call must be contacted to appear by phone. Call 1-888-88Court for more details. **The court will not entertain a request for continuance nor filing of further documents once the ruling has been posted.**
http://www.occourts.org/directory/civil/tentative-rulings

| | | The court, having taken this matter under submission, now rules as follows: |
|---|---|---|
| 19 | 2013-00628354 MGA Entertainment, Inc. vs. Orrick, Herrington & Sutcliffe LLP | **THE COURT'S TENTATIVE IS THE COURT'S FINAL.** **Moving Party: MGA Entertainment, Inc.'s** **(1) Motion to Vacate** **Moving Party: Orrick, Herrington & Sutcliffe LLP's** **(4) Motion to Vacate** **(5) Petition to Confirm Arbitration Award** THE PARTIAL FINAL AWARD On January 25, 2013, the Panel issued a partial final award which awarded Respondent Orrick a lien in the amount of $23M on the proceeds of the Bratz litigation. The Panel found the evidence showed that Respondent Orrick was likely entitled to damages of at least $23M. The Panel reasoned that JAMS rule 24(e) gave it the power to take interim measures to conserve property and that, under *Advanced Micro Devices, Inc. v. Intel Corp.*, 9 Cal. 4th 362 (1994), it had broad equitable powers beyond principles of "dry law." The Panel acknowledged that interim awards are not subject to confirmation. Therefore, the Panel issued a partial final award. California has a long established and well settled policy favoring arbitration as a speedy and inexpensive means of settling disputes. This policy is reflected in the comprehensive statutory scheme set out in the California Arbitration Act, § 1280. It is clearly the expectation of the parties to an arbitration agreement that the arbitrator's decision will be both binding and final. This expectation of finality strongly informs the parties' choice of an arbitral forum over a judicial one. The arbitrator's decision should be the end not the beginning of the dispute. Ensuring arbitral finality thus requires that judicial intervention in the arbitration process be minimized. The principle of arbitral finality does not preclude the arbitrator from making a final disposition of a submitted matter in more than one award. What is mandated by statutory and case law is that the arbitrator decide all of the submitted issues and that such decision, once rendered, may be subject to judicial review, only upon certain limited conditions. Any party to an arbitration in which an award has been made may petition the court to confirm, correct, or vacate the award. A response to a petition to confirm, correct or vacate may request the court to |

dismiss the petition or to confirm, correct or vacate the award.
An award that has not been confirmed or vacated has the same force and effect as a contract in writing between the parties to the arbitration.
<u>Petitions to vacate/confirm or correct partial final arbitration award</u>
It is noted that the parties have inundated this Court with a mountain of paperwork due to their failure to follow the procedures set forth in the California Arbitration Act. Instead of following the orderly procedures set forth in the CAA, the parties have chosen to forge their own path, causing confusion and generating an excessive amount of unnecessary and redundant paperwork. After MGA Petitioners filed their petition to vacate, Respondent Orrick should have filed a response, and MGA Petitioners should have filed a reply. The rules of civil procedure are in place for a reason and they are not voluntary. The parties cannot disregard them in favor of something they prefer.
The parties have not established that the partial final award is an award that can be confirmed, vacated or corrected under the California Arbitration Act. Specifically, the parties have not demonstrated that the partial final award includes a determination of all the questions submitted to the arbitrators the decision of which is necessary in order to determine the controversy, as required by CCP § 1283.4. The parties cannot make such a showing because the partial final award itself is clear: it expressly states that it is not a decision on the merits.
While *Hightower* does approve of the use of partial final awards, it approved of such use in factually distinguishable circumstances.
After the final partial award issued, Hightower filed a motion to vacate the award in superior court and argued, among other things, that the award was not final in violation of CCP § 1283.4. The trial court denied the motion to vacate and found that the arbitrator's utilization of a partial final award was proper because it did determine all issues necessary to the "determination of the controversy."
Hightower sought a writ of mandate to require the trial court to either vacate its order.
The Court of Appeal reviewed the principle of arbitral finality and held that it does not preclude an arbitrator from making a final disposition of a submitted matter in more than one award. It reasoned that the statute and case law does not foreclose the utilization of a multiple incremental or successive award process as a means, in an appropriate case, of finally deciding all submitted issues.
The Court viewed the incremental process structured by the arbitrator as reasonably necessary, if not essential, to the effective establishment and enforcement of the remedy that the arbitrator has fashioned. The Court did not find a violation of CCP § 1283.4. The Court found that the arbitrator had determined all issues that were necessary to the resolution of the essential dispute arising from the parties' dispute and that nothing remained to be resolved except those potential and conditional issues that necessarily could not have been determined when the partial final award was issued. Thus, the Court of Appeal issued a writ to direct the trial court to confirm the partial final award.
*Hightower* does not support the Panel's use of a partial final award here. Unlike the arbitrator in *Hightower*, the Panel has not made any decision on the merits. The partial final award here violates CCP § 1283.4 because the Panel has not determined any, much less all, of the issues that are necessary to the resolution of the essential dispute between

MGA Petitioners and Respondent Orrick, i.e., the fees owed.

