# EXHIBIT 4

SHARTSIS FRIESE LLP
ARTHUR J. SHARTSIS (Bar #51549)
FRANK A. CIALONE (Bar #172816)
LISA A. JACOBS (Bar #230364)
One Maritime Plaza, Eighteenth Floor
San Francisco, CA 94111
Telephone: (415) 421-6500
Facsimile: (415) 421-2922
Email: ashartsis@sflaw.com; fcialone@sflaw.com;
ljacobs@sflaw.com

CALL & JENSEN
A Professional Corporation
DAVID R. SUGDEN (Bar #218465)
DELAVAN J. DICKSON (Bar #270865)
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Telephone: (949) 717-3000
Facsimile: (949) 717-3100
Email: dsugden@calljensen.com;
ddickson@calljensen.com

Attorneys for Respondent and Defendant
ORRICK, HERRINGTON & SUTCLIFFE LLP

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

CENTRAL JUSTICE CENTER

| | |
|---|---|
| MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT HK, LTD., MGAE DE MEXICO S.R.L. DE C.V., ISAAC LARIAN,<br><br>Petitioners and Plaintiffs,<br><br>v.<br><br>ORRICK, HERRINGTON & SUTCLIFFE LLP,<br><br>Respondent and Defendant. | Case No. 30-2013-00628354-CU-PA-CJC<br><br>**ORRICK'S REPLY BRIEF IN SUPPORT OF ITS PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD**<br><br>**[PUBLIC REDACTED VERSION PURSUANT TO RULE OF COURT 2.551]**<br><br>Date:     April 16, 2013<br>Time:    8:30 a.m.<br>Dept:    C16<br>Judge:   Honorable William M. Monroe<br><br>Action Filed: February 4, 2013<br>Trial Date: No Trial Date Set |

Case No.
30-2013-00628354-CU-PA-CJC

REDACTED ORRICK'S REPLY BRIEF ISO ITS PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 2

    A. The California Supreme Court's Decision In *Advanced Micro* Governs And The Partial Final Award Should Be Confirmed ..................................................... 2

    B. The Partial Final Award Does Not Award An Attachment, Or Appoint A Receiver, Thus The Court of Appeal's Decision In *Marsch* Is Inapplicable .......... 4

    C. The Partial Final Award Does Not Award An Attorney Charging Lien And No Public Policy Is Implicated By It ................................................................... 5

    D. Confirming The Partial Final Award Will Not Interfere With The Federal Court's Decision On Whether To Interplead The Mattel Judgment ...................... 7

    E. If Necessary, The Court Can Correct The Partial Final Award .............................. 7

III. CONCLUSION ................................................................................................................ 9

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Case No. 30-2013-00628354-CU-PA-CJC

- i -

REDACTED ORRICK'S REPLY BRIEF ISO ITS PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD

**I.     INTRODUCTION**

The Partial Final Award should be confirmed. MGA's arguments requesting that this Court ignore the well-reasoned arbitration decision are premised on a faulty assumption and inapposite case law. MGA's faulty assumption is its characterization of the relief granted by the arbitration Panel as an attachment or, in the alternative, an attorney charging lien. MGA seeks to re-label the award because it wants to (1) avoid the highly deferential standard of review applicable to arbitration awards, and (2) rely on case law that is inapplicable to the actual award issued by the Panel. Unfortunately for MGA, the lien awarded by the arbitration Panel is neither an attachment nor an attorney charging lien. As such, MGA's opposition fails in its entirety and, under the California Supreme Court's holding in *Advanced Micro*, the Partial Final Award should be confirmed.

MGA incorrectly argues that *Advanced Micro* does not apply because California law does not allow arbitrators to award <u>attachments</u>. MGA relies on an outdated Court of Appeal case which holds that arbitrators do not have the power to appoint <u>receivers</u>. The case relied upon by MGA predates *Advanced Micro*. In this case, the Panel did not award an attachment or a receiver, and *Advanced Micro's* subsequent holding supercedes the case law cited by MGA.

MGA next claims that the lien is an <u>attorney charging lien</u>. MGA then contends that the Partial Final Award should be vacated because the arbitration Panel violated public policy by awarding such a lien to Orrick. However, the Partial Final Award does not create an attorney charging lien; an attorney charging lien is a <u>contractual</u> lien, which is created and takes effect at the time a fee agreement is executed. The lien awarded by the Partial Final Award is fundamentally different from an attorney charging lien. Accordingly, MGA's public policy argument fails as well.

