QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

BAKER MARQUART LLP
  Ryan G. Baker (Bar No. 214036)
  (rbaker@bakermarquart.com)
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California  90024
Telephone:  (424) 652-7800
Facsimile:  (424) 652-7801

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant. | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S RESPONSE TO MGA'S NOTICE OF SUPERIOR COURT'S DENIAL OF ORRICK REQUEST TO CONFIRM PARTIAL FINAL AWARD IN *ORRICK V. MGA* ARBITRATION** |

On April 22, 2013, MGA filed a notice (Dkt. 10875) stating that the Superior Court has now dismissed the Orrick, Herrington law firm's petition to confirm a partial arbitration award in the *Orrick v. MGA* arbitration. MGA argues that this dismissal supports denial of Mattel's request for interpleader because the interpleader request relied on the existence of this lien.

Contrary to MGA's unsupported claim, the Superior Court's dismissal of Orrick's petition has no bearing on Mattel's interpleader request under binding Ninth Circuit precedent. As this Court is aware, interpleader does not turn on who—whether it be MGA, Orrick or some other party—will *ultimately* be deemed entitled to the proceeds of the copyright fees judgment at issue. The *merits* of various claimants' rights to a contested fund are adjudicated in an interpleader action only in the "second stage" of the proceeding, *after* the Court has already determined in the "first stage" the "propriety of interpleading the adverse claimants and relieving the stakeholder from liability." *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012).

As to the relevant "first stage" question presented here, Mattel remains entitled to interplead the copyright fees proceeds because "[t]wo or more adverse claimants . . . *are claiming or may claim* to be entitled to" them. 28 U.S.C. § 1335(a) (emphasis added); *see Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 980 (9th Cir. 1999) (interpleader statute protects a party against "potential, as well as actual, claims").[1] Just as it is immaterial to the propriety of interpleader that MGA *has* a judgment for the proceeds, *Mack v. Kuckenmeister*, 619 F.3d 1010,

---

[1] *See also, e.g., First Interstate Bank of Oregon, N.A. v. U.S. By & Through I.R.S.*, 891 F. Supp. 543, 546 (D. Or. 1995) ("interpleader relief is not to be denied merely because the possibility of multiple liability or multiple litigation is remote or rests on tenuous grounds"); *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 41 (D. D.C. 2002) ("The adversity requirement is met so long as the stakeholder has a '*bona fide*' fear of adverse claims arising with respect to the *res*.").

1024 (9th Cir. 2010), it is immaterial to Mattel's interpleader request that Orrick does *not* have a judgment and has not obtained confirmation of its partial arbitration award.  Furthermore, because it is a state proceeding, the Superior Court's dismissal of Orrick's petition to confirm is not final,[2] and the Orrick/MGA arbitration does not appear to be final either.  That Orrick *continues* to lay claim to the copyright fees proceeds—even if its request to confirm the preliminary award in its favor was not accepted— suffices to "justify" Mattel's interpleader request.

DATED:  April 24, 2013                QUINN EMANUEL URQUHART &
                                      SULLIVAN, LLP


                                      By  /s/ Michael T. Zeller
                                         Michael T. Zeller
                                         Attorneys for Mattel, Inc. and
                                         Mattel de Mexico, S.A. de C.V.

---

[2]  *See Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985) ("Under California [state] law, however, a judgment is not final for purposes of *res judicata* during the pendency of and until the resolution of an appeal.") (citing *Agarwal v. Johnson,* 25 Cal.3d 932, 954 n. 11 (1979)).

-2-   Case No. CV 04-9049 DOC (RNBx)
MATTEL'S RESPONSE TO MGA'S NOTICE OF DENIAL OF ORRICK REQUEST TO CONFIRM PARTIAL
FINAL ARBITRATION AWARD