William A. Hanssen (State Bar No. 110613)
William.Hanssen@dbr.com
Suzanne V. Stouder (State Bar No. 161077)
Suzanne.Stouder@dbr.com
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1400
Los Angeles, CA  90067
Telephone:   (310) 203-4000
Facsimile:   (310) 229-1285

Mark D. Sheridan
Msheridan@pattonboggs.com
Mark C. Errico
Merrico@pattonboggs.com
PATTON BOGGS LLP
One Riverfront Plaza, Suite 600
Newark, NJ 07102
Telephone: (973) 848-5600
Facsimile: (973) 848-5601

Attorneys for
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, Pa., LEXINGTON INSURANCE
COMPANY, CHARTIS SPECIALTY INSURANCE
COMPANY (formerly American International
Specialty Lines Insurance Company)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MGA ENTERTAINMENT, INC., et al.,<br><br>    Defendants. | Case No. CV 04-9049 DOC (RNBx) consolidated with<br>Case Nos. CV 04-09059 and CV 05-02727<br><br>Hon. David O. Carter<br><br>**RESPONSE TO ORDER REQUESTING ADDITIONAL BRIEFING [Dkt. 10878]**<br><br>Hearing Date: TBD<br>Time:         TBD<br>Courtroom:    9D |

//

//

//

National Union Fire Insurance Company of Pittsburgh, Pa., Lexington Insurance Company, and Chartis Specialty Insurance Company (formerly known as American International Specialty Lines Insurance Company) (collectively, the "Member Companies") respectfully submit the following response to this Court's May 28, 2013 Order that "requests additional briefing on the question of whether a constructive trust is an appropriate alternative to interpleader." (Dkt. 10878).

## INTRODUCTION

This Court should grant Mattel, Inc.'s and Mattel de Mexico, S.A. de C.V.'s (collectively, "Mattel") application for leave to file an interpleader action to deposit into the Court's registry the award to MGA Entertainment, Inc. ("MGA") of $137,807,318 in fees and costs ("Fee Award").  Because MGA's various insurers and former attorneys have asserted claims to some or all of the proceeds of the Fee Award, Mattel's proposed interpleader action remains the appropriate method by which to adjudicate claims made against the Fee Award.

MGA's opposition does not change this result.  First, Mattel need not show that any of the possible interpleader defendants have reduced their rights to a judgment.  Federal courts only require a stakeholder to demonstrate that various parties have an actual or potential claim.  Second, this Court's denial of the insurers' request for intervention has no impact on any determination regarding interpleader or the insurer's subrogation claims.  The Ninth Circuit held that this Court lacked jurisdiction to entertain the insurers' intervention motion, rendering the Court's findings null and void.  Third, Mattel is under no obligation at this stage to address the merits of the various claimants' rights to the Fee Award.  To initiate an interpleader action, the district court simply decides whether there is a single fund at issue and whether there are adverse claimants to that fund.  It is only after the district court finds that the interpleader action has been properly brought that the district court is permitted to move to the second stage of interpleader and make a determination of the respective rights of the claimants.  Fourth, even if this

Court examines the merits of the claims, MGA's position that it is the sole claimant is unfounded. Courts have considered unliquidated claims during an interpleader action even where, as here, one party's purported right to the disputed fund has proceeded to the point of a judgment or lien. Mattel's request to file an interpleader action therefore is the appropriate solution to resolve the multiple claims to the Fee Award.

As demonstrated below, however, this Court also possesses broad powers to order the equitable remedy of a constructive trust to adjudicate the various claims against the Fee Award. A constructive trust may be imposed when the defendant (in this case, MGA) obtains possession of a particular asset (the Fee Award), that can be identified as belonging in good conscience to the plaintiff (in this case, the insurers) in spite of the defendant's possession of the asset. Federal courts possess broad, flexible equitable powers to implement constructive trusts and other similar remedies to prevent unjust enrichment. Generally, where a party shows the existence of a property, a right to that property, and the possibility that another party will be unjustly enriched by retention of the property, a court may impose a constructive trust to ensure that the property returns to the proper party. The Member Companies—and MGA's other insurers—have met those requirements here, identifying the Fee Award, their right to the Fee Award via equitable and contractual reimbursement, and the undisputed fact that MGA will be unjustly enriched if it receives the Fee Award. Moreover, because the insurers collectively have paid well in excess of the Fee Award, this Court should impose a constructive trust on the entire Fee Award.

Thus, although interpleader remains the appropriate remedy here, this Court also has broad authority to impose a constructive trust on the Fee Award, to order Mattel to pay the Fee Award into Court, and thereafter to disburse the funds as appropriately determined by this Court.

# ARGUMENT

## I. Question One: Does the Court have the authority to create such a trust, setting aside all or part of $137,807,318 in order to preserve it until those parties seeking a portion of it have reduced their claims to a judgment?

