1   QUINN EMANUEL URQUHART & SULLIVAN, LLP
      John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
4   865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
5   Telephone:   (213) 443-3000
    Facsimile:   (213) 443-3100
6
    BAKER MARQUART LLP
7     Ryan G. Baker (Bar No. 214036)
       (rbaker@bakermarquart.com)
8   10990 Wilshire Blvd., Fourth Floor
    Los Angeles, California  90024
9   Telephone:   (424) 652-7800
    Facsimile:   (424) 652-7801
10
    Attorneys for Mattel, Inc. and
11  Mattel de Mexico, S.A. de C.V.

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14                       SOUTHERN DIVISION

15  MATTEL, INC., a Delaware              CASE NO. CV 04-9049 DOC (RNBx)
    corporation, and Mattel de Mexico,    Consolidated with
16  S.A. de C.V., a Mexico business       Case Nos. CV 04-09059 & CV 05-02727
    entity,
17                                         Hon. David O. Carter

18              Plaintiffs,               **MATTEL'S RESPONSE TO MAY 28,
                                          2013 ORDER REQUESTING
19                                        ADDITIONAL BRIEFING IN
         vs.                              CONNECTION WITH MATTEL'S
20                                        *EX PARTE* APPLICATION FOR
                                          ORDER ENJOINING DEFENDANTS
21  MGA ENTERTAINMENT, INC., a            FROM INSTITUTING OR
    California corporation, et al.,       PROSECUTING ANY
22                                        PROCEEDING AFFECTING THE
                                          JUDGMENT IN THIS ACTION AND
23              Defendant.                EXONERATING BOND ON
                                          CONDITION OF INSTITUTION OF
24                                        INTERPLEADER ACTION**

25                                        Date:   Under submission
                                          Time:   n/a
26                                        Place:  Courtroom 9D

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Introduction

Mattel respectfully responds as follows to the Court's May 28, 2013 Order Requesting Additional Briefing (Dkt. 10878) in connection with Mattel's *Ex Parte* Application for Order Enjoining Defendants from Instituting or Prosecuting Any Proceeding Affecting the Judgment in this Action and Exonerating Bond on Condition of Institution of Interpleader Action (Dkt. 10845) ("*Ex Parte* Application").[1]

In its first question, the Court has asked the parties to brief whether the Court may impose an equitable trust over the copyright fees judgment as an alternative to interpleader.  Mattel submits that the answer is yes.  In particular:

● The Court clearly has jurisdiction and authority to order Mattel to deposit the copyright fees judgment into the Court's registry pursuant to Fed. R. Civ. P. 67 and the Court's inherent power to protect, interpret and enforce its judgments.  The Court itself acts as "trustee" of disputed judgment proceeds that are deposited into the Court's registry, and such a fund is then "held in trust by the court to be delivered to whom it may belong, after hearing and adjudication by the court." *The Lottawanna*, 87 U.S. 201, 224 (1873).  Payment into the Court's registry will satisfy the judgment, and Ninth Circuit authority suggests that such payment will discharge Mattel from liability to competing claimants.  Although payment into the Court's registry is permissible, those cases authorizing this approach suggest that interpleader nevertheless is the better option.

---

[1]   Mattel was unable to efile the present brief on June 12 because an "emergency building power shutdown" made ECF unavailable from 6 p.m. on June 12 until 6 a.m. on June 13.  Mattel served a copy of the brief on all counsel on the evening of June 12, and efiled the brief on the morning of June 13.  Mattel apologizes for the delayed filing.

Case No. CV 04-9049 DOC (RNBx)
MATTEL'S RESPONSE TO MAY 28, 2013 ORDER

1      ●      Unlike the options of interpleader and depositing the judgment into the

2 Court's registry, which are independently supported by authority but typically done

3 together, Mattel was unable to locate directly on-point authority holding the Court

4 may order MGA's attorney or MGA to hold the copyright fees judgment in trust.  In

5 the *Facebook* case, the Court ordered a party's counsel to hold settlement proceeds

6 in trust pending perfection of a lien by former counsel.  While the *Facebook* Court

7 did not specifically identify the basis for that order, Quinn Emanuel's request for a

8 trust in that case relied on fee agreement language providing for funds to be held in

9 escrow.  An order requiring MGA to hold the copyright fees judgment in trust is

10 arguably supported by cases that generally discuss the Court's ancillary jurisdiction

11 and its equitable power to enter a constructive trust.  If the Court orders the funds

12 held in trust by MGA, a bond might be appropriate.  The Court also has jurisdiction

13 and authority to enter a preliminary injunction in the pending reimbursement actions

14 to freeze the judgment proceeds in the hands of MGA or place appropriate

15 limitations on use, provided the carriers or other claimants make the requisite

16 showing.

