JENNIFER L. KELLER
jkeller@kruzlaw.com
ALLISON SHALINSKY
ashalinsky@kruzlaw.com
KELLER RACKAUCKAS UMBERG ZIPSER LLP
18300 Von Karman Avenue, Suite 930
Irvine, CA 92612
Telephone:  (949) 476-8700
Facsimile:   (949) 476-0900

Attorneys for MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO.: CV 04-09049 DOC (RNBX)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>**OBJECTION OF MGA ENTERTAINMENT, INC. TO MATTEL'S RESPONSE TO MAY 28, 2013 ORDER REQUESTING ADDITIONAL BRIEFING**<br><br>Hearing Date:  TBD<br>Time:         TBD<br>Courtroom:    9-D<br><br>Judge:  Hon. David O. Carter |

MGA respectfully urges the Court to strike Mattel's tardy filing and to admonish Mattel and its counsel not to violate the terms of this Court's Order in seeking impermissible and unfair advantage by the flouting of rules with which all other entities subject to the Order dutifully complied.  Like it or not, even Mattel and its counsel must follow the Orders of this Court, although apparently they need reminding to do so.

On May 28, 2013, this Court issued an order asking for *simultaneous* briefing by all the parties on the question whether the Court has "inherent authority" to issue a constructive trust over the attorneys' fees awarded to MGA pursuant to this Court's Judgment (the "Order").  (Dkt 10878 at 2.)  The Order makes no provision for the parties to respond to one another's arguments, a fact that is obvious given that the Order contemplated *simultaneous* briefing.  *See, e.g.*, *Select Creations, Inc. v. Paliafito Am., Inc.*, 852 F. Supp. 740, 744 (E.D. Wis. 1994) (striking impermissible reply brief where court only directed filing of simultaneous briefs, "It is true that the Court did not forbid explicitly reply briefs in its oral briefing order of February 24, 1994—nor did it forbid explicitly cows from jumping over the moon. Nevertheless, neither occurrence was contemplated. The Court plainly directed only one round of simultaneous submissions.").

In compliance with the clear and express terms of the Order, MGA, the three insurers, and Orrick timely filed their briefs and made no effort to "sneak a peek" at their adversaries' briefs and respond to them.  Due to the fact that the Court's ECF filing system was going to be unavailable after 5:00 pm PST – a fact that was widely publicized *days* before the June 12th deadline imposed by the Order – MGA, Orrick and each of the three insurers duly filed and served their briefs before 5:00 p.m.

One party, however, chose a different path.  Mattel, even though it has absolutely no real interest in the issue, chose to file its brief on June 13th.  Mattel justified its tardy filing by blaming its violation of the Order on the 5:00 p.m. shut-down of the ECF system. Incredibly, Mattel characterizes the shut down as an "emergency building power shutdown" which rendered Mattel "unable to efile" on the day the Court ordered the responses be filed.  (*See* Dkt. 10888 at 1 n.1.)  Of course, Mattel's "excuse" is no excuse

at all.  *Days before the ECF shut down*, and well in advance of the June 12th deadline imposed by the Court, the clerk of the Court advised all parties and counsel that:

> CM/ECF AND PACER WILL NOT BE AVAILABLE WEDNESDAY JUNE 12 FROM 5:00PM UNTIL 6:00AM THURSDAY JUNE 13 DUE TO BUILDING ELECTRICAL POWER SHUTDOWN REQUIRED BY GENERAL SERVICES ADMINISTRATION. *All e-filers must anticipate any necessary filing deadlines. This is not considered a 'technical failure' as outlined in L.R. 5-4.6.2*.

*See* https://ecf.cacd.uscourts.gov/cgi-bin/ShowIndex.pl (emphasis added).  Thus, Mattel's late filing is in violation of the Order and the Local Rules and could be properly stricken for failure to comply with the rules.

