QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

BAKER MARQUART LLP
  Ryan G. Baker (Bar No. 214036)
  (rbaker@bakermarquart.com)
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California  90024
Telephone:   (424) 652-7800
Facsimile:   (424) 652-7801

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity, | CASE NO. CV 04-9049 DOC (RNBx) Consolidated with Case Nos. CV 04-09059 & CV 05-02727 |
| | Hon. David O. Carter |
| Plaintiffs, | **MATTEL'S RESPONSE TO MGA'S OBJECTION AND CONDITIONAL MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF ONE DAY OUT OF TIME** |
| vs. | |
| MGA ENTERTAINMENT, INC., a California corporation, et al., | Date:   Under submission Time:   n/a Place:  Courtroom 9D |
| Defendant | |

1    As MGA concedes in its purported objection and request to strike Mattel's

2    supplemental brief, Mattel served its supplemental brief on MGA and all other

3    interested parties by email during the evening of June 12 and then efiled an identical

4    brief at 6:21 a.m. on June 13.  Dkt. 10889 at 3.  Mattel respectfully submits that it

5    was not aware of the ECF shutdown until it attempted to efile its supplemental brief

6    on the evening of June 12, consistent with C.D. Cal. L.R. 5-4.6.1.  Mattel's counsel

7    again apologizes for overlooking the email notification of ECF unavailability sent

8    by the Clerk of the Court on June 10.  It was an inadvertent oversight due to the

9    participation of Mattel's counsel in other matters that required the filing of several

10   other briefs on the same day.  MGA criticizes Mattel's characterization of the ECF

11   unavailability as an "emergency building power shutdown," but Mattel simply

12   quoted this language from the June 12 statement posted on the Central District of

13   California home page.

14   Courts routinely pardon short delays in filing that are the result of an honest

15   mistake and cause no prejudice to the parties.[1]  MGA identifies no unfair prejudice

16   resulting from Mattel's minor efiling delay.  Nor could it.  Mattel's supplemental

17   brief was timely served and was responding to the Court's questions, rather than

18   seeking new relief.  In addition, only one sentence and two footnotes in Mattel's

19   brief refer to MGA's brief.  Those comments are not core to the substance of

20   Mattel's responses to the Court's questions and were responding to MGA's extreme,

21   strawman arguments (footnote 4) and its now routine *ad hominem* attacks on

22   Mattel's counsel and Mattel (footnote 2)—which has rightfully and properly

23   requested this Court's guidance and instruction in paying the copyright fees

_____

25   [1]  *See, e.g., Stoller ex rel. Stoller v. Bank of New York Mellon Trust Co.*, 2013
26   WL 160449, at *2 (D. Ariz. Jan. 15, 2013); *Travelers Indem. Co. v. Crown Corr,*
27   *Inc.*, 2011 WL 6780885, at *2 (D. Ariz. Dec. 27, 2011); *PLU Investments, LLC v.*
     *Intraspect Grp., Inc.*, 2011 WL 1376192, at *3 (W.D. Wash. Apr. 12, 2011).

28

1   judgment.  Mattel's comments conferred no "competitive edge" or "unfair

2   advantage," as reflected in the fact that MGA did not even attempt to refute them in

3   its four-page objection excoriating Mattel's counsel.

4          To the extent the Court finds it necessary, Mattel conditionally moves for

5   leave to file its supplemental brief one day out of time pursuant to Rule 6(b).  In any

6   event, even if the Court is not inclined to consider the few comments identified by

7   MGA, it would not justify striking the entire filing, and MGA does not even argue

8   any basis that would warrant that excessive, overbroad relief that it seeks.  *See* Dkt.

9   10889 at 3 (identifying a sentence and two footnotes as the ostensibly offending

10  passages).

11

12

13  DATED: June 14, 2013                    QUINN EMANUEL URQUHART &
                                            SULLIVAN, LLP
14

15

16                                  By  /s/ Michael T. Zeller
                                        _____
17                                      Michael T. Zeller
                                        Attorneys for Mattel, Inc. and
18                                      Mattel de Mexico, S.A. de C.V.

19

20

21

22

23

24

25

26

27

28