QUINN EMANUEL URQUHART & SULLIVAN, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

BAKER MARQUART LLP
  Ryan G. Baker (Bar No. 214036)
  (rbaker@bakermarquart.com)
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California  90024
Telephone:  (424) 652-7800
Facsimile:  (424) 652-7801

Attorneys for Mattel, Inc. and
Mattel de Mexico, S.A. de C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, and Mattel de Mexico, S.A. de C.V., a Mexico business entity,<br><br>Plaintiffs,<br><br>vs.<br><br>MGA ENTERTAINMENT, INC., a California corporation, et al.,<br><br>Defendant. | CASE NO. CV 04-9049 DOC (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-02727<br><br>Hon. David O. Carter<br><br>**MATTEL'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER ENJOINING DEFENDANTS FROM INSTITUTING OR PROSECUTING ANY PROCEEDING AFFECTING THE JUDGMENT IN THIS ACTION AND EXONERATING BOND ON CONDITION OF INSTITUTION OF INTERPLEADER ACTION**<br><br>Date:  February 26, 2013<br>Time:  9:30 a.m.<br>Place: Courtroom 9D |

## MEMORANDUM OF POINTS AND AUTHORITIES

On February 13, 2013, Mattel filed an *ex parte* application for an order exonerating the appeal bond and enjoining MGA and all other claimants from seeking to enforce the copyright fees judgment on the condition that Mattel institute a statutory interpleader action (the "Application"). Dkt. 10845. Mattel submits this supplemental memorandum to apprise the Court of recent developments that may bear on this Application.

At the February 26, 2013 hearing on Mattel's Application, this Court expressed concern that allowing interpleader could be inconsistent with the Ninth Circuit's mandate affirming this Court's judgment requiring Mattel to pay copyright fees to MGA. The Court stated that it "was given specific directions by the Circuit; and that was rather explicit, and that was, basically, Mattel was to pay $137 million," and after describing "what I think might be at the directive from the Ninth Circuit, 'Mattel, you pay MGA,'" the Court asked "why again shouldn't I read the opinion from the Ninth Circuit in that way?" Ex A at 9:7-9, 45:7-8, 45:20-21.[1] Mattel responded that interpleader is appropriate when there are actual competing claims to a fund, even when one of the claimants possesses a judgment, because interpleader is "not dependent on the merits of adverse claims, only their existence." *Id.* at 12:2-24, 13:8-15, 82:9-15 (quoting *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023-24 (9th Cir. 2010)). And when Mattel stated that "there's nothing in the mandate that, from our view, would preclude the Court from pursuing an interpleader," this Court responded: "No. There may not be, but it still seems rather directive. And if I'm using my discretion, I might err on the side of caution and follow what I think the direction of the Circuit is." *Id.* at 10:5-11.

---

[1] The transcript of the hearing on the Application, dated February 26, 2013, is attached to the Declaration of Michael T. Zeller as Exhibit A.

On July 25, 2013, the Ninth Circuit heard oral argument in two separate appeals concerning the MGA insurers' duty to defend, No. 12-56069, and equitable contribution among the insurers, No. 12-56072.[2]  Mattel is not a party to either appeal.  However, during oral argument in the duty to defend appeal, No. 12-56069, the same panel of Ninth Circuit judges that affirmed the copyright fees judgment made statements and inquiries which may be material.  Specifically, Judge Trott commented:  "We gave MGA a whole pile of attorneys' fees . . . . I mean don't those eventually go to the insurance companies or am I missing something?"  Ex. B at 9.  Judge Wardlaw asked, "[W]hat's the issue there?  Why doesn't MGA owe that money to its insurers?"  *Id.*  Judge Trott added:  "[I]sn't that kind of curious . . . . MGA's gotten a whole bunch of attorneys' fees supposedly for the insurance companies and here we're fighting about whether the insurance companies get the attorneys' fees that we've approved for [MGA]."  *Id.* at 10.  And Chief Judge Kozinski inquired, "Since MGA and Larian are before us, is there any reason we ought not to issue an order asking for its position as to the attorneys' fees we awarded?"  *Id.* at 19.

//
//
//
//
//
//
//
//
//

---

[2] The transcripts of those two oral arguments are attached to the Declaration of Michael T. Zeller as Exhibits B and C respectively.

Mattel has consistently taken the view that its Application should be granted because the law is clear that interpleader is proper when multiple claimants claim the same funds, whether or not one of those claimants has a judgment. *Mack*, 619 F.3d at 1023-24. But to the extent the Court's decision turns on whether the Ninth Circuit's mandate means that the fees should only be paid to MGA, the recent statements by the same panel suggest that they understood the mandate would indeed result in reimbursement of the insurers out of the fee award.

DATED: August 12, 2013          QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Michael T. Zeller
  Michael T. Zeller
  Attorneys for Mattel, Inc. and
  Mattel de Mexico, S.A. de C.V.