KELLER RACKAUCKAS UMBERG ZIPSER LLP
Jennifer L. Keller (SBN 84412)
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Telephone: (949) 476-8700
Facsimile: (949) 476-0900
Email: jkeller@kruzlaw.com

Attorneys for MGA PARTIES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049 DOC (RNBx)<br>Consolidated with:<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>Hon. David O. Carter<br><br>**MGA PARTIES' RESPONSE TO MATTEL'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF *EX PARTE* APPLICATION** |

# MEMORANDUM OF POINTS AND AUTHORITIES

Mattel's prognostications about how the Ninth Circuit might rule in the duty to defend and contribution appeals have no place in this Court. The submission filed by Mattel on August 12, 2013 (Docket No. 10900), which the insurance companies have joined (Docket Nos. 10902 and 10903), attempts to mislead the Court into thinking that the Ninth Circuit has somehow spoken about the insurance carriers' right to reimbursement when in fact it has not. The transcripts are clear that the Ninth Circuit was simply unaware of key details about the insurance cases pending in this Court: the Judges did not know the carriers' claims are unliquidated, nor that MGA has significant counterclaims that must be resolved before issues of reimbursement can be addressed. Thus, there is no reason for the Court to grant Mattel's interpleader's motion.

### A. Mattel's Interpleader Is Moot And Should Be Denied.

At the February 26, 2013 hearing on Mattel's *ex parte* application, the Court pressed Mattel on its reasons for seeking an interpleader. Mattel basically articulated two reasons: 1) it sought "guidance" from the Court on what it should do with the money it owed MGA (Ex. A to Zeller Declaration (Docket No. 10900-2) at 41:4-14); and 2) it was concerned Orrick could potentially sue Mattel for intentional interference over Orrick's then-pending lien claim (*Id.* at 42:1-24).

Almost immediately, the Court debunked the first reason, stating that Mattel will receive clear guidance from the Court in the form of a court order. *Id.* at 46:4-2 ("If you pay, it'll be because I order you to pay. You're never going to get into a voluntary situation.) *Id.* at 46:4-8 ("THE COURT: So let's get this clear, without mincing a lot of words. If I order you to pay, if I believe that's the Ninth Circuit directive, it resolves it from Mattel's perspective? MR. ZELLER: From our perspective, absolutely.").

The second reason evaporated when Orrick filed its "Notice of Settlement" on July 3, 2013. Docket No. 10896. In that document, Orrick unequivocally states

that it has settled its respective claims with MGA and "hereby withdraws its joinder and support of Mattel's Motion for Interpleader." Docket No. 10896 at 2. Now that Orrick's lien has been resolved, and the "guidance" issue has been addressed, Mattel simply has no leg to stand on in requesting an interpleader. But that has not stopped Mattel from continuing to pursue its motion. That is because Mattel's objective is clear: its interpleader has nothing to do with concerns over threatened litigation. What Mattel really wants, and what it has always wanted, is to avoid paying the $137 million it owes to MGA and inflict pain on MGA for as long as possible. The Court should see through these shenanigans and deny the motion.

### B. The Questions Asked By The Ninth Circuit Do Not Support Mattel's Interpleader.

Never one to miss an opportunity to sting MGA, Mattel has selectively quoted certain questions asked by Judge Trott, Judge Wardlaw and Chief Judge Kozinski during the recent oral arguments in an attempt to mislead this Court into thinking the Ninth Circuit wants the insurance carriers to be reimbursed from the money that Mattel has been ordered to pay in this case. When read in their entirety, their questions simply do not support that conclusion and nothing in fact could be further from the truth.

As noted by Chief Judge Kozkinski at the conclusion of the first oral argument, the Ninth Circuit is perfectly capable of ordering the parties (or this Court) to furnish information about the status of this litigation, the payment of fees owed by Mattel, the insurance cases pending before this Court, or MGA's counterclaims therein if it so chooses. Ex. B to Zeller Declaration (Docket No. 10900-3) at 19 ("Since MGA and Larian are before us, is there any reason we ought not to issue an order asking for its position as to the attorneys' fees award?"). That the Ninth Circuit has not done so speaks volumes about the significance (or lack thereof) of its questions and completely deflates Mattel's attempts to spin them into something they are not.

The fact is, the Ninth Circuit was simply trying to ascertain the details of certain procedural and substantive matters pending before this Court. For example, the Judges appeared to believe, mistakenly, that MGA had already received the attorneys' fees owed by Mattel. Ex. B to Zeller Declaration (Docket No. 10900-3) at 9 ("We gave MGA a whole pile of attorneys' fees. What happens to those?"). The Judges were also unaware that MGA has counterclaims against the carriers that need to be resolved and will bear directly on the issue of reimbursement. And the Judges appeared not to understand that the insurance carrier's claims are unliquidated. Thus, not much can be read into the Ninth Circuit's questions, other than an effort to understand the current landscape of these cases.

### C.  Every Day Payment Is Delayed Is Another Day MGA Suffers Financial Harm.

Exactly two years ago this month, Mattel was ordered to pay approximately $137 million in attorneys' fees to MGA. That judgment was upheld by the Ninth Circuit almost eight months ago and Mattel still has not yet paid. The withdrawal of Orrick's lien in July rendered moot any ostensible basis for Mattel's interpleader; and still Mattel persists with its motion. This Court well knows that the issues in the insurance cases cannot be resolved by a few fleeting questions of the Ninth Circuit. Nor can these questions be used to deny MGA the money it was awarded. This money is not, as Mattel claims, a windfall to MGA; it is an award that compensates MGA for attorneys' fees in a copyright action that MGA spent millions of dollars out of pocket to defend. In this regard, every day payment is delayed is another day MGA incurs further financial detriment. MGA therefore requests that the Court ignore Mattel's delay and obfuscation tactics, and order the money distributed to MGA as soon as possible.

/ / /

/ / /

/ / /

Dated: August 16, 2013

KELLER RACKAUCKAS UMBERG ZIPSER LLP

By: /s/ Jennifer L. Keller
JENNIFER L. KELLER
Attorneys for MGA Parties