Other than *Hightower*, Respondent Orrick did not cite to any other California authority to show that the partial final award here is considered an award subject to court confirmation. Instead, Respondent Orrick relies on federal court cases. Respondent Orrick's reliance is misplaced, as the cited cases involve the Federal Arbitration Act, which has been interpreted by the federal courts to allow judicial review of interim awards that grant temporary equitable relief.

It appears that it is implicit within the California Arbitration Act's statutory scheme that an arbitration award must be final before a petition to confirm, correct, or vacate that award is filed with and considered by the trial court. There is a strong policy of arbitral finality and limited judicial review. Although case law has allowed partial final awards, the requirement of §1283.4 was not subverted because the arbitrators in those cases essentially determined the parties' disputes but fashioned remedies to be taken in increments due to the nature of the disputes.

CCP § 1281.8 permits a party to an arbitration agreement to apply to a court for a provisional remedy, either before the arbitration proceeding has commenced or while it is pending, on the ground that the arbitral award may be rendered ineffectual without provisional relief. Courts have held that arbitrators have no power to grant certain forms of provisional relief. Because the statutory scheme provides for provisional relief and requires awards to include a determination of all the questions submitted to the arbitrator, it does not make sense to allow judicial review of awards that only provide for provisional relief. There is no indication that the statutory scheme contemplates piecemeal judicial review of the kind that the parties seek here.

<u>Respondent Orrick's request to stay</u>

If a court of competent jurisdiction has ordered arbitration of a controversy which is an issue involved in an action pending before the court, the court shall, upon motion of a party, stay the action until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies.

Although the parties are already in arbitration, this Court did not order it. Respondent Orrick's request for a stay places the cart before the horse. It should be moving to compel MGA Petitioners to arbitration first, with a companion request for a stay. Respondent Orrick needs to make a showing that the rescission claim in the complaint is a dispute that is covered by the parties' arbitration agreement. An assertion that the Court ruled that the rescission claim must be first submitted to the Panel, without any evidentiary support, is insufficient.

<u>MGA Petitioners' motions to seal</u>

Unless confidentiality is required by law, court records are presumed to be open to the public.

On March 1, 2013, MGA Petitioners filed a motion to seal documents and materials lodged by Respondent Orrick pursuant to Orrick's notices of lodgment filed on February 19 and 20, 2013.

MGA Petitioners submitted evidence to show that: (1) they have an overriding interest that overcomes the public's right to access the records, i.e., the parties have agreed that the arbitration proceedings would be confidential and the documents contain information that is subject to the attorney-client privilege; (2) MGA Petitioners' interests

|  |  |  | support the sealing of the record in order to preserve the attorney-client privilege; (3) there is a substantial probability that MGA Petitioners' interests will be prejudiced if the documents are not sealed because the Bratz litigation is currently ongoing; (4) the proposed sealing is narrowly tailored because it seeks to seal only the unredacted versions of the documents; and (5) there is no less restrictive means to achieve MGA Petitioners' interest. Respondent Orrick filed a notice of non-opposition.<br>**MGA PETITIONERS' PETITION TO VACATE AND RESPONDENT ORRICK'S PETITION TO CONFIRM ARE DISMISSED.**<br>**RESPONDENT ORRICK'S "RESPONSE" AND REQUEST TO DISMISS MGA PETITIONERS' PETITION IS MOOT. THE PARTIES HAVE NOT ESTABLISHED THAT THE PARTIAL FINAL AWARD IS AN AWARD THAT CAN BE CONFIRMED, VACATED OR CORRECTED UNDER THE CALIFORNIA ARBITRATION ACT.**<br>**UNLIKE THE ARBITRATOR IN HIGHTOWER, THE PANEL HAS NOT MADE ANY DECISION ON THE MERITS.**<br>**RESPONDENT ORRICK'S REQUEST TO STAY THE COMPLAINT IS DENIED WITHOUT PREJUDICE. ALTHOUGH THE PARTIES ARE ALREADY IN ARBITRATION, THIS COURT DID NOT ORDER IT.**<br>**MGA PETITIONERS' UNOPPOSED MOTIONS TO SEAL ARE GRANTED.** |
|---|---|---|---|