MGA further claims that confirming the Partial Final Award would interfere with the Federal District Court's jurisdiction in the Mattel litigation. This argument is likewise premised on contorting the relief awarded by the arbitration Panel. MGA contends that if the Federal District orders Mattel to pay MGA (as opposed to interplead) the $138 million judgment, confirming the Partial Final Award conflict with this order. MGA's argument fails because the

1  lien does not prevent Mattel from paying MGA.  Instead, the lien applies to funds <u>received by</u>

2  MGA.  There is no conflict.

3        Finally, MGA takes issue with the facts as presented by Orrick in its Petition to Confirm,

4  including the factual determinations made by the arbitration Panel and set forth in the Partial

5  Final Award itself.  The Panel's factual findings may not be disturbed on review under either the

6  applicable standard set forth by the California Supreme Court in *Advanced Micro*, or the Court of

7  Appeal cases cited by MGA.  Accordingly, MGA's alleged version of events and its attacks on

8  Orrick should be ignored.[1]

9        The arbitration Panel determined that Orrick was likely to prevail on the merits of its

10 claim against MGA for unpaid attorneys' fees and costs.  As important, the Panel also concluded

11 that there is a significant risk that MGA would dissipate assets and make the ultimate arbitration

12 award Orrick uncollectible.  To mitigate this risk, the Panel awarded Orrick provisional relief

13 pending the resolution of the arbitration -- now less than three months away -- in the form of a

14 lien against the very judgment Orrick obtained for MGA in the Mattel litigation.  Because MGA

15 has offered no valid basis to vacate the Partial Final Award, it must be confirmed under Code of

16 Civil Procedure section 1286.2.

17 **II.     ARGUMENT**

18     **A.     The California Supreme Court's Decision In *Advanced Micro* Governs And
19           The Partial Final Award Should Be Confirmed.**

20       Under *Advanced Micro*, arbitration awards, including the arbitrator's selected remedy, are

21 entitled to a highly deferential standard of review.  MGA tries to avoid that deferential standard

22 by arguing that *Advanced Micro* does not apply because *Advanced Micro* is limited to the

23 arbitrator's interpretation of its contractual powers under the arbitration agreement.  But an

24 arbitrator's powers derive from the parties' agreement to arbitrate.  *Advanced Micro Devices, Inc.*

25 *v. Intel Corp.*, 9 Cal. 4th 362, 375 (1994) ("The powers of an arbitrator derive from, and are

---

[1] Given that MGA's alleged version of the facts is entirely irrelevant to the Court's decision whether to confirm the Partial Final Award, Orrick will not waste the Court's time with a point-by-point refutation of the aspersions casted by MGA.  Should the Court have any questions about MGA's version of events, Orrick's counsel is happy to address them at the April 16th hearing.

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

1  limited by, the agreement to arbitrate."). As a result, "an appropriate [ ] deferential review starts not from the beginning, but from the arbitrator's own rational assessment of his or her contractual powers and is dependent on (that is, rests on acceptance of) this and any other factual or legal determination made by the arbitrator." *Id.* at 376; *see also Moncharsh v. Heily & Blase*, 3 Cal. 4th 1, 8 (1992).

MGA contends that where a party claims the arbitrator exceeded his authority under the law, as opposed to the contract, *Advanced Micro* does not apply and the standard of review is *de novo*. This argument is the same as the one asserted by the defendant in *Advanced Micro* and <u>rejected</u> by the California Supreme Court. *Advanced Micro Devices*, 9 Cal. 4th at 373 (rejecting Intel's argument that a less deferential rule applies to an arbitrator's choice of remedies as "neither logically persuasive nor supported by precedent"). The California Supreme Court in *Advanced Micro* expressly held that "<u>review of remedies cannot be . . . 'de novo</u>.'" *Id.* at 375-76 (emphasis added).

Here, the arbitration Panel carefully considered the arbitration agreement, the amendment thereto, the JAMS Rules which govern the arbitration, and the California Supreme Court's decision in *Advanced Micro*. Partial Final Award ("PFA") at 5-6.[2] [T]he Panel determined that pursuant to this authority, it had the power to award such provisional relief and that it was justified under the circumstances. *Id.* at 6. Per *Advanced Micro*, this determination is not reviewed *de novo*.

Contrary to MGA's assertions, similar provisional remedies have been awarded in arbitrations and confirmed by courts in California and elsewhere. *Pacific Reins. Mgmt. Corp. v. Ohio Reins. Corp.*, 935 F.2d 1019 (1991) (affirming confirmation of an Interim Final Award requiring one party to escrow $20 million pending the arbitrators' decision on the merits); *Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 926, 937 (N.D. Cal. 2003) (confirming interim award requiring an escrow of funds pending resolution of the arbitration,

---

[2] The Partial Final Award is attached as Exhibit A to the Declaration of Frank A. Cialone in Support of Orrick's Petition to Confirm Partial Final Arbitration Award, filed on February 19, 2013. It is also attached as Exhibit A to the Declaration of Lisa A. Jacobs in Support of Orrick's Opposition to MGA's Petition to Vacate Partial Final Arbitration Award.