This Court unquestionably possesses the authority to impose a constructive trust on the Fee Award. It is well established that a federal court has broad equitable remedial powers. *Stone v. City & County of San Francisco*, 968 F.2d 850, 861 (9th Cir. 1992). Provided the "court has subject matter jurisdiction, it has the authority to grant the full panoply of equitable remedies so that [a party] can obtain complete relief." *SEC v. Antar*, 15 F. Supp. 2d 477, 532 (D.N.J. 1998). "Included within the panoply of equitable remedies are constructive trusts . . . ." *Id.*; *see also United States v. Real Prop. Located at 475 Martin Lane*, No. CV 04-2788 ABC (PLAx), 2013 U.S. Dist. LEXIS 71272, at *11-*12 (C.D. Cal. May 17, 2013) (imposing constructive trust on real property); *Monet v. Chase Home Finance LLC*, No. 10-CV-00135-LHK, 2011 U.S. Dist. LEXIS 94362, at *18-*20 (N.D. Cal. Aug. 23, 2011) (allowing request for constructive trust to survive motion for summary judgment by noting that courts can impose such a trust as an available equitable remedy in a number of widely differing situations).

A federal court may use a constructive trust to compel "a person who has property to which he is not justly entitled to transfer it to the person entitled." *United States v. Pegg*, 782 F.2d 1498, 1501 (9th Cir. 1986). It is a form of remedy that is "flexibly fashioned in equity to provide relief where a balancing of interests in the context of a particular case seems to call for it." *F.T.C. v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1143 (9th Cir. 2010). A court often imposes a constructive trust "[w]here a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." *Pegg*, 782 F.2d at 1501. "Because the

essence of the constructive trust theory is to prevent unjust enrichment and to prevent a person from taking advantage of his own wrongdoing, a constructive trust may be imposed in practically any case where there is a wrongful acquisition or detention of property to which another is entitled." *Id.* at 1501.

California has specifically codified general principles for imposition and recognition of constructive trusts in California Civil Code §§ 2223 and 2224. Section 2223 provides that "one who wrongfully detains a thing is an involuntary trustee thereof, for the benefit of the owner." Cal. Civ. Code § 2223. Section 2224 provides that "one who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." Cal. Civ. Code § 2224. Thus, constructive trusts may be ordered where a party shows: (1) existence of a res; (2) a right to that res; and (3) the possibility that another party will be unjustly enriched by improper acquisition of the res. *Communist Party of U.S. v. 522 Valencia, Inc.*, 41 Cal. Rptr. 2d 618, 623 (Cal. Ct. App. 1995). However, the California Civil Code sections only "state general principles for a court's guidance rather than restrictive rules." *Martin v. Kehl*, 193 Cal. Rptr. 312, 317 (Cal. Ct. App. 1983). A court can still impose a constructive trust in practically any case where there is an improper detention of property to which another is entitled. *Id.* In other words, a constructive trust is appropriate in any kind of unjust enrichment case and is in no way limited to cases of wrongdoing. *Id.*

The imposition of a constructive trust on the Fee Award may be appropriate here to the extent the funds are deposited into the Court. MGA's insurers and its former attorneys have identified the existence of a res—the Fee Award. The insurers—including the Member Companies—have established that they have or will have a valid right to the Fee Award through their equitable and contractual claims for reimbursement and unjust enrichment. Indeed, MGA has submitted to

the insurers, and the insurers have paid, tens of millions of dollars for the legal fees which MGA asserted that it incurred in defense of the Mattel Litigation. Those invoices for attorneys' fees and costs formed the basis for MGA's motion for fees and costs under the Copyright Act and this Court's Fee Award. Thus, the insurers are entitled to recover those fees and costs paid by them and recovered by MGA pursuant to the Fee Award. To hold otherwise, would permit MGA to receive an unjust windfall of tens of millions of dollars at the expense of its insurers.

It also appears that MGA wrongfully retained significant parts of the insurers' payments for defense fees and costs and never actually paid its defense counsel for their services. For example, the insurers paid legal fees which MGA asserted it incurred from its counsel, Orrick, Herrington & Sutcliffe LLP ("Orrick"), in the defense of the Mattel Litigation. Nevertheless, it appears that MGA did not remit a substantial portion of the insurers' payments to Orrick, which payments formed the basis of this Court's Fee Award. (*See* Dkts. 328349, 328361, 328365, Orrick Motion to withdraw as counsel for MGA; Dec. of Annette L. Hurst, in Case No. 1:09-cv-08870-SAS, Dkt. 58, in the United States District Court for the Southern District of New York).

In addition, barring interpleader or an order requiring that Mattel deposit the Fee Award into Court, MGA may put those assets beyond the reach of those seeking to recover, including using the assets to fund its affirmative claims against Mattel. Indeed, the best evidence that MGA intends to dispose of those funds is the representations made during the hearing on February 26, 2013, in which MGA's counsel admitted that MGA intends to use the proceeds of the Fee Award to bankroll its affirmative litigation against Mattel. (Dkt. 10864, at 19:16-20:19, 67:16-17, 75:21-24, 83:9-24). In fact, this would not be the first time this Court addressed a situation where MGA was at risk of putting assets beyond the reach of those seeking to recover. (Dkt. 4657, Order Appointing Forensic Auditor).