17       In response to the Court's second question, Mattel is not privy to the exact

18 amounts claimed by the carriers and Orrick, so it is unable to identify what portion

19 of the total sum should be set aside in connection with each competing party's

20 claim.  The claims collectively asserted by the carriers and Orrick appear to exceed

21 the copyright fees judgment, however, and if so, the entire copyright fees judgment

22 should be placed in any trust that the Court establishes.

23       Whatever avenue the Court adopts, Mattel stands ready to pay the copyright

24 fees judgment as the Court directs.  In light of the authority discussed in this

25 Memorandum in detail below, Mattel respectfully submits that statutory interpleader

26 remains the best option since it allows the Court to obtain jurisdiction over all

27

28

1   parties, ensure that conflicting claims are effectively resolved, and discharge and

2   enjoin future actions against Mattel.[2]

3                                          **Argument**

4   **I.     QUESTION 1:   DOES THE COURT HAVE THE AUTHORITY TO**

5          **CREATE A CONSTRUCTIVE TRUST, SETTING ASIDE ALL OR**

6          **PART OF THE $137,807,318 IN ORDER TO PRESERVE IT UNTIL**

7          **THOSE PARTIES SEEKING A PORTION OF IT HAVE REDUCED**

8          **THEIR CLAIMS TO A JUDGMENT?**

9          The answer to the Court's first question is yes.  The Court can place some or

10  all of the copyright fees judgment into an equitable trust as an alternative to

11  interpleader, although the authority to do so most strongly supports the Court acting

12  as trustee.

13         **The Court as Trustee.**  During the hearing on Mattel's *Ex Parte* Application,

14  Orrick's counsel proposed "[p]lacing the money in an escrow" to "accomplish[] the

15  same thing as an interpleader, [while] distribut[ing] money as . . . the judgments

16  come in."  Tr. 74:17-24.  To the extent counsel was suggesting a payment to an

17  "escrow" controlled by the Court, the Federal Rules expressly authorize such a

18  procedure.

19         Federal Rule of Civil Procedure 67(a) provides that "[i]f any part of the relief

20  sought is a money judgment or the disposition of a sum of money or some other

21  _____

22      [2]   Rather than answer the Court's questions, MGA's submission repeats its long
    running diatribe against Mattel.  Mattel's decision to seek the Court's direction as to
23  the payment of disputed funds under the Court's judgment to ensure that it is
    complying with the Court's intent is scarcely the outrage that MGA pretends it to
24  be.  Also contrary to MGA's shrill rhetoric, the fact that MGA has a judgment and
    that the competing claims are not valid as against Mattel on the merits are no
25  impediment to interpleader.  *See, e.g.*, *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023-
26  24 (9th Cir. 2010) (holding that interpleader was appropriate despite the fact that
    one of the claimants possessed a judgment).
27

28

1 deliverable thing, a party—on notice to every other party and by leave of court—

2 may deposit with the court all or part of the money or thing, whether or not that

3 party claims any of it."  This Rule authorizes the Court to order Mattel "to deposit

4 into court the funds necessary to satisfy the judgment."  *McKee-Berger-Mansueto,*

5 *Inc. v. Bd. of Educ. of City of Chicago*, 691 F.2d 828, 831 (7th Cir. 1982) (affirming

6 order to pay disputed judgment into the Court's registry); *see also U.S. Overseas*

7 *Airlines, Inc. v. Compania Aerea Viajes Expresos De Venezuela, S.A.*, 161 F. Supp.

8 513, 515 (S.D.N.Y. 1958) (ordering payment of disputed judgment into Court's

9 registry "notwithstanding that there are adverse claims to the proceeds of the

10 judgment").  The Court acts as a trustee or custodian of funds deposited pursuant to

11 Rule 67.  *See The Lottawanna*, 87 U.S. at 224 (such a fund "is held in trust by the

12 court to be delivered to whom it may belong, after hearing and adjudication by the

13 court"); *Gulf States Utils. Co. v. Alabama Power Co.*, 824 F.2d 1465, 1474-75 (5th

14 Cir. 1987) ("court holds deposits as trustee for the true owner"); *Baxter v. United*

15 *Forest Prods. Co.*, 406 F.2d 1120, 1126 (8th Cir. 1969) ("When a disputed *res* or

16 'sum of money' is deposited into the registry, the court holds the money in trust; it is

17 'held for the benefit of whomsoever in the end it should be found to belong.'")

18 (quoting *Branch v. U.S.*, 100 U.S. 673, 674 (1879)).

19      The purpose of this procedure is "to relieve the depositor of responsibility for

20 the fund in dispute while the parties hash out their differences with respect to it."