Yet if all that Mattel had done was file late because of its own negligence, MGA would have no objection.  Unfortunately, Mattel and its counsel took advantage of their tardy filing – and the fact that the other parties and counsel complied with the Order and the Local Rules – to review the timely filings of MGA and the other responding entities and *respond to them in their submission*.  (*See* Dkt. 10888 at 3 n.2, 5:20-21, and 7 n.4.)  At the risk of stating the obvious, the actions of Mattel and its counsel are a gross violation of the rules and, more fundamentally, of professionalism and fairness.  Had the Court wanted to afford Mattel the last word, it surely would have done so.  It did not.  Instead, the Order contemplated that no party could see and respond to the arguments of others before a party filed its brief.  But Mattel and its counsel apparently do not believe that the rules that apply to others should apply to them.  *They are wrong.*

Mattel's counsel, Quinn Emanuel, holds itself out as "the premier business litigation firm in the United States" because it "*utilizes a variety of techniques and tools that give us a competitive edge and help us win.*"[1]  Apparently, among those vaunted "techniques and tools" is a disregard for this Court's orders and electronic filing procedures, so that Mattel and its counsel can gain an (unfair) "competitive edge" to "help [them] win."  Given their purported status as the "premier business litigation firm in the United States," it is hard to

---

[1] (See http://www.quinnemanuel.com/why-quinn/our-firm.aspx; http://www.quinnemanuel.com/why-quinn/our-unique-methods.aspx (emphasis added).)

1 believe that Mattel's counsel simply were unaware of the ECF system shut-down.
2 Certainly the *five other firms* that filed responses yesterday were aware of the ECF
3 *system's unavailability after 5 p.m., and timely complied with the Order*.

4    The Court's plain warning that the shutdown would not justify any delay in efiling,
5 in addition to the fact that MGA, Orrick, and the three insurance carriers were all able to
6 file their briefs on time, call the excuses of Mattel's counsel into question. But what
7 aggravates the offense is that Mattel chose to violate the Order and respond to other
8 parties' briefs. If the brief had been timely prepared and were simply awaiting entry into
9 the ECF system, this would not have happened. A brief would have been filed, albeit
10 belatedly, that did not address the other parties' positions as laid out in their briefs.

11   While it is not for MGA to resolve the question, Mattel either 1) was negligent in
12 missing the deadline, despite the Court's clear warnings, or  2) was well aware of the
13 pending shutdown, chose to ignore it, and seized the opportunity afforded by the "delay"
14 to respond directly to MGA's briefing.

15   Regardless, there is *no excuse* for Mattel's violating the Order by unfairly
16 responding to others briefs in its own "simultaneous" filing. Whether through neglect or
17 malevolence, Mattel's rejection of the briefing and filing procedures required by this
18 Court cannot go unremarked and should not be rewarded. While Mattel will undoubtedly
19 point to its service of its brief on the other filers at 11:17 p.m. to somehow justify its
20 flouting of the deadline, Mattel can hardly dispute that it gained at least five hours or more
21 to review the timely briefing of MGA, Orrick and the carriers and to incorporate those
22 arguments in its own late brief. The incorporation of responses to MGA's brief in
23 Mattel's brief makes plain that that is exactly what Mattel (unfairly) did.

24    It is only fair to MGA and the others who complied with this Court's order and the
25 ECF Notice that Mattel not be rewarded for its disregard of this Court's orders and
26 procedure. Thus, MGA requests that this Court strike Mattel's brief entirely, or, in the
27 alternative,  strike the portions of Mattel's brief that rely on MGA's Response, specifically
28 5:20-21, and footnotes 2 and 4. *See, e.g.*, *Select Creations, Inc.*, 852 F. Supp. at 744

1  (striking brief filed in violation of order to file simultaneous briefs); *Hopkins v. Texas*
2  *Mast Climbers, L.L.C.*, CIV.A. H-04-1884, 2005 WL 3435033 (S.D. Tex. Dec. 14, 2005)
3  (same).  Further, Quinn Emanuel and Mattel should be admonished to comply with this
4  Court's orders and filing procedures in the future and to avoid attempting to gain an unfair
5  "competitive edge" by using violation of court orders and rules "to help [them] win."

7  Dated: June 12, 2013          KELLER RACKAUCKAS UMBERG ZIPSER LLP

9              By:      /s/ Jennifer L. Keller
                       JENNIFER L. KELLER
                       Attorneys for MGA Parties