Case No. 30-2013-00628354-CU-PA-CJC — - 3 - REDACTED ORRICK'S REPLY BRIEF ISO ITS PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD

noting "[t]here is no question that an arbitration panel has the authority to require escrow to serve as security for an ultimate award") (emphasis added); *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255 (2nd Cir. 2003) (affirming confirmation of an interim award requiring one party to post a letter of credit pending resolution of the arbitration); *Cragwood Managers, L.L.C. v. Reliance Ins. Co.,* 132 F. Supp. 2d 285 (S.D.N.Y. 2001) (confirming interim award requiring one party to post a $4 million bond pending resolution of the arbitration).

### B. The Partial Final Award Does Not Award An Attachment, Or Appoint A Receiver, Thus The Court of Appeal's Decision in *Marsch* Is Inapplicable.

The cases cited by MGA do not support vacating the Partial Final Award.[3] Rather than focusing on the relief granted in the Partial Final Award, MGA argues that California law does not permit an arbitrator to award an attachment -- a remedy not awarded here -- and relies primarily on *Marsch v. Williams*, a case involving a receiver. *See e.g.,* MGA's Opposition to Orrick's Petition to Confirm ("Opp.") at 11:8-11 ("the dominant considerations in *Advanced Micro Devices* are simply inapplicable in this case, where MGA has argued that California law simply never allows arbitrators to grant an attachment lien"). As is evident from the face of the Partial Final Award, and as explained in detail in Orrick's Opposition to MGA's Petition to Vacate, the Panel did not award an attachment or a receiver, but rather a narrowly-tailored lien. Thus, MGA's entire argument falls apart.

*Marsch*, a Court of Appeal case which predates the California Supreme Court's decision in *Advanced Micro*, is inconsistent with *Advanced Micro* to the extent that it holds that *de novo* review ever applies to the review of an arbitration award. While MGA argues that *Marsch* has not been expressly overruled, *Marsch* is nevertheless entirely inapplicable here. *Marsch* holds

---

[3] *Outdoor Services, Inc. v. Pabagold, Inc.*, 185 Cal. App. 3d 676 (1986), also decided before the California Supreme Court's decision in *Advanced Micro*, holds only that seeking provisional relief from a court does not waive a party's right to arbitration. *Id.* at 684-686. While the Court of Appeal suggests in dicta that an attachment would not be available in arbitration, no attachment was awarded here.

MGA's reliance on *Jordan-Lyon Prods., LTD. v. Cineplex Odeon Corp.*, 29 Cal. App. 4th 1459, 1466-71 (1994), is likewise misplaced. That case simply holds that a party in litigation cannot obtain an attachment from a court over the proceeds of an arbitration. It says nothing about what remedies are or are not available to an arbitrator.

| Case No. | - 4 - |
|---|---|
| 30-2013-00628354-CU-PA-CJC | REDACTED ORRICK'S REPLY BRIEF ISO ITS PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD |

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

only that an arbitrator does not have the power to appoint a <u>receiver</u>. It says nothing about an arbitrator's power to award a lien. Recognizing this, MGA argues that the reasoning of *Marsch* applies to <u>attachments</u> as well. Opp. at 11:16-17 ("*Marsch* listed several reasons why arbitrators may not appoint <u>receivers</u>. Each of those reasons applies to <u>attachments</u> as well.") (emphasis added). But the Panel also did not award an attachment, making any similarities between a receiver and an attachment irrelevant.

In fact, the reasoning of *Marsch*, and MGA's attempts to show it applies equally to <u>attachments</u>, demonstrate that the lien awarded by the Partial Final Award is not an attachment. As quoted by MGA "a receivership involves 'taking of property by the court from one who may turn out to be the rightful owner thereof, and transferring it, *pro re nata*, to an agent of the court vested with power to handle and dispose of it according as the court may direct.'" MGA's Opp. at 12:15-20, citing *Marsch v. Williams*, 23 Cal. App. 4th 238, 247 (1994). MGA argues that like a <u>receiver</u>, an <u>attachment</u> also "involves taking property from a party 'who may turn out to be the rightful owner thereof' and holding that property at the direction of the court." MGA's Opp. at 12:27-13:1. While this is certainly true of a receiver, and may be true with respect to an <u>attachment</u>, it is not true with respect to the lien awarded by the Panel. The lien does not divest MGA of any property. PFA at 9-10. It does not prevent MGA from obtaining any portion of the Mattel Judgment. *Id.* It also does not require the Court to hold any property or supervise the disposition of any property.