MGA's concession that it intends to fund its affirmative claims against

Mattel with the proceeds of the Fee Award should not be countenanced by this Court. (Dkt. 10864, at 19:16-20:19). It certainly is no basis to avoid either interpleader where multiple parties have asserted claims against the stakeholder or the imposition of a constructive trust where retention of the funds by MGA will result in unjust enrichment. At this point, the insurers have no obligation to defend MGA in connection with the Mattel Litigation. Once the Ninth Circuit entered its judgment affirming the dismissal of Mattel's claims and affirming the Fee Award, there is simply nothing to defend. *See Mattel, Inc. v. MGA Entm't, Inc.*, 705 F.3d 1108, 1111-12 (9th Cir. 2013). Nor do the insurers have any obligation under the various policies to fund MGA's affirmative claims against Mattel. For these reasons, MGA cannot claim that it is entitled to the Fee Award because the insurers continue to be obligated to fund MGA's litigation with Mattel.

The fact that the Member Companies' right to the Fee Award has not been reduced to a judgment or the fact that Mattel currently possesses the Fee Award does not change the ability of the Court to impose a constructive trust on the Fee Award and order that those funds be deposited with the Court pending adjudication of the respective claims. As the Ninth Circuit has noted, the basic principle that has guided the California courts on constructive trusts is that "equity will disregard mere form, and will ascertain and act on the substance of things . . . ." *Pegg*, 782 F.2d at 1501. The determination of whether a particular situation needs to be remedied by a constructive trust "is not governed by hard and fast rules, but is committed largely to the enlightened conscience of the individual judge, subject to the revisionary action of appellate tribunals." *Id.* This principle illustrates that this Court may use its broad equitable powers flexibly to prevent immediate distribution of the Fee Award to MGA until the Court determines the amounts that should be allocated to the several claimants, including the Member Companies.

Finally, the Ninth Circuit's prior opinion in this litigation does not impact whether a constructive trust may be imposed. In that decision, the Ninth Circuit

reviewed this Court's imposition of a constructive trust over all Bratz-related trademarks that MGA possessed. *Mattel, Inc. v. MGA Entertainment, Inc.*, Nos. 09-55673, 09-55812, 2010 U.S. App. LEXIS 26937, at *7 (9th Cir. July 22, 2010). The circuit court noted that although this Court possessed equitable power to impose a constructive trust, such a trust was inappropriate in the context of the Bratz-related trademarks because "the value of the trademarks th[at] [MGA] eventually acquired for the entire Bratz line was significantly greater because of MGA's own development efforts, marketing and investment." *Id.* at *10-*11. The court therefore vacated the trust because it would have been unfair to transfer to Mattel the significant enhancement of value of the property held in trust. *Id.* at *11, *13-*14. Here, however, those considerations are simply not present. MGA's insurers have paid more towards MGA's defense fees and costs than the $137 million that MGA was awarded in this matter. None of MGA's actions or conduct has altered or enhanced the amount of the Fee Award.

## II. Question Two: If this Court does have the authority to create such a trust, how much of the $137,807,318 should be set aside? Be specific as to what portion of the total sum should be set aside in connection to each competing party's claim.

As demonstrated in the submissions filed by Evanston Insurance Company ("Evanston") and Crum & Forster Specialty Insurance Company ("C&F"), MGA's insurers collectively have paid more towards MGA's defense fees and costs than the $137 million that MGA was awarded in this matter. Specifically, the Member Companies alone have paid greater than $43 million towards MGA's defense of the Mattel Litigation. (*See* Declaration of Steven A. Muhlstock, at ¶ 3). That money was paid subject to a reservation of rights and pursuant to a contractual and equitable right of reimbursement. (*Id.*). The combined totals paid by Evanston, C&F, and the Member Companies, along with the claim asserted by Orrick, well exceed the amount of the Fee Award. Accordingly, to the extent this Court

imposes a constructive trust on the proceeds of the Fee Award pending adjudication of the various claims, the Member Companies respectfully request that this Court impose a constructive trust on the entirety of the Fee Award.

## CONCLUSION

The Member Companies continue to urge this Court to grant Mattel's request to interplead the Fee Award. Nonetheless, if this Court is not inclined to grant Mattel's request, this Court should impose a constructive trust on the entire Fee Award because MGA will become unjustly enriched if Mattel pays the Fee Award to MGA unencumbered. Accordingly, as an alternative to interpleader, this Court also has broad authority to impose a constructive trust on the Fee Award, to order Mattel to pay the Fee Award into Court, and thereafter to disburse the funds as appropriately determined by this Court.

Dated: June 12, 2013                DRINKER BIDDLE & REATH LLP


/s/ Suzanne V. Stouder
Suzanne V. Stouder
1800 Century Park East, Suite 1400
Los Angeles, California 90067
Telephone:  (310) 203-4000
Facsimile:   (310) 229-1285
Suzanne.Stouder@dbr.com

Attorneys for
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, LEXINGTON INSURANCE COMPANY, and CHARTIS SPECIALTY INSURANCE COMPANY (formerly American International Specialty Lines Insurance Company)