21 *Cajun Elec. Power Coop., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 444-45 (5th Cir.

22 1990); *accord U.S. v. Balfour, Guthrie & Co.*, 192 F. Supp. 60, 61 (S.D.N.Y. 1961)

23 ("This rule is designed to operate generally and to continue in effect similar special

24 statutory provisions such as those permitting the plaintiff in an interpleader case to

25 get rid of money and put it in safekeeping somewhere.  The rule covers cases of any

26 character where a party desires to relieve himself of responsibility for a fund in

27 dispute by paying it into court.").  Through such a procedure, the Court can "compel

28 satisfaction of its judgment and [] adjudicate conflicting claims on the fund so

1  created."  *McKee-Berger-Mansueto*, 691 F.2d at 832; *see also Gulf States Utils.*, 824

2  F.2d at 1474-75 ("Once funds are deposited [into the Court's registry], the court

3  should determine ownership and make disbursements."); *Reliable Marine Boiler*

4  *Repair Inc. v. Sum of $35,000.00*, 270 F. Supp. 1017, 1020-21 (S.D.N.Y. 1967) ("A

5  court, which has custody of the *res*, must at some time surrender it, and it can know

6  to whom it should deliver only in case it either decides the right to possession itself,

7  or awaits the action of such other competent tribunal as the claimant may choose.").

8  The Court can also discharge the depositor of any future liability.  *See Garrick v.*

9  *Weaver*, 888 F.2d 687, 694-95 (10th Cir. 1989) ("The magistrate acted well within

10  his discretionary authority in allowing the funds to be paid into court and excusing

11  the defendants.  His decision both ensured that the settlement fund would be

12  available for disbursement and facilitated judicial economy by permitting the

13  defendants, who no longer had an interest in the funds or in these proceedings, to

14  withdraw."); *see also Bank of China v. Wells Fargo Bank & Union Trust Co.*, 209

15  F.2d 467, 473 (9th Cir. 1953) (refusing to discharge liability because "Wells Fargo

16  could have served notice upon the other parties, disclaimed all interests in the

17  moneys, and requested the court's permission to deposit the money into the registry

18  of the court pursuant to Rule 67 . . . .  If such a request had been made and granted,

19  liability for interest [the damages sought in the action] would have ceased at that

20  time.").  MGA likewise agrees that "this Court could immunize Mattel."  Dkt.

21  10886 at 1.

22      While authority supports the Court acting as trustee and resolving competing

23  claims to the fund in post-judgment proceedings, cases authorizing this approach

24  nevertheless indicate that interpleader remains the most appropriate option.  *See,*

25  *e.g., McKee-Berger-Mansueto*, 691 F.2d at 832 (affirming use of registry option but

26  suggesting that interpleader is more appropriate:  "Apparently, the Board recognized

27  the threat of multiple liability but was either ignorant of the interpleader device or

28  unwilling to make use of it.  Under these rather peculiar circumstances, in which

1   MBM in effect commenced an interpleader at the stakeholder's behest, we might

2   regard the substance of the Supplemental Plea as an interpleader.").  Deposit into the

3   Court's registry is usually a prelude to, rather than a substitute for, interpleader.  *See*

4   Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d § 2991 (discussing

5   Rule 67:  "The purpose of the deposit is to relieve the depositor of responsibility for

6   a fund in dispute.  It is useful in cases of interpleader . . . .").

7           **MGA or its Counsel as Trustee.**  At the oral argument, Orrick's counsel

8   offered the example of the trust ordered in the *Facebook* case by Judge Ware (Tr. at

9   71:10-24).  Judge Ware ordered that certain proceeds of a settlement agreement be

10  paid to counsel for one of the parties "in trust for its clients and any lawful

11  claimant."  *The Facebook, Inc. v. ConnectU, Inc.*, Case No. 07-01389 (N.D. Cal.),

12  Dkt. 654 at 2.  Judge Ware did not detail the basis for his order, but its purpose was

13  to permit the perfection of an attorneys' fee lien asserted by Quinn Emanuel, whose

14  fee agreement with the ConnectU parties specifically required that disputed

15  settlement proceeds be held in trust.[3]  *Id.*, Dkt. 664 at 3.

16          The Court has "inherent power to enforce its judgments," *Peacock v. Thomas*,

17  516 U.S. 349, 356 (1996), and as part of that jurisdiction could order MGA to

18  maintain the funds in trust.  *FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1142

19  (9th Cir. 2010) (affirming the district court's use of constructive trust over funds

20  paid to a party's attorney that rightfully belonged to a judgment creditor).  If the

21  Court is inclined to order the copyright fees judgment held in trust by MGA, it

22  might be appropriate to require MGA to post a bond.  *See Iron Workers Locals 40,*

23  *361 & 417 Health Fund v. Dinnigan*, --- F. Supp. 2d ----, 2012 WL 5877426, at *11

24

25      [3]   "The engagement letter between Quinn Emanuel and the ConnectU

26  [Winklevoss] Parties state[d] that all settlement proceeds shall be held in a trust
    account pending the resolution of any fee dispute between the two parties . . . ." *Id.*,
27  Dkt. 644 at 2.