**C. The Partial Final Award Does Not Award An Attorney Charging Lien And No Public Policy Is Implicated By It.**

In addition to arguing that the lien is an <u>attachment</u>, MGA also inconsistently contends that the Partial Final Award awards Orrick an <u>attorney charging lien</u>. MGA argues that by awarding an attorney charging lien, the Partial Final Award violates public policy because Professional Rule of Conduct 3-300 prohibits non-consensual attorney charging liens. MGA further argues that because the Engagement Agreement between Orrick and MGA has been voided under Business & Professions Code section 6147, the Partial Final award improperly restores the <u>attorney charging lien</u> contained therein. Neither argument has merit.

The lien awarded by the Partial Final Award is not an attorney charging lien. An attorney charging lien is a <u>contractual</u> lien, which by definition is created and takes effect at the time a fee agreement is executed. *See Carroll v. Interstate Brands Corp.*, 99 Cal. App. 4th 1168, 1175 (2002). Unlike typical liens, which take effect when notice of the lien is filed, charging liens are "secret" liens in which the attorney's security interest is protected even without notice of the lien. *Id*. at 1172; *Cetenko v. United California Bank*, 30 Cal. 3d 528, 532-533 (1982). Because the lien awarded by the Panel is not a contractual, secret charging lien, Rule 3-300 is inapplicable.

The lien awarded by the Panel also does not "revive" an unenforceable attorney charging lien contained in the now-void Engagement Agreement. The only contractual lien Orrick had under the Engagement Agreement was to secure the success fee, or contingent component of the agreement. That charging lien, like the success fee it secured, has been extinguished. The Partial Final Award gives Orrick a lien, not to secure the success fee to which Orrick is no longer entitled, but to secure Orrick's core claim for $23 million in unpaid invoiced fees and costs.

Applying rules governing what an attorney must do in negotiating a contractual lien with a client to what a tribunal may order after it has ruled on the merits of the attorney's claim for fees is nonsensical and contrary to the reasoning of the authorities cited by MGA. *Fletcher v. Davis*, 33 Cal. 4th 61 (2004), stands only for the proposition that a court may not enforce a <u>contractual attorney charging lien</u> that does not meet the requirements of Rule 3-300. The Court explains that this is because an attorney charging lien allows the attorney to delay payment to the client of a judgment or settlement <u>before</u> there has been any adjudication of the merits of the attorney's claim against the client. *Id*. at 68-69. *Fletcher* does not address what remedies a court or arbitrator may impose <u>after</u> it has determined that the attorney has prevailed or is likely to prevail on a claim for attorneys' fees against the client.

In any event, an arbitration award <u>may not</u> be vacated on the basis of an alleged violation of the Rules of Professional Conduct because doing so "<u>would be contrary to the strong public policy favoring the finality of arbitration awards.</u>" *Cotchett, Pitre & McCarthy v. Universal Paragon Corp.*, 187 Cal. App. 4th 1405, 1418 (2010) (rejecting argument that the public policy exception justified review of an arbitration award resting on an alleged violation of the Rules of

SHARTSIS FRIESE LLP
ONE MARITIME PLAZA
EIGHTEENTH FLOOR
SAN FRANCISCO, CA 94111

Professional Conduct) (citations omitted; emphasis added); *see also Ahdout v. Hekmatjah*, 213 Cal. App. 4th 21, 38-39 (2013).

### D. Confirming The Partial Final Award Will Not Interfere With The Federal Court's Decision On Whether To Interplead The Mattel Judgment.

MGA claims that confirming the Partial Final Award would place this Court on a "collision course" with the Federal District Court. This is simply untrue. The Federal District Court is currently deciding whether or not to permit Mattel to interplead the $138 million judgment it owes MGA. The confirmed lien will not interfere with that decision, whatever the District Court decides.

The lien awarded by the Panel in the Partial Final Award "encumber[s] the proceeds of the appeal bond given by Mattel, <u>should that bond be called</u>, and also any funds Mattel <u>pays directly or indirectly to</u> [MGA] in satisfaction of a judgment." PFA at 9-10 (emphasis added). By its express language, the lien follows the money. It does not prevent Mattel from paying MGA any portion of the Mattel judgment. Contrary to MGA's arguments, therefore, if the Federal District Court <u>denies</u> Mattel's application to interplead the $138 million and orders Mattel to pay MGA, Orrick's lien would not stand in the way of that payment.[4] The lien would simply prevent MGA from dissipating those funds, if received, pending the resolution of the arbitration, which is set to conclude in the first week of July 2013 -- less than three months from now.