28

Case No. CV 04-9049 DOC (RNBx)
                                              MATTEL'S RESPONSE TO MAY 28, 2013 ORDER

1  (S.D.N.Y. Nov. 21, 2012) (requiring the recipient of settlement proceeds to post a

2  bond when there were conflicting claims to the proceeds).[4]

3          The Court also has ongoing jurisdiction over MGA in the consolidated

4  reimbursement actions to which MGA is a party, which independently affords

5  jurisdiction to require MGA to maintain the funds or place certain restrictions on

6  their use, provided the carriers or other claimants make a sufficient showing that a

7  preliminary injunction is appropriate.  *Johnson v. Couturier*, 572 F.3d 1067, 1086

8  (9th Cir. 2009); *Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 730 (9th Cir. 1999);

9  *Reebok Int'l, Ltd. v. Marnatech Ents., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992).

10         Mattel respectfully submits that interpleader provides the Court with the

11  greatest breadth of options to resolve the competing claims and is fully supported by

12  authority.[5]  Whatever avenue the Court chooses, however, Mattel respectfully

13  requests that the Court's Order expressly (1) discharge Mattel from pending and

14  future claims arising from its payment of the copyright fees judgment pursuant to

15  the Court's Order, and (2) permanently enjoin future actions against Mattel related

16  to such payment.

17

18

19

20

21

---

22  [4]  Because it has no real substantive answer to this point, MGA suggests that this

23  option would entail appointing Mattel as a trustee to adjudicate competing claims to
    the copyright fees judgment.   Dkt. 10886 at 7 n.3.  That is an absurd, strawman

24  argument.  No one is proposing that option, and certainly not Mattel, which wishes
    to satisfy the judgment without subjecting itself to liability and avoid being

25  embroiled in the various competing claims to the funds.

26  [5]  To the extent claims are pending before other courts or arbitration tribunals,
    the Court can stay the interpleader action until those claims have been resolved.

27  *NYLife Distribs., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 382-83 (3d Cir. 1995).

28

1    **II.      QUESTION 2:  IF THIS COURT DOES HAVE THE AUTHORITY TO**

2    **CREATE  SUCH  A  TRUST,  HOW  MUCH  OF  THE  $137,807,318**

3    **SHOULD BE SET ASIDE?  BE SPECIFIC AS TO WHAT PORTION**

4    **OF  THE  TOTAL  SUM  SHOULD  BE  SET  ASIDE  IN  CONNECTION**

5    **TO EACH COMPETING PARTY'S CLAIM.**

6           Mattel is not privy to the exact amounts claimed by the carriers and Orrick.

7    From what Mattel understands, these parties' purported claims appear to exceed the

8    amount of the copyright fees judgment.  Based on the information available to

9    Mattel, the purported claims asserted by Orrick and the various insurance carriers

10   exceed the amount of the judgment by approximately $41 million.  Evanston's

11   opening brief in the Ninth Circuit states that "Evanston, and five other liability

12   insurers . . . paid approximately $155 million to defendant MGA against Copyright

13   Act and other claims asserted by Mattel . . . ."  Ninth Cir. Case No. 12-56899, Dkt.

14   7-1 at 2.  Evanston states that its claim is for no less than $56 million.  *Id.*  The

15   Intervention Insurers' opening brief in the Ninth Circuit states their claims are "in

16   excess of $80 million."  Ninth Circuit Case No. 11-56868, Dkt. 13 at 1, 7, 10.

17   Orrick states that its purported claim is for no less than $23 million.  Dkt. 10836.

18   Assuming the accuracy of the foregoing, then it would be appropriate for the Court

19   to order the entire amount of the copyright fees judgment be put in trust.

20

21

22

23

24

25

26

27

28

1

## Conclusion

2          For the foregoing reasons, as well as those previously set out in Mattel's

3   briefing and oral argument in support of its *Ex Parte* Application, Mattel

4   respectfully requests that the Court grant its *Ex Parte* Application.

5

6

7   DATED: June 12, 2013                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
8

9

10                                          By  /s/ Michael T. Zeller

11                                             Michael T. Zeller
                                               Attorneys for Mattel, Inc. and
12                                             Mattel de Mexico, S.A. de C.V.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28