### E. If Necessary, The Court Can Correct The Partial Final Award.

The Panel issued the Partial Final Award to protect Orrick from the very real risk that MGA would dissipate funds before the arbitration could be included. In fact, MGA all but admitted it would do so, as recognized by the Panel in the Partial Final Award. Should the Court conclude that the Panel exceeded its authority in awarding the lien, the Court could nonetheless correct and confirm the award to give effect to the factual findings of the arbitration Panel and its

---

[4] There is nothing improper about the fact that Orrick supported Mattel's request to interplead the $138 million judgment. Orrick is a creditor of MGA and has a right to seek to protect its interests. Orrick informed the Federal District Court that it had a Partial Final Arbitration Award, that it was seeking to have that award confirmed by the Superior Court, and that interpleader of the disputed funds was justified under the circumstances.

1 determination that some form of security is necessary to prevent the arbitration from being
2 rendered meaningless. The Panel's findings would support either an attachment or the issuance
3 of an escrow, the former being within the authority of the Court and the latter being within the
4 equitable powers of the arbitrator. *Marsch*, 23 Cal. App. 4th at 248-49; *Pacific Reins.*, 935 F.2d
5 at 1025.

6 REDACTED

14 The Panel further determined that without provisional relief, MGA was likely to dissipate
15 assets and render meaningless the award to which Orrick would be entitled. *Id.* at 9. The Panel
16 based this decision on the fact that MGA had "used the proceeds of its settlement with [its]
17 insurers, monies obtained as reimbursement for attorney's fees, for purposes other than paying
18 counsel" and on the fact that MGA's own opposition to the provisional relief motion, made clear
19 that MGA "will have strong motivation to expend further recoveries for purposes other than
20 paying counsel." *Id.* at 8-9. Giving effect to these findings by correcting the Partial Final Award
21 is both just and appropriate.

22 MGA's only argument against correcting the Partial Final Award and issuing an
23 attachment is its contention that Orrick's claim is not readily ascertainable. MGA's argument
24 conflates a liquidated claim with one that is readily ascertainable. The California Supreme Court
25 has explained that "[t]he fact that the damages are unliquidated is not determinative … merely
26 because the amount is uncertain, consisting of damages to be proven at the trial, is no reason why
27 an attachment may not issue where, as here, such damages are easily ascertainable according to
28 fixed standards supplied by the contract or the law acting upon it." *Force v. Hart*, 205 Cal. 670,

Case No. 30-2013-00628354-CU-PA-CJC

- 8 -

REDACTED ORRICK'S REPLY BRIEF ISO ITS PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD

Shartsis Friese LLP
One Maritime Plaza
Eighteenth Floor
San Francisco, CA 94111

673 (1928) (citations omitted; emphasis added); *see The CIT Group/Equip. Fin., Inc. v. Super DVD, Inc.*, 115 Cal. App. 4th 537, 541 (2004) ("uncertainty as to the specific amount of ultimate damages is not a basis to deny attachment").

The Panel's finding that Orrick is likely to prevail on the merits of its core claim for $23 million is sufficient to satisfy the readily ascertainable amount requirement. That Orrick additionally claims amounts owing in excess of $23 million based on *quantum meruit* (because MGA voided the Engagement Agreement), does not render its $23 million claim not readily ascertainable. Nor does the fact that the total amount of the fees must be found reasonable.

REDACTED

Alternatively, the Court could correct the award to require MGA to place $23 million of the $138 million it receives from the Mattel judgment into an escrow pending the resolution of the arbitration, should it receive those funds. As stated above, Courts in California and other jurisdictions have found such interim relief to be within an arbitrator's broad equitable powers

### III. CONCLUSION

For the reasons set forth herein and in Orrick's memorandum in support of its petition to confirm, Orrick respectfully requests that the Court confirm the Partial Final Award and enter judgment thereon.

DATED: April 9, 2013        SHARTSIS FRIESE LLP


By: _____*/s/ Lisa A. Jacobs*_____
         LISA A. JACOBS

Attorneys for Respondent and Defendant
ORRICK, HERRINGTON & SUTCLIFFE LLP

Case No. 30-2013-00628354-CU-PA-CJC   - 9 -   REDACTED ORRICK'S REPLY BRIEF ISO ITS PETITION TO CONFIRM PARTIAL FINAL ARBITRATION AWARD